1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

8

FEDERAL TRADE COMMISSION,

9

      Plaintiff,

10

    v.

11

AMAZON.COM, INC.,

12

      Defendant.

13
14

**Case No. 2:23-cv-0932**

**PLAINTIFF'S MOTION FOR LEAVE TO TEMPORARILY SEAL THE COMPLAINT AND MOTION TO DESEQUESTER AND PERMANENTLY SEAL REFERENCES TO NONPUBLIC INVESTIGATIONS**

NOTE ON MOTION CALENDAR:
Friday, July 7, 2023

15
16
17
18
19
20
21
22
23

PLAINTIFF'S MOTION FOR LEAVE TO FILE
UNDER SEAL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    Pursuant to 15 U.S.C. § 57b-2(b)(3)(C) and 16 C.F.R. § 4.10(g), the Federal Trade

2    Commission ("FTC" or the "Commission") asks the Court to seal, for ten days, two

3    contemporaneously-filed submissions and certain attachments thereto:  (i) the Complaint for

4    Permanent Injunction, Civil Penalties, Monetary Relief, and Other Equitable Relief

5    ("Complaint") (Dkt. #3) and its Attachments A–N and P, and (ii) the Plaintiff's Motion to

6    Desequester Documents Clawed Back by Defendant (the "Desequester Motion") (Dkt. #4) and

7    its Exhibit A (collectively, the "Sealed Filings").[1]   The FTC only asks to seal these materials

8    temporarily because it must pursuant to 15 U.S.C. § 57b-2(b)(3)(C) and 16 C.F.R. § 4.10(g).

9    Each requires the FTC to afford Defendant Amazon.com, Inc. ("Amazon") and other individuals

10   (collectively, "submitters") an opportunity to move to keep secret some or all of the materials

11   upon which the Commission bases its claims.  While there is no basis for such a motion, the FTC

12   asks to seal these materials temporarily for ten days to satisfy the agency's statutory obligations.

13   To expedite the process of making documents public, the FTC requests that the Court's Seal

14   Order automatically unseal all documents in ten days, unless any submitters move that portions

15   thereof be permanently sealed within that period.  However, the FTC respectfully requests one

16   exception—that the Court permanently seal narrow references to other ongoing nonpublic

17   Commission investigations in the Desequester Motion.

18                                                **Legal Standard**

19       "Historically, courts have recognized a 'general right to inspect and copy public records

20   and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. Of*

---

[1] The FTC has filed redacted versions of the Complaint and Desequester Motion on the public docket.  (Dkt. #1, 5-1.)

PLAINTIFF'S MOTION FOR LEAVE TO FILE
UNDER SEAL
Case No. 2:23-cv-0932

2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

2   U.S. 589, 597 & n.7 (1978)).  As such, when a court considers a sealing request, "a strong

3   presumption in favor of access is the starting point." *Id.* at 1178 (internal quotation marks and

4   citations omitted); *see also* Local Rules W.D. Wash. LCR 5(g) ("There is a strong presumption

5   of public access to the court's files.").  The party seeking to seal a judicial record bears the

6   burden of showing that it has "compelling reasons supported by specific factual findings" to keep

7   the documents secret and that those compelling reasons "outweigh the general history of access

8   and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79.  "The mere fact

9   that the production of records may lead to a litigant's embarrassment, incrimination, or exposure

10  to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179.

11          Furthermore, under Local Rule 5(g)(3)(B), a party seeking to seal documents must

12  provide;

13          [a] specific statement of the applicable legal standard and the reasons for keeping a
            document under seal, including an explanation of:  (i) the legitimate private or
14          public interest that warrant the relief sought; (ii) the injury that will result if the
            relief sought is not granted; and (iii) why a less restrictive alternative to the relief
15          sought is not sufficient.[2]

16  ────────────────

17          [2] Local Rule 5(g)(1)(A) and 5(g)(3)(A) also impose meet-and-confer and related
    certification requirements not applicable here because they only apply to documents designated
18  confidential "during discovery."  Here, the Sealed Filings rely on materials that Amazon marked
    confidential, pursuant to Commission rules, in response to the Commission's pre-litigation Civil
19  Investigative Demands ("CIDs").  Nonetheless, to the extent the Court finds Local Rule
    5(g)(1)(A) and 5(g)(3)(A) did require the FTC to confer and certify prior to filing this motion,
20  the FTC respectfully requests the Court waive those requirements because the FTC could not
    have met and conferred with Amazon without revealing its then-nonpublic lawsuit.  Moreover,
21  engaging in a meet-and-confer would have delayed filing and may have resulted in thousands of
    consumers falling outside the limitations period, foreclosing them from potential redress.  *See*
22  Compl. (Dkt. #1) ¶¶ 225-241 (alleging Amazon repeatedly sought to delay the FTC's
    investigation); 15 U.S.C. § 57b(a)(1), (d).  In any case, now that the instant lawsuit is filed, the
23  FTC is, of course, willing and prepared to meet and confer with Amazon in advance of
    Amazon's filing any motion to permanently seal any portion of the Sealed Filings.

