1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

FEDERAL TRADE COMMISSION,

     Plaintiff,

   v.

AMAZON.COM, INC.,

     Defendant.

Case No.  **2:23-cv-0932**

**PLAINTIFF'S MOTION TO
DESEQUESTER DOCUMENTS
CLAWED BACK BY DEFENDANT**

NOTE ON MOTION CALENDAR:
Friday, July 7, 2023

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. __:__-cv-_____

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 2

    A.    Amazon's Efforts to Shield "Sensitive" Documents from Discovery .................. 2

        1.    ██████████████████████████████ ........................ 2

        2.    ████████████████████ ........................................ 4

    B.    Amazon's ████████████ Pre-Production Privilege Reviews .................. 5

    C.    Amazon's Untimely Clawbacks ............................................................... 5

        1.    Amazon's ████████████ Objection to the Purportedly Privileged, ███████████ "██████████" ........................... 6

        2.    Amazon's Seesaw Privilege Claims over the ████████████ ██████████████████ ........................................ 7

        3.    Amazon's ██████████ Clawback of █ Additional Documents ........ 8

ARGUMENT ...................................................................................................... 9

I.    AMAZON WAIVED ANY PRIVILEGE CLAIM OVER THE CLAWED BACK DOCUMENTS ........................................................................................ 9

    A.    Amazon's Prior Productions Could Not Have Been Inadvertent. ........................ 10

    B.    Amazon Did Not Take "Reasonable Steps" to Prevent Production of the ██████████ ................................................................. 12

    C.    Amazon Did Not Act "Promptly" to Remedy Its Purportedly Inadvertent Productions. .......................................................................... 12

II.    AN *IN CAMERA* REVIEW LIKELY WILL REVEAL AMAZON NEVER HAD A VALID PRIVILEGE CLAIM OVER THE CLAWED BACK DOCUMENTS. ............ 14

    A.    The Clawed Back Documents Were Only Privileged If Sent for the Primary Purpose of Giving or Receiving Legal Advice. ...................................... 15

    B.    ████████████████████████████ Cannot Support Their Privilege Claims. ..... 15

CONCLUSION ................................................................................................... 17

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____

i

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

# TABLE OF AUTHORITIES

**Cases**

*Bruno v. Equifax Info. Servs., LLC*, 2019 WL 633454 (E.D. Cal. Feb 14, 2019) ....................... 16

*Callan v. Christian Audigier, Inc.*, 263 F.R.D. 564 (C.D. Cal. 2009) ......................................... 10

*Chandola v. Seattle Housing Auth.*, 2014 WL 5023518 (W.D. Wash. Oct. 7, 2014).................. 17

*Ecological Rts. Found. v. FEMA*, 2017 WL 24859 (N.D. Cal. Jan. 3, 2017).............................. 12

*ePlus Inc. v. Lawson Software, Inc.*, 280 F.R.D. 247 (E.D. Va. 2012)......................................... 11

*Fisher v. United States*, 425 U.S. 391 (1976) ............................................................................. 15

*In re Chase Bank USA, N.A. Check Loan Contract Litig.*,
  2011 WL 3268091 (N.D. Cal. July 28, 2011)........................................................................ 17

*In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir. 1992) ................................................ 14

*In re Grand Jury Matter*, 147 F.R.D. 82 (E.D. Pa. 1992).......................................................... 16

*In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021) ....................................................................... 15

*Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28 (E.D.N.Y. 2013) .............................. 16

*L.D. v. United Behavioral Health*, 2022 WL 3139520 (N.D. Cal. Aug. 5, 2022) ...................... 14

*Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*,
  2010 WL 275083 (S.D. Cal. Jan. 13, 2010)........................................................................... 13

*Multiquip, Inc. v. Water Mgmt. Sys. LLC*, 2009 WL 4261214 (D. Idaho Nov. 23, 2009)............ 10

*Mycone Dental Supply Co. v. Creative Nail Design Inc.*,
  2013 WL 4758053 (N.D. Cal. Sept. 4, 2013) ........................................................................ 13

