1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>        Defendant. | **Case No.  2:23-cv-0932**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED WORD LIMIT FOR MOTION TO DESEQUESTER DOCUMENTS CLAWED BACK BY DEFENDANT**<br><br>NOTE ON MOTION CALENDAR: Wednesday, June 21, 2023 |

Pursuant to Local Rule 7(f), the FTC respectfully requests leave to file its Motion to Desequester Documents Clawed Back by Defendant in excess of the 4,200-word limit imposed by Local Rule 7(e)(2).  In supports of its motion, the FTC states as follows:

    1.     Concurrently herewith, the FTC has filed its Motion to Desequester Documents Clawed Back by Defendant (Dkt. #4; the "Desequester Motion").  The Desequester Motion asks the Court to allow the FTC to restore its access to—*i.e.*, desequester—documents clawed back by Amazon during the FTC's investigation and subsequently sequestered by the FTC.  In the Desequester Motion, the FTC argues (1) Amazon waived any privilege over the documents and (2) the documents likely were never privileged.

PLAINTIFF'S MOTION FOR LEAVE TO
EXCEED WORD LIMIT
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

2.      Although the legal arguments in support of the Desequester Motion are straightforward, the factual background regarding Amazon's productions and subsequent clawbacks is complex.  Specifically, the Desequester Motion requires discussion of multiple rounds of document productions, along with extensive back-and-forth over the relevant documents following their production.  As detailed in the Desequester Motion, for various documents, Amazon (1) produced the documents on multiple occasions, (2) produced the documents with redactions (which is indicative of a deliberate production, rather than inadvertence), and (3) failed to make its clawback requests for weeks after it learned or should have learned of the "inadvertent" production.  Additionally, the FTC presents two alternative bases for relief—that privilege has been waived and that there never was a privilege—that depend on distinct facts and law.

3.      Therefore, the FTC respectfully requests an additional 1,700 words—for a total of 5,900 words—for the Desequester Motion.

4.      Additionally, Local Rule 7(f)(1) provides that this motion for excess words "shall be filed as soon as possible but no later than three days before the underlying motion . . . is due."  The FTC filed this Motion as soon as possible—immediately upon filing of its Complaint—but not three days before the filing of the Desequester Motion, which, in any event, has no due date.  To the extent necessary, the FTC also respectfully requests leave to submit this Motion concurrently with the Desequester Motion because the FTC could not file this Motion any earlier than upon the filing of its Complaint.

PLAINTIFF'S MOTION FOR LEAVE TO
EXCEED WORD LIMIT
Case No. 2:23-cv-0932

2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

<u>**LOCAL RULE 7(e) CERTIFICATION**</u>

I certify that this memorandum contains 371 words, in compliance with the Local Civil Rules.


Dated: June 21, 2023                          s/ Evan Mendelson
                                              EVAN MENDELSON (D.C. Bar #996765)
                                              OLIVIA JERJIAN (D.C. Bar #1034299)
                                              THOMAS MAXWELL NARDINI
                                              (IL Bar #6330190)
                                              Federal Trade Commission
                                              600 Pennsylvania Avenue NW
                                              Washington, DC 20580
                                              (202) 326-3320; emendelson@ftc.gov (Mendelson)
                                              (202) 326-2749; ojerjian@ftc.gov (Jerjian)
                                              (202) 326-2812; tnardini@ftc.gov (Nardini)


                                              COLIN D. A. MACDONALD (WSBA # 55243)
                                              Federal Trade Commission
                                              915 Second Ave., Suite 2896
                                              Seattle, WA 98174
                                              (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

                                              Attorneys for Plaintiff
                                              FEDERAL TRADE COMMISSION

PLAINTIFF'S MOTION FOR LEAVE TO
EXCEED WORD LIMIT
Case No. 2:23-cv-0932

3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## CERTIFICATE OF SERVICE

I, Evan Mendelson, certify that on June 21, 2023, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system.  Additionally, I have directed a process server to hand deliver the foregoing motion, and any attachments thereto, to the Defendant's registered agent:  Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.  I will also provide a courtesy copy of this motion to counsel for the Defendant by email today.

By:  s/ Evan Mendelson

PLAINTIFF'S MOTION FOR LEAVE TO
EXCEED WORD LIMIT
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320