The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 2:23-cv-0932-JHC |
| Plaintiff, | **DEFENDANT'S MOTION TO VACATE ORDER GRANTING PLAINTIFF'S MOTION TO DESEQUESTER DOCUMENTS CLAWED BACK BY DEFENDANT** |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | **NOTE ON MOTION CALENDAR: July 28, 2023** |

## I.  INTRODUCTION

Defendant Amazon.com, Inc. ("Amazon") respectfully moves to vacate the Court's July 7, 2023 Order Granting the Federal Trade Commission's Motion to Desequester Documents Clawed Back by Defendant [Dkt. 15]. The FTC improperly noted the motion for July 7, agreed to an extension of the deadline for Amazon to respond until July 24, but then failed to timely renote the motion for that later date. Amazon should be afforded an opportunity to oppose the motion, which seeks to strip privilege protections from dozens of Amazon's documents.

The FTC filed its complaint and this motion on June 21, 2023. Under Local Civil Rule 7, the earliest the FTC could note the motion for hearing was the third Friday after Amazon appeared in the action. The FTC served Amazon with the summons and complaint on June 26 and counsel for Amazon entered an appearance on July 3. As a result, the earliest the motion could have been properly noted for the Court's consideration was July 21. The FTC's decision to note the motion for hearing on July 7 was not only improper under Local Civil Rule 7, but also

MOTION TO VACATE
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

made little sense given that Amazon had not been served with the summons and complaint as required by Fed. R. Civ. P. 4, and its counsel had not yet formally appeared in the action.

Recognizing that the July 7 note date needed to change, the parties negotiated an extension of the applicable deadlines, with Amazon's response due on July 24. The FTC agreed that it would renote its motion so that Amazon would have until July 24 to respond and the FTC would have until August 4 to reply. Prior to the FTC renoting its motion, however, the Court granted the FTC's motion believing it was unopposed. After entry of the Court's order, the FTC disclaimed any prior agreement, refused to stipulate to vacating the order, and agreed only to "take no position" on a motion to vacate.

Because the FTC's motion was never noted properly, it should be vacated pursuant to the Western District Local Civil Rules (LCR) and Fed. R. Civ. P. 60(b). Amazon's reliance on an agreement with the FTC to renote its motion provides an additional and independent basis to vacate the order. After the order is vacated, the FTC's motion can be noted for consideration on August 4 on the merits, as it should be, pursuant to the briefing schedule to which the FTC had agreed.

## II. FACTUAL BACKGROUND

### A. The FTC's Improper Noting Date

On June 21, 2023, the FTC filed its complaint. *See* Dkt. 1. The FTC also took the unorthodox step of filing its motion to desequester, which it knew would be contested, on the same date. *See* Dkt. 4. The FTC then immediately noted the motion for hearing on July 7—three Fridays after filing. The FTC did not serve the summons and complaint on Amazon until June 26, 2023, *see* Dkt. 10, and counsel for Amazon did not enter an appearance in this action until July 3, *see* Dkt. 11. Therefore, the earliest the FTC could have properly noted its motion for the Court's consideration under the Local Rules was July 21—the third Friday after Amazon appeared in this action. *See* LCR 7(b)(1) ("The moving party shall serve the motion and a proposed order on each party *that has appeared in the action*….") (emphasis added); 7(d)(3)

MOTION TO VACATE
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

("all other motions shall be noted for consideration on a date no earlier than the third Friday after filing and service of the motion").

### B. The Parties' Scheduling Negotiations

Amazon did not raise the improper noting date with the Court or file an opposition to the motion because the FTC had previously agreed to renote the motion for a later date to accommodate both parties' desire for more time for briefing than allowed for in the default LCR 7 schedule. *See* LCR 7(l) (moving party may renote its own pending motion before an opposing party files a response by filing a notice of Motion Renoted).

Following filing of the motion, counsel for Amazon contacted the FTC to discuss changes to the briefing schedule. On June 23, 2023, counsel spoke with the FTC and then followed up in writing, proposing that Amazon submit a response to the motion by July 24. Flahive Wu Decl. ¶ 2, Ex. 1 at 6. On June 26, the FTC responded as follows: "We will consent to your proposed response date for the Desequester Motion of July 24, 2023 … , provided that you consent to an extra week for our reply, which then be due on August 4, 2023. August 4 would become the new noting date for the motion." Flahive Wu Decl. ¶ 2, Ex. 1 at 5.

On the morning of July 7, 2023, prior to entry of the Court's order granting the motion to Desequester, Amazon's counsel emailed the FTC "to confirm that the FTC will be informing the Court today that it is re-noting its Motion to Desequester consistent with the parties' agreement regarding the revised briefing schedule" and that "[p]ursuant to the agreement, Amazon will file its response no later than July 24, the FTC will have until August 4 to submit a reply, and the motion will be renoted for the Court's consideration on August 4." Flahive Wu Decl. ¶ 2, Ex. 1 at 4.

