UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC.,<br><br>  Defendant. | Case No. 2:23-cv-0932-JHC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO VACATE ORDER GRANTING PLAINTIFF'S MOTION TO DESEQUESTER DOCUMENTS CLAWED BACK BY DEFENDANT** |

As it agreed, the FTC takes no position on the relief Amazon seeks: vacatur of the Court's Order granting the Desequester Motion (Dkt. #15). The FTC files this response, however, to note Amazon fails to provide any proper legal basis for that relief and to correct Amazon's factual misrepresentations about the FTC's actions. On its merits, the Motion to Vacate would fail for three reasons. First, the FTC properly noted its Motion to Desequester (Dkt. #4) for July 7, 2023. Second, after Amazon missed its July 3 response deadline without filing for an extension (Dkt. #15), Amazon filed a Motion to Vacate that ignores the applicable Rule 6 "excusable neglect" standard and, in fact, seeks relief under the wrong rule altogether—

OPPOSITION TO MOTION TO VACATE
Case No. 2:23-cv-0932-JHC

1

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
(202) 326-3320

Rule 60, which applies only to *final* judgments or orders. Third, on the facts, Amazon misrepresents the FTC's statements and positions.[1] In these unusual circumstances, the FTC nevertheless would not object were the Court to *sua sponte* find excusable neglect, vacate its order, and enter the proposed briefing schedule.

I.   **THE FTC PROPERLY NOTED THE DESEQUESTER MOTION FOR JULY 7.**

The plain text of Local Rule 7(d)(3) contradicts Amazon's argument (Dkt. #16 at 4-5) that the FTC improperly noted the Desequester Motion. That rule states, with exceptions not relevant here, that "motions shall be noted for consideration on a date no earlier than the third Friday after filing and service of the motion." There is no dispute that (1) the FTC filed the Desequester Motion (Dkt. # 4) on Wednesday, June 21; (2) the FTC served the Desequester Motion on Wednesday, June 21[2] (*see* Ex. 1); and (3) the third Friday after June 21 was July 7. Therefore, the FTC's July 7 noting date was proper, and, based on Local Rule 7, Amazon's opposition brief was due on July 3.

Notwithstanding Amazon's pretzel logic (Dkt. #16 at 4-5), Local Rule 7(b)(1) does not introduce any ambiguity. That Rule simply tells a moving party whom it must serve with motion papers—namely, "each party that has appeared in the action." In other words, the FTC was not *required* to serve the Desequester Motion on Amazon until Amazon appeared in this case. The

---

[1] The FTC sought to prevent such misrepresentations by asking Amazon to provide an advance copy of its Motion to Vacate if Amazon intended to represent the FTC's position on the Motion to Vacate. (Dkt. #17 at 6.) Amazon did not honor that request. If Amazon had done so, the FTC would have told Amazon that it would oppose this version of the Motion to Vacate.

[2] The FTC would have served the Summons and Complaint on this same date, but the Summons did not issue until June 23. (Dkt. #8.) Nevertheless, the FTC served the unredacted Complaint (without the Summons) and Desequester Motion on Amazon on Wednesday, June 21 (Ex. 1), and that same day, emailed courtesy copies of all filings to Amazon's counsel (Dkt. #17 at 10).

OPPOSITION TO MOTION TO VACATE  
Case No. 2:23-cv-0932-JHC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, D.C. 20580  
(202) 326-3320

rule does not say the FTC was not *permitted* to serve a motion on Amazon before it appeared. Aside from being contrary to the plain text, such a reading would invite gamesmanship—*e.g.*, evasion of service or refusal to appear—from defendants. In any event, for "briefing deadlines," Local Rule 7(b)(1) expressly cross-references Local Rule 7(d), which, as described above, establishes the July 7 noting date and July 3 opposition deadline.

This does not mean that Amazon, or other similarly situated parties, have no recourse. If Amazon actually thought it made "no sense as a practical matter" to note the Desequester Motion for July 7 (Dkt. #16 at 4), the Local Rules gave them options. Specifically, Amazon, *before* its July 3 filing deadline, could have (1) asked the Court to renote the Motion (under Local Rule 7(*l*)) or (2) filed a motion for "relief from a deadline" (Local Rule 7(j)). Amazon did neither. In fact, even when Amazon belatedly asked the FTC, on July 7, whether it was planning to renote the Motion, it still did not assert the Motion had been incorrectly noted. (Dkt. #17 at 6.) Amazon only made that argument after the Court entered its Order granting the Desequester Motion and the FTC explained Amazon had missed its deadline. (Dkt. #17 at 5.)

## II.   AMAZON IS REQUIRED TO ESTABLISH "EXCUSABLE NEGLECT" UNDER RULE 6(b) TO BE EXCUSED FROM ITS MISSED DEADLINE.

Amazon looks to the wrong rule to be excused from its missed deadline. Specifically, Amazon cites Rule 60(b) (Dkt. #16 at 2, 5), but that Rule governs relief from *final* judgments or orders, not interlocutory orders such as the Court's Order granting the Desequester Motion. *See, e.g.*, *Bell v. Olson*, 2022 WL 1215498, at *2 (W.D. Wash. Mar. 18, 2022) ("A Rule 60(b) motion may be brought only after a final judgment or order; interlocutory orders are insufficient." (citation and internal quotation marks omitted)), *report and recommendation adopted*, 2022 WL 1213621 (W.D. Wash. Apr. 25, 2022); 11 C. Wright & A. Miller, *Federal Practice and*

OPPOSITION TO MOTION TO VACATE  
Case No. 2:23-cv-0932-JHC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, D.C. 20580  
(202) 326-3320

3

*Procedure* § 2851 (3d ed.) ("Rule 60 regulates the procedures by which a party may obtain relief from a final judgment."). Amazon instead should have looked to Rule 6(b)(1)(B), which states that "[w]hen an act may or must be done within a specified period, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." As another Court in this District wrote in an analogous context:

> In seeking an extension, defendant erroneously relies on Fed. R. Civ. P. 60(b). . . . That rule, which governs relief from a final judgment, order, or proceeding, cannot serve as the basis for an extension to file the present motion.
>
> As grounds for relief, defendant should have cited Fed. R. Civ. P. 6(b). . . . [I]f such a motion is filed *after* the deadline has passed, the good cause standard becomes more stringent. In these cases the Court should grant the motion only when the moving party missed the deadline due to "excusable neglect."

*PLU Invs., LLC v. Intraspect Grp., Inc.*, 2011 WL 1376192, at *1 (W.D. Wash. Apr. 12, 2011).

This is not a mere technical defect. Although Rule 60(b), like Rule 6, lists excusable neglect as one possible basis for relief (from a final order), Amazon does not rely on, or even mention, excusable neglect here.[3] *See Brady v. Hanger Orthopedic Group, Inc.*, 348 F. App'x 325, at *1 (9th Cir. Oct. 14, 2009) (test for "excusable neglect" is the same under Rule 60(b) and Rule 6(b)(1)(B), but party waives argument by not raising "excusable neglect" at all). Instead, Amazon lays the blame at the FTC's (or the Court's) door.

---

[3] For similar reasons, the cases cited by Amazon (Dkt. 16 at 5) miss the mark. In the first two cases, courts excused missed dispositive-motion deadlines under the default judgment standard. *See White Dev. Co. v. Placer Amex, Inc.*, 1988 U.S. App. LEXIS 21919, at *4, 10 (9th Cir. Feb. 10, 1988) (vacating district court's granting of unopposed motion for summary judgment by analogizing to default judgment standard, which favors the "just determination of every action") (citation omitted); *WRE-Hol, LLC v. Pharos Sci. & Applications, Inc.*, 2010 U.S. Dist. LEXIS 29171, at *4 (W.D. Wash. Mar. 4, 2010) (vacating default judgment because "courts should attempt to resolve suits on the merits"). The third case cited by Amazon stands only for the unremarkable proposition that a Court may exercise its discretion to allow late-filed briefs. *See McDonald v. Molina Healthcare, Inc.*, 2021 U.S. Dist. LEXIS 229361, at *2 (W.D. Wash Nov. 30, 2021).

OPPOSITION TO MOTION TO VACATE  
Case No. 2:23-cv-0932-JHC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, D.C.20580  
(202) 326-3320

4

### III. AMAZON'S ARGUMENTS ARE BASED ON MISREPRESENTATIONS AND DO NOT ESTABLISH EXCUSABLE NEGLECT.

Even if Amazon had properly sought relief under Rule 6(b)(1)(B) based on excusable neglect, Amazon's factual arguments are based on falsehoods and thus are not an appropriate basis for such relief. Amazon could have pointed to understandable errors on its part or to a good faith misinterpretation of the parties' communications. Rather than admit even partial fault and ask forgiveness under Rule 6, Amazon accuses the FTC of violating "an agreement that had been reached." *See* Dkt. #16 at 5. This accusation is unconvincing for several reasons.

First, there was no "agreement." On June 23, Amazon asked the FTC to agree to an extension for Amazon's opposition to the Desequester Motion. Dkt. # 17 at 8. On June 26, the FTC made a counteroffer, consenting to the extension if Amazon agreed to certain conditions, including that Amazon consent to the FTC receiving an extra week for its reply. Dkt. #17 at 7. After that, despite the fact that it was the party seeking relief from a deadline, *Amazon did nothing*. It did not respond to the FTC's email. It did not file a Motion with the Court. It did not file a timely opposition brief. Incredibly, Amazon attempts to elide these facts by claiming, in a footnote and without any explanation, that its acceptance of the FTC's counteroffer "was obvious and implicit." Dkt. #16 at 5 n.1. It was neither.

Second, even if there were an "agreement," the burden was on Amazon to move the Court to ratify that agreement. Amazon knew that its response deadline was Monday, July 3, or, at the very least, that the FTC had told the Court and Amazon that Amazon's response deadline was July 3.[4] When July 3 came and went without either Amazon or the FTC filing for an

---

[4] Troublingly, Amazon obscures this fact with artful ellipses. In its June 26 email to Amazon's counsel, FTC counsel described Amazon's July 24 requested opposition deadline as a "three-week extension," based on the

OPPOSITION TO MOTION TO VACATE
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

extension, if Amazon actually believed the burden was on the FTC to extend Amazon's deadline, Amazon should have immediately raised the issue with the FTC or the Court. Instead, Amazon waited until Friday, July 7. *Cf. United States v. Marder*, 2016 WL 2897407, at *4 (S.D. Fla. May 18, 2016) ("party cannot just stand idly by and wait" while a "dispute drags on without taking affirmative action to resolve the dispute well in advance of the deadlines").

Third, Amazon argues, in the alternative, that there was at least an agreement on a new briefing schedule as of July 7, when it accepted the FTC's counteroffer. (Dkt. #16 at 6 n.5.) Amazon does not explain how reaching an agreement four days after the filing deadline would help them; at most, it would provide support for the excusable-neglect motion they have not filed.

Fourth, Amazon is wrong that this entire incident could have been avoided had the FTC simply renoted its Desequester Motion. As the FTC explained to Amazon last week (Dkt. #17 at 4), had the FTC renoted the Motion for August 4 by filing a Notice of Motion Renoted under Local Rule 7(*l*), that Notice would not have effectuated the requested briefing schedule because Amazon's response would have become due on July 31 (not July 24), and the FTC would still only have had four days for its August 4 reply. *See* LCR 7(d)(3) (opposition briefs "shall be filed not later than the Monday before the noting date). The briefing schedule Amazon seeks could only have been entered by Court order and therefore required a motion. Tellingly, Amazon fails to address this issue in its Motion to Vacate.

Fifth, Amazon implicitly accuses the FTC of acting improperly by waiting until "after entry of the Court's order [to disclaim] the [purported] agreement" regarding a revised briefing

---

existing July 3 deadline. Dkt. #17 at 7. When Amazon quotes that email in its Motion (Dkt. #16 at 3), it omits the "three-week extension" phrase (and nothing else).

OPPOSITION TO MOTION TO VACATE
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

schedule. (Dkt. 16 at 5.) This is disingenuous. Amazon's counsel emailed the FTC at 11:32 am Pacific time on July 7 to ask whether the FTC would (belatedly) renote the Motion. (Dkt. #17 at 6.[5]) The Court's Order was docketed at 11:59 am. (Dkt. #15.) That the FTC did not respond to Amazon within this 27-minute period is irrelevant.

## LOCAL RULE 7(e) CERTIFICATION

I certify that this memorandum contains 2,021 words, in compliance with the Local Civil Rules.

Dated: July 11, 2023              /s/ Evan Mendelson

EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

---

[5] The time stamps on the filed version of the email chain are in Eastern Daylight Time.