The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　Defendant. | No. 2:23-cv-0932-JHC<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO VACATE ORDER GRANTING PLAINTIFF'S MOTION TO DESEQUESTER DOCUMENTS CLAWED BACK BY DEFENDANT**<br><br>**RENOTED ON MOTION CALENDAR:  July 14, 2023** |

## I.      INTRODUCTION

In response to Amazon's motion to vacate, the Federal Trade Commission represents that it "takes no position" and "would not object were the Court to . . . vacate its order," but also includes arguments as to why Amazon's motion "would fail" "[o]n its merits."  Resp. at 1, 2.[1] Given the FTC's representations, this Court should grant the motion without regard to the FTC's additional arguments.  To the extent the Court considers them, Amazon files this reply to correct the FTC's misapplication of the relevant legal standards.  In the end, both parties agree that the FTC's motion to desequester Amazon's privileged documents is an important matter that should be resolved on the merits after this Court has had the benefit of full briefing.

---

[1] Because the FTC takes no position on Amazon's motion, the FTC's inclusion of "OPPOSITION" in the footer of the FTC's response was presumably an oversight.

REPLY ISO MOTION TO VACATE
(2:23-cv-0932-JHC) - 1

## II.     ARGUMENT

As explained further below, the FTC's response is legally flawed in two key respects. First, the FTC's contention that it properly served and noted its motion to desequester for hearing before it served its complaint on Amazon and before counsel appeared is inconsistent with the Federal Rules of Civil Procedure, the Local Rules, and local practice.  Second, the FTC is incorrect in arguing that the order should be vacated pursuant to Rule 6 rather than Rule 60, because Rule 6 cannot extend the time to take action after an order has issued.  This entire debate, however, is academic as the FTC does not oppose vacating the order, and it acknowledges the Court has authority to do so.  Accordingly, the Court should grant this motion so that it has the benefit of briefing on the merits when it adjudicates the important privilege issues at stake.

### A.     The FTC's Local Rules Analysis Is Flawed.

The FTC argues that it properly noted its motion for July 7 because the FTC filed and purportedly served the motion on June 21 and because Local Rule 7(d)(3) did not prohibit it from immediately selecting a hearing date three Fridays later.  *See* Resp. at 2.  This argument ignores the fact that the FTC could not have properly served Amazon with the summons and complaint until June 26 [Dkt. 10], and counsel for Amazon did not enter an appearance until July 3 [Dkt. 11].  To hold otherwise would allow the FTC to select a hearing date 5 days before the Court obtained jurisdiction over Amazon and 12 days before counsel first appeared.  That is impermissible for at least two important reasons.

First, the FTC cannot note a hearing date before the Court could properly obtain jurisdiction over a defendant pursuant to Federal Rule of Civil Procedure 4(c)(1) and then the FTC could serve its motion as required by the Local Rules.  *See* LCR 7(d)(3) ("[M]otions shall be noted for consideration on a date no earlier than the third Friday after filing and *service of the motion*.") (emphasis added); *see also* LCR 7(b)(1) (moving party shall "serve the motion and proposed order on each party that has appeared in the action").  But that is exactly what the FTC

REPLY ISO MOTION TO VACATE
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

did, as it claims it served the motion on June 21, before it had served Amazon with the summons and complaint on June 26 [Dkt. 10]. It is well established that service of a complaint is not effective until it is served along with a summons, and that "[m]otions that are filed before service of the complaint cannot be served on Defendants." *Reiser v. Du Bois*, 2013 WL 2456573, at *3 (N.D. Cal. June 6, 2013). Courts routinely renote motions under these circumstances. *See, e.g.*, *Deimerly v. Clarke*, 2007 WL 2900196, at *1 (W.D. Wash. Oct. 2, 2007) ("The motions were originally filed by Plaintiff in January prior to service of the Complaint and were, therefore, re-noted by the Court.").

Second, the FTC also claims to have served its motion 12 days before Amazon made an appearance on July 3. If allowed, this would have required Amazon to file an opposition within just three court days of counsel's appearance. The Local Rules prohibit this as well. Local Rule 7(b)(1) provides that a moving party "shall serve the motion and proposed order on each party *that has appeared in the action*, and shall file the motion and proposed order with the clerk." (emphasis added). This means counsel must have appeared before a "date by which all briefing is complete and the matter ready for the court's consideration" can be selected. LCR 7(b)(1). It also fosters the important goal of ensuring that the Court has the benefit of full briefing on the merits for any early contested motions.

In summary, it would make little sense to enforce a briefing deadline against Amazon that was selected by the FTC 5 days *before* the Court obtained personal jurisdiction over Amazon and 12 days *before* counsel appeared. If accepted, the FTC's position would routinely require defendants to respond to motions before complaints are served, before responsive pleadings are due, and before counsel has appeared. This would encourage the type of sharp practices and untold scheduling problems the rules are designed to prevent. The FTC's argument to the contrary should be set aside as inconsistent with the Federal Rules, Local Rules, and local practice.

REPLY ISO MOTION TO VACATE
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### B. The FTC Incorrectly Contends that Rule 60 Cannot Be Used to Set Aside Court Orders.

The FTC advocates for a reading of both Rule 6 and Rule 60 that is at odds with the text of the rules and case authority in two respects. First, contrary to the FTC's assertions, it is well established that Rule 60 and the Court's inherent authority, allow it to vacate orders it has issued. Second, the FTC is incorrect in asserting that Rule 6 should apply, as that rule governs extensions of time and does not provide authority for vacating orders that have already issued.

#### 1. Amazon Properly Invoked Rule 60.

The FTC contends Rule 60(b) is inapplicable because, in the FTC's view, that rule may not be used to set aside interlocutory orders. As an initial matter, the FTC misstates the test. If an order is sufficiently final to be appealed, regardless of whether it is interlocutory in nature, Rule 60(b) applies. 12 Moore's Federal Practice – Civil § 60.23 (2023). The Court's order meets that requirement. Orders relating to the stripping of confidentiality and privilege protections are immediately appealable. *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).[2] Here, the order conclusively determined that privileged Amazon documents should be desequestered (thereby stripping them of privilege), and because the issue would otherwise be unreviewable on appeal, Rule 60(b) applies.

#### 2. Rule 6(b) Does Not Apply to These Facts.

By its plain text, Rule 6(b) applies only to "extending time" when "an act may or must be done within a specified time." Fed. R. Civ. P. 6(b)(1). It does not provide authority to set aside an already existing order. In arguing otherwise, the FTC relies solely on two inapplicable Western District cases: *Bell v. Olson* and *PLU Investments, LLC v. Instraspect Group, Inc.* In *Bell*, the court simply concluded that a *pro se* party could not use Rule 60 to vacate an order

---

[2] *See also Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) ("[A]n order denying a motion to unseal or seal documents is appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order."); *Bayliss v. New Jersey State Police*, 622 F. App'x 182, 185 (3d Cir. 2015) (allowing appeal of order regarding return of privileged documents); *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 223 (5th Cir. 2020) (explaining orders related to unsealing are immediately appealable).

REPLY ISO MOTION TO VACATE
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

denying a motion to amend, where the party had leave to refile the motion later in the litigation. 2022 WL 1215498, at *2, *report and recommendation adopted*, 2022 WL 1213261 (W.D. Wash. Apr. 25, 2022).  Here, unlike *Bell*, Amazon would lack any recourse absent the requested relief. *PLU Investments* also provides no support for the FTC's argument, as the court in that case unremarkably concluded that Rule 6 rather than Rule 60 should be used to obtain relief from a deadline that had passed, where no order had been issued.  2011 WL 1376192, at *1 (W.D. Wash. Apr. 12, 2011).

### C. Under Any Analysis, the Order Should Be Vacated.

As noted above, any debate in this case between the applicability of Rule 6 or Rule 60 is largely academic.  The FTC acknowledges the same "excusable neglect" standard can be applied under Rules 6 and 60, and the FTC further acknowledges that it does not object to the Court "find[ing] excusable neglect, vacat[ing] its order, and enter[ing] the proposed briefing schedule." Resp. at 1-2.[3]  This provides the Court with the authority to vacate the order pursuant to Rule 60, regardless of whose excusable neglect led to the order being issued. [4]

Whether neglect is excusable is an equitable determination depending on four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Garden v. Cnty. of Los Angeles*, 2021 WL 5823711, at *2 (9th Cir. Dec. 8, 2021). All four factors weigh in favor of vacating the order.  There is no danger of prejudice to the FTC in allowing the Court to receive the benefit of full briefing on an important matter regarding

---

[3] Rule 60 also encompasses mistake, inadvertence, surprise, and "any other reason that justifies relief," all of which would be applicable here.  Fed. R. Civ. P. 60(b)(1) and (6).  But because the FTC does not oppose Amazon's motion, a complicated analysis is not necessary.

[4] The FTC argues that a motion was required to memorialize a briefing schedule, and thus an agreement to renote the motion was not technically possible before that step took place.  Resp. at 4-5.  But a filing was not needed for a meeting of the minds to occur, and motions regarding briefing schedules are also not required by the Local Rules or local practice.  Instead, "[a] moving party may renote its own pending motion itself by promptly filing" a notice of renoting.  LCR 7(l).  This takes place routinely in the Western District, and it was a step the FTC should have taken here.

REPLY ISO MOTION TO VACATE
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

attorney-client privilege. There is also no delay, as the parties have an agreed briefing schedule for the motion to desquester that has been in place for some time now. Finally, Amazon has acted in good faith by working to negotiate a new noting date for the motion to desequester, proposing a stipulated motion to set aside the order, and promptly filing this motion to vacate when the FTC maintained it would not stipulate, but would not oppose the motion.[5] The excusable neglect standard is thus satisfied and the order should be vacated.

### D. The Court Also Has Inherent Authority to Vacate its Order.

Should it wish to do so, the Court can also vacate the order pursuant to its own inherent, discretionary power to "rescind, reconsider, or modify an interlocutory order." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 2001); *see also Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) ("[W]e have long recognized the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory."). The unusual circumstances discussed above would justify the use of this inherent power to restore the parties' original intentions with respect to the briefing schedule and to allow the Court to adjudicate the underlying motion on its merits.

### III. CONCLUSION

For the reasons stated above, Amazon respectfully requests that the Court vacate its July 7, 2023 order and set the proposed agreed briefing schedule for the FTC's motion to desequester.

DATED this 14th day of July, 2023.

---

[5] The FTC argues that Amazon misrepresented the record regarding the parties' briefing schedule discussions. Resp. at 1, 5-7. Amazon disagrees, and the email exchange with the FTC speaks for itself. *See* Dkt. 17, Ex. 1. The FTC also complains that Amazon did not share a copy of its motion before filing. Resp. at 2. While this was not required, the FTC's refusal to agree to a stipulated motion to vacate created a compressed briefing schedule that made it impractical to share more than the email correspondence that would be submitted with the motion.

REPLY ISO MOTION TO VACATE
(2:23-cv-0932-JHC) - 6

1
2    I certify that this memorandum contains 2,090 words, in compliance with the Local Civil
3  Rules.
4
                                            DAVIS WRIGHT TREMAINE LLP
5
6                                           By s/ *Kenneth E. Payson*
                                                Kenneth E. Payson, WSBA #26369
7
                                            By s/ *James Howard*
8                                               James Howard, WSBA #37259

9                                               920 Fifth Avenue, Suite 3300
                                                Seattle, WA  98104-1610
10                                              Telephone: (206) 622-3150
                                                Fax: (206) 757-7700
11                                              E-mail: kenpayson@dwt.com
                                                        jimhoward@dwt.com
12
13                                          COVINGTON & BURLING LLP

14                                              Stephen P. Anthony
                                                Laura Flahive Wu
15                                              Laura M. Kim
                                                John D. Graubert
16                                              850 Tenth Street, NW
                                                Washington, DC  20001
17                                              Telephone: (206) 662-5105
                                                E-mail: santhony@cov.com
18                                                      lflahivewu@cov.com
                                                        lkim@cov.com
19                                                      jgraubert@cov.com

20
                                                John E. Hall
21                                              415 Mission Street, Suite 5400
                                                San Francisco, CA  94105
22                                              Telephone: (415) 591-6855
                                                E-mail: jhall@cov.com
23

24                                              Megan L. Rodgers
                                                3000 El Camino Real
25                                              Palo Alto, CA  94306
                                                Telephone: (650) 632-4734
26                                              E-mail: mrodgers@cov.com

27
REPLY ISO MOTION TO VACATE
(2:23-cv-0932-JHC) - 7

|     |                                                                                 |
| --- | ------------------------------------------------------------------------------- |
| 1   |                                                                                 |
| 2   | HUESTON HENNIGAN LLP                                                            |
|     | John C. Hueston                                                                 |
| 3   | Moez M. Kaba                                                                    |
|     | Joseph A. Reiter                                                                |
| 4   | 523 West 6th Street, Suite 400                                                  |
|     | Los Angeles, CA  90014                                                          |
| 5   | Telephone: (213) 788-4340                                                       |
|     | E-mail: jhueston@hueston.com                                                    |
| 6   |          mkaba@hueston.com                                                      |
|     |          jreiter@hueston.com                                                    |
| 7   | Attorneys for Defendant                                                         |
|     | AMAZON.COM, INC.                                                                |

REPLY ISO MOTION TO VACATE
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax