The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>                Defendant. | No. 2:23-cv-0932-JHC<br><br>**AMAZON.COM, INC.'S MOTION TO SEAL COMMERCIALLY SENSITIVE AND IRRELEVANT INFORMATION**<br><br>**NOTE ON MOTION CALENDAR: August 4, 2023** |

## I.  INTRODUCTION

Both the FTC's Complaint and motion to desequester (ECF No. 5-1) reference and attach confidential documents and data that Amazon produced to the FTC during its investigation. Although Amazon does not move to maintain the seal on most of that information, limited portions contain highly sensitive commercial information or irrelevant private information that should not be filed or referenced publicly.  Amazon respectfully requests that these limited portions of the Complaint, motion to desequester, and exhibits to the motion to desequester be permanently sealed pursuant to Local Civil Rule 5(g) and consistent with the Court's July 5, 2023 Order (ECF No. 14).  The specific portions that Amazon moves to seal are identified in the Appendix to this motion and highlighted in the exhibits attached to the accompanying Declaration of Laura Flahive Wu ("Flahive Wu Decl.").[1]

---

[1] Within the attached exhibits, blue highlighting indicates sections that Amazon moves to seal because they contain highly confidential and commercially sensitive business information, which the FTC *has not* stipulated to sealing. Green highlighting indicates sections that Amazon moves to seal because they contain irrelevant private information or references to non-public investigations and which the FTC *has* stipulated to sealing.  Flahive Wu Decl. ¶ 6.

MOTION TO SEAL
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

As required by Local Civil Rule 5(g)(3)(A), counsel for the parties conferred on the dates and in the manner described in the Flahive Wu Decl. ¶ 5.

## II.     BACKGROUND

Along with the Complaint, the FTC filed a motion to desequester on June 21, 2023. ECF No. 5-1. The FTC's motion attaches a number of confidential documents that the FTC obtained through its investigation and other non-public FTC investigations, including the specific metrics and proprietary user data that Amazon relies on to evaluate Prime and the specific processes Amazon uses to improve the program. *See* Declaration of Lisa Leung ("Leung Decl.") at ¶¶ 5–6. Both the FTC's motion and the Complaint either attach or reference confidential documents in a way that reveals their contents.

These materials are confidential under Title 15 of the United States Code Section 57b-2, and cannot be filed publicly absent notice and an opportunity to be heard. Although Amazon does not oppose the public filing of the majority of these documents (and corresponding references), limited portions contain highly confidential and sensitive business information, including the specific metrics and proprietary user data that Amazon relies on to evaluate Prime and the specific processes Amazon uses to improve the program. *See* Leung Decl. at ¶¶ 5–6. Disclosure of this confidential information would materially damage Amazon's competitive standing, as Amazon's competitors could use the information to copy Amazon's internal processes, benchmark their subscription programs against those of Amazon, and gain an unfair competitive advantage. *Id.* at ¶ 9. Additionally, limited portions of the documents contain irrelevant and highly sensitive information including (1) photos and names of private non-parties who participated in Amazon user studies and (2) information concerning different non-public FTC investigations, which the FTC has already conceded should be permanently sealed. *See* ECF No. 2. This information likewise should be protected from public disclosure.

The FTC moved to temporarily seal its motion to desequester (along with the Complaint) and moved to *permanently* seal all references to its non-public investigations. ECF No. 2. The FTC, however, failed to comply with Local Civil Rule 5(g)(3)'s plain requirement to meet and

MOTION TO SEAL
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

confer with opposing counsel to minimize the amount of material filed under seal and explore redaction or other alternatives to filing under seal—solutions that Amazon would have been happy to discuss and might have obviated portions of this motion. Indeed, the FTC's failure to comply with this rule has already harmed Amazon; had the FTC conferred as required, it would have known not to include unredacted misrepresentations about Amazon's sensitive commercial data in its public Complaint. *See* Compl. ¶ 15 (misstating Prime's annual subscription revenue).

On July 13, 2023, Amazon informed the FTC that it does not oppose the public filing of most of these documents, but that limited portions of 11 documents containing highly sensitive and confidential information described above should be permanently sealed and redacted from public filings. The FTC agreed that some of the information identified by Amazon should be permanently sealed but refused to agree on other categories, thereby necessitating this motion.

### III.   ARGUMENT

Although Amazon does not oppose the unsealing of the vast majority of the documents included in the FTC's filing, a small number of those documents contain commercially sensitive or private (and irrelevant) information that should remain sealed.

The Local Civil Rules of the Western District of Washington permit the sealing of confidential information upon a showing of "the legitimate private or public interests that warrant the relief sought; the injury that will result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3). The Court may seal judicial records when a party provides a compelling reason to keep information out of the public view. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). While "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978), a court "commit[s] clear error" by refusing to seal "confidential and commercially sensitive information . . . from public disclosure," *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

MOTION TO SEAL
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Two categories of documents in the FTC's filings should be sealed: (1) highly confidential and commercially sensitive business information that would materially harm Amazon's competitive position if it was made public and (2) information that is both private and irrelevant to the FTC's claims and/or its motion, including the FTC's references to ongoing non-public investigations in its motion to desequester.

A.   **Commercially Sensitive Information Should Be Sealed.**

Courts have long recognized that "business information that might harm a litigant's competitive standing" should be sealed. *Nixon*, 435 U.S. at 598. Furthermore, sealing is warranted when disclosure would adversely affect future internal business deliberations, *In re Zillow Group, Inc. Shareholder Derivative Litigation*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019), or when the information consists of "nonpublic information regarding litigants' sales, cost, profit, and market share data," *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 2018 WL 11433938, at *1 (W.D. Wash. Oct. 12, 2018).

The FTC's filings reference and attach highly confidential and commercially sensitive Amazon business information, including internal customer survey data, specific performance metrics, and detailed descriptions of internal decision-making processes. *See*, *e.g.*, Appendix; Compl. at ¶¶ 3, 17, 152–57; Rottner Decl. Attachment 24. In multiple instances, the FTC appends highly confidential information to its filings, despite not substantively citing to or relying on it to support its motion, in violation of Local Civil Rule 5(g)(1)(B) ("Parties must protect sensitive information by redacting sensitive information … that the court does not need to consider."). As just one illustrative example, in its motion to desequester, the FTC cites to one data point in a six-page business memorandum regarding the selection of internal performance metrics, but attaches the entire unredacted memorandum to its filing. ECF No. 5-1 at 3 (citing Ex. A (Rottner Decl. Attachment 18) at 175). This memorandum contains non-public, proprietary data collected through surveys and non-public, internal analyses of that data, the overwhelming majority of which is not referenced in the FTC's motion. This is precisely the kind of highly confidential and commercially sensitive business information that courts have

MOTION TO SEAL
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

concluded warrants protection from public disclosure.  *See*, *e.g.*, *McCrary v. Elations Co. LLC*, 2014 WL 12589137, at *6 (C.D. Cal. Dec. 2, 2014) (sealing internal clinical studies and consumer surveys because "disclosure of these documents could benefit Defendant's competitors and reduce any business advantage that Defendant currently possesses").

There is no legitimate reason to make public such commercially sensitive information.  Courts have consistently found that the concern of releasing trade secrets or other commercially sensitive information outweighs the public's interest in disclosure.  *See Kamakana*, 447 F.3d at 1179.  Here, the risk of Amazon's competitors using this commercially sensitive information to their own advantage significantly outweighs the limited public interest in public disclosure of these few discrete pieces of information.  Furthermore, there is no less restrictive alternative than Amazon's proposed redactions.  *See* LCR 5(g)(3); *Nixon*, 435 U.S. at 598.  For these reasons, the information identified in the Appendix should be permanently sealed and attached as exhibits to the Flahive Wu Declaration.

**B.    Irrelevant and Private Information Should Be Sealed.**

The Court also should order permanent sealing of two categories of irrelevant and highly sensitive information contained in the attachments to the FTC's motion to desequester: (1) photos and names of private non-parties who participated in Amazon user studies; and (2) information regarding non-public FTC investigations.

With respect to the first category, photos and names of private parties who participated in Amazon user studies have no bearing whatsoever on the claims at issue in this case and there is no basis to publicly file that information.[2]  Courts have repeatedly held that this kind of private, individualized information should be protected from public disclosure, and this Court should do the same.  *See, e.g.*, *Allstate Ins. Co. v. Shah*, 2023 WL 2307826, at *2 (D. Nev. Feb. 28, 2023) (granting motion to permanently seal exhibits containing individual patient names and information regarding patient care, as well as "sensitive financial information").

---

[2] On July 14, 2023, the FTC stipulated to sealing both the names and photographs in Attachment 28.  Flahive Wu Decl. ¶ 5.

MOTION TO SEAL
(2:23-cv-0932-JHC) - 5

As to the second category, the FTC has already conceded that information regarding non-public investigations should be permanently sealed, having informed the Court that "pursuant to longstanding Commission policy, the FTC may only disclose investigations pursuant to certain limited exceptions likely inapplicable here." ECF No. 2 at 6.[3] Just as the FTC seeks "[m]inor redactions" of documents to maintain the confidentiality of these non-public investigations, Amazon likewise requests that limited portions of letters from Amazon's outside counsel that are attached to the FTC's motion to desequester be permanently sealed.[4] *See* Appendix at 2–3; Flahive Wu Decl. at Exs. C, D, F, & G.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Amazon's motion to seal Amazon's highly confidential and commercially sensitive information and information that is both private and irrelevant to the FTC's claims.

DATED this 17th day of July, 2023.

I certify that this memorandum contains 1,797 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
          jimhoward@dwt.com

---

[3] *See Policy Concerning Disclosures of Nonmerger Competition and Consumer Protection Investigations*, 63 Fed. Reg. 63477 (Nov. 13, 1998); 15 USC 57b-2; 15 USC 18a(h); 16 CFR 4.10.
[4] On July 17, 2023, the FTC stipulated to sealing the portions of Attachments 1, 2, 10, and 11 which Amazon had identified as containing references to other non-public investigations.  Flahive Wu Decl. ¶ 5.

MOTION TO SEAL
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
      lflahivewu@cov.com
      lkim@cov.com
      jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA  94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA  94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
      mkaba@hueston.com
      jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendant
AMAZON.COM, INC.

MOTION TO SEAL
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax