The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | No. 2:23-cv-0932-JHC<br><br>**AMAZON.COM, INC.'S MOTION TO STRIKE IMPROPER COMPLAINT ALLEGATIONS**<br><br>**NOTE ON MOTION CALENDAR: August 4, 2023** |

## I.   INTRODUCTION

When a complaint contains allegations that are "far afield" from the "conduct and claims at issue," those allegations should be struck. *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 963 (N.D. Cal. 2019). That is the situation here. The claims at issue in this case concern the sign-up and cancellation processes for Amazon Prime. ECF No. 1 at ¶¶ 249–66. Amazon looks forward to refuting the allegations supporting those claims during the course of this litigation.

This motion, however, addresses the parts of the FTC's complaint that have nothing to do with the case. For example, the FTC devotes nearly eight pages of its Complaint to extraneous issues that purportedly arose during the FTC's investigation. The FTC accuses Amazon of delaying that investigation, mischaracterizes the parties' negotiations over document requests, and criticizes Amazon for asserting privilege over attorney-client communications. *Id.* at ¶¶ 221–41. The FTC also makes conclusory and immaterial allegations regarding non-Prime programs. *Id.* at ¶¶ 218–20. These allegations have nothing to do with the FTC's claims or requested relief and appear to have been added "solely to prejudice [Amazon] by painting it as a

MOTION TO STRIKE
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

bad actor." *Beasley*, 400 F. Supp. 3d at 963.  Accordingly, the Court should strike these allegations under Federal Rule of Civil Rule 12(f), which exists to prevent parties from including "immaterial, impertinent, or scandalous" information in the pleadings—exactly what the FTC has done here.

Specifically, Amazon moves to strike ¶¶ 218–41 of the Complaint, including the headers accompanying these paragraphs.

## II.     BACKGROUND

The FTC filed its Complaint on June 21, 2023. ECF No. 1.  The Complaint asserts three causes of action for violations of the Restore Online Shoppers' Confidence Act ("ROSCA") and one cause of action for violation of Section 5 of the FTC Act.  *See* Compl. at ¶¶ 249–66.  Each cause of action relates exclusively to the sign-up and cancellation processes for Amazon Prime.

The Complaint contains two categories of "immaterial, impertinent, or scandalous" allegations that should be struck under Rule 12(f).  *First*, although the FTC's causes of action concern only Amazon Prime, the Complaint contains three paragraphs regarding other Amazon subscription programs, including Audible, Kindle Unlimited, Amazon Music Unlimited, and Subscribe & Save.  Compl. at ¶¶ 218–20.  These programs are wholly unrelated to Prime; they offer goods and services ranging from audiobooks to discounts for recurring purchases but do not relate to Prime benefits.  Those conclusory paragraphs contain no substantive allegations and do not identify any specific design element—much less one that the FTC alleges violates a law.

*Second*, the Complaint contains nearly eight pages of allegations detailing perceived issues from the pre-suit investigation that the FTC (1) never sought to remedy during the investigation and (2) do not pertain to any of the claims or requests for relief in this case. For example:

- The FTC faults Amazon for exercising its right to file a Petition to Quash certain Civil Investigative Demands ("CIDs") and accuses Amazon of not identifying relevant custodians and withholding documents during the investigation.  Compl. at ¶¶ 225–41.  These allegations are demonstrably false: Amazon worked

MOTION TO STRIKE
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

cooperatively with FTC staff during the entirety of the investigation—ultimately making numerous productions comprising tens of thousands of pages—and reasonably exercised its right to file a petition to quash when the FTC imposed impossible deadlines for complying with abrupt demands for an immense volume of information.  In any event, these accusations have nothing to do with the FTC's claims in this case.

- The FTC alleges that Amazon mislabeled documents as privileged to prevent their disclosure.  *Id*. at ¶¶ 221–24.  These allegations are also demonstrably false: Amazon conducted a diligent review of the documents it produced and asserted its privileges through multiple detailed privilege logs without issue.  But again, these inflammatory and irrelevant allegations have no bearing on the claims alleged in the Complaint.

These allegations have no bearing on any contested issues in the case, and as a result Amazon will never have an opportunity to refute or disprove them.  Instead, these irrelevant attacks on Amazon's other subscription services, its response to a government investigation, and its reputation generally will remain an unchallenged part of a public legal accusation: an injury that Rule 12(f) aims to prevent.  These meritless allegations serve no purpose other than to smear Amazon, prejudice the trier of fact, and thereby slant this case against Amazon through allegations that have no bearing on whether its Prime service violated the law.

### III.   ARGUMENT

Under Rule 12(f), courts may strike complaint allegations that are "immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).  Courts routinely invoke this rule to strike "factual allegations that have no connection to plaintiff's causes of action," *Pierre v. Nicoll*, 2013 WL 5402088, at *4 (N.D. Cal. Sept. 25, 2013), but instead are designed "solely to prejudice [the defendant] by painting it as a bad actor," *Beasley*, 400 F. Supp. 3d at 963.

Allegations are "immaterial" when they have "no essential or important relationship to the claim for relief" and are "impertinent" when they "consist[] of statements that do not pertain,

MOTION TO STRIKE
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "Scandalous matter improperly casts a derogatory light on someone." *Beasley*, 400 F. Supp. 3d at 962 (internal quotation omitted). Here, the Complaint contains irrelevant and highly prejudicial allegations that satisfy all three of these elements and therefore should be stricken under Rule 12(f). In particular, Amazon seeks to strike: (1) allegations related to subscription programs other than Amazon Prime; and (2) allegations related to the FTC's investigation, including Amazon's handling of potentially privileged documents and disputes regarding discovery and other procedural matters.

### A. Improper Allegations Related to Non-Prime Subscription Programs Should Be Stricken.

The Complaint contains a few isolated references to Amazon's other subscription services and gratuitous, conclusory comments about their respective design elements. Compl. at ¶¶ 218–20. But those other subscription services are not at issue in this case—the Complaint does not contain *any* claims relating to those services and there are no corresponding substantive allegations or requests for relief. Put simply, the stray references to Amazon's other subscription programs are completely unmoored from the rest of the Complaint, and serve no purpose. There is no basis for including these programs in the Complaint and should be stricken. *See, e.g.*, *Cooksey v. Ocean*, 2017 WL 11631497, at *2 (C.D. Cal. Apr. 26, 2017) (striking various claims because they were unrelated to Plaintiff's cause of action for libel); *SST Sterling Swiss Trust 1987 AG v. New Line Cinema Corp.*, 2005 WL 6141290, *5 (C.D. Cal. Oct. 31, 2005) (striking allegations because they were irrelevant and because they were likely to "cast a cruelly derogatory light" on defendants).

The FTC's conclusory allegations regarding other Amazon subscription services are irrelevant to their claims regarding the Prime program, and their inclusion serves only to prejudice Amazon and cast the company as a whole in a derogatory light. *See Beasley*, 400 F. Supp. 3d at 963 (striking allegations designed "solely to prejudice [the defendant] by painting it as a bad actor"); *Mireskandari v. Daily Mail & General Trust PLC*, 2013 WL 12129642, at *5

MOTION TO STRIKE
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(C.D. Cal. July 31, 2013) ("Because plaintiff does not allege a cause of action based on this purported conduct, the allegations are immaterial and impertinent."). Amazon thus respectfully requests that these immaterial and prejudicial allegations be stricken.

### B. Improper Allegations Related to Irrelevant Investigation Conduct Should Be Stricken.

The Complaint includes extended passages focusing exclusively on irrelevant issues that arose during the investigation that preceded this lawsuit. For example, the Complaint includes multiple paragraphs related to Amazon's treatment of privileged documents (Compl. ¶¶ 221–24), as well as allegations regarding the FTC's relationship with Amazon's external counsel during the course of the FTC investigation (*id.* at ¶¶ 225–241). These allegations are false, meritless, and have nothing to do with the FTC's claims in this lawsuit—which is about Amazon Prime's sign-up and cancellation processes.

None of the substantive claims or requests for relief are impacted by the FTC's spurious allegations, and the Court will not need to decide these questions that pertain to an already-concluded investigation. The allegations regarding those issues thus serve no purpose other than to attract attention and malign Amazon and its counsel, which is plainly an improper purpose. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (detailing several "improper purposes" for court filings, including "gratify[ing] private spite" and "promot[ing] public scandal"). Courts recognize that allegations like those included by the FTC—related to purportedly insufficient document productions or claims of attorney-client privilege—are legally irrelevant and, oftentimes, are purposefully used to raise an unfair specter of impropriety. *See, e.g.*, *Yue v. Chordiant Software, Inc.*, 2010 WL 11575579, at *4 (N.D. Cal. Apr. 22, 2010) (excluding "any presentation of evidence or line of questioning designed to show Defendant's assertion of the attorney-client privilege," as such evidence can "serve no relevant purpose" and could lead to the unduly prejudicial inference "that Defendant was improperly withholding evidence"); *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (concluding that "[t]he possibility that issues will be

MOTION TO STRIKE
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike") (internal quotation omitted).

Courts routinely strike similarly immaterial allegations. For example, in *Mireskandari*, the court struck allegations regarding alleged conduct that *preceded* the events at issue in the complaint, concluding that those allegations were "stale" and "too attenuated to be material or pertinent." *See* 2013 WL 12129642, at *5; *see also Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 1001–02 (N.D. Cal. 2020) (striking allegations concerning conduct that post-dated the events at issue as "immaterial and impertinent"); *Messer v. Portland Adventist Med. Ctr.*, 707 F. Supp. 449, 451 (D. Or. 1989) (striking allegations regarding "actions which occurred before or after" the events giving rise to the substantive claims at issue, which are "unrelated" and therefore "not relevant" to the claims). Similarly, in *Resh, Inc. v. Skimlite Manufacturing Inc.*, the court struck irrelevant allegations concerning "Plaintiff's extensive pre-suit negotiations with Defendants," concluding that those allegations were "immaterial surplusage" to Plaintiffs' substantive claims and requests for relief. *See* --- F. Supp. 3d ---, 2023 WL 2744423, at *6 (N.D. Cal. March 31, 2023). And in *Beasley*, the court struck "allegations of misconduct" that did not "relate to Coffee-mate, the only product at issue." 400 F. Supp. 3d at 963. This Court should do the same.

### IV. CONCLUSION

For the foregoing reasons, the Court should grant Amazon's motion to strike the impertinent and irrelevant allegations regarding Amazon's designation of privileged materials, historical events during the FTC's investigation, and programs other than Prime.

DATED this 17th day of July, 2023.

I certify that this memorandum contains 1,831 words, in compliance with the Local Civil Rules.

MOTION TO STRIKE
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

|   |   |
|---|---|
| 1 | DAVIS WRIGHT TREMAINE LLP |
| 2 | By s/ *Kenneth E. Payson* |
| 3 | Kenneth E. Payson, WSBA #26369<br>James Howard, WSBA #37259<br>920 Fifth Avenue, Suite 3300 |
| 4 | Seattle, WA  98104-1610<br>Telephone: (206) 622-3150 |
| 5 | Fax: (206) 757-7700<br>E-mail: kenpayson@dwt.com |
| 6 | jimhoward@dwt.com |
| 7 | COVINGTON & BURLING LLP |
| 8 | Stephen P. Anthony*<br>Laura Flahive Wu* |
| 9 | Laura M. Kim*<br>John D. Graubert* |
| 10 | 850 Tenth Street, NW<br>Washington, DC  20001 |
| 11 | Telephone: (206) 662-5105<br>E-mail: santhony@cov.com |
| 12 | lflahivewu@cov.com<br>lkim@cov.com |
| 13 | jgraubert@cov.com |
| 14 | John E. Hall*<br>415 Mission Street, Suite 5400 |
| 15 | San Francisco, CA  94105<br>Telephone: (415) 591-6855 |
| 16 | E-mail: jhall@cov.com |
| 17 | Megan L. Rodgers*<br>3000 El Camino Real |
| 18 | Palo Alto, CA  94306<br>Telephone: (650) 632-4734 |
| 19 | E-mail: mrodgers@cov.com |
| 20 | HUESTON HENNIGAN LLP |
| 21 | John C. Hueston*<br>Moez M. Kaba* |
| 22 | Joseph A. Reiter*<br>523 West 6th Street, Suite 400 |
| 23 | Los Angeles, CA  90014<br>Telephone: (213) 788-4340 |
| 24 | E-mail: jhueston@hueston.com<br>mkaba@hueston.com |
| 25 | jreiter@hueston.com |
| 26 | **admitted pro hac vice* |
| 27 | Attorneys for Defendant<br>AMAZON.COM, INC. |

MOTION TO STRIKE
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
Law Offices
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax