The Honorable John H. Chun

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

FEDERAL TRADE COMMISSION,

10

                   Plaintiff,

11

     v.

12

AMAZON.COM, INC.,

13

                  Defendant.

No. 2:23-cv-0932-JHC

**AMAZON.COM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DESEQUESTER DOCUMENTS CLAWED BACK BY DEFENDANT**

**RENOTED ON MOTION CALENDAR:  August 4, 2023**

**ORAL ARGUMENT REQUESTED**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ......................................................................................................... 1

II.    BACKGROUND ............................................................................................................ 2

III.   ARGUMENT ................................................................................................................. 6

       A.     The FTC's Motion Should Be Denied Because It Is Procedurally
              Improper........................................................................................................... 7

       B.     The Material Identified by the FTC Is Privileged.............................................. 10

              1.     The Material Is Privileged. ...................................................................... 10

              2.     Amazon Did Not Waive Privilege over This Material. ........................... 13

              3.     *In Camera* Review Is Not Warranted. ..................................................... 16

IV.    CONCLUSION............................................................................................................ 17

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - ii
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*AdTrader, Inc. v. Google LLC*,
5
    405 F. Supp. 3d 862 (N.D. Cal. 2019) ...............................................................14

6
*Barton v. Delfgauw*,
    2022 WL 18108404 (W.D. Wash. Jan. 5, 2022)...............................................10
7

8
*Cal. Inst. of Tech. v. Broadcom Ltd.*,
    2018 WL 1468371 (C.D. Cal. Mar. 19, 2018) .........................................................15
9

*Callan v. Christian Audigier, Inc.*,
10
    263 F.R.D. 564 (C.D. Cal. 2009) ...........................................................................9

11
*Chandola v. Seattle Hous. Auth.*,
    2014 WL 5023518 (W.D. Wash. Oct. 7, 2014) ...............................................12
12

13
*Datel Holdings Ltd. v. Microsoft Corp.*,
    2011 WL 866993 (N.D. Cal. Mar. 11, 2011)..............................................................15
14

15
*In re Grand Jury Investigation*,
    974 F.2d 1068 (9th Cir. 1992) ...............................................................................16
16

*High Point SARL v. Sprint Nextel Corp.*,
17
    280 F.R.D. 586 (D. Kan. 2012)...............................................................................9

18
*Matter of Horizon Corp.*,
    88 F.T.C. 208 (1976)...............................................................................................8
19

20
*Kandel v. Brother Int'l Corp.*,
    683 F. Supp. 2d 1076 (C.D. Cal. 2010) ...............................................................14

21
*Micromet AG v. Cell Therapeutics, Inc.*,
    2005 WL 8172238 (W.D. Wash. Dec. 13, 2005) ...................................................7
22

23
*New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*,
    2017 WL 4271330 (D.N.M. Sept. 25, 2017) .........................................................9
24

25
*Ngethpharat v. State Farm Mut. Ins. Co.*,
    2021 WL 2413280 (W.D. Wash. June 14, 2021)...................................................10

26
*Pure Fishing, Inc. v. Redwing Tackle, Ltd.*,
    2012 WL 1133384 (W.D. Wash. Apr. 4, 2012)......................................................9
27

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - iii
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*,
    745 F.3d 343 (9th Cir. 2014) .................................................................................16

*Shufeldt v. Baker Donelson Berman Caldwell & Berkowitz, P.C.*,
    2022 WL 80470 (S.D. Cal. Jan. 7, 2022) ...............................................................9

*In the Matter of Subpoena Duces Tecum Addressed to Atl. Richfield Co.*,
    1978 WL 434436 (F.T.C. 1978) .............................................................................8

*Transamerica Computer Co. v. Int'l Bus. Machines Corp.*,
    573 F.2d 646 (9th Cir. 1978) .........................................................................13, 15

*United States v. ChevronTexaco Corp.*,
    241 F. Supp. 2d 1065 (N.D. Cal. 2002) ...............................................................12

*United States v. Witmer*,
    835 F.Supp. 208 (M.D. Pa. 1993) ..........................................................................8

*Valentin v. Bank of New York Mellon Corp.*,
    2011 WL 1466122 (S.D.N.Y. Apr. 14, 2011)................................................12, 14

## Federal Rules

Federal Rule of Evidence 502(b) ......................................................................................14

Federal Rule of Civil Procedure 26(f) ...............................................................................8

Federal Rule of Civil Procedure 30 ...................................................................................9

Federal Rule of Civil Procedure 37 ...................................................................................9

## Federal Regulations

16 C.F.R. § 2.11 (d)(1)(i) ................................................................................................14

16 C.F.R. § 2.13(a)............................................................................................................7

## State Rules

D.C. R. Prof. Conduct 4.4, cmt. 1 ....................................................................................4

## Other Authorities

W.D. Wash L.R. 37(a)(1)...................................................................................................9

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - iv
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

## I.    INTRODUCTION

2    The Federal Trade Commission asks this Court to "desequester" Amazon's privileged

3 documents, invalidate legitimate privilege claims that Amazon made during the FTC's

4 investigation, and allow the FTC to use those documents against Amazon in this litigation.  The

5 FTC makes this extraordinary request with no legitimate justification, before discovery has

6 started, and without first meeting and conferring on the issue.  The motion should be denied.

7    The FTC's basis for this motion is its allegation of "repeated misuse" by Amazon of

8 privileged and confidential claims.  Mot. at 14.  But this allegation is unsupported by the record.

9 For two years, Amazon cooperated in good faith with an ever-expanding FTC investigation by,

10 among other things, diligently reviewing more than one million documents and producing tens of

11 thousands of them—including documents that Amazon initially considered to be privileged but

12 after further review concluded otherwise.  By contrast, the FTC repeatedly engaged in improper

13 conduct, including countless flagrant attempts to invade the attorney-client privilege.  Among

14 other things, the FTC invited unrepresented witnesses to reveal privileged information, refused to

15 allow Amazon's in-house attorneys to be present for testimony by Amazon employees thereby

16 denying those attorneys any input about whether Amazon business documents were privileged,

17 and retrieved and attempted to use documents inadvertently produced in other investigations

18 knowing that Amazon had claimed privilege over them in the Prime investigation.

19    As is to be expected during the course of a two-year government investigation involving

20 the review of more than one million documents, Amazon inadvertently produced to the FTC a

21 relatively small number of documents that it later determined are protected by the attorney-client

22 privilege.[1]  Amazon acted diligently to claw back those documents and provide the FTC with

23 information substantiating each privilege claim.  The FTC did not dispute those privilege claims

24 until 12 days before it filed its lawsuit, even though Amazon made some of the claims more than

25 five months earlier.  Rather than give Amazon a meaningful chance to respond to the FTC's

26 challenge, the FTC sued Amazon and filed this motion to "desequester."

27

---

[1] Some of the documents at issue in the motion had been inadvertently produced in other investigations.

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 1
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   The motion should be denied for two independent reasons.  First, it is procedurally

2   improper—there is no active discovery dispute in *this litigation*, and certainly none for which the

3   FTC satisfied its meet-and-confer requirement.  Second, the materials at issue are in fact

4   privileged.

5   **II.    BACKGROUND**

6   On March 16, 2021, the FTC issued a civil investigative demand ("March 2021 CID")

7   regarding Amazon Prime's enrollment and cancellation flows.  *See* Declaration of Laura Flahive

8   Wu ("Flahive Wu Decl.") ¶ 2, Ex. 1 at 5.  The March 2021 CID's requests were broad and

9   encompassed significant volumes of internal Amazon documents, including privileged materials.

10  *Id.*  From the outset, Amazon cooperated with the FTC's investigation and reached agreements

11  on the production of documents.  *Id.* at 6.  Over the next 12 months, Amazon negotiated search

12  parameters, reviewed documents, answered FTC questions, and made 10 document productions

13  comprising about 37,000 pages of material.  *Id.*  Amazon also actively followed up with the FTC.

14  *Id.*

15  In April 2022, however, the course of the investigation changed.  Citing "tremendous

16  pressure" to conclude the investigation quickly, *see id.* at 7, FTC staff began issuing

17  unreasonable demands and timelines that made complying with the investigation—including the

18  review of potentially privileged materials—rushed and challenging.  Around this time, the FTC

19  requested that within *three weeks*, and in addition to its other obligations under the March 2021

20  CID, Amazon produce a significant amount of additional responsive non-privileged documents

21  to the FTC.  Responding to this request required Amazon to:  (1) add at least nine new

22  custodians (requiring additional document collections), (2) run dozens of new search terms

23  across documents kept by these new custodians and previously identified custodians, (3) conduct

24  a responsiveness review encompassing all documents that hit on those search terms, (4) conduct

25  a privilege review encompassing all responsive documents, and (5) produce all responsive, non-

26  privileged documents to the FTC.  *Id.* at 6-7.  This absurdly short deadline did not afford

27

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 2
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    Amazon the time needed to responsibly collect and review documents from these new custodians

2    to identify and protect its privileged material.

3         As it had throughout the investigation, Amazon tried to work with the FTC.  Amazon

4    explained that it could not turn over documents by the FTC's deadline because Amazon needed

5    to review them for privilege first—a standard practice in both investigations and litigation that

6    takes time.  *See* Ltr. from J. Graubert (June 27, 2022), Attachment 3 to Rottner Decl., ECF No.

7    4-1.  Amazon also arranged for the FTC to meet with Amazon employees, and began reviewing

8    and producing additional documents in an effort to meet the FTC's demands, if not its desired

9    timeline.  Flahive Wu Decl. ¶ 2, Ex. 1 at 7.

10        The FTC acknowledged the concerns posed by its time constraints.  Instead of accepting

11   a more reasonable schedule, the FTC suggested that Amazon could bypass a full privilege review

12   of all the documents and instead produce them subject to a clawback agreement.  The FTC then

13   exponentially increased its demands.  On June 30, 2022, it issued a second CID ("June 2022

14   CID") that gave Amazon one month—until August 1, 2022—to comply.  *Id.* at 8-9.  The June

15   2022 CID expanded the investigation to cover a number of additional Amazon subscription

16   programs that had not previously been part of the investigation and added new and broad

17   interrogatories and document requests, which in turn significantly increased the burden of

18   Amazon's ongoing privilege review.  *Id.* at 8.

19        Over the next few days, the FTC further compromised Amazon's ability to protect its

20   privileged material by serving individual CIDs on numerous current and former Amazon

21   employees (at their homes) and calling certain witnesses to discuss the investigation—without

22   first attempting to find out whether they were represented by Amazon's counsel or even alerting

23   Amazon's counsel.  This jeopardized Amazon's privilege by demanding the disclosure of

24   potentially privileged information to the FTC without giving Amazon's counsel the chance to

25   protect that privilege.  Despite Amazon's repeated requests, the FTC refused to provide

26   Amazon's outside counsel with copies of the individual CIDs for almost three weeks, Flahive

27   Wu Decl. ¶ 2, Ex. 1, Statement of Counsel at 2-4, and refused to identify all of the current and

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 3
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

former Amazon employees to whom the FTC issued individual CIDs.  This failure prevented

Amazon from contacting certain former employees prior to their investigational hearings ("IHs")

to ensure the protection of privileged materials.

Demonstrating that Amazon's concern was well-founded, Amazon learned, on June 21,

2023, through the filing of this motion that the FTC put questions to unrepresented former

Amazon employees specifically designed to invade the attorney-client privilege.[2]  Indeed, in one

instance the FTC asked an unrepresented witness to reveal to the FTC the legal advice that

Amazon in-house counsel had provided to the witness.  *See* Mascio Tr. 47:12-48:12 (FTC

questioning whether witness was "provided with factors in evaluating whether something was to

be marked privileged and confidential" by Amazon's counsel), Attachment 25 to Rottner Decl.,

ECF No. 4-1.  Far from being an isolated incident, there appears to have been a concerted effort

by the FTC to elicit from witnesses improper disclosures of what the FTC knew to be Amazon's

privileged information, despite its ethical obligations to scrupulously avoid doing so.  *See also*

D.C. R. Prof. Conduct 4.4, cmt. 1; Flahive Wu Decl. ¶ 3, Ex. 2 at 2.  As yet another example,

after learning that a specific meeting with Amazon lawyers was privileged, the FTC searched for

documents about this meeting that were logged as privileged in the Prime investigation, but

which had been inadvertently produced in *other* FTC investigations.[3]  Rather than responsibly

and forthrightly dispute privilege claims with which it disagreed, the FTC adopted an ambush

strategy, even going so far as to question an Amazon witness with documents it knew to be

subject to privilege claims.  *See* Flahive Wu Decl. ¶ 4, Ex. 3 at 232:10-20; Ghani Jan. 11, 2023

Tr. 280:15-281:17, Attachment 15 to Rottner Decl., ECF No. 4-1.

This pervasive disregard for the attorney-client privilege also included repeated efforts by

the FTC to prevent witnesses from selecting their own counsel.  Using tactics that not only raised

significant ethical concerns but also inhibited Amazon from protecting its privileged information,

---

[2] Amazon learned that certain additional IHs occurred only upon reviewing this motion and did not receive the transcripts of those IHs until July 5, 2023.

[3] It is understandable that counsel in other investigations, also involving voluminous document productions and separate privilege issues, would not be privy to the privilege issues in the Prime investigation.

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 4
4869-1632-6002v.4 0051461-005818

the FTC tried to prevent Amazon's outside counsel Covington from representing individual current and former Amazon employees.  Flahive Wu Decl. ¶ 2, Ex. 1 at 11, 13.  For example, the FTC demanded that Covington sign a non-disclosure agreement that would prevent it from disclosing to Amazon information learned during the individuals' testimony (a demand that the FTC conceded might be unethical).  *Id.* at 14.  The FTC also later asserted that should Covington refuse to comply with its demands, it would expel Covington attorneys from the IHs for trespassing on government property.  *Id.* at 15.  The FTC followed through on this threat on August 4, 2022, when the FTC directed that Covington attorneys leave an IH when they would not accept improper and unethical limitations on their ability to represent their client.  *Id.* at 11.  Contrary to past FTC practice, the FTC also refused to allow Amazon company counsel to be present during individual IHs, further inhibiting Amazon's ability to protect its privileged information.  *Id.* at 13.

After Amazon filed a petition to quash challenging the FTC's conduct and the June 2022 CID, the Commission unequivocally held that witnesses have the right to counsel of their choosing, even if that counsel represents other parties or witnesses.  Flahive Wu Decl. ¶ 5, Ex. 4 at 8-9.  Following that decision, the FTC conducted more than 30 IHs between October 2022 and January 2023.

During and after certain of those IHs, Covington clawed back inadvertently produced privileged documents—the documents at issue in the motion.  Ltr. from L. Kim to J. Cohen (Feb. 7, 2023), Attachment 8 to Rottner Decl., ECF No. 4-1.  The FTC stated unequivocally during IHs that any inadvertently produced privileged materials could be clawed back without any privilege waiver, which is a standard practice.  *See* Flahive Wu Decl. ¶ 6, Ex. 5 at 23:19-20 (FTC counsel Jonathan Cohen stating "absolutely, positively no waiver by virtue of the use of the document here").  And in reliance on the FTC's representation, Covington allowed IH testimony to continue.

Following the conclusion of the final IH in January 2023, Amazon asked to meet with the FTC and discuss outstanding issues, which would have included the privilege clawbacks.  But

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 5
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the FTC repeatedly refused or failed to follow through on meeting with Amazon.  For example, during a conversation on February 21, the FTC indicated that it would follow up on privilege issues but never did.  *Id.* ¶ 7, Ex. 6 at 33:16-21, 34:16-20.  Then, after agreeing to a meeting, the FTC decided "to take the meeting off the calendar for now."  *Id.* ¶ 8, Ex. 7.  Finally, on June 9, just 12 days before filing this motion and underlying lawsuit, the FTC wrote to Amazon taking issue with privilege claims that Amazon had raised several months earlier without specifying the claims it was challenging and stating that it was not requesting a meeting at that time.  *See* Flahive Wu Decl. ¶ 11.

Rather than waiting for a response, and after months of refusing to meaningfully engage with Amazon, on June 21 the FTC filed this lawsuit.  The FTC filed this motion to "desequester" on the same day.  The FTC did not attempt to meet and confer with Amazon before either filing.

The FTC's disregard for Amazon's privilege has continued.  Most recently, on July 5, 2023, weeks after filing this lawsuit and the instant motion, the FTC disclosed to Amazon for the first time that it had sequestered 55 documents it received from third parties (likely former Amazon employees) as potentially privileged.  *Id.* ¶ 9, Ex. 8.  The FTC offered no explanation for why it took almost *a full year* to alert Amazon to these potentially privileged documents.  Even worse, this most recent revelation raises questions of whether the FTC relied upon these potentially privileged documents in taking legal action against Amazon.

The Court must deny the motion to protect both Amazon's privilege and the process by which privileges can be legitimately challenged in civil litigation.

## III.     ARGUMENT

The FTC's unprecedented motion—styled as a motion to "desequester"[4]—asks the Court to deny Amazon's claim of privilege over 54 documents that were withheld or redacted during the FTC's investigation.  The FTC makes this request without first meeting and conferring and before discovery is even open in this litigation.  The motion is both procedurally improper and

---

[4] Amazon's counsel has identified no other example of a similar motion to "desequester" in state or federal court.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

unsupported by the facts.  There is no need for *in camera* review, but even if there were, it would confirm the privileged nature of these materials.  The Court should deny the motion.

**A.     The FTC's Motion Should Be Denied Because It Is Procedurally Improper.**

The Court need not reach the question of whether the 54 documents are privileged. Instead, the Court can and should deny the motion because it is an improper attempt to enforce a document request from an agency investigation in a legal action in which no discovery is pending.  Because there is no active discovery dispute in *this litigation*, and certainly none for which the meet-and-confer process has been satisfied, there is nothing for the Court to decide. The motion is thus premature and should be denied.  *See Micromet AG v. Cell Therapeutics, Inc.*, No. CV04-0290RSM, 2005 WL 8172238, at *1 (W.D. Wash. Dec. 13, 2005) (dismissing motion to compel discovery as premature because parties had not certified completion of discovery in the litigation).

Through the motion, the FTC attempts to enforce its own investigative process rather than any legal obligation imposed by the Federal Rules of Civil Procedure or this Court.  During its investigation, the FTC had several means to enforce its CID requests.  It could have met and conferred with Amazon—which it refused to do—and, if unsatisfied, could have moved to compel production of the documents (necessarily including a review of Amazon's privilege determinations) by filing a petition in federal district court.  *See* 16 C.F.R. § 2.13(a).

The FTC had months to use that process but chose not to.  On February 21, 2023, the FTC indicated that it would follow up with Amazon about a proposal on how to handle outstanding privilege issues.  Flahive Wu Decl. ¶ 7, Ex. 6 at 33:16-21, 34:16-20.  It never did, despite Amazon's repeated attempts to schedule a meeting.  Instead, on June 9, 2023, the FTC wrote and took issue with privilege claims that Amazon had raised several months earlier without identifying any particular claims or suggesting any specific relief.  It even specifically disclaimed any desire to meet with Amazon.  Flahive Wu Decl. ¶ 11.  Rather than waiting for a response, twelve days later, the FTC abruptly ended the investigation by filing the instant lawsuit and motion to "desequester."

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 7
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1       The time for the FTC to seek relief relating to its CID has now passed.  By filing suit, the

2  FTC forfeited its ability to challenge its right to documents produced pursuant to its now-

3  concluded investigation.  Both the courts and the FTC itself recognize that it is improper to allow

4  the FTC to use its compulsory CID power to circumvent the discovery process in an existing

5  litigation.  *See, e.g.*, *United States v. Witmer*, 835 F.Supp. 208, 217, 219 (M.D. Pa. 1993), *aff'd*,

6  30 F.3d 1489 (3d Cir. 1994) ("[U]sing [] CIDs for a purpose other than to determine if there is

7  sufficient evidence to file suit would be improper."); *Matter of Horizon Corp.*, 88 F.T.C. 208

8  (1976) ("Of course, investigational subpoenas should not be used to circumvent safeguards

9  designed to ensure fair and expeditious trials."); *cf. In the Matter of Subpoena Duces Tecum*

10  *Addressed to Atl. Richfield Co.*, No. 741-0019, 1978 WL 434436, at *19 n.67 (F.T.C. 1978)

11  ("Commission's rules do not authorize the staff to exercise investigatory powers . . . for the

12  purpose of aiding complaint counsel in a pending adjudicative proceeding[.]").

13       Now that the FTC has initiated a federal lawsuit, its investigatory powers give way to the

14  authority of this Court vis-à-vis the Federal Rules of Civil Procedure.  Those rules, not the

15  compulsory power of a government agency, govern the parties' entitlements to documents.  In

16  order for a discovery dispute to be ripe in this lawsuit, there must be a dispute regarding

17  discovery requests issued in this litigation and the meet-and-confer process must be satisfied.

18  Neither condition is present.

19       Discovery in this litigation has not begun and cannot yet begin.  The Court has only

20  recently entered a scheduling order.  The parties have yet to hold a Rule 26(f) conference.

21  Discovery requests have not been served.  Indeed, the FTC agrees that "[d]iscovery has not yet

22  opened."  Flahive Wu Decl. ¶ 10, Ex. 9.  Nor have the parties entered into a protective order

23  which will, among other things, address how to handle privileged material in civil litigation.

24  Unlike the cases the FTC cites in its motion—where the moving party sought to enforce a court-

25  ordered protective order or compel compliance with the discovery obligations in Rules 26, 30,

26

27

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 8
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and 37[5]—the FTC does not identify any authority supporting the sort of extrajudicial subpoena enforcement contemplated by the motion.

Nor could it.  Contrary to the FTC's extraordinary request, federal courts recognize that they do not have the authority to resolve disputes that arose in proceedings not before them.  In fact, "nothing in the Rules even hints" that courts have "the power to quash or enforce [subpoenas]" issued in other forums.  *Pure Fishing, Inc. v. Redwing Tackle, Ltd.*, 2012 WL 1133384, at *2 (W.D. Wash. Apr. 4, 2012); *see also, e.g.*, *Shufeldt v. Baker Donelson Berman Caldwell & Berkowitz, P.C.*, 2022 WL 80470, at *6 (S.D. Cal. Jan. 7, 2022) (declining "to rule on . . . potential destruction" of documents that occurred "at the end" of an action in the Middle District of Tennessee, because any "spoliation arguments must be addressed to the Middle District of Tennessee"); *High Point SARL v. Sprint Nextel Corp.*, 280 F.R.D. 586, 594 (D. Kan. 2012) ("The Court's authority over High Point's discovery devices is limited to those made *in this case* and does not extend to what discovery High Point may decide to seek in other litigation.").

Beyond that dispositive defect, the FTC's failure to meet and confer is also reason enough to dismiss the FTC's motion.  The FTC styles its filing as a motion to "desequester," but it is unquestionably a discovery motion to compel through which the FTC seeks access to Amazon's privileged documents to use in the litigation.  Under the Local Rules of this District, litigants filing motions to compel must confer with opposing counsel to try to resolve the underlying issues without the court's intervention.  *See* W.D. Wash. L.R. 37(a)(1).  If they fail to do so, the court may "deny the motion without addressing the merits of the dispute."  *Id.*

The FTC filed suit and this motion without any serious attempt to justify its disregard of the Court's rule requiring parties to meet and confer prior to a motion to compel.  In a separate filing, the FTC asked the Court to "waive" its meet-and-confer obligations because it would have

---

[5] *See, e.g.*, *Callan v. Christian Audigier, Inc.*, 263 F.R.D. 564, 566 (C.D. Cal. 2009) (considering "motion to compel compliance with paragraph 23 of the Protective Order"); *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 2017 WL 4271330, at *2 (D.N.M. Sept. 25, 2017) (resolving motion to "compel . . . brought pursuant to Rule 37 of the Federal Rules of Civil Procedure").

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 9
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    "reveal[ed] its then-nonpublic lawsuit" and "delayed filing" such that "thousands of consumers

2    [would fall] outside the limitations period."  ECF No. 2 n.2.  These irrelevant points, however,

3    fail to explain why the FTC could not have discussed these documents with Amazon during the

4    many months before the filing of this lawsuit.  There simply is no reason a meet and confer could

5    not have happened and FTC's failure to do so dooms the motion.  *See Ngethpharat v. State Farm*

6    *Mut. Ins. Co.*, 2021 WL 2413280, at *1 (W.D. Wash. June 14, 2021) ("'[T]he court may deny the

7    motion without addressing the merits' if there is no evidence of the parties meet and confer

8    compliance."); *Barton v. Delfgauw*, No. 3:21-CV-05610-JRC, 2022 WL 18108404, at *2 (W.D.

9    Wash. Jan. 5, 2022) (denying motion to compel when there was no good faith attempt to confer).

10       The FTC must instead follow the rules that govern civil discovery.  There is no discovery

11   pending in this litigation, and allowing the FTC to bypass the rules to enforce a CID through this

12   litigation is improper, violates Amazon's rights, and usurps the role of this Court.  In the coming

13   months, the parties will work together to determine the scope of discovery, which is not

14   coextensive with the scope of the CID.  The motion is improper and should be rejected.

15       **B.       The Material Identified by the FTC Is Privileged.**

16       For the reasons above, the Court can and should reject the motion on procedural grounds

17   alone.  However, the motion should be denied on its substance too.  The 54 documents at issue

18   are indeed privileged and Amazon has not waived that privilege.

19       **1.       The Material Is Privileged.**

20       The FTC makes sweeping allegations about Amazon's efforts to "shield 'sensitive'

21   documents from discovery."  Mot. at 2-5.  The record belies these allegations.[6]  Amazon

22   produced tens of thousands of documents under unwarranted time constraints in the course of the

23   _____

24   [6] The FTC's inflammatory "Background" section mischaracterizes testimony from lay witnesses about their
     understanding of the attorney-client privilege.  For instance, the FTC argues that it is "[n]otabl[e]" that an Amazon
     witness testified that attorneys did not always respond to his emails.  Mot. at 4.  But that same witness explained that
25   he included attorneys on communications when he believed that "counsel, in viewing the communication, [might]
     think[] that there is an issue relevant for them to offer advice[.]" Grandinetti Tr. 252:18-20, Attachment 32 to
26   Rottner Decl., ECF No. 4-1.  That practice is not only proper, but prudent.  Further, there is nothing wrong with non-
     lawyer employees deeming and marking documents as "privileged & confidential," even if those documents are
     later determined not to be privileged.  Because the FTC's allegations about Amazon's privilege claims are also
27   irrelevant to this case, Amazon has moved separately to strike them.  ECF No. 45.

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 10
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

FTC's investigation.  Thousands of the documents that Amazon produced were marked as "privileged & confidential" and/or included an attorney, which shows that Amazon overall conducted a critical and careful review of the documents it produced and only asserted privilege over documents that are, in fact, privileged.  This motion is limited to 54 of those documents—a small fraction of the total documents produced.  And even then, in many cases, the motion relates only to portions of those documents where Amazon redacted privileged information.  Indeed, the small number of disputed materials undermines the FTC's argument that Amazon has tried to shield communications from disclosure through specious privilege designations.

    As attested to more fully in the Declaration of Mark England ("England Decl."), the documents at issue are privileged because they pertain to meetings and workstreams for which Amazon counsel was providing legal advice or contain direct requests for or provision of legal advice from Amazon counsel.  *See* England Decl. ¶¶ 6-10.  The 54 documents at issue in the motion pertain to the following privileged meetings and workstreams:

- **May 6, 2021 Meeting**:  three of the documents pertain to legal advice prepared for or given during a May 6, 2021 meeting, the primary purpose of which was to discuss legal considerations involving the Prime sign-up and cancellation processes.  England Decl. ¶¶ 11-16.

- **July 14, 2021 Meeting**:  12 of the documents pertain to legal advice prepared for or given during a July 14, 2021 meeting, the purpose of which was to discuss additional legal considerations involving the Prime sign-up and cancellation processes.  England Decl.  ¶¶ 17-23.

- **Prime Headwinds**:  25 of the documents pertain to legal advice requested or given with respect to challenges facing Prime, which include regulatory scrutiny.  England Decl.  ¶¶ 24-34.  Many of these documents are redacted, not fully withheld.  *See id.*

- **Prime Growth Outlook and Other Strategy Documents**:  five of the documents are Prime strategy documents that contain limited redactions to protect legal

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 11
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

advice given by Amazon counsel regarding compliance with European regulators and decisions about the Prime enrollment and cancellation flows. England Decl. ¶¶ 35-41.

- **Preparation for Congressional Testimony**: seven of the documents reflect the legal advice provided by Amazon counsel in preparing an Amazon executive for Congressional testimony. England Decl. ¶¶ 42-44.

- **Advice Regarding Attorney-Client Privilege**: two of the documents contain limited redactions to protect legal advice received from Amazon counsel regarding the attorney-client privilege. England Decl. ¶¶ 45-47.

The fact that these 54 documents involved in-house counsel, or that in-house counsel can have both business and legal functions does not change their privileged nature. *See Chandola v. Seattle Hous. Auth.*, 2014 WL 5023518, at *2 (W.D. Wash. Oct. 7, 2014) (finding that when a communication "implicates [an attorney's] role as in-house counsel and requests [their] provision of legal advice" it is protected by the attorney-client privilege); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by the privilege.").

The motion takes issue with the "additional facts" that Amazon cited in support of some clawbacks. Mot. at 8. Yet there is nothing unusual about a party learning after production through, for example, witness testimony or conversations spurred by testimony, that a produced document is in fact privileged and clawing it back. *See, e.g.*, *Valentin v. Bank of New York Mellon Corp.*, 2011 WL 1466122 at *3 (S.D.N.Y. Apr. 14, 2011). That is what happened here. Through the course of additional conversations with witnesses (including some who are no longer with the company), witness testimony, and further discussions with its in-house lawyers, Amazon learned that certain previously produced documents were privileged because they involved Amazon lawyers being asked for and providing legal advice. *See, e.g.*, England Decl. ¶¶ 17-23 (facts establishing that July 14 memo is privileged). The "additional facts" learned

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 12
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    were that the documents contained requests for or provision of legal advice, nothing more.

2    There was nothing "strategic" about it —Amazon was merely protecting its privilege after

3    learning that produced documents had directly involved legal advice.

4         There is no basis to remove privilege protection from these 54 documents.  The motion

5    should be denied.

6              **2.      Amazon Did Not Waive Privilege over This Material.**

7         The FTC next argues that Amazon waived privilege over the 54 documents.  Mot. at 9-

8    14.  This argument is false and disingenuous.  As a threshold matter, as discussed above, the

9    motion challenges only 54 documents out of tens of thousands produced in an investigation with

10   unreasonably compressed deadlines.  This background is essential to evaluate any argument

11   about waiver.  *See Transamerica Computer Co. v. Int'l Bus. Machines Corp.*, 573 F.2d 646, 651

12   (9th Cir. 1978) (noting the importance of the scale and timeframe for production when analyzing

13   waiver).

14        Amazon conducted reasonable diligence in determining whether specific documents or

15   portions thereof were privileged, especially in light of the FTC's rushed timelines to review and

16   produce documents.  Declaration of John Graubert ("Graubert Decl.")  ¶¶ 4-10; *Transamerica*

17   *Computer Co.*, 573 F.2d at 651.  Indeed, the very fact that Amazon produced thousands of

18   documents despite their being labeled "privileged" or "P&C", or their containing a reference to

19   one of Amazon's in-house lawyers, shows that Amazon did not withhold documents on that

20   basis alone, but rather attempted to carefully consider the context of each document.  *See*

21   Graubert Decl. ¶ 10.  And despite arguing that Amazon uses "silent attorneys" to cloak

22   documents in privilege, Mot. at 4-5, the motion ignores that Amazon produced many documents

23   where attorneys were copied but were not asked for, nor provided, legal advice.  To the extent

24   that the FTC has copies of emails in which attorneys did not participate, that is because Amazon

25   produced them and *did not* assert privilege.  These basic facts demonstrate that Amazon

26   undertook a thoughtful review with the goal of producing all relevant documents except truly

27   privileged ones.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

A small subset of produced documents inadvertently contained unredacted privileged material.  As commonly occurs in complex legal proceedings, and especially after voluminous document demands on accelerated timeframes, Amazon clawed those documents back and served detailed privilege logs substantiating its claims.  The rules and the Commission's regulations recognize the possibility for inadvertent production and acknowledge that inadvertent production alone should not destroy a valid privilege claim.  *See* 16 C.F.R. § 2.11 (d)(1)(i); Fed. R. Evid. 502(b); *AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 866 (N.D. Cal. 2019).

In some instances, Amazon learned of the privileged nature of the material only after it had conducted its initial privilege review and production efforts.  *See, e.g.*, England Decl. ¶¶ 17-23.  The FTC does not argue that Amazon waived privilege over information it produced and *later* learned was privileged—nor could it.  *See, e.g.*, *Valentin*, 2011 WL 1466122 at *3 (finding no waiver when the producing party investigated a privilege issue that was not immediately obvious and required fact-gathering from witnesses); *Kandel v. Brother Int'l Corp.*, 683 F. Supp. 2d 1076, 1085-86 (C.D. Cal. 2010) (finding no waiver when litigant ran additional search terms after discovering inadvertent production).

When Amazon learned that it had inadvertently produced privileged materials, Amazon took immediate and diligent steps.  For example, when Amazon learned during an IH of an inadvertent production, Amazon stopped the testimony and informed the FTC that it was clawing back the document.  *See, e.g.*, Flahive Wu Decl. ¶ 6, Ex. 5 at 239:25-240:10 ("[W]e have some concerns about privilege including regarding exhibits 9 and 10 . . . I just want to be clear . . . that testimony about a document that we later withhold as privileged isn't going to constitute [a] waiver . . . or [otherwise] prejudice us . . . including . . . asserting privilege[.]").  The FTC agreed on the record there would be no prejudice to Amazon.  *Id.* at 240:17-21.  Amazon then followed up in writing shortly thereafter to confirm its oral requests during the IH. *See, e.g.*, Ltr. from L. Kim to J. Cohen (Jan. 13, 2023), Attachment 7 to Rottner Decl., ECF No. 4-1.  In addition, Amazon conducted reasonable searches for additional inadvertently disclosed material.  For example, after clawing back one document during the testimony of Amazon corporate

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 14
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

representative Lisa Leung, Amazon promptly conducted a reasonable search and identified a small number of additional inadvertently produced privileged documents based on its review. Ltr. from L. Kim to J. Cohen (Feb. 7, 2023), Attachment 8 to Rottner Decl., ECF No. 4-1. These efforts were reasonable and diligent under any definition. *See, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993, at *4-5 (N.D. Cal. Mar. 11, 2011) (objecting during a deposition is a reasonable step consistent with the diligent protection of privilege); *Cal. Inst. of Tech. v. Broadcom Ltd.*, 2018 WL 1468371, at *4 (C.D. Cal. Mar. 19, 2018) (finding no waiver when an objection was made at the deposition and the witness was only permitted to answer a follow-up question).

Contrary to Amazon's reasonable, good faith efforts to address privilege, the FTC attempted to subvert Amazon's claims of privilege. For instance, the FTC (1) looked for and located inadvertently produced versions of privileged documents in other investigations and attempted to use them in subsequent IHs, (2) refused to return documents used as IH exhibits despite being promptly informed that they had been inadvertently produced, and (3) refused to meet-and-confer about Amazon's privilege claims after accusing Amazon of having an insufficient privilege process. Ltr. from L. Kim to J. Cohen 1 (Jan. 13, 2023), Attachment 7 to Rottner Decl., ECF No. 4-1; Ltr. from L. Kim to J. Cohen 1 (Feb. 21, 2023), Attachment 9 to Rottner Decl., ECF No. 4-1; Flahive Wu Decl. ¶ 8, Ex. 7. Most egregiously, however, the FTC now argues that Amazon waived privilege by failing to object immediately to one document used during IH testimony. Mot. at 13. However, during IHs, the FTC agreed that it would not assert that the use of documents during testimony constituted a privilege waiver. *See* Flahive Wu Decl. ¶ 6, Ex. 5 at 240:18-21 ("We will not argue that the fact that you allowed the testimony to continue with respect to those documents means that you cannot claw them back[.]"). By now arguing that Amazon waived privilege over a document used in an IH, the FTC has gone back on its word.

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 15
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    Amazon acted diligently to protect its privilege over the 54 inadvertently produced

2    documents in a fast-moving, sprawling investigation.  It did not waive privilege.  *Transamerica*

3    *Computer Co.*, 573 F.2d at 651.  The motion's allegations of waiver should be rejected.

4                          **3.    *In Camera* Review Is Not Warranted.**

5    Finally, the FTC has made no showing that *in camera* review of the 54 documents at

6    issue is warranted.  To justify *in camera* review, the FTC must demonstrate a "factual basis

7    sufficient to support a reasonable, good faith belief" that review will find that the documents are

8    not privileged.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992).  The FTC

9    does not "easily clear[] this bar" as it asserts.  Mot. at 14 n.16.

10    The only assertions the FTC makes to support *in camera* review are that Amazon

11    "overuse[s]" the "privileged and confidential label and silent-attorney emails" and the allegedly

12    "bizarre circumstances surrounding" its clawbacks.  *Id.*  These broad allegations point to the

13    FTC's suspicion of Amazon's use of privilege.  But they hardly clear the bar to provide the facts

14    necessary to support a "reasonable, good faith belief" that the 54 documents or any portion

15    thereof are not privileged.  *See Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745

16    F.3d 343, 353 (9th Cir. 2014) (denying *in camera* review when basis was "little more than

17    unfounded suspicion").  Amazon has produced numerous other documents marked as "privileged

18    and confidential" and that were sent to so-called "silent attorneys."  In fact, part of what has

19    complicated Amazon's privilege review and clawback process has been Amazon's dedication to

20    produce these documents notwithstanding their "privileged and confidential" marking and

21    attorney involvement.

22    Moreover, Amazon has already explained above and in the attached declaration why

23    these 54 documents—a small fraction of the total documents produced, including many with a

24    "privileged and confidential" label—are in fact privileged.  If the Court were to conduct *in*

25    *camera* review, Amazon's privilege claims would still stand.  These documents were withheld

26    only when employees were seeking or giving legal advice, and, with respect to in-house lawyers,

27

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 16
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    only where they were giving legal, rather than business, advice.  *In camera* review is

2    unnecessary and should be rejected.

3                                    **IV.     CONCLUSION**

4             For the reasons stated above, the Court should deny the FTC's motion.

5             DATED this 24th day of July, 2023.

6             I certify that this memorandum contains 5,870 words, in compliance with the Local Civil

7    Rules.

8                                              DAVIS WRIGHT TREMAINE LLP

9                                              By s/ *Kenneth E. Payson*
                                                   Kenneth E. Payson, WSBA #26369
10                                                 James Howard, WSBA #37259
                                                   920 Fifth Avenue, Suite 3300
11                                                 Seattle, WA  98104-1610
                                                   Telephone: (206) 622-3150
12                                                 Fax: (206) 757-7700
                                                   E-mail: kenpayson@dwt.com
13                                                          jimhoward@dwt.com

14                                             COVINGTON & BURLING LLP

15                                                 Stephen P. Anthony*
                                                   Laura Flahive Wu*
16                                                 Laura M. Kim*
                                                   John D. Graubert*
17                                                 850 Tenth Street, NW
                                                   Washington, DC  20001
18                                                 Telephone: (206) 662-5105
                                                   E-mail: santhony@cov.com
19                                                          lflahivewu@cov.com
                                                            lkim@cov.com
20                                                          jgraubert@cov.com

21                                                 John E. Hall*
                                                   415 Mission Street, Suite 5400
22                                                 San Francisco, CA  94105
                                                   Telephone: (415) 591-6855
23                                                 E-mail: jhall@cov.com

24                                                 Megan L. Rodgers*
                                                   3000 El Camino Real
25                                                 Palo Alto, CA  94306
                                                   Telephone: (650) 632-4734
26                                                 E-mail: mrodgers@cov.com

27

AMAZON'S OPP'N TO MOT. TO DESEQUESTER
(2:23-cv-0932-JHC) - 17
4869-1632-6002v.4 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
          mkaba@hueston.com
          jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendant
AMAZON.COM, INC.