# Exhibit 2

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

November 3, 2022

**CONFIDENTIAL TREATMENT REQUESTED**

Jonathan Cohen
Division of Enforcement
Federal Trade Commission
600 Pennsylvania Ave., N.W., Suite CC-9528
Washington, D.C. 20580

Re:   FTC Matter No. 2123050

Dear Mr. Cohen:

We write to object to your improper conduct during investigational hearings in this matter, and in particular during the hearings of Neil Lindsay and Katey Muus. Amazon is committed to cooperating with the Commission's investigation, but we insist that you cease immediately the conduct described below.

***First***, you must stop threatening and attempting to intimidate witnesses, such as threatening to bring Ms. Muus before a judge to somehow challenge her testimony or to bring a lawsuit against Mr. Lindsay if he did not stop "obstructing" your inquest and testify "honestly" to your desired version of the facts. The Commission advises individuals to report "[c]onduct on the part of an FTC employee that may be a violation of law or regulation." Fed. Trade Comm'n, Reporting Fraud, Waste, Abuse, or Mismanagement, https://www.ftc.gov/office-inspector-general/reporting-fraud-waste-abuse-or-mismanagement (last accessed Oct. 31, 2022). The bars of both Maryland and the District of Columbia prohibit and have disciplined attorneys for the type of conduct in which you have engaged. *See, e.g.*, Md. R. 19-304.4 (forbidding use of "means that have no substantial purpose other than to embarrass, delay, or burden a third person"); D.C. R. Prof. Conduct. 8.4(g) (prohibiting "[s]eek[ing] or threaten[ing] to seek . . . disciplinary charges solely to obtain an advantage in a civil matter"); *In re Jason Lee van Dyke*, No. 19-BG-222 (D.C. App. June 6, 2019) (reciprocal suspension with Texas Bar when lawyer admitted to threatening witness with disciplinary or criminal action to gain advantage in civil matter). These abusive tactics serve no legitimate purpose. Instead, they appear intended to intimidate and coerce witnesses into providing testimony consistent with your preformed judgments — regardless of the truth.

Aside from the direct threats and intimidation, you have repeatedly asked questions that were vague, were compound, were argumentative, and/or lacked foundation. You then cast blame on Mr. Lindsay and Ms. Muus for their struggles in attempting to answer these poorly formulated questions. Moreover, rather than accept the witnesses' truthful testimony, you repeatedly tried to mischaracterize their answers and then badger the witnesses into agreeing with those mischaracterizations. At times, you even suggested — without any basis — that Mr. Lindsay was lying on the record. And you have threatened counsel with sanctions for making well-founded objections. Again, your tactics have nothing to do with eliciting the truth, which is the focus of any FTC investigational hearing.

Jonathan Cohen
November 3, 2022
Page 2

**Second**, you have repeatedly asked witnesses questions that are designed to elicit privileged information. You have asked these questions—including asking Ms. Muus to reveal the advice of Amazon counsel concerning the identification of privileged material—despite the Commission's explicit guidance that a "hearing official shall not require a witness to testify to [privileged] information." *In the Matter of May 8, 2018 Civ. Investigative Demand Issued to Mark Young, Sr.*, File No. 172-3129, 2018 WL 3491610, at *3 (F.T.C. July 10, 2018). In fact, the Commission has admonished Staff *in this case* that "[t]he rules of professional conduct require . . . *the questioning attorney* . . . to prevent the witness from intruding upon a third party's privilege." *In the Matter of Civ. Investigative Demands Dated June 30, 2022 to Amazon.com, Inc. and Certain Current and Former Amazon Employees*, File No. 212-3050, 2022 WL 4483142, at *7 (F.T.C. Sept. 21, 2022) (citing D.C. R. Prof. Conduct 4.4, cmt. [1])). You must cease these attempts to undermine and circumvent the attorney-client privilege.

Despite your ethical obligations to avoid infringing upon Amazon's privilege, you have refused the witnesses' requests to allow Amazon's in-house counsel to attend the witnesses' hearings. Excluding in-house counsel from the examinations is inconsistent with the FTC's past practice and serves no purpose except to harass the company and put the individual employee witnesses in the untenable position of trying to defend the company's privilege against your intrusions without the aid of the company's in-house counsel.

FTC staff's questioning is fairly viewed as an attempt to interfere with witnesses' choice of counsel. For example, at Ms. Muus's hearing, you asked why she chose Covington, whether she considered retaining other counsel, who those attorneys are, and whether she views herself as personally aligned with Amazon on this matter, among other inappropriate questions. The Commission's rules and the Commission's order on the petition confirm that witnesses have a right to counsel of their choosing, and joint representation is permissible. *In the Matter of Civ. Investigative Demands Dated June 30, 2022 to Amazon.com, Inc. and Certain Current and Former Amazon Employees*, 2022 WL 4483142, at *6–7 ([O]ur rules require that a witness's selection of counsel should be given deference, even if that counsel jointly represents another entity in the investigation."). Seeking to interfere with the witnesses' choice of counsel through argumentative questions is improper. And, to state the obvious, your questioning about witnesses' choice of their counsel has nothing to do with "ascertaining whether any person is or has been engaged in any unfair or deceptive acts or practices in or affecting commerce"—the purpose of a Commission investigation. 15 U.S.C. § 57b-1(a)(2).

**Third**, you have unlawfully denied Mr. Lindsay, Ms. Muus, and Gloria Smuda transcripts of their hearings. FTC regulations expressly state that any witness compelled to testify at an investigational hearing "shall" be entitled to a transcript of their testimony unless the FTC can show "good cause" to limit the witness to inspecting the transcript. 16 C.F.R. § 2.9(a). The FTC has publicly committed in similar contexts that it will withhold transcripts only in "rare" instances (and only with the consent of a Bureau Director). Fed. Trade Comm'n, *Statement of the Federal Trade Commission's Bureau of Competition on Guidelines for Merger Investigations* (Dec. 12, 2002). Yet you have ignored our clients' repeated requests for their transcripts without providing any justification for withholding them, let alone explaining how and why disclosing a transcript to a witness in this case would cause a "clearly defined, serious injury." *In re H.P. Hood & Sons, Inc.*, 58 F.T.C. 1184, at *4 (1961). Your refusal appears designed to prevent *Amazon* from obtaining the transcripts, but no "good cause" exists to purposely hinder the ability of Amazon and the witnesses to defend themselves. In addition to being unjustified, your refusal to provide transcripts is helping to conceal the misconduct

Jonathan Cohen
November 3, 2022
Page 3

described in this letter, particularly that which targets individual witnesses.  We request that you provide transcripts of the hearings immediately.

      To resolve these concerns, we ask that you confirm in writing that (i) you will refrain from threatening, harassing, or badgering witnesses in any future investigational hearings, (ii) you promptly provide each witness with the transcript to which FTC regulations entitle them, (iii) you will refrain from continuing to seek testimony on privileged matters, and (iv) you will permit Amazon's in-house counsel to attend every future investigational hearing when the witness so requests.  Please provide any response by 5 pm on Monday, November 7, 2022.  We reserve our rights to bring your conduct to the attention of appropriate authorities and seek other relief as necessary.

                                                Sincerely,

                                                /s/

                                                Laura Kim
                                                John Graubert
                                                John Hall
                                                Laura Flahive Wu
                                                Stephen Anthony
                                                Megan Rodgers

CC:    Anisha Dasgupta, General Counsel, Federal Trade Commission
           Samuel Levine, Director, Bureau of Consumer Protection, Federal Trade Commission
           James Kohm, Associate Director, Division of Enforcement, Bureau of Consumer Protection, Federal Trade Commission