The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

AMAZON.COM, INC.,

    Defendant.

Case No. 2:23-cv-0932-JHC

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE IMPROPER COMPLAINT ALLEGATIONS**

    Amazon asserts two categories of Complaint allegations "have nothing to do with this case" and should be stricken under Rule 12(f). Dkt. #45 at 1. Amazon is wrong. The allegations are that (A) Amazon delayed the filing of this lawsuit through improper tactics, and (B) Prime's violative conduct is transferable to Amazon's other negative option subscription services. These directly relate to this case and the relief the FTC seeks. In particular, Amazon's delay of the FTC's investigation and concealment of probative information support tolling the statute of limitations. Further, the fact that Amazon's other negative option programs contain manipulative elements, and that Amazon could easily add more, supports an injunction that

OPPOSITION TO MOTION TO STRIKE
Case No. 2:23-cv-0932-JHC

1

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
(202) 326-3320

would prevent Amazon from replicating Prime's alleged violations in those other programs. Because Amazon fails to show these allegations bear "no possible relation" to the case, this is not one of the "infrequent" cases in which Amazon can meet the "stringent" burden to prevail on a motion to strike.

I. **THE CHALLENGED ALLEGATIONS SHOULD NOT BE STRICKEN BECAUSE THEY RELATE DIRECTLY TO THE CASE.**

Although Rule 12(f) permits a court to strike certain pleadings—including those that are "immaterial, impertinent, or scandalous"—in limited circumstances, motions to strike are disfavored and rarely granted. *See, e.g.*, *Polaris PowerLED Techs., LLC v. Nintendo Co.*, 623 F. Supp. 3d 1132, 1136 (W.D. Wash. 2022) (motions to strike disfavored "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic") (citation omitted); *Heggem v. Monroe Corr. Complex*, 2012 WL 4089959, at *1 (W.D. Wash. Sept. 17, 2012) ("Motions to strike are disfavored and infrequently granted."); *Safouane v. Hassett*, 2008 WL 11506665, at *2 (W.D. Wash. June 19, 2008) (motions to strike are "often sought by the movant as a dilatory or harassing tactic"). Courts deny motions to strike unless the challenged allegations "have no possible relation to the controversy" and "may cause prejudice to one of the parties." *Vulcan Inc. v. Zurich Am. Ins. Co.*, 2022 WL 1289666, at *2 (W.D. Wash. Apr. 29, 2022) (citation omitted). The "stringent" burden of proving these factors is on the moving party, and courts resolve "any doubt" in favor of the nonmoving party. *Polaris*, 623 F. Supp. 3d at 1136. Amazon cannot satisfy this stringent standard because the challenged

OPPOSITION TO MOTION TO STRIKE
Case No. 2:23-cv-0932-JHC

2

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
(202) 326-3320

allegations relate directly to (A) the need to toll the statute of limitations to account for Amazon's delay tactics, and (B) the availability and scope of injunctive relief.[1]

### A. Amazon's Delay Tactics Support Tolling the Limitations Period.

The Complaint allegations regarding Amazon's efforts to delay the FTC's investigation support tolling the limitations period to allow the greatest possible consumer redress and other monetary relief to redress the victims of Amazon's wrongful conduct. *See* 15 U.S.C. § 57b(d) (three-year limitations period for consumer redress under Section 19); 28 U.S.C. § 2462 (five-year limitations period for civil penalties).[2] In particular, the FTC alleges Amazon intentionally delayed the filing of this lawsuit through repeated misrepresentations, stall tactics, and systematic misuse of "privilege" designations and related conduct designed to shield nonprivileged (but probative, damaging) information from a government inquiry. *See* Compl. ¶¶ 221-41.[3] Furthermore, as the Complaint alleges, the FTC acted diligently and reasonably relied on Amazon to act in good faith during the investigation, particularly given Amazon's repeated (false) cooperation assurances, Amazon counsel's significant FTC investigation experience, and Amazon's exclusive knowledge of relevant search terms and custodians. *Id.*

---

[1] Amazon's various (incorrect) assertions that the FTC's allegations are "conclusory" or "demonstrably false," Dkt. #45 at 1-5, which seem to challenge the pleadings' sufficiency or even merits, are irrelevant to resolution of the motion to strike. *See, e.g.*, *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–75 (9th Cir. 2010) ("Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.") (citation omitted).

[2] There is no statute of limitations for findings of liability or injunctive relief under the FTC Act. *See* 15 U.S.C. §§ 41-58.

[3] The unredacted Complaint is filed under seal at Dkt. #3, and the redacted, public version is at Dkt. #1.

OPPOSITION TO MOTION TO STRIKE  
Case No. 2:23-cv-0932-JHC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, D.C. 20580  
(202) 326-3320

3

These facts support tolling.  See *IQVIA Inc. v. MedImpact Healthcare Sys., Inc.*, 2022 WL 6258369, at *5-6 (S.D. Cal. Oct. 7, 2022) (tolling factors include, for instance, intent to induce reliance, knowledge of true facts by party to be estopped, misleading behavior by a party, detrimental reliance, and diligence); *see also Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012); *Est. of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011).[4]  Thus, these allegations, far from bearing "no possible relation" to this case, are in fact highly relevant and should not be stricken.[5]

The fact that relevant allegations may embarrass Amazon does not make them "scandalous" or unduly "prejudicial" within the meaning of Rule 12(f).  *See, e.g.*, *Clare v. Clare*, 2021 WL 6206989, at *3 (E.D. Wash. Dec. 8, 2021) (declining to strike "possibly embarrassing" material because it was "relevant to establishing the facts of the case"); *Pizza Hut, Inc. v. Lundy Enterprises, LLC*, 2011 WL 13299324, at *12 (N.D. Tex. Sept. 19, 2011) (denying motion to strike because party "identifies no—let alone significant—potential prejudice" other than that "allegations paint [opposing party] in a negative light").  Nor do the cases Amazon cites offer any support for their plea.  Amazon cherry-picks language from inapposite cases, some of which

---

[4] It is entirely appropriate for the FTC to plead facts supporting tolling in the Complaint.  *See, e.g.*, *White v. Symetra Assigned Benefits Serv. Co.*, 2021 WL 3472408, at *9 (W.D. Wash. Aug. 5, 2021) ("Plaintiffs bear the burden of pleading facts which would give rise to tolling") (citing *Hinton v. Pac. Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993)); *U.S. ex rel. Marchese v. Cell Therapeutics, Inc.*, 2007 WL 2572347, at *3 (W.D. Wash. Sept. 6, 2007) (plaintiff "obliged to plead facts to support equitable estoppel in his complaint").

[5] The FTC does not "fault[] Amazon for exercising its right to file a Petition to Quash" the FTC's Civil Investigative Demand during the investigation, Dkt. #45 at 2, but does plead facts that support tolling the limitations period during the pendency of Amazon's largely unsuccessful petition.  Compl. ¶ 241; *see, e.g.*, *Dittimus v. Bond*, 2013 WL 4496432, at *2 (D. Colo. Aug. 22, 2013) (motion to quash service of process tolled deadline to serve defendants).  Amazon need not have filed the Petition to Quash in "bad faith" for tolling to apply.

OPPOSITION TO MOTION TO STRIKE
Case No. 2:23-cv-0932-JHC

4

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580
(202) 326-3320

do not even involve Rule 12(f),[6] and which at most unremarkably hold that courts may strike allegations that actually have "no possible relation" to issues presented and are prejudicial[7]—circumstances not present here.

### B. The Transferability of Prime's Violative Conduct to Other Negative Option Programs Supports Injunctive Relief.

The FTC's case chiefly addresses violations Amazon committed in selling its Prime service. The Complaint also alleges Amazon's other negative option subscription services—such as Audible, Kindle Unlimited, Amazon Music Unlimited, and Subscribe & Save—similarly use manipulative design elements to trick consumers into signing up and thwart cancellation, and that Prime's violative conduct is easily transferable to these programs. Compl. ¶¶ 218-20. Importantly, to determine the availability and scope of injunctive relief, courts consider the "likelihood of future violations," *Perez v. U.S. Postal Serv.*, 76 F. Supp. 3d 1168, 1196 (W.D.

---

[6] *See, e.g.*, *Yue v. Chordiant Software, Inc.*, 2010 WL 11575579, at *4 (N.D. Cal. Apr. 22, 2010) (granting motion *in limine*—not motion to strike—to preclude plaintiff from "asking questions at trial designed to elicit objections on the ground of attorney-client privilege" or offering evidence of defendant's "assertion of the attorney-client privilege" because this served "no relevant purpose" and could "unduly prejudice" defendant in the eyes of the jury). Here, in contrast, the FTC's specific allegations that Amazon tried to shield probative materials behind the misuse of "privilege" designations are directly relevant to tolling considerations (an issue not present in *Yue*).

[7] *See, e.g.*, *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12129642, at *1, *7 (C.D. Cal. July 31, 2013) (striking allegations defendant newspaper violated privacy laws "a decade prior" to the alleged publication of a "smear campaign" against plaintiff); *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 962–63 (N.D. Cal. 2019) (striking allegations against Nestle unrelated to plaintiff's claim that Coffee-mate's trans fat nutritional information is mislabeled, including that Nestle uses "saleswomen dressed as nurses" to lie to "women in developing countries" about Nestle's baby formula and does business with cocoa bean companies that use "child slave labor"); *Resh, Inc. v. Skimlite Mfg. Inc.*, 2023 WL 2744423, at *6 (N.D. Cal. Mar. 31, 2023) (in a patent infringement case, striking 60 pages of "excessive" allegations including 35 pages discussing "pre-suit negotiations" and other "lengthy recitation of case law and evidence").

OPPOSITION TO MOTION TO STRIKE
Case No. 2:23-cv-0932-JHC

5

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

1  Wash. 2015), and the "ease with which the [violation] may be transferred to other products,"

2  *FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1105 (9th Cir. 2014) ("[I]njunctive relief under the

3  FTC Act may be framed broadly enough to prevent respondents from engaging in similarly

4  illegal practices.") (citation omitted); *see also Sears, Roebuck & Co. v. FTC*, 676 F.2d 385, 395

5  (9th Cir. 1982) ("[I]f we were to deny 'transfer prevention' authority to the Commission . . .

6  unscrupulous merchandisers . . . might be encouraged to transfer unlawful but successful . . .

7  techniques from product to product."). Thus, allegations regarding Amazon's non-Prime

8  services relate directly to the injunctive relief the FTC seeks, which should be designed to ensure

9  Amazon's wrongful conduct ceases across *all* of its products.[8] Relevant allegations such as

10 these are neither scandalous nor unduly prejudicial. *See, e.g.*, *Barba v. Seung Heun Lee*, 2009

11 WL 8747368, at *29–30 (D. Ariz. Nov. 4, 2009) ("To the extent that [plaintiff's] allegations

12 'cast a derogatory light' on [defendant], they do not do so 'improperly.'").

13 **II.   CONCLUSION**

14   For the foregoing reasons, the FTC respectfully requests the Court deny Amazon's

15 motion to strike.

---

[8] Amazon's caselaw is, again, inapposite. *See Cooksey v. Ocean*, 2017 WL 11631497, at *2 (C.D. Cal. Apr. 26, 2017) (striking pro se complaint allegations "not related" to plaintiff's libel claim, including plaintiff's assertions that defendant Frank Ocean "disrespected God and scripture" and was friends with "a homophobic bigot"); *SST Sterling Swiss Tr. 1987 AG v. New Line Cinema, Corp.*, 2005 WL 6141290, at *5 (C.D. Cal. Oct. 31, 2005) (striking allegations defendants were motivated by "racial discrimination" against actor Wesley Snipes because these allegations were unrelated to plaintiffs' breach of contract claim).

OPPOSITION TO MOTION TO STRIKE
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

6

**LOCAL RULE 7(e) CERTIFICATION**

I certify that this memorandum contains 1,751 words, in compliance with the Local Civil Rules.

Dated: July 31, 2023        /s/ Thomas Maxwell Nardini

EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

OPPOSITION TO MOTION TO STRIKE
Case No. 2:23-cv-0932-JHC

7

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320