The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. 2:23-cv-0932-JHC <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SEAL COMMERCIALLY SENSITIVE AND IRRELEVANT INFORMATION** |

## INTRODUCTION

Amazon's Motion to Seal (Dkt. #41) fails for three reasons. First, Amazon provides no facts sufficient to support a finding that its competitors would benefit from the information it is seeking to seal. Second, a review of Amazon's proposed redactions reveals no conceivable competitive harm to Amazon from the public release of the overwhelming majority of the material at issue. Third, any hypothetical harm to Amazon is outweighed by the public's interest in accessing court records in this matter. Simply put, Amazon is seeking to conceal material facts that are central to this matter because they are embarrassing.

OPPOSITION TO MOTION TO SEAL  
Case No. 2:23-cv-0932-JHC

1

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3320

**LEGAL STANDARD**

The Ninth Circuit has recognized a "strong presumption in favor of access to court records," incorporated by Local Rule 5(g). *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party filing a motion to seal can only overcome this strong presumption by "articulat[ing] compelling reasons supported by *specific factual findings*" that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (emphasis added) (citations omitted).[1] "When sealing documents under the compelling reason standard, a 'district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Sjostrom v. Kraatz*, 2016 WL 3940886, at *2 (N.D. Cal. July 21, 2016) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

If a court determines that a particularized harm will result from public disclosure, the court must then "balance 'the public and private interests'" to decide whether to seal the relevant documents. *In re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips ex rel. Estate of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)). "Compelling reasons" outweigh the public's interest in viewing court records when those court records "might have become a vehicle for improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's

---

[1] Courts evaluate some sealing motions on a lower "good cause" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016). However, Amazon concedes that the "compelling reasons" standard applies here. (Dkt. #41 at 3.)

OPPOSITION TO MOTION TO SEAL
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

2

1 embarrassment, incrimination, or exposure to further litigation will not, without more, compel

2 the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

3 In addition, this Court requires movants to include an "explanation of: (i) the legitimate

4 private or public interests that warrant the relief sought; (ii) the injury that will result if the relief

5 sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not

6 sufficient." Local Rule 5(g)(3)(B).

## ARGUMENT

### I. RATHER THAN PROVIDING "SPECIFIC FACTUAL FINDINGS" NECESSITATING A SEAL, AMAZON OFFERS ALMOST NO FACTS AT ALL.

The sole factual basis[2] for Amazon's claim of competitive harm is a single conclusory paragraph in a declaration: "[t]he disclosure of [this information] would allow competitors to free-ride on Amazon's investment of time and resources to develop the [information] and allow those competitors to gain an unfair competitive advantage by copying Amazon's internal processes and benchmarking their subscription programs against those of Amazon." Leung Decl. ¶ 9 (Dkt. #42); *see also* Dkt. #41 at 2-3. Such an unsupported statement "is insufficient to meet Defendants' burden of demonstrating compelling reasons to maintain the documents under seal." *E.g.*, *Meghinasso v. Mercedes-Benz USA*, 2022 WL 392928, at *4 (W.D. Wash. Feb. 9, 2022) (denying a motion to seal because moving party's reference to "confidential business information that could be used by competitors" was insufficient to support necessary factual findings); *see also Lains v. Am. Fam. Mut. Ins. Co.*, 2016 WL 5115415, at *1 (W.D. Wash. Mar.

---

[2] Amazon's counsel makes further arguments that are unsupported by any factual record. (Dkt. #41 at 4-5). Such arguments, therefore, provide no basis for the "specific factual findings" required to seal court records. *Kamakana*, 447 F.3d at 1178-79.

OPPOSITION TO MOTION TO SEAL
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

3, 2016) (motion to seal denied because, *inter alia*, the defendant did not "identify the *specific potential harm* other than its conclusory statement that it would be at a 'competitive disadvantage'" (emphasis added)).

To meet its burden, Amazon was required to "walk through the [materials it seeks to seal] and explain how [its] competitors would be able to use each of them to the detriment of [Amazon]." *Kenny v. Pac. Inv. Mgmt. Co. LLC*, 2018 WL 3328224, at *2 (W.D. Wash. July 6, 2018); *see also Cohen v. Trump*, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) ("Where parties have been able to point to *concrete factual information* . . . ,courts have been willing to find that information confidential." (emphasis added)).  Instead, Amazon simply makes "blanket, conclusory assertions of harm to business interests," which are insufficient.  *Bluetooth SIG, Inc. v. FCA US LLC*, 2020 WL 2063561, at *2 (W.D. Wash. Apr. 29, 2020.  Like the corporations in *Kenny*, which moved to seal exhibits discussing "business strategies" and reflecting "key and proprietary business decisions" that their "competitors would be able to use immediately to [their] detriment," Amazon "generally repeat[s] boilerplate language with the words 'confidential' and 'significant harm.'" 2018 WL 3328224, at *2 (finding that such arguments are "speculative and unsupported").  As such, without even reviewing Amazon's proposed redactions, Amazon's Motion to Seal fails on its face.

OPPOSITION TO MOTION TO SEAL
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

4

## II. AN EXAMINATION OF THE MATERIALS AMAZON SEEKS TO SEAL SHOWS DISCLOSURE WILL NOT HARM AMAZON.

A review of Amazon's proposed redactions reveals the information could not cause Amazon any conceivable competitive harm.[3]  Instead, most of the information falls into two categories:  (1) quotes that are damaging or embarrassing to Amazon because they prove the FTC's case; and (2) high-level summary data with no apparent value to competitors.  The remaining materials, addressed at the conclusion of this section, also have no clear value to Amazon's competitors, and Amazon has identified none.

### A. Damaging Quotes

In many cases, Amazon is not trying to protect competitively sensitive business information, but rather to conceal embarrassing facts that could harm its reputation by demonstrating the FTC's Complaint is meritorious—which is not a basis for sealing. *See Kamakana*, 447 F.3d at 1179; *see also Olympic Air, Inc. v. Helicopter Tech. Co.*, 2020 WL 6381810, at *6 (W.D. Wash. Oct. 30, 2020) ("Concern about reputational damage, without more, is generally not a compelling reason to keep documents under seal."); *Kelley v. Microsoft Corp.*, 2008 WL 11506733, at *3 (W.D. Wash. Feb. 26, 2008) (emails "may be embarrassing to

---

[3] Amazon argues that, had the FTC conferred with Amazon on its Motion for Leave to Temporarily Seal the Complaint and Motion to Desequester (Dkt. #2), the FTC "would have known not to include unredacted misrepresentations about Amazon's sensitive commercial data in its public Complaint." Dkt. #41 at 3. Amazon is referencing Complaint Paragraph 15's allegation that Amazon's annual Prime revenues are $25 billion.  Amazon's calling this estimate "sensitive commercial data" highlights Amazon's exaggerated view of what is actually "commercially sensitive."  In any event, it is not difficult to estimate Amazon's annual Prime revenue from public information, given that Prime's price is public, Amazon has publicly boasted of having over 200 million Prime members, and Amazon's public SEC filings reveal its total revenues across all subscription programs.

OPPOSITION TO MOTION TO SEAL
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

5

1  Microsoft, but [they] will not reveal any proprietary or competitive commercial information that
2  should be kept secret from the public").
3        For example, Amazon seeks to redact part of an email that an employee sent to the head
4  of the Prime team, Jamil Ghani:[4]

[REDACTED]

Compl. ¶ 160 (emphasis added).[5] It is inconceivable that Amazon's competitors would glean any competitive advantage from this email. Similarly, the fact that "[REDACTED]" (Compl. ¶ 156) is not information from which a competitor could benefit. Amazon is also seeking to seal Complaint Paragraph 186, which contains a telling quote from an Amazon Vice President in 2018—"[REDACTED]"—as well as meeting notes from 2019 stating, "[REDACTED]" Similarly, Amazon seeks to seal other references to "[REDACTED]," "[REDACTED]," and "[REDACTED]

---

[4] The blue highlights in this brief reflect those sections that Amazon seeks to seal and are identical to those proposed by Amazon in Dkt. #44.

[5] There is an independent basis to deny this specific sealing request: Amazon does not propose redacting excerpts of the identical quote when they are used in paragraph five of the Complaint. (Dkt. #44 at 3.)

OPPOSITION TO MOTION TO SEAL  
Case No. 2:23-cv-0932-JHC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3320

6

███████████████" in  Paragraphs 192 and 193 of the Complaint.  See Dkt. #44, Ex. A at 64.  Again, none of this has value to Amazon's competition, and Amazon does not meaningfully argue otherwise.

### B. High-Level, Summary Statistics Related to Surveys, Customer Usage, and Testing

Many of Amazon's proposed redactions pertain to high-level survey, usage, and testing statistics spanning April 2018 through December 2020.  Although many are damaging to Amazon, these statistics are not "competitively sensitive" on their face, nor could a competitor feasibly use this information to discover the purportedly proprietary methods by which Amazon arrived at the statistics.[6]  For example, the following proposed redactions fall within this category:

- "In early 2019, for example, an Amazon survey showed ███████ of consumers stated their reason for cancelling Prime was that they never intended to enroll in the first place."  Compl. ¶ 3.
- "[I]n September 2020, Amazon estimated that ███████████ Prime subscribers were 'unaware' they had subscribed to Prime."  Id.; see also id. ¶ 164.

---

[6] In many cases, the data, while probative of Amazon's violative conduct, may be outdated for any competitive purpose.  See, e.g., Berlanga v. Polaris Indus., Inc., 2023 WL 3168514, at *2 (E.D. Cal. Apr. 28, 2023) (denying motion to seal a document containing consumer survey responses from 2018); In re MyFord Touch Consumer Litig., 2018 WL 1027391, at *2 (N.D. Cal. Feb. 2, 2018) (denying motion to seal consumer surveys that were five years old).

OPPOSITION TO MOTION TO SEAL
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

7

- ". . . Prime subscribers spend more than ▮▮▮▮ as much shopping on Amazon as compared to non-Prime shoppers."[7] *Id.* ¶ 17.

- "In 2020, ▮▮ of subscribers who clicked on 'End Membership' to enter the Iliad Flow did not cancel." *Id.* ¶ 149.

- "[Also in 2020], ▮▮▮▮ of those Prime subscribers who entered the Iliad Flow but failed to cancel subsequently used no Prime services within the next thirty days." *Id.*

- "[F]rom November 2018 to February 2019, ▮▮ of U.S. consumers Amazon surveyed gave 'I did not mean to sign up for Amazon Prime' as their '[r]eason for cancellation.'" *Id.* ¶ 163.

- In September 2018, "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *Id.* ¶ 186.

- "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Id.* ¶ 202;

---

[7] Amazon does not address this proposed redaction in its chart, *see* Dkt. #41-1, or its Motion. The same is true for Amazon's proposed redactions to Paragraphs 192, 193, and 205. The FTC followed up with Amazon, which confirmed that it seeks to seal all blue-highlighted information in Paragraphs 17, 192, 193, and 205.

OPPOSITION TO MOTION TO SEAL
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

8

- Clarity changes would have an estimated "annualized global impact of ▮▮▮▮▮▮" and "an impact in the range of ▮▮▮▮▮▮▮▮." Dkt. #44, Ex. K at 249 (from a January 28, 2021 email).[8]

Amazon's proposed redactions to Complaint Paragraphs 164, 167(a)-(d), 184, 217(d)(ii), and 219 and to Attachment 24[9] of the Rottner Declaration for the Motion to Desequester (Dkt. #44, Ex. I at 209-12) fall in this category as well. Again, tellingly, Amazon does not even attempt to explain why this information would benefit its competitors.

### C. Other Information

The last category of information Amazon seeks to seal includes statements purportedly about Amazon's decision-making, a description of particular enrollment flows as "popular," and a specific memorandum from September 2020.

#### 1. Amazon's "Internal Decision-Making Process"

Amazon seeks to seal information in Paragraphs 150-162, 170, 177-79,[10] 186, and 204 of the Complaint on the basis they disclose "non-public and proprietary information regarding Amazon's internal decision-making process." *See* Dkt. #41-1 at 1-2. However, there is no business deliberative-process privilege, and courts have rejected similar requests, especially

---

[8] Amazon's chart (Dkt. #41-1) references this document as Attachment 29 of Rottner Declaration in support of the FTC's Motion to Desequester (Dkt. #4-1 at 245-250).

[9] Dkt. #4-1 at 209-213.

[10] Amazon's chart (Dkt. #41-1 at 1) also mentions a "header" associated with Paragraphs 177-79, but there is no header highlighted in blue near those paragraphs. The FTC reached out to Amazon, which confirmed that Amazon seeks to seal only the highlighted portions of Paragraphs 177-79.

OPPOSITION TO MOTION TO SEAL
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

9

1  where, as here, the request is unsupported by specific facts. *See, e.g.*, *Kenny*, 2018 WL 3328224,
2  at *3-4 (denying motion to seal "documents reflecting the deliberative process of the Board"
3  because the movant "fail[ed] to submit sufficient evidence that public revelation of these
4  documents would chill board discussions or otherwise reveal information that could harm
5  Defendants").

6  Paragraphs 150-162 in particular provide a high-level description of Amazon's "▮▮
7  ▮▮▮▮▮"—a term used by the FTC, not Amazon—in which Amazon conducts ▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,[11] ▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Similarly, Paragraph 170 states, "Amazon leadership focuses
11 energy and investment into iterating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Amazon does not
13 explain its specific test methodology; and therefore, unsurprisingly, does not explain how a
14 competitor would "free-ride" on any of the information, especially given that ▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

16 Further, Paragraphs 178 and 179 explain, in 2018, Amazon "▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," "evaluated ▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," and "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[11] Amazon's attempt to seal these allegations by labeling them "proprietary information" is an implied concession that they are true.

OPPOSITION TO MOTION TO SEAL  
Case No. 2:23-cv-0932-JHC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3320

10

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" These paragraphs do not disclose any proprietary or secret decision-making process. The practice of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is neither some secret sauce nor inherently competitively sensitive.

### 2. "Most Popular" Enrollment Flows

Amazon seeks to seal part of Paragraph 20 in the Complaint and part of an exhibit to the Motion to Desequester (Dkt. #44, Ex. E, at 44)[12] to prevent disclosure of "Amazon Prime enrollment decisions." Dkt. #41-1 at 1 (Appendix). On their face, the facts that "▇▇ subscriptions occur through the Amazon shopping checkout process," Compl. ¶ 20, and that Amazon "produce[d] . . . screen shots ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇," Dkt. #44, Ex. E at 44, reveal nothing of substance, much less "highly sensitive commercial information."

### 3. September 2020 Memorandum

Amazon also seeks to seal a memorandum entitled "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" (Dkt. #44, Ex. H at 172-77),[13] in its entirety because Amazon claims it is "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇."[14] Dkt. #41-1 at 3; see

---

[12] Amazon's chart (Dkt. #41-1) references this document as Attachment 3 of the Rottner Declaration in support of the FTC's Motion to Desequester (Dkt. #4-1 at 308).

[13] Amazon's chart (Dkt. #41-1) references this document as Attachment 18 of the Rottner Declaration in support of the FTC's Motion to Desequester (Dkt. #4-1 at 172-77).

[14] Amazon also seeks to seal Paragraph 164 of the Complaint, which refers to the September 2020 Memorandum. See Dkt. #44, Ex. A at 57.

OPPOSITION TO MOTION TO SEAL  
Case No. 2:23-cv-0932-JHC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3320

11

1    *also* Dkt. #41 at 4.[15]  The goal of the memorandum was to ▮▮▮▮▮▮▮▮▮▮

2    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3    ▮▮▮▮▮▮," Dkt. #44, Ex. A at 172, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5    "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."  *Id.*  The information presented in the memorandum

7    shows ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9    ▮▮  *See id.*; *see also* Compl. ¶ 170.

10   Here, Amazon has provided no facts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See, e.g.*,

13   *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding

14   that an internal presentation concerning a Samsung design study with some design mock-ups did

15   not present any significant risk of competitive harm because there was "no indication that [the

16   mock-ups] represent[ed] actual unreleased . . . products").  Additionally, Amazon fails to comply

17   with Local Rule 5(g)(3)(B), by not explaining why targeted redactions—*i.e.*, a "less restrictive

---

[15] Amazon cites to *McCrary v. Elations Co. LLC*, 2014 WL 12589137, at *6 (C.D. Cal. Dec. 2, 2014), to justify sealing the memorandum.  However, *McCrary* applied the lower "good cause" standard in granting the application to seal documents relating to the movant's financial information, including revenues and profits, which are not at issue here.  *See supra* note 1 (good cause standard inapplicable here).

OPPOSITION TO MOTION TO SEAL  
Case No. 2:23-cv-0932-JHC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3320

alternative"—would not suffice.  It is not the Court's or FTC's responsibility to propose redactions for Amazon.[16]

### III. THE PUBLIC INTEREST IN THE INFORMATION AMAZON SEEKS TO SEAL FAR OUTWEIGHS ANY COMPELLING REASON AMAZON COULD PROVIDE.

Even if Amazon had articulated sufficient facts to support a compelling reason to seal, the public interest in making the information public far outweighs any such reason because this litigation involves a matter of significant public concern.  *See In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 101 F.R.D. 34, 38 (C.D. Cal. 1984).  Amazon is one of the largest publicly-traded corporations in the world, with millions of customers in the United States, many of whom Amazon enrolled in Prime without their consent, and many of whom encountered illegal hurdles in the path of their cancellation attempts.  The information Amazon seeks to seal—such as the number of impacted customers, test results showing clarity improvements' depression of short-term signup rates, and internal communications showing at least one employee reported nonconsensual enrollments to a Prime executive—is central to the claims in this matter.

## CONCLUSION

The FTC respectfully requests that the Court deny Amazon's Motion to Seal, setting aside the information the FTC has consented to seal.

---

[16] Amazon's argument that the memorandum should be sealed because the FTC did not "substantively cit[e] to or rely[] on it to support its motion [to desequester]," Dkt. #41 at 4, is irrelevant, as this is not a factor set out by the "compelling reason" standard.  It is also false, as the memorandum provides key context to the FTC's argument that an Amazon Prime director was asking his subordinates to label materials related to clarity as "P&C," including this memorandum.  *See* Dkt. #4 at 3.

OPPOSITION TO MOTION TO SEAL
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

13

**LOCAL RULE 7(e) CERTIFICATION**

I certify that this memorandum contains 3,437 words, in compliance with the Local Civil Rules.

Dated: July 31, 2023        /s/ Olivia Jerjian

EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

OPPOSITION TO MOTION TO SEAL
Case No. 2:23-cv-0932-JHC

14

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320