The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>        Defendant. | Case No. 2:23-cv-0932-JHC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DESEQUESTER DOCUMENTS CLAWED BACK BY DEFENDANT** |

Amazon's Opposition does not dispute the strong evidence it waived privilege, focusing instead on misguided process arguments and an airing of grievances about the FTC's investigation. Amazon's process arguments fail because the FTC is permitted to bring privilege clawback disputes arising from an FTC investigation to a court, like this one, presiding over a "proceeding or action resulting from the investigation." 16 C.F.R. § 2.11(d)(1)(ii)(B). On substance, Amazon has abandoned its burden to prove non-waiver, and the largely undisputed facts establish Amazon's privilege waivers or, at a minimum, justify *in camera* review. Finally, Amazon's complaints about the FTC's investigation are irrelevant.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO DESEQUESTER
Case No. 2:23-cv-0932-JHC

1

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

I.  **THE MOTION TO DESEQUESTER IS PROCEDURALLY PROPER.**

Amazon calls the FTC's Motion procedurally improper because (1) the FTC's investigation is over and (2) the FTC did not meet and confer.  Dkt. #50 at 11-14.  The first argument ignores the text of the relevant regulation, and the second misreads the Court's Local Rules and inaccurately describes the lead-up to the Motion.  In any event, Amazon's demand that the FTC file a "discovery" motion would merely return the parties to the Court with this same dispute in one month.

A.  **The FTC Properly Brought Its Clawback Challenges to this Court.**

The Commission's rules governing Civil Investigative Demands ("CIDs") permit the FTC's Motion to Desequester.  Specifically, Commission Rule 2.11 states where, as here, the Commission is notified of a purportedly inadvertent production of privileged materials in response to a CID, the Commission may "[s]equester such material until such time as . . . [a] court may rule on the merits of the claim of privilege or protection *in a proceeding or action resulting from the investigation*."  16 C.F.R. § 2.11(d)(1)(ii)(B) (emphasis added).  This lawsuit is plainly a "proceeding or action resulting from the FTC's investigation," which means this Court "may rule on the merits of [Amazon's] claim of privilege."  *Id.*  The FTC's Motion relied on this provision (Dkt. #4 at 9 n.5), but Amazon ignores it, even while citing the immediately adjacent 16 C.F.R. § 2.11(d)(1)(i) (Dkt. #50 at 18).

Read charitably, Amazon's argument is FTC Rule 2.11's reference to a "proceeding or action resulting from the investigation" refers *only* to CID enforcement actions—*i.e.*, miscellaneous actions filed in federal court and authorized by 16 C.F.R. § 2.13—rather than lawsuits like this one alleging substantive violations of the FTC Act.  But that limitation is contrary to the rule's plain meaning.  Amazon cannot seriously dispute this lawsuit is an action "resulting from" the FTC's investigation.  Moreover, such a reading is nonsensical; the purpose of the Rule is to provide for judicial review, exactly what the FTC now seeks.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO DESEQUESTER
Case No. 2:23-cv-0932-JHC

2

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

Amazon also argues the Motion is an improper attempt by the FTC "to use its compulsory CID power to circumvent the discovery process in an existing litigation." Dkt. #50 at 12. At best, this is an argument for challenging the validity of the Commission's rule permitting sequestration, 16 C.F.R. 2.11(d)(1)(ii)(B), which Amazon has not done. Further, the argument mischaracterizes the FTC's Motion. The FTC is not seeking to *obtain* documents from Amazon through its CID authority after filing suit; rather, it is seeking to *use* documents it already obtained but sequestered after Amazon's belated claims of privilege. Rule 2.11 tacitly acknowledges this distinction, and promotes efficiency, by allowing the FTC to pursue its substantive claims and its clawback challenges in a single court.

**B.    Local Rule 37's Meet-and-Confer Requirement Does Not Justify Denial of the Motion.**

**1.    Local Rule 37 Did Not Require a Meet-and-Confer.**

Local Rule 37 requires a meet-and-confer for any motion to compel filed under Federal Rule 37. *See Chandola v. Seattle Housing Auth.*, 2014 WL 4685351, at *7 (W.D. Wash. Sept. 19, 2014) (meet-and-confer requirement does not apply to discovery motion filed under Fed. R. Civ. P. 45). As Amazon itself argues, the FTC's Motion arises out of its investigative authority, not Rule 37. Therefore, there is no meet-and-confer requirement.[1]

**2.    The Parties Did Meet and Confer.**

Even if Local Rule 37 applied, it would simply require the FTC to "in good faith confer[] or attempt[] to confer with [Amazon] in an effort to resolve the dispute without court action." The FTC did exactly that. On February 13, 2023, the FTC told Amazon it "want[ed] to discuss

---

[1] Courts also excuse meet-and-confer requirements where "[i]t does not appear that any informal resolution of the motion is possible." *Thomas v. Baca*, 231 F.R.D. 397, 404 (C.D. Cal. 2005) ("[T]he plaintiffs clearly seek Rule 23 certification and the defendants clearly oppose such an action . . . ."). Here, the parties have diametrically opposed positions on a binary question—the documents either are or are not privileged. As the FTC's effort to confer with Amazon revealed, *see infra* section I.B.2, this binary dispute is not amenable to informal resolution. Finally, even if the FTC had violated Local Rule 37, denial of the Motion would be, as Amazon concedes, a discretionary remedy. Dkt. #50 at 13.

the issues and questions your [clawback requests] raise." Ex. 1 at 7.  In a February 17 email, the FTC previewed its questions regarding the clawbacks, raising the same inadvertence and promptness issues it does here.  *Id.* at 5-6.  Amazon responded in a February 21 letter (Dkt. #4-1 at 81-84), and the parties conferred later that same day, a half-hour call focused entirely on clawback issues, which did not resolve those issues (Ex. 1 at 10-19).[2]

### C. Amazon's Procedural Argument Would Bring This Same Privilege Dispute Back to This Court in One Month.

Denial of the Motion on procedural grounds would only delay resolution of the substantive dispute, wasting the Court's and parties' time.  Discovery opened today, and the FTC served a single document request on Amazon, calling for the production of the 54 Clawed Back Documents.  If this Motion does not resolve the privilege dispute, Amazon will undoubtedly withhold those documents as privileged.  Amazon is permitted to wait until September 6 to respond, though there is no reason, other than to cause delay, for it to wait that long.  In response, the FTC would reassert that Amazon waived the privilege or the documents were never privileged.  The parties will then meet and confer, likely without resolution, given their diametrically opposed positions.  The FTC will then move to compel production of the documents.  The arguments on that motion will, of course, be the same as on this Motion. Nothing in the Court's rules requires this inefficient result.

## II. AMAZON HAS NOT MET ITS BURDEN TO PROVE IT DID NOT WAIVE PRIVILEGE.

Amazon does not dispute it bears the burden of establishing non-waiver.  Dkt. #4 at 13-14.  To meet its burden, Amazon must prove, for each Clawed Back Document, (1) production was inadvertent, (2) it acted promptly to correct the production, and (3) it took reasonable pre-

---

[2] It is not true, as Amazon claims, that the FTC "indicated that it would follow up on privilege issues but never did." Dkt. #50 at 10.  The FTC said it might propose remedies for the disruption to the FTC's investigation caused by Amazon's late-stage clawbacks. Ex. 1 at 6, 18-19. Ultimately, the FTC did not do so because the investigation already had revealed sufficient information to justify filing suit.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO DESEQUESTER
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

4

production steps to protect the privilege.  Fed. R. Evid. 502(b).[3]  Amazon has failed to meet its burden on each element.

### A. Amazon Fails to Prove Inadvertence.

Amazon has offered no evidence any of its productions were inadvertent.  Amazon does not, for example, include in any of its three declarations (Dkt. #51-53) a statement that the prior productions were mistaken.  Counsel's unsworn statements in Amazon's Opposition brief cannot cure that evidentiary shortcoming.  *See, e.g.*, *Carter v. City & Cty. Of San Francisco*, 1996 WL 346887, at *7 n.2 (N.D. Cal. June 19, 1996) ("Counsel's factual assertion in unsworn opposition brief . . . is not evidence.").

Amazon also does not dispute the evidence establishing it deliberately produced the Clawed Back Documents.  Dkt. #4 at 9, 14-16.  Specifically, Amazon does not dispute it conducted thorough privilege reviews, including, for the May 4 Memo and July 14 Memo, reviewing "each part" of each document and "any other available context." *Id*.  Amazon also does not dispute it previously produced 21 Clawed Back Documents with redactions, a clear sign of careful attorney review. *Id.* at 15.  Finally, Amazon does not dispute it produced at least 16 Clawed Back Documents twice (and up to six times), along with another 12 Clawed Back Documents substantially similar to other produced documents. *Id.* at 15-16.  For the July 14 Memo, Amazon does not dispute it produced one copy of the memorandum with an express admission it was only "partially privileged." *Id.* at 11-12.

Instead of challenging these facts, Amazon says that in "some instances," it "learned of the privileged nature of the material only after it had conducted its initial privilege review."  Dkt.

---

[3] The requirements for establishing non-waiver under the Commission's rules are the same as under Federal Rule of Evidence 502(b).  *See* 16 C.F.R. § 2.11(d)(1)(i).

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO DESEQUESTER
Case No. 2:23-cv-0932-JHC

5

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

#50 at 18.  Amazon does not identify a single document for which this is true,[4] nor does it provide any supporting evidence.

### B.     Amazon Fails to Prove It Acted Promptly.

Amazon must prove it "assert[ed] privilege with *virtual immediacy*" after learning of an inadvertent production.  *Ecological Rts. Found. v. FEMA*, 2017 WL 24859, at *7 (N.D. Cal. Jan. 3, 2017) (emphasis added).  Again, Amazon ignores this burden, offering no actual evidence of promptness.  For example, Amazon provides no statements (much less sworn statements) stating when it learned of any inadvertent production.

Inexplicably, Amazon's primary example of its purported promptness relates to documents it never clawed back.  Specifically, Amazon, referencing Exhibits 9 and 10 from the investigational hearing of Neil Lindsay, says it "informed the FTC" at the hearing "that it was clawing back the document[s]."  Dkt. #50 at 18.  That did not happen.  The excerpt Amazon cites contains no clawback request (Dkt. #51-5 at 6-9), and Amazon, in fact, *never* clawed back these two exhibits.  Ex. 1 ¶¶ 3-5.  The letter Amazon says it sent "shortly" after the October 2022 hearing (but which it actually sent in January 2023) does not reference Lindsay Exhibits 9 and 10.  *See* Dkt. #50 at 18 (citing Dkt. #4-1 at 74); Ex. 1 ¶ 4.

The only other documents for which Amazon even attempts to address promptness are the six copies of the July 14 Memo.  Dkt. #50 at 18-19.  For these documents, Amazon asserts it acted promptly following a January 20, 2023 investigational hearing.  *Id.*  However, Amazon never claims the investigational hearing was the first it learned of its "inadvertent" production, and Amazon likely could not make that claim because just 15 days prior, it produced a copy of the July 14 Memo and declared it only partially privileged.  Dkt. #4 at 11-12.  Nor does Amazon

---

[4] In support of this argument, Amazon cites paragraphs 17-23 of the Declaration of Mark England.  Dkt. #50 at 18 (citing Dkt. #52).  Those paragraphs, however, merely provide facts to support Amazon's claim that certain documents were once privileged.  The declaration says nothing about *when* Amazon learned those facts.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO DESEQUESTER
Case No. 2:23-cv-0932-JHC

6

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

explain why, even if it did first recognize the inadvertent production on January 20, it took 18 days to search its production database and locate five copies of the same document. *Id.* at 17.

Tellingly, for the May 4 Memo, Amazon does not even attempt to defend its 40-day delay. *Id.* at 10-11. Instead, it argues the FTC "agreed that it would not assert that the use of documents during [investigational hearing] testimony constituted a privilege waiver." Dkt. #50 at 19. Amazon accurately states the agreement but mangles its application. The agreement, as Amazon states, was simply that, if Amazon allowed questioning to continue regarding any particular document, that decision would not prejudice Amazon's right to seek to have the document clawed back. *See* Dkt. #51-5 at 23:19-20 (FTC counsel, referencing a different document: "absolutely, positively no waiver *by virtue of the use of the document here*" (emphasis added)). Such agreements are commonplace and facilitate efficiency; if a party halted questioning every time it had privilege concerns about an exhibit, but the party or Court later determined the document was not privileged, the parties would be forced to reconvene, perhaps multiple times, to complete a single deposition. For the May 4 Memo, the agreement plainly does not reach backwards in time to inoculate Amazon's deliberate productions or forward in time to excuse its 40-day failure to claw back the document. Furthermore, Amazon, at the December 2 hearing, did not even preserve a privilege objection; in other words, it did not invoke the agreement on which it now relies. Dkt. #4 at 10.

C.   **Amazon Fails to Prove It Took Reasonable Steps to Prevent Production of the July 14 Memo.**

As the FTC explained in the Motion (Dkt. #4 at 16), Amazon, on January 5, 2023, produced one version of the July 14 Memo as part of a production of just six documents, while expressly declaring the document was not fully privileged. Nowhere does Amazon explain what "reasonable steps" it took to prevent this "inadvertent" production.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO DESEQUESTER
Case No. 2:23-cv-0932-JHC

7

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

### III. ALTERNATIVELY, *IN CAMERA* REVIEW IS APPROPRIATE, ESPECIALLY IN LIGHT OF AMAZON'S PRIVILEGE EXPLANATIONS.

Amazon misstates the test for obtaining *in camera* review, claiming the FTC must establish a "reasonable, good faith belief" that review "*will*" find the documents at issue are not privileged. Dkt. #50 at 20. In fact, the FTC need only establish a good faith belief that *in camera* review "*may* reveal . . . that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992) (emphasis added). The FTC easily clears that low bar. *See* Dkt. #4 at 18 n.16.

Additionally, the explanations Amazon offers for its privilege claims (Dkt. #52) frequently do not support those claims and, at a minimum, provide additional reason for *in camera* review. Amazon, for example, claims up to 32 documents "reflect[] determinations made . . . as the result of legal advice." Dkt. #52 ¶¶ 22, 28-32, 37-38, 40. Amazon's "determinations" are not privileged, even if the legal advice informing the determinations is privileged. *See, e.g.*, *Upjohn v. United States*, 449 U.S. 383, 395 ("The privilege only protects disclosure of communications . . . ."); *In re MacBook Keyboard Litig.*, 2020 WL 1265629, at *3 (N.D. Cal. Mar. 17, 2020) ("[S]tanding alone, the fact that Apple determined [Redacted] is not privileged, even if that decision was informed by advice by legal counsel." (alteration in original)). After all, Amazon may not even have followed the advice.

Similarly, Amazon's description of the July 14 Memo reveals the document likely never was privileged. Amazon's in-house counsel states that on July 14, 2021, the "Prime team met to discuss next steps" regarding possible changes to Prime's cancellation and enrollment user flows, including, but not limited to, "legal advice" regarding those steps. Dkt. #52 ¶¶ 17-18. The July 14 Memo was "prepared," apparently by non-lawyers (Amazon does not say otherwise), "for the July 14 Meeting" and provided to all meeting attendees. *Id.* ¶¶ 19-20. The memorandum describes "specific changes that the Prime team was contemplating," *id.* ¶ 19, but these potential changes do not become privileged merely because counsel received them. *See*

PLAINTIFF'S REPLY IN SUPPORT OF  
MOTION TO DESEQUESTER  
Case No. 2:23-cv-0932-JHC

8

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3320

*Upjohn*, 449 U.S. at 395 ("The privilege . . . does not protect disclosure of the underlying facts by those who communicated with the attorney.")

Another document (IC2) clawed back by Amazon seems, by Amazon's own account, to be a prototypical "silent attorney" email. Amazon describes IC2 as "an email chain among [two in-house attorneys] and Amazon business personnel." Dkt. #52 ¶ 26. One of those in-house attorneys declares he "understood this email chain to reflect requests . . . for legal advice"—a far cry from claiming this was the email's primary purpose. *Id.*; *see In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) (adopting "primary purpose" test). Although the attorney declares that when he "was copied on such a communication, it was [his] practice to inform the participants if [he] had legal concerns," he carefully avoids saying he did so here. Dkt. #52 ¶ 26.

Finally, Amazon claims 25 of the 54 Clawed Back Documents "pertain to legal advice requested or given with respect to challenges facing Prime, which include regulatory scrutiny." Dkt. #50 at 15. But "advice involving regulatory compliance . . . *may* be business or legal advice," and the "content and context of such communications must be considered in order to determine the primary purpose of the communication." *City of Roseville Employees' Retirement Sys. v. Apple Inc.*, 2022 WL 3083000, at *10-11 (N.D. Cal. Aug. 3, 2022).

## IV. AMAZON'S GRIEVANCES ABOUT THE FTC'S INVESTIGATION ARE IRRELEVANT.

The "Background" section of Amazon's Opposition contains a long recitation of grievances about the FTC's investigation. Amazon generally supports those complaints only with citations to its own prior unsworn and unsupported version of events. More importantly, Amazon's complaints overwhelmingly have nothing to do with this Motion. They are also generally false,[5] misleading, or reflect the give-and-take of any contentious investigation. Other

---

[5] One example is egregious. Three separate times, Amazon, without citing any evidence, claims the FTC "retrieved and attempted to use documents inadvertently produced in other investigation knowing that Amazon had claimed privilege over them in the Prime investigation." Dkt. #50 at 1; *see also* Dkt. #50 at 8, 19. That is false.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO DESEQUESTER
Case No. 2:23-cv-0932-JHC

9

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

than two isolated references to "unwarranted time constraints" and "rushed timelines" (Dkt. #50 at 14, 17), Amazon does not even refer to this "background" in its "Argument" section. Given their irrelevance, the FTC does not fully address Amazon's complaints here.

## LOCAL RULE 7(e) CERTIFICATION

I certify that this memorandum contains 2,932 words, in compliance with the Local Civil Rules.

Dated: August 4, 2023          /s/ Evan Mendelson

EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO DESEQUESTER
Case No. 2:23-cv-0932-JHC

10

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320