The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                 Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>                 Defendant. | No. 2:23-cv-0932-JHC<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SEAL COMMERCIALLY SENSITIVE AND IRRELEVANT INFORMATION**<br><br>**NOTED ON MOTION CALENDAR: August 4, 2023** |

Amazon moves to seal limited confidential materials that fall into two categories: (1) irrelevant private information and (2) commercially sensitive business information. ECF No. 41-1. The FTC consents to sealing the irrelevant private information (*see id.* at 2–3; ECF No. 41 at 2; ECF No. 56 at 13), but opposes sealing Amazon's commercially sensitive business information, falsely asserting that Amazon's arguments regarding competitive harm are "conclusory" and "unsupported" (ECF No. 56 at 3–4). The FTC is wrong. Amazon has provided ample justification in the form of a sworn declaration attesting that these materials contain "highly confidential and commercially sensitive business information," including non-public "survey" and "testing data" regarding Amazon's customers, and proprietary metrics "that Amazon uses to evaluate its products and services." ECF No. 42 ("Leung Decl.") ¶¶ 3–11. The FTC offers no facts to counter Amazon's showing, and none of its cited cases support denying a sealing request here, where the scope of the requested redactions is modest and cannot be said to interfere with the public's understanding of the nature of and basis for the FTC's legal claims.

REPLY ISO MOT. TO SEAL
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. AMAZON HAS PROVIDED SUFFICIENT REASON TO SEAL ITS COMMERCIALLY SENSITIVE BUSINESS INFORMATION.

Amazon has specifically identified and described its commercially sensitive business information (*see* ECF No. 41-1; ECF No. 44, Exs. A–J) and provided a sworn declaration of a knowledgeable senior executive attesting that the information at issue is highly sensitive and why public disclosure of it would cause competitive harm (*see* Leung Decl. ¶¶ 3–11).  In her declaration, Ms. Leung: (1) identifies each of the discrete categories of information that Amazon "collects, develops, and maintains" as "highly confidential and commercially sensitive business information" (*id.* ¶ 5); (2) states that she reviewed the filings at issue and confirms that the portions identified in Amazon's motion contain commercially sensitive business information (*id.* ¶¶ 10–11); (3) explains that Amazon "has devoted significant time and resources to collecting, developing, and maintaining" the information, uses the information for product and service improvements, customer attraction and retention, and internal analysis and decision-making, and keeps the information confidential "to prevent its disclosure to competitors" (*id.* ¶¶ 6–8); and (4) specifically explains that public disclosure of such information would harm Amazon's business interests and competitive position by allowing its competitors "to free-ride on Amazon's investment of time and resources to develop the ... [i]nformation" and "to gain an unfair competitive advantage by copying Amazon's internal processes and benchmarking their subscription programs against those of Amazon" (*id.* ¶ 9).  These facts more than suffice to warrant sealing these limited portions of the FTC's filings.

The FTC's argument that Amazon's showing is deficient is incorrect and the cases the agency cites (*see* ECF No. 56 at 3–4) are readily distinguishable.  In four cases, the party requesting sealing failed to substantiate its claims of competitive harm in any supporting declaration, instead relying solely on attorney argument.  *See Meghinasso v. Mercedes-Benz USA*, 2022 WL 392928, at *4 (W.D. Wash. Feb. 9, 2022) (denying sealing motion that rested on attorneys' "vague statement, unsupported by any specifics"); *Lains v. Am. Fam. Mut. Ins. Co.*, 2016 WL 5115415, at *1 (W.D. Wash. Mar. 3, 2016) (same); *Cohen v. Trump*, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) (granting unsealing motion); *Bluetooth SIG, Inc. v.*

REPLY ISO MOT. TO SEAL
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*FCA US LLC*, 2020 WL 2063561, at *2 (W.D. Wash. Apr. 29, 2020) (striking sealing motions that rested on counsel's "blanket, conclusory assertions of harm to business interests"). In *Kenny*, the only other case cited by the FTC, the movants submitted a supporting declaration and the court denied in part the motion to seal. *Compare Kenny v. Pacific Inv. Mgmt. Co. LLC*, 2018 WL 3328224, at *2 (W.D. Wash. July 6, 2018) (agreeing to seal compensation data based on evidence that it "would be a boon to competitors who could use such information to recruit [movants'] personnel or otherwise compete with [movant] for talent"), *with id.* at *3 (declining to seal other commercial information where movants made only "speculative and unsupported assertions of how th[e] documents will help [movants'] competitors"). But unlike in *Kenny* where many of the declarant's statements were vague and "purely boilerplate language," *id.* at *3 ("The Leshaw Declaration states only that this document: 'reveals sensitive information about [movant's] operations and internal governance. Disclosure of Exhibit 44 would have harmful effects on [movant].'"), in this case Ms. Leung both provides context for why the confidential business information Amazon seeks to seal is highly commercially sensitive and specifically identifies several ways in which public disclosure of such information would cause competitive harm. *See* Leung Decl. ¶¶ 3–11.

Contrary to the FTC's contention that the public interest in viewing court records outweighs Amazon's interest in preventing competitive harm (ECF No. 56 at 13), courts routinely find that genuine concerns about releasing commercially sensitive information outweigh the public interest in disclosure. *See, e.g.*, *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 2018 WL 11433938, at *1 (W.D. Wash. Oct. 12, 2018) (sealing "sales, cost, expense, profit, and projection data"); *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing "pricing terms, royalty rates, and guaranteed minimum payment terms"); *BitTitan v. Skykick Inc.*, 2015 WL 12159149, at *1 (W.D. Wash. Aug. 14, 2015).

That should be the outcome here, too, especially because Amazon seeks to seal only very limited portions of the FTC's filings. *See id.* (sealing where "Plaintiff has publicly filed ... redacted documents, allowing public access to the nature of the [documents], while protecting

REPLY ISO MOT. TO SEAL
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the specific confidential information at issue"). With the exception of one memorandum that should be sealed in its entirety given the prevalence of confidential business information in it (*see* ECF No. 41 at 4–5 and below), Amazon has cabined its requests to targeted redactions rather than sealing entire documents. These modest redactions are appropriately tailored to protect Amazon's "strong business interest in protecting its Confidential Business Information from disclosure to competitors" (Leung Decl. ¶ 9) while still allowing the public ample access to the "nature" not only of the FTC's theories but also of the specific Amazon internal data and communications on which the FTC relies. *BitTitan*, 2015 WL 12159149, at *1.

## II. THE FTC'S CONCLUSORY ASSERTIONS CANNOT OVERCOME AMAZON'S SHOWING.

The FTC's assertions that public disclosure of the information Amazon seeks to seal "could not" harm Amazon (*see* ECF No. 56 at 5–13) are entitled to no weight. The FTC is in no position to make such unsupported claims in the face of a sworn declaration of a senior executive at the company who has detailed the competitive harms hazarded by public disclosure of the materials at issue.

*Compl. ¶¶ 156, 160, 186, 192–93*: The FTC asserts without elaboration that the information Amazon seeks to redact in these sections of the Complaint is "not ... competitively sensitive." ECF No. 56 at 5. Not so. As Ms. Leung explained, these materials contain (the FTC's highly misleading and erroneous characterizations of) "specific analyses and decision-making processes that Amazon engages in to evaluate its products and services," including decision metrics and design elements that Amazon has "devoted significant time and resources to collecting, developing, and maintaining." Leung Decl. ¶¶ 5–6.

*Compl. ¶¶ 3, 17, 149, 163–64, 167(a)–(d), 184, 186, 202; 217(d)(ii), 219; Rottner Declaration Attachment 24; Rottner Declaration Attachment 29 at AMZN_00080797*: The FTC characterizes this information as "high-level, summary statistics" that are not "competitively sensitive" and that Amazon's competitors could not "use ... to discover the purportedly proprietary methods by which Amazon arrived at the statistics." ECF No. 56 at 7–9. These

REPLY ISO MOT. TO SEAL
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

conclusory assertions are meritless and fail to address Amazon's valid concern. Ms. Leung explains that Amazon "devoted significant time and resources to collecting, developing, and maintaining" the customer survey data, user and product testing data, and customer usage data that it presently seeks to seal, and uses that information for various purposes: "to improve its products and services for its customers, to aid its efforts to attract and retain customers that might otherwise choose the products or services of competitors, and to aid its internal analyses and decision-making processes." Leung Decl. ¶¶ 6–7. The anticipated harm from public disclosure is not that Amazon's competitors would be able to derive Amazon's "proprietary methods" for generating the statistics, but rather that competitors would "free-ride on Amazon's investment of time and resources to develop the [information]" and use the information to "benchmark[] their subscription programs against those of Amazon." *Id.* ¶ 9. The FTC has provided no reason to doubt these facts, which warrant sealing.[1]

*Compl. ¶¶ 150–162, 170, 177–79, 186, 204*: The FTC's conclusory assertions that information regarding Amazon's internal decision-making processes is either not proprietary or insufficiently "specific" to be commercially sensitive (*see* ECF No. 56 at 9–11) are unavailing. For example, the FTC mischaracterizes paragraphs 178–79 of the Complaint as merely describing "[t]he practice of identifying sources of customer frustration," when they disclose confidential analyses of proprietary survey results that reveal (the FTC's misleading portrayal of) the specific process and criteria by which Amazon investigates and assesses consumer experience issues. As another example, the FTC misleadingly characterizes paragraphs 150–62 and 170 of the Complaint as merely "provid[ing] a high-level description of Amazon's ... A/B testing of marketing materials" with no "specific test methodology," when those paragraphs

---

[1] The FTC speculates without elaboration that certain (unidentified) "data ... may be outdated." ECF No. 56 at 7 n.6. But it does not actually assert that any information *is* outdated, and the cases it references are readily distinguishable. In *Berlanga v. Polaris Industries, Inc.*, 2023 WL 3168514 (E.D. Cal. Apr. 28, 2023), the court declined to seal a survey because it doubted that the information at issue was *ever* sensitive and because the movant failed to propose appropriately tailored redactions. *Id.* at *2. And in *In re MyFord Touch Consumer Litigation*, 2018 WL 1027391 (N.D. Cal. Feb. 2, 2018), the court refused to seal survey data not because they were old, but because movant failed to show that public disclosure would cause competitive harm. *Id.* at *2.

REPLY ISO MOT. TO SEAL
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

make specific allegations regarding Amazon's flow testing process and its "metric[s]" for assessing potential design updates.  As such, the sole authority the FTC relies on to oppose sealing of these materials—*Kenny*—is distinguishable.  *See* 2018 WL 3328224, at *3–4 (declining to seal "documents reflecting the deliberative process of [a] Board" where movant "fail[ed] to submit sufficient evidence that public revelation of these documents would ... reveal information that could harm [movant]").[2]

*Compl. ¶ 20; Rottner Declaration Attachment 3*:  The FTC asserts without any support that this data "reveal[s] nothing of substance."  ECF No. 56 at 11.  But these data regarding relative usage and popularity of Amazon's different enrollment paths are quintessential "commercially sensitive business information":  They provide competitors insights into which of their own enrollment mechanisms to prioritize and which of Amazon's flows may be worth copying.  *See* Leung Decl. ¶¶ 7–9.

*Rottner Declaration Attachment 18*:  This six-page business memorandum should be sealed because it consists of "non-public, proprietary data collected through surveys and non-public, internal analyses of that data."  ECF No. 41 at 4; Leung Decl. ¶¶ 5–9.  The record belies the FTC's assertion that Amazon has not "explain[ed] why targeted redactions ... would not suffice."  ECF No. 56 at 12–13.  Amazon highlighted—and it is apparent on the face of the document—that the memorandum is "full of proprietary data ... and analysis of the same."  ECF No. 41-1 at 3.  While Amazon has provided targeted redactions for all other materials it moves to seal, this entire memorandum is commercially sensitive.  As for the FTC's rank speculation that Amazon may not have implemented, or may no longer use, a formula discussed in the memorandum (*see* ECF No. 56 at 11–13), it is inapposite.  Competitors could use the formula—

---

[2] Amazon of course disagrees with the FTC's rhetorical assertion that "Amazon's attempt to seal [certain] allegations by labeling them 'proprietary information' is an implied concession that they are true."  ECF No. 56 at 10 n.11.  In a complex organization like Amazon, materials can be business sensitive without Amazon endorsing the truth or accuracy of every statement therein (or the FTC's misleading characterization of such statements out of context).

REPLY ISO MOT. TO SEAL
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

generated by Amazon at significant expense and using proprietary information—regardless of whether Amazon currently uses it or has ever used it.  *See* Leung Decl. ¶¶ 5–6.

## CONCLUSION

For the reasons stated in Amazon's motion and herein, the Court should grant Amazon's motion to seal.

DATED this 4th day of August, 2023.

I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
         jimhoward@dwt.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
         lflahivewu@cov.com
         lkim@cov.com
         jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA  94105

REPLY ISO MOT. TO SEAL
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA  94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
         mkaba@hueston.com
         jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendant
AMAZON.COM, INC.

REPLY ISO MOT. TO SEAL
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax