The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | No. 2:23-cv-0932-JHC<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE IMPROPER COMPLAINT ALLEGATIONS**<br><br>**NOTED ON MOTION CALENDAR:**<br>**August 4, 2023** |

The FTC strains to justify inserting immaterial and inflammatory allegations in the Complaint that have nothing to do with its causes of action—including irrelevant, prejudicial, and false allegations about other non-Prime programs and Amazon's response to the investigation that preceded this lawsuit. Rather than try to defend these allegations as pertinent to its claims, the FTC makes unpersuasive arguments that the allegations might be relevant to the scope of injunctive relief or to support tolling of the statute of limitations. Neither of these speculative rationales justifies keeping these allegations in the Complaint. On the contrary, they serve to reinforce why this plainly "immaterial, impertinent, or scandalous" material should be stricken under Rule 12(f).

I.  **IMPROPER ALLEGATIONS RELATED TO NON-PRIME SUBSCRIPTION SERVICES SHOULD BE STRICKEN.**

The FTC asserts that the Complaint "*chiefly* addresses violations committed in selling [Amazon's] Prime service." ECF No. 54 at 5 (emphasis added). The reality is that the

REPLY ISO MOT. TO STRIKE
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Complaint *only* addresses alleged violations pertaining to Prime. ECF No. 45 at 4-5; Compl. ¶¶ 249–266.

The FTC does not even attempt to argue the relevance of its cryptic and conclusory allegations about non-Prime programs to the actual claims against Prime. Instead, the FTC seeks to justify the inclusion of these allegations based on the speculative possibility that, if the FTC prevails as to Prime, it might be entitled to broad injunctive relief across "all" of Amazon's products. ECF No. 54 at 6. Nothing will preclude the FTC from arguing what it believes to be an appropriate scope of relief should it manage to prevail as to liability. But inserting irrelevant allegations about non-Prime programs into the Complaint for the purported purpose of supporting the scope of wholly speculative future injunctive relief is improper.

Under Rule 12(f), the inquiry begins and ends with the claims that are made in the Complaint—and those claims concern only Amazon Prime's enrollment and cancellation processes.[1] *See Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 962 (N.D. Cal. 2019); *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F.Supp. 820, 831 (N.D. Cal. 1992) (striking reference in complaint to "general public" where plaintiff "failed … to provide any specifics regarding which members of the general public are to be included in this action"); *cf. Coca-Cola Co. v. Howard Johnson Co.*, 386 F. Supp. 330, 336-38 (N.D. Ga. 1974) (striking one defense where there was no "'immediate and necessary relationship' between the claim plaintiff is asserting and the misconduct upon which defendants seeks to ground … [the] defense" and another where "the alleged illegal misconduct is only remotely related to the equities in the instant litigation … [and] [t]he Court declines to muddy the waters with this unrelated alleged misconduct").

---

[1] Moreover, the three paragraphs about non-Prime programs are wholly conclusory and include no details about how the enrollment and cancellation flows for those programs operate, other than a throwaway statement that they are "similar" to Prime. Compl. ¶¶ 218–220. That is insufficient for broad injunctive relief as to these programs. *See Drum v. Clarke*, 2007 WL 1174691 at *3, *8 (W.D. Wash. Apr. 2, 2007) (observing that the "burden of showing a likelihood of reoccurrence [of harm] is firmly placed upon the plaintiff" and finding neither preliminary or permanent injunctive relief available where plaintiff "ha[d] shown no threat of future injury").

REPLY ISO MOT. TO STRIKE
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Beasley* is particularly instructive.  There, the plaintiff asserted unfair competition claims premised on misleading labeling in Nestlé's Coffee-mate products, and in purported support of these claims, pleaded that Nestlé had made false statements in connection with certain other products, as well.  400 F. Supp. 3d at 948.  On a motion to strike, the plaintiff defended these allegations on the basis that they showed defendant's "pattern and practice of oppressive and unlawful conduct towards consumers[.]" *Id.* at 962.  But the court disagreed, affirming that because the allegations did not relate to "the only product at issue" and were "far afield … from the conduct and claims at issue[,]" they were properly stricken.  *Id.*  Tellingly, the FTC does not grapple here with *Beasley*, focusing instead on cases that fail to address the specific issue in this motion—*i.e.*, the inclusion of irrelevant and conclusory allegations regarding products that are not the subject of the Complaint.  *See FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1105 (9th Cir. 2014) (reviewing scope of injunction for overbreadth); *Sears, Roebuck & Co. v. FTC*, 676 F.2d 385, 395 (9th Cir. 1982) (reviewing scope of FTC cease-and-desist order); *Perez v. U.S. Postal Serv.*, 76 F. Supp. 3d 1168, 1196 (W.D. Wash. 2015) (explaining that broad injunctive relief is appropriate to redress employment discrimination claims).

 In this situation, where the FTC concedes that paragraphs 218–220 about the non-Prime programs are irrelevant to its claims about Prime, and especially where such allegations have the potential to "prejudice [Amazon] by painting it as a bad actor," *Beasley*, 400 F. Supp. 3d at 963, they should be stricken.

## II. IMPROPER ALLEGATIONS RELATED TO IRRELEVANT INVESTIGATION CONDUCT SHOULD BE STRICKEN.

Amazon also moved to strike more than 20 irrelevant allegations about Amazon's response to the pre-litigation efforts to comply with the FTC's investigation, including its use of "privileged and confidential" markings on documents, Compl. ¶¶ 221–224, and other alleged actions that the FTC concludes were done "to delay" the investigation.  *Id.* ¶¶ 225–241; ECF No. 45 at 5–6.  This latter category of other actions that Amazon allegedly took is not incorporated into any of the FTC's causes of action.  *Id.*  ¶¶ 249–266.  The FTC now attempts to justify

REPLY ISO MOT. TO STRIKE
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

inclusion of these allegations by claiming they "support tolling the limitations period[]" because Amazon "intentionally delayed the filing of this lawsuit."[2] ECF No. 54 at 3.  This claim is a pretext for the real purpose of these gratuitous and offensive mischaracterizations about Amazon's routine actions to respond to the FTC's investigation, which is to "cast[] a derogatory light on" Amazon.  *Beasley*, 400 F. Supp. 3d at 962 (citation omitted).

  *First*, the challenged paragraphs do not plausibly support tolling the statute of limitations. For example, the FTC pleads no facts to support that Amazon's marking of documents as "privileged & confidential" delayed it in filing the litigation, nor could it.[3]  Where allegations are legally insufficient to support tolling, they should be stricken.  *See In re Fertilizer Antitrust Litig.*, 1979 WL 1690 at *9 (E.D. Wash. Sept. 14, 1979); *Kay v. Wells Fargo & Co. N.A.*, 2007 WL 2141292, at * 4-6 (N.D. Cal. July 24, 2007) (striking tolling allegations as legally insufficient).  In *Fertilizer*, the court granted a motion to strike similar allegations in a complaint brought by five state attorneys general for purported antitrust violations because those allegations failed to state the basic facts necessary to support tolling, including when and how defendants' alleged fraudulent concealment of facts was discovered, and how the unavailability of those facts impacted the plaintiffs' ability to file suit.  *Id*. at *8.  Moreover, the court reasoned that plaintiffs, state attorneys general, were uniquely unlikely to be "significantly influenced" by defendants' alleged misrepresentations because of their familiarity with "the implications of the antitrust

---

[2] Notably, unlike here, each case the FTC cites for the proposition that "it is entirely appropriate for the FTC to plead facts supporting tolling in the Complaint," ECF No. 54 at 4 n.4, involves a complaint that includes allegations describing by name the specific theory that would apply to toll the statute of limitations.  Complaint at 82, 86, *IQVIA Inc. v. MedImpact Healthcare Systems Inc.*, No. 21-CV-2081-BEN-AHG (S.D. Cal. Dec. 31, 2021); Amended Complaint at 114–119, *White v. Symetra*, No. 2:20-cv-01866-MJP (W.D. Wash. Apr. 7, 2021); First Amended Complaint at 46–54, *Hexcel Corp. v. Ineos Polymers, Inc*., No. CV 09-5334-FMC (RNBx) (C.D. Cal. Sept. 22, 2009); First Amended Complaint at 41, *Est of Amaro v. City of Oakland*, No. 09-cv-01019-WHA (N.D. Cal. Sept. 9, 2009).  In the one case cited where plaintiff did not plead tolling, the court dismissed the complaint.  *U.S. ex rel. Marchese v. Cell Therapeutics, Inc.*, 2007 WL 2572347, at *3 (W.D. Wash. Sept. 6, 2007).

[3] As Amazon has explained in its Opposition to Plaintiff's Motion to Desequester, ECF No. 50 at 17, it produced thousands of documents marked as "privileged & confidential" or referencing in-house lawyers, undercutting any argument that there was systematic withholding of these documents that delayed the investigation.

REPLY ISO MOT. TO STRIKE
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

laws" and "conduct of antitrust violators." *Id.* The same logic applies here. The allegations at issue here lack details about, for example, how the facts impacted the FTC's ability to bring suit, and should be stricken. Additionally, like the state attorneys general, given the FTC's significant expertise in investigating and seeking redress for purported consumer harms, it cannot plausibly assert that Amazon's pre-litigation behavior thwarted its attempts to pursue the relief it now seeks. *See id.*

*Second*, the FTC's failure to incorporate almost all of the challenged paragraphs about Amazon's conduct into any of its causes of action demonstrate their irrelevant nature. Pleadings "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" are improper. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). This omission is dispositive: the challenged allegations are not tied to any of the FTC's causes of action—demonstrating that these allegations are "immaterial" and "impertinent" to the Complaint and warrant striking under Rule 12(f). *See id.*; *see also, e.g.*, *Turkalj v. Entra Default Sols., LLC*, 2015 WL 1535545 at *1 (N.D. Cal. Apr. 6, 2015) (dismissing complaint consisting of "100 confusing paragraphs of legal assertions and conclusory allegations, many of which do not relate to his causes of action"); *Lobstein v. Wash. Mut. Mortg. Pass-Through Certificates WMALT Series 2007-OC1*, 2020 WL 3964789 at *1 (C.D. Cal. Mar. 17, 2020) (dismissing complaint with multiple factual allegations "not include[d] as … express cause[s] of action"); *Sykora v. United States Postal Service*, 2020 WL 4339350 at *3 n.4 (M.D. Fla. July 28, 2020) (dismissing complaint that "does not incorporate [its general] allegations into the causes of action").

*Third*, the FTC ignores the fact that it fully controlled the timing of its multi-year investigation and could have brought an enforcement action at any time. And it overlooks that it waited more than six months after the end of investigational hearings and more than eight months after Amazon substantially completed its document productions in the investigation—during which time Amazon attempted repeatedly to engage with the FTC to resolve any

REPLY ISO MOT. TO STRIKE
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

outstanding issues—to bring this lawsuit. *See* ECF No. 50 at 9-10. Its actions are inconsistent with a party concerned with expeditious resolution of the matter.

*Fourth*, the FTC cites several inapposite cases for the proposition that "relevant allegations [that] may embarrass" a defendant are not necessarily "scandalous or unduly prejudicial within the meaning of Rule 12(f)." ECF No. 54 at 4 (citing cases). But these cases apply only when challenged allegations are specifically "relevant to establishing the facts of the case." *See Clare v. Clare*, 2021 WL 6206989 at *3 (E.D. Wash Dec. 8, 2021) (declining to strike allegations and exhibits that "directly pertain to [plaintiff's] defenses" and that are "relevant to establishing the facts of the case"); *see also Pizza Hut v. Lundy Enter., LLC*, 2011 WL 13299324 at *12 (N.D. Tex. Sept. 19, 2011) (finding allegations defendant sought to have stricken both "material and relevant" to understanding parties' intent and performance of settlement agreement at issue, and "relevant to ascertaining the scope of any damages"). In contrast, the challenged allegations here are not relevant to any claims.

## CONCLUSION

For the reasons stated in Amazon's motion and herein, the Court should grant Amazon's motion to strike the impertinent and irrelevant allegations regarding Amazon's designation of privileged materials, historical events during the FTC's investigation, and programs other than Prime.

REPLY ISO MOT. TO STRIKE
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 4th day of August, 2023.

I certify that this memorandum contains 1,957 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: kenpayson@dwt.com
           jimhoward@dwt.com

COVINGTON & BURLING LLP

    Stephen P. Anthony*
    Laura Flahive Wu*
    Laura M. Kim*
    John D. Graubert*
    850 Tenth Street, NW
    Washington, DC  20001
    Telephone: (202) 662-5105
    E-mail: santhony@cov.com
           lflahivewu@cov.com
           lkim@cov.com
           jgraubert@cov.com

    John E. Hall*
    415 Mission Street, Suite 5400
    San Francisco, CA  94105
    Telephone: (415) 591-6855
    E-mail: jhall@cov.com

    Megan L. Rodgers*
    3000 El Camino Real
    Palo Alto, CA  94306
    Telephone: (650) 632-4734
    E-mail: mrodgers@cov.com

REPLY ISO MOT. TO STRIKE
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
mkaba@hueston.com
jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendant
AMAZON.COM, INC.

REPLY ISO MOT. TO STRIKE
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax