The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　　Defendant. | No. 2:23-cv-0932-JHC<br><br>**JOINT STATEMENT OF DISPUTES REGARDING PROTECTIVE ORDER** |

JOINT STATEMENT OF DISPUTES
(2:23-cv-0932-JHC) - 1
4861-4404-1841v.12 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Pursuant to the Court's Order [Dkt. 14], the FTC and Amazon have met and conferred regarding the entry of a protective order governing (1) the treatment of documents, testimony, and other information provided to the FTC by Amazon or any third-party submitter prior to the filing of this action, and (2) the exchange in discovery of documents that a party deems confidential. Over the past month, the parties have conferred by teleconference and exchanged proposals and revisions to the Western District of Washington's Model Stipulated Protective Order consistent with the Court's Order and LCR 26(c)(2).

In its Order, the Court stated "the parties shall submit a joint stipulated proposed protective order or, if the parties are unable to reach an agreement, two separate proposed protective orders accompanied by a joint submission describing each party's justification for its proposal." *Id*. The parties have reached agreement on substantially all of the terms of a proposed protective order. Two proposed terms, however, remain disputed. Accordingly, the parties submit this joint statement outlining their disagreements on provisions of the protective order to be entered. Along with this joint statement, the parties are providing:

- **Exhibit A**: A redline showing the parties' stipulated proposed revisions and the FTC's additional proposed revisions to the Western District's model order.
- **Exhibit B**: A redline showing the parties' stipulated proposed revisions and Amazon's additional proposed revisions to the Western District's model order.
- **Exhibit C**: A redline showing the FTC's remaining suggested revisions to Amazon's proposed protective order that Amazon did not accept, i.e. the remaining disputed terms between the FTC and Amazon.

The parties will also provide the Court with Word versions of their respective proposed protective orders.

JOINT STATEMENT OF DISPUTES
(2:23-cv-0932-JHC) - 2
4861-4404-1841v.12 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. THE PARTIES' POSITIONS

**1. Section 5.3 (Disclosures to Governmental Entities)**

    **A.**     **Text of FTC's Proposed Section 5.3:**

5.3   Disclosures to Governmental Entities. Notwithstanding the limitations set forth in Section 5.2 and subject to taking appropriate steps to preserve confidentiality, Plaintiff may disclose Confidential Material and Sensitive Personal Information to other governmental entities, in the manner provided by 16 C.F.R. §§ 4.9-4.11, 15 U.S.C. §§ 46(f), 57b-2.  Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of Plaintiff) and congressional committees.  Any officers or employees of Federal or State law enforcement agencies who will have access to such materials must maintain them in confidence, use them only for official law enforcement purposes, and sign the "Acknowledgement and Agreement to Be Bound (Government Entity)" (Exhibit B).  Plaintiff shall provide a copy of the signed Exhibit B to Defendant prior to providing any Confidential Material to a Federal or State law enforcement agency unless the agency requests that Defendant not be notified.  Nothing in this subsection shall limit Plaintiff's ability to share ROSCA Investigation Material or Other Investigation Material with other governmental entities, as provided by 16 C.F.R. §§ 4.9-4.11, 15 U.S.C. §§ 46(f), 57b-2, or as otherwise authorized or required by law, even if such material is designated as Confidential Material under this Order.

    **B.**     **Text of Amazon's Amazon's Proposed Section 5.3:**

5.3   Disclosures to Governmental Entities. Notwithstanding the limitations set forth in Section 5.2 and subject to taking appropriate steps to preserve confidentiality, Plaintiff may disclose Confidential Material and Sensitive Personal Information to other governmental entities, in the manner provided by 16 C.F.R. §§ 4.9-4.11, 15 U.S.C. §§ 46(f), 57b-2 as if the Confidential Material was obtained pursuant to an investigation as contemplated by these sections.  Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of Plaintiff) and congressional committees. At least 14 days before disclosing any Confidential Material or Sensitive Personal Information to such entities, Plaintiff

JOINT STATEMENT OF DISPUTES
(2:23-cv-0932-JHC) - 3
4861-4404-1841v.12 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

must provide notice to Defendant of the material(s) to be disclosed and the identities of the individuals who will have access to such materials. The individuals who will have access to such materials sign the "Acknowledgement and Agreement to Be Bound (Government Entity)" (Exhibit B). Plaintiff must also provide copies of the executed Acknowledgement and Agreement to be Bound in full at least 14 days before the disclosure.

### C. The FTC's Position:

Amazon has agreed to a version of Section 5.3 that permits the FTC to share information obtained in discovery with law enforcement agencies and Congress, but argues (1) the FTC should be required to disclose the existence of other agencies' nonpublic law enforcement investigations when doing so, and (2) the Court should bind members of Congress and their staffers to the terms of the Protective Order. Because Amazon cannot establish good cause for either restriction, the FTC respectfully requests entry of its proposed Protective Order. *See* Fed. R. Civ. P. 26(c)(1) (Court may enter protective order "for good cause"); *Trade Associates Inc. v. Fusion Techs., Inc.*, 2010 WL 11530556, at *1 (W.D. Wash. Sept. 29, 2010) (to establish "good cause" for protective order, party must "demonstrate that 'specific prejudice or harm will result if no protective order is granted'" (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)).

First, Amazon requests that, where a law enforcement agency asks the FTC to keep its information request confidential, the FTC must choose between not providing the information and providing the information but disclosing the agency's request (which, in many cases, would disclose the existence of nonpublic law enforcement investigation). Amazon's proposal is improper because it could compromise the confidentiality of other agencies' investigations. It would also interfere with Congress's effort "to make it crystal clear that the Commission has this authority [to share information with law enforcement agencies] and that it should be able to exercise it without undue delay and restraint." *Fleming v. FTC*, 670 F.2d 311, 315 (D.C. Cir. 1982); *see also* 15 U.S.C. § 46 (allowing such sharing not only in the context of information obtained in FTC investigations, but also in *any* circumstance in which the Commission learns of

JOINT STATEMENT OF DISPUTES
(2:23-cv-0932-JHC) - 4
4861-4404-1841v.12 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

potential criminal violations (see 15 U.S.C. § 46(k)(1)). Amazon asserts it "should" be entitled to notice when its information is shared, but does not meet its burden of showing that any specific prejudice or harm will result in the absence of notice. In fact, given the confidentiality restrictions that the FTC's proposed Section 5.3 already imposes on the agency receiving information—including that such agencies must maintain the information in confidence and only use it for official law enforcement purposes—there is no meaningful risk of harm. Additionally, Amazon's argument that a notice requirement would not "burden" the FTC is beside the point. The issue is not burden; it is the disclosure of otherwise-confidential investigations.

Second, Amazon argues that "other governmental entities"—i.e., Congress—should be bound by the terms of the Protective Order, which would subject Congress to this Court's jurisdiction when performing its oversight functions. This request raises significant separation-of-powers concerns, and, at a minimum, Amazon cannot establish good cause for restricting Congress in this manner. In any event, the FTC regulations incorporated in the FTC's proposed Section 5.3 provide adequate protection to Amazon. Specifically, when the FTC receives a request for "nonpublic material" from Congress (regardless of whether the FTC obtained that nonpublic material during an investigation or litigation), it must give notice to Amazon of the request and must inform Congress that Amazon considers the requested information confidential. 16 C.F.R. § 4.11(b).

Finally, the other discrepancies between the parties' proposed Sections 5.3 should be resolved in favor of the FTC. First, by restricting all "Confidential Material," Amazon's proposed Section 5.3 could be read to impose new restrictions on the sharing of information the FTC obtained during its investigation preceding this lawsuit, where Amazon designates such information "Confidential" under the Protective Order. There is no basis to add new restrictions on information already obtained, which under the FTC Act and applicable regulations the FTC is expressly permitted to share with other government agencies. See 15 U.S.C. § 57b-2(b)(6), (d)(1) (permitting sharing with other law enforcement agencies and Congress, with no temporal restriction); 16 C.F.R. § 4.11(b), (c) (same). The FTC's proposed final sentence of Section 5.3

JOINT STATEMENT OF DISPUTES
(2:23-cv-0932-JHC) - 5
4861-4404-1841v.12 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

confirms that there are no such restrictions. Second, the FTC has agreed to Amazon's request that law enforcement agencies sign an agreement to be bound by Section 5.3 of the Protective Order (Exhibit B), but opposes Amazon's request for the agencies to be bound by the entire Protective Order. Amazon's proposal would result in uncertainty for agencies because it is unclear how most of the Protective Order's provisions would apply outside of the context of this litigation. Therefore, the FTC respectfully requests the Court adopt its proposed Exhibit B.

### D. Amazon's Position:

The FTC is mistaken regarding the scope of the FTC's authority to share confidential information with other law enforcement agencies. The FTC's authority in support of its position refers to confidential materials obtained in investigations, not in civil discovery. *See* 15 U.S.C. § 57b-2(b) ("With respect to any document, tangible thing, or transcript of oral testimony received by the Commission pursuant to compulsory process in an investigation … the procedures established in paragraph (2) through paragraph (7) shall apply"). These provisions ceased to apply when the FTC ended its investigation and brought suit in federal court. Notwithstanding that the FTC is no longer entitled to share these documents with other law enforcement agencies as of right, Amazon is willing to compromise provided the FTC can ensure that Amazon's documents are adequately protected. To this end, Amazon has included additional safeguards that would allow for the sharing the FTC requested while protecting Amazon's confidential materials. Specifically, Amazon proposes that any parties receiving such documents would be required to sign Enclosure B to Amazon's proposed protective order. Enclosure B would bind any agency to most of the provisions in the protective order without restricting the use of the materials to the present litigation. Although the FTC is willing to agree to bind any federal and state law enforcement agencies to most terms of the protective order, the FTC is not willing to bind any other governmental entities. The Court should adopt Amazon's proposal on this issue which would require any governmental entity to which the FTC wishes to disclose Confidential Material to first sign Enclosure B to Amazon's proposed protective order.

JOINT STATEMENT OF DISPUTES
(2:23-cv-0932-JHC) - 6
4861-4404-1841v.12 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

In addition, Amazon should be entitled to some notice of which documents are shared and with whom. The FTC is willing to agree to allow Amazon to receive notice before documents are shared *unless* the receiving agency requests that Amazon not be notified, which would render the notice provision effectively a nullity. Amazon's proposed request for such notice does not impose a high burden, as it does not include disclosures regarding the existence of a confidential investigation, but merely requests the name of the entities and the identity of the documents. Furthermore, this proposal gives Amazon adequate notice to protect its sensitive documents without implicating any policy concerns regarding the confidentiality of law enforcement investigations.

2. **Section 11 (Non Termination and Return of Documents)**

   A. **Text of Relevant Portion of FTC's Proposed Section 11:**

   Within 90 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

   B. **Text of Relevant Portion of Amazon's Proposed Section 11:**

   Within 90 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

   The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that affirms that the Receiving Party has used reasonable efforts to destroy copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

   C. **The FTC's Position:**

   Amazon cannot establish good cause for its proposed insertion of a certification-of-destruction requirement in Section 11. Even absent this requirement, the Protective Order

JOINT STATEMENT OF DISPUTES
(2:23-cv-0932-JHC) - 7
4861-4404-1841v.12 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

already subjects the parties to contempt sanctions if they do not comply with the substantive requirements of Section 11.  The Court's Model Protective Order recognizes that no further protection is necessary, and Amazon does not argue otherwise.  *See Kater v. Churchill Downs Inc.*, 2020 WL 13490764, at *1 (W.D. Wash. May 5, 2020) ("Out of the two dueling proposals, the Court agrees with Plaintiffs that Defendants have failed to explain how the Western District's model orders will prejudice them even if they don't fulfill every item on their wish list. . . . The model order is the model for a reason—it was drafted and approved by the judges of this district based on their collective experience managing numerous cases with confidential material." (internal quotation marks omitted)).  Amazon's argument that the certification requirement would not burden the FTC overlooks that Amazon, not the FTC, must establish good cause for its proposed addition to the Protective Order.

### D. Amazon's Position:

In this Section, Amazon proposes the addition of language requiring the Receiving Party of Confidential Material to confirm that they have destroyed such material (absent an archival copy subject to the protective order) after the conclusion of this action.  This addition is unremarkable.  It merely requires that the FTC confirm that it is in compliance with the other, stipulated language in this section.  Accordingly, the addition of this language does not impose a high burden on the FTC, and Amazon respectfully requests that the Court adopt its version of Section 11.

DATED this 11th day of August, 2023.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant Amazon.com, Inc.*

By s/ *Kenneth E. Payson*
   Kenneth E. Payson, WSBA #26369
   James Howard, WSBA #37259
   920 Fifth Avenue, Suite 3300
   Seattle, WA  98104-1610
   Telephone: (206) 622-3150
   Fax: (206) 757-7700
   E-mail: kenpayson@dwt.com
            jimhoward@dwt.com

JOINT STATEMENT OF DISPUTES
(2:23-cv-0932-JHC) - 8
4861-4404-1841v.12 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
          lflahivewu@cov.com
          lkim@cov.com
          jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA  94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA  94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
          mkaba@hueston.com
          jreiter@hueston.com

*admitted pro hac vice

FEDERAL TRADE COMMISSION
*Attorneys for Plaintiff*

By *Evan Mendelson*
   Evan Mendelson, D.C. Bar #996765

JOINT STATEMENT OF DISPUTES
(2:23-cv-0932-JHC) - 9
4861-4404-1841v.12 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Olivia Jerjian, D.C. Bar #1034299
Thomas Maxwell Nardini, IL Bar #6330190
600 Pennsylvania Avenue NW
Washington, DC  20580
(202) 326-3320; emendelson@ftc.gov
(202) 326-2749; ojerjian@ftc.gov
(202) 326-2812; tnardini@ftc.gov

Colin D. A. McDonald, WSBA #55243
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov

JOINT STATEMENT OF DISPUTES
(2:23-cv-0932-JHC) - 10
4861-4404-1841v.12 0051461-005818

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax