# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT ——————————SEATTLE

[PLAINTIFF],

FEDERAL TRADE COMMISSION,

                   Plaintiff,

     v.

[DEFENDANT],

AMAZON.COM, INC.,

                   Defendant.

CASE NO. 2:23-cv-0932

MODEL[PLAINTIFF'S PROPOSED]
PROTECTIVE ORDER

## 1.    __PURPOSES AND LIMITATIONS__

       Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the ~~court~~Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file

confidential information under seal. The availability of protection pursuant to this order does not preclude a party from withholding information protected by any applicable privilege. Nothing in this order shall restrict in any way the right of a Producing Party to disclose or make use of its own documents, Discovery Material, or Investigational Material. Under LCR 26(c)(2), the parties began with the District's Model Protective Order, and have identified departures from the model in redlined submissions to the Court.

2.     "CONFIDENTIAL" MATERIAL

**2.     "DEFINITIONS**

2.1     Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this order.

2.2     Confidential" material shall include the following Material:  Defined in Section 3.1 below.

2.3     Customer Information: Non-public personal information regarding customers, including any lists, descriptions, or other grouping of customers that are derived using non-public personal information.

2.4     Designating Party:  A Party, Non-Party, person, or entity designating documents or information as Protected Information under this order.

2.5     Discovery Material:  All items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     ROSCA Investigation Material: All investigational hearing testimony, investigational hearing exhibits, interrogatory responses, and privilege logs, including from any Non-Party, that were provided to Plaintiff during its investigation leading to this action (*i.e.*, in connection with FTC File No. 2123050).

2.7     Other Investigation Material: All items or information, including from any Non-

Party, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that were provided to Plaintiff in any investigation, excluding ROSCA Investigation Material.

2.8    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Party:  Any party to this action, including its officers, directors, employees, consultants, vendors, retained experts, and outside counsel of record (and their support staff).

2.10   Producing Party:  A Party or Non-Party that produces Discovery Material in this action or produced ROSCA Investigation Material or Other Investigation Material to Plaintiff.

2.11   Protected Material:  Any Discovery Material, ROSCA Investigation Material, or Other Investigation Material that is designated as Confidential Material, and any Sensitive Personal Information.

2.12   Receiving Party:  A Party that receives Discovery Material, ROSCA Investigation Material, or Other Investigation Material from a Producing Party.

2.13   Sensitive Personal Information.  Any:

(1)    Social Security number;

(2)    Sensitive health-related data including medical records;

(3)    Biometric identifier;

(4)    Any one or more of the following when combined with an individual's name, address, or phone number:  (a) date of birth, (b) driver's license or other state identification number, or a foreign equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, or (f) credit or debit card number;

(5)    An individual's name, if that individual is a minor;

(6)    An individual's telephone number, email address, or home address, unless relevant to a claim or defense of any party; or

(7)      Other sensitive information relating to an individual entitled to confidential

status under applicable law or by order of this Court.

**3.      DISCOVERY MATERIAL**

~~2.1~~3.1  Confidential Material: Documents and tangible things that may be produced or

otherwise exchanged~~: [The parties must include a list of specific documents~~ that (1) the

Designating Party reasonably believes contain, describe, or disclose sensitive, non-public

confidential information, such as ~~"company's customer list" or "plaintiff's medical records;" do~~

~~not list broad categories of documents~~(a) court records, whether in this District or other courts,

currently maintained under seal; (b) information subject to a non-disclosure or confidentiality

agreement: (c) employee personnel information; (d) a Non-Party's commercially sensitive

information, trade secrets, or competitive or strategic initiatives that are not readily ascertainable

and for which the Designating Party has taken reasonable steps to maintain confidentiality; and (e)

Customer Information; or (2) the Designating Party's own commercially sensitive information,

such as ~~"sensitive~~ (a) financial or accounting information; (b) commercially sensitive internal

communications or information; and (c) business ~~material"].~~negotiations, transactions, and

dealings with Non-Parties.

3.2      Source Code or Object Code: Should the parties agree to source or object code

discovery, or be ordered to produce such discovery, they will meet-and-confer regarding the

necessity of a stipulated source code supplement to this Order.

**~~3.~~4.      SCOPE**

The protections conferred by this agreement cover not only ~~confidential material~~Protected

Material (as defined above), but also (1) any information copied or extracted from ~~confidential~~

~~material~~Protected Material; (2) all copies, excerpts, summaries, or compilations of ~~confidential~~

~~material~~Protected Material; and (3) any testimony, conversations, or presentations by

~~parties~~Parties or their ~~counsel~~Counsel, Non-Parties, or experts that might reveal ~~confidential~~

~~material~~Protected Material.

1    However, the protections conferred by this agreement do not cover information that is in

2    the public domain or becomes part of the public domain through trial or otherwise.

3    **~~4.~~5.    ACCESS TO AND USE OF ~~CONFIDENTIAL~~PROTECTED MATERIAL**

4    ~~4.1~~5.1 Basic Principles. A ~~receiving party~~Receiving Party may use ~~confidential~~

5    ~~material~~Protected Material that is disclosed or produced by another ~~party~~Party or by a ~~non-~~

6    ~~party~~Non-Party in connection with this case only for prosecuting, defending, or attempting to settle

7    this litigation. ~~Confidential material~~Apart from disclosures to the Producing Party and its current

8    employees and agents, which nothing in this Protective Order prohibits, Protected Material may

9    be disclosed only to the categories of persons and under the conditions described in this agreement.

10   ~~Confidential material~~Protected Material must be stored and maintained by a ~~receiving~~

11   ~~party~~Receiving Party at a location and in a secure manner that ensures that access is limited to the

12   persons authorized under this agreement.

13   ~~4.2~~5.2 Disclosure of ~~"CONFIDENTIAL" Information or Items.~~Protected Material. Unless

14   otherwise ordered by the court or permitted in writing by the ~~designating party~~Designating Party,

15   a ~~receiving party~~Receiving Party may disclose any ~~confidential material~~Protected Material only

16   to:

17        (a)    the ~~receiving party's~~Receiving Party's counsel of record in this action, as

18   well as employees of counsel to whom it is reasonably necessary to disclose the information for

19   this litigation;

20        (b)    the officers, directors, and employees (including in-house counsel) of the

21   ~~receiving party~~Receiving Party to whom disclosure is reasonably necessary for this litigation,

22   unless the parties agree that a particular document or material produced is for Attorney's Eyes

23   Only and is so designated;

24        (c)    experts~~and,~~ consultants, and contractors (and their employees and staff) to

25   whom disclosure is reasonably necessary for this litigation and who have signed the

26   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1         (d)     the ~~court~~Court, court personnel, and court reporters and their staff;

2         (e)     copy ~~or,~~ imaging, document management, and electronic discovery services

3 retained by ~~counsel~~Counsel to assist in the ~~duplication~~management of ~~confidential~~

4 ~~material,~~Confidential Material and who execute the "Acknowledgement and Agreement to be

5 Bound" (Exhibit A), provided that counsel for the ~~party~~Party retaining ~~the copy or imaging~~

6 ~~service~~such services instructs the service not to disclose any ~~confidential material~~Confidential

7 Material to third parties and to immediately return all originals and copies of any ~~confidential~~

8 ~~material~~Confidential Material;

9         (f)     during their depositions, witnesses in the action to whom disclosure is

10 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

11 (Exhibit A), unless otherwise agreed by the ~~designating party~~Designating Party or ordered by the

12 court. Pages of transcribed deposition testimony or exhibits to depositions that reveal ~~confidential~~

13 ~~material must be separately bound by the court reporter and~~Confidential Material may not be

14 disclosed to anyone except as permitted under this agreement;

15         (g)     the author or recipient of a document containing the information or a

16 custodian or other person who otherwise possessed or knew the information (and that person's

17 counsel);

18         (h)     graphics, translation, design, and/or trial consulting personnel, who have

19 signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

20         (i)     mock jurors who have signed an undertaking or agreement agreeing not to

21 publicly disclose Protected Material and to keep any information concerning Protected Material

22 confidential;

23         (j)     any mediator who is assigned to hear this matter, and his or her staff, subject

24 to their agreement to maintain confidentiality to the same degree as required by this agreement;

25         (k)     any other person who has signed the "Acknowledgement and Agreement to

26 be Bound" (Exhibit A) with the prior written consent of the Producing Party, and on such

conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld, or upon order of the Court.

5.3    Disclosures to Governmental Entities. Notwithstanding the limitations set forth in Section 5.2 and subject to taking appropriate steps to preserve confidentiality, Plaintiff may disclose Confidential Material and Sensitive Personal Information to other governmental entities, in the manner provided by 16 C.F.R. §§ 4.9-4.11, 15 U.S.C. §§ 46(f), 57b-2.  Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of Plaintiff) and congressional committees.  Any officers or employees of Federal or State law enforcement agencies who will have access to such materials must maintain them in confidence, use them only for official law enforcement purposes, and sign the "Acknowledgement and Agreement to Be Bound (Government Entity)" (Exhibit B).  Plaintiff shall provide a copy of the signed Exhibit B to Defendant prior to providing any Confidential Material to a Federal or State law enforcement agency unless the agency requests that Defendant not be notified.  Nothing in this subsection shall limit Plaintiff's ability to share ROSCA Investigation Material or Other Investigation Material with other governmental entities, as provided by 16 C.F.R. §§ 4.9-4.11, 15 U.S.C. §§ 46(f), 57b-2, or as otherwise authorized or required by law, even if such material is designated as Confidential Material under this Order.

4.35.4  Filing Confidential Material. Before filing confidential material Confidential Material or discussing or referencing such material in court filings, the filing partyParty shall confer with the designating partyDesignating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating partyDesignating Party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that

1   will be applied when a party seeks permission from the ~~court~~Court to file material under seal. A

2   party who seeks to maintain the confidentiality of its information must satisfy the requirements of

3   Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy

4   this requirement will result in the motion to seal being denied, in accordance with the strong

5   presumption of public access to the Court's files.

6       5.5    Use of Sensitive Personal Information in Litigation. No Party or Non-Party may

7   publicly disclose any Sensitive Personal Information without prior approval of this Court. A Party

8   or Non-Party seeking to file Sensitive Personal Information publicly in the docket of any action

9   must redact such information before filing, unless the Sensitive Personal Information is relevant

10  and necessary for the Court's understanding of the issues presented. In such circumstances, a Party

11  or Non-Party must file any unredacted Sensitive Personal Information under seal concurrently with

12  a motion to seal the information.

13      5.6    Legal Advice Based on Protected Material. Nothing in this Protective Order shall

14  be construed to prevent counsel from advising their clients with respect to this case based in whole

15  or in part upon Protected Material, provided counsel does not disclose the Protected Material itself

16  except as provided in this Order.

17  **~~5.~~6.   DESIGNATING PROTECTED MATERIAL**

18      ~~5.1~~6.1 Exercise of Restraint and Care in Designating Material for Protection. Each

19  ~~party~~Party or ~~non-party~~Non-Party that designates information or items for protection under this

20  agreement must take care to limit any such designation to specific material that qualifies under the

21  appropriate standards. The ~~designating party~~Designating Party must designate for protection only

22  those parts of material, documents, items, or oral or written communications that qualify, so that

23  other portions of the material, documents, items, or communications for which protection is not

24  warranted are not swept unjustifiably within the ambit of this agreement.

25      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

26  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

1    unnecessarily encumber or delay the case development process or to impose unnecessary expenses

2    and burdens on other parties) expose the ~~designating party~~Designating Party to sanctions.

3        If it comes to a ~~designating party's~~Designating Party's attention that information or items

4    that it designated for protection do not qualify for protection, the ~~designating party~~Designating

5    Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6        ~~5.2~~6.2  Manner and Timing of Designations~~.~~ for Discovery Material. Except as otherwise

7    provided in this agreement ~~(see, *e.g.*, second paragraph of section 5.2(b) below),~~, or as otherwise

8    stipulated or ordered, ~~disclosure or discovery material~~Discovery Material that qualifies for

9    protection under this agreement must be clearly so designated before or when the material is

10    disclosed or produced.  In the event that original documents are produced for inspection, the

11    original documents shall be treated as Confidential during the inspection and the Producing Party

12    shall re-designate as appropriate any materials copied during the inspection within 30 days of the

13    inspection.

14        (a)    Information in documentary form: (*e.g.*, paper or electronic documents and

15    deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

16    the ~~designating party~~Designating Party must affix the ~~word~~words "CONFIDENTIAL" to each

17    page that contains ~~confidential material.~~Confidential Material. If only a portion or portions of the

18    material on a page qualifies for protection, the ~~producing party~~Designating Party also must clearly

19    identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  With

20    respect to documents produced in native format, the Designating Party shall include the

21    appropriate designation at the end of the filename for each document. When native electronic files

22    or documents are printed for use at deposition, in a court proceeding, or for provision in printed

23    form to an expert or consultant, the Party printing the electronic files or documents shall affix a

24    legend to the printed document corresponding to the designation of the Producing Party and

25    including the production number and designation associated with the native file.

26        (b)    Testimony given in deposition or in other pretrial or trial proceedings: ~~the~~

1  partiesThe Parties and any participating non-partiesNon-Parties must identify on the record, during

2  the deposition, hearing, or other pretrial proceeding, all protected testimony, without prejudice to

3  their right to so designate other testimony after reviewing the transcript. Any partyParty or non-

4  partyNon-Party may, within fifteen30 days after receiving the transcript of the deposition or other

5  pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a

6  party or non-partyConfidential Material. Until the expiration of the 30-day period for designation,

7  any deposition transcript shall be treated as if it had been designated Confidential in its entirety,

8  unless otherwise agreed.  However, upon a showing of good cause by the Party seeking to rely on

9  the transcript, *e.g.*, for use in a scheduled filing with the Court, the Parties may mutually agree to

10 shorten the designation period. Any Party that wishes to disclose the transcript, or information

11 contained therein prior to the end of the 30-day period, may provide written notice of its intent to

12 treat the transcript as non-confidential, after which time, any Party that wants to maintain any

13 portion of the transcript as Protected Material must designate the confidential portions within

14 fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected

15 Material that is used in the taking of a deposition shall remain subject to the provisions of this

16 Protective Order, along with the transcript pages of the deposition testimony dealing with such

17 Protected Material.

18        Counsel for any Producing Party shall have the right to exclude from oral depositions, other

19 than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is

20 not authorized by this Protective Order to receive or access Protected Material based on the

21 designation of such Protected Material. Such right of exclusion shall be applicable only during

22 periods of examination or testimony regarding such Protected Material.

23        If a Party or Non-Party desires to protect confidential information at trial, the issue should

24 be addressed during the pre-trial conference.

25              (c)    Discovery Material Produced by Non-Parties:  Discovery Materials

26 produced by Non-Parties which a Party knows or reasonably should know contain confidential

PLAINTIFF'S PROPOSED PROTECTIVE ORDER
CASE NUMBER NO. 2:23-CV-0932 - 10

1  information shall be treated as if they had been designated Confidential until 30 days after all

2  Parties have been served with a copy of said documents. Any Party or Non-Party may, within 30

3  days after receiving such documents, designate the documents, or portions thereof, as Protected

4  Material. If a Party or Non-Party desires to protect Confidential Material at trial, the issue should

5  be addressed during the pre-trial conference.

6          (b)(d)   Other tangible items: the producing partyThe Producing Party must affix in

7  a prominent place on the exterior of the container or containers in which the information or item

8  is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item

9  warrant protection, the producing partyProducing Party, to the extent practicable, shall identify the

10 protected portion(s).

11      6.3     Manner and Timing of Designations for ROSCA Investigation Material. Except as

12 otherwise provided in this agreement, or as otherwise stipulated or ordered, ROSCA Investigation

13 Material that qualifies for protection under this agreement must be clearly so designated within the

14 later of (a) 45 days after entry of this Order or (b) where the Designating Party was not the

15 Producing Party of the material, 30 days of the Designating Party's receipt of the material. Until

16 that time, all ROSCA Investigation Material shall be treated as Confidential Material. Such

17 materials may be designated in the manner described in Section 5.2, except that the Designating

18 Party need not affix the word "CONFIDENTIAL" to documents produced prior to this litigation.

19 Documents produced prior to this litigation may be designated confidential by providing a written

20 list identifying the documents produced (such as by Bates number).  Any "confidential" marking

21 on a document or other "confidential" designation asserted before the initiation of this action is

22 insufficient, standing alone, to designate ROSCA Investigation Material as confidential under this

23 Order.

24      6.4     Manner and Timing of Designations for Other Information in Plaintiff's

25 Possession. For any material not addressed by Sections 6.2 and 6.3 that is in Plaintiff's possession

26 (including material provided by Defendant to Plaintiff outside of the investigation leading to this

1 action) that is entitled to confidentiality under the Federal Trade Commission Act, or any FTC

2 regulation, such material shall be treated as Confidential Material for purposes of this Order, unless

3 and until the Court makes or has made a determination of non-confidentiality or a challenge under

4 the procedures described in Section 7 is successfully employed. For purposes of Section 7 relating

5 to such materials, the person or entity who submitted the material to Plaintiff and any Party that

6 also designates the material as Confidential Material shall be deemed the Designating Party.

7 Materials produced by Non-Parties which may contain confidential information shall be treated as

8 Confidential until 30 days after all parties have been served with a copy of said documents. Any

9 Party or Non-Party may, within 30 days after receiving such documents, designate the documents,

10 or portions thereof, as Confidential Material.

11        5.36.5 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

12 designate qualified information or items does not, standing alone, waive the ~~designating~~

13 ~~party's~~Designating Party's right to secure protection under this agreement for such material. Upon

14 timely correction of a designation, the ~~receiving party~~Receiving Party must make reasonable

15 efforts to ensure that the material is treated in accordance with the provisions of this agreement.

16 **6.7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17        6.17.1 Timing of Challenges. Any ~~party~~Party or ~~non-party~~Non-Party may challenge a

18 designation of ~~confidentiality~~Confidential Material at any time. Unless a prompt challenge to a

19 ~~designating party's~~Designating Party's confidentiality designation is necessary to avoid

20 foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or

21 delay of the litigation, a ~~party~~Party does not waive its right to challenge a confidentiality

22 designation by electing not to mount a challenge promptly after the original designation is

23 disclosed. Any challenge to a designation of Confidential Material under this Order shall be

24 written, shall be served on outside counsel for the Producing Party, shall particularly identify the

25 documents or information that the Receiving Party contends should be differently designated, and

26 shall state the grounds for the objection.

6.27.2  <u>Meet and Confer</u>. The ~~parties~~Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. The Producing Party shall have the burden of justifying the disputed designation. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected ~~parties~~Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.37.3  <u>Judicial Intervention</u>. If the ~~parties~~Parties cannot resolve a challenge without court intervention, the ~~designating party~~Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable~~).~~), or may request that the parties follow the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). The burden of persuasion in any such motion shall be on the ~~designating party~~Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging ~~party~~Party to sanctions. All ~~parties~~Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**7.8.**  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER ~~LITIGATION~~ LITIGATION**

If a ~~party~~Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as ~~"CONFIDENTIAL,"~~Confidential, that party must:

(a)  promptly notify the ~~designating party~~Designating Party in writing and include a copy of the subpoena or court order;

(b)  promptly notify in writing the ~~party~~Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this agreement. Such notification shall include a copy of this agreement; and

> (c)     cooperate with respect to all reasonable procedures sought to be pursued by the ~~designating party~~Designating Party whose ~~confidential material~~Protected Material may be affected.

> If the Designating Party timely seeks a protective order from the court from which the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## ~~8.~~9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a ~~receiving party~~Receiving Party learns that, by inadvertence or otherwise, it has disclosed ~~confidential material~~Confidential Material to any person or in any circumstance not authorized under this agreement, the ~~receiving party~~Receiving Party must immediately (a) notify in writing the ~~designating party~~Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## ~~9.~~10.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED  MATERIAL

When a ~~producing party~~Producing Party gives notice to ~~receiving parties~~Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection from disclosure, the obligations of the ~~receiving parties~~Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever

1   procedure may be established in an e-discovery order or agreement that provides for production

2   without prior privilege review. The parties ~~agree~~plan to ~~the~~stipulate to entry of a non-waiver order

3   under Fed. R. Evid. 502(d~~) as set forth herein.~~).

4   **~~10.~~11.  NON TERMINATION AND RETURN OF DOCUMENTS**

5          Within ~~60~~90 days after the termination of this action, including all appeals, each receiving

6   party must return all ~~confidential material~~Confidential Material to the producing party, including

7   all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate

8   methods of destruction.

9          Notwithstanding this provision~~.~~:

10         (a)    counsel are entitled to retain one archival copy of all documents filed with

11   the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits,

12   expert reports, attorney work product, and consultant and expert work product, even if such

13   materials contain ~~confidential material.~~Protected Material.  Any such archival copies that contain

14   or constitute Protected Material remain subject to this Stipulated Protective Order;

15         (b)    Plaintiff shall retain, return, or destroy Confidential Material in accordance

16   with 16 C.F.R. § 4.12, including retaining such information to assist with ongoing law enforcement

17   or bankruptcy matters, enforcement of any final orders entered in this action, providing redress to

18   consumers (if ordered by the Court), or any policy or research matters consistent with the

19   Commission's mission, provided that the Commission continues to take all appropriate steps to

20   protect the confidentiality of the materials;

21         (c)    any law enforcement agency other than Plaintiff that has received copies of

22   any Protected Material may retain such information to assist with other ongoing law enforcement

23   matters, provided that the law enforcement agency continues to take all appropriate steps to protect

24   the confidentiality of the materials in accordance with the terms of this agreement; and

25         (d)    any congressional committee may maintain copies of Protected Material

26   obtained from the Commission as required under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.11(b).

1      The confidentiality obligations imposed by this agreement shall remain in effect until a

2  ~~designating party~~Designating Party agrees otherwise in writing or a court orders otherwise.

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   DATED: _____          _____

3                                              Attorneys for Plaintiff

4   DATED: _____          _____

5                                              Attorneys for Defendant

6

7   PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

8       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

9   documents, electronically stored information (ESI) or information, whether inadvertent or

10  otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

11  state proceeding, constitute a waiver by the producing party of any privilege applicable to those

12  documents, including the attorney-client privilege, attorney work-product protection, or any other

13  privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

14  protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

15  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

16  of documents, ESI or information (including metadata) for relevance, responsiveness and/or

17  segregation of privileged and/or protected information before production.  Information produced

18  in discovery that is protected as privileged or work product shall be immediately returned to the

19  producing party.

20

21      DATED:_____

22

23                                              _____

24                                              [Name of Judge]
                                                United States District Court Judge

25

26

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 17

DRAFT

Dated this _____ day of August, 2023.

_____

UNITED STATES DISTRICT JUDGE

Presented by:

_s/ Evan Mendelson_
Evan Mendelson, DC Bar #996765
Olivia Jerjian, DC Bar #1034299
Thomas Maxwell Nardini, IL Bar #6330190
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)

Colin D. A. MacDonald, WSBA # 55243
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of ~~_____ [insert formal name of the case and the number and initials~~

~~assigned to it by the court].~~ Federal Trade Commission v. Amazon.com, Inc., No. 2:23-cv-0932-

JHC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 19

1  EXHIBIT B

2  ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND (GOVERNMENT ENTITY)

3  I, _____ [print or type full name], of

4  _____ [print or type full address], declare under penalty of

5  perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6  issued by the United States District Court for the Western District of Washington on [date] in the

7  case of Federal Trade Commission v. Amazon.com, Inc., No. 2:23-cv-0932-JHC. I agree to

8  comply with and to be bound by Section 5.3 of this Stipulated Protective Order.  I understand and

9  acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10  of contempt. I solemnly promise that I will not disclose in any manner any information or item

11  that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

12  with the provisions of this Order.

13  I further agree to submit to the jurisdiction of the United States District Court for the

14  Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16  Date: _____

17  City and State where sworn and signed: _____

18  Printed name: _____

19  Signature: _____

20

21

22

23

24

25

26