# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT ——————————SEATTLE

| | |
|---|---|
| [PLAINTIFF]FEDERAL TRADE COMMISSION<del>,</del>, | CASE NO. 2:23-cv-0932 |
| Plaintiff, | **[PROPOSED]**MODEL **STIPULATED PROTECTIVE ORDER** |
| v. | |
| [DEFENDANT]AMAZON.COM, INC.<del>,</del>, | |
| Defendant. | |

18

19    **1.    PURPOSES AND LIMITATIONS**

20            Discovery in this action is likely to involve production of confidential, proprietary, or

21    private information for which special protection may be warranted. Accordingly, the parties hereby

22    stipulate to and petition the courtCourt to enter the following Stipulated Protective Order. The

23    parties acknowledge that this agreement is consistent with LCR- 26(c). It does not confer blanket

24    protection on all disclosures or responses to discovery, the protection it affords from public

25    disclosure and use extends only to the limited information or items that are entitled to confidential

26    treatment under the applicable legal principles, and it does not presumptively entitle parties to file

confidential information under seal. The availability of protection pursuant to this order does not preclude a party from withholding information protected by any applicable privilege. Nothing in this order shall restrict in any way the right of a Producing Party to disclose or make use of its own documents, Discovery Material, or Investigational Material. Under LCR 26(c)(2), the parties began with the District's Model Protective Order, and have identified departures from the model in redlined submissions to the Court.

2.    "CONFIDENTIAL" MATERIAL

**2.    "DEFINITIONS**

2.1    Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this order.

2.2    Confidential" material shall include the following Material:  Defined in Section 3.1 below.

2.3    Customer Information: Non-public personal information regarding customers, including any lists, descriptions, or other grouping of customers that are derived using non-public personal information.

2.4    Designating Party:  A Party, Non-Party, person, or entity designating documents or information as Protected Information under this order.

2.5    Discovery Material:  All items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    ROSCA Investigation Material:  All investigational hearing testimony, investigational hearing exhibits, interrogatory responses, and privilege logs, including from any Non-Party, that were provided to Plaintiff during its investigation leading to this action (*i.e.*, in connection with FTC File No. 2123050).

2.7    Other Investigation Material: All items or information, including from any Non-

Party, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that were provided to Plaintiff in any investigation, excluding ROSCA Investigation Material.

2.8     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Party:  Any party to this action, including its officers, directors, employees, consultants, vendors, retained experts, and outside counsel of record (and their support staff).

2.10    Producing Party:  A Party or Non-Party that produces Discovery Material in this action or produced ROSCA Investigation Material or Other Investigation Material to Plaintiff.

2.11    Protected Material:  Any Discovery Material, ROSCA Investigation Material, or Other Investigation Material that is designated as Confidential Material, and any Sensitive Personal Information.

2.12    Receiving Party:  A Party that receives Discovery Material, ROSCA Investigation Material, or Other Investigation Material from a Producing Party.

2.13    Sensitive Personal Information.  Any:

(1)     Social Security number;

(2)     Sensitive health-related data including medical records;

(3)     Biometric identifier;

(4)     Any one or more of the following when combined with an individual's name, address, or phone number:  (a) date of birth, (b) driver's license or other state identification number, or a foreign equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, or (f) credit or debit card number;

(5)     An individual's name, if that individual is a minor;

(6)     An individual's telephone number, email address, or home address, unless relevant to a claim or defense of any party; or

(7)     Other sensitive information relating to an individual entitled to confidential

status under applicable law or by order of this Court.

**3.     DISCOVERY MATERIAL**

3.1     Confidential Material: Documents and tangible things that may be produced or

otherwise exchanged: [The parties must include a list of specific documents that (1) the

Designating Party reasonably believes contain, describe, or disclose sensitive, non-public

confidential information, such as "company's customer list" or "plaintiff's medical records;" do

not list broad categories of documents(a) court records, whether in this District or other courts,

currently maintained under seal; (b) information subject to a non-disclosure or confidentiality

agreement: (c) employee personnel information; (d) a Non-Party's commercially sensitive

information, trade secrets, or competitive or strategic initiatives that are not readily ascertainable

and for which the Designating Party has taken reasonable steps to maintain confidentiality; and (e)

Customer Information; or (2) the Designating Party's own commercially sensitive information,

such as "sensitive (a) financial or accounting information; (b) commercially sensitive internal

communications or information; and (c) business material"].negotiations, transactions, and

dealings with Non-Parties.

3.2     Source Code or Object Code: Should the parties agree to source or object code

discovery, or be ordered to produce such discovery, they will meet-and-confer regarding the

necessity of a stipulated source code supplement to this Order.

**3.4.     SCOPE**

The protections conferred by this agreement cover not only confidential materialProtected

Material (as defined above), but also (1) any information copied or extracted from confidential

materialProtected Material; (2) all copies, excerpts, summaries, or compilations of confidential

materialProtected Material; and (3) any testimony, conversations, or presentations by

partiesParties or their counselCounsel, Non-Parties, or experts that might reveal confidential

materialProtected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.**5.    ACCESS TO AND USE OF** ~~CONFIDENTIAL~~**PROTECTED MATERIAL**

~~4.1~~5.1  Basic Principles.  A ~~receiving party~~Receiving Party may use ~~confidential material~~Protected Material that is disclosed or produced by another ~~party~~Party or by a ~~non-party~~Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. ~~Confidential material~~Apart from disclosures to the Producing Party and its current employees and agents, which nothing in this Protective Order prohibits, Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. ~~Confidential material~~Protected Material must be stored and maintained by a ~~receiving party~~Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

~~4.2~~5.2  Disclosure of ~~"CONFIDENTIAL" Information or Items.~~Protected Material. Unless otherwise ordered by the court or permitted in writing by the ~~designating party~~Designating Party, a ~~receiving party~~Receiving Party may disclose any ~~confidential material~~Protected Material only to:

(a)     the ~~receiving party's~~Receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in-house counsel) of the ~~receiving party~~Receiving Party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts~~and,~~ consultants, and contractors (and their employees and staff) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1         (d)     the ~~court~~Court, court personnel, and court reporters and their staff;

2         (e)     copy ~~or~~, imaging, document management, and electronic discovery services

3 retained by ~~counsel~~Counsel to assist in the ~~duplication~~management of ~~confidential~~

4 ~~material,~~Confidential Material and who execute the "Acknowledgement and Agreement to be

5 Bound" (Exhibit A), provided that counsel for the ~~party~~Party retaining ~~the copy or imaging~~

6 ~~service~~such services instructs the service not to disclose any ~~confidential material~~Confidential

7 Material to third parties and to immediately return all originals and copies of any ~~confidential~~

8 ~~material~~Confidential Material;

9         (f)     during their depositions, witnesses in the action to whom disclosure is

10 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

11 (Exhibit A), unless otherwise agreed by the ~~designating party~~Designating Party or ordered by the

12 court. Pages of transcribed deposition testimony or exhibits to depositions that reveal ~~confidential~~

13 ~~material must be separately bound by the court reporter and~~Confidential Material may not be

14 disclosed to anyone except as permitted under this agreement;

15         (g)     the author or recipient of a document containing the information or a

16 custodian or other person who otherwise possessed or knew the information. (and that person's

17 counsel);

18         (h)     graphics, translation, design, and/or trial consulting personnel, who have

19 signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

20         (i)     mock jurors who have signed an undertaking or agreement agreeing not to

21 publicly disclose Protected Material and to keep any information concerning Protected Material

22 confidential;

23         (j)     any mediator who is assigned to hear this matter, and his or her staff, subject

24 to their agreement to maintain confidentiality to the same degree as required by this agreement;

25         (k)     any other person who has signed the "Acknowledgement and Agreement to

26 be Bound" (Exhibit A) with the prior written consent of the Producing Party, and on such

conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld, or upon order of the Court.

5.3     Disclosures to Governmental Entities. Notwithstanding the limitations set forth in Section 5.2 and subject to taking appropriate steps to preserve confidentiality, Plaintiff may disclose Confidential Material and Sensitive Personal Information to other governmental entities, in the manner provided by 16 C.F.R. §§ 4.9-4.11, 15 U.S.C. §§ 46(f), 57b-2 as if the Confidential Material was obtained pursuant to an investigation as contemplated by these sections.  Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of Plaintiff) and congressional committees.  At least 14 days before disclosing any Confidential Material or Sensitive Personal Information to such entities, Plaintiff must provide notice to Defendant of the material(s) to be disclosed and the identities of the individuals who will have access to such materials.  The individuals who will have access to such materials sign the "Acknowledgement and Agreement to Be Bound (Government Entity)" (Exhibit B).  Plaintiff must also provide copies of the executed Acknowledgement and Agreement to be Bound in full at least 14 days before the disclosure.

4.35.4  Filing Confidential Material. Before filing confidential materialConfidential Material or discussing or referencing such material in court filings, the filing partyParty shall confer with the designating partyDesignating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating partyDesignating Party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the courtCourt to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of

Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.5     Use of Sensitive Personal Information in Litigation. No Party or Non-Party may publicly disclose any Sensitive Personal Information without prior approval of this Court. A Party or Non-Party seeking to file Sensitive Personal Information publicly in the docket of any action must redact such information before filing, unless the Sensitive Personal Information is relevant and necessary for the Court's understanding of the issues presented. In such circumstances, a Party or Non-Party must file any unredacted Sensitive Personal Information under seal concurrently with a motion to seal the information.

5.6     Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

## ~~5.~~**6.**     DESIGNATING PROTECTED MATERIAL

~~5.1~~6.1 Exercise of Restraint and Care in Designating Material for Protection. Each ~~party~~Party or ~~non-party~~Non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The ~~designating party~~Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the ~~designating party~~Designating Party to sanctions.

If it comes to a ~~designating party's~~Designating Party's attention that information or items that it designated for protection do not qualify for protection, the ~~designating party~~Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

~~5.2~~6.2  Manner and Timing of Designations~~.~~ for Discovery Material. Except as otherwise provided in this agreement ~~(see, e.g., second paragraph of section 5.2(b) below),~~, or as otherwise stipulated or ordered, ~~disclosure or discovery material~~Discovery Material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced. In the event that original documents are produced for inspection, the original documents shall be treated as Confidential during the inspection and the Producing Party shall re-designate as appropriate any materials copied during the inspection within 30 days of the inspection.

(a)  Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the ~~designating party~~Designating Party must affix the ~~word~~words "CONFIDENTIAL" to each page that contains ~~confidential material.~~Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the ~~producing party~~Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). With respect to documents produced in native format, the Designating Party shall include the appropriate designation at the end of the filename for each document. When native electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file.

(b)  Testimony given in deposition or in other pretrial or trial proceedings: ~~the parties~~The Parties and any participating ~~non-parties~~Non-Parties must identify on the record, during the deposition, hearing, or other ~~pretrial~~ proceeding, all protected testimony, without prejudice to

their right to so designate other testimony after reviewing the transcript. Any ~~party~~Party or ~~non-party~~Non-Party may, within ~~fifteen~~30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as ~~confidential. If a party or non-party~~Confidential Material. Until the expiration of the 30-day period for designation, any deposition transcript shall be treated as if it had been designated Confidential in its entirety, unless otherwise agreed.  However, upon a showing of good cause by the Party seeking to rely on the transcript, *e.g.*, for use in a scheduled filing with the Court, the Parties may mutually agree to shorten the designation period. Any Party that wishes to disclose the transcript, or information contained therein prior to the end of the 30-day period, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as Protected Material must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.

Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

~~(b)~~ If a Party or Non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Discovery Material Produced by Non-Parties:  Discovery Materials produced by Non-Parties which a Party knows or reasonably should know contain confidential information shall be treated as if they had been designated Confidential until 30 days after all Parties have been served with a copy of said documents. Any Party or Non-Party may, within 30

days after receiving such documents, designate the documents, or portions thereof, as Protected Material. If a Party or Non-Party desires to protect Confidential Material at trial, the issue should be addressed during the pre-trial conference.

(c)(d)   Other tangible items: the producing party The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     Manner and Timing of Designations for ROSCA Investigation Material. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, ROSCA Investigation Material that qualifies for protection under this agreement must be clearly so designated within the later of (a) 45 days after entry of this Order or (b) where the Designating Party was not the Producing Party of the material, 30 days of the Designating Party's receipt of the material. Until that time, all ROSCA Investigation Material shall be treated as Confidential Material. Such materials may be designated in the manner described in Section 5.2, except that the Designating Party need not affix the word "CONFIDENTIAL" to documents produced prior to this litigation. Documents produced prior to this litigation may be designated confidential by providing a written list identifying the documents produced (such as by Bates number).  Any "confidential" marking on a document or other "confidential" designation asserted before the initiation of this action is insufficient, standing alone, to designate ROSCA Investigation Material as confidential under this Order.

6.4     Manner and Timing of Designations for Other Information in Plaintiff's Possession. For any material not addressed by Sections 6.2 and 6.3 that is in Plaintiff's possession (including material provided by Defendant to Plaintiff outside of the investigation leading to this action) that is entitled to confidentiality under the Federal Trade Commission Act, or any FTC regulation, such material shall be treated as Confidential Material for purposes of this Order, unless

1   and until the Court makes or has made a determination of non-confidentiality or a challenge under

2   the procedures described in Section 7 is successfully employed. For purposes of Section 7 relating

3   to such materials, the person or entity who submitted the material to Plaintiff and any Party that

4   also designates the material as Confidential Material shall be deemed the Designating Party.

5   Materials produced by Non-Parties which may contain confidential information shall be treated as

6   Confidential until 30 days after all parties have been served with a copy of said documents. Any

7   Party or Non-Party may, within 30 days after receiving such documents, designate the documents,

8   or portions thereof, as Confidential Material.

9          5.36.5 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

10  designate qualified information or items does not, standing alone, waive the ~~designating~~

11  ~~party's~~Designating Party's right to secure protection under this agreement for such material. Upon

12  timely correction of a designation, the ~~receiving party~~Receiving Party must make reasonable

13  efforts to ensure that the material is treated in accordance with the provisions of this agreement.

14  **6.7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

15         6.17.1 Timing of Challenges. Any ~~party~~Party or ~~non party~~Non-Party may challenge a

16  designation of ~~confidentiality~~Confidential Material at any time. Unless a prompt challenge to a

17  ~~designating party's~~Designating Party's confidentiality designation is necessary to avoid

18  foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or

19  delay of the litigation, a ~~party~~Party does not waive its right to challenge a confidentiality

20  designation by electing not to mount a challenge promptly after the original designation is

21  disclosed. Any challenge to a designation of Confidential Material under this Order shall be

22  written, shall be served on outside counsel for the Producing Party, shall particularly identify the

23  documents or information that the Receiving Party contends should be differently designated, and

24  shall state the grounds for the objection.

25         6.27.2 Meet and Confer. The ~~parties~~Parties must make every attempt to resolve any

26  dispute regarding confidential designations without court involvement. The Producing Party shall

MODEL STIPULATED PROTECTIVE ORDER
CASE ~~NUMBER~~ NO. 2:23-CV-0932 - 12

have the burden of justifying the disputed designation. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected ~~parties~~Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

~~6.3~~7.3  Judicial Intervention. If the ~~parties~~Parties cannot resolve a challenge without court intervention, the ~~designating party~~Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable~~).~~), or may request that the parties follow the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). The burden of persuasion in any such motion shall be on the ~~designating party~~Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging ~~party~~Party to sanctions. All ~~parties~~Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## ~~7.~~8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER  LITIGATION

If a ~~party~~Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as ~~"CONFIDENTIAL,"~~Confidential, that party must:

(a)  promptly notify the ~~designating party~~Designating Party in writing and include a copy of the subpoena or court order;

(b)  promptly notify in writing the ~~party~~Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by

1  the ~~designating party~~Designating Party whose ~~confidential material~~Protected Material may be

2  affected.

3   If the Designating Party timely seeks a protective order from the court from which the

4  subpoena or order issued, the Party served with the subpoena or court order shall not produce any

5  information designated in this action as Confidential Material before a determination by the court

6  from which the subpoena or order issued, unless the Party has obtained the Designating Party's

7  permission. The Designating Party shall bear the burden and expense of seeking protection in that

8  court of its Protected Material, and nothing in these provisions should be construed as authorizing

9  or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10  ~~8.~~9.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

11   If a ~~receiving party~~Receiving Party learns that, by inadvertence or otherwise, it has

12  disclosed ~~confidential material~~Confidential Material to any person or in any circumstance not

13  authorized under this agreement, the ~~receiving party~~Receiving Party must immediately (a) notify

14  in writing the ~~designating party~~Designating Party of the unauthorized disclosures, (b) use its best

15  efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons

16  to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request

17  that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is

18  attached hereto as Exhibit A.

19  ~~9.~~10. **INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE**

20  **PROTECTED ~~MATERIAL~~**

21   When a ~~producing party~~Producing Party gives notice to ~~receiving parties~~Receiving Parties

22  that certain inadvertently produced material is subject to a claim of privilege or other protection

23  from disclosure, the obligations of the ~~receiving parties~~Receiving Parties are those set forth in

24  Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever

25  procedure may be established in an e-discovery order or agreement that provides for production

26  without prior privilege review. The parties ~~agree~~plan to ~~the~~stipulate to entry of a non-waiver order

1  under Fed. R. Evid. 502(d) as set forth herein.).

2  10.11.  **NON TERMINATION AND RETURN OF DOCUMENTS**

3  Within 6090 days after the termination of this action, including all appeals, each receiving

4  party must return all confidential materialConfidential Material to the producing party, including

5  all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate

6  methods of destruction.

7  The Receiving Party must submit a written certification to the Producing Party (and, if not

8  the same person or entity, to the Designating Party) by the 90-day deadline that affirms that the

9  Receiving Party has used reasonable efforts to destroy copies, abstracts, compilations, summaries

10  or any other format reproducing or capturing any of the Protected Material.

11  Notwithstanding this provision,.:

12  (a)      counsel are entitled to retain one archival copy of all documents filed with

13  the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits,

14  expert reports, attorney work product, and consultant and expert work product, even if such

15  materials contain confidential material.Protected Material. Any such archival copies that contain

16  or constitute Protected Material remain subject to this Stipulated Protective Order;

17  (b)      Plaintiff shall retain, return, or destroy Confidential Material in accordance

18  with 16 C.F.R. § 4.12, including retaining such information to assist with ongoing law enforcement

19  or bankruptcy matters, enforcement of any final orders entered in this action, providing redress to

20  consumers (if ordered by the Court), or any policy or research matters consistent with the

21  Commission's mission, provided that the Commission continues to take all appropriate steps to

22  protect the confidentiality of the materials;

23  (c)      any law enforcement agency other than Plaintiff that has received copies of

24  any Protected Material may retain such information to assist with other ongoing law enforcement

25  matters, provided that the law enforcement agency continues to take all appropriate steps to protect

26  the confidentiality of the materials in accordance with the terms of this agreement; and

(d)      any congressional committee may maintain copies of Protected Material obtained from the Commission as required under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.11(b).

The confidentiality obligations imposed by this agreement shall remain in effect until a designating partyDesignating Party agrees otherwise in writing or a court orders otherwise.

1        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    ~~DATED:~~ _____          _____
                                              ~~Attorneys for Plaintiff~~
3

4    ~~DATED:~~ _____          _____
                                              ~~Attorneys for Defendant~~
5

6    Dated: _____
                                              EVAN MENDELSON (D.C. Bar #996765)
7    _____             OLIVIA JERJIAN (D.C. Bar #1034299)
                                              THOMAS MAXWELL NARDINI
8                                             (IL Bar #6330190)
                                              Federal Trade Commission
9                                             600 Pennsylvania Avenue NW
                                              Washington, DC 20580
10   _____             (202) 326-3320; emendelson@ftc.gov (Mendelson)
                                              (202) 326-2749; ojerjian@ftc.gov (Jerjian)
11                                            (202) 326-2812; tnardini@ftc.gov (Nardini)

12                                            COLIN D. A. MACDONALD (WSBA # 55243)
                                              Federal Trade Commission
13                                            915 Second Ave., Suite 2896
                                              Seattle, WA 98174
14                                            (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

15                                            Attorneys for Plaintiff
                                              FEDERAL TRADE COMMISSION
16

17

18   Dated: _____

19                                            DAVIS WRIGHT TREMAINE LLP

20                                            By _____
                                                  Kenneth E. Payson, WSBA #26369
21                                                James Howard, WSBA #37259
                                                  920 Fifth Avenue, Suite 3300
22                                                Seattle, WA 98104-1610
                                                  Telephone: (206) 622-3150
23                                                E-mail: kenpayson@dwt.com
                                                      jimhoward@dwt.com
24

25

26

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
        lflahivewu@cov.com
        lkim@cov.com
        jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
      mkaba@hueston.com
      jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendant
AMAZON.COM, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED

~~IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any~~

1  documents, electronically stored information (ESI) or information, whether inadvertent or

2  otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

3  state proceeding, constitute a waiver by the producing party of any privilege applicable to those

4  documents, including the attorney-client privilege, attorney work-product protection, or any other

5  privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

6  protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

7  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

8  of documents, ESI or information (including metadata) for relevance, responsiveness and/or

9  segregation of privileged and/or protected information before production.  Information produced

10  in discovery that is protected as privileged or work product shall be immediately returned to the

11  producing party.

12

13  __DATED:_____

14

15  _____
   [Name of Judge]Hon. John H. Chun

16  United States District Court Judge

17

18

19

20

21

22

23

24

25

26

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of ~~_____ [insert formal name of the case and the number and initials assigned to it by the court].~~ Federal Trade Commission v. Amazon.com, Inc., No. 2:23-cv-0932-JHC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 20

EXHIBIT B

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND (GOVERNMENT ENTITY)

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of Federal Trade Commission v. Amazon.com, Inc., No. 2:23-cv-0932-JHC. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order, except that neither

I nor my organization shall be bound to use any materials subject to this agreement only for the

purposes of the above-captioned litigation. I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____