The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

AMAZON.COM, INC.,

    Defendant.

**Case No. 2:23-cv-0932-JHC**

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f), Local Civil Rules 16(a)(2) and 26(f), and the Court's July 21, 2023 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. #49), counsel for Plaintiff Federal Trade Commission ("FTC") and counsel for Defendant Amazon.com, Inc. ("Amazon") met and conferred via telephone conference on August 4, 2023 and August 23, 2023, and submit this Joint Status Report and Discovery Plan (the "Report").

    **1.    Nature and Complexity of the Case**

    The FTC brings this action under Section 5 of the FTC Act, 15 U.S.C. § 45, and the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403, alleging that Amazon enrolls consumers in its Prime subscription service without their consent, and does not have a

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

1

simple cancellation mechanism.  The FTC pleads one count under the FTC Act, alleging

Amazon unfairly charges consumers for Prime without their consent.  The FTC also pleads three

counts under ROSCA, alleging Amazon fails to (1) clearly and conspicuously disclose all

material terms before obtaining consumers' billing information, (2) obtain consumers' express

informed consent before charging them, and (3) provide simple mechanisms for cancellation of a

Prime membership.  The FTC seeks permanent injunctive relief, restitution, civil penalties, and

other equitable relief.  Amazon contests all of the FTC's allegations.

## 2. Proposed Deadline for Joining Additional Parties

FTC Position

The FTC proposes a January 15, 2024 deadline for joining additional parties.  This will

allow the FTC to conduct limited discovery before deciding whether adding parties is

appropriate, while still allowing any additional parties to conduct discovery before the FTC's

proposed June 30 discovery deadline.

Amazon Position

The parties agreed to extend the period of time within which the FTC could amend the

Complaint as of right until September 20, 2023.  Amazon proposes that the deadline for adding

parties by leave of court should be set within a reasonable amount of time thereafter in order to

allow sufficient time for fact discovery:  October 6, 2023.

## 3. Agreement to Magistrate Judge

No.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

2

4.      **Joint Discovery Plan**

The parties report on the following items, pursuant to Federal Rule of Civil Procedure ("Federal Rules") 26(f)(3):

**(A) Initial Disclosures**

As the Court ordered, the parties exchanged their Rule 26(a)(1) initial disclosures on August 18, 2023.  The parties did not propose any changes to the form of or requirement for disclosures under Rule 26(a).

**(B) Subjects, Timing, and Potential Phasing of Discovery**

The parties anticipate that discovery will be needed regarding all of Plaintiff's claims and all of Defendant's defenses.  The parties do not believe that phased discovery is necessary (other than separation of fact and expert discovery).  The parties propose the deadlines to complete fact and expert discovery as described in Section 6 (Discovery Completion Date) below.

**(C) Electronically Stored Information**

FTC Position

On August 15, the FTC sent Amazon a proposed modified version of the Western District of Washington Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation (the "Model ESI Agreement").  Amazon responded that it opposed use of the Model ESI Agreement, offering instead to "meet and confer as needed."  Amazon's position ignores that the purpose of the ESI Agreement is to avoid disputes *before* they arise.  *See, e.g., Puget Soundkeeper All. v. SSA Terminals LLC*, 2014 WL 4810345, at *1 (W.D. Wash. Sept. 23, 2014) ("These are . . . precisely the sorts of disputes that are meant to be avoided by the establishing of a plan governing ESI production initially.")  Additionally, the Model ESI

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

3

Agreement puts in place basic discovery protocols as to which coordination is appropriate even absent a dispute. While initially refusing to respond to the FTC's proposed ESI Agreement (Amazon now has agreed, as stated below, to respond to the FTC's proposal), Amazon also has not, as required by the Local Rules, provided its position on the topics listed in LCR 26(f)(1)(J). *See id.* at *2 ("The Local Civil Rules require parties to adopt a plan governing any ESI production." (citing LCR 26(1)(I)-(J), (2), (3)).) The FTC will attempt to work with Amazon to address ESI issues, but, in the absence of an agreement, the FTC may move for entry of an ESI Order based on the Model ESI Agreement.

<u>Amazon Position</u>

Amazon does not, as the FTC contends, oppose entry of an ESI order. Rather, it believes that it would be more efficient for the parties to understand the scope of discovery before entering specific ESI discussions. For instance, FTC counsel represented that the FTC would likely seek data from Amazon. Data sets can be complex and pose unique ESI challenges. Amazon needs to understand the types of data the FTC wants before it can make an informed decision on an ESI protocol. The FTC misplaces reliance on the *Puget Soundkeeper Alliance* case, which simply observes the parties must "adopt a plan covering any ESI production," not that they must agree to a formal ESI agreement based on this Court's model form. 2014 WL 4810345, at *2. Indeed, the local rules anticipate (and therefore implicitly approve of) the possibility that parties may elect not to enter into an ESI agreement. *See* LCR 26(f)(1)(I) (ii) (parties to report "*whether* the parties agree to adopt the … Model ESI Agreement ….") (emphasis added).

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

4

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

1    Amazon has already produced electronic documents to the FTC on the subjects at issue in

2    the litigation, in addition to extensive written and testimonial discovery.  Over the course of the

3    FTC's multi-year investigation, Amazon produced approximately 30,000 electronic documents

4    from a number of different custodians.  As a result, the Model ESI agreement would needlessly

5    require the parties to repeat steps with little benefit.

6    Amazon opposes use of the Model ESI Agreement as written, but will meet and confer in

7    good faith with the FTC on ESI issues as needed and once the scope of discovery is determined.

8    Notwithstanding the foregoing and in an effort to move this issue forward, Amazon will provide

9    edits to the FTC's proposed ESI protocol to facilitate a meet and confer.

10    **(D) Privilege Issues**

11    The parties plan to stipulate to a Proposed Federal Rule of Evidence 502(d) Order to

12    address privilege issues.  The parties agree that, pursuant to Fed. R. Evid. 502(d), the production

13    of any documents in this proceeding shall not, for the purposes of this proceeding or any other

14    proceeding, constitute a waiver by the producing party of any privilege applicable to those

15    documents, including the attorney-client privilege, attorney work-product protection, or any

16    other privilege or protection recognized by law.  Sections 2-4 of the parties' draft Rule 502(d)

17    order set forth a procedure for handling the inadvertent production of privileged materials.

18    **(E)  Changes to Limitations on Discovery**

19    *Number of Depositions*

20    FTC Position

21    The FTC proposes that the parties be permitted to take up to 30 depositions of fact

22    witnesses.  This modification is necessary given the scope of the FTC's allegations and

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

5

1  Amazon's operations.  *See, e.g.*, *Stiles v. Walmart*, 2020 WL 589107, at *3 (E.D. Cal. Feb. 6,

2  2020) (excess depositions justified where case is "complex").  Specifically, the FTC's claims

3  relate to two distinct Amazon business practices (its Prime enrollment and Prime cancellation

4  processes) over at least a five-year period.  In its initial disclosures, the FTC identified

5  approximately 250 current or former Amazon employees, out of Amazon's more than 1.5 million

6  current employees, that it believes worked on either cancellation or enrollment during that time.

7  There are undoubtedly many more such employees of which the FTC is unaware—Amazon itself

8  told the FTC during the FTC's investigation that "*well over 500 Amazon employees* were

9  involved in the development, design, and implementation of the Enrollment and Unsubscribe

10  process for Amazon Prime" (emphasis added).  Beyond that, there are several Amazon teams

11  that did not work directly on enrollment or cancellation, but have relevant information—for

12  example, Amazon's customer service team (which tracks consumer complaints relating to

13  enrollment and cancellation) and any teams responsible for financial projections or results

14  (which would possess information relevant to monetary relief). The FTC's request for 30

15  depositions would allow it to depose only a small fraction of these witnesses, in addition to any

16  other potential third party witnesses (*e.g.,* Amazon customers).

17  　　　Amazon does not dispute these facts, instead arguing (1) that the FTC's request is

18  unjustified given the FTC's pre-complaint investigation, (2) that the FTC has not made the

19  required showing to exceed the presumptive ten-deposition limit, and (3) that the FTC should

20  exhaust its currently allotted 10 depositions before seeking more.  Each argument fails.

21  　　　*First*, pre-complaint investigations serve a distinct purpose: to determine whether to file a

22  complaint alleging violations of the law.  The purpose of litigation discovery, by contrast, is to

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

1   develop the evidence necessary to prove the elements of the FTC's claims and rebut Amazon's

2   defenses.  Amazon, in order words, is exactly correct when it says, below, that the FTC

3   "determined that rather than pursue additional discovery from Amazon, it was prepared to file its

4   complaint based on what it had already obtained."  The FTC uncovered sufficient information to

5   determine its Complaint was warranted, *not* to proceed immediately to trial.

6         Courts recognize the distinction between a pre-complaint investigation and litigation

7   discovery, routinely holding that pre-complaint investigations are not a substitute for, nor should

8   they limit, litigation discovery.  *See, e.g.*, *SEC v. Jasper*, 678 F.3d 1116, 1128-29 (9th Cir. 2012)

9   (pre-complaint interview of defendant was not a substitute for deposition because of "the

10  difference in nature of the SEC's motivation during an early investigation, at which open-ended

11  questions are typically asked without expectation the witness will be needed at trial, and its

12  motivation at an adverse witness deposition, when battle lines have already been drawn"); *SEC v.*

13  *Wu*, 2016 WL 4943000, at *3 (N.D. Cal. Sept. 16, 2016) (same); *SEC v. Sargent*, 229 F.3d 68,

14  80 (1st Cir. 2000) ("[E]ven though the Commission had already conducted a pre-filing

15  investigation . . . , 'there is no authority which suggests that it is appropriate to limit the SEC's

16  right to take discovery based upon the extent of its previous investigation into the facts

17  underlying its case.'") (quoting *SEC v. Saul*, 113 F.R.D. 115, 118 (N.D. Ill. 1990));  *SEC v.*

18  *Softpoint, Inc.*, 958 F. Supp. 846, 857 (S.D.N.Y. 1997) (Sotomayor, J.) (rejecting argument that

19  government was not harmed by Fifth Amendment assertion at deposition because it had already

20  obtained pre-complaint testimony:  "That argument is unsupported by fact or law.  Courts have

21  avoided giving administrative inquiries preclusive effect because that would transform those

22

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

7

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

1   inquiries into discovery or trials.").[1]   In fact, one case previously relied upon by Amazon makes

2   this same distinction, explaining that "using [civil investigative demands] for a purpose other

3   than to determine if there is sufficient evidence to file suit would be improper."  *United States v.*

4   *Witmer*, 835 F. Supp. 208, 217, 219 (M.D. Pa. 1993), *aff'd*, 30 F.3d 1489 (3d Cir. 1994), *cited at*

5   Dkt. #50 at 12.  FTC counsel is unaware of any case, and Amazon cites none, in which a court

6   held that discovery should be limited based on the scope of the government's pre-complaint

7   investigation.

8          Beyond these well-established principles, the circumstances surrounding this

9   investigation provide additional reason to reject Amazon's arguments.  The FTC's Complaint

10  alleges that, for the first year of the FTC's investigation (from March 2021-2022), Amazon hid

11  relevant information from the FTC that the FTC may never have discovered without the

12  assistance of a *Business Insider* article.  Compl. (Dkt. #4) ¶¶ 231-32.  The FTC issued a second

13  civil investigative demand after the article's publication, which Amazon unsuccessfully

14  petitioned to quash.  It was not until October 2022, after that petition was denied (and after the

15  FTC had chosen from whom it would provide testimony[2]), that Amazon made the majority of its

16

17  [1] *See also Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 201 (1946) (agency investigations are intended "to discover and procure evidence, *not to prove a pending charge or complaint*, but upon which to make one if, in the Administrator's judgment, the fact thus discovered justify doing so" (emphasis added));  *FTC v. Texaco, Inc.*, 555

18  F.2d 862, 874 (D.C. Cir. 1977) ("In the pre-complaint stage, an investigating agency is under no obligation to propound a narrowly focused theory of a possible future case."); *SEC v. Zachariah*, 2009 WL 10669546, at *4

19  (S.D.N.Y. May 21, 2009) (rejecting argument that excess depositions were unwarranted because of pre-complaint investigation:  "the contexts of administrative investigations are and judicial proceedings are sufficiently different to merit further discovery once the charges have been made and the parties are at issue" (quotation marks omitted));

20  *SEC v. Rayat*, 2022 WL 1423300, at *3 (S.D.N.Y. May 5, 2022) ("More importantly, no rule of law requires the SEC to request in the investigative stage every document that might turn out to be relevant in the litigation phase on pain that, if it does not seek the document during the investigation, it will not be able to seek it after it has filed a

21  complaint and defendant has answered.").

22  [2] Amazon is incorrect that the FTC chose the 35 Amazon employees from whom it obtained testimony; seven of those witnesses were corporate representatives selected by Amazon. The FTC was further hampered in its selection

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

8

document production, often continuing to produce documents immediately before or even after the scheduled examinations of witnesses to whom they were relevant.  Amazon, of course, disputes some of these allegations, and this Rule 26(f) Report does not provide an appropriate forum for their resolution.  The nature of Amazon's response to the investigation, however, forced the FTC, even more than usual, to focus its investigation on determining whether there was sufficient evidence that Amazon had violated the law rather than conclusively proving each element of those violations.

**Second**, at this stage of the case, the FTC has provided sufficient justification for its request.  Courts "must grant leave" to exceed 10 depositions "to the extent consistent with Rule 26(b)(1) and (2)."  Fed. R. Civ. P. 30(a)(2).  For the reasons stated above, there are hundreds, if not thousands, of Amazon employees alone with relevant information.  Additionally, Amazon has disclosed ten employees with discoverable information that Amazon may use to support its defenses (a list that is almost certainly underinclusive); deposing those ten potential witnesses alone would exhaust the default deposition limit.  Amazon's argument that the FTC's discovery will be duplicative of its investigation is a red herring.  The FTC's investigation, by necessity (given the relevant statute of limitations) and design (given the purpose of pre-complaint investigations), left many stones unturned, including, for example, obtaining and interrogating detailed customer data held by Amazon that likely will support the FTC's claims.  Additionally, the FTC may have legitimate reason to revisit topics covered in prior investigational hearings: for witnesses who are currently or may in the future be outside the Court's subpoena power (and therefore cannot be compelled to appear at trial), the admissibility of investigational hearing

---

of witnesses by Amazon's delayed document productions and by timing constraints imposed by the running statutes of limitations.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

testimony is an unsettled question.  *See, e.g.*, *SEC v. Zachariah*, 2009 WL 10669546, at *2

(S.D.N.Y. May 21, 2009) (permitting excess depositions in part to allow SEC to obtain

testimony that is "admissible at trial").

     ***Third***, the FTC need not exhaust its allotted ten depositions before obtaining leave for

more.  "[T]here is no reason to conclude that if the need for additional depositions is clear from

the outset the court must engage in arbitrary delay before entertaining a motion for depositions in

excess of the presumptive 10."  *Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*, 2018 WL

5993585, at *2 (E.D. Cal. Nov. 6, 2018).  In fact, parties are encouraged to address the need for

extra depositions up-front, to "eliminat[e] the need for special motions."  *U-Haul Co. of Nevada

v. Gregory J. Kramer, Ltd.*, 2013 WL 1249702, at *2 (D. Nev. Mar. 26, 2013).  Courts also have

recognized that, especially where the action is "complex," it would be "prejudicial to require [a

party] to choose the ten depositions to take before they know whether they will be granted

more."  *Stiles*, 2020 WL 589107, at *3.  In many such complex cases, moreover, parties stipulate

to excess depositions because they are beneficial to both parties.  Here, by contrast, Amazon

already possesses virtually all relevant information, and therefore has little need for discovery or

depositions.  It is taking advantage of this fact by attempting to constrain the timing and breadth

of the FTC's discovery.

     <u>Amazon Position</u>

     Amazon proposes that the parties adhere to the discovery limits set by the Federal Rules,

including the 10 deposition limit applicable in this district.  Insofar as either party believes

additional depositions are necessary, it should prioritize 10 depositions, and then return to the

opposing party, or the Court as necessary, if it can establish the need for further depositions.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

10

1   The FTC has not established such a need at this time.  During the course of its multi-year

2 investigation, the conduct of which was entirely in the FTC's hands, the FTC received sworn

3 testimony from at least 35 current and former Amazon employees, the majority of whom were

4 selected by the FTC, following Amazon's production of approximately 30,000 documents and

5 responses to more than 50 interrogatories and numerous informal requests for information.

6 Stated simply, the FTC has already received voluminous discovery, far more than the ordinary

7 litigant in civil actions who is subject to the presumptive discovery limits in the Federal Rules.

8 And the FTC determined that rather than pursue additional discovery from Amazon, it was

9 prepared to file its complaint based on what it had already obtained.

10   To be clear, Amazon is not saying that the FTC can take no discovery.  Rather, Amazon's

11 position is that, given the voluminous record already developed by the FTC during its years-long

12 investigation, the default rules should apply and any deviation from the default at this stage is

13 premature.  *See, e.g.*, *Countryman v. Sherman*, No. C19-01767-JCC-SKV, 2021 WL 5182293, at

14 *3 (W.D. Wash. Oct. 19, 2021) ("The Court notes that Plaintiff and the previously named

15 Defendants have already engaged in significant discovery in this case and the Court will take this

16 into account in determining the appropriate length of the discovery period and the scope of

17 discovery.").

18   The FTC has failed to make a "particularized showing" to justify expanding the number

19 of depositions beyond the number allotted by the Federal Rules.  *Thykkuttathil v. Keese*, 294

20 F.R.D. 597, 600 (W.D. Wash. 2013) ("A party seeking to exceed the presumptive limit bears the

21 burden of making a 'particularized showing' of the need for additional depositions.").  Rather, it

22 makes irrelevant and unpersuasive arguments.  The FTC first argues that its own initial

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

11

disclosure of more than 250 individuals—a list of names without any explanation for the type of knowledge (much less unique knowledge) each individual has—is a primary driver for the need for additional depositions.  This self-serving rationale does not establish a "particularized showing" for why the 10 depositions allowed by the Federal Rules—in addition to the 35 pieces of sworn testimony the FTC already has—are insufficient.  The FTC next argues that Amazon has more than 1.5 million employees and that Amazon previously stated that many hundreds were involved over time in the relevant Prime enrollment and cancellation processes.  Under the FTC's framework, the 10-deposition presumption would never apply in any suit involving any large company.  Of course, the number of Amazon employees generally or specifically involved with Prime at some point is not relevant to how many depositions are necessary in this case, where the FTC's claims arise out of publicly available enrollment and cancellation processes and are analyzed under an objective test.

The FTC offers no explanation for how any deposition beyond the 10 allowed by the Federal Rules would provide unique testimony on the relevant issues, including the objective clarity of Amazon's flows, nor how any of the more than 250 listed employees would offer new information.  And indeed, some of the listed individuals' previous sworn testimony makes clear that they have no relevant or unique knowledge.  Deposing multiple additional members of various teams on topics on which the FTC already has voluminous testimony will do nothing to advance the litigation.   At best, the FTC's request for 30 additional depositions is premature. *See Smith v. Ardew Wood Products, Ltd.*, 2008 WL 4837216, at *1 (W.D. Wash. Nov. 6, 2008) ("[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A)."); *Alvarez*

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

12

1    *v. King County Sheriff's Office*, 2006 WL 8454989, at *2 (W.D. Wash. June 27, 2006)

2    (explaining that motioning for additional depositions before having taken a single deposition

3    makes it impossible to determine whether addition depositions will actually be necessary).

4         The cases cited by the FTC are inapposite.  The cases cited for the proposition that the

5    prior investigation cannot limit discovery do not apply because they involve the SEC in criminal

6    litigations brought by the SEC in which discovery was well underway.  These citations are

7    misplaced because they ignore the fundamental difference between the FTC's purely civil

8    complaint against Amazon and SEC's actions with criminal and civil components, as well as the

9    facts that led to the courts' decisions.  *See, e.g.*, *SEC v. Sargent* 229 F.3d 68, 74 (1st Cir. 2000)

10   (explaining that the SEC has "conducted virtually no discovery in this case" due to numerous

11   discovery stays when the Fifth Amendment was invoked); *SEC v. Wu*, 2016 WL 4943000, at *3

12   (N.D. Cal. Sept. 16, 2016) (reasoning that the SEC could not obtain information from an earlier

13   investigation because a defendant had invoked the Fifth Amendment); *SEC v. Jasper*, 678 F.3d

14   1116, 1128-29 (9th Cir. 2012) (stating the differences between the SEC's motivation early in the

15   investigation and once charges are brought in a dispute about discovery limits when one

16   defendant made himself unavailable to testify by invoking the Fifth Amendment).  Here, the FTC

17   already has significant materials from Amazon, had as long as it needed to conduct the

18   investigation, and fails to identify any specific missing discovery, so the same concerns do not

19   exist.

20        And the cases cited for the proposition that the FTC need not exhaust the 10-deposition

21   limit before seeking leave for more are on different footing from this case.  *See Global*

22   *Aerospace*, 2018 WL 5993585; *U-Haul Co. of Nevada*, 2013 WL 1249702; *Stiles*, 2020 WL

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

13

589107.  Those cases stand for the proposition that in complex cases, a party need not wait to exhaust its 10 depositions prior to asking for more *in the absence of prior significant sworn testimony.*  Here, as Amazon has articulated, the FTC already had the opportunity to take 35 pieces of sworn testimony (and could have taken more had it so chosen) during the investigation.  The record in the cited cases did not have such a robust existing discovery record.

Amazon proposes that if either party believes additional depositions are necessary after it has exhausted its limit of 10, it may meet and confer with the opposing party and, if appropriate, seek leave from the Court upon the necessary showing contemplated by the Federal Rules.  Amazon reserves all rights to file appropriate motions to limit discovery to the full extent contemplated by the Federal Rules.  Amazon further reserves its right to object to cumulative discovery given the benefit of the significant amount of documents and testimony the FTC received before filing this lawsuit.

### (F)  The Need for Discovery Related Orders

The parties have agreed to substantially all of the terms of a proposed protective order and have briefed their respective positions on the remaining terms upon which they could not agree (Dkt. #64).  The parties also plan to stipulate to a Proposed Federal Rule of Evidence 502(d) Order.  As set out above, Amazon will provide edits to the proposed ESI order and meet and confer in good faith on ESI issues as needed.  Other than the anticipated scheduling order, the parties do not anticipate the need for any other orders under FRCP 26(c) or FRCP 16(b) and (c), but reserve all rights to seek additional orders to the full extent contemplated by the Federal Rules.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

14

1

2

### 5.  Items Set Forth in LCR 26(f)(1)

The parties report on the following items, pursuant to Local Civil Rule 26(f)(1):

#### (A)  Prompt Case Resolution

The parties agree to work together in good faith to promptly resolve the case in compliance with the Federal Rules, Local Rules of Civil Procedure, and all Court orders.  The parties are amenable to discussing settlement of this matter, though at this time they have not agreed to any terms of settlement.

#### (B)  Alternate Dispute Resolution

The parties may be open to mediation or another form of alternative dispute resolution, but believe that this is premature at this time.

#### (C)  Related Cases

The parties are not aware of the existence of any related cases to the instant action.

#### (D)  Discovery Management

(i)   The parties agree to manage discovery in accordance with FRCP 26-37 and LCR 26-37, and incorporate their response set forth above in Section 4.E. (Changes to Limitations on Discovery).

(ii)  The parties agree that they may benefit from sharing third party discovery and associated costs (if any) and will explore whether such an agreement is feasible when appropriate.

(iii) The parties agree to schedule discovery or case management conferences with the Court as necessary.  The parties will negotiate in

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

15

good faith any discovery issues that may arise before seeking the Court's intervention.

(iv) The parties agree to consider using the expedited procedure under LCR 37(a)(2) to present discovery disputes to the Court on a case-by-case basis, and are open to other proposals from the Court for presenting discovery disputes by informal means.

(v) The parties do not request an abbreviated pre-trial order at this time.

(vi) The parties do not request any additional orders under LCR 16(b) or (c) at this time, other than those set forth above in Section 4.F. (The Need for Discovery Related Orders).

**(E) Anticipated Discovery Sought**

FTC Position

The FTC anticipates that discovery will be needed regarding all of Plaintiff's claims and all of Defendant's defenses, as noted above in Section 4.B. (Subjects, Timing, and Potential Phasing of Discovery). For the reasons explained in Section 4.E. above (*see supra* pp. 5-13), Amazon's statement that the FTC does not need fact discovery is incorrect and contrary to settled to case law.

Amazon Position

Amazon has already produced approximately 30,000 documents to the FTC on the very subjects at issue in the litigation, in addition to responding to more than 50 interrogatories and numerous informal requests for information. The FTC took sworn testimony from at least 35 current and former Amazon employees (although the FTC has not disclosed the full extent of its

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

16

1    sworn testimony).  As such, Amazon does not believe that the FTC needs additional fact

2    discovery beyond the default amount permitted by the Federal Rules, which would be needlessly

3    duplicative and cumulative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

4        By contrast, Amazon has not received any discovery from the FTC. Amazon anticipates

5    that it will seek discovery on its defenses and the FTC's claims from the FTC and third parties,

6    but this will not take an extended period of time to complete.  Amazon anticipates that the case

7    will require significant expert discovery.  For those reasons, it is proposing a shorter fact

8    discovery period and a longer expert discovery period.

9                       **(F)  Phasing Motions**

10       <u>FTC Position</u>

11       The FTC does not believe that phasing motions will facilitate early resolution of

12   potentially dispositive issues.

13       <u>Amazon Position</u>

14       Amazon intends to file a motion to dismiss all claims.

15                  **(G) Preservation of Discoverable Information**

16       The parties have not identified any preliminary issues relating to the preservation of

17   discoverable information and the scope of the preservation obligation.

18                       **(H) Privilege Issues**

19       The parties plan to stipulate to a Proposed Federal Rule of Evidence 502(d) Order that

20   will address procedures for handling inadvertent production in litigation of privileged

21   information and other privilege issues.  The FTC's Motion to Desequester Documents Clawed

22   Back by Defendant has been fully briefed.

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

**(I)   Model Protocol for Discovery of ESI**

The parties agree that the case will involve the preservation and production of ESI.

       (i)   The FTC's discoverable ESI consists of emails and other documents located on FTC servers and internal systems (e.g., Microsoft Outlook). Amazon's discoverable ESI consists of emails and other documents located on Amazon's servers and internal systems.

      (ii)   As stated in Section 4.C. (Electronically Stored Information), the FTC has proposed to Amazon a modified version of the Model ESI Agreement.  Amazon does not believe entry of the Model ESI Agreement is appropriate at this time, but will nonetheless provide edits to the FTC's proposed order and will meet and confer on ESI issues as needed.

**(J) Alternatives to Model Protocol**

As described in Section 4.C. (Electronically Stored Information), the parties disagree on the need for an ESI Agreement at this time, but will continue to confer on the issue after Amazon provides edits to the FTC's proposed ESI Agreement.

**6.   Discovery Completion Date**

<u>FTC Position</u>

The FTC proposes 11 months for fact discovery.  This schedule builds in time for the parties to make document requests (in addition to interrogatories and requests for admission); to respond to those requests, locate responsive documents, and produce them; to resolve discovery disputes or bring them to the Court; and to conduct depositions.  Based on the FTC's

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

18

1   investigation and the parties' positions herein, the FTC anticipates significant disputes for the

2   parties and, if necessary, the Court, to address during discovery.  The FTC recognizes that the

3   Court "expects that most civil cases will be ready for trial within a year" of this filing (Dkt. #49),

4   but respectfully submits that the breadth of the FTC's allegations and Amazon's operations

5   require a longer schedule here.  *See supra* Section 4.E. (pp. 5-10).  (The FTC's proposed trial

6   readiness date, *see infra* Section 11 (p. 22) is 18 months from now, in February 2025.)

7        Amazon's requested five-month fact discovery period is unreasonably short, and appears

8   to be based on Amazon's mistaken position that the FTC does not need discovery because it

9   conducted a pre-complaint investigation.  *See supra* Section 4.E. (pp. 4-13).  Even if not

10  proposed for this purpose, Amazon's rushed discovery period would also allow it capitalize on

11  its delays and withholding of documents throughout the FTC's investigation by depriving the

12  FTC, yet again, of relevant evidence.  *See id.*

13       Separately, the FTC disagrees with Amazon's proposal that the FTC disclose its expert

14  reports before Amazon.  Of course, the FTC agrees that any Amazon expert report that is limited

15  to rebutting an FTC expert report can be submitted at the FTC's proposed rebuttal deadline.

16  There is no basis, however, to allow Amazon to wait and see what the FTC's experts say before

17  offering their own affirmative opinions on issues—such as the clarity and simplicity of

18  Amazon's enrollment and cancellation processes—that the parties already know are in dispute.

19  The FTC's preliminary review of this Court's scheduling orders indicates that Amazon's

20  statement that sequenced expert reports are "ordinary" is incorrect.  At a minimum, if the Court

21  adopts Amazon's proposed staggered deadlines, the FTC respectfully requests that it be

22

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

19

1   permitted to submit expert reports rebutting Amazon's experts.  It is unclear whether Amazon's

2   proposed schedule allows for FTC rebuttal reports.

3        For these reasons, the FTC proposes the following schedule for the completion of

4   discovery:

5   - Start of Discovery: August 4, 2023

6   - Initial Disclosures: August 18, 2023

7   - Close of fact discovery: June 30, 2024

8   - Rule 26(a)(2) disclosures regarding experts, including expert reports: July 14,

9     2024

10  - Rule 26(a)(2) disclosures regarding rebuttal experts: August 11, 2024

11  - Close of expert discovery: September 15, 2024

12  <u>Amazon Position</u>

13       Amazon is eager and entitled to prompt adjudication of the FTC's meritless claims.

14  Amazon's schedule strikes a balance between providing the parties appropriate time for pretrial

15  tasks, and getting to a final resolution promptly so that Amazon may clear its name against the

16  FTC's allegations.  With respect to the discovery period, the FTC has already had the benefit of a

17  multi-year investigation, during which, as explained above, Amazon complied with all of the

18  FTC's discovery requests.  That included producing approximately 30,000 documents,

19  responding to more than 50 interrogatories, and providing sworn testimony from 35 current and

20  former Amazon employees (which the FTC demanded occur over a three-month period), all on

21  the very same subjects at issue in the litigation.  The FTC fails to explain why it needs an

22  additional 11 months to complete discovery in this case given the voluminous discovery it has

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

1    already obtained and the fact that the claims asserted by the FTC are analyzed under an objective

2    test (i.e., one for which the FTC should not need nearly a year of additional discovery).  To be

3    sure, the FTC does not explain what more it intends to seek that is both relevant to this case and

4    not cumulative of the discovery already in its possession.  Amazon therefore proposes a shorter,

5    more reasonable fact discovery period than the FTC.  Amazon has already served an initial set of

6    Requests for Production on the FTC and anticipates additional discovery will follow in short

7    order.  Because Amazon believes the case will require significant expert witness work, it is

8    proposing a reasonable period of expert discovery.

9          In the ordinary civil action, the party with the burden must provide its expert reports first.

10   *See, e.g.*, *U.S. Bank, N.A. v. Glogowski Law Firm, PLLC*, 339 F.R.D. 579, 581-82 (W.D. Wash.

11   2021) ("[S]equencing the expert disclosures to require the party with the burden of proof to

12   disclose first allows a defendant to avoid the expense of hiring an expert when it is not necessary

13   because the plaintiff cannot meet his or her burden of proof."); Notes of Advisory Committee on

14   Rule 26 (1993 Amendment) ("…in most cases the party with the burden of proof on an issue

15   should disclose its expert testimony on that issue before other parties are required to make their

16   disclosures with respect to that issue").  Here, the FTC has the burden, including with respect to

17   the "clarity and simplicity of Amazon's enrollment and cancellation processes."  It is critical for

18   Amazon to understand the FTC's expert positions on the issues in the case before Amazon

19   submits its own expert reports. Thus, Amazon proposes that the FTC submit its expert reports

20   first, followed by Amazon.  Amazon proposes the following schedule for the completion of

21   discovery:

22          • Start of Discovery:  August 4, 2023

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

- Initial Disclosures:  August 18, 2023

- Close of fact discovery:  December 29, 2023

- Disclosure of Plaintiff's expert reports:  February 15, 2024

- Disclosure of Defendant's expert reports:  April 17, 2024

- Close of expert discovery:  May 13, 2024

**7.  Whether the Case Should be Bifurcated**

FTC Position

The FTC does not believe the case should be bifurcated.

Amazon Position

Amazon continues to assess whether it will request that the case be phased or bifurcated, and reserves all rights and arguments on this issue.

**8.  Whether the Pretrial Statements and Pretrial Order Called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 Should Be Dispensed With in Whole or in Part for the Sake of Economy**

 The parties believe that the case will need to develop further before they can assess whether to dispense in whole or part with the use of pretrial statements and a pretrial order under LCR 16(e), (h), (i), and (l), and under LCR 16.1.

**9.  Whether the Parties Intend to Utilize the Individualized Trial Program Set Forth in Local Civil Rule 39.2 or any ADR Options Set Forth in Local Civil Rule 39.1**

The parties do not intend to use the Individualized Trial Program set forth in LCR 39.2 or the ADR options set forth in LCR 39.1.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

**10.  Any Other Suggestions for Shortening or Simplifying the Case**

The parties will in good faith seek to identify opportunities to streamline the case.

**11.  The Date the Case Will Be Ready for Trial**

The parties propose the following alternative schedules:

FTC Position

- Filing of all dispositive motions: October 13, 2024

- Oppositions to dispositive motions: November 6, 2024

- Replies to oppositions to dispositive motions: November 10, 2024

- Service of Plaintiff's Pretrial Statement (LCR 16(h)): December 12, 2024

- Service of Defendant's Pretrial Statement (LCR 16(i)): December 22, 2024

- Conference of Attorneys (LCR 16(k)): January 9, 2025

- Filing of Proposed Pretrial Order (LCR 16(e)): January 19, 2025

- Trial ready date: February 21, 2025

Amazon Position

- Filing of all dispositive and *Daubert* motions:  June 21, 2024

- Oppositions to dispositive and *Daubert* motions:  July 22, 2024

- Replies to oppositions to dispositive and *Daubert* motions:  August 12, 2024

- Service of Plaintiff's Pretrial Statement (LCR 16(h)): September 9, 2024

- Service of Defendant's Pretrial Statement (LCR 16(i)): September 16, 2024

- Conference of Attorneys (LCR 16(k)): September 26, 2024

- Filing of Proposed Pretrial Order (LCR 16(e)): October 1, 2024

- Deadline for filing all motions in limine:  October 1, 2024

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

23

1 • Final pretrial conference: October 7, 2024

2 • Trial ready date:  October 14, 2024

3 **12.  Whether the Trial Will Be Jury or Non-Jury**

4 <u>FTC Position</u>

5 The FTC is not requesting a jury trial at this time.

6 <u>Amazon Position</u>

7 Amazon continues to assess whether it will request a jury or non-jury trial, and reserves

8 all rights and arguments on this issue.

9 **13. The Number of Trial Days Required**

10 <u>FTC Position</u>

11 Although this is somewhat difficult to estimate at this time, the FTC estimates that the

12 case will require approximately two full weeks of trial (not including jury selection, if

13 applicable).  The number of trial days needed may be fewer or greater depending on the outcome

14 of fact and expert discovery, and if any claims are resolved through motions practice.

15 <u>Amazon Position</u>

16 Amazon believes that no trial is necessary as the case should be dismissed prior to trial.

17 To the extent a trial is required, Amazon respectfully submits that it would be premature to

18 estimate the number of trial days needed for this matter until the parties have a chance to

19 undertake discovery and better assess the testimonial and documentary evidence each plans to

20 present at trial.  Subject to the foregoing and reserving all rights, Amazon estimates that the case

21 will require at least two full weeks of trial.

22

23

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

**14.  The Names, Addresses, and Telephone Numbers of All Trial Counsel**

FTC:

EVAN MENDELSON
OLIVIA JERJIAN
THOMAS MAXWELL NARDINI
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)

COLIN D. A. MACDONALD
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov

Amazon:

Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
          jimhoward@dwt.com

Stephen P. Anthony
Laura Flahive Wu
Laura M. Kim
John D. Graubert
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
          lflahivewu@cov.com
          lkim@cov.com
          jgraubert@cov.com

John E. Hall
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

25

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

San Francisco, CA  94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers
COVINGTON & BURLING LLP
3000 El Camino Real
Palo Alto, CA  94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

John C. Hueston
Moez M. Kaba
Joseph A. Reiter
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
        mkaba@hueston.com
        jreiter@hueston.com

**15.  The Dates on Which the Trial Counsel may Have Complications to Be**

**Considered in Setting a Trial Date**

The parties' trial counsel have no known complications at this time.

**16. If, on the due date of the Report, all defendant(s) or respondent(s) have not been**

**served, counsel for the plaintiff shall advise the Court when service will be**

**effected, why it was not made earlier, and shall provide a proposed schedule for**

**the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

Defendant Amazon has been served.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

26

**17. Whether Any Party Wishes a Pretrial FRCP 16 Conference with the Judge Prior to Entry of any Order Pursuant to Rule 16 or Setting of a Schedule for this Case.**

FTC Position

The FTC does not request a pretrial Rule 16 conference, but is available if the Court believes a conference would be beneficial prior to setting the case schedule.  The FTC is available for either a telephonic or in-person hearing.  FTC counsel is unavailable from September 7-15 and on September 25.

Amazon Position

Amazon requests a Federal Rule 16 conference, preferably in person, before the Court enters an order setting the case schedule.  Given the significant differences in the parties' proposed case schedules, Amazon believes such a conference would be useful to the parties and the Court.

**18. List the Date(s) that Each and Every Nongovernmental Corporate Party Filed Its Disclosure Statement Pursuant to FRCP 7.1 and Local Rule 7.1**

Amazon filed its disclosure statement pursuant to FRCP 7.1 and LCR 7.1 on July 3, 2023 (Dkt. #12).

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

27

1

2       Dated: August 25, 2023                    /s/ Evan Mendelson

3                                                 EVAN MENDELSON (D.C. Bar #996765)
                                                  OLIVIA JERJIAN (D.C. Bar #1034299)
4                                                 THOMAS MAXWELL NARDINI
                                                  (IL Bar #6330190)
5                                                 Federal Trade Commission
                                                  600 Pennsylvania Avenue NW
6                                                 Washington, DC 20580
                                                  (202) 326-3320; emendelson@ftc.gov (Mendelson)
7                                                 (202) 326-2749; ojerjian@ftc.gov (Jerjian)
                                                  (202) 326-2812; tnardini@ftc.gov (Nardini)
8

9                                                 COLIN D. A. MACDONALD (WSBA # 55243)
                                                  Federal Trade Commission
10                                                915 Second Ave., Suite 2896
                                                  Seattle, WA 98174
11                                                (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

12                                                Attorneys for Plaintiff
                                                  FEDERAL TRADE COMMISSION
13

14      Dated:   August 25, 2023                  DAVIS WRIGHT TREMAINE LLP

15                                                By s/ Kenneth E. Payson

16                                                     Kenneth E. Payson, WSBA #26369
                                                       James Howard, WSBA #37259
17                                                     920 Fifth Avenue, Suite 3300
                                                       Seattle, WA 98104-1610
18                                                     Telephone: (206) 622-3150
                                                       E-mail: kenpayson@dwt.com
19                                                            jimhoward@dwt.com

20

21

22

23

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5105
E-mail: santhony@cov.com
          lflahivewu@cov.com
          lkim@cov.com
          jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
          mkaba@hueston.com
          jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendant
AMAZON.COM, INC.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C.20580
(202) 326-3320

29