The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>                Defendants. | **No. 2:23-cv-0932-JHC**<br><br>**DEFENDANTS AMAZON.COM, INC.'S, NEIL LINDSAY'S, RUSSELL GRANDINETTI'S, AND JAMIL GHANI'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTIONS TO DISMISS AMENDED COMPLAINT** |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTIONS TO DISMISS AMENDED COMPLAINT
(2:23-cv-0932-JHC) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Pursuant to Federal Rule of Evidence 201, Defendants Amazon.com, Inc., Neil Lindsay, Russell Grandinetti, and Jamil Ghani respectfully request that the Court take judicial notice of Exhibits 1–13 to the accompanying Declaration of Joseph A. Reiter ("Reiter Declaration"), submitted in connection with the concurrently filed motions to dismiss. Exhibits 1–13 are judicially noticeable for the reasons detailed below, and summarized here:

| No. | Title | Bases for Judicial Notice |
|---|---|---|
| 1 | FTC's Notice of Proposed Rulemaking: Negative Option Rule | Official government statement; Federal Register publication; contents of FTC website; administrative guidance. |
| 2 | FTC's Dot Com Disclosures: How to Make Effective Disclosures in Digital Advertising | Official government statement; contents of FTC website; administrative guidance. |
| 3 | FTC Enforcement Policy Statement Regarding Negative Option Marketing | Official government statement; Federal Register publication; contents of FTC website; administrative guidance. |
| 4 | FTC Looks to Modernize Its Guidance on Preventing Digital Deception | Official government statement; contents of FTC website; administrative guidance. |
| 5 | FTC Tweet Dated July 9, 2012 | Official government statement; statement from verified FTC Twitter account. |
| 6 | Letter to Acting FTC Secretary April J. Tabor re: Negative Option Rule | Official government statement; letter received and considered by the FTC. |
| 7 | FTC Commissioner Phillips's Dissenting Statement, *In the Matter of MoviePass, Inc.* | Official government statement; contents of FTC website; public record of administrative decision; administrative guidance. |
| 8 | FTC to Hold Virtual Workshop Exploring Digital "Dark Patterns" | Official government statement; contents of FTC website; administrative guidance. |
| 9 | FTC Seeks Public Comment on Dark Patterns Topics ahead of Workshop | Official government statement; contents of FTC website; administrative guidance. |
| 10 | Bringing Dark Patterns to Light: An FTC Workshop | Official government statement; contents of FTC website; administrative guidance. |
| 11 | FTC's Dark Patterns Workshop Transcript | Official government statement; contents of FTC website; administrative guidance. |
| 12 | FTC Commissioner Slaughter's Dissenting Statement, *In the Matter of FTC v. Facebook* | Official government statement; contents of FTC website; public record of administrative decision; administrative guidance. |
| 13 | FTC Staff Report - Bringing Dark Patterns to Light | Official government statement; contents of FTC website; administrative guidance. |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTIONS TO DISMISS AMENDED COMPLAINT
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I. LEGAL STANDARD

When ruling on a 12(b)(6) motion, a court may look beyond the pleadings to "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). "Facts proper for judicial notice are those facts not subject to reasonable dispute and either 'generally known' in the community, or 'capable of accurate and ready determination' by reference to sources whose accuracy cannot be reasonably questioned." *Rocha v. California*, 2015 WL 5024915, at *2 (E.D. Cal. Aug. 25, 2015), *aff'd sub nom. Rocha v. California Dep't of Corr. & Rehab.*, 691 Fed. App'x 433 (9th Cir. 2017).

## II. REQUEST FOR JUDICIAL NOTICE

Defendants respectfully request that the Court take judicial notice of Exhibits 1–13 to the Reiter Declaration, all of which are judicially noticeable as official statements made on a government website or through a verified government account. *See Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice"); *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prod. Liab. Litig.*, 288 F. Supp. 3d 1087, 1210 (D.N.M. 2017) (taking judicial notice of FTC press releases "because they are available on a governmental website"); *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 263 (S.D.N.Y. 2019), *aff'd*, 788 F. App'x 85 (2d Cir. 2019) (taking judicial notice of statements "tweeted by the Mayor on his official account"); *see also* Reiter Decl. ¶¶ 3–15. Additionally, Exhibits 1–13 are judicially noticeable for the following, independently sufficient reasons:

Excerpts from the Federal Register (Exs. 1 and 3). The contents of the Federal Register "shall be judicially noticed" as a matter of law. *See* 44 U.S.C. § 1507; *see also Bayview Hunters Point Cmty. Advocates v. Metro. Transp. Comm'n*, 366 F.3d 692, 702 n.5 (9th Cir. 2004) (granting request for judicial notice of a proposed rulemaking published in the Federal Register).

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTIONS TO DISMISS AMENDED COMPLAINT
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Accordingly, the Court should take judicial notice of Exhibits 1 and 3, both of which are statements that the FTC published in the Federal Register. *See* Reiter Decl. Ex. 1 (88 Fed. Reg. 24716); *id.* Ex. 3 (86 Fed. Reg. 60822); *see also* Reiter Decl. ¶¶ 3, 5.

<u>Contents of the FTC's Website (Exs. 1–4, 7–13).</u>  It is well-settled that the contents of a federal agency's website are judicially noticeable. *See generally In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prod. Liab. Litig.*, 288 F. Supp. 3d 1087, 1210 (D.N.M. 2017) (explaining that FTC documents were "properly judicially noticed" because they were "available on a federal agency's website"); *see also Kochlani v. Gen. Motors LLC*, 2021 WL 8531593, at *2 (C.D. Cal. Sept. 13, 2021) (statements "publicly available" on party's "own website" were not subject to "reasonable dispute" and were thus judicially noticeable).  Accordingly, the Court should take judicial notice of Exhibits 1–4 and 7–13, the contents of which are publicly available on the FTC's website. *See* Reiter Decl. ¶¶ 3–6; 9–15.

<u>Records of Administrative Decisions (Exs. 7, 12).</u>  Courts properly notice "records and 'reports of administrative bodies,'" including administrative decisions. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008); *see, e.g.*, *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1100 (C.D. Cal. 2016) ("The Court finds that the ALJ's Initial Decision and the FTC Opinion are admissible both under Federal Rule of Evidence 201(b) and Federal Rule of Evidence 803(8)(A)(iii).")  Accordingly, the Court should take judicial notice of Exhibits 7 and 12, which contain FTC commissioners' dissenting statements from official agency decisions. *See* Reiter Decl. Exs. 7, 12.

<u>Administrative Guidance (Exs. 1–4, 7–13).</u>  Courts often judicially notice public statements that indicate what "was in the public realm" at the time of the alleged conduct. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).  In doing so, courts properly recognize that certain documents are relevant "for the fact that [the party] made the statements [the documents] contain[]." *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020).  This is true of Exhibits 1–4 and 7–13, all of which contain the FTC's public guidance regarding the statutes at issue in this case. *See* Reiter Decl. Exs. 1–4,

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTIONS TO DISMISS AMENDED COMPLAINT
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

7–13.  Such guidance need not be true in order to be relevant; what matters is that they reflect what was available to a "regulated party acting in good faith" at the time of the alleged conduct. *General Elec. Co. v. EPA*, 53 F.3d 1324, 1328–29 (D.C. Cir. 1995).  Accordingly, the Court should take judicial notice of Exhibits 1–4 and 7–13.

<u>Letter Received and Considered by the FTC (Ex. 6).</u>  Courts may "take judicial notice of matters of a general public nature," including documents submitted to federal agencies.  *See generally Vasser v. McDonald*, 228 F. Supp. 3d 1, 10-11 (D.D.C. 2016) ("courts have taken judicial notice of . . . parties' administrative complaints").  Accordingly, the Court should take judicial notice of Exhibit 6, which was submitted to the FTC as part of its rulemaking process, and subsequently discussed in and cited by the FTC in its notice of proposed rulemaking. *Compare* Reiter Decl. Ex. 6 *with id.* Ex. 1 at 24719 n.34, 24720-21, 24723-29.

<u>FTC Statement on Twitter (Ex. 5).</u>  "[C]ourts have taken judicial notice of tweets because 'the existence of the publicly-available articles and tweets cannot reasonably be questioned.'" *Napear v. Bonneville Int'l Corp.*, 2023 WL 3025258, at *5 (E.D. Cal. Apr. 20, 2023) (citing *Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019)); *Nat'l Rifle Ass'n of Am. V. City of Los Angeles*, 441 F. Supp. 3d 915, 933–34 n.6 (C.D. Cal. 2019) ("The Court therefore takes judicial notice of O'Farrell's statements via his verified Twitter account.").  In this way, courts treat the publication of tweets much like the publication of news articles, which have long been judicially noticeable.  *See, e.g.*, *Napear*, 2023 WL 3025258, at *5. (taking judicial notice of "two news articles and compilation of tweets" as "an indication of what information was in the public realm at the time" (citation omitted)).  Accordingly, the Court should therefore take judicial notice of Exhibit 5, which contains a tweet from the FTC's verified Twitter account. Reiter Decl. ¶ 7; *id.* Ex. 5.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTIONS TO DISMISS AMENDED COMPLAINT
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1–13 to the Reiter Declaration.

DATED this 18th day of October, 2023.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
   Kenneth E. Payson, WSBA #26369
   James Howard, WSBA #37259
   920 Fifth Avenue, Suite 3300
   Seattle, WA  98104-1610
   Telephone: (206) 622-3150
   Fax: (206) 757-7700
   E-mail: kenpayson@dwt.com
              jimhoward@dwt.com

HUESTON HENNIGAN LLP

By s/ *Moez M. Kaba*
   John C. Hueston*
   Moez M. Kaba*
   Joseph A. Reiter*
   523 West 6th Street, Suite 400
   Los Angeles, CA  90014
   Telephone: (213) 788-4340
   E-mail: jhueston@hueston.com
              mkaba@hueston.com
              jreiter@hueston.com

COVINGTON & BURLING LLP

   Stephen P. Anthony*
   Laura Flahive Wu*
   Laura M. Kim*
   John D. Graubert*
   850 Tenth Street, NW
   Washington, DC  20001
   Telephone: (206) 662-5105
   E-mail: santhony@cov.com
              lflahivewu@cov.com
              lkim@cov.com
              jgraubert@cov.com

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTIONS TO DISMISS AMENDED COMPLAINT
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

|   |   |
|---|---|
| 1 | |
| 2 | John E. Hall* |
| | 415 Mission Street, Suite 5400 |
| 3 | San Francisco, CA 94105 |
| | Telephone: (415) 591-6855 |
| 4 | E-mail: jhall@cov.com |

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

*Admitted pro hac vice on behalf of Defendant Amazon.com, Inc. and pro hac vice application forthcoming on behalf of Defendants Lindsay, Grandinetti, and Ghani

Attorneys for Defendants
AMAZON.COM, INC., LINDSAY, GRANDINETTI, AND GHANI

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS AMENDED COMPLAINT (2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax