The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>Defendants. | No. 2:23-cv-0932-JHC<br><br>MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF BY ASSOCIATION OF CORPORATE COUNSEL IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR: NOVEMBER 10, 2023 |

## I.   INTRODUCTION

The Association of Corporate Counsel ("ACC") hereby respectfully submits this Motion for Leave to File an *Amicus Curiae* Brief in support of Defendant Amazon.com, Inc.'s Motion to Dismiss (Dkt. #84).  The ACC has informed Plaintiff Federal Trade Commission ("FTC") of its intention to file an *Amicus Curiae* Brief in support of Defendant, and the FTC was not prepared to consent to the filing at that time.

## II.   IDENTITY AND INTEREST OF *AMICUS CURIAE*

*Amicus curiae*, ACC, is a global legal association that promotes the common professional and business interests of in-house counsel who work for corporations, associations, and other organizations through information, education, networking, and advocacy. Founded as the American Corporate Counsel Association in 1981, it has grown from a small organization of in-house counsel to a worldwide network of more than 45,000 in-house lawyers employed by over

ASSOCIATION OF CORPORATE COUNSEL'S
MOT. FOR LEAVE TO FILE AMICUS BRIEF - 1
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

10,000 corporations, associations, and other organizations in more than 80 countries. It has long sought to aid courts, legislatures, regulators, and other law or policy-making bodies in understanding the role and concerns of in-house counsel, and is a frequent amicus participant in important cases affecting in-house counsel. This is such a case. Companies, organizations, and their employees need to be able to freely and fully confer with their counsel. Indeed, companies depend on their in-house lawyers now more than ever before. A recent study reveals that in the United States, "From 1997 . . . to 2020, the number of lawyers employed in-house has increased from 34,750 to 115,770 — a 3x increase."[1] That same study found that "the in-house sector . . . is a larger employer of lawyers than BigLaw."[2] Were this Court to accept the Amended Complaint's assertion that consulting counsel is itself evidence of knowledge of illegality, ACC members' vital role in promoting "broader public interests in the observance of law and administration of justice" would itself become a liability.

### III.     REASONS WHY THE MOTION SHOULD BE GRANTED

District courts have "broad discretion" to appoint *amici curiae*. *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013) (quoting *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982)). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton,* 246 F. Supp. 2d 59, 62 (D.D.C. 2003)).

/ / /

---

[1] Bill Henderson, In-house is bigger than BigLaw, Legal Evolution (Sep. 30, 2021), https://www.legalevolution.org/2021/09/in-house-is-bigger-than-biglaw-262/#:~:text=From1997%20(the%20first%20year%20of,to%20115%2C770%20%E2%80%94%20a%203x%20increase.

[2] *Id*.

ASSOCIATION OF CORPORATE COUNSEL'S
MOT. FOR LEAVE TO FILE AMICUS BRIEF - 2
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

The Court should exercise its discretion to permit ACC to file the attached *amicus* brief. ACC has deep expertise on issues regarding the role and concerns of in-house counsel. This background positions ACC to provide exactly the type of "unique information [and] perspective"—in this case, that the simple act of conferring with counsel cannot serve as a basis for civil liability —that *amicus* briefs are intended to supply.

## IV. CONCLUSION

For the reasons set forth above, and based on the consent of all parties in this action, the proposed *amicus* ACC respectfully requests the Court grant it leave to file the *amicus curiae* brief attached as Exhibit A.

DATED this 25th day of October, 2023

I certify that this memorandum contains 540 words, in compliance with the Local Civil Rules.

SNELL & WILMER LLP
Cooperating Attorneys for ASSOCIATION OF CORPORATE COUNSEL

By */s/ Clifford S. Davidson*
Clifford S. Davidson, WSBA 48313
506 Second Avenue, Suite 1400
Seattle, WA 98104
T: (425) 748-5055
F: (503) 624-6888
csdavidson@swlaw.com

BAKER BOTTS LLP
Cooperating Attorneys for ASSOCIATION OF CORPORATE COUNSEL

Maureen K. Ohlhausen, *pro hac vice* to be filed
Andrew T. George, *pro hac vice* to be filed
700 K Street, N.W.
Washington, DC 20001-5692
T: (202) 639-7726
F: (202) 585-1064
Maureen.ohlhausen@bakerbotts.com
Andrew.george@bakerbotts.com

*Attorneys for Proposed Amicus Curiae Association of Corporate Counsel*

4857-2549-7482

ASSOCIATION OF CORPORATE COUNSEL'S
MOT. FOR LEAVE TO FILE AMICUS BRIEF - 3
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055