# Exhibit A

The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>   Defendants. | No. 2:23-cv-0932-JHC<br><br>BRIEF OF *AMICUS CURIAE* ASSOCIATION OF CORPORATE COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS |

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

**TABLE OF CONTENTS**

INTRODUCTION AND STATEMENT OF INTEREST ............................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    The Amended Complaint wrongly attempts to impose penalties based on Defendants' mere act of conferring with counsel. ................................................... 2

        a.    Conferring with a lawyer is a constitutionally protected right and cannot serve as a basis for enhanced liability. ............................................. 3

        b.    Basing liability on consultations with counsel would undermine attorney-client privilege. ................................................................................ 4

    II.    The Amended Complaint's attempt to base liability on attorney-client interactions comes in the context of broader hostility to the attorney-client relationship in the investigation and prosecution of this case ................................ 6

CONCLUSION ............................................................................................................................... 8

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS - i
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

## TABLE OF AUTHORITIES

**CASES**

*Backer v. Commissioner*,
   275 F.2d 141 (5th Cir. 1960) ...................................................................................6

*Bruno v. Rushen*,
   721 F.2d 1193 (9th Cir. 1983) .................................................................................4

*DeLoach v. Bevers*,
   922 F.2d 618 (10th Cir. 1990) .................................................................................3

*Denius v. Dunlap*,
   209 F.3d 944 (7th Cir. 2000) ...................................................................................3

*Doyle v. Ohio*,
   426 U.S. 610 (1976) ................................................................................................4

*Fed. Trade Comm'n v. Boehringer Ingelheim Pharms., Inc.*,
   892 F.3d 1264 (D.C. Cir. 2018) ..............................................................................5

*First Nat. Bank of Bos. v. Bellotti*,
   435 U.S. 765 (1978) ................................................................................................3

*Fisher v. United States*,
   425 U.S. 391 (1976) ................................................................................................5

*Hunt v. Blackburn*,
   128 U.S. 464 (1888) ................................................................................................5

*In re Heraeus Kulzer GmbH*,
   2012 WL 1493883 (N.D. Ind. Apr. 26, 2012) ........................................................4

*Luck v. McMahon*,
   2021 WL 4248887 (D. Conn. Sept. 17, 2021) .......................................................3

*Powell v. State of Ala.*,
   287 U.S. 45 (1932) ..................................................................................................3

*SEC v. Csapo*,
   533 F.2d 7 (D.C. Cir. 1976) ....................................................................................6

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS - ii
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

*SEC v. Whitman*,
    613 F. Supp. 48 (D.D.C. 1985) ................................................................................7

*Trammel v. United States*,
    445 U.S. 40 (1980) .....................................................................................................5

*United Mine Workers of Am. v. Ill. State Bar Ass'n*,
    389 U.S. 217 (1967) ...................................................................................................3

*United States v. Kallin*,
    50 F.3d 689 (9th Cir. 1995) .......................................................................................4

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) ............................................................................................2, 5

**STATUTES**

15 U.S.C. § 45(m)(1)(A) .................................................................................................2

**OTHER AUTHORITIES**

16 C.F.R. 425 ...................................................................................................................6

88 Fed. Reg. 24716, 24718 ..............................................................................................6

Amazon.com, Inc., FTC Docket No. 2:23-cv-0932 (Sep. 21, 2022),
    https://www.https://www.ftc.gov/system/files/ftc_gov/pdf/ 2123050AmazonPTQOpinion.pdf
    ......................................................................................................................................7

Bill Henderson, *In-house is bigger than BigLaw*, LEGAL EVOLUTION (Sep. 30, 2021),
    https://www.legalevolution.org/2021/09/in-house-is-bigger-than-biglaw-
    262/#:~:text=From1997%20(the%20first% 20year%20of ..........................................2

D.C. Rules of Professional Conduct § 1.13(d) .................................................................6

D.C. Rules of Professional Conduct § 4.2 .......................................................................6

https://www.federalregister.gov/documents/2023/04/24/2023-07035/negative-option-rule ...........6

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE
COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM,
INC.'S MOTION TO DISMISS - iii
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

# INTRODUCTION AND STATEMENT OF INTEREST

The Federal Trade Commission's Amended Complaint alleges that the fact that Defendants conferred with counsel shows their actual knowledge of illegal conduct and is thus grounds for seeking civil penalties against them. This assertion threatens Defendants' constitutional right to consult counsel and undermines the important role of attorney-client communication in the U.S. legal system.

Courts have uniformly recognized a constitutional right to confer with counsel and that those discussions are protected by the attorney-client privilege. This Court should do the same. Aside from undermining the constitutional right to counsel, basing enhanced liability on discussions with counsel—especially by individual corporate employees in the course of their work—puts the defendant in the untenable position of having to surrender attorney-client privilege protections to rebut the plaintiff's allegation. It disincentivizes clients from conferring with their counsel in the first place and thereby runs counter to the public interest in the observance of law and administration of justice that the attorney-client privilege has long been recognized as supporting.

These concerns go to the heart of the Association of Corporate Counsel's ("ACC") mission. ACC is a global legal association that promotes the common professional and business interests of in-house counsel who work for corporations, associations, and other organizations through information, education, networking, and advocacy. Founded as the American Corporate Counsel Association in 1981, it has grown from a small organization of in-house counsel to a worldwide network of more than 45,000 in-house lawyers employed by over 10,000 corporations, associations, and other organizations in more than 80 countries. It has long sought to aid courts, legislatures, regulators, and other law or policy-making bodies in understanding the role and concerns of in-house counsel, and is a frequent amicus participant in important cases affecting in-house counsel.

///

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE
COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM,
INC.'S MOTION TO DISMISS - 1
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

This is such a case. Companies, organizations, and their employees need to be able to freely and fully confer with their counsel. Indeed, companies depend on their in-house lawyers now more than ever before. A recent study reveals that in the United States, "From 1997 . . . to 2020, the number of lawyers employed in-house has increased from 34,750 to 115,770 — a 3x increase."[1] That same study found that "the in-house sector . . . is a larger employer of lawyers than BigLaw."[2] Were this Court to accept the Amended Complaint's assertion that consulting counsel is itself evidence of knowledge of illegality, ACC members' vital role in promoting "broader public interests in the observance of law and administration of justice"[3] would itself become a liability.

## ARGUMENT

### I. The Amended Complaint wrongly attempts to impose penalties based on Defendants' mere act of conferring with counsel.

The Amended Complaint attempts to establish a required element for monetary penalties in this case from the fact that Defendants conferred with their counsel. To obtain monetary penalties for alleged violations of the Restore Online Shoppers' Confidence Act, ("ROSCA"), 15 U.S.C. § 8404, the Commission must prove that Defendants acted with "actual knowledge or knowledge fairly implied on the basis of objective circumstances" that their conduct was unfair or deceptive. 15 U.S.C. § 45(m)(1)(A). To meet this requirement, the Commission alleges:

> Amazon . . . and key decisionmakers . . . routinely conferred with… in-house counsel… regarding obligations under the FTC Act, ROSCA, and other consumer protection laws and regulations. Accordingly, Amazon and Defendants . . . have actual knowledge or knowledge fairly implied on the basis of objective circumstances that their actions are unfair or deceptive and are prohibited by ROSCA.

---

[1] Bill Henderson, *In-house is bigger than BigLaw*, LEGAL EVOLUTION (Sep. 30, 2021), https://www.legalevolution.org/2021/09/in-house-is-bigger-than-biglaw-262/#:~:text=From1997%20(the%20first%20year%20of,to%20115%2C770%20%E2%80%94%20a%203x%20increase.

[2] *Id*.

[3] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS - 2
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

Dkt. 67, First Amended Complaint ¶¶ 259-60 [hereinafter, "Am. Compl."].  In short, the Commission alleges that, because Defendants talked with counsel knowledgeable about the relevant law, Defendants must have known that their conduct was illegal.  This theory violates basic principles of due process, attorney-client privilege, and the right to confer with counsel of choice.

### a. Conferring with a lawyer is a constitutionally protected right and cannot serve as a basis for enhanced liability.

The right to hire and consult an attorney is protected by the First Amendment guarantees of freedom of speech, association, and petition, which extend to corporations and apply in civil cases.  *United Mine Workers of Am. v. Ill. State Bar Ass'n*, 389 U.S. 217, 221-22 (1967) (recognizing that the First Amendment's freedoms of speech, assembly, and petition protect a union's right to collectively hire an attorney to assist in legal affairs); *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990) ("The right to retain and consult an attorney . . . implicates not only the Sixth Amendment but also clearly established First Amendment rights of association and free speech."); *Denius v. Dunlap*, 209 F.3d 944, 954 (7th Cir. 2000) ("[T]he First Amendment protects the right of an individual or group to consult with an attorney on any legal matter."); *First Nat. Bank of Bos. v. Bellotti*, 435 U.S. 765, 784 (1978) (holding that First Amendment protections extend to corporations).  Penalizing defendants for exercising their First Amendment right to confer with counsel violates the right to due process all defendants have.  *Powell v. State of Ala.*, 287 U.S. 45, 69 (1932) ("If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.").

The fact that corporate employees confer with counsel thus cannot support any negative inference, let alone an inference of knowing and deliberate law violations.  *See Luck v. McMahon*, 2021 WL 4248887, at *14 (D. Conn. Sept. 17, 2021) (refusing plaintiff's requested inference that "Defendants [acted] for a dishonest purpose" based on allegation that defendants "sought the

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE
COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM,
INC.'S MOTION TO DISMISS - 3
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

advice of their attorneys" prior to action); *In re Heraeus Kulzer GmbH*, 2012 WL 1493883, at *6 (N.D. Ind. Apr. 26, 2012) (rejecting a request to apply the crime-fraud exception based solely on the fact that two employees had sought legal advice from their employer's counsel). Indeed, the Ninth Circuit has made clear that a defendant's choice to confer with counsel is of zero probative value in a criminal proceeding,[4] and there is no precedent in which the government was affirmatively permitted to use the mere fact of consultation with an attorney as evidence of guilty knowledge in a civil proceeding.

### b. Basing liability on consultations with counsel would undermine attorney-client privilege.

For the right to consult with an attorney to be meaningful, it cannot be used as a basis for liability in the event of litigation. This is true for at least two reasons.

**First**, if mere consultation with an attorney could establish liability, this would put the defendant in the untenable position of having to waive attorney-client privilege to rebut the plaintiff's allegation. The Complaint here, for instance, alleges that Defendants "routinely conferred with in-house counsel regarding obligations under the FTC Act, ROSCA and other consumer protection laws and regulations," and that, "[a]ccordingly" the defendants "have actual knowledge" of wrongdoing. Am. Compl. ¶¶ 259-60. To disprove this allegation, defendants will have to disclose what they discussed with their lawyers regarding "obligations under the FTC Act,

---

[4] In *United States v. Kallin*, the Ninth Circuit reversed a defendant's conviction where the government had repeatedly commented on the defendant's choice to retain counsel, ruling this violated the defendant's Fifth Amendment right to due process. 50 F.3d 689, 693, 695 (9th Cir. 1995) (citing *Doyle v. Ohio*, 426 U.S. 610, 619 (1976)). And in *Bruno v. Rushen*, the Ninth Circuit granted a writ of habeas corpus where the government had "hint[ed] to the jury that the fact that the accused hired counsel was in some way probative of the defendant's guilt," finding a violation of the Fourteenth Amendment's right to due process. 721 F.2d 1193, 1194-95 (9th Cir. 1983). The Court called this argument "reprehensible," noting that "in no situation in a criminal trial such as this one do we feel the mere act of hiring an attorney is probative in the least of the guilt or innocence of defendants." *Id.* at 1194-95.

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS - 4
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

ROSCA and other consumer protection laws and regulations"—discussions which are undoubtedly privileged. *Id*.

**Second**, penalizing parties for conferring with counsel about applicable law would undermine the key policy reason for recognizing the attorney-client privilege, especially for in-house counsel. Attorney-client privilege "is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure." *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888). It is designed to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389.[5]

Attorney-client privilege applies to both in-house and outside counsel. *See, e.g.*, *Hunt v. Blackburn*, 128 U.S. at 470 (upholding "the seal of secrecy upon communications between client and [outside] attorney"); *Upjohn*, 449 U.S. at 395; *Fed. Trade Comm'n v. Boehringer Ingelheim Pharms., Inc.*, 892 F.3d 1264, 1267 (D.C. Cir. 2018) ("In the corporate context, the attorney-client privilege applies to communications between corporate employees and a corporation's counsel made for the purpose of obtaining or providing legal advice."). In *Upjohn*, the Supreme Court recognized that failing to protect communications with in-house attorneys would "make[] it difficult for corporate attorneys to formulate sound advice" and "threaten[] to limit the valuable efforts of corporate counsel to ensure their client's compliance with the law." 449 U.S. at 392. The Court recognized that compliance with laws regulating business conduct "is hardly an instinctive matter." *Id*. And the Court explained that in-house privilege is especially important as

---

[5] *See also Fisher v. United States*, 425 U.S. 391, 403 (1976) (recognizing the purpose of the privilege to be "to encourage clients to make full disclosure to their attorneys"); *Trammel v. United States*, 445 U.S. 40, 51 (1980) ("The lawyer–client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out.").

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS - 5
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

"the vast and complicated array of regulatory legislation confronting the modern corporation," requires corporations to "constantly go to lawyers to find out how to obey the law." *Id*. (internal quotation marks omitted).

The Complaint's theory of liability would turn this act of finding out how to obey the law by speaking with counsel into a self-incriminating exercise—opening the client to liability for obtaining guidance on the contours of the law, which may be quite uncertain, as is the case for ROSCA's requirements by the FTC's own admission.[6]

## II. The Amended Complaint's attempt to base liability on attorney-client interactions comes in the context of broader hostility to the attorney-client relationship in the investigation and prosecution of this case.

Though Paragraphs 259 and 260 of the Amended Complaint are the most egregious violations of the Defendants' right to consult counsel of choice, they are not alone. Rather, they reflect a broader hostility to the attorney-client relationship in the investigation and prosecution of this case.

**First**, during the Commission's investigation, Staff argued a novel interpretation of an FTC rule to the effect that Amazon employees could not be represented during investigational hearings by the same outside counsel as Amazon itself, a common practice that the law permits.[7] Decision

---

[6] The FTC states in its Request for Public Comment on Proposed Amendments to the Negative Option Rule, "ROSCA lacks specificity about cancellation procedures and the placement, content, and timing of cancellation-related disclosures. Instead, the statute requires marketers to provide 'simple mechanisms' for the consumer to stop recurring charges without guidance about what is simple." 88 Fed. Reg. 24716, 24718 (proposed Apr. 24, 2023) (to be codified at 16 C.F.R. 425) https://www.federalregister.gov/documents/2023/04/24/2023-07035/negative-option-rule.

[7] *See generally SEC v. Csapo*, 533 F.2d 7, 11-12 (D.C. Cir. 1976) ("The mere fact that a witness' counsel also represents others who have been or are later to be questioned, is no basis whatsoever for concluding that presence of such counsel would obstruct the investigation. On the contrary, in many cases it is likely that such representation may facilitate and expedite the proceedings."); *Backer v. Commissioner*, 275 F.2d 141, 144 (5th Cir. 1960) ("the Commissioner cannot put limitations on the general authority to have counsel as granted by the statute by saying that the witness's choice cannot include one who also represents the taxpayer"). The Rules of Professional Conduct similarly recognize the appropriateness of joint representation of companies and their employees. *See* D.C. Rules of Professional Conduct § 1.13(d) & 4.2 (and their equivalents in other

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE
COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM,
INC.'S MOTION TO DISMISS - 6
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

and Order, Amazon.com, Inc., FTC Docket No. 2:23-cv-0932, at 5 (Sep. 21, 2022) (omnibus petition to quash order), https://www.https://www.ftc.gov/system/files/ftc_gov/pdf/2123050AmazonPTQOpinion.pdf. Staff threatened ahead of the hearings to eject these employees' chosen outside counsel from the building for "trespassing on government property," and demanded that these counsel leave the room during the investigational hearing. *Id*. at 6. When Amazon challenged this conduct in its petition to quash, the Commission (begrudgingly[8]) overturned Staff's prohibition on the witnesses' chosen counsel representing them in investigational hearings, granting the relevant portion of Amazon's petition. *Id.* at 9.[9]

**Second**, the Commission attacks Amazon's designation of ostensibly privileged material as an obstruction tactic. *See* Am. Compl. ¶¶ 235-37. According to the Amended Complaint, Defendants copied in-house counsel on emails and labeled materials as privileged "because they understood that Nonconsensual Enrollment and the Iliad Flow would inevitably result in government investigations." *Id*. at ¶ 236. This again suggests hostility to the act of conferring

---

states); *SEC v. Whitman*, 613 F. Supp. 48, 50 (D.D.C. 1985) ("Congress determined that a witness testifying before an agency cannot be denied the accompaniment, representation and advice of counsel, regardless of the nonadjudicatory nature of the proceeding. That determination reflects the lawmakers' understanding of potential perils to the witness which accompany the act of testifying, and calls for the full potency of the right to counsel.") (footnote omitted).

[8] The Commission's order recited a number of reasons counsel may be limited from attending a hearing, none of which apply to this case, and three Commissioners then filed a concurrence defending Staff's conduct as "a reasonable interpretation of the Commission's Rules of Practice under the circumstances." Concurring Statement of Chair Lina Khan, Commissioner Rebecca Kelly Slaughter, and Commissioner Alvaro Bedoya, In the Matter of Civil Investigative Demands Dated June 30, 2022, to Amazon.com, Inc. and Certain Current and Former Amazon Employees Commission File No. 2123050 September 21, 2022. The order and the concurring statement did not address that defendants' right to representation by counsel of their choice is based on their constitutional rights and may therefore supersede any interpretation of an FTC Rule of Practice that violates that right.

[9] The Amended Complaint cites Amazon's petition to quash as a delay tactic (seemingly to explain a one-month delay in the commission's investigation), calling it "largely unsuccessful," Am. Compl. ¶¶ 249, 255, but the Commission granted the petition on the issue of employees' right to counsel.

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS - 7
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055

with counsel and undermines the protections afforded by the attorney-client privilege by asserting that alleged over-designation of privileged information is tantamount to obstruction of an investigation.

## CONCLUSION

The Amended Complaint's theory of liability stemming from Defendants' consultation with their counsel must fail. It violates Defendants' constitutional right to representation by counsel and is incompatible with well-recognized protections of the attorney-client relationship.

DATED this 25th day of October, 2023

I certify that this memorandum contains 2,602 words, in compliance with the Local Civil Rules.

SNELL & WILMER LLP
Cooperating Attorneys for ASSOCIATION OF CORPORATE COUNSEL

By */s/ Clifford S. Davidson*
    Clifford S. Davidson, WSBA 48313
    506 Second Avenue, Suite 1400
    Seattle, WA 98104
    T: (425) 748-5055
    F: (503) 624-6888
    csdavidson@swlaw.com

BAKER BOTTS LLP
Cooperating Attorneys for ASSOCIATION OF CORPORATE COUNSEL

Maureen K. Ohlhausen, *pro hac vice* to be filed
Andrew T. George, *pro hac vice* to be filed
700 K Street, N.W.
Washington, DC 20001-5692
T: (202) 639-7726
F: (202) 585-1064
Maureen.ohlhausen@bakerbotts.com
Andrew.george@bakerbotts.com

*Attorneys for Proposed Amicus Curiae Association of Corporate Counsel*

4869-7802-6122

BRIEF OF AMICUS CURIAE ASSOCIATION OF CORPORATE COUNSEL, IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS - 8
(2:23-cv-0932-JHC)

Snell & Wilmer
506 Second Avenue, Suite 1400
Seattle, Washington 98104
425.748.5055