The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 2:23-cv-0932-JHC |
| Plaintiff, | **REPLY OF ASSOCIATION OF CORPORATE COUNSEL IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF** |
| v. | |
| AMAZON.COM, INC., *et al.*, | |
| Defendants. | |

Plaintiff asserts that the Association of Corporate Counsel ("ACC") has not raised "any genuine 'legal issues' with 'ramifications beyond the parties directly involved in the case.'" Opp. 3. But subjecting a party to enhanced liability for having conferred with knowledgeable counsel creates a genuine legal issue in that this approach violates a party's constitutional right to consult counsel of choice, as well as undermines protections for attorney-client communications. Permitting such a theory to proceed would have ramifications for all employees consulting in-house and outside counsel, as well as those counsels' ability to provide full and frank guidance, which supports the broader public interest in the observance of the law. As a global professional association representing more than 45,000 in-house counsel members, ACC seeks to provide this court with the broad public policy perspective and in-depth legal analysis that associations frequently contribute. *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131–32 (3d Cir. 2002) (noting that "corporations, unions, trade and professional associations,… appear regularly as amici"); *see also United States v. City of Seattle*, No. C12-1282JLR, 2023 WL 3224497, at *1

ASSOCIATION OF CORPORATE COUNSEL'S
REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS
FOR LEAVE TO FILE AMICUS CURIAE BRIEFS
(2:23-cv-0932-JHC) - 1

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

(W.D. Wash. May 3, 2023) (stating that district courts may consider amicus briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide").

Plaintiff claims that ACC's brief "adds nothing" over Defendants' briefs, citing references in Defendants' briefs that touch on the FTC's allegations relating to the use of counsel. Opp. 7. But Defendants' briefs do not address the reasons these allegations impinge on constitutional rights or their broader threat to all those represented by corporate counsel and the sanctity of their communications with their counsel. Nor, for that matter, does Plaintiff's brief.

Plaintiff also claims that ACC mischaracterizes the Amended Complaint. Opp. 7. But ACC quoted the Amended Complaint directly. Mot. 2. And Plaintiff's brief confirms ACC read the Amended Complaint correctly. Plaintiff writes that it is simply alleging "that Defendants knew or should have known of the *existence of ROSCA*" because Defendants have knowledgeable in-house and outside counsel with whom they conferred. Opp. 7 (emphasis in original).[1] But *that allegation itself* predicates liability on consultation with counsel. It means that conferring with competent counsel opens a defendant to enhanced liability, which violates basic principles of due process, attorney-client privilege, and the right to confer with counsel of choice.

It is also gratuitous. Plaintiff argues that other allegations in the Amended Complaint "demonstrate that Defendants knew their actions were illegal." Opp. at 8. If so, then there is no need for Plaintiff to make this demonstration by attacking constitutionally protected rights.

---

[1] *United States v. Dish Network LLC*, 954 F.3d 970, 978 (7th Cir. 2020), is inapposite. No constitutional issues relating to the right to confer with counsel were before the court. Rather, Dish Network attempted to argue that it was not liable under the FTC Act for telemarketing violations, in part, because it "did not know that it would be liable for the actions of [its] order-entry retailers." *Id.* at 978. The court found that Dish had "at least implied knowledge that the order-entry retailers were its agents and therefore would be liable for their actions," and that *that implied knowledge*, "was enough for DISH to be aware that it could be liable." *Id*. The court did not predicate liability on consultation with counsel, nor could it without violating the Constitution.

ASSOCIATION OF CORPORATE COUNSEL'S
REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS
FOR LEAVE TO FILE AMICUS CURIAE BRIEFS
(2:23-cv-0932-JHC) - 2

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055

For the reasons stated above and in its motion, ACC respectfully requests that its motion for leave to file the proposed amicus brief be granted.

Dated: November 9, 2023

I certify that this memorandum contains 610 words, in compliance with the Local Civil Rules.

BAKER BOTTS LLP
Cooperating Attorneys for ASSOCIATION OF CORPORATE COUNSEL

By */s/ Maureen K. Ohlhausen*
Maureen K. Ohlhausen, (admitted *pro hac vice*)
Andrew T. George, (admitted *pro hac vice*)
700 K Street, N.W.
Washington, DC 20001-5692
T: (202) 639-7726
F: (202) 585-1064
maureen.ohlhausen@bakerbotts.com
andrew.george@bakerbotts.com

SNELL & WILMER LLP
Cooperating Attorneys for ASSOCIATION OF CORPORATE COUNSEL

By */s/ Clifford S. Davidson*
Clifford S. Davidson, WSBA 48313
506 Second Avenue, Suite 1400
Seattle, WA 98104
T: (425) 748-5055
F: (503) 624-6888
csdavidson@swlaw.com

*Attorneys for Proposed Amicus Curiae Association of Corporate Counsel*

ASSOCIATION OF CORPORATE COUNSEL'S
REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS
FOR LEAVE TO FILE AMICUS CURIAE BRIEFS
(2:23-cv-0932-JHC) - 3

Snell & Wilmer
506 Second Avenue
Suite 1400
Seattle, Washington 98104
425.748.5055