THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

        Plaintiff,

  v.

AMAZON.COM, INC., *et al.*,

        Defendants.

No. 2:23-cv-0932-JHC

REPLY IN SUPPORT OF MOTION OF COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION, NETCHOICE, LLC, AND CHAMBER OF PROGRESS FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS

**NOTE ON MOTION CALENDAR: NOVEMBER 10, 2023**

### I.    INTRODUCTION

COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION ("CCIA"), NETCHOICE, LLC ("NetChoice"), and CHAMBER OF PROGRESS (collectively, the "Joint *Amici*") hereby respectfully submit this Reply in Support of Motion for Leave to File an *Amici Curiae* Brief in Support of Defendants' Motion to Dismiss (Dkt. #96) (the "Motion"). The Consolidated Opposition to Motions for Leave to File Amicus Curiae Briefs that the Federal Trade Commission ("FTC") has filed (Dkt. #116) (the "Opposition" or "Opp.") is internally inconsistent, contrary to applicable law, and places an unnecessary burden on the Court to resolve a dispute over a motion that is plainly not controversial. Indeed, the FTC's attempt to prevent the Court from reading *amicus* briefs rests more on the fact that the agency does not agree with *amici*'s positions rather than on applying the legal standards for *amicus* participation.

CCIA, ET AL. REPLY IN SUPP. OF MOT. FOR
LEAVE TO FILE BRIEF AMICI CURIAE
(2:23-cv-0932-JHC) - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

## II. THE FTC PROVIDES NO GROUNDS FOR SHIELDING THE COURT FROM JOINT *AMICI*'s PERSPECTIVE ON THE DANGEROUS POLICY IMPLICATIONS OF THIS CASE.

The Joint *Amici* rely on long-settled precedent from the Ninth Circuit holding that "[t]he 'classic role' of an *amicus curiae* is to assist a court in a case of public interest by 'supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" Motion at 3 (quoting *Miller-Wohl Co. v. Comm'r of Lab. & Indus., State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)).[1] The FTC does not, because it cannot, quarrel with that holding. It does, however, appear not to fully apprehend its meaning. Joint *Amici* will explain again why the Motion comports with the Ninth Circuit's standard, addressing the *Miller-Wohl Co.* holding in its constituent parts.

First, *amici* should "supplement[] the efforts of counsel." 694 F.2d at 204. Here, the Joint *Amici* will show the Court, from the perspective of CCIA's having just participated in the *Negative Option Rule* proceeding opened just weeks before the FTC filed the initial Complaint, Motion at 2, that the claims before the Court lack any basis in the law. Dkt. #96-1 at 6. The disclosure and website-operation standards that the FTC wants the Court to apply to Amazon are at this time aspirational; they are not the law. *See id*.

The Opposition asserts that **all four amicus briefs** "fail to provide" anything "beyond what Defendants already argue." Opp. at 2. Assuming for the moment that this assertion is correct (it is not, as Joint *Amici* will address below), the *Miller-Wohl Co.* test expressly invites *amici* to "supplement," 694 F.2d at 204, and amplify the arguments presented in the pleading that the *amici* seek to support. The FTC thus has failed to digest the Ninth Circuit's standard for *amici* and in fact has bolstered Joint *Amici*'s demonstration that their brief should be accepted.

Further, the FTC's position is inconsistent: it asserts that Joint *Amici* are merely parroting Defendants' papers, arguing that *amici* are required to do more than "'attempt to bolster

---

[1] The Motion also recites the similar holding of the Seventh Circuit that "'[a]n amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" Mot. at 3 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

CCIA, ET AL. REPLY IN SUPP. OF MOT. FOR LEAVE TO FILE BRIEF AMICI CURIAE (2:23-cv-0932-JHC) - 2

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

'a party's 'existing positions,'" Opp. at 2 (quoting *U.S. v. Microsoft Corp.*, 2016 WL 11782815 (W.D. Wash. Nov. 14, 2016)), while also purporting that "'amici should not raise arguments 'unrelated to issues raised by' the parties." Opp. at 2 (quoting *Rocky Mountain Farmers Union v. Goldstene*, 2010 WL 1949146 (E.D. Cal. May 11, 2010)). If a prospective *amicus* must neither speak to the points raised by the supported party nor discuss anything not raised by the supported party, courts would never hear from non-litigant parties again.

Second, *amici* assist courts by "drawing the court's attention to law that escaped consideration." 694 F.2d at 204. The Joint *Amici* aim to do exactly that, by explaining how the relief sought here will create uncertainty as to the regulations that could suddenly be applied to all other online subscription arrangements. Dkt. #96-1 at 3. That uncertainty would threaten the ability of the technology and online services industry to innovate and thrive, thus also impairing the stability of the online ecosystem. *Id*. at 4-5. The Joint *Amici*, as organizations comprised of members of this ecosystem that operate throughout the FTC's statutory jurisdiction, Mot. at 1-3, can give the Court a broader perspective on this case, which according to the Ninth Circuit makes these entities very apt *amici curiae*.[2] At this point it cannot go unsaid that opposition to *amicus* participation may not be rooted in viewpoint discrimination, but rather on whether the prospective *amicus* meets the Ninth Circuit's standard. The FTC might not like what the Joint *Amici* have to say, but under *Miller-Wohl Co*. they should be granted leave to say it.

The FTC thus fails to demonstrate that the Joint *Amici* have not satisfied the binding standard in this Circuit for accepting briefs of expert third parties wishing to serve as *amici*. The unreported district court precedent on which the Opposition relies is neither controlling nor

---

[2] The Third Circuit has stated the point differently:

> Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

*Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (internal quotations omitted). The Joint *Amici* are indeed offering a view to the "far-reaching" consequences of the FTC's claims and the "impact" this case "might have on an industry or other group."

CCIA, ET AL. REPLY IN SUPP. OF MOT. FOR LEAVE TO FILE BRIEF AMICI CURIAE (2:23-cv-0932-JHC) - 3

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

persuasive in refuting Joint *Amici*'s presentation. On this ground alone, the Motion should be granted.

Though the FTC does not, as noted above, attempt to quarrel with the *Miller-Wohl Co.* standard, it does attempt to graft onto applicable law the notion that *amici* should never be accepted at the motion to dismiss stage. Opp. at 3. Were that actually the law, then the Federal Rules of Civil Procedure would say so. The Rules aside, the FTC never explains why "the sufficiency of the FTC's pleadings," *id.*, which is the ultimate question now before the Court, *id.*, is a question somehow ineligible for *amicus* participation. Moreover, Joint *Amici* do in fact speak to "the sufficiency of the complaint" by showing that (1) the law does not proscribe the practices that the FTC is challenging, and (2) the proposed federal rule that the FTC wants to adopt is itself flawed, both procedurally and substantively. When an infirm Complaint that has far-reaching consequences is challenged under Rule 12(b)(6), surely a court should hear the perspectives of knowledgeable non-parties that would be affected by the case's outcome. There is no basis to add a "stage of the case" criterion to the Ninth Circuit's standard for granting leave. The agency again has failed to explain why the Joint *Amici* should not be permitted to file their brief.

### III. THE FTC's FACTUAL ASSERTIONS ARE LIKEWISE INSUFFICIENT TO DEFEAT THE MOTION.

The Opposition fails under applicable law, a result which itself resolves the Motion. In an effort fully to address the agency's arguments, Joint *Amici* will refute the factual assertions that the FTC has made in its effort to squelch their input.

<u>First</u>, the FTC leans heavily on Amazon's status as a member or partner of each Joint *Amicus*. Opp. at 3-4. That fact says nothing to Joint *Amici*'s competence. It is also unsurprising: Joint *Amici* work with dozens of companies from several parts of the online ecosystem in order to foster "open markets, open systems, and open networks," Mot. at. 2, as well as "free enterprise and free expression on the internet," *id.*, and to "promote innovation and economic growth, and to empower technology customers and users," *id.* at 2-3. Indeed, it is their experience in working with Amazon and these several other companies that gives Joint *Amici* the expertise to assist the

CCIA, ET AL. REPLY IN SUPP. OF MOT. FOR LEAVE TO FILE BRIEF AMICI CURIAE (2:23-cv-0932-JHC) - 4

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Court. If the Joint *Amici* did not operate in this sector, of which Amazon is a fixture, the FTC probably would have opposed the Motion on the ground that they are not knowledgeable enough.

Secondly, the FTC asserts, in a footnote, that this case "does not involve the as-yet-incomplete negative option rule." Opp. at 4 n.2. The claims might not rely on the Negative Option Rule – precisely because it is "incomplete" – but it approaches the absurd to state that this case is not about the same conduct that the FTC now wants the Negative Option Rule to prohibit. The FTC alleges that Defendants failed to give consumers the ability to cancel "**automatically-renewing Prime subscriptions**." Am Compl. ¶ 2 (emphasis added). The Negative Option Rule regulates "prenotification plans, continuity plans, **automatic renewals**, and free trial (*i.e.*, free-to-pay or nominal-fee-to-pay) conversion offers." *Negative Option Rule*, Proposed Rule, 88 Fed. Reg. 24716 (Apr. 24, 2023) (emphasis added). The two proceedings are patently about the same conduct, and in this argument the FTC has again admitted that the law governing that conduct is "incomplete." Opp. at 4 n.2.[3]

Third, the FTC scoffs (Opp. at 4) at Joint *Amici*'s concern that "permitting this case to proceed will create uncertainty for all online subscription arrangements, because it could embolden regulators to impose any substantive decision reached here on absent parties—regulation by way of litigation." Dkt. #96-1 at 3. It criticizes the brief *amici curiae* for "fail[ing] to explain how 'regulators' could 'impose' the denial of Defendants' Motions to Dismiss on 'absent third parties.'" Opp. at 4. That criticism is not, however, a refutation, and even if it were, the arguments of agency counsel are not reliable statements of agency policy. *See, e.g.*, *Burlington Truck Lines, Inc. v. U.S.*, 371 U.S. 156, 168-69 (1962) ("The court may not accept appellate counsel's *post hoc* rationalizations for agency action[.]"). The Opposition gives Joint *Amici* no reason to believe that their concerns about the outcome of this case becoming, *de facto*, an FTC rule are unfounded.

Finally, the FTC chafes at Joint *Amici*'s suggestion that this case is an attempt to "'punish'

---

[3] The Opposition thus settles the question whether "the FTC purportedly 'admitted' in the April 2023 notice of proposed rulemaking" (Opp. at 4) that federal law does not cover the allegations in this case. *See* Dkt. #96-1 at 1 (Am. Compl. "fails to set forth a legal theory by which the Court could find that any Defendant violated the law."). The FTC has in face admitted it.

CCIA, ET AL. REPLY IN SUPP. OF MOT. FOR
LEAVE TO FILE BRIEF AMICI CURIAE
(2:23-cv-0932-JHC) - 5

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Defendants for 'efforts to study and enhance the consumer experience.'" Opp. at 5 (quoting Dkt. #96-1 at 4). It is difficult, however, not to detect that, as Joint *Amici* went on to state, "the agency presents this conduct in a nefarious light, as if these improvements are grounds for imposing liability." Dkt. #96-1 at 4. The brief cites six instances in the Amended Complaint where it is alleged that Amazon had resolved an aspect of the Prime or Prime Video transaction flows that the FTC did not like. *Id*. (citing Dkt. #67 ¶¶ 53, 62, 118-19, 127). It is more than reasonable to infer that these allegations are meant to show Amazon as a bad actor – to "obtain relief from Defendants on the basis that they took action to make the consumer experience ***better***[.]" *Id*. at 4 (emphasis in original). The FTC never attempts to refute that inference other than the bare accusation that "[t]his mischaracterizes the pleadings." Opp. at 5. It is curious that the FTC has highlighted this portion of the Joint *Amici* brief while being unable to discredit it.

Collectively, these attempts to quibble with the factual basis of the Joint *Amici* brief display the FTC's disagreement with the substance of the presentation rather than its adherence to the legal standard by which the Court must determine whether these organizations meet the Ninth Circuit standard for leave. The Opposition is criticizing the ***message*** of the brief, and not Joint *Amici*'s failure to satisfy *Miller-Wohl Co*. analysis. But no precedent condones the exclusion of *amici* on the ground that a litigant disagrees with their viewpoint. And it would be regrettable if the FTC were to *succeed in silencing Joint Amici's voices as to the dangerous portents of this lawsuit.*

### IV. CONCLUSION

For the reasons set forth above, Movants CCIA, NetChoice, and Chamber of Progress respectfully request the Court grant them leave to file the amici curiae brief submitted with the Motion (Dkt. #96-1).

DATED this 9th day of November 2023.

*I certify that this memorandum contains 2094 words, in compliance with the Local Civil Rules.*

By: */s/ Duncan C. Turner*
Duncan C. Turner, Esq. WSBA No. 20597
BADGLEY MULLINS TURNER, PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155

CCIA, ET AL. REPLY IN SUPP. OF MOT. FOR
LEAVE TO FILE BRIEF AMICI CURIAE
(2:23-cv-0932-JHC) - 6

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Tel. 206.621.6566
Fax 206.621.9686
dturner@badgleymullins.com
*Liaison Counsel*

Stephanie A. Joyce, Esq. (*Pro Hac Vice*)
Senior Vice President and Chief of Staff
COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION
25 Massachusetts Ave., NW, Suite 300C
Washington, DC 20001
Tel. 202.838.3173
stephaniejoyce@ccianet.org

*Admitted *Pro Hac Vice*
*Lead Counsel to Amicus Computer &Communications Industry Association, NetChoice, LLC, and Chamber of Progress*

CCIA, ET AL. REPLY IN SUPP. OF MOT. FOR LEAVE TO FILE BRIEF AMICI CURIAE
(2:23-cv-0932-JHC) - 7

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

# CERTIFICATE OF SERVICE

1  
2   I hereby certify that on this 9th day of November, 2023, I electronically filed the
3  foregoing with the Clerk of the Court using the CM/ECF system which will send notification of
4  such filing to all counsel of record.

*s/ Yonten Dorjee*
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email: ydorjee@badgleymullins.com

CCIA, ET AL. REPLY IN SUPP. OF MOT. FOR
LEAVE TO FILE BRIEF AMICI CURIAE
(2:23-cv-0932-JHC) - 8

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686