HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

AMAZON.COM, INC., *et al.*,

    Defendant.

Case No. 2:23-cv-0932-JHC

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF BY INTERACTIVE ADVERTISING BUREAU**

<u>NOTE ON MOTION CALENDAR:</u>
November 10, 2023

## I.  INTRODUCTION

Despite bringing a novel lawsuit seeking to engrain a momentous change in legal precedent that will affect the entire advertising industry, the Federal Trade Commission ("FTC") has opposed allowing this Court to hear the perspective of an organization uniquely positioned to explain both the ordinariness of advertising methods that the FTC's Complaint paints as nefarious and the momentous impact of holding that the FTC's Complaint states a claim on which legal penalties can be sought.

Contrary to FTC's arguments, the Interactive Advertising Bureau's ("IAB") proposed amicus brief provides this Court with a unique and important perspective born from IAB's *nearly three decades* of experience involving issues in digital advertising and marketing.  As the representative of over 700 media companies, brand marketers, agencies, and technology companies, IAB seeks to share a unique perspective and important information it believes will help the Court evaluate the important legal issues raised by the parties.  Accordingly, IAB respectfully

REPLY ISO IAB'S MOT. FOR
LEAVE TO FILE AMICUS BRIEF
(2:23-cv-0932-JHC) - 1

Akin Gump Strauss Hauer & Feld L
2001 K Street NW, Washington, DC 20006
(202) 887-4000

requests this Court grant it leave to file the proposed amicus brief so the Court may take into account IAB's broader perspective.

## II. ARGUMENT

The FTC expressly acknowledges that the Court's discretion to consider amicus briefing is well placed when the proposed briefing provides "unique information or perspective." Consolidated Opp. Mot. (Dkt. 116) at 2 (citation & internal quotation marks omitted). However, the FTC does not claim that IAB's proposed amicus brief fails to provide any "unique information or perspective." *Id.* Instead, the FTC lists four reasons it disagrees with IAB's perspective. But none of the FTC's arguments are cogent reasons for *disallowing* IAB's participation as *amicus*.

First, while disclaiming that IAB presents any unique information or perspective, the FTC's brief begins by directing the Court to precisely that unique perspective—a trade association that represents hundreds of companies (of which Amazon Ads and Amazon Web Services are two) that have online presences that interact with consumers. The FTC further highlights IAB's unique perspective by criticizing it for providing "'real-world examples' . . . to explain why various manipulative elements are not problematic *in other contexts*." *Id.* at 6 (emphasis in original). Those real-world examples are not in Amazon's brief, and they provide needed context. The FTC's Complaint makes creative use of colorful language—like "Dark Patterns" and "Confirmshaming"—designed to leave the reader with the impression that Amazon has done something unlawful in using design elements that are common throughout IAB's membership and other companies that interact with consumers online (like the Space Needle). IAB's multiple real-world examples underline that the Court should not credit the FTC's consultant-speak but rather should look at the actual conduct that the FTC appears to be subjectively targeting because that conduct is a series of innocuous methods of advertisement that one can find by looking at almost any website where an advertiser is offering something to consumers. The FTC does not dispute that this is a unique perspective. Instead, it criticizes IAB for sounding like an expert. That's not the same thing and is not a basis for declining to allow submission of the brief.

REPLY ISO IAB'S MOT. FOR
LEAVE TO FILE AMICUS BRIEF
(2:23-cv-0932-JHC) - 2

Akin Gump Strauss Hauer & Feld L
2001 K Street NW, Washington, DC 20006
(202) 887-4000

Second, the FTC decries alleged duplication between the IAB and Amazon's brief in both IAB's discussion of whether the alleged design elements violate the FTC ACT and ROSCA and whether the FTC is seeking to punish, ban and/or regulate speech in violation of the First Amendment. *See* Dkt. 116 at 6 (citing footnote 5 of Amazon's brief). As to the latter, the FTC points to a single footnote in Amazon's brief. As to the former, IAB's brief focuses on how the FTC's subjective analysis of Amazon's design elements threatens to disrupt all online advertising and use of design elements by removing any objectivity in determining when use of design elements violates the FTC Act or ROSCA. If the Space Needle uses the same design elements that Amazon used, why is one accused to have violated the FTC Act and ROSCA and not the other? How are IAB members and other online advertisers supposed to know what the FTC (and potentially the courts) deem permissible and what is unlawful? Is the answer more about who you are rather than what you did? Whatever happens with Amazon, IAB and its members are gravely concerned about the threat to truthful speech in advertising and uneven, subjective enforcement . As a company suffering from this uneven, subjective enforcement, Amazon rightfully raises these concerns in the context of defending itself. IAB's perspective and concern is far broader, as its members and all online advertising will potentially suffer from the chilling effect that comes with this Court accepting the FTC's attempt to regulate truthful speech.

The purpose of IAB's proposed amicus brief is simply to assist the Court by sharing IAB's expertise on issues involving digital advertising and marketing. As the FTC points out, IAB's proposed amicus brief explains why certain design elements the FTC alleges to be manipulative are in fact entirely legitimate and highly ordinary. In other words, if Amazon has done something wrong, it is unclear why every IAB member (indeed, perhaps every online advertiser) does not violate the FTC Act every day. As the largest relevant industry representative, IAB is uniquely well-positioned to provide its perspective on this issue, which, as explained in IAB's proposed amicus brief, has far-reaching implications beyond this case.

REPLY ISO IAB'S MOT. FOR
LEAVE TO FILE AMICUS BRIEF
(2:23-cv-0932-JHC) - 3

Akin Gump Strauss Hauer & Feld L
2001 K Street NW, Washington, DC 20006
(202) 887-4000

### III.     CONCLUSION

For the reasons set forth above, the proposed *amicus* IAB respectfully requests the Court grant it leave to file the *amicus curiae* brief attached as Exhibit A to its Motion for Leave (Dkt. 106).

Dated: November 10, 2023                               Respectfully submitted,

| AKIN GUMP STRAUSS HAUER & FELD LLP | FENWICK & WEST LLP |
|---|---|
| Corey W. Roush (admitted *pro hac vice*)<br>Robert S. Strauss Tower<br>2001 K Street, N.W.<br>Washington, DC 20006<br>Telephone:  (202) 887-4000<br>Email:  croush@akingump.com | By: /s/ *Brian D. Buckley*<br>Brian D. Buckley, WSBA No. 26423<br>401 Union Street, 5th Floor<br>Seattle, WA  98101<br>Telephone:  (206) 389-4510<br>Facsimile:  (206) 389-4511<br>Email:  bbuckley@fenwick.com |

*Attorneys for Amicus Curiae Interactive Advertising Bureau*

REPLY ISO IAB'S MOT. FOR
LEAVE TO FILE AMICUS BRIEF
(2:23-cv-0932-JHC) - 4

Akin Gump Strauss Hauer & Feld L
2001 K Street NW, Washington, DC 20006
(202) 887-4000

**LCR 7(E) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rule 7(e), I certify that this memorandum contains 914 words.

Dated: November 10, 2023

                                                FENWICK & WEST LLP

                                      By: /s/ Brian D. Buckley
                                                  Brian D. Buckley

REPLY ISO IAB'S MOT. FOR
LEAVE TO FILE AMICUS BRIEF
(2:23-cv-0932-JHC) - 5

Akin Gump Strauss Hauer & Feld L
2001 K Street NW, Washington, DC 20006
(202) 887-4000