HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>       Defendants. | Civil Action No. 2:23-cv-0932-JHC<br><br>**REPLY OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF** |

THE CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA'S REPLY
IN SUPPORT OF MOTION FOR LEAVE
TO FILE AMICUS CURIAE BRIEF
Case No. 2:23-cv-00932

Eimer Stahl LLP
224 S. Michigan Ave. Suite 1100
Chicago, IL 60604
(312) 660-7600

The FTC at least deserves points for consistency: In response to claims that the agency's litigation-by-enforcement strategy deprives the regulated community of an opportunity for notice and comment, the FTC asks this Court to disregard the views of organizations representing that community. Yet nothing that the FTC says in its Opposition alleviates the concern, expressed in the Chamber's proposed brief, that the FTC intends to use a favorable decision here as a cudgel to intimidate other businesses into abandoning lawful and beneficial marketing practices. Nor does anything that the FTC says diminish the importance of allowing the Chamber and other Amici to "explain the impact a potential holding might have on an industry or other group" before the Court decides their motions. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J., in chambers) (citation omitted); *see also Macareno v. Thomas*, 378 F. Supp. 3d 933, 940 (W.D. Wash. 2019) (stating that "[d]istrict courts may consider *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved" (internal quotation marks omitted)).

The FTC does not respond to the Chamber's explanation that a holding in the FTC's favor in this case would have wider ramifications beyond the parties, including by creating uncertainty and harming businesses (particularly small businesses), consumers, and innovation. Instead, the FTC simply asserts without explanation that the Complaint does not "seek[] to establish a nationwide ban on purported dark patterns." Opp'n at 9. In the same breath, however, the FTC contends that its Complaint is based on the allegation "that Amazon used, among other strategies, manipulative design elements that are sometimes called 'dark patterns' as instrumentalities to perpetrate" alleged violations of the FTC Act and ROSCA. *Id.* It is difficult to comprehend how any member of the regulated community could understand such a statement as anything other than a blanket assertion that design elements meeting the

| | |
|---|---|
| THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF Case No. 2:23-cv-00932 | Eimer Stahl LLP 224 S. Michigan Ave. Suite 1100 Chicago, IL 60604 (312) 660-7600 |

2

FTC's indeterminate definition of dark patterns are "manipulative" as a matter of law and that their use violates the FTC Act and ROSCA.

The FTC's remaining contentions are comprehensively refuted in the Reply in Support of Motion of Computer & Communications Industry Association et al. for Leave to File Brief *Amici Curiae* in Support of Defendants' Motions to Dismiss, ECF No. 118, which the Chamber adopts by reference in the interest of economy.

## CONCLUSION

For the foregoing reasons and the reasons stated previously, the Chamber respectfully requests that this Court grant its motion for leave to file a brief in this action as *amicus curiae* in support of Defendants' motion to dismiss.

THE CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA'S REPLY
IN SUPPORT OF MOTION FOR LEAVE
TO FILE AMICUS CURIAE BRIEF
Case No. 2:23-cv-00932

Eimer Stahl LLP
224 S. Michigan Ave. Suite 1100
Chicago, IL 60604
(312) 660-7600

3

Dated: November 13, 2023

Respectfully submitted,

s/ *Daniel D. Birk*
Daniel D. Birk
 *pro hac vice*
John K. Adams
 *pro hac vice*
EIMER STAHL LLP
224 South Michigan Ave., Suite 1100
Chicago, IL 60604
(312) 660-7600
dbirk@eimerstahl.com
jadams@eimerstahl.com

*Counsel for Amicus Curiae the Chamber of Commerce of the United States of America*

/s/ *Jackson Wilder Maynard, Jr.*
Jackson Wilder Maynard, Jr.
WSBA No. 43481
Maynard Law PLLC
111 21st Ave SW
Olympia, WA 98501
(850) 519-3495

*Local Counsel for Amicus Curiae the Chamber of Commerce of the United States of America*

THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF
Case No. 2:23-cv-00932

Eimer Stahl LLP
224 S. Michigan Ave. Suite 1100
Chicago, IL 60604
(312) 660-7600

4

## **LOCAL RULE 7(e) CERTIFICATION**

I certify that this memorandum contains 429 words, in compliance with Local Civil Rules.

Dated: November 13, 2023

Respectfully submitted,

s/ *Daniel D. Birk*
Daniel D. Birk

THE CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA'S REPLY
IN SUPPORT OF MOTION FOR LEAVE
TO FILE AMICUS CURIAE BRIEF
Case No. 2:23-cv-00932

Eimer Stahl LLP
224 S. Michigan Ave. Suite 1100
Chicago, IL 60604
(312) 660-7600

5