The Honorable John H. Chun

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>  Defendants. | CASE NO. 2:23-cv-0932<br><br>**[PROPOSED] STIPULATED RULE 502(D) ORDER** |

1. <u>NON-WAIVER</u>

IT IS ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or

segregation of privileged and/or protected information before production. Documents or information produced in discovery that is protected as privileged or work product ("Privileged Documents") shall be immediately returned to the producing party.

2.     RECEIPT OF INADVERTENTLY PRODUCED PRIVILEGED DOCUMENTS

In the event that a receiving party discovers that it received documents or information it knows or reasonably should know are inadvertently produced Privileged Documents, it shall provide written notice to the producing party identifying the subject documents or information within 14 calendar days of discovery by counsel.

3.     CLAWBACK PROCEDURE

In the event that a producing party discovers that it produced Privileged Documents, it shall provide written notice of the claim to the receiving party (a "Clawback Notice") identifying the subject Privileged Documents within 14 calendar days of their discovery by counsel or notification under Section 2. The Clawback Notice shall include a privilege log (in the format agreed by the parties) listing the item(s) produced and, if the producing party claims that only a portion of the Privileged Documents contain privileged or otherwise protected material, a new copy of the document redacted to protect only the portion(s) claimed to be privileged or work product.

4.     PROCEDURES FOLLOWING CLAWBACK NOTICE

4.1     No Challenge: Within ten calendar days of receipt of a Clawback Notice (unless the receiving party challenges the producing party's claim of privilege as set forth below), or a determination by the Court following a challenge that documents produced are Privileged Documents, the receiving party must promptly return and/or destroy the Privileged Document, all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed, and notify the producing party when this is complete.

4.2     Challenge: If a receiving party challenges a claim that a document specified in a Clawback Notice is privileged or work-product-protected:

(i)     The receiving party shall notify the producing party of its challenge (and

the reasons therefor) within ten calendar days of receiving the Clawback Notice asserting the claim. The receiving party shall sequester the challenged document, all copies thereof, and any notes that reproduce, copy, or otherwise disclose or use the substance of the information for which privilege is claimed, until the claim has been resolved.

(ii)    Within seven calendar days of the producing party's receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to reach agreement, within ten business days of the meet and confer, the parties shall submit a joint discovery letter to the Court, submitting the issue for a determination and/or for *in camera* review. The document(s) listed in the Clawback Notice shall not be used or disclosed by the receiving party during the time in which the parties are meeting and conferring about the privileged nature of the document(s) or during the time in which the challenge is before the Court for determination, unless otherwise agreed in writing by the parties or ordered by the Court. The producing party shall bear the burden of establishing the privileged or protected nature of the document(s).

(iii)   Nothing herein shall prevent the receiving party from a preparing a record for its own use containing the date, author, addresses, and topic of the challenged materials and such other information as is reasonably necessary to identify the challenged materials and describe their nature to the Court in any joint discovery letter regarding the challenge.

5.    PROCEDURES DURING DEPOSITIONS AND HEARINGS

    5.1    If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected work product, the producing party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other

protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privileged or work-product-protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court.  If the producing party allows the examination concerning the document to proceed consistent with this paragraph, all parties shall sequester all copies of the document(s) in dispute.  As to any testimony subject to a claim of privilege or work product, the producing party shall serve a Clawback Notice within fourteen calendar days of the deposition, after which the parties shall follow the procedures set forth in Section 4.  Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 4.

      5.2    If a receiving party uses a document or other information in a brief or at a hearing and the producing party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing, the producing party shall serve a Clawback Notice within fourteen calendar days of filing of the brief or date of the hearing if claiming that any materials used by the receiving party are attorney client privileged or protected work product.  Thereafter, the procedures set forth in Section 4 shall apply.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this _____ day of _____, 2023.

                                                  _____
                                                  JOHN H. CHUN
                                                  UNITED STATES DISTRICT JUDGE

.

Presented By:

FEDERAL TRADE COMMISSION
*Attorneys for Plaintiff*

By s/ *Evan Mendelson*
Evan Mendelson, D.C. Bar #996765
Olivia Jerjian, D.C. Bar #1034299
Thomas Maxwell Nardini, IL Bar #6330190
600 Pennsylvania Avenue NW
Washington, DC  20580
(202) 326-3320; emendelson@ftc.gov
(202) 326-2749; ojerjian@ftc.gov
(202) 326-2812; tnardini@ftc.gov

Colin D. A. McDonald, WSBA # 55243
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov


DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: kenpayson@dwt.com
           jimhoward@dwt.com

COVINGTON & BURLING LLP

    Stephen P. Anthony*
    Laura Flahive Wu*
    Laura M. Kim*
    John D. Graubert*
    850 Tenth Street, NW
    Washington, DC 20001
    Telephone: (206) 662-5105
    E-mail: santhony@cov.com
           lflahivewu@cov.com
           lkim@cov.com
           jgraubert@cov.com

    John E. Hall*
    415 Mission Street, Suite 5400

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 5

|   |   |
|---|---|
| 1 | San Francisco, CA 94105 |
|   | Telephone: (415) 591-6855 |
| 2 | E-mail: jhall@cov.com |
| 3 | Megan L. Rodgers* |
|   | 3000 El Camino Real |
| 4 | Palo Alto, CA 94306 |
|   | Telephone: (650) 632-4734 |
| 5 | E-mail: mrodgers@cov.com |
| 6 | HUESTON HENNIGAN LLP |
| 7 | John C. Hueston* |
|   | Moez M. Kaba* |
| 8 | Joseph A. Reiter* |
|   | 523 West 6th Street, Suite 400 |
| 9 | Los Angeles, CA 90014 |
|   | Telephone: (213) 788-4340 |
| 10 | E-mail: jhueston@hueston.com |
|   |        mkaba@hueston.com |
| 11 |        jreiter@hueston.com |
| 12 | *Admitted pro hac vice on behalf of Defendant Amazon.com, Inc. and pro hac vice application forthcoming on behalf of Defendants Lindsay, Grandinetti, and Ghani |
| 13 |   |
| 14 |   |
| 15 | Attorneys for Defendants AMAZON.COM, INC., LINDSAY, GRANDINETTI, AND GHANI |

[PROPOSED] STIPULATED RULE 502(D) ORDER
CASE NO. 2:23-CV-0932 - 6