UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

CASE NO. 2:23-cv-00932-JHC

**PROTECTIVE ORDER**

1.      **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. The availability of protection pursuant to this order does not preclude a party from withholding information protected by any applicable privilege. Nothing in

this order shall restrict in any way the right of a Producing Party to disclose or make use of its own documents, Discovery Material, or Investigational Material. Under LCR 26(c)(2), the parties began with the District's Model Protective Order, and have identified departures from the model in redlined submissions to the Court.

**2.** <u>**DEFINITIONS**</u>

2.1    <u>Challenging Party</u>:    A Party or Non-Party that challenges the designation of information or items under this order.

2.2    <u>Confidential Material</u>:  Defined in Section 3.1 below.

2.3    <u>Customer Information</u>: Non-public personal information regarding customers, including any lists, descriptions, or other grouping of customers that are derived using non-public personal information.

2.4    <u>Designating Party</u>:  A Party, Non-Party, person, or entity designating documents or information as Protected Information under this order.

2.5    <u>Discovery Material</u>:    All items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>ROSCA Investigation Material</u>:  All investigational hearing testimony, investigational hearing exhibits, interrogatory responses, and privilege logs, including from any Non-Party, that were provided to Plaintiff during its investigation leading to this action (*i.e.*, in connection with FTC File No. 2123050).

2.7    <u>Other Investigation Material</u>: All items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that were provided to Plaintiff in any investigation, excluding ROSCA Investigation Material.

2.8    <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other

PROTECTIVE ORDER
CASE NO. 2:23-CV-00932 - 2

legal entity not named as a Party to this action.

2.9    Party:  Any party to this action, including its officers, directors, employees, consultants, vendors, retained experts, and outside counsel of record (and their support staff).

2.10    Producing Party:  A Party or Non-Party that produces Discovery Material in this action or produced ROSCA Investigation Material or Other Investigation Material to Plaintiff.

2.11    Protected Material:  Any Discovery Material, ROSCA Investigation Material, or Other Investigation Material that is designated as Confidential Material, and any Sensitive Personal Information.

2.12    Receiving Party:  A Party that receives Discovery Material, ROSCA Investigation Material, or Other Investigation Material from a Producing Party.

2.13    Sensitive Personal Information.  Any:

(1)    Social Security number;

(2)    Sensitive health-related data including medical records;

(3)    Biometric identifier;

(4)    Any one or more of the following when combined with an individual's name, address, or phone number:  (a) date of birth, (b) driver's license or other state identification number, or a foreign equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, or (f) credit or debit card number;

(5)    An individual's name, if that individual is a minor;

(6)    An individual's telephone number, email address, or home address, unless relevant to a claim or defense of any party; or

(7)    Other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

3.    **DISCOVERY MATERIAL**

3.1    Confidential Material: Documents and tangible things that may be produced or

otherwise exchanged that (1) the Designating Party reasonably believes contain, describe, or disclose sensitive, non-public confidential information, such as (a) court records, whether in this District or other courts, currently maintained under seal; (b) information subject to a non-disclosure or confidentiality agreement: (c) employee personnel information; (d) a Non-Party's commercially sensitive information, trade secrets, or competitive or strategic initiatives that are not readily ascertainable and for which the Designating Party has taken reasonable steps to maintain confidentiality; and (e) Customer Information; or (2) the Designating Party's own commercially sensitive information, such as (a) financial or accounting information; (b) commercially sensitive internal communications or information; and (c) business negotiations, transactions, and dealings with Non-Parties.

3.2    Source Code or Object Code: Should the parties agree to source or object code discovery, or be ordered to produce such discovery, they will meet-and-confer regarding the necessity of a stipulated source code supplement to this Order.

**4.    SCOPE**

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel, Non-Parties, or experts that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**5.    ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Apart from disclosures to the Producing Party and its current employees and agents, which nothing in this Protective Order prohibits, Protected

Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2    <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

(a)    the Receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts, consultants, and contractors (and their employees and staff) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court, court personnel, and court reporters and their staff;

(e)    copy, imaging, document management, and electronic discovery services retained by Counsel to assist in the management of Confidential Material and who execute the "Acknowledgement and Agreement to be Bound" (Exhibit A), provided that counsel for the Party retaining such services instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material may

not be disclosed to anyone except as permitted under this agreement;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (and that person's counsel);

(h)  graphics, translation, design, and/or trial consulting personnel, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(i)  mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(j)  any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this agreement;

(k)  any other person who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) with the prior written consent of the Producing Party, and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld, or upon order of the Court.

5.3  <u>Disclosures to Governmental Entities</u>. Notwithstanding the limitations set forth in Section 5.2 and subject to taking appropriate steps to preserve confidentiality, Plaintiff may disclose Confidential Material and Sensitive Personal Information to other governmental entities, in the manner provided by 16 C.F.R. §§ 4.9-4.11, 15 U.S.C. §§ 46(f), 57b-2.  Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of Plaintiff) and congressional committees.  Any officers or employees of Federal or State law enforcement agencies who will have access to such materials must maintain them in confidence, use them only for official law enforcement purposes, and sign the "Acknowledgement and Agreement to Be Bound (Government Entity)" (Exhibit B).  Plaintiff shall provide a copy of the signed Exhibit B to Defendant prior to providing any Confidential Material to a Federal or State law enforcement agency unless the agency requests that Defendant not be notified.  Nothing

in this subsection shall limit Plaintiff's ability to share ROSCA Investigation Material or Other Investigation Material with other governmental entities to the extent permitted by law.

5.4     Filing Confidential Material. Before filing Confidential Material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.5     Use of Sensitive Personal Information in Litigation. No Party or Non-Party may publicly disclose any Sensitive Personal Information without prior approval of this Court. A Party or Non-Party seeking to file Sensitive Personal Information publicly in the docket of any action must redact such information before filing, unless the Sensitive Personal Information is relevant and necessary for the Court's understanding of the issues presented. In such circumstances, a Party or Non-Party must file any unredacted Sensitive Personal Information under seal concurrently with a motion to seal the information.

5.6     Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

**6.     DESIGNATING PROTECTED MATERIAL**

6.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2     <u>Manner and Timing of Designations for Discovery Material</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced. In the event that original documents are produced for inspection, the original documents shall be treated as Confidential during the inspection and the Producing Party shall re-designate as appropriate any materials copied during the inspection within 30 days of the inspection.

(a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the words "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for

protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  With respect to documents produced in native format, the Designating Party shall include the appropriate designation at the end of the filename for each document. When native electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file.

(b)  <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: The Parties and any participating Non-Parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential Material. Until the expiration of the 30-day period for designation, any deposition transcript shall be treated as if it had been designated Confidential in its entirety, unless otherwise agreed.  However, upon a showing of good cause by the Party seeking to rely on the transcript, *e.g.*, for use in a scheduled filing with the Court, the Parties may mutually agree to shorten the designation period. Any Party that wishes to disclose the transcript, or information contained therein prior to the end of the 30-day period, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as Protected Material must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.

Counsel for any Producing Party shall have the right to exclude from oral depositions, other

than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

If a Party or Non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Discovery Material Produced by Non-Parties:   Discovery Materials produced by Non-Parties which a Party knows or reasonably should know contain confidential information shall be treated as if they had been designated Confidential until 30 days after all Parties have been served with a copy of said documents. Any Party or Non-Party may, within 30 days after receiving such documents, designate the documents, or portions thereof, as Protected Material. If a Party or Non-Party desires to protect Confidential Material at trial, the issue should be addressed during the pre-trial conference.

(d)    Other tangible items: The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3    Manner and Timing of Designations for ROSCA Investigation Material. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, ROSCA Investigation Material that qualifies for protection under this agreement must be clearly so designated within the later of (a) 45 days after entry of this Order or (b) where the Designating Party was not the Producing Party of the material, 30 days of the Designating Party's receipt of the material. Until that time, all ROSCA Investigation Material shall be treated as Confidential Material. Such materials may be designated in the manner described in Section 5.2, except that the Designating Party need not affix the word "CONFIDENTIAL" to documents produced prior to this litigation. Documents produced prior to this litigation may be designated confidential by providing a written

list identifying the documents produced (such as by Bates number).  Any "confidential" marking on a document or other "confidential" designation asserted before the initiation of this action is insufficient, standing alone, to designate ROSCA Investigation Material as confidential under this Order.

6.4    <u>Manner and Timing of Designations for Other Information in Plaintiff's Possession</u>. For any material not addressed by Sections 6.2 and 6.3 that is in Plaintiff's possession (including material provided by Defendant to Plaintiff outside of the investigation leading to this action) that is entitled to confidentiality under the Federal Trade Commission Act, or any FTC regulation, such material shall be treated as Confidential Material for purposes of this Order, unless and until the Court makes or has made a determination of non-confidentiality or a challenge under the procedures described in Section 7 is successfully employed. For purposes of Section 7 relating to such materials, the person or entity who submitted the material to Plaintiff and any Party that also designates the material as Confidential Material shall be deemed the Designating Party. Materials produced by Non-Parties which may contain confidential information shall be treated as Confidential until 30 days after all parties have been served with a copy of said documents. Any Party or Non-Party may, within 30 days after receiving such documents, designate the documents, or portions thereof, as Confidential Material.

6.5    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of Confidential Material at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Any challenge to a designation of Confidential Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.

7.2    <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. The Producing Party shall have the burden of justifying the disputed designation. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable), or may request that the parties follow the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as Confidential, that party must:

(a)     promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order from the court from which the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection from disclosure, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties plan to stipulate to entry of a non-waiver order under Fed. R. Evid. 502(d).

**11.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>**

Within 90 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision:

(a)    counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order;

(b)    Plaintiff shall retain, return, or destroy Confidential Material in accordance with 16 C.F.R. § 4.12, including retaining such information to assist with ongoing law enforcement or bankruptcy matters, enforcement of any final orders entered in this action, providing redress to consumers (if ordered by the Court), or any policy or research matters consistent with the Commission's mission, provided that the Commission continues to take all appropriate steps to protect the confidentiality of the materials;

(c)    any law enforcement agency other than Plaintiff that has received copies of any Protected Material may retain such information to assist with other ongoing law enforcement matters, provided that the law enforcement agency continues to take all appropriate steps to protect the confidentiality of the materials in accordance with the terms of this agreement; and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

        (d)     any congressional committee may maintain copies of Protected Material obtained from the Commission as required under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.11(b).

The confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2023.

_____
John H. Chun
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of Federal Trade Commission v. Amazon.com, Inc., No. 2:23-cv-0932-JHC. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

PROTECTIVE ORDER
CASE NO. 2:23-CV-00932  - 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>EXHIBIT B</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND (GOVERNMENT ENTITY)</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of Federal Trade Commission v. Amazon.com, Inc., No. 2:23-cv-0932-JHC. I agree to

comply with and to be bound by Section 5.3 of this Stipulated Protective Order.  I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

PROTECTIVE ORDER
CASE NO. 2:23-CV-00932 - 17