UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>        Defendants. | No. 2:23-cv-0932-JHC<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER** |

The Federal Trade Commission and Amazon.com, Inc. (together, the "Parties"), hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the Parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 1

**B.      ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.      <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

2.      <u>Foreign data privacy laws.</u> Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, e.g., the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The Parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.      ESI Discovery Procedures**

1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the Parties.

2.      <u>Search methodology.</u> The Parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies. The Parties shall continue to cooperate in revising the appropriateness of the search methodology.

i.      The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and the use of technology-assisted review. The producing party shall provide unique hit counts for each search query.

ii.     After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

iii.    The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 2

multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

    3.    <u>Format.</u>

        a.    ESI will be produced to the requesting party with searchable text, in a format to be decided between the Parties. Acceptable formats include, but are not limited to, native files or single-page TIFFs (with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files).

        b.    Unless otherwise agreed to by the Parties, files that are not easily converted to image format, such as spreadsheets, databases, and drawing files, will be produced in native format with extracted text and metadata. Unless otherwise agreed to by the Parties, for all other files, natives shall be produced upon reasonable request where images are insufficient to properly review the document.

        c.    Each document image file shall be named with a unique number (Bates Number).

        d.    Unless otherwise agreed to by the Parties, the full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

    4.    <u>De-duplication.</u> The Parties may de-duplicate their ESI production across custodial and non-custodial data sources on a family basis, and the duplicate custodian

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 3

information removed during the de-duplication process shall be tracked in a duplicate/other custodian field in the database load file.

      5.      <u>Email Threading.</u> The Parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies, except if the lesser inclusive copies include unique family members, in which case the lesser inclusive copies and related family members shall also be produced. Upon reasonable request, the producing party will produce a less inclusive copy.

      6.      <u>Metadata fields.</u> The Parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: File Path; TextPath; Custodian; AllCustodians; Filename; File Size; File Extensions; MD5 Hash; PRODUCTION_VOLUME; PRODBEG; PRODEND; PRODBEG_ATTACH; PRODEND_ATTACH; Page Count; From; To; CC; BCC; EmailSubject; Date Sent; Time Sent; Date Received; Time Received; Author; Title; Subject; Date Created; Time Created; Date Modified; Time Modified; and confidentiality status (indicating whether the producing party has designated a document "confidential").

      7.      <u>Hard-Copy Documents.</u> Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless it will not result in accurate or reasonably useable/searchable ESI, like handwritten documents. Each file will be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension). These documents will be unitized following scanning into appropriate segments and custodial information will be provided in the load files.

**D.    Preservation of ESI**

The Parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the Parties agree as follows:

1. Absent a showing of good cause by the requesting party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the Parties shall take reasonable and proportional steps to preserve all discoverable ESI in their possession, custody, or control.

2. The Parties agree that only unique, non-duplicative sources of relevant Documents need to be preserved.

3. Absent a showing of good cause by the requesting party, the categories of ESI that need not be preserved include, but are not limited to:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

    e. Interim automatically saved drafts.

    f. Back-up data that are duplicative of data that are more accessible elsewhere.

    g. Server, system or network logs.

    h. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    i. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 5

**E.     Privilege**

1. The Parties will discuss in good faith the production of privilege logs.

2. With respect to privileged or work-product information generated after the filing of the complaint, the Parties are not required to include any such information in privilege logs.

3. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

4. The Parties stipulated to a non-waiver order under Fed. R. Evid. 502(d), which the Court entered on November 14, 2023 (Dkt. #123).

DATED this 30th day of November, 2023.

DAVIS WRIGHT TREMAINE LLP

By  s/ Kenneth E. Payson
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: kenpayson@dwt.com
           jimhoward@dwt.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
       lflahivewu@cov.com
       lkim@cov.com
       jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA  94105

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 6

Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
mkaba@hueston.com
jreiter@hueston.com

*admitted pro hac vice on behalf of Defendant Amazon.com, Inc. and pro hac vice application forthcoming on behalf of Defendants Lindsay, Grandinetti, and Ghani

Attorneys for Defendant
AMAZON.COM, INC.


FEDERAL TRADE COMMISSION
*Attorneys for Plaintiff*

By s/ *Thomas Maxwell Nardini*
Evan Mendelson, D.C. Bar #996765
Olivia Jerjian, D.C. Bar #1034299
Thomas Maxwell Nardini, IL Bar #6330190
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov
(202) 326-2749; ojerjian@ftc.gov
(202) 326-2812; tnardini@ftc.gov

Colin D. A. McDonald, WSBA # 55243
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 7

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: November 30th, 2023

_____
John H. Chun
UNITED STATES DISTRICT JUDGE

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 8