The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC. *et al.*, <br><br> Defendants. | No. 2:23-cv-0932-JHC <br><br> **NEIL LINDSAY'S, RUSSELL GRANDINETTI'S, AND JAMIL GHANI'S REPLY ISO MOTION TO DISMISS AMENDED COMPLAINT** <br><br> **NOTED ON MOTION CALENDAR: December 8, 2023** <br><br> **ORAL ARGUMENT REQUESTED** |

NEIL LINDSAY'S, RUSSELL
GRANDINETTI'S, AND JAMIL GHANI'S
REPLY ISO MOTION TO DISMISS
(2:23-cv-0932-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................1

    A. The FTC Fails to Plead Individual Liability ...........................................................1

        1. Rule 9(b) Requires Particularized Allegations of Fraud ...........................1

        2. Count IV (All Individuals): The FTC Fails to Plead Any Individual Participated in or Controlled Prime's Cancellation Flows .......................2

        3. Counts I – III (Grandinetti): The FTC Fails to Allege Grandinetti Participated in or Controlled Prime's Enrollment Flows..........................3

    B. This Action Violates the Individuals' Due Process Rights...................................4

    C. The FTC Cannot Pursue Civil Penalties from the Individuals .............................5

III. CONCLUSION....................................................................................................................6

NEIL LINDSAY'S, RUSSELL GRANDINETTI'S, AND JAMIL GHANI'S REPLY ISO MOTION TO DISMISS (2:23-cv-0932-JHC) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Comm'r v. Acker*,
 361 U.S. 87 (1959)...................................................................................................................5

*Desertrain v. City of Los Angeles*,
 754 F.3d 1147 (9th Cir. 2014) ..................................................................................................4

*Doe v. Snyder*,
 449 F. Supp. 3d 719 (E.D. Mich. 2020) ...................................................................................4

*FCC v. Fox Television Stations, Inc.*,
 567 U.S. 239 (2012) .................................................................................................................5

*FTC v. D-Link Sys., Inc.*,
 2017 WL 4150873 (N.D. Cal. Sept. 19, 2017) .........................................................................1

*FTC v. DIRECTV, Inc.*,
 2018 WL 3911196 (N.D. Cal. Aug. 16, 2018) .........................................................................3

*FTC v. Freecom Commc'ns, Inc.*,
 401 F.3d 1192 (10th Cir. 2005) ................................................................................................1

*FTC v. Lights of Am., Inc.*,
 760 F. Supp. 2d 848 (C.D. Cal. 2010) ......................................................................................1

*FTC v. Swish Mktg.*,
 2010 WL 653486 (N.D. Cal. Feb. 22, 2010) ............................................................................2

*Gaker v. Citizens Disability, LLC*,
 654 F. Supp. 3d 66 (D. Mass. 2023) .........................................................................................4

*In re Finjan Holdings, Inc.*,
 58 F.4th 1048 (9th Cir. 2023) ...................................................................................................2

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
 601 F. Supp. 3d 625 (C.D. Cal. 2022) ......................................................................................3

*Lightfoot v. D.C.*,
 355 F. Supp. 2d 414 (D.D.C. 2005) ..........................................................................................4

*Pepsi Bottling Grp., Inc. v. Thomas*,
 2010 WL 4622520 (W.D. Wash. Nov. 4, 2010) .......................................................................5

NEIL LINDSAY'S, RUSSELL
GRANDINETTI'S, AND JAMIL GHANI'S
REPLY ISO MOTION TO DISMISS
(2:23-cv-0932-JHC) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*REX - Real Est. Exch. Inc. v. Zillow Inc.*,
  2021 WL 3930694 (W.D. Wash. Sept. 2, 2021) ...................................................................... 2

*U.S. ex rel. Decesare v. Americare in Home Nursing*,
  2011 WL 607390 (E.D. Va. Feb. 10, 2011) ..................................................................... 3, 4

*United States v. Boyd*,
  991 F.3d 1077 (9th Cir. 2021) ................................................................................................ 5

*United States v. Dish Network LLC*,
  256 F. Supp. 3d 810 (C.D. Ill. 2017) ...................................................................................... 5

*United States v. Moss*,
  872 F.3d 304 (5th Cir. 2017) .................................................................................................. 5

*Upton v. S.E.C.*,
  75 F.3d 92 (2d Cir. 1996) ....................................................................................................... 5

*Wilson v. Frito-Lay N. Am., Inc.*,
  961 F. Supp. 2d 1134 (N.D. Cal. 2013) .................................................................................. 5

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................................ 1, 2, 3, 4

**Regulations**

84 Fed. Reg. 52393, 52396 ............................................................................................................ 1

NEIL LINDSAY'S, RUSSELL
GRANDINETTI'S, AND JAMIL GHANI'S
REPLY ISO MOTION TO DISMISS
(2:23-cv-0932-JHC) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

The FTC admits it has never "previously sought individual liability" in these circumstances—against non-CEO employees with limited involvement in multi-department decision-making at a large, public company.  Dkt. 126 ("Opp.") 48.  The FTC breaks more new ground with its sweeping theory of liability, based not on direct participation or control, but rather on the Individuals' supposed "participat[ion] in *maintaining*" unlawful conduct, Opp. 40-43 (emphasis added)—a standard so elastic and expansive it assigns liability simply from receiving an internal memo sent to many individuals or participating in a single group meeting.  Worse still, the FTC seeks to impose liability against three Individuals while conceding the underlying law "does not provide clarity about how to avoid [liability]."  Dkt. 87-1 at 24718.

The FTC's own allegations, while cherry-picked, lacking context, and distorted, refute any suggestion that the Individuals acted illegally.  Not only did no Individual create Prime's flows, they encouraged their teams to find data-driven solutions to make the flows even more consumer friendly and directed substantial resources to those efforts.  *See* Dkt. 67 ("Compl.") ¶¶ 17, 21, 188, 211-13, 221-28.  These allegations cannot support individual liability, especially given that the FTC concedes ROSCA "provide[d] *no details*" to guide the Individuals, 84 Fed. Reg. 52393, 52396, and "clearer guardrails" are needed, Dkt. 87-1 at 24727-28.

## II.     ARGUMENT

### A.     The FTC Fails to Plead Individual Liability

#### 1.     Rule 9(b) Requires Particularized Allegations of Fraud

The FTC's Rule 9(b) argument "contravenes well-established Ninth Circuit law."  *FTC v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 851-2 (C.D. Cal. 2010) (criticizing the FTC's out-of-circuit authorities—including *FTC v. Freecom Commc'ns, Inc.*, 401 F.3d 1192 (10th Cir. 2005)—as "not compelling"); *FTC v. D-Link Sys., Inc.*, 2017 WL 4150873, at *1 (N.D. Cal. Sept. 19, 2017) (rejecting the FTC's "truncated view of Rule 9(b) that our circuit has rejected").

NEIL LINDSAY'S, RUSSELL GRANDINETTI'S, AND JAMIL GHANI'S REPLY ISO MOTION TO DISMISS (2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Rule 9(b) applies to any "claim [that] is 'grounded in fraud' or 'sound[s] in fraud,' even if fraud is not an essential element." *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1057 (9th Cir. 2023). The FTC's claims sound in fraud, as demonstrated by the alleged use of "misleading language," "manipulative design elements," and "deceptive" tactics. Compl. ¶¶ 2, 4, 8, 54, 231, 260. These claims must be pleaded with the particularity that Rule 9(b) requires. *See REX - Real Est. Exch. Inc. v. Zillow Inc.*, 2021 WL 3930694, at *8 (W.D. Wash. Sept. 2, 2021) (claim that a website was designed "to confuse, mislead, and deceive consumers" must be pleaded with particularity under 9(b)).

The FTC alleges no particularized facts showing that any Individual acted fraudulently. To the contrary, and incredibly, the FTC for the first time seeks to hold Individuals liable for their good-faith participation in a multi-department initiative to *improve* the customer experience.

### 2. Count IV (All Individuals): The FTC Fails to Plead Any Individual Participated in or Controlled Prime's Cancellation Flows

The FTC alleges the Individuals did not adopt "simpler alternatives" to the cancellation flows proposed by their "subordinates." Opp. 41. This vague allegation of corporate responsibility is insufficient to support individual liability, particularly as to Grandinetti, who is not even alleged to have overseen Prime at this time. Compl. ¶ 19 (alleging only that Grandinetti currently "oversees Amazon's Prime subscription program"); *cf. FTC v. Swish Mktg.*, 2010 WL 653486, at *5–6 (N.D. Cal. Feb. 22, 2010) (allegation defendant acted as CEO insufficient).

As for Lindsay and Ghani, the FTC relies on a single tenuous connection to the cancellation flows: a memorandum Ghani is alleged to have shared with Lindsay in January 2021. Opp. 41. The FTC omits that Lindsay subsequently "elected to prepare [a second] memorandum" to help "facilitate a decision" about "whether to make any changes" to the Prime flows. Compl. ¶ 221. The FTC also omits that just four months later, "as a result of [a] meeting" involving Lindsay and Ghani, Amazon *did* "decide[] to make changes" to the Prime flows. *Id.* ¶ 228.

NEIL LINDSAY'S, RUSSELL
GRANDINETTI'S, AND JAMIL GHANI'S
REPLY ISO MOTION TO DISMISS
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The FTC's allegations, therefore, show that Lindsay and Ghani acted responsibly, not illegally. Their "investment of substantial resources in analyzing [Amazon's] operations, candidly identifying areas for improvement, and following through on a number of improvements" only "underscores how this case is very unlike the straightforward deception cases upon which the FTC purports to rely." *FTC v. DIRECTV, Inc.*, 2018 WL 3911196, at *18 (N.D. Cal. Aug. 16, 2018). Nor does the FTC explain what changes were proposed in the memo shared in January 2021, whether those proposals would have fixed whatever deficiencies the FTC believes exist, or why it was illegal for the Individuals to take a few months to analyze these issues before Amazon implemented changes. Opp. 41-42; *see also U.S. ex rel. Decesare v. Americare in Home Nursing*, 2011 WL 607390, at *8 (E.D. Va. Feb. 10, 2011) (dismissing complaint that gave individuals no "notice [of what] actions *they took* that were fraudulent or that led to fraud"); *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 747 (C.D. Cal. 2022) (Rule 9(b) violated where plaintiffs did not allege "which, if any, party created each advertisement").

### 3. Counts I – III (Grandinetti): The FTC Fails to Allege Grandinetti Participated in or Controlled Prime's Enrollment Flows

Apart from Grandinetti's current title, the FTC identifies just one alleged event connecting him to the enrollment flows: in June 2019, Grandinetti attended a meeting with representatives from multiple internal organizations, where he was allegedly asked to "break the tie" between proposals, and advised co-workers "to improve the checkout enrollment flow as much as [they] could . . . while not hurting signups." Opp. 43. These allegations demonstrate only that Grandinetti *supported* improving clarity. The FTC cites no caselaw for its proposed should-have-done-more liability standard. *Id*. Nor does the FTC support its repeated, conclusory, and disingenuous assertion that Grandinetti's *current* title as the "Amazon Senior Vice President overseeing Prime … mean[s] he *had* … the authority to direct changes" in 2019. *Id.* at 40, 43 (emphasis added).

NEIL LINDSAY'S, RUSSELL
GRANDINETTI'S, AND JAMIL GHANI'S
REPLY ISO MOTION TO DISMISS
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Moreover, the FTC fails to connect Grandinetti's alleged conduct to the alleged corporate violations. Nowhere does the FTC identify which—if any—of Amazon's alleged "misleading" disclosures or "deceptive" tactics, Compl. ¶¶ 2, 4, 54, 231, are attributable to Grandinetti. Opp. 43. These allegations do "not even come close" to satisfying Rule 9(b). *Decesare*, 2011 WL 607390, at *8 (complaint failed to show "what connection [the individuals] had" with the "instances of alleged fraud [the company] must defend" or "what impact, if any, [the individual] had on [the company's] future actions").

### B. This Action Violates the Individuals' Due Process Rights

This case violates due process for the reasons discussed in Amazon's briefs. Mot. 20–27; Reply 24–29. It further violates the Individuals' constitutional rights for two additional reasons.

First, individuals do not have fair notice where "ensur[ing] compliance with the law" would be an "arduous task, even for individuals with legal research experience and access to online legal databases." *Doe v. Snyder*, 449 F. Supp. 3d 719, 734 (E.D. Mich. 2020); *see also Lightfoot v. D.C.*, 355 F. Supp. 2d 414, 429 (D.D.C. 2005) (individuals cannot be "charged with knowledge" of authorities that are "not practically accessible to them"). The supposed "rules" articulated by the FTC would require all that and more. The FTC's theories borrow language from cases that interpret, among other things, the Fair Credit Reporting Act, the Truth in Lending Act, the Telephone Consumer Protection Act, various state statutes, and multiple states' contract law. *See, e.g.*, Opp. 3 (FCRA and TILA); *Gaker v. Citizens Disability, LLC*, 654 F. Supp. 3d 66, 72 (D. Mass. 2023) (TCPA). The Individuals could not possibly have known how to "conform [their] conduct" to the FTC's standard. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1155 (9th Cir. 2014).

Second, the FTC does not cite a single case where it sought liability against individual employees at a large public company for failing to correct an alleged corporate violation. The FTC concedes it has not "previously sought individual liability" in these circumstances but attempts to dismiss such novelty as not "relevant." Opp. 47–48. This nothing-to-see-here

NEIL LINDSAY'S, RUSSELL
GRANDINETTI'S, AND JAMIL GHANI'S
REPLY ISO MOTION TO DISMISS
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

response fails. Even if an agency's enforcement of a statute is permissible "under the controlling standards," the agency must provide "affirmative notice" before modifying its "enforcement regime." *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 243, 251, 256–57 (2012) ("isolated" prior notice did "not suffice for the fair notice required"); *United States v. Moss*, 872 F.3d 304, 314–15 (5th Cir. 2017) (where government had never enforced statute "against contractors and subcontractors," court would not "countenance[] action" that broke "with a half century of agency policy"); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147 (N.D. Cal. 2013) (despite prior FDA "warning letters" and a "proposed rule," the defendant "was simply not on notice" given "ambiguity" in the text of the regulation); *Upton v. S.E.C.*, 75 F.3d 92, 98 (2d Cir. 1996) ("The Commission may not sanction Upton pursuant to a substantial change in its enforcement policy that was not reasonably communicated to the public.").

The rule of lenity also supports dismissal. It makes no difference that the rule in *Bittner* was not joined by a full majority, Opp. 49; it is "settled" law that statutes imposing civil penalties must be "construed strictly." *Comm'r v. Acker*, 361 U.S. 87, 91 (1959); *Pepsi Bottling Grp., Inc. v. Thomas*, 2010 WL 4622520, at *4 (W.D. Wash. Nov. 4, 2010) ("penalizing statutes must be construed strictly and with lenience exercised in favor of the party who may be the object of the penalty"); *United States v. Boyd*, 991 F.3d 1077, 1085–86 (9th Cir. 2021) (the court "must strictly construe a tax provision which imposes a penalty" even "independent of the rule of lenity").

### C. The FTC Cannot Pursue Civil Penalties from the Individuals

Finally, civil penalties are unavailable. Although the FTC argues the Individuals had "knowledge fairly implied of *Amazon's violations*," Opp. 51 (emphasis added), that is implausible for the reasons discussed and, regardless, insufficient. The FTC must allege particularized facts to show that each Individual "knew or should have known that *his conduct* was unlawful." *United States v. Dish Network LLC*, 256 F. Supp. 3d 810, 930 (C.D. Ill. 2017) (emphasis added). There are no such facts alleged whatsoever.

NEIL LINDSAY'S, RUSSELL
GRANDINETTI'S, AND JAMIL GHANI'S
REPLY ISO MOTION TO DISMISS
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### III. CONCLUSION

The FTC's unprecedented and unwarranted prosecution of the Individuals must end.

DATED this 8th day of December, 2023.

I certify that this memorandum contains 1,727 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
             jimhoward@dwt.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
             mkaba@hueston.com
             jreiter@hueston.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
             lflahivewu@cov.com
             lkim@cov.com
             jgraubert@cov.com

NEIL LINDSAY'S, RUSSELL GRANDINETTI'S, AND JAMIL GHANI'S
REPLY ISO MOTION TO DISMISS
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

*admitted pro hac vice*

Attorneys for Defendants
AMAZON.COM, INC., NEIL LINDSAY,
RUSSELL GRANDINETTI, AND JAMIL GHANI

NEIL LINDSAY'S, RUSSELL
GRANDINETTI'S, AND JAMIL GHANI'S
REPLY ISO MOTION TO DISMISS
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax