The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>     Defendants. | No. 2:23-cv-0932-JHC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED WORD LIMIT FOR MOTION TO COMPEL**<br><br>NOTE ON MOTION CALENDAR:<br>Tuesday, January 23, 2024 |

Pursuant to Local Rule 7(f), the FTC respectfully requests leave to file its Motion to Compel Production of Documents Clawed Back During Plaintiff's Investigation (the "Motion to Compel") in excess of the 4,200-word limit imposed by Local Rule 7(e)(4). In support of its motion, the FTC states as follows:

1.   As previously disclosed to, and approved by, the Court, the FTC is preparing its Motion to Compel, which will ask the Court to compel the production of a subset of the documents that were previously the subject of the FTC's Motion to Desequester (Dkt. #4). *See*

PLAINTIFF'S MOTION FOR LEAVE TO EXCEED
WORD LIMIT FOR MOTION TO COMPEL
Case No. 2:23-cv-0932-JHC

1

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

Dkt. #89 (denying FTC's Motion to Desequester "without prejudice to the [the FTC's] ability to seek these documenst through discovery in this matter").

2. As of yesterday, the FTC had prepared a near-final draft of the Motion that was approximately 4,200 words long, in compliance with Local Rule 7(e)(4). The full use of the word limit was necessary given the complex factual background and procedural history regarding Amazon's clawbacks. *See also* Dkt. #6 ¶ 2 (justifying FTC's request for 5,900-word limit for Motion to Desequester).

3. The FTC notified Amazon last Wednesday, January 17, that the FTC planned to file, with its Motion to Compel, certain documents that Amazon had deemed Confidential under the Protective Order (Dkt. #124). This notification was required by the Protective Order and Local Rule 5(g). One of those documents identified by the FTC was the version of "IC-37"[1] that Amazon produced one year ago, on February 14, 2023. Notably, this is the version of IC-37 that Amazon produced to the FTC *after* it already had clawed back an earlier version of IC-37.

4. Late last night, Amazon informed the FTC that it was clawing back IC-37 yet again.

5. Although the FTC has asked Amazon to reconsider its clawback, the FTC currently plans to add to its Motion to Compel a request to compel the production of the version of IC-37 that Amazon clawed back late last night.

6. To accommodate the addition of IC-37 to the Motion to Compel, the FTC respectfully requests that the Court permit it to exceed the 4,200-word limit by 1,000 words.

---

[1] The *in camera* ("IC") documents are listed and described in Dkt. #90-2 at 326-32.

**LOCAL RULE 7(e) CERTIFICATION**

I certify that this memorandum contains 372 words, in compliance with the Local Civil Rules.

Dated: January 23, 2024         /s/ Evan Mendelson
                                EVAN MENDELSON (DC Bar #996765)
                                OLIVIA JERJIAN (DC Bar #1034299)
                                THOMAS MAXWELL NARDINI
                                (IL Bar # 6330190)
                                Federal Trade Commission
                                600 Pennsylvania Avenue NW
                                Washington DC 20580
                                (202) 326-3320; emendelson@ftc.gov (Mendelson)
                                (202) 326-2749; ojerjian@ftc.gov (Jerjian)
                                (202) 326-2812; tnardini@ftc.gov (Nardini)

                                COLIN D. A. MACDONALD (WSBA # 55243)
                                Federal Trade Commission
                                915 Second Ave., Suite 2896
                                Seattle, WA 98174
                                (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

                                Attorneys for Plaintiff
                                FEDERAL TRADE COMMISSION