The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

FEDERAL TRADE COMMISSION,

    Plaintiff,

  v.

AMAZON.COM, INC., *et al.*,

    Defendants.

Case No. 2:23-cv-0932

**STIPULATED MOTION TO SEAL MATERIAL CITED IN PLAINTIFF'S MOTION TO COMPEL**

NOTE ON MOTION CALENDAR:
Thursday, January 25, 2024

    Pursuant to Local Civil Rule 5(g), Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") and Defendant Amazon.com, Inc. ("Defendant" or "Amazon") respectfully jointly move the Court to seal certain documents, or excerpts thereof, cited in Plaintiff's Motion to Compel Production of Documents Clawed Back During Plaintiff's Investigation ("Motion to Compel"). *See* Dkt. #139. In support of this Stipulated Motion, Plaintiff and Defendant state as follows.

    1.    On January 25, 2024, the FTC filed under seal an unredacted version of the Motion to Compel and accompanying Declaration of Adam Rottner ("Rottner Declaration"). Dkt. #139. The FTC has also filed redacted, public versions of these materials. Dkt. #140.

STIPULATED MOTION TO SEAL
DOCUMENTS CITED IN MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2. The FTC and Amazon jointly move to seal materials cited in the Motion to Compel (the "Sealed Material"), which are identified in the chart below and attached as exhibits to the Rottner Declaration. For the documents the parties move to seal only in part, the proposed sealed portions are highlighted in blue in the exhibits attached to the unredacted Rottner Declaration filed under seal. *See* Dkt. #139.

3. The Court's Protective Order (ECF No. 124 at ¶ 5.4) and Local Rule 5(g)(3)(B) require that the Party seeking to file information under seal provide (1) a statement of the applicable legal standard, (2) the legitimate private or public interests that warrant the relief sought, (3) the injury that will result if the relief sought is not granted, and (4) why a less restrictive alternative to the relief sought is not sufficient. Amazon submits paragraphs 4-7 in accordance with these requirements.

4. A party seeking to seal documents attached to a discovery motion need only show "good cause" to keep the documents from public view because "the public has less of a need for access to court records attached only to non-dispositive motions." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 ("good cause" standard applies to discovery motion unrelated to the merits of the case). The Motion to Compel is a discovery motion. To show good cause, the moving party must articulate a specific harm that would occur if the subject information was made public. *See Phillips*, 307 F.3d at 1210-11. Furthermore, even under the heightened "compelling reasons" standard used for sealing information attached to dispositive motions, courts have long recognized that "business information that might harm a litigant's competitive standing" should be sealed. *See, e.g., Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598 (1978).

STIPULATED MOTION TO SEAL
DOCUMENTS CITED IN MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

2

5. Amazon's legitimate business interests warrant the relief sought. Amazon seeks to seal only limited confidential business information, such as internal metrics and proprietary internal analyses, similar to those described in Amazon's declaration in support of its earlier motion to seal. *See* ECF No. 42. This Court granted a motion to seal similar information under a heightened "compelling reasons" standard in this case. *See* ECF No. 79. The limited information that Amazon seeks to seal thus easily satisfies the applicable "good cause" standard. For the Sealed Material, Amazon further takes the following positions:

| Bates Number | Proposed Seal | Amazon's Position |
| --- | --- | --- |
| AMZN_00107862 | Redactions, at page ending Bates number [-7863] | Proposed redactions are necessary to protect highly sensitive commercial information. |
| AMZN_00022853 | Entire document | This entire document should be sealed because it is filled with highly sensitive commercial information. |
| AMZN_00045704 | Redactions, at pages ending Bates numbers [-5711] to [-5712] | Proposed redactions are necessary to protect personal information of Amazon survey participants. |
| AMZN_00092949 | Entire document | This entire document should be sealed because it is filled with highly sensitive commercial information. |
| Amazon-FTC-CID_09389533 | Entire document | This entire document should be sealed because it is filled with highly sensitive commercial information. |
| AMZN-PRM-FTC-000000190 | Redactions, at pages ending Bates numbers [-0190] to [-0195] | Proposed redactions are necessary to protect highly sensitive commercial information. The document also contains privilege redactions. |

6. As explained in Amazon's original motion to seal similar information, which the Court granted, the public release of this information would harm Amazon's competitive position. *See* ECF No. 41. The risk of Amazon's competitors using this commercially sensitive information to their own advantage significantly outweighs any limited public interest in public

STIPULATED MOTION TO SEAL
DOCUMENTS CITED IN MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

3

disclosure of these few discrete pieces of information. *See, e.g.*, *McCrary v. Elations Co. LLC*, 2014 WL 12589137, at *6 (C.D. Cal. Dec. 2, 2014) (sealing internal clinical studies and consumer surveys because "disclosure of these documents could benefit Defendant's competitors and reduce any business advantage that Defendant currently possesses"). In addition, Amazon seeks to seal images and names of customers who have taken Amazon surveys, which is consistent with the previous redactions and sealed filings that Amazon sought and this Court granted. *See* ECF Nos. 41 & 79.

7. There is no less restrictive alternative to sealing the discrete pieces of information that Amazon has identified. Amazon has applied only limited redactions wherever possible, and otherwise seeks to seal in full only a few documents which are so thoroughly full of confidential information that redactions would not be feasible. This approach is aligned with the previous redactions and sealed filings that Amazon sought and this Court granted. *See* ECF Nos. 41 & 79.

8. The FTC stipulates to filing under seal the documents or portions of documents identified above. It takes no position as to Amazon's assertions in paragraphs 4-7 above.

**LOCAL RULES 5(g)(3)(A), 7(e) CERTIFICATION**

Pursuant to Local Rule 5(g)(3)(A), undersigned counsel certify that they met and conferred to reach the agreement described in this Stipulated Motion. Among other efforts, the following attorneys conferred by phone on January 22, 2024: Evan Mendelson, Olivia Jerjian, and Thomas Maxwell Nardini (representing the FTC), and Laura Flahive Wu, Jim Howard, and Kenneth Payson (representing Amazon).

Undersigned counsel also certify that this memorandum contains 941 words, in compliance with the Local Civil Rules.

STIPULATED MOTION TO SEAL
DOCUMENTS CITED IN MOTION TO COMPEL
Case No. 2:23-cv-0932

4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

| | | |
|---|---|---|
| 1 | Dated: January 25, 2024 | /s/ *Evan Mendelson* |
| 2 | | EVAN MENDELSON (DC Bar #996765) |
| | | OLIVIA JERJIAN (DC Bar #1034299) |
| 3 | | THOMAS MAXWELL NARDINI |
| | | (IL Bar #6330190) |
| 4 | | Federal Trade Commission |
| | | 600 Pennsylvania Avenue NW |
| 5 | | Washington, DC 20580 |
| | | (202) 326-3320; emendelson@ftc.gov (Mendelson) |
| 6 | | (202) 326-2749; ojerjian@ftc.gov (Jerjian) |
| | | (202) 326-2812; tnardini@ftc.gov (Nardini) |

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
      Kenneth E. Payson, WSBA #26369
      James Howard, WSBA #37259
      920 Fifth Avenue, Suite 3300
      Seattle, WA  98104-1610
      Telephone: (206) 622-3150
      Fax: (206) 757-7700
      E-mail: kenpayson@dwt.com
              jimhoward@dwt.com

COVINGTON & BURLING LLP

   Stephen P. Anthony*
   Laura Flahive Wu*
   Laura M. Kim*
   John D. Graubert*
   850 Tenth Street, NW
   Washington, DC  20001
   Telephone: (206) 662-5105
   E-mail: santhony@cov.com
           lflahivewu@cov.com

STIPULATED MOTION TO SEAL DOCUMENTS CITED IN MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

5

        lkim@cov.com
        jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA  94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA  94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
       mkaba@hueston.com
       jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants
AMAZON.COM, INC., NEIL LINDSAY,
RUSSELL GRANDINETTI, and JAMIL GHANI

---

STIPULATED MOTION TO SEAL
DOCUMENTS CITED IN MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320