1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION,

      Plaintiff,

    v.

AMAZON.COM, INC., *et al*.

      Defendants.

Case No. 2:23-cv-0932-JHC

**PLAINTIFF'S MOTION TO**
**COMPEL PRODUCTION OF**
**DOCUMENTS CLAWED BACK**
**DURING INVESTIGATION**

**FILED UNDER SEAL**

NOTE ON MOTION CALENDAR:
Friday, February 9, 2024

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

## **TABLE OF CONTENTS**

BACKGROUND ............................................................................................................... 1

    A.    Amazon's Efforts to Shield "Sensitive" Communications Regarding Prime
        Enrollment and Cancellation........................................................................... 1

    B.    The May 4, 2021 Memo and May 6, 2021 Meeting .................................... 2

    C.    Amazon's Belated, Double Clawback of IC-37 ......................................... 4

    D.    The July 14, 2021 Memo and Presentation.................................................. 5

    E.    The Remaining Clawed Back Documents ................................................... 6

    F.    The FTC's Document Request and the Parties' Meet-and-Confer ...................... 7

ARGUMENT ................................................................................................................... 7

I.     THE CLAWED BACK DOCUMENTS WERE NEVER PRIVILEGED OR
      PROTECTED WORK PRODUCT............................................................................ 7

    A.    The Clawed Back Documents Are Not Attorney-Client Privileged. ..................... 7

        1.     The May 4 Memo Is a Business Document. ................................. 8

        2.     Amazon Cannot Redact from IC-37 Determinations Made at the May 6
            Meeting. ...................................................................................... 8

        3.     The July 14 Memo and Presentation Are Business Documents. ............... 9

        4.     The Remaining Clawed Back Documents Likely Are Not Privileged. ...... 9

    B.    The May 4 Memo Is Not Attorney Work Product................................................. 10

    C.    At a Minimum, *In Camera* Review Is Appropriate. ......................................... 10

II.    AMAZON WAIVED ANY PRIVILEGE CLAIMS THAT MIGHT ONCE HAVE
      APPLIED. ................................................................................................................ 11

    A.    Amazon's Prior Productions Were Intentional. .................................................. 11

    B.    Amazon Did Not Take Reasonable Steps to Prevent Production of the July 14
        Memo or IC-37. ................................................................................................. 13

    C.    Amazon Did Not Act "Promptly" to Remedy Its Purportedly Inadvertent
        Productions. ....................................................................................................... 13

CONCLUSION................................................................................................................ 15

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - i

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

The FTC files this Motion to compel Defendant Amazon to produce 17 documents (the "Clawed Back Documents") first clawed back by Amazon during the FTC's investigation and then withheld as privileged in response to an FTC document request. The Clawed Back Documents primarily consist of two memoranda and one presentation prepared by Amazon for meetings at which Amazon employees and executives discussed the "clarity" of, and potential changes to, the Prime enrollment and cancellation flows. The evidence, however, establishes that these are business, not legal, documents, and that Amazon's privilege assertions are a mere extension of its years-long effort to manufacture privilege claims over clarity-related documents. Further, Amazon produced the Clawed Back Documents multiple times in this and other FTC investigations, before clawing them back and claiming inadvertence. Because the documents were never privileged, and, in any event, Amazon's prior productions waived any privilege claim, Amazon must produce them.

## **BACKGROUND**

### A.      Amazon's Efforts to Shield "Sensitive" Communications Regarding Prime Enrollment and Cancellation

Within Amazon, the "clarity" of Prime's enrollment and cancellation flows is a "P&C [privileged and confidential] topic" (Ex. A at 134), regardless of whether clarity-related communications actually contain privileged information. As one employee explained, she and others "were told to start marking things 'privileged and confidential'" if they related to the "clarity" of the Prime enrollment and cancellation flows. Dkt. #90-2 at 241, 244. Another employee confirmed that he and his colleagues took all clarity-related communications "seriously" "by marking them P&C." Dkt. #90-2 at 215. "Prime leadership," in particular, expected clarity-related documents and emails to be marked "P&C" (Ex. A at 36-37) and for related discussions to include attorneys, regardless of whether the attorney was expected to provide legal advice. For example, in October 2020, an Amazon employee circulated a clarity-related document to 13 non-attorneys. Dkt. #90-2 at 193-94; Ex. A ¶ 11. Amazon's Director of Prime Member Growth replied, added an attorney to the email chain, and wrote nothing other

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

than "+ Susan [the attorney], making P&C, seeking legal guidance.  Team, let's please keep Clarity communications as P&C.  thx."  Dkt. #90-2 at 193; Ex. A ¶ 11.  Amazon's efforts to shield damaging, but nonprivileged, documents continued throughout the FTC's investigation and into this litigation.

**B.    The May 4, 2021 Memo and May 6, 2021 Meeting**

Two of the Clawed Back Documents (IC-1 and IC-36; the "May 4 Memo") relate to a May 6, 2021 clarity-related meeting.  The lead-up to that meeting started in September 2020, when Amazon made certain clarity improvements to its "UPDP" enrollment page.  Ex. A at 110-112.  Defendant Jamil Ghani later described these changes as "near the 'minimum bar' of what we wanted to improve."  Dkt. #90-2 at 219. ██████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████  Ex. A at 86.  As a result, Amazon reversed the improvements.  *Id.* at 128.

Following that reversal, Amazon's Prime team scheduled a meeting to "align on approach for clarity"—*i.e.*, to make a business decision—with several Amazon leaders.  *Id.* at 131.  The meeting was with Amazon's "C-Team," which consisted of "top SVP[s], CEO level, key leaders"—*i.e.*, "a lot of the bigwigs" or the "top of the top."  Ex A. at 115-16, 151.  As is typical of Amazon meetings, a group of employees prepared a memorandum for the meeting.  *Id.* at 129.  The C-Team meeting ultimately was scheduled for May 6, 2021.  Dkt. #52 ¶ 12.  On April 28, one week before the meeting, one Amazon user experience researcher referred to the memorandum as "the most important [document] I have ever been involved with at Amazon."  Ex. A at 114.  Over the prior three-plus months, the document had been through "multiple reviews" with Defendants Ghani and Lindsay.  *Id.* at 95-96.  In March 2021, as Amazon prepared for the meeting, the FTC sent a CID initiating the investigation that led to this case.

According to Amazon, two in-house attorneys at some point "substantially revised the [memorandum] . . . to incorporate [their] legal advice."  Dkt. #52 ¶ 13.  Given that Amazon

1

2       produced a fully unredacted version of the memorandum dated April 29, 2021 (Ex. A ¶ 5), it

3       appears the attorney revisions occurred between that date and the May 6 Meeting.  Indeed, one

4       Amazon employee involved in the memo's drafting confirmed the legal team "took over the

5       document" at the "final hour."  Ex. A at 124.  Although Amazon now claims the resulting May 4

        Memo is attorney work product, Amazon has never asserted it anticipated litigation with the FTC

6       as of May 2021.

7               Around the same time, the Prime team, according to Amazon, "revised the purpose of the

8       May 6 Meeting to focus primarily on legal considerations involving the Prime sign-up and

9       cancellation processes."  Dkt. #52 ¶ 13.  Whatever legal advice was provided at the meeting, it is

10      undisputed that the meeting resulted in *business* decisions, as was the intent all along.

        Specifically, Amazon decided to change the Prime enrollment and cancellation flows, including

11      by moving Prime's "price and auto renew [terms] . . . to . . . primary body content [on enrollment

12      pages], not just in fine print."  Ex. A at 154; *see also* Dkt. #90-2 at 138-40, 149, 161-62.

13              Ultimately, in separate FTC investigations, Amazon twice produced two different copies

14      of the May 4 Memo (IC-1[1] and IC-36) with privilege redactions (Dkt. #52 ¶¶ 15-16; Dkt. #90-2

15      at 28 (¶¶ 14-15), 326, 329)—apparently to redact whatever legal advice counsel had inserted in

16      the "final hour," while (presumably) leaving unredacted non-attorney contributions and any

        attorney revisions not containing legal advice.  The FTC used IC-1 at the December 2, 2022

17      investigational hearing (an administrative deposition) of Defendant Russell Grandinetti.  Dkt.

18      #90-2 at 285.  None of the four Amazon attorneys present at the hearing raised a privilege

19      objection.  *Id.* at 285-87.  Those attorneys took a copy of the memo with them after the hearing,

20      and had access to an electronic copy of the exhibit.  *Id.* at 301 (counsel took exhibit copies), 279

        (email attaching May 4 Memo).  For the ensuing six weeks, not one of Amazon's 30-plus

21      attorneys (*id.* at 28) asserted a privilege or work product claim as to the May 4 Memo.

22

23      _____
        [1] "IC" numbers refer to the *in camera* document set described at Dkt. #90-2 at 326-32.  The FTC provided the Court
        copies of the *in camera* exhibits (Dkt. #7).  *See also* Unnumbered Oct. 24, 2023 Docket Entry (clerk's receipt of *in
        camera* documents).

On January 11, 2023, the FTC marked the same copy of the May 4 Memo as an exhibit at another investigational hearing. *Id.* at 30. This time, Amazon objected. Specifically, Amazon's counsel, undeterred by his four colleagues' silence during the December 2 hearing (not to mention his and his 30-plus colleagues' silence in the 40 intervening days), deemed it "extraordinary" and "so troubling" the FTC would use the four-times-produced and already-privilege-redacted document. *Id.* at 162-64. Two days later, Amazon formally clawed back both copies of the May 4 Memo. *Id.* at 31.

### C.   Amazon's Belated, Double Clawback of IC-37

A third Clawed Back Document, IC-37, relates to determinations Amazon made at the May 6 meeting. Amazon first clawed back IC-37 on February 7, 2023 and produced a replacement version, with privilege redactions, on February 14, 2023. Ex. A ¶ 12. The FTC's Motion to Desequester (Dkt. #4) challenged the redactions in this document. In response, Amazon apparently re-reviewed the document and then described it in a declaration from in-house counsel. Dkt. #52 ¶ 25. At no time did Amazon claim it had spotted any additional privileged information that remained unredacted in IC-37.

During the parties' meet-and-confers, the FTC agreed to drop its challenge to Amazon's initial clawback of IC-37. Instead, the FTC focused on approximately 25 documents in which, unlike IC-37, Amazon claimed it redacted "determinations made during the May 6 Meeting as the result of legal advice discussed during that meeting." Ex. A at 52. The FTC explained that Amazon's determinations (particularly about how to change its public-facing enrollment or cancellation flows) could not be privileged, even if Amazon considered legal advice in making the determinations.[2] *Id.* Amazon agreed to remove certain redactions from these documents, and the FTC decided not to seek the compelled removal of additional redactions.

---

[2] Confusingly, Amazon responded that its redactions actually related to the "timing of advice provided by legal counsel." Ex. A at 59. The timing of legal advice plainly is not privileged.

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Last Wednesday, January 17, pursuant to the Court's Protective Order (Dkt. #124) and Local Rule 5(g), the FTC informed Amazon it would file IC-37 with this Motion to Compel. Ex. A at 76 (referencing IC-37 by its Bates number: Amazon-FTC-CID_09389533). During a January 22 meet-and-confer, Amazon requested the FTC stipulate to IC-37 being filed under seal (which the FTC did), but did not identify any privilege concerns. Then, at approximately 10:00 pm Eastern on the night of January 22, Amazon stated it was *again* clawing back IC-37. Ex. A at 81. At the same time, Amazon also provided a new (third) version of IC-37, with additional redactions. *Id.* The FTC is sequestering the second version of IC-37 and therefore cannot compare it to the third version (which is Ex. A at 144-47). From context, however, it appears Amazon, in the third version, added redactions to conceal determinations made at the May 6 Meeting, ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████ Ex. A at 80, 144. Amazon has refused to (1) confirm it added these redactions on January 22, (2) identify any other redactions it added on January 22, or (3) state the basis for any of its new redactions.[3] *Id.* at 79-80.

### D.    The July 14, 2021 Memo and Presentation

Eleven other Clawed Back Documents (IC-4, IC-5, IC-6, IC-17, IC-18, IC-19, IC-20, IC-21, IC-22, IC-31, and IC-48) relate to a July 14, 2021 meeting, at which the "Prime team" discussed the status of clarity changes it decided to implement at the May 6 meeting. Dkt. #52 ¶ 18. Amazon employees prepared two documents for the meeting—a memorandum (the "July 14 Memo") and a "presentation" (the "July 14 Presentation"). Ex. A ¶ 6; Dkt. #52 ¶¶ 17-23. Though Amazon has refused to identify the documents' author(s), the memorandum and presentation apparently were prepared by non-attorneys. Ex A ¶¶ 8, 24. The July 14 meeting's purpose was "to get alignment and timing of changes we have already agreed on." Ex. A at 140.

---

[3] Amazon justified its failure to explain the basis for its privilege claim by stating the parties have not agreed to a privilege log protocol for documents produced in this case. That does not relieve Amazon of its burden to explain the basis for its privilege claim in response to this Motion.

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

In advance of the meeting, an Amazon non-attorney sent the memorandum and presentation to 28 non-attorneys and two attorneys.  Ex. A ¶ 18.  Amazon has stated the documents describe "specific changes that the Prime team was contemplating."  Dkt. #52 ¶ 19.  Twenty meeting invitees were non-attorneys and two were attorneys.  Ex. A ¶ 18.

Amazon produced five copies of the July 14 Presentation, all without redactions and all in this investigation.  Ex. A ¶ 6. Amazon also repeatedly produced the July 14 Memo across multiple investigations.  In the investigation leading to this case, Amazon produced one copy of the memo *without* redactions (IC-6) and two copies *with* redactions (IC-17, IC-22).  Amazon initially fully withheld a fourth copy of the memo (IC-4), before expressly telling the FTC that copy was only "partially privileged" and that Amazon was therefore producing a redacted version, as part of a production of just six documents.  Dkt. #90-2 at 277.  In other FTC investigations, Amazon produced one copy of the memo without redactions (IC-31) and one copy with redactions (IC-48).  Dkt. #90-2 at 34.

On January 20, 2023, the FTC marked an unredacted version of the July 14 Memo (IC-31) at an investigational hearing.[4]  Dkt. #90-2 at 33, 321.  At that hearing, Amazon's counsel declared the memo an "inadvertent production" and "privileged."  *Id.* at 321.  Eighteen days later, Amazon clawed back the remaining five copies of the memo, including the version it declared only partially privileged just a month earlier.  *Id.* at 33-34.  At the same time, Amazon clawed back all five copies of the July 14 Presentation.  *Id.* at 326-27 (February 7 clawback date for IC-5, IC-18, IC-19, IC-20, and IC-21).

### E.      The Remaining Clawed Back Documents

The FTC also seeks to compel the production of three other Clawed Back Documents: IC-9, IC-27, and IC-40.  IC-9 is a chat thread between two Amazon non-attorneys in which the FTC located three messages that appeared to reveal privileged information, and promptly informed Amazon of that fact.  Dkt. #90-2 at 247.  Amazon responded by clawing back those

---

[4] At the time it marked this unredacted exhibit, FTC counsel was unaware Amazon had redacted, as partially privileged, other copies of the July 14 Memo.

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 6                        Federal Trade Commission
                                                     600 Pennsylvania Avenue NW
                                                     Washington, DC 20580
                                                     (202) 326-3320

three messages and 10 others in the same document.  Ex. A ¶ 7.  IC-27 and IC-40 are documents the FTC used at investigational hearings and Amazon waited weeks to claw back.  Dkt. #90-2 at 35 (IC-40); Ex. A ¶¶ 9-10 (IC-27).  These documents are discussed in more detail *infra* pp. 9-11.

**F.      The FTC's Document Request and the Parties' Meet-and-Confer**

With its Complaint, the FTC filed a motion (Dkt. #4) challenging Amazon's clawbacks of 54 documents during the FTC's investigation, including the 17 documents at issue here.  The Court denied that motion without prejudice, granting the FTC leave to seek the documents in discovery.  Dkt. #89.  The FTC sent Amazon a document request asking it to produce the 54 clawed back documents.  Ex. A at 70.  In response, Amazon withheld all 54 documents as privileged.  *Id.*  The parties met and conferred and were able to narrow their dispute to the 17 Clawed Back Documents described above.

## ARGUMENT

As the party asserting the attorney-client privilege and work product doctrine to withhold the Clawed Back Documents, Amazon has the burden of proving they apply.  *See, e.g.*, *Weil v. Investment/Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).  Similarly, Amazon bears the burden of proving it did not waive privilege.  *Id.*  Amazon cannot meet its burden because (1) the Clawed Back Documents were never privileged and (2) Amazon waived any privilege by repeatedly producing the documents.

**I.      THE CLAWED BACK DOCUMENTS WERE NEVER PRIVILEGED OR PROTECTED WORK PRODUCT.**

Amazon has asserted that all of the Clawed Back Documents are attorney-client privileged and that the May 4 Memo is also protected work product.  Because the Clawed Back Documents are business, rather than legal, documents, Amazon's arguments fail.  At a minimum, *in camera* review is appropriate.

**A.      The Clawed Back Documents Are Not Attorney-Client Privileged.**

The attorney-client privilege protects documents where their "primary purpose" is "to give or receive legal advice, as opposed to business . . . advice."  *In re Grand Jury*, 23 F.4th

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1088, 1091 (9th Cir. 2021), *certiorari dismissed as improvidently granted*, 143 S. Ct. 543.  The Ninth Circuit adopted this "primary purpose" test to address exactly the situation here, where a company "add[s] layers of lawyers to every business decision in hopes of insulating [it] from scrutiny in any future litigation." *Id.* at 1093-94.   The Clawed Back Documents all fail this test.

### 1.    The May 4 Memo Is a Business Document.

Amazon indisputably started drafting the May 4 Memo in January 2021 for a purely business purpose:  to resolve longstanding issues surrounding the "clarity" of Prime enrollment and cancellation.  *See supra* pp. 2-4.  Amazon's in-house lawyers apparently "took over" the document at the end of April or beginning of May.  *See supra* pp. 2-3.  Whatever changes those attorneys made,[5] Amazon has never claimed the May 4 Memo's primary purpose was to convey legal advice, but rather only that it "incorporates" such advice.  Dkt. #52 ¶ 13.  Even if *portions* of the memorandum conveyed legal advice, Amazon apparently redacted those portions before producing the document in other investigations.[6]  Then, at the May 6 meeting, Amazon made business decisions to change its enrollment and cancellation flows.  *See supra* pp. 2-3.  These facts make clear the primary purpose of the May 4 Memo was not to provide legal advice.  If anything, Amazon's conduct follows its familiar pattern of using attorneys to shield potentially damaging documents.

### 2.    Amazon Cannot Redact from IC-37 Determinations Made at the May 6 Meeting.

Three nights ago, Amazon apparently redacted from IC-37 information regarding determinations made at the May 6, 2021 meeting.  *See supra* pp. 4-5.  Amazon's "determinations" are not privileged, even if legal advice provided in advance of making those determinations is privileged.  A Northern District of California court explained this same point:

---

[5] The FTC has attached an April 29, 2021 version of the May 4 Memo (before apparent attorney involvement), so that the Court, if it chooses, can compare the document to IC-1 and IC-36 (which purportedly include attorney revisions).  *See* Ex. A at 15-32.  Because the FTC has sequestered IC-1 and IC-36, it cannot conduct this comparison.

[6] It is, of course, possible, if not likely, that attorneys made other edits unrelated to legal advice.  *See, e.g.*, *Chandola v. Seattle Housing Auth.*, 2014 WL 5023518, at *1 (W.D. Wash. Oct. 7, 2014) ("[E]xtra scrutiny is required where in-house counsel is involved, as in-house counsel often act in both a legal and non-legal business capacity.").

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

The more difficult question is whether, when read in context, Mr. LaBerge's further statement ("[Redacted]") reveals a privileged communication. Apple insists that it reveals counsel's legal advice. . . . Plaintiffs argue that it discloses only Apple's decision about how to handle keyboard issues as a fact in the world, and not any advice of counsel. . . . The Court agrees with plaintiffs that, *standing alone, the fact that Apple determined [Redacted] is not privileged, even if that decision was informed by advice from legal counsel*. The privilege protects only communications, not facts.

*In re MacBook Keyboard Litig.*, 2020 WL 1265629, at *3 (N.D. Cal. Mar. 17, 2020) (alterations original; emphasis added). The same is true here. The fact that Amazon made certain determinations about its user flows is a fact that, standing alone, says nothing about what legal advice Amazon received.

### 3.    The July 14 Memo and Presentation Are Business Documents.

The July 14 Memo and Presentation (*see supra* pp. 5-6) were drafted by non-attorneys, sent to 28 non-attorneys and 2 attorneys, and reviewed at a meeting attended by 20 non-attorneys and 2 attorneys. The documents address a business issue—"specific changes that the Prime team was contemplating"—and the purpose of the meeting was "to get alignment and timing of changes we have already agreed on." Dkt. #52 ¶ 19; Ex. A at 140. Tellingly, Amazon has been careful to *avoid* representing that the documents', or the July 14 meeting's, primary purpose was to provide or request legal advice. In Amazon counsel's declaration, for example, he claimed the *May 6* Meeting "primarily" focused on legal considerations, but for the *July 14* Meeting, said only that he attended in order to provide legal advice. Dkt. #52 ¶¶ 13, 18.

### 4.    The Remaining Clawed Back Documents Likely Are Not Privileged.

IC-9, IC-27, and IC-40 are also likely not privileged. For the reasons explained *infra* p. 11, it is likely that Amazon's redactions to IC-9 and IC-27 do not protect privileged information, and the FTC therefore respectfully requests the Court conduct an *in camera* review. For IC-40, Amazon has not met its burden of establishing the privilege. Rather, Amazon has stated that (1) Dharmesh Mehta (an Amazon executive) used the document to prepare for Congressional testimony and (2) an attorney helped prepare the document, which "reflects" the attorney's "legal judgment and analysis." Dkt. #52 ¶¶ 43-44. But the fact that a finished document "reflects," or

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 9

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

incorporates, attorney input does not make the document itself a privileged communication. *See,*

3

*e.g., Hart v. TWC Prod. & Tech. LLC*, 2022 WL 1529407, at *2 (N.D. Cal. Apr. 11, 2022) (fact

4

that a policy "may have been developed with input from attorneys does not make emails

reflecting what the policy actually is privileged").

5

**B.      The May 4 Memo Is Not Attorney Work Product.**

6

Amazon also asserts the May 4 Memo is attorney work product.  To support this claim,

7

Amazon must establish the memo was prepared "in anticipation of litigation," which means the

8

document must have been "created because of anticipated litigation, and would not have been

9

created in substantially similar form but for the prospect of that litigation."  *In re: Grand Jury*

*Subpoena (Mark Torf/Torf Env. Mgmt.*), 357 F.3d 900, 907-08 (9th Cir. 2004) (citation omitted).

10

"When there is a true independent purpose for creating a document, work product protection is

11

less likely . . . ."  *Id.* at 908.  Additionally, "[m]ore than the mere possibility of litigation must be

12

evident" to support a work product claim.  *Heath v. F/V Zolotoi*, 221 F.R.D. 545, 549 (W.D.

Wash. 2004) (citation omitted).

13

14

For at least two reasons, Amazon cannot establish the May 4 Memo is attorney work

product.  *First*, there was clearly an independent business purpose for creating the memorandum:

15

to resolve a long-running dispute about how to "clarify" Prime's enrollment and cancellation

16

flows.  *See supra* pp. 2-4.  *Second*, Amazon has not claimed it actually anticipated litigation in

17

May 2021, and, in fact, pointedly avoiding making that claim, instead submitting a declaration

stating it "understood that the March CID indicated that the FTC was contemplating bringing a

18

lawsuit."  Dkt. #52 ¶ 13.  This is exactly the speculative "mere possibility" of litigation

19

insufficient to support a work product claim.  *Heath*, 221 F.R.D. at 549.

20

**C.      At a Minimum, *In Camera* Review Is Appropriate.**

21

To justify *in camera* review, the FTC need only establish a good faith belief that *in*

*camera* review "*may* reveal . . . that information in the materials is not privileged."  *In re Grand*

22

*Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992) (emphasis added).  Thus, the threshold

23

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 10

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

showing required to justify *in camera* review is "not high." *L.D. v. United Behavioral Health*, 2022 WL 3139520, at *11 (N.D. Cal. Aug. 5, 2022).  The FTC easily clears this bar because, for the reasons explained above, the May 4 Memo, July 14 Memo and Presentation, IC-37, and IC-40 likely are not privileged.

The FTC also has reason to believe parts of IC-9 and IC-27 are not privileged. Specifically, the FTC identified three potentially privileged messages in IC-9, but Amazon insists an additional 10 messages are privileged.  Ex. A ¶ 7.  For IC-27, Amazon appears to have redacted multiple descriptions of "Phase 1" of a "workstream" related to its cancellation flow. *Id.* at 63, 66.  It is unlikely that a description of work Amazon planned to conduct could be privileged.  This is especially true here, where six Amazon attorneys at an investigational hearing did not raise a privilege objection to the document.  Ex. A ¶ 19.

## II.    AMAZON WAIVED ANY PRIVILEGE CLAIMS THAT MIGHT ONCE HAVE APPLIED.

Because Amazon previously produced each of the Clawed Back Documents, Amazon can only avoid a finding of waiver if (1) its prior productions were "inadvertent"; (2) it took "reasonable steps to prevent" the productions; and (3) it "promptly took reasonable steps to rectify" the purportedly inadvertent productions.  Fed. R. Evid. 502(b).[7]  Amazon bears the burden of establishing each element.  *See, e.g.*, *Callan v. Christian Audigier, Inc.*, 263 F.R.D. 564, 566 & n.3 (C.D. Cal. 2009) (citation omitted) (adopting "standard practice" of placing burden on party seeking to prevent waiver).  For each Clawed Back Document, Amazon cannot meet its burden for at least one element.

### A.    Amazon's Prior Productions Were Intentional.

A production is "inadvertent" if, *inter alia*, it was a "mistake" rather than intentional. *See, e.g.*, *Multiquip, Inc. v. Water Mgmt. Sys. LLC*, 2009 WL 4261214, at *4 (D. Idaho Nov. 23, 2009).  Therefore, a party that produces the same document multiple times generally cannot

---

[7] All of the Clawed Back Documents were produced prior to the start of this case.  Therefore, Rule 502(b) applies, rather than the Court's Rule 502(d) Order, which applies only to documents produced "in this proceeding."  Dkt. #123 at 1.

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 11

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

establish inadvertence.  *See, e.g.*, *T&W Holding Co., LLC v. City of Kemah*, 2022 WL 16948565, at *4 (S.D. Tex. Nov. 15, 2022) (party's repeated production of a document "indicat[es] that the production was not an isolated mistake"); *United States v. Citgo Petro. Corp.*, 2007 WL 1125792, at *5 (S.D. Tex. Apr. 16, 2007) (production not inadvertent where party had "twice disclosed the privilege[d] documents in different forms at different times").  Additionally, a party's having produced a document with redactions is evidence of an intentional production. *See, e.g.*, *ePlus Inc. v. Lawson Software, Inc.*, 280 F.R.D. 247, 255 (E.D. Va. 2012) (rejecting clawback attempt in part because document "was produced in redacted form, indicating that, in fact, it had been reviewed by [the party] before production").

Here, Amazon produced the May 4 Memo four times (all with redactions), the July 14 Memo six times (three with redactions), and the July 14 presentation five times.[8]  *See supra* pp. 3, 6.  It makes no sense that Amazon would make the exact same privilege "mistake" multiple times for each document (not to mention, for the May 4 Memo, yet again at and after the December 2 investigational hearing, when none of Amazon's attorneys declared the document privileged).  This is particularly true of the May 4 Memo and July 14 Memo, which Amazon produced in an investigation where it claims to have "reviewed and assessed" "each part" of each produced document, "often more than once."  Dkt. # 90-2 at 54; *see also id.* at 55 (Amazon stating it also reviewed "any other available context" to make privilege determinations). Additionally, at the time of production, Amazon expressly told the FTC one version of the July 14 Memo was only partially privileged.  Dkt. #90-2 at 277.

Finally, for IC-37, Amazon cannot prove inadvertence because it intentionally produced the document with privilege redactions *after* clawing it back for the first time.  *See supra* pp. 4-5.

---

[8] For purposes of this Motion, the FTC does not dispute Amazon's claim that it produced IC-9, IC-27, and IC-40 inadvertently.

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 12

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

**B.      Amazon Did Not Take Reasonable Steps to Prevent Production of the July 14 Memo or IC-37.**

To establish the requisite "reasonable steps" to prevent disclosure of privileged documents, a party must explain its privilege review "methodology."  *Williams v. District of Columbia*, 806 F. Supp. 2d 44, 49 (D.D.C. 2011) (citation omitted).  Disclosure of a document as part of a "relatively *de minimis* production" weighs in favor of waiver.  *Id.* at 50.  Amazon produced the July 14 Memo as part of a set of just six documents it determined to be nonprivileged or only partially privileged.  Similarly, Amazon produced IC-37 as part of a limited production of documents it had previously clawed back.  It is inconceivable that, if these documents were actually privileged, Amazon took reasonable steps to avoid producing them but still did so as part of these *de minimis* productions.

**C.      Amazon Did Not Act "Promptly" to Remedy Its Purportedly Inadvertent Productions.**

Even if Amazon could prove inadvertence and reasonable precautions, it cannot prove it acted "promptly" to correct its inadvertent productions, because it decidedly did not.  *See* Fed. R. Evid. 502(b).  "Numerous courts have held that once a party realizes a document has been accidentally produced, it must assert privilege with *virtual immediacy*."  *Ecological Rts. Found. v. FEMA*, 2017 WL 24859, at *7 (N.D. Cal. Jan. 3, 2017) (cleaned up) (emphasis added); *see also Skansgaard v. Bank of Am., N.A.*, 2013 WL 828210, at *3 (W.D. Wash. Mar. 6, 2013) ("[C]law back requests should be made immediately, with delays of even a few weeks determined to be too long . . . .").  Therefore, where a privileged document is used at a deposition, the privilege is waived if "the privilege holder fails to object *immediately*."  *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, at *5 (S.D. Cal. Jan. 13, 2010) (collecting cases) (emphasis added); *Mycone Dental Supply Co. v. Creative Nail Design Inc.*, 2013 WL 4758053, at *3 (N.D. Cal. Sept. 4, 2013) (producing party "should have recalled the document that was used in the deposition immediately after the deposition").

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 13

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Here, Amazon cannot establish promptness because it repeatedly failed to claw back documents when or immediately after they (or closely related documents) were used at investigational hearings.[9]  For the May 4 Memo, Amazon did not claw back the document until *40 days* after its use at an investigational hearing.  Dkt. #90-2 at 30-31.  Similarly, Amazon waited *49 days* to clawback IC-40 after its use at a hearing.  *Id.* at 35.  Amazon also dragged its feet in clawing back the July 14 Memo and Presentation.  After objecting to the FTC's use of one version of the July 14 Memo at a January 20 investigational hearing, Amazon waited *18 days* to claw back five other copies (and the accompanying five July 14 presentations) and, even then, only did so after prompting by the FTC.  *Id.* at 33-34; *see Xu v. FibroGen, Inc.*, 2023 WL 3475722, at *6 (N.D. Cal. May 15, 2023) (finding waiver based on 11-day delay).  Finally, the FTC marked IC-27 as an investigational hearing exhibit on January 17, 2023 and directed the witness to a paragraph labeled "CX Satisfaction Cancel."  Ex. A ¶¶ 9-10.  Amazon, however, waited another *21 days* to claw back the document, ultimately reproducing it with redactions to the exact paragraph referenced at the hearing.  *Id.*

For IC-37, Amazon plainly cannot establish promptness.  At the latest, Amazon should have recognized its purportedly inadvertent February 2023 production of privileged information in July 2023, when Amazon reviewed IC-37 to respond to the FTC's Motion to Desequester.  Amazon had another chance to remedy its "error" when it conducted a review of its redactions to "harmonize" them in December 2023.  Ex. A at 44.  Amazon had a third opportunity when it reviewed IC-37 in advance of the parties' January 22 meet-and-confer. Rather than act promptly, Amazon waited until almost the last possible moment before the FTC filed IC-37 to claw it back.

---

[9] Amazon previously has argued that the FTC "agreed it would not assert that the use of documenting during [investigational hearing] testimony constituted a privilege waiver."  Dkt. #50 at 19.  The FTC, however, is not arguing Amazon waived privilege by permitting the FTC to ask questions about the Clawed Back Documents.  Rather, Amazon's waiver results from its failure to promptly claw back the documents during or immediately after the investigational hearings, when Amazon should have learned of the purportedly inadvertent productions.

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 14

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

## CONCLUSION

For the foregoing reasons, the FTC respectfully requests the Court enter the attached Order compelling production of the Clawed Back Documents.

## LOCAL RULE 37(a)(1) CERTIFICATION

I certify that counsel for the FTC has in good faith conferred with counsel for Defendant Amazon in an effort to resolve this dispute without court action.  Counsel for the parties met and conferred by phone on October 30, 2023, with the following attorneys present:  Evan Mendelson (FTC), Olivia Jerjian (FTC), Thomas Maxwell Nardini (FTC), Laura Flahive Wu (Amazon), Kevin Kelly (Amazon), Marc Capuano (Amazon), and Zaria Noble (Amazon).  Counsel also exchanged written correspondence relating to this dispute on October 24, 2023; November 17, 2023; November 20, 2023; December 1, 2023; December 5, 2023; December 22, 2023; January 5, 2024; January 22, 2024; and January 23, 2024.

## LOCAL RULE 7(e) CERTIFICATION

I certify that this memorandum contains 5,117 words, in compliance with the Court's January 23, 2024 Order (Dkt. #135).

PLAINTIFF'S MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 15

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    Dated:  January 25, 2024              /s/ Evan Mendelson
                                           EVAN MENDELSON (D.C. Bar #996765)
2                                          OLIVIA JERJIAN (D.C. Bar #1034299)
                                           THOMAS MAXWELL NARDINI
3                                          (IL Bar #6330190)
                                           Federal Trade Commission
4                                          600 Pennsylvania Avenue NW
                                           Washington DC 20580
5                                          (202) 326-3320; emendelson@ftc.gov (Mendelson)
                                           (202) 326-2749; ojerjian@ftc.gov (Jerjian)
6                                          (202) 326-2812; tnardini@ftc.gov (Nardini)

7                                          COLIN D. A. MACDONALD (WSBA # 55243)
                                           Federal Trade Commission
8                                          915 Second Ave., Suite 2896
                                           Seattle, WA 98174
9                                          (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

10                                         Attorneys for Plaintiff
                                           FEDERAL TRADE COMMISSION

11

12

13

14

15

16

17

18

19

20

21

22

23