1

The Honorable John H. Chun

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10    FEDERAL TRADE COMMISSION,

              Plaintiff,

11

12          v.

13    AMAZON.COM, INC., *et al.*,

              Defendants.

14

No. 2:23-cv-0932-JHC

**AMAZON.COM, INC.'S
OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL
PRODUCTION OF
DOCUMENTS CLAWED BACK
DURING INVESTIGATION**

**NOTED ON MOTION
CALENDAR:  February 9, 2024**

ORAL ARGUMENT REQUESTED

15

16

17

18

19

20

21

22

23

24

25

26

27

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................. 1

II.   BACKGROUND .................................................................................................. 2

    A.    Amazon's Document Productions ........................................................... 2

    B.    May 6, 2021 Meeting Materials.............................................................. 4

    C.    July 14, 2021 Meeting Materials ........................................................... 5

    D.    Other Documents .................................................................................... 6

III.  ARGUMENT ....................................................................................................... 7

    A.    The Challenged Documents Are Privileged. .......................................... 9

        1.    May 6, 2021 Meeting Materials.................................................. 9

        2.    July 14, 2021 Meeting Materials ............................................... 9

        3.    Other Documents ..................................................................... 10

        4.    *In Camera* Review Is Not Warranted. ..................................... 10

    B.    Amazon Did Not Waive Privilege. ....................................................... 11

        1.    The Rule 502(d) Order Bars the FTC's Waiver Assertions................... 11

        2.    Under the Totality of the Circumstances, Amazon Did Not Waive Privilege. ................................................................. 12

IV.   CONCLUSION.................................................................................................. 15

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Asian Vegetable Rsch. & Dev. Ctr. v. Inst. of Int'l Educ.*,
   1995 WL 491491 (S.D.N.Y. Aug. 17, 1995)...............................................................14

*AT&T Corp. v. Microsoft Corp.*,
   2003 WL 21212614 (N.D. Cal. Apr. 18, 2003) ...........................................................10

*U.S. ex rel. Bagley v. TRW, Inc.*,
   204 F.R.D. 170 (C.D. Cal. 2001) ......................................................12, 13, 14, 15

*Chandola v. Seattle Hous. Auth.*,
   2014 WL 5023518 (W.D. Wash. Oct. 7, 2014) .............................................................7

*Fourth Age Ltd v. Warner Bros. Digit. Distrib., Inc.*,
   2015 WL 12720324 (C.D. Cal. Aug. 6, 2015).........................................................7, 14

*In re Grand Jury*,
   23 F.4th 1088 (9th Cir. 2021) ..............................................................................8, 9

*In re Grand Jury Investigation*,
   974 F.2d 1068 (9th Cir. 1992) .............................................................................10

*In re Grand Jury Subpoena*,
   357 F.3d 900 (9th Cir. 2004) ...............................................................................9

*Lexington Ins. Co. v. Swanson*,
   240 F.R.D. 662 (W.D. Wash. 2007) .......................................................................9

*Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*,
   104 F.R.D. 103 (S.D.N.Y. 1985) .........................................................................15

*City of Roseville Emps' Ret. Sys. v. Apple Inc.*,
   2022 WL 3083000 (N.D. Cal. Aug. 3, 2022) .............................................................11

*Washtenaw Cty. Emps.' Ret. Sys. v. Walgreen Co.*,
   2020 WL 3977944 (N.D. Ill. July 14, 2020).............................................................10

*Skansgaard v. Bank of Am., N.A.*,
   2013 WL 828210 (W.D. Wash. Mar. 6, 2013) ...........................................................7

*Staley v. Gilead Scis., Inc.*,
   2021 WL 4318403 (N.D. Cal. July 16, 2021)..........................................................8, 9

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Transamerica Comp. Co. v. Int'l Bus. Machs. Corp.*,
   573 F.2d 646 (9th Cir. 1978) ...............................................................................12, 13, 14

*United States v. Wells Fargo Bank, N.A.*,
   2015 WL 5051679 (S.D.N.Y. Aug. 26, 2015) ............................................................14

*Wier v. United Airlines, Inc.*,
   2021 WL 1517975 (N.D. Ill. April 16, 2021) ............................................................14

**Rules**

Fed. R. Civ. P. 26(b)(3) ...........................................................................................................7

Fed. R. Evid. 502(b) ...............................................................................................................11

Fed. R. Evid. 502(d) .................................................................................................1, 8, 11, 12

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - iv

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

The FTC's motion to compel ("Motion" or "Mot.") production of privileged information in 17 Amazon documents (the "Challenged Documents") is rife with inflammatory rhetoric and wrong on the law and facts.  It should be denied.

*First*, the information sought is privileged because it reflects legal advice and work product from Amazon's in-house counsel.  Under the FTC's rationale, privilege could never attach to a document intended to guide a "business decision"—even when the document contains substantial attorney legal advice or analysis.  That is not the law.  The FTC's extreme approach would effectively make it impossible for in-house counsel to provide legal advice.  And in view of the well-supported grounds for Amazon's claims of privilege, there is no justification for *in camera* review.

*Second*, the Rule 502(d) Order bars the FTC's waiver arguments.  The Order provides that "the production of any documents ... whether inadvertent or otherwise, in this proceeding *shall not ... constitute a waiver* by the producing party of any [applicable] privilege[.]"  Dkt. 123 at 1 (emphasis added).

Even if the Order did not control, the record—viewed as a whole—establishes that Amazon took reasonable steps to, and did, maintain privilege.  The Motion fails to acknowledge, let alone apply, the longstanding "totality of the circumstances" standard that governs this Court's adjudication of waiver claims.  As set forth in detail below: (1) Amazon followed an industry-standard document review and production protocol to safeguard its privileged information; (2) the FTC unilaterally imposed an accelerated document production and Investigational Hearing ("IH") schedule; (3) the FTC prohibited Amazon in-house counsel from attending the IHs of individual witnesses; (4) the FTC refused Amazon's request for advance notice of intended IH exhibits for the limited purpose of enabling privilege review; (5) the FTC affirmatively represented to Amazon counsel that its allowing the use of privileged documents as IH exhibits *would not constitute waiver*; (6) FTC counsel located documents that had been inadvertently produced in *another* investigation, even though Amazon had properly claimed

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  privilege over those documents in the Prime investigation; (7) Amazon diligently investigated

2  and promptly remedied all inadvertent disclosures of privileged material; (8) the inadvertent

3  disclosure of *17* documents is negligible when compared to the almost two *million* documents

4  produced; and (9) the FTC has not yet used any of the Challenged Documents in this case and

5  has not alleged that it changed any of its substantive positions in reliance on any of the

6  Challenged Documents.  The circumstances do not support finding waiver.

7  ## II.   BACKGROUND

8  ### A.   Amazon's Document Productions

9  Amazon produced more than 1.7 million documents in response to investigations

10  conducted by two different FTC bureaus, one that resulted in this litigation (the "Prime

11  investigation") and another that resulted in parallel antitrust litigation brought by the Bureau of

12  Competition[1] (the "Competition investigation").  Declaration of Laura Flahive Wu ("Wu Decl.")

13  ¶ 2; Declaration of John Graubert ¶ 10 (Dkt. 53) ("Graubert Decl.").  During these investigations,

14  Amazon inadvertently produced the Challenged Documents in connection with its efforts to meet

15  the FTC's onerous demands and short timelines.[2]

16  In the Prime investigation, the FTC demanded a rushed production schedule.  *See* Dkt. 50

17  at 6–7 (describing the FTC's April 2022 abrupt demand for document productions within three

18  weeks and its June 2022 revised Civil Investigative Demand ("CID") materially expanding the

19  investigation's scope and giving Amazon just four weeks to complete additional searches and

20  productions).  Additionally, the FTC required more than 30 current and former Amazon

21  employees to provide IH testimony on a broad set of topics over only a four-month period.  *Id.* at

22  9.

23  Amazon worked diligently to meet the FTC's demands and deadlines, while making

24  concerted efforts to safeguard privileged material.  *See generally* Graubert Decl.  Amazon

25  produced approximately 30,000 documents in the Prime investigation.  *Id.* ¶ 10.  Contrary to the

---

[1] *FTC v. Amazon.com, Inc.*, 23-cv-1495-JHC (W.D. Wash.).

[2] Eleven Challenged Documents were produced in the Prime investigation; six were produced in the Competition investigation.  Dkt. 4-1 at 74, 225; Wu Decl. ¶ 8 Ex. 6; *infra* Section II.B–II.D.

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  FTC's allegations, Amazon did not use privilege to "shield damaging, but nonprivileged,

2  documents." Mot. at 2.  In fact, Amazon produced more than 1,700 documents containing

3  references to Amazon in-house lawyers, more than 1,800 containing the word "privileged," and

4  more than 1,300 containing the phrase "P&C." Graubert Decl. ¶ 10.  Amazon's production of

5  thousands of documents bearing *prima facie* indicia of privilege contradicts the FTC's assertion

6  that Amazon "manufacture[d] privilege claims." Mot. at 1.  Instead, it shows that while non-

7  lawyers sometimes misunderstand the complexities of privilege, Amazon's thorough review of

8  documents ensured that the FTC nonetheless received responsive non-privileged documents.

9     To attempt to safeguard its privileged information under tight deadlines, Amazon

10  requested that the FTC: (1) allow in-house counsel to attend IHs to help identify privilege issues

11  in real time and (2) provide advance notice of the exhibits it intended to use at IHs, for the

12  limited purpose of enabling privilege review.  The FTC denied both requests, allowing in-house

13  counsel to attend IHs only for corporate representatives.[3]  Wu Decl. ¶ 3, Ex. 1.  Once the

14  expedited IH schedule began, Amazon timely raised its concerns about potentially inadvertently

15  produced privileged materials, including documents the FTC used in IHs.  Dkt. 50 at 9.  When

16  Amazon identified potentially privileged material during the first IH, FTC counsel stated:

17  "*absolutely, positively no waiver by virtue of the use of the document here.*" Dkt. 51-5 at 23:19–

18  20 (emphasis added); *see also, e.g.*, Wu Decl. ¶ 4, Ex. 2 at 125:15–126:3 (FTC counsel

19  "acknowledg[ing]" Amazon counsel's understanding "that, by permitting testimony to expedite

20  matters, [Amazon is] not waiving or intending to waive any clawback rights that we might

21  have[.]").  Amazon relied on the FTC's representations in not delaying IH testimony and in

22  connection with its document clawbacks.

23     Amazon continued this reasonable approach to privilege during the conference process in

24  advance of the Motion.  Amazon reduced the number of Challenged Documents from 54 (in the

25  FTC's Motion to Desequester) to 17 through targeted redactions, and explained the bases for its

26  remaining privilege claims.  Wu Decl. ¶ 5, Ex. 3; ¶ 6, Ex. 4 at 1, 6–7.  Amazon also stressed that

27

---

[3] The FTC also refused to provide IH transcripts, prompt access to which would have aided privilege review.

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    a host of factors complicated its privilege review and clawback process, including (1) the

2    urgency of the FTC's document production demands; (2) the FTC's use of documents produced

3    in the Competition investigation, requiring coordination across different outside and in-house

4    counsel teams; and (3) the significant burden of carrying out the requisite line-by-line privilege

5    assessment for each document within the FTC's demanded timelines.  *Id*. ¶ 6, Ex. 4 at 1–5.

6    Despite these challenges, Amazon made each of its clawbacks within weeks of becoming aware

7    of the potential inadvertent privilege production.  *Id*. at 2.

8         **B.      May 6, 2021 Meeting Materials**

9         The Motion challenges Amazon's privilege claims over two copies of a memorandum

10   prepared for a meeting led by Amazon lawyers and held on May 6, 2021 (IC-1 and IC-36)—a

11   document the Motion refers to as the "May 4 Memo."  Mot. at 2–4, 8; Wu Decl. ¶ 6, Ex. 4 at 5–

12   6.  The May 6 meeting "focus[ed] primarily on legal considerations involving the Prime sign-up

13   and cancellation processes."  Declaration of Mark England ¶ 13 (Dkt. 52) ("England Decl.").

14   Amazon attorneys "substantially revised the materials prepared for that meeting to incorporate ...

15   legal advice" regarding Prime's enrollment and cancellation flows, particularly in light of the

16   FTC's March 2021 CID ("March CID").  *Id.*  Amazon has already produced related memoranda

17   that were prepared before Amazon attorneys repurposed the meeting to focus on legal issues.

18   Mot. at 2–3.

19        Amazon repeatedly and consistently asserted privilege over the May 6 document during

20   the Prime investigation.  In fact, Amazon claimed privilege over almost *20 copies* of identical or

21   near-identical versions of the document.  *E.g.*, AMZ_LOG02_000000454.  The only reason staff

22   has the documents at issue is because they were inadvertently produced in the Competition

23   investigation, which involved different counsel.  Wu Decl. ¶ 6, Ex. 4 at 4.  It appears staff

24   deliberately searched Amazon's productions in the Competition investigation to try to find

25   documents that had been logged as privileged in the Prime investigation.  Wu Decl. ¶ 4, Ex. 2 at

26   234:23–235:9 (identifying privilege concerns with May 6 meeting during November 2022 IH).

27   Amazon became aware that these documents had been produced in the Competition investigation

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    when the FTC, without warning, marked them as exhibits during its examination of Amazon's

2    corporate designee witness on January 11, 2023.[4]  *Id*.  Amazon's counsel immediately objected

3    and stated during the IH that it believed the documents had been inadvertently produced, Dkt.

4    90-2 at 280, then promptly followed up two days later with a formal written notice of inadvertent

5    production confirming that the documents "are ... attorney-client privilege[d] and work

6    product[.]"  Dkt. 90-2 at 98.

7         **C.      July 14, 2021 Meeting Materials**

8         The Motion challenges 11 documents prepared for an Amazon meeting held on July 14,

9    2021:  six copies of the meeting memorandum (IC-4, IC-6, IC-17, IC-22, IC-31, and IC-48) and

10   five copies of the meeting presentation (IC-5, IC-18–21).[5]  Mot. at 5–6.  Amazon lawyers

11   "participated in this meeting to provide legal advice regarding steps that [Amazon] was

12   contemplating" following the May 6 meeting.  England Decl. ¶ 18.  Amazon prepared the

13   memorandum and presentation for lawyers to "provide legal advice during the July 14

14   Meeting[.]"  *Id.* ¶ 19.

15        Amazon became aware of the inadvertent production of IC-31 during an Amazon

16   corporate IH on January 20, 2023.  IC-31 had been produced in the Competition investigation.

17   Despite Amazon's request that it share exhibits in advance for privilege review, the FTC did not

18   provide notice that it would be using documents from another investigation in the Prime

19   investigation IHs.  Wu Decl. ¶ 6, Ex. 4 at 4–5.  Amazon's counsel provided notice of the

20   inadvertent production of IC-31 on the IH record and again by letter on February 7, 2023.  Wu

21   Decl. ¶ 6 Ex. 4;  ¶ 8, Ex. 6.  While investigating whether IC-31 is privileged, Amazon searched

22   for duplicate content in the Prime and Competition investigation productions.  Wu Decl. ¶ 6, Ex.

23   4 at 2–5.  As a result of this search—which required working across different databases, with

---

24   [4] The FTC questions why Amazon did not raise privilege concerns after IC-1 was used during the December 2022

25   IH of Defendant Grandinetti.  Mot. at 3–4.  Mr. Grandinetti, who did not even attend the May 6 meeting, lacked
     sufficient knowledge to raise privilege concerns.  Wu Decl. ¶ 6, Ex. 4 at 5.  Moreover, FTC counsel instructed him

26   to look only at very limited portions of the document, preventing a full evaluation.  Dkt. 90-2 at 285 (FTC
     instructing witness to look "only at the title, and then subsequently only at the purpose and background section").

27   The FTC also prohibited in-house counsel from attending the IH.

     [5] The FTC's proposed order inadvertently lists IC-16.

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  different counsel teams, and consulting with multiple witnesses—Amazon clawed back other

2  copies of the memorandum and the presentation.  *Id*. at 4.

3  **D.      Other Documents**

4  IC-9:  The FTC concedes that this document, a chat between two business team members,

5  *does* contain privileged material, but now challenges 17 lines of redactions.  Mot. at 6–7

6  (acknowledging that "three messages ... appeared to reveal privileged information").  Amazon

7  worked in good faith to narrow the dispute over this document, recently reproducing the

8  document with seven fewer messages redacted.  Dkt. 140-2 ¶  7.  The remaining redactions

9  "discuss ... legal advice ... received from Amazon attorneys ... relating to the scope of the

10  attorney-client privilege."  England Decl. ¶ 46.

11  IC-27:  The Motion challenges Amazon's limited redactions to IC-27, an email

12  discussing Prime "headwinds."  Mot. at 6–7.  IC-27 was introduced during a January 17, 2023 IH

13  in the Prime investigation.  Following that IH and additional investigation, Amazon clawed back

14  the document on February 7, reproducing it with limited redactions.  Wu Decl. ¶ 6, Ex. 4 at 5.

15  As part of the conference process, Amazon agreed to further tailor its redactions.  Wu Decl. ¶ 6,

16  Ex. 4; ¶ 9, Ex. 7 at 1–2; ¶ 10, Ex. 8.  The remaining redactions protect "determinations made

17  during the May 6 Meeting as the result of legal advice discussed during that meeting, as well as a

18  legal assessment of potential U.S. and European regulatory enforcement action."  England Decl.

19  ¶ 33; Mot. at 2–3 (acknowledging in-house counsel's legal role in connection with May 6

20  meeting).

21  IC-37:  The Motion challenges Amazon's clawback of six lines of privileged text in IC-

22  37, which discusses Prime "headwinds."  Mot. at 4–5.  Amazon produced IC-37 in the

23  Competition investigation and clawed it back on February 7, 2023.  Mot. at 4.  During

24  negotiations in connection with this Motion, Amazon identified limited additional privileged

25  information that had been inadvertently disclosed and provided notice thereof on January 22,

26  2024, along with a reproduction.  Wu Decl. ¶ 11, Ex. 9.  The redacted text "reflects legal analysis

27  of the likelihood of potential U.S. and European regulatory enforcement actions and assesses the

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  legal consequences of potential changes to the Prime sign-up and cancellation experiences."

2  England Decl. ¶ 25.

3      IC-40:  The Motion challenges Amazon's clawback of IC-40, a document prepared for an

4  Amazon executive's Congressional testimony.  Mot. at 6–7.  The document "reflect[s] ... legal

5  judgment and analysis[.]"  England Decl. ¶ 44.  It was used during a December 20, 2022 IH,

6  after which outside counsel became aware of potential privilege issues.  Wu Decl. ¶ 6, Ex. 4 at 5.

7  Because the document was produced in the Competition investigation, counsel had to conduct

8  additional factual research to ascertain the document's privileged nature.  *Id.*  This investigation

9  was complicated by the holiday period and preparations for multiple other IHs.  *Id.*  After

10  completing its investigation, Amazon clawed back the document on February 7, 2023.  Wu Decl.

11  ¶ 6, Ex. 4 at 4–5; ¶ 8, Ex. 6.

**III.     ARGUMENT**

13      As set forth in Amazon's privilege logs and the England Declaration, the Challenged

14  Documents contain privileged information:  (1) "confidential communications between attorney

15  and client for the purpose of ensuring effective legal advice," *Skansgaard v. Bank of Am., N.A.*,

16  2013 WL 828210, at *1 (W.D. Wash. Mar. 6, 2013), and (2) materials "prepared in anticipation

17  of litigation."  Fed. R. Civ. P. 26(b)(3).

18      The privilege inquiry calls for a particularized examination to ascertain whether each

19  document contains legal advice or was prepared in anticipation of litigation.  *See Fourth Age Ltd*

20  *v. Warner Bros. Digit. Distrib., Inc.*, 2015 WL 12720324, at *7 (C.D. Cal. Aug. 6, 2015).  It is

21  undisputed that each Challenged Document reflects attorney-client communications providing

22  legal advice and/or was prepared in anticipation of litigation.  *See, e.g.*, Mot. at 2–3

23  (acknowledging attorney involvement in connection with May meeting).  And the FTC

24  acknowledges that the in-house counsel who substantially revised the documents at issue played

25  *legal* roles in connection with the May and July 2021 meetings.  *See* Mot. at 2–3, 5–6, 9;

26  *Chandola v. Seattle Hous. Auth.*, 2014 WL 5023518, at *2 (W.D. Wash. Oct. 7, 2014)

27  ("communication ... [that] requests [in house counsel's] provision of legal advice" is privileged).

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 7

1    The FTC contends that these documents deserve no protection because, insofar as they

2    helped guide business decisions, they can be characterized as "business" documents.  Mot. at 7–

3    9.  According to the FTC, no privilege could ever attach to any document that serves a

4    "business" purpose—even when the document contains substantial legal advice or analysis.

5    Such a bright-line rule, which would effectively make it impossible for in-house counsel to

6    provide legal advice within their companies, is not the law and misunderstands how businesses

7    operate.  And notwithstanding the FTC's suggestion otherwise, the Ninth Circuit has never held

8    that legal advice must be "*the* primary or predominant" purpose of a document or

9    communication for privilege to attach.  *In re Grand Jury*, 23 F.4th 1088, 1094–95 (9th Cir. 2021)

10   (citing approvingly D.C. Circuit's more modest requirement that legal advice be "*a* primary

11   purpose") (emphasis added).  Indeed, the Ninth Circuit has emphasized that courts should *not*

12   "draw a rigid distinction between a legal purpose on the one hand and a business purpose on the

13   other."  *Id.*  Regardless, as Amazon's privilege logs and the England Declaration demonstrate,

14   legal advice and/or analysis was indeed *the* primary purpose of each Challenged Document; at a

15   minimum, it was *a* primary purpose.  *Accord id.*; *Staley v. Gilead Scis., Inc.*, 2021 WL 4318403,

16   at *2 (N.D. Cal. July 16, 2021) ("legal advice on a business decision" is privileged).  The

17   documents *also* relate to business issues, but that does not mean they are not privileged.  *In re*

18   *Grand Jury*, 23 F.4th at 1094–95.

19   The FTC argues in the alternative that Amazon has waived privilege.  The Rule 502(d)

20   Order bars the FTC's waiver argument:  "[T]he production of any documents ... whether

21   inadvertent or otherwise, in this proceeding *shall not ... constitute a waiver* by the producing

22   party of any [applicable] privilege[.]"  Dkt. 123 at 1 (emphasis added).  In any event, the FTC's

23   assertions lack merit.  Waiver claims in the Ninth Circuit are assessed based on the "totality of

24   the circumstances," and the record—viewed as a whole—establishes that Amazon took

25   reasonable steps to, and did, maintain privilege over all Challenged Documents.

26

27

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**A.      The Challenged Documents Are Privileged.**

**1.      May 6, 2021 Meeting Materials**

The England Declaration and Amazon's privilege logs establish that the May 6 meeting materials (IC-1 and IC-36) are privileged and protected work product.  *See* England Decl. ¶¶ 9–13, 15–16; *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 671–73 (W.D. Wash. 2007).  Amazon does not dispute that *earlier* memoranda bearing related content did not contain legal advice.  England Decl. ¶ 11.  Indeed, Amazon has produced *numerous* copies of those memoranda.  *See* Mot. at 8 n.5.  But by the time IC-1 and IC-36 were created, the purpose of the May 6 meeting had shifted to "focus primarily on legal considerations," and as the FTC itself acknowledges, these particular documents are the result of lawyers "substantially revis[ing] the materials prepared for [the May 6] meeting to incorporate [their] legal advice."  Mot. at 2; England Decl. ¶ 13.  And contrary to the position it now takes regarding the purpose of the May 6 meeting, the FTC alleged in its Amended Complaint that Amazon made changes to its flows at the May 6 meeting "as a result of pressure from both the FTC and European Union regulators."  Dkt. 67 ¶¶ 228–29.  That the lawyers were primarily focused on providing legal advice is undisputed and dispositive.  *See In re Grand Jury*, 23 F.4th at 1094; *Staley*, 2021 WL 4318403, at *2.

IC-1 and IC-36 are also attorney work product because, in "substantially revis[ing]" the documents, Amazon's lawyers were focused on how "the March CID indicated that the FTC was contemplating bringing a lawsuit against Amazon[.]"  England Decl. ¶ 13.  Irrespective of the existence of earlier documents, *these* documents were "prepared ... because of the prospect of litigation" and were therefore properly withheld.  *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004).

**2.      July 14, 2021 Meeting Materials**

The July 14 meeting memorandum and presentation are privileged.  *See* England Decl. ¶¶ 17–23.  These materials flow directly from legal advice Amazon's counsel provided at the May 6 meeting.  *Id.* ¶ 17.  They were prepared "so that [Amazon's lawyers] could provide legal

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    advice during the July 14 Meeting" regarding issues discussed during the May 6 meeting.  *Id.*

2    ¶¶ 19, 23.  It is immaterial that non-lawyers prepared the materials and attended the July 14

3    meeting.  *See AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18,

4    2003) ("Communications containing information compiled by corporate employees for the

5    purpose of seeking legal advice and later communicated to counsel are protected by attorney-

6    client privilege.").

7                              **3.      Other Documents**

8         IC-9, IC-27, IC-37, and IC-40 are privileged.  England Decl. ¶¶ 25, 33, 44, 46.  The

9    Motion does not articulate why the FTC purportedly "has reason to believe parts of IC-9 ... are

10   not privileged."  Mot. at 11.  With respect to IC-27, the FTC states that it deems "unlikely" that a

11   description of a workstream related to its cancellation flow could be privileged, *id.*, but the

12   England Declaration establishes that it is, England Decl. ¶ 33, and the FTC identified no contrary

13   evidence.  IC-40 is privileged because it reflects an Amazon lawyer's "edit[s] and comment[s]."

14   *Id.* ¶¶ 43–44.  As for IC-37, in arguing that "determinations" are not privileged (Mot. at 8–9), the

15   FTC misconstrues Amazon's claim.  Amazon claims privilege for *legal advice and*

16   *communications given during* the May 6 meeting—not for the ultimate decisions made during

17   the meeting regarding flows or the flows themselves.  *See* Wu Decl ¶ 7, Ex. 5 at 5–6.

18                       **4.      *In Camera* Review Is Not Warranted.**

19        The FTC's sole basis for requesting *in camera* review is its conclusory assertion that the

20   Challenged Documents "likely are not privileged."  Mot. at 10–11.  In view of the well-founded

21   grounds supporting Amazon's privilege claims, there is no justification for *in camera* review.

22   *See In re Grand Jury Investigation*, 974 F.2d 1068, 1073–74 (9th Cir. 1992) (requiring

23   "reasonable belief" that *in camera* review may reveal information is not privileged); *Washtenaw*

24   *Cty. Emps.' Ret. Sys. v. Walgreen Co.*, 2020 WL 3977944, at *4 (N.D. Ill. July 14, 2020)

25

26

27

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

("speculation" that communications were "of a business or non-legal nature" did not warrant *in camera* review where privilege log substantiated the claim).[6]

**B.      Amazon Did Not Waive Privilege.**

**1.      The Rule 502(d) Order Bars the FTC's Waiver Assertions.**

The Stipulated Rule 502(d) Order provides:  "[T]he production of any documents ... whether inadvertent or otherwise, in this proceeding *shall not*, for the purposes of this proceeding or any other federal or state proceeding, *constitute a waiver* by the producing party of any [applicable] privilege[.]"  Dkt. 123 at 1 (emphasis added).  Under the Order's plain terms, Amazon's productions of the Challenged Documents do not waive privilege.

The FTC incorrectly reasons that because "[a]ll of the Clawed Back Documents were produced prior to the start of this case" then "Rule 502(b) applies, rather than the Court's Rule 502(d) Order, which applies only to documents produced 'in this proceeding.'"  Mot. 11 n.7. Not only is this statement inaccurate,[7] but the FTC's unduly narrow interpretation of the Order's scope is contrary to the Order's clear terms and underlying purpose.  It is reasonable to interpret "this proceeding" as encompassing both the instant lawsuit and the pre-suit investigation, given that they involve identical parties, pertain to the same subject matter, and share a documentary record and many of the same witnesses.  *See* Joint Status Report and Discovery Plan (Dkt. 65) at 11–14 (detailing investigation record); Protective Order (Dkt. 124), § 6.3 (establishing protocol for confidentiality designations for investigation materials).

However, the Court need not decide which of these competing interpretations of the term "this proceeding" is more compelling, because the Order instructs that "[t]his Order *shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d)*" (Dkt. 123 at 1 (emphasis added)) and Rule of Evidence 502(d) broadly provides that "[a] federal court may order that the privilege or protection is not waived by disclosure *connected with the litigation*

---

[6] Should the Court order *in camera* review, Amazon reserves the right to proffer for *in camera* review additional privileged materials that corroborate its privilege claims.  *See City of Roseville Emps' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *18 (N.D. Cal. Aug. 3, 2022).

[7] IC-37 was clawed back and reproduced to the FTC on January 22, 2024—after the start of this case.

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*pending before the court*" (emphasis added).  The Prime investigation, by virtue of having

(1) resulted in this litigation and (2) generated evidence being used in this litigation, indisputably

is "connected with the litigation pending before th[is] [C]ourt."  Moreover, all Challenged

Documents indisputably are part of discovery in—and thus "connected with"—this action:  the

FTC specifically requested their production in connection with its Motion to Desequester (Dkt.

4) and RFP No. 1, and they are responsive to pending document requests (*e.g.*, RFP No. 9).  The

Order applies to the Challenged Documents and the FTC's intended review and use of them in

this action.  This result is also consistent with the Order's purpose:  the parties negotiated and

stipulated to the Order to institute an orderly clawback process and cabin privilege disputes to

the merits of the privilege claims.

### 2. Under the Totality of the Circumstances, Amazon Did Not Waive Privilege.

Even if the Rule 502(d) Order did not apply, Amazon has not waived privilege.  Courts in

the Ninth Circuit evaluate privilege waiver claims under the "totality of the circumstances

approach," and have identified five relevant factors:  "(1) the reasonableness of the precautions

to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the

discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness."  *U.S. ex rel.*

*Bagley v. TRW, Inc.*, 204 F.R.D. 170, 177, 185 (C.D. Cal. 2001); *Transamerica Comp. Co. v.*

*Int'l Bus. Machs. Corp.*, 573 F.2d 646, 651 (9th Cir. 1978).  Assessed under these factors, the

record establishes that Amazon has not waived privilege over any of the Challenged Documents.

*First*, Amazon took reasonable precautions to prevent inadvertent disclosure of privileged

materials.  Amazon "implemented a thorough, multi-step review process" to review documents

for responsiveness and privilege, and followed a "holistic approach to assessing privilege" that

"did not rely on any single indicia of privilege, such as the inclusion of the words 'privileged and

confidential,' to determine whether to withhold or redact a document."  Graubert Decl. ¶¶ 5, 7;

*id.* at ¶¶ 4–9.  As a result, Amazon produced "approximately 30,000 documents," of which

"thousands contained indicia of privilege" but were found, based on diligent review, not to be

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    privileged.  *Id.* ¶ 10; *supra* Section II.A.  Such "two-layer[ed] system[s] of pre-production

2    review" are "common [and] reasonable."  *Bagley*, 204 F.R.D. at 179.  That an industry-standard

3    process resulted in inadvertent production of a small number of privileged documents is

4    unremarkable.

5          The reasonableness of Amazon's inadvertent disclosures is even more apparent when

6    they are considered in the context of the manner in which the FTC pursued discovery.  *See*

7    *Transamerica*, 573 F.2d at 651.  As detailed above, (1) the FTC made various burdensome

8    production demands; (2) in preparation for IHs, Amazon proactively asked the FTC to identify

9    exhibits in advance and allow in-house counsel to attend IHs so that Amazon could promptly

10   identify potential privilege issues, but the FTC refused both requests; (3) during IHs, FTC

11   counsel marked as exhibits Amazon documents that had been inadvertently produced in the

12   Competition investigation even though Amazon had properly claimed privilege over those

13   documents in the Prime investigation; and (4) when Amazon's counsel protested the FTC's

14   misconduct, FTC counsel represented that its allowing the use of documents at IHs *would not*

15   *constitute waiver*, and Amazon relied on that representation in allowing IHs to proceed

16   expeditiously.  *See supra* Section II.A–II.B.

17          *Second*, Amazon acted diligently and promptly to remedy inadvertent disclosures of

18   privileged material.  As soon as Amazon became aware of the disclosure of potentially

19   privileged information, it diligently engaged in fact gathering to confirm whether the information

20   at issue was privileged—a time-consuming investigative process.  *See supra* Section II.B–II.D.

21   Once it confirmed the privileged nature of the disclosed information, Amazon promptly issued

22   clawback notices.  For example, Amazon learned of its inadvertent production of the May 6

23   meeting documents (in a separate investigation) during an IH held on January 11, 2023, and

24   promptly clawed them back on January 13.  *Supra* Section II.B.  Similarly, Amazon first learned

25   of the privileged nature of the July 14 meeting documents—some of which had been produced in

26   a separate investigation—from Amazon witnesses after an IH held on January 20, 2023;

27   diligently investigated the privileged nature of the documents; and promptly clawed them back

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    on February 7.  *Supra* Section II.C.  The FTC cannot fault Amazon for not *immediately*

2    interposing any-and-all privilege objections during IHs because the FTC itself assured Amazon

3    that its use of documents as exhibits at IHs *would not constitute waiver*; in any event, immediacy

4    is not the standard.  *Supra* Section II.A.

5           The FTC's argument that inadvertently produced documents must be clawed back

6    "immediately," Mot. at 13–14, is unrealistic and baseless.  What qualifies as a reasonable period

7    to correct an inadvertent disclosure depends on the circumstances of each case.  *See, e.g.*, *United*

8    *States v. Wells Fargo Bank, N.A.*, 2015 WL 5051679, at *2 (S.D.N.Y. Aug. 26, 2015) (clawback

9    that occurred "more than six weeks" after party was notified of inadvertent production not

10   "unreasonable" given "scale of discovery" of more than one million documents); *Wier v. United*

11   *Airlines, Inc.*, 2021 WL 1517975, at *15 (N.D. Ill. April 16, 2021) (no waiver when document

12   was clawed back *10 months* after production).  The cases the FTC cites are readily

13   distinguishable.  None involved discovery burdens remotely comparable to those Amazon

14   shouldered over the past years leading up to the FTC's litigation campaign—i.e., producing more

15   than *1.7 million* documents and, for the Prime investigation alone, supporting 30 depositions

16   over the course of just four months.  *Supra* Section II.A.  And none involved an agency

17   investigation in which the regulator refused to allow outside counsel to screen IH exhibits for

18   privilege, refused to allow in-house counsel to attend the IHs, and then asserted waiver based on

19   its own use of the privileged material in IHs despite affirmatively representing that such use

20   "absolutely" *would not* constitute waiver.

21          The *third* and *fourth* factors—the scope of overall discovery and of the inadvertent

22   disclosures—weigh heavily in favor of finding no waiver.  *See Transamerica*, 573 F.2d at 651

23   (emphasizing importance of scope of production in waiver inquiry).  Amazon's inadvertent

24   disclosure of 17 documents is insignificant against the backdrop of the *more than 1.7 million*

25   documents it produced.  *See Bagley*, 204 F.R.D. at 181 (in 200,000-document production, "it is

26   likely, if not inevitable, that some mistakes will be made, no matter how reasonable ... the

27   precautions taken"); *Asian Vegetable Rsch. & Dev. Ctr. v. Inst. of Int'l Educ.*, 1995 WL 491491,

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

at *7 & n.6 (S.D.N.Y. Aug. 17, 1995) (no waiver where 20 privileged pages were inadvertently produced out of 75,000-page production); *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103, 105 (S.D.N.Y. 1985) (no waiver where 22 documents were inadvertently produced out of 16,000 pages inspected).

*Fifth*, the "fairness" factor further supports a finding of no waiver.  For this factor, courts consider (1) the "importance of the attorney-client privilege"; (2) the fact that the recipient of inadvertently produced privileged documents "has no inherent 'fairness' interest in keeping them"; (3) whether the recipient "changed its position in reliance" on the documents; and (4) whether the documents have already been used in the case.  *Bagley*, 204 F.R.D. at 181–82.  All of these considerations weigh in favor of finding no waiver.  The FTC has segregated all Challenged Documents; has not yet used them in this case; and has not alleged that it changed its position in reliance on them.  A finding of waiver would also be unfair because the FTC demanded a rushed production schedule and is now seeking to take advantage of its manufactured urgency.

## IV.    CONCLUSION

Amazon respectfully requests that the Court deny the Motion.

DATED this 5th day of February, 2024.

I certify that this memorandum contains 5,199 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
        jimhoward@dwt.com

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 15

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
        lflahivewu@cov.com
        lkim@cov.com
        jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA  94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA  94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
        mkaba@hueston.com
        jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendant
AMAZON.COM, INC.

AMAZON'S OPP'N TO MOT. TO COMPEL
(2:23-cv-0932-JHC) - 16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax