The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC., *et al*.<br><br>　　Defendants. | Case No. 2:23-cv-0932-JHC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS CLAWED BACK DURING INVESTIGATION**<br><br>NOTED ON MOTION CALENDAR:<br>Friday, February 9, 2024 |

PLAINTIFF'S REPLY ISO MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Amazon's Opposition (Dkt. #142; "Opp.") to the FTC's Motion to Compel (Dkt. #139; "Mot.") fails to dispute key facts and misapplies or ignores relevant precedent. The largely undisputed facts establish the Clawed Back Documents were never privileged, and Amazon cannot meet its burden to prove otherwise. Even if the documents once were privileged, Amazon cannot prove it did not waive privilege because it applies the wrong waiver test—altogether ignoring 2008 amendments to the Federal Rules of Evidence—and again declines to dispute dispositive facts.

I. **The Clawed Back Documents Were Never Privileged.**

Without explanation, Amazon declares it "undisputed" that each Clawed Back Document "reflects attorney-client communications providing legal advice and/or was prepared in anticipation of litigation." Opp. at 7. That is false.

    A.    **The May 4 Memo Is Not Privileged.**

Amazon started drafting the May 4 Memo in January 2021 for a purely business purpose and then worked on the document for months without attorney involvement. Mot. at 2-3. At the "final hour," Amazon in-house counsel apparently "took over" the document. *Id.* The document therefore almost certainly is not fully privileged. Attempting to save its privilege claim, Amazon asserts counsel made "substantial" revisions to "incorporate" their legal advice. Opp. at 9. The Court need not accept Amazon's self-serving characterizations. Instead, it can compare IC-1 or IC-36 (provided *in camera*) with the latest, pre-attorney version of the May 4 Memo (Dkt. #139-1 at 15-32) to determine the extent of such revisions and, more importantly, whether they actually provide legal (not business) advice. Even assuming attorneys did add legal advice, Amazon does not explain why it could not redact that advice and produce the balance of the document, which is exactly what Amazon did when it produced the Memo four times across two different investigations. Mot. at 3.

    B.    **The May 4 Memo Is Not Attorney Work Product.**

Amazon does not claim it anticipated litigation with the FTC as of May 2021. Opp. at 9. That is fatal to Amazon's work product assertion. Mot. at 10.

PLAINTIFF'S REPLY ISO MOTION TO COMPEL  
CLAWED BACK DOCUMENTS  
Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission  
600 Pennsylvania Avenue NW  
Washington, DC 20580  
(202) 326-3320

### C. The July 14 Memo and Presentation Are Not Privileged.

Amazon says it prepared the July 14 Memo and Presentation so counsel could provide legal advice during the July 14 meeting. Opp. at 9-10. The undisputed facts do not support that claim or, at a minimum, that obtaining legal advice was the documents' primary purpose.[1] In particular, the documents describe "specific [proposed] changes" to the Prime enrollment and cancellation flows. Dkt. #52 ¶ 19. Non-attorneys sent the documents almost exclusively to non-attorneys, apparently so they could discuss the proposals at the July 14 meeting. According to contemporaneous messages, the primary purpose of the meeting was not to obtain legal advice, but rather to "get alignment and timing" on the proposed changes. Mot. at 9. The fact that Amazon *also* sent the documents to two attorneys is insufficient as a matter of law to shield the documents. *See, e.g.*, *Alexander v. FBI*, 186 F.R.D. 102, 111 (D.D.C. 1998) (document does not become privileged "merely because it is delivered to an attorney," even if delivery occurs "in the course of seeking legal advice").

### D. The Remaining Clawed Back Documents Are Not Privileged.

Inexplicably, Amazon cites a July *2023* declaration, which describes redactions Amazon made in February *2023*, to justify redactions added to **IC-37** in January *2024*. Opp. at 6-7 (citing Dkt. #52 ¶ 25). Worse yet, although Amazon now agrees "ultimate decisions" made at the May 6 Meeting are not privileged (Opp. at 10), Amazon almost certainly redacted such decisions from IC-37 (Mot. at 5). (The Court could confirm this through *in camera* review of lines 44-47 of IC-37.)

Amazon contends **IC-40** is privileged because it "reflects" a lawyer's "legal judgment and analysis." Opp. at 7. Amazon has not claimed IC-40 contains the attorney's actual

---

[1] Amazon contends that for each Clawed Back Document, *a* primary purpose (even if not *the* primary purpose) was obtaining legal advice. Opp. at 8. That is factually incorrect for reasons the FTC already explained. Mot. at 7-10. Amazon also distorts the Ninth Circuit case it claims endorses the "*a* primary purpose" test. In *In re Grand Jury*, 23 F.4th 1088, 1094-95 (9th Cir. 2021), the Court declined to adopt or reject that test, noting that only the DC Circuit had adopted it and that applying it would only make a difference in a "limited" number of cases.

PLAINTIFF'S REPLY ISO MOTION TO COMPEL  
CLAWED BACK DOCUMENTS  
Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission  
600 Pennsylvania Avenue NW  
Washington, DC 20580  
(202) 326-3320

comments, and Amazon ignores precedent establishing a document is not privileged merely because an attorney helped with its drafting. Mot. at 9-10.

For **IC-27**, Amazon says it redacted "determinations made during the May 6 Meeting" (Opp. at 6) without even attempting to square that statement with its admission that "ultimate decisions made during the [May 6] meeting" are *not* privileged (Opp. at 10).

## II. Amazon Waived Any Privilege Claim That May Once Have Protected the Clawed Back Documents.

### A. The Rule 502(d) Order Does Not Apply.

By its clear terms, the Court's Rule 502(d) Order (Dkt. #123) applies only to documents produced in "this proceeding"—*i.e.,* this lawsuit. Amazon produced the Clawed Back Documents long before this lawsuit.[2] Therefore, the Rule 502(d) Order does not apply.

Amazon's claim that the Order's reference to "this proceeding" means not only the "instant lawsuit," but also the FTC's "pre-suit investigation," is absurd. Opp. at 11. The Court entered the Order under this case caption; therefore, its reference to documents produced in "this proceeding" (Dkt. #123 at 1) can only refer to documents produced in this case. Additionally, the pre-suit investigation was not a "proceeding" at all, much less part of "*this* proceeding." *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 2014 WL 5420926, at *9 (S.D.N.Y. Oct. 20, 2014) (investigation was not "proceeding"); *see also Proceeding*, Black's Law Dictionary (11th ed. 2019) (defining "proceeding as the "regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment").

Given the Order's plain text, Amazon is not saved by the Order's guidance that it be "interpreted" to provide the maximum coverage permitted by Rule 502(d). Dkt. #123 at 1. Beyond that, even a maximalist reading of Rule 502(d) does not help Amazon. Rather, that Rule allows a court to protect "disclosure[s] connected with the litigation pending before the court."

---

[2] Amazon's argument regarding IC-37 is incorrect. Opp. at 11 n.7. Amazon produced IC-37 in February 2023 (Mot. at 4)—four months pre-Complaint.

PLAINTIFF'S REPLY ISO MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Amazon's contention the FTC's *investigation* is "connected" with this litigation (Opp. at 11-12) is therefore irrelevant. The relevant question is whether Amazon's *productions* (or "disclosures") were connected with pending litigation. The answer must be no because this litigation did not exist when Amazon produced the documents.

### B.     Amazon Must Prove Each Element of Rule 502(b).

Amazon chides the FTC for "fail[ing] to acknowledge, let alone apply, the longstanding 'totality of the circumstances' standard" for assessing inadvertent productions. Opp. at 1, 12. Amazon, however, simply gets the law wrong. It is true that, *prior to 2008*, many courts evaluated inadvertent productions under a multifactor "totality of the circumstances" test. No single factor was dispositive, with courts instead using the factors "as a guide to the exercise of discretion." *United States ex rel. Bagley v. TRW, Inc.*, 204 F.R.D. 170, 179 (C.D. Cal. 2001). In 2008, however, Congress approved Rule 502(b). Pub. L. No. 110-322, 122 Stat. 3537 (Sept. 19, 2008). That Rule unequivocally requires a party claiming non-waiver to prove three elements: (1) the disclosure was inadvertent, (2) the producing party took reasonable steps to prevent disclosure, *and* (3) the producing party promptly rectified its error. Fed. R. Evid. 502(b). To be sure, Rule 502(b) resembles the "totality of the circumstances" test, but it does *not* "explicitly codify" it because the old test "was really a set of non-determinative guidelines." Fed. R. Evid 502, Advisory Committee Note. Therefore, although courts sometimes reference the pre-2008 factors in evaluating the Rule 502(b) elements,[3] dozens of courts in this circuit have applied Rule 502(b) without even mentioning the "totality" test.[4]

---

[3] *See, e.g.*, *Audubon Soc'y of Portland v. Zinke*, 2018 WL 1522691, at *4 (D. Or. Mar. 27, 2018) (considering "a variety of factors" in evaluating Rule 502(b) inadvertence and "reasonable steps" prongs).

[4] Undersigned counsel conducted a Westlaw search, within the Ninth Circuit, for cases using "502(b)" in the same paragraph as "inadvertent," but that do not use the word "totality" or reference "*Bagley*" or "*Transamerica*"—the two leading "totality" cases cited by Amazon. That search yielded 82 results.

PLAINTIFF'S REPLY ISO MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

     **C.**     **Amazon Cannot Satisfy the Rule 502(b) Requirements.**

          **1.**     **Amazon's Productions Were Intentional, Not Inadvertent.**

Amazon does not meaningfully address whether its productions were inadvertent, instead jumping straight to its promptness and reasonable-precaution arguments. Opp. at 12-14. Additionally, Amazon once again fails to offer any actual evidence—as opposed to unsworn statements of counsel—that its prior productions actually were inadvertent. *See* Dkt. #59 at 5 (identifying same failure). In fact, Amazon offers no statements claiming inadvertence (sworn or unsworn) from the attorneys who represented Amazon in the other investigations in which Amazon produced multiple copies of the May 4 and July 14 Memos. This is fatal to its Opposition. *See, e.g.*, *Irth Solutions, LLC v. Windstream Comms., LLC*, 2017 WL 3276021, at *8-9 (S.D. Ohio Aug. 2, 2017) (court "assum[ing]" inadvertence only because party provided "multiple" sworn statements from counsel).

Amazon also does not dispute it produced the May 4 Memo four times, the July 14 Memo six times, and the July 14 Presentation five times. Mot. at 2-6. Nor does it explain how it repeatedly made the same "mistake" on these same documents, especially after thorough privilege reviews and, in many cases, after an attorney applied privilege redactions. To be sure, mistakes happen in large document productions, but, as the caselaw makes clear, a party cannot "inadvertently" produce the same document four, five, or six times. Mot. at 11-12.

          **2.**     **Amazon Did Not Take Reasonable Steps to Prevent the Production of IC-31 or IC-37.**

The FTC's Motion explained Amazon could not have taken reasonable steps to prevent the production of two documents: IC-31 (a July 14 Memo Amazon produced with just five other documents and an admission it was only "partially privileged") and IC-37 (which Amazon produced with redactions *after* already clawing it back). Mot. at 13. Rather than address these unique circumstances, Amazon falls back on high-level platitudes about its efforts to protect the privilege. Opp. at 12-13. This is insufficient to meet Amazon's burden.

PLAINTIFF'S REPLY ISO MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

### 3. Amazon Did Not Act Promptly to Claw Back Documents.

Amazon next argues the FTC's "position" that Amazon was required to clawback investigational hearing exhibits at or shortly after the hearings is "unrealistic" and "baseless." What Amazon labels the FTC's "position" is indisputably the law in this circuit. *See Contreraz v. City of Tacoma*, 2023 WL 4174659, at *5 (W.D. Wash. June 26, 2023) (collecting cases); *see also* Mot. at 13.

Amazon cites two easily distinguishable out-of-circuit cases. In one, Rule 502(b)'s promptness requirement did not apply because the parties had negotiated a more flexible clawback agreement. *See United States v. Wells Fargo Bank, N.A.*, 2015 WL 5051679, at *2 (S.D.N.Y. Aug. 26, 2015). In fact, *Wells Fargo* directly undermines Amazon's position because the court found a privilege waiver as to "two documents that"—like the May 4 Memo and IC-27—"were used, without objection, during depositions." *Id.* at *4. Just as here, that failure "plainly constituted a waiver." *Id.* In Amazon's other cited case, the court permitted a clawback ten months post-production. *Wier v. United Airlines, Inc.*, 2021 WL 1517975, at *15 (N.D. Ill. Apr. 16, 2021). But, as that court explained, the time between *production* and clawback is irrelevant. *Id.* What matters is the time between *discovery* of the production and clawback. In *Wier*, that period was *1 day*; for Amazon, it was up to *49 days*. *Id.*; Mot. at 5-7, 13-14.

Amazon also offers no valid excuse for its failure to clawback, or even object to, the May 4 Memo at or in the six weeks after the December 2, 2022 investigational hearing. Mot. at 3-4. Instead, Amazon merely claims the *witness* "lacked sufficient knowledge" of the May 4 Memo "to raise privilege concerns." Opp. at 5 n.4. Privilege objections are the attorneys' job (Amazon had four at the hearing), not the witness's. Next, Amazon faults the FTC for directing the witness only to "limited portions" of the document, but the fact that an "attorney [is] focused on other aspects of the document" is irrelevant to waiver. *See Contreraz*, 2023 WL 4174659, at *5. Therefore, as a matter of law, Amazon discovered its production of the May 4 Memo on December 2, 2022, 40 days pre-clawback. *See id.*

PLAINTIFF'S REPLY ISO MOTION TO COMPEL
CLAWED BACK DOCUMENTS
Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Amazon's clawbacks of IC-27 (21 days late), IC-40 (49 days late), and the July 14 Memo and Presentation (18 days late) all were not prompt for the same reasons. *See* Mot. at 14.

Amazon next attempts to excuse its failure to act promptly by stating that the FTC agreed Amazon's allowing the FTC to ask questions regarding a document would not constitute a privilege waiver.[5]  Opp. at 14.  The FTC addressed this point in its Motion (Mot. at 14 n.9) and prior briefing (Dkt. #59 at 7), both of which Amazon ignores.  To be clear, the FTC is not claiming Amazon waived privilege by allowing questioning to proceed; however, Amazon clearly waived privilege when it failed to promptly clawback documents after learning of their production.  The parties' agreement did not relieve Amazon of its burden under Rule 502(b) to "promptly [take] reasonable steps" to rectify the purportedly inadvertent productions merely because Amazon discovered the productions at investigational hearings rather than in some other setting.  *See, e.g.*, *Mycone Dental Supply Co. v. Creative Nail Design Inc.*, 2013 WL 4758053, at *3 (N.D. Cal. Sept. 4, 2013) (49-day post-deposition clawback delay not justified because party "should have recalled [deposition exhibit] immediately after the deposition").  In any event, Amazon does not even claim it invoked this agreement for either the May 4 Memo or IC-27, and, even now, does not say its failure to object was based on the agreement.

D.   **Amazon's Other Complaints Are Irrelevant or Incorrect.**

Because Amazon cannot satisfy Rule 502(b), its myriad criticisms of the FTC's investigation are irrelevant.  The FTC therefore responds to them only briefly.  First, Amazon repeatedly complains the FTC did not allow Amazon in-house counsel to attend testimony of Amazon employees.  Commission rules, however, allow the witness's attorney to attend, not the witness's employer's attorney.  16 C.F.R. § 2.7(f)(3).  This exclusion also plainly did not matter. Amazon employee witnesses were represented by Amazon outside counsel, who undoubtedly

---

[5] Specifically, at the December 2 hearing, FTC counsel stated:  "We stipulate that the fact that you permit me to question [the witness] about [a document not at issue here] does not constitute a waiver of any rights you may have to claw back [the document]."  Dkt. #90-2 at 288.

PLAINTIFF'S REPLY ISO MOTION TO COMPEL　　　　　　　　　　　　　　　　　　　Federal Trade Commission
CLAWED BACK DOCUMENTS　　　　　　　　　　　　　　　　　　　　　　　600 Pennsylvania Avenue NW
Case No. 2:23-cv-0932-JHC - 7　　　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20580
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(202) 326-3320

shared exhibits with in-house counsel during or shortly after each hearing. Amazon nevertheless did not claw back the documents for weeks.

Second, Amazon faults the FTC for not telling Amazon in advance which documents it would use at hearings. Opp. at 3. Obviously, a party need not preview its exhibits for opposing counsel. And again, given Amazon's weeks-long delays, providing the exhibits a day or two earlier would have made no difference.

Third, Amazon once again accuses FTC staff of searching for and using documents produced in other investigations that staff knew Amazon had claimed were privileged in this investigation. Opp. at 4. That is false, as undersigned counsel has repeatedly told Amazon and represented to the Court.

## LOCAL RULE 7(e) CERTIFICATION

I certify that this memorandum contains 2,597 words, in compliance with the Local Civil Rules.

Dated:  February 9, 2024              /s/ Evan Mendelson
                                       EVAN MENDELSON (D.C. Bar #996765)
                                       OLIVIA JERJIAN (D.C. Bar #1034299)
                                       THOMAS MAXWELL NARDINI
                                       (IL Bar #6330190)
                                       Federal Trade Commission
                                       600 Pennsylvania Avenue NW
                                       Washington DC 20580
                                       (202) 326-3320; emendelson@ftc.gov (Mendelson)
                                       (202) 326-2749; ojerjian@ftc.gov (Jerjian)
                                       (202) 326-2812; tnardini@ftc.gov (Nardini)

                                       COLIN D. A. MACDONALD (WSBA # 55243)
                                       Federal Trade Commission
                                       915 Second Ave., Suite 2896
                                       Seattle, WA 98174
                                       (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

                                       Attorneys for Plaintiff
                                       FEDERAL TRADE COMMISSION