The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC. *et al.*,<br><br>　　　　　　　　Defendants. | No. 2:23-cv-0932-JHC<br><br>**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF FTC COMMUNICATIONS AND INTERNAL DOCUMENTS**<br><br>**NOTE ON MOTION CALENDAR:**<br>**March 1, 2024**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

III. LEGAL STANDARDS ...........................................................................................................4

IV. ARGUMENT ...........................................................................................................................4

    A. The FTC's internal discussions are relevant and cannot be withheld subject to a blanket claim of "privilege." ...............................................................4

    B. Post-complaint documents about the Negative Option Rulemaking are relevant and discoverable. ......................................................................................7

    C. The 2009 Negative Options Report and 2007 Workshop are directly related to ROSCA and the FTC's allegations. ......................................................10

    D. The FTC's Office of Public Affairs possesses responsive and relevant documents. ............................................................................................................11

V. CONCLUSION ......................................................................................................................12

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Brown v. D.C.*,
    2021 WL 1439741 (D.D.C. Apr. 16, 2021) ................................................................. 7

*City of Laguna Niguel v. Fed. Emergency Mgmt. Agency*,
    2010 WL 11519590 (C.D. Cal. Mar. 26, 2010) ........................................................... 7

*City of Rialto v. U.S. Dep't of Def.*,
    492 F. Supp. 2d 1193 (C.D. Cal. 2007) ....................................................................... 4

*Doe v. Trump*,
    329 F.R.D. 262 (W.D. Wash. 2018) ........................................................................ 4, 6

*E.E.O.C. v. OhioHealth Corp.*,
    2014 WL 5323068 (S.D. Ohio Oct. 17, 2014) ............................................................. 6

*Exxon Mobil Corp. v. Mnuchin*,
    430 F. Supp. 3d 220 (N.D. Tex. 2019) ......................................................................... 8

*Falcone v. Internal Revenue Serv.*,
    479 F. Supp. 985 (E.D. Mich. 1979) .......................................................................... 10

*Fed. Deposit Ins. Corp. v. Appleton*,
    2012 WL 12891381 (C.D. Cal. Oct. 15, 2012) ............................................................ 5

*Ford Motor Co. v. United States*,
    84 Fed. Cl. 168 (Fed. Cl. 2008) ................................................................................... 1

*Gen. Elec. Co. v. U.S. E.P.A.*,
    53 F.3d 1324 (D.C. Cir. 1995) ..................................................................................... 3

*Nw. Immigrant Rts. Project v. Sessions*,
    2017 WL 3189032 (W.D. Wash. July 27, 2017) ....................................................... 12

*Paolo v. Amco Ins. Co.*,
    2003 WL 24027878 (N.D. Cal. Dec.16, 2003) ............................................................ 8

*Parneros v. Barnes & Noble, Inc.*,
    332 F.R.D. 482 (S.D.N.Y. 2019) ............................................................................... 11

*Poehling v. UnitedHealth Grp., Inc.*,
    2018 WL 8459926 (C.D. Cal. Dec. 14, 2018) ............................................... 1, 5, 6, 11

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Rhea v. Washington Dep't of Corr.*,
 2010 WL 5395009 (W.D. Wash. Dec. 27, 2010) ..................................................................4

*S.E.C. v. Kovzan*,
 2012 WL 4819011 (D. Kan. Oct. 10, 2012) ........................................................................6

*S.E.C. v. Kovzan*,
 2013 WL 647300 (D. Kan. Feb. 21, 2013) ......................................................................5, 6

*S.E.C. v. Lent*,
 2006 WL 8434734 (N.D. Cal. Jan. 12, 2006) ......................................................................5

*Schroeder v. Medtronic, Inc.*,
 2023 WL 4864983 (D. Kan. July 31, 2023) .....................................................................11

*Soto v. City of Concord*,
 162 F.R.D. 603 (N.D. Cal. 1995) ........................................................................................4

*Thomas v. Hickman*,
 2007 WL 4302974 (E.D. Cal. Dec. 6, 2007) .......................................................................9

*United States v. AMC Ent., Inc.*,
 549 F.3d 760 (9th Cir. 2008) ...............................................................................................5

*United States v. Berkeley Heartlab, Inc.*,
 2017 WL 2633500 (D.S.C. June 19, 2017) ......................................................................5, 6

**Federal Statutes**

15 U.S.C. 45 ................................................................................................................................5

**Other Authorities**

88 Federal Register 24716 ..........................................................................................................2

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Defendants move to compel the production of four types of documents that relate directly to the core issues in this case and that the Federal Trade Commission refuses to disclose. The documents are highly relevant because they are internal FTC documents discussing ROSCA and "dark patterns," and one of Defendants' main contentions is that the FTC is inventing a new legal standard that is neither supported by ROSCA nor found in the FTC's past guidance. Because the FTC is both the plaintiff in this case and the federal agency charged with enforcing ROSCA, FTC documents discussing the legal standards at issue "bear directly on the objective reasonableness of [Defendants'] interpretations" and, therefore, the FTC's claims. *Poehling v. UnitedHealth Grp., Inc.*, 2018 WL 8459926, at *11 (C.D. Cal. Dec. 14, 2018). Defendants are entitled to the full benefits of discovery to defend themselves against the FTC's incorrect allegations and unreasonable interpretations of the law.

The FTC has refused to produce—or even search for—the vast majority of documents reflecting its internal discussions on the very issues it has chosen to place front and center in this case. Reiter Decl. ("Decl.") ¶¶ 5-16; *infra* Section IV. Even in the normal course, that refusal flaunts clear caselaw holding that such documents are relevant and discoverable under the broad civil discovery standards. *See Poehling*, 2018 WL 8459926, at *11; *Ford Motor Co. v. United States*, 84 Fed. Cl. 168, 171 (Fed. Cl. 2008) (finding "relevant for discovery purposes" documents that "could illuminate the agency's interpretation of the law at the time of the transaction"). Here, where the FTC both claims that the operative standards are clear enough to support its claims while publicly asserting they are ambiguous and in need of revision, the imperative of uncovering these plainly relevant and responsive materials is particularly acute.

The four types of documents at issue in this motion are:

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1.	Internal FTC documents reflecting the FTC's interpretation over time of ROSCA, negative options, and "dark patterns." *See* Ex. 1,[1] Amazon's Request for Production ("Amazon RFP") at Nos. 15, 17, 18, 21, 23, 24, 25, and 26.

2.	Documents post-dating June 21, 2023 (the date the FTC filed its complaint) that relate to the FTC's ongoing negative option rulemaking, 88 Federal Register 24716 (hereinafter, the "Negative Option Rulemaking"). *See id*. at 23.

3.	Documents relating to the FTC's 2009 report titled, "Negative Options – A Report by the staff of the FTC's Division of Enforcement" and the related workshop discussed in the report. *See id*. at 26.

4.	Documents in the custody of the FTC's Office of Public Affairs ("OPA"), including documents relating to the FTC's press releases about this litigation. *See id*. at. 1-2, 4, 6-14, 17, 28-30.

## II.	BACKGROUND

The Complaint requires Defendants to respond to sweeping allegations that Defendants used "dark patterns" to knowingly violate ROSCA—a statute that the FTC has admitted "lacks specificity" and fails to provide "clarity." 88 Fed. Reg. 24716, 24718;[2] *see also* Dkt. 67. As set forth in Defendants' motions to dismiss, Defendants will demonstrate that:

- ROSCA is a narrow statute that does not prohibit the legitimate marketing practices described in the FTC's Complaint (Dkt. 84 at 9; Dkt. 83 at 11-12);
- The Prime flows do not violate ROSCA (Dkt. 84 at 13-27);
- The FTC's "dark patterns" allegations are unconstitutionally vague (Dkt. 84 at 28-31);
- The FTC has not provided "fair notice" of the novel statutory interpretations it is attempting to enforce in this case (Dkt. 84 at 31-34; Dkt. 83 at 18-21); and
- Civil penalties are unavailable because Defendants lacked "actual knowledge" of illegality (Dkt. 84 at 34-35; Dkt. 83 at 21-24).

---

[1] Exhibits 1-12 are attached to the Declaration of Joseph A. Reiter in Support of Defendants' Motion to Compel, filed contemporaneously herewith.
[2] Available at Ex. 12.

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

To advance these defenses (and to understand the FTC's claims), Defendants requested from the FTC certain documents discussing ROSCA, negative options, and "dark patterns." Decl. ¶ 4. Defendants also met with the FTC and explained the multi-faceted relevance of these requested documents. Decl. ¶ 9. For instance, the FTC documents would reveal different agency interpretations of the ROSCA elements during the relevant time period, which reinforces the public record that the FTC's interpretations are unclear and constantly fluctuating. Decl. ¶¶ 7-12; *see also Gen. Elec. Co. v. U.S. E.P.A.*, 53 F.3d 1324, 1332 (D.C. Cir. 1995) ("[I]t is unlikely that regulations provide adequate notice when different divisions of the enforcing agency disagree about their meaning.")). Any internal FTC documents discussing "ambiguity" in the current ROSCA framework and the "need for clearer guardrails"—language that the FTC has used externally (Negative Option Rulemaking at 24727-28)—would similarly support Amazon's defenses. Decl. ¶¶ 7-12. And FTC documents might also reveal agency interpretations that contradict the FTC's positions taken throughout this litigation, further supporting Amazon's defenses. Dkt. 84 at 27-33.

Yet for months, the FTC broadly refused to produce these documents. At first, the FTC took the position that nothing it has said or done can possibly impact the outcome in this case. For example, the FTC asserted that the FTC's own actions are "irrelevant to whether *Amazon* violated the law." Ex. 2 at 3 (emphasis in original). The FTC even claimed that it would "make[] no difference" if it had taken inconsistent positions about the laws at issue in this case, because "the FTC's positions are not controlling." *Id*. at 4.

After Defendants provided the FTC with case law rejecting this position (including those cited in this motion), the FTC then pivoted to a new argument. *See* Decl. ¶¶ 7-12; Exs. 3-4; *infra* Section IV.A. This time, the FTC acknowledged that documents reflecting its correspondence with *third parties* were relevant and would be produced, but still refused to produce—or even to search for—other relevant internal FTC documents. Ex. 4 at 6-7. Asserting that Defendants' requests were too "burdensome," the FTC stated that it will not "comb[] through internal emails" or otherwise search for "day-to-day correspondence." Ex. 6 at 5. All the while, the FTC has

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

asserted that Defendants must do all that and more. Stressing the breadth of "the Complaint's allegations," the FTC has insisted that Defendants review and produce years' worth of emails and other internal documents from dozens of Amazon custodians. Ex. 4 at 1-3; Ex. 5 at 1-2.

### III.   LEGAL STANDARDS

"The scope of discovery under the Federal Rules is extremely broad." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). "[A] request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." *City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1202 (C.D. Cal. 2007) (emphasis added). When a party fails to produce requested documents, "the requesting party may move the court for an order compelling discovery." *Rhea v. Washington Dep't of Corr.*, 2010 WL 5395009, at *2 (W.D. Wash. Dec. 27, 2010) (citing Fed. R. Civ. P. 37(a)(3)). "[T]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections with competent evidence." *Doe v. Trump,* 329 F.R.D. 262, 270 (W.D. Wash. 2018) (cleaned up).

### IV.   ARGUMENT

#### A.   The FTC's internal discussions are relevant and cannot be withheld subject to a blanket claim of "privilege."

The FTC has refused to collect or produce internal FTC documents relating to the FTC's interpretation of ROSCA, negative options, and "dark patterns." Decl. ¶¶ 7-15. Instead, the FTC has sought to limit its production to documents reflecting communications with third parties. Ex. 4 at 6-7; Ex. 6 at 3-4. The FTC has defended this narrow position by asserting that (1) only the FTC's "public positions matter," not any "internal deliberations among individual FTC employees or Commissioners"; and (2) such internal documents are "almost certain . . . to be privileged." Ex. 6 at 5. Neither argument has merit.

*First*, given the FTC's allegation that Amazon violated ROSCA and the FTC Act by using "dark patterns," the FTC's discussions about ROSCA, the FTC Act, and "dark patterns" are fundamental to the issues in dispute. As courts have routinely recognized, agencies' internal

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

discussions of applicable legal standards are relevant because they illuminate the standards alleged to have been violated. *See, e.g.*, *Poehling*, 2018 WL 8459926, at *11 (compelling production of "any documents" showing agency's interpretations of "applicable statutes, regulations, guidance documents and contractual requirements"); *Fed. Deposit Ins. Corp. v. Appleton*, 2012 WL 12891381, at *2 (C.D. Cal. Oct. 15, 2012) (compelling production of internal agency documents relevant to defendants' defenses); *S.E.C. v. Lent*, 2006 WL 8434734, at *5 (N.D. Cal. Jan. 12, 2006) (compelling production of internal correspondence and memos reflecting agency's positions regarding the legality of bank's activities).

*Second*, the FTC's internal discussions are relevant to the FTC's allegations concerning "actual knowledge." Compl. ¶ 260. To obtain civil penalties, the FTC must prove that Defendants knowingly violated ROSCA, therefore putting discussions about ROSCA's requirements squarely at issue. *See* 15 U.S.C. 45; Compl. ¶¶ 1, 271; Dkt. 84 at 27-31; Dkt. 83 at 15-18. Defendants are thus entitled to discovery of documents indicating that there is "more than one reasonable interpretation" of ROSCA's requirements. *Lent*, 2006 WL 8434734, at *4 (internal documents were relevant to defense against SEC's fraud claims; "the OCC internal communications about [bank's] accounting practices . . . are relevant to whether assurances were made which in turn informs Defendants' scienter"); *United States v. Berkeley Heartlab, Inc.*, 2017 WL 2633500, at *6 (D.S.C. June 19, 2017) ("HHS's internal communications" could show "the reasonableness of the [d]efendants' actions, positions, or interpretations" and thus "may be relevant to defendants' scienter").

*Third*, Defendants' defenses will be proven at least in part through internal FTC documents. For instance, Defendants' (and in particular the individual defendants') fair notice defense requires an objective inquiry that turns on whether a "person of ordinary intelligence" would know what the law prohibits. *United States v. AMC Ent., Inc.*, 549 F.3d 760, 768 (9th Cir. 2008). Defendants should be allowed to probe and rely upon documents reflecting uncertainty about what ROSCA means (or differing interpretations of ROSCA) *within the FTC*—the very agency charged with enforcing the statute. *See S.E.C. v. Kovzan*, 2013 WL 647300, at *2 (D. Kan. Feb. 21, 2013)

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(documents relating to the "SEC's similar practices" were relevant—even where the defendant "was not aware of and did not rely upon the SEC's judgments"—because "the standard for reasonableness encompasses an objective component" and such documents would "shed light on what [practices were] proper"); *Poehling*, 2018 WL 8459926, at *11 (agency documents "would bear directly on the objective reasonableness of [defendant's] interpretations"). Internal discussions might also severely undercut the FTC's assertions that Defendants' arguments about ROSCA are incorrect. *See generally* Dkt. 125 at 10-11, 13-18, 27-31, 37; *see also E.E.O.C. v. OhioHealth Corp.*, 2014 WL 5323068, at *6 (S.D. Ohio Oct. 17, 2014) (compelling production of internal agency documents on damages calculations where defendant sought to show that EEOC's expert was "not following its own guidance, procedures, training, and other writings on the calculation of damages").

Given the relevance of these documents, the FTC has no valid basis to limit the scope of the requests to documents pertaining to third parties. During meet and confer efforts, the FTC has relied on *S.E.C. v. Kovzan*, where the court ordered the SEC to produce three categories of third-party communications. 2012 WL 4819011, at *5 (D. Kan. Oct. 10, 2012); Ex. 4 at 6-7. But *Kovzan* did not articulate a rule that *only* third-party communications were relevant. In that case, the defendant *voluntarily* narrowed his request to those items. 2012 WL 4819011, at *2. *Kovzan*'s actual reasoning was not restricted to the defendant's voluntary limitation. *Id.* at *4 ("[D]efendant is entitled to seek evidence relating to the industry standard, whether or not such evidence was previously known to him or the public."). Indeed, applying the broad logic of *Kovzan*, courts have ordered production of internal agency documents irrespective of whether they were sent to third parties. *See Berkeley Heartlab, Inc.*, 2017 WL 2633500, at *6 (ordering production of HHS internal documents).

Finally, the FTC cannot avoid its obligation to "search for, produce, or log documents that relate solely to the FTC's internal discussions" based on its bare assertion that such documents are likely to be protected under the deliberative process privilege. Ex. 6 at 5. The FTC "bears the burden to show that the requested discovery is [indeed] protected" through a privilege log. *Doe*,

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

329 F.R.D. at 271; *see Brown v. D.C.*, 2021 WL 1439741, at *5 (D.D.C. Apr. 16, 2021) ("detailed privilege logs have been required of parties invoking the deliberative process privilege for decades"). In fact, unlike the attorney-client or work-product privileges, the FTC can invoke the deliberative-process privilege only after proffering a formal claim or statement by a "head of the department" who can verify the documents' privilege. *See Brown*, 2021 WL 1439741, at *3, 5. Moreover, the deliberate process privilege is a *qualified* privilege that is construed narrowly and can be overcome. *City of Laguna Niguel v. Fed. Emergency Mgmt. Agency*, 2010 WL 11519590, at *4 (C.D. Cal. Mar. 26, 2010) (even if privilege applies, "documents will still be disclosed if the requesting party's need for the documents outweighs the agency's interest in withholding them."). The FTC cannot categorically refuse to search for and produce documents merely because it believes a subset of those documents could be subject to a qualified privileged claim.

    **B.**  **Post-complaint documents about the Negative Option Rulemaking are relevant and discoverable.**

    Amazon seeks documents relating to the FTC's ongoing Negative Option Rulemaking. *See* Amazon RFP No. 23. Through its Negative Option Rulemaking, the FTC plans to provide "clearer guardrails" about the current legal landscape, including ROSCA. *See* Negative Option Rulemaking at 24717-18, 24728. To determine whether a new rule is warranted, the FTC summarized and elicited comments about the clarity of current legal standards, including the "clear and conspicuous," "express informed consent," and "simple cancellation" standards alleged in the Complaint. Negative Option Rulemaking at 24719-25. Moreover, as described in Amazon's motion to dismiss, the Negative Option Rulemaking candidly confirms that current law "does not provide clarity." Negative Option Rulemaking at 24718; Dkt. 84 at 24-26; Dkt. 131 at 25. And in light of this lack of clarity, the Negative Option Rulemaking also seeks to make explicit in the future rule many of the standards that the FTC is seeking to preemptively apply in this litigation against Defendants. *Compare* Compl. ¶ 143 (alleging that "Amazon presented consumers with alternative or discounted pricing" as part of the cancellation flow), *with* Negative Option Rulemaking at 24729 (explaining that the proposed Rule "contains a provision for sellers who seek

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to pitch additional offers or modifications . . . during a consumer's cancellation attempt" by "effectively prohibit[ing] such practices by giving consumers the ability to avoid them").

Despite the various ways that the Negative Option Rulemaking impacts this case, the FTC asserts that it "will not search for any [responsive] documents postdating June 21, 2023" because: (1) such documents are "post-Complaint"; (2) Defendants' defenses "appear to rely on the state of the law and the FTC's enforcement efforts as of the filing of the [C]omplaint"; (3) the FTC has not alleged violations of the Negative Option Rule; and (4) rulemaking materials and comments are publicly available. *See* Ex. 6 at 4. Each argument fails.

*First*, it is well settled that responsive documents created after the filing of an action can be relevant. *See Paolo v. Amco Ins. Co.*, 2003 WL 24027878 (N.D. Cal. Dec.16, 2003) ("Contrary to [defendant's] argument, the filing date of [Plaintiff's] lawsuit does not control the relevance of the information sought.").[3] Here, documents post-dating the Complaint are relevant, especially as the FTC alleges continuing ROSCA violations and seeks forward-facing injunctive relief. *See* Compl. at 91.

*Second*, the FTC is incorrect that these documents will not shed light "on the state of the law as of June 21, 2023"—i.e., the date the FTC filed the Complaint. Ex. 6 at 4. For one thing, the rulemaking *explicitly* assesses whether preexisting laws are adequately clear (and concludes they do "not provide clarity"). *See* Negative Option Rulemaking at 24718 ("[ROSCA] lacks specificity about cancellation procedures and the placement, content, and timing of cancellation-related disclosures"). Moreover, courts have found it "particularly 'revealing' that the agency had 'gone out of its way to specifically include [the disputed conduct] within the regulatory purview'" *after* the conduct at issue occurred. Dkt. 131 at 25 (citing *United States v. Moss*, 872 F.3d 304, 314 (5th Cir. 2017)); *see also Exxon Mobil Corp. v. Mnuchin*, 430 F. Supp. 3d 220, 233 (N.D. Tex. 2019) (agency's clarification of rule lends "at least some support that the [rule] lacked clarity at the time of an alleged violation").

---

[3] Although the parties have agreed to June 21, 2023 as the default discovery cutoff, the parties reserved their rights right to seek discrete categories of discovery that post-date the complaint. Ex. 4 at 3 n.1 (The FTC states it "reserved the right to later seek specific documents, or categories of documents, that postdate June 21, 2023.").

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Third*, the FTC's argument that it "has not even alleged violations of the Negative Option Rule" misses the point. Ex. 6 at 4. For one thing, the Negative Option Rulemaking provides the FTC's views about ROSCA—the statute that the FTC has relied on to bring this case. Negative Option Rulemaking at 24717-18. Moreover, documents about the FTC's ongoing rulemaking and proposed final rule are relevant because they will show that the standards the FTC is attempting to preemptively apply in this case did not exist during the Complaint's relevant period and are only now being promulgated. Dkt. 84 at 24-26; Dkt. 131 at 25. Indeed, several of the FTC's allegations about ROSCA violations closely track the proposed *future* requirements. For example:

- ***Clear and Conspicuous***: *Compare* Dkt. 125 at 16 (arguing that Amazon's disclosures are not clear and conspicuous because a "user could easily click 'Place your order' without ever seeing this text") *with* Negative Option Rulemaking at 24727 ("Under the proposal, [clear and conspicuous] should be difficult to miss (i.e., easily noticeable) or unavoidable.");

- ***Informed Consent***: *Compare* Compl. ¶ 231 (b)(1) ("Amazon also uses repetition and color to direct consumers' attention to the words 'free shipping' and away from Prime's price, which leads some consumers to enroll without providing informed consent") *with* Negative Option Rulemaking at 24727 (proposing that marketers "refrain from including any information that interferes with, detracts from, contradicts, or otherwise undermines'' the consumer's ability to provide express informed consent");

- ***Simple cancellation***: *Compare* Compl. ¶ 128 ("The Iliad Flow required consumers intending to cancel to navigate a four-page, six-click, fifteen-option cancellation process. In contrast, customers could enroll in Prime with one or two clicks.") *with* Negative Option Rulemaking at 24736 (proposing an "update" requiring that cancellation be "at least as easy to use as the method the consumer used to initiate the negative option feature'").

*Finally*, the FTC's assertion that "much of" the rulemaking materials are publicly available is non-responsive and inadequate on its face. Ex. 6 at 4. At minimum, the FTC must produce documents that are *not* publicly available (such as internal communications)—a critical subset of probative documents that the FTC has never attempted to argue are not relevant. Just as fundamentally, "the fact that some of the documents might be . . . public is not a basis for refusing to produce documents that are otherwise discoverable." *Thomas v. Hickman*, 2007 WL 4302974 at *19 (E.D. Cal. Dec. 6, 2007).

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### C. The 2009 Negative Options Report and 2007 Workshop are directly related to ROSCA and the FTC's allegations.

The FTC refuses to produce documents responsive to Amazon's RFP No. 26, which requests all documents relating to the 2009 Negative Options Report (the "Report") and the 2007 Workshop cited therein (the "Workshop"). *See* RFP No. 26. The FTC asserts that the requested materials "long predate" ROSCA and the conduct covered in the Complaint, and that there is "no plausible connection to Defendants' ROSCA defenses." Ex. 6 at 4.

Although the FTC is correct that the Report predates ROSCA (by one year), it is nonetheless relevant to this action. Indeed, the FTC publicly identifies the Report as setting forth principles and guidance that were incorporated by Congress into ROSCA, and it continues to cite the Report and Workshop in recent guidance documents. *See* Ex. 7 at 11 ("the FTC hosted a workshop in 2007 to analyze the marketing of goods and services through offers with negative option features, then issued a staff report in 2009 that set forth principles to guide sellers offering negative options online. Following this guidance . . . Congress enacted [ROSCA] in 2010."). Because the Report and Workshop provide background for understanding the primary statute at issue, documents relating to the Report and the Workshop are relevant. *See Falcone v. Internal Revenue Serv.*, 479 F. Supp. 985, 989 (E.D. Mich. 1979) (requiring disclosure of non-public memorandums which were consulted by the agency "to determine whether [a] proposed ruling [was] consistent with the interpretations and policies adopted by the agency").

Despite objecting to Defendants' document requests as irrelevant, the FTC itself identified both the Report and Workshop in its interrogatory response listing FTC documents related to "dark patterns" and negative options. *See* Ex. 8. This was no coincidence: the Report and Workshop both contain information bearing directly on the FTC's allegations in this case. The Report provided guidance on "clear and conspicuous" disclosures, and recognized that many consumers are "click happy" and "click through webpages quickly, without paying much attention because they want to complete a given transaction." *See* Ex. 9 at 7; 10-12, 14; 27. The Report also cites repeatedly to the Workshop transcript and presentations (which are not publicly available) and framed the "marketing principles set forth [in the Report as] an attempt to address" the Workshop's

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

topics on "consumer online behavior" and on "the clear and conspicuous standard for making online disclosures." Ex. 9 at ii-iii, 29. This information relates directly to arguments Amazon has already put forward in this case, including about the meaning of "clear and conspicuous" and that some customer confusion is inevitable. *See* Dkt. 84 at 15 ("presenting terms on the same screen as the offer reflects a clear and conspicuous disclosure"); Dkt. 131 at 20 ("as the governing standard itself reflects, some amount of customer confusion is *inevitabl*e."). The documents also directly relate to Defendants' contention that the FTC's arguments in this case deviate from its previous guidance, thereby depriving Defendants of fair notice and supporting Defendants' arguments that they did not act with requisite knowledge to trigger civil penalties. *See Poehling*, 2018 WL 8459926, at *11.

### D. The FTC's Office of Public Affairs possesses responsive and relevant documents.

The FTC refuses to search for and produce responsive documents and emails held by its Office of Public Affairs ("OPA"), including documents and communications that relate to press releases concerning this case. Ex. 6 at 3.

The FTC appears to argue that it need not search OPA for responsive documents because OPA's role is limited to working on "public press releases" and "related responses to media queries," including this case's press release. *Id*. at 3-4. But OPA's work related to litigation press releases and media outreach—types of documents that courts routinely find to be relevant and discoverable—only confirms that OPA *should* be a custodian. *See Schroeder v. Medtronic, Inc.*, 2023 WL 4864983, at *3 (D. Kan. July 31, 2023) ("The topic(s) of the communications between Relator and various media outlets [are] highly relevant to the subject matter of the action."); *Parneros v. Barnes & Noble, Inc*., 332 F.R.D. 482, 499 (S.D.N.Y. 2019) (ordering production of non-privileged emails and draft press releases).

Here, responsive documents at the OPA are particularly relevant to Amazon's defenses. The FTC admits that OPA was involved in drafting press statements characterizing this action as a "challenge to alleged digital dark patterns," a position which the FTC has now attempted to

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

disclaim. *See* Exs. 10-11; Dkt. 125 at 44 ("FTC Has Not Asserted a 'Dark Patterns Theory'"). Because the press releases demonstrate ongoing shifts in the FTC's interpretations, discovery of documents relating to the press releases are squarely relevant to Defendants' fair notice defenses. *See Nw. Immigrant Rts. Project v. Sessions*, 2017 WL 3189032, at *5 (W.D. Wash. July 27, 2017) (regulation was impermissibly vague where government's interpretation was a "moving target"). And of course, if OPA's role is as limited as the FTC contends, there will be minimal burden on the FTC to collect and produce these documents.

## V.  CONCLUSION

Defendants are entitled to the full benefits of discovery to defend themselves against the FTC's incorrect allegations and unreasonable interpretations of the law. The FTC should not be allowed to cut off discovery by determining for itself that entire categories of documents are not relevant. Instead, Defendants should be permitted to obtain the categories of discovery sought, which many courts have allowed in other cases.

For the reasons discussed, Defendants respectfully request that the Court grant Defendants' motion to compel.

DATED this 15th day of February, 2024.

I certify that this memorandum contains 4,199 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *James Howard*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
         jimhoward@dwt.com

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

| | |
|---|---|
| 1 | HUESTON HENNIGAN LLP |
| 2 | John C. Hueston* |
| | Moez M. Kaba* |
| 3 | Joseph A. Reiter* |
| | 523 West 6th Street, Suite 400 |
| 4 | Los Angeles, CA  90014 |
| | Telephone: (213) 788-4340 |
| 5 | E-mail: jhueston@hueston.com |
| | mkaba@hueston.com |
| 6 | jreiter@hueston.com |
| 7 | COVINGTON & BURLING LLP |
| 8 | Stephen P. Anthony* |
| | Laura Flahive Wu* |
| 9 | Laura M. Kim* |
| | John D. Graubert* |
| 10 | 850 Tenth Street, NW |
| | Washington, DC  20001 |
| 11 | Telephone: (206) 662-5105 |
| | E-mail: santhony@cov.com |
| 12 | lflahivewu@cov.com |
| | lkim@cov.com |
| 13 | jgraubert@cov.com |
| 14 | John E. Hall* |
| | 415 Mission Street, Suite 5400 |
| 15 | San Francisco, CA  94105 |
| | Telephone: (415) 591-6855 |
| 16 | E-mail: jhall@cov.com |
| 17 | Megan L. Rodgers* |
| | 3000 El Camino Real |
| 18 | Palo Alto, CA  94306 |
| | Telephone: (650) 632-4734 |
| 19 | E-mail: mrodgers@cov.com |
| 20 | *admitted pro hac vice |
| 21 | Attorneys for Defendants AMAZON.COM, INC., |
| | NEIL LINDSAY, RUSSELL GRANDINETTI, |
| 22 | AND JAMIL GHANI |

DEFENDANTS' MOTION TO COMPEL
(2:23-cv-0932-JHC) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax