# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                  Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC.,<br><br>                  Defendant. | No. 2:23-cv-0932-JHC<br><br>Hon. John H. Chun<br><br>**AMAZON.COM, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO FEDERAL TRADE COMMISSION** |

Pursuant to Federal Rule of Civil Procedure 34, Defendant Amazon.com, Inc. ("Amazon") requests that Plaintiff Federal Trade Commission produce for examination, inspection, and copying the documents and things described below, within 30 days after service of this request, at the offices of Covington & Burling LLP, One CityCenter, 850 Tenth Street, NW Washington, DC 20001-4956 and Hueston Hennigan LLP, 523 W. Sixth Street, Los Angeles, CA 90014.

**DEFINITIONS**

For purposes of these requests for production of documents and things, the following definitions apply:

1.    "You," "Your," "FTC" or "the Commission" refers to Plaintiff Federal Trade Commission of the United States of America, its Commissioners, employees, personnel, staff, agents, and attorneys, and any other person or entity purporting to act on its behalf.

2.    "Amazon" refers to Defendant Amazon.com, Inc. and its employees.

3.    "Person(s)" shall refer not only to natural persons, but also, without limitation, to firms, partnerships, corporations, associations, unincorporated associations, organizations,

businesses, trusts, and/or any other type of legal entities.

4. "Relate to" or "Relating to" means concerning, reflecting, referring to, describing, evidencing, proving, disproving, summarizing, containing, analyzing, explaining, mentioning, discussing, describing, supporting, or constituting.

5. "Document(s)" shall mean documents, records, books, papers, contracts, memoranda, invoices, correspondence, notes, print-outs, studies, reports, manuals, photographs, drawings, charts, maps, graphs, data, data compilations, other writings, microfilm, microfiche, audio recordings (including phone records, audio tapes, audio disks, and digital audio files), video recordings (including film, video tapes, video disks, and digital video files), electronic mail, websites, web blogs, and any other information stored in electronic form (including saved computer files, computer tapes, computer disks, computer memory and digital files, and including backup copies and deleted files on computers or computer storage devices or media), any other documents within the meaning of Federal Rule of Civil Procedure 34, each different version or copy of each document, and any attachment thereto. "Document(s)" shall include "Communication(s)," as defined below.

6. "Communication(s)" shall mean, without limitation, the exchange or transmission of words or ideas to another person or entity, whether accomplished person to person, by telephone, in writing, via e-mail, via text message, or through another medium, and shall include, but is not limited to, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, and statements or questions.

7. "Section 5" refers to Section 5(a) of the Federal Trade Commission Act.

8. "ROSCA" refers to the Restore Online Shoppers' Confidence Act, codified at 15 U.S.C. § 8404.

9. "Complaint" refers to the Complaint for Permanent Injunction, Civil Penalties, Monetary Relief, and Other Equitable Relief filed by the FTC in this action on June 21, 2023 and any future amended version thereof.

10. "Action" refers to the above-captioned lawsuit.

11. "Investigation" refers to the FTC's investigation of Amazon, FTC Matter No. 2123050, which began with the issuance of a Civil Investigative Demand on March 16, 2021, and the scope of which is defined therein and in the Civil Investigative Demand issued to Amazon on July 1, 2022.

12. "Dark Pattern(s)" as used herein refers to "sophisticated design practices that manipulate users into making choices they would not otherwise have made," as defined in the FTC's proposed Negative Option Rule at 88 FR 24716, 24727, and any other definition of "Dark Pattern(s)" the FTC has used, including but not limited to, the definition included in the Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief in *FTC v. Vonage Holdings Corp., et al.*, Case No. 3:22-cv-06435, Dkt. 2 at 6-7 (D.N.J. Nov. 3, 2022).

13. "Negative Option(s)" as used herein refers to "in an offer or agreement to sell or provide any goods or services, a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer," as defined in the FTC's Telemarketing Sales Rule, and any other definition of "Negative Option(s)" the FTC has used.

14. "Prime Enrollment Flow" refers to any way in which a customer begins a membership of Amazon Prime that You reference in the Complaint, whether on desktop or mobile, including but not limited to via the Universal Prime Decision Page ("UPDP"), the Shipping Option Select Page ("SOSP"), Single Page Checkout ("SPC"), True Single Page

Checkout ("TrueSPC"), or via Prime Video, as those terms are used in the Complaint.

15. "Prime Online Cancellation Flow" refers to the Amazon Prime online cancellation flow whereby a customer can end an Amazon Prime membership, whether accessed on desktop or mobile, referenced in paragraphs 113 to 149 in the Complaint.

## INSTRUCTIONS

1. These requests require you to produce all documents that are in your actual or constructive possession, custody, or control or in the possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, employees, and any other persons or entities acting on your behalf or otherwise subject to your direction or control.

2. In construing these requests, the singular shall be deemed to include the plural and vice versa, so as to make the requests inclusive rather than exclusive. The word "and" shall be deemed to include the disjunctive "or" and vice versa, so as to make the requests inclusive rather than exclusive. The past tense shall be construed to include the present and future tenses and vice versa, so as to make the requests inclusive rather than exclusive. The terms "each," "every," "all," and "any," whether used separately or together, shall be interpreted to encompass all material, events, incidents, documents, persons, or information responsive to the request in which those terms appear.

3. If there is an objection to any part of a request below, the grounds of the objection and the part to which the objection applies should be identified with specificity, and documents responsive to the remaining part(s) should be produced. You shall produce all segregable portions of any responsive document to which a claim of privilege, attorney work-product, or other basis for withholding the document does not apply.

4. If any document or portion of a document that would be responsive to a request

below is not produced because of a claim of privilege or immunity, you shall serve upon the undersigned counsel for Amazon a written list that identifies each such document and the applicable claim (*e.g.*, attorney-client privilege) and provides sufficient information for Amazon to assess the applicability of privilege or protection as required by Federal Rule of Civil Procedure 26(b)(5).  Such information includes, without limitation, (a) the name and position of each author, originator, and/or creator of the document; (b) the name and position of each addressee or recipient of the document; (c) the name and position of each other person who received or was shown the document or a copy thereof; (d) the nature of the document (*e.g.*, a letter, a memorandum, an advertisement, hand-written notes, etc.); (e) the general subject matter of the document or that portion of the document withheld; (f) the date of the document or, if the specific creation date of the document is not known, your best estimate of the date (*i.e.*, month and year or, if the month is not known, the year) on which the document is believed to have been created; (g) the number of pages of the document or portion of the document withheld; (h) the specific privilege or exemption claimed for that document; and (i) an explanation of the grounds for claiming such privilege or exemption, with sufficient particularity to provide a basis for determination of the validity of the privilege or exemption claimed.  Any attachment to an allegedly privileged or immune document shall be produced unless you contend that the attachment is also privileged or immune, in which case the information specified above in this paragraph shall be separately provided for each such attachment.

    5.  You may produce legible, complete, and exact copies of the original documents, provided that the originals be made available for inspection upon request by the undersigned counsel for Amazon.  Any and all responsive documents or data stored in electronic format shall be produced in their original unaltered format unless otherwise agreed to by the parties.

6. All documents that constitute electronically stored information shall be produced as single-page TIFFs with image load files showing production numbers and document breaks or as otherwise agreed by the parties.  Amazon reserves the right to request production of electronically stored information in its native format and/or with associated metadata where necessary.

7. Where an identified document is in a language other than English, state whether an English translation of such document exists.  If an English translation exists, identify and provide both documents.

8. If there is any question as to the meaning of any part of these requests, or an issue as to whether production of responsive documents would impose an undue burden on you, the undersigned counsel for Amazon should be contacted promptly.

9. These requests are continuing in nature so as to require supplemental production as provided by the Federal Rules of Civil Procedure in the event you obtain or discover additional documents between the time of the initial response to these requests and the time of the final disposition of this action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:**

All Documents Relating to the Investigation.

**DOCUMENT REQUEST NO. 2:**

All Documents Relating to the Action.

**DOCUMENT REQUEST NO. 3:**

All Civil Investigative Demands or informal requests for Documents, testimony, or any other information issued to any Person in this Investigation.

**DOCUMENT REQUEST NO. 4:**

All Documents Relating to any allegation in the Complaint, including, without limitation, all Documents referenced in the Complaint, all Documents that support any allegation in the Complaint, and all Documents that contradict, refute, or disprove any allegation in the Complaint.

**DOCUMENT REQUEST NO. 5:**

All Documents You have relied upon or intend to rely upon in the Action.

**DOCUMENT REQUEST NO. 6:**

All Documents Relating to Your allegations that the Prime Online Cancellation Flow is not "simple," including but not limited to the allegations in paragraphs 148 and 264 of the Complaint.

**DOCUMENT REQUEST NO. 7:**

All Documents Relating to Your allegations that the Prime Enrollment Flow does not provide clear and conspicuous disclosure of Prime's material terms, including but not limited to the allegations in paragraphs 93, 217(e), and 258 of the Complaint.

**DOCUMENT REQUEST NO. 8:**

All Documents Relating to Your allegations that consumers did not provide their express informed consent before enrolling in a Prime membership, including but not limited to the allegations in paragraphs 249 and 261 of the Complaint.

**DOCUMENT REQUEST NO. 9:**

All Documents Relating to Your allegations that the Prime Enrollment Flow and Prime Online Cancellation Flow use Dark Patterns, including but not limited to the allegations in paragraphs 2, 8, 162, 170, and 217 of the Complaint.

**DOCUMENT REQUEST NO. 10:**

All Documents Relating to Your allegations that the Prime Enrollment Flow and Prime Online Cancellation Flow have violated, currently violate, or are likely to violate ROSCA or Section 5 of the FTC Act, including but not limited to the allegation in paragraph 242 of the Complaint.

**DOCUMENT REQUEST NO. 11:**

All Documents Relating to Your allegation that Amazon knew or should have known that the Prime Enrollment Flow and Prime Online Cancellation Flow violated or violate ROSCA and Section 5, including but not limited to the allegations in paragraphs 6, 7, and 163 through 173 of the Complaint.

**DOCUMENT REQUEST NO. 12:**

All Documents Relating to Your allegations that Amazon changed the Prime Enrollment Flow and Prime Online Cancellation Flow in response to domestic or international regulatory pressure or investigations, including but not limited to the allegations in paragraphs 206 through 217 of the Complaint.

**DOCUMENT REQUEST NO. 13:**

All Documents Relating to any monetary relief, civil penalties, or injunctive relief sought by You in this Action.

**DOCUMENT REQUEST NO. 14:**

All Communications Relating to this Action or the Investigation and any Documents Relating to such Communications, including, without limitation, all Communications involving You; FTC Chairs or Commissioners; any other domestic or international governmental agency, body, elected official, or their staff, employees, agents, or attorneys; the media, including without limitation Business Insider; any other third party; or current or former Amazon employees.

**DOCUMENT REQUEST NO. 15:**

All Documents Relating to any FTC guidance, publication, policy statement, workshop, or rulemaking effort Related to Dark Patterns, Negative Options, or ROSCA, including any drafts of any such Documents, and any Communications Relating to the interpretation of Dark Patterns, Negative Options, or ROSCA and its requirements.

**DOCUMENT REQUEST NO. 16:**

All Documents Relating to Your internal guidelines or policies for enforcing or prosecuting the use of Dark Patterns or violations of ROSCA or any rule concerning Negative Options.

**DOCUMENT REQUEST NO. 17:**

All Documents Relating to Dark Patterns, including how Your understanding and interpretation of the term "Dark Patterns" has changed over time.

**DOCUMENT REQUEST NO. 18:**

All Documents Relating to methods of cancelling a subscription, including all Documents in which You have described what does or does not constitute a "simple" cancellation method and all drafts thereof.

**DOCUMENT REQUEST NO. 19:**

Documents sufficient to show all lawsuits or enforcement actions in which You have purported to prosecute the use of Dark Patterns or misuse of Negative Options, including, without limitation, those alleging violations of ROSCA. These Documents shall include all pleadings, motions, orders, discovery requests, written discovery responses, expert reports, expert testimony, 30(b)(6) testimony, affidavits, declarations, and trial or hearing transcripts, and any Communications involving the FTC, the Chair, or any Commissioners Relating to any lawsuits, or enforcement actions Relating to the use of Dark Patterns or the misuse of Negative Options.

**DOCUMENT REQUEST NO. 20:**

All Closing Letters issued by You to any Person or business related to Your investigations involving alleged Dark Patterns, the misuse of Negative Options, or possible violations of ROSCA.

**DOCUMENT REQUEST NO. 21:**

All Documents, Communications, and Documents showing Communications You have had Relating to the use of Dark Patterns by any other Person or business.

**DOCUMENT REQUEST NO. 22:**

Each and every Document you have relied on or consulted that was not produced to You by Amazon in the course of this Investigation, including but not limited to Documents produced by Amazon to the FTC in response to a Civil Investigative Demand or any other formal or

informal request issued in a separate investigation, and Documents provided to You by third parties.

**DOCUMENT REQUEST NO. 23:**

All Documents Relating to the FTC's Proposed Negative Option Rule published on April 24, 2023, at 88 Federal Register 24716, including but not limited to any drafts, Documents, Communications, comments You have received from third parties regarding the Proposed Negative Option Rule, and Documents showing Communications Relating to the impact of the Proposed Negative Option Rule on the Investigation.

**DOCUMENT REQUEST NO. 24:**

All Documents Relating to the FTC's "Enforcement Policy Statement Regarding Negative Option Marketing," dated November 4, 2021, including drafts of the Policy Statement, Communications Relating to the Policy Statement, and any comments You have received from third parties regarding the Policy Statement, and Documents showing Communications Relating to the impact of the Policy Statement on the Investigation.

**DOCUMENT REQUEST NO. 25:**

All Documents Relating to the FTC's September 2022 report titled, "Bringing Dark Patterns to Light," including drafts of the report, Communications Related to the report, any comments You have received from third parties Relating to the report, any Documents Relating to the April 29, 2021 "Dark Patterns Workshop" described in the report, and Documents showing Communications Relating to the impact of the report on the Investigation.

**DOCUMENT REQUEST NO. 26:**

All Documents Relating to the FTC's 2009 report, titled "Negative Options – A Report by the staff of the FTC's Division of Enforcement," including drafts of the report,

Communications Related to the report, any comments You have received from third parties Relating to the report, any Documents Relating to the January 25, 2007 workshop discussed in the report, and Documents showing Communications Relating to the impact of the report on the Investigation..

**DOCUMENT REQUEST NO. 27:**

Any affidavits, declarations, witness statements, or other Documents You have obtained from or provided to any witness, potential witness, government employee, or third party Relating to Your allegations in the Complaint, including all Communications with any witness, potential witness, government employee, or third party Relating to Your allegations in the Complaint, and all Related Documents.

**DOCUMENT REQUEST NO. 28:**

All Documents Relating to the Amazon Prime Enrollment Flow or Prime Online Cancellation Flow.

**DOCUMENT REQUEST NO. 29:**

All Documents Relating to any study, analysis, survey, or research that discusses, mentions, or refers to Amazon Prime.

**DOCUMENT REQUEST NO. 30:**

All Documents Relating to any analysis performed by You or a third party Relating to subscription enrollment or cancellation mechanisms or Dark Patterns, including, without limitation, surveys, copy tests, research, analyses, studies, or other tests.

**DOCUMENT REQUEST NO. 31:**

All Documents Relating to any consumer complaint concerning Amazon Prime.

**DOCUMENT REQUEST NO. 32:**

Documents sufficient to show all settlements, compromises or resolutions that the FTC has reached with any Person or business that the FTC has alleged utilize Dark Patterns or otherwise violated ROSCA, and all related Documents.

DATED this 22 day of August, 2023.

                DAVIS WRIGHT TREMAINE LLP

                By s/ *Kenneth E. Payson*
                    Kenneth E. Payson, WSBA #26369
                    James Howard, WSBA #37259
                    920 Fifth Avenue, Suite 3300
                    Seattle, WA  98104-1610
                    Telephone: (206) 622-3150
                    Fax: (206) 757-7700
                    E-mail: kenpayson@dwt.com
                              jimhoward@dwt.com

                COVINGTON & BURLING LLP

                    Stephen P. Anthony*
                    Laura Flahive Wu*
                    Laura M. Kim*
                    John D. Graubert*
                    850 Tenth Street, NW
                    Washington, DC  20001
                    Telephone: (202) 662-5105
                    E-mail: santhony@cov.com
                              lflahivewu@cov.com
                              lkim@cov.com
                              jgraubert@cov.com

                    John E. Hall*
                    415 Mission Street, Suite 5400
                    San Francisco, CA  94105
                    Telephone: (415) 591-6855
                    E-mail: jhall@cov.com

                    Megan L. Rodgers*
                    3000 El Camino Real

Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
            mkaba@hueston.com
            jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendant
AMAZON.COM, INC.