# EXHIBIT 2



United States of America
## FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVE. NW, CC-9528
WASHINGTON, DC 20580

Division of Enforcement
Bureau of Consumer Protection

**Evan Mendelson**
**(202) 326-3320; emendelson@ftc.gov**

**Max Nardini**
**(202) 326-2812; tnardini@ftc.gov**

**Olivia Jerjian**
**(202) 326-2749; ojerjian@ftc.gov**

November 21, 2023

## VIA ELECTRONIC MAIL

Laura Flahive Wu (lflahivewu@cov.com)
John D. Graubert (jgraubert@cov.com)
Laura M. Kim (lkim@cov.com)
Stephen P. Anthony (santhony@cov.com)
John E. Hall (jhall@cov.com)
Megan L. Rodgers (mrodgers@cov.com)
Marc Capuano (mcapuano@cov.com)
Kevin Kelly (kkelly@cov.com)
Covington & Burling LLP
One CityCenter, 850 Tenth Street NW
Washington, DC 20001-4956

John C. Hueston (jhueston@hueston.com)
Moez M. Kaba (mkaba@hueston.com)
Joseph A. Reiter (jreiter@hueston.com)
Hueston Hennigan LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014

Kenneth E. Payson (kenpayson@dwt.com)
James Howard (jimhoward@dwt.com)
Davis Wright Tremaine LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104

        **RE:**   *FTC v. Amazon.com, Inc., et al.*, No. 2:23-cv-0932-JHC (W.D. Wash.)

Counsel:

        We write in response to your October 30, 2023 letter regarding the FTC's Responses and Objections to Amazon's First Set of Requests for Production of Documents ("RFP Responses") and Responses and Objections to Amazon's First Set of Interrogatories ("Interrogatory Responses").

I.     **Requests for Production**

     *A.  General Statements*

We first address Amazon's general points regarding the FTC's RFP Responses, as stated in Sections I.A. to I.D. of the October 30 Letter.

First, Amazon objects to the FTC's plan to produce responsive, nonprivileged documents based on a search of documents in the possession, custody, or control of the Division of Enforcement ("Enforcement Division"). In particular, Amazon asserts its "discovery requests call for the FTC to produce documents from the Bureau of Consumer Protection, the Office of General Counsel, the Office of Policy and Planning, and the individual Commissioner offices." Oct. 30 Letter at 2. As an initial matter, the FTC reiterates that, because the Enforcement Division is managing this litigation, it is entirely appropriate to limit the search for documents to within the Enforcement Division. In particular, to the extent other offices have responsive documents (*e.g.*, emails), they are likely also in the Enforcement Division's possession (*e.g.*, because Enforcement Division employees were included on the emails). Moreover, as Amazon concedes, the FTC has already agreed to search outside the Enforcement Division for multiple requests, including Amazon's RFP Nos. 5 and 15. Nonetheless, the FTC will agree to expand its document search to include the Office of the Director of the Bureau of Consumer Protection and individual Commissioner offices. The FTC will not, however, search the Office of General Counsel because it is unduly burdensome for the FTC to be required to search for documents in possession of our own counsel, especially given the documents are almost certain to be privileged and, in any event, would also be in the possession of other offices we have agreed to search (because those offices would have been the ones seeking counsel's advice). We will not search the Office of Policy Planning for responsive documents because it did not do any work on the FTC's investigation.

Second, Amazon asserts "[t]he FTC appears to take the position that its internal documents are categorically undiscoverable." Oct. 30 Letter at 2. This mischaracterizes the FTC's position. Rather, the FTC justifiably objected to Amazon RFPs seeking privileged "internal FTC communications or documents that were not shared with third parties." *See, e.g.*, RFP Responses at 3. Nowhere did the FTC take the position that all internal documents are "categorically undiscoverable." The FTC will, in fact, review and make individualized privilege determinations regarding FTC internal documents. However, the FTC objects to creating a document-level privilege log for its privileged internal documents because this would be unduly burdensome. (Similarly, we assume Amazon does not intend to create a document-level privilege log of responsive communications among its outside counsel.) As a practical matter, many of Amazon's requests appear geared toward seeking access to the FTC's internal deliberative processes—including through requests for internal communications among FTC staff attorneys or draft, pre-decisional reports and other documents. Amazon, however, cannot use discovery to invade the FTC's deliberative process privilege in an attempt to "second guess" the FTC's decision to file suit against Amazon. *See, e.g.*, *EEOC v. BNSF Ry. Co.*, 2014 WL 1571278, at *3 (D. Kan. Apr. 18, 2014) (citation omitted) ("[T]he deliberative process privilege may be invoked to protect from disclosure predecisional documents and other information which

reveal the give and take of the consultive process concerning the EEOC's investigation and its decisions regarding whether and how to pursue an enforcement action.").

Third, Amazon requests "additional information regarding the search process that the FTC intends to use, and the basis for the FTC's claim that certain requests are unduly burdensome." Oct. 30 Letter at 3. Without waiving the attorney-client privilege, work product protection, or any other applicable privilege, the FTC is amenable to conferring with Amazon on this topic, provided that Amazon is prepared to do the same for its responses to the FTC's document requests.

### B.  Specific Requests for Production

#### i.  RFP No. 15

RFP No. 15 seeks all documents relating to any FTC guidance, publication, policy statement, workshop, or rulemaking effort related to dark patterns, negative options, or ROSCA (including drafts) and any communications relating to the interpretation of dark patterns, negative options, or ROSCA and its requirements.  In response, the FTC has agreed to produce "final, public versions" of any "FTC guidance, publications, or policy statements Related to Dark Patterns, Negative Options, or ROSCA" as well as "copies of any recordings of public workshops relating to Dark Patterns, Negative Options, or ROSCA" located in a reasonable and diligent search.[1]  RFP Response at 24.  Amazon asserts this is "insufficient" because it excludes (1) documents relating to "the FTC's rulemaking efforts," (2) "[e]xternal FTC communications," and (3) "[n]on-public documents" including "drafts of public documents and internal guidelines or policies."  Oct. 30 Letter at 4.  However, Amazon is not entitled to these additional materials.

First, these documents are irrelevant to any party's claim or defense.  *See* Fed. R. Civ. P. 26(b)(1).  This lawsuit concerns whether Amazon has violated the FTC Act and ROSCA by failing to clearly and conspicuously disclose Prime's material terms, obtain consumers' express informed consent before enrolling them in Prime, and provide simple mechanisms to cancel Prime.  The documents RFP No. 15 seeks relating merely to dark patterns, negative options, or ROSCA—unrelated to the Action or Investigation—are irrelevant to whether *Amazon* violated the law.  For instance, unrelated external FTC communications have no bearing on whether Amazon's conduct amounts to FTC Act or ROSCA violations.  Nor do documents relating to FTC rulemaking efforts.  Again, here the only question is whether Amazon has violated two *statutes*, not an FTC rule.  Similarly, non-public documents, including internal guidelines, are irrelevant to this question.  *See, e.g.*, *SEC v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 668 (S.D. Fla. 2012) (denying motion to compel production of SEC "internal policies and investigations" because they had no bearing on whether defendants had "committed the violations asserted in the Amended Complaint").  Especially given these relevance issues, the burden of collecting *all* documents relating in any way to any guidance, publication, policy statement, workshop, or rulemaking effort related to dark patterns, negative options, or ROSCA is unjustified.

---

[1] As Amazon acknowledges, the FTC will produce these materials regardless of whether they are in the possession of the Enforcement Division.  *See* Oct. 30 Letter at 1 n.1.

Amazon claims these materials are relevant because they may contain "agency admissions" on issues, including that the FTC has not comprehensively defined "unlawful Dark Patterns" or that "the FTC has previously taken positions on matters related to Dark Patterns that demonstrate Amazon's compliance with the law." Oct. 30 Letter at 4. The issues Amazon raises, however, are themselves irrelevant. It makes no difference whether the FTC has defined "dark patterns," because the only issue is whether Amazon has violated ROSCA and the FTC Act (not any FTC "definition" of dark patterns). Nor could there be FTC positions that "demonstrate Amazon's compliance with the law" because—of course—the FTC's positions are not controlling. This case involves the "ordinary judicial interpretation of a civil statute," in which the Court, not the FTC, will decide whether Amazon has violated the law. *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 253-54 (3d Cir. 2015).

Amazon cites several cases, none of which support its arguments. For example, in *EEOC v. Freeman*, the EEOC alleged defendant's hiring practices violated the Civil Rights Act. 2012 WL 3536752, at *1 (D. Md. Aug. 14, 2012). Defendant asserted a defense that its hiring practices were a "business necessity," and the Court, therefore, allowed Defendant to depose the EEOC about whether the EEOC itself used the same hiring practices, which was relevant to whether the practices were, in fact, a business necessity. *Id.* at *1-2. There are not comparable circumstances here. The other cases cited by Amazon are similarly inapposite. *See Gen. Elec. Co. v. Johnson*, 2006 WL 2616187, at *13, *21 (D.D.C. Sept. 12, 2006) (addressing privilege objections, rather than relevance or burden objections, and requiring production of document that "contains no information that is confidential to the agency"); *United States v. Naegel*, 468 F. Supp. 2d 150, 154 (D.D.C. 2007) (analyzing government's *Brady* obligations in criminal case, while still rejecting request for "documents or records reflecting the internal deliberations of the Department of Justice leading to the decision to seek an indictment").

Amazon further claims these materials are relevant to establish it lacked fair notice its "alleged practices were unlawful" or that the FTC's standards are "unconstitutionally vague," asserting in essence the same "due process" arguments as in its Motion to Dismiss. Oct. 30 Letter at 4; *see* Motion to Dismiss at 20-26. However, as explained in the FTC's Opposition to Defendants' Motions to Dismiss, Amazon cannot bring a "fair notice" or "vagueness" challenge to the FTC's case against it. *See* Opposition at 44-45; *Wyndham Worldwide Corp.*, 799 F.3d at 255 (holding defendant "is only entitled to notice of the meaning of the statute and not to the agency's interpretation of the statute"). The only question relevant to Amazon's due process arguments is whether the FTC Act or ROSCA are vague. The internal FTC documents Amazon seeks cannot answer that question. In fact, Amazon has not asserted the statutes are vague and, even if Amazon did make that assertion, it would be for the Court to decide from the face of the statutes. Finally, Amazon asserts the documents may show the FTC has "selectively pursued" Amazon. But, again, such assertions have no bearing on whether Amazon has violated the FTC Act or ROSCA. *See, e.g.*, *FTC v. Accusearch, Inc.*, 2007 WL 4356786, at *10 (D. Wyo. Sept. 28, 2007) (rejecting defendants' "'everyone else is doing it' justification" because the "alleged

inaction on the part of the FTC constitutes no more than the Commission's exercise of discretion"), *aff'd*, 570 F.3d 1187 (10th Cir. 2009).[2]

Second, Amazon incorrectly claims, in this section and throughout its correspondence, that the FTC has taken the position that all internal documents are necessarily privileged. However, the FTC will conduct an individualized privilege review, as explained *supra* Section I.A.

Notwithstanding the above, the FTC remains willing to meet and confer to discuss targeted requests for relevant, non-privileged materials beyond those the FTC has already agreed to produce (i.e., all documents relating to this case or the FTC's investigation).  If Amazon has targeted requests it would like the FTC to consider, please let us know.

ii.  RFP No. 16

RFP No. 16 seeks "All Documents Relating to Your internal guidelines or policies for enforcing or prosecuting the use of Dark Patterns or violations of ROSCA or any rule concerning Negative Options."  As an initial matter, the FTC reiterates its objection (without waiving its other objections) that "internal guidelines or policies for enforcing or prosecuting" is vague.  *See* RFP Response at 25.  Moreover, any such "internal guidelines or policies" are irrelevant to whether Amazon violated ROSCA or the FTC Act, for the reasons discussed *supra* Section I.B.i. Finally, any such "internal guidelines or policies" would almost certainly be protected under the deliberative process privilege or other applicable privileges.  Nonetheless, the FTC agrees to conduct a reasonable and diligent search for responsive materials.  We will supplement our RFP responses accordingly.

iii.  RFP No. 17

RFP No. 17 seeks all documents relating to dark patterns, including how the FTC's understanding of the interpretation of the term dark patterns has changed over time.  In response, the FTC will produce the documents it agreed to produce in response to RFP Nos. 1, 2, and 15, which includes documents responsive to RFP No. 17.[3]  Amazon asserts the FTC's intended production is "insufficient," but Amazon is not entitled to additional documents.

---

[2] To the extent Amazon asserts a "selective prosecution" defense, this is likely unavailable. *See, e.g.*, *FTC v. Cardiff*, 2020 WL 6540509, at *12 (C.D. Cal. Oct. 9, 2020) (acknowledging "the selective prosecution doctrine has not been applied in civil cases brought by agencies").  In any case, Amazon could not satisfy the "rigorous standard" to obtain discovery on this claim. *United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018) (quoting *United States v. Armstrong*, 517 U.S. 456, 457 (1996)).

[3] Here, and throughout the October 30 Letter, Amazon asserts it "does not accept that all responsive documents to this request are covered by others."  Oct. 30 Letter at 6.  The FTC does not dispute this.  Rather, based on the FTC's objections, the FTC is not conducting a search for documents beyond what we have agreed to produce in response to the request.

This request for "all documents relating to dark patterns," with no temporal limit[4] and unrelated to the Action or Investigation, is overly broad, unduly burdensome, and entirely disproportionate the needs of the case. It would, for example, require the FTC to produce every document relating to any of the dozens of cases in which defendants used dark patterns in connection with violations of the FTC Act. It is unreasonable to expect the FTC to respond to such a broad and disproportionate request. The burden is particularly unjustified because many of these documents are likely internal, privileged documents. If Amazon proposes appropriate limits to this request, the FTC will consider Amazon's proposal.

Moreover, how the FTC's "understanding and interpretation" of dark patterns has "changed over time" is irrelevant for the reasons discussed *supra* Section I.B.i. Amazon incorrectly asserts the FTC's "definition" of dark patterns is "vague and variable," quoting the Complaint as well as commentary by a single Commissioner, but even if that were true, the FTC's definition of the term has nothing to do with whether Amazon has violated the FTC Act and ROSCA.

iv.   RFP No. 18

RFP No. 18 seeks all documents relating to methods of cancelling a subscription, including all documents in which the FTC has described what does or does not constitute a "simple" cancellation method, and all drafts. In response, the FTC will produce documents it agreed to produce in response to RFP No. 15, which includes documents responsive to RFP No. 18. Amazon asserts the FTC's intended production is "insufficient," but Amazon is not entitled to additional documents.

The request for "all documents relating to methods of cancelling a subscription," with no temporal limit and unrelated to the Action or Investigation, is overly broad, unduly burdensome, and entirely disproportionate to the needs of the case. If Amazon proposes appropriate limits to this request, the FTC will consider Amazon's proposal. The documents are also irrelevant for the reasons explained *supra* Section I.B.i.

Moreover, in response to this request, the FTC will produce any final, public materials in which it has described "what does or does not constitute a 'simple' cancellation method" located in a reasonable and diligent search, including the Enforcement Policy Statement Regarding Negative Option Marketing.

The FTC will not produce any non-public "drafts" of such materials, which are irrelevant for the reasons discussed *supra* Section I.B.i. Even if relevant, the burden of collecting the documents would not be justified given that any such drafts would be protected by the attorney-client privilege and deliberative process privilege.

---

[4] Although temporal limits alone would be unlikely to resolve the FTC's burden objections (given the overbroad subject matter), the FTC understands Amazon is willing to meet and confer on this topic. *See* Oct. 30 Letter at 4 n.5.

v.   RFP No. 19

RFP No. 19 seeks documents sufficient to show all lawsuits or enforcement actions in which the FTC has purported to prosecute the use of dark patterns or misuse of negative options. In response, the FTC will produce complaints, filed since 2003, from all lawsuits or enforcement actions in which the FTC has purported to prosecute the use of dark patterns or misuse of negative options located in a reasonable and diligent search.  Amazon asserts the FTC's intended production is "insufficient," but Amazon is not entitled to additional documents.

As an initial matter, Amazon objects to the productions of only complaints in response to this request, but complaints are "sufficient to show" these lawsuits or enforcement actions.  If Amazon is seeking all documents relating to all dark pattern or negative option "lawsuits or enforcement actions" with no temporal limit and unrelated to the Action or Investigation, that request is overly broad, unduly burdensome, and entirely disproportionate the needs of the case.  It is unreasonable to expect the FTC to respond to such a broad and disproportionate request.  In essence, Amazon is asking for the FTC to search the dozens of FTC case files involving dark patterns or negative options, and produce all documents from those files, many of which would be publicly available on the dockets.  *See, e.g.*, *SEC v. Strauss*, 2009 WL 3459204, at *11 (S.D.N.Y. Oct. 28, 2009) ("Courts have declined to compel production of documents in the hands of one party when the material is equally available to the other party from another source.").  If Amazon proposes appropriate limits to this request—for example, if there are specific materials from specific cases that Amazon believes may be relevant—the FTC will consider Amazon's proposal.

Amazon asserts these other lawsuits are relevant to whether Amazon had "fair notice," but this is incorrect for the reasons discussed *supra* Section I.B.i.  The fact that the FTC, in exercise of its prosecutorial discretion, has prosecuted other companies for other conduct is irrelevant to whether Amazon had fair notice of the FTC Act and ROSCA.  *See, e.g.*, *Accusearch, Inc.*, 2007 WL 4356786, at *10.  Moreover, Amazon claims "the litigation records" may "include facts and expert testimony relevant to assessing whether Amazon's flows violate ROSCA."  Oct. 30 Letter at 7.  It is highly unlikely that is the case, but again if Amazon has specific requests for case materials, the FTC is willing to consider these.

vi.   RFP No. 20

RFP No. 20 seeks all "Closing Letters" related to FTC investigations involving dark patterns, the misuse of negative options, or ROSCA violations.  The FTC will not produce these documents because they are irrelevant, as discussed *supra* Section I.B,i.  The fact that the FTC closed any particular investigation is irrelevant to whether Amazon violated the FTC Act or ROSCA.  Amazon asserts that closing letters are "highly probative of whether the FTC has a clear and cognizable definition of unlawful dark patterns," but again as discussed, that is similarly irrelevant.  Oct. 30 Letter at 8.  It is also not apparent how the fact that the FTC closed an investigation would be relevant to how the FTC defines dark patterns.

vii.   <u>RFP No. 21</u>

RFP No. 21 seeks all documents, communications, and documents showing communications the FTC has had relating to the use of dark patterns by any other person or business.  In response, the FTC will produce documents it agreed to produce in response to RFP Nos. 15 and 19, which includes documents responsive to RFP No. 21.  Amazon asserts the FTC's intended production is "insufficient," but Amazon is not entitled to additional documents.

As an initial matter, this request for all documents and communications, with no temporal limit and unrelated to the Action or Investigation, is overly broad, unduly burdensome, and entirely disproportionate the needs of the case.  It is unreasonable to expect the FTC to respond to such a broad and disproportionate request.  Again, the request would, for example, require the FTC to produce every document relating to any of the dozens of cases in which defendants used dark patterns in connection with violations of the FTC Act.

Moreover, this request is not relevant for the reasons discussed *supra* Section I.B.i.  The FTC's documents and communications concerning other entities are irrelevant to whether Amazon violated the FTC Act or ROSCA.

viii.   <u>RFP No. 22</u>

RFP No. 22 seeks "Each and every Document [the FTC has] relied on or consulted that was not produced to [the FTC] by Amazon in the course of this Investigation."  In response, the FTC will produce documents it agreed to produce in response to RFP Nos. 1 and 2—i.e., all documents related to this Investigation or Action—which includes documents responsive to RFP No. 22.  Amazon asserts the FTC's intended production is "insufficient," but Amazon is not entitled to additional documents.

As an initial matter, the FTC reiterates its objection that this request is overly broad and unduly burdensome because, as worded, it seeks all documents the FTC has every "relied on or consulted" in any context, without any limitation in time or to the Investigation or Action, which would be voluminous.

Moreover, the FTC has already agreed to produce records relating to the Investigation (*see* RFP Response at 4).  We do not understand what this request seeks beyond the documents we have agreed to produce.  If there are additional documents to which Amazon believes it is entitled, please clarify and we are happy to discuss further.  However, to the extent Amazon would like the FTC to produce *back to Amazon* materials Amazon already produced to the FTC (RFP No. 22 seeks in relevant part "Documents produced by Amazon to the FTC in response to a Civil Investigative Demand or any other formal or informal request issued in a separate investigation"), the FTC will not do so.  Obviously, these documents are already within Amazon's custody and control.  *See, e.g.*, *Strauss*, 2009 WL 3459204, at *11.

ix.   RFP Nos. 23-26

RFPs Nos. 23 to 26 seek documents related to the FTC's Proposed Negative Option Rule, the Enforcement Policy Statement Regarding Negative Option Marketing, the Bringing Dark Patterns to Light report, and 2009 Negative Options report.  In response, the FTC will produce all documents it agreed to produce in response to RFP No. 15, which will include the final, public versions of these reports.  Amazon asserts the FTC's intended production is "insufficient," but Amazon is not entitled to additional documents.

The FTC will not produce any non-public materials, including "drafts" of such materials, which are irrelevant for the reasons discussed *supra* Section I.B.i.  Even if the documents were relevant, the burden of collecting the documents would not be justified because the vast majority, if not all, of the documents are likely to be either privileged (e.g., internal predecisional materials) or already publicly available (e.g., rulemaking comments).

## II.   Interrogatories

### A.   Interrogatory No. 1

Your letter does not accurately describe Interrogatory No. 1.  The Interrogatory, as written, asked the FTC to identify *all* "Documents and Communications" relating to "Dark Patterns or Negative Options."  The request is so broad that we are not sure how to estimate how many documents it would cover, but given that it would require, at a minimum, the identification of each document in each of dozens of case files, the interrogatory would surely require the FTC to "identify" at least hundreds of thousands of documents.  The FTC therefore maintains its breadth, burden, and relevance objections.

Your letter inaccurately claims that Interrogatory No. 1 actually only asks the FTC to "identify all publications, guidance, policy statements, speeches, conference, and rulemaking efforts relating to Dark Patterns or Negative Options."  If Amazon is proposing this modification or any other narrowing of the Interrogatory, the FTC will consider the proposed modification.

### B.   Interrogatory No. 2

Amazon's Interrogatory No. 2 requested that the FTC "Identify all companies that, to Your knowledge, have used Dark Patterns in violation of ROSCA or Section 5."  The FTC responded by identifying, based on a reasonable and diligent search, all cases in which the FTC has alleged companies used Dark Patterns in violation of ROSCA or Section 5 of the FTC Act.

As the FTC previously objected, the use of "Your" renders this Interrogatory vague.  The FTC interprets the Interrogatory to request the identity of all companies that the Commission itself (rather than individual Commissioner or staff attorneys) believe used Dark Patterns in violation of ROSCA or Section 5.  We are not aware of any cases in which the Commission has determined a company used Dark Patterns in violation of ROSCA or Section 5, but has not sued the company.  Therefore, we have no other responsive information to provide.  We will supplement our Interrogatory responses accordingly.

### C. *Interrogatories Nos. 7-8*

Amazon's Interrogatories Nos. 7 and 8 requested that the FTC "Identify each iteration and feature of the Prime Enrollment [and Prime Online Cancellation Flow] that [the FTC] contends contains a Dark Pattern, violates ROSCA, or violates Section 5, and state the complete factual basis for [the FTC's] contention." The FTC responded by summarizing the Dark Patterns used by Amazon and the manner in which Amazon's enrollment and cancellation flows violated ROSCA and the FTC Act. At this stage of discovery, nothing more is required. *See City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003) ("[B]road contention interrogatories . . . in most circumstances are premature at this early stage of litigation.").

Amazon relies on *Eveden, Inc. v. The N. Assurance Co. of Am.*, 2012 WL 12345021, at *1 (D. Mass. Feb. 7, 2012). There, however, discovery was ongoing for two years at the time of the motion to compel. Nevertheless, in an effort to resolve this dispute and while maintaining its objections, the FTC will supplement its interrogatory responses. We anticipate doing so by December 22. As with any contention interrogatory, we will reevaluate throughout discovery whether and when additional supplementation is appropriate.

### D. *Interrogatory No. 9*

Amazon's Interrogatory No. 9 requested that the FTC "Describe with particularity the features that [it] contend[s] make a cancellation method sufficiently simple under ROSCA." As we stated in our initial response, this is purely a request for legal analysis, rather than facts or application of law to fact, and is therefore not a proper interrogatory. You have not disputed the principle that interrogatories may not seek the opposing party's legal opinions. Additionally, it does not matter that the case cited by the FTC involved an interrogatory issued by the plaintiff rather than the defendant; the fact remains that pure legal analysis is not discoverable.

The Interrogatory cannot be saved by reference to Amazon's definition of "Describe," which Amazon states "means to (1) state all material facts; (2) Identify the Person(s) knowledgeable about the matter inquired above; and (3) Identify the Communications and/or Documents, by Bates range(s), that are relevant to the matter inquired about." First, it is not clear how the "state all material facts" request would even apply here. More generally, the relevance problem remains: the information sought is still purely about the law, rather than facts or application of law to facts.

To the extent Amazon is asking why its own cancellation processes are not, in the FTC's view "simple," the FTC's response to Interrogatory 8 already provides this information, and the FTC has agreed to supplement its response to that Interrogatory.

*   *   *

As a final note, you had requested our availability for a meet and confer. If the above letter does not resolve our disputes, please propose dates and times that work on your end.

10

Sincerely,

/s/ Max Nardini
Counsel to the Federal Trade Commission