# EXHIBIT 3

**JOSEPH A. REITER**  jreiter@hueston.com  523 West 6th Street
D: 213 788 4536  Suite 400
T: 213 788 4340  Los Angeles, CA 90014
F: 888 775 0898

# HUESTON HENNIGAN LLP

December 12, 2023

**VIA E-MAIL**

| | |
|---|---|
| Evan Mendelson | Colin D. A. MacDonald |
| Olivia Jerjian | Federal Trade Commission |
| Thomas Maxwell Nardini | 915 Second Ave., Suite 2896 |
| 600 Pennsylvania Avenue NW | Seattle, WA 98174 |
| Washington, DC 20580 | E: cmacdonald@ftc.gov |
| E:  emendelson@ftc.gov; | |
|     ojerjian@ftc.gov; | |
|     tnardini@ftc.gov | |

Re:   *FTC v. Amazon.com, Inc., et al.*, No. 2:23-cv-00932-JHC (W.D. Wash.)

Counsel:

I write on behalf of Amazon.com, Inc. ("**Amazon**"), as well as Neil Lindsay, Russell Grandinetti, and Jamil Ghani (together, the "**Individuals**"), regarding the FTC's responses and objections to the following discovery requests:

- Amazon's First Set of Requests for Production of Documents ("**Amazon RFPs**")
- Amazon's First Set of Interrogatories ("**Amazon ROGs**")
- Neil Lindsay's First Set of Requests for Production of Documents ("**Lindsay RFPs**")
- Neil Lindsay's First Set of Interrogatories ("**Lindsay ROGs**")
- Russell Grandinetti's First Set of Requests for Production of Documents ("**Grandinetti RFPs**")
- Russell Grandinetti's First Set of Interrogatories ("**Grandinetti ROGs**")
- Jamil Ghani's First Set of Requests for Production of Documents ("**Ghani RFPs**")
- Jamil Ghani's First Set of Interrogatories ("**Ghani ROGs**")

(collectively, "**Amazon's Requests**" and "**the Individuals' Requests**").

On October 30, we sent you a letter regarding deficiencies in the FTC's responses to Amazon's Requests, and on November 21, we received your response to that letter. On November 30, we received the FTC's responses to the Individuals' Requests, and upon review, determined that those responses are also deficient in ways that overlap with the parties' ongoing meet and confer process. Accordingly, this letter addresses deficiencies in the FTC's responses to all the foregoing discovery requests.

**HUESTON HENNIGAN LLP**

I.  **The FTC's Deficient Responses to Requests for Production**

   A.  <u>The FTC Must Produce Responsive Documents Held by the Office of Policy Planning, Bureau of Economics, and the Office of Public Affairs</u>

Thank you for confirming that the FTC will "expand its document search to include the Office of the Director of the Bureau of Consumer Protection and individual Commissioner offices." Nov. 21 Letter at 2. For the reasons stated below, the FTC must also expand its search to include documents held by the Office of Policy Planning, the Bureau of Economics, and the Office of Public Affairs.

With respect to the Office of Policy Planning, your letter does not dispute that the FTC has access to its documents, but states that such documents will not be reviewed because that office "did not do any work on the FTC's investigation." Nov. 21 Letter at 2. This is not a valid basis to exclude documents from the scope of the FTC's review. *See* Oct. 30 Letter at 1-2. The Office of Policy Planning advises the FTC on "cases raising new or complex policy and legal issues," and "issues reports on cutting-edge competition and consumer protection topics." https://www.ftc.gov/about-ftc/bureaus-offices/office-policy-planning. Accordingly, the Office of Policy Planning likely possesses documents relating to the FTC's evolving interpretation of ROSCA and the FTC Act, and standard industry practice relating to those statutes. Such documents are relevant to whether a reasonable person could have anticipated the FTC's interpretation and application of ROSCA and the FTC Act in this action. *See infra* § I.C. Accordingly, the Office of Policy Planning's documents implicate at least the FTC's demand for civil penalties and Defendants' contemplated due process defense. *See* Amazon MTD 20-29; Individuals' MTD 12-18. Your letter does not assert that reviewing documents held by the Office of Policy Planning would impose an undue burden, or cite any legal authority supporting the proposition that the Office of Policy Planning's documents are not discoverable.

With respect to the Bureau of Economics, your letter does not identify any basis for the FTC's refusal to perform a reasonable search. The Bureau of Economics "conducts economic studies, supports antitrust and consumer protection investigations and litigation, analyzes existing and proposed consumer protection rules, and studies the competitive impact of regulations for the Commission." https://www.ftc.gov/about-ftc/bureaus-offices/bureau-economics/research-bureau-economics. Accordingly, it is likely that the Bureau Economics has been involved in the investigation of and litigation against Defendants, conducted research regarding standard industry negative option practices, and participated in rulemaking regarding those practices. All this conduct is relevant to the claims and defenses in this action. *See infra* § I.C. Moreover, the FTC's economic analysis is relevant whether any consumer injury was outweighed by "countervailing benefits." 15 U.S.C. § 45(n).

With respect to the Office of Public Affairs, your letter likewise does not substantiate the FTC's refusal to perform a reasonable search. "The mission of the Office of Public affairs is to reach, inform, educate, and engage consumers and businesses." https://www.ftc.gov/about-ftc/bureaus-offices/office-public-affairs. The Office of Public Affairs is therefore central to Defendants' fair notice and actual knowledge arguments, including because the office likely possesses communications with industry participants regarding ROSCA and the FTC Act's requirements. *See infra* § I.C. The Office of Public Affairs was also involved in drafting press statements characterizing this case as a "challenge" to "alleged digital dark patterns," https://www.ftc.gov/business-guidance/blog/2023/06/ftc-alleges-amazon-enrolled-people-

# HUESTON HENNIGAN LLP

prime-without-consent-thwarted-members-attempts-cancel, a theory underlying the Amended Complaint, which the FTC now suggests that it is abandoning. MTD Opp. at 44.[1]

      B.      <u>The FTC Must Identify Custodians and Search Terms</u>

Although your December 6 letter purports to describe the FTC's process for locating responsive documents, the description is vague and incomplete. Among other defects, your letter does not identify the custodians or search terms the FTC will use to locate responsive documents from sources the FTC has already agreed to collect from, including the Office of the Director of the Bureau of Consumer Protection and the individual Commissioner offices. Nor does it provide a sufficient explanation of how the FTC will locate all responsive documents within the Enforcement Division.

Amazon remains willing to engage in a mutual exchange of custodians and search terms, but the FTC will need to commit to disclose its full list of custodians and search terms for all FTC offices at issue (including the Office of Policy Planning, Bureau of Economics, and the Office of Public Affairs) at the same time that Defendants do so.

      C.      <u>The FTC Must Produce a Document-Level Privilege Log, or Propose an Alternative Log That Satisfies Its Discovery Obligations</u>

As detailed in our prior letter, for each responsive document that the FTC withholds as privileged, the FTC bears the burden to demonstrate that a privilege in fact applies. Oct. 30 Letter at 3. This burden applies to all documents that the FTC withholds under the attorney client privilege, work product protection, or deliberative process privilege. *Id.*; *see Ctr. For Food Safety v. Vilsack*, 2017 WL 1709318, at *5 (N.D. Cal. May 3, 2017) ("[I]f . . . Defendants wish to withhold certain documents on the basis of the deliberative process privilege, they shall provide a privilege log that describes the document, identifies the basis for its withholding, and substantiates any claimed deliberative process privilege.").

Based on your letter, it is unclear how—if at all—the FTC intends to meet this burden. Your letter maintains only that producing a "document-level privilege log" would be "unduly burdensome," while proposing no alternative means through which the FTC will permit Defendants to test its assertions of privilege. As stated in our prior letter, we are willing to confer with the FTC to reach a mutually agreeable resolution. But for a conference to be productive, the FTC must first specify what, if anything, it is willing to provide to Defendants regarding the documents it withholds as privileged. Please be prepared to do so during our conference on this subject.

      D.      <u>Discovery Is Not Limited to the FTC's Investigation of Defendants</u>

As to Amazon's RFP Nos. 15-21 and 23-26, your letter ignores key issues relevant to the claims and defenses in this action, and in doing so, misstates the scope of discovery. *See generally* Fed. R. Civ. P. 26(b)(1). For example, your letter states that "the only issue is whether Amazon has violated ROSCA and the FTC Act" and "the only question is whether Amazon has violated two statutes." Nov. 21 Letter at 3-4.

---

[1] Defendants do not intend to pursue discovery of documents held by the FTC's Office of General Counsel, and likewise, do not intend to review documents held by Amazon's Office of Corporate Counsel.

**HUESTON HENNIGAN LLP**

This is plainly incorrect. In fact, at least three of Amazon's potential defenses turn on <u>the FTC's</u> knowledge and actions.

- *Fair Notice*. The parties dispute whether Defendants received "fair notice" of the FTC's current application and interpretation of ROSCA and the FTC Act. *See* Amazon Mot. 20-27; Individuals Mot. 12-15; Oct. 30 Letter at 4. In determining whether a regulated person or entity received fair notice, courts consider—among other things—evidence of an agency's interpretations of governing law, communications with regulated entities, and enforcement practices. *Gen. Elec. Co. v. U.S. E.P.A.*, 53 F.3d 1324, 1332 (D.C. Cir. 1995) ("[I]t is unlikely that regulations provide adequate notice when different divisions of the enforcing agency disagree about their meaning."); *Diebold, Inc. v. Marshall*, 585 F.2d 1327, 1336 (6th Cir. 1978) (vacating OSHA penalty for lack of fair notice given that supposed "requirement" was seldom adhered to or enforced). Not all such evidence can be found in the public record; accordingly, where a defendant asserts a fair notice defense, they are entitled to take discovery of the agency's internal documents. *See SEC v. Kovzan*, 2012 WL 4819011, at *5 (D. Kan. Oct. 10, 2012) (compelling SEC to produce "internal SEC documents," including non-public communications with third parties and "internal documents concerning a final decision as to what guidance, if any, the SEC staff may provide to reporting companies" because "discovery of such non-public documents may lead to the discovery of admissible information relevant to defendant's fair notice defense").[2]

- *Actual Knowledge*. Through its demand for civil penalties, the FTC assumed a burden to prove that Defendants acted "with actual knowledge or knowledge fairly implied on the basis of objective circumstances that [their conduct was] unfair or deceptive and [was] prohibited by [ROSCA]" 15 U.S.C.A. § 45; *see* Am. Compl. ¶¶ 1, 271; Amazon Mot. 27-29; Individuals Mot. 15-18. This demand places at issue whether Defendants knew or should have known, during the relevant period, that ROSCA prohibited the alleged conduct. *Id.* For this reason, Defendants are entitled to take discovery of evidence indicating that there is "more than one reasonable interpretation" of ROSCA's requirements. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 70 n.20 (2007) (noting, in context of analogous "willfulness" requirement, "it would defy history and current thinking to treat a defendant who merely adopts one such

---

[2] Your letter relies on *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015) for the proposition that Defendants cannot raise a fair notice argument. Nov. 21 Letter at 4. That is wrong. Amazon challenges ROSCA's constitutionality as interpreted and applied by the FTC—that is a well-established fair notice challenge. *See, e.g., Butcher v. Knudsen*, 38 F.4th 1163, 1170 (9th Cir. 2022) (law that was "precise enough" to survive "facial challenge" was "unconstitutionally vague as applied"). Your reading of *Wyndham* is inconsistent with Supreme Court precedent. *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 254 (2012) (agency's "interpretation" of 18 U.S.C. § 1464 was unconstitutional where agency failed to provide fair notice that defendant's conduct was "a violation of § 1464 as interpreted and enforced"). *Wyndham* is also inconsistent with the law of the Ninth Circuit, which holds that "the responsibility to promulgate clear and unambiguous standards is on the agency." *United States v. Trident Seafoods Corp.*, 60 F.3d 556, 559 (9th Cir. 1995) (emphasis added); *see also S.S. v. Microsoft Corp. Welfare Plan*, 2015 WL 11251744, at *7 (W.D. Wash. Feb. 11, 2015) (rejecting application of statute that was "ambiguous and [was not] clarified until after the conduct occurred"). The FTC's incorrect interpretation and application of *Wyndham* is not a valid basis to withhold discovery. *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) ("The case law is overwhelming that a challenge to the sufficiency of a live claim or defense does not create a valid basis for a relevance objection . . . .").

## HUESTON HENNIGAN LLP

interpretation as a knowing or reckless violator"). The FTC's internal documents and communications with third parties are likely to shed light on this issue, and are therefore discoverable. *See Kovzan*, 2012 WL 3819011, at *5 (granting motion to compel and accepting movant's argument that "confusion within the SEC itself may be relevant to the degree of defendant's scienter").

- ***Selective Enforcement***. The affirmative defense of "selective enforcement" requires a showing "(1) that others are generally not prosecuted for the same conduct; and (2) . . . that there was no rational basis for the difference in treatment." *SEC v. W. Int'l Sec., Inc.*, 2023 WL 2480732, at *8 (C.D. Cal. Mar. 13, 2023) (cleaned up). Discovery relevant to this defense includes how and why the FTC decided to investigate and charge Defendants rather than similarly situated competitors. Although your letter claims that Defendants are not entitled to discovery on a "selective *prosecution*" defense, Nov. 21 Letter at 5 n.2 (relevant text in italics), case law in this circuit is clear that "claims of selective enforcement are governed by a less rigorous standard than that applied to claims of selective prosecution." *United States v. Sellers*, 906 F.3d 848, 852-54 (9th Cir. 2018). To be entitled to discovery, Defendants need only show "something more than mere speculation," a bar which Defendants easily meet. *Id.* at 855; *see also* MTD Opp. at 47 (conceding that "none of th[e] practices challenged in . . . other ROSCA cases is at issue").

Accordingly, the FTC cannot limit discovery in this case to documents directly relating to its investigation of Defendants. As detailed below, each of the requests at issue target relevant, discoverable documents and information.

E.   Specific RFPs at Issue

*Amazon RFP No. 15*. Your letter incorrectly asserts that numerous documents responsive to this request—including rulemaking documents regarding the subject matter at issue, external FTC communications regarding the statutes at issue, and non-public documents regarding the statutes at issue—are "irrelevant to any party's claim or defense." Nov. 21 Letter at 3-4. For the reasons discussed above, this is wrong: the requested documents are relevant to at least Amazon's fair notice argument, the FTC's demand for civil penalties, and Amazon's contemplated selective enforcement defense. In arguing otherwise, your letter relies on cases in which none of these issues were present. *See generally SEC v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 668 (S.D. Fla. 2012); *FTC v. Accusearch, Inc.*, 2007 WL 4356786, at *10 (D. Wyo. Sept. 28, 2007). Your letter also mentions an "undue burden" argument, Nov. 21 Letter at 3, but does not substantiate that argument with any facts or explanation. *See Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) ("[T]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections with competent evidence" (cleaned up).). Nevertheless, in the interest of reaching a compromise, Amazon is willing to narrow this request for now as follows: "All Documents since January 1, 2013—excluding documents filed publicly in federal court, or published in the Federal Register—that reflect or refer to any FTC guidance, publication, policy statement, workshop, or rulemaking effort Related to ROSCA, Negative Options, or Dark Patterns, including any drafts of any such Documents, and any Communications Relating to the interpretation of

**HUESTON HENNIGAN LLP**

ROSCA, Negative Options, or Dark Patterns and its requirements." Please confirm whether the FTC will respond to this request as narrowed.

*Amazon RFP No. 17*. Your letter confirms that the FTC is withholding all documents responsive to this request, except those that the FTC is producing in response to Amazon's RFP Nos. 1, 2, and 15. Nov. 21 Letter at 5 n.3. In support of the FTC's refusal to produce documents, your letter relies on the same flawed relevance argument discussed above, and again does not substantiate any undue burden. Nevertheless, in the interest of reaching a compromise, if the FTC agrees to the proposed narrowing of Amazon's RFP No. 15, Amazon would be willing to withdraw its RFP No. 17. Please confirm whether the FTC is amenable to this proposal.

*Amazon RFP No. 18*. Your letter confirms that the FTC is withholding documents uniquely responsive to this request, including "non-public 'drafts'" describing "what does or does not constitute a 'simple' cancellation method." Nov. 21 Letter at 6. As discussed above, such documents are discoverable, including because they are relevant to Amazon's fair notice argument, the FTC's civil penalties demand, and Amazon's contemplated selective enforcement defense. Your letter does not substantiate the suggestion of undue burden associated with complying with this request, nor explain its assertion that responsive documents are categorically privileged. Nevertheless, in the interest of reaching a compromise, Amazon is willing to narrow this request as follows: "All Documents since January 1, 2013 in which You have described, discussed, or referred to what does or does not constitute a 'simple' cancellation method and all drafts thereof." Please confirm whether the FTC will respond to this request as narrowed.

*Amazon RFP No. 19*. Amazon will review the complaints produced in response to this request and then evaluate whether a supplemental response and production is necessary. All rights are reserved.

*Amazon RFP No. 21*. Your letter confirms that the FTC is withholding documents uniquely responsive to this request based on unmerited relevance and undue burden arguments. Nevertheless, in the interest of reaching a compromise, Amazon would be willing to narrow this request as follows: "All Documents, Communications, and Documents since January 1, 2013 showing Communications You have had referencing the use of 'Dark Patterns' by any other Person or business, excluding documents filed publicly in federal court or published in the Federal Register." Please confirm whether the FTC will produce responsive materials to this request as narrowed.

*Amazon RFP No. 22.* Based on your letter, it is unclear whether the FTC is withholding any documents responsive to this request. Your letter states that you "do not understand what this request seeks beyond the documents we have agreed to produce," while also asserting that the FTC objects to the production of "additional documents" based on undue burden. To the extent the FTC is withholding documents based on its undue burden objection, Amazon is willing to narrow the request as follows: "Each and every Document you have relied on or consulted in this Investigation or the Action that was not produced to You by Amazon, including but not limited to Documents provided to You by third parties." This narrowed proposal should also resolve any questions you had about the scope of the request.

Please supplement your response to confirm whether you will produce responsive materials to this request as narrowed. *Fay Ave. Properties, LLC v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 12570974, at

**HUESTON HENNIGAN LLP**

\*1 (S.D. Cal. July 1, 2014) (responses must "clearly state that the documents had already been produced, or exist, but are not being withheld based on other interposed objections").

*Amazon RFP Nos. 23-26*.  Your letter confirms that you are withholding all non-public documents responsive to these requests.  As discussed above, such documents are relevant and discoverable in this action, including because they illustrate whether and to what extent a reasonable person could have anticipated the FTC's current interpretations of ROSCA and the FTC Act.  The FTC has not substantiated its undue burden objection, and the proper remedy for the FTC's privilege concerns is to agree to produce non-privileged documents and serve an accompanying privilege log.

*Lindsay/Grandinetti/Ghani RFP Nos. 1-3*.  These requests seek all documents in the FTC's possession relating to Lindsay, Grandinetti, or Ghani, including—but not limited to—documents relating to the FTC's allegations against the Individuals and the FTC's decision to name the Individuals as defendants in this action.  In response to these requests, the FTC states that it will produce only what it has already agreed to produce in response to Amazon RFP Nos. 1-2: documents that are "related to the Investigation or Action."  Based on this response, the FTC appears to be withholding documents relating to Individuals that it contends are not "related to the Investigation or Action."  Please confirm whether this is accurate.  If it is, the withheld documents must be produced; there is no conceivable reason why the FTC would possess documents relating to the Individuals that are not in some way related to the Investigation or Action, and even if there were, producing such documents would not impose any undue burden on the FTC.  If, however, the FTC is not withholding any responsive documents based on its objections, it must supplement its responses to verify this fact.

*Lindsay RFP Nos. 4-7*.  These requests seek documents reflecting the FTC's guidelines, policies, and positions on when it is proper to sue individual executives under ROSCA or the FTC Act.  In response, the FTC agrees to produce only the agency's official positions (as opposed to statements made by individual commissioners or staff members), and represents that it "is not aware of any FTC 'guidelines' or 'policies'" regarding those issues, and that it "is also not aware of any 'positions' taken by the Commission on those issues outside of litigation," and agrees only to produce "all complaints in which the FTC sued an individual for violating ROSCA or Section 5 of the FTC Act since November 2020."  These responses are deficient.  First, the FTC must produce statements made by individual commissioners and staff.  As discussed above, FTC staff members' contemporaneous understanding of ROSCA and the FTC Act are relevant to what a reasonable person in the Individuals' position could have understood during the relevant time period, which is in turn relevant to the FTC's demand for civil penalties and Defendants' contemplated fair notice defense.  Second, the FTC's proposed date limitation would exclude the vast majority documents relevant to the Individuals' knowledge during the relevant period (i.e., 2018 – 2021).  Accordingly, the FTC must produce documents since at least January 1, 2013.

## II.     The FTC's Deficient Responses to Interrogatories

*Amazon ROG No. 1*.  In the interest of reaching a compromise, we are willing to agree to your proposed modification:  "Identify all publications, guidance, policy statements, speeches, conference, and rulemaking efforts relating to Dark Patterns or Negative Options."  Please confirm whether the FTC will respond to this interrogatory as modified.

**HUESTON HENNIGAN LLP**

  ***Amazon ROG No. 2***.  Your letter represents that the FTC cannot provide any additional information responsive to this interrogatory because the FTC is "not aware of any cases in which the Commission has determined a company used Dark Patterns in violation of ROSCA or Section 5, but has not sued the company."  The FTC must supplement its response to verify this fact.  Please confirm that it will do so.

  ***Amazon ROG Nos. 7-8***.  Thank you for confirming that the FTC will supplement its responses to these interrogatories.  Please provide the date by which the FTC will supplement these responses, as well as the others address in this letter.

  ***Amazon ROG No. 9***.  In light of the FTC's agreement to supplement its responses to Amazon Interrogatory Nos. 7-8, Amazon intends to review those supplemental responses and determine whether a supplemental response to Interrogatory No. 9 is also needed.  All rights are reserved.

  ***Lindsay ROG No. 6***.  This interrogatory asks the FTC to identify documents reflecting its "policies and positions on naming or not naming individuals as defendants" in enforcement actions.  The FTC again objects to identifying documents relating to positions taken by individual commissioners or other representatives, then responds that the only documents reflecting its positions were issued in the context of litigation, and agrees to "provid[e] a list of all lawsuits in which the FTC has sued an individual for violating ROSCA or the FTC Act since November 2020."  The FTC also identifies two "statements" and one "speech" by former commissioner Slaughter.  This response is deficient in the same respects as the FTC's responses to Lindsay RFP Nos. 4-7: the date limitation should be expanded to January 1, 2013 to ensure it includes all documents relevant to the FTC's "knowledge" allegations; and the FTC may not exclude positions taken by individual FTC personnel, as they are relevant and discoverable in this action.

* * *

  We understand that the FTC will be prepared to discuss these issues on the parties' December 14 meet and confer call.


Sincerely,

*[signature]*

Joseph A. Reiter