The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 2:23-cv-0932-JHC |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF FTC COMMUNICATIONS AND INTERNAL DOCUMENTS** |
| v. | |
| AMAZON.COM, INC. *et al.*, | |
| Defendants. | **NOTED ON MOTION CALENDAR: March 1, 2024** |
| | **ORAL ARGUMENT REQUESTED** |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants seek narrow categories of documents demonstrating the ambiguity and lack of consensus surrounding the FTC's unprecedented application of ROSCA in this case. The FTC does not deny the documents exist or argue undue burden. Instead, the FTC argues that its discussions about ROSCA are irrelevant because ROSCA is "clear on its face." Dkt. 148 ("Opp.") 5. But less than a year ago the FTC said the opposite: that new regulations are needed because "the current framework"—including ROSCA—"does not provide clarity." 88 Fed. Reg. 24716, 24718. That contradiction alone is reason to grant Defendants' motion. Defendants must be permitted to "secure information that will impeach or contradict [the FTC's] case." *Jones v. Hawley*, 255 F.R.D. 51, 52 (D.D.C. 2009).

Regardless, the FTC is wrong that the documents have "nothing to do with this case," Opp. 1, because they are relevant to show the FTC has manufactured a legal standard here that does not exist in the law. They are also relevant to undermine the FTC's litigation positions and cross-examine witnesses about what the FTC now says ROSCA requires. And they are relevant to Defendants' arguments that they lacked fair notice of and did not "knowingly" violate law that the FTC has acknowledged is not established. The FTC must produce the four categories of requested documents:

*First*, the FTC cannot avoid producing its discussions of ROSCA by invoking the truism that "the Court is the sole arbiter of what the law means." Opp. 4. Defendants do not seek these documents for "statutory interpretation." *Id.* 4-5. Rather, the documents are relevant to contradict the FTC's litigation theories and show its claims are predicated on not-yet-promulgated standards that appear nowhere in ROSCA's text.[1] These are "legitimate lines of defense that [Defendants are] entitled to explore" and, thus, "easily fall within the broad parameters of 'relevance' for

---

[1] Defendants agree that ROSCA's plain language controls. The FTC's claims should be dismissed by comparing Prime's flows to the statutory text—just as two judges in this District recently did when dismissing similar claims against Amazon. *Daly v. Amazon.com, Inc.*, 2024 WL 775901, at *6 (W.D. Wash. Feb. 26, 2024) (Prime's enrollment process satisfied auto-renewal laws' "clear and conspicuous" and "affirmative consent" requirements); *Viveros v. Audible*, 2023 WL 6960281, at *7 (W.D. Wash. Oct. 20, 2023) (Audible's enrollment process "plainly satisfie[d]" auto-renewal law's "clear and conspicuous" disclosure requirement).

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
(2:23-cv-0932-JHC) - 2

discovery purposes." *U.S. ex rel. Poehling v. UnitedHealth Grp.*, 2018 WL 8459926, at *11 (C.D. Cal. Dec. 14, 2018).  The "internal information" requested by Defendants—information the FTC has not denied may show the FTC lacked consensus regarding ROSCA's requirements and that its past "interpretations of applicable [law] mirrored [Defendants']"—will "bear directly on the objective reasonableness" of Defendants' positions. *Id.*; *U.S. v. Berkeley Heartlab, Inc.*, 2017 WL 2633500, at *4-6 (D.S.C. June 19, 2017) (granting motion to compel "HHS's internal communications" where defendant argued that such documents may show "various departments of the United States" viewed defendant's conduct as lawful).

The FTC does not cite any case where a government agency, or any other party, was entitled to withhold non-privileged internal documents that impeach its litigation positions.  The requested documents can be compelled for impeachment alone.  "The Ninth Circuit has [held] that, in addition to documents about the merits of a claim or defense, it is entirely proper to obtain information for other purposes such as cross-examination of adverse witnesses." *Burmayan v. Garfield Beach CVS, LLC.*, 2023 WL 8870130, at *2 (C.D. Cal. Oct. 26, 2023) (cleaned up); *Malibu Media, LLC v. Doe*, 2016 WL 7425923, at *2 (N.D. Cal. Dec. 23, 2016) (parties have "a right to develop ... impeachment evidence" that "contradict [opposing party's] statements").  Contrary to the FTC's arguments, it makes no difference that Defendants were not "privy" to the documents; that they reflect "internal FTC discussions" *increases* their potential relevance as impeachment. Opp. 8.

As to knowledge and notice, the FTC offers no in-circuit authority that documents are irrelevant "unless the defendant was aware of th[em]." Opp. 4.[2]  In this circuit, courts reject the assertion that "agency documents heretofore unknown to [defendant] are not probative of what [a

---

[2] In the FTC's lead case—*United States v. Farley*, 11 F.3d 1385, 1388 (7th Cir. 1993)—the government produced roughly 1,000 documents "relating to the interpretation and application of the" applicable statute, spanning "16 years' worth of the FTC and [DOJ] files."  In contrast to the FTC's categorical refusal here, in *Farley* the government withheld only 39 documents (i.e., well under 1% of responsive materials). *Id.* at 1388-89.  And the *Farley* court considered an even narrower subset than that—just *nine* documents, each of which it specifically reviewed *in camera*. *Id.* at 1387.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

defendant] knew" and find such documents could "bear directly on the objective reasonableness" of a defendant's positions. *Poehling*, 2018 WL 8459926, at *4, *11.[3]  Although some out-of-circuit authorities might be split, the better reasoned decisions recognize that because notice and knowledge have an "objective component," internal agency documents could shed light on "the industry standard, whether or not such evidence was previously known to [defendant] or the public." *SEC. v. Kovzan*, 2013 WL 647300, at *2 (D. Kan. Feb. 21, 2013); *Berkeley*, 2017 WL 2633500, at *6 (internal agency communications may show "reasonableness of Defendants' actions, positions, or interpretations" and were "relevant to defendants' scienter even if defendants were not aware of [them]"); *FDIC v. Dosland*, 2014 WL 1347118, at *4 (N.D. Iowa Apr. 4, 2014) ("[The government] must prove that the defendants' conduct violated an applicable standard of care ... [I]nternal [agency] documents may contain information that is relevant to the defendants' denials that any such violations occurred.").

*Second*, the FTC asserts that documents concerning ongoing rulemaking—where the FTC is analyzing what ROSCA does and does not proscribe—are irrelevant because "the fact that the FTC is promulgating a new rule" to address the issues alleged in the complaint "says nothing about ROSCA's existing requirements." Opp. 12.  That defies common sense and contradicts the FTC's justification for the rulemaking—to "remove[] ambiguity" and eliminate "gray areas in current statutes." 88 Fed. Reg. at 24727.  The FTC also cites no authority supporting its argument.  Nor could it.  When an agency "has gone out of its way to specifically include [the disputed conduct] within its regulatory purview," that is particularly "revealing" evidence that prior law failed to provide adequate notice.  *United States v. Moss*, 872 F.3d 304, 314 (5th Cir. 2017). Moreover, the FTC ignores that the ongoing rulemaking explicitly assesses the "Limitations of *Existing* Regulatory Requirements." 88 Fed. Reg. at 24718 (emphasis added). The FTC's assessment that

---

[3] Footnote 6 in the FTC's opposition questions the source of Defendants' argument that they can defeat knowledge allegations by showing there is "more than one reasonable interpretation" of ROSCA. Opp. 8 n.6.  That language comes from *Safeco Insurance Co. v. Burr*. *See* 551 U.S. 47, 70 n.20 (2007) ("Where, as here, the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation, it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator.").

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL (2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98101-1610
206.622.3150 main · 206.757.7700 fax

ROSCA has failed to provide clarity during the period at issue in this case is plainly relevant. *See United States v. Anzalone*, 766 F.2d 676, 681 (1st Cir. 1985) (the court "need not go far" to find lack of notice where "the government itself has admitted ... that [t]he regulations were silent on the propriety" of the disputed conduct).

*Third*, the FTC asserts that the 2009 Report and 2007 Workshop are too old to be relevant. Opp. 12-13. But the FTC continues to cite the 2009 Report as reflecting "*Current* Regulatory Requirements" and describes the Report as containing the FTC's "basic guidelines" for negative-option marketing. 88 Fed. Reg. 24717 & n.7 (emphasis added). Despite the FTC's argument here that the Report is "wholly irrelevant" to understanding ROSCA, Opp. 12, it has elsewhere directly connected the two. 79 Fed Reg. 44271,44275 n.61 ("ROSCA also furthers the principles to guide negative option marketers set forth in the Commission's 2009 report on its negative option workshop."). Even setting ROSCA aside, the Report sought to "guide marketers in complying with Section 5['s]" "express informed consent" requirement, Dkt. 147-9 at iv, 1, which is the sole basis for the FTC's first cause of action. FAC ¶¶ 263-65.

*Fourth*, the FTC claims that the Office of Public Affairs' ("OPA") documents discussing this very case are not discoverable because they have no bearing "on the outcome." Opp. 14. But a document need not be outcome-determinative to be relevant—as the FTC's cited cases show, discovery should be allowed unless it has "no conceivable bearing" on a case. *Dragasits v. Rucker*, 2021 WL 4710854, at *2 (S.D. Cal. Oct. 8, 2021). Regardless, OPA not only issues press releases, but "respon[d]s to media queries." Dkt. 146 ("Mot.") at 18. The FTC's non-privileged "conversations ... concerning this litigation" must be produced. *Stallings v. City of Johnston City*, 2014 WL 2061669, at *3 (S.D. Ill. May 19, 2014); *Maar v. Beall's, Inc.,* 237 F. Supp. 3d 1336, 1337, 1340-41 (S.D. Fla. 2017) (compelling production of "[d]efendant's communications with others regarding this lawsuit or the subject matter of this action"). Finally, the FTC's contention that there is no "discrepancy" between its litigation statements and OPA's press releases: (1) is

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

inaccurate[4] and (2) cannot be resolved on this motion. *See Poehling*, 2018 WL 8459926, at *12 ("[U]ltimate success on a claim is not what is required for the information to be *discoverable*.").

As for the FTC's claims that it "cannot be required to search for materials that would squarely fall within the protection of [the attorney-client and deliberative-process] privileges," Opp. 9, this puts the cart before the horse. The FTC "bears the burden to show that the requested discovery is protected" through a privilege log and, for the deliberative-process privilege, also through a "formal claim or statement by a head of department." Mot. 6-7. The FTC cannot assert that responsive documents "will naturally fall within the deliberative-process privilege" when it has not even searched for or logged allegedly privileged documents. *S.E.C. v. Kovzan*, 2012 WL 4819011, at *6 (D. Kan. Oct. 10, 2012). None of the FTC's cases supports its attempt to invoke multiple privileges over an indeterminate universe of documents without any log. *See City of Chicago v. Doordash, Inc.*, 2023 WL 3654259, *3-6 (N.D. Ill. May 25, 2023) (sustaining *undue burden* objection to a request for parties' communications with *outside counsel*); *Berryhill v. Bonneville Power Admin.*, 509 F. Supp. 3d 1288, 1293 n.1 (D. Or. 2020) (sustaining privilege objection where party produced detailed log).

In any event, the FTC fails to demonstrate that any significant number of responsive documents are privileged. As to attorney-client privilege, the FTC leans on an unsupported assertion that "employees involved in discussions of law are almost exclusively attorneys." Opp. 9. Even if true,[5] agencies are not "entitled to withhold any document prepared by any person in the Government with a law degree." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 865 (D.C. Cir. 1980). And the qualified deliberative-process privilege is narrower. It covers only "predecisional" and "deliberative" documents"—which does not include statements reflecting what the agency currently "believes the law to be," even when such documents "evaluate[] the

---

[4] *Compare* Dkt. 125 at 44 (arguing it was a "blatant falsehood" to suggest the FTC asserts a "dark patterns" theory), *with* Dkt. 131 at 23 (citing OPA press releases describing complaint as a "challenge [to] alleged dark digital patterns").

[5] The FTC's initial disclosures identify multiple non-attorney employees as likely to possess relevant information, including Economist Violette and Investigator Rottner.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

strengths and weaknesses of alternative views" or analyze "what is not the law and why it is not the law." *Tax Analysts v. IRS.*, 117 F.3d 607, 616-18 (D.C. Cir. 1997).

\*\*\*

As the FTC has been told by another court, it cannot "resist discovery by challenging the merits of a claim or defense" because "[d]iscovery exists to determine if a claim or defense has merit." *FTC v. AMG Servs., Inc.*, 2015 WL 5097526, at \*8 (D. Nev. Aug. 28, 2015). Here, Defendants' arguments regarding lack of fair notice and knowledge are not merely theories, but rather defenses substantiated by the FTC's words and conduct. Because "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant," Defendants respectfully request the Court grant their motion. *Khalilpour v. CELLCO Partnership*, 2010 WL 1267749, at \*1 (N.D Cal. April 1, 2010).

DATED March 1, 2024.

I certify that this memorandum contains 2,090 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: kenpayson@dwt.com
          jimhoward@dwt.com

COVINGTON & BURLING LLP

    Stephen P. Anthony\*
    Laura Flahive Wu\*
    Laura M. Kim\*
    John D. Graubert\*
    850 Tenth Street, NW
    Washington, DC  20001
    Telephone: (206) 662-5105
    E-mail: santhony@cov.com

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

lflahivewu@cov.com
lkim@cov.com
jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
          mkaba@hueston.com
          jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax