The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>    Defendants. | No. 2:23-cv-0932-JHC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY RELATING TO DEFENDANTS' MOTIONS TO DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, March 22, 2024 |

Plaintiff Federal Trade Commission ("FTC") respectfully requests leave to file the attached proposed Response (the "Response") to Defendants' Notice of Supplemental Authority (Dkt. #149; the "Notice"). In support of its motion, the FTC states as follows:

1. On March 1, 2024, Defendants filed the Notice, which described and attached Judge Martinez's decision granting in part and denying in part Amazon's motion to dismiss in *Daly, et al. v. Amazon.com, Inc., et al.*, No. 22-cv-00910-RAJ (W.D. Wash.).

2. Local Civil Rule 7(n) permits the filing of notices of supplemental authority, but neither permits nor prohibits the filing of responses to such notices. Whether to permit the FTC

PLAINTIFF'S MOTION FOR LEAVE TO RESPOND
TO NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

1

to file its Response is therefore a matter committed to the Court's "sound discretion." *See, e.g., C&R Forestry, Inc. v. Consol. Hum. Res., AZ, Inc.*, 2007 WL 914198, at *3 (D. Idaho Mar. 23, 2007) ("A decision to grant or deny a party's motion to supplement their briefings is committed to the sound discretion of the court.") (citing *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982)).

3. Here, permitting the Response's filing is appropriate because the Response is necessary to address two material omissions in Defendants' Notice. Specifically, as described in more detail in the attached Response, Defendants' Notice omits that (1) Judge Martinez allowed the *Daly* plaintiffs' state-law challenges to Amazon *cancellation* practices (across multiple subscription services, including Prime) to proceed (Dkt. #149 at 19-20), and (2) that what Defendants label the "challenged Amazon Prime enrollment process" (Dkt. #149 at 1)—which Judge Martinez found not to violate to the Oregon and Washington auto-renewal laws—was the enrollment process challenged in *Daly*, which is different from the enrollment processes challenged by the FTC.

**LOCAL RULE 7(e) CERTIFICATION**

I certify that this memorandum contains 283 words, in compliance with the Local Civil Rules.

PLAINTIFF'S MOTION FOR LEAVE TO RESPOND
TO NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

2

Dated: March 4, 2024

/s/ Evan Mendelson
EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar # 6330190)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S MOTION FOR LEAVE TO RESPOND
TO NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

3