The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>    Defendants. | No. 2:23-cv-0932-JHC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY RELATING TO DEFENDANTS' MOTIONS TO DISMISS** |

On March 1, 2024 Defendants filed their Notice of Supplemental Authority (Dkt. #149) regarding Judge Martinez's decision granting in part and denying in part Amazon's motion to dismiss in *Daly, et al. v. Amazon.com, Inc., et al.*, No. 22-cv-00910-RAJ (W.D. Wash.). Defendants' description of *Daly* omits two key points.

First, Defendants do not mention that Judge Martinez declined to dismiss the *Daly* plaintiffs' challenge to Amazon's subscription-cancellation practices. Specifically, the *Daly* plaintiffs alleged that Amazon violated California and Oregon law by failing to provide a "timely, and easy-to-use mechanism for cancellation" across its subscription services, including

PLAINTIFF'S RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 2:23-cv-0932-JHC

1

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

Prime.  *See* Dkt. #149 at 19-20.  As relevant to the FTC's claim that Amazon failed to provide "simple" cancellation mechanisms, the Court held that the plaintiffs had "made a *prima facie* showing that [a violation of California and Oregon law] occurred related to the cancellation mechanism."  *Id.* at 20.

Second, Defendants obscure the fact that their use of the phrase "challenged Amazon Prime enrollment process" refers to the enrollment process challenged in *Daly*, which is different from the enrollment processes at issue here.  Specifically, the FTC's allegations challenge Amazon's Prime enrollment practices relating to (1) consumers who are attempting to purchase products on Amazon and instead end up enrolled in Prime (through, for example, the "UPDP" and "SPC" enrollment pages) and (2) consumers who enroll in Prime while thinking they are enrolling in Prime *Video*.  Dkt. #67 ¶¶ 34-126; Dkt. #126 at 12-23.  The *Daly* plaintiffs made no allegations regarding either of those enrollment flows.  Instead, they described the enrollment experience of consumers who visit the "Amazon Website" and then affirmatively "select" a subscription service (including Prime) in which to enroll.  *Daly* Complaint (Dkt. #14) ¶¶ 67-68.

PLAINTIFF'S RESPONSE TO DEFENDANTS'  
NOTICE OF SUPPLEMENTAL AUTHORITY  
Case No. 2:23-cv-0932-JHC  
2  
Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3320

| | |
|---|---|
| Dated: March 26, 2024 | /s/ Evan Mendelson<br>EVAN MENDELSON (DC Bar #996765)<br>OLIVIA JERJIAN (DC Bar #1034299)<br>THOMAS MAXWELL NARDINI<br>(IL Bar # 6330190)<br>Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Washington DC 20580<br>(202) 326-3320; emendelson@ftc.gov (Mendelson)<br>(202) 326-2749; ojerjian@ftc.gov (Jerjian)<br>(202) 326-2812; tnardini@ftc.gov (Nardini)<br><br>COLIN D. A. MACDONALD (WSBA # 55243)<br>Federal Trade Commission<br>915 Second Ave., Suite 2896<br>Seattle, WA 98174<br>(206) 220-4474; cmacdonald@ftc.gov (MacDonald)<br><br>Attorneys for Plaintiff<br>FEDERAL TRADE COMMISSION |

PLAINTIFF'S RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

3