The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*<br><br>    Defendants. | No. 2:23-cv-0932-JHC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF NOTICE OF SUPPLEMENTAL AUTHORITY** |

    The FTC's response to Defendants' Notice of Supplemental Authority regarding *Daly, et al. v. Amazon.com, Inc., et al.*, No. 22-cv-00910 (W.D. Wash.), does not accurately describe the import and applicability of *Daly* to this action.

    Although the FTC attempts to distinguish *Daly* by arguing that the Prime enrollment process challenged in that case is "different" from the enrollment processes in this case (Dkt. 151, Ex. 1 at 2), they are essentially the same. Indeed, the *Daly* plaintiffs and the FTC challenge the enrollment process for the same Amazon subscription service (Prime) and complain about the same design elements. *Compare, e.g., Daly* Dkt. 14 ¶¶ 74-77 (characterizing the material terms in the enrollment processes as "smaller" than surrounding text and beneath the final checkout button), *with* Dkt. 67 ¶¶ 43, 50, 61, 231 (stating same).

    Comparing the Prime flows at issue in each case, while there are minor differences in the presentation of Prime's benefits, the location, presentation, and substance of the "material terms" considered by Judge Martinez (and to be considered by this Court) are virtually identical. *Compare* Dkt. 67 ¶ 107 (identifying price and auto-renewal disclosures as material terms), *with*

1  Dkt. 149, Ex. A [*Daly* Order] at 11 (stating same).  For example, the enrollment flows
2  challenged in both *Daly* and here: (a) disclose Prime's price and autorenewal terms in nearly the
3  same language, positioned near the same location on the offer page, using the same bolded
4  typeface; and (b) present enrollment and decline links in nearly the same language, placed near
5  the same location, using the same colors.  These similarities are evident simply by comparing
6  screenshots from the *Daly* complaint and the FTC's complaint.

*Daly* Dkt. 14 [*Daly* Amended Complaint] ¶ 69 (arrows added for emphasis):



DEFENDANTS' REPLY ISO NOTICE OF
SUPPLEMENTAL AUTHORITY - No. 2:23-cv-0932-JHC
– 2

Dkt. 67 [FTC Amended Complaint] at Ex. D (arrows and red box added for consistency):



The FTC also suggests that the Court should disregard *Daly* because the plaintiffs did not allege that they were "attempting to purchase products on Amazon and instead end[ed] up enrolled in Prime." Dkt. 151, Ex. 1 at 2. But one of the *Daly* plaintiffs did allege that when "purchas[ing] her Kindle Device," she was "unwittingly enrolled" into an auto-renewing subscription. *Daly* Dkt. 14 ¶¶ 12, 145, 149. Nevertheless, Judge Martinez found all the challenged processes in *Daly* satisfied the Automatic Renewal Laws' (ARLs') disclosure and consent requirements as a matter of law.[1] *See* Dkt. 149, Ex. A at 11-14. The FTC's attempted deflection of *Daly* also does not explain why nearly identical language, using the same font, in a parallel or similar placement can be "clear and conspicuous" as a matter of law in some situations but not in others.

---

[1] Judge Martinez reached that conclusion based on a facial review of the enrollment processes, regardless of the context in which they were presented, and despite the *Daly* plaintiffs' allegations (similar to the FTC's) about the purported implications of internal Amazon documents. *Daly* Dkt. 14 ¶¶ 33, 94.

DEFENDANTS' REPLY ISO NOTICE OF
SUPPLEMENTAL AUTHORITY - No. 2:23-cv-0932-JHC
– 3

Finally, the FTC notes that Judge Martinez declined to dismiss the *Daly* plaintiffs' challenge to Amazon's subscription-cancellation practices.  Dkt. 151, Ex. 1 at 1.  But the FTC omits that the California and Oregon ARLs at issue in *Daly* impose cancellation-related requirements that go above and beyond ROSCA's requirements.  For example, the California ARL requires that consumers be permitted to terminate their subscription "exclusively online, at will, and without engaging any further steps that obstruct or delay immediate cancellation."  Dkt. 149, Ex. A at 15.  ROSCA, by contrast, requires only "*simple mechanisms* for a consumer to stop recurring charges …."  15 U.S.C. § 8403(3) (emphasis added).  As explained in Defendants' Motions to Dismiss, Amazon provides multiple simple cancellation methods.  Dkt. 85 at 16-20.

DATED March 27, 2024.

DAVIS WRIGHT TREMAINE LLP

By *s/ Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
           jimhoward@dwt.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
           lflahivewu@cov.com
           lkim@cov.com
           jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
mkaba@hueston.com
jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI