The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

FEDERAL TRADE COMMISSION,

    Plaintiff,

  v.

AMAZON.COM, INC., *et al*.

    Defendants.

Case No. 2:23-cv-0932-JHC

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

NOTE ON MOTION CALENDAR:
June 3, 2024

PLAINTIFF'S MOTION TO MODIFY
SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Plaintiff Federal Trade Commission ("FTC") moves this Court to modify its Scheduling Order (Dkt. #66) to allow sufficient time for the FTC to conduct discovery and prepare its expert report(s).  Specifically, Defendant Amazon has yet to produce data regarding all U.S. Amazon Prime members requested by the FTC last September.  The data not only is critical to the FTC's ability to estimate consumer harm, but also likely will provide additional proof that Amazon enrolled consumers in Prime without their express informed consent and failed to provide simple cancellation mechanisms.  To ensure the FTC has sufficient time to analyze this voluminous data—which Amazon has possessed and analyzed for years—the FTC respectfully requests that the Court push back the opening expert report deadline by four months, to November 8, 2024.  The FTC's proposed revised schedule also adds a rebuttal expert report deadline (currently not included in the Scheduling Order) and pushes back the fact discovery deadline by six weeks to October 18, 2024, the dispositive and *Daubert* motions deadline by four months to February 2025, and the trial date by five months to July 2025.

I.   BACKGROUND

On August 25, 2023, the parties submitted their Joint Status Report and Discovery Plan, which contained alternate proposed case schedules.  Dkt. #65 at 18-24.  The FTC explained that its investigation "by necessity (given the relevant statute of limitations) and design (given the purpose of pre-complaint investigations), left many stones unturned, including, for example, obtaining and interrogating detailed customer data held by Amazon that likely will support the FTC's claims."  *Id.* at 9.  In its section of the Report, Amazon noted that "[d]ata sets can be complex and pose unique ESI challenges."  *Id.* at 4.  Amazon nevertheless argued that fact discovery should close in December 2023 (after less than five months).  *Id.* at 21.  On September 14, 2023, the Court entered its Minute Order Setting Trial Date and Related Dates (the "Scheduling Order").  Dkt. #66.  The Court set a cutoff date for all discovery—without a separate fact discovery cutoff—of September 6, 2024.  Under the Scheduling Order, all parties' expert reports are due on July 8, 2024.

PLAINTIFF'S MOTION TO MODIFY
SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

On September 8, 2023, the FTC served on Amazon a series of document requests, including Requests for Production of Documents ("RFPs") Nos. 55, 56, 60, 67, 68, 69, 70, and 73, seeking crucial, detailed data concerning all Amazon Prime subscribers since May 1, 2017. *See* Ex. A (Dkt. #160), Attach. 1 at 9-19.  On October 9, 2023, Amazon provided its written response to the RFPs.  *See* Ex. A, Attach. 2 at 11-33.  Although Amazon stated it would produce the requested data (while preserving certain objections), it did not provide a time within which it would make the production.  *See id.*  The FTC repeatedly followed up with Amazon, starting in October 2023, to obtain a production date for this data.  Ex. A, Attach. 3 at 3-4.  Indeed, it has sent at least eight letters or emails, and met-and-conferred on at least four occasions, to inquire about the scope of Amazon's productions (*i.e.*, whether it would be able to produce all of the requested data) and an anticipated production date for the full dataset.  *See* Ex. A at ¶¶ 6, 10, 17, 23 (meet-and-confers); Ex. A, Attachs. 3, 4, 7, 8, 11, 13, 14, 16 (FTC's letters and emails).

In December 2023 (three months after the FTC issued its data requests and at around the time Amazon originally asked the Court to end fact discovery), Amazon proposed that it provide the FTC with the requested data for a very small subset of Prime members—ultimately, 100 people—so that Amazon and the FTC could discuss whether the data Amazon intended to provide was fully responsive to the FTC's requests before Amazon went ahead with the full data pull.  *See* Ex. A, ¶ 6.  Amazon provided the first sample dataset on January 19, 2024, before providing additional datasets—in response to the FTC's identifying the datasets were incomplete—on February 27 and March 8, 2024.  *See* Ex. A, Attachs. 6, 9, and 10.  Even the March 8 sample was not complete, as Amazon has continued to disclose particular categories of data that it had yet to locate but still intended to produce.  *See* Ex. A, Attach. 12 at 3.  On March 22, in response to the FTC's March 15 inquiry about deficiencies in the datasets, Amazon, confusingly, blamed the FTC for not "confirm[ing] that the data Amazon has produced so far sufficiently responds to the FTC's requests" while simultaneously stating that "sample was never intended to be exhaustive."  Ex. A, Attach. 12 at 3.  In a transparent attempt to shift the blame to

PLAINTIFF'S MOTION TO MODIFY
SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

the FTC for the delayed production, Amazon also falsely claimed to have "repeated[ly] request[ed] . . . confirmation that the FTC [was] even in a position to receive such a large volume of data." Ex. A, Attach. 12 at 2. Additionally, Amazon faulted the FTC for not saying it would not accept a "statistical sample of the requested data" until April 3, 2024. *See* Ex. A, Attach. 15 at 2. However, Amazon had only raised the possibility of providing a "statistical sample" on a February 8, 2024 call, at which time Amazon asked the FTC to consider whether it would accept such a sample.[1] *See* Ex. A, ¶ 10. Amazon did not mention the "statistical sample" issue again until March 22, much less claim that the FTC's not having provided its position was somehow slowing Amazon's efforts to locate responsive data. *See* Ex. A, ¶ 14.

The FTC responded to Amazon's March 22 letter on March 25, requesting a call to address questions to which the FTC needed answers before it could respond in full. Amazon was not available for that call until April 2. *See* Ex. A, Attach. 7 at 2. On the April 2 call, Amazon told the FTC it had not located and pulled all of the requested data. *See* Ex. A, ¶ 17. On April 3, the day after the call, the FTC confirmed that it expected Amazon to produce the entire requested dataset, rather than a "statistically significant" sample, as Amazon had proposed. Ex. A, Attach. 13 at 2-3. The FTC also confirmed the manner in which it preferred to receive the data and asked "when [Amazon] anticipate[s] transferring the data and the final data size, so [the FTC] can plan accordingly." *Id.* Amazon did not respond until April 26, when it failed to provide a production date but told the FTC that it "estimate[s] that [the] full dataset will be approximately 100 [terabytes]" and "will include data for approximately 250-300 million

---

[1] The FTC and Amazon have discussed two types of "sampling." The first type of sampling was for breadth—i.e., so that the parties could ensure Amazon captured the "types" of data requested by the FTC before Amazon made its full production. Amazon completed this sampling by providing datasets that covered 100 Prime members, as described above. Amazon first proposed this sampling on December 14, 2023, and the FTC immediately agreed to it. Ex. A, ¶¶ 6-7 . The second type of sampling—for depth—was Amazon's suggestion to produce only a "statistical sample" of the data ***instead of*** the full dataset. *See* Ex. A, ¶ 10. Amazon did not propose this type of sampling until February 8, 2024. *Id.*

PLAINTIFF'S MOTION TO MODIFY
SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

consumers." Ex. A, Attach. 15 at 2.  Once again, without citation, Amazon falsely accused the FTC of an "unwillingness to respond to Amazon's requests for confirmation regarding the data production process." *Id.*  To date, and more than one month after the FTC confirmed how it wanted to receive the data, Amazon has neither provided an estimated production date nor stated exactly which categories of data it could not locate.  Ex. A, Attachs. 14 at 3 (FTC Letter); 15 at 2 (Amazon Letter), and 16 at 7-8.

On April 17, the FTC reached out to Amazon and proposed filing a Joint Motion to amend the schedule, in part because "Amazon has not produced the complete data requested in the FTC's Third Set of RFPs" and "Defendants have not answered the Amended Complaint (which will necessarily affect the scope of discovery)." Ex. A, Attach. 16 at 8.  Specifically, as reflected in the table below, the FTC suggested a four-month extension for the opening expert reports and subsequent deadlines[2] and added a rebuttal expert report deadline.  *See id.*

| Event | Existing Deadline (Dkt. #66) | Proposed Deadline |
|---|---|---|
| Deadline for Amended Pleadings | July 8, 2024 | August 9, 2024 |
| Motions Relating to Fact Discovery | August 7, 2024 | September 18, 2024 |
| Fact Discovery Deadline | September 6, 2024 | October 18, 2024 |
| Opening Expert Reports (all parties) | July 8, 2024 | November 8, 2024 |
| Rebuttal Expert Reports (all parties) | -- | December 20, 2024 |
| Motions Relating to Expert Discovery | August 7, 2024 | January 6, 2025 |
| Expert Discovery Deadline | September 6, 2024 | January 31, 2025 |
| Dispositive and *Daubert* Motions | October 7, 2024 | February 28, 2025 |
| Responses to Dispositive and *Daubert* Motions | October 28, 2024 (calculated under LCR 7) | March 31, 2025 |
| Replies In Support of Dispositive and *Daubert* Motions | November 4, 2024 (calculated under LCR 7) | April 11, 2025 |
| Settlement Conference | December 5, 2024 | April 25, 2025 |
| Motions in Limine | December 23, 2024 | June 2, 2025 |
| Agreed Pretrial Order | January 13, 2025 | June 13, 2025 |
| Deposition Designations | January 15, 2025 | June 17, 2025 |

---

[2] The FTC proposed a five-month trial extension to accommodate an expanded summary judgment briefing schedule.

PLAINTIFF'S MOTION TO MODIFY
SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

| | | |
|---|---|---|
| Pretrial Conference (1:30 pm) | January 21, 2025 | June 24, 2025 |
| Trial Briefs, Proposed Findings of Fact, and Conclusions of Law | January 27, 2025 | June 30, 2025 |
| Trial Date | February 3, 2025 | July 14, 2025 |

On April 24, Amazon notified the FTC that it did not consent to modify the schedule because, in part, "the FTC has requested an unreasonable amount of data, and refused to accept a sample" and Amazon "anticipate[s] completing the data production well before the deadlines for expert reports or fact discovery completion in the existing Scheduling Order." *Id.* The parties met-and-conferred on May 1, 2024, and the FTC again asked Amazon for an anticipated production date for the data. Amazon was unable to provide one. The parties were unable to reach an agreement on a proposed new schedule. *Id.*

## II.   LEGAL STANDARD

The Court may modify a scheduling order "for good cause." Fed. R. Civ. P. 16(b)(4); *see also* Local Rules W.D. Wash. LCR 16(b)(6). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Pliego v. Walmart, Inc.*, 2024 WL 1039754, at *1 (E.D. Cal. Feb. 5, 2024) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Hopkins v. Integon Gen. Ins. Corp.*, 2023 WL 2711664, at *1 (W.D. Wash. Mar. 30, 2023) (same). The Court may also "consider in making its good cause determination whether prejudice would result to the party opposing amendment." *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP.*, 430 F. Supp. 2d 1157, 1163 (D. Nev. 2006) (citation omitted).[3]

---

[3] When ruling on a motion to amend the scheduling order, courts also consider whether trial is imminent and whether the request is opposed. *See Hopkins*, 2023 WL 2711664, at *1 (citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)). Trial is not imminent, and Amazon is opposing this request. The other *Hopkins* factors—whether the non-moving party would be prejudiced; whether the moving party was diligent in obtaining discovery; the foreseeability of the need for additional discovery; and the likelihood that the discovery will lead to relevant evidence—are addressed below.

PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

### III. ARGUMENT

Good causes exists for the FTC's requested four-month extension to the expert report deadline and related schedule adjustments. Specifically, the FTC has been diligent in pursuing discovery, but nevertheless modification of the Scheduling Order is necessary primarily because (1) Amazon has yet to produce (and the FTC therefore could not possibly have started to analyze) the approximately 100 terabytes of responsive data described above and (2) Defendants have not filed their Answer to the FTC's Amended Complaint, which may add affirmative defenses as to which discovery is necessary. Moreover, modifying the schedule would not prejudice Defendants.

#### A. The FTC Has Acted Diligently in Attempting to Obtain Critical Data from Amazon.

As detailed above, the FTC issued its data requests shortly after discovery opened, followed up multiple times on production deficiencies, and engaged in several meet-and-confers to resolve disputes and obtain an estimated production date for the data. The FTC was also diligent in seeking out this schedule modification. It reached out to Amazon on April 17. Amazon rejected the FTC's proposed extension on May 6. The FTC is filing the instant motion as soon it became clear the parties would not agree on a modified schedule.

Despite its diligence, the FTC would be significantly handicapped were it forced to comply with the Scheduling Order as written. Less than two months from the due date for expert reports, Amazon remains unable, or unwilling, to share a production date for its consumer data; likewise, Amazon has not made clear exactly what data it will or will not provide. It would therefore be extraordinarily difficult for the FTC to meet the current expert opening report deadline of July 7—a little over two months away—as the FTC's expert(s) would need to conduct a detailed analysis of up to 100 terabytes of data and draft at least one expert report in less than two months, even assuming the data received from Amazon is fully responsive and

PLAINTIFF'S MOTION TO MODIFY
SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

requires no further follow-up from the FTC.[4] *See, e.g., Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007) (holding that the trial court abused its discretion by denying a schedule modification where the movant missed its deadline due to the non-movant's actions); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 59 (S.D.N.Y. 2019) (finding good cause to extend the expert report deadline because the movant was diligent and the non-movant delayed producing information that the expert needed for their report); *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 497 (S.D.W. Va. 2003) (finding good cause to extend deadline to amend a complaint because the defendants provided discovery responses four months after the plaintiff served discovery requests). Amazon, by contrast, has not only possessed this data for years, but has periodically analyzed it to evaluate the "clarity" of its Prime enrollment flows. *See, e.g.*, Dkt. #4, Ex. A at 172-77. Additionally, it is bizarre for Amazon to insist that the FTC process and analyze, in less than two months, a data set so complex that it apparently took Amazon over eight months to even gather.[5]

Amazon asserted in a pre-motion exchange that the FTC is to blame for Amazon's delayed production because it refused to accept a "statistical sample of the requested data" and because the FTC did not tell Amazon it would not accept a sample until April 3, 2024.[6]

---

[4] The FTC reserves the right to seek further schedule modifications depending on when Amazon makes its data production and whether the production is, in fact, complete. The FTC made the current proposal on April 17, with the expectation that Amazon would have produced the data by now.

[5] The FTC's proposed schedule also extends the fact discovery deadline from September 6 to October 18, 2024. This extension would allow the parties extra time to work through existing disputes, and schedule depositions, without needing the Court's intervention. Assuming Amazon produces complete data, it would allow the FTC to complete additional discovery related to the data. In any event, the fact-discovery extension would not prolong the case because fact discovery would still be complete before the FTC's proposed expert report deadline.

[6] Amazon also suggested the FTC has expanded its data requests, as late as April 12. Ex. A, Attach. 16. This is incorrect. The FTC has simply asked Amazon, including on April 12, to clarify whether it will produce all of the data requested in the original RFPs, and to identify Amazon's basis for withholding any data it will not produce. Ex. A, Attach. 14 at 3.

PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Amazon's argument is illogical and counterfactual. As of April 2, 2024, Amazon had not fully "scoped" the data production—*i.e.*, it had not located or determined how to pull all categories of data the FTC requested. *See supra* at 3-4. Therefore, Amazon could not possibly have provided complete requested data even for a sample of Amazon's consumers at that point. Additionally, as described above, Amazon did not even ask the FTC to consider accepting a "statistical sample" in lieu of a complete production until a February 8, 2024 call and then remained silent on the subject for another six weeks. Amazon's focus on the sampling issue as rationalizing its delayed production is a red herring in any event. To produce even a "statistically significant" sample, Amazon would first need to locate the categories of data requested the FTC, a task it had not completed as of April 2. *See id.* Even if Amazon completed that process and produced a "statistical sample" of, for example, data for 10% of Prime members, that data would still be approximately 10 terabytes and require extensive time and resources to analyze. Amazon has not contended otherwise.

**B.     Defendants Have Not Yet Answered the FTC's Amended Complaint.**

None of the four Defendants have filed an Answer and therefore have not asserted any affirmative defenses or counterclaims, as their Motions to Dismiss are pending. Dkts. #83 and #85. Once the Defendants file their Answers, the FTC may need to conduct discovery on any defenses or claims they raise, which, in turn, may impact its expert reports and the subsequent case management deadlines, including the close of fact discovery. *See, e.g.*, *Page v. Chemours Co. FC, LLC*, 2023 WL 36081, at *1 (S.D.W. Va. Jan. 4, 2023) (finding good cause to extend the discovery deadline because the court's ruling on the pending motion to dismiss "may require defendant to file an answer and specify its affirmative defenses"); *Lopez v. Schwarzenegger*, 2012 WL 78377, at *6 (E.D. Cal. Jan. 10, 2012), *report and recommendation adopted*, 2012 WL 671680 (E.D. Cal. Feb. 29, 2012) (finding good cause to extend discovery deadlines due to, in part, a pending motion to dismiss); *Malone v. Clark Number, P.S.*, 2008 WL 8933296, at *1 (W.D. Wash. Nov. 5, 2008) (finding good cause to grant an extension of the discovery deadline

PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 8

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

where a motion to dismiss was pending).  The proposed schedule modification endeavors to allow sufficient time for any discovery necessitated by Defendants' Answers to take place in a timely manner.

### C. The Proposed Modified Schedule Would Not Prejudice Defendants.

During the parties' pre-motion discussions, Defendants did not raise any concerns that they would be prejudiced by the FTC's proposed schedule.  *See Crockett*, 430 F. Supp. 2d at 1164 (finding good cause to modify the schedule because a modification did not prejudice the non-movants at that stage in litigation).  Nor would there be any plausible basis for Defendants to argue that delaying the case by less than six months would in any way prejudice them.

### CONCLUSION

For the foregoing reasons, the FTC respectfully requests the Court enter the attached Order.

### LOCAL RULE 7(e) CERTIFICATION

I certify that this memorandum contains 3,190 words.

Dated:  May 13, 2024

/s/ Olivia Jerjian
EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 9

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S MOTION TO MODIFY
SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 10

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320