The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>    Defendants. | **Case No. 2:23-cv-0932**<br><br>**STIPULATED MOTION TO SEAL MATERIAL CITED IN EXHIBIT A OF FTC'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>NOTE ON MOTION CALENDAR:<br>May 13, 2024 |

Pursuant to Local Civil Rule 5(g), Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") and Defendant Amazon.com, Inc. ("Defendant" or "Amazon") respectfully jointly move the Court to seal certain documents, or excerpts thereof, cited in the Declaration of Evan Mendelson ("Mendelson Declaration"), which is Exhibit A of the Plaintiff's Motion to Modify the Scheduling Order ("Motion to Modify"). *See* Dkt. #158. In support of this Stipulated Motion, Plaintiff and Defendant state as follows.

1.  On May 13, 2024, the FTC filed its Motion to Modify. Dkt. #158.

STIPULATED MOTION TO SEAL MATERIAL
CITED IN EXHIBIT A OF MOTION TO MODIFY
Case No. 2:23-cv-0932

1

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

2. On the same day, the FTC filed under seal an unredacted version of the Mendelson Declaration. Dkt. #160. The FTC has also filed redacted, public versions of these materials. Dkt. #161.

3. The FTC and Amazon jointly move to seal materials cited in the Mendelson Declaration (the "Sealed Material"), which are identified in the chart below and attached as exhibits to the Mendelson Declaration. The proposed sealed portions are highlighted in blue in the exhibits attached to the unredacted Mendelson Declaration filed under seal. *See* Dkt. #160.

4. The Court's Protective Order (ECF No. 124 ¶ 5.4) and Local Rule 5(g)(3)(B) require that the Party seeking to file information under seal provide (1) a statement of the applicable legal standard, (2) the legitimate private or public interests that warrant the relief sought, (3) the injury that will result if the relief sought is not granted, and (4) why a less restrictive alternative to the relief sought is not sufficient. Amazon submits paragraphs 5-8 in accordance with these requirements.

5. A party seeking to seal documents attached to a non-dispositive motion need only show "good cause" to keep the documents from public view because "the public has less of a need for access to court records attached only to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("good cause" standard applies to non-dispositive motion unrelated to the merits of the case). The Motion to Modify is a non-dispositive motion. To show good cause, the moving party must articulate a specific harm that would occur if the subject information was made public. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Furthermore, even under the heightened "compelling

STIPULATED MOTION TO SEAL MATERIAL  
CITED IN EXHIBIT A OF MOTION TO MODIFY  
Case No. 2:23-cv-0932  
2

Federal Trade Commission  
600 Pennsylvania Avenue NW  
Washington, DC 20580  
(202) 326-3320

reasons" standard used for sealing information attached to dispositive motions, courts have long recognized that "business information that might harm a litigant's competitive standing" should be sealed. *See, e.g.*, *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6. Amazon's legitimate business interests warrant the relief sought. Amazon seeks to seal only limited confidential business information, such as internal metrics and proprietary internal analyses, similar to those described in Amazon's declaration in support of its earlier motion to seal. *See* ECF No. 42. This Court granted a motion to seal similar information under a heightened "compelling reasons" standard in this case. *See* ECF No. 79. The limited information that Amazon seeks to seal thus easily satisfies the applicable "good cause" standard. For the Sealed Material, Amazon further takes the following positions:

| Document | Proposed Seal | Amazon's Position |
|---|---|---|
| FTC's Third Set of Requests for the Production of Documents | Redactions, at page 18 | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Amazon's Responses and Objections to FTC's Third Set of Requests for the Production of Documents | Redactions, at page 34-35 | Proposed redactions are necessary to protect highly sensitive commercial information. |
| February 15, 2024 Letter from FTC Counsel to Defendants' Counsel | Redactions, at pages 2-4 | Proposed redactions are necessary to protect highly sensitive commercial information. |
| March 15, 2024 Letter from FTC Counsel to Defendants' Counsel | Redactions, at pages 2-5 | Proposed redactions are necessary to protect highly sensitive commercial information. |
| March 22, 2024 Letter from Defendants' Counsel to FTC Counsel | Redactions, at pages 2-3 | Proposed redactions are necessary to protect highly sensitive commercial information. |

STIPULATED MOTION TO SEAL MATERIAL
CITED IN EXHIBIT A OF MOTION TO MODIFY
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

3

| April 12, 2024 Letter from FTC Counsel to Defendants' Counsel | Redactions, at pages 2-4 | Proposed redactions are necessary to protect highly sensitive commercial information. |

7. As explained in Amazon's original motion to seal similar information, which the Court granted, the public release of this information would harm Amazon's competitive position. *See* ECF No. 41. The risk of Amazon's competitors using this commercially sensitive information to their own advantage significantly outweighs any limited public interest in public disclosure of these few discrete pieces of information. *See, e.g.*, *McCrary v. Elations Co. LLC*, 2014 WL 12589137, at *6 (C.D. Cal. Dec. 2, 2014) (sealing internal clinical studies and consumer surveys because "disclosure of these documents could benefit Defendant's competitors and reduce any business advantage that Defendant currently possesses"). In addition, Amazon seeks to seal images and names of customers who have taken Amazon surveys, which is consistent with the previous redactions and sealed filings that Amazon sought and this Court granted. *See* ECF Nos. 41 & 79.

8. There is no less restrictive alternative to sealing the discrete pieces of information that Amazon has identified. Amazon has applied only limited redactions wherever possible, and otherwise seeks to seal in full only a few documents which are so thoroughly full of confidential information that redactions would not be feasible. This approach is aligned with the previous redactions and sealed filings that Amazon sought and this Court granted. *See* ECF Nos. 41 & 79.

9. The FTC stipulates to filing under seal the documents or portions of documents identified above. It takes no position as to Amazon's assertions in paragraphs 5-8 above.

STIPULATED MOTION TO SEAL MATERIAL CITED IN EXHIBIT A OF MOTION TO MODIFY
Case No. 2:23-cv-0932

4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

**LOCAL RULES 5(g)(3)(A), 7(e) CERTIFICATION**

Pursuant to Local Rule 5(g)(3)(A), undersigned counsel certify that they met and conferred by email on May 7-10, 2024 to reach the agreement described in this Stipulated Motion.

Undersigned counsel also certify that this memorandum contains 952 words, in compliance with the Local Civil Rules.

Dated: May 13, 2024

/s/ Olivia Jerjian

EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

STIPULATED MOTION TO SEAL MATERIAL
CITED IN EXHIBIT A OF MOTION TO MODIFY
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

5

DAVIS WRIGHT TREMAINE LLP

By /s/ Kenneth E. Payson
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: kenpayson@dwt.com
           jimhoward@dwt.com

COVINGTON & BURLING LLP

    Stephen P. Anthony*
    Laura Flahive Wu*
    Laura M. Kim*
    John D. Graubert*
    850 Tenth Street, NW
    Washington, DC  20001
    Telephone: (206) 662-5105
    E-mail: santhony@cov.com
           lflahivewu@cov.com
           lkim@cov.com
           jgraubert@cov.com

    John E. Hall*
    415 Mission Street, Suite 5400
    San Francisco, CA  94105
    Telephone: (415) 591-6855
    E-mail: jhall@cov.com

    Megan L. Rodgers*
    3000 El Camino Real
    Palo Alto, CA  94306
    Telephone: (650) 632-4734
    E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

    John C. Hueston*
    Moez M. Kaba*
    Joseph A. Reiter*
    523 West 6th Street, Suite 400
    Los Angeles, CA  90014
    Telephone: (213) 788-4340
    E-mail: jhueston@hueston.com
           mkaba@hueston.com
           jreiter@hueston.com

*admitted pro hac vice

STIPULATED MOTION TO SEAL MATERIAL
CITED IN EXHIBIT A OF MOTION TO MODIFY
Case No. 2:23-cv-0932

6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1
2   Attorneys for Defendants
    AMAZON.COM, INC., NEIL LINDSAY,
3   RUSSELL GRANDINETTI, and JAMIL GHANI
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

STIPULATED MOTION TO SEAL MATERIAL
CITED IN EXHIBIT A OF MOTION TO MODIFY
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320