# ATTACHMENT 2

The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>             Plaintiff,<br><br>      v.<br><br>AMAZON.COM, INC.,<br><br>             Defendant. | No. 2:23-cv-0932-JHC<br><br>**DEFENDANT AMAZON.COM, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Amazon.com, Inc. ("Amazon") hereby provides the following objections and responses to Plaintiff's Third Set of Requests for Production of Documents, dated September 8, 2023, as follows.

## I.      PRELIMINARY STATEMENT

1.      The responses below reflect the current state of Amazon's knowledge, understanding, and belief with respect to the matters about which inquiry is made based upon its discovery and investigation to date. Amazon's discovery, investigation, and preparation for trial and other judicial proceedings are not yet complete and are continuing. Amazon anticipates that, as this litigation proceeds, it may discover additional documents, facts, and information, and reserves the right to continue its discovery and to modify or supplement its responses herein with such facts, documents, and information as it reasonably may discover, without obligating Amazon to do so.

2.      Amazon makes the following responses without prejudice to its rights to rely on or use, at trial or in other judicial proceedings in this litigation, subsequently discovered facts,

documents, or information, or facts, documents, and information omitted from these responses as a result of mistake, error, oversight, or inadvertence.  Amazon further reserves the right to object on appropriate grounds to the introduction of all or any portion of this response.

3.      Specific Objections ("Specific Objections") to each Request are made in Amazon's responses below.  In addition to the Specific Objections, Amazon also makes certain General Objections ("General Objections") to the Requests.  These General Objections are hereby incorporated by reference into the response made to each Request.  Further, Amazon's responses to these Requests are submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that response.

4.      Amazon's responses to any of the Requests are not to be construed as a waiver of any of its objections or its right to object to any other Request.  In responding to these Requests, Amazon neither waives nor intends to waive, and instead expressly reserves, any and all objections it may assert now or in the future, including objections to the relevance, competence, materiality, admissibility, or use (including introduction at trial or any hearing in this litigation) of any document or information produced in response to any Request.  Amazon's representations concerning whether it is withholding documents pursuant to any specific objection are based on its current understanding and the information reasonably available to it at this time.

5.      By submitting these objections, Amazon does not adopt, accede to, or waive objections to Plaintiff's purported definitions and instructions.  Amazon objects to Plaintiff's proposed definitions and instructions to the extent that they are vague, burdensome, susceptible to more than one meaning, or inconsistent with the ordinary and customary meaning of words and phrases or the rules governing discovery.

## II.      GENERAL OBJECTIONS

1.      Amazon objects to the Requests as unreasonably cumulative and duplicative of documents and information already provided to Plaintiff in its investigation of Amazon.  During Plaintiff's multi-year investigation, Amazon produced approximately 30,000 documents (from

more than 30 custodians negotiated with Plaintiff, using search terms requested by Plaintiff), and responded to more than 50 interrogatories and numerous informal requests for information.

2.     Amazon objects to the Requests to the extent they seek disclosure of documents, information, or communications protected by the attorney-client privilege, the attorney-client work-product doctrine, or any other legally recognized privilege.  Amazon will not provide any privileged or protected information or documents, and nothing herein may be construed as a waiver of any applicable privilege or protection.  Any inadvertent production of privileged or protected information or documents shall not be construed as a waiver of any privilege or protection attaching thereto.  Amazon reserves the right to supplement or amend these responses. Any supplemental or amended response(s) shall become the operative response(s).

3.     Any statement contained in this response regarding the future production of documents shall not be read as a waiver of any of the General Objections and/or an admission that such documents exist, but only that they will be produced to the extent that they exist, are not subject to any applicable privilege, and can be obtained without undue burden after a reasonable search.

4.     Amazon objects to each Request to the extent it calls for discovery that is not relevant to any claim or defense in this litigation.  Amazon construes each Request as limited to seeking relevant discovery.

5.     Amazon objects to each Request as unduly burdensome to the extent it calls for discovery that is not proportional to the needs of the case.  Amazon construes each Request as a request for Amazon to engage in a reasonable search that is proportional to the needs of the case.

6.     Amazon objects to the Requests as overbroad and unduly burdensome to the extent they seek documents and information regarding Amazon's business outside of the United States.  Such documents and information are not relevant to Plaintiff's Complaint and are outside the jurisdiction of the FTC.  Amazon will construe all Requests, Definitions, and Instructions as relating solely to the United States.

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 3

7.      Amazon objects to each Request to the extent it seeks information that is unreasonably cumulative or duplicative, that is publicly available, that is already in the possession, custody, or control of Plaintiff, that is of no greater burden for Plaintiff to obtain than Amazon, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive.

8.      Amazon objects to the Requests as overbroad and unduly burdensome to the extent that they seek data or information requiring search and collection of databases, data tables, or other systems that are not generally or currently used for such searches and collection in the ordinary course of business, or that would need to be created or modified solely for purposes of this litigation.  To the extent that Amazon agrees to search for responsive data or information, Amazon will engage in a reasonable search for responsive data or information.

9.      Amazon objects to each Request, Definition, and Instruction to the extent that it uses language incorporating or calling for a legal conclusion or making an erroneous statement of law or fact.  Unless explicitly provided, Amazon's responses herein shall not be construed as stating or implying any conclusions of law or fact concerning the matters referenced in any Request or concerning any matter related to this litigation.

10.     Amazon objects to the production of materials and documents in response to these Requests absent the entry of a protective order.

11.     Objections to each Request are made in Amazon's responses below.  The failure to state at this time any objection to the Requests is neither intended as, nor in any way shall be deemed to be, a waiver of Amazon's right to assert that or any other objection at a later date.

### A.      Objections to Instructions

12.     Amazon objects to Plaintiff's instructions to the extent that they purport to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules or are contrary to the terms of any Protective Order that is or will be entered in this case.  Amazon will comply with the Federal Rules of Civil Procedure,

the Local Civil Rules, and the terms of any Protective Order entered in this litigation, but assumes no further obligations in responding to these Requests.

13. Amazon further objects to Instruction D (regarding the scope of Amazon's search for responsive documents) on the grounds that this instruction purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.  Subject to its General Objections and Specific Objections, and consistent with the limits set forth in its specific responses, Amazon will conduct reasonable searches to identify the documents and information it agrees to produce in response to the Requests.

14. Amazon further objects to Instruction F (regarding the applicable time period) on the grounds that Plaintiff's proposed time period is overly broad, unduly burdensome, and results in requests that seek documents and information that are not relevant to the claims and defenses in this litigation.  Amazon will use May 1, 2017 to June 21, 2023, the day the Complaint was filed, as the applicable time period for all Requests, subject to such time period being reasonable in light of the burden imposed by any particular Request.

15. Amazon further objects to Instruction G (regarding the sharing of information with nonparties) to the extent it asserts a right to share documents or information with non-parties contrary to any Protective Order that is or will be entered in this case or any other applicable statute, regulation, or agreement.

16. Amazon further objects to Instruction H (regarding assertions of privilege) on the ground that it is unduly burdensome and seeks to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules. Amazon will provide a privilege log identifying the documents or information that it has otherwise agreed to produce, but withheld from production on the basis of a claim of privilege or immunity to the extent required by the Federal Rules of Civil Procedure, as modified by any agreement of the Parties or order of the Court.  When Amazon uses any terms or phrases that Plaintiff has purported to define, such terms and phrases should be given either (a) the meanings

set out by Amazon herein, if any, or (b) in the case of ordinary words that Plaintiff has attempted to define in a manner inconsistent with their meanings, the ordinary meaning of such words.

### B.   Objections to Definitions

17.     Amazon objects to the definitions of "Cancellation Procedure," "Cancellation Process," and "Enrollment Process" as vague, overbroad, and unduly burdensome.  Plaintiff's definitions purport to include, *e.g.*, "*all* immediately preceding steps" for cancellation and "*all* immediately preceding or immediately subsequent steps" including "elements that *could* influence the customer's behavior during, or understanding of, the process, flow, or experience" for enrollment.  These definitions place no actual or meaningful limitations on what could be considered part of the cancellation or enrollment process and therefore are unworkable.  Amazon will construe "Cancellation," "Cancellation Procedure," "Cancellation Process," and "Enrollment Process" to refer to the processes by which consumers enroll in Amazon Prime or cancel their Amazon Prime memberships.

18.     Amazon objects to the definition of "Diverted Cancel" as vague, confusing, unduly burdensome, and calling for a legal conclusion by defining a non-legal term.  Amazon further objects to this term to the extent it mischaracterizes consumers who begin but do not complete the process of cancelling their Amazon Prime membership, which may occur for any number of reasons.  This term does not have a defined, unified meaning within Amazon (or otherwise), and the term as defined by Plaintiff requires speculation and subjective evaluation of a consumer's beliefs and intentions.  Unless otherwise specified, Amazon responds to the Requests using this term based on the specific context of the information sought for each Request.  By responding to Requests containing the term "Diverted Cancel," Amazon does not represent or agree that this term has a single unified meaning within Amazon or that it accurately describes the experience of consumers of Amazon Prime.

19.     Amazon objects to the definitions of "Nonconsensual Enrollee" and "Nonconsensual Enrollment" as vague, confusing, unduly burdensome, and calling for legal conclusions.  Amazon further objects to these terms to the extent they mischaracterize consumers

who are enrolled in Amazon Prime.  These terms do not have a defined, unified meaning within Amazon (or otherwise), and the terms as defined by Plaintiff require speculation and subjective evaluation of a consumer's beliefs and intentions.  Amazon disagrees that any of its enrollees were nonconsensual.  In order to facilitate Plaintiff's discovery,  Amazon will construe Requests using these terms in a reasonable manner.  Unless otherwise specified, Amazon responds to the Requests using these terms based on the specific context of the information sought for each Request.  By responding to Requests containing the term "Nonconsensual Enrollee" or "Nonconsensual Enrollment," Amazon does not represent or agree that these terms have a single unified meaning within Amazon or that they accurately describe the experience of consumers of Amazon Prime.

20.     Amazon objects to the definition of "Negative Option Program" as overly broad, unduly burdensome, and calling for a legal conclusion.  Use of the term as defined by Plaintiff results in Requests that seek documents and information that are not relevant to the claims and defenses in this litigation, including documents and information related to non-Prime Amazon programs.   Amazon will construe "Negative Option Program" to refer only to Amazon Prime.

21.     Amazon objects to the definitions of "You" and "Your" as overbroad, vague, ambiguous, and unduly burdensome.  As defined, these definitions seek documents and communications from and concerning individuals and entities that have no relationship to the subject matter or disputed facts in this litigation, or are not under Amazon's direct control (*e.g.*, former employees).  Amazon will construe "You" and "Your" to refer to Amazon.com, Inc.

22.     Amazon objects to the definitions of "Document" and "Electronically Stored Information" to the extent that they seek to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.  Subject to its General Objections and Specific Objections, and consistent with the limits set forth in its specific responses, Amazon will conduct reasonable searches to identify the documents and information it agrees to produce in response to the Requests.

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 7

23.     Amazon objects to the definitions of "Referring to" or "Relating to" as overbroad, vague, ambiguous, and unduly burdensome.  These definitions place no actual or meaningful limitations on what could be considered as "referring to" or "relating to" and therefore are unworkable. In order to facilitate Plaintiff's discovery, Amazon will construe Requests using these terms in a reasonable manner.

### III.     SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 55:**

For every Amazon Prime member who enrolled in Prime on or after May 1, 2017, Documents or data sufficient to show:

a. the member's name, mailing address, email address, and telephone number;

b. the date(s) the person became a member;

c. for any "free trial" or "trial" offer accepted by the member at enrollment, the date the offer was accepted, and the date the trial period ended;

d. whether the member enrolled through a free trial, paid trial, "hard offer," or other enrollment offer;

e. the Enrollment Process or channel through which the member enrolled in Prime;[RFP Footnote 1]

f. the length of the member's trial period, if any;

g. the date and amount of all membership charges paid by, or billed to, the member, including any amount paid at the time of enrollment;

h. the dates and amounts of any refunds (including chargebacks) paid to the member and relating to a Prime membership charge;

i. the dates and amount of any customer service "concessions"[RFP Footnote 2] paid by You to the member and the reason for the concession (e.g., a refund of a member's bank overdraft fee resulting from a Prime membership charge);

j. the frequency with which the member's Prime membership automatically renewed (e.g., monthly or annually);

k. the date and "SICs" or "reason codes"[RFP Footnote 3] associated with all customer service contacts initiated by the member;

l. the member's Prime benefit usage by date and type of benefit used;[RFP Footnote 4]

m. the dates on which and number of times the Prime member visited "Prime Central"; [RFP Footnote 5]

n. the dates on which and number of times the Prime member visited Amazon.com the Amazon [sic] "mShop" App, or Kindle App after enrolling in Prime;[RFP Footnote 6]

o. whether the member opened a Prime "welcome" email and whether the member clicked on a link within the "welcome" email;

p. each date on which the Prime member either entered the online Prime Cancellation Process or contacted customer service to request cancellation (even if the member did not complete cancellation at that time) and the duration of these interactions;

q. if applicable, the dates on which the Prime member cancelled their Prime membership (or turned Prime auto-renew off) and the date on which the membership terminated;[RFP Footnote 7]

r. if applicable, the means by which the member cancelled their Prime membership (i.e., online or by phone) and the duration of the cancellation interaction;

s. if applicable, the reason the Prime member's membership was terminated (e.g., member's voluntary cancellation as opposed to failure to pay or provide billing information);

t. whether the Prime member received a survey asking for the member's reason for cancellation; and

u. the member's reason for requesting cancellation (whether provided in a cancellation survey, to customer service, or in any other manner).

[RFP Footnote 1] Examples of Enrollment Processes or channels include UPDP (Mobile), UPDP (Desktop), SPC (Mobile), SPC (Desktop), SOSP (Mobile), SOSP (Desktop), other "Checkout" channels, First Time User Experience, /Prime (or "slashprime"), other "Non-Checkout" channels, Prime Video, and other "Digital" channels. *See, e.g.*, AMZN_00091287 (Table 1, listing example enrollment channels).

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 9

1    [RFP Footnote 2] "Concession" shall have the same meaning as in AMZN_00058595 at -

2  600 (lines 155-156).

3    [RFP Footnote 3] "Reason code" shall have the same meaning as in AMZN_00080322

4  (line 10), and "SIC" shall have the same meaning as in AMZN_00080322 (line 29).

5    [RFP Footnote 4] Benefits types include Prime-eligible shipping and Prime Video

6  streaming. *See, e.g.*, AMZN_00091287 at -289 (referencing analysis of different types of benefit

7  usage).

8    [RFP Footnote 5] Prime Central has the same meaning as in AMZN_00091287 at -289.

9    [RFP Footnote 6] *See* AMZN_00091287, at -289 (analyzing visits to "Amazon.com,

10  Mshop app, Kindle App," while excluding "[Prime Video] and other apps."

11    [RFP Footnote 7] The termination and cancellation dates might be different where, for

12  example, the member chose to end their membership at the end of the billing cycle (i.e., at a

13  future date), rather than immediately upon cancellation.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

15    Amazon objects to this Request as overbroad and unduly burdensome to the extent that it

16  seeks data or information requiring search and collection of databases, data tables, or other

17  systems that are not generally or currently used for such searches and collection in the ordinary

18  course of business, or that would need to be created or modified solely for purposes of this

19  litigation.  Amazon further objects to the terms "Documents," "Enrollment Process," and

20  "Cancellation Process" for the reasons set forth in the foregoing General Objections.  Amazon

21  further objects to this Request as vague and ambiguous, including in its use of the phrases

22  "means by which," "enrolled," "enrollment," "interactions," "reason," and "customer service

23  contacts."  Amazon further objects to the Request as overbroad, unduly burdensome, not

24  reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking

25  documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or

26  information regarding Amazon's business outside of the United States.  Amazon further objects

27  to subpart (a) of this Request as overly broad, unduly burdensome, and not reasonably calculated

to lead to the discovery of relevant admissible evidence on the grounds that it seeks personally identifiable information for millions of consumers without any justifiable purpose or relevance to this litigation.  Amazon further objects to subparts (b) through (u) of this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence to the extent they seek information for millions of consumers which could be deanonymized, and from which personally identifiable information could be reconstructed, without any justifiable purpose or relevance to this litigation.  Amazon further objects to subparts (a), (b), (g), (h), (i), (k), (p), (q), (r), (t), and (u) of this Request as cumulative and duplicative of Plaintiff's Request For Production No. 56.  Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to subparts (b) through (u) of this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it is willing to meet-and-confer regarding subpart (a) of this Request.

**REQUEST FOR PRODUCTION NO. 56:**

For every Amazon Prime member who cancelled, contacted customer service and expressed the intent to cancel, or entered the online Prime Cancellation Process on or after May 1, 2017, Documents or data sufficient to show:

a. the member's name, mailing address, email address, and telephone number;

b. the date(s) the person became a member;

c. the dates and amounts of all membership charges paid by, or billed to, the member, on or after May 1, 2017;

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 11

d. the dates and amounts of any refunds (including chargebacks) paid to the person and relating to a Prime membership charge on or after May 1, 2017;

e. the dates and amount of any customer service "concessions" paid by You and the reason for the concession (e.g., a refund of a member's bank overdraft fee resulting from a Prime membership charge);

f. the date and "SICs" or "reason codes" associated with all customer service contacts initiated by the member;

g. each date on which the member either entered the online Prime Cancellation Process or contacted customer service to request cancellation (even if the member did not complete cancellation at that time) and the duration spent in the Cancellation Process or contacting customer service;

h. each date on which an Amazon customer service representative directed the member to the online Prime Cancellation Process;

i. for each visit by the member to the online Prime Cancellation Process, the point at which the Prime member exited the flow without cancelling (e.g., the "Benefits Information" page, "Membership Options" page, or "Final Decision" page referenced in Your April 22, 2021 response to the FTC's March 16, 2021 Civil Investigative Demand) and the amount of time they were on each page of the flow;

j. for each time that the member contacted customer service to request cancellation of their membership, but did not cancel, the manner in which the call was resolved;

k. for each visit by the member to the online Prime Cancellation Process, the action, if any, by the member that terminated the Prime Cancellation Process (e.g., clicking a "Keep My Benefits "button");

l. if applicable, the date on which the Prime member cancelled their Prime membership (or turned auto-renew off) and the date on which the membership terminated;

m. if applicable, the means by which the member cancelled their Prime membership (i.e., online or by phone);

n. for Prime members who cancelled their Prime memberships online, the date and time at which they accessed the Amazon.com homepage (or opened any Amazon App they used to cancel) at the start of the visit that included their cancellation, and the date and time at which they completed the Cancellation Process;

o. whether the Prime member received a survey asking for the member's reason for cancellation; and

p. the member's reason for requesting cancellation (whether provided in a cancellation survey, to customer service, or in any other manner).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Amazon objects to this Request as overbroad and unduly burdensome to the extent that it seeks data or information requiring search and collection of databases, data tables, or other systems that are not generally or currently used for such searches and collection in the ordinary course of business, or that would need to be created or modified solely for purposes of this litigation. Amazon further objects to the terms "Documents," "Cancellation Process," and "Cancellation Process" for the reasons set forth in the foregoing General Objections. Amazon further objects to the terms "customer service contacts," "manner in which," "reason," and "means by which" as vague and ambiguous. Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States. Amazon further objects to subpart (a) of this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence on the grounds that it seeks personally identifiable information for millions of consumers without any justifiable purpose or relevance to this litigation. Amazon further objects to subparts (b) through (p) of this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence to the extent they seek information for millions of consumers which could be deanonymized, and from which

personally identifiable information could be reconstructed, without any justifiable purpose or relevance to this litigation.  Amazon further objects to subparts (a), (b), (c), (d), (e), (f), (g), (l), (m), (o), and (p) of this Request as cumulative and duplicative of Plaintiff's Request For Production No. 55.  Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to subparts (b) through (p) of this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it is willing to meet-and-confer regarding subpart (a) of this Request.

**REQUEST FOR PRODUCTION NO. 57:**

Any data—including data relating to Prime enrollment, cancellation, or usage—that You will rely upon on this litigation or that supports, validates, or refutes any of Your arguments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Amazon objects to the Request as cumulative and duplicative of Plaintiff's investigation requests, to which Amazon has previously responded by producing responsive documents or information.  Amazon further objects to the terms "enrollment," "usage," "relating to," and "rely upon" as vague and ambiguous.  Amazon further objects to this Request as overbroad and unduly burdensome to the extent that it seeks data or information requiring search and collection of databases, data tables, or other systems that are not generally or currently used for such searches and collection in the ordinary course of business, or that would need to be created or modified solely for purposes of this litigation.  Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the

Federal Rules of Civil Procedure, the Local Civil Rules, and other applicable law by requesting "*[a]ny* data . . . that supports, validates, or refutes *any* of [Amazon's] arguments."   Pursuant to Federal Rule of Civil Procedure 34, Plaintiff must "describe with reasonable particularity each item or category of items" that it seeks.  This Request does not satisfy that standard, and is therefore overbroad, unduly burdensome, and vague.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce data that it will rely on consistent with the Federal Rules of Civil Procedures and the Federal Rules of Evidence, the Local Civil Rules, and other applicable law.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents relating to any analysis or testing You have done regarding Prime members' ability to locate the online Cancellation Process.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Amazon objects to the Request as cumulative and duplicative of Plaintiff's investigation requests, to which Amazon has previously responded by producing responsive documents or information.  Amazon further objects to the terms "analysis," "testing," and "relating to" as vague and ambiguous.  Amazon further objects to the terms "Documents" and "Cancellation Process" for the reasons set forth in the foregoing General Objections.  Amazon further objects to this Request as overbroad and overly burdensome on the grounds that it calls for "*[a]ll* Documents" "discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to" "*any* analysis or testing" Amazon has done "regarding Prime members' ability to locate the online Cancellation Process," regardless of whether those documents are relevant to the claims or defenses in this litigation.  Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United

States.  Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents relating to the following Weblab studies[RFP Footnote 8]: Prime_252596, Prime_255432, Prime_222408, Prime_CTA_Redesign_135644, Prime_146575, Prime_153956, Prime_179734; the "tests in the US to improve message clarity in the UPDP checkout interstitial," "further treatments on UPDP in 2018," and "[t]wo other Prime experiments," all referenced in AMZN_00127588 at -590-91; and the "clarity experiments in 2020" referenced in Amazon-FTC-CID_08426875 at -883. Such Documents include, for each Weblab, images of the "control" and "treatment" user experiences or flows; all "Igraphs" associated with each study (as that term is used in Amazon-FTC-CID_01506206 at -221); emails describing each Weblab's results or design (including "Launch" and "Winner" emails sent to core-ww-prime-test-opt@amazon.com); and all Documents available at each study's "LabNotes Link," "SIM Link," "Weblab Link," and "Campaign Analyzer Link" (as those terms are used in Exhibit A to Your August 6, 2021 response to the FTC's March 16, 2021 Civil Investigative Demand).

[RFP Footnote 8] A "Weblab" or "Weblab study" is a "content experiment" (as described on pages 2-4 of Your June 21, 2021 response to the FTC's March 16, 2021 Civil Investigative Demand) conducted using Your "Weblab" tool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Amazon objects to the Request as cumulative and duplicative of Plaintiff's investigation requests, to which Amazon has previously responded by producing responsive documents or information.  Amazon further objects to the term "Documents" for the reasons set forth in the

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 16

foregoing General Objections.  Amazon further objects to this Request as vague and ambiguous, including in its use of the phrases "design" and "results."  Amazon further objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence, including the Request for "*All* Documents relating to" an undefined number of studies.  Amazon further objects to this Request as overbroad and unduly burdensome to the extent that it requests the production of documents or materials that do not already exist and calls for information in a format other than that in which it is ordinarily kept by Amazon.  Amazon further objects to the extent that identifying and collecting links is unduly burdensome and not required by the Federal Rules.  Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States.  Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 60:**

For each participant in each Weblab identified in Request 59, Documents or data sufficient to show:

a. the participant's name, mailing address, email address, and telephone number;

b. the Weblab number or description and the treatment (i.e., Control, Treatment 1, Treatment 2, etc.) in which the participant participated;

c. the date(s) the participant was shown the Weblab Control or Treatment user flow;

d. whether the participant enrolled in Prime and, if so, when;

e. for any "free trial" or "trial" offer accepted by the member at enrollment, the date the offer was accepted, and the date the trial period ended;

f. whether the participant enrolled through a free trial, paid trial, "hard offer," or other enrollment offer;

g. the Enrollment Process or channel through which the participant enrolled in Prime;

h. the length of the participant's trial period, if any;

i. the date and amount of all membership charges paid by, or billed to, the participant, including any amount paid at the time of enrollment;

j. the dates and amounts of any refunds (including chargebacks) paid to the participant and relating to a Prime membership charge;

k. the dates and amount of any customer service "concessions" paid by You to the participant and the reason for the concession (e.g., a refund of a member's bank overdraft fee resulting from a Prime membership charge);

l. the frequency with which the participant's Prime membership automatically renewed (e.g., monthly or annually);

m. the date and "SICs" or "reason codes" associated with all customer service contacts initiated by the participant;

n. the participant's Prime benefit usage by date and type of benefit used;

o. the dates on which and number of times the participant visited "Prime Central";

p. the dates on which and number of times the participant visited Amazon.com, the Amazon "mShop" App, or Kindle App after enrolling in Prime;

q. whether the participant opened an Amazon Prime "welcome" email and whether the participant clicked on a link within the "welcome" email;

r. each date on which the participant either entered the online Prime Cancellation Process or contacted customer service to request cancellation (even if the member did not complete cancellation at that time) and the duration of these interactions;

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 18

s. if applicable, the dates on which the participant cancelled their Prime membership (or turned Prime auto-renew off) and the date on which the membership terminated;

t. if applicable, the means by which the participant cancelled their Prime membership (i.e., online or by phone) and the duration of the cancellation interaction;

u. if applicable, the reason the participant's Prime membership was terminated (e.g., member's voluntary cancellation as opposed to failure to pay or provide billing information);

v. whether the participant received a survey asking for the member's reason for cancellation; and

w. the participant's reason for requesting cancellation (whether provided in a cancellation survey, to customer service, or in any other manner).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Amazon objects to this Request as overbroad and unduly burdensome to the extent that it seeks data or information requiring search and collection of databases, data tables, or other systems that are not generally or currently used for such searches and collection in the ordinary course of business, or that would need to be created or modified solely for purposes of this litigation. Amazon further objects to the terms "Documents," "Enrollment Process," and "Cancellation Process" for the reasons set forth in the foregoing General Objections. Amazon further objects to this Request as vague and ambiguous, including in its use of the phrases "customer service contacts," "enrollment," "enrolled," "interactions," and "reason." Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States. Amazon further objects to this Request as overly broad and unduly burdensome to the extent it seeks production of documents without any time period limitation. Amazon further objects to subpart (a) of this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence on the grounds that it seeks personally identifiable information for millions of

consumers without any justifiable purpose or relevance to this litigation.  Amazon further objects to subparts (b) through (w) of this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence to the extent they seek information for millions of consumers which could be deanonymized, and from which personally identifiable information could be reconstructed, without any justifiable purpose or relevance to this litigation.  Amazon further objects to subparts (d) through (w) of this Request as cumulative and duplicative of Plaintiff's Request For Production No. 55.  Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to subparts (b) through (w) of this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it is willing to meet-and-confer regarding subpart (a) of this Request.

**REQUEST FOR PRODUCTION NO. 61:**

For any Weblab relating to the Prime Enrollment Process or Prime Cancellation Process, all emails sent to core-ww-prime-test-opt@amazon.com or partner-ww-prime-test-opt@amazon.com relating to those Weblabs (including all "Launch," "Winner," and "Results" emails).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Amazon objects to this Request as cumulative and duplicative of Plaintiff's investigation requests, to which Amazon has previously responded by producing responsive documents or information.  Amazon further objects to the terms "Enrollment Process" and "Cancellation Process" for the reasons set forth in the foregoing General Objections. Amazon further objects to

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 20

this Request as vague and ambiguous, overbroad, and unduly burdensome on the grounds that it seeks emails "*relating to*" "*any* Weblab *relating to* the Prime Enrollment Process or Prime Cancellation Process," regardless of whether those documents are relevant to the claims or defenses in this litigation. Amazon further objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence. Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States. Amazon further objects to this Request as overly broad and unduly burdensome to the extent it seeks production of documents without any time period limitation. Amazon further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 62:**

All Prime Content Experimentation and Optimization (CE&O) "Content Experiment Newsletters," "Weekly Content Testing Updates," and "Monthly Content Testing Updates." *See*, *e.g.*, AMZN_00003981; AMZN_00031590; AMZN_00042416.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Amazon objects to this Request as cumulative and duplicative of Plaintiff's investigation requests, to which Amazon has previously responded by producing responsive documents or

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 21

information.  Amazon further objects to this Request as vague and ambiguous, overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible

evidence, including the Request for "*All* Prime Content Experimentation and Optimization"

instances of certain newsletters and updates, regardless of whether those documents are relevant

to the claims or defenses in this litigation.  Amazon further objects to the Request as overbroad,

unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible

evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks

production of documents or information regarding Amazon's business outside of the United

States.  Amazon further objects to this Request as overly broad and unduly burdensome to the

extent it seeks production of documents without any time period limitation.  Amazon further

objects to this Request to the extent it seeks documents protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or

immunities.  Amazon further objects on the grounds that this Request purports to impose

obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil

Procedure and the Local Civil Rules.

   Subject to the foregoing General Objections and Specific Objections and without waiver

of any objection, Amazon responds that it will produce non-privileged materials in its possession

responsive to this Request related to Amazon Prime for the United States for the period May 1,

2017, to June 21, 2023, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 63:**

   All Documents relating to the meta-analysis described in AMZN_00080322 (lines 2-5)

and the "UPDP weblab meta-analysis" referenced in AMZN_00100524 at -532, including the

"table" referenced on the same page and the "excel files" referenced at -531.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

   Amazon objects to this Request as cumulative and duplicative of Plaintiff's investigation

requests, to which Amazon has previously responded by producing responsive documents or

information.  Amazon further objects to the term "Documents" for the reasons set forth in the

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 22

foregoing General Objections.  Amazon further objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence, including the Request for "*[a]ll* Documents" "discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to" meta-analysis identified in the Request, regardless of whether those documents are relevant to the claims or defenses in this litigation.  Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States.  Amazon further objects to this Request as overly broad and unduly burdensome to the extent it seeks production of documents without any time period limitation.  Amazon further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents relating to the "customer-centric treatments" launched in or around the fourth quarter of 2017, including all Documents relating to the "detailed analysis" of those changes, the "learnings" from those changes, and any Weblabs relating to those changes. *See* AMZN_00096144 (lines 49-52).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Amazon objects to this Request as cumulative and duplicative of Plaintiff's investigation requests, to which Amazon has previously responded by producing responsive documents or information. Amazon further objects to the term "Documents" for the reasons set forth in the foregoing General Objections. Amazon further objects to this Request as vague and ambiguous, including in its use of the phrase "those changes." Amazon further objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence, including the Request for "*all* Documents" "discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to" meta-analysis identified in the Request, regardless of whether those documents are relevant to the claims or defenses in this litigation. Amazon further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States. Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents relating to the "further deep dive into the data to analyze the results" of the "7 potentially clearer treatments on UPDP [tested] [in 2018]." *See* AMZN_00096144 (lines 38-49).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Amazon objects to this Request as cumulative and duplicative of Plaintiff's investigation requests, to which Amazon has previously responded by producing responsive documents or information.  Amazon further objects to the term "Documents" for the reasons set forth in the foregoing General Objections.  Amazon further objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence, including the Request for "*all* Documents" "discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to" the subjects identified in the Request, regardless of whether those documents are relevant to the claims or defenses in this litigation.  Amazon further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities.  Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States.  Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1,

2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 66:**

The "Tracker of 2020 clarity experiments" referenced in Amazon-FTC-CID_08426875 at -883.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Amazon objects to this Request as cumulative and duplicative of Plaintiff's investigation requests, to which Amazon has previously responded by producing responsive documents or information.  Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States.  Amazon further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents relating to the surveys described as "Survey 1" and "Survey 2" in Appendix 4 to AMZN_00080322, including Documents sufficient to identify all questions asked to each survey respondent, all answer options provided to each respondent, and each respondent's response to each question.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Amazon objects to this Request as cumulative and duplicative of Plaintiff's investigation requests, to which Amazon has previously responded by producing responsive documents or information.  Amazon further objects to the term "Documents" for the reasons set forth in the

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 26

foregoing General Objections. Amazon further objects to this Request as overbroad and unduly burdensome to the extent that it seeks data or information requiring search and collection of databases, data tables, or other systems that are not generally or currently used for such searches and collection in the ordinary course of business, or that would need to be created or modified solely for purposes of this litigation. Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States. Amazon further objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence, including the Request for "*all* Documents" "discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to" the subjects identified in the Request, regardless of whether those documents are relevant to the claims or defenses in this litigation. Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 68:**

For each respondent to "Survey 1" and "Survey 2" in Appendix 4 to AMZN_00080322 (and without regard for the applicable time period), Documents or data sufficient to determine:

    a. the respondent's name, mailing address, email address, and telephone number;

    b. the survey in which the respondent participated;

c. the date on which the respondent completed the survey;

d. the respondent's response to each survey question;

e. the date the respondent enrolled in Amazon Prime;

f. for any "free trial" or "trial" offer accepted by the respondent at enrollment, the date the offer was accepted, and the date the trial period ended;

g. whether the respondent enrolled through a free trial, paid trial, "hard offer," or other enrollment offer;

h. the Enrollment Process or channel through which the respondent enrolled in Prime;

i. the length of the respondent's trial period, if any;

j. the date and amount of all membership charges paid by, or billed to, the respondent, including any amount paid at the time of enrollment;

k. the dates and amounts of any refunds (including chargebacks) paid to the respondent and relating to a Prime membership charge;

l. the dates and amount of any customer service "concessions" paid by You to the respondent and the reason for the concession (e.g., a refund of a member's bank overdraft fee resulting from a Prime membership charge);

m. the frequency with which the respondent's Prime membership automatically renewed (e.g., monthly or annually);

n. the date and "SICs" or "reason codes" associated with all customer service contacts initiated by the respondent;

o. the respondent's Prime benefit usage by date and type of benefit used;

p. the dates on which and number of times the respondent visited "Prime Central";

q. the dates on which and number of times the respondent visited Amazon.com, the Amazon "mShop" App, or Kindle App after enrolling in Prime;

r. whether the respondent opened an Amazon Prime "welcome" email and whether the respondent clicked on a link within the "welcome" email;

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 28

s. each date on which the respondent either entered the online Prime Cancellation Process or contacted customer service to request cancellation (even if the member did not complete cancellation at that time) and the duration of these interactions;

t. if applicable, the dates on which the respondent cancelled their Prime membership (or turned Prime auto-renew off) and the date on which the membership terminated;

u. if applicable, the means by which the respondent cancelled their Prime membership (i.e., online or by phone) and the duration of the cancellation interaction;

v. if applicable, the reason the respondent's Prime membership was terminated (e.g., member's voluntary cancellation as opposed to failure to pay or provide billing information);

w. whether the respondent received a survey asking for the member's reason for cancellation; and

x. the respondent's reason for requesting cancellation (whether provided in a cancellation survey, to customer service, or in any other manner).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Amazon objects to this Request as overbroad and unduly burdensome to the extent that it seeks data or information requiring search and collection of databases, data tables, or other systems that are not generally or currently used for such searches and collection in the ordinary course of business, or that would need to be created or modified solely for purposes of this litigation.  Amazon further objects to the terms "Documents," "Enrollment Process," and "Cancellation Process" for the reasons set forth in the foregoing General Objections.  Amazon further objects to this Request as vague and ambiguous, including in its use of the phrases "customer service contacts," "enrolled," "enrollment," "interactions," and "reason."  Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States.  Amazon further objects to this Request as overly broad and unduly burdensome to the extent it seeks production of documents without any

time period limitation.  Amazon further objects to subpart (a) of this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence on the grounds that it seeks personally identifiable information for millions of consumers without any justifiable purpose or relevance to this litigation.  Amazon further objects to subparts (b) through (x) of this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence to the extent they seek information for millions of consumers which could be deanonymized, and from which personally identifiable information could be reconstructed, without any justifiable purpose or relevance to this litigation.  Amazon further objects to subparts (e) through (x) of this Request as cumulative and duplicative of Plaintiff's Request For Production No. 55.  Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to subparts (b) through (x) of this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it is willing to meet-and-confer regarding subpart (a) of this Request.

**REQUEST FOR PRODUCTION NO. 69:**

For the "Prime Cancellation Survey" (as described in Amazon-FTC-CID_05445283 (lines 28-38)), Documents or data sufficient to determine, for each month since May 1, 2017:

a. the number of survey respondents;

b. the questions asked to the survey respondents;

c. for each question asked, the answer options provided; and

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 30

d. the number and percentage of respondents selecting each answer option to each question, broken down by country.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Amazon objects to this Request as overbroad and unduly burdensome to the extent that it seeks data or information requiring search and collection of databases, data tables, or other systems that are not generally or currently used for such searches and collection in the ordinary course of business, or that would need to be created or modified solely for purposes of this litigation.  Amazon further objects to the term "Documents" for the reasons set forth in the foregoing General Objections.  Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States.  Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 70:**

For the Prime Cancellation Survey (as described in Amazon-FTC-CID_05445283 (lines 28-38)), all responses (including identifying information for the respondent providing each answer) to any question asking for a narrative response, including any question regarding why a respondent cancelled or if there is anything the respondent would like to share.[RFP Footnote 9]

[RFP Footnote 9] *See, e.g.*, AMZN_00059693 at -697 (reporting sample responses to "Q8 – Is there anything else you'd like to share about Prime or why you cancelled?").

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 31

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Amazon objects to this Request as overbroad and unduly burdensome to the extent that it seeks data or information requiring search and collection of databases, data tables, or other systems that are not generally or currently used for such searches and collection in the ordinary course of business, or that would need to be created or modified solely for purposes of this litigation.  Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States.  Amazon further objects to this Request as overly broad and unduly burdensome to the extent it seeks production of documents without any time period limitation.  Amazon further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence on the grounds that it seeks "identifying information" for consumers without any justifiable purpose or relevance to this litigation.  Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents reporting or describing the results of the "experiments" with "Checkout ASINization" in Japan, Mexico, and "other interested locales" referenced in AMZN_00005251, at -253.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Amazon objects to this Request as cumulative and duplicative of Plaintiff's investigation requests, to which Amazon has previously responded by producing responsive documents or information. Amazon further objects to the term "Documents" for the reasons set forth in the foregoing General Objections. Amazon further objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence, including the Request for "*All* Documents". Amazon further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it is willing to meet-and-confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 72:**

All draft and final copies of all versions of the "ASINization Playbook" referenced in AMZN_00005251, at -253.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Amazon objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 33

responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 73:**

Documents or data sufficient to determine, for each month since May 1, 2017, the volume and percentage of customer service contacts relating to each "SIC" or "reason code."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Amazon further objects to this Request as overbroad and unduly burdensome to the extent that it seeks data or information requiring search and collection of databases, data tables, or other systems that are not generally or currently used for such searches and collection in the ordinary course of business, or that would need to be created or modified solely for purposes of this litigation. Amazon further objects to the term "Documents" for the reasons set forth in the foregoing General Objections. Amazon further objects to the terms "customer service contacts" as vague and ambiguous. Amazon further objects to the Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks production of documents or information regarding Amazon's business outside of the United States. Amazon further objects on the grounds that this Request purports to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

Subject to the foregoing General Objections and Specific Objections and without waiver of any objection, Amazon responds that it will produce non-privileged materials in its possession responsive to this Request related to Amazon Prime for the United States for the period May 1, 2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 74:**

Without regard to the applicable time period, all Documents relating to (a) the ███████
████████████████████████████ analysis that determined that ████████████████

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ███████████████████████ (AMZN_00028480 at -526) and (b) any other analysis of

4 consumers' reason for cancellation based on customer service contacts.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

6       Amazon objects to this Request as cumulative and duplicative of Plaintiff's investigation

7 requests, to which Amazon has previously responded by producing responsive documents or

8 information.  Amazon further objects to the term "Documents" for the reasons set forth in the

9 foregoing General Objections.  Amazon further objects to this Request as vague and ambiguous,

10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

11 relevant admissible evidence, including the Request for "*all* Documents" "discussing, describing,

12 reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting,

13 setting forth, considering, recommending, concerning, or pertaining to" the subjects identified in

14 the Request, regardless of whether those documents are relevant to the claims or defenses in this

15 litigation, as well as the Request for "*any* other analysis of consumers' reason for cancellation

16 based on customer service contracts."  Amazon further objects to the Request as overbroad,

17 unduly burdensome, not reasonably calculated to lead to the discovery of relevant admissible

18 evidence, and seeking documents outside the jurisdiction of the FTC, to the extent it seeks

19 production of documents or information regarding Amazon's business outside of the United

20 States.  Amazon further objects to this Request as overly broad and unduly burdensome to the

21 extent it seeks production of documents without any time period limitation.  Amazon further

22 objects on the grounds that this Request purports to impose obligations or burdens on Amazon

23 that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

24       Subject to the foregoing General Objections and Specific Objections and without waiver

25 of any objection, Amazon responds that it will produce non-privileged materials in its possession

26 responsive to this Request related to Amazon Prime for the United States for the period May 1,

27

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 35

2017, to June 21, 2023, that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search.

DATED this 9th day of October, 2023.

COVINGTON & BURLING LLP

By *s/ Laura Flahive Wu*
    Stephen P. Anthony*
    Laura Flahive Wu*
    Laura M. Kim*
    John D. Graubert*
    850 Tenth Street, NW
    Washington, DC  20001
    Telephone: (206) 662-5105
    E-mail: santhony@cov.com
            lflahivewu@cov.com
            lkim@cov.com
            jgraubert@cov.com

    John E. Hall*
    415 Mission Street, Suite 5400
    San Francisco, CA  94105
    Telephone: (415) 591-6855
    E-mail: jhall@cov.com

    Megan L. Rodgers*
    3000 El Camino Real
    Palo Alto, CA  94306
    Telephone: (650) 632-4734
    E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

    John C. Hueston*
    Moez M. Kaba*
    Joseph A. Reiter*
    523 West 6th Street, Suite 400
    Los Angeles, CA  90014
    Telephone: (213) 788-4340
    E-mail: jhueston@hueston.com
            mkaba@hueston.com
            jreiter@hueston.com

*admitted pro hac vice*

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 36

1

DAVIS WRIGHT TREMAINE LLP

Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
          jimhoward@dwt.com

2

3

4

5

6

7

Attorneys for Defendant
AMAZON.COM, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the document to which this

Certificate of Service is attached to be served in the manner as indicated below:

|  |  |
|---|---|
| EVAN MENDELSON (D.C. Bar #996765)<br>OLIVIA JERJIAN (D.C. Bar #1034299)<br>THOMAS MAXWELL NARDINI<br>(IL Bar #6330190)<br>Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Washington, DC 20580<br>(202) 326-3320; emendelson@ftc.gov<br>(202) 326-2749; ojerjian@ftc.gov<br>(202) 326-2812; tnardini@ftc.gov | ☐  Messenger<br>☐  U.S. Mail, postage prepaid<br>☐  Federal Express<br>☐  Facsimile<br>☒  Email<br>☐  ECF |

*Attorneys for Plaintiff*

Declared under penalty of perjury under the laws of the District of Columbia.

DATED this 9th day of October, 2023.

<u>*s/ Kevin M. Kelly*</u>
Kevin M. Kelly

AMAZON'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S THIRD SET OF RFPS
(2:23-cv-0932-JHC) - 38