# ATTACHMENT 3



United States of America
## FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVE. NW, CC-9528
WASHINGTON, DC 20580

Division of Enforcement
Bureau of Consumer Protection

**Evan Mendelson**
**(202) 326-3320; emendelson@ftc.gov**

**Max Nardini**
**(202) 326-2812; tnardini@ftc.gov**

**Olivia Jerjian**
**(202) 326-2749; ojerjian@ftc.gov**

October 26, 2023

**VIA ELECTRONIC MAIL**

Laura Flahive Wu (lflahivewu@cov.com)
John D. Graubert (jgraubert@cov.com)
Laura M. Kim (lkim@cov.com)
Stephen P. Anthony (santhony@cov.com)
John E. Hall (jhall@cov.com)
Megan L. Rodgers (mrodgers@cov.com)
Marc Capuano (mcapuano@cov.com)
Kevin Kelly (kkelly@cov.com)
Covington & Burling LLP
One CityCenter, 850 Tenth Street NW
Washington, DC 20001-4956

John C. Hueston (jhueston@hueston.com)
Moez M. Kaba (mkaba@hueston.com)
Joseph A. Reiter (jreiter@hueston.com)
Hueston Hennigan LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014

Kenneth E. Payson (kenpayson@dwt.com)
James Howard (jimhoward@dwt.com)
Olivia Powar (oliviapowar@dwt.com)
Davis Wright Tremaine LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104

RE:   *FTC v. Amazon.com, Inc., et al.*, No. 2:23-cv-0932-JHC (W.D. Wash.)

Dear Counsel:

We write regarding Amazon's Responses and Objections to the FTC's Second and Third Sets of Requests for Production of Documents (the "RFPs"). In Part I below, we raise certain deficiencies and follow-up questions applicable to the entirety of your responses. In Part II, we address issues applicable to specific requests. We have bolded items below on which we are requesting a written response. **We request your response by next Friday, November 3, 2023**, so that we can move on to a meet-and-confer and then conference with the Court, if necessary. As you know, Amazon has not produced any documents in response to the FTC's RFPs, and we would like to get the process moving.

1

## I.      General Deficiencies in Amazon's RFP Responses

### A.      Improper General Objections

Several of your "General Objections" to the RFPs, if taken at face value, render it impossible for us to understand what you intend to produce because the objections claim a right to reinterpret the FTC's requests in whichever way Amazon believes makes the request unobjectionable.  For example:

- In General Objection 3, you state that Amazon will only produce documents "to the extent they . . . can be obtained without undue burden."

- In General Objection 4, "Amazon objects to each Request to the extent it calls for discovery that is not relevant to any claim or defense in this litigation.  Amazon construes each Request as limited to seeking relevant discovery."

- In General Objection 5,  "Amazon objects to each Request as unduly burdensome to the extent it calls for discovery that is not proportional to the needs of the case.  Amazon construes each Request as a request for Amazon to engage in a reasonable search that is proportional to the needs of the case."

Given these general objections, when you say in response to specific RFPs that Amazon "will produce non-privileged materials in its possession . . . that are located after a reasonable search," it is unclear whether you intend to produce such materials only after applying your own revised construction to the RFPs.  It is for this reason that courts have held that general objections such as those quoted above "are meaningless and constitute a waste of time for opposing counsel and the court." *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (quoting *Weems v. Hodnett*, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011)).  Specifically, "in the face of such objections, it is impossible to know whether information has been withheld and, if so, why." *Id.* Similarly, asserting objections "to the extent" they "may apply to particular requests for discovery" is "worthless for anything beyond delay of discovery." *Id.* (quoting *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 666-67 (D. Kan. 2004)).  Courts therefore "deem[] such 'ostensible' objections waived, or decline[] to consider them as objections. *Id.*

**Please either revise your RFP responses to remove these General Objections or confirm in writing that you are not relying on them to withhold any documents responsive to the FTC's RFPs based on your own, undisclosed construction of the RFPs.**

### B.      Failure to Provide Anticipated Production Date

In violation of Federal Rule of Civil Procedure 34, you neither completed your production within the time specified in the RFPs (which was 30 days from the date of service— *i.e.*, September 29 for the Second RFPs and October 9 for the Third RFPs) nor specified "another reasonable time" for production.  *See* Fed. R. Civ. P. 34(b)(2)(B) ("The production must . . . be completed no later than the time for inspection specified in the request or another reasonable

time specified in the response.").  As of today—57 days after service of the Second Set of RFPs and 47 days after service the Third Set of RFPs—you have not produced any documents.

**Please respond in writing to provide estimated production dates for your RFP responses.  If there are particular document requests for which you are unable to provide "another reasonable time" for your production, please identify which responses and explain why you cannot provide an estimated production date.**

> **C.    Unjustified and Vague Limitation of Production to Documents "Relating Solely to the United States"**

In various places throughout your RFP responses, you state Amazon's intent to limit its production to documents relating to its United States operations.  In General Objection 6, for example, Amazon objects to producing documents "regarding Amazon's business outside of the United States" because such documents are "not relevant to Plaintiff's Complaint and are outside the jurisdiction of the FTC."  You then state that Amazon will "construe all Requests, Definitions, and Instructions as relating solely to the United States."  In response to most of the individual RFPs, you add that the requests are "overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeking documents outside the jurisdiction of the FTC, to the extent [they seek] production of documents and information regarding Amazon's business outside of the United States."  In response to many of those same requests, you then agree to produce documents only if, *inter alia*, they "relate[] to Amazon Prime for the United States."

As a threshold matter, we are unclear on what exactly you are agreeing to produce—*i.e.*, what you consider "relate[d] to Amazon Prime for the United States," especially given your somewhat contradictory statement that you are construing each document request as "relating *solely* to the United States."  For example, are you withholding all documents in the possession of employees located outside the United States?  How are you treating documents relating to the clarity of Prime enrollment and cancellation worldwide or in in those foreign countries where the enrollment or cancellation flows are similar to in the United States?  **Please clarify your position in writing by either supplementing your RFP responses or responding to this letter.**

Additionally, your position as stated has several deficiencies.

*First*, we do not understand what you mean when you say that certain "documents" are "outside the jurisdiction of the FTC."  *See* General Objection 6 (objecting to production of documents "outside the jurisdiction of the FTC").  Because Amazon is subject to the Court's jurisdiction, it is, like any other party, required to search for all documents in its possession, custody, or control.  **Please identify, in writing, the documents—or categories of documents—you contend are outside the Court's jurisdiction, and explain why you contend that is true.**

*Second*, if you instead mean that the way in which Amazon's conduct harms consumers outside the United States is outside the Court's or FTC's reach—*i.e.*, "outside the jurisdiction of the FTC"—that would be contrary to the plain text of the FTC Act.  Specifically, Section 5(a)(4)

3

of the FTC Act gives the Commission authority over "acts or practices involving foreign commerce" that "involve material conduct occurring within the United States."  15 U.S.C. § 45(a)(4).  Amazon plainly engages in material conduct in the United States that relates to its Prime enrollment and cancellation processes abroad.  Therefore, the FTC may seek, and the Court may enter, findings of liability, monetary redress, and civil penalties relating to Amazon's foreign victims.  **If you are maintaining this objection, please explain the basis for it.**

*Third*, in General Objection 6, you appear to contend that documents relating to Amazon's business outside the United States are "not relevant to the Complaint."  The Complaint, however, does not limit itself to Amazon's conduct within the United States.  **If you are maintaining this objection, please explain the basis for it.**

*Fourth*, even if the FTC were unable to seek findings of liability or redress relating to victims outside the United States—*i.e.*, even if such victims were "outside the jurisdiction of the FTC"—documents relating to such foreign victims would still be relevant to this case because, among other reasons, Amazon looked to the experience of its foreign customers when assessing its cancellation and enrollment efforts within the United States or globally.  *See, e.g.*, AMZN_00110901 at 908-911 (describing enrollment and cancellation frustrations of users in Spain, Mexico, France, Germany, Austria, and Chile); AMZN_00100504 at -504 (referencing relevant "Clarity weblabs" conducted in Canada, the United Kingdom, and "EU locales," including Germany, Italy, and Spain).  **Given these facts, please state what basis there is for withholding the documents as irrelevant to this case.**

### D.     Privilege Claims

As we have stated, we think it makes sense for the parties to meet and confer regarding privilege log obligations.  Nevertheless, we are confused by your objections to the FTC's Instruction H (regarding privilege claims) as "unduly burdensome and seek[ing] to impose obligations or burdens on Amazon that go beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules."  The FTC's Instruction H is identical to Amazon's instruction regarding privilege logs.

### E.     Refusal to Produce Relevant Documents Postdating June 21, 2023

In General Objection 14, you state that Amazon will use "May 1, 2017, to June 21, 2023, the day the Complaint was filed, as the applicable time period for all Requests, subject to such time period being reasonable in light of the burden imposed by any particular Request."  You do not provide a basis for cutting off the document production at June 21, 2023, beyond boilerplate language that the FTC's proposed applicable time period is "overly broad, unduly burdensome, and results in requests that seek documents and information that are not relevant to the claims and defenses in this litigation."  Although we are willing to consider a mutual agreement on a date cutoff for productions, we do not consent to the June 21, 2023 date at this point.

Additionally, the "subject to" qualifier at the end of General Objection 16 is problematic for the same reasons described in Section I.A above—specifically, it is unclear which requests Amazon intends to further limit "in light of the burden imposed by any particular Request."  **Please clarify the requests for which Amazon is using a time period other than May 1, 2017**

through June 21, 2023.  We address your proposed May 1, 2017 start date for the production in Section II.B below.

### F.     Amazon's "Reasonable Searches"

In most of your responses to the FTC's document requests, you agree to produce documents "that are located after a reasonable search**."  For each request, please either (1) state how you plan to, or already have, conducted that search or (2) state that you will produce all responsive documents or identify those responsive documents that you could not locate.**  For example, Request 25 seeks a copy of a clarity-related "recorded workshop."  If you are able to locate a copy of the workshop, we are not concerned with what steps you took to find it.  For this request and others seeking discrete document sets (*e.g.*, Requests 5 and 40), we ask that you let us know if you cannot locate responsive documents.  At that point, we may follow-up with questions regarding the steps you took to locate the documents.

For Requests—including, we anticipate, Requests 9 and 10—where you believe that custodians and search terms may be an appropriate way to conduct a search, we propose the use of predictive coding rather than search terms.  We anticipate that predictive coding would save significant time for both parties (both in reviewing documents and negotiating search terms) and money for Amazon, and would therefore help to mitigate some of Amazon's burden objections. *See, e.g.*, *Hyles v. New York City*, 2016 WL 4077114, at *2 (S.D.N.Y. Aug. 1, 2016) ("[I]n general, [technology-assisted review] is cheaper, more efficient and superior to keyword searching.").  **Please let us know whether you are amenable to the use of predictive coding and, if so, for which document requests.  If not, please explain your opposition to the use of predictive coding.**

## II.     Deficiencies in Specific Document Requests

### A.     Failure to State Whether Documents or Data Are Being Withheld (Request Nos. 9, 10, 13, 48, 49, 52, 53, 55, 56, 60, 68, 71)

Federal Rule of Civil Procedure 34(b)(2)(C) required Amazon, when objecting to a document request, to state "whether any responsive materials are being withheld on the basis of that objection."  In response to the RFPs listed above, Amazon ignored that requirement in whole or in part, instead listing a series of objections and then simply stating that it was "willing to meet-and-confer" regarding all or portions of the Request.  We are, of course, willing to meet and confer on each request.  Your responses, however, not only violate Rule 34, but also limit our ability to have a productive meet-and-confer because we are left without any understanding of your position.  **Please supplement your RFP responses to state what documents, if any, you are withholding based on your objections to each request listed above.**

### B.     Refusal to Produce Relevant Documents Predating May 1, 2017 (Requests 11, 12, 16, 17, 31, 32, 36, 68, 74)

In the Requests specified above, the FTC asked for responsive documents or data "without regard for the applicable time period"—*i.e.*, regardless of whether the documents or data predated May 1, 2017.  In response, Amazon objected that each request was "unduly

burdensome" or "overly broad" because of the lack of "any time period limitation" and stated that it would produce documents and data for the "period May 1, 2017 to June 21, 2023."  Each of these requests, however, seeks discrete documents and data—such as, for example, specific documents or data linked within Customer Frustrations Database entries (Request 12).  We therefore do not understand how, for these particular requests, the absence of the applicable time period makes the request unduly burdensome or overly broad.  **Please either withdraw these objections or explain why the lack of a date range makes them unduly burdensome or overly broad.**

> ### C. Failure to Meaningfully State What Data Amazon Will Produce (Requests 55, 56, 60, 67, 68, 69, 70, 73).

The Requests identified above sought data relating to current or former Amazon Prime customers.  Amazon's responses state that it will provide the requested data "that exist in the ordinary course, can be collected and produced without undue burden, and are located after a reasonable search."  Based on this response, we are unclear what data you intend to produce. **Please clarify your response to state what data you will produce.**

Relatedly, we wanted to respond to your objection—apparently related to the "ordinary course" qualifier quoted above—that the FTC's requests "seek[] data or information requiring search and collection of databases, data tables, or other systems that are not generally or currently used for such searches in the ordinary course of business, or that would need to be created or modified solely for purposes of this litigation."  While we are open to hearing more specifics about the steps Amazon would need to take to provide the requested information, we do not, at this stage, find this objection compelling.  Courts routinely require parties to query databases or other data stores to respond to discovery requests, rejecting arguments that such queries impermissibly require the creation of new records.  *See, e.g, Center for Investigative Reporting v. U.S. Dep't of Justice*, 14 F.4th 916, 939 (9th Cir. 2021) (in FOIA context:  "We agree that using a query to search for an extract a particular arrangement or subset of data already maintained in an agency's database does not amount to the creation of a new record.  In some ways, typing a query into a database is the modern day equivalent of physically searching through and locating data within documents in a filing cabinet."); *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 4426512, at *3 (N.D. Cal. Aug. 14, 2013) ("While this court has held that a party should not [be] required to create completely new documents, that is not the same as requiring a party to query an existing dynamic database for relevant information.  Courts regularly require parties to produce reports from dynamic databases, holding that 'the technical burden of creating a new dataset for the instant litigation does not excuse production.").  **If you are refusing to produce any data requested by the FTC on grounds of undue burden, please provide a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."**  *Apple Inc.*, 2013 WL 4426512, at *3.

> ### D. Failure to Meaningfully State What Documents Amazon Will Produce (Requests 59, 63, 64, 65, 74).

As with the Requests identified in Part II.C , Amazon responded to certain requests by stating it would produce "materials . . . that exist in the ordinary course [and] can be collected and produced without undue burden."  **Please clarify whether you are withholding any**

**responsive materials because they do not "exist in the ordinary course" or producing them would require an "undue burden." If you are refusing to produce any material requested by the FTC on grounds of undue burden, please provide a "particular and specific demonstration of fact."** *Apple Inc.*, 2013 WL 4426512, at *3.

### E.    Withholding of Personally Identifiable Information (Requests 55, 56, 60, 68)

The RFPs identified above seek data regarding Amazon consumers, primarily regarding how they interacted with Amazon Prime. Included among the data requested, in subpart "a" of each request, are the names and contact information (address, email address, and phone number) for those consumers. You object to subpart "a" of each request as "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence on the grounds that [they] seek[] personally identifiable information for millions of consumers without any justifiable purpose or relevance to this litigation." We are not sure we understand the objection—**is Amazon contending there is additional burden to providing the data requested in subpart "a"? If so, please explain.** We also do not understand your objection that names and contact information are "not reasonably calculated to lead to the discovery of relevant admissible evidence." The names and contact information of potential witnesses and victims are clearly relevant. Additionally, the information may be necessary to match consumers across different data sets provided by Amazon. **Please explain your relevance objection.**

We share your concerns about consumers' privacy. Both of the parties' proposed protective orders, however, provide adequate protections. Additionally, as we have previously explained, the FTC regularly obtains audit reports regarding its information security programs and practices. The most recent report (available at https://www.ftc.gov/system/files/ftc_gov/pdf/ftc-oig-2022-fisma-audit-report.pdf) found the FTC's program and practices to be effective. If you have specific concerns or ideas about how best to protect consumers' personally identifiable information, we are available to discuss.

### F.    Unjustified Withholding of Documents Relating to Non-Prime Negative Option Programs (Requests 11, 18, 21, 22, 24, 25, 26, 27, 29, 30, 32, 35, 37, 38, 42, 45, 47, 48, 73)

In General Objection 20, you object to the FTC's definition of "Negative Option Programs" because it would result in certain requests "seek[ing] documents and information that are not relevant ot the claims and defenses in this litigation." You then state that you "will construe 'Negative Option Program' to refer only to Amazon Prime." Only one document request (Request 11) uses the definition "Negative Option Program." That request seeks copies of your policies and procedures related to enrollment and cancellation for Negative Option Programs. As we explained in the FTC's Opposition to Amazon's Motion to Strike (Dkt. #54 at 5-6), such documents are relevant to the availability and scope of injunction relief. In considering such relief, courts consider the "likelihood of future violations," *Perez v. U.S. Postal Serv.*, 76 F. Supp. 3d 1168, 1196 (W.D. Wash. 2015), and the "ease with which the [violation] may be transferred to other products," *FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1105 (9th Cir. 2014). Amazon's non-Prime enrollment and cancellation policies and procedures are relevant to both considerations.

For the remaining requests referenced above, the FTC's requests are not facially limited to Prime-related documents, but Amazon asserted that it would only produce responsive materials "related to Amazon Prime." We are unclear on how Amazon intends to apply that interpretation. Documents regarding the clarity of enrollment and cancellation processes for non-Prime programs may certainly be relevant not only to the FTC's requested injunctive relief, but also insofar as such documents may raise concerns equally applicable to the Prime enrollment flows. For example, Request 26 seeks all documents relating to the "companywide initiative" examining Amazon's enrollment and cancellation practices. Even if not all such documents relate to Prime, they are all relevant to the case. **Please either confirm that you will produce documents responsive to the Requests as written, or explain how you will apply your "related to Amazon Prime" limitation.**

### G.  Miscellaneous Issues

**Request 7:** You state that you will limit your production to materials "sufficient to show Prime enrollment flows for the United States . . . . that were available to at least 50% of potential customers in Prime member acquisition channels that accounted for more than 5% of Prime enrollments during the period 2018 to 2022." Although we are open to tailoring Request 7, we do not agree to your proposal as written. Given the multitude of enrollment flows, it is not clear to us which flows actually meet the 5% threshold, and, in any event, flows that fall below the 5% threshold might still enroll millions of consumers annually. We also do not understand why you have limited the request to 2018-2022. We propose that Amazon respond to this request by producing, for each three-month period beginning on April 1, 2017, the most frequently displayed enrollment flow in each of what you describe as Prime's "acquisition channels" and any other documents that the FTC's Interrogatory 3 asked you to identify. **Please let us know if you agree to this proposal.**

**Request 12:** Our Request sought documents for all Customer Frustrations Database tickets relating or referring to Prime Enrollment or Cancellation. The request listed the tickets relating to Prime Enrollment or Cancellation that we were aware of. Your response purports to limit your response to only those tickets that the FTC listed, rather than all tickets relating to Enrollment or Cancellation. **Please confirm that you will produce all responsive documents, not just those related to the tickets listed by the FTC.** (Since issuing the RFPs, we have, for example, identified IT-495 as an additional ticket that appears to be relevant and therefore responsive to the request.)

**Request 15:** You state that Amazon will provide materials "sufficient to identify the SICs and reason codes related to Amazon Prime for the United States." We are not clear on what it means for a SIC or reason code to be related to Amazon Prime (as opposed to Amazon generally), nor do we understand how providing a list of all SICs and reason codes, regardless of whether they relate specifically to Prime, would be unduly burdensome. **We therefore ask that you agree to respond to the request as written. Please let us know if you will do so.**

**Request 21:** Your response states that you will produce responsive materials—*i.e.*, documents relating to enrollment or cancellation on the GPX broadcast channel—"related to Amazon Prime for the United States for the period May 1, 2017 to June 21, 2023." **Please**

8

**confirm that you will produce responsive materials appearing on the GPX broadcast channel during that date range, regardless of whether the materials were initially created prior to the date range.**

Sincerely,

Evan Mendelson
Counsel to the Federal Trade Commission

9