# ATTACHMENT 5

| | |
|---|---|
| **From:** | Flahive Wu, Laura |
| **To:** | Mendelson, Evan; Joseph Aronsohn; Jerjian, Olivia; Nardini, Thomas; Hoffman, Elena; Zwonik, Ryan; Frech, Jacob |
| **Cc:** | John C. Hueston; Moez M. Kaba; Joseph A. Reiter; Vicki Chou; Kelly, Kevin; Kim, Laura; Graubert, John; Anthony, Stephen; Hall, John; Rodgers, Megan; Capuano, Marc; Payson, Kenneth; Howard, Jim; SEA Docket; Chan, Gina; Green, Jennifer; Mejia-Portillo, Johana; Awad, Yara; MacDonald, Colin; kristinachin@dwt.com |
| **Subject:** | RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.) |
| **Date:** | Thursday, January 4, 2024 7:04:51 PM |
| **Attachments:** | image001.png |

Counsel,

Your email reflects the FTC's manufacture of disputes without accounting for Amazon's recent correspondence and productions.

1. **Amazon's Response to FTC's First Request for Production**.  Your December 22 letter concerning the FTC's challenge to Amazon's claim of privilege over certain material responsive to the FTC's 1st Request for Production did not account for the production and letter we sent the same day.  Please provide a list of any privilege challenges that you plan to raise with the court before you request a conference.  In addition, we reiterate our request that the FTC identify any deficiencies in Amazon's privilege claims.  We made this request on November 17 and December 5, and the FTC has refused to provide any substantive response.

    Regarding the documents informally produced on December 5, Amazon has already requested that you disregard and destroy them.  The documents were replaced by the updated formal production Amazon made on December 22.

2. **Amazon Productions**.  During our meet and confer on December 14, we advised you that Amazon would start producing documents on a rolling basis, and we have begun that process. Materials responsive to the requests you have identified will be produced as part of this rolling process.  We expect to make our next production in about two weeks, and continue producing documents at regular intervals.  We currently anticipate substantially completing these productions by the end of March.  If there are specific requests that you would like us to prioritize, please let us know, and we will attempt to accommodate your request.

    We expect to provide a data sample by January 19.

3. **FTC Request for Production 13(c), (d)**.  For months, we have asked the FTC to clarify the scope of Request 13, and the FTC has refused.  Finally and for the first time, your December 22 letter articulated that what the FTC had *meant* to ask for was materials related to Amazon's Heartbeat systems.  As you know, Amazon provided a list of custodians and sources it is searching to respond to the FTC's discovery requests on January 2.  In addition to reviewing custodial materials for responsive documents, and as reflected in Exhibit A ("Tab 2 – Prime Sources") to Amazon's disclosure, Amazon is making reasonable efforts to determine if Heartbeat has potentially responsive materials.

4. **FTC Request for Production 48 and 49**.  We are considering the proposal that you have offered for the first time in your email of today.  In considering your proposal, it would be helpful to better understand why you contend such communications are relevant.  In your December 22 letter, you proffered that the requested materials are relevant because they might

be probative of Amazon's knowledge of alleged problems.  Without conceding your point, we understand why your argument would apply to responsive documents received or sent by Amazon employees who were responsible for Prime enrollment and cancellation in the United States, but it is not clear to us why documents regarding foreign inquiries into foreign flows that were not shared with these employees would be relevant.  Please let us know if you are willing to explain the relevance of these materials.  If not, we will consider your offer based on the explanations you have provided to date.

If you wish to contact the court, we will advise the court that the FTC has failed to satisfy its meet and confer obligations in good faith because the FTC has ignored the information that Amazon has provided.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Thursday, January 4, 2024 1:06 PM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; kristinachin@dwt.com
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

**[EXTERNAL]**
Counsel,

We are reviewing your January 2 and January 3 letters and will respond in full separately.

We will be requesting a discovery conference with the Court to address the following issues:

1. **The remaining disputes as to RFP 1 (identified in our December 22 letter regarding RFP 1)**.

2. **Amazon's failure to provide a production schedule, as requested most recently in our December 22 letter**.  We are particularly concerned that Amazon has not produced, or even provided a production date for, documents responsive to the following RFPs, which we issued in later August or early September and request discrete sets of documents that we expect Amazon can collect outside of custodial searches:  RFP 2, RFP 3, RFP 4, RFP 5, RFP 7, RFP 8, RFP 11, RFP 12(a)-(b), (e), RFP 14, RFP 15, RFP 17, RFP 22, RFP 25, RFP 38, RFP 40, RFP 52 (as modified in recent correspondence,), RFP 53 (as modified in recent correspondence), RFP 59 (see the "including" list), RFP 72 (final ASINization Playbook).

    a. **Data Requests:**  Your letter says that you anticipate providing the sample data set "in the new year."  Our understanding, as stated in our December 22 letter, was that you were planning to provide the sample data set in early January—though the words you used on the December 14 call might have been "early in the new year."  In any event, in the absence of greater specificity as to when you plan to provide the sample data set, we will ask the Court to provide a deadline.  Of course, if there are specific issues that are causing a hold-up, we are available to discuss those issues.

3. **RFP 13(c), (d)**:  Your letter misstates what we said on the meet-and-confer.  We do not expect Amazon to go outside the company to collect consumers' social media posts and app reviews to respond to this RFP; rather, our understanding is that Amazon already collects this information (and then makes it accessible to employees through tools such as Heartbeat).  On the call and in our letter, we asked both for posts and app reviews already collected by for Amazon and for Amazon's analyses of this information relating to Prime Nonconsensual Enrollment.  We do not expect that these documents—particularly, the posts and review themselves—would be swept up by Amazon's efforts to collect documents responsive to other requests, especially insofar as Amazon is not agreeing to search the place where it appears the information is actually stored (Heartbeat).

4. **RFPs 48, 49 (Communications with Law Enforcement, Regulators, BBBs)**:  Amazon must search for and produce responsive documents.  Your proposal does not work because there is no reason to believe that the requested communications will be in the custody of the individuals most likely to have documents responsive to other requests.  For example, given Amazon's size and sophistication (and Amazon's handling of the FTC investigation), we assume the communications were handled by Amazon in-house or outside lawyers rather than by employees working directly on Prime Enrollment and Cancellation.  (We are willing to limit this request to seeking the requested communications with law enforcement/regulators/BBBs themselves, rather than all documents relating to those communications.)

The fact that we have not listed an issue above does mean that we consider it resolved.

We are fine with jointly emailing the Court. We would like to do so this afternoon or tomorrow morning. Please let us know today if the following email (to Ashleigh Drecktrah) is fine with you. Please also let us know if you plan to raise any issues not identified in your January 3 letter.

> Ms. Drecktrah,
>
> Consistent with the Court's Minute Order Setting Trial Date and Related Dates (Dkt. #66 at 2) and Federal Rule of Civil Procedure 16, the parties jointly write to request a discovery conference with the court in advance of potentially filing motions to compel.
>
> Please let us know if any additional information would be helpful.

Finally, to address a couple of outstanding issues regarding the FTC's RFP 1:

- For IC-3, we confirm that we will not argue that Amazon's removal of redactions operates as a subject matter waiver of other communications made at or related to the May 6 Meeting. (To the extent it streamlines productions in the future, we note that we don't view these agreements as necessary. Where the FTC has argued that a document, or part of a document, is not privileged, and Amazon responds by producing all or part of the document, we don't see how we could argue that the release of that nonprivileged information is a privilege waiver.)

- Regarding what you have described as Amazon's "informal production" on December 5, if you want us to destroy any documents in that production or otherwise not use them, please make that request and provide the basis for it (e.g., in the manner described in the Rule 502(d) Order). Otherwise, we will resume using the documents next week.

Best,
Evan


Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Wednesday, January 3, 2024 5:49 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena

<ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

Evan,

Amazon's recent productions along with its correspondence from December 22, January 2, and today address the FTC's purported concerns with Amazon's discovery, including Amazon's response to the FTC's First Request for Production.  Should you have any remaining concerns, we are available to discuss them.

If you plan to request a conference with the court, please let us know, so we can make a joint request.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Tuesday, January 2, 2024 11:31 AM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen

<santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; Powar, Olivia <OliviaPowar@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

**[EXTERNAL]**

Thanks.  Does your statement that you expect your response to resolve any discovery disputes apply to both of our December 22 letters (covering RFP 1 and, separately, all other RFP issues)?  If so, we will wait until COB on Friday to request a conference with the Court.

Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Thursday, December 28, 2023 3:48 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; Powar, Olivia <OliviaPowar@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

Counsel,

We are reviewing your December 22 correspondence, and will respond next week.  We expect that our response will resolve any purported dispute with regard to discovery of Amazon.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Friday, December 22, 2023 10:33 PM
**To:** Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Flahive Wu, Laura <lflahivewu@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; Powar, Olivia <OliviaPowar@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

[EXTERNAL]
Counsel,

Please see the attached correspondence.

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Joseph Aronsohn <jaronsohn@hueston.com>
**Sent:** Tuesday, December 12, 2023 5:43 PM

**To:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>; Mendelson, Evan <emendelson@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Flahive Wu, Laura <lflahivewu@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; Powar, Olivia <OliviaPowar@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>
**Subject:** FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

Counsel:

Please see the attached correspondence.

Best,

Joseph

**Joseph Aronsohn**

**HUESTON HENNIGAN** LLP

D: 213.788.4375
T: 213.788.4340
jaronsohn@hueston.com
Biography

523 West 6th St Suite 400
Los Angeles CA 90014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.