# ATTACHMENT 10

# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
T  +1 202 662 6000

**Via Electronic Mail**                              March 8, 2024

Evan Mendelson
Division of Enforcement
Federal Trade Commission
600 Pennsylvania Ave., N.W., Suite CC-9528
Washington, D.C. 20580
emendelson@ftc.gov

Re:  *FTC v. Amazon.com, Inc.*, No. 2:23-cv-0932-JHC (W.D. Wash.)

Counsel:

On behalf of Amazon.com, Inc. ("Amazon"), we write to provide a data sample in connection with *FTC v. Amazon.com, Inc.*, No. 2:23-cv-0932-JHC (W.D. Wash.) ("Lawsuit") to facilitate discussions regarding the Federal Trade Commission's ("FTC" or "Commission") data-related Requests for Production ("RFP").

Subject to and without waiving Amazon's objections to the FTC's data-related RFPs—including that they are overly broad and unduly burdensome, disproportionate to the needs of the case, and seek data in a manner outside the ordinary course of business—we have provided a further updated sample of data related to various attributes of Prime members.  *See* Exhibit A. Please let us know if you have questions or would like to discuss this data.

We have responded to the request for a data dictionary and the questions regarding the data sample fields to the best of our ability based on the information available to us.  We reserve the right to revise and update the definitions and our responses as necessary.

Identification of data or information in the enclosed materials does not mean such data or fields can be collected or produced more broadly, nor that such collection or production would not be unduly burdensome or unnecessary, nor that all data or information would be responsive to the FTC's RFPs or relevant to this case.

\*   \*   \*

Amazon makes this production subject to all terms of the Protective Order (ECF No. 124) and Stipulated Rule 502(d) Order (ECF No. 123) entered in this matter.

Amazon has made diligent efforts to identify and withhold or redact privileged documents as appropriate. If this or any other submission on behalf of Amazon contains information or communications that are protected by the attorney-client privilege, the attorney work product

**COVINGTON**

Evan Mendelson
March 8, 2024
Page 2

doctrine, or any other privileges or protections, Amazon has produced those materials inadvertently. Amazon does not waive its privileges and protections as to those materials, and requests that the Commission promptly return any such materials under the Protective Order (ECF No. 124) and Stipulated Rule 502(d) Order (ECF No. 123) entered in this Lawsuit, F.R.E. 502(b), F.R.C.P. 26(b)(5)(B), and any other applicable rules and regulations.

Both the information in this letter and the documents and other materials that Amazon is providing contain confidential information. Amazon requests that the Commission keep this information confidential consistent with the requirements of the Protective Order entered in this Lawsuit and all other applicable statutes, regulations, and customary confidentiality policies, including applicable exemptions from disclosure under the Freedom of Information Act. Amazon requests that all materials provided in connection with the Lawsuit be destroyed or returned to Amazon at the conclusion of the Lawsuit.

Please do not hesitate to contact me if you have any questions regarding this correspondence or the Lawsuit in general. As always, we remain willing to meet-and-confer on these and other matters.

Sincerely,

*/s/ Laura Flahive Wu*
Laura Kim
John Graubert
John Hall
Laura Flahive Wu
Stephen Anthony
Megan Rodgers