# ATTACHMENT 16

| | |
|---|---|
| **From:** | Flahive Wu, Laura |
| **To:** | Mendelson, Evan; Kelly, Kevin; Kim, Laura; Graubert, John; Anthony, Stephen; Hall, John; Rodgers, Megan; Capuano, Marc; Decena, Jeaneth; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com |
| **Cc:** | Jerjian, Olivia; Nardini, Thomas; Chaudhry, Sana; Saunders, Anthony R.; MacDonald, Colin; Hoffman, Elena; Zwonik, Ryan; Mejia-Portillo, Johana; Awad, Yara |
| **Subject:** | RE: FTC v. Amazon - Case Schedule |
| **Date:** | Monday, May 6, 2024 4:55:12 PM |
| **Attachments:** | image001.png |

Counsel,

We are writing regarding the FTC's request to adjust the case schedule. Amazon maintains its position that no adjustment to the Court's schedule is necessary at this time. Nonetheless, Amazon is willing to offer a reasonable compromise.

At the outset, we reject the FTC's unfounded and misleading allegations (below) that Amazon's discovery conduct has necessitated a change to the case schedule. Since the start of discovery, Amazon has worked diligently to meet the FTC's overbroad and burdensome discovery requests. Amazon has repeatedly and in good faith initiated conferences with the FTC in order to clarify and identify the information the FTC has sought through this litigation, which in many respects is cumulative to the discovery Amazon provided during the FTC's investigation in advance of its Complaint. To date, Amazon has produced more than 85,000 documents in this litigation and has substantially completed its productions for the initial discovery the parties agreed on. By contrast, the FTC has failed to meet every discovery deadline it has set for its own productions—including failing to make a May 3 production as promised. The FTC now says that it needs at least until June to complete its productions. Amazon will be prepared to respond forcefully should you misrepresent the discovery record to the Court.

During the May 1 meet-and-confer, you stated that the FTC's proposed extension was necessary to allow the FTC time to process Amazon's data and prepare its expert report. Since December 2023, we have asked the FTC to accept a representative data sample to facilitate reasonable limitations on the data the FTC has requested. The FTC never responded to these repeated requests until April 3, 2024. In addition, in response to our repeated attempts to clarify and confirm the FTC's data requests, we received questions and expansions of the data—as late as April 12. As we have repeatedly told you, your refusal to accept a data sample and failure to engage with Amazon on data issues for extended periods has delayed Amazon's data production, which is extremely voluminous as a result of your refusal to accept reasonable limitations. *See, e.g.*, Amazon's April 26, 2024 Letter to FTC.

In any event, the solution you have proposed—to push the entire schedule by more than four months—is not proportional to the alleged problem you have identified. Reserving all rights, Amazon is willing to offer a six-week extension on discovery deadlines and expert disclosures. The chart below lays out Amazon's counterproposal to the FTC's scheduling proposal set forth in your April 17 email. Moreover, to accommodate these adjustments, Amazon is proposing a three-week extension for summary judgment, *Daubert*, and *in limine* motions. At this time, no other adjustments to the schedule are warranted, and there is certainly no reason to adjust the February 3, 2025 trial date.

We have considered your proposal to stage expert disclosures so that the party with the burden of proof discloses first, followed by rebuttal expert reports by the party not bearing the burden, and finally sur-rebuttal reports by the burden-bearing party. While Amazon agrees that staged expert disclosures, which are standard practice in complex litigation, would be helpful to the parties, we cannot accept your proposal for sur-rebuttal reports, which are not typical and are unjustified. Our

chart below contemplates separate deadlines for "Opening Expert Reports" and "Rebuttal Expert Reports" but omits "Sur-Rebuttal Expert Reports" as you have proposed. If the parties are unable to agree on the expert disclosure issue, Amazon supports maintaining the current schedule's simultaneous disclosure of expert reports.

| Event | Existing Deadline (Dkt. #66) | FTC Proposed Deadline (April 17 email) | Amazon Counterproposal Deadline |
|---|---|---|---|
| Deadline for Amended Pleadings | July 8, 2024 | August 9, 2024 | July 8, 2024 |
| Motions Relating to Fact Discovery | August 7, 2024 | September 18, 2024 | September 18, 2024 |
| Fact Discovery Deadline | September 6, 2024 | October 18, 2024 | October 18, 2024 |
| Opening Expert Reports (Party bearing burden of proof) | July 8, 2024 | November 8, 2024 | August 19, 2024 |
| Rebuttal Expert Reports (Party not bearing burden of proof) | -- | December 20, 2024 | September 30, 2024 |
| Motions Relating to Expert Discovery | August 7, 2024 | January 6, 2025 | October 10, 2024 |
| Expert Discovery Deadline | September 6, 2024 | January 31, 2025 | October 18, 2024 |
| Dispositive and *Daubert* Motions | October 7, 2024 | February 28, 2025 | October 28, 2024 |
| Responses to Dispositive and *Daubert* Motions | October 28, 2024 (calculated under LCR 7) | March 31, 2025 | November 18, 2024 |
| Replies In Support of Dispositive and *Daubert* Motions | November 1, 2024 (calculated under LCR 7) | April 11, 2025 | November 22, 2024 |
| Settlement Conference | December 5, 2024 | April 25, 2025 | December 5, 2024 |
| Motions in Limine | December 23, 2024 | June 2, 2025 | January 13, 2025 |
| Agreed Pretrial Order | January 13, 2025 | June 13, 2025 | January 13, 2025 |
| Deposition Designations | January 15, 2025 | June 17, 2025 | January 15, 2025 |
| Pretrial Conference (1:30 pm) | January 21, 2025 | June 24, 2025 | January 21, 2025 |
| Trial Briefs, Proposed Findings of Fact, and Conclusions of Law | January 27, 2025 | June 30, 2025 | January 27, 2025 |
| Trial Date | February 3, 2025 | July 14, 2025 | February 3, 2025 |

Please let us know if you agree to Amazon's scheduling counterproposal. As always, we are willing to meet-and-confer on this and any other issue.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Friday, April 26, 2024 10:51 AM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** RE: FTC v. Amazon - Case Schedule

[EXTERNAL]

Laura,

Thanks for your response. Please let us know you availability for a meet-and-confer next Monday, Tuesday (pm), or Wednesday to discuss the schedule and your request in your April 24 letter for a conference to discuss heightened confidentiality protections for RFP 53 materials (relating to the individual defendants' compensation).

Although we are not wedded to the exact schedule we have outlined below, we do intend to file a motion to modify the schedule (or seek a status conference with the Court for the same purpose) if we are not able to reach an agreement on a modified schedule by the end of next week (Friday, May 3).

In advance of the call, please provide specifics regarding the heightened protections you are proposing for RFP 53 materials.  Otherwise, it will be difficult for us to have a meaningful discussion.

On the call, please be prepared to discuss the following:

1. When Amazon will complete its data production to the FTC.

2. Whether Amazon still intends to complete its document productions—other than those involving the recently expanded search terms and custodians—by April 30.

3. When Amazon will complete its production of responsive materials gathered using the new custodians and search terms discussed in recent correspondence.

To the extent that motions practice on the schedule becomes necessary, we will argue that the following conduct by Amazon has necessitated the modified schedule:

4. The FTC sent the vast majority of its RFPs in late August and early September 2023.  In violation of Rule 34, Amazon refused to state when it anticipated completing its production, even after a second request from the FTC to do so.  See 10/26/23 FTC Ltr.  Beginning in October 2023, the FTC began asking Amazon how Amazon intended to collect and produce responsive documents.  See 10/26/23, 12/6/23 FTC Ltrs.  Amazon refused to provide this information.  The delay might have been understandable if Amazon were working in good faith to determine exactly how best to the respond to the FTC's RFPs.  Instead, Amazon waited months (until January 2) to tell the FTC that, in fact, it would just use the same terms and custodians as it had used in the investigation.

5. Amazon's delay in providing the information described above was purely strategic (given its verbatim reuse of the investigation terms) and delayed by months the point at which the parties could begin negotiating the *additional* terms and custodians necessary to fully respond to the RFPs.  That process too was unnecessarily drawn out by Amazon.  The FTC responded to Amazon's January 2 letter (disclosing Amazon's use of the investigation terms) on January 16, with additional proposed terms and custodians.  Amazon waited over a month to respond, until February 23, and, even then, did so in large part simply by asking the FTC to provide additional justifications for its requests.  The parties have since materially agreed on additional terms and custodians, but you have not told us when you intend to complete the resulting production.

6. Notwithstanding its reuse of the investigation terms and the presence of several "go-get" requests that did not require terms or custodians, Amazon produced effectively zero documents in this litigation until December 29, 2023.

7. The history regarding the go-get requests is described in our email to the Court from this past Monday, April 22.  Only after the Court gave the FTC permission to file a motion to compel did Amazon, without any explanation for the delay, produce 23 gigabytes of materials, the production of which it had agreed to "prioritize" and "accelerate" in January.

8. The facts belie your claim that the FTC is in any way to blame for the delayed data production.  The FTC requested the relevant data on September 8, 2023.  Again, in violation of Rule 34, Amazon refused to state when it anticipated completing its production, even after a second request from the FTC to do so.  *See* 10/26/23 FTC Ltr.  Amazon eventually, on January 5, stated that it "expect[ed] to provide a data sample by January 19" (4.5 months after the FTC's original data request).  Amazon later explained that the January 19 data set was not a complete sample and provided an "updated" sample, with significantly more information, on February 27.  This data set too was incomplete, in that it lacked categories of requested data that we understand Amazon intends to produce or is still in the process of locating.  In response to your March 22 letter asking the FTC to confirm how it wanted to receive the data, we immediately asked for a meet-and-confer (you were not available until April 2) and then, on April 3, provided complete answers to your questions.  Since then, you have neither produced the data nor provided an estimated production date.   We recognize that collecting and transferring large data sets can be a time-consuming task.  However, even if Amazon's delay were excusable (which we do not concede), to suggest that the *FTC* is the reason for the delay makes no sense.

   a. In any event, regardless of who, if anyone, is to blame for the delayed data production, it is unreasonable to expect the FTC or an expert witness to process and analyze what you have estimated is 100 TB of data (or, even if sampled, 10-20 TB of data) and, potentially, prepare an expert report in two months.  (Even that timeline, moreover, assumes a near-immediate data production.)  This is especially true given that Amazon has possessed and been analyzing this same data for years (both before and after the FTC's CIDs).

Evan


Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Wednesday, April 24, 2024 9:08 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com;

kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** RE: FTC v. Amazon - Case Schedule

Counsel,

We have reviewed your below proposal to modify the Court's Scheduling Order, and do not believe modifications to the schedule are necessary or appropriate at this time. Addressing the reasons you provide in support of modification, we observe:

1. It is not unusual for cases to proceed through discovery while motions to dismiss are pending, and we do not expect the scope of discovery will materially expand if the Court denies Defendants' motions to dismiss and Defendants are required to answer the Amended Complaint.
2. Amazon has worked diligently to coordinate with the FTC to agree on the scope of data that will be produced by Amazon in response to the FTC's expansive requests. Despite the fact that the FTC has requested an unreasonable amount of data, and refused to accept a sample, we anticipate completing the data production well before the deadlines for expert reports or fact discovery completion in the existing Scheduling Order. We reject any suggestion that any delays in the production timeline have resulted from Amazon's diligent efforts; rather, as you know, the production timeline is a direct result of the FTC's demands and its slow engagement on Amazon's efforts to meet and confer.
3. The parties' ongoing efforts to resolve discovery disputes through meet and confers does not presently necessitate modifying the case schedule.
4. The Court is aware of the pending motions to compel as well as the case schedule it entered, and the pendency of those motions does not provide a basis for modifying the case schedule at this time.
5. We anticipate that the parties and counsel will coordinate to ensure depositions are scheduled within the nearly 5 months that remain for fact discovery. If you identify the fact witnesses you intend to depose, we will work to make them available within the current discovery deadlines.

We also note that prior to initiating this action the FTC conducted a multi-year investigation of Amazon in which Amazon made extensive document productions and the FTC conducted dozens of investigational hearings. Across the investigation and this litigation, the FTC has been conducting discovery of Amazon for more than three years. There is no good reason to further extend the time for discovery or otherwise delay these proceedings.

If it would be helpful to further discuss, please let us know.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Wednesday, April 17, 2024 2:24 PM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** FTC v. Amazon - Case Schedule

[EXTERNAL]
Counsel,

We write regarding the Court's Scheduling Order (Dkt. #66).  We believe modifications to the schedule are appropriate for five primary reasons:  (1) Defendants have not answered the Amended Complaint (which will necessarily affect the scope of discovery), (2) Amazon has not produced the complete data requested in the FTC's Third Set of RFPs, (3) the parties continue to meet and confer regarding the scope of our document review and production, (4) the parties' motions to compel remain outstanding, and (5) although we intend to schedule depositions over the summer (in advance of the current September 6 discovery deadline), we assume that process will be complicated by counsel's and witnesses' travel plans.

We propose that the parties file a Joint Motion to amend the schedule in the manner described below.  Please let us know by next Wednesday, April 24 whether you consent to this schedule.  If so, we will prepare a joint motion.  Please note that our proposal schedule assumes that Amazon will produce the requested data within the next few weeks and that that the parties will substantially complete the additional document review and production about which we have been conferring on or around June 30, 2024.  Please let us know if you believe either of those assumptions are

inaccurate.

| Event | Existing Deadline (Dkt. #66) | Proposed Deadline |
|---|---|---|
| Deadline for Amended Pleadings | July 8, 2024 | August 9, 2024 |
| Motions Relating to Fact Discovery | August 7, 2024 | September 18, 2024 |
| Fact Discovery Deadline | September 6, 2024 | October 18, 2024 |
| Opening Expert Reports (all parties) | July 8, 2024 | November 8, 2024 |
| Rebuttal Expert Reports (all parties) | -- | December 20, 2024 |
| Motions Relating to Expert Discovery | August 7, 2024 | January 6, 2025 |
| Expert Discovery Deadline | September 6, 2024 | January 31, 2025 |
| Dispositive and *Daubert* Motions | October 7, 2024 | February 28, 2025 |
| Responses to Dispositive and *Daubert* Motions | October 28, 2024 (calculated under LCR 7) | March 31, 2025 |
| Replies In Support of Dispositive and *Daubert* Motions | November 1, 2024 (calculated under LCR 7) | April 11, 2025 |
| Settlement Conference | December 5, 2024 | April 25, 2025 |
| Motions in Limine | December 23, 2024 | June 2, 2025 |
| Agreed Pretrial Order | January 13, 2025 | June 13, 2025 |
| Deposition Designations | January 15, 2025 | June 17, 2025 |
| Pretrial Conference (1:30 pm) | January 21, 2025 | June 24, 2025 |
| Trial Briefs, Proposed Findings of Fact, and Conclusions of Law | January 27, 2025 | June 30, 2025 |
| Trial Date | February 3, 2025 | July 14, 2025 |

Thanks,
Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197