The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>                Defendants. | No. 2:23-cv-0932-JHC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>**NOTED ON MOTION CALENDAR: June 3, 2024**<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.    BACKGROUND .....................................................................................................3

III.    ARGUMENT...........................................................................................................5

    A.    The FTC Has Failed to Demonstrate Good Cause................................................5

    B.    The FTC Has Failed to Exercise Diligence. .........................................................7

    C.    The Requested Modification Would Prejudice Defendants..................................9

    D.    If the Court Grants Any Modification, It Should Enter the Limited Modified Case Schedule that Defendants Offered..............................................10

IV.    CONCLUSION.....................................................................................................10

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Alcantara v. Bodega Latina Corp.*,
    2021 WL 1771870 (D. Nev. May 3, 2021) ............................................................................. 1, 6

*Balboa Cap. Corp. v. New Image Dental Lab'y, Inc.*,
    2020 WL 10458167 (C.D. Cal. Oct. 26, 2020) ....................................................................... 5, 6

*Bowers v. Kletke*,
    2010 WL 11527183 (W.D. Wash. July 21, 2010) ...................................................................... 9

*Citynet, LLC v. Frontier W. Virginia, Inc.*,
    2022 WL 2376638 (S.D.W. Va. June 30, 2022) ......................................................................... 6

*Djitte v. Delta Glob. Serv.*,
    2020 WL 13618119 (W.D. Wash. Apr. 2, 2020) ......................................................................... 5

*Est. of Enoch by Enoch v. Tienor*,
    2008 WL 11446790 (E.D. Wis. June 17, 2008) .......................................................................... 6

*Est. of Hernandez by & through Hernandez v. City of Los Angeles*,
    96 F.4th 1209 (9th Cir. 2024) ...................................................................................................... 8

*Green v. Archer Daniels Midland*,
    2012 WL 85409 (E.D. La. Jan. 11, 2012) ............................................................................... 6, 7

*Hayward Property, LLC v. Commonwealth Land Title Ins. Co.*,
    2021 WL 4927012 (N.D. Cal. Sept. 28, 2021) ............................................................................ 8

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .................................................................................................. 5, 7

*Martinez-Sanchez v. Anthony Vineyards, Inc.*,
    2021 WL 1060353 (E.D. Cal. Mar. 19, 2021) ............................................................................. 8

*Mr. Dee's Inc. v. Inmar, Inc.*,
    2020 WL 1849395 (M.D.N.C. Apr. 13, 2020) ............................................................................ 7

*Noyes v. Kelly Servs.*,
    488 F.3d 1163 (9th Cir. 2007) .................................................................................................... 8

*Oglesby v. Masse Contracting, Inc.*,
    2020 WL 3063849 (E.D. La. June 9, 2020) ............................................................................ 2, 9

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Reysner v. Navient Sols., Inc.*,
  2018 WL 2229254 (E.D. Cal. May 15, 2018) ..............................................................................9

*Rubik's Brand Ltd. v. Flambeau, Inc.*,
  329 F.R.D. 55 (S.D.N.Y. 2019) ..................................................................................................9

*Scarlett v. Doe*,
  2020 WL 13517858 (W.D. Wash. July 20, 2020) ....................................................................10

*Schaffner v. Crown Equip. Corp.*,
  2011 WL 6303408 (N.D. Cal. Dec. 16, 2011) .......................................................................2, 8

*Stewart v. Atherio Inc.*,
  2018 WL 1899291 (N.D. Tex. Apr. 19, 2018) ........................................................................10

*Stewart v. Coyne Textile Servs.*,
   212 F.R.D. 494 (S.D.W. Va. 2003) ............................................................................................9

*Wong v. Regents of Univ. of Cal.*,
  410 F.3d 1052 (9th Cir. 2005) ...................................................................................................5

*Zivkovic v. So. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) ...............................................................................................2, 7

**Federal Statutes**

15 U.S.C. § 46 ...................................................................................................................................3

**Rules**

Fed. R. Civ. P. 16 ........................................................................................................................5, 7

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

The FTC seeks to drastically alter the entire case schedule, including delaying trial by five months, so it can belatedly obtain detailed personal data for hundreds of millions of Amazon Prime members. Specifically, the FTC's overbroad requests seek more than 100 data fields for over 285 million Prime members over seven years—including data disclosing each time every Prime member contacted customer service, placed an order for delivery, or watched content on Prime video—that has taken months to compile and requires an estimated hundreds of billions of rows of data. The FTC never sought this data during its years-long investigation of Amazon, and fails now to identify any reason why all this data is so important to its case that the entire case schedule should be revised wholesale. Moreover, any purported production delays are a problem of the FTC's own making. Although Amazon informed the FTC that its unreasonable requests would require significant time to compile, the FTC rebuffed Amazon's efforts to negotiate reasonable ways to expedite the production, including by providing a statistically significant data sample that would give the FTC whatever it believed it needed. The FTC never told Amazon that the data needed to be produced significantly prior to the fact discovery cutoff (which is still months away), or ever suggest, as it argues now, that the data is somehow "crucial" to its case. Instead, the FTC directed Amazon to "prioritize" *other* requests for documents.

Despite the FTC's self-inflicted time crunch, Amazon proposed a six-week extension of certain pretrial deadlines (while maintaining the February 2025 trial date)—a modification that is more than sufficient to meet the FTC's purported needs. The FTC did not substantively engage with Amazon's proposal, and its motion does not even acknowledge it. Moreover, the motion fails to explain why the FTC believes there is "good cause" for a longer continuance, including a five-month delay of the trial. The FTC's motion should be denied for the following reasons:

*First*, the overbroad discovery sought by the FTC does not justify any modification to the scheduling order. The FTC does not come close to satisfying its burden of articulating detailed reasons why the requested data necessitates an extension of all case deadlines. *See Alcantara v. Bodega Latina Corp.*, 2021 WL 1771870, at *1 (D. Nev. May 3, 2021) (affirming denial of motion

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to modify scheduling order given the "insufficiency of [plaintiff's] need" to pursue discovery that "would do little to resolve" the case). Nor could it. Even assuming the data could be used to "estimate consumer harm" or evidence ROSCA violations (it does not), the FTC fails to explain why it needs all requested data for more than 285 million Prime members instead of the statistically significant sample Amazon offered many months ago. Defendants' motions to dismiss do not justify an extension either, as the Court has now ruled on both motions, and Defendants will answer months before the close of fact discovery.

*Second*, the FTC cannot demonstrate diligence, which it acknowledges is an essential element of good cause. (Mot. 5.) The FTC never asked for this extremely voluminous customer-grain data during its two-year investigation of Amazon, and failed to exercise any diligence during this litigation. *See Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (if the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted"). The FTC could have had a representative data sample long ago had it simply engaged with Amazon, but it instead insisted on overbroad requests that it failed to prioritize. *See Schaffner v. Crown Equip. Corp.*, 2011 WL 6303408, at *2 (N.D. Cal. Dec. 16, 2011) (rejecting request for "five-month continuance of the trial date and associated pretrial deadlines" where delays in discovery were "attributable to Plaintiff's improper discovery requests" that were "way too broad").

*Third*, although Defendants need not show prejudice for this Court to deny the FTC's motion, the FTC's proposed wholesale change to the Scheduling Order would materially prejudice Defendants. The three individual defendants, whose lives have been upended by the FTC's baseless and unjust allegations, are particularly eager to see those allegations fail, and any delay further prejudices them. *See Oglesby v. Masse Contracting, Inc.*, 2020 WL 3063849, at *2 (E.D. La. June 9, 2020) (rejecting continuance where it would "prejudice the defendants by prolonging this case and increasing the costs of litigation").

*Fourth*, even if there were good cause for an extension, it should be no longer than the six-week extensions Defendants offered. Amazon has been actively working to produce all data

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

requested by the FTC and plans to do so within weeks. The FTC does not and cannot demonstrate good cause for more time—much less a five-month delay of the trial date.

## II.     BACKGROUND

Before filing its Complaint, the FTC took one-sided pre-suit "discovery" from Amazon, including over 30,000 documents, and questioned more than 30 current and former Amazon employees for more than 200 hours.[1] (Wu Decl. ¶ 2.) Since filing suit, the FTC has served an additional 81 requests for production and obtained an additional 220,000 documents. (Wu Decl. ¶ 3.) As relevant here, on September 8, 2023, the FTC served its *third* set of requests for production (the "Requests"). (Dkt. 161-1.)

For each of the more than 285 million Prime members, the Requests demand that Amazon provide dozens of different categories of information that encompass over 100 data fields, including: (1) the member's name, mailing address, email address, and telephone number; (2) the date the member became a member; (3) the dates of all customer service contacts initiated by the member, including contacts with no connection to Prime enrollment or cancellation; (4) the dates on which the member visited Amazon.com, the Amazon "mShop" App, or Kindle App after enrolling; and (5) the member's Prime benefit usage by date and type of benefit used. *Id*. The "Prime benefit" category includes the members' usage of "Prime-eligible shipping" (i.e., the customer's entire Prime purchase history) and "Prime Video streaming" (i.e., the customer's entire Prime Video streaming history). (Dkt. 161-1 at 9-13, Wu Decl. ¶ 4.) This information generates a data export comprising an estimated hundreds of billions of rows of data. (Wu Decl. ¶ 4.)

Amazon informed the FTC that producing the requested data would require "substantial time and resources," as the information does not all exist in one place, and a report would need to be custom generated for the FTC. (Wu Decl. ¶ 7., Ex. 1.) In view of these issues, Amazon proposed providing a sample "to facilitate discussion of the data"—and thereby ensure that the format and

---

[1] During the investigation, the FTC controlled the substance and pace of production, pursuant to its statutory authority "to investigate from time to time the organization, business, conduct, practices, and management of any person, partnership, or corporation engaged in or whose business affects commerce …." 15 U.S.C. § 46(a).

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

contents of the data would meet the FTC's purported needs—"before Amazon undertakes the additional, substantial burden of pulling and producing it." (*Id.*) On December 14, 2023, Amazon further proposed that rather than producing the full data set, Amazon could produce a representative sample of the data, which would take significantly less time to generate. (Wu Decl. ¶ 5.) It made no sense to begin pulling data without knowing whether the FTC would accept a statistically representative sample. After all, the purpose of a data sample is to *avoid* expending the significant resources required to compile a full data set. (Wu Decl. ¶ 6.) However, the FTC did not respond to Amazon's proposal for months or otherwise agree to narrow its overbroad requests to facilitate a faster production.[2] (*Id.*)

What is more, the FTC never stated that it would need to receive the data by a certain date in order for it to comply with the Scheduling Order. And the FTC never said or even suggested that it considered the data a higher priority than its 66 other pending requests for production. To the contrary, on January 5, 2024, the FTC identified more than a dozen *other* requests that it wished for Amazon to "prioritize," many of which required substantial resources for Amazon to comply. (Wu Decl. ¶ 8, Ex. 2.)

Between January and March 2024, Amazon actively sought the FTC's confirmation that its data samples were responsive to the Requests. To this end, Amazon produced a data sample on January 19, a revised data sample on February 27, and a further revised data sample on March 8. (Dkt. 161-6, Dkt. 161-9, Dkt. 161-10.) During this period, the FTC still never stated that it would need Amazon's data by a certain date. The FTC also did not respond to Amazon's earlier offer to produce a statistically representative sample. (Wu Decl. ¶¶ 5-6.) Instead, the FTC sent repeated requests for further information and pushed to expand the data set even further. (Wu Decl. ¶ 9, Ex. 3, Dkt. 161-8, Dkt. 161-11.)

---

[2] The FTC has delayed discovery in other ways, including missing every major production deadline it has set for itself. For example, the FTC promised it would substantially complete its document productions by December 15, 2023, yet only this week did it finally produce documents responsive to Amazon's first set of requests for production (served in August 2023).

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER (2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Finally, on April 3, 2024—more than two months after first receiving a data sample from Amazon—the FTC stated it would "not accept a statistical sample instead of the full dataset." (Wu Decl. ¶ 9, Ex. 3.) In view of the approaching discovery deadline, Amazon promptly began the process of pulling the full data set, which it anticipates will be ready for production within weeks. (Wu Decl. ¶ 6.) Shortly after Amazon began this process, on April 17, the FTC proposed a wholesale modification to the case schedule, including a five-month continuance of the trial date. (Wu Decl. ¶ 10, Ex. 4.) Although Amazon disagreed that the FTC needed all the data it requested, and certainly disagreed with the FTC's attempts to blame Amazon for the FTC's own delays, Amazon nonetheless offered to compromise on a six-week extension of all discovery and expert-related deadlines, but to otherwise maintain the current trial date. (*Id.*) A day later, without responding to Amazon's proposal, the FTC stated it would file the instant motion.

### III.   ARGUMENT

"This Court's scheduling order is not a suggestion." *Djitte v. Delta Glob. Serv.*, 2020 WL 13618119, at *1 (W.D. Wash. Apr. 2, 2020). Courts "set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). Accordingly, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The FTC fails to demonstrate good cause for multiple reasons.

#### A.   The FTC Has Failed to Demonstrate Good Cause.

The focus of the "good cause" inquiry "is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The FTC proffers two reasons for its requested continuance: (1) so it can obtain the customer data and (2) because Defendants have not answered the Amended Complaint. Neither reason satisfies the FTC's burden.

The FTC's "reasons" for "good cause" must be "specific, detailed, and non-conclusory." *Balboa Cap. Corp. v. New Image Dental Lab'y, Inc.*, 2020 WL 10458167, at *2 (C.D. Cal. Oct. 26,

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER (2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2020). The FTC must explain in detail why the discovery it seeks justifies the requested modification. *See id.* (denying continuance to pursue documents party claimed were "needed to complete its motion for summary judgment" but did "not explain … *how*" they were "important" (emphasis added)); *Alcantara*, 2021 WL 1771870, at *1 (affirming denial of requested modification given the "insufficiency of [plaintiff's] need" to pursue discovery that "would do little to resolve" the disputed issues). The FTC lacks "good cause" for a modification where "the importance of the requested discovery [is] questionable." *Green v. Archer Daniels Midland*, 2012 WL 85409, at *3 (E.D. La. Jan. 11, 2012).

Here, the FTC vaguely describes the requested data as "crucial" and asserts it "will likely provide additional proof" to support its case, but the FTC provides no further explanation. (Mot. 1.) The FTC not only fails to explain *what* specific information "regarding … Prime" it requested, but also fails to explain *how* this unidentified information would impact the FTC's "ability to estimate consumer harm" or provide "proof" of ROSCA violations. (Mot. 1.) The FTC has thus failed to provide the "specific, detailed, and non-conclusory" information needed to meet its burden. *Balboa.*, 2020 WL 10458167, at *2. The FTC's "vague assertion" that this data is "necessary" does not show "good cause." *Est. of Enoch by Enoch v. Tienor*, 2008 WL 11446790, at *1 (E.D. Wis. June 17, 2008) (denying request for additional depositions based on assertion that "additional discovery is necessary to investigate the basis for the defendants' new affirmative defenses"); *Citynet, LLC v. Frontier W. Virginia, Inc.*, 2022 WL 2376638, at *3 (S.D.W. Va. June 30, 2022) (denying modification of schedule where movant did not adequately "support []" assertion" of why additional discovery was necessary).

Even assuming the FTC could appropriately use some of the requested data to "estimate consumer harm" or otherwise support the FTC's claims, the FTC has failed to articulate why it needs *all* the data, which includes detailed information about more than 285 million Prime members. (*Id.*) As discussed, the only reason this data has not already been produced is because the FTC demanded data encompassing billions of rows, such as a complete log of *any* time *any* Prime member visited the Amazon Store, read *any* book in their Kindle app, or watched *any* Prime

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

video over *any* of the last seven years. (*See supra* § 2.) Because the FTC has not demonstrated that it needs the entirety of this enormous amount of data, or an additional five months for an expert to review such data, it has not established good cause. *See Green*, 2012 WL 85409, at *3 (because "the importance of the requested discovery was questionable," plaintiffs failed to demonstrate "good cause" for a continuance).[3]

### B. The FTC Has Failed to Exercise Diligence.

Even if the FTC could identify some good cause, it cannot demonstrate diligence in complying with the current Scheduling Order. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

Based on the FTC's current proposal—which would change the deadline for opening expert reports from July to November 2024—the FTC appears to believe that its expert needs over five months to review and analyze Amazon's customer data. If this is true, then for the FTC to comply with the current Scheduling Order, it would have needed to obtain Amazon's customer data *by February 2024*, five months before the current July 6 deadline to file opening expert reports. The FTC made no meaningful attempt to obtain Amazon's customer data before February, as would have been needed to comply with the FTC's "(self-imposed) pre-deadline deadline." *Mr. Dee's Inc. v. Inmar, Inc.*, 2020 WL 1849395, at *8 (M.D.N.C. Apr. 13, 2020) (rejecting plaintiffs' proposed modification based on their experts' purported need for data "six months ahead" of a deadline where plaintiffs did not originally pursue that data "with an eye toward" a six-month-review period). To the contrary, although the FTC was told that its requests seek an extraordinarily large amount of

---

[3] The FTC also argues that good cause exists because Defendants' "Motions to Dismiss are pending," and "[o]nce Defendants file their Answers, the FTC may need to conduct discovery on any defenses or claims they raise." (Mot. 8.) But the Court has now ruled on Defendants' motions to dismiss, (Dkt. 165), and after Defendants answer, the FTC will have multiple months to take additional discovery prior to the September 2024 fact discovery deadline, (Dkt. 66.) The FTC does not identify any reason why this timeline is insufficient or creates good cause for a wholesale revision to the Scheduling Order.

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

data and producing all responsive data would require considerable work and time, the FTC unreasonably rejected all of Amazon's proposals to reasonably narrow the Requests. *See Schaffner*, 2011 WL 6303408, at *2; *Martinez-Sanchez v. Anthony Vineyards, Inc.*, 2021 WL 1060353, at *5 (E.D. Cal. Mar. 19, 2021) (no good cause where plaintiffs had "been aware of the issues they raise[d] for months" and declined the defendants' proposed solutions.).

Nor did the FTC ever convey any urgency. Rather than communicate a deadline—after which a trial continuance would be, from the FTC's perspective, necessary—the FTC on January 5 directed Amazon to prioritize over a dozen *other* requests for production. And rather than ask Amazon to start the work of finalizing its data production based on the January 19 sample—or agree to accept a representative sample on an expedited basis—the FTC spent months pushing to expand the data set. The FTC's failure to prioritize the data is flatly inconsistent with diligence. *See Hayward Property, LLC v. Commonwealth Land Title Ins. Co.*, 2021 WL 4927012, at *4 (N.D. Cal. Sept. 28, 2021) (declining to modify case schedule where "the burden fell on Plaintiff to seek the discovery it deems essential" and the plaintiff failed to do so).

Notably, the FTC's delays in obtaining data span not mere months, but years. The FTC's pre-suit investigation began in March 2021. To the extent the FTC now argues that member data "is critical to the FTC's ability to estimate consumer harm" and to determining whether "Amazon enrolled consumers in Prime without their express informed consent and failed to provide simple cancellation mechanisms," (Mot. 1), the FTC could have—and reasonably should have—pursued the data years ago. Its "failure to complete discovery within the time allowed is not recognized as good cause[.]" (Dkt. 66 at 2; *see Est. of Hernandez by & through Hernandez v. City of Los Angeles*, 96 F.4th 1209, 1223 (9th Cir. 2024) (extension unwarranted where movant delayed discovery and "unnecessarily placed herself in a position in which she was unable to bring discovery motions until fairly late in the process").)

None of the cases cited in the motion support the FTC's argument that it acted diligently. In *Noyes v. Kelly Servs.*, the movant missed its summary-judgment-related deadlines due to a witness failing to sit for his duly noticed deposition until after summary-judgment briefing was

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

already submitted. 488 F.3d 1163, 1173 (9th Cir. 2007).  Here, Amazon has met its discovery obligations by reasonably and promptly engaging with the FTC on the data, and even affirmatively offered to provide a statistical sample.  In *Rubik's Brand Ltd. v. Flambeau, Inc.*, the court extended the discovery deadline because the non-movant produced relevant documents only after the close of fact discovery.  329 F.R.D. 55, 59 (S.D.N.Y. 2019).  Here, despite the FTC's intransigence, Amazon still intends to meet its obligations by the discovery deadline.  Finally, *Stewart v. Coyne Textile Servs.* concerns the extension of a deadline to amend a complaint, not a discovery deadline. 212 F.R.D. 494, 497 (S.D.W. Va. 2003).  Moreover, in *Stewart,* both parties had already agreed to extend discovery after the defendant had submitted late responses.  *Id.*  Here, the parties have not agreed to extend discovery, and Amazon has met its discovery obligations.

### C. Defendants Would Be Prejudiced by The Requested Modification.

Defendants would be materially prejudiced because the requested extension would needlessly delay—by five months—Defendants' opportunity to clear their names.  *See Oglesby*, 2020 WL 3063849, at *2; *Reysner v. Navient Sols., Inc.*, 2018 WL 2229254, at *4 (E.D. Cal. May 15, 2018) (denying request to modify schedule that would "delay the action and lead to increased litigation costs for [defendant]."); *Bowers v. Kletke*, 2010 WL 11527183, at *4 (W.D. Wash. July 21, 2010) ("[P]rejudice to Defendants can be presumed from unreasonable delay.").

The requested extension would be particularly unfair to the charged individuals, who the FTC sued contrary to longstanding agency policy.  Those individuals have suffered significant reputational harm as a result and are eager to obtain their day in court and prevail, whether by dispositive motion or at trial.

The case cited by the FTC—*Crockett*—is inapposite.  There, the plaintiffs merely moved to amend their complaint 18 days after the deadline, and the defendant did not "identif[y] any … prejudice."  *Id.* at 1163-64.  Here, the FTC seeks to extend the *entire* case schedule *eight months* after entry of the Scheduling Order, and the prejudice to Defendants is clear.

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### D. If the Court Grants Any Modification, It Should Enter the Limited Modified Case Schedule that Defendants Offered.

The FTC has not shown good cause for *any* modification of the Scheduling Order. *See supra* Section III.A-C. However, should the Court find a modification warranted, the Court should accept Amazon's proposal of a six-week extension of all discovery and expert-related deadlines—a good-faith compromise offer that the FTC's motion ignores entirely. (Wu Decl. ¶ 10, Ex. 4.) As noted above, Amazon anticipates producing the entire dataset requested by the FTC in a matter of months before discovery closes. The FTC does not identify any facts or evidence to show that such an extension would be insufficient for its purported needs. *See Stewart v. Atherio Inc.*, 2018 WL 1899291, at *3–4 (N.D. Tex. Apr. 19, 2018) (granting motion to modify schedule but extending deadlines by half the period movant requested); *Scarlett v. Doe*, 2020 WL 13517858, at *1 (W.D. Wash. July 20, 2020) (denying requested modification where party did "not explain why, even if it showed good cause to extend the discovery deadline, that would equate to good cause to extend the trial date as well").

### IV. CONCLUSION

Defendants respectfully request that the Court deny the FTC's motion.

DATED this 28th day of May, 2024.

I certify that this memorandum contains 3,684 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
           jimhoward@dwt.com

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER (2:23-cv-0932-JHC) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
           lflahivewu@cov.com
       lkim@cov.com
            jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
          mkaba@hueston.com
          jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants

DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax