The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

               Plaintiff,

     v.

AMAZON.COM, INC., *et al.*,

               Defendants.

No. 2:23-cv-0932-JHC

**DECLARATION OF LAURA FLAHIVE WU IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

I, Laura Flahive Wu, hereby state that I have personal knowledge of the facts set forth below.  If called as witness, I could and would testify as follows:

1.      I am a United States citizen and am over eighteen years of age.  I am a partner in the law firm of Covington & Burling LLP and one of Amazon.com, Inc.'s counsel.  My office address is 850 10th Street NW, Washington, DC 20001.

2.      Prior to initiating this litigation, the FTC conducted a two-plus year investigation into Amazon Prime.  As part of that investigation, Amazon produced more than 30,000 documents.  Dkt. 65 at 11.  Additionally, the FTC obtained over 200 hours of sworn testimony from more than 30 current and former Amazon employees.  *Id.*

3.      Since filing this lawsuit on June 21, 2023, the FTC has served four sets of requests for production of documents, totaling 81 distinct requests.  To date, Amazon has produced more than 220,000 documents in this litigation in response to the FTC's four sets of requests for production.

FLAHIVE WU DECL. IN SUPPORT OF DEFENDANTS' OPPOSITION TO
MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4.      On September 8, 2023, the FTC served its third set of requests for production (the "Requests").  The Requests seek certain Prime customer data.  *See* Dkt. 161-1 at 9-13.  Amazon has determined that the requested information relates to more than 285 million unique Amazon customer accounts and will require a data export comprising an estimated hundreds of billions of rows of data.

5.      Amazon and the FTC have been discussing data sampling issues since at least November 10, 2023.  *See* Paragraph 7.  Additionally, I have participated in meet-and-confers with Plaintiff, including on December 14, 2023, February 8, 2024, and February 26, 2024, in which the parties discussed data sampling.  Further, in a March 22, 2024 letter, given the volume of data sought under the Requests, Amazon reiterated its request for the FTC to confirm whether it would accept a statistically significant sample of customer data in lieu of all data by March 29, 2024.  *See* Dkt. 161-12.

6.      On April 3, 2024, the FTC informed Amazon for the first time that it would "not accept a statistical sample."  *See* Paragraph 9.  Amazon promptly began the process of pulling the full data set, which it anticipates will be ready for production within the next several weeks. The FTC's failure to respond on data sampling delayed Amazon's production efforts.

7.      Attached as Exhibit 1 to this declaration is a true and correct copy of a letter from counsel for Amazon to counsel for the FTC dated November 10, 2023.

8.      Attached as Exhibit 2 to this declaration is a true and correct copy an email chain between counsel for Amazon and counsel for the FTC with the last email in the chain dated January 5, 2024.

9.      Attached as Exhibit 3 to this declaration is a true and correct copy of an email chain between counsel for Amazon and counsel for the FTC with the last email in the chain dated April 3, 2024.

10.      Attached as Exhibit 4 to this declaration is a true and correct copy of an email chain between counsel for Amazon and counsel for the FTC with the last email in the chain dated May 6, 2024.

FLAHIVE WU DECL. IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOT. TO MODIFY SCHEDULING ORDER (2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1          I declare under penalty of perjury that the foregoing is true and correct to the best of my

2   knowledge. Executed on May 28, 2024 at Washington, D.C.

3

4                                                     _____

5                                                          Laura Flahive Wu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

FLAHIVE WU DECL. IN SUPPORT OF DEFENDANTS' OPPOSITION TO
MOT. TO MODIFY SCHEDULING ORDER
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT 1

# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

**CONFIDENTIAL TREATMENT REQUESTED**

**Via Electronic Mail**                                              November 10, 2023

Evan Mendelson
Division of Enforcement
Federal Trade Commission
600 Pennsylvania Ave., N.W., Suite CC-9528
Washington, D.C. 20580

> **Re:**   ***FTC v. Amazon.com, Inc.***, No. 2:23-cv-0932-JHC (W.D. Wash.)

Counsel:

Amazon.com, Inc. ("Amazon") writes in response to the FTC's Letter to Amazon dated October 26, 2023 ("October 26 Letter"), regarding Amazon's Responses and Objections to the FTC's Second and Third Set of Requests for Production of Documents.

Once you have had a chance to review this letter and determine whether there are topics raised in your October 26 Letter that the FTC considers unresolved, we are willing to meet-and-confer with the goals of addressing any unresolved concerns and ensuring both parties are fulfilling their discovery obligations (*see* Amazon's Letter to FTC dated October 30, 2023).

## I.    Amazon's Overall Approach to the FTC's Requests for Production

### A.    General Objections

The FTC asserts that Amazon improperly used general objections in its responses, but this assertion is wrong on the law and ignores Amazon's clear specific objections to each request.

General objections are appropriate and permissible in discovery responses. *See Burlington North & Santa Fe Ry. Co. v. U.S. District Court for District of Montana*, 408 F.3d 1142, 1148 (9th Cir. 2005) (declining to invoke a prohibition on general objections). Amazon's general objections explain that Amazon will not bear discovery burdens outside of those imposed by the Federal and Local Rules. The objections seek to clarify this point because parts of the FTC's requests and instructions, as written, would require Amazon to take on burdens that far exceed those imposed by discovery. The FTC's purported complaint about the use of general objections is insincere given that the FTC similarly dedicated a section of its responses to "General Responses and Objections."

**COVINGTON**

Evan Mendelson
November 10, 2023
Page 2

Moreover, in addition to providing general objections, Amazon provided specific objections to each request by the FTC that is not supported by discovery rules.  Amazon's specific objections clearly state the scope of Amazon's objections to each request.  Additionally, in its specific responses, Amazon explains how it will respond to each of the FTC's requests.

### B.    Production Dates

The FTC asserts that Amazon has violated the federal rules by not providing an anticipated production date or producing documents responsive to the FTC's requests, but this assertion mischaracterizes Amazon's record of document productions to the FTC and ignores Amazon's efforts to work constructively with the FTC to address the FTC's incredibly broad and burdensome requests.

As an initial matter, your assertion that Amazon has not produced any documents responsive to the FTC's requests is inaccurate.  Amazon previously produced tens of thousands of documents to the FTC as part of the FTC's ROSCA investigation and coordinated with the FTC to conduct dozens of investigational hearings.  In contrast, the FTC has not produced ***any*** documents in response to Amazon's requests for production other than investigational hearing transcripts and related exhibits.  In other words, the FTC has produced only testimony and documents that it received from Amazon or former Amazon employees in the course of its investigation, and has not produced any of its own materials in this litigation.

Nonetheless, to address the concern raised by the FTC in its letter, Amazon responds that it anticipates beginning rolling productions of additional documents next month, and will continue to make rolling productions as efficiently as possible until complete.  Amazon has already started the process of identifying and reviewing additional documents for production to the FTC.  However, more definitive estimates of our timeline depend in part on when an ESI Agreement is entered as well as on the timing and outcome of the meet-and-confer process (which Amazon proposed more than a month ago in its responses) to reduce the scope and burden of the FTC's requests so that Amazon can determine what tools it will use (*e.g.*, custodians, search terms, technology-assisted review).

Accordingly, Amazon's initial responses comply with the applicable case deadlines, and are reasonable in light of the FTC's voluminous and overly broad requests and the fact that the ESI Agreement and meet-and-confer process remain in progress.

### C.    Limitation to United States

The FTC asserts that it is entitled to materials related solely to Amazon's conduct outside the United States, but fails to demonstrate a connection between documents solely relating to Amazon's foreign conduct and the FTC's claims regarding Amazon's interactions with potential Prime customers in the United States.

The FTC's Amended Complaint does not allege any acts "involving foreign commerce" that have "cause[d] or are likely to cause reasonably foreseeable injury within the United States" or "involve material conduct occurring within the United States."  15 U.S.C. § 45(a)(4).  While the Amended Complaint mentions foreign regulators in passing, *see* Dkt. 69 at ¶¶ 229-230, it

**COVINGTON**

Evan Mendelson
November 10, 2023
Page 3

does not identify any foreign conduct that caused harm in the U.S. or any foreign commerce involving material conduct occurring in the U.S. Indeed, the Amended Complaint expressly cabins itself to conduct within the U.S., noting that Prime "gives subscribers *throughout the United States* access to additional services." *Id*. 69 at ¶ 13. The FTC never alleges that those subscribers were injured by conduct occurring outside the U.S.

Because the FTC has not stated any claims that implicate commerce outside the U.S., any documents regarding the same are irrelevant. Amazon will produce materials that implicate conduct within the U.S.—for example, documents that discuss both U.S. and international flows—but will not produce documents that relate solely to international flows or consumers.

### D.    Privilege Claims

The FTC suggests that we should meet-and-confer regarding privilege logs. We agree that a meet-and-confer regarding privilege logs might be beneficial. We look forward to hearing constructive proposals from the FTC that benefit both parties, and that do not operate to asymmetrically excuse the FTC from substantiating its claims of privilege while requiring Amazon to individually log its own responsive, privileged documents.

### E.    Time Period

The FTC asserts that it is unclear what time period Amazon will use when responding to the FTC's requests. While we disagree that there is any ambiguity in Amazons' responses, we can confirm that, unless otherwise stated, Amazon is not using a different time period to limit productions in response to any requests. Amazon believes the six-year period from May 1, 2017, to June 21, 2023, is eminently reasonable and consistent with the FTC's Amended Complaint. It extends before and after the period covered by the investigation, as well as before and after the conduct alleged in the complaint. Any different time period would be arbitrary, unnecessary, and unduly burdensome.

### F.    Reasonable Searches

The FTC asserts that Amazon must provide explanations of the specific processes by which it has or will search for documents responsive to each of the FTC's request, must identify all potentially responsive documents that Amazon could not locate, and must employ predictive coding in furtherance of its searches. While Amazon is willing to provide some additional information regarding the nature of its search processes, and is prepared to discuss a *mutual* exchange of more detailed information regarding the nature and scope of the FTC and Amazon's respective searches for responsive documents, the FTC is not entitled to unilaterally order Amazon to conduct its searches in a certain manner.

As indicated in its responses, Amazon will conduct reasonable searches to locate material responsive to the FTC's RFPs. The language that Amazon used in its responses to describe its search process is very similar to the language that the FTC employed in its own responses. *See* FTC's Responses and Objections to Amazon's First Set of RFPs, dated September 25, 2023 (agreeing to produce documents "located in a reasonable and diligent search").

**COVINGTON**

Evan Mendelson
November 10, 2023
Page 4

For requests seeking particular, identifiable materials, Amazon will conduct a reasonable search for such materials. Amazon has already begun such searches, and will produce non-privileged materials on a rolling basis. Some of these materials might be difficult and time-consuming to locate (if they exist) due to the passage of time, employee departures, or other reasons.

For other requests, we will collect from document custodians and then use various tools (*e.g*., search terms, technology-assisted review) to identify responsive materials. We are prepared to reciprocally exchange custodians and search terms at your convenience.

Your citation to *Hyles v. New York City*—for your proposition that Amazon should "use [] predictive coding rather than search terms"—is confusing and unsupported. First, *Hyles* states nearly the opposite: "The key issue is whether, at plaintiff Hyles' request, the defendant City (i.e., the responding party) can be forced to use TAR ([...] aka predictive coding) when the City prefers to use keyword searching. The short answer is a decisive 'NO.'" *Id*. at 1. Second, it is a core tenet of discovery that the responding party is best situated to evaluate the procedures, methodologies, and technologies for their own productions. *See The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1 (2018), at 118 (Principle 6). Third, per the FTC's request, the current draft of the ESI Agreement contemplates the use of search terms. Amazon looks forward to a meet-and-confer that will help us understand the breadth of your requests so that we can make an informed assessment about which tool, or combination of tools, we will use.

## II.     Amazon's Responses to Specific Requests for Production

### A.     Amazon Has Provided Specific Responses and Objections (Request Nos. 9, 10, 13, 48, 49, 52, 53, 55, 56, 60, 68, and 71)

Your letter asks Amazon to "state what documents . . . [it is] withholding" for each RFP identified above before the parties meet-and-confer, but a "producing party does not need to provide a . . . log of all documents withheld." Fed. Prac. & Proc. Civ. § 2213 (3d ed.) (quoting Fed. R. Civ. P. Committee Notes (2015)). Instead, the producing party need only "alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection." *Id*. Amazon has met this obligation by providing specific responses and objections to each RFP identified above, but cannot more definitively answer whether or what documents have been withheld until the parties have met and conferred regarding the scope of these overly broad requests. Amazon looks forward to the opportunity to meet-and-confer regarding these requests.

### B.     The FTC's RFPs Are Overly Broad and Unduly Burdensome Because They Seek Broad Categories of Documents Without Regard to Time (Request Nos. 11, 12, 16, 17, 31, 32, 36, 68, 74)

The October 26 Letter asserts that the requests listed above "seek[] discrete documents and data." As an initial matter, your requests do not seek "discrete documents and data," as these requests seek wide-ranging discovery of documents and materials. While these requests reference specific Bates numbers, each also demands broad categories of documents unbounded

**COVINGTON**

Evan Mendelson
November 10, 2023
Page 5

by time.  *See, e.g.*, No. 16 ("*Without regard for the applicable time period, all Documents* . . . relating to usability studies . . ."), 36 ("*Without regard for the applicable time period, all Documents* relating to any financial analysis of experiments involving Prime offers . . ."), 74 ("*Without regard to the applicable time period, all Documents* relating to . . . analysis of consumers' reason for cancellation based on customer service contacts.") (emphasis added). These requests are thus unduly broad and overly burdensome, as identified in Amazon's responses and objections, and do not "describe with reasonable particularity" the material sought.  Fed. R. Civ. P. 34(b)(1)(A).  Amazon's objections narrowing these requests to a reasonable time frame were proper.

> **C.    Amazon Intends to Produce Responsive Data That Exists in the Ordinary Course and Can Be Provided Without Undue Burden (Request Nos. 55, 56, 60, 67, 68, 69, 70, and 73)**

The FTC asserts that Amazon has not identified what data it will produce concerning Amazon Prime customers, or its basis for refusing to produce any such data.  Amazon is not required to create new records or data that do not exist in the ordinary course, nor is Amazon required to provide data if it cannot be done without undue burden.  Still, Amazon has already begun assessing what data it will be able to reasonably collect and produce.  Amazon notes that this is not a simple exercise, including because the data might exist across multiple data tables, and because drafting and refining bespoke queries typically requires substantial time and resources.  Based on our diligence to-date, which is ongoing, we anticipate being able to provide much (but not all) of the requested data, and we further anticipate providing a sample to facilitate discussion of the data before Amazon undertakes the additional, substantial burden of pulling and producing it.

> **D.    Amazon Will Produce Documents Identified by a Reasonable Search (Requests 59, 63, 64, 65, 74)**

The FTC asserts that Amazon has not identified whether it is withholding materials concerning studies and analysis conducted by Amazon.  As noted above, and as the FTC does not dispute, Amazon has no obligation to produce documents that do not exist in the ordinary course, or which are not reasonably accessible due to undue burden or cost.  Your letter asks that Amazon "provide a particular and specific demonstration of fact" in its discovery responses, but this showing is required only "[o]n motion to compel discovery or for a protective order." Fed. R. Civ. P. 26(b)(2)(B); *see also Apple Inc. v. Samsung Elecs. Co.* 2013 WL 4426512, at *3 (N.D. Cal. Aug. 14, 2013) (ruling on motion to compel discovery).  Regardless, Amazon is conducting a reasonable search (which we describe in more detail in this letter) to locate responsive documents.  To be clear, Amazon has not yet identified any responsive documents that it is withholding solely due to undue burden.

> **E.    PII (Requests 55, 56, 60, 68)**

The FTC asserts that Amazon must produce Prime members' names, numbers, emails, and addresses.  Amazon, however, has profound concerns with producing the personal information of potentially hundreds of millions of American consumers.

**COVINGTON**

Evan Mendelson
November 10, 2023
Page 6

Privacy is not just about security, nor is it achieved with a "Confidential" mark.  Privacy also requires making smart choices about what data is retained, for how long, and with whom it is shared.  Even seemingly innocuous data like personal contact information might reveal sensitive, private details about people's lives—where a stalking victim lives, or the deadname of a transgender person, or the trauma someone shares on a message board via anonymous email.  Worse, the FTC wants this personal information linked with a consumer's shopping and other behavioral data.  Worse still, the FTC demands this data be provided for potentially hundreds of millions of American consumers.  Even benign data can create substantial privacy risks when aggregated at such incredible volumes, and can be combined with other data in nefarious ways.  One need not assume an FTC employee would leak or misuse the data, or that the FTC could be hacked, or any of a million other scenarios, to realize what a terrible idea it would be to take all of the personal data that Amazon securely stores, compile it all into a single data set, and send that data set out where it could be compromised.  That the Bureau of *Consumer Protection* has no such concerns—simply because it survived an audit last year—is disquieting.

Even if we shared the FTC's laissez-faire view, the FTC would still need to show relevance and proportionality.  It cannot.  Your October 26 Letter offers two flimsy justifications for this massive invasion: that the "contact information of potential witnesses and victims are clearly relevant [and that] the information might be necessary to match consumers across different data sets provided by Amazon."  To the second point, Amazon is working to design a securely hashed/tokenized customer ID that will facilitate matching across sets—and will do so in a more reliable way than the FTC's plan to match names and numbers, which obviously can change or might not be consistent across data sets.

To the first point—that the FTC might use the names, numbers, emails, and addresses of potentially hundreds of millions of American consumers to go fishing for witnesses—we strongly disagree with the FTC's reasoning.  First, much of this data could be out of date.  But more importantly, providing the personal information for all Prime members just so the FTC can *consider* whether it *might* want to contact a *few* consumers in hopes that *some* might *eventually* be *asked* and then *agree* to be trial witnesses—never mind that the laws focus on a 'reasonable' consumer, not a 'particular' consumer cherry-picked by the FTC—is entirely disproportionate.  The FTC has other, more targeted ways to identify witnesses.  Further, Amazon is willing to consider providing contact information for specific consumers the FTC identifies, which would entirely resolve this issue and not entail a massive risk to data security.

We remain willing to meet-and-confer about why this data is needed and to see if there are other ways to meet any purported need that would not obliterate important and fundamental principles of personal privacy.

**F.      Non-Prime Programs (Requests 11, 18, 21, 22, 24, 25, 26, 27, 29, 30, 32, 35, 37, 38, 42, 45, 47, 48, 73)**

The FTC also requests documents relating to "Non-Prime Negative Option Programs" which clearly fall beyond the scope of this litigation.  All of the FTC's claims relate solely to Amazon's Prime program.  While the Amended Complaint includes isolated references to other programs, none of the claims implicate any program other than Prime.  The FTC's sole argument regarding these programs seems to be that they might be indirectly relevant to the

**COVINGTON**

Evan Mendelson
November 10, 2023
Page 7

scope of injunctive relief that the FTC seeks.  *See* Dkt. 54 at 5.  This attenuated connection is insufficient to justify the immense burden of producing documents related only to non-Prime programs.  Amazon will produce documents that include information about Prime in addition to other programs, but will not produce documents that relate solely to non-Prime programs.

### G.   Miscellaneous Issues

#### 1.   Request 7

The FTC requests that Amazon provide the most frequently displayed enrollment flow in each "acquisition channel" for each three-month period back to April 2017.  This is not possible.

Amazon does not maintain a central repository of all historical potential routes through its enrollment process.  Amazon will search for flows in its custodial files, and in locations where Amazon determines such flows are most likely to exist.  Amazon will produce all responsive flows that it locates, even if those flows had fewer than 5% of enrollments in any period.  Amazon notes that its flows are publicly available.

#### 2.   Request 12

The FTC requests that Amazon not limit its review to the tickets listed in RFP No. 12.  We will not limit our review to the tickets identified in RFP No. 12; rather, we will search the "Customer Frustration Database" for tickets relating to Prime enrollment or cancellation.

#### 3.   Request 15

The FTC requests that Amazon not limit its response to SICs and reason codes related to Prime.  While we do not agree that the information is relevant, we will provide all SIC and reason codes for the United States located after a reasonable search.

#### 4.   Request 21

The FTC requests that Amazon not limit its review to materials created during Amazon's specified date range.  We will not limit our review of the GPX broadcast channel to materials created within Amazon's specified date range.

Sincerely,

 /s/

Laura Kim
John Graubert
John Hall
Laura Flahive Wu
Stephen Anthony
Megan Rodgers

# EXHIBIT 2

| | |
|---|---|
| **From:** | Mendelson, Evan |
| **To:** | Flahive Wu, Laura; Joseph Aronsohn; Jerjian, Olivia; Nardini, Thomas; Hoffman, Elena; Zwonik, Ryan; Frech, Jacob |
| **Cc:** | John C. Hueston; Moez M. Kaba; Joseph A. Reiter; Vicki Chou; Kelly, Kevin; Kim, Laura; Graubert, John; Anthony, Stephen; Hall, John; Rodgers, Megan; Capuano, Marc; Payson, Kenneth; Howard, Jim; SEA Docket; Chan, Gina; Green, Jennifer; Mejia-Portillo, Johana; Awad, Yara; MacDonald, Colin; kristinachin@dwt.com |
| **Subject:** | RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.) |
| **Date:** | Friday, January 5, 2024 7:11:32 AM |
| **Attachments:** | image001.png |
| | 2023-12-22 FTC Letter to Amazon re RFP 1.pdf |

**[EXTERNAL]**

Counsel,

We will be contacting the Court to request a conference.  Of course, the fact that we are doing so does not mean we are unwilling to further meet-and-confer or consider any additional information.  As explained below, however, it is clear that the parties simply disagree on RFP 1; therefore, Court resolution (and a pre-motion discovery conference) is necessary.  On the production schedule and RFPs 48-49, we have met our meet-and-confer obligations.  If, however, the parties reach an agreement before the conference or after the conference and before the filing of a motion to compel, then there will be no need for the Court to resolve anything beyond RFP 1.

If you would like us to send the email we proposed yesterday (requesting a conference on behalf of all parties), please let us know by 2pm.  Otherwise, we'll request the conference on our own behalf.

As to the points in your email, please see our responses below:

1. **RFP 1**.  The documents we intend to raise with the Court are the ones we already identified in Parts I-III of our December 22 letter.  Your December 22 production and letter don't change anything because they relate almost exclusively to documents we are not raising (those discussed in Part IV of the letter).  When you provide an updated version of IC-3, we will consider removing that from the list of documents to be challenged.  Similarly, we asked for additional information regarding page 14 of IC-47, but you have not responded.

   We are puzzled by your statement that we have not explained the deficiencies in Amazon's privilege claims.  We explained them in detail in our December 22 letter (reattached here) and in the Motion to Desequester (Dkt. #4) and Reply brief (Dkt. #59).  We also discussed the deficiencies during our one-hour meet-and-confer on October 30, during which we followed up on the 11 questions/issues raised in our October 24 email.  Our November 17 and December 1 emails raised additional questions regarding other documents.  At this point, it is obvious that the parties simply disagree on the validity of Amazon's privilege claims.  The only remaining step is to ask the Court to resolve the dispute.

   Regarding the December 5 production, we seem to be going in circles.  Is it Amazon's position that the FTC is obligated to destroy or sequester the production?  If so, what is the basis for that position?  Without answers to those questions, we will neither destroy nor sequester the production, and will resume use of the documents.

2. **Production Schedule.**  Thank you for providing the date for your expected production of a data sample.  We will not raise that issue with the Court.  <mark>As to the other requests, please prioritize the items listed in #2 in my email of yesterday afternoon (below).</mark>  For the reasons stated in that email, we do not consider March to be a "reasonable time" for production of documents responsive to those requests (issued in late August and early September), and you have not committed to providing the documents before March.  If you agree to provide these documents by the end of January, we will not raise with the issue with the Court.

3. **RFPs 13(c), (d).**  Your email states, without citation, that Amazon has for months asked the FTC to clarify the scope of RFP 13.  That is false.  You also fault the FTC for not telling Amazon that responsive documents could be located within Heartbeat.  That is not the FTC's responsibility.  After receiving no commitment to provide responsive documents, we did more digging in order to point you to Heartbeat, which is one place (we do not know if it there are more) where Amazon apparently stores customer feedback, including app reviews and social media posts.  Amazon, of course, has known all along that Heartbeat houses these documents.

   In any event, having reread your January 2 letter and email of yesterday, we understand you intend to search Heartbeat for responsive documents.  We may follow-up separately regarding that search, but do not plan to raise RFP 13 with the Court at this time.

4. **RFPs 48, 49.**  We have explained the relevance of the requested materials throughout the investigation and in our December 22 letter.  We will do so again here.  As a threshold matter, however, we don't understand the distinction you are making between the knowledge of particular Amazon employees and the knowledge of the company itself.  The extent to which Amazon was aware of consumers nonconsensually enrolling in Prime (a ROSCA violation) is relevant, regardless of which particular employees were aware of the issue.  In any event, there is already evidence that employees working on US-related Prime issues *were* aware of at least some foreign investigations.   A document sent to Jamil Ghani, Nahshon Davidai, Sanjay Balakrishnan, Lisa Leung, Nikk Baidwan, and others, for example, states (in July 2020): "UPDP has been a target of scrutiny in the UK due to consumer complaints claiming that they had opted into Prime accidentally through the UPDP Free Trial offer.  The UK Advertising Standards Authority asserted that customers were opting into Prime accidentally through the UPDP Free Trial template . . . ."  AMZN_00022834.

   Beyond the knowledge point, the exchanges with law enforcement, regulators, and BBBs (whether foreign or domestic) are likely to discuss facts directly bearing on whether Amazon clearly and conspicuously disclosed Prime's material terms or enrolled consumers without their consent.  We will use the UK's Advertising Standards Authority ("ASA") as an example (because it is one investigation of which we are aware), though the same points would likely be true for other responsive documents.  In April 2023, the ASA reaffirmed an October 2019 ruling that Amazon's UPDP page (referred to as the PAY page in the decision) was materially misleading.  *See* [Amazon Europe Core Sarl - ASA | CAP](#).  That decision references data and arguments provided by Amazon, including data about benefit usage by UPDP Prime enrollees and the percentage of consumers seeing the UPDP who chose to enroll in Prime.

Given the apparent similarities between the US and UK UPDP pages, this information (and other information like it) is relevant to core issues of liability, not merely knowledge (which relates to injunctive and monetary relief).

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Thursday, January 4, 2024 7:05 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; kristinachin@dwt.com
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

Counsel,

Your email reflects the FTC's manufacture of disputes without accounting for Amazon's recent correspondence and productions.

1. **Amazon's Response to FTC's First Request for Production**.  Your December 22 letter concerning the FTC's challenge to Amazon's claim of privilege over certain material responsive to the FTC's 1st Request for Production did not account for the production and letter we sent the same day.  Please provide a list of any privilege challenges that you plan to raise with the court before you request a conference.  In addition, we reiterate our request that the FTC identify any deficiencies in Amazon's privilege claims.  We made this request on November 17 and December 5, and the FTC has refused to provide any substantive response.

   Regarding the documents informally produced on December 5, Amazon has already requested that you disregard and destroy them.  The documents were replaced by the updated formal production Amazon made on December 22.

2. **Amazon Productions**.  During our meet and confer on December 14, we advised you that Amazon would start producing documents on a rolling basis, and we have begun that process.

Materials responsive to the requests you have identified will be produced as part of this rolling process. We expect to make our next production in about two weeks, and continue producing documents at regular intervals. We currently anticipate substantially completing these productions by the end of March. If there are specific requests that you would like us to prioritize, please let us know, and we will attempt to accommodate your request.

We expect to provide a data sample by January 19.

3. **FTC Request for Production 13(c), (d)**. For months, we have asked the FTC to clarify the scope of Request 13, and the FTC has refused. Finally and for the first time, your December 22 letter articulated that what the FTC had *meant* to ask for was materials related to Amazon's Heartbeat systems. As you know, Amazon provided a list of custodians and sources it is searching to respond to the FTC's discovery requests on January 2. In addition to reviewing custodial materials for responsive documents, and as reflected in Exhibit A ("Tab 2 – Prime Sources") to Amazon's disclosure, Amazon is making reasonable efforts to determine if Heartbeat has potentially responsive materials.

4. **FTC Request for Production 48 and 49**. We are considering the proposal that you have offered for the first time in your email of today. In considering your proposal, it would be helpful to better understand why you contend such communications are relevant. In your December 22 letter, you proffered that the requested materials are relevant because they might be probative of Amazon's knowledge of alleged problems. Without conceding your point, we understand why your argument would apply to responsive documents received or sent by Amazon employees who were responsible for Prime enrollment and cancellation in the United States, but it is not clear to us why documents regarding foreign inquiries into foreign flows that were not shared with these employees would be relevant. Please let us know if you are willing to explain the relevance of these materials. If not, we will consider your offer based on the explanations you have provided to date.

If you wish to contact the court, we will advise the court that the FTC has failed to satisfy its meet and confer obligations in good faith because the FTC has ignored the information that Amazon has provided.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Thursday, January 4, 2024 1:06 PM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; kristinachin@dwt.com
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

<mark>[EXTERNAL]</mark>
Counsel,

We are reviewing your January 2 and January 3 letters and will respond in full separately.

We will be requesting a discovery conference with the Court to address the following issues:

1. **The remaining disputes as to RFP 1 (identified in our December 22 letter regarding RFP 1)**.

2. **Amazon's failure to provide a production schedule, as requested most recently in our December 22 letter**.  We are particularly concerned that Amazon has not produced, or even provided a production date for, documents responsive to the following RFPs, which we issued in later August or early September and request discrete sets of documents that we expect Amazon can collect outside of custodial searches: <mark>RFP 2, RFP 3, RFP 4, RFP 5, RFP 7, RFP 8, RFP 11, RFP 12(a)-(b), (e), RFP 14, RFP 15, RFP 17, RFP 22, RFP 25, RFP 38, RFP 40, RFP 52 (as modified in recent correspondence,), RFP 53 (as modified in recent correspondence), RFP 59 (see the "including" list), RFP 72 (final ASINization Playbook).</mark>

   a. **Data Requests:**  Your letter says that you anticipate providing the sample data set "in the new year."  Our understanding, as stated in our December 22 letter, was that you were planning to provide the sample data set in early January—though the words you used on the December 14 call might have been "early in the new year."  In any event, in the absence of greater specificity as to when you plan to provide the sample data set, we will ask the Court to provide a deadline.  Of course, if there are specific issues that are causing a hold-up, we are available to discuss those issues.

3. **RFP 13(c), (d)**:  Your letter misstates what we said on the meet-and-confer.  We do not expect Amazon to go outside the company to collect consumers' social media posts and app reviews

to respond to this RFP; rather, our understanding is that Amazon already collects this information (and then makes it accessible to employees through tools such as Heartbeat).  On the call and in our letter, we asked both for posts and app reviews already collected by for Amazon and for Amazon's analyses of this information relating to Prime Nonconsensual Enrollment.  We do not expect that these documents—particularly, the posts and review themselves—would be swept up by Amazon's efforts to collect documents responsive to other requests, especially insofar as Amazon is not agreeing to search the place where it appears the information is actually stored (Heartbeat).

4. **RFPs 48, 49 (Communications with Law Enforcement, Regulators, BBBs)**:  Amazon must search for and produce responsive documents.  Your proposal does not work because there is no reason to believe that the requested communications will be in the custody of the individuals most likely to have documents responsive to other requests.  For example, given Amazon's size and sophistication (and Amazon's handling of the FTC investigation), we assume the communications were handled by Amazon in-house or outside lawyers rather than by employees working directly on Prime Enrollment and Cancellation.  (We are willing to limit this request to seeking the requested communications with law enforcement/regulators/BBBs themselves, rather than all documents relating to those communications.)

The fact that we have not listed an issue above does mean that we consider it resolved.

We are fine with jointly emailing the Court.  We would like to do so this afternoon or tomorrow morning.  Please let us know today if the following email (to Ashleigh Drecktrah) is fine with you. Please also let us know if you plan to raise any issues not identified in your January 3 letter.

> Ms. Drecktrah,
>
> Consistent with the Court's Minute Order Setting Trial Date and Related Dates (Dkt. #66 at 2) and Federal Rule of Civil Procedure 16, the parties jointly write to request a discovery conference with the court in advance of potentially filing motions to compel.
>
> Please let us know if any additional information would be helpful.

Finally, to address a couple of outstanding issues regarding the FTC's RFP 1:

- For IC-3, we confirm that we will not argue that Amazon's removal of redactions operates as a subject matter waiver of other communications made at or related to the May 6 Meeting.  (To the extent it streamlines productions in the future, we note that we don't view these agreements as necessary.  Where the FTC has argued that a document, or part of a document, is not privileged, and Amazon responds by producing all or part of the document, we don't see how we could argue that the release of that nonprivileged information is a privilege waiver.)

Regarding what you have described as Amazon's "informal production" on December 5, if you want us to destroy any documents in that production or otherwise not use them, please make that request and provide the basis for it (e.g., in the manner described in the Rule 502(d) Order).  Otherwise, we will resume using the documents next week.


Best,
Evan


Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Wednesday, January 3, 2024 5:49 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)


Evan,

Amazon's recent productions along with its correspondence from December 22, January 2, and today address the FTC's purported concerns with Amazon's discovery, including Amazon's response to the FTC's First Request for Production.  Should you have any remaining concerns, we are available to discuss them.

If you plan to request a conference with the court, please let us know, so we can make a joint request.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Tuesday, January 2, 2024 11:31 AM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; Powar, Olivia <OliviaPowar@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

[EXTERNAL]

Thanks.  Does your statement that you expect your response to resolve any discovery disputes apply to both of our December 22 letters (covering RFP 1 and, separately, all other RFP issues)?  If so, we will wait until COB on Friday to request a conference with the Court.


Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Thursday, December 28, 2023 3:48 PM

**To:** Mendelson, Evan <emendelson@ftc.gov>; Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; Powar, Olivia <OliviaPowar@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>; Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

Counsel,

We are reviewing your December 22 correspondence, and will respond next week.  We expect that our response will resolve any purported dispute with regard to discovery of Amazon.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Friday, December 22, 2023 10:33 PM
**To:** Joseph Aronsohn <jaronsohn@hueston.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Flahive Wu, Laura <lflahivewu@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth

<KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; Powar, Olivia
<OliviaPowar@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>;
Green, Jennifer <JenniferGreen@dwt.com>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad,
Yara <yawad@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>
**Subject:** RE: FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

<mark>[EXTERNAL]</mark>
Counsel,

Please see the attached correspondence.

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Joseph Aronsohn <jaronsohn@hueston.com>
**Sent:** Tuesday, December 12, 2023 5:43 PM
**To:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Hoffman, Elena
<ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>; Mendelson,
Evan <emendelson@ftc.gov>
**Cc:** John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A.
Reiter <jreiter@hueston.com>; Vicki Chou <vchou@hueston.com>; Flahive Wu, Laura
<lflahivewu@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert,
John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>;
Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Payson, Kenneth
<KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; Powar, Olivia
<OliviaPowar@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chan, Gina <GinaChan@dwt.com>;
Green, Jennifer <JenniferGreen@dwt.com>
**Subject:** FTC v. Amazon.com, Inc., et al., No. 2:23-cv-00932-JHC (W.D. Wash.)

Counsel:

Please see the attached correspondence.

Best,

Joseph

**Joseph Aronsohn**

---

**HUESTON HENNIGAN** LLP

D: 213.788.4375

T: 213.788.4340
jaronsohn@hueston.com
Biography

523 West 6th St Suite 400
Los Angeles CA 90014

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

# EXHIBIT 3

**From:** Chaudhry, Sana <schaudhry@ftc.gov>
**Sent:** Wednesday, April 3, 2024 2:43 PM
**To:** Bernick, Daniel <DBernick@cov.com>; Flahive Wu, Laura <lflahivewu@cov.com>; Mendelson, Evan <emendelson@ftc.gov>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>
**Cc:** Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Rippey, Edward <erippey@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Capuano, Marc <MCapuano@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Data Sample

[EXTERNAL]
Counsel,

We write in response to the logistical questions you raised in your March 22 letter and on our call yesterday.  The FTC will not accept a statistical sample instead of the full dataset.  We ask that Amazon produce the full dataset by transferring it to a Microsoft Azure account and will provide information necessary to facilitate the transfer.  We also request that Amazon produce the data in Parquet format.  If you are unable to produce the data in the requested manner, please let us know as soon as possible how and in what format you intend to produce it.  Further, please let us know by when you anticipate transferring the data and the final data size, so we can plan accordingly.   We reserve the right to request the data be provided on hard drives, but do not anticipate this being necessary at this time.

Also, as requested, please find attached the list of SICs we have identified as relevant to Prime enrollment and cancellation from the spreadsheet you produced on March 13—the attached file is encrypted with the same password you provided.  We ask that Amazon produce all customer service data for contacts involving the SIC codes we have identified.  Please note by providing this list, we are not agreeing to alter or supersede FTC's Document Request 73, seeking monthly volume and percentage of customer contacts relating to each SIC.  For *each* SIC combination/row in the spreadsheet you provided on March 13, we ask that Amazon provide total counts by year of the amount of customer service contacts for that combination/row for U.S. consumers.  This information is relevant because it allows us to compare the frequency of cancellation/enrollment-related contacts with other contacts.  We also ask that Amazon confirm whether these SICs, and any volume counts, apply to customer service contacts by both phone and chat.  Further, our review is ongoing and we reserve the right to request data and information about additional SICs we identify as relevant.

We are available for a call to discuss the above matters.  We will separately address other data-related issues we raised on the call and in our March 15 letter.

Best regards,
Sana

Sana Chaudhry
Bureau of Consumer Protection

Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580
Phone: (202) 326-2679

**From:** Bernick, Daniel <DBernick@cov.com>
**Sent:** Friday, March 22, 2024 5:48 PM
**To:** Chaudhry, Sana <schaudhry@ftc.gov>; Flahive Wu, Laura <lflahivewu@cov.com>; Mendelson, Evan <emendelson@ftc.gov>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>
**Cc:** Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Rippey, Edward <erippey@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Capuano, Marc <MCapuano@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>
**Subject:** RE: FTC v. Amazon - Data Sample

You don't often get email from dbernick@cov.com. Learn why this is important

Counsel,

Please see the attached correspondence.

Best,
Dan

**Dan Bernick**
Pronouns: He/Him/His

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5582 | dbernick@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Chaudhry, Sana <schaudhry@ftc.gov>
**Sent:** Thursday, February 15, 2024 5:05 PM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Mendelson, Evan <emendelson@ftc.gov>; Bernick, Daniel <DBernick@cov.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>

**Cc:** Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Rippey, Edward <erippey@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Capuano, Marc <MCapuano@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>
**Subject:** RE: FTC v. Amazon - Data Sample

==[EXTERNAL]==
Counsel,

Please see the attached correspondence.

Best regards,
Sana

Sana Chaudhry
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580
Phone: (202) 326-2679

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Thursday, February 1, 2024 3:23 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Bernick, Daniel <DBernick@cov.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>
**Cc:** Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Rippey, Edward <erippey@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Capuano, Marc <MCapuano@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chaudhry, Sana <schaudhry@ftc.gov>
**Subject:** RE: FTC v. Amazon - Data Sample

Counsel,

We are available to confer about the data sample on Thursday, February 8 at any point between 9:30 am ET and 1:00 pm ET.  Please let us know if you are available during that window.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP

One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Tuesday, January 30, 2024 10:43 AM
**To:** Bernick, Daniel <DBernick@cov.com>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>
**Cc:** Flahive Wu, Laura <lflahivewu@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Rippey, Edward <erippey@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Capuano, Marc <MCapuano@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>; Chaudhry, Sana <schaudhry@ftc.gov>
**Subject:** RE: FTC v. Amazon - Data Sample

<mark>[EXTERNAL]</mark>
Counsel,

We write regarding the data sample Amazon produced on January 19, 2024 at Exhibit A.  We've reviewed the sample and would like to confer on several issues we've identified.  In general, we'd like to better understand the scope of the sample and Amazon's position on whether/when it intends to produce the remaining data responsive to the FTC's Document Requests.  Here are the general areas we'd like to discuss:

- Data dictionary for certain columns and values;
- Missing or incomplete data (e.g., Document Requests 55.e, 55.h, 55.k, 55.m to 55.p, 55.t, 55.u, 56.d to 56.h, 56.j, 56.k, 56.n to 56.p);
- Document Requests 57, 60, 67, 68, 69, 70, 73
- Timing of complete data production
- Consumer information (e.g., Document Requests 55.a and 56.a);

We note that this is not a comprehensive list of issues but a broad outline to facilitate discussion.  Please let us know your availability for a call next Monday (any time) or Tuesday (afternoon) to discuss.

Thanks,
Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

**From:** Bernick, Daniel <DBernick@cov.com>
**Sent:** Friday, January 19, 2024 5:41 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Frech, Jacob <jfrech@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>
**Cc:** Flahive Wu, Laura <lflahivewu@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Rippey, Edward <erippey@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Capuano, Marc <MCapuano@cov.com>; Bernick, Daniel <DBernick@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; Payson, Kenneth <KennethPayson@dwt.com>; Howard, Jim <JimHoward@dwt.com>; SEA Docket <SEADocket@dwt.com>
**Subject:** [WARNING : MESSAGE ENCRYPTED] FTC v. Amazon - Data Sample

Counsel,

Please see the attached correspondence and accompanying materials.  The password(s) to access the provided material(s) will be shared separately.

Best,
Dan

**Dan Bernick**
Pronouns: He/Him/His

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5582 | dbernick@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

# EXHIBIT 4

**From:** Flahive Wu, Laura
**Sent:** Monday, May 6, 2024 4:55 PM
**To:** 'Mendelson, Evan' <emendelson@ftc.gov>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura
<LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall,
John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc
<MCapuano@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com;
mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com;
KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com;
kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com;
kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana
<schaudhry@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; MacDonald, Colin
<cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-
Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** RE: FTC v. Amazon - Case Schedule

Counsel,

We are writing regarding the FTC's request to adjust the case schedule. Amazon maintains its position
that no adjustment to the Court's schedule is necessary at this time. Nonetheless, Amazon is willing to
offer a reasonable compromise.

At the outset, we reject the FTC's unfounded and misleading allegations (below) that Amazon's
discovery conduct has necessitated a change to the case schedule. Since the start of discovery, Amazon
has worked diligently to meet the FTC's overbroad and burdensome discovery requests. Amazon has
repeatedly and in good faith initiated conferences with the FTC in order to clarify and identify the
information the FTC has sought through this litigation, which in many respects is cumulative to the
discovery Amazon provided during the FTC's investigation in advance of its Complaint. To date,
Amazon has produced more than 85,000 documents in this litigation and has substantially completed its
productions for the initial discovery the parties agreed on. By contrast, the FTC has failed to meet every
discovery deadline it has set for its own productions—including failing to make a May 3 production as
promised. The FTC now says that it needs at least until June to complete its productions. Amazon will
be prepared to respond forcefully should you misrepresent the discovery record to the Court.

During the May 1 meet-and-confer, you stated that the FTC's proposed extension was necessary to allow
the FTC time to process Amazon's data and prepare its expert report. Since December 2023, we have
asked the FTC to accept a representative data sample to facilitate reasonable limitations on the data the
FTC has requested. The FTC never responded to these repeated requests until April 3, 2024. In addition,
in response to our repeated attempts to clarify and confirm the FTC's data requests, we received questions
and expansions of the data—as late as April 12. As we have repeatedly told you, your refusal to accept a
data sample and failure to engage with Amazon on data issues for extended periods has delayed
Amazon's data production, which is extremely voluminous as a result of your refusal to accept reasonable
limitations. *See, e.g.*, Amazon's April 26, 2024 Letter to FTC.

In any event, the solution you have proposed—to push the entire schedule by more than four months—is
not proportional to the alleged problem you have identified. Reserving all rights, Amazon is willing to
offer a six-week extension on discovery deadlines and expert disclosures. The chart below lays out
Amazon's counterproposal to the FTC's scheduling proposal set forth in your April 17 email. Moreover,
to accommodate these adjustments, Amazon is proposing a three-week extension for summary judgment,

*Daubert*, and *in limine* motions.  At this time, no other adjustments to the schedule are warranted, and there is certainly no reason to adjust the February 3, 2025 trial date.

We have considered your proposal to stage expert disclosures so that the party with the burden of proof discloses first, followed by rebuttal expert reports by the party not bearing the burden, and finally sur-rebuttal reports by the burden-bearing party.  While Amazon agrees that staged expert disclosures, which are standard practice in complex litigation, would be helpful to the parties, we cannot accept your proposal for sur-rebuttal reports, which are not typical and are unjustified.  Our chart below contemplates separate deadlines for "Opening Expert Reports" and "Rebuttal Expert Reports" but omits "Sur-Rebuttal Expert Reports" as you have proposed.  If the parties are unable to agree on the expert disclosure issue, Amazon supports maintaining the current schedule's simultaneous disclosure of expert reports.

| Event | Existing Deadline (Dkt. #66) | FTC Proposed Deadline (April 17 email) | Amazon Counterproposal Deadline |
|---|---|---|---|
| Deadline for Amended Pleadings | July 8, 2024 | August 9, 2024 | July 8, 2024 |
| Motions Relating to Fact Discovery | August 7, 2024 | September 18, 2024 | September 18, 2024 |
| Fact Discovery Deadline | September 6, 2024 | October 18, 2024 | October 18, 2024 |
| Opening Expert Reports (Party bearing burden of proof) | July 8, 2024 | November 8, 2024 | August 19, 2024 |
| Rebuttal Expert Reports (Party not bearing burden of proof) | -- | December 20, 2024 | September 30, 2024 |
| Motions Relating to Expert Discovery | August 7, 2024 | January 6, 2025 | October  10, 2024 |
| Expert Discovery Deadline | September 6, 2024 | January 31, 2025 | October 18, 2024 |
| Dispositive and *Daubert* Motions | October 7, 2024 | February 28, 2025 | October 28, 2024 |
| Responses to Dispositive and *Daubert* Motions | October 28, 2024 (calculated under LCR 7) | March 31, 2025 | November 18, 2024 |
| Replies In Support of Dispositive and *Daubert* Motions | November 1, 2024 (calculated under LCR 7) | April 11, 2025 | November 22, 2024 |
| Settlement Conference | December 5, 2024 | April 25, 2025 | December 5, 2024 |
| Motions in Limine | December 23, 2024 | June 2, 2025 | January 13, 2025 |
| Agreed Pretrial Order | January 13, 2025 | June 13, 2025 | January 13, 2025 |
| Deposition Designations | January 15, 2025 | June 17, 2025 | January 15, 2025 |
| Pretrial Conference (1:30 pm) | January 21, 2025 | June 24, 2025 | January 21, 2025 |

| | | | |
|---|---|---|---|
| Trial Briefs, Proposed Findings of Fact, and Conclusions of Law | January 27, 2025 | June 30, 2025 | January 27, 2025 |
| Trial Date | February 3, 2025 | July 14, 2025 | February 3, 2025 |

Please let us know if you agree to Amazon's scheduling counterproposal.  As always, we are willing to meet-and-confer on this and any other issue.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Friday, April 26, 2024 10:51 AM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** RE: FTC v. Amazon - Case Schedule

==[EXTERNAL]==
Laura,

Thanks for your response.  Please let us know you availability for a meet-and-confer next Monday, Tuesday (pm), or Wednesday to discuss the schedule and your request in your April 24 letter for a conference to discuss heightened confidentiality protections for RFP 53 materials (relating to the individual defendants' compensation).

Although we are not wedded to the exact schedule we have outlined below, we do intend to file a motion to modify the schedule (or seek a status conference with the Court for the same purpose) if we are not able to reach an agreement on a modified schedule by the end of next week (Friday, May 3).

In advance of the call, please provide specifics regarding the heightened protections you are proposing for RFP 53 materials.  Otherwise, it will be difficult for us to have a meaningful discussion.

On the call, please be prepared to discuss the following:

1.  When Amazon will complete its data production to the FTC.

2.  Whether Amazon still intends to complete its document productions—other than those involving the recently expanded search terms and custodians—by April 30.

3.  When Amazon will complete its production of responsive materials gathered using the new custodians and search terms discussed in recent correspondence.

To the extent that motions practice on the schedule becomes necessary, we will argue that the following conduct by Amazon has necessitated the modified schedule:

4.  The FTC sent the vast majority of its RFPs in late August and early September 2023.  In violation of Rule 34, Amazon refused to state when it anticipated completing its production, even after a second request from the FTC to do so.  *See* 10/26/23 FTC Ltr.  Beginning in October 2023, the FTC began asking Amazon *how* Amazon intended to collect and produce responsive documents.  *See* 10/26/23, 12/6/23 FTC Ltrs.  Amazon refused to provide this information.  The delay might have been understandable if Amazon were working in good faith to determine exactly how best to the respond to the FTC's RFPs.  Instead, Amazon waited months (until January 2) to tell the FTC that, in fact, it would just use the same terms and custodians as it had used in the investigation.

5.  Amazon's delay in providing the information described above was purely strategic (given its verbatim reuse of the investigation terms) and delayed by months the point at which the parties could begin negotiating the *additional* terms and custodians necessary to fully respond to the RFPs.  That process too was unnecessarily drawn out by Amazon.  The FTC responded to Amazon's January 2 letter (disclosing Amazon's use of the investigation terms) on January 16, with additional proposed terms and custodians.  Amazon waited over a month to respond, until February 23, and, even then, did so in large part simply by asking the FTC to provide additional justifications for its requests.  The parties have since materially agreed on additional terms and custodians, but you have not told us when you intend to complete the resulting production.

6.  Notwithstanding its reuse of the investigation terms and the presence of several "go-get" requests that did not require terms or custodians, Amazon produced effectively zero documents in this litigation until December 29, 2023.

7.  The history regarding the go-get requests is described in our email to the Court from this past Monday, April 22.  Only after the Court gave the FTC permission to file a motion to compel did

Amazon, without any explanation for the delay, produce 23 gigabytes of materials, the production of which it had agreed to "prioritize" and "accelerate" in January.

8.  The facts belie your claim that the FTC is in any way to blame for the delayed data production.  The FTC requested the relevant data on September 8, 2023.  Again, in violation of Rule 34, Amazon refused to state when it anticipated completing its production, even after a second request from the FTC to do so.  *See* 10/26/23 FTC Ltr.  Amazon eventually, on January 5, stated that it "expect[ed] to provide a data sample by January 19" (4.5 months after the FTC's original data request).  Amazon later explained that the January 19 data set was not a complete sample and provided an "updated" sample, with significantly more information, on February 27.  This data set too was incomplete, in that it lacked categories of requested data that we understand Amazon intends to produce or is still in the process of locating.  In response to your March 22 letter asking the FTC to confirm how it wanted to receive the data, we immediately asked for a meet-and-confer (you were not available until April 2) and then, on April 3, provided complete answers to your questions.  Since then, you have neither produced the data nor provided an estimated production date.   We recognize that collecting and transferring large data sets can be a time-consuming task.  However, even if Amazon's delay were excusable (which we do not concede), to suggest that the *FTC* is the reason for the delay makes no sense.

    a.  In any event, regardless of who, if anyone, is to blame for the delayed data production, it is unreasonable to expect the FTC or an expert witness to process and analyze what you have estimated is 100 TB of data (or, even if sampled, 10-20 TB of data) and, potentially, prepare an expert report in two months.  (Even that timeline, moreover, assumes a near-immediate data production.)  This is especially true given that Amazon has possessed and been analyzing this same data for years (both before and after the FTC's CIDs).

Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Wednesday, April 24, 2024 9:08 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com

**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana
<schaudhry@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; MacDonald, Colin
<cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-
Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** RE: FTC v. Amazon - Case Schedule

Counsel,

We have reviewed your below proposal to modify the Court's Scheduling Order, and do not believe
modifications to the schedule are necessary or appropriate at this time.  Addressing the reasons you
provide in support of modification, we observe:

1. It is not unusual for cases to proceed through discovery while motions to dismiss are pending, and
   we do not expect the scope of discovery will materially expand if the Court denies Defendants'
   motions to dismiss and Defendants are required to answer the Amended Complaint.
2. Amazon has worked diligently to coordinate with the FTC to agree on the scope of data that will
   be produced by Amazon in response to the FTC's expansive requests.  Despite the fact that the
   FTC has requested an unreasonable amount of data, and refused to accept a sample, we anticipate
   completing the data production well before the deadlines for expert reports or fact discovery
   completion in the existing Scheduling Order.  We reject any suggestion that any delays in the
   production timeline have resulted from Amazon's diligent efforts; rather, as you know, the
   production timeline is a direct result of the FTC's demands and its slow engagement on Amazon's
   efforts to meet and confer.
3. The parties' ongoing efforts to resolve discovery disputes through meet and confers does not
   presently necessitate modifying the case schedule.
4. The Court is aware of the pending motions to compel as well as the case schedule it entered, and
   the pendency of those motions does not provide a basis for modifying the case schedule at this
   time.
5. We anticipate that the parties and counsel will coordinate to ensure depositions are scheduled
   within the nearly 5 months that remain for fact discovery.  If you identify the fact witnesses you
   intend to depose, we will work to make them available within the current discovery deadlines.

We also note that prior to initiating this action the FTC conducted a multi-year investigation of Amazon
in which Amazon made extensive document productions and the FTC conducted dozens of
investigational hearings.  Across the investigation and this litigation, the FTC has been conducting
discovery of Amazon for more than three years.  There is no good reason to further extend the time for
discovery or otherwise delay these proceedings.

If it would be helpful to further discuss, please let us know.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Wednesday, April 17, 2024 2:24 PM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** FTC v. Amazon - Case Schedule

[EXTERNAL]
Counsel,

We write regarding the Court's Scheduling Order (Dkt. #66).  We believe modifications to the schedule are appropriate for five primary reasons:  (1) Defendants have not answered the Amended Complaint (which will necessarily affect the scope of discovery), (2) Amazon has not produced the complete data requested in the FTC's Third Set of RFPs, (3) the parties continue to meet and confer regarding the scope of our document review and production, (4) the parties' motions to compel remain outstanding, and (5) although we intend to schedule depositions over the summer (in advance of the current September 6 discovery deadline), we assume that process will be complicated by counsel's and witnesses' travel plans.

We propose that the parties file a Joint Motion to amend the schedule in the manner described below.  Please let us know by next Wednesday, April 24 whether you consent to this schedule.  If so, we will prepare a joint motion.  Please note that our proposal schedule assumes that Amazon will produce the requested data within the next few weeks and that that the parties will substantially complete the additional document review and production about which we have been conferring on or around June 30, 2024.  Please let us know if you believe either of those assumptions are inaccurate.

| Event | Existing Deadline (Dkt. #66) | Proposed Deadline |
|---|---|---|
| Deadline for Amended Pleadings | July 8, 2024 | August 9, 2024 |
| Motions Relating to Fact Discovery | August 7, 2024 | September 18, 2024 |

| Fact Discovery Deadline | September 6, 2024 | October 18, 2024 |
|---|---|---|
| Opening Expert Reports (all parties) | July 8, 2024 | November 8, 2024 |
| Rebuttal Expert Reports (all parties) | -- | December 20, 2024 |
| Motions Relating to Expert Discovery | August 7, 2024 | January 6, 2025 |
| Expert Discovery Deadline | September 6, 2024 | January 31, 2025 |
| Dispositive and *Daubert* Motions | October 7, 2024 | February 28, 2025 |
| Responses to Dispositive and *Daubert* Motions | October 28, 2024 (calculated under LCR 7) | March 31, 2025 |
| Replies In Support of Dispositive and *Daubert* Motions | November 1, 2024 (calculated under LCR 7) | April 11, 2025 |
| Settlement Conference | December 5, 2024 | April 25, 2025 |
| Motions in Limine | December 23, 2024 | June 2, 2025 |
| Agreed Pretrial Order | January 13, 2025 | June 13, 2025 |
| Deposition Designations | January 15, 2025 | June 17, 2025 |
| Pretrial Conference (1:30 pm) | January 21, 2025 | June 24, 2025 |
| Trial Briefs, Proposed Findings of Fact, and Conclusions of Law | January 27, 2025 | June 30, 2025 |
| Trial Date | February 3, 2025 | July 14, 2025 |

Thanks,
Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197