The Honorable John H. Chun

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:23-cv-0932-JHC |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER** |
| v. | |
| AMAZON.COM, INC., *et al.* | |
| Defendants. | NOTED ON MOTION CALENDAR: June 3, 2024 |

In their Opposition (Dkt. #166) to the FTC's Motion to Modify the Scheduling Order (Dkt. #158), Defendants implicitly assert the FTC should be permitted *no time* to allow an expert to review and prepare a report based on detailed data for 285 million Amazon Prime members. Specifically, with the expert report deadline five weeks away, Amazon says it "anticipates" producing the requested data "within weeks" (Opp. at 9[1]) while simultaneously claiming there is no good cause to modify the schedule. This facially absurd argument must fail. The largely undisputed facts described in the Motion demonstrate the FTC's diligence in seeking prompt production of the data. In response, Defendants argue (1) the FTC cannot establish good cause because it does not explain precisely how it will use data it does not yet even possess and (2) the

---

[1] All citations to the Motion or Opposition reference the page numbers in the ECF header at the top of the page.

PLAINTIFF'S REPLY ISO MOTION TO
MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

FTC cannot establish diligence because it did not provide Amazon a production deadline for the data.  Both arguments fail to defeat the FTC's showing of good cause, much less support Defendants' attempt to deprive the FTC of any time to analyze the data.

## I.      The FTC Explained the Need for Prime Member Data.

Defendants first argue the FTC cannot meet its burden because the Motion does not describe in sufficient detail how the FTC would use the requested data.  Opp. at 9-11.  This is false.  The FTC explained it would use the data to determine consumer harm (*i.e.*, damages or other monetary relief) and support its claim (as to liability) that Amazon enrolled consumers in Prime without their express informed consent and failed to provide simple cancellation mechanisms.  Mot. at 2.  The FTC also explained the data it requested is similar to the data Amazon itself used to evaluate the "clarity" of its Prime enrollment flows.  Mot. at 8.  For example, although Defendants criticize the FTC for ███████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ *See, e.g.*, Dkt. #4-1 at 172-77 ████████████████████████████████████████████████████ *see also* Mot. at 8.[2]  Defendants' Opposition, moreover, does not explain how the FTC could *more* specifically describe how it will use data it has not yet even received.  Nor are Defendants entitled to a premature and speculative preview of the FTC's expert disclosures, and they cite no case holding otherwise.[3]

---

[2] The FTC has redacted references to the cited portions of Dkt. #4-1 in the public version of this Reply, consistent with the Court's Order granting Amazon's motion to seal the cited document.  Dkt. #79.  The FTC has concurrently filed an unredacted, sealed version of this Reply.

[3] The cases that Defendants rely on do not support their position, as many of them address motions filed *after* the discovery deadline: *Green v. Archer Daniels Midland*, 2012 WL 85409, at *2 (E.D. La. Jan. 11, 2012) (denying motion to re-open discovery and allow additional discovery where movants missed the discovery deadline and admitted to a "lack of thoroughness," and where the importance of the requested discovery was "questionable");

PLAINTIFF'S REPLY ISO MOTION TO
MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2   Defendants also argue that, even assuming the FTC needs data to estimate consumer

3   harm, it has not explained why it needs *all* of the data it seeks.  Opp. at 10-11.  That is not the

4   standard for good cause under Rule 16(b)(4).  Setting that aside, as described above and in the

5   Motion, the relevance of the requested data to both liability and damages is manifest.  Indeed, the

6   data the FTC seeks is generally the same data Amazon itself uses to evaluate nonconsensual

7   enrollment.  Additionally, if Amazon sincerely believed the FTC's RFPs were overbroad, it

8   should have objected and refused to provide a complete response.  It did not.  *See* Dkt. #161-2 at

9   9-33.  Amazon cannot instead agree to produce the requested data, but then try to deprive the

10  FTC of the ability to actually use it.

## II.   The FTC Diligently Sought the Requested Data.

Defendants next contend the FTC did not act diligently because it failed to convey

sufficient urgency to Amazon, did not accept Amazon's (largely unidentified) "proposals to

reasonably narrow the Requests," and did not seek the data during its pre-suit investigation.  *See*

Mot. at 11-13.  All three arguments fail.

First, the FTC consistently pressed Amazon to produce the requested data.  Defendants

do not dispute the FTC requested the data in early September 2023, and, starting in October

2023, sent at least eight letters and emails and participated in four meet-and-confers during

which it asked Amazon to state when it would provide the data.  *See* Mot. at 3.  In fact, when the

FTC told Amazon it intended to ask the Court to order a production deadline, Amazon accused

the FTC of "manufactur[ing] disputes" and agreed to provide a 100-customer data sample by

January 19.  Dkt. #161-5 at 2.  This is inconsistent with Amazon's claim that the FTC made "no

---

*Alcantara v. Bodega Latina Corp.*, 2021 WL 1771870, at *1-2 (D. Nev. May 3, 2021) (denying schedule
modification because the motion for additional discovery was filed after over one year after the close of discovery
and did not go towards the remaining "triable issue" in the matter);  *Balboa Cap. Corp. v. New Image Dental Lab'y,
Inc.*, 2020 WL 10458167, at *1-2 (C.D. Cal. Oct. 26, 2020) (denying schedule modification in part based on "high
standard for *ex parte* relief" and because movant waited until days before the relevant deadline to seek extension);
*Est. of Enoch by Enoch v. Tienor*, 2008 WL 11446790, at *2 (E.D. Wis. June 17, 2008) (denying a motion for
additional depositions filed just before discovery deadline and without explanation of need for the depositions);
*Citynet, LLC v. Frontier W. Va., Inc.*, 2022 WL 2376638, at *3 (S.D. W. Va. June 30, 2022) (denying request to re-
open discovery "on the cusp of trial after a prolonged period of time and significant discovery").

PLAINTIFF'S REPLY ISO MOTION TO
MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

meaningful attempt" to obtain the data by February.  Opp. at 11.  The fact that the FTC

consistently attempted to work cooperatively with Amazon, and did not insist on what Amazon

surely would have called an unworkable deadline, does not demonstrate a lack of diligence.[4]

Additionally, Amazon's contention that no schedule modification would be necessary if the FTC

had insisted on an earlier deadline is belied by the fact that Amazon is *still* weeks away from

producing this data, over one-and-a-half months after the FTC explained the need for a schedule

modification based on the data delay.  *See* Opp. at 7.

Second, Defendants fault the FTC for "unreasonably reject[ing] all of Amazon's

proposals to reasonably narrow the [data] Requests."  Opp. at 12.  The only proposal Defendants

actually identify is Amazon's offer to provide a "statistically significant sample" of the requested

data rather than the full dataset (Opp. at 8), which Amazon proposed for the first time on

February 8[5] and which the FTC had no obligation to accept.  *See* Mot. at 4 n.1.  Additionally,

even if the FTC were willing to accept such a sample, Amazon does not dispute that it had not

finished scoping the FTC's data requests as of April 2 and therefore could not possibly have

provided the requested data for even a statistically significant sample of Prime members at that

point or any point shortly thereafter.  *See* Mot. at 4.  Nor, more generally, does Amazon explain

how the FTC's accepting a statistically significant sample would have resulted in a meaningfully

---

[4] Defendants also claim the FTC did not ask Amazon to prioritize the RFPs requesting this data and, instead, requested that other RFPs be prioritized.  Opp. at 12.  However, the FTC asked Amazon to prioritize those other RFPs because they were easy "go-get" RFPs, in response to which Amazon had produced no documents.  The FTC's continuous correspondence and meet-and-confers with respect to the data RFPs clearly evidence the FTC's prioritization of these requests.  Mot. at 3-5.

[5] Defendants' Opposition falsely claims Amazon proposed providing a statistical sample in lieu of a complete data production on December 14, 2023.  *See* Opp. at 7-8.  That is not true, and Amazon's cited declaration does not say otherwise, instead merely stating that the parties discussed "data sampling issues" on December 14.  *See* Opp. at 8 (citing Flahive Wu Decl. (Dkt. #167) ¶ 5).  In claiming to have the offer in December, Defendants are again conflating the two types of "sampling" they proposed.  As explained in the Motion, the FTC accepted Amazon's December offer to provide a 100-person data sample *in advance* of providing a full production, but did not accept Amazon's February/March offer to provide a "statistically significant" sample *in lieu* of a full production.  Mot. at 4 n.1.

PLAINTIFF'S REPLY ISO MOTION TO
MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

earlier production.  In any event, Amazon provides no explanation for how the FTC's rejecting

the sampling proposal somehow demonstrates a lack of diligence.

Third, Amazon further argues the FTC was not diligent because it did not request the data

during its pre-suit investigation. Opp. at 12.  This argument is illogical and has no legal support.

The FTC gathered more than enough information in its investigation to justify bringing its

lawsuit.  That is the purpose of a pre-complaint investigation; litigation discovery then allows the

FTC to develop evidence to prove the elements of the claims brought and rebut any defenses.

*See, e.g.*, *United States v. Witmer*, 835 F. Supp. 208, 217, 219 (M.D. Pa. 1993), *aff'd*, 30 F.3d

1489 (3d Cir. 1994) ("[U]sing [civil investigative demands] for a purpose other than to determine

if there is sufficient evidence to file suit would be improper.").[6]

### III.    Defendants Have Not Shown Prejudice.

Defendants argue that a five-month extension of the trial date would prejudice them

because they "have suffered significant reputational harm," "are eager to obtain their day in court

and prevail," and will sustain "increased litigation costs."  Opp. at 13.  Defendants, however,

provide no factual support for these assertions.[7]  Even if supported, these claims of prejudice

would come nowhere near overcoming the FTC's demonstrated good cause for the schedule

modification.  *See, e.g.*, *L. Z. v. BigAirBag B.V.*, 2024 WL 911521, at *6 (D. Conn. Mar. 4, 2024)

("[L]itigation expense does not, without more, constitute undue prejudice") (citation omitted);

*Amos v. PPG Indus., Inc.*, 2015 WL 13757306, at *5 (S.D. Ohio May 15, 2015) (general

---

[6] Defendants cite to *Est. of Hernandez v. City of Los Angeles*, which does not apply because, unlike here, the movant caused her own delay by failing to serve discovery requests during the first six months of discovery.  96 F.4th 1209, 1223 (9th Cir. 2024).  *Hernandez* also says nothing about pre-complaint investigations.

[7] Instead, Amazon cites to irrelevant cases: *Oglesby v. Masse Contracting, Inc.*, 2020 WL 3063849, at *2 (E.D. La. June 9, 2020) (denying schedule modification because movant failed to depose any witnesses for almost a year and missed the discovery deadline); *Reysner v. Navient Sols., Inc.*, 2018 WL 2229254, at *4 (E.D. Cal. May 15, 2018) (denying a request to re-open discovery close to the summary judgment deadline); *Bowers v. Kletke*, 2010 WL 11527183, at *1, 4 (W.D. Wash. July 21, 2010) (denying a request to re-open discovery where the movant failed to meet discovery deadlines).

PLAINTIFF'S REPLY ISO MOTION TO
MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1  assertions that extensions will lead to "additional time and expense" are insufficient to

2  demonstrate prejudice).

3  **IV.     A Six-Week Extension Is Insufficient.**

4          In the alternative to their request that the Court maintain the current schedule, Defendants

5  propose a six-week extension of all discovery and expert deadlines, which would result in an

6  expert report deadline of August 19, 2024.  Opp. at 6.  As a threshold matter, given Amazon's

7  ongoing failure to produce the data or provide even an estimated production date, it is impossible

8  to know how much time this six-week extension would leave for data analysis.  But even

9  assuming the data Amazon produces is complete and that Amazon produces it by the end of

10 June, such a minimal extension would provide little to no time for the FTC to analyze the

11 voluminous data and prepare an expert report.

PLAINTIFF'S REPLY ISO MOTION TO
MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

<u>**LOCAL RULE 7(e) CERTIFICATION**</u>

I certify that this memorandum contains 2,030 words, in compliance with the Local Civil Rules.

Dated:  June 3, 2024

/s/ Evan Mendelson
EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
SANA CHAUDHRY (NY Bar #5284807)
ANTHONY SAUNDERS (NJ Bar #008032001)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S REPLY ISO MOTION TO
MODIFY SCHEDULING ORDER
Case No. 2:23-cv-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320