The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 2:23-cv-0932-JHC |
| Plaintiff, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, MONETARY RELIEF, AND OTHER EQUITABLE RELIEF** |
| v. | |
| AMAZON.COM, INC., *et al.* | |
| Defendants. | |

Defendants Amazon.com, Inc. ("Amazon"), Jamil Ghani, Russell Grandinetti, and Neil Lindsay, submit this Answer and Affirmative Defenses ("Answer") to the Amended Complaint filed on September 20, 2023 by the Federal Trade Commission ("FTC"). Unless otherwise noted, Defendants deny each and every allegation in the Amended Complaint, including those in the preamble, unnumbered paragraphs, subparagraphs, titles, headings, subheadings, and footnotes, and specifically deny liability to Plaintiff.[1] In collectively admitting an allegation, Defendants do not admit that any Individual Defendant has personal knowledge about, participated in, or had authority over the admitted subject matter, only that Defendants do not challenge the allegation's accuracy.

---

[1] To the extent not expressly denied, all allegations for which Defendants deny possessing knowledge or information sufficient to form a belief about the truth of the allegations are denied. With respect to the documents, testimony, and images contained in the Amended Complaint, they speak for themselves. Defendants deny all allegations and characterizations of such documents and respectfully refer the Court to the respective materials for their complete contents in unmodified form. Defendants reserve all rights with respect to the existence, authenticity, accuracy, and admissibility of such documents. Defendants reserve the right to seek to amend and supplement this Answer as might be appropriate or necessary.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## PRELIMINARY STATEMENT

A.      Amazon Prime is the world's most popular and most loved membership program. It provides incredible value to millions of Prime members worldwide who save money on its extensive array of benefits including Fast and Free Two-Day Shipping, Ultrafast Grocery Delivery (two-hour delivery on a wide selection of groceries), Prime Video (thousands of popular streaming movies and TV shows), Amazon Photos (unlimited full-resolution photo storage), and Amazon Music (100 million songs ad-free, a catalog of ad-free podcasts, and thousands of playlists and stations).  Amazon launched the Prime program in 1994, and during its 30-year history it has become one of the most trusted, favored, and innovative brands.

B.      Amazon leadership's development of Prime focused on customer-centric innovation, a leadership pillar rooted in relentlessly looking for ways to add value for Prime members and earn customer trust.  This continuous focus on improving the experience of its members has resulted in new benefits and immense value for Prime members.  This same commitment to the customer experience has animated numerous decisions about Prime over the years, including the very decisions the FTC now mischaracterizes.

C.      The FTC's case rests on two unfounded and implausible premises: (1) that Amazon wanted to "dupe" consumers into signing up for one of the most well-known, popular, widely-acclaimed, and consumer-friendly services in the world; and (2) that Amazon needed to "thwart" members' efforts to cancel.  Not only do the FTC's allegations of consumer harm make no sense given the immense popularity and success of Prime, but they are also fatally contradicted by the Amended Complaint's exhibits, which show that Prime's enrollment and cancellation flows easily satisfy the Restore Online Shopper Confidence Act ("ROSCA") and Section 5 of the FTC Act.  The FTC does not and cannot identify a single false statement or material omission in Prime's flows, and even a cursory review of their contents shows that they comply with current law by prominently and repeatedly disclosing key terms, obtaining express informed consent from consumers, and offering a simple cancellation method (including contacting customer service by phone or email).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1       D.     Amazon seeks to cultivate <u>informed</u> and <u>engaged</u> members who know about,

2  understand, and use their Prime benefits.  Achieving that goal is critical to Prime's success

3  because informed and engaged customers are more likely to use their benefits and deepen their

4  relationship with Prime.  In recognition of this reality, Amazon prioritizes transparency and

5  customer service in all aspects of the Prime experience, including enrollment and cancellation.

6       E.     The online processes through which customers can enroll in or cancel Prime—

7  often referred to as "flows"—are objectively simple, clear, and informative for customers.

8  Although customers can seek out Prime enrollment anytime, Amazon presents customers with

9  the option to enroll shortly before purchasing a product because this is a time the customer would

10  benefit immediately from an important value offered by a Prime membership, Prime's useful and

11  well-known free shipping benefits.  Likewise, when Prime members inquire about cancelling

12  their membership, Amazon reminds them of Prime's benefits, and informs them of their

13  membership usage, days left to enjoy Prime benefits until the next billing cycle, and other

14  information designed to ensure a member makes an informed choice in cancelling Prime.

15       F.     At all relevant times, Prime's enrollment and cancellation flows were truthful and

16  informative, and surpassed other companies' flows in terms of clarity and usability.  The flows

17  contained simple, common design features that were familiar to consumers and contained all

18  required disclosures.  The flows did not contain any false statements or conceal any material

19  information about Prime membership.

20       G.     In addition to making clear and simple enrollment and cancellation flows

21  available to all customers, Amazon has adopted a suite of other policies aimed at reducing the

22  risk that customers pay unwanted Prime fees.  Among other things, Amazon discontinues annual

23  memberships where the member has not used Prime benefits in the past year, provides pro-rated

24  refunds to customers who have not used their benefits, and sends reminder emails to some

25  customers prior to Prime's auto-renewal.  Amazon also allows all users to cancel through

26  multiple channels (including by phone and via email).

27

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

H.      Consistent with its customer-centric philosophy, Amazon is continuously investigating, designing, and investing in new initiatives as a part of its ongoing mission to improve all aspects of the Prime experience, including the enrollment and cancellation flows. During the period alleged in the Plaintiff's Complaint, Amazon established multiple groups and projects dedicated to finding ways to enhance the end-to-end customer experience with Prime and the Amazon website by making it more convenient to find, buy, and receive products and services that offer exceptional value.  Through these teams and projects, Amazon devoted—and continues to devote—significant resources to formulating, testing, and implementing potential improvements to the Prime experience, many of which are in place today.

I.      The Amended Complaint shows—and evidence ignored by the FTC confirms— that Amazon, far from engaging in unlawful conduct, has not only complied with the law, but devoted significant time, attention, and resources to making Prime's flows even *more* consumer friendly.  As part of the company's continuous process of customer experience research, innovation, and improvement, Amazon created a dedicated team—the Customer Frustrations Elimination Program (CFEP)—whose entire role was to investigate potential customer concerns across the entire company.  This internal Amazon team looked into ways to further improve the Prime enrollment and cancellation experiences, and then reported its views on potential improvements to the relevant Prime business teams so that those teams could analyze them and explore potential changes.  Even though the CFEP team's studies were premised on anecdotal feedback expressed by a relatively small number of customers, Amazon took that feedback seriously, and undertook great efforts to understand and address those concerns.  Those efforts spanned several years, involved multiple departments, and consisted of numerous tests and designs of clarity-related improvements, as well as multiple studies to try to understand and address potential customer frustrations across Amazon.  Every document the FTC mischaracterizes in its Complaint exists because Amazon created and empowered a team to search for and escalate potential customer frustrations.  The FTC should encourage these efforts and incentivize other companies to do the same.  Instead, the FTC twists Amazon's good faith

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

efforts as evidence of malfeasance.  The FTC's claims are factually unsupported, legally

unprecedented, and wholly antithetical to the FTC's mission of protecting consumers.  If

permitted to proceed to trial, these claims will fail.

J.      From its founding in 1994, Amazon has relentlessly committed itself to serving

customers and improving their experiences with Amazon's products and services; through that

commitment, Amazon has won widespread acclaim and consumer trust.  A recent survey

conducted by Harvard University and the Harris Poll confirmed that Americans rate Amazon as

the country's most favorable institution—public or private.

K.      Amazon earns and keeps its customers' trust by prioritizing an engaged and happy

customer base.  To that end, Amazon strives to ensure that it is providing a world-class customer

experience across all its products and services, including its customer benefit program, Prime.

L.      Because Prime serves a large and heterogenous group of members, improving the

Prime customer experience is often a dynamic, iterative process that requires significant

experimentation and analysis.  A proposed design change that is clear to one subset of members

might very well be confusing to another.  And even experienced Amazon designers will

sometimes believe that proposed changes will improve the customer experience, and then later

discover—following testing—that their intuition was wrong.  In some circumstances, it is not

possible to determine whether a particular change has definitively "improved" the customer

experience.

M.      In light of these challenges, Amazon promotes a culture of constructive

disagreement and iterative improvement.  Designers are encouraged to propose changes, and

often prepare written proposals to facilitate discussion.  For a given proposal, it is not uncommon

for employees to draft memoranda advocating both sides—adopting and rejecting the proposal—

with the goal of creating a starting point for a productive discussion among a team that ultimately

determines the best outcome.

N.      Defendant Neil Lindsay has worked as an Amazon executive since 2010.  From

February 2018 through July 2021, Mr. Lindsay was a Vice President for Prime and Marketing.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   In July 2021, he was promoted to Senior Vice President for Prime and Marketing, and he

2   remained in this role until November 2021, when he moved to be Senior Vice President for

3   Amazon Health Services.

4     O. Defendant Russell Grandinetti is Senior Vice President for Amazon International

5   Consumer Retail.  The Prime organization began reporting to Mr. Grandinetti in November

6   2021.

7     P. Defendant Jamil Ghani has served as Vice President for Prime since 2019.

8     Q. **The FTC's Lawsuit**.  The Amended Complaint ignores fundamental and

9   indisputable facts that confirm that the FTC's lawsuit is unprecedented, illegitimate, and a

10  legally baseless attempt to rewrite ROSCA to cover all sorts of lawful, everyday aspects of

11  online commerce.

12    R. The Amended Complaint ignores that the FTC—along with other regulators and

13  industry participants—has long acknowledged there is uncertainty about how businesses are

14  supposed to comply with ROSCA.  Before this case, FTC enforcement actions under ROSCA

15  focused on a distinct set of plainly false or misleading practices, and the rare cases in which a

16  court found a ROSCA violation similarly involved blatantly misleading practices.  Companies

17  thus understood ROSCA to require compliance with a discrete set of guidelines.  Prior to the

18  initiation of this action, the FTC did not provide notice that it considered design elements like

19  those described in the Amended Complaint unlawful under ROSCA or the FTC Act, either by

20  issuing regulations or seeking to enforce ROSCA or the FTC Act to penalize such elements.  Nor

21  were such features understood to be unlawful, as evidenced by their commonplace use as

22  traditional marketing techniques.  As recently as April 2023, in rulemaking notices related to the

23  proposed Negative Option Rule, the FTC admitted that current laws regarding negative options

24  (including ROSCA) are ambiguous, stating that "the current framework does not provide clarity

25  about how to avoid deceptive negative option disclosures and procedures."  88 Fed. Reg. 24716,

26  24718.  The FTC likewise admitted that a new rule is needed to "remove[] ambiguity" for

27

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   marketers and that, given that ambiguity, compliance is currently a challenge "even for

2   marketers trying to comply with the law." *Id.* at 24727.

3       S.      The Amended Complaint also ignores the text of the statutes it purports to apply.

4   Rather than compare Prime's flows to any objective legal requirements contained in the text of

5   ROSCA, the FTC compares Prime's flows to its own subjective views of what size or color

6   certain text should be, or how many "clicks" the FTC would prefer.  Similar design elements,

7   such as a multi-click cancellation process, have long been ubiquitous throughout online

8   subscription services, with the FTC implicitly blessing them by failing for years to prosecute any

9   of them.

10      T.      The Amended Complaint also ignores essential constraints imposed by the United

11  States Constitution and federal law.  As one example, the Fifth Amendment protects individuals

12  and companies from prosecution where, as here, the FTC has not provided adequate notice that

13  the challenged conduct was unlawful.  The First Amendment likewise forecloses the FTC's

14  efforts to restrict commercial speech through vague and subjective standards.

## ANSWERING THE AMENDED COMPLAINT

16      Defendants answer the corresponding numbered paragraphs of the Amended Complaint

17  as follows:

18      DEFENDANTS' ANSWER TO NO. 1.  Defendants aver that Paragraph 1 states legal

19  conclusions to which no response is required.  To the extent that a response is required,

20  Defendants admit that the FTC has brought a lawsuit against Defendants and that Paragraph 1

21  purports to describe the Complaint, which speaks for itself.  Defendants otherwise deny the

22  allegations in Paragraph 1.

23      DEFENDANTS' ANSWER TO NO. 2.  Defendants deny the allegations in Paragraph 2.

24      DEFENDANTS' ANSWER TO NO. 3.  Defendants admit that Paragraph 3 selectively

25  references portions of documents drafted by certain Amazon employees, but deny Plaintiff's

26  characterization of those documents.  Defendants otherwise deny the allegations in Paragraph 3.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DEFENDANTS' ANSWER TO NO. 4.  Defendants admit that Paragraph 4 selectively references portions of a document drafted by certain Amazon employees, but deny Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in Paragraph 4.

DEFENDANTS' ANSWER TO NO. 5.  Defendants admit that Paragraph 5 selectively references portions of a document drafted by a certain Amazon employee, but deny Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in Paragraph 5, including the allegation that Mr. Grandinetti was "responsible for Prime" before November 2021.

DEFENDANTS' ANSWER TO NO. 6.  Defendants admit that Paragraph 6 selectively references portions of a document drafted by a certain Amazon employee, but deny Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in Paragraph 6.

DEFENDANTS' ANSWER TO NO. 7.  Defendants admit that Amazon has made changes to its cancellation process over time.  Defendants otherwise deny the allegations in Paragraph 7.

DEFENDANTS' ANSWER TO NO. 8.  Defendants deny the allegations in Paragraph 8.

DEFENDANTS' ANSWER TO NO. 9.  Defendants aver that Paragraph 9 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that the Court has subject matter jurisdiction, except as to conduct or activity alleged to have taken place in a foreign country.  Defendants otherwise deny the allegations in Paragraph 9.

DEFENDANTS' ANSWER TO NO. 10.  Defendants aver that Paragraph 10 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that venue is proper in this Court.  Defendants otherwise deny the allegations in Paragraph 10.

DEFENDANTS' ANSWER TO NO. 11.  Defendants aver that Paragraph 11 states legal conclusions to which no response is required.  To the extent that a response is required,

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore deny them.

DEFENDANTS' ANSWER TO NO. 12.  Defendants aver that Paragraph 12 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Amazon conducts business in this District and throughout the United States.  Defendants further admit that one of Amazon's two headquarters is in Seattle, Washington, with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Defendants otherwise deny the allegations in Paragraph 12.

DEFENDANTS' ANSWER TO NO. 13.  Defendants admit that Amazon offers a paid subscription service called Prime.  Defendants further admit that Prime offers members valuable benefits, including free and fast shipping on over 100 million eligible items, unlimited photo storage, access to exclusive shopping deals, the ability to watch thousands of movies and television shows through Prime Video and to listen to over 100 million songs through Amazon Music Prime, access to video games offered through Prime Gaming, and the ability to borrow books and magazines through Prime Reading, among other benefits.  Defendants otherwise deny the allegations in Paragraph 13.

AMAZON'S ANSWER TO NO. 14.  Amazon admits that Mr. Lindsay has worked as an Amazon executive since 2010.  Amazon also admits that from February 2018 through November 2021, Mr. Lindsay served as Vice President and Senior Vice President for Prime, and joined Amazon's S-Team in 2019.  Amazon denies that Mr. Lindsay resides in Laguna Beach, California, and otherwise denies the allegations in Paragraph 14.

JAMIL GHANI'S ANSWER TO NO. 14.  Mr. Ghani avers that Paragraph 14 includes allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr. Ghani admits that Mr. Lindsay served as Vice President and Senior Vice President for Prime. Mr. Ghani otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore denies them.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

RUSSELL GRANDINETTI'S ANSWER TO NO. 14.  Mr. Grandinetti avers that Paragraph 14 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a response is required, Mr. Grandinetti admits that Mr. Lindsay served as Vice President and Senior Vice President for Prime.  Mr. Grandinetti otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 14.  Mr. Lindsay admits that he has worked as an Amazon executive since 2010.  Mr. Lindsay also admits that from February 2018 through July 2021 he served as Vice President for Prime and Marketing and from July 2021 until November 2021, as Senior Vice President for Prime and Marketing, and was invited to join Amazon's S-Team in 2019.  Mr. Lindsay denies that he resides in Laguna Beach, California, and otherwise denies the allegations in Paragraph 14.

AMAZON'S ANSWER TO NO. 15.  Amazon avers that Paragraph 15 states legal conclusions to which no response is required.  To the extent that a response is required, Amazon denies the allegations in Paragraph 15, including those characterizing Mr. Lindsay's role and responsibilities.

JAMIL GHANI'S ANSWER TO NO. 15.  Mr. Ghani avers that Paragraph 15 states legal conclusions to which no response is required, and which are not directed at Mr. Ghani.  To the extent that a response is required, Mr. Ghani admits that Mr. Lindsay served as Vice President and Senior Vice President for Prime.  Mr. Ghani otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them.

RUSSELL GRANDINETTI'S ANSWER TO NO. 15.  Mr. Grandinetti avers that Paragraph 15 states legal conclusions to which no response is required, and which are not directed at Mr. Grandinetti.  To the extent that a response is required, Mr. Grandinetti admits that Mr. Lindsay served as Vice President and Senior Vice President for Prime.  Mr. Grandinetti

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 15.  Mr. Lindsay avers that Paragraph 15 states legal conclusions to which no response is required.  To the extent that a response is required, Mr. Lindsay admits that he served as Vice President and Senior Vice President for Prime from February 2018 through November 2021.  Mr. Lindsay otherwise denies the allegations in Paragraph 15, including those characterizing his role and responsibilities.

AMAZON'S ANSWER TO NO. 16.  Amazon avers that Paragraph 16 states legal conclusions to which no response is required.  To the extent that a response is required, Amazon denies the allegations in Paragraph 16, including its characterization of Mr. Lindsay's role and responsibilities.

JAMIL GHANI'S ANSWER TO NO. 16.  Mr. Ghani avers that Paragraph 16 states legal conclusions to which no response is required, and which are not directed at Mr. Ghani.  To the extent that a response is required, Mr. Ghani lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies them.

RUSSELL GRANDINETTI'S ANSWER TO NO. 16.  Mr. Grandinetti avers that Paragraph 16 states legal conclusions to which no response is required, and which are not directed at Mr. Grandinetti.  To the extent that a response is required, Mr. Grandinetti admits that he attended a June 17, 2019 meeting, denies the Plaintiff's characterization of that meeting, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 and therefore denies them.  Mr. Grandinetti did not oversee Amazon's Prime subscription program until November 2021.

NEIL LINDSAY'S ANSWER TO NO. 16.  Mr. Lindsay avers that Paragraph 16 states legal conclusions to which no response is required.  To the extent that a response is required, Mr. Lindsay denies the allegations in Paragraph 16, including its characterization of his role and responsibilities.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

AMAZON'S ANSWER TO NO. 17.  Amazon avers that Paragraph 17 states legal conclusions to which no response is required.  To the extent that a response is required, Amazon admits that Paragraph 17 selectively references portions of documents drafted by certain Amazon employees, but denies Plaintiff's characterization of those documents.  Amazon otherwise denies the allegations in Paragraph 17, including its characterization of Mr. Lindsay's role and responsibilities.  Mr. Grandinetti did not oversee Amazon's Prime subscription program until November 2021.

JAMIL GHANI'S ANSWER TO NO. 17.  Mr. Ghani avers that Paragraph 17 states legal conclusions to which no response is required, and which are not directed at Mr. Ghani.  To the extent that a response is required, Mr. Ghani admits that Paragraph 17 selectively references portions of documents drafted by certain Amazon employees, but denies Plaintiff's characterization of those documents.  Mr. Ghani otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

RUSSELL GRANDINETTI'S ANSWER TO NO. 17.  Mr. Grandinetti avers that Paragraph 17 states legal conclusions to which no response is required, and which are not directed at Mr. Grandinetti.  To the extent that a response is required, Mr. Grandinetti admits that Paragraph 17 selectively references portions of documents drafted by certain Amazon employees, but denies Plaintiff's characterization of those documents.  Mr. Grandinetti otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 17.  Mr. Lindsay avers that Paragraph 17 states legal conclusions to which no response is required.  To the extent that a response is required, Mr. Lindsay admits that Paragraph 17 selectively references portions of documents drafted by certain Amazon employees, but denies Plaintiff's characterization of those documents.  Mr. Lindsay otherwise denies the allegations in Paragraph 17, including its characterization of his role and responsibilities.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DEFENDANTS' ANSWER TO NO. 18.  Defendants admit that Mr. Lindsay transacts business in Seattle, Washington.  Defendants otherwise deny the allegations in Paragraph 18.

AMAZON'S ANSWER TO NO. 19.  Amazon admits that Mr. Grandinetti lived in the United States until 2021 and now resides in the United Kingdom.  Amazon further admits that Mr. Grandinetti is Senior Vice President for Amazon International Consumer Retail.  Amazon also admits that Mr. Grandinetti is a member of Amazon's S-Team.  Amazon otherwise denies the allegations in Paragraph 19, including its characterization of Mr. Grandinetti's role and responsibilities.

JAMIL GHANI'S ANSWER TO NO. 19.  Mr. Ghani avers that Paragraph 19 includes allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr. Ghani admits that Mr. Grandinetti served as Senior Vice President for Amazon International Consumer Retail.  Mr. Ghani otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies them.

RUSSELL GRANDINETTI'S ANSWER TO NO. 19.  Mr. Grandinetti admits that he lived in the United States until 2021 and now resides in the United Kingdom.  Mr. Grandinetti further admits that he is Senior Vice President for Amazon International Consumer Retail.  Mr. Grandinetti also admits that he is a member of Amazon's S-Team.  Mr. Grandinetti otherwise denies the allegations in Paragraph 19, including its characterization of his role and responsibilities.

NEIL LINDSAY'S ANSWER TO NO. 19.  Mr. Lindsay avers that Paragraph 19 includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is required, Mr. Lindsay admits that Mr. Grandinetti served as Senior Vice President for Amazon International Consumer Retail.  Mr. Lindsay otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies them.

AMAZON'S ANSWER TO NO. 20.  Amazon avers that Paragraph 20 states legal conclusions to which no response is required.  To the extent that a response is required, Amazon denies the allegations in Paragraph 20, including its characterization of Mr. Grandinetti's role

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   and responsibilities.  Mr. Grandinetti did not oversee Amazon's Prime subscription program until

2   November 2021.

3      JAMIL GHANI'S ANSWER TO NO. 20.  Mr. Ghani avers that Paragraph 20 states legal

4   conclusions to which no response is required, and which are not directed at Mr. Ghani.  To the

5   extent that a response is required, Mr. Ghani admits that Mr. Grandinetti served as Senior Vice

6   President for Amazon International Consumer Retail.  Mr. Ghani otherwise lacks knowledge or

7   information sufficient to form a belief about the truth of the allegations in Paragraph 20 and

8   therefore denies them.

9      RUSSELL GRANDINETTI'S ANSWER TO NO. 20.  Mr. Grandinetti avers that

10  Paragraph 20 states legal conclusions to which no response is required.  To the extent that a

11  response is required, Mr. Grandinetti admits that he served as Senior Vice President for Amazon

12  International Consumer Retail.  Mr. Grandinetti otherwise denies the allegations in Paragraph 20,

13  including its characterization of his role and responsibilities.  Mr. Grandinetti did not oversee

14  Amazon's Prime subscription program until November 2021.

15     NEIL LINDSAY'S ANSWER TO NO. 20.  Mr. Lindsay avers that Paragraph 20 states

16  legal conclusions to which no response is required, and which are not directed at Mr. Lindsay.

17  To the extent that a response is required, Mr. Lindsay admits that Mr. Grandinetti served as

18  Senior Vice President for Amazon International Consumer Retail.  Mr. Lindsay otherwise lacks

19  knowledge or information sufficient to form a belief about the truth of the allegations in

20  Paragraph 20 and therefore denies them.

21     AMAZON'S ANSWER TO NO. 21.  Amazon avers that Paragraph 21 states legal

22  conclusions to which no response is required.  To the extent that a response is required, Amazon

23  denies the allegations in Paragraph 21.

24     JAMIL GHANI'S ANSWER TO NO. 21.  Mr. Ghani avers that Paragraph 21 states legal

25  conclusions to which no response is required, and which are not directed at Mr. Ghani.  To the

26  extent that a response is required, Mr. Ghani lacks knowledge or information sufficient to form a

27  belief about the truth of the allegations in Paragraph 21 and therefore denies them.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    RUSSELL GRANDINETTI'S ANSWER TO NO. 21.  Mr. Grandinetti avers that, by

2  purporting to describe "unlawful acts and practices," Paragraph 21 states legal conclusions to

3  which no response is required.  To the extent that a response is required, Mr. Grandinetti denies

4  the allegations in Paragraph 21, apart from the allegation that he attended a meeting on June 17,

5  2019.  Mr. Grandinetti specifically denies Paragraph 21's characterization of his role and

6  responsibilities in relation to Amazon Prime before November 2021.

7    NEIL LINDSAY'S ANSWER TO NO. 21.  Mr. Lindsay avers that Paragraph 21 states

8  legal conclusions to which no response is required, and which are not directed at Mr. Lindsay.

9  To the extent that a response is required, Mr. Lindsay lacks knowledge or information sufficient

10  to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

11    AMAZON'S ANSWER TO NO. 22.  Amazon avers that Paragraph 22 states legal

12  conclusions to which no response is required.  To the extent that a response is required, Amazon

13  admits that Paragraph 22 selectively references portions of a document drafted by a certain

14  Amazon employee, but denies Plaintiff's characterization of the document.  Amazon otherwise

15  denies the allegations in Paragraph 22.

16    JAMIL GHANI'S ANSWER TO NO. 22.  Mr. Ghani avers that Paragraph 22 states legal

17  conclusions to which no response is required, and which are not directed at Mr. Ghani.  To the

18  extent that a response is required, Mr. Ghani lacks knowledge or information sufficient to form a

19  belief about the truth of the allegations in Paragraph 22 and therefore denies them.

20    RUSSELL GRANDINETTI'S ANSWER TO NO. 22.  Mr. Grandinetti avers that

21  Paragraph 22 states legal conclusions to which no response is required.  To the extent that a

22  response is required, Mr. Grandinetti admits that Paragraph 22 selectively references portions of

23  a document drafted by a certain Amazon employee, but denies Plaintiff's characterization of the

24  document.  Mr. Grandinetti otherwise denies the allegations in Paragraph 22.

25    NEIL LINDSAY'S ANSWER TO NO. 22.  Mr. Lindsay avers that Paragraph 22 states

26  legal conclusions to which no response is required, and which are not directed at Mr. Lindsay.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

To the extent that a response is required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies them.

AMAZON'S ANSWER TO NO. 23.  Amazon admits that Mr. Grandinetti has and continues to transact business in Seattle, Washington.  Amazon otherwise denies the allegations in Paragraph 23.

JAMIL GHANI'S ANSWER TO NO. 23.  Mr. Ghani avers that Paragraph 23 includes allegations that are not directed at Mr. Ghani.  Mr. Ghani lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

RUSSELL GRANDINETTI'S ANSWER TO NO. 23.  Mr. Grandinetti admits that he has and continues to transact business in Seattle, Washington.  Mr. Grandinetti otherwise denies the allegations in Paragraph 23.

NEIL LINDSAY'S ANSWER TO NO. 23.  Mr. Lindsay avers that Paragraph 23 includes allegations that are not directed at Mr. Lindsay.  Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

AMAZON'S ANSWER TO NO. 24.  Amazon avers that Paragraph 24 states legal conclusions to which no response is required.  To the extent that a response is required, Amazon admits that Mr. Ghani resides in Bellevue, Washington.  Amazon further admits that Mr. Ghani has served as Vice President for Prime since 2019.  Amazon otherwise denies the allegations in Paragraph 24, including those characterizing Mr. Ghani's role and responsibilities.

JAMIL GHANI'S ANSWER TO NO. 24.  Mr. Ghani avers that Paragraph 24 states legal conclusions to which no response is required.  To the extent that a response is required, Mr. Ghani admits that he resides in Bellevue, Washington.  Mr. Ghani further admits that he has served as Vice President for Prime since 2019.  Mr. Ghani otherwise denies the allegations in Paragraph 24, including those characterizing his role and responsibilities.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

RUSSELL GRANDINETTI'S ANSWER TO NO. 24.  Mr. Grandinetti avers that Paragraph 24 states legal conclusions to which no response is required, and which are not directed at Mr. Grandinetti.  Mr. Grandinetti lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 24.  Mr. Lindsay avers that Paragraph 24 states legal conclusions to which no response is required, and which are not directed at Mr. Lindsay.  Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

AMAZON'S ANSWER TO NO. 25.  Amazon avers that Paragraph 25 states legal conclusions to which no response is required.  To the extent that a response is required, Amazon denies the allegations in Paragraph 25.

JAMIL GHANI'S ANSWER TO NO. 25.  Mr. Ghani avers that Paragraph 25 states legal conclusions to which no response is required.  To the extent that a response is required, Mr. Ghani denies the allegations in Paragraph 25.

RUSSELL GRANDINETTI'S ANSWER TO NO. 25.  Mr. Grandinetti avers that Paragraph 25 states legal conclusions to which no response is required, and which are not directed at Mr. Grandinetti.  Mr. Grandinetti lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 25.  Mr. Lindsay avers that Paragraph 25 states legal conclusions to which no response is required, and which are not directed at Mr. Lindsay.  Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

AMAZON'S ANSWER TO NO. 26.  Amazon avers that Paragraph 26 states legal conclusions to which no response is required.  To the extent that a response is required, Amazon admits that Paragraph 26 selectively references portions of documents drafted by certain Amazon employees, but denies Plaintiff's characterization of those documents.  Amazon otherwise denies the allegations in Paragraph 26.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   JAMIL GHANI'S ANSWER TO NO. 26.  Mr. Ghani avers that Paragraph 26 states legal

2   conclusions to which no response is required.  To the extent that a response is required, Mr.

3   Ghani admits that Paragraph 26 selectively references portions of documents drafted by certain

4   Amazon employees, but denies Plaintiff's characterization of those documents.  Mr. Ghani

5   otherwise denies the allegations in Paragraph 26.

6   RUSSELL GRANDINETTI'S ANSWER TO NO. 26.  Mr. Grandinetti avers that

7   Paragraph 26 states legal conclusions to which no response is required, and which are not

8   directed at Mr. Grandinetti.  Mr. Grandinetti lacks knowledge or information sufficient to form a

9   belief about the truth of the allegations in Paragraph 26 and therefore denies them.

10   NEIL LINDSAY'S ANSWER TO NO. 26.  Mr. Lindsay avers that Paragraph 26 states

11   legal conclusions to which no response is required, and which that are not directed at Mr.

12   Lindsay.  Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

13   of the allegations in Paragraph 26 and therefore denies them.

14   AMAZON'S ANSWER TO NO. 27.  Amazon admits that Ghani has and continues to

15   transact business in Seattle, Washington.  Amazon otherwise denies the allegations in Paragraph

16   27.

17   JAMIL GHANI'S ANSWER TO NO. 27.  Mr. Ghani admits that he has and continues to

18   transact business in Seattle, Washington.  Mr. Ghani otherwise denies the allegations in

19   Paragraph 27.

20   RUSSELL GRANDINETTI'S ANSWER TO NO. 27.  Mr. Grandinetti avers that

21   Paragraph 27 includes allegations that are not directed at Mr. Grandinetti.  Mr. Grandinetti lacks

22   knowledge or information sufficient to form a belief about the truth of the allegations in

23   Paragraph 27 and therefore denies them.

24   NEIL LINDSAY'S ANSWER TO NO. 27.  Mr. Lindsay avers that Paragraph 27 includes

25   allegations that are not directed at Mr. Lindsay.  Mr. Lindsay lacks knowledge or information

26   sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies

27   them.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DEFENDANTS' ANSWER TO NO. 28.  Defendants aver that Paragraph 28 states a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that they conduct business within the United States.  Defendants otherwise deny the allegations in Paragraph 28.

DEFENDANTS' ANSWER TO NO. 29.  Defendants admit that, as of the date of this Answer, a Prime membership in the United States can be purchased for $14.99 per month, or $139 per year.  Defendants further admit that Prime membership fees generate revenue for Amazon.  Defendants otherwise deny the allegations in Paragraph 29.

DEFENDANTS' ANSWER TO NO. 30.  The phrases "revenue" and "consumers" as used in the context of Paragraph 30 are undefined, vague, and subject to multiple interpretations.  As such, Defendants lack sufficient information to accurately respond to the allegation in Paragraph 30, and on that basis deny the allegation.

DEFENDANTS' ANSWER TO NO. 31.  Defendants admit that Prime members, on average, are more engaged Amazon customers as compared to non-Prime customers.  Defendants otherwise deny the allegations in Paragraph 31.

DEFENDANTS' ANSWER TO NO. 32.  Defendants admit that Amazon strives to provide products and services that delight customers and make their lives easier, including Prime.  Consistent with Amazon's longstanding focus on its customers, Amazon informs customers of the valuable benefits that come with a Prime membership.  Defendants otherwise deny the allegations in Paragraph 32, including Plaintiff's characterization of Amazon's practices.

DEFENDANTS' ANSWER TO NO. 33.  Defendants admit that "Worldwide Prime" is a business unit of Amazon.  Defendants further admit that Worldwide Prime monitors a number of metrics to analyze the direction of the business, including, but not limited to, Prime member balance.  Defendants otherwise deny the allegations in Paragraph 33, including Plaintiff's characterization of Amazon's practices.

DEFENDANTS' ANSWER TO NO. 34.  Defendants admit that customers can start the Prime enrollment flow through a variety of channels, including on the Amazon Prime homepage. Defendants further admit that, for some years, a significant number of customers enrolled in Prime through the shopping checkout process.  Defendants otherwise deny the allegations in Paragraph 34, including Plaintiff's characterization of Amazon's practices.

DEFENDANTS' ANSWER TO NO. 35.  Defendants admit that customers may enroll in Prime through an online checkout process, but deny Plaintiff's characterization of that process. Defendants otherwise deny the allegations in Paragraph 35.

DEFENDANTS' ANSWER TO NO. 36.  Defendants admit that some customers who are not already Prime members are offered the opportunity to sign up for a Prime membership during an online checkout process, but deny Plaintiff's characterization of that process. Defendants otherwise deny the allegations in Paragraph 36.

DEFENDANTS' ANSWER TO NO. 37.  Defendants admit that there are several Prime enrollment channels on desktop devices and mobile devices, including the Universal Prime Decision Page ("UPDP") and Single Page Checkout ("SPC").  Defendants further admit that, prior to October 2022, Prime enrollment channels included the Ship Option Select Page ("SOSP").  Defendants also admit that the mobile web enrollment provides a similar experience that is optimized for mobile devices.  Defendants otherwise deny the allegations in Paragraph 37.

DEFENDANTS' ANSWER TO NO. 38.  Defendants admit that Amazon presents certain customers with the UPDP, which prominently provides all of the material terms of Prime membership, including the price of the Prime membership that will be charged monthly and the fact that the membership continues until cancelled, on a single page.  Defendants further admit that customers who wish to continue their purchase without enrolling in Prime can select the option labeled "No thanks" to decline the Prime offer and proceed with their order.  Defendants otherwise deny the allegations in Paragraph 38, including Plaintiff's characterization of the UPDP.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    DEFENDANTS' ANSWER TO NO. 39.  Defendants admit that customers who are not

2    already Prime members must affirmatively select a button to join Prime and that the language on

3    that button has changed over time.  Defendants otherwise deny the allegations in Paragraph 39,

4    including Plaintiff's characterization of the UPDP.

5    DEFENDANTS' ANSWER TO NO. 40.  Defendants admit that customers who are not

6    already Prime members must affirmatively select a button to join Prime.  Defendants otherwise

7    deny the allegations in Paragraph 40.

8    DEFENDANTS' ANSWER TO NO. 41.  Defendants admit that for customers who

9    wished to continue their purchase without enrolling in Prime, customers selected the option

10   labeled "No thanks" to decline the Prime offer and proceed with their order and that the language

11   of the option has changed over time.  Defendants otherwise deny the allegations in Paragraph 41,

12   including Plaintiff's characterization of the UPDP.

13   DEFENDANTS' ANSWER TO NO. 42.  The phrase "visual imbalance" as used in the

14   context of Paragraph 42 is undefined, vague, and subject to multiple interpretations.  As such,

15   Defendants lack sufficient information to accurately respond to the allegation in Paragraph 42.

16   To the extent that a response is required, Defendants deny the allegations in Paragraph 42,

17   including Plaintiff's characterization of the UPDP and its design.

18   DEFENDANTS' ANSWER TO NO. 43.  Defendants deny the allegations in Paragraph

19   43, including Plaintiff's characterization of Amazon's disclosure of material terms on the UPDP.

20   DEFENDANTS' ANSWER TO NO. 44.  Defendants admit that customers might

21   experience variations in the design elements that are presented to them during the Prime

22   enrollment flow, which may depend, for example, on the enrollment channel the customer uses,

23   the customer's prior interactions with Amazon, the customer's eligibility for a paid or free trial,

24   the items in the customer's shopping cart, or other special offers, such as a student membership.

25   Regardless of such variations, however, the UPDP enrollment channel provides customers with

26   clear and conspicuous disclosures of the material terms of membership, and requires their

27   express informed consent before enrollment.  Defendants further admit that Amazon's

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 21

1   enrollment experiences have changed periodically, including since February 2022.  Defendants

2   otherwise deny the allegations in Paragraph 44, including Plaintiff's characterization of Prime

3   enrollment through the UPDP.

4          DEFENDANTS' ANSWER TO NO. 45.  Defendants deny the allegations in Paragraph

5   45.

6          DEFENDANTS' ANSWER TO NO. 46.  Defendants admit that customers might

7   experience variations in the Prime enrollment flows presented during the checkout process,

8   which may depend on the enrollment channel the customer uses, the customer's prior

9   interactions with Amazon, the customer's eligibility for a paid or free trial, the items in the

10  customer's shopping cart, or other special offers, such as a student membership.  Defendants

11  further admit that Prime enrollment channels on desktop devices include the Universal Prime

12  Decision Page ("UPDP") and Single Page Checkout ("SPC").  Defendants further admit that,

13  prior to October 2022, Prime enrollment channels included the Ship Option Select Page

14  ("SOSP").  Defendants otherwise deny the allegations in Paragraph 46, including that True

15  Single Page Checkout refers to a particular Prime offer and Plaintiff's mischaracterization of the

16  Prime enrollment flows.

17         DEFENDANTS' ANSWER TO NO. 47.  Defendants admit that the Ship Option Select

18  Page, which is no longer operative as of April 2022, provided customers with an option to enroll

19  in Prime when they chose the shipment speed for their order.  Defendants further admit that

20  Amazon prominently disclosed all material terms to customers enrolling in Prime through the

21  SOSP.  Defendants otherwise deny the allegations in Paragraph 47, including the allegation that

22  Amazon pre-selected an option that enrolled customers in Prime and Plaintiff's characterization

23  of Amazon's disclosure of material terms on the SOSP.

24         DEFENDANTS' ANSWER TO NO. 48.  Defendants admit that the Ship Option Select

25  Page, which is no longer operative as of April 2022, provided customers with an option to enroll

26  in Prime when they chose the shipment speed for their order.  Defendants further admit that

27  Amazon prominently disclosed all material terms to customers enrolling in Prime through the

SOSP.  Defendants otherwise deny the allegations in Paragraph 48, including the allegation that Amazon pre-selected an option that enrolled customers in Prime and Plaintiff's characterization of the SOSP.

DEFENDANTS' ANSWER TO NO. 49.  Defendants admit that the Ship Option Select Page, which is no longer operative as of April 2022, provided customers with an option to enroll in Prime when they chose the shipment speed for their order.  Defendants further admit that Amazon prominently disclosed all material terms to customers enrolling in Prime through the SOSP.  Defendants otherwise deny the allegations in Paragraph 49, including the allegation that customers would automatically be charged following completion of this page and Plaintiff's characterization of the SOSP.

DEFENDANTS' ANSWER TO NO. 50.  Defendants admit that there was a clear option for customers to enroll in Prime and a clear option for customers to decline to enroll in Prime. Defendants deny that Paragraph 50 accurately describes the UPDP.  Defendants further deny Plaintiff's characterization of the SOSP and its design and otherwise deny the allegations in Paragraph 50, including Plaintiff's characterization of the Prime enrollment flow.

DEFENDANTS' ANSWER TO NO. 51.  Defendants admit that customers saw the total price they would be charged at checkout at the end of the shopping checkout process. Defendants otherwise deny the allegations in Paragraph 51, including those regarding Amazon's disclosure of Prime's material terms.

DEFENDANTS' ANSWER TO NO. 52.  Defendants admit that Amazon prominently disclosed all material terms to customers before enrollment in Prime through the SOSP. Defendants otherwise deny the allegations in Paragraph 52, including the allegation that customers could be enrolled in Prime at multiple points in the SOSP flow and Plaintiff's characterization of Amazon's disclosure of materials terms on the SOSP.

DEFENDANTS' ANSWER TO NO. 53.  Defendants admit that the SOSP is no longer operative, but otherwise deny the allegations in Paragraph 53.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    DEFENDANTS' ANSWER TO NO. 54.  Defendants admit that customers could take

2    affirmative steps to enroll in Prime via the Single Page Checkout ("SPC"), but deny Plaintiff's

3    characterization of the SPC enrollment flow.  Defendants otherwise deny the allegations in

4    Paragraph 54, including the allegations that the SPC did not contemporaneously disclose Prime's

5    material terms and contained misleading language.

6    DEFENDANTS' ANSWER TO NO. 55.  Defendants admit that the SPC enrollment

7    channel allowed customers to confirm their billing address and select a shipping option for the

8    items in their shopping cart.  Defendants otherwise deny the allegations in Paragraph 55,

9    including that Attachment H at 3-4 reflects the SPC enrollment channel.

10    DEFENDANTS' ANSWER TO NO. 56.  Defendants admit that customers could enroll

11    in Prime via SPC after taking affirmative steps, but deny that this paragraph describes the SPC

12    enrollment flow.  Defendants otherwise deny the allegations in Paragraph 56.

13    DEFENDANTS' ANSWER TO NO. 57.  Defendants admit that customers could take

14    affirmative steps to enroll in Prime via SPC, but deny that customers who clicked the "Try Prime

15    FREE for 30 days" button were enrolled in Prime even if they did not complete their purchase.

16    Defendants otherwise deny the allegations in Paragraph 57, including Plaintiff's characterization

17    of the SPC enrollment flow.

18    DEFENDANTS' ANSWER TO NO. 58.  Defendants admit that customers could enroll

19    in Prime via SPC after taking affirmative steps.  Defendants otherwise deny the allegations in

20    Paragraph 58.

21    DEFENDANTS' ANSWER TO NO. 59.  Defendants admit that Amazon required a

22    customer to take affirmative steps to enroll in Prime via SPC, but deny Plaintiff's

23    characterization of the SPC enrollment flow.  Defendants otherwise deny the allegations in

24    Paragraph 59.

25    DEFENDANTS' ANSWER TO NO. 60.  Defendants admit that customers could enroll

26    in Prime via SPC after taking affirmative steps, but deny that the SPC enrollment channel did not

27

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 24

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

disclose Prime's price or its monthly autorenewal feature.  Defendants otherwise deny the allegations in Paragraph 60.

DEFENDANTS' ANSWER TO NO. 61.  Defendants admit that customers could enroll in Prime via SPC after taking affirmative steps, but deny Plaintiff's characterization of the SPC enrollment flow, including that material terms were not disclosed and were "after the fact."  Defendants otherwise deny the allegations in Paragraph 61.

DEFENDANTS' ANSWER TO NO. 62.  Defendants deny the allegations in Paragraph 62.

DEFENDANTS' ANSWER TO NO. 63.  Defendants admit that Amazon launched the TrueSPC experience in October 2022.  Defendants otherwise deny the allegations in Paragraph 63.

DEFENDANTS' ANSWER TO NO. 64.  Defendants deny the allegations in Paragraph 64.

DEFENDANTS' ANSWER TO NO. 65.  Defendants admit that customers might experience variations during the TrueSPC checkout process, including depending on whether they already have default billing information and default shipping information saved to their Amazon account.  Defendants otherwise deny the allegations in Paragraph 65.

DEFENDANTS' ANSWER TO NO. 66.  Defendants admit that Amazon presents certain customers with the UPDP as part of TrueSPC and that the UPDP prominently provides all of the material terms of Prime membership on a single page, including the price of the Prime membership that will be charged monthly and the fact that the membership continues until cancelled.  Defendants further admit that customers who wish to continue their purchase without enrolling in Prime can select the option labeled "No thanks" to decline the Prime offer and proceed with their order.  Defendants otherwise deny the allegations in Paragraph 66.

DEFENDANTS' ANSWER TO NO. 67.  Defendants deny the allegations in Paragraph 67.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 25

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DEFENDANTS' ANSWER TO NO. 68.  Defendants admit that on the final checkout page in the TrueSPC experience, customers are provided the opportunity to review the following four sections: "Shipping address," "Payment method," "Offers," and "Review items and shipping" before placing an order.  Defendants otherwise deny the allegations in Paragraph 68.

DEFENDANTS' ANSWER TO NO. 69.  Defendants admit that reviewing or inputting a shipping address and payment method are the first two steps of the final checkout page, but deny that customers without an Amazon account would be able to reach this page.  Defendants otherwise deny the allegations in Paragraph 69.

DEFENDANTS' ANSWER TO NO. 70.  Defendants deny the allegations in Paragraph 70.

DEFENDANTS' ANSWER TO NO. 71.  Defendants admit that "Review items and shipping" is the fourth step of the final checkout page in the TrueSPC experience and that Amazon offers customers the opportunity to sign up for a Prime membership, but deny Plaintiff's characterization of TrueSPC.  Defendants otherwise deny the allegations in Paragraph 71.

DEFENDANTS' ANSWER TO NO. 72.  Defendants admit that for customers who choose to enroll in Prime on the final checkout page of the TrueSPC experience, Amazon prominently provides all of the material terms of Prime membership on a single page, including the price of the Prime membership that will be charged monthly and the fact that the membership continues until cancelled.  Defendants further admit that Amazon provides customers with a simple option to remove their Prime selection using the same method as removing any other product from their cart.  Defendants otherwise deny the allegations in Paragraph 72, including its characterization of TrueSPC.

DEFENDANTS' ANSWER TO NO. 73.  Defendants admit that Amazon provides customers with an option to enroll in Prime when they decide the speed with which they would like a particular item shipped to them through the final checkout page of the TrueSPC

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

experience, but deny Plaintiff's characterization of TrueSPC.  Defendants otherwise deny the allegations in Paragraph 73.

DEFENDANTS' ANSWER TO NO. 74.  Defendants deny that this offer is the UPDP and deny Plaintiff's characterization of TrueSPC.  Defendants otherwise deny the allegations in Paragraph 74.

DEFENDANTS' ANSWER TO NO. 75.  Defendants admit that Amazon requires customers to take affirmative steps to enroll in a new Prime membership on the final checkout page of the TrueSPC experience and that it prominently provides the material terms of the Prime membership offer including the price of Prime and the fact that the membership continues until cancelled.  Defendants otherwise deny the allegations in Paragraph 75, including Plaintiff's characterization of TrueSPC.

DEFENDANTS' ANSWER TO NO. 76.  Defendants admit that customers who have not enrolled in Prime by the end of the shopping checkout process are offered the opportunity to enroll in Prime in the "Items and Shipping" section of the final checkout page, but deny Plaintiff's characterization of TrueSPC.  Defendants otherwise deny the allegations in Paragraph 76.

DEFENDANTS' ANSWER TO NO. 77.  Defendants admit that the mobile enrollment experience largely mirrors the desktop enrollment experience, but is optimized for mobile devices.  Defendants otherwise deny the allegations in Paragraph 77, including Plaintiff's characterization of the mobile or desktop enrollment experiences.

DEFENDANTS' ANSWER TO NO. 78.  Defendants admit that Amazon has optimized the process to enroll in Prime on mobile devices to address the inherent differences between desktop computers and mobile devices and that its mobile flows prominently provide all material terms of the Prime membership near the enrollment button.  Defendants otherwise deny the allegations in Paragraph 78, including Plaintiff's characterization of Amazon's mobile enrollment experience and that it is "more difficult" to navigate Prime offers on a mobile device.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    DEFENDANTS' ANSWER TO NO. 79.  Defendants deny the allegations in Paragraph

2    79.

3    DEFENDANTS' ANSWER TO NO. 80.  Defendants admit that Paragraph 80 selectively

4    references an outdated version of the mobile SOSP from 2021, which required customers to

5    choose their preferred shipping speed, including Prime's fast and free shipping option by

6    enrolling in Prime.  Defendants otherwise deny the allegations in Paragraph 80, including that

7    Amazon preselected the Prime delivery option and the characterization of the outdated mobile

8    SOSP.

9    DEFENDANTS' ANSWER TO NO. 81.  Defendants admit that Paragraph 81 selectively

10   references an outdated version of the mobile SOSP from 2021, which required customers to

11   select their preferred payment method after choosing a shipping speed.  Defendants otherwise

12   deny the allegations in Paragraph 81, including its characterization of the outdated mobile SOSP

13   and that Amazon charged the customer's payment method for Prime after completing this page.

14   DEFENDANTS' ANSWER TO NO. 82.  Defendants admit that Paragraph 82 selectively

15   references an outdated version of the mobile SOSP from 2021, which prominently provided

16   customers the material terms of the Prime membership offer, including the price of the Prime

17   membership that will be charged monthly and the fact that membership continued until

18   cancelled.  Defendants otherwise deny the allegations in Paragraph 82, including that this page is

19   the UPDP and Plaintiff's characterizations of the UPDP and outdated mobile SOSP.

20   DEFENDANTS' ANSWER TO NO. 83.  Defendants admit that Paragraph 83 selectively

21   references an outdated version of the mobile SOSP from 2021, which prominently provided

22   customers the material terms of the Prime membership offer, including the price of the Prime

23   membership that will be charged monthly and the fact that membership continued until

24   cancelled.  Defendants otherwise deny the allegations in Paragraph 83, including its

25   characterization of the outdated mobile SOSP.

26   DEFENDANTS' ANSWER TO NO. 84.  Defendants admit that Paragraph 84 selectively

27   references an outdated version of the mobile SOSP from 2021, which confirmed that a customer

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   had enrolled in Prime after the customer took an affirmative step to enroll. Defendants otherwise

2   deny the allegations in Paragraph 84, including its characterization of the outdated mobile SOSP.

3       DEFENDANTS' ANSWER TO NO. 85. Defendants aver that Paragraph 85 states a

4   legal conclusion to which no response is required. To the extent that a response is required,

5   Defendants deny the allegations in Paragraph 85.

6       DEFENDANTS' ANSWER TO NO. 86. Defendants admit that Paragraph 86 selectively

7   references an outdated version of the mobile UPDP, which prominently provided all the material

8   terms of Prime membership on a single page, including the price of the Prime membership that

9   will be charged monthly and the fact that the membership continues until cancelled. Defendants

10  further admit that customers who wished to continue their purchase without enrolling in Prime

11  could select the option labeled "No thanks, I do not want FREE Two-Day Shipping" to decline

12  the Prime offer and proceed with their order. Defendants otherwise deny the allegations in

13  Paragraph 86, including its characterization of the outdated mobile UPDP.

14      DEFENDANTS' ANSWER TO NO. 87. Defendants aver that Paragraph 87 states a

15  legal conclusion to which no response is required. To the extent that a response is required,

16  Defendants deny the allegations in Paragraph 87.

17      DEFENDANTS' ANSWER TO NO. 88. Defendants admit that Paragraph 88 selectively

18  references an outdated version of the mobile checkout experience, which required customers to

19  choose their preferred shipping speed among multiple options, including Prime's fast and free

20  shipping option, and their preferred payment method. Defendants otherwise deny the allegations

21  in Paragraph 88, including its characterization of the outdated mobile SPC.

22      DEFENDANTS' ANSWER TO NO. 89. Defendants admit that Paragraph 89 selectively

23  references an outdated version of the mobile SPC, which offered customers opportunities to

24  enroll in Prime. Defendants otherwise deny the allegations in Paragraph 89, including its

25  characterization of the outdated mobile SPC.

26      DEFENDANTS' ANSWER TO NO. 90. Defendants admit that Paragraph 90 selectively

27  references an outdated version of the mobile SPC, which prominently informed customers that a

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 29

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Prime membership has been added to their cart and prominently disclosed all of the material terms of the Prime membership offer.  Defendants further admit that the customer could easily remove the Prime membership from their cart using the same method as removing any other product from their cart.  Defendants otherwise deny the allegations in Paragraph 90, including its characterization of the outdated mobile SPC.

DEFENDANTS' ANSWER TO NO. 91.  Defendants admit that Amazon modified the mobile checkout enrollment flow in 2022, among other times.

DEFENDANTS' ANSWER TO NO. 92.  Defendants aver that Paragraph 92 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 92.

DEFENDANTS' ANSWER TO NO. 93.  Defendants admit that customers using mobile devices to navigate Amazon.com can select a button labeled "Add to Cart," to add a product to their cart and continue shopping, or a button labeled "Buy Now," which allows customers to proceed directly to the shopping checkout process.  Defendants further admit that customers can select a button labeled "Proceed to checkout" to proceed to the shopping checkout process.  Defendants otherwise deny the allegations in Paragraph 93, including Plaintiff's characterization of the mobile enrollment flow.

DEFENDANTS' ANSWER TO NO. 94.  Defendants admit that certain customers are presented with the UPDP during the mobile checkout process.  Defendants otherwise deny the allegations in Paragraph 94, including Plaintiff's characterization of the mobile enrollment flow.

DEFENDANTS' ANSWER TO NO. 95.  Defendants admit that customers are required to set up a Prime account before proceeding with the shopping checkout process and that certain customers are presented with the mobile UPDP during the mobile checkout process.  Defendants otherwise deny the allegations in Paragraph 95, including Plaintiff's characterization of the mobile enrollment flow.

DEFENDANTS' ANSWER TO NO. 96.  Defendants admit that, depending on the size of a consumer's mobile phone screen and certain other settings controlled by the consumer,

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  customers may sometimes need to scroll down on their mobile devices to see information that is

2  displayed vertically.  Defendants otherwise deny the allegations in Paragraph 96, including

3  Plaintiff's characterization of the mobile enrollment flow and the "sticky footer."

4      DEFENDANTS' ANSWER TO NO. 97.  Defendants admit that at the top of the mobile

5  UPDP, Amazon prominently provides information about the length of the Prime free trial and the

6  price of the Prime membership that will be charged every month until cancellation.  Defendants

7  otherwise deny the allegations in Paragraph 97, including Plaintiff's characterization of the

8  mobile enrollment flow.

9      DEFENDANTS' ANSWER TO NO. 98.  Defendants admit that the mobile UPDP

10  prominently provides all of the material terms of Prime membership on a single page, including

11  the price of the Prime membership that will be charged monthly and the fact that the membership

12  continues until cancelled.  Defendants otherwise deny the allegations in Paragraph 98, including

13  Plaintiff's characterization of the mobile enrollment flow.

14      DEFENDANTS' ANSWER TO NO. 99.  Defendants admit that the mobile UPDP

15  prominently provides all of the material terms of Prime membership on a single page, including

16  the price of the Prime membership that will be charged monthly and the fact that the membership

17  continues until cancelled.  Defendants otherwise deny the allegations in Paragraph 99, including

18  Plaintiff's characterization of the mobile enrollment flow.

19      DEFENDANTS' ANSWER TO NO. 100.  Defendants admit that the mobile UPDP

20  prominently provides all of the material terms of Prime membership on a single page, including

21  the price of the Prime membership that will be charged monthly and the fact that the membership

22  continues until cancelled.  Defendants otherwise deny the allegations in Paragraph 100, including

23  Plaintiff's characterization of the mobile enrollment flow.

24      DEFENDANTS' ANSWER TO NO. 101.  Defendants admit that customers can expand

25  the "sticky footer" either by scrolling down the screen or clicking a downward arrow at top right

26  corner of the sticky footer.  Defendants otherwise deny the allegations in Paragraph 101,

27  including Plaintiff's characterization of the mobile enrollment flow.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    DEFENDANTS' ANSWER TO NO. 102.  Defendants admit that customers can expand

2    the "sticky footer" either by scrolling down the screen or clicking a downward arrow at the top

3    right corner of the sticky footer.  Defendants otherwise deny the allegations in Paragraph 102,

4    including Plaintiff's characterization of the mobile enrollment flow.

5    DEFENDANTS' ANSWER TO NO. 103.  Defendants admit that customers can continue

6    their purchase either by selecting the yellow button or the blue link.  Defendants otherwise deny

7    the allegations in Paragraph 103.

8    DEFENDANTS' ANSWER TO NO. 104.  Defendants admit that if a customer

9    affirmatively chooses the yellow button, then the customer is taken to a confirmation page

10   notifying the customer that they have been enrolled in Prime.  Defendants further admit that

11   Amazon requires customers to click on the "Place your order" button to complete the shopping

12   checkout process for the items in their cart.  Defendants also admit that Amazon does not include

13   the monthly price of Prime in the "Order Total" because the customer is not paying for Prime at

14   the time as part of that order.  Defendants otherwise deny the allegations in Paragraph 104,

15   including Plaintiff's characterization of the mobile enrollment flow.

16   DEFENDANTS' ANSWER TO NO. 105.  Defendants admit that on the final page of the

17   mobile checkout flow, customers can edit their shipping and billing information, change the

18   quantity of items in their cart, and choose their preferred shipping method.  Defendants otherwise

19   deny the allegations in Paragraph 105.

20   DEFENDANTS' ANSWER TO NO. 106.  Defendants admit that Amazon requires

21   customers to click on the "Place your order" button to complete the mobile checkout process for

22   the items in their cart.  Defendants otherwise deny the allegations in Paragraph 106, including

23   Plaintiff's characterization of the mobile enrollment flow.

24   DEFENDANTS' ANSWER TO NO. 107.  Defendants aver that Paragraph 107 states

25   legal conclusions to which no response is required.  To the extent that a response is required,

26   Defendants deny the allegations in Paragraph 107.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DEFENDANTS' ANSWER TO NO. 108.  Defendants admit that Prime Video is a subscription-based video streaming service that is part of the Prime benefit bundle and can also be purchased as a separate subscription.  Defendants otherwise deny the allegations in Paragraph 108, including Plaintiff's characterization of Prime Video.

DEFENDANTS' ANSWER TO NO. 109.  Defendants deny the allegations in Paragraph 109.

DEFENDANTS' ANSWER TO NO. 110.  Defendants admit that customers can enroll in Prime through the Prime Video homepage or when viewing details about a television show or movie on Prime Video.  Defendants otherwise deny the allegations in Paragraph 110, including Plaintiff's characterization of Prime Video.

DEFENDANTS' ANSWER TO NO. 111.  Defendants deny the allegations in Paragraph 111.

DEFENDANTS' ANSWER TO NO. 112.  Defendants admit that customers can access the Prime Video homepage through the Amazon search bar.  Defendants otherwise deny the allegations in Paragraph 112, including Plaintiff's characterization of Prime Video.

DEFENDANTS' ANSWER TO NO. 113.  Defendants admit that the Prime Video homepage displays the Prime Video logo and text that reads "Watch with Prime Start your 30-day free trial."  Defendants otherwise deny the allegations in Paragraph 113, including Plaintiff's characterization of Prime Video.

DEFENDANTS' ANSWER TO NO. 114.  Defendants admit that customers who click the button "Watch with Prime Start your 30-day free trial" are taken to a page that requires them to provide their payment method and billing address, either by confirming their existing payment details on their Amazon account, signing into their Amazon account to confirm this information, or by creating an Amazon account and inputting this information.  Defendants further admit that this page includes links to Amazon's Conditions of Use and Privacy Notice.  Defendants otherwise deny the allegations in Paragraph 114, including Plaintiff's characterization of Prime Video.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1      DEFENDANTS' ANSWER TO NO. 115.  Defendants deny the allegation in Paragraph

2   115.

3      DEFENDANTS' ANSWER TO NO. 116.  Defendants admit that after a customer signs

4   in or creates an account, they are presented with a confirmation page that gives them the

5   opportunity to review their plan, email, payment method, and billing address, and prominently

6   provides all the material terms of the Prime membership, including the price of the Prime

7   membership that will be charged monthly and the fact that the membership continues until

8   cancelled.  Defendants also admit that Amazon requires customers to affirmatively click on the

9   "Start your free trial" button to complete their enrollment in Prime.  Defendants otherwise deny

10  the allegations in Paragraph 116, including Plaintiff's characterization of enrollment via Prime

11  Video.

12     DEFENDANTS' ANSWER TO NO. 117.  Defendants admit that on the confirmation

13  page customers can click on the "Change" button in the section titled "Plan" to change their

14  selected plan from Prime to Prime Video.  Defendants otherwise deny the allegations in

15  Paragraph 117, including Plaintiff's characterization of enrollment via Prime Video.

16     DEFENDANTS' ANSWER TO NO. 118.  Defendants admit that in the past, customers

17  were returned to a particular movie's detail page upon enrollment in Prime.  Defendants

18  otherwise deny the allegations in Paragraph 118, including Plaintiff's characterization of

19  enrollment via Prime Video.

20     DEFENDANTS' ANSWER TO NO. 119.  Defendants admit that Amazon has changed

21  the Prime Video enrollment flow over time, but otherwise deny the allegations in Paragraph 119.

22     DEFENDANTS' ANSWER TO NO. 120.  Defendants admit that customers can also

23  enroll in Prime through Prime Video on a mobile device.  Defendants otherwise deny the

24  allegations in Paragraph 120.

25     DEFENDANTS' ANSWER TO NO. 121.  Defendants deny the allegations in Paragraph

26  121.

27

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 34

1   DEFENDANTS' ANSWER TO NO. 122.  Defendants admit that the mobile Prime

2   Video storefront includes the Prime Video logo and a button that reads "Watch with Prime. Start

3   your 30-day free trial."  Defendants otherwise deny the allegations in Paragraph 122, including

4   Plaintiff's characterization of Prime enrollment via Prime Video on a mobile device.

5   DEFENDANTS' ANSWER TO NO. 123.  Defendants admit that customers who

6   affirmatively click the button "Watch with Prime Start your 30-day free trial" are taken to a page

7   that requires them to provide their payment method and billing address and that this page

8   includes links to Amazon's Conditions of Use and Privacy Notice.  Defendants otherwise deny

9   the allegations in Paragraph 123, including Plaintiff's characterization of Prime enrollment via

10   Prime Video on a mobile device.

11   DEFENDANTS' ANSWER TO NO. 124.  Defendants admit that after a customer signs

12   in or creates an account, they are presented with a confirmation page that gives them the

13   opportunity to review their plan, email, payment method, and billing address, and prominently

14   provides all the material terms of the Prime membership, including the price of the Prime

15   membership that will be charged monthly and the fact that the membership continues until

16   cancelled.  Defendants also admit that Amazon requires customers to affirmatively click on the

17   "Start your free trial" button to complete their enrollment in Prime.  Defendants otherwise deny

18   the allegations in Paragraph 124, including Plaintiff's characterization of Prime enrollment via

19   Prime Video on a mobile device.

20   DEFENDANTS' ANSWER TO NO. 125.  Defendants admit that on the confirmation

21   page customers can click on the arrow icon in the section titled "Plan" to change their selected

22   plan from Prime to Prime Video.  Defendants otherwise deny the allegations in Paragraph 125,

23   including Plaintiff's characterization of Prime enrollment via Prime Video on a mobile device.

24   DEFENDANTS' ANSWER TO NO. 126.  Defendants deny the allegations in Paragraph

25   126, including Plaintiff's characterization of Prime enrollment via Prime Video on a mobile

26   device.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    DEFENDANTS' ANSWER TO NO. 127.  Defendants admit that Amazon has modified
2    its cancellation flow over time, but deny Plaintiff's characterization of the reasons for any such
3    changes.  Defendants otherwise deny the allegations in Paragraph 127, including Plaintiff's
4    characterization of the cancellation process.

5    DEFENDANTS' ANSWER TO NO. 128.  Defendants deny the allegations in Paragraph
6    128.

7    DEFENDANTS' ANSWER TO NO. 129.  Defendants admit that customers could cancel
8    their Prime memberships online or by speaking with a customer service representative.
9    Defendants otherwise deny the allegations in Paragraph 129, including Plaintiff's
10   characterization of the cancellation flow.

11   DEFENDANTS' ANSWER TO NO. 130.  Defendants admit that Amazon's cancellation
12   processes, as launched in 2016, were later modified in March 2023 and again that summer.
13   Defendants otherwise deny the allegations in Paragraph 130.

14   DEFENDANTS' ANSWER TO NO. 131.  Defendants admit that there were several
15   ways for a customer to access the cancellation flow.  Defendants otherwise deny the allegations
16   in Paragraph 131, including Plaintiff's characterization of the ease with which customers could
17   access the cancellation process.

18   DEFENDANTS' ANSWER TO NO. 132.  Defendants admit that Prime Central provided
19   customers with a variety of tools to manage their Prime membership, including to start the
20   cancellation process.  Defendants otherwise deny the allegations in Paragraph 132, including
21   Plaintiff's characterization of the cancellation flow.

22   DEFENDANTS' ANSWER TO NO. 133.  Defendants admit that customers who clicked
23   the "End Membership" option immediately proceeded to the cancellation process.  Defendants
24   otherwise deny the allegations in Paragraph 133, including Plaintiff's characterization of the
25   cancellation flow.

26   DEFENDANTS' ANSWER TO NO. 134.  Defendants admit that customers could cancel
27   their memberships by communicating with a customer service representative.  Defendants

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 36

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

otherwise deny the allegations in Paragraph 134, including Plaintiff's characterization of the cancellation flow.

DEFENDANTS' ANSWER TO NO. 135.  Defendants admit that there were numerous ways for a customer to access the cancellation flow, including by searching certain phrases in the Amazon search bar.  Defendants otherwise deny the allegations in Paragraph 135, including Plaintiff's characterization of the cancellation flow.

DEFENDANTS' ANSWER TO NO. 136.  Defendants admit that customers who clicked the button labeled "End Your Prime Membership" immediately proceeded to the cancellation flow.  Defendants otherwise deny the allegations in Paragraph 136, including Plaintiff's characterization of the cancellation flow.

DEFENDANTS' ANSWER TO NO. 137.  Defendants admit that there were numerous ways for a customer to access the cancellation flow, including by searching certain phrases in the Amazon search bar.  Defendants otherwise deny the allegations in Paragraph 137, including Plaintiff's characterization of the cancellation flow.

DEFENDANTS' ANSWER TO NO. 138.  Defendants admit that there were numerous ways for a customer to access the cancellation flow, including by searching certain phrases in the Amazon search bar.  Defendants otherwise deny the allegations in Paragraph 138, including Plaintiff's characterization of the cancellation flow.

DEFENDANTS' ANSWER TO NO. 139.  Defendants admit that there were numerous ways for a customer to access the cancellation flow.  Defendants otherwise deny the allegations in Paragraph 139, including Plaintiff's characterization of the cancellation flow.

DEFENDANTS' ANSWER TO NO. 140.  Defendants admit that the cancellation flow provided customers with information about Prime membership and the effect of cancelling Prime.  Defendants otherwise deny the allegations in Paragraph 140, including Plaintiff's characterization of the cancellation flow.

DEFENDANTS' ANSWER TO NO. 141.  Defendants admit that the cancellation flow provided customers with helpful information to weigh the costs and benefits of membership and

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 37

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 141,
2   including Plaintiff's characterization of the cancellation flow.

3       DEFENDANTS' ANSWER TO NO. 142.  Defendants admit that the cancellation flow
4   provided customers with helpful information to weigh the costs and benefits of membership and
5   to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 142,
6   including Plaintiff's characterization of the cancellation flow.

7       DEFENDANTS' ANSWER TO NO. 143.  Defendants admit that the cancellation flow
8   provided customers with helpful information to weigh the costs and benefits of membership and
9   to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 143,
10  including Plaintiff's characterization of the cancellation flow.

11      DEFENDANTS' ANSWER TO NO. 144.  Defendants admit that the cancellation flow
12  provided customers with helpful information to weigh the costs and benefits of membership and
13  to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 144,
14  including Plaintiff's characterization of the cancellation flow.

15      DEFENDANTS' ANSWER TO NO. 145.  Defendants admit that the cancellation flow
16  provided customers with helpful information to weigh the costs and benefits of membership and
17  to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 145,
18  including Plaintiff's characterization of the cancellation flow.

19      DEFENDANTS' ANSWER TO NO. 146.  Defendants admit that the cancellation flow
20  provided customers with helpful information to weigh the costs and benefits of membership and
21  to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 146,
22  including Plaintiff's characterization of the cancellation flow.

23      DEFENDANTS' ANSWER TO NO. 147.  Defendants admit that the cancellation flow
24  provided customers with helpful information to weigh the costs and benefits of membership and
25  to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 147,
26  including Plaintiff's characterization of the cancellation flow.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    DEFENDANTS' ANSWER TO NO. 148.  Defendants admit that the cancellation flow

2  provided customers with helpful information to weigh the costs and benefits of membership and

3  to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 148,

4  including Plaintiff's characterization of the cancellation flow.

5    DEFENDANTS' ANSWER TO NO. 149.  Defendants admit that the cancellation flow

6  provided customers with the option to pause their Prime memberships.  Defendants further admit

7  that Amazon does not charge "paused" Prime members for Prime, and unless that customer

8  chooses to re-join Prime their membership is ultimately cancelled.  Defendants otherwise deny

9  the allegations in Paragraph 149, including Plaintiff's characterization of the cancellation flow.

10    DEFENDANTS' ANSWER TO NO. 150.  Defendants admit that Amazon periodically

11  corresponded with "paused" Prime members, but deny Plaintiff's characterization of that

12  communication.  Defendants otherwise deny the allegations in Paragraph 150.

13    DEFENDANTS' ANSWER TO NO. 151.  Defendants admit that the cancellation flow

14  provided customers with helpful information to weigh the costs and benefits of membership and

15  to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 151,

16  including Plaintiff's characterization of the cancellation flow.

17    DEFENDANTS' ANSWER TO NO. 152.  Defendants admit that the cancellation flow

18  provided customers with the option to turn off Prime's auto-renew feature.  Defendants

19  otherwise deny the allegations in Paragraph 152, including Plaintiff's characterization of the

20  cancellation flow.

21    DEFENDANTS' ANSWER TO NO. 153.  Defendants admit that the cancellation flow

22  provided customers with the option to immediately cancel their Prime membership if they were

23  eligible for a refund.  Defendants further admit that if a customer was not eligible for a refund,

24  the cancellation flow provided customers the option to end their membership on a specific date

25  (at the end of their membership period).  Defendants otherwise deny the allegations in Paragraph

26  153, including its characterization of the cancellation flow.

27

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 39

1   DEFENDANTS' ANSWER TO NO. 154.  Defendants admit that the cancellation flow

2   provided customers with helpful information to weigh the costs and benefits of membership and

3   to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 154,

4   including Plaintiff's characterization of the cancellation flow.

5   DEFENDANTS' ANSWER TO NO. 155.  Defendants admit that Amazon maintains a

6   pro-rated refund policy for customers cancelling their Prime membership.  Defendants otherwise

7   deny the allegations in Paragraph 155, including Plaintiff's characterization of the refund policy.

8   DEFENDANTS' ANSWER TO NO. 156.  Defendants admit that customers can cancel

9   Prime via their mobile device, but deny Plaintiff's characterization of the mobile cancellation

10   process and the purported difficulty of cancelling via a mobile device.  Defendants otherwise

11   deny the allegations in Paragraph 156.

12   DEFENDANTS' ANSWER TO NO. 157.  Defendants admit that there are several ways

13   to access the mobile cancellation flow.  Defendants otherwise deny the allegations in Paragraph

14   157, including Plaintiff's characterization of the mobile cancellation flow.

15   DEFENDANTS' ANSWER TO NO. 158.  Defendants admit that the cancellation flow

16   provided customers with helpful information to weigh the costs and benefits of membership and

17   to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 158,

18   including Plaintiff's characterization of the mobile cancellation flow.

19   DEFENDANTS' ANSWER TO NO. 159.  Defendants admit that the cancellation flow

20   provided customers with helpful information to weigh the costs and benefits of membership and

21   to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 159,

22   including Plaintiff's characterization of the mobile cancellation flow.

23   DEFENDANTS' ANSWER TO NO. 160.  Defendants admit that the cancellation flow

24   provided customers with helpful information to weigh the costs and benefits of membership and

25   to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 160,

26   including Plaintiff's characterization of the mobile cancellation flow.

27

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 40

1    DEFENDANTS' ANSWER TO NO. 161.  Defendants admit that the cancellation flow

2    provided customers with helpful information to weigh the costs and benefits of membership and

3    to make a fully informed decision.  Defendants otherwise deny the allegations in Paragraph 161,

4    including Plaintiff's characterization of the cancellation flows.

5    DEFENDANTS' ANSWER TO NO. 162.  Defendants aver that Paragraph 162 states

6    legal conclusions to which no response is required.  To the extent that a response is required,

7    Defendants deny the allegations in Paragraph 162.

8    DEFENDANTS' ANSWER TO NO. 163.  Defendants deny the allegations in Paragraph

9    163, including Plaintiff's characterization of how Amazon measured the success of its

10   cancellation flow.

11   DEFENDANTS' ANSWER TO NO. 164.  Defendants admit that some Prime customers

12   enroll in the program through the shopping checkout process.  Defendants otherwise deny the

13   allegations in Paragraph 164, including Plaintiff's characterization of Prime enrollment.

14   DEFENDANTS' ANSWER TO NO. 165.  Defendants admit that Amazon regularly tests

15   new website design elements to, for example, improve the customer experience across Amazon.

16   Defendants otherwise deny the allegations in Paragraph 165, including Plaintiff's

17   characterization of Amazon's testing practices.

18   DEFENDANTS' ANSWER TO NO. 166.  Defendants admit that Amazon regularly tests

19   new website design elements to, for example, improve the customer experience across Amazon.

20   Defendants otherwise deny the allegations in Paragraph 166, including Plaintiff's

21   characterization of Amazon's testing practices.

22   DEFENDANTS' ANSWER TO NO. 167.  Defendants admit that Amazon regularly tests

23   new website design elements to, for example, improve the customer experience across Amazon.

24   Defendants otherwise deny the allegations in Paragraph 167, including Plaintiff's

25   characterization of Amazon's testing practices.

26   DEFENDANTS' ANSWER TO NO. 168.  Defendants admit that Amazon regularly tests

27   new website design elements to, for example, improve the customer experience across Amazon.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants otherwise deny the allegations in Paragraph 168, including Plaintiff's characterization of Amazon's testing practices.

DEFENDANTS' ANSWER TO NO. 169.  Defendants deny the allegations in Paragraph 169, including Plaintiff's characterization of Amazon's testing practices.

DEFENDANTS' ANSWER TO NO. 170.  Defendants deny the allegations in Paragraph 170.

DEFENDANTS' ANSWER TO NO. 171.  Defendants deny the allegations in Paragraph 171.

DEFENDANTS' ANSWER TO NO. 172.  Defendants deny the allegations in Paragraph 172.

DEFENDANTS' ANSWER TO NO. 173.  Defendants deny the allegations in Paragraph 173.

DEFENDANTS' ANSWER TO NO. 174.  Defendants admit that Paragraph 174 selectively references portions of a document drafted by a certain Amazon employee, but deny Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in Paragraph 174.

DEFENDANTS' ANSWER TO NO. 175.  Defendants admit that Paragraph 175 selectively references portions of documents drafted by certain Amazon employees, but deny Plaintiff's characterization of those documents.  Defendants otherwise deny the allegations in Paragraph 175.

DEFENDANTS' ANSWER TO NO. 176.  Defendants deny the allegations in Paragraph 176.

DEFENDANTS' ANSWER TO NO. 177.  Defendants admit that Paragraph 177 selectively references portions of documents prepared by certain Amazon employees, but deny Plaintiff's characterization of those documents.  Defendants otherwise deny the allegations in Paragraph 177.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   DEFENDANTS' ANSWER TO NO. 178.  Defendants admit that Paragraph 178

2 selectively references portions of a document drafted by a certain Amazon employee, but deny

3 Plaintiff's characterization of the document. Defendants otherwise deny the allegations in

4 Paragraph 178.

5   DEFENDANTS' ANSWER TO NO. 179.  Defendants admit that Paragraph 179

6 selectively references portions of a document drafted by a certain Amazon employees, but deny

7 Plaintiff's characterization of the document and assertion as to Amazon's knowledge.

8 Defendants otherwise deny the allegations in Paragraph 179.

9   DEFENDANTS' ANSWER TO NO. 180.  Defendants admit that Paragraph 180

10 selectively references portions of a document drafted by a certain Amazon employee, but deny

11 Plaintiff's characterization of the document and assertion as to Amazon's knowledge.

12 Defendants otherwise deny the allegations in Paragraph 180.

13   DEFENDANTS' ANSWER TO NO. 181.  Defendants admit that Paragraph 181

14 selectively references portions of a document drafted by a certain Amazon employee, but deny

15 Plaintiff's characterization of the document and assertion as to Amazon's knowledge.

16 Defendants otherwise deny the allegations in Paragraph 181.

17   DEFENDANTS' ANSWER TO NO. 182.  Defendants deny the allegations in Paragraph

18 182.

19   DEFENDANTS' ANSWER TO NO. 183.  Defendants admit that Paragraph 183

20 selectively references portions of a document drafted by a certain Amazon employee, but deny

21 Plaintiff's characterizations of the document and assertion as to efforts Amazon made to improve

22 the customer experience.  Defendants otherwise deny the allegations in Paragraph 183.

23   DEFENDANTS' ANSWER TO NO. 184.  Defendants deny the allegations in Paragraph

24 184, including Plaintiff's characterization of efforts Amazon made to improve the customer

25 experience.

26   DEFENDANTS' ANSWER TO NO. 185.  Defendants admit that Paragraph 185

27 selectively references portions of a document drafted by a certain Amazon employee, but deny

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 43

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiff's characterization of the document and assertion as to efforts Amazon made to improve the customer experience.  Defendants otherwise deny the allegations in Paragraph 185.

DEFENDANTS' ANSWER TO NO. 186.  Defendants admit that Paragraph 186 selectively references portions of a document drafted by a certain Amazon employee, but deny Plaintiff's characterization of the document and assertion as to efforts Amazon made to improve the customer experience.  Defendants otherwise deny the allegations in Paragraph 186.

DEFENDANTS' ANSWER TO NO. 187.  Defendants deny the allegations in Paragraph 187.

DEFENDANTS' ANSWER TO NO. 188.  Defendants admit that Amazon created the Customer Frustrations Elimination Program to study, understand, and try to address customer frustrations across Amazon primarily using individual customer anecdotes, but deny Plaintiff's characterization of the program.  Defendants otherwise deny the allegations in Paragraph 188.

DEFENDANTS' ANSWER TO NO. 189.  Defendants admit that Amazon created the Customer Frustrations Elimination Program to study, understand, and try to address customer frustrations across Amazon primarily using individual customer anecdotes, but deny Plaintiff's characterization of the program.  Defendants otherwise deny the allegations in Paragraph 189.

DEFENDANTS' ANSWER TO NO. 190.  Defendants admit that Amazon created the Customer Frustrations Elimination Program to study, understand, and try to address customer frustrations across Amazon primarily using individual customer anecdotes, but deny Plaintiff's characterization of the program.  Defendants otherwise deny the allegations in Paragraph 190.

DEFENDANTS' ANSWER TO NO. 191.  Defendants admit that Amazon created the Customer Frustrations Elimination Program to study, understand, and try to address customer frustrations across Amazon primarily using individual customer anecdotes, but deny Plaintiff's characterization of the program.  Defendants otherwise deny the allegations in Paragraph 191.

DEFENDANTS' ANSWER TO NO. 192.  Defendants admit that Amazon created the Customer Frustrations Elimination Program to study, understand, and try to address customer

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 44

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

frustrations across Amazon primarily using individual customer anecdotes, but deny Plaintiff's characterization of the program.  Defendants otherwise deny the allegations in Paragraph 192.

DEFENDANTS' ANSWER TO NO. 193.  Defendants admit Paragraph 193 selectively references portions of documents drafted by certain Amazon employees, but deny Plaintiff's characterization of those documents.  Defendants further admit that Amazon created the Customer Frustrations Elimination Program to study, understand, and try to address customer frustrations across Amazon primarily using individual customer anecdotes, but deny Plaintiff's characterization of the program.  Defendants otherwise deny the allegations in Paragraph 193.

DEFENDANTS' ANSWER TO NO. 194.  Defendants admit that Paragraph 194 selectively references portions of documents drafted by certain Amazon employees, but deny Plaintiff's characterization of those documents and of Project Lucent.  Defendants otherwise deny the allegations in Paragraph 194.

DEFENDANTS' ANSWER TO NO. 195.  Defendants admit that Paragraph 195 selectively references portions of a document drafted by a certain Amazon employee, but deny Plaintiff's characterization of the document and of Project Lucent.  Defendants otherwise deny the allegations in Paragraph 195, including allegations about the UPDP.

DEFENDANTS' ANSWER TO NO. 196.  Defendants admit that Amazon regularly tests new website design elements to improve the customer experience across Amazon.  Defendants otherwise deny the allegations in Paragraph 196, including Plaintiff's characterization of Project Lucent.

DEFENDANTS' ANSWER TO NO. 197.  Defendants admit that Amazon regularly tests new website design elements to improve the customer experience across Amazon.  Defendants otherwise deny the allegations in Paragraph 197, including Plaintiff's characterization of Project Lucent.

DEFENDANTS' ANSWER TO NO. 198.  Defendants admit that Paragraph 198 selectively references portions of documents drafted by certain Amazon employees, but deny

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 45

1   Plaintiff's characterization of those documents.  Defendants otherwise deny the allegations in

2   Paragraph 198.

3       DEFENDANTS' ANSWER TO NO. 199.  Defendants admit that Paragraph 199

4   selectively references portions of documents drafted by certain Amazon employees, but deny

5   Plaintiff's characterization of those documents.  Defendants otherwise deny the allegations in

6   Paragraph 199.

7       DEFENDANTS' ANSWER TO NO. 200.  Defendants admit that Paragraph 200

8   selectively references portions of documents drafted by certain Amazon employees, but deny

9   Plaintiff's characterization of those documents.  Defendants otherwise deny the allegations in

10  Paragraph 200.

11      DEFENDANTS' ANSWER TO NO. 201.  Defendants deny the allegations in Paragraph

12  201.

13      DEFENDANTS' ANSWER TO NO. 202.  Defendants deny the allegations in Paragraph

14  202.

15      DEFENDANTS' ANSWER TO NO. 203.  Defendants admit that Amazon's teams work

16  together to improve the customer experience, but deny Plaintiff's characterization of those

17  efforts.  Defendants otherwise deny the allegations in Paragraph 203.

18      DEFENDANTS' ANSWER TO NO. 204.  Defendants admit that Paragraph 204

19  selectively references Amazon internal materials and meetings, but deny Plaintiff's

20  characterization of those materials and meetings.  Defendants otherwise deny the allegations in

21  Paragraph 204.

22      DEFENDANTS' ANSWER TO NO. 205.  Defendants admit that Paragraph 205

23  selectively references portions of a document drafted by a certain Amazon employee, but deny

24  Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in

25  Paragraph 205.

26      DEFENDANTS' ANSWER TO NO. 206.  Defendants admit that Paragraph 206

27  selectively references portions of a document drafted by a certain Amazon employee, but deny

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in Paragraph 206.

DEFENDANTS' ANSWER TO NO. 207.  Defendants deny the allegations in Paragraph 207.

DEFENDANTS' ANSWER TO NO. 208.  Defendants deny the allegations in Paragraph 208.

DEFENDANTS' ANSWER TO NO. 209.  Defendants admit that Paragraph 209 selectively references portions of a document drafted by a certain Amazon employee and meetings, but deny Plaintiff's characterization of the document and meetings.  Defendants otherwise deny the allegations in Paragraph 209.

DEFENDANTS' ANSWER TO NO. 210.  Defendants admit that Paragraph 210 selectively references portions of a document drafted by a certain Amazon employee, but deny Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in Paragraph 210.

DEFENDANTS' ANSWER TO NO. 211.  Defendants admit that Paragraph 211 selectively references portions of a document drafted by a certain Amazon employee, but deny Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in Paragraph 211.

DEFENDANTS' ANSWER TO NO. 212.  Defendants admit that Paragraph 212 selectively quotes from portions of a document drafted by a certain Amazon employee, and in doing so mischaracterizes the document.  Defendants otherwise deny the allegations in Paragraph 212.

DEFENDANTS' ANSWER TO NO. 213.  Defendants admit that Paragraph 213 selectively references portions of documents drafted by certain Amazon employees, but deny Plaintiff's characterization of those documents.  Defendants otherwise deny the allegations in Paragraph 213.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DEFENDANTS' ANSWER TO NO. 214.  Defendants admit that Amazon regularly tests new website design elements to improve the customer experience across Amazon.  Defendants otherwise deny the allegations in Paragraph 214, including Plaintiff's characterization of Amazon's testing practices.

DEFENDANTS' ANSWER TO NO. 215.  Defendants deny the allegation in Paragraph 215.

DEFENDANTS' ANSWER TO NO. 216.  Defendants admit that Paragraph 216 selectively references portions of a document drafted by a certain Amazon employee and meetings, but deny Plaintiff's characterization of the document and meetings.  Defendants otherwise deny the allegations in Paragraph 216.

DEFENDANTS' ANSWER TO NO. 217.  Defendants deny the allegations in Paragraph 217.

DEFENDANTS' ANSWER TO NO. 218.  Defendants admit that Paragraph 218 selectively references portions of documents drafted by certain Amazon employees and meetings, but deny Plaintiff's characterization of those documents and meetings.  Defendants otherwise deny the allegations in Paragraph 218.

DEFENDANTS' ANSWER TO NO. 219.  Defendants admit that Paragraph 219 selectively references portions of a document drafted by a certain Amazon employee and meetings, but deny Plaintiff's characterization of the document and meetings.  Defendants otherwise deny the allegations in Paragraph 219.

DEFENDANTS' ANSWER TO NO. 220.  Defendants admit that Paragraph 220 selectively references portions of a document sent by Mr. Ghani, but deny Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in Paragraph 220.

DEFENDANTS' ANSWER TO NO. 221.  Defendants deny the allegations in Paragraph 221, including Plaintiff's characterization of efforts Amazon made to improve the customer experience.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   DEFENDANTS' ANSWER TO NO. 222.  Defendants admit that Paragraph 222

2   selectively quotes from portions of a document sent by Mr. Lindsay, and in doing so

3   mischaracterizes the document.  Defendants otherwise deny the allegations in Paragraph 222.

4   DEFENDANTS' ANSWER TO NO. 223.  Defendants admit that Paragraph 223

5   selectively references portions of documents drafted by certain Amazon employees, but deny

6   Plaintiff's characterization of those documents.  Defendants otherwise deny the allegations in

7   Paragraph 223.

8   DEFENDANTS' ANSWER TO NO. 224.  Defendants admit that Paragraph 224

9   selectively quotes from portions of a document drafted by a certain Amazon employee, and in

10  doing so mischaracterizes the document.  Defendants otherwise deny the allegations in

11  Paragraph 224.

12  DEFENDANTS' ANSWER TO NO. 225.  Defendants admit that Paragraph 225

13  selectively references portions of a document drafted by a certain Amazon employee, but deny

14  Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in

15  Paragraph 225.

16  DEFENDANTS' ANSWER TO NO. 226.  Defendants admit that Paragraph 226

17  selectively references portions of documents drafted by certain Amazon employees, but deny

18  Plaintiff's characterization of those documents.  Defendants otherwise deny the allegations in

19  Paragraph 226.

20  DEFENDANTS' ANSWER TO NO. 227.  Defendants aver that Paragraph 227 states

21  legal conclusions to which no response is required.  To the extent that a response is required,

22  Defendants admit that on March 6, 2021, the FTC issued a CID to Amazon and that Amazon's

23  counsel was directly engaged in Amazon's response thereto.  Defendants otherwise deny the

24  allegations in Paragraph 227.

25  DEFENDANTS' ANSWER TO NO. 228.  Defendants admit that Paragraph 228

26  selectively references Amazon internal meetings, but deny Plaintiff's characterization of those

27  meetings.  Defendants otherwise deny the allegations in Paragraph 228.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  **DEFENDANTS' ANSWER TO NO. 229.**  Defendants deny the allegations in Paragraph

2  229.

3  **DEFENDANTS' ANSWER TO NO. 230.**  Defendants admit that Amazon has modified

4  the cancellation flow over time, but deny Plaintiff's characterization of the reasons for any such

5  changes.  Defendants otherwise deny the allegations in Paragraph 230, including Plaintiff's

6  characterization of the cancellation process.

7  **DEFENDANTS' ANSWER TO NO. 231.**  Defendants deny the allegations in Paragraph

8  231, including that the referenced terms have any meaning under the law or are generally

9  understood.

10  **AMAZON'S ANSWER TO NO. 232.**  Amazon admits that it operates subscriptions

11  services other than Prime, but specifically denies Plaintiff's allegations about Amazon's

12  practices with respect to those other subscription services.  Amazon otherwise denies the

13  allegations in Paragraph 232.

14  **JAMIL GHANI'S ANSWER TO NO. 232.**  Mr. Ghani admits that Amazon operates

15  subscription services other than Prime, but lacks knowledge or information sufficient to form a

16  belief about the truth of the remaining allegations in Paragraph 232 and therefore denies them.

17  **RUSSELL GRANDINETTI'S ANSWER TO NO. 232.**  Mr. Grandinetti admits that

18  Amazon operates subscription services other than Prime, but lacks knowledge or information

19  sufficient to form a belief about the truth of the remaining allegations in Paragraph 232 and

20  therefore denies them.

21  **NEIL LINDSAY'S ANSWER TO NO. 232.**  Mr. Lindsay admits that Amazon operates

22  subscription services other than Prime, but lacks knowledge or information sufficient to form a

23  belief about the truth of the remaining allegations in Paragraph 232 and therefore denies them.

24  **AMAZON'S ANSWER TO NO. 233.**  Amazon denies the allegations in Paragraph 233.

25  **JAMIL GHANI'S ANSWER TO NO. 233.**  Mr. Ghani lacks knowledge or information

26  sufficient to form a belief about the truth of the allegations in Paragraph 233 and therefore denies

27  them.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 50

1    RUSSELL GRANDINETTI'S ANSWER TO NO. 233.  Mr. Grandinetti lacks knowledge

2    or information sufficient to form a belief about the truth of the allegations in Paragraph 233 and

3    therefore denies them.

4    NEIL LINDSAY'S ANSWER TO NO. 233.  Mr. Lindsay lacks knowledge or

5    information sufficient to form a belief about the truth of the allegations in Paragraph 233 and

6    therefore denies them.

7    AMAZON'S ANSWER TO NO. 234.  Amazon denies the allegations in Paragraph 234.

8    JAMIL GHANI'S ANSWER TO NO. 234.  Mr. Ghani lacks knowledge or information

9    sufficient to form a belief about the truth of the allegations in Paragraph 234 and therefore denies

10   them.

11   RUSSELL GRANDINETTI'S ANSWER TO NO. 234.  Mr. Grandinetti lacks knowledge

12   or information sufficient to form a belief about the truth of the allegations in Paragraph 234 and

13   therefore denies them.

14   NEIL LINDSAY'S ANSWER TO NO. 234.  Mr. Lindsay lacks knowledge or

15   information sufficient to form a belief about the truth of the allegations in Paragraph 234 and

16   therefore denies them.

17   DEFENDANTS' ANSWER TO NO. 235.  Defendants aver that Paragraph 235 states

18   legal conclusions to which no response is required.  To the extent that a response is required,

19   Defendants deny the allegations in Paragraph 235.

20   DEFENDANTS' ANSWER TO NO. 236.  Defendants aver that Paragraph 236 states

21   legal conclusions to which no response is required.  To the extent that a response is required,

22   Defendants deny the allegations in Paragraph 236.

23   DEFENDANTS' ANSWER TO NO. 237.  Defendants aver that Paragraph 237 states

24   legal conclusions to which no response is required.  To the extent that a response is required,

25   Defendants deny the allegations in Paragraph 237.

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    DEFENDANTS' ANSWER TO NO. 238.  Defendants aver that Paragraph 238 states

2    legal conclusions to which no response is required.  To the extent that a response is required,

3    Defendants deny the allegations in Paragraph 238.

4    AMAZON'S ANSWER TO NO. 239.  Amazon admits that on March 16, 2021, the FTC

5    issued a CID to Amazon and that Amazon's counsel was directly engaged in Amazon's response

6    thereto.  Amazon otherwise denies the allegations in Paragraph 239.

7    JAMIL GHANI'S ANSWER TO NO. 239.  Mr. Ghani avers that Paragraph 239 includes

8    allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

9    Ghani lacks knowledge or information sufficient to form a belief about the truth of the

10   allegations in Paragraph 239 and therefore denies them.

11   RUSSELL GRANDINETTI'S ANSWER TO NO. 239.  Mr. Grandinetti avers that

12   Paragraph 239 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a

13   response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief

14   about the truth of the allegations in Paragraph 239 and therefore denies them.

15   NEIL LINDSAY'S ANSWER TO NO. 239.  Mr. Lindsay avers that Paragraph 239

16   includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

17   required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

18   of the allegations in Paragraph 239 and therefore denies them.

19   AMAZON'S ANSWER TO NO. 240.  Amazon lacks knowledge or information

20   sufficient to form a belief about what the Commission believed or relied on, and therefore denies

21   the allegations in Paragraph 240.  To the extent that a response is required, Amazon admits that it

22   employs over 1.5 million employees, but denies Plaintiff's characterization of the importance of

23   that figure and otherwise denies the allegations in Paragraph 240.

24   JAMIL GHANI'S ANSWER TO NO. 240.  Mr. Ghani avers that Paragraph 240 includes

25   allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

26   Ghani admits that Amazon employs over 1.5 million employees, but lacks knowledge or

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 240 and therefore denies them.

RUSSELL GRANDINETTI'S ANSWER TO NO. 240.  Mr. Grandinetti avers that Paragraph 240 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a response is required, Mr. Grandinetti admits that Amazon employs over 1.5 million employees, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 240 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 240.  Mr. Lindsay avers that Paragraph 240 includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is required, Mr. Lindsay admits that Amazon employs over 1.5 million employees, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 240 and therefore denies them.

AMAZON'S ANSWER TO NO. 241.  Amazon denies the allegations in Paragraph 241.

JAMIL GHANI'S ANSWER TO NO. 241.  Mr. Ghani avers that Paragraph 241 includes allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr. Ghani lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 241 and therefore denies them.

RUSSELL GRANDINETTI'S ANSWER TO NO. 241.  Mr. Grandinetti avers that Paragraph 241 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 241 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 241.  Mr. Lindsay avers that Paragraph 241 includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 241 and therefore denies them.

AMAZON'S ANSWER TO NO. 242.  Amazon lacks knowledge or information sufficient to form a belief about what the Commission believed or relied on, and therefore denies

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 53

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  the allegations in Paragraph 242.  To the extent that a response is required, Amazon denies the

2  allegations in Paragraph 242.

3  JAMIL GHANI'S ANSWER TO NO. 242.  Mr. Ghani avers that Paragraph 242 includes

4  allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

5  Ghani lacks knowledge or information sufficient to form a belief about the truth of the

6  allegations in Paragraph 242 and therefore denies them.

7  RUSSELL GRANDINETTI'S ANSWER TO NO. 242.  Mr. Grandinetti avers that

8  Paragraph 242 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a

9  response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief

10  about the truth of the allegations in Paragraph 242 and therefore denies them.

11  NEIL LINDSAY'S ANSWER TO NO. 242.  Mr. Lindsay avers that Paragraph 242

12  includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

13  required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

14  of the allegations in Paragraph 242 and therefore denies them.

15  AMAZON'S ANSWER TO NO. 243.  Amazon denies the allegations in Paragraph 243.

16  JAMIL GHANI'S ANSWER TO NO. 243.  Mr. Ghani avers that Paragraph 243 includes

17  allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

18  Ghani lacks knowledge or information sufficient to form a belief about the truth of the

19  allegations in Paragraph 243 and therefore denies them.

20  RUSSELL GRANDINETTI'S ANSWER TO NO. 243.  Mr. Grandinetti avers that

21  Paragraph 243 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a

22  response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief

23  about the truth of the allegations in Paragraph 243 and therefore denies them.

24  NEIL LINDSAY'S ANSWER TO NO. 243.  Mr. Lindsay avers that Paragraph 243

25  includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

26  required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

27  of the allegations in Paragraph 243 and therefore denies them.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 54

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

AMAZON'S ANSWER TO NO. 244.  Amazon denies the allegations in Paragraph 244.

JAMIL GHANI'S ANSWER TO NO. 244.  Mr. Ghani avers that Paragraph 244 includes allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr. Ghani lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 244 and therefore denies them.

RUSSELL GRANDINETTI'S ANSWER TO NO. 244.  Mr. Grandinetti avers that Paragraph 244 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 244 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 244.  Mr. Lindsay avers that Paragraph 244 includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 244 and therefore denies them.

AMAZON'S ANSWER TO NO. 245.  Amazon admits that *Business Insider* published an article, but denies Plaintiff's characterization of that article and specifically denies the allegations in that article.  Amazon otherwise denies the allegations in Paragraph 245.

JAMIL GHANI'S ANSWER TO NO. 245.  Mr. Ghani avers that Paragraph 245 includes allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr. Ghani lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 245 and therefore denies them.

RUSSELL GRANDINETTI'S ANSWER TO NO. 245.  Mr. Grandinetti avers that Paragraph 245 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 245 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 245.  Mr. Lindsay avers that Paragraph 245 includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

2   of the allegations in Paragraph 245 and therefore denies them.

3          AMAZON'S ANSWER TO NO. 246.  Amazon denies the allegations in Paragraph 246.

4          JAMIL GHANI'S ANSWER TO NO. 246.  Mr. Ghani avers that Paragraph 246 includes

5   allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

6   Ghani lacks knowledge or information sufficient to form a belief about the truth of the

7   allegations in Paragraph 246 and therefore denies them.

8          RUSSELL GRANDINETTI'S ANSWER TO NO. 246.  Mr. Grandinetti avers that

9   Paragraph 246 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a

10  response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief

11  about the truth of the allegations in Paragraph 246 and therefore denies them.

12         NEIL LINDSAY'S ANSWER TO NO. 246.  Mr. Lindsay avers that Paragraph 246

13  includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

14  required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

15  of the allegations in Paragraph 246 and therefore denies them.

16         AMAZON'S ANSWER TO NO. 247.  Amazon avers that Paragraph 247 states legal

17  conclusions to which no response is required.  To the extent that a response is required, Amazon

18  admits that the Commission requested additional materials from Amazon on April 19, 2022.

19  Amazon otherwise denies the allegations in Paragraph 247.

20         JAMIL GHANI'S ANSWER TO NO. 247.  Mr. Ghani avers that Paragraph 247 states

21  legal conclusions to which no response is required, and that are not directed at Mr. Ghani.  To

22  the extent that a response is required, Mr. Ghani lacks knowledge or information sufficient to

23  form a belief about the truth of the allegations in Paragraph 247 and therefore denies them.

24         RUSSELL GRANDINETTI'S ANSWER TO NO. 247.  Mr. Grandinetti avers that

25  Paragraph 247 states legal conclusions to which no response is required, and that are not directed

26  at Mr. Grandinetti.  To the extent that a response is required, Mr. Grandinetti lacks knowledge or

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

information sufficient to form a belief about the truth of the allegations in Paragraph 247 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 247.  Mr. Lindsay avers that Paragraph 247 states legal conclusions to which no response is required, and that are not directed at Mr. Lindsay.  To the extent that a response is required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 247 and therefore denies them.

AMAZON'S ANSWER TO NO. 248.  Amazon avers that the allegations in Paragraph 248 state legal conclusions to which no response is required.  To the extent that a response is required, Amazon admits that the Commission issued CIDs to Amazon and certain current and former Amazon employees on June 30, 2022.  Amazon otherwise denies the allegations in Paragraph 248.

JAMIL GHANI'S ANSWER TO NO. 248.  Mr. Ghani avers that Paragraph 248 states legal conclusions to which no response is required, and that are not directed at Mr. Ghani.  To the extent that a response is required, Mr. Ghani lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 248 and therefore denies them.

RUSSELL GRANDINETTI'S ANSWER TO NO. 248.  Mr. Grandinetti avers that Paragraph 248 states legal conclusions to which no response is required, and that are not directed at Mr. Grandinetti.  To the extent that a response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 248 and therefore denies them.

NEIL LINDSAY'S ANSWER TO NO. 248.  Mr. Lindsay avers that Paragraph 248 states legal conclusions to which no response is required, and that are not directed at Mr. Lindsay.  To the extent that a response is required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 248 and therefore denies them.

DEFENDANTS' ANSWER TO NO. 249.  Defendants aver that Paragraph 249 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that they and certain other CID recipients petitioned the Commission to quash

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    the June 2022 CIDs on August 5, 2022 and that the Commission issued an order on the Petition

2    on September 21, 2022, but deny Plaintiff's characterization of that Petition and the

3    Commission's order.  Defendants otherwise deny the allegations in Paragraph 249.

4    AMAZON'S ANSWER TO NO. 250.  Amazon denies the allegations in Paragraph 250.

5    JAMIL GHANI'S ANSWER TO NO. 250.  Mr. Ghani avers that Paragraph 250 includes

6    allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

7    Ghani lacks knowledge or information sufficient to form a belief about the truth of the

8    allegations in Paragraph 250 and therefore denies them.

9    RUSSELL GRANDINETTI'S ANSWER TO NO. 250.  Mr. Grandinetti avers that

10   Paragraph 250 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a

11   response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief

12   about the truth of the allegations in Paragraph 250 and therefore denies them.

13   NEIL LINDSAY'S ANSWER TO NO. 250.  Mr. Lindsay avers that Paragraph 250

14   includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

15   required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

16   of the allegations in Paragraph 250 and therefore denies them.

17   AMAZON'S ANSWER TO NO. 251.  Amazon lacks knowledge or information

18   sufficient to form a belief as to the amount of materials that "[s]mall businesses routinely

19   produce . . . to Commission investigators" and therefore denies this allegation.  Amazon

20   otherwise denies the allegations in Paragraph 251.

21   JAMIL GHANI'S ANSWER TO NO. 251.  Mr. Ghani avers that Paragraph 251 includes

22   allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

23   Ghani lacks knowledge or information sufficient to form a belief about the truth of the

24   allegations in Paragraph 251 and therefore denies them.

25   RUSSELL GRANDINETTI'S ANSWER TO NO. 251.  Mr. Grandinetti avers that

26   Paragraph 251 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a

27

1  response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief

2  about the truth of the allegations in Paragraph 251 and therefore denies them.

3      NEIL LINDSAY'S ANSWER TO NO. 251.  Mr. Lindsay avers that Paragraph 251

4  includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

5  required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

6  of the allegations in Paragraph 251 and therefore denies them.

7      AMAZON'S ANSWER TO NO. 252.  Amazon lacks knowledge or information

8  sufficient to form a belief about the Commission's knowledge, and therefore denies this

9  allegation.  Amazon otherwise denies the allegations in Paragraph 252.

10      JAMIL GHANI'S ANSWER TO NO. 252.  Mr. Ghani avers that Paragraph 252 includes

11  allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

12  Ghani lacks knowledge or information sufficient to form a belief about the truth of the

13  allegations in Paragraph 252 and therefore denies them.

14      RUSSELL GRANDINETTI'S ANSWER TO NO. 252.  Mr. Grandinetti avers that

15  Paragraph 252 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a

16  response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief

17  about the truth of the allegations in Paragraph 252 and therefore denies them.

18      NEIL LINDSAY'S ANSWER TO NO. 252.  Mr. Lindsay avers that Paragraph 252

19  includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

20  required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

21  of the allegations in Paragraph 252 and therefore denies them.

22      AMAZON'S ANSWER TO NO. 253.  Amazon denies the allegations in Paragraph 253.

23      JAMIL GHANI'S ANSWER TO NO. 253.  Mr. Ghani avers that Paragraph 253 includes

24  allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

25  Ghani lacks knowledge or information sufficient to form a belief about the truth of the

26  allegations in Paragraph 253 and therefore denies them.

27

1    RUSSELL GRANDINETTI'S ANSWER TO NO. 253.  Mr. Grandinetti avers that

2  Paragraph 253 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a

3  response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief

4  about the truth of the allegations in Paragraph 253 and therefore denies them.

5    NEIL LINDSAY'S ANSWER TO NO. 253.  Mr. Lindsay avers that Paragraph 253

6  includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

7  required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

8  of the allegations in Paragraph 253 and therefore denies them.

9    AMAZON'S ANSWER TO NO. 254.  Amazon denies the allegations in Paragraph 254.

10    JAMIL GHANI'S ANSWER TO NO. 254.  Mr. Ghani avers that Paragraph 254 includes

11  allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

12  Ghani lacks knowledge or information sufficient to form a belief about the truth of the

13  allegations in Paragraph 254 and therefore denies them.

14    RUSSELL GRANDINETTI'S ANSWER TO NO. 254.  Mr. Grandinetti avers that

15  Paragraph 254 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a

16  response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief

17  about the truth of the allegations in Paragraph 254 and therefore denies them.

18    NEIL LINDSAY'S ANSWER TO NO. 254.  Mr. Lindsay avers that Paragraph 254

19  includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

20  required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

21  of the allegations in Paragraph 254 and therefore denies them.

22    AMAZON'S ANSWER TO NO. 255.  Amazon denies the allegations in Paragraph 255.

23    JAMIL GHANI'S ANSWER TO NO. 255.  Mr. Ghani avers that Paragraph 255 includes

24  allegations that are not directed at Mr. Ghani.  To the extent that a response is required, Mr.

25  Ghani lacks knowledge or information sufficient to form a belief about the truth of the

26  allegations in Paragraph 255 and therefore denies them.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   RUSSELL GRANDINETTI'S ANSWER TO NO. 255.  Mr. Grandinetti avers that

2   Paragraph 255 includes allegations that are not directed at Mr. Grandinetti.  To the extent that a

3   response is required, Mr. Grandinetti lacks knowledge or information sufficient to form a belief

4   about the truth of the allegations in Paragraph 255 and therefore denies them.

5   NEIL LINDSAY'S ANSWER TO NO. 255.  Mr. Lindsay avers that Paragraph 255

6   includes allegations that are not directed at Mr. Lindsay.  To the extent that a response is

7   required, Mr. Lindsay lacks knowledge or information sufficient to form a belief about the truth

8   of the allegations in Paragraph 255 and therefore denies them.

9   DEFENDANTS' ANSWER TO NO. 256.  Defendants lack knowledge or information

10  sufficient to form a belief about what the Commission believes, and therefore deny the

11  allegations in Paragraph 256.  To the extent that a response is required, Defendants deny the

12  allegations in Paragraph 256.

13  DEFENDANTS' ANSWER TO NO 257.  Defendants deny the allegations in Paragraph

14  257.

15  DEFENDANTS' ANSWER TO NO. 258.  Defendants admit that Paragraph 258

16  selectively references portions of a document drafted by a certain Amazon employee, but denies

17  Plaintiff's characterization of the document.  Defendants otherwise deny the allegations in

18  Paragraph 258.

19  DEFENDANTS' ANSWER TO NO. 259.  Defendants object to Paragraph 259 to the

20  extent it references privileged attorney-client communications to which no response is required.

21  Defendants otherwise deny the allegations in Paragraph 259.

22  DEFENDANTS' ANSWER TO NO. 260.  Defendants aver that Paragraph 260 states

23  legal conclusions to which no response is required.  To the extent that a response is required,

24  Defendants deny the allegations in Paragraph 260.  At all times, Mr. Ghani, Mr. Grandinetti, and

25  Mr. Lindsay believed they were acting in the best interests of Amazon and its customers.  No

26  Defendant has or ever could have had knowledge that the alleged conduct was unfair or

27  deceptive or was prohibited by ROSCA, including, without limitation, because: (i) ROSCA was

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 61

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1 passed to prohibit conduct different from that alleged in the Amended Complaint; (ii) as the FTC

2 has admitted, ROSCA "does not provide clarity about how to avoid deceptive negative option

3 disclosures and procedures," "lacks specificity about cancellation procedures and the placement,

4 content, and timing of cancellation-related disclosures," and "requires marketers to provide

5 'simple mechanisms' for the consumer to stop recurring charges without guidance about what is

6 simple"; (iii) prior ROSCA enforcement actions have focused on objectively false or misleading

7 practices, which are not alleged in the Amended Complaint; (iv) the FTC's proposed application

8 of the law is vague, highly subjective, and has never been established in any federal statute, rule,

9 or case; (v) the Amended Complaint alleges that Defendants engaged in unfair or deceptive

10 conduct, or conduct prohibited by ROSCA, through the use of "dark patterns," yet Plaintiff

11 claims it discovered "dark patterns" only a few years ago, and acknowledges that the marketing

12 and design elements it now describes as "dark patterns" are "ubiquitous" in the industry.

13      DEFENDANTS' ANSWER TO NO. 261.  Defendants aver that Paragraph 261 states a

14 legal conclusion to which no response is required.  To the extent that a response is required,

15 Defendants deny the allegations in Paragraph 261.

16      DEFENDANTS' ANSWER TO NO. 262.  Defendants aver that Paragraph 262 states

17 legal conclusions to which no response is required.  To the extent that a response is required,

18 Defendants deny the allegations in Paragraph 262.

19      DEFENDANTS' ANSWER TO NO. 263.  Defendants aver that Paragraph 263 states

20 legal conclusions to which no response is required.  To the extent that a response is required,

21 Defendants deny the allegations in Paragraph 263.

22      DEFENDANTS' ANSWER TO NO. 264.  Defendants aver that Paragraph 264 states

23 legal conclusions to which no response is required.  To the extent that a response is required,

24 Defendants deny the allegations in Paragraph 264.

25      DEFENDANTS' ANSWER TO NO. 265.  Defendants aver that Paragraph 265 states

26 legal conclusions to which no response is required.  To the extent that a response is required,

27 Defendants deny the allegations in Paragraph 265.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 62

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DEFENDANTS' ANSWER TO NO. 266.  Defendants admit that Paragraph 266 selectively quotes from ROSCA, and in doing so mischaracterizes ROSCA.  To the extent that a response is required, Defendants deny the allegations in Paragraph 266.

DEFENDANTS' ANSWER TO NO. 267.  Defendants aver that Paragraph 267 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 267.

DEFENDANTS' ANSWER TO NO. 268.  Defendants admit that Paragraph 268 selectively quotes from the TSR, and in doing so mischaracterizes the TSR.  To the extent that a response is required, Defendants deny the allegations in Paragraph 268.

DEFENDANTS' ANSWER TO NO. 269.  Defendants aver that Paragraph 269 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 269.

DEFENDANTS' ANSWER TO NO. 270.  Defendants aver that Paragraph 270 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 270.

DEFENDANTS' ANSWER TO NO. 271.  Defendants aver that Paragraph 271 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 271.

DEFENDANTS' ANSWER TO NO. 272.  Defendants aver that Paragraph 272 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 272.

DEFENDANTS' ANSWER TO NO. 273.  Defendants aver that Paragraph 273 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 273.

DEFENDANTS' ANSWER TO NO. 274.  Defendants aver that Paragraph 274 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 274.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   DEFENDANTS' ANSWER TO NO. 275.  Defendants aver that Paragraph 275 states

2   legal conclusions to which no response is required.  To the extent that a response is required,

3   Defendants deny the allegations in Paragraph 275.

4   DEFENDANTS' ANSWER TO NO. 276.  Defendants aver that Paragraph 276 states

5   legal conclusions to which no response is required.  To the extent that a response is required,

6   Defendants deny the allegations in Paragraph 276.

7   DEFENDANTS' ANSWER TO NO. 277.  Defendants aver that Paragraph 277 states

8   legal conclusions to which no response is required.  To the extent that a response is required,

9   Defendants deny the allegations in Paragraph 277.

10   DEFENDANTS' ANSWER TO NO. 278.  Defendants aver that Paragraph 278 states

11   legal conclusions to which no response is required.  To the extent that a response is required,

12   Defendants deny the allegations in Paragraph 278.

13   DEFENDANTS' ANSWER TO NO. 279.  Defendants aver that Paragraph 279 states

14   legal conclusions to which no response is required.  To the extent that a response is required,

15   Defendants deny the allegations in Paragraph 279.

16   DEFENDANTS' ANSWER TO NO. 280.  Defendants aver that Paragraph 280 states

17   legal conclusions to which no response is required.  To the extent that a response is required,

18   Defendants deny the allegations in Paragraph 280.

19   DEFENDANTS' ANSWER TO CONSUMER INJURY:  Defendants aver that the

20   Consumer Injury section states legal conclusions to which no response is required.  To the extent

21   that a response is required, Defendants deny the allegations in the Consumer Injury section.

22   DEFENDANTS' ANSWER TO PRAYER FOR RELIEF:  Defendants deny that the

23   Plaintiff is entitled to any relief, in law or in equity, requested or not, including that which is

24   requested in the Plaintiff's Prayer for Relief.  In significant part, no Defendant has ever had

25   actual knowledge or knowledge fairly implied on the basis of objective circumstances that any

26   alleged act or practice was or is unfair or deceptive and was or is prohibited by ROSCA.

27

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 64

**AFFIRMATIVE DEFENSES**

Defendants allege, assert, and state the following as separate and distinct defenses to the Amended Complaint.  By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them.

**FIRST AFFIRMATIVE DEFENSE**

**(Due Process - Unconstitutional Vagueness)**

The FTC's claims are barred, in whole or in part, because ROSCA and the FTC Act are unconstitutionally vague as applied by the FTC to Defendants' alleged conduct.  Under the Due Process Clause, laws must provide a person of ordinary intelligence with fair notice of what is prohibited, and they must not be so standardless that they authorize or enable discriminatory enforcement.  These requirements ensure that regulated parties can structure their conduct to comply with the law.  They also prevent the government from applying or enforcing the law in arbitrary or discriminatory ways.  Especially where statutory enforcement implicates protected speech, courts must rigorously enforce these bedrock due process principles.

ROSCA requires sellers of negative option features to disclose material terms "clearly and conspicuously," obtain consumers' "express informed consent," and provide "simple mechanisms for a consumer to stop recurring charges."  15 U.S.C. § 8403.  ROSCA does not identify the features necessary for text to be "clear[] and conspicuous" or for a cancellation mechanism to be "simple."  *Id*.  The FTC itself has stated that ROSCA contains only "general provisions related to disclosures, consent, and cancellation" and "does not prescribe specific steps marketers must follow to comply with these provisions."  FTC, "Negative Option Rule" (Apr. 24, 2023), *available at* https://www.federalregister.gov/documents/2023/04/24/2023-07035/negative-option-rule ("*FTC's Proposed Negative Option Rule*").  The FTC has admitted that ROSCA "does not provide clarity about how to avoid deceptive negative option disclosures and procedures," "lacks specificity about cancellation procedures," and leaves businesses and courts "without guidance about what is simple."  *Id.*

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 65

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    Applying ROSCA here to prohibit Defendants' alleged conduct violates the Due Process

2    Clause.  Among other ways, the Amended Complaint asserts novel "dark patterns"-based

3    theories of liability, according to which ROSCA and the FTC Act allegedly prohibit the use of

4    "manipulative design elements."  Dkt. 67 ¶ 8.  But ROSCA does not say anything about

5    "manipulative design elements," much less explain how to avoid them.  The FTC also alleges

6    that, to comply with ROSCA and the FTC Act, among other things, businesses must look beyond

7    the "font size and graphic layout" of their websites, and more broadly examine "the full context"

8    of each transaction to determine whether the accompanying disclosures are sufficiently

9    "conspicuous."  Dkt. 125 at 5.

## SECOND AFFIRMATIVE DEFENSE

### (Due Process - Lack of Fair Notice)

12    The FTC's claims are barred, in whole or in part, because the FTC failed to provide fair

13    notice that Defendants' alleged conduct violated the law.  A fundamental requirement of due

14    process is that individuals receive fair notice of what conduct is forbidden or required.  The fair

15    notice requirement applies with added force when First Amendment freedoms are at stake.

16    Because the FTC Act is generally framed in broad terms, the FTC has authority to develop and

17    clarify the meaning of its general prohibitions through rulemaking, agency adjudication, and

18    public guidance.  Consistent with the Due Process Clause's fair notice requirement, the FTC Act

19    mandates that the agency "define with specificity acts or practices which are unfair."  15 U.S.C.

20    § 57a(a)(1)(B).

21    Enacted in 2010, ROSCA generally requires sellers of negative option features to

22    disclose material terms "clearly and conspicuously," obtain consumers' "express informed

23    consent," and provide "simple mechanisms for a consumer to stop recurring charges."  15 U.S.C.

24    § 8403.  However, ROSCA does not identify the features necessary for text to be "clear[]" and

25    conspicuous" or for a cancellation mechanism to be "simple."  *Id.*

26    Prior to the initiation of this action, the FTC failed to provide notice that it considered

27    design elements like those of Amazon's Prime flows to be unlawful, either by issuing regulations

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 66

or seeking to enforce ROSCA or the FTC Act to penalize similar features.  Nor were such design elements understood to be unlawful, as evidenced by their commonplace use as traditional marketing techniques.  To the contrary, the FTC's enforcement actions up until this case indicated that ROSCA prohibits only false or objectively misleading practices, such as making false or plainly misleading statements to induce subscription; hiding or omitting material subscription terms; hiding the identity of the business or program the consumer is signing up for; or imposing substantial and unjustified hurdles to cancellation, such as requiring customers to answer multiple pages of survey questions in order to cancel.

The FTC has also confirmed that certain conduct is *permitted* by ROSCA.  For example, the FTC has acknowledged that current law "preserve[d] the opportunity for a business to make an offer [during a cancellation attempt] to induce a consumer to stay" because "[t]he moment at which a consumer is about to cancel may be the moment when they can get the best deal"; that "disclosures are more likely to be effective if they are provided in the context of the ad, when the consumer is considering the purchase"; and that phone cancellation is inadequate only where a company imposes certain "obstacles," such as "long telephone hold times," failure to provide customers with a telephone number to call, or failure to answer "during normal business hours."

Consistent with this guidance, since ROSCA was passed, countless companies have maintained online subscription programs using enrollment and cancellation flows and practices substantively identical to those alleged in the Amended Complaint.  Design elements the FTC now characterize as unlawful "dark patterns" have been ubiquitous.  Indeed, an obvious goal and inherent feature of advertising is to seek to persuade consumers.  Courts have long recognized that companies have a First Amendment right to truthfully promote their goods and services.  Many of the features the FTC now casts as unlawful are traditional marketing techniques that involve no falsehood or deception whatsoever.

In its Notice of Proposed Rulemaking issued last year, the FTC publicly admitted that ROSCA "lacks clarity," leaves businesses "without guidance," does not "address the deceptive use of so-called 'dark patterns,'" and does not impose certain affirmative requirements.  For

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 67

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

example, in the FTC's own words, ROSCA "does not provide clarity about how to avoid deceptive negative option disclosures and procedures," "lacks specificity about cancellation procedures and the placement, content, and timing of cancellation-related disclosures," and "requires marketers to provide 'simple mechanisms' for the consumer to stop recurring charges without guidance about what is simple." *FTC's Proposed Negative Option Rule*.

Accordingly, the FTC proposed new "rules of the road" to "[c]omplement[] ROSCA" and "allow the Commission to seek civil penalties and consumer redress in contexts where such remedies are currently unavailable." *Id.* The proposed rules would, for example and without limitation:

> (1)   create "requirements for the location and form of the necessary information in written . . . offers";
>
> (2)   define "clearly and conspicuously" as "difficult to miss (i.e., easily noticeable) or unavoidable and easily understandable by ordinary consumers";
>
> (3)   require that certain disclosures "not contain … any information not directly related to the material terms and conditions of any negative option feature";
>
> (4)   specifically require that "written disclosures . . . appear immediately adjacent to the means of recording the consumer's consent for the negative option feature";
>
> (5)   "require[] marketers to . . . obtain the consumer's unambiguously affirmative consent to the negative option feature separately from any other portion of the offer";
>
> (6)   specifically require cancellation mechanisms to "be at least as simple as the one used to initiate the charge or series of charges";
>
> (7)   specifically "require[] sellers to provide a simple cancellation mechanism through the same medium used to initiate the agreement"; and

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(8)     prohibit sellers from "pitch[ing] additional offers or modifications . . . during a consumer's cancellation attempt" unless the sellers first "ask[s] consumers whether they would like to consider such offers or modifications."

*Id.*  By proposing these new rules to "complement" ROSCA, the FTC confirmed to the industry that it did not consider such specific requirements to be imposed by ROSCA's generic provisions.

In this action, the FTC is attempting to penalize conduct the FTC previously acknowledged is not prohibited by ROSCA and enforce new proposed requirements it acknowledged are not imposed by ROSCA.  For example, the FTC claims that Defendants violated ROSCA by allegedly: (1) requiring more "clicks" to cancel than to enroll, (Dkt. 67); and (2) "present[ing] consumers with alternative and discounted pricing" during the cancellation process (Dkt. 67 ¶ 143).  These allegations, among others, describe conduct that, according to the FTC's own admissions, is not prohibited by ROSCA.  Issuance of the requested relief would therefore violate Defendants' constitutional right to fair notice.

### THIRD AFFIRMATIVE DEFENSE

### (First Amendment)

The FTC's claims and requested relief are barred, in whole or in part, because they would violate Defendants' First Amendment right to free speech.  The Amended Complaint declares it unlawful for Amazon to use "dark patterns," described as "manipulative design elements that trick users into making decisions they would not otherwise have made."  Not only is this new definition vague and unworkable, many of the so-called "dark patterns" identified in the Amended Complaint constitute protected speech through which Amazon communicates with consumers.  For example, the FTC alleges that Amazon employs "dark patterns" by: (1) "privileg[ing] certain specific information relative to other information," (2) employing "warning icons" which "evoke[] anxiety and fear of loss in consumers," (3) attempting to "dissuade consumers from an action," and (4) engaging in "confirmshaming."  Dkt. 67 ¶¶ 231(b), (b)(ii), (c).  As another example, the FTC faults Amazon for attempting "to persuade

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

consumers to keep their Prime subscriptions." *Id.* ¶ 257.  The FTC thus improperly seeks to impose liability based on protected speech.  At the very least, the FTC faults speech that is substantively indistinguishable from traditional commercial advertisements that naturally seek to persuade consumers to purchase goods or services.  The FTC might prefer that Defendants change the content of their speech or the way that speech is presented, but the First Amendment prohibits punishing Defendants for their communications and advertisements.  Moreover, because the FTC has never specifically identified what Amazon would need to do to comply with ROSCA, any injunction would effectively restrain an even broader amount of protected speech.

## FOURTH AFFIRMATIVE DEFENSE

### (Standing/Mootness)

The FTC lacks standing to seek injunctive relief because Amazon is not currently violating or about to violate ROSCA or the FTC Act.  As the Amended Complaint acknowledges, the design elements alleged to have been unlawful were discontinued or replaced prior to the initiation of this action.  *See, e.g.*, Am. Compl. ¶¶ 44, 53, 62, 91, 119, 127.  For example, Amazon revised the Prime enrollment flows in at least 2022 and the Prime cancellation flow in at least 2023, and the current versions of the Prime flows plainly comply with ROSCA and the FTC Act.  Amazon made these revisions as part of its ongoing efforts to improve the customer experience and has no reason nor intent to revert to the prior flows.  Thus, even if Amazon's conduct in the past were unlawful, there would be no basis to expect that unlawful conduct will occur in the future and, therefore, no basis for the FTC to seek injunctive relief under Section 13(b) of the FTC Act.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

The FTC's claims are barred, in whole or in part, by Amazon's good faith and the absence of intentional misconduct and reckless or negligent conduct.  Consistent with its singular focus on improving the customer experience, Amazon acted in good faith to proactively

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 70

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

investigate and address potential customer concerns.  As part of the company's continuous

process of customer experience research, innovation, and improvement, a dedicated Amazon

team from the Customer Frustrations Elimination Program investigated potential customer

frustrations with the Prime enrollment and cancellation experiences and reported on them to the

relevant Amazon business teams so that those teams could analyze them and explore potential

changes.  Even though the Customer Frustrations Elimination team's studies were premised on

anecdotal feedback expressed by a relatively small number of customers, Amazon took that

feedback seriously and undertook great efforts to understand and address it.  For example, when

concerns were raised (by Amazon itself) about some customers potentially not understanding

certain aspects of the Prime sign-up experience, Amazon did not ignore those concerns or sweep

them under the rug; to the contrary, it responded with *further* investigation, designing and

implementing new, more targeted experiments, and presenting the findings to key stakeholders.

In parallel, as part of its continuous process of improving and refining its customer experience,

Amazon tested and implemented significant revisions to the Prime enrollment and cancellation

flows.  Amazon took these steps and made these investments despite the lack of clear and

actionable guidance from the FTC about how the industry can ensure compliance with ROSCA.

Amazon's proactive efforts to uncover, analyze, and address potential customer frustrations

notwithstanding the absence of regulatory guidance demonstrate that any alleged violation was

neither intentional nor reckless nor negligent.

Even if Amazon's flows are found to violate ROSCA and the FTC Act (they do not),

Defendants lacked actual or implied knowledge of such alleged violations.  And even if

Defendants are found to have possessed such knowledge, their good faith would warrant a

substantial reduction in the amount of any civil penalties.

## SIXTH AFFIRMATIVE DEFENSE

### (Offsets)

Any finding of monetary liability, including any restitution award, should be offset to

account for Amazon customers who are never charged and to account for refunds paid to

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 71

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   customers.  Many customers who report having enrolled in Prime unintentionally cancel during

2   their free trial and are never charged.  In addition, consistent with its longstanding commitment

3   to its customers, Amazon offers a refund policy and sometimes even offers refunds not available

4   under its policy.  Customers who are charged for Prime and did not use Prime benefits since

5   enrolling in Prime might receive a full refund of their membership fee or fees, either

6   automatically through the online cancellation process or by contacting customer service.  That

7   policy covers not only customers who might report enrolling unintentionally or being unable to

8   cancel, but also customers who changed their minds after enrolling.  Customers who did already

9   use Prime benefits might receive a pro-rated refund.  Some customers might even seek and

10  obtain from customer service, on a case-by-case basis, a greater refund than is made

11  automatically available to them under Amazon's refund policy.  Offsets for these refunds would

12  significantly reduce any restitution award.

13       Offsets are also warranted to account for the significant value received by customers.

14  Many customers who report having enrolled in Prime unintentionally take advantage of their

15  valuable Prime membership benefits, which include free and fast shipping and access to other

16  valuable benefits like video, music, and exclusive deals.  Where such customers have used Prime

17  benefits whose value exceeded the cost of the Prime membership, there is no net "loss" to be

18  redressed.  In addition, customers who are satisfied with their Prime membership do not suffer

19  any loss.

### SEVENTH AFFIRMATIVE DEFENSE

### (Separation of Powers)

22       The FTC's claims are barred, in whole or in part, because the agency's prosecution of

23  this enforcement action violates the Constitution's separation of powers.  The President "alone"

24  has the "entire" power to execute federal law.  *Seila Law LLC v. CFPB*, 591 U.S. 197, 213

25  (2020).  For this reason, the "general rule" is that the President has "unrestricted removal power"

26  over executive officers.  *Id.* at 2198.  FTC Commissioners, however, are not freely removable by

27  the President; under 15 U.S.C. § 41, they can be removed only for "inefficiency, neglect of duty,

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 72

1    or malfeasance in office." This for-cause removal scheme violates the Constitution's separation

2    of powers and renders the FTC's enforcement action unlawful.

3            Nearly a century ago, the Supreme Court upheld the constitutionality of 15 U.S.C. § 41 in

4    *Humphrey's Executor v. United States* on the ground that the FTC exercised "no part of the

5    executive power." 295 U.S. 602, 628 (1935). Decades later, Congress granted the FTC

6    additional powers, including the authority to bring enforcement actions in federal district courts.

7    15 U.S.C. §§ 53(b), 45(m), 57b. The FTC has thus changed significantly since *Humphrey's*

8    *Executor*, which did not address whether the agency could constitutionally exercise the sweeping

9    executive powers it now possesses. Even if *Humphrey's Executor* were correctly decided,

10   therefore, the FTC's enforcement action here would be unlawful.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13           The FTC is barred from seeking, obtaining, or enforcing any equitable remedy by the

14   doctrine of unclean hands because of its outrageous conduct during its investigation that led to

15   this action, including but not limited to: (1) attempting to expel retained counsel from Amazon

16   employee depositions; (2) refusing to allow Amazon's in-house counsel to be present at Amazon

17   employee depositions; (3) inviting witnesses not represented by counsel to reveal privileged

18   information; and (4) deliberately showing witnesses Amazon-privileged documents that had been

19   inadvertently produced in other investigations, notwithstanding the FTC's knowledge of the

20   documents' privileged nature.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

23           The FTC's claims are barred by the doctrine of equitable estoppel because the FTC

24   engaged in affirmative misconduct that caused substantial injustice—including at least in

25   connection with its investigation of Amazon and selective enforcement of ROSCA and the FTC

26   Act—and also knowingly induced Amazon to maintain online enrollment and cancellation

27   processes that the FTC now alleges violate ROSCA and the FTC Act.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1
2

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

3
4
5
6

The FTC's claims are barred by the doctrine of laches because the FTC engaged in affirmative misconduct—including at least in connection with its investigation of Amazon and selective enforcement of ROSCA and the FTC Act—and inexcusably and unreasonably delayed in filing and serving the Complaint against Amazon, thereby prejudicing Amazon.

7
8

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

9
10
11
12
13

The FTC's claims are barred by the applicable statutes of limitations because they seek relief based on alleged violations or harms that occurred outside of the applicable limitations periods.  Most of the flows at issue are not alleged to have been designed within the relevant limitations periods.  To the contrary, the FTC concedes that the cancellation flow was designed and implemented in 2015.

14
15

**TWELFTH AFFIRMATIVE DEFENSE**

**(Major Questions)**

16
17
18
19
20
21
22
23
24
25

The FTC's claims are barred, in whole or in part, because they seek to radically expand the FTC's power to regulate nearly all ecommerce websites without the approval of Congress. ROSCA's text, structure, and history confirm that Congress did not intend to grant the FTC such sweeping authority but instead sought to enact a modest statute targeting specific abusive marketing practices (*.e.g.*, third-party upsells).  The FTC's proposed interpretation of ROSCA— under which the FTC can make subjective determinations regarding what constitutes an illegal "dark pattern" and what does not—would enable the agency to unilaterally set granular requirements for ecommerce websites' commercial communications.  The major questions doctrine precludes the agency from arrogating to itself that authority absent clear statutory authorization.

26
27

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
(No. 2:23-cv-0932) - 74

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED June 11, 2024.

DAVIS WRIGHT TREMAINE LLP


By *s/ Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: kenpayson@dwt.com
          jimhoward@dwt.com


COVINGTON & BURLING LLP

    Stephen P. Anthony*
    Laura Flahive Wu*
    Laura M. Kim*
    John D. Graubert*
    850 Tenth Street, NW
    Washington, DC  20001
    Telephone: (206) 662-5105
    E-mail: santhony@cov.com
          lflahivewu@cov.com
          lkim@cov.com
          jgraubert@cov.com

    John E. Hall*
    415 Mission Street, Suite 5400
    San Francisco, CA  94105
    Telephone: (415) 591-6855
    E-mail: jhall@cov.com

    Megan L. Rodgers*
    3000 El Camino Real
    Palo Alto, CA  94306
    Telephone: (650) 632-4734
    E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

    John C. Hueston*
    Moez M. Kaba*
    Joseph A. Reiter*
    523 West 6th Street, Suite 400
    Los Angeles, CA  90014
    Telephone: (213) 788-4340
    E-mail: jhueston@hueston.com
          mkaba@hueston.com
          jreiter@hueston.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*admitted pro hac vice*

Attorneys for Defendants AMAZON.COM, INC.,
NEIL LINDSAY, RUSSELL GRANDINETTI,
AND JAMIL GHANI

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax