1  The Honorable John H. Chun
2
3
4
5
6  **UNITED STATES DISTRICT COURT**
7  **WESTERN DISTRICT OF WASHINGTON**
   **AT SEATTLE**
8
9  FEDERAL TRADE COMMISSION,      Case No. 2:23-cv-0932-JHC

10    Plaintiff,      **PLAINTIFF'S MOTION TO STRIKE EQUITABLE AFFIRMATIVE DEFENSES**

11   v.

12 AMAZON.COM, INC., *et al*.      NOTE ON MOTION CALENDAR:
         July 23, 2024
13    Defendants.

14
15
16
17
18
19
20
21
22
23

PLAINTIFF'S MOTION TO STRIKE      Federal Trade Commission
EQUITABLE AFFIRMATIVE DEFENSES      600 Pennsylvania Avenue NW
Case No. 2:23-cv-0932-JHC      Washington, DC 20580
     (202) 326-3320

In their Answer (Dkt. #171) to the FTC's First Amended Complaint (Dkt. #69), Defendants assert three equitable affirmative defenses—unclean hands, equitable estoppel, and laches—that are generally unavailable in government enforcement actions. Even if, as some courts have held, there are theoretical narrow exceptions to that rule, Defendants make no serious attempt to plead facts that would satisfy those exceptions or even the basic elements of each defense. Because Defendants' legally insufficient defenses therefore serve no purpose other than to needlessly complicate discovery, dispositive motions, and trial, they should be stricken.

I.      LEGAL STANDARD

Rule 12(f) permits the Court to strike from Defendants' Answer any "insufficient defense." Affirmative defenses may be insufficient "as a matter of law" or "as a matter of pleading." *Employee Painters' Trust v. Pac. Nw. Contractors, Inc.*, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013). As a matter of law, motions to strike, although disfavored, are "appropriately granted where the defense is clearly legally insufficient, as, for example when there is clearly no bona fide issue of fact or law." *Safouane v. Hassett*, 2008 WL 11467161, at *2 (W.D. Wash. June 20, 2008) (internal quotation marks omitted). As a matter of pleading, an affirmative defense is insufficient if it fails to give "fair notice" of the defense. *Employee Painters' Trust*, 2013 WL 1774628, at *4. To satisfy the "fair notice" pleading requirement, defendants must provide "at least some factual basis" in support of their defenses, with the amount of detail required "depend[ing] on the particular defense in question." *Rosen v. Masterpiece Mktg. Group, LLC*, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016) (internal quotation marks omitted).

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation omitted). The FTC moves to strike Defendants' equitable affirmative defenses for exactly these reasons.

PLAINTIFF'S MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

## II. ARGUMENT

### A. The Equitable Defenses Are Legally Insufficient.

Defendants' laches, unclean hands, and equitable estoppel defenses[1] are not available in government enforcement actions. For this reason, when the FTC moved to strike these same defenses in another FTC enforcement in this district, Judge Robart readily disposed of them:

> Although motions to strike are disfavored, the FTC has met its burden to show that each of Defendants' affirmative defenses are "insufficient" as a matter of law. . . . ***As to the equitable defenses of estoppel, waiver, unclean hands, and laches, the FTC correctly notes that equitable defenses are unavailable to a party seeking to avoid a governmental entity's exercise of statutory power***.

*FTC v. Debt Sols., Inc.*, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006) (emphasis added). Numerous other courts have reached the same conclusion. *See, e.g.*, *FTC v. OMICS Group, Inc.*, 2017 WL 6806802, at *3 (D. Nev. Dec. 15, 2017) ("The weight of the case law indicates that a laches or waiver defense cannot be asserted against the government in a suit brought by the government to enforce a public right or a public interest."); *FTC v. Commerce Planet, Inc.*, 2010 WL 11673795, at *3 (C.D. Cal. July 6, 2010) ("Laches is generally not an affirmative defense against the government."); *United States v. Global Mortg. Funding*, 2008 WL 5264986, at *3-5 (C.D. Cal. May 15, 2008) (in case brought by Department of Justice on behalf of FTC, striking laches and estoppel defenses); *United States v. Philip Morris, Inc.*, 300 F. Supp. 2d 61, 72-75 (D.D.C. 2004) (in government enforcement action, laches and unclean hands defenses "unavailable as a matter of law"); *City of New York v. Fedex Groups Package Sys., Inc.*, 314 F.R.D. 348, 355, 357-58 (S.D.N.Y. 2016) (striking laches, unclean hands, and estoppel defenses to government enforcement action based on "line of authority prohibiting equitable defenses from applying to government actors exercising broad discretion to discharge statutory duties"). Therefore, Defendants' equitable affirmative defenses are insufficient as a matter of law.

---

[1] These defenses are Defendants' Eighth, Ninth, and Tenth Affirmative Defenses. *See* Dkt. #171 at 73-74.

PLAINTIFF'S MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

**B.     In the Alternative, Defendants Insufficiently Plead Their Equitable Defenses.**

Even if Defendants' equitable affirmative defenses were legally viable under certain narrow exceptions, Defendants have failed to plead facts sufficient to support those exceptions or even the basic elements of the defenses.

**1.     Defendants Insufficiently Plead Their Laches Defense.**

Contrary to the authority cited above, some courts have recognized the possibility that laches may apply in government enforcement actions if defendants can prove "affirmative misconduct" by the government. *See, e.g.*, *FTC v. DirecTV, Inc.*, 2015 WL 9268119, at *2-3 (N.D. Cal. Dec. 21, 2015). Defendants, apparently attempting to seize on this caselaw, conclusorily state the FTC "engaged in affirmative misconduct—including at least in connection with its investigation of Amazon and selective enforcement of ROSCA and the FTC Act." Dkt. #171 at 74. This is plainly insufficient because it merely recites the legal standard without describing any facts establishing *how* the FTC engaged in this supposed "affirmative misconduct," much less misconduct that relates in any way to laches. *See, e.g.*, *SEC v. Markman Biologics Corp.*, 2024 WL 1075358, at *3 (D. Nev. Mar. 11, 2024) ("Here, the defendants allege no facts identifying how the doctrine of laches would apply in this case, nor how the SEC engaged in affirmative misconduct, so they have not given the SEC fair notice of this defense."). Defendants' unexplained reference, in their laches defense, to "selective enforcement" (Dkt. #171 at 74) does not save them. Selective enforcement is, at best, only a defense in "truly horrendous situations"—generally, where the government has brought an action "for reasons forbidden by the Constitution," such as on the basis of race or religion. *SEC v. Western Int'l Secs., Inc.*, 2023 WL 2480732, at *8 (C.D. Cal. Mar. 13, 2023) (internal quotation marks omitted). There is not, nor could there be, any such allegation here.

In any event, Defendants also fail to adequately plead even the basic elements of laches applicable in disputes between private parties. Specifically, laches requires showing (1) the plaintiff unreasonably delayed in filing its case and (2) the defendant suffered prejudice as a result of the delay. *See, e.g.*, *Eat Right Foods Ltd. v. Whole Foods Market, Inc.*, 880 F.3d 1109,

PLAINTIFF'S MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1115 (9th Cir. 2018).  Rather than describe any facts relating to either element, Defendants again simply recite the elements.  *See* Dkt. #171 at 74 (alleging FTC "inexcusably and unreasonably delayed in filing and serving the Complaint against Amazon, thereby prejudicing Amazon").  *See FTC v. N. Am. Mktg. & Assoc., LLC*, 2012 WL 5034967, at *2-3 (D. Ariz. Oct. 18, 2012) (striking affirmative defenses "contain[ing] no reference to supporting facts").

### 2. Defendants Insufficiently Plead Their Equitable Estoppel Defense.

As with laches, an equitable estoppel defense might be viable against the government where the government engages in "affirmative misconduct"—*i.e.*, where the government has made an "affirmative misrepresentation" or "affirmative[ly] conceal[ed] . . . a material fact." *United States v. Ruby Co.*, 588 F.2d 697, 703-04 (9th Cir. 1978).  Once again, Defendants describe no facts that meet this "affirmative misconduct" bar, instead repeating their misplaced "selective enforcement" assertion and adding an unexplained statement that the FTC "knowingly induced Amazon to maintain online enrollment and cancellation processes that the FTC now alleges violate ROSCA and the FTC Act."  Dkt. #171 at 73.  Because Defendants do not identify any affirmative misrepresentations or the affirmative concealment of any material facts, their defense should be stricken.

Futhermore, Defendants again fail to plead any facts that would establish the elements of equitable estoppel against even a private party.  Those elements are: "(1) the party to be estopped must know the facts; (2) [that party] must intend that [its] conduct shall be acted on or must so act that the party asserting estoppel has a right to believe it is so intended; (3) the [party asserting estoppel] must be ignorant of the true facts; and (4) [the asserting party] must rely on the former's conduct to his injury." *Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 821 (9th Cir. 1992) (internal quotations omitted).  Other than their conclusory assertion of "knowing[] induce[ment] by the FTC," Defendants wholly ignore these elements and therefore have not provided fair notice of their equitable estoppel defense.  *See* Dkt. #171 at 73.

PLAINTIFF'S MOTION TO STRIKE  
EQUITABLE AFFIRMATIVE DEFENSES  
Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission  
600 Pennsylvania Avenue NW  
Washington, DC 20580  
(202) 326-3320

### 3. Defendants Insufficiently Plead Their Unclean Hands Defense.

Some courts have recognized the possibility a defendant can prevail on an unclean hands affirmative defense by establishing government conduct that is "so outrageous as to cause constitutional injury." *FTC v. Green Eq. Sols.*, 2023 WL 7107273, at *2 (C.D. Cal. Sept. 29, 2023) (quoting *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)). Defendants reference the "outrageous conduct" standard and provide some (false) examples of alleged misconduct by the FTC (Dk. #171 at 73), but that alleged conduct, even if it were true, falls well short of constitutional injury. Defendants, in fact, allege no injury at all. Additionally, Defendants rely entirely on purported misconduct during the FTC's investigation, but "[i]mproper conduct during an investigation is not an affirmative defense." *SEC v. Gold Standard Mining Corp.*, 2012 WL 12904080, at *2 (C.D. Cal. Dec. 10, 2012) (explaining that the "conduct of Plaintiff's investigation does not appear relevant to Defendant's culpability").[2] Defendants cannot avoid that rule by repackaging their "improper conduct" defense as "unclean hands."

### III. CONCLUSION

For the foregoing reasons, the FTC respectfully requests the Court strike Defendants' Eighth, Ninth, and Tenth Affirmative Defenses.

### LOCAL RULE 7(e) CERTIFICATION

I certify that this memorandum contains 1,683 words, in compliance with the Local Civil Rules.

---

[2] One Ninth Circuit district court has suggested, in dicta, that unclean hands might *only* potentially apply against the government "where the alleged misconduct occurred during the investigation leading to the suit." *SEC v. Indigenous Global Dev. Corp.*, 2008 WL 8853722, at *15 (N.D. Cal. June 30, 2008) (internal quotation omitted). That court, however, added that the misconduct must "prejudice[] the defendant in his defense of the action" (*id.*)—which Defendants have not alleged here. In any event, we are aware of *no* case in which any defendant ultimately prevailed on an unclean hands defense in a government enforcement action.

PLAINTIFF'S MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Dated: July 2, 2024

/s/ Evan Mendelson
EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
SANA CHAUDHRY (NY Bar #5284807)
ANTHONY SAUNDERS (NJ Bar #008032001)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320