The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

            Plaintiff,

  v.

AMAZON.COM, INC., *et al.*,

            Defendants.

No. 2:23-cv-0932-JHC

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EQUITABLE AFFIRMATIVE DEFENSES**

**NOTED ON MOTION CALENDAR: July 23, 2024**

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ....................................................................................................... 2

III. ARGUMENT .................................................................................................................... 2

    A. The Affirmative Defenses of Estoppel, Laches, and Unclean Hands Should Not Be Dismissed Because Defendants Allege that the FTC Engaged in Affirmative Misconduct. ...................................................................... 2

    B. Defendants Adequately Pleaded Their Equitable Affirmative Defenses. ............. 5

        1. Defendants Need Only Give the FTC "Fair Notice" of Their Affirmative Defenses. ................................................................................ 5

        2. The Answer Provides "Fair Notice" of Each of the Challenged Defenses. ................................................................................................... 6

        3. The FTC's Motion Is Premature. ............................................................. 10

    C. The FTC Is Not Prejudiced by Allowing Defendants' Equitable Affirmative Defenses to Remain in the Case Through Discovery. .................... 11

IV. CONCLUSION ............................................................................................................... 11

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bushbeck v. Chi. Title Ins. Co.*,
    2010 WL 11442904 (W.D. Wash. Aug. 26, 2010) ..........................................................6, 7

*Cal. Expanded Metal Prods. Co. v. Klein*,
    2018 WL 6249793 (W.D. Wash. Nov. 29, 2018) ................................................................6

*Certain Underwriters at Lloyd's, London v. Pettit*,
    2018 WL 1121324 (W.D. Wash. Mar. 1, 2018) ................................................................10

*Cody Inc. v. Falsetti*,
    2018 WL 1211749 (W.D. Wash. Mar. 8, 2018) ..................................................................6

*Curtis v. State Farm Mut. Auto. Ins. Co.*,
    679 F. Supp. 3d 1080 (W.D. Wash. 2023) .......................................................................10

*Dalessio v. Univ. of Wash.*,
    2018 WL 4538900 (W.D. Wash. Sept. 21, 2018) ...............................................................6

*Deleon v. Elite Self Storage Mgmt., LLC*,
    2016 WL 881144 (E.D. Cal. Mar. 8, 2016) ........................................................................7

*Does 1-10 v. Univ. of Wash.*,
    2018 WL 3475377 (W.D. Wash. July 19, 2018) ..............................................................11

*EEOC v. Telecare Mental Health Servs. of Wash., Inc.*,
    2022 WL 898551 (W.D. Wash. Mar. 28, 2022) ...............................................................11

*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*,
    654 F.3d 975 (9th Cir. 2011) ............................................................................................12

*Fluid Control Prods., Inc. v. Aeromotive, Inc.*,
    2010 WL 427765 (E.D. Mo. Feb. 1, 2010) ......................................................................11

*FTC v. Adept Mgmt., Inc.*,
    2017 WL 1055959 (D. Or. Mar. 20, 2017) ......................................................................10

*FTC v. Com. Planet, Inc.*,
    2010 WL 11673795 (C.D. Cal. July 6, 2010) ................................................................3, 4

*FTC v. Debt Sols., Inc.*,
    2006 WL 2257022 (W.D. Wash. Aug. 7, 2006) .................................................................4

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*FTC v. DirecTV, Inc.*,
   2015 WL 9268119 (N.D. Cal. Dec. 21, 2015) ................................................................... 3

*Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*,
   467 U.S. 51 (1984) ........................................................................................................... 3

*Kerzman v. NCH Corp.*,
   2007 WL 765202 (W.D. Wash. Mar. 9, 2007) ................................................... 1, 2, 4, 5

*Kohler v. Flava Enters., Inc.*,
   779 F.3d 1016 (9th Cir. 2015) ................................................................................ 5, 6, 9

*Lister v. Hyatt Corp.*,
   2019 WL 5190893 (W.D. Wash. Oct. 15, 2019) .............................................................. 5

*United States ex rel. Mei Ling v. City of Los Angeles*,
   2020 WL 1229734 (C.D. Cal. Jan. 28, 2020) .......................................................... 3, 10

*Moussouris v. Microsoft Corp.*,
   2016 WL 4472930 (W.D. Wash. Mar. 7, 2016) .............................................................. 2

*Osinek v. Permanente Med. Grp., Inc.*,
   2023 WL 8811810 (N.D. Cal. Dec. 19, 2023) ............................................................... 10

*Pauly v. Stanford Health Care*,
   2022 WL 103546 (N.D. Cal. Jan. 11, 2022) .................................................................... 6

*Safouane v. Hassett*,
   2008 WL 11469282 (W.D. Wash. June 24, 2008) ........................................................... 2

*Seattlehaunts, LLC. v. Thomas Family Farm, LLC*,
   2020 WL 5500373 (W.D. Wash. Sept. 11, 2020) ............................................................ 2

*SEC v. Sands*,
   902 F. Supp. 1149 (C.D. Cal. 1995) ................................................................................ 4

*Shackelford v. West Coast Freightline, LLC*,
   2020 WL 5877579 (W.D. Wash. Oct. 2, 2020) ........................................................... 1, 6

*Simmons v. Navajo County*,
   609 F.3d 1011 (9th Cir. 2010) ......................................................................................... 5

*Snow Covered Cap., LLC v. Fonfa*,
   2023 WL 5726259 (D. Nev. Mar. 6, 2023) .................................................................... 11

*Springer v. Fair Isaac Corp.*,
   2015 WL 7188234 (E.D. Cal. 2015) ................................................................................ 7

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*United States v. Innovative Biodefense, Inc.*,
   2019 WL 6971054 (C.D. Cal. Aug. 22, 2019) ......................................................................... 10

*United States v. Rite Aid Corp.*,
   2020 WL 230202 (E.D. Cal. Jan. 15, 2020) ........................................................................ 3, 9

*United States v. Ruby Co.*,
   588 F.2d 697 (9th Cir. 1978) ................................................................................................ 3

*Universal Life Church Monastery Storehouse v. King*,
   2023 WL 1928169 (W.D. Wash. Feb. 10, 2023) ................................................................. 11

*Verdandi VII, Inc. v. Accelerant Specialty Ins. Co.*,
   2023 WL 6812553 (S.D. Cal. Oct. 16, 2023) ........................................................................ 7

*Wall v. Langdon*,
   2016 WL 4211783 (M.D.N.C. Aug. 9, 2016) ....................................................................... 11

*Watkins v. U.S. Army*,
   875 F.2d 699 (9th Cir. 1989) (en banc) ............................................................................ 3, 7

*White v. Univ. of Wash.*,
   2023 WL 3582395 (W.D. Wash. May 22, 2023) ............................................................... 5, 6

*Wyshak v. City Nat'l Bank*,
   607 F.2d 824 (9th Cir. 1979) ............................................................................................... 11

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - iv

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

The Federal Trade Commission's motion to strike Defendants Amazon.com, Inc. ("Amazon"), Jamil Ghani, Russell Grandinetti, and Neil Lindsay's equitable affirmative defenses of unclean hands, equitable estoppel, and laches (Dkt. 176 or "Mot.") lacks merit.  The motion is premised on the FTC's categorical assertion that such "defenses are not available in government enforcement actions," Mot. 3, but binding Ninth Circuit precedent and cases relied on by the FTC demonstrate that these defenses *are* available where the government is alleged to have engaged in affirmative misconduct.  That is precisely what Defendants have pleaded here. Defendants allege, among other things, that the FTC "knowingly induced Amazon to maintain online enrollment and cancellation processes that the FTC now alleges violate ROSCA and the FTC Act." Dkt. 171 at 73.  Defendants also allege that the FTC engaged in "outrageous conduct during its investigation" and "selective enforcement of ROSCA and the FTC Act," resulting in "substantial injustice." *Id.* at 73–74.  The FTC does not come close to meeting its burden of showing that the challenged defenses are so clearly foreclosed as a matter of both law and fact that "under no set of circumstances could the defense succeed." *Kerzman v. NCH Corp.*, 2007 WL 765202, at *7 (W.D. Wash. Mar. 9, 2007) (citation and internal quotation marks omitted).

The FTC also argues that the defenses are inadequately pleaded, but in doing so applies the wrong standard.  Defendants are not required to meet *Twombly* and *Iqbal*'s plausibility pleading standard for complaints; they need only give the FTC "fair notice" of their affirmative defenses. *Shackelford v. West Coast Freightline, LLC*, 2020 WL 5877579, at *2 (W.D. Wash. Oct. 2, 2020).  Defendants' Answer—which explains with particularity and even illustrative factual detail the nature of the government's misconduct—is more than sufficient to provide notice of each of the challenged defenses.  Finally, the FTC fails to argue—much less demonstrate—that it would suffer prejudice if the challenged defenses were allowed to stand through discovery.  A showing of prejudice is an independent requirement, the absence of which by itself warrants denial of the unusual and disfavored relief the FTC requests.

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## II. LEGAL STANDARD

"[A] motion to strike is a severe measure and it is generally viewed with disfavor." *Safouane v. Hassett*, 2008 WL 11469282, at *2 (W.D. Wash. June 24, 2008). To prevail on a motion to strike, "Plaintiffs must show that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Kerzman*, 2007 WL 765202, at *7 (citation and internal quotation marks omitted). "In deciding a motion to strike affirmative defenses, the Court must view the pleadings in the light most favorable to the non-moving party." *Seattlehaunts, LLC. v. Thomas Family Farm, LLC*, 2020 WL 5500373, at *4 (W.D. Wash. Sept. 11, 2020). In addition, "motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Moussouris v. Microsoft Corp.*, 2016 WL 4472930, at *3 (W.D. Wash. Mar. 7, 2016).

## III. ARGUMENT

### A. The Affirmative Defenses of Estoppel, Laches, and Unclean Hands Should Not Be Dismissed Because Defendants Allege that the FTC Engaged in Affirmative Misconduct.

The FTC's unqualified assertion that "laches, unclean hands, and equitable estoppel defenses are not available in government enforcement actions" (Mot. 2) is both incorrect and contrary to the position the FTC itself took just last year. *See* Plaintiff's Motion to Strike, *FTC v. Green Equitable Sols.*, No. 2:22-cv-6499-FLA-MAR (C.D. Cal. filed Feb. 9, 2023), Dkt. 145 (hereinafter, "*Green* Motion to Strike"). The FTC recognized in *Green* what it disregards now: that the case law permits these affirmative defenses to be asserted against the government *where there are allegations of government misconduct*. *Id.* at 4 (arguing that laches, unclean hands, and equitable estoppel are "generally unavailable in government enforcement actions *absent allegations of misconduct* or relinquishment of a known right, which have not been made here") (emphasis added). Each of these defenses is available here because Defendants allege that the FTC has engaged in such misconduct. *See infra* Section B.2.

With respect to equitable estoppel, the Ninth Circuit has repeatedly held that defendants may assert this defense against the government where the government engaged in "affirmative

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 2

misconduct." *United States v. Ruby Co.*, 588 F.2d 697, 703–04 (9th Cir. 1978); *see also, e.g.*, *Watkins v. U.S. Army*, 875 F.2d 699, 706–07, 709 (9th Cir. 1989) (en banc) ("Our court has held that where justice and fair play require it, estoppel will be applied against the government."); *United States ex rel. Mei Ling v. City of Los Angeles*, 2020 WL 1229734, at *4 (C.D. Cal. Jan. 28, 2020) ("[T]he public interest in ensuring that the Government can enforce the law free from estoppel might be outweighed by the countervailing interest of citizens in some minimum standard of decency, honor, and reliability in their dealings with their Government[.]" (quoting *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 60–61 (1984))). Indeed, the FTC concedes that "an equitable estoppel defense might be viable against the government where the government engages in 'affirmative misconduct'—*i.e.*, where the government has made an 'affirmative misrepresentation' or 'affirmative[ly] conceal[ed] … a material fact.'" Mot. 4 (alterations and ellipsis in original) (quoting *Ruby*, 588 F.2d at 703–04). The FTC also cites one of its own previous enforcement actions, in this Circuit, recognizing that defendants may raise estoppel as a defense against the government if the complained-of conduct amounts to affirmative misconduct. *See id.* at 2 (citing *FTC v. Com. Planet, Inc.*, 2010 WL 11673795, at *2 (C.D. Cal. July 6, 2010)).

The law is similar for laches. "The Ninth Circuit has observed that a laches defense may be available if defendant can show 'affirmative misconduct on the part of the United States.'" *United States v. Rite Aid Corp.*, 2020 WL 230202, at *4 (E.D. Cal. Jan. 15, 2020) (quoting *Ruby Co.*, 588 F.2d at 705 n.10). Here again, precedent indicates that the FTC's purposeful delay in bringing an enforcement action can constitute "affirmative misconduct" for purposes of a laches defense. *See FTC v. DirecTV, Inc.*, 2015 WL 9268119, at *2–3 (N.D. Cal. Dec. 21, 2015) (denying motion to strike laches defense where defendant alleged that, as a result of the FTC's purposeful delay in bringing suit, by the time the FTC sued, defendant had already designed the challenged advertising disclosures in reliance on settlements with state attorneys general). As the FTC explained in its motion to strike in *Green*, "some courts have found that laches might

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

apply to the government in limited circumstances"—specifically, when "affirmative misconduct is established." *Green* Motion to Strike at 17.

Finally, the same is true for unclean hands. The FTC concedes: "Some courts have recognized the possibility a defendant can prevail on an unclean hands affirmative defense[.]" Mot. 5 (quoting *Green Eq. Sols.*, 2023 WL 7107273, at *2); *see also Green* Motion to Strike at 17 ("Some courts have permitted the defense of unclean hands to stand against the government in limited circumstances where 'the agency's misconduct is egregious and the resulting prejudice to the defendant rises to a constitutional level.'" (quoting *SEC v. Indigenous Glob. Dev. Corp.*, 2008 WL 8853722, at *15 (N.D. Cal. 2008))); *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995), *aff'd sub nom. SEC v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998) (defendants may raise unclean hands in government enforcement actions "on the theory that the Government's conduct, if it is so outrageous as to cause constitutional injury, may preclude equitable relief"). Defendants allege such prejudicial misconduct in this case. *See* Section III.B.2 *infra*.

Any potential tension between these precedents and other cases cited in the FTC's motion does not warrant striking Defendants' defenses. To prevail on a motion to strike, plaintiff "must show that there are no questions of fact, *that any questions of law are clear and not in dispute, and that* under *no set of circumstances could the defense succeed.*" *Kerzman*, 2007 WL 765202, at *7 (emphasis added) (citation and internal quotation marks omitted). The FTC has not made—and cannot make—such a showing. The FTC does not cite a single Ninth Circuit decision holding that *any* of the defenses of laches, unclean hands, and equitable estoppel are unavailable when affirmative government misconduct has been alleged. And as shown above, Ninth Circuit precedent specifically contradicts the FTC's proposition. The sole decision the FTC cites from this District—*FTC v. Debt Solutions, Inc.*, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006)—provides no explanation for its holding and cites no supporting authority. Notably, the court there did not even consider the viability of such defenses when defendants allege government misconduct; not only did the defendants fail to allege such misconduct in their answer, but they also failed to oppose the FTC's motion to strike. *Id.*; *see also*, *e.g.*, *Com.*

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Planet*, 2010 WL 11673795, at *3 (noting that "[l]aches is ***generally*** not an affirmative defense against the government," but acknowledging that, under Ninth Circuit precedent, it may be a defense if "the government … ha[s] engaged in affirmative misconduct") (emphasis added) (cited in Mot. at 2).  Thus, at a bare minimum, the legal question of whether affirmative government misconduct can support equitable defenses against the government is not "clear" and is "in dispute," and it cannot be said that there is "no set of circumstances" under which Defendants could succeed in these defenses.  *Kerzman*, 2007 WL 765202, at *7.

### B. Defendants Adequately Pleaded Their Equitable Affirmative Defenses.

The FTC's fallback position is that Defendants' equitable affirmative defenses are "insufficiently pled." Mot. 4–7.  This argument fails for the simple reason that in purporting to require Defendants to plead "facts sufficient to support" their defenses, the FTC applies the wrong standard.  *See* Dkt. 176 at 3.  Applying the correct "fair notice" pleading standard, Defendants have more than adequately pleaded the defenses.

#### 1. Defendants Need Only Give the FTC "Fair Notice" of Their Affirmative Defenses.

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010).  Following Ninth Circuit guidance, courts in this District have repeatedly "rejected the extension of *Iqbal* and *Twombly* to the pleading of affirmative defenses" and "evaluate[d] the sufficiency of affirmative defense pleadings under the 'fair notice' standard." *Lister v. Hyatt Corp.*, 2019 WL 5190893, at *3 n.3 (W.D. Wash. Oct. 15, 2019) ("The Ninth Circuit implicitly declined to apply the *Iqbal*/*Twombly* plausibility standard to the pleading of affirmative defenses" by holding in *Kohler* that "the fair notice required by the pleading standards only requires describing an affirmative defense in 'general terms.'" (cleaned up)); *see also, e.g.*, *White v. Univ. of Wash.*, 2023 WL 3582395, at *4–5 (W.D. Wash. May 22, 2023) (noting that some courts outside of the Western District of Washington "have adopted the plausibility standard for affirmative defenses," but declining to do so in view of *Kohler* and other authorities); *Cal.*

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Expanded Metal Prods. Co. v. Klein*, 2018 WL 6249793, at *8 (W.D. Wash. Nov. 29, 2018) ("*Twombly* and *Iqbal* do not extend to the pleading of affirmative defenses."); *Dalessio v. Univ. of Wash.*, 2018 WL 4538900, at *1 (W.D. Wash. Sept. 21, 2018) (same); *Cody Inc. v. Falsetti*, 2018 WL 1211749, at *4 (W.D. Wash. Mar. 8, 2018) (same); *Bushbeck v. Chi. Title Ins. Co.*, 2010 WL 11442904, at *2 (W.D. Wash. Aug. 26, 2010) (same); *Shackelford*, 2020 WL 5877579, at *2; *Pauly v. Stanford Health Care*, 2022 WL 103546, at *3 (N.D. Cal. Jan. 11, 2022) ("The predominant approach in the Ninth Circuit" recognizes that "a fairly noticed affirmative defense must describe a defense in general terms by identifying the legal theory on which the defense rests and need not assert facts making it plausible." (cleaned up)).

As the court explained in *White*, the text of Federal Rule of Civil Procedure 8 and "the procedural mechanisms by which a claim for relief and an affirmative defense are challenged" each support applying the fair notice standard to affirmative defenses. *White*, 2023 WL 3582395, at *5. Under Rule 8(a)(2), "a party asserting a claim … must plead 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). By contrast, "a defending party must simply 'state in short and plain terms its defenses to each claim asserted against it' and 'affirmatively state any avoidance or affirmative defense.'" *Id.* (quoting Fed. R. Civ. P. 8(b)(1)(A) and 8(c)(1)). "Put simply, the burden of showing an entitlement is heavier than that of stating something, even if both must be pleaded in 'short and plain' terms." *Id.* Moreover, "[t]he sufficiency of a claim for relief is ordinarily challenged by a Rule 12(b)(6) motion to dismiss, but an affirmative defense has no comparable means of challenging its legal sufficiency early in the case; in contrast, a Rule 12(f) motion to strike is disfavored, does not resolve the legal or factual questions of the defense, and is reviewed for abuse of discretion." *Id.*

        **2.**      **The Answer Provides "Fair Notice" of Each of the Challenged Defenses.**

"[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"[F]or well-established defenses, merely naming them may be sufficient." *Verdandi VII, Inc. v. Accelerant Specialty Ins. Co.*, 2023 WL 6812553 (S.D. Cal. Oct. 16, 2023) (cleaned up); *see also, e.g.*, *Deleon v. Elite Self Storage Mgmt., LLC*, 2016 WL 881144, at *2 (E.D. Cal. Mar. 8, 2016) (denying motion to strike laches, estoppel, and unclean hands defenses, "despite being vague and general," because they "put Plaintiff on notice"); *Springer v. Fair Isaac Corp.*, 2015 WL 7188234, at *4 (E.D. Cal. 2015) (denying motion to strike unclean hands defense when answer alleged only that "Plaintiff is barred by the doctrine of unclean hands from asserting the claims"); *Bushbeck*, 2010 WL 11442904, at *4 (denying motion to strike estoppel defense when answer alleged only that "Plaintiffs' claims are barred by the doctrine of waiver and/or estoppel").

Defendants' Answer easily clears this bar, as it not only identifies each equitable defense but also explains with particularity and substantial factual detail the nature and circumstances of the government's misconduct.  *See* Dkt. 171 at 73–74.

a)     <u>Equitable Estoppel</u>

The "traditional elements" of equitable estoppel are: "(1) [t]he party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *Watkins*, 875 F.2d at 709 (citation omitted).  Two additional elements apply to equitable estoppel when raised against the government: (1) the government committed "affirmative misconduct going beyond mere negligence"; and (2) "the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." *Id.* at 707 (citation and internal quotation marks omitted).

Defendants have exceeded the "fair notice" pleading standard by not only identifying their estoppel defense in general terms but also including particularized allegations that establish each element of the defense.  The Answer alleges that: (1) the FTC knew the facts: it "knowingly induced Amazon to maintain online enrollment and cancellation processes that the FTC *now*

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

alleges violate ROSCA and the FTC Act" but did not previously contend violated such laws; (2) the FTC "*knowingly* induced" Amazon to believe that it could maintain the processes it now challenges; (3) Amazon did not know that the FTC would "now allege[]" that its processes "violate ROSCA and the FTC Act"; and (4) Amazon relied on the FTC's "knowing induce[ment]" to its injury of facing suit for "allege[d] violat[ions]" of "ROSCA and the FTC Act." Dkt. 171 at 73. Addressing the government-specific elements, the Answer specifically alleges that: (1) "the FTC engaged in affirmative misconduct … including at least in connection with its investigation of Amazon and selective enforcement of ROSCA and the FTC Act"; and (2) that "affirmative misconduct … caused substantial injustice." *Id.* at 73.

Though not necessary under the "fair notice" pleading standard, Defendants have included allegations of specific, exemplary facts that undergird its allegations of knowing inducement, reliance, selective enforcement, and affirmative misconduct. For example and without limitation, the Answer alleges facts evidencing that the FTC itself understood the challenged flows' design features to be lawful. Specifically, it alleges that "[p]rior to the initiation of this action," the "design elements" of Amazon's Prime sign-up and cancellation flows were "use[d] as traditional marketing techniques" and not "understood to be unlawful," and that the FTC had neither "issu[ed] regulations" nor sought "to enforce ROSCA or the FTC Act to penalize" such "commonplace" features. *Id.* at 66–67. "To the contrary, the FTC's enforcement actions up until this case indicated that ROSCA prohibits only false or objectively misleading practices, such as making false or plainly misleading statements to induce subscription; hiding or omitting material subscription terms; hiding the identity of the business or program the consumer is signing up for; or imposing substantial and unjustified hurdles to cancellation, such as requiring customers to answer multiple pages of survey questions in order to cancel." *Id.* at 67. The Answer also alleges facts evidencing that the FTC issued guidance indicating that the challenged flows' design features were lawful and that Defendants and the industry as a whole relied on such guidance. For example, it alleges that "[t]he FTC has also confirmed that certain conduct [challenged in the instant suit] is *permitted* by ROSCA," and that,

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"[c]onsistent with this guidance, since ROSCA was passed, countless companies have maintained online subscription programs using enrollment and cancellation flows and practices substantively identical to those alleged in the Amended Complaint." *Id.*

The Answer also alleges that the FTC engaged in "outrageous conduct during its investigation that led to this action, including but not limited to" through four different courses of highly improper behavior. Specifically, the FTC (1) "attempt[ed] to expel retained counsel from Amazon employee depositions"; (2) "refus[ed] to allow Amazon's in-house counsel to be present at Amazon employee depositions"; (3) "invit[ed] witnesses not represented by counsel to reveal privileged information"; and (4) "deliberately show[ed] witnesses Amazon-privileged documents that had been inadvertently produced in other investigations, notwithstanding the FTC's knowledge of the documents' privileged nature." Dkt. 171 at 73.

### b) Laches

To plead laches against the government, "a defendant must allege neglect or delay in bringing suit" that, together with "affirmative misconduct," "causes prejudice to the adverse party." *Rite Aid*, 2020 WL 230202, at *4. Here again, Defendants have done significantly more than describe their defense in "general terms," *Kohler*, 779 F.3d at 1019, as they have included particularized allegations that, if proven true in discovery, will establish each element of the pleaded defense. *See supra* Section III.2(a). Specifically, Defendants allege that the FTC "prejudic[ed] Amazon" both by "inexcusably and unreasonably delay[ing] in filing and serving the Complaint against Amazon" and by "engag[ing] in affirmative misconduct … at least in connection" with two different aspects of this case: (1) "its investigation of Amazon"; and (2) its "selective enforcement of ROSCA and the FTC Act." Dkt. 171 at 74.

### c) Unclean Hands

The FTC concedes that courts have recognized that government misconduct may be sufficiently serious to establish an unclean hands defense. *See* Mot. 5. Defendants' Answer pleads such misconduct and even details multiple exemplary instances of it. *See supra* Section III.2(a). The FTC's alleged selective enforcement is an additional form of misconduct sufficient

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to support this defense. *See United States v. Innovative Biodefense, Inc.*, 2019 WL 6971054, at *5 (C.D. Cal. Aug. 22, 2019) (denying motion to strike unclean hands defense based on "allegations of selective enforcement" of federal law, noting that "if Defendants' allegations of selective enforcement … are true, it could support a finding that the decision to prosecute was based on some arbitrary classification" (citation and internal quotation marks omitted)).

### 3. The FTC's Motion Is Premature.

It would be "premature" to strike any of the challenged affirmative defenses before Defendants can conduct discovery related to those defenses; "[s]uch a determination is more appropriate on summary judgment." *United States ex rel. Mei Ling*, 2020 WL 1229734, at *4 (declining, in government statutory enforcement action, to strike equitable affirmative defenses including laches, estoppel, and unclean hands). The Answer alleges that the FTC engaged in affirmative misconduct including in connection with its investigation of Amazon and selective enforcement of ROSCA and the FTC Act. Only through discovery can Amazon identify all of the relevant factual evidence related to the FTC's misconduct—for example, by uncovering the circumstances of and motives behind this unprecedented enforcement action, which was brought contrary to longstanding agency guidance and policy. *See, e.g.*, *Osinek v. Permanente Med. Grp., Inc.*, 2023 WL 8811810, at *6 (N.D. Cal. Dec. 19, 2023) (recognizing that "it is appropriate to wait until summary judgment to decide an affirmative defense … so that the factual record may be developed"); *FTC v. Adept Mgmt., Inc.*, 2017 WL 1055959, at *2 (D. Or. Mar. 20, 2017) (denying motion to strike when the "lack of a fully developed record do[es] not allow the Court to adequately evaluate the merits of the affirmative defenses at this time"); *see also Curtis v. State Farm Mut. Auto. Ins. Co.*, 679 F. Supp. 3d 1080, 1082 (W.D. Wash. 2023) (granting motion for summary judgment in relation to an affirmative defense); *Certain Underwriters at Lloyd's, London v. Pettit*, 2018 WL 1121324, at *3 (W.D. Wash. Mar. 1, 2018) (same).

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### C. The FTC Is Not Prejudiced by Allowing Defendants' Equitable Affirmative Defenses to Remain in the Case Through Discovery.

Courts in this Circuit routinely deny motions to strike when the moving party fails to show that it would suffer prejudice if the challenged defenses were allowed to stand. *See, e.g.*, *Snow Covered Cap., LLC v. Fonfa*, 2023 WL 5726259, at *2 (D. Nev. Mar. 6, 2023) ("[A] showing of prejudice is a threshold issue."); *EEOC v. Telecare Mental Health Servs. of Wash., Inc.*, 2022 WL 898551, at *3 (W.D. Wash. Mar. 28, 2022) (denying motion to strike when plaintiff "failed to demonstrate that striking this defense is necessary to avoid prejudice"); *Does 1-10 v. Univ. of Wash.*, 2018 WL 3475377, at *2 (W.D. Wash. July 19, 2018) (denying motion to strike when plaintiff "has not demonstrated that he will suffer any prejudice"). By not asserting prejudice in its motion, the FTC has waived any such argument. *See Universal Life Church Monastery Storehouse v. King*, 2023 WL 1928169, at *2 (W.D. Wash. Feb. 10, 2023) ("Issues raised for the first time in a reply brief are waived."). Nor could the FTC show prejudice. Discovery into the FTC's selective enforcement of ROSCA and the circumstances behind the FTC's misconduct during its investigation of Amazon is already underway and will proceed irrespective of the Court's ruling on this motion because those issues are also relevant to other affirmative defenses, such as Defendants' due process and good faith defenses. *See Wall v. Langdon*, 2016 WL 4211783, at *4 (M.D.N.C. Aug. 9, 2016) (declining to strike "affirmative defenses … based on the same alleged conduct as [defendant's] counterclaims" given "little to no additional discovery burden imposed on [plaintiff]"). Regardless, "[t]he mere investigation of affirmative defenses through routine discovery does not constitute prejudice." *Fluid Control Prods., Inc. v. Aeromotive, Inc.*, 2010 WL 427765, at *3 (E.D. Mo. Feb. 1, 2010).

### IV. CONCLUSION

Defendants respectfully request that the Court deny the FTC's motion. Should the Court strike any defense, Defendants request leave to file an amended Answer pleading additional facts in support of the stricken defense(s). "In the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979);

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011).  The FTC would suffer no prejudice here.  *See supra* Section III.C.

DATED this 17th of July, 2024.

I certify that this memorandum contains 4,038 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By  s/ *Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail:   kenpayson@dwt.com
                 jimhoward@dwt.com

COVINGTON & BURLING LLP

    Stephen P. Anthony*
    Laura Flahive Wu*
    Laura M. Kim*
    John D. Graubert*
    850 Tenth Street, NW
    Washington, DC  20001
    Telephone: (206) 662-5105
    E-mail:   santhony@cov.com
                 lflahivewu@cov.com
                 lkim@cov.com
                 jgraubert@cov.com

    John E. Hall*
    415 Mission Street, Suite 5400
    San Francisco, CA  94105
    Telephone: (415) 591-6855
    E-mail:   jhall@cov.com

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail:   mrodgers@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail:   jhueston@hueston.com
          mkaba@hueston.com
          jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
EQUITABLE AFFIRMATIVE DEFENSES
(2:23-cv-0932-JHC) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax