The Honorable John H. Chun

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9

FEDERAL TRADE COMMISSION,

    Plaintiff,

10

    v.

11

AMAZON.COM, INC., *et al.*

12

    Defendants.

13

14

Case No. 2:23-cv-0932-JHC

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE EQUITABLE AFFIRMATIVE DEFENSES**

NOTED ON MOTION CALENDAR:
July 23, 2024

15

16

17

18

19

20

21

    Defendants base their Opposition ("Opp."; Dkt. #177) to the FTC's Motion to Strike Equitable Affirmative Defenses ("Mot."; Dkt. #176) on a false premise:  that the FTC is seeking to hold them to something more than the "fair notice" pleading standard.  In fact, the parties agree that the fair notice standard applies.  The problem for Defendants, aside from the legal insufficiency of their defenses, is that they must at least provide *some* "factual basis" for those defenses.  Defendants, however, offer little more than conclusory labels and scattered factual allegations that cannot, as a matter of law, support their defenses.  Because Defendants fail to meet their pleading burden, the defenses should be stricken.

22

23

PLAINTIFF'S REPLY ISO MOTION TO
STRIKE EQUITABLE AFFIRMATIVE DEFNSES
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## I.      The Equitable Affirmative Defenses Are Legally Insufficient.

Defendants do not dispute that the only FTC case in this district to address the equitable affirmative defenses recognizes they are legally infirm.  *See* Mot. at 3[1] (citing *FTC v. Debt Sols., Inc.*, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006)).  Attempting to escape that problem, Defendants point to a motion the FTC filed in *another* district in which it acknowledged, just as it does here, that some courts have recognized exceptions to the rule that equitable affirmative defenses are unavailable in government enforcement actions.  *See* Opp. at 7.  Defendants are attempting to manufacture inconsistency where there is none.  The FTC may, of course, advance additional arguments in this Court that it chose not to raise in other courts, especially where those arguments are supported by prior decisions in this district.

Additionally, for the reasons explained below, even if this Court chooses to recognize the narrow, theoretical exceptions that might make the equitable defenses available, Defendants have insufficiently pleaded those defenses.

## II.     The "Fair Notice" Pleading Standard Requires Defendants to Provide at Least "Some Factual Basis" for Their Defenses.

Defendants devote much of their brief, including an eight-case string cite, to establishing that the "fair notice" standard applies to the Motion.  *See* Opp. at 6, 10-11.  The FTC agrees, as it made clear in the Motion:  "an affirmative defense is insufficient if [the asserting party] fails to give '*fair notice*' of the defense."  Mot. at 2 (emphasis added).  That standard, however, is not as hollow as Defendants would like.  Rather, it requires, at a minimum, that Defendants provide "some factual basis" to support their defenses.  *See id.* (citing *Rosen v. Masterpiece Mktg. Group, LLC*, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016)).  In fact, as one case relied upon by Defendants confirms, courts generally do "not accept fact-barren affirmative defenses or bare references to doctrines or statutes because such pleadings do not afford fair notice of the nature of the defense pleaded."  *United States v. Gibson Wine Co.*, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016).  As another case cited by Defendants explains, they must plead "enough factual

---

[1] All citations to the Motion and Opposition are to the page numbering in the ECF header of each filing.

PLAINTIFF'S REPLY ISO MOTION TO
STRIKE EQUITABLE AFFIRMATIVE DEFENSES
Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

content to identify the factual grounds on which an affirmative defense rests." *White v. Univ. of Wash.*, 2023 WL 3582395, at *4-5 (W.D. Wash. May 22, 2023) (quoting *Rosen*, 222 F. Supp. 3d at 802).[2]

### III.   Defendants Do Not Meet the Fair Notice Standard Because They Provide No Factual Basis for Their Defenses.

Defendants do not satisfy the fair notice standard for any of their defenses, especially given the additional elements required in a government enforcement action.

### A.   Defendants' Laches Allegations Merely Recite the Laches Elements.

Defendants agree that to support their laches defense, they must allege "neglect or delay in bringing suit" and "prejudice to the adverse party." Opp. at 14. Because this is a government enforcement action, Defendants also agree they must allege "affirmative misconduct" in connection with the delay. *Id.* While Defendants claim to have provided "significantly more" than fair notice by including "particularized allegations" regarding laches, they cite nothing of the sort. Instead, Defendants point to their threadbare assertion that the FTC "prejudic[ed] Amazon" by "inexcusably and unreasonably" delaying in filing suit. *Id.* These are restatements of the elements, not facts. As to "affirmative misconduct," Defendants again fall short, simply declaring the FTC engaged in such misconduct "in connection with" its investigation and purportedly selective enforcement of ROSCA. *Id.* Neither vague assertion has any apparent relation to laches. Additionally, Defendants do not meaningfully dispute that selective enforcement is a defense only in "truly horrendous situations," such as where the government has sued someone based on their race or religion. Mot. at 4 (quoting *SEC v. Western Int'l Secs., Inc.*, 2023 WL 2480732, at *8 (C.D. Cal. Mar. 13, 2023)).[3]

---

[2] Defendants cite a few cases in which courts accepted that merely naming an affirmative defense—such as by mentioning "laches"—is sufficient to meet the "fair notice" standard. Opp. at 11-12. Those cases are outliers and are inconsistent with the requirement that defendants provide at least some "factual support" for their defenses.

[3] Defendants also misrepresent the court's decision denying the FTC's motion to strike a laches affirmative defense in *FTC v. DirecTV, Inc. See* Opp. at 8. Contrary to Defendants' claim, the court in *DirecTV* did not hold that "purposeful delay" (which Defendants do not even allege here) can itself constitute "affirmative misconduct." Instead, the Court found that DirecTV had adequately pleaded laches by "alleg[ing] *specific facts*" that could plausibly support a misconduct finding. 2015 WL 9268119, at *3 (N.D. Cal. Dec. 21, 2015) (emphasis added).

PLAINTIFF'S REPLY ISO MOTION TO
STRIKE EQUITABLE AFFIRMATIVE DEFENSES
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

### B.      Defendants Identify No Affirmative Misrepresentation of Concealment of a Material Fact to Support Their Equitable Estoppel Defense.

Defendants do not dispute that establishing equitable estoppel in a government

enforcement action requires an "affirmative misrepresentation" or "affirmative concealment" of

a material fact by the government.  *See* Mot. at 4 (citing *United States v. Ruby Co.*, 588 F.2d 697,

703-04 (9th Cir. 1978)).  It is not enough, in other words, for Defendants to allege some

affirmative misconduct relating to the case; the misconduct must be tethered to the assertion of

estoppel.  The case relied upon by Defendants confirms this rule.  *See Watkins v. U.S. Army*, 875

F.2d 699, 707 (9th Cir. 1989) ("Affirmative misconduct does require an affirmative

misrepresentation or affirmative concealment of a material fact by the government . . . .").

Rather than identify a single affirmative misrepresentation or concealed material fact,

Defendants conclusorily assert the FTC previously "confirmed that certain conduct [challenged

in the instant suit] is *permitted* by ROSCA."  Opp. at 1 (alterations in original).  This statement is

insufficient to put the FTC on notice of what Defendants are referencing—*i.e.,* where or when

the FTC purportedly provided this "confirmation," or which of the challenged practices are

purportedly permitted.  Defendants also describe (false) allegations of "outrageous conduct,"

Opp. at 14, but none of these examples involve an affirmative misstatement or concealment of a

material fact.

### C.      Defendants' Unclean Hands Defense Asserts No "Constitutional Injury."

Defendants, like FTC counsel, were apparently unable to find a single case in which a

defendant ultimately prevailed on an unclean hands defense to a government enforcement action.

*See* Mot. at 6 n.2.  Defendants also agree with the FTC that the unclean hands defense is only

theoretically available if they suffered some "constitutional injury."  Opp. at 9.  Critically,

Defendants identify no constitutional injury at all, instead gesturing toward unrelated factual

allegations and then adding their "selective enforcement" assertion.  Opp. at 14-15.  But, again,

Defendants do not even attempt to challenge the FTC's argument that selective enforcement is

only available in "truly horrendous situations."   Instead, they cite a single case where a court

refused to strike an unclean hands defense that was based of a selective enforcement argument. *See* Opp. at 15-16. That case, however, is distinguishable because the defendants there claimed they had been sued due to "undue influence" on the government from one of their competitors, which apparently created a colorable argument of an equal protection constitutional violation. *See United States v. Innovative Biodefense, Inc.*, 2019 WL 6971054, at *5 (C.D. Cal. Aug. 22, 2019). There are no comparable allegations here.

## IV.    The FTC Need Not Establish Prejudice.

The FTC need not establish prejudice in order to prevail on its motion to strike. "The plain language of Rule 12(f) does not require a moving party to show prejudice, and no published Ninth Circuit authority requires a showing of prejudice to strike affirmative defenses." *Doe v. Regents of Univ. of Cal.*, 2024 WL 171387, at *4 (S.D. Cal. Jan. 16, 2024) (internal quotation marks omitted). In fact, the leading case cited by Defendants for the prejudice requirement actually relates to a motion to strike "redundant, immaterial, impertinent, or scandalous" matters from a Complaint, rather than to strike an affirmative defense. *See Moussouris v. Microsoft Corp.*, 2016 WL 4472930, at *3 (W.D. Wash. Mar. 7, 2016), *cited in* Opp. at 7; *see also Doe*, 2024 WL 171387, at *5 ("[E]ven courts that require an affirmative showing of prejudice often do so only where a party seeks to strike redundant, scandalous, or impertinent material. Indeed, *multiple district courts have noted that where a party challenges the sufficiency of another party's defenses, the challenging party need not show specific prejudice*." (emphasis added)).

In any event, "allowing insufficient defenses to remain in a defendant's answer is inherently prejudicial." *Doe*, 2024 WL 171387, at *5. Here, moreover, the prejudice from permitting Defendants to move ahead with their affirmative defenses is clear from their Opposition brief. Specifically, Defendants intend to use the defenses to justify discovery aimed at "uncovering the circumstances of and motives behind this unprecedent enforcement action." Opp. at 15. Defendants' conspiracy-minded, conclusory allegations cannot justify their efforts to

PLAINTIFF'S REPLY ISO MOTION TO
STRIKE EQUITABLE AFFIRMATIVE DEFENSES
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

review the FTC's privileged internal deliberations or, more generally, transform a case about whether Defendants violated ROSCA and the FTC Act into a case about why the FTC is prosecuting those violations.[4]

## LOCAL RULE 7(e) CERTIFICATION

I certify that this memorandum contains 1,709 words, in compliance with the Local Civil Rules.

Dated:  July 23, 2024

/s/ Evan Mendelson
EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
SANA CHAUDHRY (NY Bar #5284807)
ANTHONY SAUNDERS (NJ Bar #008032001)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

---

[4] The FTC's motion to strike Defendants' meritless affirmative defenses is not "premature."  Opp. at 15.  If Defendants lack facts to support their defenses now, they may seek leave to amend if they discover adequate support in the future.  *See, e.g.*, *Facebook, Inc. v. Gajjar*, 2022 WL 2239834, at *7 (N.D. Cal. June 17, 2022) (striking affirmative defenses as to which defendant had not provided fair notice, while explaining that if defendant later learned "new facts," he could simply "seek leave to amend at that juncture").

PLAINTIFF'S REPLY ISO MOTION TO
STRIKE EQUITABLE AFFIRMATIVE DEFENSES
Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320