1

2

3

4

5

The Honorable John H. Chun

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9

FEDERAL TRADE COMMISSION,

10

     Plaintiff,

11

     v.

12

AMAZON.COM, INC., *et al*.

13

     Defendants.

Case No. 2:23-cv-0932-JHC

**PLAINTIFF'S MOTION FOR EXCESS FACT-WITNESS DEPOSITIONS**

NOTE ON MOTION CALENDAR:
September 18, 2024

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

This case is significantly more complex than the ordinary case to which Rule 30's default, ten-deposition limit applies. Defendant Amazon is one of the largest companies in the world and employs over 1.5 million people. The practices at issue date back at least seven years, to 2017. The FTC's allegations relate to several different processes by which consumers may enroll in and cancel Amazon Prime, one of the world's largest subscription programs. In 2021, Amazon estimated "well over 500 Amazon employees" had performed work on Prime enrollment or cancellation—a number that undoubtedly has increased in the last three years. Those employees are spread over several different teams and worked on several different projects related to Prime enrollment and cancellation.

In light of these facts, the FTC seeks an expansion of the 10-deposition limit to allow it to conduct 35 fact-witness depositions, significantly less than the 150 fact-witness depositions (80 depositions of party witnesses and 70 of nonparty witnesses) this Court permitted the parties to conduct in the *FTC v. Amazon* antitrust matter. *See* Order re: Deposition Limits, *FTC v. Amazon.com, Inc.*, No. 23-cv-1495-JHC, Dkt. No. 166 (Feb. 20, 2024). To date, the FTC has identified, to Defendants, 22 witnesses it plans to depose, in addition to identifying the pool of people from which it expects to select 13 additional deponents, after it has had more time to review, *inter alia*, Amazon's recent productions of hundreds of thousands of documents. Amazon opposes the FTC's request, and refuses to move ahead with scheduling more than 15 fact depositions, based primarily on meritless arguments that the depositions will be cumulative and that the FTC must identify all deponents now. The complexity and importance of the case, however, is more than sufficient to justify the FTC's request for 35 depositions.

## I.    BACKGROUND

### A.    The FTC's Pre-Complaint Investigation

For the reasons explained *infra* pp. 9-10, the FTC's investigation has little, if any, bearing on this motion. Nevertheless, because Defendants have relied on the investigation to oppose the FTC's request, the FTC briefly discusses it here.

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

During its investigation of Amazon, the FTC, as in any investigation, sought to determine (1) whether it had reason to believe Defendants violated any laws enforced by the Commission, (2) which individuals or entities were responsible for any such violations, and (3) what claims the Commission, in its prosecutorial discretion, would assert against the Defendants.  With those goals in mind, the Commission served Amazon with document requests in March 2021.  Ex. A ¶ 3.[1]  In the 18 months that followed, the company produced less than 11,000 documents from eight document custodians.  *Id.* ¶ 4.

In early July 2022, based on the limited information it had received from Amazon to that point, the FTC issued civil investigative demands for investigational hearings (effectively, administrative depositions) from several current or former Amazon employees.  Ultimately, the FTC conducted 34 IHs.  Eight of those 34 IHs were of executives[2] who claimed to have little knowledge or recollection of the relevant issues.  Two other less senior, but supervisory-level, employees[3] also expressed little knowledge or recollection of the issues.  Another six IHs—of corporate designees selected by Amazon—occurred over a single, seven-hour day, and related either to non-Prime subscription services or ESI and production issues.  The FTC also took testimony from the three Individual Defendants and 15 current or former employees selected from among the hundreds who had worked on Prime enrollment or cancellation.  Many of those witnesses were in the relevant roles for limited periods of time or only worked on limited aspects of Prime enrollment and cancellation.  The goal of the IHs was not to develop the evidence necessary to prove the FTC's as-yet-unasserted claims by a preponderance of the evidence, but rather to determine whether to file a Complaint and, if so, which claims to bring and which defendants to name.

---

[1] Exhibit A to this Motion is the August 28, 2024 Declaration of Olivia Jerjian, which has been filed at Dkt. #185.

[2] These witnesses were Jeff Bezos, Andrew Jassy, Doug Herrington, Cem Sibay, David Clark, Greg Greeley, Sebastian Gunningham, and Dharmesh Mehta.

[3] These witnesses were Sharon Chiarella and Sara Klainer.

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Both when selecting these witnesses (in July 2022) and when questioning them (from July 2022-January 2023), the FTC had far more limited information than it does now.  For example, after producing just 11,000 documents between March 2021 and September 2022, Amazon produced 19,000 documents between October 2022 and February 2023.  Ex. A ¶ 4.  Even that number is miniscule compared to the almost 500,000 documents Amazon has produced to date in this litigation (*id.*), which were, of course, unavailable to the FTC during the investigational hearings.  During the investigation, moreover, Amazon frequently provided the limited documents it did produce immediately before witnesses' IHs.  For example, in June 2022, the FTC requested IH testimony from Prime user experience ("UX") designer C.R. Brown.  Ex. A ¶ 6.  At that time, Amazon had produced no documents from Mr. Brown's custodial files.  *Id.* ¶ 7.  Amazon later produced a total of 185 documents from Mr. Brown's files, with 180 of the documents being produced just five days before Mr. Brown's November 2022 IH and the remainder produced after the deposition.  *Id.* ¶ 8.  During this litigation, Amazon has produced an additional *8,000* documents from Mr. Brown's files.  *Id.* ¶ 9.

B.      **The FTC's Depositions in This Litigation**

To date, the FTC has taken five depositions in this litigation:  (1) Amazon's current Director of US Prime Member Growth (Lisa Leung), who assumed that role in 2022; (2) a Senior Manager (Rex Morey) in the US Prime organization responsible for tracking US Prime business performance, including monitoring the results of "clarity" improvements to the Prime enrollment process that Amazon made, and then reversed, in 2020 (*see, e.g.*, Dkt. #139-1 at 128; Dkt. #69 ¶¶ 214-217); (3) the lead Product Manager (Neel Malhotra) on Amazon's 2021 clarity efforts (Dkt. #139-1 at 128); (4) another Product Manager (Michael Bruhanov) who managed Amazon's efforts to ensure Prime's member balance did not decrease when Amazon made changes to the enrollment flow for IT-related reasons in 2021-2022; and (5) an Amazon executive (Llew Mason) responsible for the company's Shopping organization (which oversees consumers'

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

shopping experience on the Amazon website) and who participated in many of the significant

clarity-related escalations described in the FTC's Complaint (*see* Dkt. #69 ¶¶ 188-230).

Five other depositions are scheduled for the next three weeks and will therefore occur at

around the same time this Motion is fully briefed:  (1) Linnea Hagen and (2) Miles Hunter, both

of whom are UX researchers who worked within the Shopping organization, including on the

Customer Frustrations Elimination Program described in the FTC's Complaint (Dkt. #69 ¶¶ 188-

201), and personally conducted user testing relating to the Prime enrollment flows at issue;

(3) Sanjay Balakrishnan, Director of Prime Product Management until late 2020, who directly

reported to Defendant Jamil Ghani (Ex. A., Att. 2 at 2); (4) Anthony Boulis, who was the Prime

Finance "point of contact" for 2021 clarity work, in which role he projected the financial impact

of various changes to the Prime enrollment and cancellation flows (Dkt. #139-1 at 128); and (5)

Bharath Srinivasan, the former Global Product Head for Amazon Prime membership growth,

who, until mid-2023, led "product management for Prime member acquisition, retention, [and]

cancel prevention."  Ex. A ¶ 26.

Additionally, the FTC is deposing Individual Defendants Jamil Ghani, Russell

Grandinetti, and Neil Lindsay in November, and Amazon also has consented to the FTC taking

depositions of two current or former Amazon employees located overseas.  The FTC is

evaluating whether and how the international depositions can proceed in compliance with the

laws of the countries in which the witnesses are located and, if necessary, the Hague Convention

on the Taking of Evidence Abroad in Civil or Commercial Matters.

Finally, the FTC has identified seven other witnesses (bringing the total number of

identified witnesses to 22) who it will depose if it prevails on this Motion.  Amazon has not

consented to the FTC conducting these depositions and has refused to confer on scheduling them

while this Motion is pending.  The witnesses are (1) a long-time Amazon UX designer (Ryan

Ogborn) who personally unintentionally enrolled in Prime after encountering what he described

as a "particularly nasty UPDP [enrollment page] in UK" (*see* Dkt. #90-2 at 237); (2) the Product

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Manager (Benjamin Goeltz) and (3) lead UX designer (C.R. Brown) assigned to the project that resulted in Amazon reducing the three-page Iliad Flow to a two-page cancellation flow in or around April 2023; (4) the Senior Manager (Mary Pat Gotschall) within Amazon's Shopping organization who managed the UX researchers and designers working on the Customer Frustration Elimination Program (*see* Dkt. #69 ¶¶ 188-208); (5) a long-time Product Manager (Sara Mead) in Amazon's Shopping organization (*see also infra* p. 11); (6) a member of Prime's content testing team (Caroline Moeller) who played a central role in coordinating and evaluating Amazon's plans to change its enrollment and cancellation flows in 2020 and 2021 (*see, e.g.*, Dkt. #139-1 at 104, 127-28 139-42); and (7) Amazon itself, pursuant to Federal Rule of Civil Procedure 30(b)(6).

### C.    Amazon's Shifting Positions on the FTC's Deposition Requests

When the parties submitted their Joint Status Report and Rule 26(f) conference report last August, the FTC requested permission to take up to 30 fact-witness depositions—its best estimate at the time for how many depositions would be appropriate.  *See* Dkt. #65 at 5-10. Amazon opposed the request, proposing instead that "if either party believes additional depositions are necessary after it has exhausted the limit of 10, it may meet and confer with the opposing party and, if appropriate, seek leave from the Court."  *Id.* at 14.  In September 2023, the Court entered a standard Case Management Order (Dkt. #66, *as amended*, Dkt. #175) that did not address the deposition dispute.

In mid-May 2024, the FTC asked Amazon to consent to the FTC taking up to 35 fact-witness depositions.  Ex. A, Att. 6 at 3.  The FTC identified 16 witnesses it planned on deposing. That number was later reduced to 15 witnesses after the parties reached an agreement regarding one witness.  Amazon did not consent to the deposition of the 15 identified witnesses or to the FTC's request to take a total of 35 fact-witness depositions.  Ex. A, Att. 7 at 3.  After additional back-and-forth and a meet-and-confer, the FTC, on June 11, informed Amazon that it planned to file this Motion.  Ex. A, Att. 4 at 17.  Amazon responded by making what it described as a

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

"compromise offer"—the FTC could proceed with the 15 identified deponents and Amazon would "consider additional requests for depositions." *Id.* at 16.  Given that offer and the fact that the Court had granted the FTC's motion to modify the scheduling order (ultimately moving the close of discovery from September 2023 to January 2024), the FTC agreed to further confer with Amazon before filing this Motion. *Id.* at 15.

Later in June, the FTC took Amazon up on its offer to "consider additional requests for depositions."  Specifically, the FTC asked Amazon to consent to the FTC's taking the depositions of Benjamin Goeltz and Mary Pat Gotschall.  Ex. A, Att. 12 at 3, Att. 13 at 2.  In response, Amazon declared it "not efficient . . . to consider piecemeal requests for depositions" and asked the FTC to "identify all witnesses [it] seeks to depose in this matter"—a new addition to Amazon's "compromise offer."  Ex. A, Att. 13 at 2.  By this time, the FTC already had explained it anticipated the remaining deponents would almost all be from among the 75 Amazon document custodians to which the FTC and Amazon had agreed.  Ex. A, Att. 10 at 3, Att. 14 at 4.  Beyond that, the FTC explained, the FTC was unable to identify specific deponents at that time.  The FTC noted, for example, that after producing just 30,000 documents during the investigation, and less than 85,000 during the first eight months of discovery, Amazon had produced 136,000 documents on May 17, 2024 alone.  Ex. A ¶ 5 & Att. 14 at 4.  The FTC, of course, wanted a chance to look at those documents—in addition to completing some of its scheduled depositions—before deciding who else to question.  Troublingly, while demanding the FTC's final list of proposed deponents, Amazon did not disclose that it would soon be producing an *additional* 215,000 documents, which it did on July 12, 2024.  Ex. A ¶ 5.

About two months into the parties' conferral on this Motion, Amazon stated it was "willing to negotiate an agreement on the total number of depositions the FTC may notice in this case."  Ex. A, Att. 15 at 4.  But when the FTC asked for Amazon's counterproposal regarding the total number of depositions (Ex. A, Att. 4 at 5), Amazon again moved the goalposts, stating that because the FTC had not provided certain "information"—primarily, a final list of all 35

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    deponents—Amazon was "not in a position to offer a counterproposal to the FTC's proposed 35

2    deposition limit." Ex. A, Att. 16 at 3.

3    **II.     ARGUMENT**

4           Courts "must grant leave" to exceed ten depositions "to the extent consistent with Rule

5    26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2).  Rule 26(b)(1) and (2), in turn, establish the general

     rules regarding proportionality in discovery.  Although parties "should *ordinarily* exhaust their
6
     allowed number of depositions before making a request for additional [depositions],"
7
     *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013) (emphasis added), "there is no
8
     reason to conclude that if the need for additional depositions is clear from the outset the court
9
     must engage in arbitrary delay before entertaining a motion for depositions in excess of the
10
     presumptive 10."  *Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*, 2018 WL 5993585, at *2
11
     (E.D. Cal. Nov. 6, 2018); *see also Mintz v. Mark Bartelstein & Assocs., Inc.*, 2012 WL 12886492
12
     at *1 (C.D. Cal. Sept. 14, 2012) ("If the motion is made before ten depositions are completed, the
13
     moving party must show, among other things, that there are multiple parties and that the
14
     complexity of the case warrants more than ten depositions.").  Some courts, including in this
15
     district, have held that the party seeking to increase deposition limits generally must make a
16
     "particularized showing" of the need for additional depositions.  *Thykkuttathil*, 294 F.R.D. at
17
     600.  Other courts, including in this circuit, have "required only a Rule 26(b)(2) 'benefits versus
18
     burden approach' and sought to ensure 'the discovery is not unreasonably cumulative or
19
     duplicative.'"  *City of Lincoln v. United States*, 2018 WL 3917711, at *8 (E.D. Cal. Aug. 16,
20
     2018) (quoting *Laryngeal Mask Co. v. Ambu A/S*, 2009 WL 10672436, at *4 (S.D. Cal. July 17,
21
     2009)).  Regardless of which approach the Court takes, the FTC meets its burden, given the

     complexity and importance of this case.
22
            **A.     Compelling Circumstances Support the Need for Excess Depositions.**
23
            Courts repeatedly have held that, in complex cases, the ten-deposition limit should be

     adjusted upwards.  *See, e.g.*, *Couch v. Wan*, 2011 WL 4499976, at *2 (E.D. Cal. Sept. 27, 2011)

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

(finding "the complexity of this case justifies exceeding the presumptive deposition limit," in part because there were "multiple defendants" and "multiple events" at issue); *Mintz*, 2012 WL 12886492, at *3 (allowing excess depositions where not disproportionate to "the amount in controversy or the complexity of the claims"); *Egana v. Blair's Bail Bonds, Inc.*, 2019 WL 8277616, at *2 (E.D. La. Jan. 23, 2019) ("Courts allow parties to exceed the ten-deposition limit when the case involves complex facts or claims.").

This Court implicitly recognized the same principle in the *FTC v. Amazon* antitrust matter.  There, in the parties' initial Joint Status Report, the FTC sought permission to conduct 630 hours of party-witness depositions (equivalent to 90 full-day depositions) and 350 hours of nonparty-witness depositions (equivalent to 50 full-day depositions).  *See* Joint Status Report and Discovery Plan, *FTC v. Amazon.com, Inc.*, No. 23-cv-1495-JHC, Dkt. No. 135, at 27 (Dec. 15, 2023).  Amazon countered that only 10 depositions of party witnesses should be permitted, with unlimited third-party depositions.  *Id.* at 33-36.  The Court referred to Amazon's proposed 10-deposition limit as "comically low," later clarifying that it understood why Amazon had taken that position.  *See* Feb. 8, 2024 Hearing Tr., *FTC v. Amazon.com, Inc.*, No. 23-cv-1495-JHC, Dkt. No. 153, at 7, 14.  After additional briefing, the Court permitted 80 party depositions and 70 nonparty depositions per side, without requiring either side to identify the specific witnesses it intended to depose *ex ante*.  *See* Order re: Deposition Limits, *FTC v. Amazon.com, Inc.*, No. 23-cv-1495-JHC, Dkt. No. 166 (Feb. 20, 2024).

Here, the FTC's request for 35 depositions is both reasonable and proportionate to the needs of the case.  The FTC's allegations address at least seven years of misconduct by Amazon and relate to two distinct matters:  the methods by which consumers enroll in Prime, and the methods by which consumers cancel their Prime subscriptions.  As of three years ago, Amazon readily admitted that at least 500 employees had worked on Prime enrollment and cancellation. Ex. A, Att. 1.  The FTC plans to depose employees from several different Amazon organizations and project teams, including Prime Retention, Prime Acquisition, Shopping, Global Prime

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 8

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

Experience (GPX), Content Experimentation & Optimization, Customer Service, and Prime

Finance.  Additionally, the FTC must conduct discovery related to far more than questions of

3

whether Amazon's enrollment and cancellation processes were lawful.  Other relevant issues

4

include (1) each of the three Individual Defendants' roles in and liability for Amazon's

5

misconduct, (2) whether there is a likelihood of recurrence, which would justify a permanent

6

injunction against Defendants, (3) the scope of any such injunction against each Defendant, (4)

7

whether each Defendant acted with sufficient culpability to justify an award of civil penalties,

and (5) the appropriate amount of consumer redress and civil penalties.

8

The traditional proportionality factors also support the FTC's request.  *See* Fed. R. Civ. P.

9

26(b)(1) (listing, among other factors, the "importance of the issues at stake in the action," "the

10

amount in controversy," and "the parties' resources").  The FTC alleges that Amazon unlawfully

11

charged millions of consumers for Prime memberships that they did not know about or agree to,

12

or that they reasonably thought they had cancelled.  Even setting aside the monetary harm, Prime

13

is one of, if not the, country's largest subscription programs, and Amazon's years-long scheme to

14

unlawfully enroll people and prevent them from cancelling is therefore of significant public

importance.  Amazon's resources, moreover, are, unlimited for all practical purposes.[4]

15

Additionally, contrary to Amazon's repeated assertions, there is no reason to expect the

16

FTC's depositions to be duplicative or cumulative.  Amazon, for example, has argued that the

17

FTC's depositions are unnecessary because of the FTC's pre-complaint investigation.  That

18

argument is legally and factually deficient.  First, on the law, as the FTC stated in the initial Joint

19

Status Report, the FTC is aware of no case in which a Court relied on a pre-suit investigation to

20

limit a party's litigation discovery.  Dkt. #65 at 7-8.  Amazon, likewise, has identified no such

21

case to date.  Second, on the facts, the pre-suit investigation is no substitute for discovery.  As a

22

threshold matter, the investigation serves an entirely different purpose from litigation discovery.

23

---

[4] Amazon's most recently quarterly SEC filing disclosed over $71 billion in "cash and cash equivalents" on hand and, from the first half of 2024 alone, $291 billion in net sales ($21 billion from subscription fees for Prime and other services).  *See* Amazon.com, Inc., Quarterly Report (From 10-Q), at 4, 6, 20 (Aug. 2, 2024).

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 9

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

*See, e.g.*, *United States v. Witmer*, 835 F. Supp. 208, 219 (M.D. Pa. 1993), *aff'd*, 30 F.3d 1489 (3d Cir. 1994) ("[U]sing [civil investigative demands] for a purpose other than to determine if there is sufficient evidence to file suit would be improper.").  Furthermore, as explained above, the FTC, when selecting investigational hearing witnesses and then questioning them, had only a fraction of the information it now possesses.  *See supra* p. 3.

　　Beyond its argument based on the FTC's investigation, Amazon has asserted the depositions will be duplicative of each other and the documents produced by Amazon.  Ex. A, Att. 11 at 4.  The FTC has no interest in conducting duplicative depositions.  For the reasons described above, however, the complexity of Amazon's operations, the long period of over which the misconduct occurred, and the number of employees involved necessitate extra depositions.  That is particularly true given that, throughout the FTC's IHs and depositions, witnesses have expressed foggy recollections of key events and an unwillingness or inability to interpret their colleagues' words or writings.  This makes obtaining direct testimony from additional witnesses who wrote the documents at issue and participated in key events all the more important.  *See, e.g.*, *City of Lincoln*, 2018 WL 3917711, at *8 ("While the City has had the opportunity to pursue the same discovery by less intrusive means, the court finds that 'oral testimony likely can prove these allegations and that other less-intrusive discovery devices may be ineffective.'" (quoting *Couch*, 2011 WL 4499976, at *2)).

　　Similarly, Amazon's argument that the FTC should simply rely on the documents Amazon produced (Ex. A, Att. 11 at 4) would be unconvincing in any case, but is especially so here.  The evidence is clear that Amazon went out of its way to *avoid* creating a written record of its wrongdoing.  *See, e.g.*, Dkt. #90-2 at 233 (Amazon vice president:  "[I]t's not appropriate to have this conversation over email, and increasingly a mass one at that (just adding P&C does little).");  *cf. United States v. Google LLC*, --- F. Supp. 3d ----, 2024 WL 3647498, at *133-34 (D.D.C. Aug. 5, 2024) (describing creation of "faux privileged materials" and instructions that employees "avoid using certain antitrust buzzwords in their communications," and writing that

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 10

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1
2
3
4
5

"the court is taken aback by the lengths to which Google goes to avoid creating a paper trial for regulators and litigants").  For all of these reasons, the FTC's request for 35 depositions is fully justified, and Amazon will be unable to "place before the Court specific evidence demonstrating that the burden or expense outweighs [the additional depositions'] likely benefit."  *Mintz*, 2012 WL 12886492, at *3.

6

**B.      There Is No Basis for Forcing the FTC to Identify All of Its Intended Deponents Now.**

7
8
9
10
11
12
13
14
15
16

Amazon repeatedly has refused to counter the FTC's request for 35 fact-witness depositions until the FTC provides a list of all 35 witness it plans to depose.  Amazon's position is untenable, especially in light of its delayed document productions.  *See supra* pp. 3, 6.  Additionally, the FTC has identified 22 deponents and has further explained that the remaining deponents will likely be selected from among the 50 other document custodians that Amazon has searched for responsive documents.  The FTC continues to review Amazon's recent document productions, in addition to the deposition testimony it is in the process of obtaining, to decide on further witnesses.  This approach is entirely reasonable.  For example, the FTC only requested proposed deponent Sara Mead's testimony after another deponent said he could not remember whether Jamil Ghani had said what Ms. Mead's notes reflect:  that Amazon should put "good design principles" on the backseat to mitigate potential member losses, and then fix the resulting "terrible CX [customer experience]" in the future.  Ex. A, Att. 3 at 3.

17
18
19
20
21
22
23

Additionally, Amazon's apparent argument that the Court should wait until the FTC has definitively identified all witnesses it plans to depose before the Court grants it permission to proceed would be more inefficient for the parties and the Court than simply granting this Motion or otherwise setting a limit on the number of depositions.  The parties have already spent three months meeting and conferring on this issue, including exchanging at least 14 letters and emails.  Nevertheless, Amazon has still provided no position, for example, on the FTC's two-month-old request to depose Mary Pat Gotschall and Benjamin Goeltz.  Extending the process further will almost certainly lead to the FTC presenting one or more time-sensitive motions to depose

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 11

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1
2
3

specific witnesses.  It is for this exact reason—"eliminating the need for special motions"—that parties are encouraged to address the need for extra depositions up-front.  *U-Haul Co. of Nevada, Inc. v. Gregory J. Kramer, Ltd.*, 2013 WL 1249702, at *2 (D. Nev. Mar. 26, 2013).

4

### III.   CONCLUSION

5
6

For the foregoing reasons, the FTC respectfully requests the Court grant it leave to conduct up to 35 fact-witness depositions.

7

### LOCAL RULE 7(e) CERTIFICATION

8
9

I certify that this memorandum contains 4,062 words, in compliance with the Local Civil Rules.

10

### LOCAL RULE 37(a)(1) CERTIFICATION

11
12
13
14
15
16
17
18
19

I certify that counsel for the FTC has in good faith conferred with counsel for Defendants in an effort to resolve this dispute without court action.  Counsel for the parties met and conferred by phone on June 5, 2024, with the following attorneys present:  Evan Mendelson (FTC), Olivia Jerjian (FTC), Thomas Maxwell Nardini (FTC), Sana Chaudhry (FTC), Anthony Saunders (FTC), Laura Flahive Wu (Amazon), Kevin Kelly (Amazon), Haley Johnson (Amazon), Joseph Reiter (Amazon), and James Howard (Amazon).  Counsel also exchanged written correspondence relating to this dispute at least the following dates: May 17, 2024; May 20, 2024; May 24, 2024; May 29, 2024; June 4, 2024; June 6, 2024; June 10, 2024; June 24, 2024; July 1, 2024; July 10, 2024; July 18, 2024; July 26, 2024; July 31, 2024; and August 13, 2024.

20
21
22
23

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 12

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Dated:  August 28, 2024

/s/ Evan Mendelson
EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
SANA CHAUDHRY (NY Bar #5284807)
ANTHONY SAUNDERS (NJ Bar #008032001)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 13

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320