The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-0932<br><br>**STIPULATED MOTION TO SEAL MATERIAL CITED IN EXHIBIT A TO FTC'S MOTION FOR EXCESS FACT-WITNESS DEPOSITIONS**<br><br>NOTE ON MOTION CALENDAR:<br>August 28, 2024 |

Pursuant to Local Civil Rule 5(g), Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") and Defendant Amazon.com, Inc. ("Defendant" or "Amazon") respectfully jointly move the Court to seal certain documents, or excerpts thereof, cited in the Declaration of Olivia Jerjian ("Jerjian Declaration"), which is Exhibit A to Plaintiff's Motion for Excess Fact-Witness Depositions ("Deposition Motion"). In support of this Stipulated Motion, Plaintiff and Defendant state as follows.

    1.    On August 28, 2024, the FTC filed its Deposition Motion. Dkt. #183.

STIPULATED MOTION TO SEAL MATERIAL
CITED IN EXHIBIT A TO MOTION FOR
EXCESS FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2. On the same day, the FTC filed under seal an unredacted version of the Jerjian Declaration. Dkt. #185. The FTC has also filed a redacted, public version of the Jerjian Declaration. Dkt. #186.

3. The FTC and Amazon jointly move to seal material cited in the Jerjian Declaration (the "Sealed Material"), which is identified in the chart below and attached to the Jerjian Declaration. The proposed sealed portion is highlighted in blue in the exhibit attached to the unredacted Jerjian Declaration filed under seal.

4. The Court's Protective Order (ECF No. 124 ¶ 5.4) and Local Rule 5(g)(3)(B) require that the Party seeking to file information under seal provide (1) a statement of the applicable legal standard, (2) the legitimate private or public interests that warrant the relief sought, (3) the injury that will result if the relief sought is not granted, and (4) why a less restrictive alternative to the relief sought is not sufficient. Amazon submits paragraphs 5-8 in accordance with these requirements.

5. A party seeking to seal documents attached to a non-dispositive motion need only show "good cause" to keep the documents from public view because "the public has less of a need for access to court records attached only to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("good cause" standard applies to non-dispositive motion unrelated to the merits of the case). The Deposition Motion is a non-dispositive motion. To show good cause, the moving party must articulate a specific harm that would occur if the subject information was made public. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Furthermore, even under the heightened "compelling

STIPULATED MOTION TO SEAL MATERIAL
CITED IN EXHIBIT A TO MOTION FOR
EXCESS FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

2

1  reasons" standard used for sealing information attached to dispositive motions, courts have long

2  recognized that "business information that might harm a litigant's competitive standing" should

3  be sealed. *See, e.g.*, *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598 (1978).

4        6.     Amazon's legitimate business interests warrant the relief sought. Amazon seeks

5  to seal only limited confidential business information, such as internal metrics and proprietary

6  internal analyses, similar to those described in Amazon's declaration in support of its earlier

7  motion to seal. *See* ECF No. 42. This Court granted a motion to seal similar information under a

8  heightened "compelling reasons" standard in this case. *See* ECF No. 79. This Court also granted

9  a motion to seal similar information under the "good cause" standard applicable to discovery

10 motions. *See* ECF No. 164. The limited information that Amazon seeks to seal thus easily

11 satisfies the applicable "good cause" standard. For the Sealed Material, Amazon further takes

12 the following positions:

| Document | Proposed Seal | Amazon's Position |
|---|---|---|
| AMZN_00156573 (Attachment 3 to Jerjian Declaration) | Redactions, at page 2 (AMZN_00156574) | Proposed redactions are necessary to protect highly sensitive commercial information. |

      7.     As explained in Amazon's original motion to seal similar information, which the Court granted, the public release of this information would harm Amazon's competitive position. *See* ECF No. 41. The risk of Amazon's competitors using this commercially sensitive information to their own advantage significantly outweighs any limited public interest in public disclosure of these few discrete pieces of information. *See, e.g.*, *McCrary v. Elations Co. LLC*, 2014 WL 12589137, at *6 (C.D. Cal. Dec. 2, 2014) (sealing internal clinical studies and

STIPULATED MOTION TO SEAL MATERIAL
CITED IN EXHIBIT A TO MOTION FOR
EXCESS FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

3

1  consumer surveys because "disclosure of these documents could benefit Defendant's competitors

2  and reduce any business advantage that Defendant currently possesses").

3      8.    There is no less restrictive alternative to sealing the discrete pieces of information

4  that Amazon has identified. Amazon has applied only limited redactions. This approach is

5  aligned with the previous redactions and sealed filings that Amazon sought and this Court

6  granted. *See* ECF Nos. 41, 79, 164.

7      9.    The FTC stipulates to filing under seal the documents or portions of documents

8  identified above. It takes no position as to Amazon's assertions in paragraphs 5-8 above.

**LOCAL RULES 5(g)(3)(A), 7(e) CERTIFICATION**

Pursuant to Local Rule 5(g)(3)(A), undersigned counsel certify that they met and conferred by phone on August 26, 2024 to reach the agreement described in this stipulated motion.

Undersigned counsel also certify that this memorandum contains 737 words, in compliance with the Local Civil Rules.

Dated: August 28, 2024        /s/ Evan Mendelson

EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
SANA CHAUDHRY (NY Bar #5284807)
ANTHONY SAUNDERS (NJ Bar #008032001)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)

STIPULATED MOTION TO SEAL MATERIAL        Federal Trade Commission
CITED IN EXHIBIT A TO MOTION FOR        600 Pennsylvania Avenue NW
EXCESS FACT-WITNESS DEPOSITIONS        Washington, DC 20580
Case No. 2:23-cv-0932        (202) 326-3320

4

```
                        COLIN D. A. MACDONALD (WSBA # 55243)
                        Federal Trade Commission
                        915 Second Ave., Suite 2896
                        Seattle, WA 98174
                        (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

                        Attorneys for Plaintiff
                        FEDERAL TRADE COMMISSION


                        DAVIS WRIGHT TREMAINE LLP

                        By  /s/ Kenneth E. Payson
                            Kenneth E. Payson, WSBA #26369
                            James Howard, WSBA #37259
                            920 Fifth Avenue, Suite 3300
                            Seattle, WA  98104-1610
                            Telephone: (206) 622-3150
                            Fax: (206) 757-7700
                            E-mail: kenpayson@dwt.com
                                    jimhoward@dwt.com

                        COVINGTON & BURLING LLP

                            Stephen P. Anthony*
                            Laura Flahive Wu*
                            Laura M. Kim*
                            John D. Graubert*
                            850 Tenth Street, NW
                            Washington, DC  20001
                            Telephone: (206) 662-5105
                            E-mail: santhony@cov.com
                                    lflahivewu@cov.com
                                    lkim@cov.com
                                    jgraubert@cov.com

                            John E. Hall*
                            415 Mission Street, Suite 5400
                            San Francisco, CA  94105
                            Telephone: (415) 591-6855
                            E-mail: jhall@cov.com

                            Megan L. Rodgers*
                            3000 El Camino Real
                            Palo Alto, CA  94306
                            Telephone: (650) 632-4734
                            E-mail: mrodgers@cov.com
```

STIPULATED MOTION TO SEAL MATERIAL
CITED IN EXHIBIT A TO MOTION FOR
EXCESS FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

5

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
mkaba@hueston.com
jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants
AMAZON.COM, INC., NEIL LINDSAY,
RUSSELL GRANDINETTI, and JAMIL GHANI

STIPULATED MOTION TO SEAL MATERIAL
CITED IN EXHIBIT A TO MOTION FOR
EXCESS FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

6