The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

FEDERAL TRADE COMMISSION,

                Plaintiff,

    v.

AMAZON.COM, INC., *et al.*,

                Defendants.

No. 2:23-cv-0932-JHC

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCEED THE DEPOSITION LIMIT**

**NOTED ON MOTION CALENDAR: September 18, 2024**

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 1

II.  BACKGROUND .................................................................................................. 1

     A.   The FTC Obtained Significant Discovery During Its Pre-Suit
          Investigation. ................................................................................................ 1

     B.   Amazon Engaged in Good Faith Negotiations with the FTC over the
          Default Deposition Limit. .......................................................................... 2

III. LEGAL STANDARD .......................................................................................... 4

IV.  ARGUMENT ...................................................................................................... 5

     A.   The FTC Has Not Taken Its Allotted Number of Depositions. ........................ 5

     B.   The FTC Has Not Made the Requisite Showing to Support Its Motion. ............... 7

V.   CONCLUSION .................................................................................................. 11

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*,
  2018 WL 5993585 (E.D. Cal. Nov. 6, 2018) ..........................................................................6

*Agne v. Rain City Pizza LLC*,
  2012 WL 12882906 (W.D. Wash. Nov. 13, 2012) ...............................................................5, 6

*City of Lincoln v. United States*,
  2018 WL 3917711 (E.D. Cal. Aug. 16, 2018) .....................................................................7, 8

*Couch v. Wan*,
  2011 WL 4499976 (E.D. Cal. Sept. 27, 2011) ........................................................................9

*Egana v. Blair's Bail Bonds, Inc.*,
  2019 WL 8277616 (E.D. La. Jan. 23, 2019) ...........................................................................9

*FMC Techs., Inc. v. Edwards*,
  2006 WL 8454813 (W.D. Wash. Mar. 20, 2006) .....................................................................9

*Galajian v. Beard*,
  2016 WL 5373116 (W.D. Wash. Sept. 26, 2016) .............................................................5, 6, 7

*Gonzalez v. Cnty. of Alameda*,
  2023 WL 7164911 (N.D. Cal. Oct. 31, 2023) ........................................................................10

*Kaseberg v. Conaco, LLC*,
  2016 WL 8729927 (S.D. Cal. Aug. 19, 2016) ...................................................................7, 10

*Lloyd v. Valley Forge Life Ins. Co.*,
  2007 WL 906150 (W.D. Wash. Mar. 23, 2007) ................................................................5, 6, 8

*Mintz v. Mark Bartelstein & Assocs., Inc.*,
  2012 WL 12886492 (C.D. Cal. Sept. 14, 2012) ...................................................................6, 9

*Smith v. Ardew Wood Prods., Ltd.*,
  2008 WL 4837216 (W.D. Wash. Nov. 6, 2008) .............................................................5, 8, 11

*Thykkuttathil v. Keese*,
  294 F.R.D. 597 (W.D. Wash. 2013) ............................................................................... *passim*

*Thykkuttathil v. Keese*,
  294 F.R.D. 601, 603 (W.D. Wash. 2013) ..............................................................................10

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Wright v. Washington*,
   2024 WL 3833330 (W.D. Wash. Aug. 15, 2024) ........................................................... *passim*

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.      INTRODUCTION

Having taken only five of the ten depositions permitted under the Federal Rules, the FTC now asks this Court for more than three times the standard number.  The FTC's motion is both procedurally improper and substantively unjustified.  Any request for additional depositions (which is to say nothing of the huge increase the FTC seeks) requires the movant to exhaust its current depositions and identify specific facts justifying additional depositions.  In this case, the FTC has done neither.  In the spirit of compromise, Amazon already consented to increase the limit to 16 identified depositions, and made clear it is willing to negotiate a larger number if the FTC will identify the additional deponents and the non-duplicative reasons their testimony is sought.  But in response to Amazon, and in its motion to the Court, the FTC refuses to do so. After working on this case for more than three years, receiving hundreds of thousands of documents, and obtaining testimony from 35 investigational hearings, the FTC is doubtlessly in a position to identify the witnesses it feels it needs to examine and explain with particularity the reasons why – as the law requires.  Because the FTC has failed to meet its burden, its motion should be denied.

## II.      BACKGROUND

### A.      The FTC Obtained Significant Discovery During Its Pre-Suit Investigation.

The FTC began its investigation into Amazon Prime over three years ago.  In addition to extensive written discovery, the FTC received sworn Investigational Hearing (IH) testimony from at least 35 current and former Amazon employees—over 200 hours of testimony.[1] Dkt. 65 at 11.  *See* September 12, 2024 Declaration of Laura Flahive Wu ("Decl."), Exhibit 1. The FTC used its broad investigative powers during the IHs to question most of the witnesses for a full seven hours, and to prohibit Amazon's in-house counsel from attending these pre-trial depositions.

The FTC used this voluminous discovery to sue Amazon.  Whereas most litigants bring claims without the benefit of a pre-suit investigation or compulsory process powers, the FTC has

---

[1] The FTC incorrectly states there were 34 (instead of 35) IHs.  Mot. 2.

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

known for years the evidence it will use in its case and the alleged involvement of certain individuals.  The FTC claims the "goal of the IHs was not to develop the evidence necessary to prove the FTC's as-yet-unasserted claims by a preponderance of the evidence."  Mot. 2.  If that were true, the FTC would not have asked Amazon to stipulate to the treatment of all 35 IH transcripts "as though they were depositions taken in this case" (the "IH Stipulation").  Decl. Ex. 4 at 1.

**B.      Amazon Engaged in Good Faith Negotiations with the FTC over the Default Deposition Limit.**

When the parties submitted their Joint Status Report at the outset of this case, the FTC sought permission to depose up to 30 fact witnesses.  Dkt. 65 at 5.  The FTC made similar points to those here, including the asserted complexity of the case and the number of Amazon employees involved in Prime enrollment or cancellation.  *Id*. at 5–6, 9–10.  Amazon responded that the FTC should first take the ten depositions permitted under Rule 30 and then seek leave to take additional depositions to the extent they proved necessary.  *Id.* at 14.  The Court's order left in place the default ten-deposition limit.  Dkt. 66.

Eight months later, the FTC sought Amazon's consent to the FTC "exceeding the default ten-deposition limit" to conduct 16 depositions.  Decl. Ex. 3 at 2.  The next business day, the FTC sent another letter requesting that Defendants consent to (i) "the FTC's taking up to 35 fact witness depositions" if the parties agreed to the IH Stipulation, or (ii) the FTC taking up to "55 fact witness depositions" if the parties did not.  Ex. 4 at 2.  Amazon expressed openness to entering into the IH Stipulation, but the FTC had not justified with particularity its reasons for taking additional depositions above the default limit.  *See* Ex. 5 at 1–2.

Over the past several months, Amazon has tried to negotiate an agreement with the FTC on the number of depositions each party may take in excess of the presumptive cap imposed by Rule 30(a)(2).  As seen in the parties' correspondence, Amazon has always been willing to agree to more depositions in this case if the FTC explains why they are necessary.  *See* Exs. 5–6, 9–10.  The record shows Amazon's consistent, good faith reasonable attempt at compromise:

- In May 2024, Amazon asked the FTC to "prioritize the 10 depositions to which it is entitled before determining it needs more."  Ex. 5 at 2.

- In June 2024, seeking to compromise and avoid burdening the Court, Amazon proposed going above the ten-deposition cap to 16 depositions, to accommodate depositions of all individuals the FTC had identified.[2]  *See* Ex. 6 at 3.

- Amazon has made clear that it is open to even more depositions, as long as the FTC identifies who it wants to depose.  *See* Ex. 9 at 1.

Amazon further offered to stipulate to the admissibility of transcripts for all IHs that Amazon had received prior notice (29 of 35 IHs), so long as the FTC committed to a finite number of depositions and identified which IH witnesses it would not seek to re-depose. *See* Ex. 6 at 3.  The FTC later revised the proposed IH Stipulation to cover only 15 IH transcripts, and the parties filed that stipulation on August 27, 2024.  Dkt. 181-1.

Despite Amazon's attempts to facilitate a compromise, the FTC refuses to identify whom it wishes to depose and whether those individuals would have information that does not duplicate or substantially overlap with information the FTC has already obtained.  There can be no serious question that, after a multi-year investigation and more than a year of litigation, the FTC is capable of identifying its likely deponents and explaining for each why such testimony is reasonably necessary and likely to be non-duplicative.  Aside from the more than three dozen Amazon witnesses the FTC has already examined, the document discovery record obtained by the FTC is exhaustive.  The FTC has had access to over one hundred thousand documents from 75 document custodians since March 2024.  Decl. ¶ 2.  While Amazon produced another voluminous set of documents in May and July 2024, these recent productions were largely cumulative of documents already produced.  Ex. 10 at 2.[3]

---

[2] Amazon agreed to present all 16 witnesses the FTC noticed for deposition, including Ben Goeltz – who the FTC inaccurately states Amazon has refused to present for deposition.  *See* Decl. Ex. 8; *see also* Ex. 2 (listing 16 noticed deponents).

[3] These productions were made after the parties spent months negotiating over the scope of discovery due to the FTC's overbroad requests for additional search terms and custodians; the parties did not reach agreement on proposed additional custodians until April 17, 2024.  Decl. Ex. 7 at 2.

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

As of the filing of its motion, the FTC had taken five fact depositions.  Still unwilling to identify the remaining witnesses it supposedly needs to depose, the FTC has instead made piecemeal requests for additional depositions.  Decl. Exs. 9 at 1; 10 at 2.  The FTC has also changed its list of "priority 10" witnesses multiple times.  Ex. 9 at 1.  To date, the FTC has identified thirteen additional deponents beyond the ten-deposition cap.  Decl. ¶ 4.  When asked to confirm that its current list included all of the FTC's intended deponents, the FTC often added one or two more people.  Exs. 9 at 1; 10 at 2.  This occurred as recently as September 4, 2024, when the FTC identified Reid Nelson for potential deposition even though the FTC obtained IH testimony from Mr. Nelson over two years ago.  Decl. ¶ 4.  The FTC also recently identified Sara Mead as a potential deponent after another deponent refused to speculate about whether Ms. Mead had accurately typed up her notes.  Mot. 11.  But Ms. Mead's notes were produced to the FTC almost two years ago.  Decl. ¶ 3.  This has resulted in a highly inefficient process that has impeded a global compromise.  Amazon has always remained willing to work with the FTC to accommodate reasonable requests to proceed with additional depositions above the limit if there is a showing that the deposition would yield new information.  But as the record shows, the FTC continues to refuse Amazon's request for a list of proposed deponents.  Without this information, Amazon cannot assess whether the depositions would be cumulative or duplicative of testimony the FTC has already obtained, including from its pre-suit investigation.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 30(a)(2) "limits the number of depositions each side is allowed to take to ten…. The ten-per-side limit is intended to promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative or duplicative' discovery."  *Wright v. Washington*, 2024 WL 3833330, at *1 (W.D. Wash. Aug. 15, 2024) (quoting *Thykkuttathil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013).  When adjudicating a motion to exceed the limit, the Court assesses whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Id.*; Fed. R. Civ. P. 26(b)(2). Because "[a] party seeking to exceed the presumptive number of depositions must make a particularized showing of why the discovery is necessary … courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A). Moreover, Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion [to take additional depositions] is filed." *Smith v. Ardew Wood Prods., Ltd.*, 2008 WL 4837216, at *1 (W.D. Wash. Nov. 6, 2008).

## IV.   ARGUMENT

The FTC's motion should be denied because the FTC has not exhausted the standard number of depositions permitted in civil cases, and because the FTC has failed to demonstrate with particularity its need for additional depositions.

### A.   The FTC Has Not Taken Its Allotted Number of Depositions.

The FTC is seeking Court intervention before taking the ten depositions permitted under Rule 30(a)(2). Courts in this District require litigants to exhaust the ten-deposition limit before a court may grant additional depositions. *See, e.g.*, *Agne v. Rain City Pizza LLC*, 2012 WL 12882906, at *1 (W.D. Wash. Nov. 13, 2012) ("[A] request … for leave to take more than ten depositions is premature before a party has exhausted the ten permitted under Rule 30(a)(2)."); *Galajian v. Beard*, 2016 WL 5373116, at *2 (W.D. Wash. Sept. 26, 2016) (same); *Smith*, 2008 WL 4837216, at *1 ("[A] party should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses[.]"); *Lloyd v. Valley Forge Life Ins. Co.*, 2007 WL 906150, at *2 (W.D. Wash. Mar. 23, 2007) (same); *Wright*, 2024 WL 3833330, at *2 ("*Even if Plaintiff had met his burden* [of showing a particularized need for additional depositions] here, his motion is premature.") (emphasis added). Thus, premature

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   motions to exceed the deposition limit are routinely denied, including when (like here) the

2   movant has taken at least half of its allotted depositions, and even when (unlike here) the movant

3   requests only a handful of depositions beyond the limit.  *See, e.g.*, *Thykkuttathil*, 294 F.R.D. at

4   600 (less than ten taken; 16 requested); *Wright*, 2024 WL 3833330, at *2 (five taken; 16

5   requested); *Galajian*, 2016 WL 5373116, at *2–3 (five taken; 12 requested); *Agne*, 2012 WL

6   12882906, at *1 (three taken; request to exceed ten); *Lloyd*, 2007 WL 906150, at *2 (two taken;

7   21 requested); *Smith*, 2008 WL 4837216, at *1 (one taken; 15 requested).

8        The FTC ignores this District's precedent.  It also tellingly fails to identify *any* decision

9   from this District granting a pre-exhaustion motion to exceed the ten-deposition limit.  Instead,

10  the FTC references more permissive out-of-district decisions that waived the exhaustion

11  requirement.  *See* Mot. 7 (citing *Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*, 2018 WL

12  5993585, at *2, (E.D. Cal. Nov. 6, 2018); *Mintz v. Mark Bartelstein & Assocs., Inc.*, 2012 WL

13  12886492, at *2 (C.D. Cal. Sept. 14, 2012)).  These cases are unpersuasive and, more

14  importantly, did not involve a plaintiff that engaged in extensive, unilateral pre-litigation

15  discovery as the FTC did here and yet refused to identify certain potential deponents.  *See*

16  *Aerojet*, 2018 WL 5993585, at *1, *3–4 ("particularized need" demonstrated as to some

17  identified deponents); *Mintz*, 2012 WL 12886492, at *2 (permitting additional depositions where

18  there were "multiple parties" and the nonmovant's trial witnesses were specifically identified as

19  proposed deponents).  Either way, the complexity of a case does not excuse the movant from

20  exhausting its allotted depositions.  *See Agne*, 2012 WL 12882906, at *1 (denying "premature"

21  motion even though "[g]iven the complexity of the case, it is likely that Plaintiffs will need to

22  take more than ten depositions.").

23       Without satisfying the exhaustion requirement, Amazon (and this Court) cannot assess

24  whether the FTC's request for additional depositions is "unreasonably cumulative or

25  duplicative."  *Wright*, 2024 WL 3833330, at *1, 2 ("The purpose of this rule is to ensure litigants

26  know the full scope of information they can gather from their ten permitted deponents before

27  making an informed decision as to whether more depositions are necessary."); *see also Lloyd*,

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 6

2007 WL 906150, at *2 ("[F]ailure to comply with [the exhaustion rule] renders the Court unable to grant the requested relief on the record.").  That should be the end of the inquiry.

### B.     The FTC Has Not Made the Requisite Showing to Support Its Motion.

The FTC's motion should also be denied because it has not met the requirement of making "a particularized showing of why the discovery is necessary."  *Lloyd*, 2007 WL 906150, at *2.  Courts must assess the Rule 26(b)(2) factors for each deposition sought above the limit. *See, e.g.*, *Wright*, 2024 WL 3833330, at *1–2 (denying motion where plaintiff could not explain with particularity his request to depose eight defendants and "any experts or designees that defendants declare," and instructing plaintiff to "ensure his renewed motion shows, with particularity, why each additional deposition is necessary"); *Thykkuttathil*, 294 F.R.D. at 600 (denying motion where defendant "refrained from specifying the identity of the additional witnesses to be deposed" because the court was "accordingly unable to assess whether the additional depositions would be unreasonably duplicative or cumulative"); *City of Lincoln v. United States*, 2018 WL 3917711, at *9 (E.D. Cal. Aug. 16, 2018) (denying in part motion to take additional depositions where movant "has not identified sufficient persons to justify raising the total number of depositions to twenty"); *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *4 (S.D. Cal. Aug. 19, 2016) (denying motion as to "the unknown deponents [because] the Court finds that Plaintiff has failed to make the requisite particularized showing").  Without a particularized showing, courts "cannot weigh the benefits and burdens of granting" additional depositions.  *Wright*, 2024 WL 3833330, at *2.

The FTC has failed to satisfy its burden.  As an initial matter, the FTC does not explain why the information it seeks "cannot be obtained through other means of discovery," even though the FTC's own actions in requesting the IH Stipulation demonstrate it can.  *Id.*; *see also Galajian*, 2016 WL 5373116, at *3 (motion to exceed deposition limit denied in part because "no showing why less expensive and less burdensome means of discovery are unavailable or insufficient").  In fact, the FTC makes no mention of the IH Stipulation that it initiated—a stipulation that was filed the day before the instant motion.  The FTC also omits that Amazon

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  was willing to have the stipulation cover virtually all of the IH testimony.  The FTC reversed

2  course recently and revised the stipulation to cover only 15 IHs, likely due to its recognition that

3  much of the testimony it obtained during the investigation is cumulative of the testimony it seeks

4  now.

5      Nor does the FTC articulate why any of the additional depositions "would not be

6  duplicative of what [the FTC] has already learned" from 35 IHs and five depositions.  *Wright*,

7  2024 WL 3833330, at *2.  Instead, the FTC argues that "the complexity of Amazon's operations,

8  the long period of over which the misconduct occurred, and the number of employees involved

9  necessitate extra depositions," Mot. 10.  This vague, conclusory argument fails for two reasons.

10      *First*, the fact that Amazon is a large company and hundreds of employees have worked

11  on Prime over the last seven years does not give the FTC carte blanche to depose every single

12  one of them.  The law is clear that the "number of potential witnesses does not justify deposing

13  every one," especially when—as here—"[m]any of them may duplicate each other's testimony."

14  *Lloyd*, 2007 WL 906150, at *2 (W.D. Wash. Mar. 23, 2007); *see also Wright*, 2024 WL

15  3833330, at *2 ("In any litigation there may be countless individuals whose testimony could

16  bolster a party's claims or defenses to some degree, but that does not mean each one of them is

17  worth deposing."); *Smith*, 2008 WL 4837216, at *1 (no particularized showing because "[t]he

18  number of potential witnesses … does not justify deposing every one" and plaintiffs "fail to

19  adequately explain why these depositions are necessary to rebut Plaintiff's claims").  That some

20  witnesses may have "foggy recollections of key events" or refuse to speculate about what the

21  author of a document was thinking, does not create an exception to Rule 30(a)(2), and the FTC

22  cites no case to the contrary.  *See, e.g.*, *City of Lincoln*, 2018 WL 3917711, at *7, *9 (granting

23  motion in part because "[t]he relevant events took place *over fifty years ago*, and key witnesses

24  are likely now either in poor-health or deceased; if still living they are located throughout the

25  United States" and denying motion as to witnesses not previously identified by plaintiff)

26  (emphasis added).

27

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    *Second*, the FTC's claim that this case is "significantly more complex" than others rings

2    hollow.  Mot. 1.  This is a consumer protection case about enrolling, or cancelling, an online

3    subscription program.  The FTC draws an inapt comparison to the number of depositions

4    permitted in the *FTC v. Amazon* competition litigation, the scope and complexity of which is

5    underscored by the federal and state antitrust claims that were brought by the FTC and 19 State

6    Attorneys General.  Moreover, when the FTC in this case made a similar request to conduct 20

7    additional depositions in the parties' Joint Status Report, Dkt. 65 at 5, this Court declined to

8    grant it.  Dkt. 66.  The other cases cited by the FTC to support this argument are similarly

9    unavailing.  *See, e.g.*, *Couch v. Wan*, 2011 WL 4499976, at *2–3 (E.D. Cal. Sept. 27, 2011)

10   (additional depositions permitted in RICO action involving multiple plaintiffs); *Mintz*, 2012 WL

11   12886492 at *2 (permitting additional depositions where there were multiple parties); *Egana v.*

12   *Blair's Bail Bonds, Inc.*, 2019 WL 8277616, at *3 (E.D. La. Jan. 23, 2019) (permitting movant to

13   exceed deposition limit where there was "the possibility of a potential class of plaintiffs

14   numbering in the tens of thousands").  Even if these cases were binding, the FTC has failed to

15   show why this case requires a departure from the ordinary deposition limit, much less the 16

16   depositions to which Amazon has consented.  *See FMC Techs., Inc. v. Edwards*, 2006 WL

17   8454813, at *3 (W.D. Wash. Mar. 20, 2006) (finding that, "[i]n light of the numerous witnesses

18   … and the course and complexity of discovery ... a limited number of additional depositions is

19   justified[,] [h]owever, the request for 40 depositions is extreme," and permitting only "five

20   depositions beyond the ten already allowed").

21   The FTC's failure to meet its burden is even more pronounced for those persons whom

22   the FTC refuses to identify.  The FTC protests that disclosing the particular witnesses it seeks to

23   depose is "untenable," Mot. 11, yet that is exactly what the law requires.  Without knowing who

24   these witnesses are or what they are expected to testify about, it is impossible for the FTC to

25   meet its burden to show why "each additional deposition [sought]" above the presumptive cap is

26   necessary and would not be unreasonably cumulative or duplicative.  *Wright*, 2024 WL 3833330,

27   at *2.  For example, in *Thykkuttathil*, the defendant argued that the ten-deposition limit would

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

bar defendants from deposing 29 lay witnesses and two expert witnesses disclosed by plaintiffs and "declined to provide to plaintiffs the identity of the additional witnesses to be deposed."  294 F.R.D. at 598, 600.  In denying the defendant's motion, the court explained that because the defendant had "refrained from specifying the identity of the additional witnesses to be deposed or otherwise distinguishing the additional depositions from each other and from those already conducted," the court was "unable to assess whether the additional depositions would be unreasonably duplicative or cumulative, taking into account the depositions already taken, or otherwise overly burdensome in light of their potential benefits."  *Thykkuttathil*, 294 F.R.D. at 600[4]; *see also Gonzalez v. Cnty. of Alameda*, 2023 WL 7164911, at *2 (N.D. Cal. Oct. 31, 2023) ("Because Plaintiffs do not even identify the proposed deponents, let alone explain why the depositions are needed, Plaintiffs have not satisfied their burden to demonstrate all these additional depositions are necessary."); *Kaseberg*, 2016 WL 8729927, at *4 (denying "request for additional depositions of unknown deponents" because "[t]he Court has no information by which to evaluate whether these depositions would be cumulative, duplicative, burdensome, or relevant").  The same is true here.

Moreover, Amazon's request is reasonable given that the FTC has had "ample opportunity" to identify those witnesses.  *Thykkuttathil*, 294 F.R.D. at 600.  The testimony and documents the FTC obtained during its multi-year investigation, and now the litigation, have provided more than enough information for the FTC to not only identify these potential deponents, but also state with particularity why their depositions are unlikely to yield testimony that is duplicative or cumulative of the 200+ hours of testimony it has already obtained.  Indeed, all of the witnesses noticed to date have been known to the FTC for years.

To explain its recalcitrance, the FTC claims that it "continues to review" Amazon's recent document productions.  Mot. 11.  But those productions are largely (if not entirely)

---

[4] After defendants renewed their motion in *Thykkuttathil v. Keese* to seek seven additional depositions, the court granted the request in part because defendants had "*provided an account of the identity of the additional witnesses to be deposed and the information sought from each of them.*"  294 F.R.D. 601, 603 (W.D. Wash. 2013) (emphasis added).

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

cumulative of productions that were made prior to April 2024, which the FTC has had months to review.  The FTC also asserts that it "expects" or "anticipate[s]" selecting additional unidentified witnesses from the pool of 75 document custodians.  *Id.* 1, 6.  But this means nothing when the FTC refuses to commit to taking a total number of depositions from this pool.  The FTC also claims (incorrectly) that Amazon "has argued that the FTC's [additional] depositions are unnecessary because of the [] investigation" or "the FTC should simply rely on the documents Amazon produced."  *Id.* 9–10.  This mischaracterizes the parties' negotiations and is belied by the correspondence the FTC cites.  *See id.*, Ex. A, Att. 11 at 3–4 (explaining that the FTC has had "sufficient information to identify witnesses" for depositions because the FTC engaged in expansive, one-sided discovery for years prior to the litigation, and documents produced in May 2024 were largely duplicative of past productions).

Even if a party could, in theory, justify additional depositions without identifying specific deponents, the FTC devotes just one paragraph to explaining why, in its view, additional depositions are warranted, which falls well short of the requisite showing.  Mot. 8–9.  The FTC argues that it is entitled to depose additional Prime employees because it must conduct discovery into whether the Prime enrollment and cancellation processes were lawful, the roles of the Individual Defendants in the alleged misconduct, and the appropriate remedy.  *Id.*  Far from a particularized showing, these are "generalized bases," "generic to any witness," that cannot support an arbitrary increase above the ten-deposition limit set by Rule 30(a)(2).  *Smith*, 2008 WL 4837216, at *1; *Wright*, 2024 WL 3833330.  The FTC's failure to explain the necessity of these depositions is glaring given its possession of hundreds of thousands of documents, and over 200 hours of testimony from more than 30 unique witnesses, for over a year.

## V.    CONCLUSION

Because the FTC's motion is procedurally improper and because the FTC fails to make the particularized showing required for the Court to be able to "weigh the benefits and burdens of" the request, the motion should be denied.  *Thykkuttathil*, 294 F.R.D. at 600; *see also Wright*, 2024 WL 3833330, at *2.

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    DATED this 12th day of September, 2024.

2    I certify that this memorandum contains 4,182 words, in compliance with the Local Civil

3    Rules.

4

5    DAVIS WRIGHT TREMAINE LLP

6

7    By  s/ *Kenneth E. Payson*
          Kenneth E. Payson, WSBA #26369

8         James Howard, WSBA #37259
          920 Fifth Avenue, Suite 3300

9         Seattle, WA  98104-1610
          Telephone: (206) 622-3150

10        Fax: (206) 757-7700
          E-mail:    kenpayson@dwt.com

11                   jimhoward@dwt.com

12

13   COVINGTON & BURLING LLP

14        Stephen P. Anthony*

15        Laura Flahive Wu*
          Laura M. Kim*

16        John D. Graubert*
          850 Tenth Street, NW

17        Washington, DC  20001
          Telephone: (202) 662-5105

18        E-mail:    santhony@cov.com

19                   lflahivewu@cov.com
                     lkim@cov.com

20                   jgraubert@cov.com

21        John E. Hall*
          415 Mission Street, Suite 5400

22        San Francisco, CA  94105
          Telephone: (415) 591-6855

23        E-mail:    jhall@cov.com

24

25

26

27

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA  94306
Telephone: (650) 632-4734
E-mail:    mrodgers@cov.com


HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail:    jhueston@hueston.com
             mkaba@hueston.com
             jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC.,
NEIL LINDSAY, RUSSELL GRANDINETTI,
AND JAMIL GHANI

DEFENDANTS' OPPOSITION TO MOTION TO EXCEED
THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax