The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

                Plaintiff,

     v.

AMAZON.COM, INC., *et al.*,

                Defendants.

No. 2:23-cv-0932-JHC

**DECLARATION OF LAURA FLAHIVE WU IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCEED THE DEPOSITION LIMIT**

I, Laura Flahive Wu, hereby state that I have personal knowledge of the facts set forth below.  If called as witness, I could and would testify as follows:

1.      I am a United States citizen and am over eighteen years of age.  I am a partner in the law firm of Covington & Burling LLP and one of Amazon.com, Inc.'s counsel.  My office address is 850 10th Street NW, Washington, DC 20001.

2.      As of March 31, 2024, Amazon had produced over one hundred thousand documents to the FTC from 75 document custodians.

3.      The document cited in the FTC's motion (AMZN_00156573) was produced to the FTC on or around January 6, 2023, during the FTC's investigation of Amazon.

4.      To date, the FTC has identified thirteen witnesses it wishes to depose beyond the default ten-deposition limit, including Reid Nelson, whom the FTC identified for a potential deposition on September 4, 2024.

FLAHIVE WU DECL. IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO EXCEED THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

5.      Attached as <u>Exhibit 1</u> is a complete list of the 35 witnesses who were presented for investigational hearings and gave testimony during the FTC's investigation.

6.      Attached as <u>Exhibit 2</u> to this declaration is a true and correct copy of the FTC's Notice of Deposition dated May 17, 2024.

7.      Attached as <u>Exhibit 3</u> to this declaration is a true and correct copy of a letter from counsel for the FTC to counsel for Amazon dated May 17, 2024.

8.      Attached as <u>Exhibit 4</u> to this declaration is a true and correct copy of a letter from counsel for the FTC to counsel for Amazon dated May 20, 2024.

9.      Attached as <u>Exhibit 5</u> to this declaration is a true and correct copy of a letter from counsel for Amazon to counsel for the FTC dated May 24, 2024.

10.     Attached as <u>Exhibit 6</u> to this declaration is a true and correct copy of a letter from counsel for Amazon to counsel for the FTC dated June 4, 2024.

11.     Attached as <u>Exhibit 7</u> to this declaration is a true and correct copy of a letter from counsel for Amazon to counsel for the FTC dated June 10, 2024.

12.     Attached as <u>Exhibit 8</u> to this declaration is a true and correct copy of an email from counsel for the FTC to counsel for Amazon dated June 12, 2024.

13.     Attached as <u>Exhibit 9</u> to this declaration is a true and correct copy of a letter from counsel for Amazon to counsel for the FTC dated July 1, 2024.

14.     Attached as <u>Exhibit 10</u> to this declaration is a true and correct copy of a letter from counsel for Amazon to counsel for the FTC dated July 18, 2024.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on September 12, 2024 at Washington, D.C.


___s/ *Lara Flahive Wu*_____
Laura Flahive Wu

FLAHIVE WU DECL. IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO EXCEED THE DEPOSITION LIMIT
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT 1

| Investigational Hearings of Individual Witnesses |
|---|
| Andy Jassy |
| Ben Hills |
| C.R. Brown |
| Cem Sibay |
| Dave Clark |
| David Edelstein |
| Dharmesh Mehta |
| Doug Herrington |
| Gloria Smuda |
| Greg Greeley |
| Jamil Ghani |
| Jeff Bezos |
| Katey Muus |
| Masuma Henry |
| Molly O'Donnell |
| Monique Mascio |
| Nahshon Davidai |
| Neil Lindsay |
| Nikki Baidwan |

| |
| --- |
| Omar Kalim |
| Reid Nelson |
| Russ Grandinetti |
| Sara Klainer |
| Sebastian Gunningham |
| Sharon Chiarella |
| Simone LaHood |
| Sridhar Iyer |

| **Investigational Hearings of Corporate Representatives** |
| --- |
| Austin Masterson (Grubhub+) |
| Bolong Li (Audible) |
| Brenda Spoonemore (Kindle Unlimited) |
| Gregory Fuller (Amazon Music) |
| Jamil Ghani (Cancellation and Other Topics) |
| Lisa Leung (Enrollment) |
| Nirav Desai (Subscribe and Save) |
| Robert Stangler (ESI) |

# EXHIBIT 2

The Honorable John H. Chun

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9
10
11
12
13
14

| FEDERAL TRADE COMMISSION, | Case No. 2:23-cv-0932-JHC |
|---|---|
| Plaintiff, | **PLAINTIFF FEDERAL TRADE COMMISSION'S NOTICE OF DEPOSITIONS** |
| v. | |
| AMAZON.COM, INC., et al., | |
| Defendant. | |

15
16

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, Plaintiff Federal Trade

17
Commission hereby notices the depositions of the witnesses listed below on the dates and times

18
and at the location indicated.  The depositions will be recorded by stenographic means before a

19
person authorized by law to administer oaths in accordance with Rule 28(a) of the Federal Rules

20
of Civil Procedure and will continue from day to day until completed or as otherwise scheduled

21
by counsel for Plaintiff.

| Witness | Date | Location |
|---|---|---|
| Krishna Kumar Rai | Tuesday, July 9, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 |

22
23

PLAINTIFF FTC'S NOTICE OF DEPOSITIONS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

1

| | | |
|---|---|---|
| | | Seattle, WA 98104 |
| Neel Malhotra | Wednesday, July 10, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Linnea Hagen | Thursday, July 11, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Benjamin Goeltz | Wednesday, July 17, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Lisa Leung | Thursday, July 18, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Anthony Boulis | Tuesday, July 23, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Michael Bruhanov | Wednesday, July 24, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Rex Morey | Thursday, July 25, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Llew Mason | Wednesday, July 31, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Bharath Srinivasan | Thursday, August 1, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Ulrich Hendel | Tuesday, August 6, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Sanjay Balakrishnan | Wednesday, August 7, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 |

PLAINTIFF FTC'S NOTICE OF DEPOSITIONS
Case No. 2:23-cv-0932-JHC

2

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

| | | Seattle, WA 98104 |
|---|---|---|
| Erik Schmitz | Thursday, August 8, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Jamil Ghani | Tuesday, August 27, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Neil Lindsay | Wednesday, August 28, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |
| Russell Grandinetti | Thursday, August 29, 2024 8:30am PDT | FTC – Northwest Regional Office 915 2nd Ave, Suite 2896 Seattle, WA 98104 |

Dated: May 17, 2024

/s/ Evan Mendelson

EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar # 6330190)
ANTHONY SAUNDERS (NJ Bar #008032001)
SANA CHAUDHRY (NY Bar #5284807)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)
(202) 326-2917; asaunders@ftc.gov (Saunders)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF FTC'S NOTICE OF DEPOSITIONS
Case No. 2:23-cv-0932-JHC

3

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

1

## **<u>CERTIFICATE OF SERVICE</u>**

2         I hereby certify that I caused a true and correct copy of the document to which this

3   Certificate of Service is attached to be served by email on the following attorneys for

4   Defendants.

5   DAVIS WRIGHT TREMAINE LLP

6         Kenneth E. Payson, WSBA #26369
          James Howard, WSBA #37259
7         920 Fifth Avenue, Suite 3300
          Seattle, WA 98104-1610
8         Telephone: (206) 622-3150
          Fax: (206) 757-7700
9         E-mail: kenpayson@dwt.com
                  jhoward@dwt.com

10

11  COVINGTON & BURLING LLP

12        Stephen P. Anthony
          Laura Flahive Wu
13        Laura M. Kim
          John D. Graubert
14        850 Tenth Street, NW
          Washington, DC 20001
15        Telephone: (206) 662-5105
          E-mail: santhony@cov.com
16                lflahivewu@cov.com
                  lkim@cov.com
17                jgraubert@cov.com

18        John E. Hall
          415 Mission Street, Suite 5400
19        San Francisco, CA 94105
          Telephone: (415) 591-6855
20        E-mail: jhall@cov.com

21        Megan L. Rodgers
          3000 El Camino Real
22        Paso Alto, CA 94306
          Telephone: (650) 632-4734

23

PLAINTIFF FTC'S NOTICE OF DEPOSITIONS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3320

1    E-mail: mrodgers@cov.com

2

HUESTON HENNIGAN LLP
3

4       John C. Hueston
        Moez M. Kaba
        Joseph A. Reiter
5       523 West 6th Steet, Suite 400
        Los Angeles, CA 90014
6       Telephone: (213) 788-4340
        E-mail: jhueston@hueston.com
7               mkaba@hueston.com
                jreiter@hueston.com
8

9

10   DATED this 17th day of May, 2024.

                                            /s/ Evan Mendelson
11                                          EVAN MENDELSON (DC Bar #996765)

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF FTC'S NOTICE OF DEPOSITIONS
Case No. 2:23-cv-0932-JHC

                                            Federal Trade Commission
                                            600 Pennsylvania Avenue N.W.
                                            Washington, DC 20580
                                            (202) 326-3320
                      5

# EXHIBIT 3



United States of America
## FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVE. NW, CC-9528
WASHINGTON, DC 20580

Division of Enforcement
Bureau of Consumer Protection

**Evan Mendelson**
**(202) 326-3320; emendelson@ftc.gov**

**Max Nardini**
**(202) 326-2812; tnardini@ftc.gov**

**Olivia Jerjian**
**(202) 326-2749; ojerjian@ftc.gov**

**Sana Chaudhry**
**(202) 326-2679; schaudhry@ftc.gov**

**Anthony Saunders**
**(202) 326-2917; asaunders@ftc.gov**

May 17, 2024

## VIA ELECTRONIC MAIL

Laura Flahive Wu (lflahivewu@cov.com)
John D. Graubert (jgraubert@cov.com)
Laura M. Kim (lkim@cov.com)
Stephen P. Anthony (santhony@cov.com)
John E. Hall (jhall@cov.com)
Megan L. Rodgers (mrodgers@cov.com)
Marc Capuano (mcapuano@cov.com)
Kevin Kelly (kkelly@cov.com)
Covington & Burling LLP
One CityCenter, 850 Tenth Street NW
Washington, DC 20001-4956

John C. Hueston (jhueston@hueston.com)
Moez M. Kaba (mkaba@hueston.com)
Joseph A. Reiter (jreiter@hueston.com)
Hueston Hennigan LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014

Kenneth E. Payson (kenpayson@dwt.com)
James Howard (jimhoward@dwt.com)
Davis Wright Tremaine LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104

**RE:** *FTC v. Amazon.com, Inc., et al.*, No. 2:23-cv-0932-JHC (W.D. Wash.)

We write regarding the Notice of Deposition, identifying 16 deponents, that we served by email on Defendants today.

Please let us know by next Friday, May 24:

1.    Whether you are authorized to accept service (by email) of deposition subpoenas[1] for the nonparty deponents (*i.e.*, all deponents other than Messrs. Grandinetti,

---

[1] We do not concede that subpoenas are necessary. *See, e.g.*, Fed. R. Civ. P. 37(d) (party must make its own officers, directors, and managing agents available for deposition).

Lindsay, and Ghani), which would save the burden and expense of a process server;

2.  Whether any of Messrs. Grandinetti, Lindsay, and Ghani are unavailable on the noticed deposition date and, if so, all dates within one week of the noticed date on which they are available;

3.  Whether you consent to our exceeding the default ten-deposition limit to conduct the 16 noticed depositions;

4.  If you do not consent to our exceeding the ten-deposition limit to conduct these 16 depositions, the basis for your position and dates during the week of May 27 when you are available to meet-and-confer by phone;

5.  Whether Mr. Grandinetti will consent to appear in Seattle for his deposition and, if not, whether Mr. Grandinetti contends that he cannot be compelled to appear in Seattle for his deposition; and

6.  Whether Mr. Lindsay will consent to appear in Seattle for his deposition and, if not, whether Mr. Lindsay contends that he cannot be compelled to appear in Seattle for his deposition.

Additionally, please let us know by Friday, May 31:

7.  Whether Amazon contends that any nonparty deponent "supervises, directs or regularly consults with [Amazon's] lawyer[s] concerning [this] matter or has authority to obligate Amazon with respect to [this] matter," such that Amazon contends that FTC counsel is not permitted to communicate with the deponent directly (Wash. R. Prof Conduct 4.2, cmt. 7);

8.  Whether you are representing any of the nonparty deponents;

9.  If you are representing any of the nonparty deponents, whether that nonparty deponent is unavailable on the noticed deposition date and, if so, all dates within one week of the noticed date on which they are available; and

10. If you are representing a nonparty deponent who is not a resident of the United States, whether that nonparty deponent will agree to voluntarily appear for a videoconference deposition (to the extent permitted by the laws of the country in which the deponent resides) and whether Defendants consent to the deposition being conducted by videoconference.

At this time, we have no reason to believe that any nonparty deponent is represented by counsel or falls within the scope of Rule 4.2.  If we have not heard from you or from any other attorney representing the nonparty deponents by Friday, May 31, we will proceed to communicate directly with the nonparty deponents.

We intend to notice additional depositions in the future.  We will follow-up early next week with a proposed increased cap on the total number of fact-witness depositions.

Thank you for your attention to these matters.  As always, we are available to discuss by phone.

Sincerely,

/s/ Evan Mendelson
Counsel to the Federal Trade Commission

# EXHIBIT 4



United States of America
**FEDERAL TRADE COMMISSION**
600 PENNSYLVANIA AVE. NW, CC-9528
WASHINGTON, DC 20580

Division of Enforcement
Bureau of Consumer Protection

**Evan Mendelson**
**(202) 326-3320; emendelson@ftc.gov**

**Olivia Jerjian**
**(202) 326-2749; ojerjian@ftc.gov**

**Anthony Saunders**
**(202) 326-2917; asaunders@ftc.gov**

**Max Nardini**
**(202) 326-2812; tnardini@ftc.gov**

**Sana Chaudhry**
**(202) 326-2679; schaudhry@ftc.gov**

May 20, 2024

**VIA ELECTRONIC MAIL**

Laura Flahive Wu (lflahivewu@cov.com)
John D. Graubert (jgraubert@cov.com)
Laura M. Kim (lkim@cov.com)
Stephen P. Anthony (santhony@cov.com)
John E. Hall (jhall@cov.com)
Megan L. Rodgers (mrodgers@cov.com)
Marc Capuano (mcapuano@cov.com)
Kevin Kelly (kkelly@cov.com)
Covington & Burling LLP
One CityCenter, 850 Tenth Street NW
Washington, DC 20001-4956

John C. Hueston (jhueston@hueston.com)
Moez M. Kaba (mkaba@hueston.com)
Joseph A. Reiter (jreiter@hueston.com)
Hueston Hennigan LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014

Kenneth E. Payson (kenpayson@dwt.com)
James Howard (jimhoward@dwt.com)
Davis Wright Tremaine LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104

**RE:   *FTC v. Amazon.com, Inc., et al.*, No. 2:23-cv-0932-JHC (W.D. Wash.)**

Dear Counsel:

We write regarding the admissibility, at trial, of investigational hearing transcripts and a proposed increased cap on the total number of depositions the FTC may conduct.

## I.    Admissibility of Investigational Hearing Transcripts

Please let us know by Friday, May 24 whether Defendants will stipulate to entry of an order that would treat all, or any subset of, investigational hearing ("IH") transcripts as though they were depositions taken in this case for purposes of Federal Rule of Evidence 804(b) and Federal Rule of Civil Procedure 32(a).  In other words, under such an agreement, the parties

would stipulate that investigational hearing testimony will be treated as though it (1) "was given at a trial, hearing, or lawful deposition" and "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination (Fed. R. Evid. 802(b)(1)) and (2) is a "deposition" at which Defendants were "present or represented" (Fed. R. Civ. P. 32(a)(1)).  (To be clear, we do not concede that IH testimony is inadmissible at trial in the absence of such an agreement, but the agreement would resolve any uncertainty.)

This proposal would minimize the burden on the parties and many of the prior investigational hearing witnesses.  In particular, in the absence of an agreement regarding IH transcripts, we likely will depose many witnesses who already gave IH testimony.  Although we expect to depose some such witnesses even if there is agreement, that number may increase significantly in the absence of agreement.

## II.    Deposition Limit

Please let us know by Friday, May 24 whether Defendants will consent to the FTC's taking up to 35 fact witness depositions (if Defendants consent to the IH proposal in Section I) or 55 fact witness depositions (if Defendants do not consent to the IH proposal in Section I).  *See, e.g.*, *SEC v. Zachariah*, 2009 WL 10669546, at *2 (S.D.N.Y. May 21, 2009) (permitting excess depositions in part to allow SEC to obtain testimony that is "admissible at trial").  The 16 depositions we noticed on Friday, May 17 would count toward either limit.

If you do not consent, please provide dates and times during the week of May 27 when you are available to meet-and-confer.

\*   \*   \*

Thank you for your attention to these matters.  As always, we are available to discuss by phone.

Sincerely,

/s/ Evan Mendelson
Counsel to the Federal Trade Commission

# EXHIBIT 5

## COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**Via Electronic Mail**                                    May 24, 2024

Evan Mendelson
Division of Enforcement
Federal Trade Commission
600 Pennsylvania Ave., N.W., Suite CC-9528
Washington, D.C. 20580
emendelson@ftc.gov

Re:  *FTC v. Amazon.com, Inc.*, No. 2:23-cv-0932-JHC (W.D. Wash.)

Counsel:

I write on behalf of Amazon.com, Inc. ("Amazon"), as well as Neil Lindsay, Russell Grandinetti, and Jamil Ghani (collectively, "Defendants") in response to your May 17 and 20, 2024 correspondence regarding depositions.

## I.      Use of IH Testimony

At the outset, Defendants address your request to treat Investigational Hearing ("IH") transcripts "as though they were depositions taken in this case for purposes of Federal Rule of Evidence 804(b) and Federal Rule of Civil Procedure 32(a)."  May 20 Ltr. at 1-2.  Defendants are open to discussing a stipulation that would treat transcripts of IHs taken in FTC Matter No. 2123050 (*i.e.*, the Prime investigation that immediately preceded this litigation) in the same manner as a deposition taken in this litigation, *FTC v. Amazon.com, Inc.*, No. 2:23-cv-0932-JHC (W.D. Wash.), subject to the following conditions:

ι       Any transcripts of IH events conducted without notice to Amazon must be excluded from the agreement.  Counsel for Amazon was not notified of and was not present at the IHs of David Edelstein, Masuma Henry, Monique Mascio, Reid Nelson, Molly O'Donnell, and Sara Klainer.  Those IH transcripts would be excluded from any agreement on the use of IH transcripts.

ι       For any IH transcript that the parties agree to treat the same as a deposition transcript in this litigation, the IH witness will not be subject to a deposition in this litigation.  The IH witnesses all sat for lengthy testimony on the same subjects that are at issue in this litigation and additional testimony would be needlessly cumulative.

ι       For any IH transcript that the parties agree to treat the same as a deposition transcript in this litigation, any objection made during the IH will be valid to the

**COVINGTON**

Evan Mendelson
May 24, 2024
Page 2

extent such an objection would be valid had it been made during a deposition. Amazon reserves all rights to assert additional objections if IH testimony is introduced as evidence in this litigation and to use IH testimony to the full extent permitted by the Federal Rules.

Please let us know if you agree to these terms.  If we are unable to reach an agreement regarding the treatment of these IH transcripts, Defendants reserve all objections to the use of the IH transcripts, including the FTC's barring of counsel for Amazon from attending IH events on behalf of the company.

## II.      Number of Depositions

On May 17, you noticed 16 depositions and asked whether Defendants "consent[ed] to [the FTC] exceeding the default ten-deposition limit[.]"  May 17 Ltr. at 2.  Then, earlier this week, you asked for Defendants' consent to a fact deposition limit of either 35 or 55 depositions, depending on whether the parties agreed on the use of IH transcripts.  May 20 Ltr. at 2; *supra* Sec. I.

At this time, Amazon <u>does not</u> consent to the FTC taking additional depositions beyond the default 10 depositions set forth in Fed. R. Civ. P. 30(a)(2).  The FTC took voluminous discovery in the pre-litigation investigation, including receiving sworn IH testimony from at least 35 current and former Amazon employees.  *See* ECF No. 65 at 11.  To justify depositions beyond the default 10, the FTC must make a "particularized showing" for why it needs those additional depositions.  *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013) ("A party seeking to exceed the presumptive limit bears the burden of making a 'particularized showing' of the need for additional depositions.").  You have not done so, nor have you even tried.  For now, the FTC should prioritize the 10 depositions to which it is entitled before determining it needs more.  *Smith v. Ardew Wood Products, Ltd.*, 2008 WL 4837216, at *1 (W.D. Wash. Nov. 6, 2008) ("[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A).").

Without conceding that Defendants would agree to additional depositions, if the FTC has additional information on what unique, incremental information each deponent after number 10 would provide, please provide it.

## III.      Representation and Scheduling

Your May 17 letter raises a number of questions regarding representation, service of deposition notices, and deposition scheduling.  Amazon and undersigned counsel are in the process of reaching out to the individuals listed in your May 17 Notice of Depositions.  It is our expectation that undersigned counsel either represents or will represent all of the individuals

**COVINGTON**

Evan Mendelson
May 24, 2024
Page 3

listed in your May 17 Notice, but need additional time to confirm.  We therefore ask that you do not reach out to these individuals until we have confirmed the status of our representation.[1]

Regarding deposition scheduling and locations, please identify the 10 depositions that you intend to take under the default rules set by Rule 30(a)(2).  Once you identify those 10 deponents, we will promptly work to confirm dates and locations with those witnesses.  Similarly, we will address your concerns regarding ex-U.S. individuals once you provide us your list of 10 deponents.

\*\*\*\*\*

We are available to meet-and-confer on the above topics on May 29 from 11 am to 1 pm ET, May 30 from 3:30 to 4:30 pm ET, and May 31 from noon to 3 pm ET.  Please let us know your availability during these windows.  Defendants reserve all rights.

Sincerely,

*/s/ Laura Flahive Wu*
Laura Kim
John Graubert
John Hall
Laura Flahive Wu
Stephen Anthony
Megan Rodgers

---

[1] For individuals who we do represent, we expect that we would be authorized to accept email service of deposition notices, but we will confirm that with you.

# EXHIBIT 6

# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**Via Electronic Mail**                                                          June 4, 2024

Evan Mendelson
Division of Enforcement
Federal Trade Commission
600 Pennsylvania Ave., N.W., Suite CC-9528
Washington, D.C. 20580
emendelson@ftc.gov

Re:  *FTC v. Amazon.com, Inc.*, No. 2:23-cv-0932-JHC (W.D. Wash.)

Counsel:

I write in response to your May 29, 2024 correspondence regarding depositions of current and former Amazon personnel.

## I.   Scheduling First 10 Depositions

First, we appreciate you identifying the 10 depositions you intend to take under the existing deposition limit.  We are discussing schedules with the witnesses you identified to determine if they are available on the dates you noticed, and will provide alternative availability as necessary.  As of this date, we can provide the following scheduling information:

- **Neel Malhotra**:  Mr. Malhotra will not be available on the noticed date of July 10[1] due to international travel.  We are working with Mr. Malhotra to identify alternate availability, and will provide that information to you shortly.

- **Benjamin Goeltz**:  As we advised on May 31, Mr. Goeltz will not be available on the noticed date of July 17, and will be on a leave of absence from Amazon beginning at the end of June.  Mr. Goeltz is available to proceed with his deposition on Tuesday, June 18.  Please confirm by June 5 that you will proceed with Mr. Goeltz's deposition on June 18 in Seattle.[2]

---

[1] We note that your May 29 letter lists July 11 as the deposition date for Mr. Malhotra, but we are relying on the July 10 date offered in your May 17 Notice of Depositions.

[2] All depositions will occur at the offices of Amazon's counsel unless otherwise indicated.

**COVINGTON**

Evan Mendelson
June 4, 2024
Page 2

- **Lisa Leung**:  Ms. Leung will not be available on the noticed date of July 18, but is available on Tuesday, July 23 or Wednesday, July 24.  Please confirm by June 5 that you will proceed with Ms. Leung's deposition on one of these dates in Seattle.

- **Ulrich Hendel**:  Mr. Hendel is a former Amazon employee who resides in Germany.  He is represented by Covington with respect to this action.  We are conferring with Mr. Hendel to determine how he intends to respond to your request for his deposition, including whether he will require service of a subpoena pursuant to the Hague Convention.

- **Sanjay Balakrishnan**:  We are working with Mr. Balakrishnan to determine whether he is available on the noticed date of August 7, and will provide that information to you shortly.  Mr. Balakrishnan resides in Luxembourg and his deposition will need to proceed in Luxembourg—subject to that jurisdiction's requirements for depositions there—unless the parties reach an alternative agreement.

- **Russell Grandinetti**:  Mr. Grandinetti resides in the United Kingdom, where he is scheduled to be in late August.  He does, however, anticipate travel to Los Angeles earlier in August, during which he would be open to scheduling his deposition in Los Angeles.  We are conferring with Mr. Grandinetti regarding his specific availability and will provide that information to you shortly.

We are working diligently with the witnesses not listed here to determine their availability on the noticed date, and will provide this to you as soon as we are able.

## II.     Number of Depositions

As explained in our May 24 letter, a party must make a "particularized showing" of need for additional depositions beyond the default 10.  *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013).  Your May 29 letter cites non-binding cases from the Eastern District of California that specifically state that the court will only permit excess depositions before the default 10 are taken where "the need for additional depositions is clear from the outset" (*Aerojet v. Rocketdyne, Inc. v. Global Aerospace, Inc.*, 2018 WL 5993585, at *2 (E.D. Cal. Nov. 6, 2018))[3] or where the action is "complex" (*Stiles v. Walmart, Inc.*, 2020 WL 589107, at *2 (E. D. Cal. Feb. 6, 2020)).  Even if this standard were binding in the Western District of Washington, which it is not, you have failed to show why this case is sufficiently complex to require premature departure from the deposition limit already affirmed by the Court in this case.

---

[3] Notably, the court in *Aerojet* denied the moving party's request for additional depositions with respect to specific proposed deponents where those additional deponents were "duplicative or not likely to lead to admissible evidence."  2018 WL 5993585 at *3.  The FTC's hypothetical need to depose four people on each of the "numerous" teams identified in the May 29, 2024 letter is similarly duplicative and unlikely to lead to admissible evidence.

**COVINGTON**

Evan Mendelson
June 4, 2024
Page 3

Moreover, these cases are distinguishable because neither featured a plaintiff that engaged in extensive, unilateral discovery prior commencing litigation, as the FTC did here. Indeed, during its years-long pre-litigation investigation of Amazon, the FTC has already obtained over 200 hours of testimony from more than 30 unique witnesses—well in excess of what is permitted under the default 10 deposition limit.

Your letter states only that it would be "inefficient and prejudicial" for the FTC to proceed as the Federal Rules and this Court intended, which falls short of the requisite "particularized showing." Your letter attempts to make an inapt comparison to the *FTC v. Amazon* competition litigation, in which the Court granted leave for each side to conduct additional depositions after the FTC requested an expansion in the parties' Joint Status Report. But that decision is easily distinguished. The scope and complexity of the competition action is not comparable to that of this case, in which the FTC pleads violations of the Restore Online Shopper's Confidence Act and one count under the FTC Act regarding purportedly unfair practices. Moreover, when the FTC made a similar request to conduct additional depositions in the parties' Joint Status Report in this case (seeking a limit of 30 fact-witness depositions), Judge Chun declined to grant the request. Dkt. #65 at 5.

For all of these reasons, Defendants disagree that there is any need to depart from the default 10 depositions allotted. Nonetheless, in the spirit of compromise and to avoid unnecessarily burdening the Court with this dispute, Amazon will not object to depositions beyond the default 10 on the basis of Rule 30(a)(2)(A)(i), provided that the FTC agrees to limit depositions to the 16 witnesses identified in your May 17, 2024 Notice of Depositions and agrees that Amazon may also depose up to 16 fact-witnesses. To the extent the FTC seeks additional depositions of witnesses other than the 16 it has identified, we remain willing to meet and confer.

## III.     Use of Investigational Hearing Transcripts

Regarding the use of investigational hearing transcripts, we agree in principle to the terms proposed in your May 24 letter, but only to the extent that we can reach agreement regarding the total number of fact-witness depositions to be taken in this matter, *and* subject to your identification of the individuals you will not seek to re-depose—*i.e.*, identification of individuals for whose testimony the FTC will rely on the prior IH transcripts. Accordingly, please let us know if you agree to our proposal to increase the fact witness deposition limit to 16 per side, with the FTC's 16 witnesses being those 16 identified in your May 17, 2024 letter.

*****

**COVINGTON**

Evan Mendelson
June 4, 2024
Page 4


We look forward to hearing from you regarding our proposal and the alternative deposition dates we propose, and to discussing further during our June 5 meet-and-confer. Defendants reserve all rights.

Sincerely,

*/s/ Laura Flahive Wu*
Laura Kim
John Graubert
John Hall
Laura Flahive Wu
Stephen Anthony
Megan Rodgers

# EXHIBIT 7

**COVINGTON**

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**Via Electronic Mail**                                              June 10, 2024

Evan Mendelson
Division of Enforcement
Federal Trade Commission
600 Pennsylvania Ave., N.W., Suite CC-9528
Washington, D.C. 20580
emendelson@ftc.gov

Re:  *FTC v. Amazon.com, Inc.*, No. 2:23-cv-0932-JHC (W.D. Wash.)

Counsel:

I write in response to your June 6, 2024 correspondence regarding the FTC's request to exceed the deposition limit in this action.  In that letter, you flatly rejected Defendants' compromise proposal, which would allow the FTC to take depositions of each witness it has requested to date and commit the parties to conferring about additional depositions if the FTC identifies additional witnesses it needs to depose in the future.  In rejecting Defendants' compromise, the FTC offered no alternative proposal and did not identify a single additional witness whose deposition it needs to take.

While Defendants remain willing to work with the FTC to accommodate reasonable requests to proceed with depositions in excess of the limits, the FTC has not identified a deposition that it would be unable to take under Defendants' compromise offer, and there is no basis for the FTC to ask the Court to triple (or quintuple) the deposition limit as it currently demands.  Despite the FTC's failure to meaningfully engage on the appropriate number of depositions, Defendants remain willing to consider all requests for depositions.  We further address the issues raised in your letter and provide an update on deposition scheduling in more detail below.

The FTC's request to expand the deposition limit from 10 to 35 (or 50 depositions if the parties do not reach agreement on use of IH testimony as expected) is not reasonable in light of the extensive discovery that the FTC obtained in its multi-year investigation of Amazon and the status of discovery in this case.  During its investigation, the FTC obtained over 200 hours of investigational hearing testimony from more than 30 unique witnesses (ranging from Jeff Bezos and Andy Jassy to senior Prime leadership to user experience designers and researchers) and obtained tens of thousands of documents from Amazon.  If the FTC believed that additional witnesses possessed knowledge relevant to its investigation, it could have demanded their testimony during the investigation, but it made no attempt to do so.  And even if the FTC believed that depositions of additional witnesses were necessary during litigation, the testimony and documents it obtained during the investigation provided more than enough information for the FTC to identify those witnesses, but the FTC declined to notice any depositions until recently.

**COVINGTON**

Evan Mendelson
June 10, 2024
Page 2

When the FTC first sought permission to depose up to 30 fact witnesses in the parties' Joint Status Report, Dkt No. 65 at 5, Defendants responded that the FTC should first take the 10 depositions permitted under Fed. R. Civ. P. 30(a)(2)(A) and then seek leave to take additional depositions to the extent they proved necessary, *id.* at 14. When Judge Chun issued his September 14, 2023 Minute Order Setting Trial Date and Related Dates in response to the parties' Joint Status Report, Dkt. No. 66, he left in place the 10-deposition limit under Fed. R. Civ. P. 30(a)(2)(A). Following entry of this order, the FTC held off on noticing any depositions for eight months until it emailed deposition notices for 16 witnesses on May 17 and requested Amazon's consent to increase the overall deposition limit to 35 (or 50) witnesses.

As explained in our May 24 and June 4 letters, the FTC failed to make the requisite particularized showing of need to exceed the default 10 deposition limit. Nevertheless, Defendants offered to consider requests to depose additional witnesses. You rejected this offer in your May 29 letter. Continuing in the spirit of compromise, in our June 4 letter, Defendants proposed that the parties each be entitled to depose up to 16 fact witnesses. We again offered to consider requests for additional witnesses beyond the noticed 16 once the FTC identified specific individuals it sought to depose. We reiterated this proposal in our June 5 meet-and-confer.

This compromise proposal would have allowed the FTC to depose every witness for whom it noticed a deposition in its May 17 letter. These are, presumably, the 16 individuals the FTC believes are the most relevant to the subject matter at hand, based on its multi-year investigation of Amazon. But the FTC rejected this proposal during the meet-and-confer session on June 5 and in its June 6 letter, remaining steadfast in its refusal to provide information about whom it would seek to depose beyond the witnesses it already noticed, and offering no alternative compromise. Instead, the FTC indicated it would seek leave from the Court to conduct at least 25 additional depositions beyond the default 10. The FTC's conduct indicates it is set on obtaining permission to depose an arbitrary number of witnesses, without regard for who the witness is or what evidence they might contribute to the case. Defendants remain willing to discuss one of the compromises they have offered, but have no obligation to accommodate the FTC's unsupported and unilateral demands.

Your attempts to mischaracterize the history of document discovery in the litigation do not provide a separate basis for raising this unripe dispute to the Court or taking additional depositions. First, as noted in our prior correspondence, the FTC engaged in expansive and one-sided discovery for years prior to commencing the litigation. This clearly provided the FTC with sufficient information to identify witnesses from whom the FTC would seek testimony beyond what it obtained during the investigation.

Second, the timeline regarding the document production you describe in your letter is misleading. While the FTC proposed additional search terms and custodians in January 2024, the parties negotiated for months over the scope of discovery. Specifically, and as detailed in our prior correspondence, the FTC's requests were overbroad, including your demand for an unreasonable number of additional—and irrelevant—document custodians. The parties did not reach agreement on the proposed additional custodians until April 17, 2024. *See* Apr. 5, 2024 Defs.' Letter (offering compromise to add 34 additional custodians); Apr. 17, 2024 FTC Letter (accepting compromise on custodians). At the time Amazon agreed to a "second phase" of

**COVINGTON**

Evan Mendelson
June 10, 2024
Page 3

document discovery, Amazon expressly advised the FTC that such discovery was unnecessary, particularly given the late stage of the discovery phase of the litigation. *See* Apr. 5, 2024 Defs.' Letter.

We informed you that it would take time to review and produce those documents—especially in light of the FTC's overly broad search terms. Nevertheless, Defendants have worked expeditiously to do this. We have produced nearly 150,000 documents since we reached agreement on the expanded scope, and have substantially completed responsive document production within less than two months.[1] While this included certain additional custodians, many of those custodians' relevant communications were already produced to the FTC because they included individuals who had already been designated as custodians and whose custodial documents had already been produced. Accordingly, these documents have marginal, if any, value over the existing record. For these reasons, the discovery record contradicts your contention that you cannot identify additional witnesses you might wish to depose until you review the materials from our May 24 production.

Finally, regarding scheduling, there are significant logistical difficulties in scheduling depositions, particularly given that the FTC unilaterally noticed depositions without regard to witness availability or geographic location. As we have advised you, several of the witnesses noticed for deposition reside outside the United States. Despite this, we have endeavored to provide you with information about witnesses' availability as promptly as possible, and confirmed that we will make the witnesses who are current employees available for deposition consistent with jurisdictional limits on depositions.

The FTC issued its notices of deposition eleven months after filing its Complaint and less than four months prior to the close of fact discovery. Additionally, you only identified the 10 witnesses that you would depose under the default limit two weeks after that. Now, eight days later, the FTC complains that Amazon has taken too long to confirm the availability of the noticed witnesses, one of whom the FTC identified by email on June 6. The parties' correspondence makes clear that Amazon is working diligently to confirm availability for the noticed witnesses and has confirmed availability or proposed alternative deposition dates for most of the first 10 witnesses the FTC identified. To that end, we are in a position to provide the following scheduling information:

ı **Neel Malhotra**: Mr. Malhotra is available for his deposition on Wednesday, June 26. Please confirm by June 12 that you will proceed with Mr. Malhotra's deposition on that date at Davis Wright Tremaine's Seattle office.

---

[1] Defendants' diligence in responding to the FTC's discovery requests stands in stark contrast to the FTC's failure to comply with its own discovery obligations. Defendants also served discovery requests in September 2023, but the FTC has barely produced any documents in response to Defendants' requests. Instead, they have delayed their deficient productions, and have improperly withheld numerous documents on the basis of unsubstantiated privilege claims.

**COVINGTON**

Evan Mendelson
June 10, 2024
Page 4

- **Rex Morey**:  Mr. Morey is available for his deposition on Thursday, July 25.  Please confirm by June 12 that you will proceed with Mr. Morey's deposition on that date at Davis Wright Tremaine's Seattle office.

- **Michael Bruhanov**:  Mr. Bruhanov is a former Amazon employee.  He is represented by Covington with respect to this action.  Mr. Bruhanov is available on Thursday, August 8.  Please confirm by June 12 that you will proceed with his deposition on that date at Davis Wright Tremaine's Seattle office.

- **Bharath Srinivasan**: Mr. Srinivasan is available for his deposition on Friday, August 16.  Please confirm by June 12 that you will proceed with Mr. Srinivasan's deposition on that date at Davis Wright Tremaine's Seattle office.

We continue to work diligently to confirm the availability of the remaining witnesses you identified as your top priority, and expect to have this information to you shortly.

*****

With regard to the proposed stipulation regarding use of IH transcripts, Amazon believes that the parties are close to agreement on a stipulation, but will need additional time to review the specific language proposed in your June 6 draft.  We did note based on our initial review of the draft that you circulated that you omitted certain IH witnesses that we expected would be covered by the stipulation.  Would you please confirm whether their omission was intentional?

We remain available to further meet-and-confer to avoid burdening the Court with this dispute.  Defendants reserve all rights.

Sincerely,

*/s/ Laura Flahive Wu*
Laura Kim
John Graubert
John Hall
Laura Flahive Wu
Stephen Anthony
Megan Rodgers

# EXHIBIT 8

| From: | Mendelson, Evan |
|---|---|
| To: | Flahive Wu, Laura; Capuano, Marc; Kelly, Kevin; Kim, Laura; Graubert, John; Anthony, Stephen; Hall, John; Rodgers, Megan; Decena, Jeaneth; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com |
| Cc: | Jerjian, Olivia; Nardini, Thomas; Chaudhry, Sana; MacDonald, Colin; Hoffman, Elena; Zwonik, Ryan; Mejia-Portillo, Johana; Awad, Yara; Saunders, Anthony R. |
| Subject: | RE: FTC v. Amazon - Notice of Depositions |
| Date: | Wednesday, June 12, 2024 11:42:49 AM |
| Attachments: | image001.png |

[EXTERNAL]
The subpoena to Mr. Goeltz is also withdrawn.

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Mendelson, Evan
**Sent:** Wednesday, June 12, 2024 2:41 PM
**To:** 'Flahive Wu, Laura' <lflahivewu@cov.com>; Capuano, Marc <MCapuano@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions

Counsel,

Given the Court's scheduling ruling (Dkt. #172), your statement from last night's email regarding discovery disputes and only making individuals available for deposition once, and the fact that you have produced over 9,000 documents from Mr. Goeltz's custodial files since May 24 (including almost 5,000 since June 6), we are withdrawing the notice of deposition for Mr. Goeltz's June 18 deposition.

We intend to re-notice the deposition to be held after Mr. Goeltz returns from leave.  Although we

will do our best to accommodate Mr. Goeltz's schedule, we reserve the right to seek Mr. Goeltz's deposition while he is on leave if his leave extends far beyond the anticipated mid-September end date.  We will follow-up regarding specific dates after the Clerk's office has entered a new schedule.

Additionally, we will respond in full to the proposed dates in your June 10 letter today or tomorrow. We intend to notice Mr. Morey's deposition for July 25, as you offered, so please hold that date for him.

Thanks,
Evan


Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Mendelson, Evan
**Sent:** Tuesday, June 11, 2024 3:40 PM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Capuano, Marc <MCapuano@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions

Laura,

We will take the deposition of Mr. Goeltz in person at the Henry M. Jackson Federal Building, 915 2nd Avenue, Room 3090, Seattle, WA 98104.  There will be a separate breakout room (Room 3090A) for Mr. Goeltz and counsel.  Please see the attached Notice of Deposition, which supersedes the May 17 notice only as to Mr. Goeltz.  Please also find the attached subpoena for Mr. Goeltz's attendance, which we are sending to you in your capacity as counsel to Mr. Goeltz and pursuant to your agreement to accept electronic service on his behalf.

Additionally, please let us know by Friday whether Mr. Goeltz will agree to sign Exhibit A to the Protective Order (Dkt. #124) or, in the alternative, whether Amazon consents to Mr. Goeltz being shown materials that Amazon has labeled Confidential under the Protective Order.  *See* Dkt. #124 at 5 (5.2(f)).

Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Thursday, June 6, 2024 7:14 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Capuano, Marc <MCapuano@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions

Evan,

Thanks for your follow up.  We have reviewing your email below as well as your letter of today's date, and will respond separately.

In the meantime, we wanted to confirm that Mr. Goeltz's June 18 deposition will take place at the offices of  Davis Wright Tremaine, 920 5th Ave #3300, Seattle, WA 98104.  Please let us know if you prefer to take the deposition remotely.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP

One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Wednesday, June 5, 2024 3:26 PM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Capuano, Marc <MCapuano@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions

[EXTERNAL]
Laura,

Thanks for taking the time to meet-and-confer today.

We will respond tomorrow regarding the total number of depositions.

Regarding your request for an extension on the Answer, we will not consent to the extension, given the short amount of time remaining in fact discovery (and the potential need for discovery on affirmative defenses) and the fact that Defendants have had approximately nine months to prepare the Answer.  If your position on discovery timing changes, please let us know.

As we stated on the call, we will take Mr. Goeltz's deposition on June 18, as you proposed.  The deposition will be either via videoconference (with the parties' and witness's consent) or in-person at the FTC's Seattle office.  We will confirm on either Monday or Tuesday.   We will also take Ms. Leung's deposition on July 24.

As discussed on the call, we are removing Mr. Hendel from the group of ten depositions the parties

are currently scheduling.  We are replacing him with Mr. Bruhanov.  We intend to notice Mr. Bruhanov's deposition for July 23, but will discuss alternative dates if Mr. Bruhanov is unavailable on July 23, provided you explain the reason for his unavailability.   Please confirm that you represent Mr. Bruhanov and will accept service of a deposition subpoena on his behalf.


Thanks,
Evan



Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Tuesday, June 4, 2024 8:03 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Capuano, Marc <MCapuano@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions


Counsel,

Please see the attached correspondence.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com

www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Flahive Wu, Laura
**Sent:** Monday, June 3, 2024 8:52 PM
**To:** 'Mendelson, Evan' <emendelson@ftc.gov>; Capuano, Marc <MCapuano@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions

Counsel,

Thank you for your follow up on the deposition of Mr. Goeltz.  We understand that Mr. Goeltz expects to return from his leave of absence in mid-September 2024; however, it's possible that date could change in the intervening months.

We also wanted to request the courtesy of a short extension of the deadline for the answer for all defendants.  We plan to serve an omnibus answer for all defendants, and request a two week extension of the deadline, from June 11 to June 25.

We look forward to our conference on Wednesday.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Monday, June 3, 2024 9:36 AM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Capuano, Marc <MCapuano@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions

[EXTERNAL]
Laura,

Thanks for your email, and for the notice regarding Mr. Goeltz.  Does his leave currently have an anticipated end date?

We are available for a call on Wednesday at noon Eastern.  We will send an invite.

Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

**From:** Flahive Wu, Laura <lflahivewu@cov.com>
**Sent:** Friday, May 31, 2024 7:58 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Capuano, Marc <MCapuano@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony,

Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions

Counsel:

We are in receipt of your May 29 letter, and expect to respond early next week.

We are working to determine whether the 10 witnesses you identified are available on the noticed dates.  In the interest of time, we wanted to inform you that Ben Goeltz will not be available on the noticed date of July 17, and will be on a leave of absence from Amazon beginning at the end of June.  Mr. Goeltz is available to proceed with his deposition on Tuesday, June 18.  Please confirm by June 5 that you will proceed with Mr. Goeltz's deposition on June 18 in Seattle.

We expect a conference will be most productive after you have our substantive response to your May 29 letter.  We are available on June 5 between 10:30 am and 1 pm ET.  At that time, we can also meet and confer regarding the parties' privilege log proposal and your May 24 letter.

Regards,

Laura

**Laura Flahive Wu**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5982 | lflahivewu@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Wednesday, May 29, 2024 2:38 PM
**To:** Capuano, Marc <MCapuano@cov.com>; Flahive Wu, Laura <lflahivewu@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony,

Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan
<mrodgers@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com;
mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com;
KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com;
kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com;
kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana
<schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena
<ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana
<jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R.
<ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions

[EXTERNAL]
Counsel,

Please see attached, and, as requested in the letter, please let us know your availability for a meet-
and-confer tomorrow, Friday, or Monday.

Thanks,
Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Capuano, Marc <MCapuano@cov.com>
**Sent:** Friday, May 24, 2024 4:26 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Flahive Wu, Laura <lflahivewu@cov.com>; Kelly, Kevin
<Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony,
Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan
<mrodgers@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com;
mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com;
KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com;
kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com;
kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana
<schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena
<ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana
<jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R.
<ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions

Counsel,

Please see the attached letter.

Have a nice weekend,
Marc


**Marc Capuano**
Pronouns: He/Him/His

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5440 | mcapuano@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.


**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Monday, May 20, 2024 6:26 PM
**To:** Flahive Wu, Laura <lflahivewu@cov.com>; Kelly, Kevin <Kkelly@cov.com>; Kim, Laura <LKim@cov.com>; Graubert, John <jgraubert@cov.com>; Anthony, Stephen <santhony@cov.com>; Hall, John <jhall@cov.com>; Rodgers, Megan <mrodgers@cov.com>; Capuano, Marc <MCapuano@cov.com>; Decena, Jeaneth <JDecena@cov.com>; jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com; JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>
**Subject:** RE: FTC v. Amazon - Notice of Depositions

<mark>[EXTERNAL]</mark>
Counsel,

Please see attached.

Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Mendelson, Evan
**Sent:** Friday, May 17, 2024 4:08 PM
**To:** lflahivewu@cov.com; Kkelly@cov.com; LKim@cov.com; jgraubert@cov.com;
santhony@cov.com; jhall@cov.com; mrodgers@cov.com; MCapuano@cov.com; jdecena@cov.com;
jhueston@hueston.com; mkaba@hueston.com; jreiter@hueston.com; amazon-ftc@hueston.com;
JimHoward@dwt.com; KennethPayson@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com;
JenniferGreen@dwt.com; kristinachin@dwt.com; SEADocket@dwt.com; GinaChan@dwt.com;
JenniferGreen@dwt.com; kristinachin@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Chaudhry, Sana
<schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena
<ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana
<jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Saunders, Anthony R.
<ASAUNDERS@ftc.gov>
**Subject:** FTC v. Amazon - Notice of Depositions

Counsel,

Please see attached Notice of Depositions and related letter.

Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

EXHIBIT 9

# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**Via Electronic Mail**                                         July 1, 2024

Evan Mendelson
Division of Enforcement
Federal Trade Commission
600 Pennsylvania Ave., N.W., Suite CC-9528
Washington, D.C. 20580
emendelson@ftc.gov

Re: *FTC v. Amazon.com, Inc.*, No. 2:23-cv-0932-JHC (W.D. Wash.)

Counsel:

I write in response to your June 24, 2024 letter and June 26 email regarding deposition scheduling and mechanics. First, we confirm that we are authorized to accept service of deposition subpoenas for Llew Mason and Michael Bruhanov. Additionally, we confirm that we represent Miles Hunter.

The FTC has now requested the deposition of 18 witnesses,[1] and Amazon has agreed not to object to 16 of those depositions on the basis of the Court's 10-deposition limit. Based on the FTC's previously undisclosed outreach to Mary Pat Gotschall and its recent notice of deposition for Mr. Hunter,[2] we understand that the FTC has identified additional witnesses it seeks to depose beyond the 16 on which we have reached agreement. The witnesses the FTC has noticed for deposition to date have been known to the FTC for years based on their inclusion in the documents or testimony that the FTC obtained during its investigation. Additionally, many—if not all—of these witnesses appear duplicative of one another or of testimony the FTC already obtained from the dozens of the investigational hearings it conducted during the investigation that preceded this litigation.

It is not efficient for Amazon to consider piecemeal requests for depositions, particularly when the FTC has changed the list of its "priority 10" witnesses multiple times during the course of our discussions regarding deposition scheduling. Accordingly, please identify all witnesses the FTC seeks to depose in this matter, so that we may consider the totality of the FTC's current witness request. Please also explain why the deposition of any additional witness is not cumulative of the deposition discovery already in place or obtained during the investigation that

---

[1] Including Mary Pat Gotschall and Miles Hunter.

[2] The FTC has informed us that it wishes to "replace" Ben Goeltz with Miles Hunter on its list of witnesses it seeks to depose under the default 10-deposition limit.

**COVINGTON**

Evan Mendelson
July 1, 2024
Page 2

preceded this litigation.  Finally, please promptly produce any communications with non-party witnesses in response to Document Requests No. 22 and 27 by Monday, July 8.

You also inquired about various witnesses who reside outside the United States.  We address your specific inquiries below:

- **Ulrich Hendel**:  Mr. Hendel is a former employee, not a U.S. citizen, and will not voluntarily participate in a deposition in Germany, the United States, or the United Kingdom.  Accordingly, should the FTC wish to depose Mr. Hendel, it must follow the procedures for service of process and depositions outlined in the Hague Convention.  As noted in our prior correspondence, Mr. Hendel is represented by Covington.

- **Sanjay Balakrishnan**:  Mr. Balakrishnan is not a U.S. citizen, and resides in Luxembourg.  He does not currently have travel planned to the United States, but has travel planned to the United Kingdom on various dates in July, August, or September.  We have listed dates of Mr. Balakrishnan's availability for a deposition in the United Kingdom in the chart below.

- **Erik Schmitz**:  Mr. Schmitz is not a U.S. citizen.  He is a German national, residing in Luxembourg.  He does not currently have travel planned to the United States or United Kingdom in the coming months. Accordingly, he may be deposed remotely in accordance with the jurisdictional requirements of Luxembourg.  We have listed dates of Mr. Schmitz's availability for a remote deposition in the chart below.

- **Krishna Kumar Rai**:  Mr. Rai is not a U.S. citizen.  He is an Indian national, residing in India.  You indicate in your letter that you are willing to forego Mr. Rai's deposition if Amazon agrees not to rely on testimony from Mr. Rai.  Amazon confirms that it does not presently intend to rely on Mr. Rai's testimony.  If Amazon's position changes in the future—for example, such testimony becomes necessary to rebut evidence presented by the FTC—it will inform the FTC of the change in its position, and not object to a deposition of Mr. Rai at that time.  Please confirm the FTC is withdrawing its request to depose Mr. Rai based on this understanding.

Finally, we are including a chart below with updated availability information for certain of the unscheduled witnesses.  The witnesses are available for in-person or remote depositions on these dates.  **Please inform us of your decisions regarding scheduling of these depositions by Wednesday, July 3.**

**COVINGTON**

Evan Mendelson
July 1, 2024
Page 3

| Witness Name | Noticed Date | Witness's Available Date(s) | Confirmed Deposition Date | Deposition Location |
|---|---|---|---|---|
| Miles Hunter | Tuesday, July 23 | n/a | **Tuesday, July 23** | Seattle |
| Leung, Lisa | Thursday, July 18 | n/a | **Wednesday, July 24** | Seattle |
| Morey, Rex | Thursday, July 25 | n/a | **Thursday, July 25** | Seattle |
| Hendel, Ulrich | Tuesday, August 6 | As noted above, should the FTC wish to proceed with Mr. Hendel's deposition, it must follow the procedures outlined in the Hague Convention. | n/a | n/a |
| Rai, Krishna Kumar | Tuesday, July 9 | We understand the FTC will forego Mr. Rai's deposition subject to Amazon's agreement not to rely on his testimony. | n/a | India |
| Balakrishnan, Sanjay | Wednesday, August 7 | Tuesday July 16 through Friday July 19, Tuesday August 13, Wednesday August 21 through Friday August 23, and Wednesday September 11 through 13 | TBD | United Kingdom |
| Hagen, Linnea | Thursday, July 11 | Wednesday, August 28, Thursday August 29, Tuesday September 10, and Wednesday, September 11 | TBD | Seattle |
| Ghani, Jamil | Tuesday, August 27 | We are working to identify dates of Mr. Ghani's availability. | TBD | Seattle |

**COVINGTON**

Evan Mendelson
July 1, 2024
Page 4

| Witness Name | Noticed Date | Witness's Available Date(s) | Confirmed Deposition Date | Deposition Location |
|---|---|---|---|---|
| Goeltz, Benjamin | Wednesday, October 16[3] | We will consider FTC's request to depose Mr. Goeltz upon receiving the full list of witnesses the FTC intends to depose in this matter. | TBD | Seattle |
| Boulis, Anthony | Tuesday, July 23 | We are working to identify dates per Defs.' June 13 email. | TBD | TBD |
| Bruhanov, Michael | Wednesday, July 24 | n/a | **Thursday, August 8** | Seattle |
| Grandinetti, Russell | Thursday, August 29 | Tuesday, October 1 | TBD | Los Angeles |
| Mason, Llew | Wednesday, July 31 | n/a | **Friday, August 23** | Seattle |
| Lindsay, Neil | Wednesday, August 28 | We are working to identify dates of Mr. Lindsay's availability. | TBD | Seattle |
| Schmitz, Erik | Thursday, August 8 | Wednesday, August 28, Thursday, August 29, Wednesday, October 9, and Thursday, October 10 | TBD | Luxembourg |
| Malhotra, Neel | Wednesday, July 10 | n/a | **Wednesday, August 7** | Seattle |
| Srinivasan, Bharath | Thursday, August 1 | Friday, August 16, Friday, September 20, and Friday, September 27 | TBD | Seattle |

*****

---

[3] While the FTC has not re-noticed Mr. Goeltz's deposition, we understand from your June 24 letter and June 26 email that it intends to do so for this date.  We will consider the FTC's request to depose Mr. Goeltz once we receive the full list of witnesses the FTC intends to depose in this matter, as noted above.

**COVINGTON**

Evan Mendelson
July 1, 2024
Page 5


        If you have any questions, we remain available to further meet-and-confer to avoid
burdening the Court with this dispute.  Defendants reserve all rights.


                                        Sincerely,

                                        */s/ Laura Flahive Wu*
                                        Laura Kim
                                        John Graubert
                                        John Hall
                                        Laura Flahive Wu
                                        Stephen Anthony
                                        Megan Rodgers

# EXHIBIT 10

**COVINGTON**

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**Via Electronic Mail**                                           July 18, 2024

Evan Mendelson
Division of Enforcement
Federal Trade Commission
600 Pennsylvania Ave., N.W., Suite CC-9528
Washington, D.C. 20580
emendelson@ftc.gov

Re: *FTC v. Amazon.com, Inc.*, No. 2:23-cv-0932-JHC (W.D. Wash.)

Counsel:

I write in response to your July 10, 2024 letter regarding deposition scheduling, deposition limits, and communications with witnesses.

**I.      Scheduling**

Amazon confirms the deposition dates for Linnea Hagen on September 10 in Seattle (in-person), and Sanjay Balakrishnan on September 12 in the UK (remote or in-person).  We also confirm the deposition date for Bharath Srinivasan on September 20 in Seattle (in-person).  In addition, Mr. Boulis, who resides in Dallas, Texas, is willing to travel to Seattle for a deposition on September 19.  Mr. Boulis's availability to travel to Seattle on for this deposition is subject to the deposition being held at the Seattle offices of Davis Wright Tremaine LLP, to minimize any further interruption to his schedule.  Counsel for Amazon is authorized to accept service on behalf of all individuals referenced above.  We also confirm the deposition date for Erik Schmitz on October 10, 2024 in Luxembourg (remote), subject to the FTC's completing the process to obtain such testimony.  Further, thank you for confirming that the FTC is withdrawing its request to depose Mr. Rai.

Your letter also requests additional dates that Mr. Grandinetti is available in the United States, beyond the October 1 date already offered.  As you are aware, Mr. Grandinetti is a resident of the United Kingdom.  Your letter requests additional dates because you "intend to take Mr. Grandinetti, Mr. Lindsay, and Mr. Ghani's depositions during the same week," and you cannot take Mr. Lindsay or Mr. Ghani's depositions on October 2 or 3.  *See* July 10, 2024 letter from FTC to Defendants at 2.  We are available to meet and confer to discuss scheduling Mr. Ghani's and Mr. Lindsay's depositions around October 1, including potential availability on Monday, September 30, Friday, October 4, or early in the following week.  If the FTC will not accept Mr. Grandinetti's offer of October 1 in Los Angeles, we will provide additional dates for an in-person or remote deposition in the United Kingdom, where Mr. Grandinetti resides.

**COVINGTON**

Moreover, for all witnesses, we expect the parties will work cooperatively to schedule the depositions in a manner that minimizes disruption to the witnesses rather than prioritizing counsel's convenience, as is well-recognized custom. We understand that as of now, all witnesses for which the parties have agreed to a deposition have a scheduled date, with the exception of Mr. Ghani, Mr. Grandinetti, and Mr. Lindsay.[1] We urge the FTC to reconsider moving forward with the scheduling proposal offered. In any case, Amazon and the individual defendants will continue to make all reasonable efforts to ensure that depositions promptly proceed at a time at which both the FTC and the witness are available.

## II.  Deposition Limit

As stated in Amazon's July 1, 2024 letter, it is unclear why the FTC insists on making piecemeal requests for depositions that exceed the Court's 10-deposition limit, and it is inefficient for the parties to proceed in this fashion. For this reason, Amazon asked that the FTC identify all witnesses the FTC seeks to depose in this matter, so that Amazon could consider the totality of the FTC's request. The FTC refused this request, including in its July 10 letter. Your basis for refusal—that the FTC does not yet know what witnesses it intends to depose subject to reviewing the remaining discovery materials (which Amazon has now produced)—is disingenuous. The FTC has been investigating this matter for more than three years, and has a more than sufficient basis to determine the individuals it needs to depose in this case. Even if a new witness were to be identified by the FTC from the documents recently produced by Amazon, the parties could discuss expanding the deposition limit if that witness could provide non-cumulative testimony.

Despite the inefficiencies created by the FTC's piecemeal requests, and in a good-faith effort to compromise, Amazon previously agreed not to object to all 16 of the witnesses that the FTC had noticed by June 13, 2024. *See* June 13, 2024 email from Defendants to FTC. As reflected in the chart included at the end of this letter, Amazon readily cooperated with the FTC regarding dates for these depositions, and nearly all of these depositions have confirmed dates.

The FTC now seeks to continue this same piecemeal request process by adding Mary Pat Gotschall, Benjamin Goeltz, and Caroline Moeller to its still incomplete list of deposition witnesses. *See* June 24 and July 10, 2024 letters from FTC to Defendants.

All of the witnesses that the FTC has noticed for a deposition to date, including the recent additions of Ms. Gotschall, Mr. Goeltz, and Ms. Moeller, have been known to the FTC for years based on the FTC's investigation. As the FTC readily admits, it has "used the knowledge gained during the investigation to identify the pool of document custodians." *See* July 10, 2024 letter from FTC to Defendants at 3. Furthermore, although the FTC asserts that it recently received voluminous additional productions from Amazon, the FTC omits that these are largely, if not entirely, cumulative of documents already produced. There is no reason why the FTC cannot identify the full list of witnesses that it will depose, or at a minimum that it currently

---

[1] As noted in our July 17, 2024 email, Miles Hunter's July 23 deposition date will be rescheduled. In addition, while you have previously noticed the deposition of Ulrich Hendel, your July 10 letter does not mention Mr. Hendel. As explained in our July 1 letter, should the FTC wish to proceed with Mr. Hendel's deposition, it must follow the procedures outlined in the Hague Convention and the requirements imposed by the government of Germany.

**COVINGTON**

intends to depose, based upon information already in its possession, including the FTC's years-long investigation and the 11 months of discovery already completed in this case.

Instead, the FTC's July 10 letter states that you will "proceed with our motion for excess depositions," without specifically referencing how many excess depositions will be sought, or the additional witnesses (other than Ms. Gotschall, Mr. Goeltz, and Ms. Moeller) that the FTC will seek to depose. In order to avoid burdening the Court and the Parties with motions practice, Amazon remains willing to negotiate an agreement on the total number of depositions that the FTC may notice in this case. Amazon is open to discussing the specific bases for the number of depositions that the FTC seeks, including why the FTC has good cause to expand the Court's 10-deposition limit for each of its requested depositions.

## III.   Communications with Witnesses

We are in receipt of your response to Amazon's request in its July 1 letter regarding communications with non-party witnesses. If the FTC is in communication with non-party witnesses regarding the coordination of a potential deposition or deposition dates, Amazon must be informed of these communications, so Amazon has the opportunity to participate in the depositions. Amazon otherwise reserves all rights with respect to its request for communications with non-party witnesses.

*****

Finally, we are including a chart below with current information regarding the scheduling of witness depositions. If any of this information conflicts with your understanding, please promptly let us know.

| Witness Name | Noticed Date | Witness's Available Date(s) | Confirmed Deposition Date | Deposition Location |
|---|---|---|---|---|
| Miles Hunter | Tuesday, July 23 | Mr. Hunter's July 23 deposition date will be rescheduled. We are working to identify additional dates of Mr. Hunter's availability. | TBD | Seattle |
| Leung, Lisa | Thursday, July 18 | n/a | **Wednesday, July 24** | Seattle |
| Morey, Rex | Thursday, July 25 | n/a | **Thursday, July 25** | Seattle |
| Hendel, Ulrich | Tuesday, August 6 | As noted above, should the FTC wish to proceed with Mr. Hendel's deposition, it must follow the procedures outlined in the Hague Convention. | n/a | n/a |

**COVINGTON**

| Witness Name | Noticed Date | Witness's Available Date(s) | Confirmed Deposition Date | Deposition Location |
|---|---|---|---|---|
| Balakrishnan, Sanjay | Wednesday, August 7 | n/a | **Thursday, September 12** | United Kingdom |
| Hagen, Linnea | Thursday, July 11 | n/a | **Tuesday, September 10** | Seattle |
| Ghani, Jamil | Tuesday, August 27 | We are working to identify dates of Mr. Ghani's availability. | TBD | Seattle |
| Boulis, Anthony | Tuesday, July 23 | n/a | **Thursday, September 19** | Seattle (Davis Wright Tremaine) |
| Bruhanov, Michael | Wednesday, July 24 | n/a | **Thursday, August 8** | Seattle |
| Grandinetti, Russell | Thursday, August 29 | We are working to identify dates of Mr. Grandinetti's availability. | TBD | Los Angeles |
| Mason, Llew | Wednesday, July 31 | n/a | **Friday, August 23** | Seattle |
| Lindsay, Neil | Wednesday, August 28 | We are working to identify dates of Mr. Lindsay's availability. | TBD | Seattle |
| Schmitz, Erik | Thursday, August 8 | n/a | **Thursday, October 10** | Luxembourg |
| Malhotra, Neel | Wednesday, July 10 | n/a | **Wednesday, August 7** | Seattle |
| Srinivasan, Bharath | Thursday, August 1 | n/a | **Friday, September 20** | Seattle |

**COVINGTON**

If you have any questions, we remain available to further meet-and-confer to avoid burdening the Court with this dispute.  Defendants reserve all rights.

Sincerely,

*/s/ Laura Flahive Wu*
Laura Kim
John Graubert
John Hall
Laura Flahive Wu
Stephen Anthony
Megan Rodgers