The Honorable John H. Chun

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                     AT SEATTLE

8

9   FEDERAL TRADE COMMISSION,                    Case No. 2:23-cv-0932-JHC

10          Plaintiff,                           **PLAINTIFF'S REPLY IN SUPPORT
                                                 OF MOTION FOR EXCESS FACT-
11      v.                                       WITNESS DEPOSITIONS**

12  AMAZON.COM, INC., *et al*.                    NOTE ON MOTION CALENDAR:
                                                 September 18, 2024
13          Defendants.

14

15

16

17

18

19

20

21

22

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Defendants' Opposition (Dkt. #189) to the FTC's Motion for Excess Fact-Witness Depositions (Dkt. #183) unsuccessfully sidesteps the FTC's straightforward argument that a case of this complexity and importance—involving multiple Defendants including Amazon (one of the world's largest companies), Prime (one of the world's largest online subscription services), misconduct spanning at least seven years and impacting millions of consumers, and "well over 500 Amazon employees" who worked on Prime enrollment and cancellation—warrants more than ten depositions.

Rather than dispute those points, Defendants assert the FTC (1) has not demonstrated the need for additional depositions and (2) cannot seek more until it exhausts the initial ten.  In a case of this complexity, however, the 35 depositions the FTC seeks is reasonable and proportional, and there is no practical reason to wait until the FTC completes ten depositions (which, in any event, it will have done by this Friday, September 20).

Moreover, for months, the FTC has diligently attempted to reach resolution with Defendants regarding the deposition limit.  However, Defendants refused to consider the FTC's specific additional deposition requests unless the FTC identified up front *all* the individuals it seeks to depose.  At the same time, within the last few months Amazon has produced hundreds of thousands of additional documents (which the FTC is still in the process of reviewing), hampering the FTC's ability to identify all deponents on Amazon's arbitrary timeline, and creating a pretense for Amazon to further delay.  Amazon's gamesmanship aside, with the January 10, 2025 fact discovery deadline fast approaching, the efficient and legally appropriate outcome would be to set a 35 deposition limit (or another limit the Court deems appropriate given the matter's complexity and breadth).

## I.    The FTC Has Demonstrated Additional Depositions Are Warranted

Defendants assert the FTC has not made a "particularized showing" to justify the additional depositions it seeks.  Opp. at 11.[1]  Defendants do not, however, dispute the facts

---

[1] All citations to the Motion or Opposition reference the page numbers in the ECF header.  Citations to Exhibit A of the Motion ("Mot. Ex. A") reference internal pagination.

PLAINTIFF'S REPLY ISO MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    described in the Motion that establish reasonableness and proportionality of the FTC's request.

2    *See Laryngeal Mask Co. Ltd. v. Ambu A/S*, 2009 WL 10672436, at \*4 (S.D. Cal. July 17, 2009).

3    In particular, the FTC alleges misconduct by Amazon relating to Prime enrollment and

4    cancellation, spanning at least seven years and impacting millions of consumers.  Amazon itself

5    acknowledged "well over 500 Amazon employees" worked on Prime enrollment or cancellation,

6    Mot. Ex. A (Dkt. #185), Att. 1 at 2, and the FTC seeks to depose employees from multiple

7    relevant Amazon organizations and project teams regarding, among other topics, Amazon's

8    corporate liability, the other three Defendants' individual liability, and the appropriateness and

9    scope of injunctive relief, consumer redress, and civil penalties.  This amply justifies the need for

10   more than ten depositions.  *See, e.g.*, *Couch v. Wan*, 2011 WL 4499976, at \*2 (E.D. Cal. Sept.

11   27, 2011) (finding "the complexity of this case justifies exceeding the presumptive deposition

     limit").

12          Faced with these indisputable facts, Defendants make several unavailing arguments why

     the FTC has purportedly failed to justify the request for 35 depositions.

13          *First*, Defendants argue the FTC has not explained why it cannot obtain the information it

14   seeks through "other means"—namely, the FTC's pre-litigation investigational hearings ("IHs")

15   of Amazon and multiple current and former Amazon employees.  Opp. at 11-12.  However,

16   "discovery should not [be] foreclosed to the Commission merely because of its pre-filing

17   investigation." *SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000); *see also id.* ("[T]here is no

18   authority which suggests that it is appropriate to limit the [federal government's] right to take

19   discovery based upon the extent of its previous investigation into the facts underlying its case.")

20   (citation omitted); *SEC v. Biogenic, Inc.*, 2022 WL 1228782, at \*1 (E.D. Mich. Apr. 26, 2022)

21   (same).  This is particularly true in this case, in which Amazon produced only a small portion of

22   documents during the investigation phase and in advance of the IHs.  *See* Mot. Ex. A ¶¶ 4-5

23   (approximately 30,000 documents produced during investigation versus over 485,000 in

PLAINTIFF'S REPLY ISO MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

litigation).  Obviously, the FTC could not question witnesses about documents the FTC did not yet possess or facts it did not know.

Defendants likewise argue the parties' agreement to treat certain IH transcripts as deposition testimony for Rule 32(a) purposes (the "IH Stipulation") shows the FTC can obtain the discovery it needs through the IHs.  This simply misstates the purpose of the IH Stipulation.  During the IHs, of course some witnesses gave testimony that may be useful to the FTC at trial, and the FTC wants to preserve the admissibility of this testimony should an IH witness become unavailable, which is precisely what the IH Stipulation does.  This in no way demonstrates the IHs are a substitute for depositions, particularly given the little information available to the FTC at the time.

Defendants further assert the FTC only included 15 of 35 IHs in the IH Stipulation because the remaining IH testimony would be "cumulative" of the deposition testimony the FTC seeks.  Defendants have it backwards.  In fact, Defendants insisted the IH Stipulation include a provision that (absent agreement of the parties) the FTC could not depose a witness whose IH was covered by the IH Stipulation.[2]  *See* Dkt. #182 ¶ 4.  Because of this, the FTC excluded from the IH Stipulation the witnesses the FTC thought it might need to question again.[3]

*Second*, Defendants assert the FTC has not articulated why the additional depositions would not be "duplicative."  Opp. at 12.  But as the FTC has already explained, there is no reason to believe the 35 depositions it seeks would be duplicative (including because, as explained above, IHs are not a substitute for depositions).  *See* Mot. at 10-12.  Indeed, in its Motion, the FTC identified 22 of the 35 individuals it seeks to depose (all current or former Amazon employees), but Defendants' Opposition does not discuss these witnesses at all, much less why their testimony be duplicative.[4]  Moreover, the FTC explained the remaining

---

[2] The FTC reserved the right to seek to modify the IH Stipulation by Court order.  *See* Dkt. #182 ¶ 8.

[3] The FTC did not include Defendants' IHs within the IH Stipulation because Defendants' IH testimony is already admissible as opposing party statements.  *See* Fed. R. Evid. 801(d)(2).

[4] Since filing the Motion, the FTC has identified two other individuals it plans to depose, bringing the total to 24.

PLAINTIFF'S REPLY ISO MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1   deponents will likely be selected from among the 50 other document custodians Amazon

2   searched for responsive documents.

3        Defendants relatedly argue that Amazon's large size and the fact that "hundreds of

4   employees have worked on Prime over the last seven years" does not permit the FTC to depose

5   "every single one" of these individuals.  Opp. at 12.  As an initial matter, in 2021 Amazon

6   estimated "well over 500 Amazon employees" had performed work on Prime *enrollment or*

7   *cancellation*, not simply "Prime."  Mot. Ex. A, Att. 1 at 2.  Presumably today, three years later,

8   the number is much greater than the "well over 500" employees Amazon initially claimed.  In

9   any case, of course, the FTC does not seek to depose "every single one" of these 500-plus

10   individuals.

11        Defendants also challenge the FTC's argument that this case is "significantly more

12   complex" than others, asserting the FTC has drawn an "inapt comparison" to the *FTC v. Amazon*

13   antitrust matter.  Opp. at 13.  The FTC, however, merely pointed out that in the antitrust matter,

14   this Court permitted the parties 150 fact-witness depositions without requiring either side to pre-

15   identify the specific witnesses it intended to depose or to exhaust the ten-deposition limit.  *See*

16   Mot. at 9.  Here, the FTC is asking for nowhere near the number of depositions permitted in the

17   antitrust matter.

18        Defendants cite *FMC Technologies, Inc. v. Edwards*, 2006 WL 8454813 (W.D. Wash.

19   Mar. 20, 2006) for the proposition the FTC has failed to show why additional depositions are

20   justified, but this case is inapposite.  *FMC Technologies* involved a dispute between private

21   parties in which plaintiffs claimed defendants had stolen drawings of their "meat-portioner parts"

22   and sought recission of a prior state court settlement or other relief.  *Id.* at *1.  The court allowed

23   15 depositions per side, as opposed to the 40 the plaintiffs sought.  *Id.* at *3.  Defendants do not

explain why *FMC Technologies*, the facts and legal issues of which bear no discernable

resemblance to this case, demonstrates the 35 depositions the FTC seeks should not be permitted,

nor could they.  Defendants also contend the FTC's cases are "unavailing," Opp. at 13, but each

PLAINTIFF'S REPLY ISO MOTION FOR EXCESS             Federal Trade Commission
FACT-WITNESS DEPOSITIONS                   600 Pennsylvania Avenue NW
Case No. 2:23-cv-0932-JHC - 5                  Washington, DC 20580
                                         (202) 326-3320

1
2
3
4
5

stands for the commonsense proposition that complex cases often warrant more than ten depositions, *see* Mot. at 8-9.  Defendants make no meaningful argument that this matter—involving one of the world's largest online subscription services, four Defendants (including one of the world's largest companies), and misconduct spanning at least seven years and impacting millions of consumers—is not such a "complex" case.

6
7
8
9
10
11
12
13
14
15
16
17
18
19

     *Third*, Defendants declare the FTC must identify all the individuals it intends to depose before additional depositions may be permitted.  Opp. at 13.  That, however, is not the law.  *See, e.g.*, Order re: Deposition Limits, *FTC v. Amazon.com, Inc.*, No. 23-cv-1495-JHC, Dkt. #166 (Feb. 20, 2024) (permitting depositions above the ten-deposition default without requiring the parties to identify the specific deponents *ex ante*).  Furthermore, especially in this case, Amazon's actions make identifying each deponent before setting a deposition limit impractical and inefficient.  Amazon itself concedes it recently made "voluminous" document productions in May and July 2024—amounting to hundreds of thousands of additional documents.  *See* Opp. at 7; Mot. Ex. A ¶ 5.  Although Amazon asserts "those productions are largely (if not entirely) cumulative" of prior productions, Opp. at 14-15, that assertion is implausible given the size of Amazon's production more than tripled since May 2024 and included documents from over 30 new custodians.  *See* Mot. Ex. A ¶ 5; Dkt. #190 at 30.  Moreover, the FTC should not be required to accept Amazon's word that review of hundreds of thousands of documents would not affect the FTC's choice of deponents.  Amazon's claim the FTC has had "ample opportunity" to identify witnesses therefore rings hollow and ignores the massive productions it has recently made.

20
21
22
23

     Despite creating this situation, Amazon has also taken the unreasonable position that it will not consider "piecemeal" deposition requests, and asserted the FTC must identify all the witnesses it seeks to depose at one time.  *See* Mot. at 7; Opp. at 8.  The FTC continues to diligently work to identify additional specific deponents.  However, in the interest of efficiency,

PLAINTIFF'S REPLY ISO MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

the FTC should be allowed time to continue to review Amazon's latest productions and identify deponents while proceeding with some additional depositions.[5]

## II.   The FTC Need Not "Exhaust" Ten Depositions Before the Motion May Be Granted, and in Any Case the FTC Will Imminently Complete Ten Depositions

Defendants argue the FTC must exhaust ten depositions before any additional may be permitted, citing cases requiring exhaustion under the facts of those cases.  However, although Defendants claim the FTC "ignores this District's precedent," Opp. at 10, there is no controlling precedent requiring the FTC take ten depositions before more may be permitted, especially when, as here, "the need for additional depositions is clear from the outset."  *Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, 2018 WL 5993585, at *2 (E.D. Cal. Nov. 6, 2018).  As discussed above, this case's complexity and importance warrants additional depositions, and so there is no reason to delay adjusting the deposition number upward.

In any case, the FTC will imminently complete the initial ten depositions, all of which are scheduled to be completed by September 20, 2024 (two days after the Motion noting date). Recognizing additional depositions would be necessary—and mindful of the fast-approaching January 10, 2025 fact discovery deadline and the need to coordinate witnesses' and counsel's schedules—the FTC chose to promptly file the Motion.  Requiring the FTC to refile the Motion, and initiate a new three-week briefing schedule, in two days would not change the substance of the arguments and would only create further delay.

## <u>LOCAL RULE 7(e) CERTIFICATION</u>

I certify that this memorandum contains 2,093 words, in compliance with the Local Civil Rules.

---

[5] Amazon's caselaw is readily distinguishable, *see* Opp. at 14, because it does not address the unique circumstances here, in which a party has just produced hundreds of thousands of additional documents in a complex matter and there is an impending fact discovery deadline.  *See, e.g.*, *Wright v. Washington*, 2024 WL 3833330 (W.D. Wash. Aug. 15, 2024) (lawsuit by individual alleging constitutional and other violations while incarcerated); *Thykkuttathil v. Keese*, 294 F.R.D. 597 (W.D. Wash. 2013) (action to recover for motor vehicle injuries).

PLAINTIFF'S REPLY ISO MOTION FOR EXCESS
FACT-WITNESS DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    Dated:  September 18, 2024          /s/ *Thomas Maxwell Nardini*
                                         EVAN MENDELSON (D.C. Bar #996765)
2                                        OLIVIA JERJIAN (D.C. Bar #1034299)
                                         THOMAS MAXWELL NARDINI
3                                        (IL Bar #6330190)
                                         SANA CHAUDHRY (NY Bar #5284807)
4                                        ANTHONY SAUNDERS (NJ Bar #008032001)
                                         Federal Trade Commission
5                                        600 Pennsylvania Avenue NW
                                         Washington DC 20580
6                                        (202) 326-3320; emendelson@ftc.gov (Mendelson)
                                         (202) 326-2749; ojerjian@ftc.gov (Jerjian)
7                                        (202) 326-2812; tnardini@ftc.gov (Nardini)
                                         (202) 326-2679; schaudhry@ftc.gov (Chaudhry)
8                                        (202) 326-2917; asaunders@ftc.gov (Saunders)

9                                        COLIN D. A. MACDONALD (WSBA # 55243)
                                         Federal Trade Commission
10                                       915 Second Ave., Suite 2896
                                         Seattle, WA 98174
11                                       (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

12                                       Attorneys for Plaintiff
                                         FEDERAL TRADE COMMISSION

13

14

15

16

17

18

19

20

21

22

23