1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| 8  FEDERAL TRADE COMMISSION, | No. 2:23-cv-0932-JHC |
| 9                      Plaintiff, | **STIPULATED MOTION AND ORDER REGARDING DEPOSITIONS BY REMOTE MEANS** |
| 10         v. | |
| 11  AMAZON.COM, INC., *et al.*, | |
| 12                      Defendants. | NOTE ON MOTION CALENDAR: September 23, 2024 |
| 13 | |

14

15     Pursuant to Federal Rule of Civil Procedure 29(a), Plaintiff Federal Trade Commission

16  ("Plaintiff") and Defendants Amazon.com, Inc., Neil Lindsay, Russell Grandinetti, and Jamil

17  Ghani ("Defendants") agree to the following protocols regarding remote depositions in this

18  matter, and respectfully request that the Court enter the proposed Order below approving these

19  protocols:

20     **I.      GENERAL PRINCIPLES**

21     A.      This Stipulation shall govern all depositions taken by Remote Means in

22  this matter.  "Remote Means" shall include depositions taken by (a) telephone, or (b)

23  videoconferencing platforms that allow the deponent, the deponent's counsel, Parties, Plaintiff's

24  counsel, Defendants' counsel, the court reporter, and videographer to participate in the

25  deposition without attending the deposition in-person.

26

STIPULATION AND ORDER
REGARDING REMOTE DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 1

B.      In addition, this Stipulation shall be provided to any non-party witness or such non-party witness's counsel concurrently with the service of any subpoena that requests that a non-party deposition be taken by Remote Means to determine whether said non-party agrees to the provisions of this Stipulation.

C.      Unless otherwise stated, this Stipulation is not intended to alter, expand, or limit the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules, foreign laws, international treaties, and/or court orders.

## II.      PROCEDURES FOR TAKING DEPOSITIONS BY REMOTE MEANS

A.      Pursuant to Fed. R. Civ. P. 29(a) and Fed. R. Civ. P. 30(b)(4), counsel for the party requesting a deposition in this case ("Deposing Counsel") may subpoena or notice the deposition to occur by Remote Means, and the deposition shall occur by Remote Means unless the witness who will be deposed or another party objects to the deposition occurring by Remote Means within 7 days of service of the subpoena or notice.  If the witness who will be deposed or another party objects to the deposition occurring by Remote Means, then the deposition shall not proceed by Remote Means absent agreement of all parties and the witness.

B.      The deposing party will disclose the name of the court reporting agency and virtual platform to be used at least one week in advance of the deposition.  Login information will be provided to all parties no later than 24 hours prior to the start of the deposition.

C.      Pursuant to Fed. R. Civ. P. 30(f)(2), Deposing Counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition are made available in hard copy form to the deponent and counsel for the deponent as set forth herein.  The deposing party and any other party who intends to use exhibits during the deposition shall deliver complete copies of all potential exhibits to be used to the deponent or counsel for the deponent

STIPULATION AND ORDER
REGARDING REMOTE DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 2

so that they are received no later than the day prior to the deposition.  Each exhibit shall be in hard copy in a separate, numbered envelope or binder, which may be sealed.  In lieu of sending hard copies, the deposing party and any other party who intends to use exhibits during the deposition may arrange to send electronic copies of each exhibit to a paralegal or administrative assistant for the deponent's counsel at least 36 hours prior to the start of the deposition.  The paralegal or administrative assistant shall print hard copies of each exhibit and seal them in separate, numbered envelopes or binders.  Except as provided in paragraph II.D, parties are prohibited from using any exhibits or other documents not provided by this deadline.  Complete copies of exhibits must also be made available to the court reporter and other attendees of the deposition by the time they are used in the deposition, either in hard copy or electronic form. Hard copy exhibits provided in sealed envelopes or other containers and electronic copies transmitted to a paralegal or administrative assistant for printing may not be opened or reviewed by the deponent or counsel for the deponent until instructed to do so by the questioning attorney. Furthermore, paralegals or administrative assistants handling electronic copy exhibits shall not disclose the content of the copies including, but not limited to, the bates number, title, sender, or addresses of the electronic copy exhibit to the deponent or counsel for the deponent.  Any unused sealed envelopes shall be destroyed and electronic copies of exhibits transmitted to a paralegal or administrative assistant for printing shall be deleted upon completion of the deposition.

D.     If counsel conducting the witness examination for any party did not anticipate using an exhibit and therefore could not provide a copy of the exhibit in advance of the deposition consistent with the requirements of paragraph II.C. or the exhibit exists natively in an electronic form that cannot be reasonably printed, counsel may present the exhibit electronically using a shared screen.  An exhibit provided only electronically in this manner must be available

to the deponent to review in its entirety, and the witness must be afforded the independent ability to control manipulation of the document (scrolling, etc.) to facilitate that review.  Full electronic copies of the exhibit must be transmitted to the court reporter and all other attendees, and received by them, before questioning begins on the exhibit.  The parties recognize that use of electronic-only exhibits should not become routine practice, and will use best efforts to provide hard copies of all exhibits consistent with the procedures above.

E.      As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent.  A court reporter may administer an oath concerning a deposition via Remote Means.  The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.  Nothing in this paragraph shall be read to modify the Federal Rules of Civil Procedure, foreign laws, or international treaties relating to depositions taken in foreign countries.

F.      Deposing Counsel and the deponent's counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend the deposition via Remote Means.  Any party may object to a deposition occurring by Remote Means if the deponent is unable to secure technology that is sufficient.

G.      All depositions occurring by Remote Means will be stenographically recorded by a court reporter with real-time feed capabilities.  The deponent, the deponent's lawyer, and the questioning attorney must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio capabilities or access to a telephone for calling into the deposition, and will allow themselves to be seen and heard at all times during the deposition.  Unless directed otherwise by the court reporter, all other attendees will turn video off such that their names appear instead of their images (but they may view the video feed of the deposition).  Counsel for

STIPULATION AND ORDER
REGARDING REMOTE DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 4

the deponent shall be responsible for ensuring that the deponent has access to the required

equipment on the day of the deposition and that any equipment checks or tests (as instructed by

the deposition services vendor) have been completed prior to the deposition.  Noticing counsel

are not responsible for the quality or functionality of the video and audio stream for the deponent

or other participants.

H.      For a deposition that is proceeding via Remote Means, the deponents will be

made available for deposition by video.  Individuals who are otherwise permitted to attend a

deposition under the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the

Protective Order (Dkt. 124), and/or court orders, may attend in-person a deposition that is

noticed to occur by Remote Means subject to the requirements in paragraph II.J.

I.      Deposing Counsel is responsible for ensuring that the Remote Means utilized for

a deposition allows the court reporter to accurately record the deponent's testimony.  Either

Deposing Counsel or the deponent's counsel may elect to have a technical specialist attend a

deposition taken by Remote Means to ensure that technical issues are resolved in a timely

manner.

J.      Every person attending the deposition shall be identified on the record at the

commencement of the deposition or upon later entry.  Persons attending by telephone must

identify themselves by name and telephone number.  Under no circumstances may persons attend

the deposition virtually in any manner without identifying themselves on the record at the

commencement of the deposition or upon later entry.

K.      In addition to the provisions set forth above, each participant should attend from a

quiet location.  All attendees other than the deponent, court reporter, deposing attorney, and

objecting attorney will set their audio connection to mute to avoid unintentional noise.

STIPULATION AND ORDER
REGARDING REMOTE DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 5

Case 2:23-cv-00932-JHC   Document 195   Filed 09/23/24   Page 6 of 11

L.      Should technical issues materially interfere with the Parties' ability to take any deposition pursuant to this Order on the scheduled date and such technical issues cannot be remedied in a timely manner, the deponent's counsel, Plaintiff's counsel, Defendants' counsel, and pro se Defendants shall meet, confer, and reasonably cooperate with one another regarding the rescheduling of the deposition.

M.      In the event the deponent, the deponent's lawyer, or the questioning attorney's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when that person's video stream functionality has been restored.  Disruptions due to video streaming phone line interruption, or other technical problems shall be not be counted against record time.

N.      No participant other than the court-reporting agency and videographer (after appropriate notice) may record by video, photograph, or audio any of the proceedings.  This shall include using any form of virtual transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs.  Nothing in this provision prevents or limits the taking of notes by those identified on the record.

O.      All objections to the use and admissibility of the transcript or video of a deposition taken pursuant to this Stipulations based on the fact that the deposition was taken by Remote Means are hereby waived by the Parties except as otherwise provided herein.

P.      The Parties agree not to oppose reasonable accommodations to allow appropriate conferences during breaks, as well as communications between co-counsel during the deposition.

STIPULATION AND ORDER
REGARDING REMOTE DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 6

Q.      All persons attending depositions taken pursuant to this Stipulation shall ensure

that they can do so in a space that is relatively free from distractions that would inhibit the course

of the deposition.

R.      While on the record, the deponent will not use any communication device other

than those to facilitate the deposition.  While on the record, the deponent will not privately

confer with anyone between a question and an answer except for the purpose of determining the

existence and questions of privilege or to the extent otherwise permitted by any applicable

Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules, and/or court orders, as

long as the reason for that conferral is stated on the record.  This stipulation does not govern the

conduct of anyone while not on the record.

S.      While on the record, no one will communicate with the deponent outside of the

video/audio stream except as permitted in paragraph II.R.  This includes, but is not limited to,

instant messaging, text messaging, or any equivalent.  In the event any such communications

occur, the parties agree that the communications are discoverable.  For the absence of doubt, this

provision does not cover communications sent to the deponent while on the record but that the

deponent did not receive while on the record.  Nor does this provision make personal

communications unrelated to the deposition or substance of lawsuit discoverable.

T.      If the witness reviews notes or any documents other than a marked exhibit during

questioning, and the witness's counsel is aware of that review, the witness's counsel shall

provide an electronic copy of the notes or other materials to Deposing Counsel to place into the

record as an exhibit to the deposition.

U.      Notwithstanding the foregoing, nothing in this Stipulation prohibits any witness,

party, or non-party, or any counsel for any witness, party or non-party, from objecting to specific

STIPULATION AND ORDER
REGARDING REMOTE DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 7

1   depositions occurring by Remote Means including, but not limited to, on the grounds that having

2   counsel physically separate from the witness would constitute a violation of the witness's, the

3   party's, or the non-party's due process rights.  Such objections shall be raised promptly after

4   receipt of the deposition notice.  In the case of a non-party witness that has been subpoenaed

5   prior to the entry of this Stipulation, such objections shall be raised promptly after receipt of this

6   Stipulation.  In the event that one or more such objections are raised, the witness, Parties, or the

7   non- party, through their respective counsel, shall meet and confer in a good faith effort to

8   resolve the objection(s) before seeking relief from the Court, in the case of a party, or, in the case

9   of a nonparty, before the court where compliance is required pursuant to Fed. R. Civ. P. 45(d).

10  This Stipulation will be in effect until one of the parties provides notice of the need to make

11  changes to it and agreement is reached, or the court orders that other procedures shall apply.  The

12  parties agree to make this Stipulation Exhibit 1 to the remote depositions in this case.

13          Stipulated to and respectfully submitted this 23rd day of September, 2024, by:

14

15                                          FEDERAL TRADE COMMISSION
                                            *Attorneys for Plaintiff*

16  By /s/ Evan Mendelson

17      Evan Mendelson, D.C. Bar #996765
        Olivia Jerjian, D.C. Bar #1034299
18      Thomas Maxwell Nardini
        (IL Bar #6330190)
19      Sana Chaudhry (NY Bar #5284807)
        Anthony Saunders (NJ Bar #008032001)
20      Federal Trade Commission
        600 Pennsylvania Avenue NW
21      Washington DC 20580
        (202) 326-3320; emendelson@ftc.gov
22      (202) 326-2749; ojerjian@ftc.gov
        (202) 326-2812; tnardini@ftc.gov
23      (202) 326-2679; schaudhry@ftc.gov
        (202) 326-2917; asaunders@ftc.gov
24

25
        Colin D. A. MacDonald (WSBA # 55243)
26      Federal Trade Commission

STIPULATION AND ORDER
REGARDING REMOTE DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 8

915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

*Approved and Agreed To By:*

DAVIS WRIGHT TREMAINE LLP

/s/ Kenneth E. Payson

Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
          jimhoward@dwt.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
          lflahivewu@cov.com
          lkim@cov.com
          jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

STIPULATION AND ORDER
REGARDING REMOTE DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
        mkaba@hueston.com
        jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants
AMAZON.COM, INC., LINDSAY,
GRANDINETTI, AND GHANI

**ORDER**

**IT IS SO ORDERED.**

DATED this 23rd day of September, 2024

_____
John H. Chun
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER
REGARDING REMOTE DEPOSITIONS
Case No. 2:23-cv-0932-JHC - 11