UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC; NEIL LINDSAY, individually and as an officer of Amazon.com, Inc.; RUSSELL GRANDINETTI, individually and as an officer of Amazon.com, Inc.; JAMIL GHANI, individually and as an officer of Amazon.com, Inc.,<br><br>Defendants. | CASE NO. 2:23-cv-00932-JHC<br><br>ORDER |

This matter comes before the Court on the FTC's Motion to Compel Production of Documents Clawed Back During Investigation. Dkt. # 139. The Court granted the motion in part and ordered Defendants to submit IC-9 and the July 14 Presentation (IC-5, IC-18, IC-19, IC-20, and IC-21) for in camera review. Dkt. # 179. Upon such review, the Court GRANTS the FTC's Motion to Compel as to the July 14 Presentation. The Court GRANTS in part and DENIES in part the FTC's Motion to Compel as to IC-9.

ORDER - 1

Attorney client privilege "protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). When a communication has more than one potential purpose, courts consider "whether the primary purpose of the communication is to give or receive legal advice." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021).

A.  July 14 Presentation

Amazon claims that the July 14 Presentation is protected because the primary purpose of the document was to seek legal advice on changes to Prime upsells. Dkt. # 142 at 9. The July 14 Presentation outlines design changes to Amazon's various Prime upsells. This information is not protected by attorney client privilege. *See In re Grand Jury*, 23 F.4th at 1092 ("As the Supreme Court has recognized, the attorney-client privilege 'protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege.'" (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976))); *Stirratt v. Uber Techs.*, Inc., No. 19-CV-06361-RS (DMR), 2024 WL 1723710, at *5 (N.D. Cal. Apr. 19, 2024) ("'An attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction.' The party asserting privilege must show that the documents 'directly or indirectly reveal communications of a confidential nature by the client to the attorney.' In other words, the party must show that the documents are 'so interwoven with the privileged communications that disclosure of the former leads irresistibly to disclosure of the latter.'" (quoting *Matter of Fischel*, 557 F.2d 209, 212 (9th Cir. 1977))).

B.  IC-9

IC-9 is a chat between two non-attorney Amazon employees. In an email to Amazon, the FTC emailed identified three messages in IC-9 (15:54:49, 16:00:49, and 16:02:23) that may be privileged. Dkt. # 90-2 at 247. Amazon clawed back the document and then produced it with 19

ORDER - 2

messages redacted.  Dkt. # 140-2 at 3.  After negotiations between the parties, Amazon removed six redactions and produced IC-9 with 13 messages redacted.  *Id.* at 4.  In the motion to compel, the FTC asserts that Amazon has redacted information that is not privileged.  Dkt. # 140-1 at 11.

"The attorney-client privilege 'may attach to communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue.'"  *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *see also Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 631 (D. Nev. 2013) (the Court must determine "whether the non-attorneys were seeking or forwarding legal advice to non-attorneys who needed it to fulfill the purpose for which the lawyer was consulted and/or that disclosure to other non-lawyer employees was reasonably necessary for the transmission of the communication").

The Court determines that the messages at 15:54:49, 15:55:07, 15:55:20, 16:00:49, 16:00:52, 16:01:45, 16:02:23, and 16:02:29 are privileged because they reflect the advice the employees obtained from an attorney and advice that the employees planned to seek from an attorney.  The message at 15:55:42, 15:56:02, 16:00:23, 16:00:33, 16:00:55 are not privileged because they reflect the non-attorney employees' personal opinions and actions.

The Court GRANTS the FTC's Motion to Compel as to the July 14 Presentation and ORDERS Amazon to produce IC-5, IC-18, IC-19, IC-20, and IC-21 on or before October 15, 2024.  The Court GRANTS in part and DENIES in part the FTC's Motion to Compel as to IC-9.  The Court ORDERS Amazon to produce IC-9 with the messages at 15:55:42, 15:56:02, 16:00:23, 16:00:33, 16:00:55 unredacted on or before October 15, 2024.

/

/

/

ORDER - 3

Dated this 9th day of October, 2024.

John H. Chun
United States District Judge

ORDER - 4