UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC; NEIL LINDSAY, individually and as an officer of Amazon.com, Inc.; RUSSELL GRANDINETTI, individually and as an officer of Amazon.com, Inc.; JAMIL GHANI, individually and as an officer of Amazon.com, Inc.,<br><br>Defendants. | CASE NO. 2:23-cv-00932-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff Federal Trade Commission's (FTC) Motion to Strike Equitable Affirmative Defenses.  Dkt. # 176.  The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law.  For the reasons below, the Court DENIES the motion.

## II

### BACKGROUND

The FTC sued Amazon.com, Inc. and three Amazon executives, Neil Lindsay, Russell Grandinetti, and Jamil Ghani, alleging that they violated Section 5(a) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45(a), and Section 4 of the Restore Online Shoppers' Confidence Act (ROSCA), 15 U.S.C. § 8403.  Dkt. # 67 at 1–2 ¶ 1.  The Amended Complaint alleges that Amazon tricked, coerced, and manipulated consumers into subscribing to Amazon Prime by failing to disclose the material terms of the subscription clearly and conspicuously and by failing to obtain the consumers' informed consent before enrolling them.  *Id.* at 2 ¶ 2.  It also alleges that Amazon did not provide simple mechanisms for subscribers to cancel their Prime memberships.  *Id.* at 3 ¶ 7.

Defendants answered the Amended Complaint.  Dkt. # 171.  The FTC now moves to strike three of Defendants' equitable affirmative defenses: (1) equitable estoppel, (2) laches, and (3) unclean hands.  Dkt. # 176 at 2.

## III

### DISCUSSION

The FTC argues that the equitable affirmative defenses of equitable estoppel, laches, and unclean hands are "generally unavailable in government enforcement actions" and "Defendants make no serious attempt to plead facts that would satisfy. . . [the] narrow exceptions to that rule." Dkt. # 176 at 2.

A.    Legal Standards

*Rule 12(f).*  Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  When ruling on a Rule 12(f) motion to strike, a court "should not resolve disputed and substantial factual or legal issues." *White v. Univ. of Wash.*, No. 2:22-CV-01798-TL, 2023 WL 3582395, at *2 (W.D. Wash. May 22, 2023). To succeed on a motion to strike an affirmative defense, a movant must show "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995), *aff'd sub nom. S.E.C. v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998).

*Affirmative Defenses*.  When "responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b).  A party must also "affirmatively state any avoidance or affirmative defense[.]"  Fed. R. Civ. P. 8(c)(1).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (emphasis added) (quoting *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010), *abrogated on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc)).[1]  Under the fair notice standard, a defendant generally states, "the nature and grounds for the affirmative defense." *Vogel v. Linden Optometry APC*, No. CV 13–00295 GAF (SHx), 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013) (quoting *Dunmore v. Dunmore*, No. 2:11-CV-2867 MCE AC,

---

[1]Although other courts, including federal district courts in this Circuit, have adopted the "plausibility" standard for pleadings to evaluate the sufficiency of affirmative defenses, the Parties and the Court agree that the "fair notice" standard applies.  *See* Dkt. # 177 at 10; Dkt. # 178 at 1.  *See also White*, 2023 WL 3582395, at *4–5 ("Simply put, the Federal Rules of Civil Procedure do not contemplate that the pleadings of a complaint be treated the same as an affirmative defense"); *White v. King Cnty. Sheriff's Off.*, No. 2:23-CV-01761-JHC, 2024 WL 2802930, at *2 (W.D. Wash. May 31, 2024) (same).

ORDER - 3

2013 WL 876907, at *5 (E.D. Cal. Mar. 7, 2013), *R. & R. adopted*, No. 2:11-CV-02867 MCE AC, 2013 WL 1628140 (E.D. Cal. Apr. 15, 2013).

B.      Legal Sufficiency of the Equitable Affirmative Defenses

The FTC contends that the equitable defenses of laches, unclean hands, and equitable estoppel are unavailable in government enforcement actions.  Dkt. # 176 at 3.

Defendants respond that the Ninth Circuit has "repeatedly held" that a defendant can assert the defense of equitable estoppel when the government has engaged in "affirmative misconduct."  *Id.* at 7–8 (quoting *United States v. Ruby Co.*, 588 F.2d 697, 703–04 (9th Cir. 1978).  They also contend that "[t]he law is similar for laches," and a laches defense is available against the government if a defendant can show "affirmative misconduct."  *Id.* at 8 (quoting *United States v. Rite Aid Corp.*, No. 2:12-cv-1699-KJM-EFB, 2020 WL 230202, at *4 (E.D. Cal. Jan. 15, 2020)).  Likewise for unclean hands, Defendants say that this defense is available when the government's conduct is "so outrageous to cause constitutional injury."  *Id.* at 9 (quoting *Sands*, 902 F. Supp. 1149 at 1166).

Courts in this Circuit have acknowledged that the "Supreme Court has not entirely foreclosed the possibility that a party could successfully mount an equitable defense against the government in statutory enforcement actions."  *United States ex rel. Mei Ling v. City of Los Angeles*, No. CV 11-974 PSG (JCX), 2020 WL 1229734, at *4 (C.D. Cal. Jan. 28, 2020) (citing *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 60–61 (1984); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 517 F. Supp. 3d 994, 999 (N.D. Cal. 2021) (reasoning that the Ninth Circuit has held that estoppel can be asserted against the government in cases of "affirmative misconduct").

The FTC relies on *F.T.C. v. Debt Solutions., Inc.*, No. C06-298JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006), to support its contention that Defendants' affirmative defenses

fail as a matter of law.  In *Debt Solutions, Inc.*, the court struck the defendants' estoppel, waiver, unclean hands, and laches defenses because they were "unavailable to a party seeking to avoid a governmental entity's exercise of statutory power."  *Id.* at *1.  But in that case the defendants did not oppose the FTC's motion to strike, and the court's order does not indicate whether the defenses were based on any alleged government misconduct.  *Id.*

Thus, the Court does not find the equitable affirmative defenses here to fail as a matter of law.

C.    "Fair Notice" of the Equitable Affirmative Defenses

In the alternative, the FTC contends that Defendants have "failed to plead" sufficient facts to support their affirmative defenses under the "narrow exceptions" that some courts have recognized.  Dkt. # 176 at 4.

1.    Equitable Estoppel

"Equitable estoppel is a doctrine adjusting the relative rights of parties based upon consideration of justice and good conscience."  *United States v. Georgia-Pac. Co.*, 421 F.2d 92, 95 (9th Cir. 1970) (internal citations omitted).  Under this doctrine,

> (1) The party to be estopped must know the facts; (2) [they] must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) [they] must rely on the former's conduct to his injury.

*Id.* at 96 (internal citation omitted).

The FTC acknowledges that "an equitable estoppel defense might be viable against the government where the government engages in 'affirmative misconduct.'"  Dkt. # 176 at 5 (quoting *Ruby*, 588 F.2d at 703–04).  It says that Defendants "do not identify any affirmative misrepresentations or the affirmative concealment of any material facts" and thus the defense "should be stricken."  *Id.*

Defendants say that they "have exceeded the 'fair notice' pleading standard by not only identifying their estoppel defense in general terms" but also including specific facts that "undergird [their] allegations of knowing inducement, reliance, selective enforcement, and affirmative misconduct." Dkt. # 177 at 12–13.

In their Answer, Defendants say that the FTC's claims are barred by equitable estoppel "because the FTC engaged in affirmative misconduct that caused substantial injustice—including at least in connection with its investigation of Amazon and selective enforcement of ROSCA and the FTC Act" and the FTC "knowingly induced Amazon to maintain online enrollment and cancellation processes that the FTC now alleges violate ROSCA and the FTC Act." Dkt. # 171 at 73. Defendants also identify other factual allegations in the Answer to support their defense, including allegations that the FTC "confirmed" that "certain conduct" at issue such as "preserv[ing] the opportunity for a business to make an offer [during a cancellation attempt] to induce a consumer to stay" is permissible under ROSCA. *See* Dkt. # 177 at 13–14 (quoting Dkt. # 171 at 67) (second alteration in original).

The Court concludes that the allegations in the Answer, assuming the fair notice doctrine requires the pleading of facts to support an affirmative defense, provide fair notice to the FTC. *Cf. Rosen*, 222 F. Supp. 3d 793 ("Pleading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice."); *see S.E.C. v. Miller*, No. 21-CV-1445 (DSD/ECW), 2024 WL 3565791, at *6 (D. Minn. July 29, 2024) (reasoning that while the defendant "face[s] a high hurdle in succeeding" against the government on an equitable estoppel defense, "the [c]ourt will not deprive him at this stage of his right to develop facts and arguments as to why this defense is viable at a later stage in litigation"); *see also Johnson v. Engbaum,* No. 1:24-CV-00218-REP, 2024 WL 3696158, at *3 (D. Idaho Aug. 7,

2024) (reasoning that "a defendant need not always plead facts to support an affirmative defense").

       2.      Laches

     "Laches is an equitable defense that prevents a plaintiff, who 'with full knowledge of the facts, acquiesces in a transaction and sleeps upon [their] rights.'" *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1226 (9th Cir. 2012) (quoting *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950–51 (9th Cir. 2001).  The FTC says that "some courts have recognized the possibility that laches may apply in government enforcement actions if [the] defendants can prove 'affirmative misconduct' by the government." Dkt. # 176 at 4 (citing *F.T.C. v. DirecTV*, No. 15-cv-01129-HSG, 2015 WL 9268119, at *2–3 (N.D. Cal. Dec. 21, 2015)).  It contends that Defendants' allegations in the Answer are "plainly insufficient" because they "merely recite[ ] the legal standard without describing any facts establishing *how* the FTC engaged in this supposed 'affirmative misconduct.'" *Id.* (citing *S.E.C. v. Markman Biologics Corp.*, No.: 2:23-cv-00288-APG-DJA, 2024 WL 1075358, at *3 (D. Nev. Mar. 11, 2024)) (emphasis in original).

     Defendants respond that their Answer says that "[t]he The FTC's claims are barred by the doctrine of laches because the FTC engaged in affirmative misconduct—including at least in connection with its investigation of Amazon and selective enforcement of ROSCA and the FTC Act—and inexcusably and unreasonably delayed in filing and serving the Complaint against Amazon, thereby prejudicing Amazon." Dkt. # 171 at 74; Dkt. # 177 at 14.  They also say that they have done more than just "describe their defense in 'general terms'. . .as they have included particularized allegations that, if proven true in discovery, will establish each element" of their laches defense.  Dkt. # 177 at 14.

     The Court agrees with Defendants.  The affirmative defense and related allegations gives fair notice to the FTC.  *See Rosen*, 222 F. Supp. 3d at 802.  *See also Mei Ling*, 2020 WL

1229734, at *4 (determining that "it would be premature" to strike the defendant's equitable

affirmative defenses, including estoppel, laches, and unclean hands, because "[s]uch a

determination is more appropriate on summary judgment") (citing *Agua Caliente Band of*

*Cahuilla Indians v. Coachella Valley Water Dist.*, No. EDCV 13-883 JGB (SPx), 2016 WL

2621301, at *3 (C.D. Cal. Feb. 23, 2016) (deciding on summary judgment that the defendants

could not "assert the affirmative defense of laches" against the government); *United States v.*

*Power Media Grp., Inc.*, No. CV 16-01436 DSF (AGRx), 2016 WL 9226381, at *1 n.1 (C.D.

Cal. Nov. 22, 2016) (same)).[2]

       3.  Unclean Hands

      The doctrine of unclean hands "is rooted in the historical concept of [a] court of equity as

a vehicle for affirmatively enforcing the requirements of conscience and good faith."

*In re Volkswagen*, 517 F. Supp. at 998 (quoting *Precision Instrument Mfg. Co. v. Auto. Maint.*

*Mach. Co.*, 324 U.S. 806, 814, (1945) (alteration in original).  It provides "equitable relief when,

but only when, an individual's misconduct has 'immediate and necessary relation to the equity

that [they] seek[ ].'"  *Id.* (quoting *Henderson v. United States*, 575 U.S. 622, 631 n.1 (2015)).

      The FTC acknowledges that "[s]ome courts have recognized the possibility [that] a

defendant can prevail on an unclean hands affirmative defense by establishing government

---

[2] The FTC also asserts that selective enforcement is only a defense in "truly horrendous situations" and that Defendants cannot make "any such allegation."  Dkt. # 176 at 4 (quoting *S.E.C. v. Western Int'l Secs., Inc.*, 2023 WL 2480732, at *8 (C.D. Cal. Mar. 13, 2023).  At this stage, the Court declines to strike Defendants' laches defense on this basis.  *See United States v. Innovative Biodefense, Inc.,* No. SACV180996DOCJDEX, 2019 WL 6971054, at *4–5 (C.D. Cal. Aug. 22, 2019) (declining to strike the defendant's unclean hands affirmative defense premised on the government's alleged "selective enforcement" of the Food, Drug, and Cosmetic Act and other FDA regulations against the defendant); *see also Salgado v. United States Liab. Ins. Co.*, No. 3:23-CV-01233 (VAB), 2024 WL 3385128, at *3 (D. Conn. July 12, 2024) (declining to strike the defendant's laches, estoppel, waiver, and unclean hands defenses even when "equitable relief [was] not a foreseeable outcome" because the court could not say from the pleadings alone "that there [was] no question of fact or law that might allow these defenses to succeed").

conduct that is 'so outrageous as to cause constitutional injury." Dkt # 176 at 6 (quoting *F.T.C. v. Green Eq. Sols.*, No. 2:22-cv-06499-FLA (MARx), 2023 WL 7107273, at *2 (C.D. Cal. Sept. 29, 2023)). It says that "Defendants rely entirely on purported misconduct during the FTC's investigation, but '[i]mproper conduct during an investigation is not an affirmative defense.'" (quoting *S.E.C. v. Gold Standard Mining Corp.*, No. CV 12–5662 PA (CWx), 2012 WL 12904080, at * 2 (C.D. Cal. Dec. 10, 2012)).

Defendants respond that they alleged government misconduct and provided examples of this purported misconduct in their Answer. Dkt. # 177 at 14; *see also* Dkt. # 171 at 73. They also say that their allegations about the FTC's purported selective enforcement is additional conduct to support its defense. Dkt. # 177 at 14–15. Defendants say in their Answer:

> The FTC is barred from seeking, obtaining, or enforcing any equitable remedy by the doctrine of unclean hands because of its outrageous conduct during its investigation that led to this action, including but not limited to: (1) attempting to expel retained counsel from Amazon employee depositions; (2) refusing to allow Amazon's in-house counsel to be present at Amazon employee depositions; (3) inviting witnesses not represented by counsel to reveal privileged information; and (4) deliberately showing witnesses Amazon-privileged documents that had been inadvertently produced in other investigations, notwithstanding the FTC's knowledge of the documents' privileged nature.

Dkt. # 171 at 73.

The FTC cites *S.E.C. v. Gold Standard Mining Corp.*, 2012 WL 12904080, at * 2 for the proposition that "improper conduct during an investigation is not an affirmative defense." *Id.* at *2. This case is distinguishable. In *Gold Standard*, the court struck the defendant's defense that said that the SEC's complaint was "precluded by an unlawful and improper investigation." *Id.* But the court also acknowledged that "[i]f the alleged unlawful conduct of the investigation rises to the level of a violation of constitutional rights, then [the] [d]efendant can bring a separate action." *Id.* Here, Defendants are asserting their unclean hands defense based on purportedly "outrageous" unconstitutional government conduct—a circumstance that courts recognize as

acceptable to raise an unclean hands defense in a lawsuit involving the government. *See e.g.*, *S.E.C. v. Cuban,* 798 F. Supp. 2d 783, 792 (N.D. Tex. 2011) ("Recognizing the need to deter governmental abuses, courts do allow the defense of government misconduct to be invoked where it appears that the government may have engaged in outrageous or unconstitutional activity.") (internal citation omitted); *Sands*, 902 F. Supp. at 1116 (stating that some courts have declined to strike the unclean hands defense based "on the theory that the [g]overnment's conduct, if it is so outrageous as to cause constitutional injury, may preclude equitable relief").

Defendants' Answer provides fair notice to the FTC of their allegations of "outrageous" conduct. *See, e.g.*, S.E.C. v. *Downe*, No. 92 CIV. 4092 (PKL), 1994 WL 67826, at *2 (S.D.N.Y. Mar. 3, 1994) (although the court was "skeptical" that the defendant's allegations of alleged misconduct was "sufficiently egregious to give rise to an affirmative defense[,]" the court denied the SEC's motion to strike an unclean hands defense because the "issues would be better addressed in a concrete factual setting"); *S.E.C.* v. *Nat. Diamonds Inv. Co.*, No. 9:19-CV-80633, 2020 WL 95065, at *2 (S.D. Fla. Jan. 8, 2020) (declining to strike the defendant's unclean hands defense because, although the defendant had to meet a "demanding standard," the court could not say that the defendant could not "possibly meet it based on the pleadings").

## IV
### CONCLUSION

For these reasons, the Court DENIES the motion to strike.

Dated this 20th day of November, 2024.


John H. Chun
United States District Judge