The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

AMAZON.COM, INC., *et al*.

    Defendants.

Case No. 2:23-cv-0932-JHC

**STIPULATED MOTION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY**

NOTE ON MOTION CALENDAR:
December 23, 2024

Pursuant to Fed. R. Civ. P. 29, the parties hereto, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery and testimony in this action.

1. <u>Definitions</u>

    1.1    "Action" means the action filed in this Court under the caption *Federal Trade Commission v. Amazon.com, Inc., et al.*, 2:23-cv-0932-JHC, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

    1.2    "Communication," "Communications," or "Communicated" means any actual or attempted dissemination, disclosure, transmission, transfer or exchange of information, opinions,

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

or thoughts and includes, but is not limited to, written, oral, and electronic correspondence through text messages, social media and online postings, and any content on any messaging applications such as, but not limited to, WhatsApp, Signal, Microsoft Teams, Confide, Facebook Messenger, and Snapchat.

1.3     "Consultant" means a Person, retained by a Party or their Testifying Expert specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who will not provide testimony pursuant to Fed. R. Civ. P. 26(a)(2).  For the avoidance of doubt, the term Consultant does not include a Party or a Party's employees.

1.4     "Counsel" shall mean, as applied to outside counsel, counsel retained by a Party or Parties in connection with the Action.  As applied to in-house counsel, it shall mean any lawyer employed (or previously employed, at the time of the pertinent communication) by a Party when acting primarily in a legal capacity for that Party.  As applied to Plaintiff, this includes, but is not limited to any attorneys who are, or previously were (at the time of the pertinent communication), employed by the Federal Trade Commission and acting primarily in a legal capacity for the Federal Trade Commission.  As applied to All Parties, the term Counsel also includes, but is not limited to, any economists, financial analysts, statisticians, paralegals, investigators, technologists, administrative assistants, and clerical and administrative personnel employed by, or contracted with, the Party, provided that such employees or contractors are acting under the direction or supervision of Counsel and in connection with the Action.

1.5     "Corporate Defendant" means Amazon.com, Inc., including all of its employees, agents, representatives, subsidiaries, and affiliates.

1.6     "Individual Defendants" means Neil Lindsay, Russell Grandinetti, and Jamil Ghani, individually, collectively, or in any combination.

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1.7 "Defendants" means all Individual Defendants and Corporate Defendant in this Action.

1.8 "Document" or "Documents" means the broadest possible definition possible under Federal Rule of Civil Procedure 34 or any applicable local rule. Documents include any and all Communications and/or electronically stored information.

1.9 "Party" means any Plaintiff or Defendant in the Action. "All Parties" collectively means Plaintiff and Defendants in the Action.

1.10 "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

1.11 "Plaintiff" means the Federal Trade Commission, including all of its employees, agents, and representatives.

1.12 "Staff" means any individual assisting or supporting a Testifying Expert or Consultant specifically for the purposes of this Action. For the avoidance of doubt, it does not include a Party or a Party's employees, except that it includes a Party or Party's employees who are a Testifying Expert required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2) or a Party or Party's employees who assist or support a Party or Party's employees who are required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2).

1.13 "Testifying Expert" means a Person, retained by a Party or Parties specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who is required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B) and/or any other Person who is required to provide an expert report pursuant to Fed. R. Civ. P. 26(a)(2).

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

2. <u>General Provisions</u>

    2.1    This Stipulation and Order applies to All Parties to the Action. This Stipulation and Order provides the protocols applicable to conducting discovery relating to Testifying Expert(s), Consultant(s), or their Staff. Nothing herein shall preclude any Party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

    2.2    All Parties shall not serve subpoenas or discovery requests (for depositions or Documents) on any Testifying Expert, Consultant, or their Staff. Instead, the Party proffering a Testifying Expert will: (a) be responsible for producing all materials and information required under this Stipulation or, to the extent not addressed in this Stipulation, under the Federal Rules of Civil Procedure for the Testifying Expert, and (b) upon request, make the Testifying Expert available for deposition at or reasonably near the Testifying Expert's workplace, unless otherwise agreed by the Parties, and at a time mutually agreed to by All Parties, and consistent with the Court's scheduling order(s).

    2.3    All Parties agree to comply with the terms of this Stipulation pending the Court's approval and entry of this Stipulation and Order.

3. <u>Governing Law</u>

    3.1    Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in this Action. For the avoidance of doubt, the requirements of Federal Rule of Civil Procedure 26(a)(2)(A), 26(a)(2)(B), and 26(a)(2)(B)(i) remain in effect and apply to this Action notwithstanding this Stipulation and Order.

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

4.  <u>Expert materials to be disclosed</u>

    4.1    The Party or Parties proffering the Testifying Expert shall make all disclosures required by Rule 26(a)(2)(B), as modified or limited by this Stipulation and Order.

    4.2    In addition to the disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B)(ii)-(vi), no later than seven business days after the service of any Testifying Expert's report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) or otherwise, the Party or Parties proffering the Testifying Expert shall produce[1]:

        4.2.1    A copy of all data or other information referred to in the Testifying Expert's report or declaration and/or considered by the Testifying Expert in forming the Testifying Expert's opinions (to the extent not already produced in discovery), including, but not limited to, complete copies of all data sets from which information considered was derived or obtained, all custom-made computer programs underlying any calculations, and a description of all data underlying any calculations, including all computer programs or code necessary to recreate any data sets and analyses of data sets. The Parties need not produce any intermediate working data, calculations, estimations, tables, or graphics. The Parties also need not re-produce any data that was previously produced in discovery if they instead provide sufficient detail to precisely identify all data sets from which information considered was derived or obtained.

        4.2.2    A list of all Documents referred to in the Testifying Expert's report or declaration and/or considered by the Testifying Expert in forming the Testifying Expert's opinions. For purposes of this list, identifying Documents by Bates number is sufficient. To the

---

[1] Paragraph 4.2 (including subparagraphs 4.2.1 through 4.2.4) applies to materials created or communications occurring after the initiation of the Action in which the Testifying Expert intends to testify (i.e., post-Action Documents and communications), and to materials created or communications occurring prior to the initiation of the Action in which the Testifying Expert intends to testify (i.e., pre-Action Documents and communications).

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

extent that any such Documents do not already have a Bates number, copies of those documents shall be produced. Such copies of Documents may be produced with a Bates number, but Bates numbering is not required.

        4.2.3    A statement of the witness's qualifications, including a list of all publications authored, in whole or in part, by the Testifying Expert in the previous 10 years and copies of all such publications that are not readily available publicly, provided that such publications are accessible by the Testifying Expert. Publications which exist only behind a paywall or in print shall be considered as not readily available publicly.

        4.2.4    A list of all other case(s), wherever those cases took place, in which, during the previous 4 years, the Testifying Expert testified as an expert at trial or by deposition, including the tribunal and case number.

    4.3    Testifying Expert reports shall be served via email. Except to the extent included within a Testifying Expert's report, the information required by subparagraphs 4.2.1 - 4.2.4 above shall be produced electronically in a manner agreed to by All Parties and, with respect to paragraph 4.2.1, in machine-readable format, where feasible. All Parties shall meet and confer in good faith to attempt to establish, no later than 20 days before the deadline for opening expert reports, an agreed method for ensuring that the receiving parties are able to complete receipt of the materials by the due date.

    4.4    Paragraphs 4.2.1 - 4.2.4 above are not intended to limit the ability of any Party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to a Testifying Expert's testimony, during the course of any deposition, hearing, or trial. The use and disclosure of any such demonstrative exhibits shall be governed by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules and Orders.

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

5. <u>Expert materials not requiring disclosure</u>

    5.1    Notwithstanding the foregoing and the Federal Rules of Civil Procedure, and except as otherwise required by paragraph 5.2 below, the following materials[2] shall not be subject to discovery or disclosure by any method (including by deposition):

        5.1.1    The content of communications, whether oral or written, only among or between:

            (a)    a Testifying Expert or Consultant and other Testifying Experts and Consultants, as well as any Staff assisting such Testifying Experts or Consultants, except to the extent the Testifying Expert relies upon such communications as a basis or reason for his or her opinions; and

            (b)    a Testifying Expert or Consultant and any Staff assisting such Testifying Expert or Consultant.[3]

        5.1.2    Drafts of Testifying Expert reports, affidavits, declarations, or other Testifying Expert materials, including, without limitation:

---

[2] Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall apply to materials created or communications occurring after the initiation of the Action (i.e., post-Action Documents and communications). Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall also apply to materials created or communications occurring prior to the initiation of the Action (i.e., pre-Action Documents and communications), provided that (i) with respect to subparagraphs 5.1.1(a) and 5.1.1(b), all participants in the communication (a) were retained or employed by, on behalf of, or represented the same Party at the time of the communication and the communication was made in connection with, or in anticipation of, the Action, or (b) all participants in the communication were retained or employed by, on behalf of, or represented Plaintiff at the time of the communication and the communication was made in connection with, or in anticipation of, the Action; and (ii) with respect to subparagraph 5.1.2, the Testifying Expert was retained or employed by or on behalf of a Party in the Action at the time the materials were prepared, and the materials were prepared on behalf of the same Party that retained or employed the Testifying Expert in the Action, and the materials were prepared in connection with, or in anticipation of, the Action.

[3] For purposes of this Stipulation and Order, "Plaintiff's Counsel" includes Counsel for Plaintiff in the Action and "Defendants' Counsel" includes Counsel for any Defendant in the Action. Additionally, notwithstanding this provision, this expert stipulation does not, and is not intended to, abridge the attorney-client privilege.

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

(a) draft studies, analyses, opinions, or written expert testimony prepared in connection with the Action;

(b) draft Testifying Expert work papers prepared in connection with the Action; and

(c) draft computer code (including queries), preliminary or intermediate calculations, computations, modeling, intermediate working data files, log files reflecting draft computer code, or data runs prepared in connection with the Action, except as described in paragraph 4.2.1.

5.1.3   The notes of a Testifying Expert, Consultant, or Staff, except for notes of interviews of persons where the Testifying Expert, Consultant, or Staff participated in or conducted the interview and where the Testifying Expert relied on the interview in forming any opinions in his or her final report.

5.1.4   Any comments, whether oral or written, related to a final or draft report, affidavit, declaration, or potential testimony of a Testifying Expert prepared in connection with the Action by:

(a) Counsel;

(b) a Consultant;

(c) Staff;

(d) any other Testifying Expert;

(e) any other Consultant; or

(f) Staff of another Testifying Expert or Consultant.

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 8

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

5.1.5   Budgets, invoices, bills, receipts, or time records concerning Testifying Experts, Consultants, or Staff. Notwithstanding this provision, any Party may inquire into a Testifying Expert's compensation in this matter, including the Testifying Expert's hourly rates, the total hours spent by the Testifying Expert and staff members in connection with this Action, and any other payments or consideration received by the Testifying Expert relating to work in the Action.

5.1.6   Copies of programs, software, or instructions that are commercially available at a reasonable cost.

5.1.7   Documents that are readily available publicly, provided that they are identified with sufficient specificity to allow the opposing side to locate and obtain the Documents. Publications which exist only behind a paywall or in print shall be considered as not readily available publicly.

5.1.8   Documents that have previously been produced during discovery in the Action, provided that they are identified by Bates number in the Testifying Expert's report.

5.2   Notwithstanding the limitations contained in subparagraphs 5.1.1 – 5.1.8, information, communications, materials, or Documents upon which the Testifying Expert relies as a basis for their opinions are discoverable. For the avoidance of doubt, nothing herein relieves a Testifying Expert or Party of the duty to disclose the facts and data (according to paragraphs 4.1 and 4.2) that the Testifying Expert considered in forming their opinions.

5.3   Further, notwithstanding the limitations contained in subparagraphs 5.1.1 - 5.1.8 above, an expert may be asked at a deposition or trial:

(a)   to identify and generally describe what data, facts, algorithms, modeling, regression analyses and source code the expert

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 9

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

reviewed, investigated or considered for the issues on which they are testifying but did not rely on or otherwise use, and

    (b)    to describe the reasons for reviewing—but not using or relying on—any such data, facts, algorithms, modeling, analyses or source code.

5.4  All Parties are not required to produce or exchange logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Stipulation and Order.

Respectfully submitted,

FEDERAL TRADE COMMISSION
*Attorneys for Plaintiff*

By /s/ Sana Chaudhry
    Evan Mendelson, D.C. Bar #996765
    Olivia Jerjian, D.C. Bar #1034299
    Thomas Maxwell Nardini
    (IL Bar #6330190)
    Sana Chaudhry (NY Bar #5284807)
    Anthony Saunders (NJ Bar #008032001)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov
(202) 326-2749; ojerjian@ftc.gov
(202) 326-2812; tnardini@ftc.gov
(202) 326-2679; schaudhry@ftc.gov
(202) 326-2917; asaunders@ftc.gov

Colin D. A. MacDonald (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 10

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

*Approved and Agreed To By:*

DAVIS WRIGHT TREMAINE LLP

Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
        jimhoward@dwt.com

COVINGTON & BURLING LLP

/s/ Laura Flahive Wu

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5105
E-mail: santhony@cov.com
        lflahivewu@cov.com
        lkim@cov.com
        jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1163
Email: alinderot@cov.com

---

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 11

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
       mkaba@hueston.com
       jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants
AMAZON.COM, INC., LINDSAY, GRANDINETTI, AND GHANI

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 12

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

# [PROPOSED] ORDER

**IT IS SO ORDERED.**

Dated this ___ day of December, 2024

_____
UNITED STATES DISTRICT JUDGE

/s/ Sana Chaudhry
Evan Mendelson, DC Bar #996765
Olivia Jerjian, DC Bar #1034299
Thomas Maxwell Nardini, IL Bar #6330190
Sana Chaudhry (NY Bar #5284807)
Anthony Saunders (NJ Bar #008032001)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)

Colin D. A. MacDonald, WSBA # 55243
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

STIPULATION AND PROPOSED ORDER
REGARDING EXPERT DISCOVERY

Case No. 2:23-cv-0932-JHC - 13

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320