The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-0932<br><br>**STIPULATED MOTION TO SEAL PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION RELATING TO MAY 6, 2021 MEETING**<br><br>NOTE ON MOTION CALENDAR: January 13, 2025 |

Pursuant to Local Civil Rule 5(g), Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") and Defendant Amazon.com, Inc. ("Defendant" or "Amazon") respectfully jointly move the Court to seal certain documents, or excerpts thereof, cited in Plaintiff's Motion to Compel Production of Documents and Information Relating to May 6, 2021 Meeting ("Motion to Compel"). In support of this Stipulated Motion, Plaintiff and Defendant state as follows.

1.  On January 13, 2025, the FTC filed under seal an unredacted version of the Motion to Compel and accompanying Declarations of Evan Mendelson ("Mendelson

STIPULATED MOTION TO SEAL
PLAINTIFF'S MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

Declaration") and Johana Mejia-Portillo ("Mejia-Portillo Declaration").  Dkt. #217.  The FTC has also filed redacted, public versions of these materials.  Dkt. #218.

2.  The FTC and Amazon jointly move to seal materials cited in the Motion to Compel (the "Sealed Material"), which are identified in the chart below and attached as exhibits to the Mendelson and Mejia-Portillo Declarations.  For the documents the parties move to seal only in part, the proposed sealed portions are highlighted in blue in the unredacted Motion to Compel and the exhibits attached to the unredacted Mendelson and Mejia-Portillo Declarations, all of which are being filed under seal.

3.  The Court's Protective Order (ECF No. 124 ¶ 5.4) and Local Rule 5(g)(3)(B) require that the Party seeking to file information under seal provide (1) a statement of the applicable legal standard, (2) the legitimate private or public interests that warrant the relief sought, (3) the injury that will result if the relief sought is not granted, and (4) why a less restrictive alternative to the relief sought is not sufficient.  Amazon submits paragraphs 4-7 in accordance with these requirements.

4.  A party seeking to seal documents attached to a non-dispositive motion need only show "good cause" to keep the documents from public view because "the public has less of a need for access to court records attached only to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("good cause" standard applies to non-dispositive motion unrelated to the merits of the case).  The Motion to Compel is a non-dispositive motion.  To show good cause, the moving party must articulate a specific harm that would occur if the subject information was made public.  *See Phillips v. General Motors Corp.*,

STIPULATED MOTION TO SEAL  
PLAINTIFF'S MOTION TO COMPEL  
Case No. 2:23-cv-0932

Federal Trade Commission  
600 Pennsylvania Avenue NW  
Washington, DC 20580  
(202) 326-3320

2

307 F.3d 1206, 1213 (9th Cir. 2002). Furthermore, even under the heightened "compelling reasons" standard used for sealing information attached to dispositive motions, courts have long recognized that "business information that might harm a litigant's competitive standing" should be sealed. *See, e.g.*, *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598 (1978).

5. Amazon's legitimate business interests warrant the relief sought. Amazon seeks to seal only limited confidential business information, such as internal metrics and proprietary internal analyses, similar to those described in Amazon's declaration in support of its earlier motion to seal. *See* ECF No. 42. This Court granted a motion to seal similar information under a heightened "compelling reasons" standard in this case. *See* ECF No. 79. This Court also granted a motion to seal similar information under the "good cause" standard applicable to discovery motions. *See* ECF No. 164. The limited information that Amazon seeks to seal thus easily satisfies the applicable "good cause" standard. For the Sealed Material, Amazon further takes the following positions:

| Document | Proposed Seal | Amazon's Position |
|---|---|---|
| AMZN-PRM-FTC-000655158 (Attachment 4 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| AMZN-PRM-FTC-001052034 (Attachment 5 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| AMZN-PRM-FTC-001207353 (Attachment 2 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information. |

STIPULATED MOTION TO SEAL
PLAINTIFF'S MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

3

| Document | Proposed Seal | Amazon's Position |
|---|---|---|
| AMZN-PRM-FTC-001245618 (Attachment 23 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| AMZN-PRM-FTC-001536827 (Attachment 3 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Exhibit JG-21 from Deposition of Jamil Ghani (Attachment 12 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information.  The document also contains privilege redactions. |
| Exhibit JG-23 from Deposition of Jamil Ghani (Attachment 10 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information.  The document also contains privilege redactions. |
| Exhibit JG-24 from Deposition of Jamil Ghani (Attachment 16 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information.  The document also contains privilege redactions. |
| Exhibit JG-25 from Deposition of Jamil Ghani (Attachment 17 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information.  The document also contains privilege redactions. |
| October 17, 2024 Letter from FTC Counsel to Amazon Counsel (Attachment 18 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| AMZN-PRM-FTC-000348536 (Attachment 20 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information. |

STIPULATED MOTION TO SEAL
PLAINTIFF'S MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

4

| Document | Proposed Seal | Amazon's Position |
|---|---|---|
| Exhibit JG-19 from Deposition of Jamil Ghani (Attachment 19 to Mendelson Declaration) | Redactions (highlighted in blue in sealed filing) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Redline Comparison of Pages 3-10 of Exhibit JG-21 with Dkt. #139-1 at 15-21 (Attachment 1 to Mejia-Portillo Declaration) | Entire document | The entire document should be sealed because it is filled with highly sensitive commercial information. |

6.     As explained in Amazon's original motion to seal similar information, which the Court granted, the public release of this information would harm Amazon's competitive position. *See* ECF No. 41.  The risk of Amazon's competitors using this commercially sensitive information to their own advantage significantly outweighs any limited public interest in public disclosure of these few discrete pieces of information.  *See, e.g.*, *McCrary v. Elations Co. LLC*, 2014 WL 12589137, at *6 (C.D. Cal. Dec. 2, 2014) (sealing internal clinical studies and consumer surveys because "disclosure of these documents could benefit Defendant's competitors and reduce any business advantage that Defendant currently possesses").

7.     There is no less restrictive alternative to sealing the discrete pieces of information that Amazon has identified.  Amazon has applied only limited redactions.  This approach is aligned with the previous redactions and sealed filings that Amazon sought and this Court granted.  *See* ECF Nos. 41, 79, 164.

8.     The FTC stipulates to filing under seal the documents or portions of documents identified above.  It takes no position as to Amazon's assertions in paragraphs 4-7 above.

STIPULATED MOTION TO SEAL
PLAINTIFF'S MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

5

**LOCAL RULES 5(g)(3)(A), 7(e) CERTIFICATION**

Pursuant to Local Rule 5(g)(3)(A), undersigned counsel certify that they met and conferred by email from December 18, 2024-January 8, 2025 to reach the agreement described in this stipulated motion.

Undersigned counsel also certify that this memorandum contains 1,117 words, in compliance with the Local Civil Rules.

Dated: January 13, 2025   /s/ Evan Mendelson

EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
SANA CHAUDHRY (NY Bar #5284807)
ANTHONY SAUNDERS (NJ Bar #008032001)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

STIPULATED MOTION TO SEAL
PLAINTIFF'S MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

DAVIS WRIGHT TREMAINE LLP

   Kenneth E. Payson, WSBA #26369
   James Howard, WSBA #37259
   920 Fifth Avenue, Suite 3300
   Seattle, WA  98104-1610
   Telephone: (206) 622-3150
   Fax: (206) 757-7700
   E-mail: kenpayson@dwt.com
          jimhoward@dwt.com

COVINGTON & BURLING LLP

By  /s/ Laura Flahive Wu

   Stephen P. Anthony*
   Laura Flahive Wu*
   Laura M. Kim*
   John D. Graubert*
   850 Tenth Street, NW
   Washington, DC  20001
   Telephone: (206) 662-5105
   E-mail: santhony@cov.com
          lflahivewu@cov.com
          lkim@cov.com
          jgraubert@cov.com

   John E. Hall*
   415 Mission Street, Suite 5400
   San Francisco, CA  94105
   Telephone: (415) 591-6855
   E-mail: jhall@cov.com

   Megan L. Rodgers*
   3000 El Camino Real
   Palo Alto, CA  94306
   Telephone: (650) 632-4734
   E-mail: mrodgers@cov.com

HUESTON HENNIGAN LLP

   John C. Hueston*
   Moez M. Kaba*
   Joseph A. Reiter*
   523 West 6th Street, Suite 400
   Los Angeles, CA  90014
   Telephone: (213) 788-4340
   E-mail: jhueston@hueston.com
          mkaba@hueston.com
          jreiter@hueston.com

STIPULATED MOTION TO SEAL
PLAINTIFF'S MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

7

*admitted pro hac vice*

Attorneys for Defendants
AMAZON.COM, INC., NEIL LINDSAY,
RUSSELL GRANDINETTI, and JAMIL GHANI

STIPULATED MOTION TO SEAL
PLAINTIFF'S MOTION TO COMPEL
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

8