1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION,

     Plaintiff,

    v.

AMAZON.COM, INC., *et al*.

     Defendants.

Case No. 2:23-cv-0932-JHC

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL RULE 30(b)(6) DEPOSITION REGARDING THE FTC'S OFFICIAL, PUBLIC STATEMENTS ABOUT ROSCA**

NOTE ON MOTION CALENDAR:
January 21, 2025

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    The FTC has already provided Defendants 8.5 hours of Rule 30(b)(6) testimony on 20

2 wide-ranging topics, including the reasons why the FTC believes "the Prime Online Cancellation

3 Flow does not provide a simple mechanism" to cancel Prime and why "the Prime Enrollment

4 Flow does not obtain consumers' express informed consent."  Nonetheless, Defendants insist

5 they are entitled to more and now move to compel additional FTC testimony on subject matter

6 irrelevant to any claim or defense in this litigation, and tellingly on which the Court has already

7 ruled against them.  *See* Dkt. #214 (Defendants' Motion to Compel Rule 30(b)(6) Deposition)

8 (the "Motion").[1]  In particular, Defendants seek testimony regarding "the FTC's public

9 statements about ROSCA" made in the course of the Negative Option Rule rulemaking[2] as well

10 as the extent to which requirements promulgated in the rulemaking are "inconsistent with or

11 different from" the requirements the FTC has asserted under ROSCA in this litigation

12 (collectively, the "Rulemaking Topics").  *See* Motion at 9-10.  Critically, however, the Court has

13 already held that both the Negative Option Rule rulemaking and the FTC's interpretation of

14 ROSCA are irrelevant.  *See* Dkt. #180 (Order Denying Defendants' Motion to Compel) at 11

15 (holding the FTC's "later rulemaking . . . is not at issue in this case"); *id.* at 12 ("[T]he FTC's

16 interpretation of ROSCA is irrelevant to the Court's interpretation of the statute.").

17    Despite these clear holdings, or perhaps because of them, Defendants rehash four

18 relevance arguments disguised as new issues.  Each fails for the same reasons the Court

19 previously found them irrelevant.  *First*, Defendants assert the Rulemaking Topics are relevant to

20 the FTC's allegations that Defendants violated ROSCA.  This is nothing more than a request the

21

22

---

[1] Citations are to internal document pagination (not ECF header pagination), unless otherwise specified.

[2] This refers to the FTC's recent rulemaking to amend the "Rule Concerning Use of Prenotification Negative Option Plans" (*see* 89 Fed. Reg. 90476) (hereafter "Negative Option Rule" or "Rule").

23

PLAINTIFF'S OPPOSITION TO DEFENDANTS'                          Federal Trade Commission
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION              600 Pennsylvania Avenue NW
                                                                                  Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 1                                             (202) 326-3320

1  Court reconsider its prior rulings.  *Cf. Crawford v. United States*, 2015 WL 1218479, at *2 (Fed.

2  Cl. Mar. 13, 2015) ("A motion for reconsideration is not intended . . . to give an unhappy litigant

3  an additional chance to sway the court.") (citation omitted).  The FTC's statements about

4  ROSCA are irrelevant to the Court's interpretation of the law.

5       *Second*, Defendants argue the FTC's statements about ROSCA are relevant to "impeach"

6  the FTC's "positions in this case."  However, as this Court has already recognized, Defendants

7  cannot take deposition testimony regarding the FTC's statements about the law to "impeach" the

8  FTC's legal positions.  *See* Dkt. #180 at 5-6 (rejecting Defendants' request for discovery of

9  "internal agency discussions" of ROSCA to "impeach" the "FTC's interpretation of ROSCA").

10      *Third*, Defendants assert the Rulemaking Topics are relevant to their civil penalties

11  defense.  However, the FTC's internal legal positions are irrelevant to whether Defendants had

12  "actual knowledge" of their ROSCA violations because the contents of those positions were

13  unknown to Defendants, and the rest of the world, at the time of Defendants' violative conduct.

14  *See* Dkt. #180 at 8 (holding "internal agency interpretations" are irrelevant "unless the defendant

15  was aware of those internal . . . interpretations at the time the rule was violated") (quoting

16  *Wisconsin Bell, Inc.*, 2020 WL 13048895, at *2 (E.D. Wis. Oct. 29, 2020)).

17      *Fourth*, Defendants assert the Rulemaking Topics are relevant to their due process

18  defenses.  Critically, the Court already rejected Defendants' due process defenses.  *See* Dkt. #165

19  (Order Denying Defendants' Motions to Dismiss) at 40-43; *see also id.* at 43 ("[T]his case does

20  not upset settled expectations about what disclosures and cancellation processes are required for

21  automatically renewing subscriptions.").  Once again, Defendants' Motion is a thinly-veiled

22  invitation for the Court to revisit its prior rulings.  In any case, Defendants already had ample

23

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    opportunity to take FTC testimony on noticed topics relating to their "fair notice" arguments.

2    Defendants are not entitled to more.

3        The Motion to Compel should be denied.

4                                    **BACKGROUND**

5        On June 12, 2024, Defendants served a Rule 30(b)(6) deposition notice on the FTC.

6    Defendants' notice, which contained 60 distinct deposition topics, impermissibly sought

7    testimony on "every facet" of the litigation.  *See* Nardini Decl., Ex. 1 (FTC June 18, 2024 Letter)

8    at 2; *Luken v. Christensen Grp. Inc.*, 2018 WL 1994121, at *2 (W.D. Wash. Apr. 27, 2018) (Rule

9    30(b)(6) "does not extend to burdening the responding parties with production and preparation of

10   a witness on every facet of the litigation").[3]  For example, Defendants' topics included the

11   entirety of the FTC's investigation; the entirety of the FTC's allegations that Amazon failed to

12   provide simple mechanisms to cancel Prime, failed to obtain consumers' express informed

13   consent to Prime enrollment, and failed to clearly and conspicuously disclose Prime's material

14   terms; and many other topics covering every aspect of the litigation.  *See* Nardini Decl., Ex. 1 at

15   2.  Moreover, the notice sought testimony regarding broad subject areas with little or no

16   relevance to any claim or defense, such as all lawsuits against any individual defendant "at a

17   company alleged to have violated the law" or in which the FTC has "purported to prosecute the

18   use of Dark Patterns or misuse of Negative Options."  *See id.* at 2-3.  Initially, Defendants

19   refused to meaningfully modify the topics.  *See* Dkt. #215-1 (FTC's July 19, 2024 Letter) at 1-2.

20       After significant negotiation, Defendants ultimately agreed to somewhat narrow the

21   deposition topics.  The FTC agreed to provide 8.5 hours of testimony (significantly more than

22

23   _____

[3] Notably, Defendants did not comply with Rule 30(b)(6)'s meet and confer requirements either before or promptly
after serving this wide-ranging notice.  *See* Nardini Decl., Ex. 1 at 1.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'                          Federal Trade Commission
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION                      600 Pennsylvania Avenue NW
                                                               Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 3                                  (202) 326-3320

the presumptive 7 hours permitted by the Federal Rules) on 20 broad topics, such as: "The reasons why the FTC believes the Prime Online Cancellation Flow does not provide a simple mechanism for a consumer to stop recurring charges for Prime"; "All materials that [the FTC] contend[s] provide fair notice that the Prime Online Cancellation Flow violates ROSCA, including lawsuits, enforcement actions, court rulings, guidance, policy statements, or statutory or regulatory text"; "The reasons why the FTC believes that the Prime Enrollment Flow does not obtain consumers' express informed consent before charging the consumer"; "The reasons why the FTC believes that Neil Lindsay, Jamil Ghani, and Russell Grandinetti participated in or controlled Amazon's allegedly unlawful conduct"; and many others. *See* Nardini Decl., Ex. 2.

The parties also agreed to exclude from the Rule 30(b)(6) deposition certain topics related to the Negative Option Rule rulemaking, to which the FTC had repeatedly objected as irrelevant to this litigation. *See, e.g.*, Dkt. #215-1 at 3-4. Nonetheless, during the deposition, Amazon counsel improperly sought testimony regarding the topics the parties agreed to exclude. *See* Dkt. #215-3 (FTC's Nov. 12, 2024 Letter) at 4; Dkt. #215-7 (Basta 30(b)(6) Dep.) at 180-195, 440-441.

Following the Rule 30(b)(6) deposition, Defendants sought even more testimony from the FTC, regarding the FTC's public statements about ROSCA during the Negative Option Rule rulemaking. In rejecting Defendants' request, the FTC repeatedly emphasized this testimony would be irrelevant to any claim or defense in the case. *See, e.g.*, Dkt. #215-3. Defendants now move to compel the FTC's testimony on the Rulemaking Topics.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

# ARGUMENT

2        Although the scope of discovery is generally permissive, the Federal Rules "mandate

3 reasonable limits on discovery through increased reliance on the common-sense concept of

4 proportionality designed to provide parties with efficient access to what is needed to prove a

5 claim or defense, but eliminate unnecessary or wasteful discovery." *Alvarado-Herrera v. Acuity*,

6 344 F.R.D. 103, 106 (D. Nev. 2023), *aff'd sub nom. Alvarado-Herrera v. Acuity A Mut. Ins. Co.*,

7 2023 WL 5035323 (D. Nev. Aug. 4, 2023) (citation omitted).  Thus, "[d]istrict courts possess

8 wide discretion to determine what constitutes a showing of good cause and to fashion a

9 protective order that provides the appropriate degree of protection." *Id.* (citation omitted).

10 Moreover, "[c]ourts have not hesitated to issue protective orders when [parties] are asked to

11 respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *Id.* (citation omitted).

12 Indeed, "the court has an obligation to prevent a party from using a Rule 30(b)(6) deposition to

13 harass the opposing party or to subject the opposing party to unreasonably burdensome or

14 cumulative discovery." *Corker v. Costco Wholesale Corp.*, 2022 WL 92979, at *2 (W.D. Wash.

15 Jan. 10, 2022).

16 **I.      Testimony Regarding the FTC's Statements About ROSCA Is Irrelevant**

17        This Court has already properly ruled that the FTC's Negative Option Rule rulemaking is

18 irrelevant to the merits of this case.  *See* Dkt. #180 at 11 (holding the FTC's "later

19 rulemaking . . . is not at issue in this case"); *see also* Dkt. #165 at 44-45 (rejecting Defendants'

20 assertion the "FTC's notice of proposed rulemaking" was relevant to their vagueness arguments).

21 Likewise, the Court held the FTC's interpretation of ROSCA is irrelevant.  *See* Dkt. #180 at 12

22 ("[T]he FTC's interpretation of ROSCA is irrelevant to the Court's interpretation of the

23 statute."); *see also FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 251 (3d Cir. 2015) ("[T]he

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

court, not the agency, is the ultimate arbiter of the statute's meaning."). Notwithstanding the Court's repeated, clear holdings, Defendants insist they are entitled to testimony from the FTC regarding (1) the FTC's view whether ROSCA and the Negative Option Rule are "inconsistent" or "different" and (2) the FTC's "public statements" regarding ROSCA. *See* Motion at 9-10. For the reasons explained below, Defendants are incorrect.

> **A.    The Rulemaking Topics Seek Irrelevant Testimony on the FTC's Interpretation of ROSCA**

As an initial matter, although Defendants assert "the Rulemaking Topics all concern the FTC's public statements about the subject matter of this lawsuit," Motion at 11, they do not meaningfully develop this assertion. *See Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) (holding courts regularly "refuse[] to address claims that were only argue[d] in passing") (citation omitted). Defendants' failure to do so is unsurprising because the Rulemaking Topics on their face make clear Defendants seek irrelevant testimony.

First, Topic 30 seeks testimony on "[w]hether and to what extent the requirements promulgated in the rulemaking are inconsistent with or different from the requirements the FTC has asserted under ROSCA in this case." Motion at 9. However, whether the Negative Option Rule imposes requirements "different" from ROSCA's requirements is irrelevant to any claim or defense. This is true for the straightforward reason that the FTC is enforcing ROSCA (not the Rule). *See* Dkt. #180 at 11. The fact the FTC has promulgated a new rule says nothing about ROSCA's existing requirements. *See* Dkt. #165 at 43 ("[There are no controlling regulations or policy statements that reflect an official, prior interpretation of ROSCA.").

Even if Defendants were correct that differences between the Negative Option Rule and ROSCA were relevant (which, as the Court's prior holdings reflect, they are not), that comparison can be done on the face of the Rule and statute. Moreover, any public statement

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    made by the FTC is just that—public and therefore accessible.  The FTC's internal views and

2    deliberations about the differences and similarities between the Rule and ROSCA could not

3    possibly be relevant in this litigation.  *See* Dkt. #180 at 8-9, 12.  Further, requiring the FTC to

4    provide such testimony would impose the considerable burden of preparing a witness on the

5    Rulemaking Topics.

6            Moreover, FTC testimony comparing ROSCA and the Negative Option Rule would be an

7    inappropriate use of a Rule 30(b)(6) deposition, the purpose of which is to discover *facts*, not the

8    FTC's legal interpretations of the various statutes and regulations it enforces.  Permitting

9    Defendants to question the FTC on its legal interpretations would inevitably invade the FTC's

10   attorney-client privilege, work product protection, deliberative process privilege, or other

11   applicable privileges, leading to further unnecessary litigation.  *See, e.g.*, *JPMorgan Chase Bank*

12   *v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("In a nutshell, depositions,

13   including 30(b)(6) depositions, are designed to discover facts, not contentions or legal

14   theories . . . .").

15           In support of Topic 30's purported relevance, Defendants assert "the FTC has made

16   multiple public statements contrasting the Rule to 'existing law.'"  Motion at 9-10.  But again,

17   the FTC's statements are not relevant to the Court's interpretation of ROSCA.  *See* Dkt. #180 at

18   12; *Wyndham Worldwide Corp.*, 799 F.3d at 251.  In any case, as a practical matter, there is

19   nothing further for Defendants to "discover" with respect to these statements, which are

20   generally straightforward assertions.  *See, e.g.*, Dkt. #215-5 (Negative Option Rule) (hereafter

21

22

23

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    "Rule") Rule at 152-53 ("Existing law already requires sellers not to make

2    misrepresentations.").[4]

3         Likewise, Defendants claim Topics 32 and 33 seek testimony concerning "[t]he factual

4    support for and meaning of the FTC's public statements about ROSCA" in the 2019 Advance

5    Notice of Proposed Rulemaking ("ANPR"), *see* 84 Fed. Reg. 52393, and 2023 Notice of

6    Proposed Rulemaking ("NPRM" or "Proposed Rule"), *see* 88 Fed. Reg. 24716.  Motion at 10.

7    However, the FTC's "statements about ROSCA" during the rulemaking—and FTC testimony

8    regarding such statements—are even further removed from the Court's interpretation of the

9    statute.  *See* Dkt. #165 at 43 (holding "there are no controlling regulations or policy statements

10   that reflect an official, prior interpretation of ROSCA"); Dkt. #180 at 12.  Moreover, even if the

11   statements themselves were relevant to Defendants' purported defenses, *see infra* Sections III &

12   IV, the "factual support" or the FTC's view of the "meaning of" these statements would be

13   irrelevant, because all that could conceivably be relevant to Defendants' knowledge or fair notice

14   would be the public statements themselves.

15        For several additional reasons, Defendants are not entitled to discovery into the "factual

16   support" for these statements.  First, many of the "statements" for which Defendants seek

17   "factual support" are legal interpretations that describe or characterize the text of ROSCA.  *See,*

18   *e.g.*, Motion at 10 (ROSCA "provides no details regarding steps marketers must follow to

19   comply with [ROSCA's] provisions") (quoting 84 Fed. Reg. at 52395); *id.* (ROSCA does not

20   "specify what methods would satisfy [ROSCA's cancellation] requirement.") (quoting 84 Fed.

21

22

23

---

[4] Defendants further assert these statements have been "inconsistent" throughout the rulemaking.  *See* Motion at 10. That is incorrect, but regardless, the statements' purported inconsistency does not magically confer relevance on otherwise irrelevant subjects.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'                         Federal Trade Commission
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION         600 Pennsylvania Avenue NW
                                                 Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 8                                    (202) 326-3320

1  Reg. at 52396). The "basis" for the statements is simply the ROSCA statute itself—there are no

2  underlying "facts" for Defendants to discover.[5]

3      Second, other "statements" merely relay third-party comments. For instance, Defendants

4  assert the NPRM "highlighted the views expressed by a group of 23 state attorneys" with respect

5  to ROSCA. Motion at 5; *see also* 88 Fed. Reg. at 24723 (noting "[s]everal commenters"

6  discussed the "existing requirements" including "the State AGs"); *infra* Section I.B. These third-

7  party comments may or may not possess "factual support," but obviously the FTC would have no

8  further knowledge beyond the comments themselves—which, notably, the FTC has already

9  produced to Defendants and, in any event, are publicly available.[6]

10      Third, to the extent Defendants point to a limited number of statements for which the

11  FTC could at least theoretically provide "factual support," these, at most, reflect industry-wide

12  generalizations unrelated to the facts of this case, and so discovery regarding such statements

13  would be completely irrelevant. *See, e.g.*, Rule at 164 ("[B]ased on the Commission's

14  experience . . . the average time for consumers to read required disclosures and provide consent

15  to a negative option plan online is 30 seconds to one minute.") (*see* Motion at 13). Even if it

16  were the case that such comments had any attenuated relevance to Defendants' conduct, they do

17  not justify the burden concomitant with preparing for a witness to testify on the Rulemaking

18  Topics. *See* Fed. R. Civ. P. 26(b)(1) (discovery must be proportional to the needs of the case).

19

20  [5] To the extent Defendants seek the FTC's testimony to explain the "meaning of" the FTC's statements about the
21  law or how the FTC has interpreted and applied ROSCA to the "facts of this case," that information is privileged.
   *See U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, 2012 WL 3537070, at *4 (M.D. Fla. Aug. 14, 2012)
   (rejecting topics requiring the government "to disclose how they have interpreted and applied the law and
22  government policies to the facts of this case" because "[t]his information is opinion work product . . . protected by
   the work product privilege").

23  [6] Without conceding relevance, the FTC has also produced to Defendants other non-privileged communications
   between the FTC and third parties relating to ROSCA, negative options, and "dark patterns." *See* Dkt. #148 at 2.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION
Case No. 2:23-cv-0932-JHC - 9

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2

**B.    There Are No "Statements" Regarding Defendants on Which to Take Testimony**

3

Defendants also assert they "must be permitted to explore the statements made about

4

them, including . . . the FTC's inclusion of the Prime cancellation flow to calculate the average

5

time for a 'ROSCA-compliant cancellation' method" in the Negative Option Rule.  Motion at

6

11-12.  As an initial matter, "statements made about [Defendants]" in the final Negative Option

7

Rule is not a noticed topic.  *See* Motion at 9-10.  But even if they were properly noticed, there is

8

no relevant testimony to take regarding these purported "statements."  Specifically, what

9

Defendants refer to as "statements" are actually references to a public, third-party study entitled

10

"How Companies Make It Difficult to Unsubscribe."  *See* Rule at 166 n.544.[7]  The study

11

involved signing up for 16 online subscriptions (including Amazon Prime), cancelling each one,

12

and recording the time it took to cancel as well as obstacles faced in canceling.  *See id.* at 166.

13

The Rule cites this study "to estimate the average time for online cancellations," as a component

14

of the statutorily required section analyzing the Rule's "projected benefits" or other effects.  *See*

15

*id.* at 158, 166; *see also id.* at 192 n.601 (noting the Commission had located subscriber

16

estimates for seven of the 16 firms included in the research, and that "[t]he number of U.S.

17

subscribers to Amazon Prime is estimated to reach 171.8 million in 2024").  Any analysis or

18

discussion of the study beyond what is stated in the Rule itself is both irrelevant and protected by

19

the attorney client privilege, deliberative process privilege, or other applicable privilege.

20

Other so-called "statements" about Defendants in the Rule are merely citations to

21

decisions in this matter or third-party comments.  *See, e.g.*, Rule at 8 & n.10 (citing this matter as

22

one of several examples of recent FTC cases "challenging harmful negative option practices");

23

---

[7] The study is publicly available at https://pudding.cool/2023/05/dark-patterns/ (last accessed Jan. 15, 2024).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 10

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

*id.* at 110 n.374 (Individual commenter: "I had to navigate an endless labyrinth of dark-patterned links in order to cancel an Amazon Prime subscription that took me one click to sign up for."). The Defendants are already well-aware of the Court's orders in this matter, and the FTC has already produced all third-party comments (including those cited in the Rule). The FTC's non-public discussions regarding the Court's orders or third-party comments are simply irrelevant to any claim or defense in this case. Moreover, any testimony the FTC could possibly offer beyond the plain language of these orders or third-party statements would likewise be privileged.

Defendants' cases are easily distinguishable. In those cases, unlike here, a party sought discovery of specific factual information relevant to the conduct at issue, not the parties' interpretation of legal concepts. *See Ressler v. United States*, 2012 WL 3231002, at *3 (D. Colo. Aug. 6, 2012) (permitting discovery of "factual information gathered by the FAA responsive to the question of whether to provide pilots with maximum wind gusts" relevant to plaintiff's allegations FAA was negligent when it failed to provide airplane pilots proper wind information); *Chambers v. Cap. Cities/ABC*, 159 F.R.D. 429, 430-31 (S.D.N.Y. 1995) (in an age discrimination case, permitting discovery regarding "press statements by executives of defendants" which plaintiff asserted "tend to show age discrimination" by defendants); *United States v. Holland*, 2017 WL 1354178, at *6 (E.D. Mich. Apr. 13, 2017) (in a tax collection case, permitting discovery regarding certain federal tax lien release certificates relevant to specific factual issue: whether defendant's "existing tax liens were satisfied"). In contrast, Defendants seek discovery regarding the FTC's public statements about ROSCA, which are irrelevant to whether Defendants' conduct violated ROSCA.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 11

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1
2

## II.     Defendants Cannot Use Testimony Regarding the FTC's Statements About ROSCA to "Impeach" the FTC's Case

3

4

5

Defendants assert the FTC's public statements about ROSCA are "relevant for impeachment" because Defendants claim the FTC has "taken positions in this case that contradict the FTC's official positions as reflected in public rulemaking."  Motion at 12.

6

7

However, Defendants cannot take deposition testimony regarding the FTC's statements about ROSCA to "impeach" the FTC's legal positions in this case.  *See* Dkt. #180 at 5-6 (rejecting Defendants' request for discovery of "internal agency discussions" of ROSCA to "impeach" the "FTC's interpretation of ROSCA"); *JPMorgan Chase Bank*, 209 F.R.D. at 362

8

9

10

("[D]epositions . . . are designed to discover facts, not . . . legal theories").

11

Indeed, Defendants concede the Court previously rejected Defendants' request for "internal agency discussions" of ROSCA, which Defendants claimed were relevant to "contradict the FTC's litigation theories."  Dkt. #180 at 5.  The Court correctly reasoned "the theory of the case that Defendants wish to 'impeach or contradict' is the FTC's interpretation of ROSCA in this litigation."  *Id.* at 6.  The Court found that this was an improper use of discovery precisely because "[t]he Court interprets the statute using the tools of statutory construction" and the materials Defendants sought "have no legal significance" for this purpose.  *Id.*; *see also Wyndham Worldwide Corp.*, 799 F.3d at 251.  The same is true for the testimony Defendants seek now, and Defendants have offered no basis for the Court to revisit its prior ruling in this regard.[8]  Moreover, to be clear, the FTC will not offer testimony from any witnesses (or other

12

13

14

15

16

17

18

19

20

21

22

23

---

[8] Defendants attempt to distinguish the Court's prior ruling by asserting that because the "Rulemaking Topics target the FTC's 'official, public statements'" and "official agency positions" they are purportedly "fair game for discovery."  Motion at 13.  As an initial matter, the Court has already held "there are no controlling regulations or policy statements that reflect an official, prior interpretation of ROSCA."  Dkt. #165 at 43.  Moreover, Defendants do not seek the FTC's public statements which, obviously, are public but rather *testimony* regarding these

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 12

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1  "evidence" obtained in discovery) about the meaning of the law, for the same reason Defendants

2  should not able to obtain discovery on the meaning of the law: it is completely irrelevant to the

3  Court's interpretation of ROSCA.  Thus, there is nothing to "impeach."[9]

4      Moreover, Defendants' assertion the "FTC has taken positions in this case that contradict

5  the FTC's official positions as reflected in public rulemaking" is a red herring.  *See* Motion at 12.

6  Defendants' purported "examples," tellingly, do not demonstrate any contradictory FTC

7  positions.

8      First, Defendants highlight testimony from the 30(b)(6) deposition of FTC designee

9  Amanda Basta, in which Ms. Basta testified she "disagree[d]" with the statements in the 2019

10 ANPR and 2023 Proposed Rule that "the current framework does not provide clarity about how

11 to avoid deceptive negative option disclosures and procedures."  Motion at 12; Dkt. #215-7 at

12 181:6-13.  However, as Defendants are fully aware, the rulemaking was not a noticed topic for

13 the 30(b)(6) deposition, therefore Ms. Basta explicitly offered this testimony in her personal

14 capacity, not as the FTC designee.[10]  *See* Motion at 9 (conceding the parties proceeded with the

15 30(b)(6) deposition while holding the "rulemaking" topics "in abeyance"); *see also* Dkt. #215-7

16 at 440:14-441:11 (Ms. Basta testifying she was "not the designee for the Commission" on the

17 rulemaking).  Thus, this "example" presents no contradictory FTC positions.

18

19 statements.  Defendants also assert they seek "facts, not legal interpretations."  Motion at 13.  But as explained
   above, the FTC's public statements are not relevant to the Court's interpretation of ROSCA, and there are no
   relevant facts to discover from the FTC.  *See supra* Section I.A.

20
21 [9] Defendants cite *SEC v. Goldstone*, but that case is inapposite because it did not permit defendants to take discovery
   to "impeach" the government's interpretation of the law.  Rather, the court permitted defendant to take discovery on
   an issue of fact—the predictability of the "downturn in the credit or repurchase agreement markets."  *SEC v.
   Goldstone*, 2014 WL 4349507, at *40 (D.N.M. Aug. 23, 2014).

22
23 [10] The referenced statement with which Ms. Basta, testifying in her personal capacity, disagreed merely reflects the
   statutory text of ROSCA itself: "the current framework does not provide clarity about how to avoid deceptive
   negative option disclosures and procedures. For example, ROSCA lacks specificity about cancellation procedures
   and the placement, content, and timing of cancellation-related disclosures."  84 Fed. Reg. at 52396.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'                          Federal Trade Commission
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION              600 Pennsylvania Avenue NW
                                                                        Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 13                                      (202) 326-3320

1    Second, Defendants point out that in this litigation the FTC objected to Defendants'

2    characterization that "the FTC agrees that attempts to retain consumers by offering them deals

3    just prior to, rather than just after, cancellation is 'pro-consumer.'"  Motion at 12.  Defendants

4    argue this objection contradicts an earlier "FTC" statement.  However, as the FTC previously

5    explained, the FTC statement that is supposedly contradicted is, in fact, a concurring statement

6    by a single former Commissioner, not a position of the Commission.  *See* Dkt. #125 at 37 n.23;

7    16 CFR § 4.14(c) ("Any Commission action . . . may be taken only with the affirmative

8    concurrence of a majority of the participating Commissioners").  Moreover, whether the FTC

9    considers an action pro- or anti-consumer is not relevant to whether Defendants in this case

10   broke the law.  The law is what it is, no more or less.

11   **III.    The Rule 30(b)(6) Testimony Is Irrelevant to the FTC's Civil Penalties Demand**

12       The Court previously rejected Defendants' facially flawed argument the FTC's "internal

13   discussions about ROSCA" were relevant to show Defendants lacked "actual knowledge" of the

14   ROSCA violations, and thus could not be held liable for civil penalties.  *See* Dkt. #180 at 6.  In

15   particular, the Court held "the FTC's internal interpretations of ROSCA, negative options, and

16   dark patterns over time has no bearing on the objective reasonableness of Defendants'

17   interpretation of ROSCA."  Dkt. #180 at 8-9.  In so holding, the Court found persuasive the

18   reasoning of *United States v. Wisconsin Bell, Inc.*: "[i]nternal agency communications and

19   internal agency interpretations of a rule cannot be relevant to whether the defendant knowingly

20   violated the rule unless the defendant was aware of those internal communications and

21   interpretations at the time the rule was violated."  *Id.* at 8 (quoting *Wisconsin Bell, Inc.*, 2020 WL

22   13048895, at *2 (E.D. Wis. Oct. 29, 2020)).

23

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 14

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1      The same logic applies here.  Only information actually known to Defendants at the time

2   of their violative conduct is potentially relevant to whether they had "actual knowledge."

3   Notwithstanding the Court's clear ruling, Defendants dubiously claim their request for FTC

4   testimony is "[c]onsistent with the Court's prior reasoning."  *See* Motion at 15.  In fact,

5   Defendants could not have known the contents of any Rule 30(b)(6) testimony the FTC had yet

6   to provide or about "controlling . . . policy statements" that—as the Court has recognized—did

7   not exist, when Defendants violated the law.  *See* Dkt. #165 at 43.  FTC testimony on such topics

8   is, therefore, irrelevant to Defendants "actual knowledge" or their civil penalties defense.  *See,*

9   *e.g.*, *Wisconsin Bell, Inc.*, 2020 WL 13048895, at *2 ("Only information available to Wisconsin

10  Bell at the time of the alleged violation is relevant to whether the alleged violation was

11  'knowing.'"); *SEC v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 668 (S.D. Fla. 2012) ("[T]he

12  SEC's internal policies and investigations of other entities have no bearing on the issue of

13  scienter.").

14      Defendants' other derivative arguments regarding civil penalties therefore all fail as well.

15  First, Defendants assert certain "[s]tatements regarding regulatory confusion . . . go to the core of

16  Defendants' civil penalties argument."  Motion at 15.  As explained repeatedly above, even if the

17  statements themselves were relevant (which they are not), testimony regarding these statements

18  is irrelevant to Defendants' "actual knowledge" at the time of the violation both because the

19  testimony itself only occurred later in time (i.e., after the case began), and because any internal

20  FTC views were never communicated to Defendants.  Moreover, also as noted above, such

21  discussions are privileged.

22      Defendants cite two cases in support of their position, but both are distinguishable

23  because neither held a party may conduct further discovery into the government's public

1    statements to support an actual knowledge defense.  *See United States v. Anzalone*, 766 F.2d 676,

2    681-82 (1st Cir. 1985) (reversing defendant's *criminal* conviction because a public government

3    report acknowledged the regulations under which defendant was convicted were silent as to

4    defendant's conduct); *United States v. AMC Ent., Inc.*, 549 F.3d 760, 769 (9th Cir. 2008)

5    (declining to enforce injunction requiring movie theaters to comply with certain ADA "line of

6    sight" requirements because there was a "circuit split" on the meaning and the government did

7    not clarify the regulation despite publicly representing it would).[11]

8        Second, Defendants incorrectly assert "the FTC repeatedly attempted to explain what

9    ROSCA's existing provisions do and do not require."  Motion at 15.  Again, as the Court

10    previously found, Defendants claim is not true.  *See* Dkt. #165 at 43.  However, even if it were,

11    the only evidence that could be relevant to Defendants' civil penalties defense would be the

12    public statements themselves, not any testimony regarding what the Commission meant, which

13    would invade various of the Commission's privileges and upon which Defendants could not have

14    relied.

15        Third, Defendants assert the FTC "seeks to hold Defendants liable for violating multiple

16    legal requirements that were clarified through the rulemaking completed years *after* the conduct

17    at issue."  Motion at 16.  This is patently incorrect, and Defendants do not demonstrate

18    otherwise.  The FTC seeks to enforce ROSCA not the new Negative Option Rule, which largely

19    does not even take effect until May 2025.  *See* 89 Fed. Reg. at 90476.  As the Court held, what

20    ROSCA requires is a legal issue for the court.  *See* Dkt. #180 at 12.  This inquiry cannot be

21    informed by a rulemaking, which occurred over a decade after the statute's enactment.

22

23    ---
[11] Unlike the ADA regulation in *United States v. AMC Entertainment*, there is no similar Circuit split regarding the meaning of ROSCA.  Indeed, as the Court noted previously, "there is plenty of caselaw interpreting similar provisions" to ROSCA.  Dkt. #165 at 43.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'               Federal Trade Commission
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION           600 Pennsylvania Avenue NW
                                                    Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 16                      (202) 326-3320

1   Moreover, the fact that some of the new Rule may overlap with some of ROSCA is equally

2   irrelevant.  For example, Defendants cite the FTC's assertion that the "Complaint more than

3   plausibly alleges consumers would not readily notice and understand three material terms of the

4   Prime enrollment transaction" for the proposition that the FTC is imposing a "new" requirement

5   enshrined in the Negative Option Rule.  Motion at 7 & n.3 (quoting Dkt. #125 at 4).  However,

6   the idea that "clear and conspicuous" disclosures must be "readily noticeable" long predates the

7   Rule.  *See, e.g.*, *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1091 (9th Cir. 2020) (holding

8   "clear" means "reasonably understandable," and "conspicuous" means "readily noticeable to the

9   consumer.").[12]

10          Finally, Defendants cite *United States v. Rahm* for the proposition that they have a right

11   to present "circumstantial evidence" of their lack of knowledge.  993 F.2d 1405, 1414 (9th Cir.

12   1993).  However, *Rahm* is also readily distinguishable.  *Rahm* was a criminal case in which the

13   prosecution's "proof of knowledge was entirely circumstantial"—specifically, "the prosecution

14   asked the jury to *infer*" defendant knew certain $100 bills were counterfeit based on defendant's

15   "possession of the . . . bills and her attempt to use one of them"—but the government

16   simultaneously sought "to deny Rahm the right to . . . present her own inferential argument—that

17   [her] perceptual difficulties, coupled with her remaining in the store for fifteen minutes, should

18   lead the jury to infer that she *did not know* the money was counterfeit."  *Id.*  The court rejected

19   the government's attempt at this "unfair advantage."  *Id.*  That is entirely different from

20   circumstances here, in which the FTC is not opposing Defendants' attempts to proffer their own

21

22   ---
[12] Defendants assert "the FTC did not dispute that the requirements it seeks to enforce here are substantively
identical to requirements proposed in the rulemaking."  Motion at 5-6 (citing Dkt. #148 (FTC Opp. MTC) at 15
23   (ECF Header)).  Defendants' characterization is inaccurate and their citation to the FTC's Opposition does not
support it.  The FTC has been clear all along that it is enforcing ROSCA's existing requirements, not the Negative
Option Rule.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'                    Federal Trade Commission
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION               600 Pennsylvania Avenue NW
                                                        Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 17                          (202) 326-3320

1    evidence in a criminal proceeding, but rather prevent Defendants from seeking irrelevant

2    testimony from the FTC.

3    **IV.    The Testimony Defendants Seek Is Not Relevant to Defendants' Due Process
         Defense**

4            Defendants concede that, at the motion to dismiss stage, the Court rejected Defendants'

5    due process arguments.  *See* Motion at 17.  However, Defendants assert they "have now pleaded

6    a traditional as-applied challenge to ROSCA."  *Id.*

7            As an initial matter, Defendants already made (and the Court already rejected) an

8    as-applied challenge to ROSCA, a statute they concede "is facially clear."  Dkt. #131 (Amazon

9    Reply ISO Motion to Dismiss) at 23; *see also* Dkt. #130 (Individual Defendants' Reply ISO

10   Motion to Dismiss) at 4 ("This case violates due process for the reasons discussed in Amazon's

11   briefs").  Indeed, an as-applied challenge "challenges only one of the rules in a statute, a subset

12   of the statute's applications, or the application of the statute to a specific factual circumstance."

13   *Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011); *see also Rodriguez Diaz v. Garland*,

14   53 F.4th 1189, 1203 (9th Cir. 2022) ("An as-applied challenge . . . focuses on the statute's

15   application to the plaintiff, and requires the court to only assess the circumstances of the case at

16   hand.") (citation omitted).  In the Motion to Dismiss, Amazon argued "the ***FTC's enforcement***

17   ***here*** would . . . violate Amazon's due process rights."  Dkt. #85 (Motion to Dismiss) at 24; *see*

18   *also id.* (citing *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 254 (2012), for the

19   proposition: "finding agency enforcement unconstitutional due to lack of 'fair notice,' even

20   'leaving aside any concerns about facial invalidity'").  Thus, Defendants have already asserted

21   that they, in particular, lacked "fair notice" of enforcement of ROSCA against them in these

22   "specific factual circumstances."  The Court rejected this argument.  *See* Dkt. #165 at 43.

23

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 18

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

In any case, the Rulemaking Topics are irrelevant to Defendants' due process defense. As the Court previously held, laws imposing civil penalties must "provide a person of ordinary intelligence fair notice of what is prohibited."  Dkt. #180 at 9 (quoting *Fox Television Stations, Inc.*, 567 U.S. at 253).  However, "regulated parties have no access to an agency's internal deliberations; thus these communications should have no bearing upon whether the agency has given fair notice."  *Id.* (quoting *Exxon Mobil Corp. v. Mnuchin*, 430 F. Supp. 3d 220, 235 (N.D. Tex. 2019)).  Therefore, the Court concluded, "internal agency interpretations are also not relevant to whether a 'person of ordinary intelligence' . . . would have fair notice of what ROSCA prohibits."  *Id.* at 10.  For the same reason, as with Defendants' civil penalties argument, testimony on the Rulemaking Topics is irrelevant to Defendants' fair notice argument because Defendants had "no access" to this information.  Moreover, Defendants already had ample opportunity to take, and in fact did take, Rule 30(b)(6) testimony on several noticed topics relating to "fair notice."  *See* Nardini Decl., Ex. 2 at 1 (listing Rule 30(b)(6) deposition to include "[a]ll materials that you contend provide fair notice that" the "Prime Online Cancellation Flow" and "Prime Enrollment Flow" "violate[] ROSCA or Section 5" and "[a]ll materials you contend provide fair notice to Neil Lindsay, Jamil Ghani, and Russell Grandinetti that they may be liable for violating ROSCA or Section 5"); Nardini Decl., Ex. 3 (Basta 30(b)(6) Dep.) at 290:01-295:20 (testifying "the text of the statute itself" provided Defendants with "fair notice").  Defendants are not entitled to even further testimony merely because they were not happy with the FTC's answers, nor should the FTC be burdened with preparing and sitting for yet another deposition on irrelevant topics.

Furthermore, Defendants utterly fail to explain why ROSCA is purportedly unconstitutionally vague as applied to them, or why they purportedly lacked fair notice of the

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 19

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1   ROSCA's requirements.  *See, e.g.*, *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011)

2   (holding an as-applied challenge contends a law's "application to a particular person under

3   particular circumstances deprived that person of a constitutional right.").  Instead, as they

4   unsuccessfully attempted in the Motion to Dismiss, Defendants challenge the *FTC's enforcement*

5   of the statute against them on vagueness and fair notice grounds.  *See* Dkt. #171 (Defendants'

6   Answer) at 66 (Unconstitutional Vagueness) ("Applying ROSCA here to prohibit Defendants'

7   alleged conduct violates the Due Process Clause" because "the Amended Complaint asserts

8   novel 'dark patterns'-based theories of liability"); *id.* at 66-67 (Lack of Fair Notice) ("[T]he FTC

9   failed to provide fair notice that Defendants' alleged conduct violated the law.").  However, in a

10  case such as this, which "involves ordinary judicial interpretation of a civil statute," the "relevant

11  question is not whether [Defendants] had fair notice of the *FTC's interpretation* of the statute,

12  but whether [Defendants] had fair notice of what the *statute itself* requires."  *Wyndham*

13  *Worldwide Corp.*, 799 F.3d at 253-54; *see also* Dkt. #165 at 43 (same).  Defendants cannot

14  justify further discovery based on defenses it has not actually pleaded.

15      Defendants' remaining arguments all fail as well.  First, Defendants argue the fact the

16  FTC conducted "notice-and-comment rulemaking is relevant to showing that ROSCA did not

17  already provide sufficient notice."  Motion at 18.  However, the Court has already rejected this

18  argument.  *See* Dkt. #165 at 45 (rejecting Defendants' argument that "because the FTC is

19  working on promulgating regulations under ROSCA, it has effectively admitted that the statute is

20  vague, and noting Defendants' admission that "ROSCA is 'facially clear'") (citation omitted).

21

22

23

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 20

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    Indeed, the fact that the FTC has promulgated a new rule says nothing about ROSCA's existing

2    requirements.[13]

3        Second, Defendants assert the FTC's statements about ROSCA "demonstrate the

4    potential for 'arbitrary' and 'discriminatory' enforcement." Motion at 18. As an initial matter,

5    Defendants make no argument for "arbitrary enforcement" against them, and the Court has

6    likewise already rejected this argument. *See* Dkt. #165 at 44 (rejecting Defendants' argument

7    that the FTC singled them out for "unprecedented sanction" and noting the fact "the FTC has not

8    brought civil actions against all individuals who the Defendants argue engage in similar practices

9    does not mean that this enforcement action violates the individual defendants' rights to due

10   process"). Regardless, Defendants' assertion does not justify additional discovery. Even if

11   relevant to an "arbitrary enforcement" argument, the statements are public and speak for

12   themselves.

13       Third, Defendants assert the FTC's statements "evince conflicting views about ROSCA

14   at the FTC," Motion at 18, but as previously explained there is no such conflict, *see supra*

15   Section II.[14]

16

17

18   _____

19   [13] Defendants' cases are inapposite because neither holds subsequent rulemaking is relevant to showing lack of fair
     notice of a pre-existing statute. *See Ford Motor Co. v. FTC*, 673 F.2d 1008, 1010 (9th Cir. 1981) (setting aside FTC
20   administrative order requiring a secured creditor to credit debtor with the "best possible" value of a "repossessed
     vehicle" because under applicable administrative requirements the "matter should be addressed by rulemaking");
     *United States v. Exxon Corp.*, 87 F.R.D. 624, 633 (D.D.C. 1980) (permitting "contemporaneous construction
21   evidence" where DOE attempted to "enforce, retrospectively, new regulations").

22   [14] Even if there were such a conflict, Defendants cases are readily distinguishable. *See, e.g.*, *Desertrain v. City of
     Los Angeles*, 754 F.3d 1147, 1155-56 (9th Cir. 2014) (holding Los Angeles criminal ordinance prohibiting use of a
     vehicle "as living quarters either overnight, day-by-day, or otherwise" was vague "on its face" because the language
     of the statute "fails to draw a clear line between innocent and criminal conduct"); *Lloyd C. Lockrem, Inc. v. United
23   States*, 609 F.2d 940, 943 (9th Cir. 1979) (holding "it is far from clear from the natural and plain meaning of its
     words" of the regulation at issue that plaintiff's conduct fell within the meaning of the regulation).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'                          Federal Trade Commission
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION                     600 Pennsylvania Avenue NW
                                                                   Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 21                                        (202) 326-3320

## CONCLUSION

For the foregoing reasons, the FTC respectfully requests the Court deny Defendants'

Motion to Compel, Dkt. #214.

## LOCAL RULE 7(e) CERTIFICATION

I certify that this memorandum contains 6,627 words, in compliance with the Court's

December 9, 2024 Order (Dkt. #207) and Local Rule 7(f)(4).


Dated:  January 15, 2025

/s/ Thomas Maxwell Nardini
EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
THOMAS MAXWELL NARDINI
(IL Bar #6330190)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2812; tnardini@ftc.gov (Nardini)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

Case No. 2:23-cv-0932-JHC - 22

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320