The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>       Plaintiff,<br><br> v.<br><br>AMAZON.COM, INC. *et al.*,<br><br>       Defendants. | No. 2:23-cv-0932-JHC<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6) DEPOSITION REGARDING THE FTC'S OFFICIAL PUBLIC STATEMENTS ABOUT ROSCA<br><br>NOTE ON MOTION CALENDAR:<br>January 21, 2025<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

The FTC contends that its official, public statements—which concern this case's subject matter and the very statute at issue—are so irrelevant that Defendants cannot take routine discovery of them. That contention is wrong, and in a meritless effort to defend it, the FTC mischaracterizes Defendants' arguments and this Court's prior rulings.

Contrary to the FTC's leading argument, this Motion does not seek discovery of internal deliberations. It concerns solely the FTC's public statements, which were approved by the Commission and published for the regulated community to rely on. The factual bases and "meaning of" such "public guidance" are discoverable and "not … privileged." *See, e.g.*, *S.E.C. v. Kovzan*, 2013 WL 653611, at *3 (D. Kan. Feb. 21, 2013).

The FTC has not met its burden of demonstrating that its official statements about ROSCA and Defendants in this ROSCA case "have no possible bearing on the subject matter of the action." *McEuen v. Riverview Bancorp, Inc.*, 2013 WL 12095581, at *2 (W.D. Wash. Oct. 1, 2013). A single plausible basis for relevance would satisfy this standard, and the Opposition confirms that there are many. *First*, the FTC's official descriptions of ROSCA can be relevant to the Court's interpretation of the statute, and the Opposition cites case law confirming as much. *Second*, the FTC's official definition of a "ROSCA-Compliant cancellation method" indicates that the *same Amazon flow* at issue in this case does not violate ROSCA. *Third*, the FTC's statements about ROSCA lacking clarity and causing confusion in the regulated community are relevant to whether the FTC can prove Defendants knowingly violated ROSCA. *Fourth*, those statements about ROSCA's lack of clarity are relevant to Defendants' as-applied and fact-intensive due-process challenge to ROSCA.

The Court has not addressed this discovery. The Court previously declined to order the FTC to produce *internal* communications and did not adopt, on a motion to dismiss, Defendants' different due-process challenge to the FTC's "'dark patterns' theory." But the FTC has now taken a more extreme position, arguing that its official, public statements about ROSCA and

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants are categorically irrelevant and immune to discovery. The Court has not accepted that flawed argument and should not do so now.

## II.    ARGUMENT[1]

### A.    Defendants Seek Discovery on the FTC's Public Statements

Defendants do not seek the FTC's "internal legal positions," "internal views and deliberations," or "'internal agency interpretations.'" Opp. 2, 7, 19. This motion concerns the FTC's *public* statements, including in the Federal Register—the "*official* daily publication for rules, proposed rules, and notices of Federal agencies and organizations."[2] Specifically, Defendants seek discovery on (i) "the basis of those statements," *Burgess v. Daimler Truck N. Am., LLC*, 2024 WL 407476, at *4 (E.D. Wash. Feb. 2, 2024); (ii) their "meaning," *Kovzan*, 2013 WL 653611, at *3; and (iii) "factual information gathered" in support, *Ressler v. United States*, 2012 WL 3231002, at *1-3 (D. Colo. Aug. 6, 2012). Mot. 11-19.

The FTC's sweeping assertion that "there are no underlying 'facts'" to discover is easily disproven. Opp. 9. Consider the following representative questions, many of which were posed in the Motion and ignored by the FTC:

1. What is the factual basis and meaning of the FTC's statement that ROSCA "does not provide clarity about how to avoid deceptive negative option disclosures and procedures"?

2. When the FTC publicly stated that the "record demonstrates that existing authorities fall short," what "record" and "authorities" was it referring to?

3. What facts did the FTC gather to conclude that "even marketers trying to comply with the law" have faced "unique challenges"?

4. What is the factual basis for the FTC's statement that "the average time for consumers to read required disclosures and provide consent to a negative option plan online is 30 seconds to one minute"?

5. What did the FTC mean when it defined a "ROSCA-Compliant Online Cancellation" using a study that included the Prime cancellation flow?

6. What "substantial evidence," if any, supports the FTC's claim that "web-based chat," is not an appropriate cancellation method?

---

[1] Due to the word limit, Defendants cannot address each of the Opposition's misstatements, including those regarding the parties' meet and confers, but refers the Court to their opening Motion for an accurate recitation.
[2] https://www.govinfo.gov/app/collection/fr (emphasis added).

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The factual bases for public government statements are discoverable. *See Ressler*, 2012 WL 3231002, at *3 (ordering FAA to sit for 30(b)(6) deposition regarding public guidance, including "whether there has been any fact gathering"). Indeed, the FTC must "make its views known to the public" and "disclose the thinking that has animated the form of a proposed rule and the data upon which that rule is based." *Becerra v. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1173 (N.D. Cal. 2019). Such information is not privileged. *Valley Forge Ins. Co. v. Washington Square Hotel Holdings LLC*, 2022 WL 17716518, at *1 (W.D. Wash. Dec. 15, 2022) (work product doctrine "does not protect facts"); *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (deliberative process privilege does not protect "[p]urely factual material").

Defendants are likewise entitled to discovery on the "meaning of" the FTC's public statements. In *Kovzan*—a case that the FTC ignores—the court ordered a 30(b)(6) deposition of the SEC on the "meaning of certain regulatory terms and guidance and any confusion regarding the same." 2013 WL 653611, at *3. The court held that "[t]his information would not be privileged" because, like here, the SEC had "set forth public guidance and communicated with third parties about these topics." *Id.*

Even if there were "nothing further for Defendants to 'discover'" beyond the FTC's statements themselves, Opp. 7, the FTC must confirm under oath that its statements, including those purportedly backed by substantial evidence, are in fact unsupported. *United States v. Holland*, 2017 WL 1354178, at *6 (E.D. Mich. Apr. 13, 2017) (requiring government 30(b)(6) witness to state on the record that it had "no further information to provide").

**B.    The Court Has Not Addressed This Discovery**

The FTC claims this Court has deemed the FTC's official statements about ROSCA and Defendants categorically irrelevant. *See* Opp. 5. But the Court has not addressed this discovery—let alone made such a consequential ruling. *See In re 650 Fifth Ave. & Related Props.*, 934 F.3d 147, 159–60 (2d Cir. 2019) (reversing judgment where court had denied discovery related to "potentially dispositive affirmative defense").

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 4

*First*, the Court's prior motion to compel order addressed only discovery of "*internal agency interpretations.*" Dkt. 180 at 10 (emphasis added). The FTC has not shown, and the Court has not concluded, that the FTC's *public, official* statements "clear[ly] … have no possible bearing on the subject matter of the action." *McEuen*, 2013 WL 12095581, at *2.

*Second*, at the pleading stage, the Court declined to hold *as a matter of law* that the FTC's "'dark patterns' theory" violated due process. Dkt. 165 at 9, 40-41. In doing so, the Court drew all inferences in "the light most favorable to the FTC," *id.* at 3, without discovery, and before the FTC's final rulemaking. Further, Defendants have now pleaded a different, as-applied due process challenge to ROSCA itself, which the FTC did not move to strike. *See infra* § II.C5. Even if this discovery were not relevant to that defense (it is), this Motion should be granted for other reasons. *See infra* § II.C.1-4.

*Third*, the FTC misreads the Court's order as definitively finding "there are no controlling regulations or policy statements that reflect an official, prior interpretation of ROSCA." Opp. 12 n.8; *see id.* at 6, 8, 15-16. But "a court does not make factual findings" on a motion to dismiss. *United States ex rel. Durkin v. Cnty. of San Diego*, 300 F. Supp. 3d 1107, 1122 (S.D. Cal. 2018). Moreover, the Court previously lacked the full rulemaking history, which shows that the FTC issued official policy statements interpreting ROSCA before or during Defendants' alleged violations. Mot. 4-6. In fact, because the FTC is pursuing a continuing violations theory, its 2024 analysis of ROSCA's "existing regulatory baseline" in the Final Rule also constitutes an "official prior interpretation" of ROSCA.

    **C.    The Rulemaking Is Relevant to the FTC's Claims, Credibility, and Defendants' Defenses**

        **1.    The FTC's Official Statements that ROSCA Lacks Clarity Are Relevant to Defendants' Alleged Knowledge**

The FTC's admissions that ROSCA lacks clarity, references to confusion in the regulated community, and discussion of the Final Rule's *new* requirements that mirror the FTC's allegations here, indicate Defendants did not knowingly violate ROSCA. Mot. 14-15. The FTC argues that "[o]nly information actually known to Defendants at the time of their violative

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

conduct is potentially relevant to whether they had 'actual knowledge.'" Opp. 15-16. That is incorrect.

The FTC asserts that "Defendants could not have known" about the statements because they "only occurred later in time (i.e., after the case began)." Opp. 15. But the FTC issued the ANPR and NPRM *before* it sued Defendants, *see* Mot. 4-6, while Defendants were supposedly engaging in violative conduct, and the public statements reflect the state of industry knowledge *before* the statements were made.

Regardless, the FTC contends it may "prevail by proving … that a reasonable person under the circumstances would have known of the existence of ROSCA and that the actions charged violated ROSCA." Dkt. 125 at 49. If that were true, government admissions regarding the law's lack of clarity and confusion in the regulated community—even if not directly communicated to Defendants—are probative of whether "a person of ordinary intelligence should have known" their conduct was prohibited. *United States v. AMC Entertainment, Inc.*, 549 F.3d 760, 768-69 (9th Cir. 2008) (finding lack of fair notice where government stated it "planned to issue new regulations to resolve [a circuit] split"); *United States v. Anzalone*, 766 F.2d 676, 681-82 (1st Cir. 1985) (finding lack of fair notice based on congressional report "discuss[ing] the deficiencies in the regulation on [the relevant] issue").

The FTC attempts to distinguish *AMC* by arguing there is no "Circuit split regarding the meaning of ROSCA." Opp. 16 n.11. But *AMC*'s logic is not so confined; its holding is that the defendant could not have "determined the precise meaning of the regulation when the government did not do so." 549 F.3d at 769. Regardless, there is arguably a split here: a court *in this District* has held that Prime flows similar to those at issue complied with a statute that imposes *higher* standards than ROSCA. *See Daly v. Amazon.com, Inc.*, 718 F. Supp. 3d 1378, 1386-88 (W.D. Wash. 2024).

Even under the actual knowledge standard, the FTC's statements that the *industry* lacked guidance suggest that *Defendants* also lacked guidance. The overall industry's understanding as described by the FTC is circumstantial evidence of Defendants' lack of knowledge, which

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants have the "right to present." *United States v. Rahm*, 993 F.2d 1405, 1414 (9th Cir. 1993).[3]

### 2. The FTC's Official Statements About ROSCA Are Relevant to the Court's Interpretation of the Statute

The FTC contends that its official, public statements about ROSCA and how it differs from the Final Rule "are irrelevant to the Court's interpretation of the law." Opp. 2. But the case relied on by the FTC—*Wyndham Worldwide Corp.*—reached the opposite conclusion, explaining that courts will consider an agency's statements about the law. 799 F.3d 236, 250-51 (3d Cir. 2015). Although the FTC concedes that its ROSCA interpretations are not entitled to deference, Reiter Decl., Ex. 9 at RFA 42, the Court need not turn a blind eye to what the FTC has previously said about ROSCA.

The FTC argues that its rulemaking "says nothing about ROSCA's existing requirements." Opp. 6. But the FTC's express purpose for the Final Rule is to address ROSCA's "lack[] [of] specificity" by "*now* provid[ing] clear standards for sellers." Final Rule at 14, 157 (emphasis added). Courts avoid construing a later-adopted law as superfluous of pre-existing law. *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 668 (2007) ("[W]e have cautioned against reading a text in a way that makes part of it redundant"). In short, the "new" requirements in the Final Rule are relevant to the Court's interpretation of ROSCA because they show those requirements did not exist under ROSCA. *Id*. Yet these are requirements the FTC seeks to enforce here. *See* Mot. 7 n.3.

### 3. The FTC's Statements About Defendants Are Relevant

The FTC's argument that its rulemaking has nothing to do with this case is further disproven by the fact that the FTC discussed this lawsuit and Amazon Prime during the rulemaking, including by suggesting that the Final Rule's new requirements (as opposed to ROSCA) were designed to address the conduct at issue. *E.g.*, Final Rule at 86 n.305 (citing this

---

[3] The Opposition attempts to distinguish *Anzalone* and *Rahm* as criminal matters, Opp. 16-17, but the FTC has relied on criminal case law in support of its "knowledge" arguments. *See* Dkt. 220 at 51 (citing *In re Grand Jury Matter*, 147 F.R.D. 82, 87 (E.D. Pa. 1992)).

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Court's order in reference to a requirement that the Final Rule "now clarifies"); *id.* at 137 n.454 (referring to Prime's cancellation flow as a "save attempt" that purportedly is not "simple").

The FTC also relied on a study of the Prime Online Cancellation Flow that it utilized to "estimate the average time" to cancel a "ROSCA-Complaint Online Cancellation" mechanism. Final Rule at 165-66 and n.544. The FTC's reliance on this study was a critical part of the FTC Act's requirement to conduct "an analysis of the projected benefits, any adverse economic effects, and any other effects of the final rule." *Id.* at 155. Only by considering what companies were *permitted to do* under the "existing regulatory baseline" (i.e., under ROSCA), was the FTC able to calculate the "primary consumer benefits of the final Rule." *Id.* at 158-59.

The FTC's use of that study implies that—contrary to its allegations—the Prime Online Cancellation flow is a "***ROSCA-Complaint" cancellation method***. *Id.* (emphasis added). The FTC's Opposition dances around this issue. But to the extent the FTC disputes Defendants' understanding of the FTC's official statements, that is why Defendants are entitled to this discovery.[4]

### 4. The Rulemaking Is Relevant to Impeach the FTC and Its Witnesses

The FTC argues that Defendants may not "'impeach' the FTC's legal positions." Opp. 12. But the FTC's official statements also contradict the testimony of its trial witness. Mot. 9. Amanda Basta—the FTC's Rule 30(b)(6) designee and lead Enforcement Division attorney in charge of this case—provided sworn testimony that contradicts the FTC's official statements. The FTC argues only that Ms. Basta was "offer[ing] this testimony in her personal capacity, not as the FTC designee." Opp. 13. But the FTC has designated Ms. Basta as a trial witness.[5] Reiter

---

[4] Testimony about this public study is not privileged. *Kovzan*, 2013 WL 653611, at *3. Regardless, the FTC must "object at the appropriate time" in the deposition; not here. *City of Seattle v. Monsanto Co.*, 2023 WL 166877, at *3 (W.D. Wash. Jan. 12, 2023).

[5] The FTC has also agreed that Ms. Basta will be its 30(b)(6) designee if this Motion is granted. Reiter Decl., Ex. 11 at 3.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Decl., Ex. 10 at 1.  Defendants are entitled to discover whether an FTC trial witness holds views about the subject matter of this action that contradict the FTC's official statements.[6]

Moreover, the FTC cites no case law supporting its argument that "legal positions" are unimpeachable.  The Court's prior order held only that Defendants could not use "[i]nternal agency interpretations of a statute" for impeachment.  Dkt. 180 at 5-6.  Here, the FTC's official statements are inconsistent with its allegations.  As one example, the FTC's allegation that Amazon's "retention offers" in its online cancellation flow violate ROSCA, is inconsistent with its rulemaking determination that these offers "provide necessary and valuable information about cancellation" to consumers.  *Compare* Dkt. 125 at 1, 37 n.23 *with* Final Rule at 57.

### 5. The FTC's Official Statements Are Relevant to Due Process

At the pleading stage, the Court did not adopt Defendants' arguments that the FTC's "'dark patterns' theory" violates due process as a matter of law.  Dkt. 165 at 40-41.  Defendants then pleaded "as-applied" challenges to ROSCA itself.  Dkt. 171 at 65-66.  Precedent routinely permits that type of as-applied challenge.  *See, e.g.*, *Butcher v. Knudsen*, 38 F.4th 1163, 1170 (9th Cir. 2022) (law was "unconstitutionally vague as applied"); *United States v. Approximately 64,695 Pounds of Shark Fins*, 520 F.3d 976, 979, 982 (9th Cir. 2008) (finding due process violation when "nothing in the [statute's] plain language" provided notice the statute "extended to [defendant's] activities").[7]

Perhaps recognizing this, the FTC did not move to strike Defendants' defenses.  Because they "remain[] at issue in this case," Defendants are "entitled to discovery related to" them. *Carrillo v. Nationwide Mut. Fire Ins. Co.*, 2008 WL 2168688, at *2 and n.6 (N.D. Cal. May 22, 2008) (permitting discovery on defense that plaintiff "has not moved to strike").

---

[6] The FTC claims Defendants had "ample opportunity" to depose Ms. Basta.  Opp. 3-4, 19.  But the FTC acknowledges Ms. Basta was not prepared on the rulemaking, and in fact disagreed with the FTC's rulemaking statements.  Opp. 13.

[7] Whether "ROSCA is facially clear," Opp. 18, is a red herring. A statute that is "precise enough" to "'pose no vagueness problem in the "vast majority of [its] intended applications"'" may nevertheless be "fatally vague as applied." *Butcher*, 38 F.4th at 1170, 1177 (citations omitted).

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The FTC now tries to recast Defendants' due-process challenge to ROSCA and their prior challenge to the FTC's dark patterns theory as the same thing. But the two are different. As one example, the Court interpreted Defendants' prior challenge as requiring that "an agency explicitly change[] its official interpretation of a statute." Dkt. 165 at 42; *see also id.* at 43 (finding no "official, prior interpretation of ROSCA, which the FTC changed in more recent regulatory guidance on 'dark patterns'"). Defendants' as-applied challenge to ROSCA has no such requirement. *See United States v. Trident Seafoods Corp.*, 60 F.3d 556 (9th Cir. 1995) (finding due process violation where agency had failed to "formulate[] an official interpretation of its regulation"); *CFTC v. EOX Holdings, L.L.C.*, 90 F.4th 439, 444 (5th Cir. 2024) (defendants lacked fair notice where application of CFTC rule followed "thirty-nine-years of regulatory silence"); *Karem v. Trump*, 960 F.3d 656, 667 (D.C. Cir. 2020) (agency's failure to adopt rules created due process problem because "nothing put [defendant] on notice"). In any event, the Court could not have "rejected" an as-applied challenge "in these 'specific factual circumstances,'" Opp. 18, because the full set of relevant circumstances—including the full rulemaking record—was not before the Court. *See F.T.C. v. LendingClub Corp.*, 2020 WL 2838827, at *27 (N.D. Cal. June 1, 2020).

The FTC argues "Defendants had 'no access' to" its statements. Opp. 19. That is wrong, § II.C.1 *supra*, and regardless, the FTC's official statements are relevant because they describe "the market's understanding" of ROSCA. *See S.E.C. v. Keener*, 2021 WL 12315843 (S.D. Fla. June 22, 2021). In *Keener*, as here, the court had denied a "motion to dismiss on the basis of … due process" and a "motion to compel … purely internal communications" from the SEC. *Id.* at *2. The defendants then moved to compel discovery regarding the SEC's "communications with the public," which could show "the market's understanding" of the relevant law, and thus were relevant to "Defendant's fair notice/due process defense." *Id*. The court *granted* defendants' motion, finding that "the request [was] intuitive with respect to Defendant's due process argument" and that "***to foreclose discovery entirely in this vein would be tantamount to foreclosing the possibility of a due process defense***." *Id*. (emphasis added).

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Here also, denying Defendants the requested discovery would inappropriately and prematurely foreclose defenses that Defendants have pleaded and remain live.

### III.  CONCLUSION

Defendants seek a narrowly tailored 30(b)(6) deposition on specific, public, and official statements the FTC has made concerning the very statute and subject matter of this case.  A deposition like that is routine in any litigation and there are multiple and independent reasons why it should be ordered here.

DATED this 21st day of January, 2025.

I certify that this memorandum contains 3,345 words, in compliance with the Court's December 9, 2024 order (Dkt. 207).

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
       jimhoward@dwt.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
       mkaba@hueston.com
       jreiter@hueston.com

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
lflahivewu@cov.com
lkim@cov.com
jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Email: alinderot@cov.com

*admitted pro hac vice

Attorneys for Defendants

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax