The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 2:23-cv-0932-JHC |
| Plaintiff, | DECLARATION OF JOSEPH A. REITER IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6) DEPOSITION REGARDING THE FTC'S OFFICIAL PUBLIC STATEMENTS ABOUT ROSCA |
| v. | |
| AMAZON.COM, INC. *et al.*, | |
| Defendants. | |

I, Joseph A. Reiter, declare as follows:

1.      I am a partner at the law firm Hueston Hennigan LLP, counsel for Defendants Amazon.com, Inc.; Neil Lindsay; Russell Grandinetti; and Jamil Ghani in the above-captioned case. To the best of my knowledge, the matters set forth herein are true and correct and, if called as a witness, I could and would testify competently thereto.

2.      I submit this declaration in support of Defendants' Reply in Support of Motion to Compel Rule 30(b)(6) Deposition from the FTC ("Reply") and in accordance with the Western District of Washington's Local Civil Rule 37(a)(1).

3.      **Exhibit 9** contains a true and accurate excerpted copy of the FTC's Responses and Objections to Amazon's First Set of Requests for Admissions, dated May 23, 2024. Exhibit 9 is excerpted to only include the FTC's responses to Amazon's Request for Admission No. 42, which is the only information in that document that is relevant to the Reply.

4.      **Exhibit 10** contains a true and accurate copy of an email that the FTC sent to my firm on December 9, 2024.

DECL. OF JOSEPH A. REITER ISO
DEFS.' MOT. TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1      5.      **Exhibit 11** contains a true and accurate copy of a letter from the FTC dated

2   January 16, 2025.

3

4      I declare under penalty of perjury that the foregoing is true and correct to the best of my

5   knowledge.

6

7      Executed on this 21st day of January, 2025, in Newport Beach, California.

8

9

10

11   *s/ Joseph A. Reiter*
     Joseph A. Reiter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECL. OF JOSEPH A. REITER ISO
DEFS.' MOT. TO COMPEL DEPOSITION
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT 9

The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION,

     Plaintiff,

     v.

AMAZON.COM, INC., *et al.*,

     Defendants.

No. 2:23-cv-0932-JHC

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT AMAZON'S FIRST SET OF REQUESTS FOR ADMISSIONS**

     Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiff Federal Trade Commission ("FTC") hereby submits its responses and objections to Defendant Amazon's First Set of Requests for Admissions ("Amazon's RFAs").

**GENERAL RESPONSES AND OBJECTIONS**

     1.     The FTC's responses and objections are based upon the information available at this stage in the litigation and presently known by the FTC. They are made without prejudice to the FTC's right to assert additional objections in the event that additional grounds for objections should be discovered subsequent to this response. That the FTC has responded to a particular

PLAINTIFF'S RESPONSES & OBJECTIONS TO
DEFENDANT AMAZON'S FIRST SET OF RFAS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . .*facts [or] the application of law to fact*"). In particular, this request seeks a purely legal admission regarding ROSCA's requirements.

**REQUEST FOR ADMISSION NO. 41**:

Admit that prior to June 21, 2023, You did not initiate a ROSCA enforcement action on the basis that the defendant clearly and conspicuously disclosed all material terms of the transaction after obtaining the customer's billing information.

**RESPONSE**: The FTC objects that this request is beyond the permissible scope of discovery because it is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. Whether the FTC initiated the above-referenced enforcement actions is irrelevant to any claim or defense in this litigation. Moreover, in response to Amazon's Document Request No. 19, the FTC has already produced complaints, filed since 2003, from all lawsuits or enforcement actions in which the FTC has purported to prosecute the misuse of Negative Options located in a reasonable and diligent search. *See* FTC's Responses & Objections to Amazon's First Set of RFPs (Sep. 25, 2023) at 28. Furthermore, in response to Amazon's Interrogatory No. 2, the FTC has already listed the cases, identified based on a reasonable and diligent search, in which the FTC has sued companies for using Dark Patterns (even if not labeled as such in the Complaint) in violation of ROSCA or Section 5. *See* FTC's Supp. Responses & Objections to Amazon's First Set of Interrogatories (Jan. 23, 2024) at 5-7. From these materials, Amazon should be equally positioned to determine the answer to its own request.

**REQUEST FOR ADMISSION NO. 42**:

PLAINTIFF'S RESPONSES & OBJECTIONS TO
DEFENDANT AMAZON'S FIRST SET OF RFAS
Case No. 2:23-cv-0932-JHC

21

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    Admit that Your interpretation of ROSCA is not entitled to judicial deference.

2    **RESPONSE**:  The FTC objects that this request goes beyond the permissible scope of

3    discovery in that it seeks an admission of law, rather than an admission of relevant facts or how

4    the law applies to relevant facts.  *See* Fed. R. Civ. P. 36(a)(1)(A) ("A party may serve on any

5    other party a written request to admit . . . the truth of any matters within the scope of Rule

6    26(b)(1) relating to . . . *facts [or] the application of law to fact*").  In particular, the request seeks

7    an admission regarding the FTC's "interpretation of ROSCA" separate and apart from the facts

8    of this case.  The FTC further objects that this request is irrelevant to any party's claim or

9    defense or, even if relevant, is disproportional to the needs of the case.  The FTC also objects as

10    vague and ambiguous in its use of the term "judicial deference."  Subject to and without waiving

11    its objection, the FTC admits that, in this litigation, it does not contend its interpretation of

12    ROSCA is entitled to judicial deference.  *See* FTC Opp. to Motions to Dismiss at 46-47.  In all

13    other respects, the FTC denies the Request for Admission.

14    **REQUEST FOR ADMISSION NO. 43**:

15    Admit that You contend that Your interpretation of ROSCA is entitled to judicial

16    deference.

17    **RESPONSE**:  The FTC objects that this request goes beyond the permissible scope of

18    discovery in that it seeks an admission of law, rather than an admission of relevant facts or how

19    the law applies to relevant facts.  *See* Fed. R. Civ. P. 36(a)(1)(A) ("A party may serve on any

20    other party a written request to admit . . . the truth of any matters within the scope of Rule

21    26(b)(1) relating to . . . *facts [or] the application of law to fact*").  In particular, the request seeks

22    an admission regarding the FTC's "interpretation of ROSCA" separate and apart from the facts

23

PLAINTIFF'S RESPONSES & OBJECTIONS TO
DEFENDANT AMAZON'S FIRST SET OF RFAS
Case No. 2:23-cv-0932-JHC                                          22

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    of this case.  The FTC further objects that this request is irrelevant to any party's claim or

2    defense or, even if relevant, is disproportional to the needs of the case.  The FTC also objects to

3    this request as vague and ambiguous in its use of the term "judicial deference."  Subject to and

4    without waiving its objection, the FTC denies that, in this litigation, it contends its interpretation

5    of ROSCA is entitled to judicial deference.  *See* FTC Opp. to Motions to Dismiss at 46-47.

6    **REQUEST FOR ADMISSION NO. 44**:

7         Admit that You do not possess any Documents describing the circumstances in which

8    Your staff attorneys are permitted to pursue individual liability in an enforcement action.

9         **RESPONSE**:  The FTC objects to this request as vague and ambiguous in its use of the

10   term "permitted."  The FTC further objects to this request to the extent it seeks information

11   protected by the attorney work product doctrine, attorney-client privilege, or deliberative process

12   privilege.  The FTC also objects that this request is irrelevant to any party's claim or defense or,

13   even if relevant, is disproportional to the needs of the case.  Whether the FTC possesses any such

14   documents is irrelevant to any claim or defense in this litigation.

15   **REQUEST FOR ADMISSION NO. 45**:

16        Admit that You have not written, created, or published any Documents describing the

17   circumstances in which You will pursue individual liability in an enforcement action.

18        **RESPONSE**:  The FTC objects to this request to the extent it seeks information protected

19   by the attorney work product doctrine, attorney-client privilege, or deliberative process privilege.

20   The FTC also objects that this request is irrelevant to any party's claim or defense or, even if

21   relevant, is disproportional to the needs of the case.  Whether the FTC has written, created, or

22   published any such documents is irrelevant to any claim or defense in this litigation.

23

PLAINTIFF'S RESPONSES & OBJECTIONS TO
DEFENDANT AMAZON'S FIRST SET OF RFAS
Case No. 2:23-cv-0932-JHC

23

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

# EXHIBIT 10

 Outlook

---

**RE: FTC v. Amazon - Complaint Paragraphs 239-255**

---

**From** Cohen, Jonathan <jcohen2@ftc.gov>

**Date** Mon 2024-12-09 1:09 PM

**To** Joseph A. Reiter <jreiter@hueston.com>; Mendelson, Evan <emendelson@ftc.gov>; Karen Ding <kding@hueston.com>; Iflahivewu@cov.com <Iflahivewu@cov.com>; Kkelly@cov.com <Kkelly@cov.com>; LKim@cov.com <LKim@cov.com>; jgraubert@cov.com <jgraubert@cov.com>; santhony@cov.com <santhony@cov.com>; jhall@cov.com <jhall@cov.com>; mrodgers@cov.com <mrodgers@cov.com>; MCapuano@cov.com <MCapuano@cov.com>; jdecena@cov.com <jdecena@cov.com>; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Amazon/FTC [INT] <amazon-ftc@hueston.com>; JimHoward@dwt.com <JimHoward@dwt.com>; KennethPayson@dwt.com <KennethPayson@dwt.com>; GinaChan@dwt.com <GinaChan@dwt.com>; JenniferGreen@dwt.com <JenniferGreen@dwt.com>; TheoLesczynski@dwt.com <TheoLesczynski@dwt.com>

**Cc** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>

Joe,

You've already deposed, or we will permit you to depose, everyone we will call to support the allegations in paragraphs 239-255.

Specifically, as you know, we already informed you that we do not intend to call counsel of record in our case-in-chief.  Regarding persons with knowledge (other than counsel of record), we intend to call Investigator Adam Rottner, likely in his capacity as custodian, as a summary witness, or both.  We may be able to use a stipulation to render some or all of Mr. Rottner's testimony unnecessary; we're still considering what that might look like and we may propose something to you.  However, if he's going to testify, we will allow you to depose him.

Regarding the various paralegals and economists our disclosure identified, we will not call Mr. Zwonik (we note you did not object to his presence during Ms. Johnson's deposition).  Regarding the others, we have no plans to call any of them, but our Initial Disclosures included them, so we reserve our rights accordingly.  However, if any of them will testify, we will allow you to depose them first.

==The only person whom we intend to call to support the allegations in paragraphs 239-255 who isn't included in our Initial Disclosures is Amanda Basta==, although Amazon already deposed her extensively, in her personal capacity, about these

paragraphs. *See* Basta Tr. 467-84. Because Amazon deposed her already, we would not consent to an additional deposition on these matters.

In short, you've already deposed, or we will permit you to depose, everyone we will call to support the allegations in paragraphs 239-255.

Jonathan

---

**From:** Cohen, Jonathan <jcohen2@ftc.gov>
**Sent:** Friday, December 6, 2024 5:05 PM
**To:** Joseph A. Reiter <jreiter@hueston.com>; Mendelson, Evan <emendelson@ftc.gov>; Karen Ding <kding@hueston.com>; lflahivewu@cov.com; Kkelly@cov.com; LKim@cov.com; jgraubert@cov.com; santhony@cov.com; jhall@cov.com; mrodgers@cov.com; MCapuano@cov.com; jdecena@cov.com; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Amazon/FTC [INT] <amazon-ftc@hueston.com>; JimHoward@dwt.com; KennethPayson@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** FTC v. Amazon - Complaint Paragraphs 239-255

Joe,

We're considering the points you raised during the meet-and-confer. In particular, we are evaluating whether we intend to present any witnesses beyond those already disclosed to you in our Initial Disclosures to support the allegations in paragraphs 239-255, and we'll make a commitment to you one way or the other by 5 PM on Monday. We'll also provide you with name(s), if any. Regardless, in the interest of comity, and avoiding unnecessary motions practice, we may provide additional information as well.

However, this is a two-way street. If Amazon does not state whether it intends to present any witnesses beyond those already disclosed to you in our Initial Disclosures to contest the allegations in paragraphs 239-255 by 5 PM on Monday, and provide us with names at the same time, then we will rely on Amazon's Initial Disclosures—along with Amazon's subsequent silence—moving forward.

Jonathan Cohen
Enforcement Division | Bureau of Consumer Protection | Federal Trade Commission
600 Pennsylvania Avenue, N.W., CC-6316 Washington, D.C. 20580
(202) 326-2551 | jcohen2@ftc.gov

---

**From:** Joseph A. Reiter <jreiter@hueston.com>
**Sent:** Thursday, December 5, 2024 7:29 PM

**To:** Mendelson, Evan <emendelson@ftc.gov>; Karen Ding <kding@hueston.com>; lflahivewu@cov.com; Kkelly@cov.com; LKim@cov.com; jgraubert@cov.com; santhony@cov.com; jhall@cov.com; mrodgers@cov.com; MCapuano@cov.com; jdecena@cov.com; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Amazon/FTC [INT] <amazon-ftc@hueston.com>; JimHoward@dwt.com; KennethPayson@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>
**Subject:** RE: FTC v. Amazon - FTC Production 14/Johnson Deposition

Evan – I am writing to memorialize our meet and confer today regarding the FTC's use of current or former FTC staff as witnesses in this case.

You represented that the FTC will not rely in its case-in-chief on the testimony of any FTC attorney who has made an appearance in this case or who is listed in the FTC's initial disclosures to support the allegations in paragraphs 239-255 of the FTC's complaint. Those attorneys are Jonathan Cohen, Olivia Jerjian, Colin MacDonald, Evan Mendelson, Thomas Maxwell Nardini, Anthony Saunders, and Sana Chaudry.

I asked several questions you would not answer during our call:

1. Whether the FTC intends to rely on any non-attorney FTC staff listed in the FTC's initial disclosures to support the allegations in paragraphs 239-255 of the FTC's complaint.

2. Whether the FTC intends to rely on any present or former FTC staff (attorney or non-attorney) for any purpose at trial.

In addition, you said the FTC may amend its initial disclosures to add an FTC witness. As I stated on the call, we have serious concerns that the FTC has a witness in mind and has improperly delayed making this disclosure. Indeed, your email below asserts that the relevant facts concerning paragraphs 239-255 of the FTC's complaint are already known to the parties.

By Monday, December 9, please (a) identify all current and former FTC staff that the FTC intends to rely on at trial for any purpose and (b) either amend the FTC's initial disclosures or confirm that the FTC has disclosed all FTC staff it may use to supports is claims or defenses, unless the use would be solely for impeachment, as required by Rule 26(a)(1)(A)(i).


**Joseph A. Reiter**

_____

**HUESTON HENNIGAN** LLP


D: 213.788.4536

jreiter@hueston.com

Biography

---

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Monday, December 2, 2024 6:35 AM
**To:** Karen Ding <kding@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; lflahivewu@cov.com; Kkelly@cov.com; LKim@cov.com; jgraubert@cov.com; santhony@cov.com; jhall@cov.com; mrodgers@cov.com; MCapuano@cov.com; jdecena@cov.com; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Amazon/FTC [INT] <amazon-ftc@hueston.com>; JimHoward@dwt.com;

KennethPayson@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Saunders, Anthony R.
<ASAUNDERS@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>;
Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana
<jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>
**Subject:** RE: FTC v. Amazon - FTC Production 14/Johnson Deposition

Karen,

We do not consent to Defendants' request, primarily because Defendants cannot establish good cause for
exceeding the deposition limit, much less satisfy the heightened standard for deposing opposing counsel.

The facts that support the FTC's allegations in paragraphs 239-255 are generally equally available to the FTC and
Defendants, as they have been since the Complaint's filing.  There is no need for discovery regarding written
correspondence between the FTC and Amazon, and Defendants have now had a chance to depose Ms. Johnson
regarding her recollection of oral communications during the time period that the FTC alleges Amazon improperly
delayed the FTC's investigation.  Your (Joe's) email from November 20 asks the FTC to identify "any other current
or former FTC employee [on which the FTC intends to rely] to support the allegations in paragraphs 239-255 of the
Amended Complaint."  Defendants, however, are not entitled to discover how the FTC plans to present the
relevant (and already-discovered) facts, or arguments based on those facts, to the factfinder.  Nevertheless, the
FTC confirms that no FTC attorney who has appeared in this case has personal knowledge that the FTC will use in
its case-in-chief to support the allegations in paragraphs 239-255 of the FTC's complaint.

Relatedly, your November 25 email states that Defendants "object and will not consent to either Mr. Cohen or any
other FTC staff listed in your initial disclosures attending Ms. Kim's deposition or reviewing the substance of Ms.
Kim's testimony."  That position is unjustifiable for the reasons explained above.  Additionally, it is improper for
Amazon, after Ms. Johnson's deposition, to add new conditions to the agreement we reached regarding Ms.
Johnson's and Ms. Kim's depositions in the email chain culminating in Joe's October 9 email and my October 15
response.

Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

**From:** Karen Ding <kding@hueston.com>
**Sent:** Monday, November 25, 2024 7:15 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; Joseph A. Reiter <jreiter@hueston.com>; lflahivewu@cov.com;
Kkelly@cov.com; LKim@cov.com; jgraubert@cov.com; santhony@cov.com; jhall@cov.com; mrodgers@cov.com;
MCapuano@cov.com; jdecena@cov.com; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba
<mkaba@hueston.com>; Amazon/FTC [INT] <amazon-ftc@hueston.com>; JimHoward@dwt.com;
KennethPayson@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Saunders, Anthony R.
<ASAUNDERS@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>;
Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana
<jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>
**Subject:** RE: FTC v. Amazon - FTC Production 14/Johnson Deposition

Evan,

Given your response, we intend to depose all the FTC staff (other than Katherine Johnson) listed in your initial disclosures:

- Adam Rottner
- Jonathan Cohen
- Evan Mendelson
- Olivia Jerjian
- Thomas Maxwell Nardini
- William Violette
- Margaret Cole
- Elena Hoffman
- Jacob Frech
- Ryan Zwonik

Please let us know whether you consent by December 2.  Please also provide the witnesses' availability for depositions in December or January.

In addition, consistent with your earlier position as to Ms. Kim's review of Ms. Johnson's testimony, we object and will not consent to either Mr. Cohen or any other FTC staff listed in your initial disclosures attending Ms. Kim's deposition or reviewing the substance of Ms. Kim's testimony.

We are available to meet and confer on any of these issues this week.


**Karen Ding**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4597

kding@hueston.com

Biography

---

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Monday, November 25, 2024 6:41 AM
**To:** Joseph A. Reiter <jreiter@hueston.com>; lflahivewu@cov.com; Kkelly@cov.com; LKim@cov.com; jgraubert@cov.com; santhony@cov.com; jhall@cov.com; mrodgers@cov.com; MCapuano@cov.com; jdecena@cov.com; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Amazon/FTC [INT] <amazon-ftc@hueston.com>; JimHoward@dwt.com; KennethPayson@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>; Cohen, Jonathan <jcohen2@ftc.gov>
**Subject:** RE: FTC v. Amazon - FTC Production 14/Johnson Deposition

Joe,

In response to your first question, we have nothing to add to our initial disclosures, which, as required, list all individuals likely to have discoverable information that we may use to support our claims and defenses.  Your email seeks both informal discovery and information protected by the work product doctrine.

In response to your second question, as you know, the FTC, in advance of Ms. Johnson's deposition, produced five emails and 2.5 pages of Ms. Johnson's handwritten notes.  The emails are sent from Ms. Johnson to others at the FTC and include legal advice and the FTC's internal deliberations.  They were therefore previously withheld as privileged.  In advance of Ms. Johnson's deposition, we re-reviewed the emails to see if there were any portions of them that arguably were not privileged (because, for example, they relayed the substance of nonprivileged communications with Amazon) or as to which the FTC was willing to waive any privilege that might apply (only because the FTC and Ms. Johnson want to be as transparent as possible regarding what took place during the calls).  Accordingly, we found five emails containing about 1-2 such sentences each and produced them.  We also searched Ms. Johnson's notes to determine whether any appeared to simply describe her communications with counsel for Amazon.  We produced the three pages of notes that we found and that matched that description. We have now produced all otherwise-potentially-privileged documents that reflect Ms. Johnson's oral communications with counsel for Amazon.

We encourage Amazon to take the same forthcoming approach that we did.


Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

**From:** Joseph A. Reiter <jreiter@hueston.com>
**Sent:** Friday, November 22, 2024 6:38 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; lflahivewu@cov.com; Kkelly@cov.com; LKim@cov.com; jgraubert@cov.com; santhony@cov.com; jhall@cov.com; mrodgers@cov.com; MCapuano@cov.com; jdecena@cov.com; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Amazon/FTC [INT] <amazon-ftc@hueston.com>; JimHoward@dwt.com; KennethPayson@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** RE: FTC v. Amazon - FTC Production 14/Johnson Deposition

Counsel – following up on this.


**Joseph A. Reiter**
_____

# HUESTON HENNIGAN LLP

D: 213.788.4536
jreiter@hueston.com
Biography

**From:** Joseph A. Reiter <jreiter@hueston.com>
**Sent:** Wednesday, November 20, 2024 2:18 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; lflahivewu@cov.com; Kkelly@cov.com; LKim@cov.com; jgraubert@cov.com; santhony@cov.com; jhall@cov.com; mrodgers@cov.com; MCapuano@cov.com; jdecena@cov.com; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Amazon/FTC [INT] <amazon-ftc@hueston.com>; JimHoward@dwt.com; KennethPayson@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** RE: FTC v. Amazon - FTC Production 14/Johnson Deposition

Counsel – I write regarding two issues following the deposition of Katherine Johnson:

First, does the FTC intend to rely on any other current or former FTC employee to support the allegations in paragraphs 239-255 of the Amended Complaint? If so, please identify the individual(s) and provide their availability for deposition.

Second, you have not responded to my email below concerning the FTC's untimely production of documents from Ms. Johnson's custodial files. The documents are indisputably responsive to document requests that Amazon served in August 2023, and the FTC agreed to search Ms. Johnson's custodial files and produce all responsive documents, yet the FTC waited until the business day before Ms. Johnson's deposition to make this production. At the deposition, your colleague Jonathan Cohen stated that the FTC voluntarily waived privilege when it produced the documents. We request a written response explaining (1) why these documents were not produced earlier and (2) the FTC's position concerning the scope of its privilege waiver.


**Joseph A. Reiter**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4536

jreiter@hueston.com

Biography


**From:** Joseph A. Reiter <jreiter@hueston.com>
**Sent:** Saturday, November 16, 2024 4:12 PM
**To:** Mendelson, Evan <emendelson@ftc.gov>; lflahivewu@cov.com; Kkelly@cov.com; LKim@cov.com; jgraubert@cov.com; santhony@cov.com; jhall@cov.com; mrodgers@cov.com; MCapuano@cov.com; jdecena@cov.com; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Amazon/FTC [INT] <amazon-ftc@hueston.com>; JimHoward@dwt.com; KennethPayson@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** RE: FTC v. Amazon - FTC Production 14/Johnson Deposition

Counsel – I write regarding your production yesterday of Ms. Johnson's notes and email correspondence concerning the FTC's investigation of Amazon.

Amazon served its First Set of Requests for Production more than a year ago on August 22, 2023. Amazon's Request 1 sought all "All Documents Relating to the Investigation." Amazon's Request 4 sought "All Documents Relating to any allegation in the Complaint."

On September 25, 2023, the FTC agreed it would produce documents responsive to Requests 1 and 4. On December 6, 2023, the FTC described its approach for producing these documents. Notably, the FTC promised that it was "reviewing all emails (without using any search term limitation) maintained" by several FTC attorneys, including "Katherine Johnson." 12/6/23 FTC Letter. On December 22, 2023, the FTC represented that it would complete its production of these documents by February 2024. 12/22/23 FTC Letter.

The documents you produced yesterday are plainly responsive to Requests 1 and 4. Moreover, the documents consist of Ms. Johnson's emails and notes. Please explain why the FTC did not produce these documents earlier. Please also explain how the FTC intends to use these documents, including during the upcoming depositions.

Because these documents are relevant to Monday's deposition of Ms. Johnson – as you acknowledged below – we request answers by tomorrow.

Amazon reserves all rights.


**Joseph A. Reiter**

---

**HUESTON HENNIGAN** LLP

D: 213.788.4536
jreiter@hueston.com
Biography

---

**From:** Mendelson, Evan <emendelson@ftc.gov>
**Sent:** Friday, November 15, 2024 10:43 AM
**To:** lflahivewu@cov.com; Kkelly@cov.com; LKim@cov.com; jgraubert@cov.com; santhony@cov.com; jhall@cov.com; mrodgers@cov.com; MCapuano@cov.com; jdecena@cov.com; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Joseph A. Reiter <jreiter@hueston.com>; Amazon/FTC [INT] <amazon-ftc@hueston.com>; JimHoward@dwt.com; KennethPayson@dwt.com; GinaChan@dwt.com; JenniferGreen@dwt.com; TheoLesczynski@dwt.com
**Cc:** Jerjian, Olivia <ojerjian@ftc.gov>; Nardini, Thomas <tnardini@ftc.gov>; Saunders, Anthony R. <ASAUNDERS@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>; MacDonald, Colin <cmacdonald@ftc.gov>; Hoffman, Elena <ehoffman@ftc.gov>; Zwonik, Ryan <rzwonik@ftc.gov>; Mejia-Portillo, Johana <jmejiaportillo@ftc.gov>; Awad, Yara <yawad@ftc.gov>
**Subject:** FTC v. Amazon - FTC Production 14/Johnson Deposition

Counsel,

In anticipation of Monday's deposition, we are today producing notes and email correspondence that we located and that may reflect some of the substance of what Ms. Johnson and Ms. Kim discussed. The FTC and Ms. Johnson seek to be as transparent as possible and, accordingly, are producing as much as possible notwithstanding the fact that Amazon has declined to produce corresponding materials that Ms. Kim or other counsel for Amazon prepared. The notes are attached to this email and Bates stamped FTCAMZN_Nov15_001 through FTCAMZN_Nov15_003. We will formally produce these notes in a future production. The email

correspondence will be sent with a production load file today, as described in the attached production cover letter.

Evan

Evan M. Mendelson
Federal Trade Commission
Bureau of Consumer Protection
Enforcement Division
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC  20580
Phone: (202) 326-3320
Fax:  (202) 326-3197

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

# EXHIBIT 11



United States of America
FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVE. NW, CC-9528
WASHINGTON, DC 20580

Division of Enforcement
Bureau of Consumer Protection

**Evan Mendelson**                              **Max Nardini**
**(202) 326-3320; emendelson@ftc.gov**          **(202) 326-2812; tnardini@ftc.gov**

**Olivia Jerjian**                              **Sana Chaudhry**
**(202) 326-2749; ojerjian@ftc.gov**            **(202) 326-2679; schaudhry@ftc.gov**

**Anthony Saunders**
**(202) 326-2917; asaunders@ftc.gov**


January 16, 2025


## VIA ELECTRONIC MAIL

Laura Flahive Wu (lflahivewu@cov.com)          John C. Hueston (jhueston@hueston.com)
John D. Graubert (jgraubert@cov.com)           Moez M. Kaba (mkaba@hueston.com)
Laura M. Kim (lkim@cov.com)                    Joseph A. Reiter (jreiter@hueston.com)
Stephen P. Anthony (santhony@cov.com)          Hueston Hennigan LLP
John E. Hall (jhall@cov.com)                    523 West 6th St., Suite 400
Megan L. Rodgers (mrodgers@cov.com)            Los Angeles, CA 90014
Marc Capuano (mcapuano@cov.com)
Kevin Kelly (kkelly@cov.com)                   Kenneth E. Payson (kenpayson@dwt.com)
Covington & Burling LLP                        James Howard (jimhoward@dwt.com)
One CityCenter, 850 Tenth Street NW            Davis Wright Tremaine LLP
Washington, DC 20001-4956                      920 5th Avenue, Suite 3300
                                               Seattle, WA 98104

RE:    *FTC v. Amazon.com, Inc., et al.*, No. 2:23-cv-0932-JHC (W.D. Wash.)

Counsel:

We write regarding your request to take Amanda Basta's deposition and in response to your January 2, 2025 email regarding additional proposed topics for a Rule 30(b)(6) deposition of the FTC and Defendants' December 30, 2024 Supplemental Notice of Rule 30(b)(6) Deposition.

## I.    Basta Deposition

As we stated on our December 20 call, we will consent to Defendants taking Ms. Basta's deposition regarding paragraphs 239-255 of the FTC's Amended Complaint on the condition that any remaining Rule 30(b)(6) deposition of the FTC be combined with Ms. Basta's personal deposition and subject to a time limitation to be agreed upon by the parties or ordered by the Court.

We therefore turn to your proposed Rule 30(b)(6) deposition topics.

## II.    December 30, 2024 "Supplemental" Notice of Rule 30(b)(6) Deposition

Defendants' December 30, 2024 is improper for at least two reasons:  (1) the FTC has not consented to Defendants exceeding the 10-deposition limit for the purpose of conducting the supplemental deposition, and (2) the notice violates Rule 30's one-deposition-per-witness rule. Although we may be able to reach an agreement as part of a broader resolution of the issues discussed in this letter, we do not intend to appear for the February 6 deposition as noticed.

Without waiving our objections to the notice as a whole, and for the purpose of advancing the parties' discussions, we also describe below our objections to some of the proposed topics in the Supplemental Notice.  These objections are not exhaustive, and we do not waive any objections but not including them here:

- **Duplicative Topics**:  Several topics are duplicative of those as to which Defendants already obtained Rule 30(b)(6) testimony.  For example, **Topic 61** (regarding whether Prime "contains a Negative Option") and **Topic 62** (regarding the time at which Amazon obtains consumers' billing information) duplicate Topic 18 (regarding the FTC's allegation that Prime enrollment violates ROSCA and Section 5).  **Topics 63-64** (regarding when the FTC "became aware" of illegal conduct by Amazon) overlap with Topics 59-60 (regarding when during the FTC's investigation the FTC learned certain facts about Prime enrollment and cancellation).

- **Discovery Into Discovery**:  **Topics 72-73** seek disfavored discovery into the FTC's document production and privilege logging process.

- **Argumentative Topics**:  **Topics 63-64** relate to when "the FTC first became aware that [Prime enrollment or cancellation] allegedly violated ROSCA or Section 5." This is not a proper area of inquiry for many reasons, including that it assumes a moment in time at which the Commission as a whole became "aware" of a violation. Additionally, as you know, the Commission can only act through a majority of a quorum of Commissioners.  The Commission filed this lawsuit promptly after the Commissioners voted to do so.

- **Responding to Defendants' Affirmative Defenses**:  **Topics 67-68** asks the FTC to testify regarding the factual basis for its contention that it did not "inexcusably and unreasonably delay" in suing Amazon and "did not knowingly induce Amazon" to

2

maintain unlawful Prime enrollment and cancellation processes. The FTC cannot provide meaningful testimony on these topics—which essentially asks the FTC to prove a negative by explaining all of the ways in which the FTC did not act improperly—without understanding the factual basis for Amazon's affirmative defenses (and, in particular, what Amazon alleges the FTC to have done wrong).

## III.    January 2, 2025 Email Topics

Your January 2 email re-raises several topics from your initial Rule 30(b)(6) notice. Again, we might be willing to provide testimony regarding some of these topics for the sake of reaching a compromise, but we have concerns about several of them:

- We previously stated that we would consider your position if you explained the relevance of **Topics 36** and **52-53**. *See* FTC July 19, 2024 letter. You have not done so.

- **Topics 37 and 38** seek testimony regarding whether Defendants "comply" with two FTC publications that do not have the force of law: the Negative Option Policy Statement and the Dot Com Disclosures Guide. We nevertheless might be willing to provide testimony regarding ways in which the Defendants have acted inconsistently with the guidance provided in both documents.

- Your modification to **Topic 40** does not resolve the objections stated in our July 19 letter. It also embeds a misreading of the law regarding "substantial minority" for the reasons stated in our opposition to Amazon's Motion to Dismiss. More generally, it appears to focus on legal disputes that are not appropriately handled through witness testimony.

- **Topics 42-43, 56-57** seeks the FTC's contentions regarding the total number of "misled" consumers and total number of Section 5 and ROSCA violations by Amazon. The topics are likely more appropriately handled through expert discovery, but we are willing to revisit them after expert reports are due.

## IV.    Timing and Topics 30, 32-33 (Motion to Compel)

We anticipate that if Defendants prevail on their Motion to Compel testimony regarding Topics 30, 32-33, Ms. Basta will be the FTC's designee. For that reason, and for the purpose of allowing for the disclosure of export reports before addressing Topics 42-43 and 56-57, we propose that the parties proceed with Ms. Basta's deposition after the Court rules on the motion to compel. (We consent, of course, to the deposition occurring, if necessary, after the close of discovery.)

In the meantime, we propose that Defendants consider our objections above and provide a list of narrowed and/or modified topics. We would be open to Ms. Basta testifying for an additional 5.5 hours (bringing her total testimony time up to 14 hours) in her personal capacity and on a list of mutually agreeable Rule 30(b)(6) topics.

We are, as always, available to meet-and-confer on these or any other issues.

Sincerely,

/s/ Evan Mendelson
Counsel to the Federal Trade Commission