UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC; NEIL LINDSAY, individually and as an officer of Amazon.com, Inc.; RUSSELL GRANDINETTI, individually and as an officer of Amazon.com, Inc.; JAMIL GHANI, individually and as an officer of Amazon.com, Inc.,<br><br>Defendants. | CASE NO. 2:23-cv-00932-JHC<br><br>ORDER |

# I
### INTRODUCTION

This matter comes before the Court on the FTC's Motion to Compel Production of Documents and Information Relating to May 6, 2021 Meeting. Dkts. # 217 (sealed), # 218-1 (redacted). The Court has considered the materials filed in support of and in opposition to the motion, the rest of the record, and the applicable law. The Court finds oral argument unnecessary. For the reasons below, the Court GRANTS the FTC's request for in camera review

ORDER - 1

of the documents labeled MTC-1 through MTC-9. After the Court completes such review, it will consider the FTC's request to compel Defendant Amazon to produce the documents and respond to Interrogatory No. 4.

## II
## BACKGROUND

The FTC sued Amazon and three of the company's executives, Neil Lindsay, Russell Grandinetti, and Jamil Ghani, alleging that they violated Section 5(a) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45(a), and Section 4 of the Restore Online Shoppers' Confidence Act (ROSCA), 15 U.S.C. § 8403. Dkt. # 67 at 1–2 ¶ 1. The FTC alleges that Amazon tricked, coerced, and manipulated consumers into subscribing to Amazon Prime by failing to disclose the material terms of the subscription clearly and conspicuously and by failing to obtain the consumers' informed consent before enrolling them. *Id.* at 2 ¶ 2. It also contends that Amazon did not provide simple mechanisms for subscribers to cancel their Prime memberships. *Id.* at 3 ¶ 7.

In January 2021, Amazon's Prime team scheduled a meeting to "align on an approach for clarity" in Prime subscription communications. Dkt. # 218-1 at 5 (quoting Dkt. # 140-2 at 130).[1] The FTC began investigating Amazon in connection with this matter on March 16, 2021. Dkts. # 90-2 at 27; # 53 at 2. The Amazon meeting regarding Prime took place on May 6, 2021 (May 6 Meeting) and included members of Amazon's Prime team, in-house lawyer Praju Tuladhar, and Vice President-level leaders at Amazon including Defendants Jamil Ghani and Neil Lindsay. Dkt. # 224 at 7 (citing Dkt. # 218-2 at 117, 267).

---

[1] The FTC described the Amazon Prime team's preparation for the May 6, 2021 meeting in its January 2024 Motion to Compel Production of Documents Clawed Back During Investigation. *See generally* Dkt. # 140 (redacted).

The FTC now asks the Court to compel Amazon to produce nine documents related to the May 6 meeting. *See generally* Dkts. # 217 (sealed), # 218-1 (redacted). The FTC also requests that the Court compel Amazon to respond to an interrogatory concerning the May 6 meeting. *Id*. Amazon has withheld the documents on privilege grounds.[2] *See* Dkt. # 224.

The documents are:

- MTC[3]-1: A December 13, 2021 email related to the May 6 meeting. The email contains notes from the meeting. *See* Dkts. # 218-1 at 10–11; # 218-2 at 5; # 224 at 12.

- MTC-2: A group chat including 22 Amazon employees dated May 6, 2021. *See* Dkts. # 218-2 at 5; # 224 at 12.

- MTC-3: A copy of the memorandum circulated during the May 6 meeting. This document is attached to MTC-2. *See* Dkts. # 218-2 at 5; # 224 at 12.

- MTC-4: An addendum circulated during the May 6 meeting. This document is attached to MTC-2. *See* Dkts. # 218-2 at 6; # 224 at 12. The FTC calls this document the "Benchmarking" presentation. Dkt. # 218-2 at 6.

- MTC-5: An email chain dated May 5, 2021, containing edits to the May 6 memo (MTC-3). *See* Dkts. #218-1 at 12, # 218-2 at 6. This document contains a draft of the May 6 meeting memorandum. Dkt. # 224.

- MTC-6, MTC-7: Email chains dated May 5, 2021. These emails contain notes from a May 4, 2021 meeting in preparation for the May 6 meeting. Dkts. # 218-1 at 13; # 218-2 at 6.

- MTC-8, MTC-9: an email chain (MTC-8) and accompanying attachment (MTC-9) dated May 5, 2021, that discuss "headwinds"— i.e., challenges facing the Prime business. Dkts. # 218-1 at 14; # 224 at 14. The FTC calls these documents "headwind" communications. *Id.*

---

[2] Amazon has withheld all nine documents as attorney-client communications. In its privilege log, Amazon asserted that it withheld MTC-5 as an attorney-client communication and under the work-product doctrine. *See* Dkt. # 218-2 at 5–6. But Amazon does not make any arguments under the work-product doctrine. *See* Dkt. # 224 at 12–14.

[3] MTC stands for "Motion to Compel."

ORDER - 3

# III

## DISCUSSION

The FTC contends that the Court should order Amazon to produce the documents and respond to an interrogatory concerning the May 6 meeting. Alternatively, the FTC requests that the Court conduct an in camera review of the documents to determine whether they are privileged. Dkt. # 218-1 at 14. At this point, while that Court cannot conclude with confidence that discovery should be compelled, it finds that in camera review would be appropriate.

The Ninth Circuit "has [] found that *in camera* review is an acceptable means to determine whether disputed materials fit within the privilege." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992). A party seeking in camera review must make a threshold showing that is "'considerably lower' than that 'for fully disclosing documents.'" *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1092 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) (quoting *In re Grand Jury Investigation*, 974 F.2d at 1073). Courts have discretion to conduct an in camera review if the party requesting the review shows a factual basis to support "a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d at 1072, 1075. The FTC makes that showing here.

A. May 4 & May 6 Meetings (MTC-1, MTC-2, MTC-6, MTC-7)

On May 4, 2021, non-attorney employees Nikki Baidwan, Ben Hills, and Bharath Srinivasan met with Defendants Neil Lindsay and Jamil Ghani, among others, (May 4 meeting) to prepare for the Prime team meeting on May 6. Dkts. # 218-1 at 13; # 218-2 at 91. Amazon's in-house counsel, including attorney Praju Tuladhar was also present at the May 4 meeting. *Id.* During this meeting, Lindsay shared a draft of the May 6 meeting memorandum that also included his "notes." Dkt. # 218-2 at 92. On May 5, 2021, emails were circulated that included

information about what was discussed during the May 4 meeting (MTC-6, MTC-7).  Dkt. # 218-1 at 13.  There is also an email chain (MTC-1) and group chat thread (MTC-2) that contain information discussed during the May 6 meeting.  Dkt. # 218-1 at 10-11.

The FTC asserts that the primary purpose of the May 6 meeting was to address a business question: how to "clarify" Prime enrollment and cancellation.  Dkt. # 218-1 at 11.  Amazon responds that, in the weeks leading up to May 6, the purpose of the meeting shifted towards "obtaining legal counsel," including advice related to the FTC's investigation.  Dkt. # 224 at 13.  Mark England, Senior Corporate Counsel for Amazon states, "After receiving the [FTC's] investigative demand, the Prime team decided to focus the May 6 Meeting primarily on legal considerations related to the Prime sign-up and cancellation processes."  Dkt. # 226 at 3 ¶ 12.  But in an email dated May 5, 2021, Ghani stated, "The meeting will likely center on current regulatory investigations and strategy, which is best served by the smallest possible audience outside the c-team."  Dkts. # 218-1 at 11; # 218-2 at 115.  In the hours before the meeting, via an electronic group chat message, Ghani asked non-attorney Hills to "lead the conversation" during the meeting.  Dkt. # 218-2 at 78.  He also told non-attorneys Baidwan and Srinivasan that they should "speak up" during the meeting.  *Id.*  Tuladhar, Amazon's in-house counsel, stated that he would be "on cam[era]" during the meeting "assuming there will be questions about the regulatory environment."  *Id.* at 79.  Tuladhar said he would "pop on and off depending on number of participants."  *Id.*

These circumstances support a reasonable, good-faith belief that, while Tuladhar attended the May 4 and May 6 meetings and may have offered legal advice, the primary purpose of the meetings may not have been to solicit legal advice.  *See, e.g.*, *Epic Games, Inc. v. Apple Inc.*, No. 20-CV-05640-YGR (TSH), 2024 WL 4947269, at *1 (N.D. Cal. Dec. 2, 2024), *aff'd*, No. 4:20-CV-05640-YGR, 2024 WL 5318836 (N.D. Cal. Dec. 31, 2024) ("Privilege does not descend like

a giant fog bank over every document that is in some way connected with an effort to achieve legal compliance."). Thus, the Court will exercise its discretion to conduct an in camera review of the documents related to discussions during the May 4 and May 6 meetings.

B.   May 6 Meeting Memorandum (MTC-3, MTC-5)

As for MTC-3 and MTC-5, at issue is an email chain including edits to the May 6 meeting memorandum (MTC-5) and a copy of the memorandum circulated during the meeting (MTC-3). Dkts. # 218-1 at 11–12; # 224 at 12. The FTC says that contemporaneous group chat messages from May 3, 2021, show that non-attorneys, Baidwan, Hills, Srinivasan, and Reid Nelson drafted and prepared the memorandum. *See* Dkt. # 218-1 at 5–6 (citing Dkt. # 218-2 at 71–75) (series of electronic messages between non-attorneys Baidwan, Hills, and Srinivasan discussing drafting the memorandum). During her deposition, Baidwan recalled attorney Tuladhar providing input on the memorandum. Dkts. # 218-1 at 6; # 218-2 at 58. On the day of the meeting, in a separate electronic group chat, Defendant Ghani asked Hills to "lead the conversation" during the meeting and introduce Baidwan and Srinivasan as "preparers" of the memorandum. Dkt. # 218-2 at 78–79. Amazon responds that its "attorneys meaningfully revised the materials that the Prime team had prepared for the meeting, to give their legal advice." Dkt. # 224 at 12 (citing Dkt. # 226 at 2 ¶ 10) (Declaration of Mark England, Senior Corporate Counsel for Amazon).

But given the facts above, the FTC has shown a basis for a good-faith belief that MTC-3 and MTC-5 are not privileged. *See, e.g.*, *Gamble v. State Farm Mut. Auto. Ins. Co.*, No. C19-5956RJB, 2020 WL 4193217, at *4 (W.D. Wash. July 20, 2020) (ordering in camera review where it was "not obvious" whether the disputed materials were subject to privilege). The Court will thus exercise its discretion to conduct an in camera review to determine whether these documents are privileged.

C.   "Benchmarking" Presentation (MTC-4)

During the May 6 meeting, attorney Tuladhar shared a "Benchmarking" presentation with the attendees. Dkt. # 218-1 at 12. The FTC says that, in March 2021, non-attorney Jediah Hankin prepared a PowerPoint slide deck titled, "Subscription Program CX Benchmarking: Prime Signup/Confirmation/Cancel CX Compared to US and EU Subscription Programs." Dkt. # 218-1 at 13 (citing Dkt. # 218-2 at 176–238). The presentation compared Amazon Prime to other internal and external subscription services. Dkt. # 218-2 at 177. During the meeting, Tuladhar shared a document titled "Prime CX Benchmarking – Privileged and Confidential." Dkt. # 218-1 at 13 (citing Dkt. # 218-2 at 120). The FTC says that Amazon has also produced a copy of a presentation, with the same title, from Hankins files. *Id.* (citing Dkt. # 218-2 at 4 ¶ 22, 214–58). Amazon responds that its attorneys revised this presentation to reflect their legal advice. Dkt. # 224 at 12.

The evidence showing non-attorney involvement in preparing the presentation supports the FTC's good-faith belief that the document is not privileged. *See, e.g.*, *Munoz v. 7-Eleven, Inc.*, No. CV183893RGKAGRX, 2019 WL 2610955, at *2 (C.D. Cal. May 1, 2019) ("The attorney client privilege does not attach to requests for business advice – as opposed to legal advice – from in-house counsel.") (citing *United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002)). The Court will exercise its discretion to conduct an in camera review of the "Benchmarking" presentation.

D.   "Headwinds" Documents (MTC-8, MTC-9)

On May 5, 2021, an email (MTC-8) and accompanying attachment (MTC-9) was circulated before the May 6 meeting. Dkt. # 218-1 at 14. The parties say that these documents concern various "headwinds"—challenges Prime was facing because of potential changes to the

enrollment and cancellation flows. *See* Dkts. # 218-1 at 14; #224 at 14. The FTC says that Amazon "has provided little justification for withholding these emails" and the privilege log briefly states that these documents are being withheld because they "[d]iscuss[ ] or relate[ ] to legal and regulatory risks related to features of Amazon subscription enrollment or cancellation flows." Dkt. # 218-1 at 14 (quoting Dkt. # 218-2 at 6). Amazon responds that it viewed the FTC's investigation as an important "headwind." Dkt. # 224 at 14. The company says that its lawyers "advised on legal and regulatory issues confronting the business. *Id.* But in an email, Ghani informed the Prime team that they "need[ed] to figure out a way to cover these headwinds under P&C. The audience in the goal review is to [*sic*] wide for a fulsome update that is appropriate for Neil [Lindsay]." Dkts. # 218-1 at 4; # 218-2 at 19. [4] Based on these facts, the Court will conduct an in camera review of the "Headwinds" documents. *See, e.g.*, *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076 ("[C]ommunications involving in-house counsel might well pertain to business rather than legal matters. The privilege does not protect an attorney's business advice.").

## IV

### Conclusion

For the above reasons, the Court GRANTS the FTC's request for in camera review of the documents labeled MTC-1 through MTC-9. The Court ORDERS Amazon to submit the documents to the Court for in camera review by March 10, 2025.

/

/

/

---

[4] Presumably, "P&C" means privileged and confidential. *See* Dkt. # 218-1 at 4.

Dated this 3rd day of March, 2025.

*John H. Chun*

John H. Chun
United States District Judge