The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>Defendants. | No. 2:23-cv-0932-JHC<br><br>DEFENDANTS' CONDITIONAL MOTION TO CERTIFY INTERLOCUTORY APPEAL<br><br>NOTE ON MOTION CALENDAR: May 30, 2025<br><br>ORAL ARGUMENT REQUESTED |

## I.    INTRODUCTION

If the Court denies Defendants' motion for leave to file a standalone motion in limine (Dkt. 291) or their motion in limine (Dkt. 291-1), Defendants respectfully ask the Court to amend its motion-to-dismiss and motion-to-compel orders, *see* Dkts. 165, 180, 241, by adding certifications for interlocutory appeal under 28 U.S.C. § 1292(b) to decide: (1) whether an agency must change a prior official interpretation of a statute before defendants can assert a due process defense based on lack of notice; and (2) whether the FTC can obtain civil penalties under 15 U.S.C. § 45(m)(1)(A) when it has admitted that the underlying statute lacked clarity at the time of the alleged violations.

The rule of law requires that the government provide fair notice of a statute's requirements. The FTC cannot, consistent with due process and Section 45(m)(1)(A), admit that the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8403, is unclear and then impose

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

liability and demand substantial civil penalties for longstanding and common practices it decides years later violate the statute. But that is exactly what the FTC is trying here.

The FTC contends that the Amazon Prime enrollment and cancellation flows violate ROSCA because they deployed so-called "dark patterns" and therefore failed to clearly and conspicuously disclose material terms, obtain consumers' express informed consent, or provide a simple mechanism to stop recurring charges. *See* Am. Compl. ¶¶ 263-280, Dkt. 67. The FTC asserts these violations were done knowingly, and asks this Court to award civil penalties "for every violation of ROSCA," totaling potentially billions of dollars, *id.* at 91. However, the FTC has repeatedly admitted in public statements that ROSCA is unclear and that it fails to provide sufficient guidance as to what companies must do to comply with the law. No authoritative source—not the FTC, a court, or even a jury—has ever identified an enrollment or cancellation flow that complies with ROSCA.

Accordingly, Defendants have contended that ROSCA, as applied here, violates their due process right to fair notice and that the FTC cannot show that Defendants had knowledge that their conduct was unlawful, as required for civil penalties. The Court rejected these defenses at the motion-to-dismiss stage. *FTC v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297, 1329, 1333 (W.D. Wash. 2024). When Defendants sought to explore these essential defenses in discovery, *see* Dkts. 146, 214, the Court refused to allow Defendants to obtain Rule 30(b)(6) testimony regarding the FTC's public statements about ROSCA, *FTC v. Amazon.com, Inc.*, 2025 WL 592998, at *6-7 (W.D. Wash. Feb. 24, 2025), or nonprivileged FTC internal documents regarding its interpretation of the statute, *FTC v. Amazon.com, Inc.*, 2024 WL 3924583, at *4, 6 (W.D. Wash. Aug. 22, 2024). The Court held that the FTC's statements about ROSCA's lack of clarity in this ROSCA case are "irrelevant." *Id.*

In doing so, the Court appears to have made two fundamental determinations. First, Defendants cannot pursue their due process defense because the FTC did not make an official, prior interpretation of ROSCA that it has since changed. *See Amazon*, 735 F. Supp. 3d at 1330-31. This conclusion is contrary to longstanding Ninth Circuit precedent. *See, e.g.*, *United States*

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY (2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*v. Approximately 64,695 Pounds of Shark Fins*, 520 F.3d 976, 980 (9th Cir. 2008); *United States v. Trident Seafoods Corp.*, 60 F.3d 556, 558-59 (9th Cir. 1995). Second, the FTC can obtain civil penalties based on Defendants supposedly having "actual knowledge or knowledge fairly implied on the basis of objective circumstances" that their alleged actions were "prohibited by [ROSCA]" even when the FTC has repeatedly admitted that ROSCA is unclear and fails to provide businesses with sufficient guidance. 15 U.S.C. § 45(m)(1)(A). If the Court denies Defendants' standalone motion in limine, the Court will essentially hold that businesses are responsible for having a greater understanding of ROSCA than the agency charged with administering the statute.

Defendants respectfully submit that both conclusions are inconsistent with the law, significantly prejudice Defendants, and could require redoing this litigation years down the road if not reviewed immediately. Accordingly, this motion seeks certification of an interlocutory appeal of both questions. All three factors under 28 U.S.C. § 1292(b) are met. The Court's two conclusions are "controlling question[s] of law" on which there are "substantial ground[s] for difference of opinion" and an immediate appeal "may materially advance the ultimate termination of the litigation" by providing guidance to streamline the issues for summary judgment and trial and prevent a wasteful retrial following appeal.

## II. BACKGROUND

ROSCA makes it "unlawful for any person to charge or attempt to charge any consumer for any goods or services sold in a transaction effected on the internet through a negative option feature" …, "unless the person—(1) provides text that *clearly and conspicuously* discloses all material terms of the transaction"; "(2) obtains a consumer's *express informed consent*"; and "(3) provides *simple mechanisms* for a consumer to stop recurring charges." 15 U.S.C. § 8403 (emphases added). The statute does not define the italicized terms. *See Amazon*, 735 F. Supp. 3d at 1314, 1322.

The FTC alleges that Defendants have violated ROSCA since 2014 through the present. In official statements during that time, the FTC publicly recognized that ROSCA's undefined

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY (2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

terms do not clearly inform private parties what they must do to comply with ROSCA. In 2019, the FTC requested public comments on how to "address disclosures, consumer consent, and cancellation," in part because ROSCA "provides no details regarding steps marketers must follow to comply with these provisions" and lacks "clarity about how to avoid deceptive negative option disclosures and procedures." 84 Fed. Reg. 52,393, 52,395-96 (Oct. 2, 2019) (ANPRM). The FTC stated that "ROSCA lacks specificity about cancellation procedures and the placement, content, and timing of cancellation-related disclosures" and that while the statute commands "marketers to provide a 'simple mechanism' for the consumer to stop recurring charges," it "does not specify what methods would satisfy this requirement." *Id.* at 52,396.

In 2023, the FTC publicly reiterated these views. *See* 88 Fed. Reg. 24,716 (Apr. 24, 2023) (NPRM). As before, the FTC admitted that ROSCA "does not prescribe specific steps marketers must follow to comply with th[e] [statute's] provisions," "does not provide clarity about how to avoid deceptive negative option disclosures and procedures," "lacks specificity" about "cancellation procedures," and does not provide "guidance about what is simple." *Id.* at 24,718. The FTC reported that state attorneys general similarly recognized "ROSCA's shortcomings," including that ROSCA "does not provide 'any concrete, bright line requirements that allow enforcement agencies to readily identify violations,'" and believed that "new regulatory provisions are necessary to establish specific, clear rules to help businesses' compliance efforts." *Id.* at 24,723.[1] Despite recognizing ROSCA's lack of clarity, the FTC initiated this action against Defendants.

Defendants moved to dismiss, in part, on due process grounds because the vague statute failed to provide them fair notice that the Prime flows violate ROSCA. Defendants also argued that civil penalties are unavailable because, given the FTC's prior statements and actions, the

---

[1] The FTC has further conceded that existing law is not clear by promulgating its Negative Option Rule, which purports to address ROSCA's lack of clarity by defining key terms. *See* 89 Fed. Reg. 90,476, 90,537-39 (Nov. 15, 2024) (to be codified at 16 C.F.R. §§ 425.1-425.9). The rule acknowledges that ROSCA itself "does not prescribe specific steps marketers must follow to comply with [its] provisions," *id.* at 90,478, "lacks specificity about cancellation procedures and the placement, content, and timing of cancellation-related disclosures," and contains no "guidance about what is simple," *id.* at 90,479.

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY (2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

FTC cannot establish that Defendants acted "with actual knowledge or knowledge fairly implied on the basis of objective circumstances" that the alleged conduct violates ROSCA. 15 U.S.C. § 45(m)(1)(A). The Court denied the motion. *Amazon*, 735 F. Supp. 3d at 1334. It held that lack of fair notice is a potential defense only "when an agency explicitly changes its official interpretation and a regulated party relied on the prior interpretation" and that the FTC can obtain civil penalties by proving knowledge based on what "a reasonable person under the circumstances would have known." *Id.* at 1329, 1333.

During discovery, the FTC's corporate representative, testifying in a Rule 30(b)(6) deposition, made several admissions demonstrating that a business could not understand ROSCA's requirements merely by reading the statute's text. The FTC confirmed that "whether or not a disclosure is clear and conspicuous," "whether or not you obtained informed consent," and "whether or not a mechanism to cancel is simple" require "context-specific" evaluations. Rule 30(b)(6) Dep. of Amanda Basta, Assistant Director, FTC 71:9-20 (Sept. 10, 2024) (Exhibit 2 to Payson Declaration, Dkt. 292); *accord id.* at 61:13-15 (similar). The FTC confirmed that ROSCA does not include a "p[er] se prohibition on save offers," *id.* at 66:21-22, *i.e.*, discounts to continue with the subscription, or even mention "dark patterns," *id.* at 96:20-97:1. ROSCA does not include a checklist or formula to follow for compliance. *Id.* at 214:3-18. Indeed, in determining just whether a cancellation mechanism is "simple," the FTC's witness testified that the FTC might consider upwards of 20 different factors. *See id.* at 349:17-350:9. She admitted that ROSCA identifies none of these factors and that they have never been publicly disclosed together before. *Id.* at 353:8-20. And she confirmed the FTC has never provided guidance as to how these factors are weighted or interact. *See id.* at 363:1-2. Despite this uncertainty, the FTC seeks potentially more than a billion dollars in civil penalties from Defendants on the basis that they supposedly knew they were violating the law.

When the FTC's corporate representative failed to answer further questions regarding the FTC's prior official statements, Defendants sought further 30(b)(6) testimony regarding the FTC's statements about ROSCA in the ANPRM and NPRM, and the extent to which the 2024

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Negative Option Rule imposes obligations beyond those included in ROSCA. *See, e.g.*, Dkt. 215-2 at 7-9. The Court denied this motion to compel, holding that such testimony would be irrelevant because the FTC had not previously interpreted ROSCA and is not attempting to enforce the Negative Option Rule here. *Amazon*, 2025 WL 592998, at *6-7.

### III.     ARGUMENT

Certification of an interlocutory appeal is appropriate when it (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The proposed appeal satisfies these requirements. If the Court denies the motion for leave or the motion in limine, it should amend its motion-to-dismiss and motion-to-compel orders to certify an interlocutory appeal. *See, e.g.*, *Mothershead v. Wofford*, 2022 WL 2755929, at *1 (W.D. Wash. July 14, 2022) (amending order to certify for appeal).

### A.     The Proposed Appeal Involves Controlling Questions of Law

A legal question is "controlling" "if resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). "An issue need not be dispositive," *Dougan v. Children's Place, Inc.*, 2021 WL 764263, at *3 (W.D. Wash. Feb. 26, 2021), but "it must at least constitute reversible error," *Douglas v. Xerox Bus. Servs., LLC*, 2016 WL 4017407, at *3 (W.D. Wash. Feb. 29, 2016).

The two legal questions that Defendants seek to appeal qualify as "controlling" under this standard. First, it is undoubtedly a question of law whether an agency must change a prior official interpretation of a statute before defendants can assert a due process defense based on lack of notice. *See United States v. Erickson*, 75 F.3d 470, 475 (9th Cir. 1996). The Court's holding on this question is "controlling" because it has deprived Defendants of a constitutional argument that would be a complete defense to the FTC's substantive claims. If the Ninth Circuit were to determine that the Court erred in requiring a prior official interpretation before

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY (2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

considering whether ROSCA provided fair notice, the defense "may be dispositive, materially advancing the termination of the case," *Bluetooth SIG, Inc. v. FCA US LLC*, 2021 WL 1922975, at *2 (W.D. Wash. May 13, 2021); *see Swinomish Indian Tribal Cmty. v. BNSF Ry. Co.*, 2018 WL 11592821, at *1 (W.D. Wash. May 15, 2018) (certifying appeal of whether preemption defense exists); *Hovila v. Tween Brands, Inc.*, 2010 WL 11684275, at *1 (W.D. Wash. June 11, 2010) (similar). At a minimum, if the Ninth Circuit were to determine, after an adverse judgment in this Court, that Defendants' due process defense has merit or that discovery should have been permitted, this Court (and the parties) would have to spend substantial resources reopening discovery and redoing summary judgment proceedings and trial. *See Hovila*, 2010 WL 11684275, at *1.

Second, it is also a question of law whether the FTC can obtain civil penalties under Section 45(m)(1)(A) when it has admitted that the underlying statute lacked clarity at the time of the alleged violations. If the Ninth Circuit were to determine that the FTC cannot obtain civil penalties here, it would eliminate an entire form of relief. "[S]uch [a] conclusion would materially affect the outcome in this case." *Balvage v. Ryderwood Imp. & Serv. Ass'n, Inc.*, 2010 WL 3490191, at *2 (W.D. Wash. Sept. 1, 2010). And certainly, an early appeal would ensure that the Court need conduct any penalty phase—if at all—only once.

### B. There Is Substantial Ground for Difference of Opinion

A "substantial ground for difference of opinion" exists where "reasonable judges might differ and such uncertainty provides a credible basis for a difference of opinion on the issue." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (cleaned up). A district court need not "await[] development of contradictory precedent" to find this prong satisfied, as a "substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Id*. Here, substantial grounds for disagreement exist on each question proposed for appeal.

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 1. Reasonable jurists could conclude that a statute fails to provide fair notice even where an agency has not provided a prior official interpretation

Due process requires that "a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a [government] may impose." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574 (1996). A "punishment fails to comply with due process if the statute or regulation under which it is obtained 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). Even where a law may provide sufficient notice "in the vast majority of its intended applications" to survive a facial challenge, it can still violate due process as applied in a particular instance. *Canyon Ferry Road Baptist Church of E. Helena, Inc. v. Unsworth*, 556 F.3d 1021, 1028-29 (9th Cir. 2009) (cleaned up).

Here, Defendants contend that ROSCA fails to adequately inform companies of "the rules by which the game will be played," particularly as applied to enrollment and cancellation flows. *United States v. AMC Entm't, Inc.*, 549 F.3d 760, 768 (9th Cir. 2008). As the FTC has publicly admitted, ROSCA does not define its general terms, provide "details regarding steps marketers must follow to comply with these provisions," contain per se rules, or clarify "how to avoid deceptive negative option disclosures and procedures." ANPRM, 84 Fed. Reg. at 52,395-96; *see also* NPRM, 88 Fed. Reg. at 24,718; 89 Fed. Reg. at 90,537-39. The "risks of arbitrary enforcement are palpable." *Butcher v. Knudsen*, 38 F.4th 1163, 1175 (9th Cir. 2022). The FTC conceded during its deposition that it conducts a fact-specific analysis, based on nearly two dozen non-public factors, to determine whether ROSCA has been violated. *See* Basta Dep. 61:13-15, 66:21-22, 71:9-20, 96:20-97:1, 214:3-18, 349:17-350:9, 353:8-20, 363:1-2. Simply put, neither the statute nor the FTC's public conduct provided Defendants with any meaningful guidance as to how to comply with ROSCA prior to the FTC suing, and thus, there is real risk of discriminatory and arbitrary enforcement.

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY (2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The Court has rejected Defendants' due process defense because, in its view, fair notice concerns arise only when an agency changes its prior interpretation of a statute, and in this instance, the FTC has never offered "an official, prior interpretation of ROSCA." *Amazon*, 2025 WL 592998, at *4; *see Amazon*, 735 F. Supp. 3d at 1329 (similar). Reasonable jurists could disagree with the Court's determination. The Ninth Circuit has upheld due process challenges without formal changes in agency interpretation. In *Shark Fins*, for example, the court concluded that neither the statute nor the implementing regulations provided fair notice to the claimant and thus that the forfeiture order violated due process—without requiring any showing that the agency changed its interpretation. 520 F.3d at 979-83. Likewise, the Ninth Circuit has upheld a due process defense where the agency failed to take a prior official position because an agency's silence does not insulate it from due process challenges. *See, e.g.*, *Trident Seafoods*, 60 F.3d at 558-59 (agency violated due process where agency had not offered prior official interpretation of particular provision); *cf. CFTC v. EOX Holdings, L.L.C.*, 90 F.4th 439, 444 (5th Cir. 2024) (agency failed to provide fair notice where it adopted novel interpretation of regulation); *Karem v. Trump*, 960 F.3d 656, 667 (D.C. Cir. 2020) (White House failed to provide fair notice when it had not provided guidance on standards of conduct).[2]

Reasonable jurists could also disagree with the Court's determination that "there are no 'regulations or policy statements that reflect an official, prior interpretation of ROSCA.'" *Amazon*, 2025 WL 592998, at *7. The Court found that the FTC's public statements about ROSCA in the ANPRM and NPRM and final rule were not published "before or during Defendants' alleged violations." *Id.* at *3 n.1. But the FTC alleges that Defendants' violations of ROSCA ***are ongoing to this day***. Dkt. 69 at 91. Thus, there undoubtedly were official Commission interpretations of ROSCA made during the relevant time period.

---

[2] The Court has also stated that a vagueness or fair notice defense "does not apply to an agency enforcement action." *Amazon*, 735 F. Supp. 3d at 1329. Precedent holds otherwise. Courts routinely consider "as applied" due process arguments where a defendant challenges a statute's vagueness as applied to the specific conduct alleged against it. *See Butcher*, 38 F.4th at 1170 (law "precise enough" to survive "facial challenge" was "unconstitutionally vague as applied"). The case the Court cited to reject Defendants' vagueness defense was an "as applied" challenge to an agency's application of law and reached the opposite conclusion. *Amazon*, 735 F. Supp. 3d at 1329 (citing *Fox*, 567 U.S. at 253-59 (agency's "interpretation" of regulation as "applied" was unconstitutionally vague)).

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY (2:23-cv-0932-JHC) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

In denying discovery regarding the FTC's interpretation of ROSCA, the Court also found that the 2024 Negative Option Rule is not being enforced in this case and "[t]he relevant question is not whether [Defendants] had fair notice of the *FTC's interpretation* of the statute, but whether [Defendants] had fair notice of what the *statute itself* requires." *Amazon*, 2025 WL 592998 at *7 (alterations in original); *see Amazon*, 735 F. Supp. 3d at 1330 (quoting *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 252-53 (3d Cir. 2015)). First, a reasonable jurist could find that it is beside the point that the FTC's claims were not brought under the 2024 Negative Option Rule because the FTC's statements made during that rulemaking were expressly about ROSCA, which is the statute at issue in this case.

Second, a reasonable jurist could disagree with the Court's framing of the relevant question because an implementing agency's statements about the statute are relevant to a court's interpretation for due process purposes and an individual's understanding of that statute for purposes of knowledge. The case this Court cited in its orders, *Wyndham*, recognized that the FTC's official statements regarding the statutes it administers factor into the Court's analysis of whether a statute provides fair notice. 799 F.3d at 257. And in *Loper Bright Enterprises v. Raimondo*, the Supreme Court stated that "the interpretations of those responsible for implementing particular statutes … constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." 603 U.S. 369, 394 (2024) (cleaned up). Even though courts are not bound by an agency's interpretation, agency statements regarding a statute's clarity and the need for further rulemaking are probative of whether a statute complies with due process, *i.e.*, whether it is clear enough that a person has "fair notice of conduct that is forbidden or required." *Fox*, 567 U.S. at 253. A reasonable jurist could agree with *Loper Bright* and *Wyndham*, decide the FTC's public statements are relevant to the inquiry.

**2.    Reasonable jurists could conclude that the FTC cannot obtain civil penalties when it has admitted that the statute being enforced is unclear**

Under Section 45(m)(1)(A), the FTC may recover civil penalties—exceeding $50,000 per violation—only if it proves Defendants violated ROSCA with "actual knowledge or knowledge

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY
(2:23-cv-0932-JHC) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

fairly implied on the basis of objective circumstances" that the statute prohibited their actions. This provision incorporates "a variation on an ignorance-of-the-law defense." *Dish Network LLC*, 954 F.3d at 978. This standard is expressly focused on a defendant's knowledge, and it requires the FTC to prove that a defendant was "[a]ware of the relevant federal prohibition" and that it would "reasonably have known its conduct was unlawful." *United States v. Stratics Networks Inc.*, 721 F. Supp. 3d 1080, 1100 (S.D. Cal. 2024) (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 583-84 (2010); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536-37 (1999)). The Ninth Circuit has never considered the full parameters of this standard, as the Court has recognized, *see Amazon*, 735 F. Supp. 3d at 1333, but in denying the motion to dismiss and motions to compel, and if it denies the standalone motion in limine, the Court will have determined that private parties are expected to have a greater understanding of ROSCA than the FTC and that the FTC can obtain civil penalties—which turn on a defendant's knowledge—for a statute the FTC itself has admitted is unclear. *See id.*; *Amazon*, 2025 WL 592998, at *5.

      A reasonable jurist could disagree with this view. In *Kolstad*, for instance, the Supreme Court acknowledged that monetary penalties based on a similar standard may not be available where the agency's "theory of [violation]" is "novel or otherwise poorly recognized." 527 U.S. at 537. The FTC's official prior statements admit as much here. *See* NPRM, 88 Fed. Reg. at 24,718, 24,723; ANPRM, 84 Fed. Reg. at 52,395-96. The FTC's liability theory here would stretch ROSCA to prohibit ubiquitous, lawful marketing practices, such as save offers, and to prescribe design choices regarding colors and font sizes when such requirements appear nowhere in ROSCA's text, judicial decisions, or regulations. In a situation where Congress has reserved the more "onerous penalties of the FTC Act" for defendants acting with knowledge that their "conduct was prohibited"—and not with a "mistaken interpretation" of the statute—other reasonable jurists may disagree with the Court and conclude that civil penalties are not available in this situation as a matter of law, particularly when, as the Court noted, "the Ninth Circuit has never considered this issue" or offered guidance. *Amazon*, 735 F. Supp. 3d at 1333.

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY
(2:23-cv-0932-JHC) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## C. The Proposed Appeal May Materially Advance the Litigation

The final "prong is satisfied when the resolution of the question[s] 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022). "[T]he considerations of this factor overlap significantly with the first one." *Rollins v. Dignity Health*, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014). And for reasons explained above, the proposed appeal "'may materially advance' the litigation." *Reese*, 643 F.3d at 688.

If Defendants' due process defense is not decided until an appeal following a jury verdict, it may very well require this Court to redo discovery and trial. At a minimum the parties and the Court may be able to avoid a second trial, with further discovery and motions practice by resolving these issues now.[3] An immediate appeal could also narrow the issues in dispute, by resolving one of the FTC's main claims for relief (civil penalties). *See Rollins*, 2014 WL 6693891, at *4. At the very least, it will likely inform the parties and the Court "of the Ninth Circuit's position on … issue[s] that materially affect[] the resolution" of the case. *Balvage*, 2010 WL 3490191, at *2. Regardless of the outcome, an interlocutory appeal will materially advance this litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court should amend its motion-to-dismiss and motion-to-compel orders at Dkts. 165, 180, and 241 to certify an interlocutory appeal.

DATED this 9th day of May, 2025.

I certify that this memorandum contains 4,196 words, in compliance with the Local Civil Rules.

---

[3] Amazon does not presently seek a stay or delay of the trial date. If the Ninth Circuit accepts the proposed appeal, Amazon intends to seek expedited briefing.

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY
(2:23-cv-0932-JHC) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
   Kenneth E. Payson, WSBA #26369
   James Howard, WSBA #37259
   920 Fifth Avenue, Suite 3300
   Seattle, WA 98104-1610
   Telephone: (206) 622-3150
   Fax: (206) 757-7700
   E-mail: kenpayson@dwt.com
              jimhoward@dwt.com

COVINGTON & BURLING LLP

   Stephen P. Anthony*
   Laura Flahive Wu*
   Laura M. Kim*
   John D. Graubert*
   850 Tenth Street, NW
   Washington, DC 20001
   Telephone: (206) 662-5105
   E-mail: santhony@cov.com
              lflahivewu@cov.com
              lkim@cov.com
              jgraubert@cov.com

   John E. Hall*
   415 Mission Street, Suite 5400
   San Francisco, CA 94105
   Telephone: (415) 591-6855
   E-mail: jhall@cov.com

   Megan L. Rodgers*
   3000 El Camino Real
   Palo Alto, CA 94306
   Telephone: (650) 632-4734
   E-mail: mrodgers@cov.com

   Anders Linderot*
   620 Eighth Avenue
   New York, NY 10018
   Telephone: (212) 841-1000
   Email: alinderot@cov.com

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY
(2:23-cv-0932-JHC) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
mkaba@hueston.com
jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

DEFENDANTS' CONDITIONAL MOTION TO CERTIFY
(2:23-cv-0932-JHC) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax