The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 2:23-cv-0932-JHC |
| Plaintiff, | AMAZON.COM, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS |
| v. | |
| AMAZON.COM, INC., *et al.*, | NOTED ON MOTION CALENDAR: May 28, 2025 |
| Defendants. | |

## I.    INTRODUCTION

The FTC's motion is unnecessary. As Amazon repeatedly explained to the FTC, Amazon has already agreed to the full relief the FTC requested, with two minor clarifications that the FTC has since accepted. Amazon agrees to 90 days of additional discovery and to bear the burden of raising any issues about the scope of the additional discovery (Requests 1–2). Amazon also agrees to bear reasonable costs for this additional discovery (Request 3). And Amazon agrees not to affirmatively use any of the discovery produced after March 19, 2025 (Request 4), absent leave of court. The Court can therefore enter Amazon's Proposed Order, which only clarifies that the FTC's costs be reasonable and that the Court retains discretion to grant leave for Amazon to use documents, if necessary.

Despite Amazon's agreement with what the FTC sought from the Court, the FTC refuses to withdraw its motion and now, minutes before Amazon was set to file its response, makes further demands of Amazon that the FTC did not even seek in its motion. These additional

AMAZON'S RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

demands are irrelevant to the motion before the Court. The Court should enter Amazon's Proposed Order, which reflects the full relief the FTC sought with the two minor clarifications to which the parties agree.

While it need not be decided for purpose of this motion due to Amazon's agreement, Amazon vigorously disagrees with the FTC's one-sided characterization of the facts: Amazon has worked cooperatively with the FTC throughout discovery to produce hundreds of thousands of documents and had no intent to hide anything. Amazon continued to act in good faith by voluntarily re-reviewing its privilege log consistent with guidance this Court provided regarding evolving privilege standards. Amazon informed the FTC that Amazon was conducting a complete re-review on an accelerated timeline. It was no surprise to either party that this led to the production of a significant volume of additional documents, which is why Amazon agreed to extend discovery and attempted to work with the FTC to accommodate any issues the production caused.

Despite this, the FTC insisted on filing a motion it did not need to file. The 14-page motion contains just two pages of argument, with the remainder dedicated to inflammatory "background" full of insinuations and colorful rhetoric. Indeed, the motion appears designed primarily to draw public attention—one FTC Commissioner even broadcasted it in a provocative social media post. These are distractions. Amazon has corrected the issue and has fully acceded to the requests the FTC made. So there is simply nothing left to adjudicate at this time. Amazon respectfully submits that the Court should enter Amazon's Proposed Order.

## II.   BACKGROUND

### A.   Amazon Initially Withheld Under 10 Percent of Responsive Documents as Privileged Based on a Good Faith Review.

Everyone understands it is important to avoid inadvertently producing privileged documents. Throughout the FTC investigation of Prime and this litigation, therefore, Amazon has worked diligently to meet its document review and production obligations while

AMAZON'S RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

safeguarding privilege. That process has involved making complex privilege determinations for tens of thousands of documents over a short period of time.

Amazon produced over 500,000 documents in this case before it engaged in a re-review of privilege determinations. *See* Dkt. 303, Declaration of Edward Rippey ("Rippey Decl."), ¶ 5. It worked diligently to meet the FTC's demands and deadlines, taking seriously its obligation to produce responsive information while also taking reasonable and appropriate efforts to safeguard privileged material based on the face of the documents. *See* Dkt. 142 at 2–4; Dkt. 53, ¶¶ 4–10; Rippey Decl. ¶ 5. In total, Amazon withheld approximately eight percent of responsive documents as wholly privileged and redacted approximately seven percent of responsive documents. Rippey Decl., ¶ 5.

As part of its review process, Amazon produced a privilege log identifying approximately 75,000 documents as privileged. *Id.*, ¶ 5. Some withheld and redacted documents included complex discussions between Amazon legal and business personnel about the legal risks of changing or not changing Prime enrollment and cancellation flows, against the backdrop of ongoing regulatory investigations. *See id.*, ¶ 7. Distinguishing business from legal advice is "generally recognized to be 'especially difficult.'" *Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc'y of U.S.*, 406 F.3d 867, 879 (7th Cir. 2005). And, at the time of Amazon's privilege review, the Ninth Circuit had declined to stake a definitive position on the standard for determining whether such mixed legal and non-legal discussions are privileged. *See In re Grand Jury*, 23 F.4th 1088, 1094–95 (9th Cir. 2021), *as amended* (2022) (discussing with approval the D.C. Circuit's rule that privilege attaches so long as legal advice is "*a* primary purpose," but "leav[ing] open whether the 'a primary purpose test' should apply … instead of '*the* primary purpose'"); *see also In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014) (Kavanaugh, J.) ("[I]f *one of* the significant purposes of [a document] was to obtain or provide legal advice, the [attorney-client] privilege will apply." (emphasis added)).

In the months after Amazon produced its privilege log, this Court issued several rulings—in this and other cases to which Amazon is a party—clarifying its view on privilege in

AMAZON'S RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

mixed legal and business communications. *See, e.g.*, *Garner v. Amazon.com, Inc.*, 2024 WL 4266665, at *2-3 & n.1 (W.D. Wash. Sept. 23, 2024) (acknowledging the "ambiguity regarding whether the privilege would apply if 'a primary purpose,' as opposed to 'the primary purpose,' of the communication were to obtain or provide legal advice"); *De Coster v. Amazon.com, Inc.*, 2025 WL 371823, at *1 (W.D. Wash. Feb. 3, 2025); Dkt. 248 at 4. The Court then provided guidance at a document-by-document level, further clarifying the Court's view of how privilege doctrine applies to particular kinds of Amazon documents. *De Coster v. Amazon.com, Inc.*, 2025 WL 904465, at *5–7 (W.D. Wash. Mar. 25, 2025); Dkt. 302 at 10–15.

### B. Amazon Voluntarily and in Good Faith Conducted a Re-Review of All Documents on Its Privilege Log.

To ensure conformance with these new rulings, Amazon voluntarily and expeditiously re-reviewed all documents on its privilege log. In February 2025, the FTC asked Amazon to re-review all documents on its privilege log from this litigation and the preceding investigation. *See* Dkt. 288-2 at 2–3. Amazon agreed to the FTC's requests in full—even on the FTC's requested timeframe. *See* Declaration of Laura Flahive Wu ("Wu Decl."), Ex. 1 (2025/02/28 Amazon letter) at 2; *id.*, Ex. 2 (2025/03/05 Amazon letter) at 1. Amazon made rolling productions of these downgraded documents through May 22, 2025, and it served amended privilege log on May 8 and 22, 2025.

With the benefit of this Court's privilege rulings, Amazon recalibrated and retained a team of experienced attorneys that independently re-evaluated the substance of each document based on the Court's guidance. Rippey Decl. ¶ 10. That approach resulted in Amazon downgrading 69,909 documents from Privileged to either Partially Privileged or Not Privileged. *Id.*, ¶ 11. In total, these downgraded documents represent approximately 14 percent of the total number of documents produced over the course of this litigation and investigation. *Id.*, ¶ 11.

Amazon did all of this willingly and in good faith. Indeed, the FTC picks out just *four* (out of nearly 70,000 downgraded documents) that purportedly contain "highly probative and inculpatory information." But even those documents do not really say what the FTC claims. Each

AMAZON'S RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

had grounds to support a reasonable determination that legal advice was "one of the significant" purposes of the document, even if it was intertwined with business discussion as well, and each was duplicative of other produced documents. Nothing about these four documents, or Amazon's voluntary re-review process, demonstrates bad faith. *See De Coster*, 2025 WL 371823, at *1; Dkt. 248 at 4 (declining to find bad faith based on allegations similar to those raised by the FTC here).

### C. The FTC Continuously Refuses to Negotiate with Amazon in Good Faith.

Throughout this process, Amazon has actively tried to work with the FTC to bring an efficient close to discovery, but the FTC refuses to take "yes" for an answer. When the FTC indicated it would seek additional discovery, Amazon agreed to the FTC's requests. Wu Decl., Ex. 3 (2025/04/29 Amazon email). But the FTC responded that "[its] position ha[d] … changed" because Amazon had since produced additional downgraded documents (as part of the agreed re-review process). *Id.*, Ex. 3 (2025/04/29 FTC email). After the Court granted the FTC leave to file a motion, Amazon again asked the FTC what remedy it intended to seek. *See id.*, Ex. 3 (2025/05/02 Amazon email). The FTC responded with the requests it made in its motion here: (1) a 90-day discovery extension for discovery related to the newly produced documents, (2) with Amazon bearing the burden of moving for a protective order to challenge any discovery request; (3) Amazon's reimbursement of the FTC's reasonable costs; and (4) Amazon's agreement not to affirmatively use any newly produced document. *Id.*, Ex. 4 (2025/05/06 Amazon email).

The next day, Amazon reiterated its agreement to the first two requests; agreed to reimburse up to $20,000 in costs and to meet and confer about additional costs; and requested that the fourth issue be deferred until completion of discovery, with the FTC reserving all rights. *Id.* The FTC rejected Amazon's near total agreement with its proposal and proceeded to file this motion. *Id.*, Ex. 4 (2025/05/07 FTC email).

Then, after the FTC filed its motion, Amazon continued to try to find common ground. On Monday, May 19, Amazon's counsel met with the FTC once again. But the FTC had no

AMAZON'S RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

interest in reaching an agreement. When Amazon materially agreed with everything in the FTC's Proposed Order, with minor clarifications, the FTC refused to accept what it asked for and instead said it would demand more. Minutes before Amazon was set to file this response, the FTC sent its updated proposal. *See id.*, Exs. 5–6 (2025/05/22 FTC email and proposal). Although agreeing that any costs must be reasonable and that Amazon could seek leave of court to use documents in the future, the FTC attempted to extract an admission that "Amazon agrees that all [Wrongfully Withheld Materials] were, in fact, wrongfully withheld," including by signing a stipulation conceding that Amazon "falsely claim[ed] these documents or portions of them were privileged." *Id.*, Ex. 6. As described above, Amazon vigorously refutes those allegations, and, indeed, they are irrelevant given the parties' complete agreement on the substance of the order the Court should enter.

### III.   ARGUMENT

Given that Amazon has accepted the relief the FTC requested, the Court need not spend its time and resources on the FTC's motion. There is currently no live dispute requiring this Court's attention. The parties are in full alignment on the requested relief the FTC sought in its opening motion. Amazon wants to bring discovery to an orderly close and to move to the next stage of the litigation, but the FTC seems to want to drag out the fight. The Court should put an end to that tactic. It would be unnecessary and unjustified for the Court to make findings about whether any materials were "wrongfully withheld" when Amazon has agreed to all the relief the FTC sought in its motion.

With no dispute before the Court, it should enter Amazon's Proposed Order, which only substantively differs from the FTC's in that it clarifies—as the FTC now agrees—that the FTC's costs must be "reasonable" and that Amazon may seek relief from the Court to introduce an otherwise off-limits document.

### IV.   CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court enter Amazon's proposed order granting the FTC 90 days to take additional discovery, ordering Amazon to bear

AMAZON'S RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  the FTC's attendant reasonable costs, and precluding Amazon from affirmatively using recently
2  produced documents absent leave of court.
3      DATED this 22nd day of May, 2025.
4      I certify that this memorandum contains 1,975 words, in compliance with the Local Civil
5  Rules.

                      DAVIS WRIGHT TREMAINE LLP

                      By s/ *Kenneth E. Payson*
                          Kenneth E. Payson, WSBA #26369
                          James Howard, WSBA #37259
                          920 Fifth Avenue, Suite 3300
                          Seattle, WA  98104-1610
                          Telephone: (206) 622-3150
                          Fax: (206) 757-7700
                          E-mail: kenpayson@dwt.com
                                      jimhoward@dwt.com

                      COVINGTON & BURLING LLP

                          Stephen P. Anthony*
                          Laura Flahive Wu*
                          Laura M. Kim*
                          John D. Graubert*
                          850 Tenth Street, NW
                          Washington, DC  20001
                          Telephone: (206) 662-5105
                          E-mail: santhony@cov.com
                                    lflahivewu@cov.com
                                    lkim@cov.com
                                    jgraubert@cov.com

                          John E. Hall*
                          415 Mission Street, Suite 5400
                          San Francisco, CA  94105
                          Telephone: (415) 591-6855
                          E-mail: jhall@cov.com

                          Megan L. Rodgers*
                          3000 El Camino Real
                          Palo Alto, CA  94306
                          Telephone: (650) 632-4734
                          E-mail: mrodgers@cov.com

AMAZON'S RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3

        Anders Linderot*
        620 Eighth Avenue
        New York, NY 10018
        Telephone: (212) 841-1000
        Email: alinderot@cov.com

4

HUESTON HENNIGAN LLP

5
6
7
8
9

        John C. Hueston*
        Moez M. Kaba*
        Joseph A. Reiter*
        523 West 6th Street, Suite 400
        Los Angeles, CA 90014
        Telephone: (213) 788-4340
        E-mail: jhueston@hueston.com
                mkaba@hueston.com
                jreiter@hueston.com

10
11

*admitted pro hac vice

12

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

AMAZON'S RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax