The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al*.<br><br>    Defendants. | Case No. 2:23-cv-0932-JHC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE STANDALONE MOTION IN LIMINE**<br><br>NOTED ON MOTION CALENDAR: MAY 30, 2025<br><br>ORAL ARGUMENT REQUESTED |

**I.    Introduction**

Defendants have not shown good cause to permit them to file an extra, pre-summary judgment "Motion *in Limine*" regarding the admissibility of the FTC's Negative Option Rulemaking public statements. Their Motion for Leave, Dkt. #291, should be denied for two reasons. First, the proposed "Motion *in Limine*" is nothing but an improper and untimely motion for reconsideration of this Court's **three** previous rulings that the FTC's Negative Option Rulemaking statements are irrelevant to Defendants' due process and knowledge arguments. *See* Dkt. #165; Dkt. #180; Dkt. #241. Furthermore, even if such a motion were timely, which it

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE STANDALONE MOTION IN LIMINE
Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1  unequivocally is not, Defendants do not meet the requirements of LCR 7(h); thus, the motion for

2  reconsideration, disguised as a motion *in limine*, must fail.

3  Second, even assuming reconsidering the Court's three prior rulings were appropriate –

4  which it is not – a motion *in limine* is not the proper vehicle to address admissibility questions at

5  the summary judgment stage. Rather, the Court can and must consider any admissibility

6  arguments when considering the summary judgment motions, *see* FRCP 56(c)(2); there is simply

7  no need to waste resources on a motion *in limine* contemporaneous with, but separate from,

8  summary judgment.[1]

**II.   Defendants' Motion Should Be Denied as Seeking Leave for an Improper and Untimely Motion for Reconsideration**

Defendants' Motion for Leave should be denied because the proposed Motion *in Limine* is a pretense for improperly and belatedly seeking reconsideration of the Court's previous rulings. Defendants acknowledge, as they must, the Court has, on three occasions, ruled the FTC's statements relating to the Negative Option Rulemaking are irrelevant to their due process and knowledge arguments. Dkt. #291 at 2; *see also* Dkt. #165 at 43-45; Dkt. #180 at 9-12; Dkt. #241 at 5-15.

Most recently, the Court denied Defendants' Motion to Compel 30(b)(6) testimony relating to the Negative Option Rulemaking. Dkt. #241. In that decision, the Court expressly held testimony about the FTC's statements relating to the Negative Option Rulemaking – and, therefore, the statements themselves – were *not relevant* (1) to the FTC's ROSCA claims; (2) for

---

[1] Aside from these arguments, the FTC does not address the merits of Defendants' proposed Motion *in Limine*, Dkt. #291-1, herein, or the premature "conditional" motion to certify an interlocutory appeal, Dkt. #293. If the Court permits the Defendants to file the proposed extra, early Motion *in Limine*, the FTC will then oppose that within 15 days. *See* LCR 7(d)(3). The FTC has filed a request for an extension on its response to the Conditional Motion to Certify Interlocutory Appeal, which would allow the FTC to respond to that motion fifteen days after the Court denies either this Motion for Leave or the Motion *in Limine*. Dkt. #306.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR                                         Federal Trade Commission
LEAVE TO FILE STANDALONE                                       600 Pennsylvania Avenue, NW
MOTION IN LIMINE                                               Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 2                                  (202) 326-2726

1  potential impeachment purposes; (3) to the FTC's request for civil penalties; and (4) to

2  Defendants' due process defense.  *Id*. at 5-15.  As the Court explained, "the Negative Option

3  Rulemaking was 'not at issue in this case' and irrelevant to Defendants' defense that the FTC's

4  civil enforcement of the ROSCA statute violates their right to due process."  *Id.* at 7 (citing Dkt.

5  #180 at 11).  As the Court noted, the FTC's view of a congressional statute is legally irrelevant;

6  the statute is either clear or not, which is a legal question for the Court.  *See* Dkt. 180 at 5, 12.

7  The Court also repeated its finding that "there are no controlling regulations or policy

8  statements that reflect an official, prior [FTC] interpretation of ROSCA," and the Court would

9  interpret the statute using the tools of statutory construction, without deference to agency

10  interpretation.  Dkt. #241 at 9 (citing Dkt. #165 at 43; Dkt. #180 at 6); *see also id.* at 11.  Finally,

11  the Court reconfirmed its previous rejection of "Defendants' argument that the agency's later

12  rulemaking, which is not at issue in this case, is relevant to its defense that the FTC's civil

13  enforcement of ROSCA violates Defendants' right to due process."  *Id.* at 14 (citing Dkt. #180 at

14  11).  There is simply no question the Court has held the FTC's statements relating to the

15  Negative Option Rulemaking are not relevant to, and therefore are not admissible in, this matter.

16  Nonetheless, Defendants' Motion seeks reconsideration and reversal of these clear

17  previous rulings.  They admit as much in the so-called "Motion *in Limine*" itself, requesting the

18  Court "clarify" that the statements at issue are "relevant to Amazon's knowledge defense."[2]  Dkt.

---

[2] While the Motion for Leave explicitly states Defendants intend to press their due process argument – which relies equally on the FTC's Negative Option Rulemaking statements – at summary judgment, and their conditional motion to certify an interlocutory appeal seeks certification of a question relating to that defense, *see* Dkt. #293 at 1, their Motion for Leave and proposed Motion *in Limine* seek admission of the FTC's statements solely with regard to their knowledge arguments.  *See* Dkt. #291 at 2 (describing it as the "one issue [that] requires immediate attention"); Dkt. #291-1 at 10.  However, Defendants' requested relief includes "preclud[ing] the FTC from excluding its statements on relevance grounds," Dkt. #291-1 at 10, which would, on its face, extend the requested relief far beyond the asserted knowledge arguments.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR
LEAVE TO FILE STANDALONE
MOTION IN LIMINE
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

#291-1 at 8. Defendants' careful avoidance of the word "reconsider" does not change their motion's substance: granting the requested relief – declaring the evidence relevant – would necessarily result in the *de facto* reconsideration of those previous decisions where the Court found this evidence irrelevant.

That this Motion *in Limine* is actually a motion for reconsideration is bolstered by the fact Defendants have simultaneously filed a "conditional" motion to certify a petition for interlocutory appeal of those prior decisions, a motion that is triggered *only if* the Court denies their Motion for Leave or their Motion *in Limine*. In other words, if the Court reconsiders its previous rulings and declares the FTC's statements relating to the Negative Option Rulemaking relevant and admissible, then Defendants no longer want to attempt an interlocutory appeal of the previous decisions. However, if the Court declines to reconsider its three previous rulings, then Defendants ask to amend those rulings to certify a belated petition for interlocutory appeal. In other words, the conditional motion to certify an interlocutory appeal turns entirely on one particular condition: whether the Court declines to reconsider its three prior rulings.

While there is no question Defendants are aware of the Local Rules' requirements for motions for reconsideration, *see*, *e.g.*, *Melwani v. Amazon.com, Inc.*, 2024 WL 416860 (W.D. Wash. Feb. 5, 2024) (ruling on motion for reconsideration under LCR 7(h)); *Edmonds v. Amazon.com, Inc.*, 2020 WL 6392739 (W.D. Wash. Nov. 2, 2020) (same), they have blatantly disregarded each and every one of those requirements. Defendants have not "plainly labeled" their motion as a motion for reconsideration but have instead attempted to mask it as a motion *in limine*. See LCR 7(h)(2). They have not filed it within fourteen days of any of the three orders at issue, the earliest of which was issued almost a year ago and the most recent of which was issued February 24, 2025. *See id.*; Dkt. #165; Dkt. #241. They have not noted the motion for

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR
LEAVE TO FILE STANDALONE
MOTION IN LIMINE
Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

consideration for the day it was filed, nor have they "pointed out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, [or] the particular modifications being sought in the court's prior ruling." LCR 7(h)(3). Defendants have not only failed to offer any argument to show a manifest error in the prior rulings or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence, as required by LCR 7(h)(1), but they *do not even mention* the Court's previous rulings within the motion itself. Defendants even exceed the length limitations established in LCR 7(e)(1) for such motions, *see* LCR 7(d)(1), without asking for an extension.

In short, there is no good cause to allow Defendants to file a motion to reconsider (however titled) without satisfying any of the Court's requirements for such a motion. Accordingly, leave to file the misnamed "Motion *in Limine*" should be denied. *See, e.g., Benshoop v. Ferguson*, 2024 WL 516344, at *1 (W.D. Wash. Nov. 18, 2024) (denying motion for reconsideration for failure to file within fourteen days of the order at issue and showing neither manifest error nor new facts or legal authority that would result in different rulings); *Wilson v. JPMorgan Chase Bank NA*, 2024 WL 4592967 (W.D. Wash. Oct. 28, 2024).

### III. Defendants Have Not Established Good Cause for a Standalone Motion *in Limine* on Relevance Grounds at Summary Judgment

Defendants' Motion for Leave should also be denied because they wrongly argue a standalone, pre-summary judgment motion *in limine* is necessary to "help clarify relevant issues for dispositive motions practice and trial." Dkt. #291 at 1. Specifically, Defendants argue they "intend to introduce FTC public statements" to support their due process and knowledge arguments, *id*. at 2, and "it is essential that Defendants know at this stage whether the Court will

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE STANDALONE MOTION IN LIMINE
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1  exclude this evidence on relevance grounds," *id.* at 5.  However, Defendants also admit "the

2  Court has denied Defendants' motions to dismiss and motions to compel that raise these

3  arguments." *Id.* at 2.  Hence, Defendants already have the clarity they seek; as discussed, the

4  Court has – on three separate occasions – ruled that evidence relating to the FTC's public

5  statements regarding the Negative Option Rulemaking *are irrelevant* to Defendants' due process

6  and knowledge arguments.  Dkt. #165 at 43-45; Dkt. #180 at 9-12; Dkt. #241 at 5-15.  It is

7  doubtful a fourth such ruling will add any clarity to the situation.

8       Even if the conclusion were not foregone, a motion *in limine* is an improper means to

9  raise these arguments at summary judgment.  As the Fifth Circuit has noted, "[a] motion *in*

10  *limine* is addressed to the admissibility – or not – of evidence *at trial*; it has no place in a motion

11  for summary judgment."  *Scott-Benson v. KBR, Inc.*, 826 F. App'x 364, 368 (5th Cir. 2020)

12  (emphasis added); *see also Pough v. DeWine*, 2024 WL 4284649, at *8 (S.D. Ohio Sept. 25,

13  2024) (rejecting motion *in limine* seeking to admit documents into evidence at summary

14  judgment and trial, finding the court would consider admissibility when reviewing the motion for

15  summary judgment).  Moreover, because summary judgment is more akin to a bench trial than a

16  jury trial, there is no practical need for a motion *in limine* to provide "advance notice of the

17  scope of certain evidence so that admissibility is settled before attempted use of the evidence

18  before the jury."  *U.S. v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Shaw v. Citimortgage,*

19  *Inc.*, 2016 WL 1659973, at *2 (D. Nev. Apr. 26, 2016) ("The rationale underlying pre-trial

20  motions *in limine* does not apply in a bench trial, where it is presumed the judge will disregard

21  inadmissible evidence and rely only upon competent evidence.").

22       Instead, as the Ninth Circuit has recognized, the summary judgment standard itself

23  *precludes* the Court from considering or relying on irrelevant evidence; thus, the Court will

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR
LEAVE TO FILE STANDALONE
MOTION IN LIMINE
Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

necessarily make relevance determinations in the ordinary course of reviewing the parties' summary judgment evidence. *See Sandoval v. Co. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021) ("[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.'") (quoting *Burch v. Regents of Univ. of Calif.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)); *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) ("Before ordering summary judgment in a case, a district court must . . . rule on evidentiary objections that are material to its ruling.").

Indeed, courts routinely consider arguments regarding admissibility when ruling on summary judgment motions. *See, e.g., USA Equestrian Trust, Inc. v. Old Republic Ins. Co.*, 2025 WL 829969, at *5-6 (C.D. Cal. Feb. 13, 2025); *Hailey v. Legacy Health*, 2024 WL 4253238, at *3-6 (D. Ore. Sept. 20, 2024); *Dold v. Snohomish Co.*, 2023 WL 1818139, at *5-6 (W.D. Wash. Feb. 7, 2023). Amazon itself has made such arguments in other litigation. *See, e.g., Williams v. Amazon.com Services, LLC*, 2024 WL 5319128, at *1 (N.D. Tex. Dec. 13, 2024); *Bradley v. Amazon.com, Inc.*, 2023 WL 4494149, at *3 (E.D. Pa. Jul. 12, 2023); *FTC v. Amazon.com, Inc.*, 2016 WL 10654030, at *6 (W.D. Wash. Jul. 22, 2016); *Baghdasarian v. Amazon.com, Inc.*, 2006 WL 8434740, at *4 (C.D. Cal. Oct. 23, 2006). Asking the Court to rule in advance of – or separately from – the summary judgment briefings as to the relevance of specific evidence at summary judgment wastes judicial resources.

Finally, Defendants' suggestion that their approach – filing a Motion for Leave to file a Motion *in Limine* – would result in a ruling sufficiently timely to enable the parties to "tailor their summary judgment and trial strategies to the live issues in the case," Dkt. #291 at 2, utterly disregards the Court's schedule. Even if the Court had ruled on (and granted) their Motion for Leave on the day it was filed – which it did not – the FTC's opposition to the Motion in Limine

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR
LEAVE TO FILE STANDALONE
MOTION IN LIMINE
Case No. 2:23-cv-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1  would have been due on May 27, 2025, which is also the deadline for the parties to file summary

2  judgment motions.  *See id.* at 5.  Thus, it would be impossible for the parties to "tailor" their

3  summary judgment motions to a subsequent ruling on the Motion *in Limine*.  As a result, if this is

4  an issue Defendants contend the Court must resolve to consider their summary judgment motion,

5  then the best and only permissible course is for Defendants to argue the admissibility of the

6  evidence within their summary judgment briefing.

7        Accordingly, Defendants have not shown good cause to exceed the Court's limits on the

8  number of motions *in limine* in order to file a motion *in limine* contemporaneously with

9  summary judgment motions regarding the relevance of evidence at summary judgment, and their

10 Motion for Leave to file the instant Motion *in Limine* should be denied.

11 **IV.    Conclusion**

12       Defendants should not be granted leave to file the proposed Motion *in Limine*, which is

13 an improper and untimely request for reconsideration of the Court's prior rulings.  Moreover,

14 Defendants have not shown good cause to file a pre-summary judgment motion *in limine* relating

15 to the relevance of the FTC's Negative Option Rulemaking statements, as any such arguments

16 are more properly and efficiently raised within the summary judgment briefing.

17       \* \* \*

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR
LEAVE TO FILE STANDALONE
MOTION IN LIMINE
Case No. 2:23-cv-0932-JHC - 8

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

## LOCAL RULE 7(e) CERTIFICATION

I certify that this memorandum contains 2,396 words, in compliance with the Local Civil Rules.

Dated:  May 27, 2025

/s/ Jonathan W. Ware
JONATHAN COHEN (DC Bar #483454)
EVAN MENDELSON (DC Bar #996765)
JONATHAN WARE (DC Bar #989414)
SANA CHAUDHRY (NY Bar #5284807)
ANTHONY SAUNDERS (NJ Bar #008032001)
OLIVIA JERJIAN (DC Bar #1034299)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551; jcohen2@ftc.gov (Cohen)
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2726; jware1@ftc.gov (Ware)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

RACHEL F. SIFUENTES
(IL Bar #6304016; CA Bar #324403)
Federal Trade Commission
230 S. Dearborn St., Room 3030
Chicago, IL 60604
(312) 960-5617; RSifuentes@ftc.gov

JEFFREY TANG (CA Bar #308007)
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
(310) 824-4303; JTang@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE STANDALONE MOTION IN LIMINE
Case No. 2:23-cv-0932-JHC - 9

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726