1

The Honorable John H. Chun

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

7

**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9

FEDERAL TRADE COMMISSION,

Case No. 2:23-cv-0932-JHC

10

Plaintiff,

**PLAINTIFF'S MOTION TO**
**EXCLUDE DEFENDANTS' EXPERT**
**CRAIG ROSENBERG, PH.D.**

11

v.

12

AMAZON.COM, INC., *et al*.

NOTE ON MOTION CALENDAR:
June 24, 2025

13

Defendants.

**Oral Argument Requested**

14

15

    Defendants' Proposed Expert, Dr. Craig Rosenberg, Ph.D., employs no reliable

16

methodology, is unqualified, and offers irrelevant opinions. His reports should be excluded. His

17

reports state conclusions without citing anything or explaining ***what*** from Rosenberg's

18

experience, education, and skills he applied or ***how*** he used it. Even if he properly cited and

19

explained his conclusions—which he did not—he is unqualified to testify about human factors in

20

e-commerce, let alone to offer numerous opinions beyond the scope of his purported area of

21

expertise. Rosenberg's opinions will aid neither the jury nor this Court in resolving any factual

22

question, and his irrelevant ones are distractions at best. Accordingly, the FTC respectfully

23

moves the Court to exclude Rosenberg's testimony entirely. If the Court is inclined to allow

PLAINTIFF'S MOTION TO EXCLUDE EXPERT
DR. CRAIG ROSENBERG, PH.D.
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

1     Rosenberg's testimony for any reason, then its scope and use should be constrained to prevent

2     improper advantage to Amazon.[1]

3                            **BACKGROUND**

4          The FTC's First Amended Complaint (Dkt. #69, the "FAC"), alleges one count of unfair

5     practices in violation of the FTC Act and three counts of violating ROSCA against each of the

6     Defendants. *Id.* at 87-90. Defendants moved to dismiss on October 18, 2023, Dkts. 83; 84, and

7     the Court denied those motions on May 28, 2024, Dkt. 165 ("MTD Order"). Expert discovery

8     has largely concluded.

9          Defendants offer Rosenberg as an expert in human factors, which concerns how humans

10     interact with physical objects like machines and computers. His Opening Report, (Att. 110,

11     "Report"),[2] primarily argues that "dark patterns" is an imprecise term and that "clarity" is

12     difficult to measure. Report at 2-3. He then posits, but never attempts to proves the likelihood of,

13     several alternative explanations. *Id*. His rebuttal also quibbles with the FTC's expert's

14     nomenclature and attempts to rebut her cognitive walkthrough and think-aloud studies, (Att. 133,

15     "Rebuttal") at 2-3, using a heuristic evaluation Rosenberg himself called "lightweight,"

16     Rosenberg Deposition (Att. 139, "Tr.") at 147:25-148:3.[3] Rosenberg did not perform his own

17     think-aloud study or other study involving users, *id.* at 83:13-87:15, but criticizes the FTC's

18     expert for relying on her own analysis, Rebuttal at 12. He also offers a variety of opinions

19     regarding the FTC's and Amazon's intentions and operations, but does not explain how those

20     relate to—let alone stem from—his purported expertise in human factors.

21

22     [1] Under LCR 43(j), a party may not introduce multiple experts on one subject. At least one of Defendants' other experts, Donna Hoffman, has opined on overlapping subjects, but this issue will not ripen until it is clear who is "first" to testify on a subject.

23     [2] All "Attachment" cites reference attachments to the Declaration of Evan Mendelson, filed concurrently herewith.
[3] Upon invitation by Defendants' counsel, Rosenberg walked back this characterization.

FTC'S MOTION TO EXCLUDE DEFS' EXPERT                        Federal Trade Commission
CRAIG ROSENBERG                                    600 Pennsylvania Avenue NW
Case No. 2:23-cv-0932-JHC               2                          Washington, DC 20580
(202) 326-2551

1

## STANDARD

2      "[U]nder the [Federal] Rules the trial judge must ensure that any and all scientific

3  testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow*

4  *Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993) (*citing* Fed. R. Evid. 702) ("*Daubert I*"); *U.S. v.*

5  *Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019). In discharging this "gatekeeping" role,

6  it has "considerable leeway in deciding in a particular case how to go about determining whether

7  particular expert testimony is reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152

8  (1999); *U.S. v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). "The proponent of the expert

9  testimony bears the burden of establishing admissibility by a preponderance of the evidence."

10  *Erwin v. OBI Seafoods, LLC*, No. 2:22-cv-00893-JHC, 2024 WL 553697, at *1 (W.D. Wash.

11  Feb. 12, 2024) (Chun, J.) (*citing Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir.

12  1996)).

13          A witness who is who is qualified as an expert by knowledge, skill, experience, training,
14     or education may testify in the form of an opinion or otherwise, provided:

15          (a)  the expert's scientific, technical, or other specialized knowledge will
                 help the trier of fact to understand the evidence or to determine a fact
16               in issue;

17          (b)  the testimony is based on sufficient facts or data;

18          (c)  the testimony is the product of reliable principles and methods; and

19          (d)  the expert has reliably applied the principles and methods to the facts
                 of the case.

20  Fed. R. Evid. 702. Importantly here, "[w]hen the expert witness relies 'solely or primarily on

21  experience, then the witness must explain how that experience leads to the conclusion reached,

22  why that experience is a sufficient basis for the opinion, and how that experience is reliably

23

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC                                3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

1    applied to the facts.'" *Erwin*, 2024 WL 553697 at *2 (quoting Fed. R. [Evid.] 702 Committee

2    Notes on Rules—2000 Amendments).

3          Reliability depends not on "the correctness of the expert's conclusions but the soundness

4    of his methodology." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995)

5    ("*Daubert II*"). To be reliable, Defendants must show that their expert is not only qualified in a

6    relevant field, but that he "employs in the courtroom the same level of intellectual rigor that

7    characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

8          To be relevant, "the expert opinion must assist the trier of fact in understanding or

9    determining a fact in issue." *Plunkett v. Best Buy Co., Inc.*, No. 3:16-CV-05832-DWC, 2017 WL

10   4958579 at *2 (W.D. Wash. Oct. 31, 2017) (citing *Daubert I*, 509 U.S. 591-92). "Furthermore,

11   because '[e]xpert opinion testimony is relevant if the knowledge underlying it has a valid

12   connection to the pertinent inquiry,' relevancy depends on the particular law at issue." *Id.*

13   (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010)). The relevant laws here are

14   ROSCA and the FTC Act. MTD Order at 44; FAC at 87-90. Under ROSCA, a seller offering a

15   product or service with a negative option must: (1) clearly and conspicuously disclose all

16   material terms before obtaining billing information, (2) obtain express informed consent before

17   collecting billing information, and (3) provide a simple mechanism to cancel. MTD Order at 13-

18   14 (citing 15 U.S.C. § 8104). To prove a company engaged in unfair acts and practices in

19   violation of the FTC Act, the Commission must show the company (1) causes or is likely to

20   cause substantial injury; (2) that users could not reasonably avoid; and (3) the injury is not

21   outweighed by countervailing benefits to consumers or competition. 15 U.S.C. § 45 (n).

22

23

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC                4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

1

**ARGUMENT**

2        Defendants cannot show Rosenberg's testimony is reliable or relevant to any question

3   before the jury or the Court. Rosenberg's methodology remains a mystery, and neither his reports

4   nor his deposition testimony explain ***how*** his expertise supports his conclusions. Further, most of

5   his testimony is about topics beyond the scope of his own purported expertise. Rosenberg's

6   testimony is not only unhelpful to the jury – it threatens to distract and undermine them. Under

7   *Daubert*, it should be excluded.

8     **A. Rosenberg's Methods are Unexplained and His Testimony is Unreliable.**

9        Rosenberg's testimony is chock full of opinions for which he offers no citation or

10  explanation. His own analysis is often circular or conclusory. He also accepts Amazon's own

11  self-serving analysis at face value, while rejecting out of hand any internal documents that would

12  undercut his view. He has no methodology at all; in short, there's no method to his madness.

13        **1.   Rosenberg Cannot Explain His Own Analysis.**

14        At several points, Rosenberg claims to make findings based upon his experience,

15  education, and skills; but he could not or would not explain how he did so. When asked ***what*** he

16  applied, Rosenberg refused to give details and instead insisted he brought "the totality of all of

17  [his] experience to the evaluation." Tr. 109:17-18.[4] But citing to an impenetrable "everything" is

18  no more instructive than citing to "nothing," and "nothing in either *Daubert* or the Federal Rules

19  of Evidence requires a district court to admit opinion evidence that is connected to existing data

20  only by the *ipse dixit* of the expert." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997);

21  *United States v. Valencia-Lopez*, 971 F.3d 891, 900-01 (9th Cir. 2020) (expert testimony

22

23  ---
[4] *See generally* Tr. 100:13-110:10; *see also generally* 162:16-164:4 (citing totality of experience regarding experimental design); 186:21-188:21 (same regarding design of calls to action); 262:20-266:14 (same regarding options shaming consumers); 276:22-284:23 (same regarding acceptance of Amazon's data and analysis).

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC                5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

1   inadmissible where expert "failed to link his general expertise" with his conclusion and failed to

2   explain "*how* his expertise lent itself to that conclusion") (emphasis original); *accord Erwin*,

3   2024 WL 553697, at *2-3.

4       The few instances where Rosenberg attempted to explain his methodology lack the rigor

5   required of expert witnesses. Throughout both reports, Rosenberg makes findings based on what

6   he calls "industry norms" and "best practices." *See, e.g.*, Report at 5; Rebuttal at 48. Asked to

7   explain his method, Rosenberg testified that he compared Amazon's interface to that of

8   approximately a dozen other websites but he neither documented that list nor could he explain it

9   in a way that could be replicated:

10      Q:      Did you do it in a systematic way?
        A:      Yes, I did.
11      Q:      What was the systematic way in which you did it?
        A:      I Googled e-commerce websites. I created a list just from a Google list. And then
12              I went through each one of them.
        Q:      What did you enter into Google to create this list?
13      A:      I forget the exact search term, but it was just, Give me a list of popular e-
                commerce websites.
14

15  Tr. 178:19-179:2; *generally* 171:21-180:2. Thus, Rosenberg's method for determining the

16  "industry standard" was to rely on what he called "whatever algorithm Google is running." *Id.* at

17  180:1-2. The FTC should not need to ask *Google* for its algorithm to test *Amazon's* expert.

18  Despite this flimsy foundation, Rosenberg declares that Amazon's practices are "not considered

19  deceptive in the industry." Rebuttal at 14. His other source for his claim that the "so-called dark

20  patterns are industry norms for marketing and subscription models[?]" *Amazon, of course! Id.* at

21  13 ("Even Amazon UX researchers agree that many of the 'dark patterns' Dr. Chetty identifies

22  are common marketing practices.").

23

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC                    6                    Federal Trade Commission
                                                                  600 Pennsylvania Avenue NW
                                                                  Washington, DC 20580
                                                                  (202) 326-2551

1      Moreover, Rosenberg's logic is often circular. He opined that Amazon's cancellation

2   process for Prime is simple—a key question for the ROSCA cancellation counts—because it

3   uses features that are widely accepted. Tr. 115:23-119:1. According to Rosenberg, "the reason

4   that it's widely accepted and – is because the interfaces are simple." Tr. 117:2-3. How does

5   Rosenberg explain the logic of that that? "That's just part of human factors. […] That's just a

6   given." *Id*. at 117:5-9. He confirmed that this opinion based on his "general knowledge of

7   [human computer interaction], not from something specific that was addressed in his rebuttal

8   report[.]" *Id*. at 118:11-119:1.

9      Indeed, Rosenberg repeatedly cites the possibility that something is true, then concludes

10   it was not just possible but ***likely*** true without citing anything. In his Report, he cites an outside

11   source for the proposition that expectation bias exists, then simply declares that its occurrence

12   here is likely. In his Rebuttal, Rosenberg accuses the FTC's expert of "subjectivity and of a bias

13   that dark patterns are prevalent in the Amazon enrollment and cancellation process." Rebuttal at

14   16-17. Rosenberg concludes that the practices at issue "are not dark patterns" because he is able

15   to posit an "Alternative and Plausible Explanation." *Id*. Even assuming those explanations are

16   ***plausible***, Rosenberg never explains why he can confidently declare they are more likely.

17      How can Rosenberg's methods be reliable when they are a black box? Rosenberg is a

18   professional expert witness and derives most of his income from expert work. Tr. 26:10-27:5.

19   Yet he objected strenuously when asked which sources supported which claims. *Id*. at 151:11-

20   158:12.[5] While Rosenberg need not recall on command every book he has read, it is not too

21   much to ask whether he was relying on a specific source (which the FTC can view) or

22

23

---

[5] "It's my position that a experienced, qualified user interface engineer doesn't need a footnote on every sentence. You're asking for the basis of each and every sentence." *Id*. at 158:8-11.

professional experience (about which the similarities and differences of which to the instant case would be subject to examination) to make a given claim. Rosenberg's unsupported, conclusory, and opaque logic denies the factfinder and the FTC the opportunity to examine it. His "*ipse dixit*" is not enough. *General Elec.*, 522 U.S. at 146. His testimony should be excluded.

### 2. Rosenberg Cannot Rely on Amazon's Analysis and Opinions.

Rosenberg cites to not only data, but analysis and opinions Amazon itself provides. For Rosenberg's opinions to be reliable, he must explain why their bases are reliable. Instead, he accepts Amazon's employees' positions uncritically when they favor Defendants and dismisses them capriciously when they cut toward the FTC. For example, to buttress his (irrelevant) argument that the definition of dark patterns is vague, Rosenberg favorably references former Amazon employee Jenny Blackburn, citing her testimony and nothing more for the proposition that "her team at Amazon did not engage in [dark patterns]." Report at 16-17. He then raises former employee Reid Nelson's view on how to improve the clarity of Amazon's enrollment process—one that could undermine Defendants' litigation positions—only to dismiss it because it contradicts an Amazon internal study. *Id.* at 17-18. But Rosenberg did not participate in that study's design, speak to anyone who did, or request any additional documents related to it. Tr. 192:17-193:11. Indeed, in an entire section labeled "Diverging Expert Opinions," the only people Rosenberg refers to by name are Blackburn and Nelson.. Report at 16-18.[6]

An expert may not offer opinions based on the testimony of another witness "without a full understanding or knowledge of the facts of this case." *Powell v. Anheuser-Busch Inc.*, No. CV 09-729-JFW(VBKx), 2012 WL 12953439, at *6 (C.D. Cal. Sept. 24, 2012). Rosenberg is not

---

[6] *See also* Tr. 276:22-284:23 (explaining he accepted Amazon's documents based on "All of the work I've done in experimental design and designing user interface studies, collecting data, analyzing the data, and writing up the results.")

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC                    8                    Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

1  expected to be neutral, but his uncritical acceptance of Amazon's positions as part of *how* he

2  applied his expertise undermines the purpose of expert testimony. To the extent Rosenberg's

3  testimony turns on analysis or opinion by Amazon or its employees, it should be excluded.

**B. Rosenberg Is Not Qualified to Testify about the Subjects of His Opinions.**

**1. Rosenberg's Expertise Is Inapplicable to E-Commerce.**

6  Defendants offer Rosenberg to analyze how consumers interact with Amazon's Prime e-

7  commerce subscription service, but do not explain how his experience is applicable to this

8  market. Where an expert bases his analysis on professional experience (instead of "scientific"

9  indicia of reliability like peer review), he must establish "why that experience is a sufficient basis

10  for the opinion." Fed. R. Evid. 702 Committee Notes on Rules-2000 Amendment. Neither

11  Rosenberg's industry, academic, nor testimonial experiences provide a foundation for him to

12  opine on a mass-market e-commerce subscription service like Prime. Rosenberg may well be an

13  expert in something, but his expertise is not automatically appropriate in this case. *See Wilson v.*

14  *Woods*, 163 F.3d 935, 938 (5th Cir. 1999) (fire reconstruction expert was not qualified as auto

15  accident reconstruction expert) (cited approvingly in *Hankey*, 203 F.3d at 1168).

16  Rosenberg's CV details extensive technical work on projects for "a wide range of

17  advanced commercial and military systems," such as air traffic controllers and military drone

18  operators, Report at 6-7, 47, but the last mass-market consumer product he worked on was a

19  1990s pager. *Id.* at 7. Rosenberg himself acknowledges that context is key in understanding how

20  users engage with computers. Tr. 57:2-60:8. While a user might use a similar keyboard, mouse,

21  and monitor to interact with Amazon's website as they might for use one of Rosenberg's

22  "missile defense, homeland security, [or] battle command management" projects, Report at 7, the

23  similarities end there.

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC          9

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

1    What little applicable experience Rosenberg has is extremely remote: twenty or thirty

2  years have seen massive shifts in how humans engage with devices. The last time Rosenberg

3  worked on a mass-market consumer product, the concept of e-commerce was in its infancy.

4  Report at 7. Rosenberg has not stayed involved in scholarship since: Rosenberg has not taught,

5  attended a course on, or put out a peer-reviewed publication in human factors in over 25 years.

6  Report at 47-49; Tr. 44:25-45:23 (last course taught was when "the Web was very young"),

7  94:19-95:11 (last publication).

8    Nor does Rosenberg's prior expert experience give comfort. In previous litigation

9  between the FTC and Amazon, Judge Coughenour expressed "serious misgivings about the

10  soundness" of Rosenberg's methodology at the *Daubert* phase. *FTC v. Amazon.com, Inc.*, No.

11  C14-1038-JCC, 2016 WL 1221654, at *4 (W.D. Wash. Mar. 29, 2016) (court "anticipates

12  rigorous cross-examination on the applicability of the 'usability test' to the facts of this case" at

13  upcoming bench trial).[7] Rosenberg does not remember this [highly pertinent] detail of his

14  experience, Tr. 123:1-16. He did recall *Aatrix Software, Inc. v. Green Shades Software, Inc.*, No.

15  15-cv-164 (M.D. Fla. filed Sept. 28, 2021), but blamed his client's attorneys for his report's

16  exclusion, Tr. 167:14-170:1 ("A: The judge did exclude my expert opinion through zero fault of

17  my own. I was – Q: Whose fault was it? A: It was the attorney's fault."). *Aatrix* appears under

18  testifying experience on Rosenberg's CV with no reference to its exclusion. Report at 50-51. So

19  does his testimony in *Courthouse News Service v. Yamasaki*, despite its near total exclusion, 312

20  F. Supp. 3d 844, 874-75 (C.D. Cal. 2018), *vacated on other grounds*, 950 F.3d 640 ("the Court

21  sustained all of those objections except one, either because Rosenberg failed to establish a

22

23

---

[7] The case resolved on summary judgment, and Judge Coughenour did not cite Rosenberg. *Id.* at 253-1 (public version) (Att. 140). Notably, the bar for expert exclusion is higher in bench trials. *FTC v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014).

1  sufficient foundation for his opinion, or because Rosenberg didn't sufficiently establish his

2  expertise in the relevant area of programming") (internal citations omitted). *See* Report at 50-51.

3  His prior litigation experience alone, much of it in administrative fora or state courts not subject

4  to Fed. R. Evid. 702 and *Daubert*, cannot support his qualification in this matter.

5          **2.  Rosenberg's Opinions Exceed His Purported Expertise.**

6          Expert testimony about issues relevant to the case, but beyond the expert's qualifications,

7  is not admissible. *See Daubert I*, 509 U.S. at 588 (quoting pre-2000 Fed. R. Evid. 702).

8  Rosenberg only holds himself out as an expert in human factors and subfields thereof, Tr. 52:13-

9  53:12, so any opinions unrelated to the field of human factors are irrelevant "because Rosenberg

10  didn't sufficiently establish his expertise in the relevant area." *Courthouse News*, 312 F. Supp. 3d

11  at 874.

12          In several places, Rosenberg opines on why Amazon did something or how Amazon

13  would view an issue. For example, he testifies that "from Amazon's perspective, based on

14  objective measures of clarity, there was no evidence that clarity has been enhanced and the

15  changes they made had negatively affected their business," Report at 35, based solely on

16  Amazon's own documents, Tr. 276:22-277:20. But Rosenberg is not an expert in business, Tr.

17  41:1-25, corporate compliance, Tr. 38:13-39:8; law, Tr. 8:15-9:11; psychology, Tr. 30:21-32:15;

18  or any other relevant field.

19          Elsewhere, Rosenberg opines "[i]t is likely that expectation bias is somewhat driving the

20  FTC's perception of Amazon's business practices." Report at 41.[8] According to his CV and

21  testimony, Rosenberg has never been a government employee and has never been an expert

22

23

---

[8] Rosenberg posits that the FTC experienced expectation bias, but never suggests where the FTC got those expectations in the first place. Nor do he or Amazon explain why the FTC's perception is relevant.

1  consultant for the government. *Id.* at 47-49. Moreover, Rosenberg does not hold himself out as

2  an expert in law enforcement, government, psychology, behavioral economics, or any other field

3  relevant to how **the FTC** perceives Amazon's claim.

4  **C. Rosenberg's Testimony Is Irrelevant and Confusing.**

5  Even where an expert is reliable and their testimony is otherwise admissible, the Court

6  should nonetheless exclude it "if its probative value is substantially outweighed by the danger of

7  unfair prejudice, confusion of the issues, or undue delay." *U.S. v. Hoac*, 990 F.2d 1099, 1103

8  (9th Cir. 1993) (*citing* Fed. R. Evid. 403). Rosenberg focuses on whether Amazon's conduct

9  meets inapplicable or incorrectly defined standards, just as Defendants have done throughout this

10  litigation, *see, e.g.,* MTD Order at 40-45; *see also generally* Dkt.180 (denying Defendants'

11  motion to compel documents regarding "dark patterns").

12  Rosenberg's opinions are irrelevant and confusing because he fixates on the wrong

13  questions. Rosenberg derisively refers to "the Concept of a 'Dark Pattern,'" Report at 11, *see*

14  *also* Rebuttal at 13 ("Dr. Chetty's So-Called Dark Patterns"), whether practices were

15  "deceptive," Report at 18, or in line with industry norms or best practices, *id.* at 4. None of these

16  standards are dispositive of whether Defendants violated ROSCA or engaged in unfair practices

17  under the FTC Act—the only counts in this case. FAC at 87-90. Rosenberg's testimony's

18  "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

19  issues, or undue delay," *U.S. v. Hoac*, 990 F.2d 1099, 1103 (9th Cir. 1993) (*citing* Fed. R. Evid.

20  403), and its admission will not help resolve this case on the merits.

21  First, Defendants seek to resurrect their losing argument about the legal importance of

22  precisely defining "dark patterns." Rosenberg spends much of the body of his reports critiquing

23  the FTC's and its expert's categorization of practices as dark patterns, Report at 11-21 (a quarter

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC                              12

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

of the report); Rebuttal at 13-18; 48-55. However, the FTC does not allege that the practices at issue were unlawful ***because*** they were dark patterns, and this case turns on whether the specific practices alleged meet the elements of ROSCA and the FTC Act, not how the label "dark patterns" is specifically defined, MTD Order at 44 ("Despite how the FTC chooses to label its theory of the case, the Court merely evaluates whether the allegations state a claim under the language of ROSCA and the FTC Act."). Despite the Court's clear direction, Rosenberg remains stuck on nomenclature.

Rosenberg opines that consumers likely were not deceived because Defendants might not have intended to mislead them. Report at 13-14 ("Regulatory and academic discussions often conflate user outcomes with designer intent, assuming that any behavior deviating from a user's actions is the result of manipulation."). This is facially irrelevant as the FTC does not allege deception, FAC at 87-90; but even if it did, his quibble is not with amorphous "discussions" but with the law. *See FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 635 (7th Cir. 2005) (citing *FTC v. Freecom Comm'ns, Inc.*, 401 F.3d 1192, 1202 (10th Cir. 2005)) (intent irrelevant to deception under Section 5). Rosenberg's opinions regarding intent to deceive assert a standard that is contrary to law, unhelpful, and irrelevant. Even his interpretation were correct, "instructing the jury as to the applicable law" is for the Court, not an expert. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). He also risks confusing jurors with the issue of Defendants' intent as it relates to Defendants' "actual knowledge or knowledge fairly implied" of acts that violate ROSCA, *see* 15 U.S.C. § 45(m)(1)(A), a different standard from "intentional." *See M.H. v. Cnty. of Alameda*, No. 11-cv-02868-JST, 2015 WL 54400, at *2 (N.D. Cal. Jan. 2, 2015) ("experts cannot testify as to Defendants' actual, subjective states of mind.").

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC          13          Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

Similarly, even if Rosenberg's repeated references to norms and best practices within the industry hold some limited probative value despite their reliability issues, that value is substantially outweighed by the risk of confusing the jury about Defendants' obligations. Defendants' complaint that everybody is doing it is not a cognizable defense. "An agency does not waive its right to enforce a statute when it has declined to do so in the past." MTD Order at 44. Rosenberg cites so-called "norms" to defend practices that defy Congress' stated purposes for ROSCA. *Compare* Rebuttal at 26 ("the Prime subscription does not 'interrupt' the checkout flow" and "is a common practice") *and* at 32 (describing "very common industry practice" of free trials "users must cancel to avoid charges" that is "not considered deceptive in the industry") *with* 18 U.S.C. § 8401(5) ("membership clubs" were sold to consumers using offers "designed to make consumers think the offers were part of the initial purchase") *and* (8) ("This use of 'free-to-pay conversion' and 'negative option' sales took advantage of consumers' expectations that they would have an opportunity to accept or reject the membership club offer at the end of the trial period.").

Finally, no matter his expertise, Rosenberg cannot testify on ultimate questions of law, like whether something is "simple" or whether Defendants "intended" to do something. *Cf. Nationwide Transport Finance v. Cass. Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (whether defendant's actions were "knowing" or "intentional" were not proper expert testimony); *accord Morrison v. Washington*, No. 3:20-CV-06015-JHC, 2023 WL 5287647, at *6-7 (W.D. Wash. Aug. 17, 2023) (Chun, J.) (same as to whether were lawful). That job is for the jury and the Court.

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC                    14

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

**CONCLUSION**

For the foregoing reasons, the FTC respectfully requests that the Court exclude the expert testimony of Defendants' expert Dr. Craig Rosenberg. Should the Court be inclined to deny any part of this motion, the FTC respectfully requests a *Daubert* hearing.

**<u>LOCAL RULE 7(e) CERTIFICATION</u>**

I certify that this memorandum contains 4,196 words, in compliance with the Local Civil Rules.

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC                    1                    Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

Dated:  May 27, 2025

/s/ *Colin D. A. MacDonald*
JONATHAN COHEN (DC Bar # 483454)
EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
JONATHAN WARE (DC Bar #989414)
ANTHONY SAUNDERS (NJ Bar #008032001)
SANA CHAUDHRY (NY Bar #5284807)

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580

(202) 326-2551 (Cohen); -3320 (Mendelson); -2726
(Ware); -2749 (Jerjian); -2917 (Saunders); -2679
(Chaudhry)

JCohen2@ftc.gov; EMendelson@ftc.gov;
JWare1@ftc.gov; OJerjian@ftc.gov;
ASaunders@ftc.gov; SChaudhry@ftc.gov

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; CMacdonald@ftc.gov

RACHEL F. SIFUENTES
(IL Bar #6304016; CA Bar #324403)
Federal Trade Commission
230 S. Dearborn St., Room 3030
Chicago, IL 60604
(312) 960-5617; RSifuentes@ftc.gov

JEFFREY TANG (CA Bar #308007)
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
(310) 824-4303; JTang@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

FTC'S MOTION TO EXCLUDE DEFS' EXPERT
CRAIG ROSENBERG
Case No. 2:23-cv-0932-JHC                    2                    Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551