1  The Honorable John H. Chun
2
3
4
5
6  **UNITED STATES DISTRICT COURT**
7  **WESTERN DISTRICT OF WASHINGTON**
   **AT SEATTLE**
8
9  FEDERAL TRADE COMMISSION,  **Case No. 2:23-cv-0932-JHC**

10     Plaintiff,  **PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JAMES C. COOPER**
11     v.
12  AMAZON.COM, INC., *et al*.  **NOTE ON MOTION CALENDAR: Tuesday, June 24, 2025**
13     Defendants.
   **ORAL ARGUMENT REQUESTED**
14
15
16
17
18
19
20
21
22
23

PLAINTIFF'S MOTION TO EXCLUDE  Federal Trade Commission
EXPERT TESTIMONY OF JAMES C. COOPER  600 Pennsylvania Avenue NW
Case No. 2:23-cv-0932-JHC  Washington, DC 20580
  (202) 326-3320

## TABLE OF CONTENTS

I. INTRODUCTION. ........................................................................................................ 1

II. BACKGROUND. ......................................................................................................... 2

III. LEGAL STANDARD................................................................................................... 4

IV. ARGUMENT. .............................................................................................................. 6

    A.    Professor Cooper's Opinions Are Irrelevant............................................................ 6

    B.    Professor Cooper's Opinons Are Unreliable. ......................................................... 9

    C.    Professor Cooper's Legal Conclusions Are Inadmissible………………………..11

V. CONCLUSION.............................................................................................................. 13

PLAINTIFF'S MOTION TO EXCLUDE  
EXPERT TESTIMONY OF JAMES C. COOPER  
Case No. 2:23-cv-0932-JHC - i

Federal Trade Commission  
600 Pennsylvania Avenue NW  
Washington, DC 20580  
(202) 326-3320

The Federal Trade Commission ("FTC") objects to the expert report and testimony of Professor James C. Cooper ("Professor Cooper") proffered by Defendants Amazon, Inc. ("Amazon"), Jamil Ghani, Neil Lindsay, and Russell Grandinetti (collectively, "Defendants") on the basis that the expert report and testimony are inadmissible under Federal Rule of Evidence 702 and under *Daubert v. Merrell Dow Pharmaceuticals*, *Inc.*, 509 U.S. 579 (1993). Professor Cooper offers opinions that are both irrelevant and unreliable, and his opinions consist of improper and inadmissible legal conclusions.

For the reasons set forth below, the Court should exclude Professor Cooper's expert report and bar Professor Cooper from testifying in this matter.

## I.   INTRODUCTION

This case centers on Amazon Prime, the world's largest subscription program, and its enrollment and cancellation process. In its complaint, the FTC alleges that Defendants violated Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 4 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403. Dkt. #67 at 1-2, ¶1. In particular, the FTC alleges that: (1) ordinary consumers did not understand they were enrolling in automatically-renewing Amazon Prime subscriptions while trying to buy other products (Counts I-III) and (2) Amazon's cancellation process was not simple (Count IV).

Defendants have proffered Professor Cooper's expert opinions. Professor Cooper is a law professor at George Mason University, Antonin Scalia School of Law with an academic focus on law and economics. Att.[1] 23 ¶¶1-4. In his expert report and deposition testimony, he opines that the allegations in the FTC's Amended Complaint set a more stringent standard than what a reasonable market participant would have understood ROSCA to require. Att. 23 ¶26. He further opines that a "reasonable market participant" would not have believed, prior to March 2021, that Prime's enrollment and cancellation flows violated ROSCA. Att. 23 ¶27.

Professor Cooper's expert report and opinions fail to meet the requirements of *Daubert*

---

[1] All "Attachment" cites reference attachments to the Declaration of Evan Mendelson, filed concurrently herewith. All page number cites for Attachments and docket entries refer to the ECF header information at the top of the page.

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

for three reasons:

*First*, Professor Cooper's opinions as to what a "reasonable market participant" would have expected or anticipated prior to March 2021, based upon his review of the FTC's past ROSCA enforcement actions are irrelevant and will not assist the trier of fact in understanding the evidence or determining a fact in issue. Additionally, to the extent that Defendants offer Professor Cooper's opinions in support of their arguments that the Amended Complaint violates their due process rights (*see* Dkt. #84 at 31) and/or that civil penalties are unavailable (*see* Dkt. #84 at 34; Dkt. #83 at 21-22), such opinions are still irrelevant, as the Court has already ruled on these issues in its past Order. *See* Dkt. #165 at 43-44, 46-47.

*Second*, Professor Cooper's opinions are unreliable because he fails to explain how his experience led to the conclusions reached and did not adequately specify the method by which he arrived at his conclusions.

*Third*, Professor Cooper's opinions are improper legal opinions. As such, his expert report is little more than a legal brief, and his testimony will be little more than a paid Amazon attorney arguing to the jury from the witness stand.

## II.  BACKGROUND

In his report, Professor Cooper: (1) outlines the scope of his opinion, methodology, and information relied upon (*see* Att. 23 ¶¶18-20); (2) provides a summary of his ultimate opinions (*see* Att. 23 ¶¶26-27); (3) analyzes the statutory texts of the FTC Act and ROSCA (*see* Att. 23 ¶¶55-60); (4) analyzes the FTC's past ROSCA enforcement actions (*see* Att. 23 ¶¶95-96); (5) analyzes non-ROSCA guidance (*see* Att. 23 ¶116); and (6) analyzes the enrollment flows as depicted in complaints as part of the FTC's past ROSCA enforcement actions, and comparing them to Amazon Prime's enrollment flow as depicted in the FTC's Amended Complaint (*see, e.g.*, Att. 23 ¶¶175-176).

Professor Cooper characterizes his methodology as "case coding" in his review of the

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

FTC's past ROSCA enforcement actions (prior to March 2021).  Att. 23 ¶19.  He defines "case coding" as extracting "information from the complaints and categoriz[ing] these documents as either containing or not containing certain elements."  *Id*.

From this "review" of the FTC's past ROSCA enforcement actions, Professor Cooper opines that:

(1) "Prior to March 2021, a reasonable market participant would have expected to be in compliance with ROSCA unless one of the following conditions were met:

- The substance of the disclosure was either false or incomplete
- Disclosure was ineffective due to *a combination* of at least two of the following non-mutually exclusive deficiencies:
    - The negative option feature was not disclosed
    - Behind a hyperlink
    - Contained in dense terms and conditions
    - Font significantly less prominent than surrounding text
    - Displayed in a color that made it hard to notice
    - Too distant from more prominent triggering claims that would be false absent effective disclosures (e.g., "Free Trial")
- Cancellation was ineffective due to *a combination* of at least two the following conditions:
    - Valid cancellation was not honored or ignored (e.g., the cancellation was not processed; refunds/store credit refused; required paying restocking fee).
    - Phone cancellation was understaffed leading to long wait times and high levels of call abandonment.
    - No online cancellation method was offered.

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

- Cancellation required high levels of additional consumer input (e.g., completing lengthy exit questionnaires, responding to emails).
- Uncooperative customer service representatives actively complicated or frustrated cancellation.
- The cancellation method was difficult to find.
- The online path was long or contained confusing language." Att. 23 ¶213 (emphasis in original).

(2) "The allegations in the FTC's complaint against Amazon in this case represent an unpredictable departure from this prior guidance in two primary ways. The first departure from prior guidance is the novel theory of liability grounded in the subjective concepts of 'dark patterns' that would hold Amazon liable for allegedly failing to provide sufficient balance between the 'enroll' and 'decline' options in the Prime enrollment flow, employing interstitial pages, and engaging in persuasive commercial speech to obtain and retain customers. The second departure from prior guidance is the employment of much more stringent tests for 'clear & conspicuous disclosure,' 'express affirmative consent,' and 'simple cancellation.'" Att. 23 ¶214.

(3) "As a result, a reasonable market participant prior to March 2021 would not have anticipated that the facts alleged in the Amazon complaint would violate ROSCA." Att. 23 ¶215.

### III. LEGAL STANDARD

An expert witness may offer opinion testimony only if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. "The proponent of the expert testimony bears the burden of establishing admissibility by a

preponderance of the evidence." *Erwin v. OBI Seafoods, LLC*, 2024 WL 553697, at *1 (W.D. Wash. Feb. 12, 2024); *see also Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Trial courts have a gatekeeping responsibility to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597; *see also Avila v. Willits Environmental Remediation Trust*, 633 F.3d 828, 836 (9th Cir. 2011) ("District judges are the gatekeeper for expert testimony to assure that it is both relevant and reliable."). This "gatekeeping obligation" applies to all types of expert testimony, not just "scientific" testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (quotation marks omitted); *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 n.7 (9th Cir. 2002) ("Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702.").

This two-step assessment requires consideration of (1) whether the reasoning or methodology underlying the testimony is scientifically valid; and (2) whether that reasoning or methodology properly can be applied to the facts in issue. *Daubert*, 509 U.S. at 592-93; *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1228 (9th Cir. 1998).

To be admissible expert opinion under Rule 702, "[r]eliability 'requires that the expert's testimony have 'a reliable basis in the knowledge and experience of the relevant discipline.'" *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188-1189 (9th Cir. 2019) (quoting *Kumho*, 526 U.S. at 149). "When the testimony concerns 'non-scientific' issues…[']reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it.'" *Erwin*, 2024 WL 553697, at *2 (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004)); *see also* Fed. R. Civ. P. 702 Committee Notes on Rules-2000 Amendment ("[if] the [expert] is relying solely or primarily on experience, then the

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

[expert] must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.").

"'[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court.'" *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter*, 373 F.3d at 1016). "Accordingly, federal courts typically prohibit lawyers, professors, and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case." *Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005) (holding that law professor's proffered expert testimony regarding what the law is and how it should be applied to facts of case is inadmissible); *see also Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) ("testimony on ultimate issues of law by the legal expert is inadmissible because it is detrimental to the trial process.").

### IV.  ARGUMENT

#### A. Professor Cooper's Opinions Are Irrelevant

Professor Cooper's proffered expert testimony, as demonstrated in his expert report and deposition testimony, is to opine on "[w]hat a reasonable market participant would have expected, prior to March 2021, was required to comply with ROSCA" and "[t]he extent to which the FTC's allegations in this case are consistent with such reasonable expectations predating March 2021." Att. 23 ¶21. Professor Cooper defined "reasonable market participant" as a "rational actor [or] as a representative in an economic model [who] would be a representative firm or representative consumer who acts rationally." Att. 106 at 130:2-131:2. Such proffered testimony is irrelevant as to whether Defendants violated the FTC Act and/or ROSCA as alleged in the FTC's Amended Complaint.

An expert opinion as to whether or not a "reasonable market participant" would believe they violated ROSCA prior to March 2021 is not helpful to the trier of fact, as the relevant

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

inquiry is whether Defendants' conduct violates ROSCA (i.e., whether Amazon failed to clearly and conspicuously disclose Prime's material terms, whether Amazon failed to obtain informed consent from Prime enrollees, and whether Amazon failed to provide simple mechanisms to cancel Prime). Moreover, the focus on whether a reasonable market participant would believe it violated ROSCA is wholly unrelated to the key question for the finder of fact in determining a ROSCA violation: whether ordinary consumers easily noticed and understood Amazon Prime's material terms. With regard to that question, Professor Cooper does not offer any expert opinion, nor is he qualified to do so. *See* Att. 106 at 128:21-129:3 (testifying that he is not an expert on website design).

To the extent Defendants offer Professor Cooper's expert report and testimony in support of Defendants' arguments that the Amended Complaint violates their due process rights (*see* Dkt. #84 at 31) and/or that civil penalties are unavailable because Defendants did not know about the ROSCA violations (*see* Dkt. #84 at 34; Dkt. #83 at 21-22), Professor Cooper's expert report and testimony are inadmissible. Specifically, any due process question presents a question of law, and it is the province of the court to determine issues of law. *See In re Initial Public Offering Sec. Litigation*, 174 F.Supp.2d 61, 64 (S.D.N.Y. 2001) ("every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law.").

With respect to civil penalties, the beliefs of a "reasonable market participant" are not relevant to any Defendant's actual knowledge—the relevant question in the civil penalty inquiry. *See* 15 U.S.C. § 45(m)(1)(A) ("[The FTC Act authorizes the FTC to] commence a civil action to recover a civil penalty in a district court of the United States against any person, partnership, or corporation which violates any rule under this subchapter respecting unfair or deceptive acts or practices…with *actual knowledge* or *knowledge fairly implied on the basis of objective circumstances* that such act is unfair or deceptive and is prohibited by such rule.") (emphasis added); 15 U.S.C. § 8404(b) ("Any person who violates [ROSCA]…shall be subject to the penalties and entitled to the privileges and immunities provided in the Federal Trade

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Commission Act as though all applicable terms and provisions of the Federal Trade Commission Act were incorporated in and made part of this chapter."). Critically, Professor Cooper did not review any materials pertaining to Defendants' actual knowledge (e.g., internal emails or memos) (Att. 106 at 117:19-120:10; *see also* Att. 23 app.d.), did not speak with Defendants about their knowledge as to ROSCA (Att. 106 at 137:19-138:13), and offers no opinions on that topic. *See* Att. 23 ¶¶212-215 (Professor Cooper's opinions pertaining to "a reasonable market participant").

At best, Professor Cooper's expert opinion could only be offered as to the issue of "implied knowledge." Even then, Professor Cooper's opinion, as to whether a "reasonable market participant" would have believed that the allegations in the Amended Complaint violated ROSCA based on the FTC's past ROSCA enforcement actions, is irrelevant. "Implied knowledge" only pertains to what the statute (i.e., the FTC Act and ROSCA) requires. *See FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 253-54 (3rd Cir. 2015) ("The relevant question is not whether [Defendants] had fair notice of the *FTC's interpretation* of the statute, but whether [Defendants] had fair notice of what the *statute itself* requires.") (emphasis in original); *see also FTC v. Amazon.com, Inc.*, 735 F.Supp.3d 1297, 1330-1331 (W.D. Wash. 2024) ("[T]his case does not upset settled expectations about what disclosures and cancellation processes are required for automatically renewing subscriptions…[A]n agency does not waive its right to enforce a statute when it has declined to do so in the past."); *see* Dkt #241 at 14; *see* Dkt #180 at 11. Thus, what a "reasonable market participant" might have thought ROSCA requires based on past enforcement actions is irrelevant to what someone would have understood based on what the statute itself actually requires.

Additionally, Professor Cooper relied upon a review of non-ROSCA guidance in forming his opinions. *See* Att. 23 ¶20 ("[t]o supplement this [case coding] methodology…I also reviewed FTC guidance that exists outside the ROSCA context"); *see also* Att. 23 ¶21 ("[f]rom the foregoing analysis I formed an opinion [regarding a reasonable market participant's

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 8

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

expectations as to ROSCA and the extent to which the FTC's allegations in this case are consistent with such expectations]." To the extent Professor Cooper's review of non-ROSCA guidance formed his opinions, such resulting opinions are irrelevant as the FTC is alleging that Defendants violated ROSCA, not an alternative rule. *See* Dkt. #241 at 7 (in denying Defendants' Motion to Compel Rule 30(b)(6) Deposition, the Court noted "testimony about the FTC's statements during the Negative Option Rulemaking is irrelevant to the FTC's ROSCA claims. The FTC is alleging that Defendants violated ROSCA, not the Negative Option Rule.") As such, Professor Cooper's opinions are not relevant. *Daubert* requires more.

### B. Professor Cooper's Opinions Are Unreliable

Professor Cooper's expert testimony fails to demonstrate how his experience has informed his conclusions—i.e., there is a lack of a methodological nexus between his experience and his conclusions. Professor Cooper states that his expertise is as "an economist and law professor who studies and teaches consumer protection law, *including ROSCA*, and *my experience as a former senior-level employee of the FTC*[.]" Att. 23 ¶212 (emphasis added). In his report, Professor Cooper emphasizes his prior FTC experience and familiarity with ROSCA in establishing his qualifications. *See* Att. 23 ¶11 ("I served in three senior roles at the FTC…[i]n these roles, I provided legal and economic advice to senior FTC leadership[.]"); Att. 23 ¶13 ("While I was serving as Deputy Director for Economic Analysis, [Bureau of Consumer Protection] began investigations and entered into consent negotiations in enforcement matters involving ROSCA claims."); Att. 23 ¶7 ("I teach the class 'Consumer Protection Law,"…cover[ing] in-depth several consumer protection laws that the FTC enforces, including the Restore Online Stoppers' Confidence Act[.]").

However, in his testimony, Professor Cooper admits a lack of experience as it relates to ROSCA. Professor Cooper admits that he did not perform any work pertaining to ROSCA while working at the FTC. *See* Att. 106 at 47:22-48:7 (testifying that he did not provide any legal or economic analysis on the broad policy issue surrounding ROSCA during his time as Deputy

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 9

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Director for Economic Analysis for the FTC); Att. 106 at 51:8-17 (testifying that he did not work on any ROSCA-related matters during his time at the FTC's Office of Policy Planning); Att. 106 at 52:1-19 (testifying that he did not work on any ROSCA-related matters during his time as an advisor to FTC Commissioner Kovacic).

Likewise, Professor Cooper has not written substantively on ROSCA. *See* Att. 106 at 61:22-63:7 (testifying that to his recollection he could only possibly identify *one* published academic work on his curriculum vitae that refers to ROSCA). Also, he could not recall his methodology of "case coding" being previously used in the context of ROSCA. Att. 106 at 167:10-13.

Further, Professor Cooper fails to show how his experience is reliably applied to the facts. Professor Cooper claims his "case coding" methodology extracts "information from the complaints and categorize[s] these documents as either containing or not containing certain elements" and "[sorts] various non-mutually exclusive categories depending on the conduct alleged to have violated ROSCA." Att. 23 ¶¶19, 95-96. However, Professor Cooper fails to adequately specify the method by which he reached his conclusions, casting doubt as to the reliability of his methodology. *See Moussouris v. Microsoft Corp.*, 311 F.Supp.3d 1223, 1246 (W.D. Wash. 2018) (finding that expert testimony was not reliable because experts that rely primarily on experience must explain how their experience led to the conclusion reached and this expert did not "adequately specif[y] the method by which she arrived at her conclusions"); *see also Erwin*, 2024 WL 553697, at *3.

For example, Professor Cooper does not specify how he "extracts" information to sort into various categories, and per his testimony, he applied his methodology inconsistently. Specifically, Professor Cooper testified that in applying his methodology, he was not looking at precise language in the FTC's past ROSCA complaints for his "case coding" as to the sub-categories of alleged deficiencies (e.g., whether there was an allegation as to a disclosure in font that is significantly smaller than the triggering enrollment claim), but rather whether his

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 10

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

understanding of the allegations in the complaint demonstrates that "one of these characteristics" is present. Att. 106 at 204:3-205:19. However, he does not apply the same methodology in his "case coding" as to whether "dark patterns" conduct was alleged in past FTC's ROSCA complaints. *See* Att. 23 ¶98; *see also* Att. 23 ¶98, fn. 78; Att. 106 at 222:4-16. Similarly, Professor Cooper did not consider orders from the FTC's past ROSCA enforcement actions in "case coding" sub-categories of alleged deficiencies (Att. 23 ¶17, fn. 5) but did review orders from the FTC's past ROSCA enforcement actions to "case code" whether there was an allegation of fraud (Att. 106 at 225:7-18; *see also* Att. 23 ¶31, fn. 11). But Professor Cooper could not articulate how his experience has informed his methods in differentiating what to review in sorting case information into the various categories that he selected (e.g., alleged deficiencies, dark patterns, fraud), as part of his "case coding," to reach his conclusions.

This testimony and Professor Cooper's report makes evident that Defendants cannot demonstrate how Professor Cooper's purported expertise surrounding ROSCA and his prior FTC experience led to a methodology sufficient to permit him to reliably conclude that: (1) the FTC's Amended Complaint sets a more stringent standard than what a reasonable market participant would have understood ROSCA to require (Att. 23 ¶26); and (2) a "reasonable market participant" would not have believed, prior to March 2021, that the enrollment and cancellation flows alleged in the FTC's Amended Complaint violated ROSCA (Att. 23 ¶27).

### C. Professor Cooper's Legal Conclusions Are Inadmissible

Federal Rule of Evidence 704(a) provides that "an opinion is not objectionable because it embraces an ultimate issue." But "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law 'is the distinct and exclusive providence' of the court." *Hangarter*, 373 F.3d at 1016 (emphasis in original) (internal citation omitted). "It is well established that experts may not give opinions as to legal conclusions." *Cypress Ins. Co. v. SK Hynix Am., Inc.*, 2019 WL

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 11

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

634684, at *2 (W.D. Wash. Feb. 14, 2019) (citing *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law.")).

In *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008), the Ninth Circuit affirmed the district court's exclusion of parts of an expert witness's testimony and report that stated the following legal explanations and conclusions: discussions of the UCC and other non-UCC laws and their application to the facts of the case; discussions of the parties' "legal rights, duties, and obligations under the law[;]" and discussions about whether the parties' actions were "wrongful" or "intentional." *Id*.

Here, Professor Cooper offers a series of legal conclusions, all of which principally or exclusively concern what conduct does, or does not, violate ROSCA: (1) "[t]he FTC's allegations against Amazon in this case lay out a new ROSCA standard" (Att. 23 ¶26; *see also* Att. 23 ¶214); (2) "[t]he first departure from prior guidance is the novel theory of liability grounded in the subjective concept of 'dark patterns'" (Att. 23 ¶214); (3) "the [FTC] employ[ed] much more stringent tests for 'clear & conspicuous disclosure,' 'express affirmative consent,' and 'simple cancellation'" in this case than in its other ROSCA cases (Att. 23 ¶214); and (4) "a reasonable market participant would not have believed, prior to March 2021, that the enrollment and cancellation flows alleged in the Complaint violated ROSCA" (Att. 23 ¶27; *see also* Att. 23 ¶215). Clearly, interpreting ROSCA is an issue for the Court to decide, indeed, as it has already done with respect to certain questions. *See Amazon*, 735 F.Supp.3d at 1331 ("[In response to Defendants' argument in its Motion to Dismiss that the FTC is attempting to enact new standards to interpret ROSCA, despite] how the FTC chooses to label its theory of the case, the Court merely evaluates whether the allegations state a claim under the language of ROSCA and the FTC Act.").

To the extent Defendants argue that Professor Cooper's proffered testimony is not a legal opinion, but rather an economic or statistical analysis, any such analysis and resulting opinions are irrelevant. An economic or statistical interpretation of the FTC's past ROSCA enforcement

PLAINTIFF'S MOTION TO EXCLUDE  
EXPERT TESTIMONY OF JAMES C. COOPER  
Case No. 2:23-cv-0932-JHC - 12

Federal Trade Commission  
600 Pennsylvania Avenue NW  
Washington, DC 20580  
(202) 326-3320

actions does not help a trier of fact resolve any material issue. Further, it would be akin to a mere summary of past FTC ROSCA enforcement actions, which is not a relevant "expert" opinion, and thus, not helpful to the trier of fact. *See City of Seattle v. Monsanto Co.*, 2023 WL 5952051, at *12 (W.D. Wash. Sept. 13, 2023) (expert's opinions that provide a general recitation of surrounding regulations and do not apply stated expertise "beyond the common knowledge of the average layperson" was deemed irrelevant and as such inadmissible); *see also Moses v. Payne*, 555 F.3d 742, 756 (9th Cir. 2009) ("Under Rule 702, expert testimony is helpful to the jury if it concerns matters beyond the common knowledge of the average layperson and is not misleading.").

## V. CONCLUSION

For the reasons stated above, Professor Cooper's expert report and proffered testimony is not relevant, is not reliable, and contains inadmissible legal conclusions. Accordingly, the Court should exclude Professor Cooper's proposed testimony as inadmissible under *Daubert*. Should the Court be inclined to deny any part of this motion, the FTC respectfully requests a *Daubert* hearing.

## LOCAL RULE 7(e) CERTIFICATION

I certify that this memorandum contains 4,169 words, in compliance with local rules.

Dated: May 27, 2025

/s/ Jeffrey Tang
JONATHAN COHEN (DC Bar #483454)
EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
JONATHAN WARE (DC Bar #989414)
ANTHONY SAUNDERS (NJ Bar #008032001)
SANA CHAUDHRY (NY Bar #5284807)

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580

(202) 326-2551 (Cohen); -3320 (Mendelson); -2726

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 13

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

(Ware); -2749 (Jerjian); -2917 (Saunders); -2679 (Chaudhry)

JCohen2@ftc.gov; EMendelson@ftc.gov; JWare1@ftc.gov; OJerjian@ftc.gov; ASaunders@ftc.gov; SChaudhry@ftc.gov

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; CMacdonald@ftc.gov

RACHEL F. SIFUENTES
(IL Bar #6304016; CA Bar #324403)
Federal Trade Commission
230 S. Dearborn St., Room 3030
Chicago, IL 60604
(312) 960-5617; RSifuentes@ftc.gov

JEFFREY TANG (CA Bar #308007)
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
(310) 824-4303; JTang@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
Case No. 2:23-cv-0932-JHC - 14

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320