1

The Honorable John H. Chun

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

Case No. 2:23-cv-0932-JHC

9

FEDERAL TRADE COMMISSION,

**PLAINTIFF'S REPLY IN SUPPORT
OF MOTION FOR EXTENSION TO
RESPOND TO DEFENDANTS'
CONDITIONAL MOTION TO
CERTIFY INTERLOCUTORY
APPEAL**

10

Plaintiff,

11

v.

12

AMAZON.COM, INC., *et al*.

13

Defendants.

NOTED ON MOTION CALENDAR:
June 6, 2025

14

15

16

**I.      Introduction**

17

Defendants demand the FTC respond immediately to a lengthy, substantive motion they

18

have asked the Court to hold in abeyance and *may never present* to the Court for decision, for no

19

other purpose than having it "ready to go" if the Court ever needs to consider it.  The Court

20

should not allow Defendants to hijack ordinary motions practice as part of their quest to overturn

21

this Court's previous rulings before trial.  Contrary to Defendants' arguments, the FTC's request

22

to respond to their Conditional Motion to Certify Interlocutory Appeal, Dkt. #293, only *if* and

23

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR EXTENSION TO RESPOND
TO DEFENDANTS' CONDITIONAL MOTION
TO CERTIFY INTERLOCUTORY APPEAL
 Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(310) 824-4303

1  *after* the Court denies their Motion for Leave to File Standalone Motion *in Limine*, Dkt. #291, or

2  their Motion *in Limine*, Dkt. #291-1—precisely the order in which Defendants have asked the

3  Court to consider these motions—is consistent with the Local Rules, reasonable, and conserves

4  judicial and party resources by not requiring briefing or argument that may never be needed.

5  **II.      The Local Rules Do Not Require a Response by May 27, 2025.**

6          Defendants argue the FTC should be denied an extension (and precluded from opposing

7  the Conditional Motion) because they filed their motion "on the ordinary timetable prescribed by

8  the Local Rules," and the FTC failed to file its response on the date calendared by Defendants

9  when the Court had not yet ruled on the extension request.  Dkt. #340 at 1-3.  However,

10  Defendants did not properly calendar their motion, and the FTC should not be required to

11  consent to the consequence of Defendants' calendar mischief, namely, imposing expedited

12  briefing on both the Court and the FTC.

13          Local Rule 7(b) clarifies that the date the motion is calendared for consideration is "the

14  date by which all briefing is complete *and the matter is ready for the court's consideration*[.]"

15  LCR 7(b) (emphasis added).  Here, Defendants have expressly asked the Court *not* to consider

16  their Conditional Motion unless and until other events occur.  Dkt. #293 at 1.  Thus, from the

17  beginning, neither the parties nor the Court had any ability to predict when—or if—the

18  Conditional Motion would be ready for consideration.  Accordingly, noting it for consideration

19  on May 30, 2025, violated the Local Rules.  The FTC's extension request merely seeks to

20  calendar the motion properly, with its response due within fifteen days after the Conditional

21  Motion is properly and actually presented to the Court—a date that is currently speculative at

22  best.

23

1

## III.    Defendants' Attempt to Force an Expedited Briefing Schedule Should Be Denied

2

3

4

5

6

It is clear Defendants fear trial about their conduct without the ability to confuse the jury

with argument concerning what the FTC's Negative Option Rulemaking Statements supposedly

mean.  But the Court previously—and correctly—ruled those Statements irrelevant to

Defendants' due process and knowledge arguments, *see* Dkt. #165, Dkt. #180, Dkt. #241, and

the trial date is fast approaching.[1]  As a result, Defendants are attempting to attack the Court's

7

8

9

10

11

12

13

14

previous decisions in multiple ways and trying to force the FTC, the Court, and the Ninth Circuit

to expedite those efforts in the scant hope they can succeed before trial.[2]  Indeed, Defendants

admit that, without this approach, "the opportunity to obtain appellate relief before the eve of

trial . . . may be gone."  Dkt. #340 at 5.  However, neither the FTC nor the Court should be

responsible for "fixing" a problem Defendants' own lack of diligence created by failing to seek

prompt reconsideration of the Court's prior decisions.  Allowing the FTC to respond to

Defendants' Conditional Motion in the ordinary course, when—and if—Defendants properly

present it to the Court, is not "delay" and is not unfairly prejudicial to Defendants.

15

## IV.    Defendants' Circular Arguments Do Not Undermine the FTC's Good Cause

16

17

Defendants offer a litany of meritless arguments as to why the FTC has not provided

good cause for an "extension" on its response to the Conditional Motion.

18

19

20

21

22

23

---

[1] *See also* Dkt. #293 at 2 (summarizing the Court's rulings on the motions to compel, Dkt. #180 and Dkt. #241, by admitting "[t]he Court held that the FTC's statements about ROSCA's lack of clarity in this ROSCA case are 'irrelevant'").

[2] Tellingly, while Defendants represent they are not "presently" seeking to stay the trial pending the interlocutory appeal because they "intend[] to seek expedited briefing," Dkt. #293 at 12 n.3, they have not foreclosed making that request later.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR EXTENSION TO RESPOND
TO DEFENDANTS' CONDITIONAL MOTION
TO CERTIFY INTERLOCUTORY APPEAL
 Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(310) 824-4303

1      First,[3] Defendants argue that, if the FTC is correct the Court has already ruled on the

2   irrelevance of its Negative Option Rulemaking Statements, then an extension is unnecessary

3   because the Conditional Motion is not "premature" and "there is little reason to delay

4   consideration of the motion to certify an interlocutory appeal further."  Dkt. #340 at 3-4.

5   However, Defendants also admit they "strenuously disagree" with the FTC's position on the

6   Court's prior rulings, and, more to the point, they have *asked* the Court to delay consideration of

7   the Conditional Motion unless and until it denies the Motion for Leave or the Motion *in Limine*.

8   Ultimately, whether the FTC is correct about the Court's prior rulings is irrelevant to whether the

9   Conditional Motion is currently ready for consideration; Defendants themselves have said it is

10  not.

11      Second, Defendants suggest "pairing together" their motions is more efficient and

12  "benefits both parties and the Court."  Dkt. #340 at 4.  However, Defendants have not "paired"

13  them; they have asked the Court to consider them seriatim and for the Conditional Motion to be

14  considered only if the Motion for Leave (or Motion *in Limine*) is denied.  Further, they do not

15  explain how fully briefing the Conditional Motion before it is ripe for the Court's consideration

16  benefits anyone other than Defendants.[4]  Defendants' strategy forces the FTC to brief a lengthy,

17  substantive motion that could become moot—a grossly inappropriate tactic.  However long the

18  odds, Defendants are not entitled to assume that they will lose one of the two preliminary

19  _____

20  [3] Defendants also claim the FTC has argued their Conditional Motion is "untimely."  Dkt. #340 at 3.  The FTC has
    not yet made such an argument.  The FTC has argued Defendants' Motion *in Limine* is actually an untimely motion
    for reconsideration, Dkt. #306 at 3, which reflects their lack of diligence in pursuing relief from the Court Orders at
21  the heart of these motions.  That said, the FTC strongly agrees the Conditional Motion is woefully untimely and
    certification should be denied on that basis alone, but such an argument relates to the substantive motion and not to
    the requested extension.

22  [4] Defendants could not refute the FTC's point that conditional motions by a moving party are not commonplace, *see*
    Dkt. #306 at 4, and only confirmed the unusualness of the current posture by citing cases where a moving party
23  sought interlocutory appeal as alternative relief in a single motion, Dkt. #340 at 4 n.1, which is not an option here
    because there are no grounds to appeal the denial of a motion *in limine*.

PLAINTIFF'S REPLY IN SUPPORT OF                              Federal Trade Commission
MOTION FOR EXTENSION TO RESPOND                        600 Pennsylvania Avenue, NW
TO DEFENDANTS' CONDITIONAL MOTION                         Washington, DC 20580
TO CERTIFY INTERLOCUTORY APPEAL                              (310) 824-4303
 Case No. 2:23-cv-0932-JHC - 4

1    motions and then use that assumption to force the FTC to brief a third in advance.[5]  Furthermore,

2    contrary to Defendants' claims, *see* Dkt. #340 at 4, the timing of this briefing has no impact

3    whatsoever on the number of briefs the Court must review or the number of decisions it must

4    make.

5            Finally, Defendants suggest the FTC's request for an extension should be denied because

6    the FTC "has the information it needs to respond to the motion to certify."  Dkt. #340 at 5.  First,

7    that is simply not true.  How this process unfolds will certainly affect the FTC's arguments in

8    potential future opposition to the Conditional Motion—specifically, the Court's decisions, as

9    well as the bases for and timing of those decisions.  Defendants' disingenuous argument that the

10   proposed "questions of law" in the Conditional Motion differ from those in the Motion *in*

11   *Limine*, even if true, would not mean the Court's decision on the Motion *in Limine* (or the

12   Motion for Leave) is irrelevant to whether an interlocutory appeal is appropriate.  For example,

13   in ruling on the Motion *in Limine*, the Court could hold the FTC's Negative Option Rulemaking

14   Statements are irrelevant to Defendants' knowledge arguments because they do not constitute an

15   "admission" by the FTC that ROSCA lacked clarity in relevant part.  Such a factual

16   determination would render Defendants' second proposed "question of law" entirely meaningless

17   in this litigation.

18           Even the timing of the Court's rulings is relevant to the FTC's opposition to the

19   Conditional Motion, as the likelihood of a Ninth Circuit decision before the trial is a significant

20   consideration for a Court in deciding whether to certify an interlocutory appeal.  *See*, *e.g.*,

21   *Insurance Co. of Penn. v. County of San Bernardino*, 2017 WL 5973284, at *4 (C.D. Cal. Apr.

22

23   [5] If Defendants truly believed this was necessary, they could and should have asked the Court to require the FTC to respond, rather than improperly noticing a conditional motion.

PLAINTIFF'S REPLY IN SUPPORT OF                                    Federal Trade Commission
MOTION FOR EXTENSION TO RESPOND                          600 Pennsylvania Avenue, NW
TO DEFENDANTS' CONDITIONAL MOTION                          Washington, DC 20580
TO CERTIFY INTERLOCUTORY APPEAL                                    (310) 824-4303
 Case No. 2:23-cv-0932-JHC - 5

1    25, 2017) (denying certification request due to "basic deficiency" where trial schedule meant

2    appeal would delay termination of litigation, noting "[t]he Ninth Circuit has specifically

3    recognized that when a case has a firm and forthcoming trial date that likely predates the

4    resolution of the issue on appeal, interlocutory appeal is not appropriate") (citing *Shurance v.*

5    *Planning Control Intern., Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (finding appeal would not

6    materially advance termination of litigation but "might well have the effect of delaying the

7    resolution of this litigation, for an appeal probably could not be completed before [the date]

8    when the trial is currently scheduled")).  While the FTC believes it is already far too late for any

9    interlocutory appeal to be appropriate, whether the Conditional Motion is ripe for briefing in

10   June or in August certainly impacts the FTC's arguments.

11          Moreover, it simply should not matter whether the FTC could, hypothetically, respond to

12   the Conditional Motion now.  The motion itself is not properly before the Court and, therefore, is

13   not ripe for briefing or consideration.  While decisions could always be rendered more quickly if

14   the parties pre-briefed every possible argument in advance, that is simply not how litigation and

15   ordinary motions practice works.

16   **V.      Defendants' Attempt at Post-Hoc Justification for Expedited Briefing Fails**

17          Having entirely failed to seek Court approval for this attempt to force expedited briefing,

18   Defendants belatedly attempt to justify it, first by claiming the interlocutory appeal is "critical,"

19   and then by suggesting the Conditional Motion can and should go forward now, despite their

20   request for seriatim consideration.  Neither justifies burdening the FTC with premature briefing

21   on issues that, at Defendants' own request, are not before the Court for consideration.

22          If, as Defendants now claim, the issues in their Conditional Motion were "critical" and

23   needed to be resolved before trial, including through an interlocutory appeal, Defendants should

PLAINTIFF'S REPLY IN SUPPORT OF                                    Federal Trade Commission
MOTION FOR EXTENSION TO RESPOND                          600 Pennsylvania Avenue, NW
TO DEFENDANTS' CONDITIONAL MOTION                            Washington, DC 20580
TO CERTIFY INTERLOCUTORY APPEAL                                    (310) 824-4303
 Case No. 2:23-cv-0932-JHC - 6

1    have sought interlocutory appeal *when the relevant decisions were made*, rather than waiting up

2    to a year before seeking certification.  At a minimum, they should have sought immediate

3    certification, rather than clearly admitting these questions are not "critical" at all as long as the

4    Court grants their Motion *in Limine*.  Actions speak louder than words, and Defendants' actions

5    in waiting to seek certification and, even now, presenting the request as conditional on other

6    motions, undermine any claims of criticality here.

7         Similarly, Defendants cannot now justify their attempt to force expedited briefing on a

8    motion they chose to hold in abeyance by suddenly changing course and suggesting the

9    Conditional Motion and Motion *in Limine* are unconnected.  Dkt. #340 at 5.  Again, Defendants

10   have *chosen* to make their request for certification conditional on the Court's ruling on that

11   Motion *in Limine* and have asked the Court not to consider the Conditional Motion until after it

12   rules on that Motion *in Limine*.  Indeed, Defendants have made clear the Court can *disregard* the

13   Conditional Motion for certification of an interlocutory appeal if the Court grants the Motion *in*

14   *Limine*.  If Defendants believed the motion to certify an interlocutory appeal was a separate,

15   standalone motion that was ripe for consideration by the Court and unimpacted by any ruling on

16   their Motion *in Limine*, they could—and should—have filed the motion as such.  They obviously

17   believed otherwise, and the FTC should be allowed to proceed with that same understanding.

18   **VI.    CONCLUSION**

19        The FTC should not be required to pre-brief arguments and issues that are not currently—

20   and may never be—presented to the Court for consideration.  Defendants should not be allowed

21   to disregard ordinary motions practice for their own ends, and the FTC's request to extend its

22   response to the Conditional Motion in line with the ordinary briefing schedule established in the

23   Local Rules should be granted.

**LOCAL RULE 7(e) CERTIFICATION**

I certify that this memorandum contains 2,080 words, in compliance with the Local Civil Rules.

Dated:  June 6, 2025

/s/ Jeffrey Tang

JONATHAN COHEN (DC Bar #483454)
EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
SANA CHAUDHRY (NY Bar #5284807)
ANTHONY SAUNDERS (NJ Bar #008032001)
JONATHAN WARE (DC Bar #989414)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551; jcohen2@ftc.gov (Cohen)
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)
(202) 326-2726; jware1@ftc.gov (Ware)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

RACHEL F. SIFUENTES
(IL Bar #6304016; CA Bar #324403)
Federal Trade Commission
230 S. Dearborn St., Room 3030
Chicago, IL 60604
(312) 960-5617; RSifuentes@ftc.gov

JEFFREY TANG (CA Bar #308007)
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
(310) 824-4303; JTang@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR EXTENSION TO RESPOND
TO DEFENDANTS' CONDITIONAL MOTION
TO CERTIFY INTERLOCUTORY APPEAL
 Case No. 2:23-cv-0932-JHC - 8

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(310) 824-4303