The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

    Plaintiff,

  v.

AMAZON.COM, INC., *et al.*,

    Defendants.

No. 2:23-cv-0932-JHC

DEFENDANTS' OPPOSITION TO FTC'S MOTION TO EXCLUDE DEFENDANTS' EXPERT CRAIG ROSENBERG, PH.D.

NOTED ON MOTION CALENDAR: JUNE 24, 2025

ORAL ARGUMENT REQUESTED

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 2

III. LEGAL STANDARD ....................................................................................................... 3

IV. ARGUMENT .................................................................................................................... 3

    A. Dr. Rosenberg Is Well-Qualified to Offer His Opinions ..................................... 3

        1. Dr. Rosenberg's Expertise Applies Directly to E-Commerce Interfaces ............................................................................................ 3

        2. The FTC Mischaracterizes Dr. Rosenberg's Testimony as Beyond the Scope of His Expertise ............................................................. 5

    B. Dr. Rosenberg's Methodology Is Reliable ........................................................... 6

        1. Dr. Rosenberg's Affirmative Opinions Are Based on a Reliable, Experience-Based Methodology .............................................. 6

        2. Dr. Rosenberg's Rebuttal Opinions Are Independently Admissible Under Rule 702 ............................................................................ 9

        3. Dr. Rosenberg's Consideration of Amazon Materials and Testimony Is Proper and Goes to Weight, Not Admissibility .................. 9

    C. Dr. Rosenberg's Opinions Are Relevant and Will Assist the Trier of Fact ........ 10

V. CONCLUSION ............................................................................................................... 12

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Defendants retained Dr. Craig Rosenberg, a leading expert with a Ph.D. in Human Factors[1] and more than 30 years of experience designing and evaluating user interfaces, to assess the usability of Amazon's Prime enrollment and cancellation flows. His testimony responds directly to the FTC's central allegations that Amazon's interfaces employed confusing or manipulative "dark patterns." Dr. Rosenberg draws on his extensive experience, relevant literature, and analysis of other widely used website interfaces, including e-commerce sites, to evaluate Amazon's flows and to critique FTC expert Dr. Marshini Chetty's flawed methodology and assumptions.

The FTC now moves to exclude Dr. Rosenberg's opinions, arguing he is unqualified, his methodology is unreliable, and his opinions are irrelevant. But its motion misrepresents the record, blurs the line between his affirmative and rebuttal opinions, and ignores settled law.

*First*, the FTC challenges Dr. Rosenberg's qualifications, but Dr. Rosenberg has decades of academic and industry experience evaluating user interfaces. This easily satisfies Rule 702's "broad conception of expert qualifications." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (expert with twenty-five years of industry experience satisfied the "minimal foundation" necessary under Rule 702).

*Second*, the FTC's contention that Dr. Rosenberg's methodology is unreliable fails. Dr. Rosenberg's opinions are grounded in accepted usability principles and his review of the record and real-world interfaces. Dr. Rosenberg's rebuttal opinions also properly "expose flaws" in Dr. Chetty's methodologies – a typical approach for a rebuttal expert. *United States v. 4.0 Acres of Land,* 175 F.3d 1133, 1141 (9th Cir. 1999).

*Third*, the FTC cannot reasonably claim Dr. Rosenberg's opinions are irrelevant, having made usability and "dark patterns" the centerpiece of its case. *See Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) ("The relevancy bar [for expert testimony] is low, demanding only that the evidence 'logically advances a material aspect of the proposing party's

---

[1] Human Factors is a multidisciplinary field that studies human interaction with machines, technology, and interfaces.

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

case.'").

In short, Dr. Rosenberg's testimony is relevant, reliable, and squarely admissible under Rule 702. The motion should be denied.

## II. BACKGROUND

Dr. Rosenberg holds a Ph.D. and M.S. in Human Factors and has over 30 years of experience in user interface design and evaluation. Dkts. 320-29 at 103:13–19, 265:3–19; 318-49 ¶¶ 1–15, 47–51. "[U]ser interface design and evaluation" was the focus of both Dr. Rosenberg's graduate training and is the "primar[y] focus" of his professional practice. Dkt. 320-29 at 45:13–18, 53:6–12; Ex. 75 at 52:18–24, 270:16–19.[2] As a seasoned practitioner, he has designed interfaces and platforms for military, transport, telecommunications, telemedicine, and e-commerce applications, among others (Dkt. 320-29 at 64:20–66:20, 53:13–55:23; Ex. 75 at 68:8–69:18) and published works "within the domain of user interface and human factors" (Dkt. 320-29 at 44:14–45:4). Dr. Rosenberg has also testified in 42 cases involving interface design, including two centering on alleged manipulative design in consumer-facing web platforms. Ex. 75 at 29:20–30:9 ("the majority" of his retained work concerns user interfaces, specifically online consumer-facing interfaces), 259:23–260:13; Dkt. 318-49 at 50–51.[3]

In this case, Dr. Rosenberg submitted a 43-page affirmative report and a 103-page rebuttal report responding to Dr. Chetty, the FTC's expert on "the usability of web interfaces and the presence of manipulative designs (sometimes known as 'dark patterns') on websites." Dkt. 327-10 at 1. Dr. Rosenberg's reports cite dozens of publications, voluminous case materials, and numerous examples of other widely-used website interfaces. In his deposition and reports, Dr. Rosenberg explained his approach: reviewing the record, consulting usability literature, considering "examples from e-commerce websites," and applying his "knowledge, skill, experience, training, education, and work in the area of UI design and development over the last

---

[2] "Ex." refers to exhibits attached to the June 17, 2025, Omnibus Declaration of Joseph Reiter.

[3] All listed cases under "Testifying Experience" concern user interface design, other than the *Curtis Consulting Group*; *Title Source, Inc.*, and *Colleen Whatton* cases. Dkt. 318-49 at 50–51.

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

30 years." Dkts. 318-49 ¶¶ 16–17; 320-23 ¶ 7; 320-29 at 106:1–109:3, 108:22–109:3; Ex. 75 at 302:18–23.

### III.    LEGAL STANDARD

"Rule 702 should be applied with a 'liberal thrust' favoring admission." *Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC*, 2024 WL 3582366, *2 (W.D. Wash. July 30, 2024) (quoting *Messick*, 747 F.3d at 1196). The trial court's role as gatekeeper is "not to exclude opinions merely because they are impeachable," but to "screen the jury from unreliable nonsense opinions." *In re Roundup Prods. Liab. Litig.*, 390 F. Supp. 3d 1102, 1113 (N.D. Cal. 2018) (quoting *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993).

### IV.    ARGUMENT

#### A.    Dr. Rosenberg Is Well-Qualified to Offer His Opinions

##### 1.    Dr. Rosenberg's Expertise Applies Directly to E-Commerce Interfaces

Rule 702 "contemplates a broad conception of expert qualifications," and Dr. Rosenberg's "knowledge, skill, experience, training, or education" easily qualifies him. *Hangarter*, 373 F.3d at 1015–16 (quoting Rule 702).

Unable to challenge Dr. Rosenberg's extensive user interface qualifications, the FTC instead questions his fitness to assess "how consumers interact with Amazon's Prime e-commerce subscription service" by nitpicking the recency and precise focus of certain aspects of his experience. Dkt. 312 (Mot.) 9–10. Even if these attacks had merit, they go only to the weight of his testimony.

*First*, the FTC asserts that Dr. Rosenberg's "expertise is inapplicable to e-commerce" (Mot. 9), ignoring both his testimony and CV. Ex. 75 at 53:13–54:18, 77:8–78:11 (testifying that he previously "programmed e-commerce systems" and "managed a team that was building an e-commerce system"). The FTC then claims that the "last mass-market consumer ***product*** Dr.

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Rosenberg worked on was a 1990s pager." Mot. 9 (emphasis added). This ignores Dr. Rosenberg's continuous work in consumer-facing user *interface design* since 1988. Dkt. 318-49 at 47–49. Moreover, as Dr. Rosenberg explained, the core principles of interface design apply across domains: "All the principles around user interface design in general [] also apply to e-commerce." Ex. 75 at 48:1–3, 53:13–20.

Even if Dr. Rosenberg were not specialized in "e-commerce" or "mass market products," the Ninth Circuit has clearly held that any "lack of particularized expertise goes to the weight accorded an expert's testimony, not to the admissibility of [his] opinion." *Ramirez v. ITW Food Equip. Grp., LLC*, 686 F. App'x 435, 440–41 (9th Cir. 2017); *see also In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 318 F. Supp. 2d 879, 915–16 (C.D. Cal. 2004) ("[L]ack of sub-specialization does not render [an expert]'s testimony inadmissible.").

*Second*, the FTC suggests that Dr. Rosenberg's experience is "extremely remote" because he has not recently taught courses or published peer-reviewed articles. Mot. 10. That argument fails because "Rule 702 does not require an expert to publish articles or give lectures in order to qualify to give expert testimony." *Luttrell v. Novartis Pharms. Corp.*, 894 F. Supp. 2d 1324, 1336–37 (E.D. Wash. 2012), *aff'd*, 555 F. App'x 710 (9th Cir. 2014). Here, Dr. Rosenberg is primarily an industry expert—a common expert role—and the FTC does not dispute that Dr. Rosenberg has consistently worked and consulted on user interface design projects since 1988. *See, e.g., Higley v. Cessna Aircraft Co.*, 2013 WL 12112167, *4 (C.D. Cal. July 8, 2013) ("Experts are often called upon to offer testimony on relevant industry practice.").

*Third*, the FTC's attempt to undermine Dr. Rosenberg's credibility based on certain prior expert work is unavailing. The FTC claims that the court in *Fed. Trade Comm'n v. Amazon.com, Inc.*, 2016 WL 1221654 (W.D. Wash. Mar. 29, 2016) had "'serious misgivings about the soundness' of Rosenberg's methodology" (Mot. 10), but omits that the court permitted him to offer opinions regarding Amazon's in-app user interfaces as a proper rebuttal expert to the FTC's Human Computer Interaction expert. *See* Dkts. 139 at 5–6; 206 at 7–8. Nor does the FTC explain why "rigorous cross-examination" (Mot. 10) would not be the appropriate remedy here. Likewise,

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the FTC points to *Aatrix Software, Inc. v. Green Shades Software, Inc.* without disputing Dr. Rosenberg's explanation that his exclusion was due to attorney error in scope instructions—not any flaw in his methods. Dkt. 320-29 at 167:14–169:24. The opinion itself, which the FTC does not cite, supports this explanation. Case No. 3:15-cv-00164-MMH-MCR, Dkt. 331 at 4. The FTC's reliance on *Courthouse News Serv. v. Yamasaki*, 312 F. Supp. 3d 844 (C.D. Cal. 2018), is similarly inapposite. That decision (later vacated in 950 F.3d 640 (9th Cir. 2020)) addressed evidentiary objections to a summary judgment declaration and did not involve a Rule 702 challenge—and the court did not discredit Dr. Rosenberg's human factors qualifications. *Id.* at 875.

Dr. Rosenberg is an expert in the very discipline at issue: usability design and consumer-interface interactions. His qualifications are more than sufficient for admissibility under Rule 702.

### 2.    The FTC Mischaracterizes Dr. Rosenberg's Testimony as Beyond the Scope of His Expertise

The FTC plucks out isolated phrases in Dr. Rosenberg's report and deposition to wrongly suggest that he seeks to offer opinions in the fields of business, corporate compliance, law, psychology, government, or law enforcement. Mot. 11–12. Dr. Rosenberg does not, nor does he hold himself out as an expert in those areas. *Id*. When read in context, the cited phrases simply contextualize his human factors opinions.

For example, the FTC highlights Dr. Rosenberg's observation that "from Amazon's perspective, based on objective measures of clarity, there was no evidence that clarity had been enhanced." Mot. 11 (citing Dkt. 318-49 ¶ 91). This is not a "business" or "psychology" opinion. Rather, it frames Dr. Rosenberg's opinion regarding the implications of the data Amazon had from conducting user interface testing—matters plainly within his expertise. And while an expert cannot testify to a party's "actual, subjective state[] of mind," he *can* testify to "generally accepted ... practices" and standards—the testimony that Dr. Rosenberg offers here. Mot. 13 (citing *M.H. v. Cnty. of Alameda*, 2015 WL 54400 (N.D. Cal. Jan. 2, 2015)).

Similarly, Dr. Rosenberg's reference to "the FTC's perception" (Mot. 11) in the opening

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

sentence of a section about "the effects of expectation bias" (Dkt. 318-49 at 41) is not an opinion about "how the FTC perceives" anything. Mot. 12. By writing, "[i]t is likely that expectation bias is somewhat driving the FTC's perception of Amazon's business practices," Dr. Rosenberg sets up the purpose of his expectation bias opinion—namely, to explain why the FTC's allegations about Amazon's flows are misguided. Notably, the FTC does not attempt to argue that expectation bias, a well-established concept in human factors, is beyond Dr. Rosenberg's expertise. Indeed, because human factors is "right at the intersection of psychology and computer science," Dr. Rosenberg took courses on psychology and cognitive science during his degrees and graduate studies, and taught classes "involv[ing] cognitive science." Ex. 75 at 30:21–33:20.

### B. Dr. Rosenberg's Methodology Is Reliable

The FTC's argument that Dr. Rosenberg lacks a reliable methodology fails, both as to his affirmative opinions and his rebuttal opinions.

#### 1. Dr. Rosenberg's Affirmative Opinions Are Based on a Reliable, Experience-Based Methodology

Contrary to the FTC's assertion that Dr. Rosenberg's affirmative opinions are "a black box" (Mot. 7), his report expressly explains that his usability analysis is grounded in "[his] knowledge, skill, experience, training, education, and work in the area of UI design and development over the last 30 years." Dkts. 318-49 at 10; 320-29 at 106:1–109:3. He reviewed Amazon's flows, documents produced in the case, deposition transcripts, discovery responses, usability literature, and examples from widely used websites. *See* Dkt. 318-49 at 10, 52–60. These are precisely the types of inputs that usability experts rely on in evaluating whether an interface is clear, consistent, and learnable—core usability concepts. Ex. 75 at 159:22–160:18 (explaining that "consistency is one of the major tenets of the Norman Nielsen ten usability heuristics"); *see also* Dkt. 320-29 at 170:11–171:2, 186:21–188:21; Ex. 75 at 182:17–183:6; Fed. R. Evid. 703 (expert may base opinion on facts or data on which experts in the field would reasonably rely).

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The FTC first selectively cites deposition snippets to claim that Dr. Rosenberg failed to "explain his methodology." Mot. 6. But his references to the "totality" of his experience are not evasions, but acknowledgments that his expert conclusions stem from integrated professional judgment based on decades of interface design. This is textbook experience-based expert analysis, permitted under Rule 702. *Porter v. Martinez*, 68 F.4th 429, 444 (9th Cir. 2023); *see also Bryant v. Wyeth*, 2012 WL 12135536, *3 (W.D. Wash. Aug. 22, 2012) ("[A] properly qualified expert witness may base his opinion upon his experience"). Courts consistently hold that there is "nothing inherently suspect about [an expert] relying on his experience and knowledge of industry standards." *Cnty. of Maricopa v. Off. Depot Inc.*, 2019 WL 5066808, *21 (D. Ariz. Oct. 9, 2019) (expert permitted to rely on application of substantial industry experience and review of case materials); *Wyatt B. v. Brown*, 2022 WL 3445767, *4 (D. Or. Aug. 17, 2022) ("The Ninth Circuit has held, however, that an expert's opinion may be based on the expert's experience and knowledge of the industry as a whole." (citing *United States v. Laurienti*, 611 F.3d 530, 548 (9th Cir. 2010))).[4]

The FTC next criticizes various aspects of Dr. Rosenberg's approach, but these are all matters for cross-examination. *See, e.g.*, *Smith v. Result Matrix, Inc.*, 2022 WL 2237289, *6 (W.D. Wash. June 22, 2022) (admitting expert opinions on "standard industry practices," and holding that opposing party was "free to cross-examine [the expert] and to challenge the weight afforded his opinion").

For example, the FTC complains that Dr. Rosenberg did not "perform his own think-aloud study or other study." Mot. 2. Of course, "there is no requirement that an expert perform independent testing for his testimony to be reliable." *FTC v. Your Baby Can LLC*, 2014 WL

---

[4] The FTC, selectively quoting testimony regarding Prime cancellation, also wrongly claims that Dr. Rosenberg's reasoning is "often circular" Mot. 7. But Dr. Rosenberg did not simply assert that Prime cancellation is "simple" because it is "widely accepted." *Id.* He testified earlier that his opinion on Prime cancellation's simplicity was based on the multiple entry points to initiate cancellation Ex. 75 at 99:2–22, his education and decades of interface design experience, and comparisons with other e-commerce cancellation flows. Dkt. 320-29 at 100:13–103:21, 105:22–110:10.

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

12789110, *4 (S.D. Cal. Mar. 18, 2014);[5] *In re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334, 363 (N.D. Cal. 2018) (same). Courts routinely hold that "a qualified expert may rely on their visual inspection of evidence to render an opinion." *Updike v. Am. Honda Motor Co. Inc.*, 2024 WL 4182232, *4 (D. Ariz. Sept. 13, 2024) (expert with experience "conducting research, design, testing and evaluating restraint systems" was qualified based on his "knowledge and experience"); *accord State Farm Gen. Ins. Co. v. Techtronic Indus. N. Am., Inc.*, 2024 WL 5317309, *3 (C.D. Cal. Nov. 7, 2024) (expert qualified by training and experience could offer opinions based on visual inspection).

Nor does Dr. Rosenberg's use of Google to identify popular e-commerce websites for reference undermine his methodology. Mot. 6. The purpose of Dr. Rosenberg's search was to find and analyze real-world interface designs to contextualize Amazon's interface, not to produce a statistical sample. Dkt. 318-49 ¶ 22; Dkt. 320-23 ¶¶ 9, 27–66, 169, 171 (explaining that many design elements Dr. Chetty critiques are "widely used across the industry" and "consistent with industry norms" for subscription companies). Moreover, these are classic gripes with the "factual basis of [Dr. Rosenberg's] expert opinion – matters "go[ing] to the credibility of the testimony, not the admissibility." *Bluetooth SIG, Inc. v. FCA US LLC*, 468 F. Supp. 3d 1342, 1349 (W.D. Wash. 2020). The same is true of the FTC's critique that Dr. Rosenberg relied on testimony by Amazon's own former employees to support, in part, opinions that alleged "dark patterns" are simply common marketing practices. Mot. 7; *Pelican Int'l, Inc. v. Hobie Cat Co.*, 655 F. Supp. 3d 1002, 1033 (S.D. Cal. 2023) ("[A]n argument that an expert should have addressed different evidence at best, goes to the weight or credibility of the expert's analysis, not its admissibility." (cleaned up)). Dr. Rosenberg's affirmative opinions are admissible, and any weaknesses can be addressed by "vigorous cross-examination" and "presentation of contrary evidence." *Daubert*, 509 U.S. at 596.

---

[5] In that case, the FTC itself argued that "independent testing is not required by either Rule 702, *Daubert*, or *Daubert* progeny as long as [an expert's] testimony and opinions are based on 'scientifically valid' principles as demonstrated by objective, verifiable evidence." *FTC v. Your Baby Can, LLC et al.*, Case 3:12-cv-02114-DMS-BGS, Dkt. 66 at 11.

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## 2. Dr. Rosenberg's Rebuttal Opinions Are Independently Admissible Under Rule 702

Though the FTC's motion conflates Dr. Rosenberg's rebuttal and affirmative opinions, the former are admissible even if the latter are not. That is because rebuttal experts are permitted to "rely largely on other expert reports" and "point out flaws in their methodologies or conclusions." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 978 F. Supp. 2d 1053, 1069 (C.D. Cal. 2013); *4.0 Acres of Land,* 175 F.3d at 1141 ("role" of rebuttal expert is to "expose flaws").

For this reason, the FTC's attempt to make hay of the fact that Dr. Rosenberg initially referred to his heuristic evaluation as "lightweight" in his deposition (Mot. 2) goes nowhere. In rebutting Dr. Chetty's opinions, Dr. Rosenberg was "not required to generate independent conclusions." *Sinclair Wyoming Ref. Co. v. Infrassure Ltd.*, 2017 WL 11094221, *3 (D. Wyo. May 19, 2017). Dr. Rosenberg's rebuttal methodically exposes weaknesses in Dr. Chetty's cognitive walkthrough and usability study. For example, Dr. Rosenberg (i) critiques her labeling of standard UX elements as "dark patterns" without empirical evidence (Dkt. 320-23 at 13–18, 48–55); (ii) identifies widespread use of comparable interface designs on other retail and subscription websites (*id.* at 22–67); (iii) highlights "alternative and plausible explanations," including that design elements are standard marketing practices (*id.* at 17); (iv) notes Dr. Chetty's "double standard" in evaluating Amazon's enrollment versus cancellation flows (*id.* at 17–18); and (v) explains "methodological flaws" in her study, including subjective coding and lack of real-world validity (*id.* at 73–101). This is precisely the role of a rebuttal expert.

## 3. Dr. Rosenberg's Consideration of Amazon Materials and Testimony Is Proper and Goes to Weight, Not Admissibility

Next, the FTC argues that Dr. Rosenberg's exclusion is warranted because he "uncritically relied" on certain internal Amazon documents and former employee testimony. Mot. 5–6. But courts have consistently held that "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility." *Bluetooth SIG, Inc.*, 468 F. Supp. 3d at 1349; *In re Arris Cable*, 327 F.R.D. at 364 (complaint that expert based opinion on "cherry-picked" documents was

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

a matter for cross-examination).

The FTC's assertion that an expert may not cite witness testimony unless he "fully understands" all case facts is also meritless. Mot. 8. This statement in *Powell v. Anheuser-Busch Inc.*, 2012 WL 12953439, *6 (C.D. Cal. Sept. 24, 2012) addresses situations where an expert fails to consider key, unfavorable depositions. *Id.* Dr. Rosenberg, by contrast, did consider adverse deposition testimony, including the FTC's 30(b)(6) witness, multiple former Amazon UX researchers or designers who are included in the FTC's expert disclosures, and consumer complainants disclosed by the FTC. Dkts. 318-49 at 57–58; 320-23 at 115–116.

In sum, even if there were "flaws in the underlying data" Dr. Rosenberg used, this "goes to the weight that should be afforded to [his] expert opinions, rather than the admissibility." *Fair v. King Cnty.*, 2025 WL 1031274, *8 (W.D. Wash. Apr. 7, 2025) (Chun, J.) (quoting *Hangarter*, 373 F.3d at 1017).

**C.    Dr. Rosenberg's Opinions Are Relevant and Will Assist the Trier of Fact**

"The relevancy bar [for expert testimony] is low, demanding only that the evidence 'logically advances a material aspect of the proposing party's case.'" *Messick*, 747 F.3d at 1196. While the FTC claims that Dr. Rosenberg's opinions are "irrelevant and confusing" and that he "fixates on the wrong questions" (Mot. 12), Dr. Rosenberg's opinions go directly to core disputed issues: whether Amazon's disclosures and flows were clear, transparent, and simple, or misleading and confusing. *See, e.g.*, Dkts. 314 (FTC MSJ Motion) at 48–64; 327-10 ¶¶ 154, 179 ("the design of the enrollment interfaces does not make it clear to consumers that they are enrolling in Prime"), 213 (cancellation flow was "not simple to find").

*First*, Dr. Rosenberg's opinions about "dark patterns" and how they are defined counter the FTC's allegations. The FTC argues that whether Amazon's flows contain "dark patterns" is not itself "dispositive." Mot. 12. Yet it was ***the FTC*** that introduced the concept of "dark patterns" as a key plank of its liability theories. FAC ¶¶ 2, 8, 231. And the FTC continues to advance a theory that consumers "as a result of dark patterns, unintentionally select an option to enroll in Prime" and "do not successfully cancel online as a result of dark patterns." Dkt. 327-10

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

at 1. In fact, the FTC's expert, Dr. Chetty, refers to "dark patterns" ***over 120 times*** in her affirmative report alone, labels herself a "leading expert in the area of dark patterns," and claims Amazon's flows contain numerous alleged "dark patterns." *See generally id.*; ¶¶ 5, 55. Moreover, Dr. Rosenberg's opinion that there is no clear definition of "dark patterns" is not "stuck on nomenclature" (Mot. 12)—rather, as Dr. Rosenberg explains, the "lack of clarity" in how "dark patterns" are defined "calls into question the reliability of current methods for identifying and evaluating these practices." Dkt. 318-49 ¶ 43; *see In re Toyota Motor Corp.,* 978 F. Supp. 2d at 1069 (rebuttal expert "may rely largely on other expert reports" and "point out flaws"). The FTC cannot now claim that it is "confusing" for Dr. Rosenberg to rebut its own central theory.

*Second*, the FTC argues that Dr. Rosenberg's testimony on industry norms and common interface designs amounts to a "complaint that everybody is doing it" and will "confus[e] the jury." Mot. 14. This argument misunderstands his opinions. As Dr. Rosenberg opines, the fact that Amazon's practices aligned with common interface designs goes directly to whether a reasonable consumer would be misled or confused. Dkt. 320-29 at 102:13–103:21, 170:11–25; Ex. 75 at 181:7–25 (discussing consistency and learnability of interface conventions). Dr. Rosenberg explained that "most people learn a website from using previous websites"—thus, evidence that a design is a "common pattern that one sees over and over again" tends to show that it would not confuse a reasonable consumer. Dkt. 320-29 at 170:11–25. For this reason, courts routinely admit expert testimony about industry practices to provide context for claims of consumer deception or manipulation. *See, e.g., Morales v. Kraft Foods Grp., Inc.*, 2016 WL 11743532, *13 (C.D. Cal. Dec. 2, 2016) (industry norms and "common industry marketing" are relevant to whether a particular phrase or label is not misleading to a reasonable consumer); *Rooney v. Cumberland Packing Corp.*, 2012 WL 1512106, *4 (S.D. Cal. Apr. 16, 2012) (same).

*Third*, the FTC incorrectly claims that "Rosenberg opines that consumers likely were not deceived because Defendants might not have intended to mislead them." Mot. 13. He does no such thing. The single sentence at issue reads: "Regulatory and academic discussions often conflate user outcomes with designer intent, assuming that any behavior deviating from a user's

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

actions is the result of manipulation." *Id*. This is not a legal conclusion or an opinion about Amazon's "intent"—much less an opinion that consumers "likely were not deceived" because of Amazon's "intent." *Id.* In this topic sentence, Dr. Rosenberg simply makes clear that the subsequent opinions rebut the wrongheaded idea that a design is "manipulative" if a user behaves in a certain way. *See, e.g.,* FAC ¶¶ 2, 8, 231; Ex. 63 ¶¶ 34, 39–47; Dkt. 327-10 ¶¶ 115, 282.

*Fourth*, Dr. Rosenberg does not offer opinions on whether Amazon "violated" ROSCA or whether its flows were lawful. Mot. 14. Rather, in response to Dr. Chetty's opinions, he applies usability heuristics to assess whether the interface design was "clear," "simple," and consistent with usability principles. *See, e.g*., Dkt. 320-23 ¶¶ 75–80 (critiquing Chetty's opinions on whether interfaces were "clear" or "unclear"; *see* Dkt. 327-10 at 55; ¶¶ 147, 154, 172 (enrollment flow clarity); ¶¶ 211, 212, 285 (cancellation process simplicity). If Dr. Chetty is permitted to offer these opinions, then Dr. Rosenberg's directly responsive rebuttal opinions should be admitted. *Hangarter*, 373 F.3d at 1016 (expert may testify in terms that "embrace[] an ultimate issue" provided they do not seek to instruct the jury on the law).

## V.   CONCLUSION

The FTC's motion should be denied in its entirety because all its objections to Dr. Rosenberg's opinions go to weight, not admissibility.

DATED this 17th day of June, 2025.

I certify that this memorandum contains 4,200 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: kenpayson@dwt.com
           jimhoward@dwt.com

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1                                            COVINGTON & BURLING LLP

2                                                Stephen P. Anthony*
                                                    Laura Flahive Wu*
3                                                Laura M. Kim*
                                               John D. Graubert*
4                                                850 Tenth Street, NW
                                               Washington, DC 20001
5                                                Telephone: (206) 662-5105
                                               E-mail: santhony@cov.com
6                                                                            lflahivewu@cov.com
7                                                                            lkim@cov.com
                                                                           jgraubert@cov.com
8
                                               John E. Hall*
9                                                415 Mission Street, Suite 5400
                                               San Francisco, CA 94105
10                                            Telephone: (415) 591-6855
                                           E-mail: jhall@cov.com
11
                                           Megan L. Rodgers*
12                                          3000 El Camino Real
                                         Palo Alto, CA 94306
13                                        Telephone: (650) 632-4734
                                       E-mail: mrodgers@cov.com
14
                                   Anders Linderot*
15                                  620 Eighth Avenue
                                 New York, NY 10018
16                                  Telephone: (212) 841-1000
                                 Email: alinderot@cov.com
17 HUESTON HENNIGAN LLP

18                                  John C. Hueston*
                                 Moez M. Kaba*
19                                  Joseph A. Reiter*
                                 523 West 6th Street, Suite 400
20                                  Los Angeles, CA 90014
                                 Telephone: (213) 788-4340
21                                  E-mail: jhueston@hueston.com
                                             mkaba@hueston.com
22                                              jreiter@hueston.com

23 *admitted pro hac vice

24 Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI,
25 AND JAMIL GHANI

26

27

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
DEFS.' EXPERT CRAIG ROSENBERG, PH.D.
(2:23-cv-0932-JHC) – 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax