The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>        Defendants. | No. 2:23-cv-0932-JHC<br><br>DEFENDANTS' OPPOSITION TO FTC'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JAMES C. COOPER<br><br>NOTED ON MOTION CALENDAR:<br>June 24, 2025<br><br>ORAL ARGUMENT REQUESTED |

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................1

II. BACKGROUND ..............................................................................................................2

III. LEGAL STANDARD.......................................................................................................3

IV. ARGUMENT ....................................................................................................................4

    A. Professor Cooper's Opinions Are Relevant to Civil Penalties .............................4

    B. Professor Cooper's Opinions Are Reliable............................................................6

    C. Professor Cooper Opines on Issues of Fact, Not Law ..........................................9

V. CONCLUSION...............................................................................................................11

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

I.    INTRODUCTION

Although the Court should rule that civil penalties are unavailable, *see* Dkt. 319 § III.F, if it does not do so, a jury will decide whether Defendants knew or should have known that their conduct violated the Restore Online Shoppers' Confidence Act ("ROSCA"). *See* 15 U.S.C. § 45(m)(1)(A). Professor James Cooper's expert testimony will help the jury make that determination. Using a straightforward and reliable case-coding methodology, and guided by his expertise as an economist and former FTC official, Professor Cooper reviewed relevant public guidance to evaluate what a reasonable market participant should have known about what ROSCA required. Professor Cooper's empirical analysis reveals that, compared to prior public guidance, the FTC's allegations in this case are novel and unprecedented. That finding indicates that, prior to the filing of this case, Defendants could not have had "actual knowledge or knowledge fairly implied on the basis of objective circumstances" that the Prime flows violated ROSCA. *Id*. It is essential for the jury to hear this information, and none of the FTC's arguments for exclusion succeeds.

*First*, the FTC's "relevance" argument fails because Professor Cooper's evaluation of prior public guidance is directly relevant to a central question in this case: whether Defendants knew or reasonably should have known that their alleged conduct violates ROSCA. *See FTC v. Amazon.com, Inc.*, 2025 WL 592998, *5 (W.D. Wash. Feb. 24, 2025) ("Whether Wisconsin Bell's interpretation of the LCP rule was reasonable depends on the statutes, regulations, *and the official, public statements regarding the rule*." (emphasis added) (quoting *United States v. Wis. Bell, Inc.*, 2020 WL 13048895, *2 (E.D. Wis. Oct. 29, 2020)).

*Second*, the FTC does not demonstrate that Professor Cooper's opinions are "so fundamentally unsupported that [they] can offer no assistance to the finder of fact," as they must be to be excluded as unreliable. *United States v. Newmont USA Ltd.*, 2007 WL 4856859, *2 (E.D. Wash. Nov. 16, 2007). Professor Cooper is an economist and professor who teaches a doctorate-level course that covers ROSCA, and he reached his conclusions through straightforward application of a peer-reviewed case-coding methodology. That is more than

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

sufficient to meet the bar for reliability, and the FTC's arguments to the contrary all go to weight not admissibility.

*Third*, the FTC mischaracterizes four of Professor Cooper's opinions as legal conclusions, but none of Professor Cooper's opinions reaches the ultimate issues of law in this case—what ROSCA requires, and whether Amazon's flows violate ROSCA. Rather, Professor Cooper opines only on an issue of fact: what a reasonable market participant *should have known* about ROSCA's requirements. *See SEC v. Ripple Labs, Inc.*, 2023 WL 5670711, *18 (S.D.N.Y. Mar. 6, 2023) (admitting expert opinion that "a reasonable buyer or seller of [cryptocurrency] would not expect it to be classified as a security for federal income tax purposes").

## II.     BACKGROUND

The FTC may recover civil penalties only if it proves Defendants acted "with actual knowledge or knowledge fairly implied on the basis of objective circumstances" that their actions were prohibited by ROSCA. 15 U.S.C. § 45(m)(1)(A); *see also* Dkt. 69 ("Compl.") ¶¶ 6, 17, 177-87, 260, 274, 277, 280. Defendants' knowledge is a question of fact, so if the Court denies Defendants' motions for summary judgment, a jury will determine whether Defendants knew or reasonably should have known that their alleged conduct violated ROSCA. *United States v. Dish Network, L.L.C.*, 754 F. Supp. 2d 1002, 1003 (C.D. Ill. 2010) (finding a jury trial right on the issue of liability for civil penalties under 15 U.S.C. § 45(m)(1)(A)).

Professor Cooper speaks directly to this issue. He has a PhD in economics and is a law professor at George Mason University, where he teaches courses on law and economics and consumer-protection law, including ROSCA. Dkt. 317-23 ¶¶ 1, 2, 7. As part of his scholarship, Professor Cooper uses a case-coding methodology "to employ empirical methods to examine trends and relationships between case outcomes and various factors." *Id.* ¶ 5; Ex. 74[1] at 164:20-21 ("It's a very common methodology ... in the field of law and economics."); Dkt. 317-23 ¶ 19 nn. 6-7 (citing publications). This methodology is straightforward and easily replicable:

---

[1] "Ex." refers to exhibits attached to the May 27, 2025 Omnibus Declaration of Joseph Reiter (Dkt. 329) (Exs. 1-59) or the June 17, 2025 Omnibus Declaration of Joseph Reiter (Exs. 60-134) unless stated otherwise.

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Complaints are coded as a "1" if they contain a certain type of allegation or "0" if they do not contain that certain type of allegation. Dkt. 317-23 ¶ 19; Ex. 74 at 164:5-14.

Professor Cooper performed this analysis on prior ROSCA complaints, which he coded based on the presence or absence of common factual allegations. Dkt. 317-23 ¶¶ 95-101 (describing methodology). Specifically, Professor Cooper "categorized cases based upon which provisions of ROSCA the defendants were alleged to have violated," *id.* ¶ 97, and "coded the specific conduct alleged to have caused the violation." *Id.* Professor Cooper observed, for example, that 54% of ROSCA complaints filed "prior to March 2021 contain indicia of a fraudulent scheme to deceive consumers," *id.* ¶ 104, and that 72% of FTC ROSCA complaints filed prior to March 2021 allege a "failure to honor effective cancellation," *id.* ¶ 112—allegations absent from the complaint in this case. Professor Cooper then compared these results with the FTC's allegations in this case. *See, e.g.*, *id.* ¶¶ 146-50.

Based on this analysis and his expertise, Professor Cooper concludes that, "[p]rior to March 2021, a reasonable market participant would have expected to be in compliance with ROSCA unless one of [certain] conditions were met," *id.* ¶ 213 (listing conditions); that "[t]he allegations in the FTC's complaint against Amazon in this case represent an unpredictable departure from this prior guidance," *id.* ¶ 214; and that "a reasonable market participant prior to March 2021 would not have anticipated that the facts alleged in the Amazon complaint would violate ROSCA." *Id.* ¶ 215.

### III.    LEGAL STANDARD

"Rule 702 should be applied with a 'liberal thrust' favoring admission." *Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC*, 2024 WL 3582366, *2 (W.D. Wash. July 30, 2024) (quoting *Messick*, 747 F.3d at 1196). "Accordingly, the Ninth Circuit has emphasized that the gatekeeping function is meant to 'screen the jury from unreliable nonsense opinions, but not to exclude opinions merely because they are impeachable.'" *In re Roundup Prods. Liab. Litig.*, 390 F. Supp. 3d 1102, 1113 (N.D. Cal. 2018) (quoting *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013)). "That is because '[v]igorous cross-examination,

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id.* (alteration in original) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993)).

## IV. ARGUMENT

### A. Professor Cooper's Opinions Are Relevant to Civil Penalties

Professor Cooper's opinions are relevant to the FTC's factual allegation that Defendants acted with "actual knowledge or knowledge fairly implied on the basis of objective circumstances that their actions are unfair or deceptive and are prohibited by ROSCA." Dkt. 69 ¶ 260; *see* 15 U.S.C. § 45(m)(1)(A). This is "a variation on an ignorance-of-the-law defense; a business can be liable only if it either knew that the act was unlawful or if it should have known the act was unlawful." *United States v. Dish Network L.L.C.*, 954 F.3d 970, 978 (7th Cir. 2020) (citing *Jerman v. Carlisle*, *McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 583-84 (2010)).

Professor Cooper's testimony undercuts the FTC's theory that Defendants knew or should have known that their conduct was unlawful. Having compared "the factual allegations of prior FTC ROSCA complaints with the factual allegations in the Amazon matter," Dkt. 318-45 at 129:15-18, Professor Cooper concludes that "a reasonable market participant prior to March 2021 would not have anticipated that the facts alleged in the Amazon complaint would violate ROSCA." Dkt. 317-23 ¶ 215. This conclusion is directly relevant to the civil-penalties knowledge standard as the Court has articulated it: "A defendant is responsible" for violating a rule with actual or implied knowledge "*where a reasonable person under the circumstances would have known of the existence of the provision and that the action charged violated that provision.*" *FTC v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297, 1332 (W.D. Wash. 2024) (emphasis added) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139 (4th Cir. 1996)).

The FTC appears to acknowledge that Professor Cooper's testimony bears on the issue of implied knowledge, *see* Dkt. 313 at 10 ("At best, Professor Cooper's expert opinion could only be offered as to the issue of 'implied knowledge.'"), but cites *Wyndham Worldwide* for the proposition that Professor Cooper's opinions are nonetheless still irrelevant because "[i]mplied

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

knowledge only pertains to what the statute (i.e., the FTC Act and ROSCA) requires." *Id.* (citing *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 253-54 (3d Cir. 2015)). Not so. Not only is *Wyndham* not binding, but it is also inapplicable because it dealt with due process and fair notice arguments and did not address implied knowledge and civil penalties. *Wyndham Worldwide Corp.*, 799 F.3d at 253-54. The same goes for the FTC's citations to the Court's holdings in this case: None reference 15 U.S.C. § 45(m)(1)(A) or its "knowledge fairly implied" language. *See, e.g.*, Dkt. 313 at 10 (quoting *Amazon.com, Inc.*, 735 F. Supp. 3d at 1330-31).

To the contrary, the Court's rulings undermine the FTC's motion, as they make clear that implied knowledge turns on whether "a reasonable person under the circumstances would have known of the existence of the provision and that the action charged violated that provision." *Amazon.com, Inc.*, 735 F. Supp. 3d at 1332 (quoting *Nat'l Fin. Servs., Inc.*, 98 F.3d at 139); *see also Nat'l Fin. Servs., Inc.*, 98 F.3d at 139 (considering defendants' "extensive interaction with the FTC concerning how to comply with" the law); *Jerman*, 559 U.S. at 584 (relying on statutory analog that permits defendants to "demonstrate[] ... reasonable grounds for believing that [an] act or omission was not a violation of the [law]"). Professor Cooper's testimony is directly relevant to that standard.[2]

The FTC also argues that Professor Cooper's review of non-ROSCA guidance renders his opinion irrelevant to Defendants' knowledge. Dkt. 313 at 10-11. But the FTC has itself acknowledged that these non-ROSCA sources "provide guidance to the industry" on what ROSCA requires. *See, e.g.*, Ex. 65 at 763:13-766:3 (FTC 30(b)(6) witness admitting that the Dot Com Disclosures, which do not discuss ROSCA, provide "guidance relating to clear and conspicuous online disclosures pursuant to various laws that the FTC enforces," including ROSCA); Dkt. 317-23 ¶¶ 117-22 (reviewing Dot Com Disclosure guidance); *cf. United States v. Stratics Networks, Inc.*, 721 F. Supp. 3d 1080, 1101 (S.D. Cal. 2024) (FTC relying on press releases and letters to third parties to show defendant "plausibly had knowledge" of law's

---

[2] The FTC's Rule 30(b)(6) designee admitted that "prior enforcement actions themselves are more of a window into ... the kind of behaviors ... that are of concern." Ex. 2 at 209:8-10.

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

requirements). In any event, any argument that Professor Cooper's analysis is overinclusive does not affect the admissibility of his opinion. *See, e.g.*, *Bluetooth SIG, Inc. v. FCA US LLC*, 468 F. Supp. 3d 1342, 1349 (W.D. Wash. 2020) ("[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." (quotation omitted)).

Because Professor Cooper's opinions far exceed the "low" bar for relevance, the FTC's argument for exclusion fails. *Fair v. King Cnty.*, 2025 WL 1031274, *3 (W.D. Wash. Apr. 7, 2025) (Chun, J.) (quoting *Messick*, 747 F.3d at 1196).

### B. Professor Cooper's Opinions Are Reliable

The FTC next argues Professor Cooper's opinions are unreliable, asserting that Professor Cooper lacks sufficient ROSCA-specific expertise and fails to sufficiently describe his case-coding methodology. Dkt. 313 at 11-13. These arguments misstate the record and, in any event, fall well short of demonstrating that Professor Cooper's opinions are "so fundamentally unsupported that [they] can offer no assistance to the finder of fact," as they must be to be excluded as unreliable. *Newmont USA Ltd.*, 2007 WL 4856859, *2; *Peña v. Clark Cnty.*, 2023 WL 3293093, *5 (W.D. Wash. May 5, 2023) (same).

*First*, the extent to which Professor Cooper "specializes" in ROSCA does not affect the admissibility of his testimony. *Bates v. King Cnty.*, 2007 WL 1412889, *3 (W.D. Wash. May 9, 2007) ("[A]ny lack of particularized expertise goes to the weight of [the] testimony, not its admissibility."); *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 318 F. Supp. 2d 879, 915-16 (C.D. Cal. 2004) (holding that a "lack of sub-specialization does not render" the testimony of an expert in the general field inadmissible and instead "affects the weight of his testimony and not its admissibility"); *Finkelstein v. Prudential Fin. Inc.*, 2023 WL 6970280, *4 (D. Ariz. Oct. 23, 2023) ("Courts typically do not require that an expert be a specialist, but instead require that the expert 'be of a certain profession, such as a doctor.'" (quoting *Doe v. Cutter Biological, Inc.*, 971 F.2d 375, 385 (9th Cir. 1992))).

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Regardless, Professor Cooper has significant expertise regarding ROSCA and its requirements. Among other things, Professor Cooper teaches a semester-long, doctorate-level course on consumer protection law, which covers FTC enforcement actions and ROSCA. Ex. 74 at 14:6-21, 17:4-18:8, 19:11-20:4; 30:2-10; Dkt. 317-23 ¶ 17. That course addresses not only ROSCA itself, but also "the underlying ... concepts that are related to ROSCA," including the standard for "clear and conspicuous" disclosures. Ex. 74 at 20:13-21:2.[3] Likewise, Professor Cooper's nine years of experience working on consumer-protection cases at the FTC, and his consulting work on ROSCA cases in the private sector, contribute to his expertise. Dkt. 317-23 App. C at 1-2; Ex. 74 at 41:18-42:4; Dkt. 317-23 ¶ 14.

*Second*, Professor Cooper's report thoroughly details his case-coding methodology, which is commonly used in peer-reviewed publications in the field of law and economics. Specifically, Professor Cooper explained that he read ROSCA complaints and "extracted information from the complaints and categorized th[o]se [complaints] as either containing or not containing certain elements," and he "coded each field of information with a '1' when a document contained the element and a '0' otherwise." Dkt. 317-23 ¶ 19; Ex. 74 at 164:5-14. This exercise is neither opaque nor subjective; as Professor Cooper explained during his deposition: "I'm looking for factual allegations. ... I'm not deciding whether the allegation is false or incomplete. I'm merely reading what the FTC alleged." *Id.* at 180:8-181:1; *see also id.* at 181:20-182:2 (describing his process as "reading the words and reviewing any exhibits or attachments that were associated with the complaint"), Dkt. 318-45 206:7-8 (similar); Dkt. 317-23 ¶¶ 95-101 (describing methodology); *id.* ¶ 19 nn. 6-7 (citing publications that use the case-coding methodology, including Jonah B. Gelbach, *Material Facts in the Debate over Twombly and Iqbal*, 68 STAN. L. REV. 369 (2016) & Christina L. Boyd & David A. Hoffman, *Litigating Toward Settlement*, 29 J. L. ECON. & ORG. 898 (2013)).

---

[3] The FTC has acknowledged that the "oft-invoked legal concept[]" of "clear and conspicuous," Dkt. 315 at 78, in other consumer-protection contexts is relevant to "understand[ing] ... what the terms in ROSCA mean." *See, e.g.*, Ex. 64 at 151:3-8 ("To the extent that what you're trying to understand is ... what the terms in ROSCA mean, there's lots of case law, lots of FTC case law regarding clear and conspicuous, material terms, those types of things.").

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Professor Cooper's methodology was guided by his training and expertise. He explained that he identified allegations based on his expertise, familiarity with the text of ROSCA, "the clear and conspicuous disclosure, express affirmative consent, and simple cancellation method[]" requirements, and "reading the cases and seeing patterns in the cases and commonalities in the complaints." Ex. 74 at 185:6-15; Dkt. 317-23 ¶¶ 1-16 (reciting qualifications), 212 ("Based on (1) my expertise as an economist and law professor who studies and teaches consumer protection law, including ROSCA, and my experience as a former senior-level employee of the FTC; and (2) my analysis of relevant guidance on how the FTC enforces ROSCA and the complaint in the current case, I have formed the following opinions."). This is more than sufficient to meet the bar for admissibility. *See, e.g.*, *Fair*, 2025 WL 1031274, *5 (Chun, J.) (finding expert testimony reliable where expert "explains the basis for her opinions, including her 'knowledge, education, ... training, and ... experience'" and her "careful review and evaluation of the case material").[4]

The FTC's final criticism of Professor Cooper's methodology is that "he applied [it] inconsistently" because his search for "dark patterns" was limited to the express term "dark patterns" and because he considered consent orders only in coding complaint allegations of fraud. Dkt. 313 at 12-13. But the FTC has not defined "dark patterns" clearly enough to enable Professor Cooper to search for them beyond the express term "dark patterns." Dkt. 317-23 ¶ 148 (explaining that the "concept of 'dark patterns' is inherently subjective and thus unpredictable"). Even if it had, doing so would have been entirely redundant to Professor Cooper's identification and coding of other alleged deficiencies. *Id.* ¶ 154 ("In other words, the FTC did not identify any expansion of ROSCA's requirements, but instead simply restated existing ROSCA requirements

---

[4] To support each of these interrelated reliability challenges, the FTC cites only two cases. *See* Dkt. 313 at 12 (citing *Moussouris v. Microsoft Corp.*, 311 F. Supp. 3d 1223, 1246 (W.D. Wash. 2018) & *Erwin v. OBI Seafoods, LLC*, 2024 WL 553697, *3 (W.D. Wash. Feb. 12, 2024)). Each is inapposite and, by contrast, emphasizes the reliability of Professor Cooper's methodology. *Moussouris*, 311 F. Supp. 3d at 1246-47 (finding expert failed to "adequately specif[y] the method by which she arrived at her conclusions" where she "proffer[ed] nothing more" than testimony "that, based upon her experience, the number of complaints at Microsoft is not unusual for a company of Microsoft's size" and did "not explain how her experience le[d] her to that conclusion" and did not "provide any additional detail"); *Erwin*, 2024 WL 553697, *2 (finding unreliable expert testimony alleged to "lack[] any foundation or evidentiary support beyond [expert's] personal, rather than professional opinions").

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

with new language."). Regarding consent orders, Professor Cooper explained that he reviewed ROSCA consent orders but discounted them in his analysis because "they are a private agreement between the FTC and the defendant" and provide "limited information as to ... what a reasonable market participant would believe they needed to do to comply with ROSCA." Ex. 74 at 152:11-21, 158:12-159:1 ("I did review the orders" and "nearly all of the ROSCA consent orders contain an example of fencing in relief."), 160:15-19 (similar); Dkt. 317-23 ¶ 17 n.5 (describing "fencing in relief" and how consent orders "set behavioral remedies above the floor of legality"). Moreover, Professor Cooper properly declined to code consent orders along with FTC complaints because it remains unclear "how an order resolving a ROSCA action would help [him] code a case as to whether there was a *certain allegation* in that case." Dkt. 318-45 at 227:8-11 (emphasis added). None of these criticisms present issues of admissibility. *Fair*, 2025 WL 1031274, *9 (Chun, J.) ("Moreover, any argument that [expert's] opinion should be excluded because of the size of the data set or flaws in the underlying data used to form his opinion goes to the weight that should be afforded to [his] expert opinions, rather than the admissibility of his testimony.").

### C. Professor Cooper Opines on Issues of Fact, Not Law

Finally, the FTC seeks to exclude four of Professor Cooper's opinions on the basis that they constitute legal conclusions. Dkt. 313 at 13-15. They do not. Although experts are typically prohibited from "giv[ing] an opinion as to [their] *legal conclusion*, i.e., an opinion on an ultimate issue of law," *Fair*, 2025 WL 1031274, *8 (Chun, J.) (emphasis in original) (citation omitted), "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter v. Provident Life & Accs. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (quotation omitted).

That is exactly what Professor Cooper does. None of his opinions reaches the ultimate issues of law in this case: what ROSCA requires and whether Amazon's flows violate ROSCA.

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Professor Cooper's opinions do not attempt to establish the legal requirements of ROSCA or "apply them to the facts of th[e] case; discuss the parties' specific legal rights and duties under the law; [or] determine whether any conduct violated [ROSCA]." *Morrison v. Wash.*, 2023 WL 5287647, *7 (W.D. Wash. Aug. 17, 2023) (Chun, J.) (citing *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)). Rather, Professor Cooper's opinions result from a straightforward comparison of the FTC's allegations in this case to the FTC's allegations in prior complaints. Dkt. 318-45 at 129:15-18. And although Professor Cooper notes that some of the FTC's allegations in this case are novel or more stringent compared to the FTC's allegations in prior complaints, Professor Cooper never opines whether these novel allegations are violations of ROSCA; he merely observes their novelty. *Speicher v. Union Pac. R.R.*, 2009 WL 250026, *2 (W.D. Wash. Feb. 2, 2009) (rejecting similar challenge as "muddl[ing] *legal conclusions/ultimate issues of law* with *ultimate issues to be decided by the trier of fact* as if they were one and the same" (emphasis in original)).

In a particularly apposite case, a court admitted similar testimony from a law professor reviewing "legal taxation authority," finding that none had classified a cryptocurrency "as a security for federal income tax purposes," and concluding that "a reasonable buyer or seller of [the cryptocurrency] would not expect it to be classified as a security for federal income tax purposes." *SEC v. Ripple Labs, Inc.*, 2023 WL 5670711, *18 (S.D.N.Y. Mar. 6, 2023). Similarly, Professor Cooper reviewed FTC ROSCA complaints filed prior to March 2021, Dkt. 317-23 ¶¶ 95-101, summarized his findings, *id.* ¶¶ 102-14, and compared those findings with the FTC's allegations in this case, *id.* ¶¶ 146-50, to reach a conclusion regarding what a reasonable market participant could have known during the relevant period.

In any event, even if Professor Cooper's opinions constituted legal conclusions (they do not), they would still be admissible. Where, as here, a complex regulatory framework presents an issue of fact, courts routinely admit expert testimony to assist the jury. *See, e.g.*, *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011) ("Indeed, courts and commentators have consistently concluded that expert testimony that ordinarily might be excluded on the ground that it gives

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

legal conclusions may nonetheless be admitted in cases that involve highly technical legal issues."); *United States v. Orellana*, 833 Fed. App'x. 98, 100 (9th Cir. 2020) (acknowledging "instances in rare, highly complex and technical matters where a trial judge, utilizing limited and controlled mechanisms, and as a matter of trial management, permits some testimony seemingly at variance with the general rule" (quoting *Flores v. Ariz.*, 516 F.3d 1140, 1166 (9th Cir. 2008), *rev'd on other grounds*, *Horne v. Flores*, 557 U.S. 433 (2009))).[5]

## V.    CONCLUSION

Because Professor Cooper's testimony is relevant and reliable and does not reach the ultimate issues of law in this case, the Court should deny the FTC's motion to exclude his testimony.

DATED this 17th day of June, 2025.

I certify that this memorandum contains 4,018 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
           jimhoward@dwt.com

---

[5] The FTC takes another passing swipe at the relevance of Professor Cooper's "statistical analysis." Dkt. 313 at 14-15. But unlike the FTC's case, Professor Cooper is not "present[ing] a historical summation with no specialized expertise or experience in evaluating such documents" or "provid[ing] a general recitation of surrounding regulations" or failing to exceed "the common knowledge of the average layperson." *City of Seattle v. Monsanto Co.*, 2023 WL 5952051, *12 (W.D. Wash. Sept. 13, 2023). By contrast, as discussed above, Professor Cooper's testimony is relevant, reliable, and limited to fact issues.

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
          lflahivewu@cov.com
          lkim@cov.com
          jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Email: alinderot@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
          mkaba@hueston.com
          jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

DEFS.' OPP. TO FTC'S MOT. TO EXCLUDE
EXPERT TESTIMONY OF JAMES C. COOPER
(2:23-cv-0932-JHC) – 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax