The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>Defendants. | Case No. 2:23-cv-0932<br><br>**STIPULATED MOTION TO SEAL PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND TO EXCLUDE EXPERT WITNESS TESTIMONY**<br><br>NOTE ON MOTION CALENDAR:<br>June 17, 2025 |

Pursuant to Local Civil Rule 5(g), Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") and Defendant Amazon.com, Inc. ("Defendant" or "Amazon") respectfully jointly move the Court to seal certain documents, or excerpts thereof, cited in Plaintiff's Opposition to Defendants' Motions for Summary Judgment (the "MSJ Opposition") and Plaintiff's Oppositions to Defendants' motions to exclude testimony of certain of Plaintiff's proposed expert witnesses (the "*Daubert* Oppositions") (collectively, the "Oppositions"). In support of this Stipulated Motion, Plaintiff and Defendant state as follows.

STIPULATED MOTION TO SEAL
PLAINTIFF'S OPPOSITION TO SUMMARY
JUDGMENT AND *DAUBERT* MOTIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

1. On May 27, 2025, the FTC filed under seal unredacted versions of the Oppositions and the accompanying Declaration of Evan Mendelson ("Mendelson Declaration"). The FTC also has filed redacted, public versions of these materials.

2. The FTC and Amazon jointly move to seal materials cited in the Opposition, which are identified in the chart below and attached to the Mendelson Declaration. The proposed sealed portions are highlighted in blue in the unredacted Oppositions and the exhibits attached to the unredacted Mendelson Declaration, all of which are being filed under seal.

3. The Court's Protective Order (ECF No. 124 ¶ 5.4) and Local Rule 5(g)(3)(B) require that the Party seeking to file information under seal provide (1) a statement of the applicable legal standard, (2) the legitimate private or public interests that warrant the relief sought, (3) the injury that will result if the relief sought is not granted, and (4) why a less restrictive alternative to the relief sought is not sufficient. Amazon submits paragraphs 4-7 in accordance with these requirements.

4. A party seeking to seal documents attached to a non-dispositive motion need only show "good cause" to keep the documents from public view because "the public has less of a need for access to court records attached only to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("good cause" standard applies to non-dispositive motion unrelated to the merits of the case). The *Daubert* Motions are non-dispositive motions. To show good cause, the moving party must articulate a specific harm that would occur if the subject information was made public. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). The Court may seal documents attached to dispositive motions when

STIPULATED MOTION TO SEAL  
PLAINTIFF'S OPPOSITION TO SUMMARY  
JUDGMENT AND *DAUBERT* MOTIONS  
Case No. 2:23-cv-0932

Federal Trade Commission  
600 Pennsylvania Avenue NW  
Washington, DC 20580  
(202) 326-3320

2

a party provides a compelling reason to keep information out of public view. *Kamakana*, 447 F.3d at 1178. Under the heightened "compelling reasons" standard, courts have long recognized that "business information that might harm a litigant's competitive standing" should be sealed. *See, e.g.*, *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598 (1978).

5. Amazon's legitimate business interests warrant the relief sought. Amazon seeks to seal only limited confidential business information, such as internal metrics and proprietary internal analyses, similar to those described in Amazon's declaration in support of its earlier motion to seal. *See* ECF No. 42. This Court granted a motion to seal similar information under a heightened "compelling reasons" standard in this case. *See* ECF No. 79. This Court also granted a motion to seal similar information under the "good cause" standard applicable to discovery motions. *See* ECF No. 164. The limited information that Amazon seeks to seal thus easily satisfies the applicable standards. For the Sealed Material, Amazon further takes the following positions:

| Document | Amazon's Position |
|---|---|
| Hills Dep. Ex. 2 (Attachment 152 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Hills Dep. Ex. 3 (Attachment 153 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Hills Dep. Ex. 4 (Attachment 154 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Hills Dep. Ex. 5 (Attachment 155 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Hills Dep. Ex. 6 (Attachment 156 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |

STIPULATED MOTION TO SEAL
PLAINTIFF'S OPPOSITION TO SUMMARY
JUDGMENT AND *DAUBERT* MOTIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

3

| Document | Amazon's Position |
|---|---|
| Johnson Dep. Ex. 5 (Attachment 165 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Johnson Dep. Ex. 7 (Attachment 166 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Kim Dep. Ex. 27 (Attachment 177 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Kim Dep. Ex. 28 (Attachment 178 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| FTCAMZN_0016534 (Attachment 180 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| AMZN-PRM-FTC-000286836 (Attachment 181 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| AMZN-PRM-FTC-001168367 (Attachment 193 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Excerpt from AMZN_00095809 (Attachment 159 to Mendelson Declaration) | Proposed redactions are necessary to protect personally identifiable content. |
| Expert Report of Neale Mahoney (Attachment 215 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Excerpts from AMZN-PRM-FTC-000346785 (Attachment 202 to Mendelson Declaration) | Proposed redactions are necessary to protect personally identifiable content. |
| Excerpts from Deposition of Reid Nelson (Attachment 214 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| Excerpts from Deposition of David Edelstein (Attachment | Proposed redactions are necessary to protect highly sensitive commercial information. |

STIPULATED MOTION TO SEAL
PLAINTIFF'S OPPOSITION TO SUMMARY
JUDGMENT AND *DAUBERT* MOTIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

| Document | Amazon's Position |
|---|---|
| 213 to Mendelson Declaration) | |
| AMZN-PRM-FTC-002903588 (Attachment 172 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |
| AMZN-PRM-FTC-000286862 (Attachment 182 to Mendelson Declaration) | Proposed redactions are necessary to protect highly sensitive commercial information. |

6. As explained in Amazon's original motion to seal similar information, which the Court granted, the public release of this information would harm Amazon's competitive position. *See* ECF No. 41. The risk of Amazon's competitors using this commercially sensitive information to their own advantage significantly outweighs any limited public interest in public disclosure of these few discrete pieces of information. *See, e.g.*, *McCrary v. Elations Co. LLC*, 2014 WL 12589137, at *6 (C.D. Cal. Dec. 2, 2014) (sealing internal clinical studies and consumer surveys because "disclosure of these documents could benefit Defendant's competitors and reduce any business advantage that Defendant currently possesses").

7. There is no less restrictive alternative to sealing the discrete pieces of information that Amazon has identified. Amazon has applied only limited redactions. This approach is aligned with the previous redactions and sealed filings that Amazon sought and this Court granted. *See* ECF Nos. 41, 79, 164, 219, 233, 253, 267.

8. The FTC stipulates to filing under seal the documents or portions of documents identified above. It takes no position as to Amazon's assertions in paragraphs 4-7 above.

9. The FTC also intends to file complete copies of the deposition and investigational hearing transcripts of Reid Nelson and David Edelstein, so that the Court can review the

STIPULATED MOTION TO SEAL
PLAINTIFF'S OPPOSITION TO SUMMARY
JUDGMENT AND *DAUBERT* MOTIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

5

1 transcripts if it chooses. The FTC will publicly file the excerpts of those transcripts that the FTC explicitly references in the Oppositions. The parties request that, for efficiency, the remaining portions of the transcripts—those not explicitly referenced in the Oppositions—be filed under seal.

10. Based on the foregoing, the parties respectfully request that the Court grant this stipulated motion through entry of the attached Proposed Order.

IT IS SO STIPULATED.

## LOCAL RULES 5(g)(3)(A), 7(e) CERTIFICATION

Pursuant to Local Rule 5(g)(3)(A), undersigned counsel certify that they met and conferred by email from June 10-17, 2025 to reach the agreement described in this stipulated motion.

Undersigned counsel also certify that this memorandum contains 1,587 words, in compliance with the Local Civil Rules.

Dated: June 17, 2025                    /s/ Evan Mendelson

JONATHAN COHEN (D.C. Bar #483454)
EVAN MENDELSON (D.C. Bar #996765)
OLIVIA JERJIAN (D.C. Bar #1034299)
JONATHAN W. WARE (DC Bar #989414)
SANA CHAUDHRY (NY Bar #5284807)
ANTHONY SAUNDERS (NJ Bar #008032001)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551; jcohen2@ftc.gov (Cohen)
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)
(202) 326-2726; jware1@ftc.gov (Ware)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)

STIPULATED MOTION TO SEAL
PLAINTIFF'S OPPOSITION TO SUMMARY
JUDGMENT AND *DAUBERT* MOTIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

6

|   |   |
|---|---|
| 1 | COLIN D. A. MACDONALD (WSBA # 55243) |
|   | Federal Trade Commission |
| 2 | 915 Second Ave., Suite 2896 |
|   | Seattle, WA 98174 |
| 3 | (206) 220-4474; cmacdonald@ftc.gov (MacDonald) |

```
                    COLIN D. A. MACDONALD (WSBA # 55243)
                    Federal Trade Commission
                    915 Second Ave., Suite 2896
                    Seattle, WA 98174
                    (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

                    RACHEL F. SIFUENTES
                    (IL Bar #6304016; CA Bar #324403)
                    Federal Trade Commission
                    230 S. Dearborn St., Room 3030
                    Chicago, IL 60604
                    (312) 960-5617; RSifuentes@ftc.gov

                    JEFFREY TANG (CA Bar #308007)
                    Federal Trade Commission
                    10990 Wilshire Boulevard, Suite 400
                    Los Angeles, CA 90024
                    (310) 824-4303; JTang@ftc.gov

                    Attorneys for Plaintiff
                    FEDERAL TRADE COMMISSION


                    DAVIS WRIGHT TREMAINE LLP

                    By  /s/ Kenneth E. Payson

                        Kenneth E. Payson, WSBA #26369
                        James Howard, WSBA #37259
                        920 Fifth Avenue, Suite 3300
                        Seattle, WA  98104-1610
                        Telephone: (206) 622-3150
                        Fax: (206) 757-7700
                        E-mail: kenpayson@dwt.com
                                jimhoward@dwt.com
```

STIPULATED MOTION TO SEAL  
PLAINTIFF'S OPPOSITION TO SUMMARY  
JUDGMENT AND *DAUBERT* MOTIONS  
Case No. 2:23-cv-0932

Federal Trade Commission  
600 Pennsylvania Avenue NW  
Washington, DC 20580  
(202) 326-3320

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
    lflahivewu@cov.com
    lkim@cov.com
    jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA  94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA  94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Email: alinderot@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
    mkaba@hueston.com
    jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants
AMAZON.COM, INC., NEIL LINDSAY,
RUSSELL GRANDINETTI, and JAMIL GHANI

STIPULATED MOTION TO SEAL
PLAINTIFF'S OPPOSITION TO SUMMARY
JUDGMENT AND *DAUBERT* MOTIONS
Case No. 2:23-cv-0932

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320