The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>                Defendants. | No. 2:23-cv-0932-JHC<br><br>REPLY IN SUPPORT OF DEFENDANTS' RULE 702 MOTION TO PRECLUDE FTC FROM DESIGNATING SUBSET OF AMAZON PERCIPIENT WITNESSES AS "EXPERTS"<br><br>NOTED ON MOTION CALENDAR: JUNE 24, 2025<br><br>ORAL ARGUMENT REQUESTED |

REPLY ISO DEFS.' MOT. TO PRECLUDE DESIGNATING
PERCIPIENT WITNESSES AS "EXPERTS"
(2:23-cv-0932-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ............................................................................................................ 1

II. ARGUMENT .................................................................................................................. 1

    A.  The Witnesses Are Not "Experts" Under FRE 702 ............................................. 1

        1.  The Witnesses Lack Qualifications ........................................................... 1

        2.  The Witnesses Lack Personal Knowledge ................................................ 3

    B.  Allowing Dual-Role Testimony Risks Juror Confusion and Is Needlessly Cumulative Under FRE 403 .................................................................................. 5

III. CONCLUSION ............................................................................................................... 6

REPLY ISO DEFS.' MOT. TO PRECLUDE DESIGNATING PERCIPIENT WITNESSES AS "EXPERTS" (2:23-cv-0932-JHC) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

In tacit acknowledgment of the strength of Amazon's arguments, the FTC has withdrawn its attempted expert designation from two of the purported hybrid witnesses. But doing so cannot save the rest. The remaining four witnesses—Reid Nelson, David Edelstein, Christopher ("C.R.") Brown, and Molly O'Donnell (collectively, the "Witnesses")—are not qualified experts under Federal Rule of Evidence ("FRE") 702. Even if they were, allowing four additional "experts" on the overlapping noticed topics is needlessly cumulative and unduly confusing under FRE 403. By the FTC's own admission, to properly admit the Witnesses as experts, the Court would have to give the jury limiting instructions on the difference between percipient and expert testimony and police the line during trial to ensure the jury understands exactly which type of testimony is being given at any time. *See* Dkt. 358 ("Opp.") at 14. The FTC can call witnesses as percipient witnesses, subject to the normal evidentiary constraints for such witnesses. But it is not entitled to designate its most favorable witnesses "experts."

In the alternative, if the Court is prepared to entertain hybrid witnesses, Amazon asks that it be permitted to counter-designate four unretained experts to offset the FTC's. Specifically, Amazon would designate four arguably *more* qualified, previously disclosed percipient witnesses as non-retained experts: Jenny Blackburn, Ryan Ogburn, Danielle Paulet, and Katey Muus.

## II. ARGUMENT

### A. The Witnesses Are Not "Experts" Under FRE 702

#### 1. The Witnesses Lack Qualifications

The FTC still has not demonstrated that any of the Witnesses are qualified in the "specific subjects" they are noticed for. The FTC's contention that the Witnesses are "experts" in the broad fields of UX design or UX research fail because, under FRE 702, general qualifications as an expert are insufficient; rather, an expert "must be qualified in the *specific subject* for which his testimony is offered." *Whiting v. Boston Edison Co.*, 891 F. Supp. 12, 24 (D. Mass. 1995) (emphasis added); *see also United States v. Chang*, 207 F.2d 1169, 1172-73 & n.2 (9th Cir. 2000) (professor who was "extremely qualified" in foreign finance was nevertheless not qualified to

REPLY ISO DEFS.' MOT. TO PRECLUDE DESIGNATING
PERCIPIENT WITNESSES AS "EXPERTS"
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

identify counterfeit foreign securities). For example, the FTC points to Edelstein's experience "[d]esigning and analyzing A/B testing" and UX research he conducted at *Microsoft* to assert he is an expert in the "UX field." Opp. at 6. But Edelstein's experience conducting tests at *Microsoft* does not explain why he is an expert on *Amazon-specific* user tests. *See* Ex. 28[1] at 5 (FTC disclosing that "Edelstein will opine that when evaluating the effectiveness of clarity treatments' impact on reducing customer confusion, the 12-month paid conversion rate is a better metric than the 90-day paid conversion rate"). To the contrary, Edelstein testified during his deposition that he did not conduct *any* user studies or A/B testing while at Amazon, Ex. 48 at 50:21-51:1, nor did he speak directly to any customers in his role at Amazon, *id.* at 51:11-25. Thus, Edelstein is not qualified to be an expert on Amazon's specific testing metrics and how its flows tested with consumers.

The FTC makes the meritless argument that the Witnesses are "experts" because "their qualifications met Amazon's high standards when the company hired them ...." Opp. at 5. It goes without saying that Amazon did not conduct a FRE-702 analysis when hiring the Witnesses—and their status as Amazon employees does not render them "experts" for purposes of trial.

Next, the FTC repeatedly claims that Amazon seeks to preclude hybrid witnesses because Amazon failed to timely designate its own. *See, e.g.*, Opp. at 1, 4. However, the FTC has fundamentally misunderstood Amazon's *Daubert* Motion. Amazon's request for alternative relief is not a belated attempt to qualify additional non-retained experts. Rather, Amazon's position has always been that *none* of the percipient witnesses should be designated as experts under FRE 702. But *if* the Court permits the FTC's cherry-picked Witnesses to testify as "experts," Amazon seeks only that it be permitted to counterbalance the obvious prejudice of having hybrid experts exclusively in the FTC's case in chief.

---

[1] "Ex." refers to exhibits attached to the May 27, 2025 Omnibus Declaration of Joseph Reiter (Dkt. 327) (Exs. 1-59) or the June 24, 2025 Omnibus Declaration of Joseph Reiter (Exs. 135-42).

REPLY ISO DEFS.' MOT. TO PRECLUDE DESIGNATING
PERCIPIENT WITNESSES AS "EXPERTS"
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 2.    The Witnesses Lack Personal Knowledge

The FTC's Opposition failed to establish that the Witnesses have the personal knowledge required to provide reliable "expert" testimony. Unlike retained experts, the Witnesses cannot rely on "information provided by others or in a manner other than by being a percipient witness to the events in issue." *United States v. Sierra Pac. Indus.*, 2011 WL 2119078, *4 (E.D. Cal. May 26, 2011). Instead of arguing that the Witnesses have the requisite personal knowledge to support the opinions the FTC invented for them—an objective the FTC knows it cannot accomplish—the FTC baselessly accuses Amazon of coercing the Witnesses into declaring that they lack personal knowledge to testify as experts. *See* Opp. at 8-9 & n.7. To begin, the FTC's insinuations about unethical coercion by Amazon and its attorneys are defamatory and meritless. To the contrary, it was the FTC that tried to force-feed opinions to these Witnesses by drafting hypothetical opinions without checking to see if the Witnesses agreed with or had the personal knowledge to support such opinions.

Simply comparing the FTC's Disclosure with each Witness's actual testimony reveals how far the FTC overreached. For example, the FTC claims Brown "will opine that some users thought that clicking an 'End Membership' CTA in the ingress to Iliad, ended their Prime membership, when in fact they were still members." Ex. 28 at 3. But this stretches Brown's deposition testimony far beyond what he actually said. In reality, when the FTC asked Brown, "were you aware that one of the pain points of the [Iliad] cancellation flow was that people thought that by selecting the 'end membership' in ... Prime Central would cancel their Prime membership when, in fact, it did not do that?" Ex. 139 at 176:14-19. Brown responded, "I don't recall the specific feedback." *Id.* at 176:22. Brown then speculated that the "End Membership" CTA "could" be confusing, but he emphasized the need to conduct user testing to get a definitive answer:

> My thoughts are, when I see the words end membership, I *could* see some users thinking that clicking that button just simply ends their membership. *I don't know how many people would think that. But that's what I can foresee.* ...

REPLY ISO DEFS.' MOT. TO PRECLUDE DESIGNATING PERCIPIENT WITNESSES AS "EXPERTS" (2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

> I could posit end membership being a perfectly fine CTA. However, I would definitely want to test to understand whether or not customers are expecting options to be shown to them in the cancellation ....

*Id.* at 177:17-180:11 (emphasis added). As this example makes clear, the FTC overplayed its hand by unilaterally drafting opinions for the Witnesses that exceeded their personal knowledge and the actual opinions they formed while they worked at Amazon. The fact that two of the Witnesses, Nelson and Brown, voluntarily submitted declarations stating as much demonstrates that the FTC's notice does not pass FRE 702 muster.

In opposition, the FTC incorrectly argues that the Witnesses can testify about topics they have no personal knowledge of. But this plainly misstates the law. The FTC claims that "the limitation on nonretained experts' opinions under Rule 26(a)(2)(B) ... is merely a disclosure issue: experts must execute a detailed report if they offer opinions formed for the purpose of litigation." Opp. at 9. But that is precisely the point: "[t]he distinguishing characteristic between expert opinions that require a report and those that do not is *whether the opinion is based on information the expert witness acquired through percipient observations* or whether, as in the case of retained experts, the opinion is based on information provided by others." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 2024 WL 3966730, *5 (D. Mont. Aug. 28, 2024) (emphasis added) (quoting *Sierra Pac. Indus.*, 2011 WL 2119078, *4).

Here, the Witnesses are disclosed under FRCP 26(a)(2)(C), which is exactly *why*, as non-retained experts who do not require reports, their testimony *must* be "based on information [they] acquired through *percipient observations*." *Id.* (emphasis added). Indeed, the cases the FTC relies on support this same proposition. *See, e.g.*, Opp. at 9 (citing *SEC v. Cornerstone Acquisition & Mgmt. Co.*, 2025 WL 276318, *21 (S.D. Cal. Jan. 23, 2025) (explaining that a hybrid witness's "testimony should be limited, at trial, to the *personal knowledge* they have based on their involvement in the events relevant to this lawsuit" (emphasis added))). Thus, the FTC has failed to show that its non-retained experts have the requisite personal knowledge to provide reliable expert testimony.

REPLY ISO DEFS.' MOT. TO PRECLUDE DESIGNATING
PERCIPIENT WITNESSES AS "EXPERTS"
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### B. Allowing Dual-Role Testimony Risks Juror Confusion and Is Needlessly Cumulative Under FRE 403

Even if the Witnesses were qualified experts under FRE 702, such "expert" testimony is needlessly cumulative and unduly confusing under FRE 403. The FTC's Opposition asserts that "there is no authority—and Defendants offer none—that FRE 403 applies to expert designations rather than 'evidence.'" Opp. at 14. But in the very next sentence, the FTC states that Amazon's FRE 403 argument cites *United States v. Freeman*, which explains that "an objection raising [a] concern" about a hybrid witness's "dual role" is "an objection based on [FRE] 403." 498 F.3d 893, 904 (citing *United States v. Dukagjini*, 326 F.3d 45 at 54 (2d Cir. 2003)).

The FTC further argues that the Ninth Circuit's warning about the risk of confusion and prejudice when allowing dual-role witnesses is mere "dicta," and that dual-role testimony is permissible "provided the court makes the jury aware of the witness[es]' dual roles." Opp. at 14 (quotation marks omitted). But this is exactly Amazon's point. The Ninth Circuit is clear: "The district courts *must* engage in *vigilant gatekeeping* to ensure that jurors are aware of the witness's dual roles." *United States v. Holguin*, 51 F.4th 841, 862 (9th Cir. 2022) (emphasis added) (cleaned up). If the Court admits the Witnesses as experts, their dual-role testimony will require close policing by the Court and unnecessarily complicate the trial. The Court "*must* instruct jurors about how to evaluate a dual-role testimony," and may need additional "safeguards to mitigate the dangers of ... dual-role testimony," including "bifurcat[ing]" each Witness's testimony "into percipient and expert phases," and requiring the FTC to "specify whether each question was directed at [the Witness's] training and experience" or their role as lay witnesses. *Id.* at 862-63 (emphasis added).

The FTC's request for the Court to engage in this torturous gatekeeping simply does not pass the FRE 403 balancing test. As the FTC notes, it will call the Witnesses as fact witnesses "regardless," Opp. at 2, so the jury will hear the Witnesses' percipient testimony either way. It is only their purported expert opinions that would be disallowed, which, as discussed at length, are not based on sufficient specific knowledge and expertise to be reliable and therefore helpful to the jury. For example, the FTC disclosed that Edelstein will "opine that Amazon's use of dark

REPLY ISO DEFS.' MOT. TO PRECLUDE DESIGNATING PERCIPIENT WITNESSES AS "EXPERTS" (2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

patterns in the design of the checkout and cancellation processes was unethical." Ex. 28 at 5. But is it clear that such an "expert" opinion has no FRE 702 reliability—Edelstein is not an ethicist and has no basis for testifying as an expert on such a topic. In that context, forcing the Court to repeatedly give jury instructions about lay versus expert testimony, bifurcating testimony into two phases, and requiring the questions to be specifically formulated as to whether the Witness's lay or expert testimony is being solicited will undoubtedly confuse the issues, mislead the jury, and cause undue delay by wasting the jury and the Court's time. *See* FRE 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). This is especially the case since the Witnesses' noticed topics will already be covered by the FTC's retained experts (*see* Dkt. 324 (Motion) at 6)—there is no need to risk error in allowing cumulative hybrid testimony. *See United States v. Vera*, 770 F.3d 1232, 1235 (9th Cir. 2014) (vacating jury's verdict regarding "drug quantity findings" because the court committed "plain error" by allowing hybrid "testimony that intermingled lay and expert opinion" without "explain[ing] the distinction to the jury").

### III.    CONCLUSION

Amazon's Motion should be granted because the FTC fails to establish the Witnesses can properly testify as experts under FRE 403 and 702 and Local Rule 43(j).

DATED this 24th day of June, 2025.

I certify that this memorandum contains 2,080 words, in compliance with the Local Civil Rules.

REPLY ISO DEFS.' MOT. TO PRECLUDE DESIGNATING
PERCIPIENT WITNESSES AS "EXPERTS"
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

|   |   |
|---|---|
| 1 | DAVIS WRIGHT TREMAINE LLP |
| 2 | By s/ *Kenneth E. Payson* |
|   | Kenneth E. Payson, WSBA #26369 |
|   | James Howard, WSBA #37259 |
| 3 | 920 Fifth Avenue, Suite 3300 |
|   | Seattle, WA 98104-1610 |
| 4 | Telephone: (206) 622-3150 |
|   | Fax: (206) 757-7700 |
| 5 | E-mail: kenpayson@dwt.com |
|   | jimhoward@dwt.com |

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
    lflahivewu@cov.com
    lkim@cov.com
    jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Email: alinderot@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
    mkaba@hueston.com

REPLY ISO DEFS.' MOT. TO PRECLUDE DESIGNATING
PERCIPIENT WITNESSES AS "EXPERTS"
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

jreiter@hueston.com

*admitted pro hac vice*

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

REPLY ISO DEFS.' MOT. TO PRECLUDE DESIGNATING PERCIPIENT WITNESSES AS "EXPERTS"
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax