The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br> v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>      Defendants. | No. 2:23-cv-0932-JHC<br><br>REPLY IN SUPPORT OF DEFENDANTS' RULE 702 MOTION TO EXCLUDE DR. MARSHINI CHETTY'S TESTIMONY<br><br>NOTED ON MOTION CALENDAR:  JUNE 24, 2025<br><br>ORAL ARGUMENT REQUESTED |

REPLY ISO DEFS.' MOT. TO EXCLUDE
DR. MARSHINI CHETTY'S TESTIMONY
(2:23-cv-0932-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................1

II. ARGUMENT ...................................................................................................................2

    A. Chetty's "Cognitive Walkthrough" Opinions Must Be Excluded ........................2

        1. The Cognitive Walkthrough Lacks Relevance .........................................2

        2. The Cognitive Walkthrough Lacks Reliability .........................................3

    B. Chetty's Think-Aloud Study Opinions Must Be Excluded ..................................4

        1. The Think-Aloud Study Lacks Relevance ................................................4

        2. The Think-Aloud Study Lacks Reliability................................................5

III. CONCLUSION................................................................................................................7

REPLY ISO DEFS.' MOT. TO EXCLUDE
DR. MARSHINI CHETTY'S TESTIMONY
(2:23-cv-0932-JHC) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

Marshini Chetty's opinions are irrelevant, unreliable, and do not pass muster under *Daubert*.

There is no dispute that Chetty's approach consisted of (1) reviewing screenshots (that the jury must evaluate for itself) and (2) paying 30 people to enroll and cancel memberships on a fake candy website. The FTC attempts to dress up those methods by assigning them scientific-sounding names—"cognitive walkthrough" and "think-aloud study"—but they are not proper expert methodologies. The cognitive walkthrough is (a) irrelevant because it amounts to nothing more than Chetty's say-so designed to supplant the jury's factfinding role, and (b) unreliable because it is subjective and non-replicable. Dkt. 322 ("Mot.") 3-7. The think-aloud study is (a) irrelevant because Chetty's fictional candy website comes nowhere close to replicating Amazon's full set of services or Prime users' experience, and (b) unreliable because it yielded only anecdotal evidence from a statistically insignificant sample size and violated its own core principle—participants were asked to recollect, not think aloud. *Id.* 7-11.

The FTC's Opposition cannot overcome these flaws. Indeed, the Opposition confirms that Chetty's cognitive walkthrough was merely a "role-playing" exercise to manufacture a "story" about the user experience, and that her think-aloud study substituted "fiction[]" for reality and was "not experimental." Dkt. 355 ("Opp.") 3, 4, 6, 9; Dkt. 360-27 ("Att. 210") p. 321. Moreover, the FTC does not dispute that if either of Chetty's methodologies fails, her opinions must be excluded entirely: "she does not rely *only* on one study for *any* of her opinions." Opp. 3 n.2 (second emphasis added). The FTC also offers no response to Amazon's argument that Chetty's testimony would be unfairly prejudicial and confusing under Rule 403. Mot. 4, 7, 8. Accordingly, Chetty's opinions should be excluded under either Rule 702 or Rule 403.

REPLY ISO DEFS.' MOT. TO EXCLUDE
DR. MARSHINI CHETTY'S TESTIMONY
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. ARGUMENT

### A. Chetty's "Cognitive Walkthrough" Opinions Must Be Excluded

#### 1. The Cognitive Walkthrough Lacks Relevance

There is no dispute that expert testimony is irrelevant and "'should be excluded'" if it "'invades the province of the jury.'" Mot. 4 (quoting *United States v. Lukashov*, 694 F.3d 1107, 1116 (9th Cir. 2012)). The FTC responds that "[a] layperson cannot properly conduct a cognitive walkthrough," Opp. 6, but nothing supports that assertion. Chetty's "cognitive walkthrough" involved merely reviewing screenshots of subscription and cancellation flows—it was simply "an inspection." *See* Ex. 10[1] ¶ 79; Ex. 4 at 45:11-13; Ex. 140 at 196:21-23, 197:24-25, 274:16-25. Her analysis entailed "role-playing the users" by attempting to replicate their experience with an interface. Opp. 6; Att. 210 p. 321. There is a less fancy version of this description: looking and thinking. That requires no expertise. Jurors are up to the task—and will be asked to do the same at trial.

The FTC cannot meaningfully distinguish trademark infringement cases where courts prohibit experts from offering "'personal observations'" as to whether marks are confusingly similar. Mot. 4 (citing cases). The assertion that trademark infringement is different because ROSCA does not require proof of "a likelihood of consumer confusion," Opp. 6, is mistaken. Consumer confusion is necessarily relevant to ROSCA's requirements that terms are "clearly and conspicuously" disclosed, and cancellation mechanisms "simple." 15 U.S.C. §§ 8403(1), (3).[2] But if consumer confusion were *irrelevant*, Chetty's testimony would be too: the whole purpose of her report is to opine on whether Prime flows "confuse[]" consumers (Ex. 10 at 1), and her only opinions are that the flows are "confusing." Opp. 3. Experts like Chetty should be excluded because they seek to usurp the jury's function of observing and evaluating the evidence.

---

[1] "Ex." or "Exs." refer to exhibits attached to the May 27, 2025 Omnibus Declaration of Joseph Reiter (Dkt. 327) (Exs. 1-59), the June 17, 2025 Omnibus Declaration of Joseph Reiter (Dkt. 364) (Exs. 60-134), or the June 24, 2025 Omnibus Declaration of Joseph Reiter (Exs. 135-142) unless stated otherwise.

[2] The FTC itself has argued that "disclosures are not conspicuous if consumers must parse through *confusing* or distracting content and advertisements to see them." Dkt. 315 (FTC's Motion for SJ), at 53-54 (cleaned up).

REPLY ISO DEFS.' MOT. TO EXCLUDE
DR. MARSHINI CHETTY'S TESTIMONY
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The FTC's remaining distinction—that trademark infringement experts have been excluded for relying "*solely*" on their personal observations—is wrong. Opp. 6-7. In fact, one of those quotations says that the excluded expert's testimony consisted "'*largely* of personal observations and conclusions.'" *Id.* (quoting *JIPC Mgmt., Inc. v. Incredible Pizza Co.*, 2009 WL 8591607, at *3 (C.D. Cal. July 14, 2009) (emphasis added)). The same case demonstrates that experts' observations do not become relevant and admissible merely because they are wrapped the patina of science. Although the expert in *JIPC* "applie[d] a framework designated the 'marketing mix' model," and "maintain[ed] that his methods constitute 'a form of observational research,'" the court ruled that his "personal view[s]" not based on "market research" remained inadmissible. *JIPC Mgmt., Inc.*, 2009 WL 8591607, at *3, 6, 9. So, too, here. Calling Chetty's views a "cognitive walkthrough" does not make them relevant.

### 2.    The Cognitive Walkthrough Lacks Reliability

The FTC also fails to rebut Amazon's arguments that Chetty's cognitive walkthrough is unreliable because her conclusions are subjective and non-replicable. The FTC insists that Chetty did not admit that other experts could reach different conclusions using the same methodology. Opp. 7. In fact, she did. While Chetty claimed it is "highly unlikely" that "another expert could do the same cognitive walkthrough" and find them unproblematic, she ultimately admitted that it was "theoretically possible." Ex. 4 at 286:24-287:6. And she admitted that "there's some amount of subjectivity" in any cognitive walkthrough because it is "usually done by experts." *Id.* at 66:13-15. Her suggestion that all expert analysis is inherently subjective reveals just how far her approach deviates from *Daubert*'s standards. Rule 702 weeds out "subjective beliefs." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).

The FTC's assertion that Chetty conceded only that experts can reach different conclusions about "any particular design element" is incorrect. Opp. 7; Ex. 4 66:17-21. Moments before that concession, Chetty was asked more broadly whether experts "could have conducted that cognitive walkthrough and reached different conclusions than you," and she gave the same answer: "highly unlikely." *Id.* 65:22-66:6. Regardless, the FTC's distinction is immaterial. The

REPLY ISO DEFS.' MOT. TO EXCLUDE
DR. MARSHINI CHETTY'S TESTIMONY
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

fact that experts applying Chetty's methodology might reach different conclusions about "any particular design element," Opp. 7, means that Chetty's approach fails "the primary requirement" of "*Daubert*'s testability factor:" that "someone else using the same data and methods be able to *replicate* the results." *City of Pomona v. SQM N. Amer. Corp.*, 750 F.3d 1036, 1047 (9th Cir. 2014) (emphasis added) (cleaned up). Her results are *not* replicable.

Furthermore, Chetty's admission that experts employing her methodology can produce different results is consistent with her admissions that "opinions of dark patterns may also vary between and among experts" and that experts disagree regarding whether flow designs are "good" or "bad." Ex. 4 67:21-68:10, 226:8-14. Chetty's cited literature explains that there is not even a "conceptual foundation" to determine what constitutes a dark pattern. Ex. 10 at 108 n.52. Though those points reveal the subjective nature of the entire inquiry (Mot. 5, 7), the FTC does not respond to them at all. *See* Opp. 7-9. At a minimum (and as the FTC also does not dispute), the probative value of Chetty's subjective beliefs is substantially outweighed by the risk of unfair prejudice, warranting exclusion under Rule 403.

### B. Chetty's Think-Aloud Study Opinions Must Be Excluded

Chetty's think-aloud study opinions are also irrelevant and unreliable.

#### 1. The Think-Aloud Study Lacks Relevance

Chetty's "fictional website" with its "fictional subscription program" for candy, Opp. 3, 9, is fundamentally different from Amazon.com. Amazon Prime offers an extraordinary array of goods and services to real-world users. Chetty's unfamiliar and fake "CandyForever" website sold only candy, which paid study participants could purchase with free money that Chetty supplied. These differences matter. A consumer's attention and engagement varies depending on the value proposition, and there is every "reason to think" that consumers enrolling in or cancelling subscriptions with their "personal credit card information" will exercise greater diligence. Opp. 10. The FTC tries to shift the burden to Amazon to produce "evidence" and "support" for these commonsense propositions (*id.*), but it is the proponent of the expert that must

REPLY ISO DEFS.' MOT. TO EXCLUDE
DR. MARSHINI CHETTY'S TESTIMONY
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

prove relevance and reliability. Mot. 3 (citing *United States v. Valencia-Lopez*, 971 F.3d 891, 900 (9th Cir. 2020)).

Moreover, the FTC's claim that "what is sold is irrelevant," Opp. 9, contravenes this Court's conclusion that the "context of the transaction matters," Dkt. 165 at 19, and the FTC's own arguments that "the full context of the transaction is *critical*," Dkt. 315 at 48-49. Even Chetty reluctantly conceded that the single-product nature of her fake website "probably had some effect" on participant behavior. Ex. 4 at 348:6-349:21. The FTC's argument that Chetty "recruited participants … to match the demographics of Amazon shoppers," Opp. 10 (quotations marks omitted), is also inconsistent with Chetty's own sworn testimony. She testified that her study participants were "not representative" of Amazon.com shoppers. Ex. 4 at 315:15-24.

All of these dissimilarities between CandyForever and Amazon Prime render Chetty's think-aloud study irrelevant. Because it "strayed too far from the real-world conditions," the think-aloud study cannot be said to 'fit' the facts of this case." *Varner v. Dometic Corp.*, 2022 WL 2307002, at *4 (S.D. Fla. Mar. 25, 2022). At minimum, because Chetty's testimony is likely to confuse the jury, it should be excluded under Rule 403.

### 2. The Think-Aloud Study Lacks Reliability

Perhaps recognizing that Chetty's think-aloud study fails to satisfy the substantial similarity requirement for experimental evidence, *see* Mot. 8-9 (citing cases), the FTC pivots to claiming that the tool Chetty described in her report as "an experimental website," Ex. 10 ¶ 28, was actually "not experimental" at all. Opp. 11. Chetty attempted that same pivot when confronted with her failure to recruit a representative, statistically significant sample. Ex. 4 at 315:15-316:7. The FTC argues that Chetty did not have to satisfy the scientific standards for "experimental evidence" because she was gathering "qualitative data." Opp. 12-13.

The FTC cannot circumvent *Daubert* merely by relabeling Chetty's approach as "qualitative." The FTC cites just two district court decisions for its argument, and neither excuse Chetty's lack of methodological rigor. *Id.* 12. In *Stone v. Advance America*, 278 F.R.D. 562 (S.D. Cal. 2011), the court permitted expert testimony that payday loan conversations were conducted

REPLY ISO DEFS.' MOT. TO EXCLUDE
DR. MARSHINI CHETTY'S TESTIMONY
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"predominant[ly]" in Spanish based on investigators' observations. *Id.* at 567-68. There, however, investigators listened to *real* conversations in *real* payday loan stores, a method that "was sufficiently structured and reliable in the context of a straightforward, commonsense observation of whether the customer spoke more Spanish than English when taking out a payday loan." *Id.* at 567. And in *Fahmy v. Jay-Z*, 2015 WL 5680299, at *3-4 (C.D. Cal. Sept. 24, 2015), although the expert was permitted to testify about "cultural and social factors" that contributed to the success of a Jay-Z song, he was *not* allowed to use percentages "to quantify the importance of factors" because he could not confirm that his conclusions were replicable, did not employ a peer-reviewed method, and could not point a mathematical basis to evaluate his methodology. Here, where Chetty resorted to fiction in lieu of reality and intends to offer testimony about what is "prevalent[t]" or "likely," Opp. 12, the FTC's cases do not support her non-scientific approach.

Chetty also defied the core principle of her purported methodology. Her "think-aloud study" did not actually entail thinking aloud. Mot. 11. The FTC responds that study participants engaged in a "post-task walkthrough" and were asked "if they could recall" CandyForever's flows, Opp. 11, but answering after-the-fact prompts is *not* a "real-time verbalization of participants' thinking," Opp. 4. The mismatch between Chetty's proposed and actual methodologies renders her approach unreliable.

Finally, Chetty's coding and reporting processes compound the unreliability of her opinions. The FTC provides no explanation of how Chetty and her assistant developed and applied codes, validated conflicting responses, or employed guardrails to avoid miscoding. Mot. 11; Opp. 13. Thereafter, when she produced her report, she cherry-picked responses that supported the FTC's desired outcome and ignored countervailing responses. The FTC's response that Chetty "produced every video- and audio-recording (and corresponding transcript)" misses the point. Opp. 13. Her *report* omitted the responses that undermined her conclusions. That sort of "[r]esult-driven analysis, or cherry-picking, … is a quintessential example of applying methodologies (valid or otherwise) in an unreliable fashion." *In re Lipitor (Atorvastatin Calcium)*

REPLY ISO DEFS.' MOT. TO EXCLUDE
DR. MARSHINI CHETTY'S TESTIMONY
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Mktg., Sales Practices & Prods. Liab. Litig . (No. II)*, 892 F.3d 624, 634 (4th Cir. 2018). Chetty may be a capable advocate, but she is not a qualified expert.

### III.  CONCLUSION

Chetty's opinions and testimony should be excluded.

DATED this 24th day of June, 2025.

I certify that this memorandum contains 2,100 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
jimhoward@dwt.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
lflahivewu@cov.com
lkim@cov.com
jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

REPLY ISO DEFS.' MOT. TO EXCLUDE
DR. MARSHINI CHETTY'S TESTIMONY
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Email: alinderot@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
mkaba@hueston.com
jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

REPLY ISO DEFS.' MOT. TO EXCLUDE
DR. MARSHINI CHETTY'S TESTIMONY
(2:23-cv-0932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax