1

2

3

4

5

6

7

The Honorable John H. Chun

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION,

     Plaintiff,

   v.

AMAZON.COM, INC., *et al.*

     Defendants.

Case No. 2:23-cv-0932-JHC

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS**

NOTED ON MOTION CALENDAR:
JUNE 30, 2025

ORAL ARGUMENT REQUESTED

## I.    Introduction

Defendants' Standalone Motion *in Limine* Regarding Public FTC Statements, Dkt. #291-1, should be denied. Defendants clearly seek reconsideration of this Court's prior rulings without complying with Local Rule 7(h) and without providing any legal or factual basis for changing those rulings. For two reasons, the Court should not reverse its prior rulings only months from trial. First, the prior rulings were correct: the rulemaking documents at issue are irrelevant. Specifically, the FTC's Negative Option Rulemaking Notices—the Advance Notice of Proposed Rulemaking ("ANPRM"), 84 Fed. Reg. 52393 (Oct. 2, 2019), Notice of Proposed

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1   Rulemaking ("NPRM"), 88 Fed. Reg. 24716 (Apr. 24, 2023), and Notice of Final Rule, 89 Fed.

2   Reg. 90476 (Nov. 15, 2024)—concern the FTC's Negative Option Rule, which is not at issue in

3   this litigation, and do not constitute official policy interpretations of the Restore Online

4   Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. §8401 *et seq.*  *See* A. Gali Dec., Atts. 3-5.

5           As a result, the Negative Option Rulemaking Notices are irrelevant, and, hence,

6   inadmissible.  Nor will the FTC seek to introduce other rulemaking comments or public

7   statements, meaning Defendants cannot lean on a hypothetical rebuttal rationale for introducing

8   irrelevant statements.  In short, because nothing has changed and the Court's prior decisions on

9   these points were correct, Defendants' Motion is an improper motion for reconsideration that

10  should be denied.

11          Second, even if the Notices had some marginal relevance, the risk of confusion and unfair

12  prejudice far exceeds any limited probative value.  As explained below, Defendants badly

13  misconstrue the Notices by cherrypicking single sentences from legal documents spanning

14  dozens of pages, necessitating admission of the entire documents for context.  Asking a jury to

15  construe and contextualize complex administrative procedure documents issued under another

16  statute is both risky and pointless.  Furthermore, admitting the Notices for their only conceivable

17  relevance—to insinuate that Defendants must have been advised that ROSCA is unenforceably

18  unclear—is unfairly prejudicial to the FTC because Defendants have not asserted an advice-of-

19  counsel defense and have blocked any discovery into the advice Defendants actually received.

20  Moreover, because the Notices at issue receive no deference as interpretations of ROSCA (nor

21  should they), if the Court allows the Notices into evidence, then fairness requires that the Court

22  also allow into evidence any statement about ROSCA in the public domain – or, at bare

23  minimum, *any* such statement the FTC has ever made.  However, Rule 403 plainly prohibits the

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1   mini-trial on the meaning of administrative notices and various agency statements that

2   Defendants apparently want.

3       A.    **The Court Correctly Held the Statements At Issue Irrelevant, and Nothing
              Has Changed.**

4   Defendants' attempts to evade reality—that this Court already properly held the FTC's

5   Negative Option Rulemaking Notices irrelevant to this litigation—result in an improper motion.

6   First, there is simply no question Defendants seek reconsideration of this Court's

7   previous rulings but fail entirely to offer any basis for such reconsideration and, indeed, even fail

8   to acknowledge the existence of those prior rulings in this Motion.  Despite their contrary claims,

9   Defendants are well aware this Court has already determined the FTC's Negative Option

10  Rulemaking Notices are not relevant to *any* issues or arguments in this case, *including* the

11  knowledge arguments raised in this Motion.  Indeed, in their separate Conditional Motion to

12  Certify Interlocutory Appeal, Defendants summarized the Court's denials of their related

13  motions to compel discovery, Dkt. #146 and #214, as, "[t]he Court held that **the FTC's**

14  **statements about ROSCA's lack of clarity in this ROSCA case are 'irrelevant.'**"  Dkt. #293

15  at 2 (citing Dkt. #180, Dkt. #241) (emphasis added); *see also* Dkt. #291 at 4 (noting "the Court

16  has suggested in various orders that the FTC's statements regarding ROSCA's lack of clarity—in

17  the ANPRM and NPRM and other places—*are irrelevant to this case*") (citing Dkt. #180, Dkt.

18  #241) (emphasis added).  Further, the second proposed question of law in Defendants'

19  Conditional Motion disputes the irrelevance of the FTC's Negative Option Rulemaking Notices

20  to Defendants' knowledge for the purposes of obtaining civil penalties under Section

21

22

23

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

45(m)(1)(A) of the FTC Act, Dkt. #293 at 1, 10-11, an appeal that makes no sense if the Court has not already reached such a decision.[1]

Although the Court issued multiple rulings regarding the irrelevance of the FTC's Negative Option Rulemaking Notices in this action, *see* Dkt. #165, Dkt. #180, Dkt. #241, it addressed the specific issue raised in this Motion most clearly in denying Defendants' motion to compel testimony about the FTC's Negative Option Rulemaking Notices, Dkt. #241.  In that decision, the Court explicitly held the Notices were not official policy statements and, hence, neither the Notices nor any testimony about those Notices are relevant to this litigation:

> Although Defendants say that the testimony they now seek to compel includes 'relevant official, public statements,' Dkt. #214 at 15 . . . **the Court has already stated that 'there are no controlling . . . policy statements that reflect an official prior interpretation of ROSCA**.' Dkt. #165 at 43.  Thus, testimony about statements the FTC made during the Negative Option Rulemaking **is irrelevant** to whether Defendants acted reasonably under the circumstances.

Dkt. #241 at 11 (emphasis added)

The Court's language is clear:  the Court expressly based its ruling denying the motion to compel testimony about the Negative Option Rulemaking Notices on its finding that they are not official policy interpretations of ROSCA and, therefore, are irrelevant.  *See also* Dkt. #241 at 6, 9, 12, 14.  Nevertheless, Defendants premise their entire pending motion in limine on the asserted relevance of the Negative Option Rulemaking Notices themselves (as opposed to testimony about them), and, specifically, the same cherry-picked phrases.  *See* Dkt. #214 at 3

---

[1] Although the FTC disagrees that the Court has issued the precise ruling presented by Defendants' proposed question of law, *see* Dkt. #293 at 1, and an interlocutory appeal of such an evidentiary decision would be entirely inappropriate, *see Voskanyan v. Upchurch*, 2022 WL 4181664, at *2 (9th Cir. Sep. 13, 2022) ("This Court has long held that 'no interlocutory appeal of a pretrial ruling on the admissibility of evidence is available.'" (quoting *Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1342 (9th Cir. 1985))), there is no question that the parties understand the Court has ruled the FTC's Negative Option Rulemaking Notices are irrelevant to Defendants' knowledge arguments.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

("The FTC's public statements at issue are relevant for four reasons."); *id.* ("the FTC's public statements about ROSCA's requirements are relevant to whether Defendants had knowledge of ROSCA's requirements, which is an essential element of the FTC's request for civil penalties"); *id.* at 4-5 (identifying same phrases from Negative Option Rulemaking Notices as raised in this Motion); *id.* at 11 ("The FTC's public statements about ROSCA and Defendants are relevant . . . (3) to defend against the FTC's civil penalties demand"). Thus, Defendants moved to compel testimony about the Negative Option Rulemaking Notices on the grounds that the Notices themselves were relevant to this litigation. The Court denied the motion, reiterating its prior finding that **the Notices themselves** are irrelevant. There is simply no question about the scope or import of the Court's prior ruling.

In response, Defendants attempt to split hairs and argue (elsewhere, since they do not mention the Court's prior rulings in this Motion) that the Court's finding that all *testimony* about the Negative Option Rulemaking Notices is irrelevant does not render the Notices themselves irrelevant. *See* Dkt. #339 at 2. Indeed, they claim they are not seeking reconsideration of the Court's ruling that all testimony about the Notices is irrelevant. *See id.* If that is sincere, granting this Motion would result in an absurd situation: the Notices would come into evidence but no witness could testify about them. Of course, declining to reconsider the Court's prior (correct) ruling resolves the issue: the Notices are irrelevant, and therefore testimony about them is also inadmissible.

Further, by claiming this is not a motion for reconsideration, *see* Dkt. #339 at 1 (arguing that granting the Motion *in Limine* "does not require the Court to 'reconsider' any prior rulings"), Defendants suggest they are not challenging the Court's repeated holding that the statements made during the Negative Option Rulemaking process are not official policy interpretations of

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1  ROSCA.  Yet, they offer no argument for why statements that are not official policy

2  interpretations of ROSCA are relevant to this ROSCA case.  Again, they simply ignore the

3  Court's prior rulings and assert the Notices are relevant as official policy statements.  *See* Dkt.

4  #291-1 at 3 (describing the Notices as "official statements" and "its own official public

5  statements"); *id.* at 7 n.3 (describing them as "[t]he FTC's official public statements"); *id.* at 9

6  (referring to them as "the FTC's other official statements about ROSCA").  Thus, Defendants are

7  apparently seeking to admit statements that the Court has held are not policy interpretations of

8  ROSCA as evidence of the FTC's official interpretation of ROSCA.  Such rulings cannot

9  coexist, and trying to claim the Motion is not a broad request for reconsideration, while every

10  argument depends on the Court rejecting its prior rulings, is absurd.

11       Moreover, this Motion is a Trojan Horse.  It is not, as Defendants claim, limited to

12  seeking admissibility of these Notices for purposes of Defendants' knowledge arguments for

13  civil penalties.  *See* Dkt. #291 at 2; Dkt. #291-1 at 1-2, 7; Dkt. #339 at 1-2.  In this and other

14  motions, Defendants repeatedly admit they are seeking a broader finding of admissibility, one

15  that would reverse even more of the Court's previous rulings, without offering any factual or

16  legal basis for doing so.  *See*, *e.g.*, Dkt. #291-1 at 7 (arguing public statements "are relevant *at*

17  *least* to whether Defendants had sufficient knowledge for civil penalties") (emphasis added), 7

18  n.3 ("The FTC's official public statements are also relevant to whether ROSCA provides fair

19  notice of its requirements or that the Prime flows supposedly violate the statute."), 10 (asking the

20  Court to "preclude the FTC from excluding its statements on relevance grounds").  Indeed, in

21  their summary judgment motions, Defendants rely on the Negative Option Rulemaking Notices

22  to support their due process and ROSCA arguments, despite the Court's prior finding that these

23  Notices are irrelevant to such issues.  *See* Dkt. #316 at 17 (Individual Defendants' Motion citing

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 6

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

Notices as evidence in support of due process arguments); Dkt. #319 at 9 (Amazon Motion citing

Notices as evidence in support of ROSCA arguments); Dkt. #339 at 2-3 (noting "the Court has

opined on the relevance of the FTC's prior, official public statements to Defendants' due-process

defense"); *see also* Dkt. #241 at 7 (holding testimony about Notices irrelevant to ROSCA claims

because the "the Negative Option Rule does not affect ROSCA's current requirements"), 14

(finding "testimony about statements made during the FTC's Negative Option Rulemaking,

which is not at issue here, is irrelevant to Defendants' due process defense"); Dkt. #180 at 11.

Because Defendants seek reconsideration without complying with LR 7(h), and offer no legal or

factual basis to justify changing the Court's prior rulings, their motion should be denied.[2]

## B.     <u>The Court Correctly Ruled That the Statements Are Irrelevant.</u>

Beyond Defendants' failure to meet or even invoke the standard for reconsideration,

Defendants fail to demonstrate the Court's prior rulings were wrong; *i.e.*, Defendants do not

show why statements that are not official policy interpretations of ROSCA are relevant to this

ROSCA case.  Defendants misrepresent the Notices' content in an effort to twist them into

relevance, but this fails to make them probative of Defendants' knowledge.  The relevant

knowledge inquiry is whether Defendants had "actual knowledge or knowledge fairly implied on

the basis of objective circumstances" that their actions violated ROSCA.  15 U.S.C. §

45(m)(1)(A).  The FTC's statements in promulgating the Negative Option Rule do not bear on

---

[2] Defendants' Motion is also improper because it seeks to admit, as official statements by the FTC, summaries of comments provided to the FTC by third parties.  Specifically, Defendants include—in both this Motion and their summary judgment motions—citations to the FTC's summary of comments from State Attorneys General provided to the FTC as part of the Negative Option Rulemaking process.  *See* Dkt. #291-1 at 5, 8; Dkt. #319 at 35. Defendants do not even attempt to address the insurmountable hearsay issues with regard to those summaries; as a result, to the extent Defendants' Motion seeks to admit such statements, it must be denied for this additional reason.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1    Defendants' knowledge, whether actual or fairly implied, of ROSCA violations for several

2    reasons.

3           First, Defendants' case for the Notices' relevance misrepresents what they actually say.

4    The language Defendants from the Negative Option Rulemaking Notices simply does not say

5    what Defendants claim, namely that the FTC has "admitted" ROSCA is so woefully unclear that

6    no one, or at least the Defendants, would know how to comply.  *See* Dkt. #291-1 at 3 ("[s]ince

7    2019, the FTC has made numerous official statements recognizing that [ROSCA] does not

8    provide private parties with enough guidance to know how to comply with the statute"); *id.* ("*the*

9    *FTC* repeatedly admitted that ROSCA is unclear and provides the business community with

10   insufficient guidance on how to comply") (emphasis original); *id.* (the FTC's "own public

11   statements that ROSCA's requirements are unclear"); *id.* ("the FTC's own admission that

12   ROSCA is unclear and does not provide guidance"); *id.* at 4 ("the FTC publicly recognized in

13   official documents that ROSCA's undefined terms do not clearly inform businesses of what they

14   must do to comply with the statute"); *see also* Dkt. #293 at 1 (the FTC "has admitted that the

15   underlying statute lacked clarity"); *id.* at 2 ("the FTC's statements about ROSCA's lack of

16   clarity"); *id.* at 11 ("a statute the FTC itself has admitted is unclear"); Dkt. #319 at 36 ("the

17   FTC's comments about ROSCA's ambiguity").

18          However, Defendants do not identify a single statement by the FTC in the Negative

19   Option Rulemaking Notices that ROSCA is ambiguous, unenforceably "unclear," or lacks

20   sufficient detail for sellers to know when they are in violation.  The closest they come is quoting,

21   "the current framework does not provide clarity about how to avoid deceptive negative option

22   disclosures and procedures," Dkt. #291-1 at 8 (quoting ANPRM, 84 Fed. Reg. at 52396, NPRM,

23   88 Fed. Reg. at 24718), which they elsewhere twist into "*ROSCA* . . . lacks 'clarity about how to

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 8

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1  avoid deceptive negative option disclosures and procedures,'" *id.* at 5 (emphasis added); *see also*

2  Dkt. #293 at 4 (same).  However, as the preceding paragraphs in the Notices make evident, the

3  "current framework" does not refer specifically to ROSCA but to the "existing patchwork of

4  laws and regulations" that includes ROSCA, the Telemarketing Sales Rule, and the Negative

5  Option Rule.  The Notices then explain this framework results in different rules applying

6  depending on how the negative option offer is made (for instance, via phone as opposed to

7  online) and leaves some common negative option practices entirely uncovered.  *See* ANPRM,

8  84Reg. at 52396; NPRM, 88 Fed. Reg. at 24718.

9          Although the Notices do state, as an example of the "current framework" not providing

10  "clarity," that ROSCA "lacks specificity about cancellation procedures and the placement,

11  content, and timing of cancellation-related disclosures," noting the statute requires marketers to

12  provide "a simple mechanism" for consumers to stop recurring charges but "does not specify

13  what methods would satisfy this requirement," ANPRM, 84 Fed. Reg. at 52396; NPRM, 88 Fed.

14  Reg. at 24718, Defendants cannot equate recognition of a lack of specificity in the statute with an

15  admission the statute is unenforceably unclear or negate a defendant's knowledge of

16  noncompliance.  In any event, it is unnecessary to admit the FTC's Negative Option Rulemaking

17  Notices for Defendants to argue that ROSCA lacks detail; the statute's level of detail is clear

18  from its face.  The question is not whether ROSCA has—or could have—more detail; the

19  question is whether Defendants had actual knowledge or knowledge fairly implied on the basis

20  of objective circumstances that their cancellation flow, with its multiple steps, confusing buttons,

21  and continuous distractions, was not simple and, therefore, violated ROSCA.  Nothing in the

22  Negative Option Rulemaking Notices contributes to that determination.

23

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 9

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

Second, and for similar reasons, Defendants' reliance on the statement that "ROSCA . . . provides no details regarding steps marketers must follow to comply with these provisions," Dkt. #291-1 at 8, is not probative of their knowledge of violating ROSCA's requirements of clear and conspicuous disclosures and express, informed consent. Again, the question before the jury is not whether ROSCA could have additional detail; the question is whether Defendants had sufficient knowledge they were violating ROSCA's requirements to clearly and conspicuously disclose all material terms of Prime before obtaining consumers' billing information and to obtain consumers' express, informed consent to those material terms. Nothing in the Negative Option Rulemaking Notices contributes to those determinations either.

Obviously, Defendants cannot argue the FTC's Negative Option Rulemaking Notices are relevant based on a complete mischaracterization of the language and its import. The question is not whether an official policy statement by the FTC that ROSCA is ambiguous or unenforceably unclear would be relevant to Defendants' knowledge arguments, because that is not the evidence.[3] The question is whether statements in Federal Register Notices regarding proposed amendments to the Negative Option Rule that ROSCA lacks detail, specificity, or guidance are relevant to this litigation. Even if the Negative Option Rulemaking were relevant to this proceeding, which the Court has correctly found it is not, those statements are not probative of any issues before the jury because there is no dispute about what the language of the ROSCA statute is, only whether Defendants had sufficient knowledge for the jury to impose civil penalties for their violations of it.

---

[3] Given Defendants' prior admission that ROSCA is "facially clear," Dkt. #131 at 29, any argument the statute itself is vague or ambiguous has been waived. *See also* Dkt. #165 at 41 (finding "Amazon concedes that ROSCA is not vague"); *id.* at 45 (finding "Defendants have said that ROSCA is 'facially clear'").

1       Further, Defendants are not seeking to introduce the Notices as relevant to Defendants'

2    actual knowledge (or lack thereof) of the law.  Indeed, despite being aware of the FTC's

3    investigation since March 2021 and the filing of this lawsuit in June 2023, Individual Defendants

4    continue to deny knowing about ROSCA or its requirements, or at least they continue to assert

5    an absence of evidence on these points.  *See* Dkt. #316 at 23-24; Dkt. #319 at 35-37; *but see* Dkt.

6    #379 at 13 (admitting FTC's 2021 Civil Investigative Demand put Individual Defendants on

7    notice of ROSCA).[4]  Hence, they are not arguing they relied on the FTC's Negative Option

8    Rulemaking Notices in any way, or that the Notices are relevant to their actual knowledge.

9    Instead, they suggest the mere existence of these statements is relevant to the jury's

10   determination of whether knowledge of the ROSCA violations could be fairly implied to them on

11   the basis of objective circumstances.  If that were true, however, any and all public statements

12   referring to ROSCA or its requirements should be considered relevant to the analysis, whether

13   Defendants had any knowledge of them or not.  For example, the FTC should be able to

14   introduce the comment from the Performance-Driven Marketing Institute ("PDMI") in the 2023

15   NPRM that "the concept of simple cancellation is well understood by sellers in the marketplace."

16   NPRM, 88 FR 24716, 24723, Gali Dec. Att. 4.  The FTC should also be able to introduce every

17   complaint it has filed alleging violations of ROSCA, along with any briefs filed in any action

18   alleging ROSCA claims, any press releases relating to ROSCA or cases involving ROSCA

19

20   _____

[4] Elsewhere, Defendants imply these dates are outside "the relevant period," *see* Dkt. #316 at 23-24 (arguing there is no evidence Individual Defendants "knew" of ROSCA during "the relevant period" without regard to the obvious knowledge of ROSCA (and their violation of it) gained by these individuals through the FTC's investigation and litigation).  However, Defendants also argue the FTC's 2024 Negative Option Rulemaking Statements, which post-date the filing of the Complaint in this case, are relevant to their knowledge arguments because they "predate at least some of the alleged conduct" where "the FTC has charged that Defendants are continuing to violate ROSCA to this day . . . ."  Dkt. #291-1 at 9 n.5.  Thus, Defendants implicitly concede knowledge gained from the FTC's investigation and this litigation is relevant to assessing whether they have sufficient implied knowledge for the imposition of civil penalties in this matter.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE                                           Federal Trade Commission
MOTION IN LIMINE REGARDING                                   600 Pennsylvania Avenue, NW
PUBLIC FTC STATEMENTS                                                 Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 11                                            (202) 326-2726

claims, and any orders—whether stipulated or litigated—arising from those actions.  The FTC should also be able to introduce:

- press releases the FTC issued concerning ROSCA, *see*, *e.g.*, Gali Dec., Atts. 6-11 (examples);
- FTC blog posts about ROSCA, *see id.* at 12-13;
- Blog posts about ROSCA by Amazon's outside counsel (and counsel of record in this action), *see id.* at 14-15; and
- countless articles and blogs that have been written about ROSCA since 2011, including by numerous law firms providing guidance on how to comply with the statute, *see id.* at 16-17.

If the FTC's public commentary—which is not due any deference[5]—on the meaning of ROSCA is relevant, then so, too, is this other public commentary.  This result, in addition to being absurd, would violate Federal Rule of Evidence 403, as discussed further below.

The Court has correctly found that the FTC's Negative Option Rulemaking Notices, which are not official policy interpretations of ROSCA, are irrelevant to what ROSCA requires, whether Defendants had fair notice of those requirements, or whether Defendants had sufficient knowledge of their ROSCA violations in order to impose civil penalties.  Defendants' attempt to twist those statements into something relevant to this litigation would add nothing of value but would open the door to countless additional "sources of objective knowledge" that cannot possibly assist the trier of fact in resolving this matter.

---

[5] *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 (2024) ("[A]gency interpretations of statutes . . . are not entitled to deference.").

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 12

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

C.    <u>**The FTC Will Not Seek To Introduce Regulatory Comments.**</u>

Presumably recognizing the weakness of their argument, Defendants attempt to justify their Motion on hypothetical fairness grounds.  Specifically, Defendants argue they should be allowed to introduce the FTC's Negative Option Rulemaking Notices because the FTC cannot introduce its own 2021 Enforcement Policy Statement Regarding Negative Option Marketing without rendering "the FTC's other official statements about ROSCA in the ANPRM and NPRM . . . also relevant."  Dkt. #291-1 at 9.  Aside from the significant differences between the documents, Defendants cannot escape the fact that the FTC *has not sought to introduce its 2021 Enforcement Policy Statement* in this litigation, and will not do so unless it must introduce it (and the balance of the Notices, and other otherwise extraneous public statements) to respond to Defendants' cherry-picked selections from the Notices.

The only evidence Defendants point to of the FTC "using" this Policy Statement is during a Rule 30(b)(6) deposition, where the FTC witness identified the 2021 Enforcement Policy Statement, along with the ROSCA statute, FTC enforcement actions, and orders, in response to Defendants' question about possible sources of guidance on *the FTC's view* of compliance with ROSCA.  Basta Dep. 293:8-295:22, Gali Dec., Att. 18.  Clearly, the mere possibility the FTC *might* seek to introduce a document into evidence cannot provide a basis for preemptively admitting other evidence on the grounds of fairness.  Unless and until the FTC seeks to admit its 2021 Enforcement Policy Statement—which it will not do assuming Defendants' Motion *in*

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 13

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1    *Limine* is denied—this argument is moot and cannot form the basis for granting Defendants'

2    Motion *in Limine*.[6]

3

4    **II.    Rule 403 Prohibits a Confusing, Prejudicial Mini-Trial on the Meaning of**
5    **Statements in a Rulemaking Under Another Statute.**

6          Even assuming the Negative Option Rulemaking Notices have marginal relevance, the

7    potential of unfair prejudice, confusion, and waste of time substantially outweighs any limited

8    probative value.  *See* FRE 403.[7]

9          As discussed, Defendants' arguments make clear they do not in truth wish to use the

10    FTC's Negative Option Rulemaking Notices for the unnecessary purpose of establishing

11    ROSCA lacks detail or specificity in its provisions.  Instead, they want to use the Notices to

12    falsely suggest to the jury that *the FTC believes* the entire statute is unenforceably ambiguous

13    such that, no matter the specific facts, neither Amazon nor its executive officers could have

14    known they were violating ROSCA.  Their language to date—including their claim in summary

15    judgment that the Notices equate to an admission ROSCA is ambiguous—confirm these

16    intentions.  As the Court has made clear, what the FTC believes about ROSCA simply is not

17    relevant to the issues before the Court.  *See* Dkt. #180 at 12 ("the FTC's interpretation of

18    ROSCA is irrelevant to the Court's interpretation of the statute").  Moreover, such insinuations

19

20    ---

[6] The 2021 Enforcement Policy Statement contains numerous statements that would support a finding Defendants
objectively should have known their practices were in violation of ROSCA.  *Id.* at 9-14, Gali Dec., Att. 2..
Presumably, although the Motion does not acknowledge it, Defendants would object to the introduction of the 2021
Enforcement Policy Statement on its own, highlighting further that this argument is a red herring.

21

[7] Although Rule 403 has limited applicability where the Court is the finder of fact, such as in resolving the parties'
summary judgment motions, Defendants have made clear their Motion is focused—at this point—on the

22    admissibility of the FTC's Negative Option Rulemaking Statements at trial, and Rule 403 is specifically aimed at
evidence presented to a jury.  See Fed. R. Evid. 403 (noting concern about "misleading the jury" as basis for
exclusion).

23    PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE                                              Federal Trade Commission
MOTION IN LIMINE REGARDING                                         600 Pennsylvania Avenue, NW
PUBLIC FTC STATEMENTS                                              Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 14                                     (202) 326-2726

1    about the FTC's beliefs would unfairly prejudice the jury against the FTC – just what Rule 403

2    seeks to prevent.  Fed. R. Evid. 403.  The Court should thus not permit evidence that has no

3    probative value and a significant likelihood of prejudicing the jury.

4         Defendants also seek to use the Notices to create unfair prejudice in a second way.  As

5    with their proposed testimony from James C. Cooper, they seek to suggest Defendants must have

6    received legal advice blessing their actions, and thus could not have knowledge fairly implied

7    they were violating ROSCA, without evidence that such advice was ever given.  Dkt. #386 (June

8    24, 2025) at 4-5; *see also* Dkt. #354 (June 17, 2025) at 40-41 (raising this issue in opposition to

9    Defendants' motion for summary judgment).  In other words, because (supposedly) the FTC

10   stated ROSCA was unclear, that must be the (undisclosed) advice the Defendants received.

11   Indeed, as the FTC noted in opposing admission of Cooper's testimony, Defendants have

12   repeatedly implied that the basis for their belief they were not violating ROSCA was advice of

13   counsel, *see* Dkt. #343 at 757, 774-75, 885-86, yet they have refused to reveal that advice and

14   blocked any discovery into what they actually knew.  Defendants' effort to claim no one could

15   know if they were violating ROSCA because even the FTC thought it "lacked specificity" is

16   another attempt to buttress its wrongful use of the attorney-client privilege as both a sword and a

17   shield.  *See, e.g., Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003).  This underscores the

18   extreme prejudice facing the FTC if Defendants are allowed to use the Notices in this way –

19   because the FTC was not permitted to discover the actual advice Defendants received, the FTC

20   is wholly unable to rebut the insinuations the Defendants will make from the notices, *i.e.*, that

21   they must have been told they were in the clear.

22        In addition, introducing the FTC's Negative Option Rulemaking Notices will badly

23   confuse the issues.  As this Court has recognized repeatedly, the FTC's Negative Option Rule is

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 15

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1    not relevant here; Defendants have been charged with violating Section 5 of the FTC Act and

2    ROSCA, not the Negative Option Rule.  Although Defendants focus exclusively on cherry-

3    picked phrases from the Notices, the Notices contain numerous parts, including summaries of

4    comments from third parties, the then-current scope of the Negative Option Rule, considerations

5    of whether to amend the Negative Option Rule, proposed language for amending the Negative

6    Option Rule, and considerations of any negative impacts from amending the Rule.  If Defendants

7    are permitted to introduce isolated phrases from the Notices, much of the remainder of the

8    documents should in fairness be considered alongside them to make the meaning of those

9    statements clear.  Fed. R. Evid. 106.  Admitting the statements would thus result in a "mini trial"

10   over a tangential issue:  the meaning of statements the FTC made in promulgating the Negative

11   Option Rule, which is not at issue in this case.  *See Tennison v. Circus Circus Enterprises*, Inc.,

12   244 F.3d 684, 690 (9th Cir. 2001) (upholding exclusion of evidence under Rule 403 where it

13   would have necessitated mini-trials over "remote events" and would be prejudicial).[8]  The risk of

14   confusing the issues before the jury or misleading them about the import of the Notices thus

15   significantly exceeds any limited probative value in allowing Defendants to extract and highlight

16   specific phrases from those Notices.

17

18

19   _____

20   [8] *Cf. United States v. Gustafson*, 528 F.3d 587, 592 (8th Cir. 2008) ("[M]aterial interpreting statutes and legal
     opinions, as well as the legal opinions themselves, would have had a high potential to confuse the jury and conflict
     with the court's responsibility to instruct on the law.") (internal quotation omitted); *Egbert v. Nissa N. Am.*, No. 04-
     CV-551 PGC, 2006 WL 6503320, *8 (D. Utah Mar. 1, 2006) (excluding evidence of NHTSA determination not to
21   act under Rule 403 because "even assuming some probative value . . .the prejudicial effect of confusion of issues
     would substantially outweigh any probative value. The jury (and presumably the lawyers) will be drawn into a
     debate about why NHTSA acted (or rather, decided not to act). This would involve consideration of why NHTSA
22   makes decisions, what is the scope of rulemaking, what it means for a federal agency not to act, and a host of related
     considerations that have nothing to do with the lawsuit at hand").

23

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE                                          Federal Trade Commission
MOTION IN LIMINE REGARDING                                  600 Pennsylvania Avenue, NW
PUBLIC FTC STATEMENTS                                              Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 16                                        (202) 326-2726

1    Finally, admitting the Negative Option Rulemaking Notices at this stage of the litigation

2  wastes time.[9] As discussed above, allowing the Notices to be considered as "objective evidence"

3  relating to Defendants' knowledge would necessarily require admitting countless other

4  documents setting forth opinions and interpretations of ROSCA that are equally probative on that

5  issue.  Even without that deluge of extraneous documents, allowing these Notices in for this

6  purpose would require the parties and the Court to waste significant trial time explaining the

7  Notices and their applicability, or lack thereof, to this litigation, all for the limited benefit of

8  confirming what they can argue from the face of the ROSCA statute itself.  *See Old Chief v.*

9  *United States*, 519 U.S. 172, 184-85 (1997) (holding that "when Rule 403 confers discretion by

10  providing that evidence 'may' be excluded, the discretionary judgment may be informed not only

11  by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment

12  alongside similar assessments of evidentiary alternatives"); *see also id.* at 182 (embracing

13  approach that requires court resolving objection under Rule 403 to "decide whether a particular

14  item of evidence raised a danger of unfair prejudice" and, if so, then "to evaluate the degrees of

15  probative value and unfair prejudice not only for the item in question but for any actually

16  available substitutes as well").

17

18  **III.    Conclusion**

19    Defendants' Motion *in Limine* is an improper attempt to reargue decisions of this Court

20  without even attempting to offer a legal or factual basis for reconsideration.  The Court has

21  properly held the Notices relating to the Negative Option Rule, which is not at issue in this case,

22

23  ---
[9] Additionally, Defendants have made clear they believe such a determination would require reopening discovery, *see* Dkt. #293 at 7, 12.  It is far too late for that.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 17

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1    are not official policy interpretations of ROSCA and are not relevant to this litigation.

2    Defendants' hypothetical fairness argument and mischaracterization of the Notices and their

3    import do not change that determination.  Both because the Notices are not relevant and because,

4    alternatively, any supposed probative value is significantly outweighed by the risks of prejudice,

5    confusion, and waste of time, Defendants' Motion should be denied.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' STANDALONE
MOTION IN LIMINE REGARDING
PUBLIC FTC STATEMENTS
Case No. 2:23-cv-0932-JHC - 18

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1

## <u>LOCAL RULE 7(e) CERTIFICATION</u>

2
        I certify that this memorandum contains 5,324 words, in compliance with the Local Civil

3
Rules.

4
Dated:  June 30, 2025                        s/ Jeffrey Tang
                                             JONATHAN COHEN (DC Bar #483454)
5                                            EVAN MENDELSON (DC Bar #996765)
                                             JONATHAN WARE (DC Bar #989414)
6                                            SANA CHAUDHRY (NY Bar #5284807)
                                             ANTHONY SAUNDERS (NJ Bar #008032001)
7                                            OLIVIA JERJIAN (DC Bar #1034299)
                                             Federal Trade Commission
8                                            600 Pennsylvania Avenue NW
                                             Washington DC 20580
9                                            (202) 326-2551; jcohen2@ftc.gov (Cohen)
                                             (202) 326-3320; emendelson@ftc.gov (Mendelson)
10                                           (202) 326-2726; jware1@ftc.gov (Ware)
                                             (202) 326-2679; schaudhry@ftc.gov (Chaudhry)
11                                           (202) 326-2917; asaunders@ftc.gov (Saunders)
                                             (202) 326-2749; ojerjian@ftc.gov (Jerjian)

12                                           COLIN D. A. MACDONALD (WSBA # 55243)
                                             Federal Trade Commission
13                                           915 Second Ave., Suite 2896
                                             Seattle, WA 98174
14                                           (206) 220-4474; cmacdonald@ftc.gov (MacDonald)

15                                           RACHEL F. SIFUENTES
                                             (IL Bar #6304016; CA Bar #324403)
16                                           Federal Trade Commission
                                             230 S. Dearborn St., Room 3030
17                                           Chicago, IL 60604
                                             (312) 960-5617; RSifuentes@ftc.gov
18
                                             JEFFREY TANG (CA Bar #308007)
19                                           Federal Trade Commission
                                             10990 Wilshire Boulevard, Suite 400
20                                           Los Angeles, CA 90024
                                             (310) 824-4303; JTang@ftc.gov
21
                                             Attorneys for Plaintiff
22                                           FEDERAL TRADE COMMISSION

23