The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., *et al*.<br><br>   Defendants. | Case No. 2:23-cv-0932-JHC<br><br>**FTC'S MOTION TO EXTEND TRIAL LENGTH**<br><br>NOTE ON MOTION CALENDAR:<br>July 24, 2025 |

Plaintiff Federal Trade Commission ("FTC") respectfully moves this Court for a modest increase in the number of trial dates allotted for this matter, such that the FTC has 10 trial days to present its case. As the FTC has previously noted, the FTC seeks to bring this matter to trial expeditiously and comprehensively. *See* Dkt. 391 at 1.

Defendants have stipulated to a total of 15 trial days for this matter, with each side getting 7.5 trial days to put on their case. Dkt. 391 at 2. The FTC seeks an additional 2.5 trial days—for a total of 10 trial days—to put on its case-in-chief. Here, good cause exists for a modest extension of the trial length in this matter and the FTC's request for an additional 2.5 trial days to put on its case. C*f. Lacey Marketplace Assocs. II, LLC v. United Farmers of Alberta Co-*

FTC'S MOTION TO EXTEND
TRIAL LENGTH
Case No. 2:23-cv-0932-JHC                                1

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

1  *op, Ltd.*, 2015 WL 403165 at *20 (W.D. Wash. Jan. 28, 2015) (applying good cause standard in

2  Fed. R. Civ. P. 16(b)(4) to motion to lengthen trial). ***First***, this case is significant in scale; it

3  concerns the world's largest subscription service sold by one of the world's largest companies.

4  Dkt. #171 at 2. ***Second***, there are a significant number of complex legal and factual questions

5  that must be answered by the Court and the jury. Trial in this matter will require factual findings

6  regarding multiple substantive laws and multiple standards of culpability. *Compare* 15 U.S.C. §

7  45(m)(1)(A) (knowledge requirement for civil penalties for rule violations) *with* 15 U.S.C. §

8  53(b) (no knowledge requirement for injunctions concerning ongoing conduct) *and* 15 U.S.C. §

9  57b(a)(1) (no knowledge requirement for equitable monetary relief). ***Third***, the presentation of

10 evidence at trial will be voluminous and complex. The parties have designated dozens of

11 potential fact and expert witnesses. Even if some experts are excluded or their testimony is

12 limited at trial, racing through the remainder to meet a truncated schedule will complicate—not

13 aid—the jury and the Court in assessing their testimony.  *See also Gen. Signal Corp. v. MCI*

14 *Telecomms. Corp.*, 66 F.3d 1500, 1509 (9th Cir. 1995) ("Although district courts have discretion

15 to impose rules to expedite completion of trials, we caution that they must not adhere so rigidly

16 to time limits as to sacrifice justice in the name of efficiency.").

17       Finally, the FTC's request does not prejudice the Defendants, nor would it force

18 Defendants to change their approach at trial. Defendants believe that their defense can be

19 adequately presented in 7.5 trial days. *See* Dkt. #391. Defendants' belief that their case may

20 benefit from such brevity should not, however, constrain the FTC's ability to put on its full case.

21       The FTC looks forward to presenting its case to the jury starting this September and

22 equally looks forward to ensuring the jury can properly consider this important and complex

23

FTC'S MOTION TO EXTEND
TRIAL LENGTH
Case No. 2:23-cv-0932-JHC                     2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

case. For these reasons, the FTC respectfully moves this Court to extend the length of the trial to a total of 3.5 weeks, with ten trial days allotted to the FTC.

## LOCAL RULE 7(e) CERTIFICATION

I certify that this motion contains 505 words in compliance with the Local Civil Rules.

## LOCAL RULE 37(a)(1) CERTIFICATION

I certify that counsel for the FTC has conferred with counsel for the Defendants in a good faith effort to reach a stipulated agreement. Counsel for the parties spoke by phone and exchanged emails, and as noted to the Court, *see* Dkt. #371, Defendants agreed to a portion of the requested extension, but not its entirety.

Dated: July 3, 2025

s/ Colin D. A. MacDonald
JONATHAN COHEN (DC Bar # 483454)
EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
JONATHAN WARE (DC Bar #989414)
ANTHONY SAUNDERS (NJ Bar #008032001)
SANA CHAUDHRY (NY Bar #5284807)

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580

(202) 326-2551 (Cohen); -3320 (Mendelson); -2726 (Ware); -2749 (Jerjian); -2917 (Saunders); -2679 (Chaudhry)

JCohen2@ftc.gov; EMendelson@ftc.gov; JWare1@ftc.gov; OJerjian@ftc.gov; ASaunders@ftc.gov; SChaudhry@ftc.gov

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; CMacdonald@ftc.gov

RACHEL F. SIFUENTES
(IL Bar #6304016; CA Bar #324403)

FTC'S MOTION TO EXTEND TRIAL LENGTH
Case No. 2:23-cv-0932-JHC

3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

```
 1
 2                                          Federal Trade Commission
                                            230 S. Dearborn St., Room 3030
 3                                          Chicago, IL 60604
                                            (312) 960-5617; RSifuentes@ftc.gov
 4
                                            JEFFREY TANG (CA Bar #308007)
 5                                          Federal Trade Commission
                                            10990 Wilshire Boulevard, Suite 400
 6                                          Los Angeles, CA 90024
                                            (310) 824-4303; JTang@ftc.gov
 7
                                            Attorneys for Plaintiff
 8                                          FEDERAL TRADE COMMISSION
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
```