The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., *et al*.<br><br>  Defendants. | Case No. 2:23-cv-0932-JHC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' CONDITIONAL MOTION TO CERTIFY INTERLOCUTORY APPEAL**<br><br>NOTED ON MOTION CALENDAR:<br>JULY 15, 2025<br><br>ORAL ARGUMENT REQUESTED |

**I.    Introduction**

Defendants ask to undo rulings that are up to a year old and certify a petition for interlocutory appeal, without explaining why they could not have raised these issues earlier or showing that an appeal is unlikely to delay trial.  Defendants also do not identify any actual Court ruling on their proposed questions of law and fail to satisfy 28 U.S.C. §1292(b). Certifying a matter for interlocutory appeal is entirely within the Court's discretion, and, for each of these reasons, Defendants' Conditional Motion, Dkt. #293, should be denied.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

## II. Background

On May 28, 2024, the Court denied Defendants' motions to dismiss the Amended Complaint, including their argument the FTC violated due process by failing to provide fair notice of its supposed "dark patterns" theory of ROSCA. Dkt. #165 at 41-45. The Court held, in that context, "[f]air notice concerns arise when an agency explicitly changes its official interpretation of a statute and a regulated party relied on the prior interpretation." *Id.* at 42. Because "there are no controlling regulations or policy statements that reflect an official, prior interpretation of ROSCA," the Court held Defendants' due process claim failed. *Id.*

On August 22, 2024, the Court denied Defendants' Motion to Compel Production of FTC Communications and Internal Documents. Dkt. #180. In relevant part, the Court held internal FTC discussions about ROSCA were irrelevant to Defendants' knowledge arguments, confirming an earlier finding that the requisite knowledge relies on a reasonable person standard, rendering the FTC's internal interpretations meaningless. *See id.* at 6-9. The Court also found the FTC's internal communications irrelevant to Defendants' due process arguments, because, among other reasons, "internal agency interpretations are also not relevant to whether a 'person of ordinary intelligence,' or 'a reasonable person of ordinary intelligence,' would have fair notice of what ROSCA prohibits." *Id.* at 9-10. In addition, the Court held the FTC's later Negative Option Rulemaking (under a different statute) was not at issue in this case and was, therefore, irrelevant to Defendants' due process arguments, reiterating that "the FTC's interpretation of ROSCA is irrelevant to the Court's interpretation of the statute." *Id.* at 11-12.

On February 24, 2025, the Court denied Defendants' Motion to Compel 30(b)(6) Deposition Regarding FTC's Official Public Statements About ROSCA. Dkt. #241. The Court found testimony from the FTC about the FTC's statements during the Negative Option

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1  Rulemaking would be irrelevant to the ROSCA claims, for potential impeachment purposes, to
2  the request for civil penalties, and to Defendants' due process defense. *Id.* The Court held that,
3  "[a]lthough Defendants say that the testimony they now seek to compel includes 'relevant
4  official, public statements,' . . . the Court has already stated that 'there are no controlling . . .
5  policy statements that reflect an official prior interpretation of ROSCA.'" *Id.* at 11. As a result,
6  the Court rejected Defendants' knowledge argument and held that "testimony about statements
7  the FTC made during the Negative Option Rulemaking is irrelevant to whether Defendants acted
8  reasonably under the circumstances." *Id.* The Court also reconfirmed that "Rule 30(b)(6)
9  testimony about statements made during the FTC's Negative Option Rulemaking . . . is irrelevant
10 to Defendants' due process defense." *Id.* at 14. Although the Court noted Defendants were
11 claiming a different, "as-applied" due process challenge to ROSCA, it held testimony relating to
12 the FTC's Negative Option Rulemaking Notices remained irrelevant: "Defendants do not
13 explain how testimony about later agency rulemaking, that says nothing about ROSCA's current
14 requirements, is relevant to whether ROSCA 'fails to provide a person of ordinary intelligence
15 fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously
16 discriminatory enforcement.'" *Id.* at 14 n.4 (citation omitted).

17      On May 9, 2025, Defendants filed a motion for leave to file a motion *in limine*, seeking a
18 declaration that statements made by the FTC in the course of its Negative Option Rulemaking
19 are admissible for purposes of denying Defendants' knowledge of their ROSCA violations for
20 civil penalty purposes. Dkt. #291; *see also* Dkt. #291-1. Simultaneously, Defendants filed the
21 instant Conditional Motion, asking the Court to amend the Orders finding the FTC's Negative
22 Option Rulemaking Statements irrelevant in this action (Dkt. #165, Dkt. #180, and Dkt. #241) to
23 certify interlocutory appeals, but to do so only if the Court denied either the motion for leave or

PLAINTIFF'S OPPOSITION TO  
DEFENDANTS' CONDITIONAL MOTION  
FOR INTERLOCUTORY APPEAL  
Case No. 2:23-cv-0932-JHC - 3

Federal Trade Commission  
600 Pennsylvania Avenue, NW  
Washington, DC 20580  
(202) 326-2726

1  the motion *in limine*. Dkt. #293 at 1. On June 13, 2025, the Court set a July 15, 2025 noting

2  date for the Conditional Motion; the FTC therefore files its Opposition to the Conditional Motion

3  today, even though the Conditional Motion is not ripe because Defendants' motion *in limine* is

4  still pending, to ensure Defendants have the ordinary time to file a Reply on or before the noting

5  date.

6  **III.  Legal Standard**

7  This Court may certify an order for interlocutory appeal if it is "of the opinion that such

8  order involves a controlling question of law as to which there is substantial grounds for

9  difference of opinion and that an immediate appeal from the order may materially advance the

10  ultimate termination of the litigation." 28 U.S.C. §1292(b). This is a "narrow exception" from

11  the final judgment rule, and "[t]he party seeking certification has the burden of showing that

12  exceptional circumstances justify a departure from the basic policy of postponing appellate

13  review until after the entry of a final judgment." *Harrington v. Cracker Barrel Old Country

14  Store Inc.*, 713 F. Supp. 3d 568, 583 (D. Ariz. 2024) (citation omitted). The Ninth Circuit has

15  emphasized Section 1292(b) is "to be used only in exceptional situations in which allowing an

16  interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust

17  Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Thus, even if the moving party can satisfy the

18  requirements of Section 1292(b), "district court judges have 'unfettered discretion' to deny

19  certification." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015) (citations

20  omitted); *see also Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus

21  chose to confer on district courts first line discretion to allow interlocutory appeals.").

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

**IV.     Defendants' Request Should Be Denied as Untimely**

As an initial matter, Defendants' belated motion to certify three previous Orders of this Court for interlocutory appeal should be denied because Defendants have offered—and can offer—no reasonable explanation for their prejudicial delay in seeking certification.

Although Section 1292(b) does not have an explicit time limit for seeking certification, it requires showing that an "immediate appeal" is appropriate and filing a petition for review in the circuit court within ten days of district court certification. *See* 28 U.S.C. §1292(b). The Seventh Circuit cautions the "ten-day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend" to allow belated certification. *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990); *see also id.* ("An amendment that will have the effect of extending the limitation is proper only if there is a reason for the delay . . . .").

Courts in this circuit have followed the admonition that "a district judge should not grant an inexcusably dilatory request" for certification. *See*, *e.g.*, *DeLuca v. Farmers Ins. Exch.*, 2019 WL 4260437, at *3 (N.D. Cal. Sept. 9, 2019) (quoting *Richardson Elecs., Ltd. v. Panache Broadcasting of Penn., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)). Accordingly, they have denied as untimely motions to certify interlocutory appeals filed as little as six weeks after the order was entered. *See Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010) (78 days); *DeLuca*, 2019 WL 4260437, at *8 (45 days); *Valadez v. CSX Intermodal Terminals, Inc.*, 2019 WL 13146777, at *3 (N.D. Cal. Jun. 28, 2019) (less than two months); *Wallis v. Centennial Ins. Co., Inc.*, 2012 WL 1552766, at *2 (E.D. Cal. May 1, 2012) (three months); *Spears v. Wash. Mut. Bank FA*, 2010 WL 54755, at *2 (N.D. Cal. Jan. 8, 2010) (two-and-a-half months).

Here, Defendants delayed more than four months since the most recent of the three Orders they seek to certify, *see* Dkt. #241, and more than a year since the first such Order, *see*

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1  Dkt. #165.  Defendants do not even acknowledge the delay, let alone offer an explanation for it.

2  Additionally, as discussed further below, Defendants waited until a few months before trial to

3  file their Motion, which means a near-certain prejudicial trial delay if the Motion is granted and

4  the Ninth Circuit accepts the appeal.  There is no reasonable justification for Defendants'

5  significant delay in seeking certification, and their request should be denied.

**V.    Defendants Cannot Meet the Statutory Requirements for Interlocutory Appeal**

Defendants seek to certify three Orders for interlocutory appeal (Dkt. #165, Dkt. #180, and Dkt. #241) and present two proposed questions of law:  (1) whether an agency must change a prior official interpretation of a statute before defendants can assert a due process defense based on lack of notice; and (2) whether the FTC can obtain civil penalties under 15 U.S.C. §45(m)(1)(A) when it has admitted that the underlying statute lacked clarity at the time of the alleged violation.[1]  Dkt. #293 at 1.  Defendants' request for certification fails because their proposed questions are not based on actual rulings by this Court and because they cannot meet the requirements for certification with regard to either proposed question.

**A.    <u>Defendants do not identify any actual rulings by this Court regarding their proposed questions.</u>**

As an initial matter, this request for certification must fail because none of the three Orders contain the rulings that purportedly form the basis for Defendants' proposed questions of law.

---

[1] Although Defendants have proposed two questions of law for appeal, an interlocutory appeal allows the Ninth Circuit to review the entirety of the order appealed.  *See Roth v. Foris Ventures, LLC*, 86 F.4th 832, 836 (9th Cir. 2023) (confirming "it is the *order* that is appealable, and not the controlling question identified by the district court") (citation omitted).  Thus, certifying these Orders for interlocutory appeal carries an additional risk that Defendants may try to broaden the Ninth Circuit's review to include any number of other issues not presented here.

PLAINTIFF'S OPPOSITION TO                                          Federal Trade Commission
DEFENDANTS' CONDITIONAL MOTION                         600 Pennsylvania Avenue, NW
FOR INTERLOCUTORY APPEAL                                       Washington, DC 20580
Case No. 2:23-cv-0932-JHC - 6                                             (202) 326-2726

In denying Defendants' Motion to Dismiss, the Court rejected their "dark patterns" due process argument because it found *that argument* could only prevail if there were a change in an official policy statement, which there is not in this case. Dkt. #165 at 40-45. The Court never stated *all* fair notice arguments required such a change; instead, Defendants admit the Court held, for fair notice, "[t]he relevant question is not whether [Defendants] had fair notice of the *FTC's interpretation* of the statute, but whether [Defendants] had fair notice of what the *statute itself* requires." Dkt. #293 at 10 (quoting Dkt. #241 at 14). Indeed, the Court specifically recognized Defendants later claimed to have adopted an "as-applied" due process challenge, and the Court did not state a change in official interpretations of ROSCA was required for the as-applied challenge. *See* Dkt. #241 at 14 n.4.

Defendants also point to no decision where the Court held the FTC could "obtain civil penalties . . . when it has admitted that the underlying statute lacked clarity at the time of the alleged violations." While Defendants agree the Court has found the FTC's Negative Option Rulemaking Notices irrelevant in this matter, *see* Dkt. #293 at 2, it has never considered whether any statements by the FTC constitute an "admission" that ROSCA lacked clarity at the time of the alleged violations, whether such alleged "lack of clarity" relates to the civil penalty issues here, or whether the FTC could seek civil penalties *if* those predicate facts were proven.

Indeed, Defendants admit they have cobbled together "interpretations" of the Court's Orders to manipulate them into bases for interlocutory appeal. *See* Dkt. #293 at 2 (claiming "the Court *appears to have made two fundamental determinations*"); *id.* at 3 (arguing if the Court denies Defendants' Motion *in Limine*, it "*will essentially hold…*"); *id.* at 11 (arguing that, "in denying the motion to dismiss and motions to compel, and if it denies the standalone motion in limine, the Court *will have determined…*") (emphasis added in each). Defendants have offered

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 7

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

no legal basis for seeking certification of their interpretation of the import of the Court's past—and future—decisions, and there can be none. *See*, *e.g.*, *Bluetooth SIG, Inc. v. FCA US LLC*, 2021 WL 1922975, at *2 (W.D. Wash. May 13, 2021) (noting defendant could "divine whatever 'suggestion' it wishes from the Court's order," but "the order speaks for itself, and . . . the Court made no such finding. The Court will not grant an interlocutory appeal of a conclusion it did not reach."); *see also Mothershead v. Wofford*, 2022 WL 2755929, at *1 (W.D. Wash. Jul. 14, 2022) (finding "it would be improper to certify the appeal based on an issue not actually contained in the order"); *Monster Energy Co. v. Integrated Supply Network, LLC*, 2018 WL 6136144, at *2 (C.D. Cal. Sep. 21, 2018) (finding proposed question of law was "not raised in the underlying orders").

### B. Defendants do not identify a controlling question of law.

"A controlling question of law must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court.'" *ICTSI Oregon, Inc. v. Int'l Longshore and Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *In re Cement*, 673 F.2d at 1026); *see also Wang v. Zymergen Inc.*, 759 F. Supp. 3d 1002, 1010 (N.D. Cal. 2024) (finding "the question generally must present a pure legal question rather than a mixed question of law and fact") (citations omitted). The question should be one that "can be resolved quickly without delving into the facts of a particular case," *Ludin v. Directors Guild of Am.*, 2022 WL 18585855, at *4 (C.D. Cal. Jul. 8, 2022), and reversal should "have some immediate effect on the course of litigation and result in some savings of resources," *Valadez*, 2019 WL 13146777, at *2. "Interlocutory review may be denied where reversal of the court's order would only expand the trial, not terminate or limit it." *Id.* (citations omitted).

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 8

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

Even if Defendants' first proposed question focused solely on fair notice claims based on an agency interpretation of a statute—which the Court *did* hold required a showing of a change in official interpretation—reversing that decision would actually expand the trial, not terminate or limit it, by allowing Defendants to assert a due process argument the Court has precluded. Indeed, a reversal will have no *other* immediate effect because it would only allow Defendants to assert the defense, not entitle Defendants to judgment on any claims. Moreover, contrary to Defendants' assertion, even if they could prevail on that defense *after trial*, it would not be "a complete defense to the FTC's substantive claims." Dkt. #293 at 6. The FTC has brought claims under both Section 5 of the FTC Act and ROSCA. The facts and witnesses for both claims substantially overlap, but Defendants have not—and cannot—assert a fair notice defense with regard to the FTC Act unauthorized charges (unfairness) claim.

Similarly, even if Defendants' second proposed question of law were contained in a Court ruling, which it is not, holding the FTC cannot obtain civil penalties under Section 45(m)(1)(A) "when it has admitted that the underlying statute lacked clarity at the time of the alleged violations" does not resolve anything. There have been no determinations that the FTC's Negative Option Rulemaking Notices constitute a qualifying "admission" by the FTC—*i.e.*, a clear admission that the statute "lacked clarity," including as to any portion of the statute necessary to the FTC's claims. In other words, a "reversal" would only lead to additional litigation and potentially expand the trial. Moreover, at the heart of Defendants' proposed question is a demand the Ninth Circuit reverse this Court's decision that the FTC's Negative Option Rulemaking Notices are irrelevant, as that is the only evidence of the purported "admission." Evidentiary determinations, however, are not appropriate for interlocutory appeal. *See Voskanyan v. Upchurch*, 2022 WL 4181664, at *2 (9th Cir. Sep. 13, 2022) ("This Court has

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 9

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1  long held that 'no interlocutory appeal of a pretrial ruling on the admissibility of evidence is

2  available.'") (quoting *Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1342 (9th Cir. 1985)).

3          **C.**        **<u>Defendants do not show substantial ground for difference of opinion.</u>**

4          "Courts traditionally will find that a substantial ground for difference of opinion exists

5  where 'the circuits are in dispute on the question and the court of appeals of the circuit has not

6  spoken on the point, if complicated questions arise under foreign law, or if novel and difficult

7  questions of first impression are presented,'" *Wang*, 759 F. Supp. 3d at 1011 (quoting *Couch v.

8  Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)); *see also ICTSI Oregon*, 22 F.4th at 1130.

9  However, neither "'strong disagreement' with a court's ruling" nor "the fact that 'settled law

10 might be applied differently'" is enough to satisfy this requirement. *Bluetooth SIG*, 2021 WL

11 1922975, at *2 (quoting *Couch*, 611 F.3d at 633).

12         With regard to their first proposed question of law, Defendants merely cite cases

13 supporting a proposition with which the Court has not disagreed, namely, that it is *possible* to

14 assert a fair notice defense without a change in official agency interpretation of the statute. *See*

15 Dkt. #293 at 9. Fatally to Defendants' request, none of these cases hold that a change in official

16 interpretation of a statute is *never* required to support a particular claim of lack of fair notice.

17 Here, the Court has only dismissed Defendants' due process defense to the extent it is based on

18 an argument the FTC failed to provide fair notice of a "dark patterns" theory of ROSCA. *See*

19 Dkt. #165 at 40-45. Defendants have offered no caselaw offering a substantial difference with

20 that holding.

21         Instead, Defendants reveal their real dispute: they object to the Court's evidentiary

22 rulings relating to the FTC's Negative Option Rulemaking Notices. *See* Dkt. #293 at 9-10.

23 Defendants do not suggest these evidentiary rulings are controlling questions of law, and the

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 10

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

only ground for difference they offer is their own disagreement with the Court's decisions. As discussed above, these evidentiary disputes are not grounds for interlocutory appeal.

Defendants' attempt to find substantial ground for difference on their second proposed question of law is equally meritless because, again, the argument has nothing to do with their proposed question. Beyond the disputed underlying factual premise, Defendants identify no cases holding the FTC *cannot* obtain civil penalties under Section 45(m)(1)(A) "when it has admitted that the underlying statute lacked clarity at the time of the alleged violation," which is the converse of what they claim this Court has held. *See* Dkt. #293 at 1, 11-12. They also do not attempt to provide caselaw supporting the same proposition under other statutes or regulations.

Instead, they suggest the Court was wrong in finding that actual knowledge of the statute is not required to obtain civil penalties under Section 45(m)(1)(A). *Id.* at 11; *see also* 15 U.S.C. §45(m)(1)(A). But this is not the question of law they have presented, nor do they offer any caselaw to dispute the Court's reliance on *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139 (4th Cir. 1996), where the Fourth Circuit held, "[w]hether a defendant has violated a rule with actual or implied knowledge is based on objective factors. A defendant is responsible where a reasonable person under the circumstances would have known of the existence of the provision and that the action charged violated that provision." Dkt. #165 at 46. Their assertion that "[t]he Ninth Circuit has never considered the full parameters of this standard," Dkt. #293 at 11, is not sufficient to create a substantial ground for difference.

Ultimately, Defendants are, again, challenging the Court's evidentiary decisions rather than the legal standard itself. Specifically, they suggest that, if another court were to find the FTC's Negative Option Rulemaking Notices relevant to this analysis, that court could possibly find the Notices "prove" ROSCA is too unclear for Defendants to have sufficient knowledge for

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 11

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

civil penalties. *See* Dkt. #293 at 11 (arguing "other reasonable jurists may disagree with the Court and conclude that civil penalties are not available in this situation as a matter of law"). Defendants do not offer any argument or provide any citation to support why "other reasonable jurists" might disagree with this Court *without* first overturning that evidentiary ruling. The Court has not precluded Defendants from disputing whether they had sufficient knowledge for the imposition of civil penalties under Section 45(m)(1)(A); the Court has simply held they may not use the FTC's Negative Option Rulemaking Notices in their attempt to do so. That is not grounds for an interlocutory appeal.

### D. **Interlocutory appeal will not materially advance the ultimate termination of the litigation.**

Even if Defendants' delay did not preclude any possibility of an "immediate appeal," which it did, Defendants cannot show an appeal "may appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI Oregon*, 22 F. 4th at 1131 (cleaned up); Dkt. #293 at 12.

With trial scheduled for September, it is unreasonable to believe any interlocutory appeal could be resolved without delaying trial. Interlocutory appeals are intended to be raised in the "early stages" of litigation, and appeals sought later are far less likely to serve any purpose other than to delay resolution of the matter. *See In re Mayer*, 2020 WL 6708060, at *3 (S.D. Cal. Nov. 16, 2020) (citing *United States v. Woodbury*, 263 F.2d 784, 784 (9th Cir. 1966)). Where the interlocutory appeal is likely to delay trial, it should be denied. *See Ins. Co. of Penn. v. County of San Bernardino*, 2017 WL 5973284, at *4 (C.D. Cal. Apr. 25, 2017) (finding "[t]he Ninth Circuit has specifically recognized that when a case has a firm and forthcoming trial date that likely predates the resolution of the issue on appeal, interlocutory appeal is not appropriate")

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 12

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

(citing *Shurance v. Planning Control Intern., Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988)); *see also Russell v. WADOT Capital, Inc.*, 2024 WL 4665566, at *2 (W.D. Wash. Nov. 4, 2024); *James v. Kootenai County*, 2023 WL 11199735, at *2 (D. Idaho Jan. 30, 2023); *Moriarty v. Am. Gen. Life Ins. Co.*, 2022 WL 19001955, at *1 (S.D. Cal. Dec. 29, 2022).

Finally, Defendants do not even try to suggest a ruling in their favor on the questions presented for interlocutory appeal would shorten the time or effort needed to complete *these* proceedings. Instead, they acknowledge it would likely result in "reopening discovery and redoing summary judgment proceedings." Dkt. #293 at 7. Obviously, that would prolong the resolution of this matter. The most they offer is that an interlocutory appeal could eliminate the chance of the Ninth Circuit finding reversible error on these issues after trial, precluding a *second* trial on these issues. That is not grounds for interlocutory appeal. *See FTC v. Swish Mktg*, 2010 WL 1526483, at *4 (N.D. Cal. Apr. 14, 2010) (finding "defendants advance no argument that [waiting for] appellate review" of final judgment "would impose a harm more exquisite than that 'suffered by any litigant forced to wait until the termination of the trial before challenging . . . orders [they] consider [] erroneous'") (citation omitted); *see also Bluetooth SIG*, 2021 WL 1922975, at *5 (finding claim that resolving issue on interlocutory appeal could "obviat[e] a potential new trial" to be "speculative" and insufficient); *Medlock v. Taco Bell*, 2014 WL 6389382, at *2 (E.D. Cal. Nov. 14, 2014) ("[R]egardless of whether an appeal was taken now or an appeal was taken after final judgment . . . the action would be remanded, and discovery and trial on the reinstated claims would take place [and] [t]he only difference would be whether the process takes place now as opposed to after final judgment.").

No resolution of Defendants' proposed appeal would satisfy this requirement because the bulk of the evidence and witnesses would still be required, as the appeal resolves no claims or

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 13

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

1   defenses and does not relate to the FTC's claim under Section 5 of the FTC Act, the facts of

2   which overlap significantly with the FTC's ROSCA claims. *See United States ex rel. Mei Ling*

3   *v. City of Los Angeles*, at 2019 WL 6971061, *5 (C.D. Cal. Oct. 2, 2019); *see also Wang*, 759 F.

4   Supp. 3d at 1013 (finding certification would not "materially advance termination of the

5   litigation because the bulk of the case will move forward regardless of the outcome of the

6   appeal"); *Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F. Supp. 3d 568, 584 (D.

7   Ariz. 2024) ("Where 'a substantial amount of litigation remains in th[e] case regardless of the

8   correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the

9   resolution of the th[e] litigation are unpersuasive.") (citation omitted).

## VI. Conclusion

Defendants' request for certification is untimely and seeks to certify questions based on holdings the Court has not made and without satisfying Section 1292(b). With trial imminent, allowing an interlocutory appeal will unnecessarily delay the resolution of these proceedings. Defendants' request for certification should be denied.

\* \* \*

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 14

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726

**LOCAL RULE 7(e) CERTIFICATION**

I certify that this memorandum contains 4,194 words, in compliance with the Local Civil Rules.

Dated:  July 9, 2025

/s/ Evan Mendelson
JONATHAN COHEN (DC Bar #483454)
EVAN MENDELSON (DC Bar #996765)
JONATHAN WARE (DC Bar #989414)
SANA CHAUDHRY (NY Bar #5284807)
ANTHONY SAUNDERS (NJ Bar #008032001)
OLIVIA JERJIAN (DC Bar #1034299)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551; jcohen2@ftc.gov (Cohen)
(202) 326-3320; emendelson@ftc.gov (Mendelson)
(202) 326-2726; jware1@ftc.gov (Ware)
(202) 326-2679; schaudhry@ftc.gov (Chaudhry)
(202) 326-2917; asaunders@ftc.gov (Saunders)
(202) 326-2749; ojerjian@ftc.gov (Jerjian)

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; cmacdonald@ftc.gov (MacDonald)

RACHEL F. SIFUENTES
(IL Bar #6304016; CA Bar #324403)
Federal Trade Commission
230 S. Dearborn St., Room 3030
Chicago, IL 60604
(312) 960-5617; RSifuentes@ftc.gov

JEFFREY TANG (CA Bar #308007)
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
(310) 824-4303; JTang@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' CONDITIONAL MOTION
FOR INTERLOCUTORY APPEAL
Case No. 2:23-cv-0932-JHC - 15

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2726