The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                     Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>                     Defendants. | No. 2:23-cv-0932-JHC<br><br>DEFENDANTS' OPPOSITION TO FTC'S MOTION TO EXTEND TRIAL LENGTH<br><br>NOTED ON MOTION CALENDAR: July 24, 2025<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANTS' OPPOSITION TO FTC'S
MOTION TO EXTEND TRIAL LENGTH
(2:23-cv-0932-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

Defendants oppose Plaintiff Federal Trade Commission's ("FTC") motion to increase only the number of trial days allotted to the FTC. The parties have already requested that the Court extend the trial length to three weeks (7.5 trial days per side), Dkt. 391 at 2, from the originally-scheduled two weeks (5 trial days per side). Dkt. 66. The FTC now seeks to further extend the trial so that it may have 10 days *for itself,* while limiting Defendants to 7.5 days. *See* Dkt. 400 at 2-3. The Court should deny this request because the FTC has neither met its burden to establish "good cause" to lengthen the trial beyond three weeks, *id.* at 1 (quoting *Lacey Marketplace Assocs. II, LLC v. United Farmers of Alberta Co-op. Ltd.*, 2015 WL 403165 at *20 (W.D. Wash. Jan. 28, 2015)), nor articulated any legitimate basis for receiving more trial time than Defendants. The FTC has not even attempted to explain why three weeks—already a generous allocation relative to other ROSCA cases—is insufficient here, despite admitting that this case involves "straightforward" legal concepts and flows that are largely undisputed, *see* Dkt. 314 at 71, Dkt. 381 at 1. Most importantly, if the Court agrees to extend the length of trial, both sides should receive equal time as the FTC itself previously acknowledged and agreed. *See, e.g.*, Dkt. 391 at 2 (FTC's position was that both sides should receive 10 days of trial time); *cf. Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996), *as amended* (Jan. 15, 1997) (no abuse of discretion where district court gave each side an additional six hours of trial time upon plaintiff's request for additional time).

## II.     BACKGROUND

### A.     The FTC Has Not Justified Its Request for Additional Trial Time.

As noted, the parties have already requested to increase trial from two weeks to three— which is already longer than most ROSCA cases. *See FTC v. Directv*, 15-cv-01129-HSG, Dkt. 421 (C.D. Cal.) (set for 10-day bench trial); *United States v. Adobe Inc.*, 5:24-cv-03630, Dkt. 63 (N.D. Cal.) (set for 10-day jury trial); *FTC v. Doxo, Inc. et al.*, 2:24-cv-00569, Dkt. 40 (W.D. Wash.) (set for 8-day jury trial); *FTC v. Bunzai Media Group*, CV 15-4527-GW(PLAX), Dkt. 670 (C.D. Cal.) (parties estimating 5-7 days for jury trial); *United States v. MyLife.com et*

DEFENDANTS' OPPOSITION TO FTC'S
MOTION TO EXTEND TRIAL LENGTH
(2:23-cv-0932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*al.*, 2:20-CV-6692-JFW (PDX), Dkts. 45, 108 (C.D. Cal.) (parties initially estimated 10-15 days; later estimated 4 days); *FTC v. Cardiff et al.*, 18-2104-DMG (PLAX), Dkt. 101 (C.D. Cal.) (parties estimated 12 days for jury trial); *FTC v. Apex Capital Group et al.*, CV 18-9573(JFW)(JPRX), Dkt. 52 (C.D. Cal.) (set for 4-day jury trial). Indeed, Defendants have identified only one ROSCA case—involving 18 defendants with related but distinct business practices—that took longer than 15 trial days. *See FTC v. Hornbeam Special Situations, LLC*, 1:17–CV–3094–TCB, Dkts. 489-492, 497-499, 500-509 (N.D. Ga.) (17-day trial bench trial held in 2024).

The FTC does not identify with any specificity why 7.5 days would be insufficient to present its case. *Cf. Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1200 (9th Cir. 2008) (no abuse of discretion limiting trial where Plaintiff "did not specify what evidence they would have presented if more time had been allotted"); *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 451 (9th Cir. 1994) (rejecting party's argument that it had insufficient trial time because "it did not argue how it was damaged by the time limits"). For instance, the FTC gives no indication as to the number or identity of the witnesses it expects to call or how long each witness would testify. Instead, the FTC only vaguely gestures to the "significant" "scale" of the case, the "complex legal and factual questions" at play, and "voluminous and complex" evidence, Dkt. 400 at 2, without any detail as to how or why this purported scale or complexity necessitates additional trial time for the FTC alone. Moreover, the FTC's current assertions are belied by their previous arguments that "the concepts of 'clear and conspicuous' disclosures, 'express informed consent,' and 'simple' cancellation mechanisms are all straightforward," Dkt. 314 at 71, and that Defendants' alleged ROSCA violations could be proved based solely on "the content of the at-issue Prime enrollment pages or of the Iliad cancellation process," Dkt. 381 at 1. And while the FTC downplays its extension request as "modest," Dkt. 400 at 1, an increase in trial

length from three weeks to four weeks—as would be necessary to maintain equal time for both sides—would impose significant additional burdens upon the Court, the parties, and the jury.[1]

Under these circumstances, the FTC has failed to meet its burden of showing good cause to extend the length of trial beyond the already generous three weeks the parties jointly seek.

### B.    Alternatively, Both Sides Should Be Allocated Equal Time.

The Court should also deny the FTC's request to the extent the FTC seeks more trial time than Defendants. Should the Court grant the FTC any additional trial time, Defendants should receive the same. Throughout the parties' communications regarding trial length, Defendants have always made clear that the total time allocated for trial should be split equally between each side. *See, e.g.*, Ding Decl., Ex. 1 at 3, 5. And until the FTC filed the instant motion, it had consistently agreed. Indeed, in the parties' joint submission just a few days earlier, the FTC's position was that "[t]rial should be extended such that *each side has 10 trial days* to put on their cases." Dkt. 391 at 2 (emphasis added).

Now, despite its prior representation that it would "move the Court to extend the trial to ten days *per side*," *id.* (emphasis added), the FTC seeks to extend its own trial time to 10 days while limiting Defendants to 7.5 days. Dkt. 400 at 3. But the FTC makes no attempt to justify this inequitable division of time, nor could it—there is no reason the FTC should be entitled to more time to present its case than Defendants. *Cf. Amarel*, 102 F.3d at 1513 (no abuse of discretion where plaintiffs sought 10 more hours of trial time and district court gave each side an additional 6 hours); LCR 39.2(m) (each side allocated equal 3 hours under the Individualized Trial Program). Contrary to the FTC's contention, Defendants have never suggested that "their case may benefit from [the] brevity" of just 7.5 days. Dkt. 400 at 2. Rather, Defendants' consistent position has been that "a three-week trial of 7.5 court days *per side* is appropriate"

---

[1] It is also worth noting that the parties have filed dispositive motions and *Daubert* motions, and will file *motions in limine*, that may "substantially narrow[] the issues for trial." *Lacey Marketplace Assocs. II*, 2015 WL 403165 at *20 (denying motion to extend trial length).  Any further extension of trial would be more appropriately considered after resolution of at least the pending motions.

DEFENDANTS' OPPOSITION TO FTC'S
MOTION TO EXTEND TRIAL LENGTH
(2:23-cv-0932-JHC) - 3

because "the parties should be efficient with their trial time and, of course, the parties should get equal time." Ding Decl., Ex. 1 at 2; *see also* Dkt. 391 at 2 (stating Defendants' position that "each side" should have 7.5 trial days to put on their cases). And the FTC has acknowledged that "Amazon and the three individual defendants are likely to need at least the same time [as the government] to present their[]" case. Ding Decl., Ex. 1 at 6. The FTC's decision now to request additional time only for itself is a transparent ploy to portray its motion as lengthening trial by only 2.5 days, when in truth a full additional week of trial would be necessary to ensure equal time.

Finally, Amazon and three individual Defendants would be prejudiced by having less time to defend against the FTC's allegations, and prove up their affirmative defenses, than the FTC has to present those allegations. The FTC's proposed 2.5 trial days is a significant disparity: it is a 33% increase from the 7.5 days to which the FTC propose to limit four Defendants.

For these reasons, the Court should, at a minimum, ensure that both sides are allocated equal time at trial by granting Defendants the same extension, if any, that the Court grants the FTC.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny the FTC's request for 10 days of trial time and set trial in this case for 7.5 days per side. Alternatively, to the extent the Court grants the FTC's request, Defendants should likewise be allocated 10 days.

DATED this 18th day of July, 2025.


I certify that this memorandum contains 1,417 words, in compliance with the Local Civil Rules.

DEFENDANTS' OPPOSITION TO FTC'S
MOTION TO EXTEND TRIAL LENGTH
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
 Kenneth E. Payson, WSBA #26369
 James Howard, WSBA #37259
 920 Fifth Avenue, Suite 3300
 Seattle, WA  98104-1610
 Telephone: (206) 622-3150
 Fax: (206) 757-7700
 E-mail: kenpayson@dwt.com
    jimhoward@dwt.com


COVINGTON & BURLING LLP

 Stephen P. Anthony*
 Laura Flahive Wu*
 Laura M. Kim*
 John D. Graubert*
 850 Tenth Street, NW
 Washington, DC  20001
 Telephone: (206) 662-5105
 E-mail: santhony@cov.com
    lflahivewu@cov.com
    lkim@cov.com
    jgraubert@cov.com


 John E. Hall*
 415 Mission Street, Suite 5400
 San Francisco, CA  94105
 Telephone: (415) 591-6855
 E-mail: jhall@cov.com


 Megan L. Rodgers*
 3000 El Camino Real
 Palo Alto, CA  94306
 Telephone: (650) 632-4734
 E-mail: mrodgers@cov.com

 Anders Linderot*
 620 Eighth Avenue
 New York, NY 10018
 Telephone: (212) 841-1000
 Email: alinderot@cov.com

DEFENDANTS' OPPOSITION TO FTC'S
MOTION TO EXTEND TRIAL LENGTH
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
            mkaba@hueston.com
            jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC.,
NEIL LINDSAY, RUSSELL GRANDINETTI,
AND JAMIL GHANI

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax