UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>               Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC; NEIL LINDSAY,<br>individually and as an officer of<br>Amazon.com, Inc.; RUSSELL<br>GRANDINETTI, individually and as an<br>officer of Amazon.com, Inc.; JAMIL GHANI,<br>individually and as an officer of<br>Amazon.com, Inc.,<br><br>               Defendants. | CASE NO. 2:23-cv-00932-JHC<br><br>ORDER DENYING MOTION TO CERTIFY<br>INTERLOCUTORY APPEAL |

**I**

**INTRODUCTION**

This matter comes before the Court on Defendants' Conditional Motion to Certify Interlocutory Appeal.  Dkt. # 293.  The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law.  The Court finds oral argument unnecessary.  Being fully advised, for the reasons below, the Court DENIES the motion.

1

2

## II

### BACKGROUND

The FTC sued Amazon.com, Inc. and three of the company's executives, Neil Lindsay, Russell Grandinetti, and Jamil Ghani, alleging that they violated Section 5(a) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45(a), and Section 4 of the Restore Online Shoppers' Confidence Act (ROSCA), 15 U.S.C. § 8403. Dkt. # 67 at 1–2 ¶ 1. The FTC contends that Amazon tricked, coerced, and manipulated consumers into subscribing to Amazon Prime by failing to disclose the material terms of the subscription clearly and conspicuously and by failing to obtain the consumers' informed consent before enrolling them. *Id*. at 2 ¶ 2. It also alleges that Amazon did not provide simple mechanisms for subscribers to cancel their Prime memberships. *Id*. at 3 ¶ 7.

More than a year ago, the Court denied Defendants' motions to dismiss the Amended Complaint. Dkt. # 165. The Court rejected Defendants' contention that the lawsuit violates their due process rights as a matter of law because they did not have "fair notice" of the FTC's interpretation of ROSCA. *Id.* at 40–45. It also rejected Defendants Lindsay, Grandinetti, and Ghani's argument that, as a matter of law, "they did not have fair warning that the ordinary performance of their jobs could subject them to personal liability." *Id*. at 41. In reaching its determinations, the Court observed that "[t]he relevant question is not whether [Defendants] had fair notice of the FTC's interpretation of the statute, but whether [Defendants] had fair notice of what the statute itself requires." *Id.* at 42 (quoting *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 253–54 (3d Cir. 2015)). It also noted that, when there is no prior interpretation of the statute, courts have not found a due process violation. *Id.* (citing cases). It reasoned that there "are no controlling regulations or policy statements that reflect an official, prior interpretation of ROSCA" and that "this case differs from cases in which courts have determined that parties

lacked 'fair notice' of an agency interpretation of a statute when the official interpretation changed." *Id.* The Court also highlighted that while "there are few cases in which courts have interpreted ROSCA, there is plenty of caselaw interpreting similar provisions of other statutes— both state and federal." *Id.* Thus, "this case d[id] not upset settled expectations about what disclosures and cancellation processes are required for automatically renewing subscriptions." *Id.*

Last year, the Court denied Defendants' Motion to Compel Production of FTC Communications and Internal Documents. Dkt. # 180. Defendants argued that they should be allowed discovery regarding the FTC's internal discussions about ROSCA. *Id.* They said that such materials were relevant to their argument that civil penalties are inappropriate because Defendants did not act with "actual knowledge." *Id.* at 6. In rejecting Defendants' argument, the Court noted that a defendant violates ROSCA with actual knowledge or knowledge fairly implied when "a reasonable person under the circumstances would have known of the existence of the provision and that the action charged violated that provision." *Id.* at 7 (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139 (4th Cir. 1996)). The Court reasoned that the FTC's internal interpretations of ROSCA, negative options, and dark patterns over time were not relevant because they had no bearing on the objective reasonableness of Defendants' interpretation of ROSCA. *Id.* at 8–9.

Defendants also said that the FTC's internal discussions about ROSCA were relevant to whether they were provided with "fair notice" of the FTC's interpretation of ROSCA. *Id.* at 9. The Court rejected this argument because "regulated parties have no access to an agency's internal deliberations" and these communications had "no bearing upon whether the agency has given fair notice." *Id.* (quoting *Exxon Mobil Corp. v. Mnuchin*, 430 F. Supp. 3d 220, 235 (N.D. Tex. 2019)).

ORDER DENYING MOTION TO CERTIFY
INTERLOCUTORY APPEAL - 3

1    In February 2025, the Court denied Defendants' Motion to Compel Rule 30(b)(6)

2    Deposition Regarding the FTC's Official Public Statements About ROSCA.  Dkt. # 241.

3    Defendants said that they were seeking testimony to support their argument concerning civil

4    penalties—i.e., that "ROSCA does not provide sufficient guidance to regulated entities—let

5    alone to individual defendants[.]"  *Id.* at 9–10.  The Court noted that "there are no controlling . . .

6    policy statements that reflect an official prior interpretation of ROSCA" and that the testimony

7    they were seeking to compel was irrelevant to whether Defendants acted reasonably under the

8    circumstances.  *Id.* at 11 (quoting Dkt. # 165 at 43).

9    Defendants also asserted that the testimony was relevant to their due process claim that

10   the FTC is trying to retroactively apply the Negative Option Final Rule without providing "fair

11   notice."  *Id.* at 14.  The Court reasoned that Rule 30(b)(6) testimony about statements made

12   during rulemaking that is not at issue was irrelevant to Defendants' due process defense.  *Id.* at

13   14.

14   On May 9, 2025, the same day that Defendants filed the present motion, they filed a

15   Motion for Leave to File a Standalone Motion in Limine.  Dkt. # 291.  The Court granted

16   Defendants' request.  Dkt. # 346.  The Court later denied the motion in limine.  Dkt. # 409.[1]

17   Defendants now request that the Court amend (1) its May 28, 2024 Order denying Defendants'

18   Motion to Dismiss the Amended Complaint; (2) its August 22, 2024 Order denying Defendants'

19   Motion to Compel Production of FTC Communications and Internal Documents; and (3) its

20   February 24, 2025 Order denying Defendants' Motion to Compel Rule 30(b)(6) Deposition

21   Regarding the FTC's Official Public Statements About ROSCA.  Dkt. # 293 at 1.  Defendants

22   say that the Court should certify these orders for interlocutory appeal under 28 U.S.C. § 1292(b)

23

24   _____
[1] Defendants say that this motion for interlocutory appeal depends on the Court's denial of their
motion in limine.  Dkt. # 293 at 1.

ORDER DENYING MOTION TO CERTIFY
INTERLOCUTORY APPEAL - 4

to decide "(1) whether an agency must change a prior official interpretation of a statute before defendants can assert a due process defense based on lack of notice; and (2) whether the FTC can obtain civil penalties under 15 U.S.C. § 45(m)(1)(A) when it has admitted that the underlying statute lacked clarity at the time of the alleged violations." *Id.* They assert that the Court's prior orders are "inconsistent with the law, significantly prejudice Defendants, and could require redoing this litigation years down the road if not reviewed immediately." *Id.* at 3.

### III
### DISCUSSION

A.    Legal Standards

Generally, courts of appeal may review only final decisions of district courts. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]").  But a district court, in its discretion, may grant a party leave to file an interlocutory appeal if the court's order (1) "involves a controlling question of law"; (2) offers "substantial ground for difference of opinion"; and (3) if appealed immediately, "materially advance[s] the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981).  This statute is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966); *see also Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2022 WL 833328, at *1 (N.D. Cal. Mar. 21, 2022) (same).

All three statutory prerequisites must be met before a court may certify an order for interlocutory appeal. *See Turner v. United States*, No. 17-CV-02265-WHO, 2018 WL 10646827, at *1 (N.D. Cal. Oct. 29, 2018); *see also In re Blood Reagents Antitrust Litig.*, 756 F.

Supp. 2d 637, 644 (E.D. Pa. 2010) (citation omitted).  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  And "[e]ven when all three statutory requirements are satisfied, district court judges have 'unfettered discretion' to deny certification." *Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F. Supp. 3d 568, 584 (D. Ariz. 2024) (quoting *City of Glendale v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV-12-380-PHX-BSB, 2013 WL 12250532, at *2 (D. Ariz. June 5, 2013)); *see also Auscape Int'l v. Nat'l Geographic Soc'y*, 306 F. Supp. 2d 360, 361 (S.D.N.Y. 2004) (noting that "certification should not routinely be granted even where the statutory prerequisites are satisfied") (citation omitted).  Thus, "a district court's denial of a motion to certify a decision for immediate appeal under section 1292(b) is not reviewable by the appellate court." *Harrington*, 713 F. Supp. 3d at 584 (quoting *Env't Prot. Info. Ctr. v. Pac. Lumber Co.*, No. C 01–2821, 2004 WL 838160, at *2, n. 6 (N.D. Cal. April 19, 2004)).

B.    28 U.S.C. § 1292(b) Requirements

1.    Controlling Question of Law

"A controlling question of law must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court.'" *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *In re Cement*, 673 at 1026).  "A question of law means a pure question of law, not a mixed question of law and fact or an application of law to a particular set of facts." *Bluetooth SIG, Inc. v. FCA US LLC*, No. 2:18-CV-01493-RAJ, 2021 WL 1922975, at *1 (W.D. Wash. May 13, 2021) (cleaned up).  These include questions "as fundamental as the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law shall be applied." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).

Discovery issues generally fail to satisfy this requirement. *See Echostar Satellite LLC v. Freetech, Inc.*, No. C 07-06124 JW, 2009 WL 8399038, at *1 (N.D. Cal. Jan. 22, 2009) ("[T]he discretionary resolution of discovery issues precludes finding the requisite controlling question of law" requirement) (quoting *White v. Nix*, 43 F.3d 374, 377–78 (8th Cir. 1994)) (cleaned up); *City of Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984) (reasoning that a discovery order typically does not present a "'controlling question of law' that would be appropriate for § 1292(b) certification"); *Wickersham v. Eastside Distilling, Inc.*, No. 3:20-CV-02182-YY, 2024 WL 1997896, at *3 (D. Or. May 4, 2024) ("Following *Woodbury*, district courts in the Ninth Circuit have repeatedly concluded that discovery issues generally do not provide controlling questions of law within the meaning of § 1292(b).").

Defendants assert that their request for certification involves two questions of law. Dkt. # 293 at 6. They say the first question is whether an agency must alter "a prior official interpretation of a statute before defendants can assert a due process defense based on lack of notice." *Id.* They assert that this would be a "complete defense" to the FTC's substantive claims. *Id.* They say the second question is whether the FTC can obtain civil penalties under Section 45(m)(1)(A) "when it has admitted that the underlying statute lacked clarity at the time of the alleged violations." *Id.* at 7. They contend that if the Ninth Circuit decides in their favor, then the FTC cannot obtain civil penalties— "eliminat[ing] an entire form of relief." *Id.*

The FTC responds that the Court should deny Defendants' request because they mischaracterize the Court's prior orders. Dkt. # 402 at 6. The agency says that Defendants have "cobbled together 'interpretations'" "to manipulate them into bases for interlocutory appeal." *Id.* at 7. The agency also contends that Defendants' civil penalties argument concerns evidentiary determinations that are inappropriate for interlocutory appeal. *Id.*

1    In its order resolving Defendants' motions to dismiss, the Court rejected Defendants' due

2    process argument concerning "dark patterns" because "there are no controlling regulations or

3    policy statements that reflect an official, prior interpretation of ROSCA, which the FTC changed

4    in more recent regulatory guidance on 'dark patterns.'" Dkt. # 165 at 43.  As the Court noted,

5    "this case differs from cases in which courts have determined that parties lacked 'fair notice' of

6    an agency interpretation of a statute when the official interpretation changed."  *Id.*

7    Contrary to Defendants' characterization, the order addresses only Defendants' "dark

8    patterns" due process argument and does not say that Defendants cannot proceed with a "due

9    process defense based on lack of notice."[2]  Thus, resolution of this "question of law" would not

10   "materially affect" the outcome of the case.  *See Bluetooth SIG, Inc.*, 2021 WL 1922975, at *2

11   (in resolving the defendant's motion to certify for interlocutory appeal, the court noted that the

12   defendant "may divine whatever 'suggestion' it wishes from the [c]ourt's order. But the order

13   speaks for itself . . . and the [c]ourt made no such finding"); *see also Monster Energy Co. v.*

14   *Integrated Supply Network, LLC*, No. ED CV 17-548-CBM-RAO, 2018 WL 6136144, at *2

15   (C.D. Cal. Sept. 21, 2018) ("[T]he 'question of law' [d]efendant requests that this [c]ourt certify

16   for interlocutory appeal is not raised in the underlying orders by the Magistrate Judge, nor raised

17   in this [c]ourt's orders overruling [d]efendant's objections to the Magistrate's orders").

18   As to Defendants' second issue, the record does not show that the FTC has "admitted"

19   that ROSCA "lacks clarity."  *See* 84 Fed. Reg. 52393; 88 Fed. Reg. 24716; 16 C.F.R. § 425 *et*

20   *seq.*; *see also* Dkt. # 409 at 5.  To the extent that Defendants seeks review of the Court's

21

22         [2] In a previous order, the Court noted that Defendants asserted that "following the Court's order
23   rejecting their argument that the FTC's 'dark patterns' theory violates due process as a matter of law they
     then pleaded 'as-applied' challenges to ROSCA itself."  Dkt. # 241 at 14–15 n.4 (citing Dkt. # 165 at 40–
24   41) (cleaned up).  The Court's Order did not address this "as-applied" due process challenge.  *See* Dkt.
     # 165.

ORDER DENYING MOTION TO CERTIFY
INTERLOCUTORY APPEAL - 8

1   evidentiary determinations concerning relevancy, such issues do not amount to a controlling

2   question of law.  *See Zitin v. Turley*, No. CIV 89-2061-PHX-CAM, 1991 WL 283832, at *1 (D.

3   Ariz. Sept. 19, 1991) ("Generally, discovery issues do not present controlling questions of law . .

4   . Nor will an immediate appeal of a discovery issue materially advance termination of the

5   litigation."); *White*, 43 F.3d at 377–78 ("[T]he discretionary resolution of discovery issues

6   precludes the requisite controlling question of law.").

7        2.      Substantial Ground for Difference of Opinion

8        In determining whether a "substantial ground for difference of opinion" exists, a court

9   examines "to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629,

10  633 (9th Cir. 2010).  Generally, this requirement is met when "the circuits are in dispute on the

11  question and the court of appeals of the circuit has not spoken on the point, if complicated

12  questions arise under foreign law, or if novel and difficult questions of first impression are

13  presented." *Id.* (quotation omitted).  But "a party's strong disagreement with the [c]ourt's ruling

14  is not sufficient for there to be a substantial ground for difference." *Id.* (cleaned up).  And "[t]hat

15  settled law might be applied differently" also does not establish a substantial ground for

16  difference of opinion. *Id.* (citations omitted).

17       Defendants say that reasonable jurists could find "that a statute fails to provide fair notice

18  even where an agency has not provided a prior official interpretation." Dkt. # 293 at 8.  And

19  they say that reasonable jurists could also "conclude that the FTC cannot obtain civil penalties

20  when it has admitted that the statute being enforced is unclear." *Id.* at 10.

21       The FTC responds that Defendants cite cases to support a proposition with which the

22  Court has not disagreed: that it is possible to assert a fair notice defense without a change in

23  official agency interpretation of a statute. Dkt. # 402 at 10.  The agency also says that

24

ORDER DENYING MOTION TO CERTIFY
INTERLOCUTORY APPEAL - 9

Defendants are challenging the Court's evidentiary decisions, which are not grounds for an interlocutory appeal. *Id.* at 11.

As noted above, Defendants mischaracterize the Court's previous rulings. And the cases Defendants cite in their briefing do not show a "substantial ground for difference of opinion."

For example, in *United States v. Approximately 64,695 Pounds of Shark Fins*, 520 F.3d 976, 977 (9th Cir. 2008), the United States brought a civil forfeiture complaint for about 64,695 pounds of shark fins that the Coast Guard discovered onboard a United States vessel known as the King Diamond II (KD II). The Government seized the shark fins under the Shark Finning Prohibition Act (SFPA), a statute that makes it unlawful for any person aboard a United States fishing vessel to possess shark fins obtained through a prohibited practice known as "shark finning." 16 U.S.C. § 1857(1)(P)(ii). *Id.* at 977. The owners of the shark fins argued that the statutory definition of "fishing vessel" under 16 U.S.C. § 1802(18)(B) did not provide them with "fair notice" that its activities would render KD II a "fishing vessel" and subject them to the SFPA. *Id.* at 980. Thus, the owners said that the forfeiture action violated their due process rights. *Id.* The Ninth Circuit agreed with the owners. *Id.* As the court reasoned, a statutory provision that prohibits "aiding or assisting any activity relating to fishing does not give fair notice that purchasing fins is prohibited, nor that storing or transporting them after they are acquired is contrary to law." *Id.* (quotation omitted). It determined that the "the district court's application of the possession prohibition of the SFPA to the KD II as a fishing vessel under § 1802(18)(B) violated due process." *Id.* at 982–83.[3] Unlike the owners in *Shark Fins* who argued that their activities fell outside the scope of the statute, Defendants have not asserted that

---

[3] The Ninth Circuit also rejected the district court's holding that "implementing regulations" showed that the actions of the KD II would render the vessel subject to the possession prohibition. *Shark Fins*, 520 F.3d at 982.

ORDER DENYING MOTION TO CERTIFY
INTERLOCUTORY APPEAL - 10

1    the alleged activities here fall outside the scope ROSCA.  Instead, they moved to dismiss the

2    complaint by arguing that the FTC's "dark patterns theory" is "unconstitutionally vague."  Dkt.

3    # 165 at 40 (citations omitted).  Defendants also asserted lack of "fair notice" due to the FTC

4    "sudden[ly] attempt[ing] to impose new legal obligations through litigation."  *Id*.  Thus, the

5    Court's determinations concerning Defendants' due process arguments are not inconsistent with

6    the Ninth Circuit's reasoning in *Shark Fins*.

7         And Defendants' disagreement with the Court's prior rulings, including its evidentiary

8    determinations, does not establish a substantial ground for difference of opinion.  *See Couch*, 611

9    F.3d at 633; *see also Perez v. Seafood Peddler of San Rafael, Inc.*, No. 12-CV-00116-WHO,

10   2013 WL 5513167, at *3 (N.D. Cal. Oct. 4, 2013) ("In determining whether a substantial ground

11   for difference of opinion exists, it is worth noting that 28 U.S.C. § 1292 was intended to be used

12   'only in exceptional situations in which allowing an interlocutory appeal would avoid protracted

13   and expensive litigation.'") (quoting *Spears v. Wash. Mut. Bank FA,* No. 08–cv–00868–RMW,

14   2010 WL 54755, at *2 (N.D. Cal. Jan. 8, 2010)).

15        3.      Material Advancement

16        An interlocutory appeal materially advances the termination of the litigation when the

17   appeal "promises to advance the time for trial or to shorten the time required for trial."  *Allen v.

18   ConAgra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6,

19   2019) (quoting *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 6115536, at *5

20   (N.D. Cal. Dec. 10, 2012)).  The key consideration is "whether permitting an interlocutory

21   appeal would minimize the total burdens of litigation on parties and the judicial system by

22   accelerating or at least simplifying trial court proceedings."  *Hoffman v. Goli Nutrition, Inc.*, No.

23   2:23-CV-06597-CAS-MAAX, 2025 WL 864647, at *2 (C.D. Cal. Feb. 6, 2025) (quotation

24   omitted) (cleaned up).

ORDER DENYING MOTION TO CERTIFY
INTERLOCUTORY APPEAL - 11

1    Defendants contend that if these issues are not decided until an appeal following a jury

2    verdict, the Court may need to redo discovery and have a second trial. Dkt. # 293 at 12. They

3    say that an immediate appeal could narrow the disputed issues by resolving one of the FTC's

4    primary claims for relief—civil penalties. *Id.*

5        The FTC responds that interlocutory appeals are meant to be raised in the "early stages"

6    of litigation, and it is unreasonable to believe any interlocutory appeal could be resolved without

7    delaying trial. Dkt. # 402 at 12. They say that an interlocutory appeal would only prolong

8    resolution of this case given that this appeal would concern only the FTC's ROSCA claim. *Id.* at

9    13–14.

10       An interlocutory appeal would not necessarily materially advance the termination of this

11   litigation. For instance, Defendants' issues about "fair notice" and civil penalties concern only

12   the FTC's ROSCA claim. The interlocutory appeal would have no bearing on Defendants'

13   potential liability under Section 5(a) of the FTC Act. *See Realtek Semiconductor Corp. v. LSI*

14   *Corp.*, No. C-12-03451-RMW, 2013 WL 3568314, at *3 (N.D. Cal. July 12, 2013) ("The

15   possibility of avoiding some liability does not comport with the purpose of § 1292(b)

16   certification, which is to be used only in 'exceptional circumstances' not present here."). And

17   Defendants filed this motion in May 2025, about four months before the scheduled trial date.

18   Thus, this appeal would not accelerate or simplify court proceedings. If the Court granted the

19   motion, it is unlikely the parties would complete appellate briefing by the trial date, much less

20   receive a ruling from the Ninth Circuit. *See Ins. Co. of Pa. v. Cnty. of San Bernardino*, No.

21   EDCV 16-0128 PSG (SSx), 2017 WL 5973284, at *4 (C.D. Cal. Apr. 25, 2017) ("The Ninth

22   Circuit has specifically recognized that when a case has a firm and forthcoming trial date that

23   likely predates the resolution of the issue on appeal, interlocutory appeal is not appropriate.")

24   (citing *Shurance v. Plan. Control Intern., Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) ("Indeed, an

ORDER DENYING MOTION TO CERTIFY
INTERLOCUTORY APPEAL - 12

interlocutory appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed before July 1988, when trial is currently scheduled."); *see also Inserra v. Pinnacle Servs. Inc.*, No. 3:22-CV-00300-CLB, 2023 WL 4041636, at *3 (D. Nev. May 31, 2023) ("[I]t is clear to the [c]ourt that this case will be resolved long before the Ninth Circuit could rule on this interlocutory appeal, ultimately, resulting in further delay of this case.").

C.     Timeliness of Request

        An additional and independent reason for denying Defendants' request is that it is untimely. Although there is no specific deadline for seeking certification of an interlocutory appeal under § 1292(b), an "unreasonable and unexplained delay in seeking certification are grounds to deny certification." *Beyond Blond Prods., LLC v. Heldman*, CV 20-5581 DSF (GSJx), 2021 WL 4860377, at *2 (C.D. Cal. Apr. 28, 2021) (citing cases); *see also Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (determining that a two-month delay in seeking certification is sufficient grounds for denial and that a district judge "should not grant an inexcusably dilatory request").

        Defendants seek certification of three orders: (1) the Court's May 28, 2024 Order denying Defendants' Motion to Dismiss the Amended Complaint; (2) its August 22, 2024 Order denying Defendants' Motion to Compel Production of FTC Communications and Internal Documents; and (3) its February 24, 2025 Order denying Defendants' Motion to Compel Rule 30(b)(6) Deposition Regarding the FTC's Official Public Statements About ROSCA. Dkt. ## 165, 180, 241. They moved to certify these orders for interlocutory appeal on May 9, 2025. Dkt. # 293. Other than saying that they have tried to "clarify" these issues through their motion in limine, Defendants do not explain why they delayed in seeking certification. They requested the Court's permission to move in limine on May 9, 2025—the same day that they moved to certify

their interlocutory appeal.  Dkt. ## 291, 293.  If a delay of two months is "inexcusably dilatory," *Richardson Elecs., Ltd.*, 202 F.3d at 958, then Defendants' delay of almost a year to seek certification as to the Court's May 2024 Order cannot be accepted.  *See* Dkt. ## 165, 293[4]; *see also Gagan v. Sharer*, No. CIV 99-1427PHXRCB, 2006 WL 3736057, at *2 (D. Ariz. Nov. 6, 2006) (in denying the defendant's motion for certification, the court noted that "[p]erhaps time is relative, but there are objective standards of timeliness adhered to by most federal litigants, and the court cannot alter the spacetime continuum to accommodate defendant's notion of timeliness.").

## IV

### CONCLUSION

Based on the above, the Court DENIES the motion.

Dated this 25th day of July, 2025.

John H. Chun
United States District Judge

---

[4] Defendants waited about nine months and two months, respectively, in bringing this motion as to the Court's orders denying their motions to compel discovery.  Dkt. ## 180, 241.  *See Spears*, 2010 WL 54755, at *2 (denying a request for certification because the moving party had no justification for waiting two and a half months to file the motion); *Richardson Elecs., Ltd.*, 202 F.3d at 958 (stating that a two-month delay was "inexcusably dilatory").  These delays are also unreasonable.

ORDER DENYING MOTION TO CERTIFY
INTERLOCUTORY APPEAL - 14