UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC; NEIL LINDSAY, individually and as an officer of Amazon.com, Inc.; RUSSELL GRANDINETTI, individually and as an officer of Amazon.com, Inc.; JAMIL GHANI, individually and as an officer of Amazon.com, Inc.,<br><br>Defendants. | CASE NO. 2:23-cv-00932-JHC<br><br>ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE FTC FROM DESIGNATING SUBSET OF AMAZON PERCIPIENT WITNESSES AS "EXPERTS" |

# I

## INTRODUCTION

This matter comes before the Court on Defendants' Rule 702 Motion to Preclude the FTC from Designating Subset of Amazon Percipient Witnesses as "Experts." Dkt. # 324. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. The Court finds oral argument unnecessary. Being fully advised, for the reasons below, the Court DENIES the motion.

ORDER DENYING DEFENDANTS' MOTION TO
PRECLUDE FTC FROM DESIGNATING SUBSET
OF AMAZON PERCIPIENT WITNESSES AS
"EXPERTS" - 1

## II

### BACKGROUND

The FTC sued Amazon.com, Inc. and three of the company's executives, Neil Lindsay, Russell Grandinetti, and Jamil Ghani, claiming that they violated Section 5(a) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45(a), and Section 4 of the Restore Online Shoppers' Confidence Act (ROSCA), 15 U.S.C. § 8403. Dkt. # 67 at 1–2. The FTC alleges that Defendants tricked, coerced, and manipulated consumers into subscribing to Amazon Prime. *Id.* at 2. According to the FTC, this was accomplished by failing to disclose the material terms of the subscription clearly and conspicuously and by failing to obtain the consumers' informed consent before enrolling them. *Id.* The FTC also alleges that Amazon did not provide simple mechanisms for subscribers to cancel their Prime memberships. *Id.* at 3.

The FTC has designated four former Amazon employees (collectively, Former Employees) as hybrid fact-expert witnesses.[1] Dkt. # 345 at 740–48. Reid Nelson has a Master's degree in experimental psychology from Western Washington University and was a Principal UX (user experience) researcher at Amazon. Dkt. # 343 at 745; Dkt. # 370-22 at 131:11–13. David Edelstein has a degree from Lane Community College in graphic design and managed the Global Prime User Experience (GPX) team. Dkt. # 343 at 741; Dkt. # 370-21 at 23:2–11. Christopher "C.R." Brown was a UX Design Manager at Worldwide Amazon Prime. Dkt. # 370-33 at 35:23–36:2. Molly O' Donnell has a degree in communications from Loyola University in Chicago and a Master's degree in communications and digital media from the University of Washington, and she was a UX research manager at Amazon. Dkt. # 343 at 747; Dkt. # 370-34.

---

[1] The FTC originally disclosed six such experts, but its opposition brief confirms that it only intends to call the four Former Employees discussed here. Dkt. # 358 at 2.

ORDER DENYING DEFENDANTS' MOTION TO
PRECLUDE FTC FROM DESIGNATING SUBSET
OF AMAZON PERCIPIENT WITNESSES AS
"EXPERTS" - 2

The FTC has disclosed the topics on which it expects each of these individuals to testify. Dkt. # 343 at 740–48. These topics differ based on each employee's background and experience; but, in general, the FTC seeks to call each to testify about unintentional enrollments, the Amazon Prime cancellation process, and related subjects. *See id.* The FTC also lists the bases for the Former Employees' testimony. *Id.* These likewise differ slightly between the Former Employees; but, in general, the testimony is based on their experience at Amazon and experience working in their respective professional fields. *Id.*

Defendants move to exclude the Former Employees' testimony. Dkt. # 324. They say that the Former Employees are not qualified as "experts" and lack reliability on the noticed topics. *Id.* at 8–14. They also contend that the Former Employees' testimony will be needlessly cumulative and risk juror confusion. *Id.* at 7–9.

### III
#### DISCUSSION

A.  Legal Standards

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Under Rule 702, a witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" provided that

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.[2]

Courts must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Hyer v. City & Cnty. of Honolulu*, 118 F.4th 1044, 1055 (9th Cir. 2024) (quoting *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022)). They have "broad discretion" in making such evidentiary rulings. *Id.* (citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017)).

Expert testimony is relevant if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharms., Inc.* ("*Daubert I*"), 509 U.S. 579, 589 (1993) (citing Fed. R. Evid. 702(a)). "The relevancy bar [for expert testimony] is low, demanding only that the evidence 'logically advances a material aspect of the proposing party's case.'" *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert v. Merrell Dow Pharm., Inc.* ("*Daubert II*"), 43 F.3d 1311, 1315 (9th Cir. 1995)). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

Courts apply four factors in determining whether expert testimony is reliable. These include "1) whether a theory or technique can be tested; 2) whether it has been subjected to peer review and publication; 3) the known or potential error rate of the theory or technique; and 4) whether the theory or technique enjoys general acceptance within the relevant scientific community." *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (citing *Daubert I*,

---

[2] Rule 702 was amended in 2023. *See* Notes of Advisory Committee on 2023 Amendments to Rule 702. The Advisory Committee Notes to the 2023 amendment state that the changes were intended to "clarify and emphasize" the plain language of Rule 702. *Id.* And "[n]othing in the amendment imposes any new, specific procedures." *Id.* Thus, cases interpreting Rule 702 that predate the 2023 amendment still apply. *See Reflex Media, Inc. v. SuccessfulMatch.com*, 758 F. Supp. 3d 1046, 1049 (N.D. Cal. 2024).

509 U.S. at 592–94). But this list of factors is neither exhaustive nor intended to be applied in every case. *Id.* (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). A court "not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (internal quotations omitted). And "[w]hile evidence that suffer[s] from serious methodological flaws . . . can be excluded, courts are not permitted to determine the veracity of the expert's conclusions at the admissibility stage." *Teradata Corp. v. SAP SE*, 124 F.4th 555, 566 (9th Cir. 2024) (internal quotations and citations omitted) (second alteration in original).

The proponent of the expert testimony bears the burden of establishing admissibility by a preponderance of the evidence. *See Qualey v. Pierce Cnty.*, 2025 WL 254810, at *3 (W.D. Wash. Jan. 21, 2025) (citing *Daubert I*, 509 U.S. at 592 n.10). And courts liberally construe Rule 702 in favor of admissibility. *See Daubert I*, 509 U.S. at 588; *see also Chinn v. Whidbey Pub. Hosp. Dist.*, 2021 WL 5200171 (W.D. Wash. Nov. 9, 2021).

B.   Former Employees' Qualifications

Defendants cite a 30-year-old district court ruling from outside this Circuit to contend that the Former Employees are not qualified to testify as experts because "an expert 'must be qualified in the *specific subject* for which his testimony is offered.'" Dkt. # 372 at 1 (quoting *Whiting v. Boston Edison Co.*, 891 F. Supp. 12, 24 (D. Mass. 1995)). But that court then explained, "[A] lawyer is not by general education and experience qualified to give an expert opinion on every subject of the law, so too a scientist or medical doctor is not presumed to have expert knowledge about every conceivable scientific principle or disease." *Id.* So this authority stands for the straightforward idea that an expert must have some level of familiarity with the topic on which they will testify. And applicable authority demonstrates that this level of

ORDER DENYING DEFENDANTS' MOTION TO
PRECLUDE FTC FROM DESIGNATING SUBSET
OF AMAZON PERCIPIENT WITNESSES AS
"EXPERTS" - 5

familiarity is relatively low. An individual can be qualified to give expert testimony based on "knowledge, skill, experience, training, or education," Fed. R. Evid. 702, and these qualifications "need only exceed 'the common knowledge of the average layman.'" *United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022) (quoting *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002)).

The other authority that Defendants cite, *United States v. Chang*, 207 F.3d 1169, 1172 (9th Cir. 2000), does not support this argument either. In *Chang*, an expert intended to testify that a Japanese security was authentic, and the Ninth Circuit concluded that the district court did not abuse its discretion in excluding this testimony because the expert "had no experience in identifying counterfeit foreign securities." *Id.* at 1173. Thus, *Chang* holds that an expert cannot testify on a topic they have no experience with—not that an expert must have a certain level of experience in the specific subject on which they intend to testify. *Id.*; *contra* Dkt. # 372 at 3–4. In any event, here, the FTC has provided information indicating that each of the Former Employees has years of experience in the subject areas for which their testimony is being offered. Dkt. # 343 at 740–48; Dkt. # 358 at 5–8. Thus, this case is easily distinguishable from *Chang* because the Former Employees have spent considerable time working in the areas on which they intend to testify. *Id.*

Without supporting legal authority, Defendants' arguments otherwise miss the mark. For example, Defendants say that Edelstein is not qualified to testify as an expert on the subject of Amazon-specific user tests because his experience conducting, designing, and analyzing UX research comes from his work at Microsoft. *See* Dkt. # 372 at 4. But experts are regularly deemed qualified based on general training and experience. *See, e.g.*, *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246-47 (9th Cir. 1997) (testimony about training and experience "clearly" established qualifications to offer expert testimony about the modus operandi of drug

ORDER DENYING DEFENDANTS' MOTION TO
PRECLUDE FTC FROM DESIGNATING SUBSET
OF AMAZON PERCIPIENT WITNESSES AS
"EXPERTS" - 6

dealers). And rather than support Defendants' argument, this shows that Edelstein has experience beyond the average layperson in the field of UX design and research. Under Rule 702, he is qualified to testify on topics such as how flows are tested with consumers and testing metrics. *Contra* Dkt. # 372 at 4. Although he may not have performed this work at Amazon, the FTC shows that he has the requisite experience in this area to testify as an expert. Nor is there support for Defendants' arguments that the Former Employees are unqualified because there are other Amazon employees that are "arguably *more* qualified" or because the FTC "cherry-picked" the Former Employees to testify. Dkt. # 372 at 3–4. Experts need not be the best qualified and are often chosen by the party that calls them to testify. *See* Fed. R. Evid. 702; *Daubert II*, 43 F.3d at 1317; Fed. R. Evid. 702.

Defendants' final argument is that if the Court allows the Former Employees to testify as experts, they should now be "permitted to counterbalance the obvious prejudice of having hybrid experts exclusively in the FTC's case in chief." Dkt. # 372 at 4. Yet Defendants were given ample opportunity to designate hybrid fact-expert witnesses, and they chose not to do so. *See* Dkt. # 198. Defendants presented no good reason to modify the scheduling order for their benefit and they must accept the consequences of their decision. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

C.  Former Employees' Reliability and Relevance

Defendants next argue that the Former Employees lack the required personal knowledge to testify as experts. *See* Dkt. # 372 at 3. They also say that the Former Employees cannot testify based on information provided by others. *Id.* The FTC responds that the Former Employees' testimony is reliable because they will testify on opinions "formed during their work for Amazon, based on materials they reasonably relied upon in the course of that work." Dkt. # 358 at 10; *id.* at 8–10.

ORDER DENYING DEFENDANTS' MOTION TO
PRECLUDE FTC FROM DESIGNATING SUBSET
OF AMAZON PERCIPIENT WITNESSES AS
"EXPERTS" - 7

A party that wishes to present evidence through a hybrid fact-expert witness who does not produce a written report must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).  In addition, as hybrid witnesses, the Former Employees must testify and opine from personal knowledge and observations they gained on the job.  *See Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011).

These requirements are met here.  The FTC submitted an expert disclosure to Defendants that provides the subject matter on which the Former Employees expect to present evidence. Dkt. # 343 at 740–48.  The FTC also summarized the facts and opinions to which the Former Employees expect to testify.  *Id.*  This disclosure may not include all the details that Defendants want, but Rule 26(a)(2)(C) disclosures are "considerably less extensive than the report required by Rule 26(a)(2)(B)."  Notes of Advisory Committee on 2010 Amendments to Rule 26.  And the Court must "take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id.* Thus, the Court is satisfied the FTC's disclosures "include[ed] enough information to promote the goals underlying the rule: increasing efficiency and avoiding prejudicial surprise."  *Sec. & Exch. Comm'n v. Cornerstone Acquisition & Mgmt. Co. LLC*, 2025 WL 276318, at *20 (S.D. Cal. Jan. 23, 2025) (quoting *Green v. Qatar Airways Co.*, 2020 WL 9601990, at * 2 (C.D. Cal. Nov. 13, 2020)); *see also Gonzales v. Battelle Energy All., LLC*, 2024 WL 3623363, at *4 (D. Idaho July 30, 2024) ("The law does not require [the defendant] to identify each component part of the opinions its [hybrid] experts will express.  The law demands only a summary, and that is what [the defendant] has provided.").

The Court also finds the Former Employees can reliably testify based on their personal knowledge and observations. *Contra* Dkt. # 372 at 5–6. The FTC's expert disclosure shows the Former Employees all have significant personal experience with the topics on which they will be called to testify. Dkt. # 343 at 740–48; *see* Dkt. # 358 at 10–14. As long as their testimony is based on personal knowledge gained on the job, they will be allowed to testify as hybrid fact-expert witnesses. *See Goodman*, 644 F.3d at 819; *see also Cantu v. United States*, 2015 WL 12743881, at *4 (C.D. Cal. Apr. 6, 2015) ("the critical distinction between retained and non-retained experts is . . . whether [the testimony] is based only on percipient knowledge or on information reviewed in anticipation for trial"); *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014) (personal knowledge is "knowledge produced by the direct involvement of the senses"). So, for example, Edelstein cannot testify about what happened during a meeting discussing sign-up numbers if he was not present for that meeting. *See* Dkt. # 324 at 10; Dkt. # 343-48 at 214:8–19. But he can testify, subject to the Federal Rules of Evidence, about the conclusions and opinions he formed while working at Amazon so long as they are based on his personal knowledge. Dkt. # 343-48 at 214:8–19; *see Goodman*, 644 F.3d at 825 (treating physician exempt from written report requirement "to the extent that his opinions were formed during the course of treatment."); *Cornerstone*, 2025 WL 276318, at *21 (hybrid witness's testimony "limited, at trial, to the personal knowledge they have based on their involvement in the events relevant to this lawsuit").

In sum, the Court finds the Former Employees have adequate personal knowledge to provide reliable expert testimony. It is also clear that this testimony is relevant because it will logically advance the FTC's arguments and is likely to help the factfinder determine facts that

ORDER DENYING DEFENDANTS' MOTION TO
PRECLUDE FTC FROM DESIGNATING SUBSET
OF AMAZON PERCIPIENT WITNESSES AS
"EXPERTS" - 9

are in dispute.³  As a result, the FTC has met its burden to establish by a preponderance of the evidence that Former Employees' testimony is both relevant and reliable.  Fed. R. Evid. 702.

D.      Juror Confusion and Cumulative Testimony

Defendants' final argument is that the Former Employees' testimony will be confusing and cumulative, so it should be excluded under Fed. R. Evid. 403.  Dkt. # 372 at 7.  Defendants contend that if the Former Employees testify as hybrid fact-expert witnesses, their testimony will require close policing by the Court and needlessly complicate the trial.  *Id.* at 7.  Defendants also say the Former Employees' testimony is cumulative because it will be covered by the FTC's retained experts.  *Id.* at 8.  In response, the FTC argues FRE 403 applies to evidence, not expert designations.  Dkt. # 358 at 14.  The FTC also says appropriate jury instructions can safeguard against jury confusion.  *Id.*  And the FTC adds that it is common for the jury to hear from some witnesses that are designated as experts and to hear from other witnesses that are not designated as experts.  *Id.* at 14–15.  The FTC's final point is that the Former Employees' testimony will not be cumulative because each had a different role at Amazon and each has different grounds for their opinions.  *Id.* at 15.

A party can object that an expert's hybrid role as a fact-expert witness will cause jury confusion or present needlessly cumulative evidence under Fed. R. Evid. 403.  *See United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007); *contra* Dkt. # 358 at 14.  But this sort of testimony "is not 'categorically prohibited.'"  *Holguin*, 51 F.4th at 862 (quoting *Freeman*, 498 F.3d at 904).  There are several safeguards the Court can adopt to ensure the Former Employees' testimony does not confuse the jury.  First, the Court can issue a jury instruction on the Former

---

³ Defendants do not seriously challenge the relevance of the Former Employees' testimony, only saying, "Amazon does not concede the admissibility or relevancy of the FTC's noticed topics."  Dkt. # 324 at 8 n.3.

ORDER DENYING DEFENDANTS' MOTION TO
PRECLUDE FTC FROM DESIGNATING SUBSET
OF AMAZON PERCIPIENT WITNESSES AS
"EXPERTS" - 10

Employees' testimony before they testify and at the end of the case. *Id.* Second, the Court can bifurcate the Former Employees' testimony into percipient and expert witness phases. *Id.* Third, the Court can require the FTC to specify if it is asking each question based on the Former Employees' role as a fact or expert witness. *Id.* at 862–63. The Court can adopt such safeguards and "engage in vigilant gatekeeping" to ensure the jurors are aware of the Former Employees' hybrid role, so the Former Employees' testimony will not be excluded for its potential to mislead the jury. *Freeman*, 498 F.3d at 904 (cleaned up).

Also, the Former Employees each had different roles at Amazon, and each has a different foundation for their opinions. Dkt. # 345 at 740–48. While there may be some overlap, their testimony will unlikely be *needlessly* cumulative. Fed. R. Evid. 403. And unlike the FTC's retained experts, the Former Employees' can testify on opinions they developed as Amazon employees. Thus, the Court will not preemptively exclude the Former Employees' testimony because it may be cumulative.

## IV
### Conclusion

For the reasons above, the Court DENIES the motion. Dkt. # 324.

Dated this 26th day of August, 2025.

*John H. Chun*
John H. Chun
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO
PRECLUDE FTC FROM DESIGNATING SUBSET
OF AMAZON PERCIPIENT WITNESSES AS
"EXPERTS" - 11