PLAINTIFF'S MOTION FOR LEAVE TO FILE                    Federal Trade Commission
UNDER SEAL                                              600 Pennsylvania Avenue NW
Case No. 2:23-cv-0932                                   Washington, DC 20580
                             3                          (202) 326-3320

1

## <u>Argument</u>

**I.     The Court Should Seal the Complaint and the Desequester Motion for Ten Days to Allow Amazon an Opportunity to File a Motion to Permanently Seal.**

During the FTC's investigation in this matter, Amazon, and others, produced documents or provided information or testimony to the FTC.  Under Section 21(b)(3)(C) of the FTC Act, 15 U.S.C. § 57b-2(b)(3)(C), the FTC may not disclose these materials without the submitters' consent.  The FTC may, however, use the documents "in judicial proceedings to which the Commission is a party." 15 U.S.C. § 57b-2(d)(C).  In such circumstances, the disclosure of such materials "shall be governed by the rules of the Commission for adjudicative proceedings or by court rules or orders, except that the rules of the Commission shall not be amended in a manner inconsistent with the purposes of this section."  15 U.S.C. § 57b-2(d)(2).  Commission Rule 4.10(g), 16 C.F.R. § 4.10(g), in turn, provides that to disclose materials, obtained pursuant to a CID or designated as "confidential," in federal court proceedings, the submitter (*e.g.*, Amazon) must "be afforded an opportunity to seek an appropriate protective or *in camera* order."

The Sealed Filings rely extensively on documents, information, and testimony provided by Amazon and others in response to CIDs.  Amazon marked all of the materials it produced "confidential," including enrollment and cancellation flows depicting versions of its live, public website, www.amazon.com.  *See, e.g.*, Attachments A–N and P of Unredacted Complaint (Dkt. #3).   Therefore, pursuant to 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.10, the Commission cannot disclose these materials without providing Amazon and the other submitters "an opportunity to seek an appropriate protective or *in camera* order." 16 C.F.R. § 4.10(g).  To provide that

PLAINTIFF'S MOTION FOR LEAVE TO FILE
UNDER SEAL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

opportunity, the Court should keep the Sealed Filings under seal for ten days to allow any submitter to file a motion to permanently seal such materials.[3]

Should Amazon (or any other submitter) choose not to seek a permanent seal within ten days of this Motion to Seal, the Sealed Filings should automatically be unsealed (excluding the references to nonpublic FTC investigations, *see infra* Section II) in the manner prescribed in the Proposed Order.[4]

## II.   The FTC's Limited References to Ongoing Nonpublic Investigations Should Remain Under Seal.

The FTC moves to maintain references to its ongoing nonpublic investigations under seal.  The Desequester Motion includes limited references to two other ongoing investigations, *see, e.g.*, Desequester Motion (Dkt. #4) at 5; Rottner Decl. (Dkt. #4-1) ¶¶ 12-15, which the FTC must conduct "on a nonpublic basis."  *Policy Concerning Disclosures of Nonmerger Competition and Consumer Protection Investigations*, 63 Fed. Reg. 63477 (Nov. 13, 1998) ("Commission

---

[3] The FTC has sent letters to each submitter who provided information on which the FTC relied for its Complaint and Desequester Motion to provide copies of such information, this Motion to Seal, and its Proposed Order.  The FTC will also provide copies of the Court's Order on the Motion to Seal to those submitters.

[4] To ensure that third parties are given a meaningful opportunity to ask for a sealing order before any public disclosure of information used in the Sealed Filings, the FTC also asks the Court to bar both the FTC and Amazon from disclosing any such information, without the third party's consent, until the third party's time to seek a permanent seal has passed without the filing of a motion, or until the Court has ruled on the third-party's motion to seal.  Additionally, the FTC is contemporaneously providing notice to third-party submitters that any information they provided that is *not* already referenced in the Sealed Filings may be disclosed in the course of this litigation, unless that party seeks a protective order within ten days of the Court's Order on this motion to seal.  The FTC further respectfully requests that the Court bar the FTC and Amazon from publicly filing any such information until those ten days have passed or the Court has ruled on any motion for protective order.

PLAINTIFF'S MOTION FOR LEAVE TO FILE
UNDER SEAL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

5

policy").[5]  Accordingly, pursuant to this longstanding Commission policy, the FTC may only disclose investigations pursuant to certain limited exceptions likely inapplicable here.[6]

Minor redactions consistent with that policy meet the "compelling reason" and Local Rule 5(g)(3)(B) standards.  First, as a general matter, the public interest strongly supports permitting the Commission to conduct nonpublic investigations because revealing investigations before the Commission has found wrongdoing could prejudice those it investigates in the eyes of the public.  *See* Local Rule 5(g)(3)(B)(i).  Second, regardless of whether injury to any specific target is probable in this particular instance, failing to respect Commission policy would injure the Commission by complicating other investigations if targets cannot rely on that policy.  *See id.* at 5(g)(3)(B)(ii).  Finally, there is no less restrictive option because the FTC only proposes to redact the name or names of the targets in other investigations and those investigations' general subjects.  *See id.* at 5(g)(3)(B)(iii).

Should the target or targets elect to disclose the investigations at issue, the FTC has no objection to unsealing the references to the investigations.  Pending such disclosure, however, the Court should permit the FTC to redact the limited references to ongoing nonpublic investigations from any otherwise-unsealed version of the Desequester Motion (Dkt. #4).  Accordingly, should the Court decide that portions of the Desequester Motion be unsealed, the FTC respectfully requests the opportunity to first provide a proposed redacted version that would protect the nonpublic information contained therein.

---

[5] https://www.govinfo.gov/content/pkg/FR-1998-11-13/pdf/98-30372.pdf.

[6] The primary potentially relevant exception is when the target discloses the investigation, which is currently not the case.

PLAINTIFF'S MOTION FOR LEAVE TO FILE
UNDER SEAL
Case No. 2:23-cv-0932

6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

**Conclusion**

Pursuant to 16 C.F.R. § 4.10, the Court should seal the Sealed Filings temporarily to afford Amazon and others a brief opportunity to move for a permanent seal.  Additionally, the FTC requests that limited references to other nonpublic FTC investigations remain under seal permanently.[7]

**Local Rule 7(e) Certification**

I certify that this memorandum contains 1,703 words, in compliance with the Local Civil Rules.


Dated: June 21, 2023                    s/ Evan Mendelson
                                        EVAN MENDELSON (DC Bar #996765)
                                        OLIVIA JERJIAN (DC Bar #1034299)
                                        THOMAS MAXWELL NARDINI
                                        (IL Bar # 6330190)
                                        Federal Trade Commission
                                        600 Pennsylvania Avenue NW
                                        Washington DC 20580
                                        (202) 326-3320; emendelson@ftc.gov (Mendelson)
                                        (202) 326-2749; ojerjian@ftc.gov (Jerjian)
                                        (202) 326-2812; tnardini@ftc.gov (Nardini)


                                        COLIN D. A. MACDONALD (WSBA # 55243)
                                        Federal Trade Commission
                                        915 Second Ave., Suite 2896
                                        Seattle, WA 98174
                                        (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

                                        Attorneys for Plaintiff
                                        FEDERAL TRADE COMMISSION

---

[7] If the Court denies the FTC's request to keep references to nonpublic investigations under seal, the FTC respectfully requests, pursuant to Local Rule 5(g)(6), that the Court withdraw the unredacted Motion to Desequester (Dkt. #4) and its Exhibit A (Dkt. #4-1) from the record, so that the FTC may consider in what form it will refile the motion.

PLAINTIFF'S MOTION FOR LEAVE TO FILE
UNDER SEAL
Case No. 2:23-cv-0932

7

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## <u>CERTIFICATE OF SERVICE</u>

I, Evan Mendelson, certify that on June 21, 2023, I electronically filed the foregoing

motion with the Clerk of the Court using the CM/ECF system.  Additionally, I have directed a

process server to hand-deliver the foregoing motion, and any attachments thereto, to the

Defendant's registered agent:  Corporation Service Company, 251 Little Falls Drive,

Wilmington, DE 19808.  I will also provide a courtesy copy of this motion to counsel for the

Defendant by email today.


By: /s/ Evan Mendelson

PLAINTIFF'S MOTION FOR LEAVE TO FILE
UNDER SEAL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

8