*N.M. Oncology & Hematology Consultants, Ltd. v. MV/GBW Presbyterian
  Healthcare Servs.*, 2017 WL 5644390 (D.N.M. Feb. 27, 2017).............................................. 10

*Northrop Grumman Sys. Corp. v. United States*, 120 Fed. Cl. 436 (2015) ................................. 10

*Nueder v. Battelle Pac. Nw. Nat'l Lab'y*, 194 F.R.D. 289 (D.D.C. 2000)............................. 16, 17

*Oracle America, Inc. v. Google*, 2011 WL 5024457 (N.D. Cal. Oct. 20, 2011) .......................... 16

*Skansgaard v. Bank of Am., N.A.*, 2013 WL 828210 (W.D. Wash. Mar. 6, 2013)....................... 12

*T&W Holding Co., LLC v. City of Kemah*, 2022 WL 16948565 (S.D. Tex. Nov. 15, 2022)........ 12

*United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002) ........................ 17

*United States v. Citgo Petro. Corp.*, 2007 WL 1125792 (S.D. Tex. Apr. 16, 2007).................... 12

*Williams v. District of Columbia*, 806 F. Supp. 2d 44 (D.D.C. 2011)......................................... 12

*Xu v. FibroGen, Inc.*, 2023 WL 3475722 (N.D. Cal. May 15, 2023).......................................... 13

**Rules**

Fed. R. Civ. P. 26(b)(5)(B) .......................................................................... 9

Fed. R. Evid. 502(b) ................................................................................. 10, 12

**Regulations**

16 C.F.R. § 2.11(d)(1)(ii)(B) ....................................................................... 9

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____

iii

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

### **INTRODUCTION**

Plaintiff Federal Trade Commission ("FTC") files this motion to restore its access to ███

documents clawed back by Defendant Amazon.com, Inc. ("Amazon") during the FTC's

investigation (the "Clawed Back Documents"), and thereafter sequestered by the FTC.  Amazon

either waived privilege as to these documents or never had a valid privilege claim.

As detailed in the FTC's concurrently filed Complaint, Amazon knew for years it charged

consumers ("nonconsensual enrollees") for Prime memberships consumers did not know they

had.  Additionally, through what Amazon internally called the "Iliad" cancellation process,[1] the

company knowingly complicated consumers' Prime cancellations. ████████████████

███████████████████████████████████████, Amazon tried to cloak

relevant documents under specious attorney-client privilege claims. ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

███████

       █████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ It was only in the late stages of the investigation leading to this case that

Amazon sought to undo some of those ██████████████ decisions by clawing back ███

documents previously produced, often more than once, to the FTC.

Amazon's clawback attempt must fail for two reasons.  First, Amazon waived any

privilege that might previously have applied to the Clawed Back Documents because it cannot

prove it produced the documents inadvertently, took reasonable steps to prevent their production,

---

[1] Amazon's internal name for its cancellation process (Iliad) appropriately refers to Homer's 200,000-word, 15,000-line epic about the Trojan War.

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                                        1

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1   and acted promptly to correct its "errors."  Second, it is likely that if the Court reviews the

2   Clawed Back Documents—which the FTC has provided *in camera*—it will determine they were

3   never privileged because their primary purpose was neither to seek nor provide legal advice.

<b><u>BACKGROUND</u></b>

**A.**     **Amazon's Efforts to Shield "Sensitive" Documents from Discovery**

**1.**     ███████████████████████████████████

Amazon's practice ███████████████████████████████

███████████████████████████████████████████████

███████████  to protect damaging documents from disclosure.

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                                    2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320



PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____

3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

3

4

5

6

Ex. A at 209.

**2.**

In conjunction with ████████████████████████████, Amazon

employees also sought to shield communications ████████████████

10

11

12

13

14

. These features

typify non-privileged "silent attorney" communications.

16

17

18

19

20

21

22

23



PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                                    4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Ex. A at 163-164. ███████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

**B.**   **Amazon's** ████████████████ **Pre-Production Privilege Reviews**

At different times relevant here, █████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Ex. A at 50-64.  Despite the CID's extensive scope, █████████

██████████████████████████████████ Amazon gave various excuses for its

limited, slow productions including, as relevant here, ██████████████████████

███████████████████████████████████.

**C.**   **Amazon's Untimely Clawbacks**

During the late stages of the Dark Patterns Investigation, ███████████████

█████████████████████████████████████, Amazon began clawing back

documents.  In many cases, Amazon had produced the documents more than once, and up to ██

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                                  5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1   ███. Many of these documents already contained privilege redactions, and Amazon only began

2   attempting to claw them back long after learning of its "inadvertent" productions.

3        1.     **Amazon's** ██████ **Objection to the Purportedly Privileged,**

4        ████ " ████ "

5   One of the documents Amazon now seeks to clawback (IC1[2]) is a ████████

████████████████████████████████████████

6   ████████████████████████████████████████

7   ████████████████████████████████████████

8   ████████████████████████████████████████

9   ████████████████████████████████████████

10   ████████████████████.

        ████████████████████████████████

11   ████████████████████████████████████████

12   ████████████████████████████████████████

13   ████████████████████████████████████████

14   ████████████████████████████████████

15   ████████████████████████████████████████

16   ████████████████████████████████████████

17   ████████████████████████████████████████

18   ████. Counsel's non-objection was hardly surprising. ████████████████

19   ████████████████████████████████████████

20   ████████████████████████████.

21

22   ───────────────

[2] "IC1" refers to the first document in the *in camera* set the FTC is contemporaneously submitting on a thumb drive.

23   *See* Ex. A at 302-308 (identifying all "IC" documents).

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                    6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1  ███████████████████████████████████████

2  ████████████████████████████████████████

3  ████████████████████████████████████████

4  █████████████████████████████████████████

5  ████████████████████████████████████████

6  ████████████████████████████████

7  █████████████████████████████████████████

8  ███████████████████████████████████████

9  ████████████████████████████████████████

10 ██████████████[3] Ex. A ¶ 26.

11     **2.    Amazon's Seesaw Privilege Claims over the** ██████████████
       ████████████████████**"**

12 █████████████████████████████████████

13 ████████████████████████████████████████

14 ███████████████████████████████████

15 ███████████████████████████████

16 ██████████████████████████████(IC17, IC22),██████████

17 ████████████████(IC48).██████████████████████

18 █████████████████████████████████████████

19 █████████████████████████████████████

20 ████████████████████████████████████

21

22 _____

23 [3] This, of course, heightens the disingenuousness of Amazon's indignation with FTC counsel.  Apparently, in
   Amazon's view, the FTC should have ████████████████████████████.

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                    7                    Federal Trade Commission
                                                              600 Pennsylvania Avenue NW
                                                              Washington, DC 20580
                                                              (202) 326-3320

██████████████████████████████████████████████████████

Ex. A at 253.

      Just two weeks later, Amazon reversed course yet again. ████████████████

████████████████████████████████████████████████████████████

████████████████████.[4] ██████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████

   ████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████

      **3.**     **Amazon's** ████████████ **Clawback of** ██ **Additional Documents**

████████████████████████████████

██████████████████████, Amazon said nothing about the vast majority of documents it now seeks

to claw back.  In fact, ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████.

---

[4]████████████████████████████████ FTC counsel was unaware Amazon had redacted, as partially
privileged, other copies of the ████████████████.

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2 ████ ⁵ ████████████████████████████████

3 █████████████████████████████████████████

4 █████████████████████████████████████████

5 █████████████████████████████████████████

6 ███████████ ⁶ ████████████████████████████

7 █████████████████████████████████████████

8 █████████████████████████████████████████ .

## <u>ARGUMENT</u>

Because Amazon cannot establish (1) its original productions of the Clawed Back

Documents were inadvertent, (2) that it took reasonable steps to prevent production of the ████

████ , and (3) that it acted promptly to remedy its purported errors, Amazon waived any

privilege claim as to the Clawed Back Documents.  Moreover, even if there were no waiver, the

Court should conduct an *in camera* review of the Clawed Back Documents, which likely are not

privileged at all given Amazon's documented ████████████████ .

**I      AMAZON WAIVED ANY PRIVILEGE CLAIM OVER THE CLAWED BACK
        DOCUMENTS.**

To avoid a finding of waiver, Amazon must prove (1) its prior productions of the Clawed

Back Documents were "inadvertent"; (2) it took "reasonable steps to prevent" the productions;

and (3) it "promptly took reasonable steps to rectify" the purportedly inadvertent productions.

---

⁵ ████████████████████████████████████████████████████████
████████████████████ pursuant to 16 C.F.R. § 2.11(d)(1)(ii)(B), the Commission elected to "[s]equester such
material until such time as [a] . . . court may rule on . . . the claim of privilege[.]"  As described in Ex. A ¶¶ 46-52,
after sequestering the documents, the FTC used a filter team to prepare the documents for *in camera* submission and
compile limited, nonprivileged information relevant to this motion.  *See* Ex. A at 302-08 (chart containing
information regarding Clawed Back Documents, including information provided by filter team); *see also* Fed. R.
Civ. P. 26(b)(5)(B) (permitting party informed of inadvertent production to "present the [documents] to the court . . .
for a determination of the [privilege] claim").

⁶ ████████████████████████████████████████████████████████

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                    9                    Federal Trade Commission
                                                              600 Pennsylvania Avenue NW
                                                              Washington, DC 20580
                                                              (202) 326-3320

Fed. R. Evid. 502(b).  Amazon bears the burden of establishing each element.  *See, e.g.*, *Callan v. Christian Audigier, Inc.*, 263 F.R.D. 564, 566 & n.3 (C.D. Cal. 2009) (citation omitted) (adopting "standard practice" of placing burden on party seeking to prevent waiver).  Because, for each Clawed Back Document, Amazon fails on at least one element, a finding of waiver is appropriate.

### A.  Amazon's Prior Productions Could Not Have Been Inadvertent.

A production is "inadvertent" if, *inter alia*, it was a "mistake" rather than intentional.  *See, e.g.*, *Multiquip, Inc. v. Water Mgmt. Sys. LLC*, 2009 WL 4261214, at *4 (D. Idaho Nov. 23, 2009).  Therefore, where a party makes a "knowing production, after careful review," the "logical assumption" is the party waived privilege.  *Northrop Grumman Sys. Corp. v. United States*, 120 Fed. Cl. 436, 439 (2015); *see also N.M. Oncology & Hematology Consultants, Ltd. v. MV/GBW Presbyterian Healthcare Servs.*, 2017 WL 5644390, at *5-6 (D.N.M. Feb. 27, 2017) (party could not "credibly" claim inadvertence where, as here, it "carefully reviewed each [produced] document").

For at least three reasons, Amazon cannot meet its burden of proving inadvertence.  *First*, as described *supra* p. 5, ████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████ ██████████████████████████████████████████ ████████████████.  Therefore, it is evident Amazon made deliberate decisions it now regrets—perhaps only after recognizing the documents' significance to this case[7]—not the type of mistakes addressed by Rule 502.

---

[7] Consistent with the likelihood that Amazon's clawbacks are strategic, Amazon ██████████ ████████████████████████████████████████████████████████████████ █████████████████████████████████████.  Only the document's significance—*i.e.*, the harm it can cause Amazon's legal position—varies.

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                           10                     Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1       *Second,* there is no question Amazon waived privilege with respect to the ▮ Clawed

2   Back Documents it previously produced with redactions (including ▮▮▮▮▮▮ and ▮▮▮▮

3   ▮). Ex. A at 302-08 (identifying ▮ documents originally produced with redactions).[8]

4   Producing a redacted document is an unmistakable indication at least one attorney reviewed the

5   document and made intentional privilege decisions. *See, e.g.,* *ePlus Inc. v. Lawson Software,*

6   *Inc.*, 280 F.R.D. 247, 255 (E.D. Va. 2012) (rejecting clawback attempt in part because document

7   "was produced in redacted form, indicating that, in fact, it had been reviewed by [the party]

8   before production"). This is particularly true for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

9       *Third*, Amazon previously produced at least ▮ Clawed Back Documents at least twice[9]

10  (and up to ▮▮▮▮[10]), again including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[11] Ex. A ¶¶ 48,

11  49(a), 51. Another ▮ documents may not be identical to one another but appear to be different

12  versions of the same document.[12] Ex. A ¶¶ 49(b)-51. ▮▮▮▮▮▮▮▮▮▮▮▮

13  ▮▮▮▮▮▮▮▮▮▮▮ it makes no sense that the company would make the exact same

14  privilege "mistake" multiple times (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[8] These documents, referenced by their *in camera* exhibit number, are: ▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A at 302-08 (sixth column).

[9] These documents, referenced by their *in camera* exhibit number, are: ▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮ Ex. A at 302-08 (second column from right).

[10] The following Clawed Back Documents ▮▮ different copies of the same document: ▮▮▮▮▮▮
Ex. A at 302-08 (second column from right).

[11] It is possible, if not likely, that there are more Clawed Back Documents that Amazon produced at least twice.
Because, however, the FTC sequestered the Clawed Back Documents, it did not conduct this analysis. For example,
the FTC did not compare fully Clawed Back Documents to one another. Additionally, the FTC could not determine
whether there remain non-clawed-back copies of any Clawed Back Documents. Amazon, of course, could
determine how many Clawed Back Documents it had produced on multiple occasions and provide the answer in its
opposition to the motion.

[12] These documents, referenced by their *in camera* exhibit number, are: ▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮ Ex. A 302-08 (right-most column).

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____

11

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1   ███████████████). *See, e.g., T&W Holding Co., LLC v. City of Kemah*, 2022 WL 16948565,

2   at \*4 (S.D. Tex. Nov. 15, 2022) (party's repeated production of a document "indicat[es] that the

3   production was not an isolated mistake"); *United States v. Citgo Petro. Corp.*, 2007 WL

4   1125792, at \*5 (S.D. Tex. Apr. 16, 2007) (party could not claim inadvertence where party had

5   "twice disclosed the privilege[d] documents in different forms at different times").

6   **B.   Amazon Did Not Take "Reasonable Steps" to Prevent Production of** ████

   ████.

7   To establish the requisite "reasonable steps" to prevent disclosure of privileged

8   documents, a party must explain its privilege review "methodology." *Williams v. District of*

9   *Columbia*, 806 F. Supp. 2d 44, 49 (D.D.C. 2011) (citation omitted).  Disclosure of a document as

10  part of a "relatively *de minimis* production" weighs in favor of waiver. *Id.* at 50.  As described

    above, ██████████████████████████████████████████████████████████████.

11  It is inconceivable that, if this document is actually privileged, Amazon could have taken

12  reasonable steps to prevent disclosure of it ████████████████████████████████

13  ████████████████████████.[13]

14  **C.   Amazon Did Not Act "Promptly" to Remedy Its Purportedly Inadvertent**
    **Productions.**

15  Even if Amazon could prove inadvertence and reasonable precautions, it cannot prove it

16  acted "promptly" to correct its inadvertent productions, because it decidedly did not.  *See* Fed. R.

17  Evid. 502(b).  "Numerous courts have held that once a party realizes a document has been

18  accidentally produced, it must assert privilege with *virtual immediacy*." *Ecological Rts. Found.*

19  *v. FEMA*, 2017 WL 24859, at \*7 (N.D. Cal. Jan. 3, 2017) (cleaned up) (emphasis added); *see*

20  *also Skansgaard v. Bank of Am., N.A.*, 2013 WL 828210, at \*3 (W.D. Wash. Mar. 6, 2013)

21  ("[C]law back requests should be made immediately, with delays of even a few weeks

22  _____

    [13] For the remaining Clawed Back Documents, Amazon appears to have taken reasonable pre-production steps to
    protect privilege, assuming it can meet its burden to prove its statements about the thoroughness of its privilege

23  review process, *see supra* p. 5.

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                              12

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1  determined to be too long . . . ."); *Xu v. FibroGen, Inc.*, 2023 WL 3475722, at \*6 (N.D. Cal. May

2  15, 2023) (finding waiver where party "began [its] investigation" of privileged document four

3  days after receiving notice of its production; "failed to put [opposing counsel] on notice of its

4  investigation"; and waited just seven more days to claw back document).

5      Amazon's failure to act promptly is most glaring for ▮▮▮▮▮▮. The law is clear:

6  "if a privileged document is used at a deposition, and the privilege holder fails to object

7  *immediately*, the privilege is waived." *Luna Gaming-San Diego, LLC v. Dorsey & Whitney,*

8  *LLP*, 2010 WL 275083, at \*5 (S.D. Cal. Jan. 13, 2010) (collecting cases) (emphasis added);

9  *Mycone Dental Supply Co. v. Creative Nail Design Inc.*, 2013 WL 4758053, at \*3 (N.D. Cal.

10  Sept. 4, 2013) (producing party "should have recalled the document that was used in the

11  deposition immediately after the deposition"). ▮▮▮▮▮▮▮▮

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13  ▮▮▮▮▮▮ *See supra* pp. 6-7.

14      Amazon also dragged its feet in clawing back the ▮▮▮▮▮. ▮▮▮▮▮

15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮▮▮▮▮▮. Ex. A ¶¶ 32-34. *See FibroGen*, 2023 WL 3475722, at

17  \*6 (finding waiver based on 11-day delay). Presumably, Amazon simply needed to search its

18  production databases for other copies of the document—a task that should take hours, not days.

19      Amazon's delays extend to the other Clawed Back Documents. Specifically, where, as

20  here, a party is put on notice of privilege issues with its production, it must promptly review the

21  production for inadvertently produced documents. *See, e.g.*, *Luna*, 2010 WL 275083, at \*6

22  (finding waiver where "use of the [privileged document] . . . put [the producing party] on notice

23  that its document production was defective"; the party "should have taken prompt and diligent

steps to reassess its document production"); *see also Mycone Dental*, 2013 WL 4758053, at \*3

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____

13

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1   (after "immediately" clawing back document used at deposition, party should have "then

2   conducted a more thorough and timely investigation into the rest of the production").

3          Here, Amazon knew or should have known it had a problem with its productions no later

4   than ███████████████████████████. *See supra* pp. 6-7.  (In fact, ten days earlier,

5   ██████████████████████████████████████████████████

6   ███████████████████.  Ex. A at 223, 225.)  *At a minimum*, Amazon was aware of

7   "issues" ████████████████████████████████████████████

8   ██████████████████.  Ex. A ¶ 38.  Eschewing its burden of

9   demonstrating promptness, the company has refused to reveal what steps it took, or when, to

10  identify the ████████████████████████.  The available evidence—

11  ████████████████████████████████████—demonstrates Amazon did

12  not act promptly.  Accordingly, it waived privilege over the Clawed Back Documents.[15]

**II      AN *IN CAMERA* REVIEW LIKELY WILL REVEAL AMAZON NEVER HAD A
        VALID PRIVILEGE CLAIM OVER THE CLAWED BACK DOCUMENTS.**

          Because Amazon waived privilege, the Court need not determine whether Amazon ever

had a valid privilege claim as to the Clawed Back Documents.  If, however, the Court reaches

this question, it should conduct an *in camera* review, given Amazon's ████████████

████████████████████.[16]  Based on the facts described *supra* pp. 2-5, it is likely the

---

[14] Amazon clearly did not act promptly to claw back this document, ████████████████████
████████████████████████████.  Ex. A ¶¶ 38-39.

[15] Amazon clawed back ████████████████.  Ex. A ¶ 40.  Amazon has not stated when it learned of
these "inadvertent" productions and therefore cannot, without correcting that deficiency, prove promptness.

[16] The threshold showing required to justify an *in camera* review is "not high."  *L.D. v. United Behavioral Health*,
2022 WL 3139520, at *11 (N.D. Cal. Aug. 5, 2022) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1074
(9th Cir. 1992)).  In particular, the party seeking *in camera* review "need only show a factual basis sufficient to
support a reasonable, good faith belief that *in camera* inspection may reveal . . . the materials is not privileged."  *Id.*
(quoting *Grand Jury Investigation*, 974 F.2d at 1075).)  The FTC easily clears this bar based on ████████████
████████████████████████████, *see supra* pp. 2-5, and the bizarre
circumstances surrounding Amazon's clawbacks, *see supra* pp. 5-9, which may reflect that the clawbacks are
strategic rather than clear, undisputable privilege claims.

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                                    14

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1  relevant documents were not sent for the "primary purpose" of obtaining or providing legal

2  advice.

3        **A.**     **The Clawed Back Documents Were Only Privileged If Sent for the Primary Purpose of Giving or Receiving Legal Advice.**

4
      The attorney-client privilege applies only where the "primary purpose" of the document

5  "is to give or receive legal advice, as opposed to business . . . advice." *In re Grand Jury*, 23

6  F.4th 1088, 1091 (9th Cir. 2021), *certiorari dismissed as improvidently granted*, 143 S. Ct.

7  543.[17]  That is because the privilege "protects only those disclosures necessary to obtain

8  informed legal advice which might not have been made absent the privilege." *Id.* at 1092

9  (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)).  The Ninth Circuit adopted this

10  "primary purpose" test to avoid the situation presented here, where a company "add[s] layers of

11  lawyers to every business decision in hopes of insulating [it] from scrutiny in any future

litigation." *Id.* at 1093-94.

12        Because the FTC sequestered the Clawed Back Documents pending the outcome of this

13  motion, it cannot apply the "primary purpose" test to specific documents.  Nevertheless, the non-

14  privileged facts described *supra* pp. 2-5 make clear the Clawed Back Documents likely were *not*

15  for the primary purpose of obtaining legal, as opposed to business, advice.  In fact, in many

16  cases, the documents likely were only ███████████████████████████████ in

17  anticipation of exactly this situation:  to manufacture an unfounded privilege claim.

      **B.**     ████████████████████████████████████████

18  ██████████████████████████████ **Cannot Support Their Privilege Claims.**

19        For both factual and legal reasons, the Court should give no weight to any "privileged

20  and confidential" markings on the Clawed Back Documents.  Factually, the overwhelming

21
---
[17] ████████████████████████, Amazon asserted work-product protection. Ex. A at 302-08

22  (fifth column).  To support that claim, Amazon must establish that it prepared the documents "because of the
prospect of litigation" and that they "would not have been created in substantially similar form but for the prospect

23  of that litigation." *In re: Grand Jury Subpoena*, 357 F.3d 900, 907-08 (9th Cir. 2004) (citations omitted).

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____          15          Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC  20580
(202) 326-3320

1  evidence establishes Amazon ███████████████████████████████████

2  ████████████████████████████████████████████████████████████

3  ██████████████████████████  *See supra* pp. 2-4; *see also In re Grand Jury Matter*, 147

4  F.R.D. 82, 87 (E.D. Pa. 1992) (labelling documents "privileged and confidential" was

5  "indicative" of attempt to shield them from investigative authorities).  Courts repeatedly have

6  found simply labelling a document "privileged and confidential" does not "automatically confer"

7  privileged status.  *Oracle America, Inc. v. Google*, 2011 WL 5024457, at *3 (N.D. Cal. Oct. 20,

8  2011); *see also Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 38 (E.D.N.Y. 2013)

9  ("[T]he attorney-client privilege is not available merely by stamping a document that was

10  prepared by an attorney, which contains solely business advice, 'PRIVILEGED AND

11  CONFIDENTIAL' [or] 'Advice of Counsel.'"), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014)

12  (second alternation in original) (citation omitted).

13       Relatedly, Amazon's use of ██████████████████████ does not support their

14  privilege claims.  Silent attorney communications—*i.e.*, those that (1) are not, on their face,

15  genuinely directed to an attorney, and (2) prompt no response from the attorney—are not

16  privileged because they are not genuinely meant to "facilitate the rendering of legal advice."

17  *Bruno v. Equifax Info. Servs., LLC*, 2019 WL 633454, at *5 (E.D. Cal. Feb 14, 2019)

18  (considering the absence of "any indication that either attorney responded to the emails" as

19  evidence that they were not sent for the purpose of obtaining legal advice).  This fact is true

20  regardless of whether attorneys are placed on the "To" or "Cc" line.  *See, e.g.*, *Nueder v. Battelle

21  Pac. Nw. Nat'l Lab'y*, 194 F.R.D. 289, 295 (D.D.C. 2000) ("[D]ocuments prepared by non-

22  attorneys and addressed to non-attorneys with copies routed to counsel are generally not

23  privileged.") (citation omitted); *Oracle*, 2011 WL 5024457 at *2 (email not "directed to" an

attorney even when attorney appeared on the "To:" line).  Similarly, "[m]erely forwarding a

communication to a lawyer with the subject line 'legal review needed' is not sufficient to confer

the privilege to the initial communication . . . ."  *In re Chase Bank USA, N.A. Check Loan*

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                              16                    Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC  20580
(202) 326-3320

1  *Contract Litig.*, 2011 WL 3268091, at *3 (N.D. Cal. July 28, 2011).  Thus, Amazon's practice of

2  ███████████████████████████████████████████████████████████████

3  ██████████████████████.

4    Finally, as at least one court in this district has observed, "extra scrutiny is required

5  where in-house counsel is involved, as in-house counsel often act in both a legal and non-legal

6  business capacity."  *Chandola v. Seattle Housing Auth.*, 2014 WL 5023518, at *1 (W.D. Wash.

7  Oct. 7, 2014); *see also Neuder*, 194 F.R.D. at 295 (D.D.C. 2000) ("In cases that involve in-house

   counsel, it is necessary to apply the privilege cautiously and narrowly . . . .").  Accordingly, for

8  communications with in-house counsel, Amazon "must make a '*clear showing*' that the

9  'speaker' made the communications for the purpose of obtaining or providing legal advice."

10  *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) (emphasis

11  added) (citation omitted).

**CONCLUSION**

12

13    The FTC respectfully requests that the Court enter the attached proposed order allowing

   the FTC to desequester the Clawed Back Documents.

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____

17

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC  20580
(202) 326-3320

1

## <u>LOCAL RULE 7(e) CERTIFICATION</u>

2
I certify that this memorandum contains 5,852 words. The FTC has concurrently filed a

3
Motion for Leave to Exceed Word Limit.

4

5
Dated: June 21, 2023           <u>/s/ Evan Mendelson</u>

6
          EVAN MENDELSON (D.C. Bar #996765)
          OLIVIA JERJIAN (D.C. Bar #1034299)

7
          THOMAS MAXWELL NARDINI
          (IL Bar #6330190)

8
          Federal Trade Commission
          600 Pennsylvania Avenue NW

9
          Washington DC 20580
          (202) 326-3320; emendelson@ftc.gov (Mendelson)

10
          (202) 326-2749; ojerjian@ftc.gov (Jerjian)
          (202) 326-2812; tnardini@ftc.gov (Nardini)

11

12
          COLIN D. A. MACDONALD (WSBA # 55243)
          Federal Trade Commission
          915 Second Ave., Suite 2896

13
          Seattle, WA 98174
          (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

14
          Attorneys for Plaintiff

15
          FEDERAL TRADE COMMISSION

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____          18          Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

## CERTIFICATE OF SERVICE

2

3        I, Evan Mendelson, certify that on June 21, 2023, I electronically filed the foregoing

4    motion with the Clerk of the Court using the CM/ECF system.  Additionally, I have directed a

5    process server to hand deliver the foregoing motion, and any attachments thereto, to the

6    Defendant's registered agent:  Corporation Service Company, 251 Little Falls Drive,

7    Wilmington, DE 19808.  I will also provide a courtesy copy of this motion to counsel for the

8    Defendant by email today.

9

10                            By: /s/ Evan Mendelson_____

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION TO
DESEQUESTER
Case No. _:__-cv-_____                    19                    Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320