The FTC responded only after the Court granted the motion as unopposed, asserting for the first time that counsel for Amazon "mischaracterize[d] [the] prior agreement." Flahive Wu Decl. ¶ 2, Ex. 1 at 4. The FTC further asserted, "we never agreed to renote the motion; we simply asked that if you sought an extension from the Court, you agree to a renoting that would allow us extra time for the reply." *Id.* The FTC also informed Amazon that it would "take no

MOTION TO VACATE
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

position" on a motion to vacate the order, but agreed not to desequester the documents addressed by the Court's order until Amazon had an opportunity to file a motion to vacate and have it decided by the Court. *Id.*

Later on July 7, 2023, Amazon provided the FTC with a proposed stipulated motion to vacate the Court's order and asked for its consent to the motion. Flahive Wu Decl. ¶ 2, Ex. 1 at 3. Despite the prior agreement to the same revised briefing schedule, the FTC refused to consent and repeated that it would "take no position" on how the Court should rule on a motion to vacate. Flahive Wu Decl. ¶ 2, Ex. 1 at 2. The FTC added that if the Court vacates the order, the FTC's "offer on the briefing schedule remains in place." *Id.* That previously agreed-upon briefing schedule is as follows:

- July 24 – Deadline for Amazon's Opposition to Motion to Desequester
- August 4 – Deadline for the FTC's Reply in Support of Motion to Desequester
- August 4 – Noting Date for Motion to Desequester

### III.   ARGUMENT

The FTC improperly noted its motion for hearing on July 7, 2023, based on the fact that it filed its motion at the same time it initiated this case through the filing of a complaint. As this Court is aware, filing a contested motion with a complaint is itself irregular, and noting that contested motion for hearing based on that same filing date—before the summons and complaint are served or counsel has appeared—makes no sense as a practical matter. A party is not subject to the Court's jurisdiction until it is properly served with original process and the clock for responding to a motion under local rules may not start until counsel admitted to practice before the Court enter their appearance. The FTC's actions are inconsistent with the Court's Local Rules. Local Rule 7(b)(1) directs movants to "serve the motion and a proposed order on each party *that has appeared* in the action . . . ." This of course anticipates that a party has already appeared through counsel before a contested motion is noted for hearing. Only then do the provisions of Local Rule 7(b)(3) apply to establish a presumptive hearing date and briefing

MOTION TO VACATE
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

schedule. The FTC's improper noting of this motion serves as a sufficient basis for this Court to vacate its order pursuant to Fed. R. Civ. P. 60(b).

In addition, the FTC agreed to renote the motion to allow Amazon until July 24 to file a response and the FTC until August 4 to file a reply—the same relief requested in this motion to vacate. Because an agreement had been reached, Amazon's counsel emailed the FTC on July 7 to ask when the FTC would renote its motion. Flahive Wu Decl. ¶ 2, Ex. 1 at 4. Notably, this took place before the Court entered its order. It was only after entry of the Court's order that the FTC disclaimed the agreement.[1] The party's agreement to renote the motion to a date consistent with the schedule agreed upon by the parties on June 23 and June 26, which the FTC now disclaims, provides an independent basis for the Court to vacate its order pursuant to Fed. R. Civ. P. 60(b). *See White Dev. Co. v. Placer Amex, Inc.*, 1988 U.S. App. LEXIS 21919 (9th Cir. Oct. 7, 1987) (setting aside entry of summary judgment based on disputed extension and preference for resolving issues on the merits); *c.f. WRE-Hol, LLC v. Pharos Sci. & Applications, Inc.*, No. C09-1642 MJP, 2010 U.S. Dist. LEXIS 29171, at *2-8 (W.D. Wash. Mar. 4, 2010) (setting aside default judgment under Rule 55 based on disputed extension).

Once the order is vacated, the FTC's motion can be properly briefed and heard, consistent with "the Court's preference for deciding issues on the merits with the benefit of full information." *McDonald v. Molina Healthcare, Inc.*, 2021 U.S. Dist. LEXIS 229361, at *2 (W.D. Wash. Nov. 30, 2021) (allowing late reply brief). The dispute underlying the FTC's motion, whether the Court should strip privilege protections from 54 of Amazon's documents, is particularly deserving of a decision on the merits with the benefit of full briefing. Notably, there is no dispute as to the hearing date or briefing schedule, as the FTC has confirmed that the same dates the parties discussed remain acceptable. This means Amazon would file its response no

---

[1] After entry of the Court's order, the FTC disclaimed the agreement by asserting that Amazon did not expressly accept FTC's conditional acceptance of Amazon's extension. Flahive Wu Decl. ¶ 2, Ex. 1 at 4 ("we consented to your requested extension on the condition that you agree that we would get an extra week for our reply"). But acceptance of that condition was obvious and implicit. Even if it was not, Amazon expressly accepted the FTC's condition (*i.e.*, the extension for its reply brief) by at least the morning of July 7, resulting in an agreement to extend the briefing schedule prior to entry of the Court's order.

MOTION TO VACATE
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

later than July 24, the FTC would have until August 4 to submit a reply, and the motion would be renoted for the Court's consideration on August 4.

### IV.   CONCLUSION

For the reasons stated above, Amazon respectfully requests that the Court enter an order vacating its July 7, 2023 Order and setting the proposed agreed briefing schedule for the FTC's Motion to Desequester.

DATED this 10th day of July, 2023.

I certify that this memorandum contains 1,881 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369

By s/ *James Howard*
    James Howard, WSBA #37259

920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
       jimhoward@dwt.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
       lflahivewu@cov.com
       lkim@cov.com
       jgraubert@cov.com

MOTION TO VACATE
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
         mkaba@hueston.com
         jreiter@hueston.com

*pro hac vice applications forthcoming

Attorneys for Defendant
AMAZON.COM, INC.

MOTION TO VACATE
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax