The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

FEDERAL TRADE COMMISSION,

     Plaintiff,

    v.

AMAZON.COM, INC., *et al.*

     Defendants.

Case No. 2:23-cv-0932-JHC

**JOINT PROPOSED PRETRIAL ORDER**

## JURISDICTION

Jurisdiction is vested in this Court by virtue of 28 U.S.C. §§ 1331, 1337(a), and 1345.  In brief, this case is brought by an agency of the United States, the Federal Trade Commission (the "FTC"), under the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(m)(1)(A), 53(b), 57b, and the Restore Online Shoppers' Confidence Act, ("ROSCA"), 15 U.S.C. § 8404.

1

**CLAIMS AND DEFENSES**

2

<u>**FTC's Statement of Claims**</u>

3

If the Court does not grant the pending motions for summary judgment, the FTC will

4

pursue at trial the following claims:

5

1. Unfairly charging consumers without consent, in violation of Section 5 of the

6

FTC Act, 15 U.S.C. § 45(a), (n), Count I of the Amended Complaint, Dkt. 67;

7

2. Inadequate and untimely disclosures, in violation of the Restore Online Shoppers'

8

Confidence Act ("ROSCA"), 15 U.S.C. §§ 8401-05, Count II of the Amended Complaint;

9

3. Nonconsensual enrollment in violation of ROSCA, Count III of the Amended

10

Complaint; ;

11

4. Failure to provide simple cancellation mechanisms in violation of ROSCA, Count

12

IV of the Amended Complaint; and

13

5. Equitable estoppel in response to the assertion of Defendants' statute of

14

limitations defense, based on facts pleaded in the Amended Complaint (Dkt #67. ¶¶ 239-254)

15

and discovery the FTC and Amazon took on equitable estoppel in particular.[1].

16

<u>**Defendants' Response to FTC's Statement of Claims**</u>

17

The FTC's characterization of its claims is legally incorrect.  For example, 15 U.S.C. §

18

8403(2) does not speak to "[i]nadequate and untimely disclosures," and the FTC has

19

acknowledged that 15 U.S.C. § 8403(3) requires only one "simple mechanism," not multiple.

20

21

---

[1] By agreement negotiated earlier this year with Defendants' counsel, the FTC is not pursuing

22

equitable estoppel against Jamil Ghani, Russel Grandinetti, or Neil Lindsay (collectively, the "Individual Defendants").

23

JOINT PROPOSED
PRETRIAL ORDER
Case No. 2:23-cv-0932-JHC - 2

1    *See* FTC Business Blog, *Time for a ROSCA recap* (Jul. 3, 2018) ("The law bans online negative

2    options unless the seller … provides *a simple mechanism* for stopping recurring charges"

3    (emphasis added).), https://www.ftc.gov/business-guidance/blog/2018/07/time-rosca-recap-

4    ftcsays-risk-free-trial-was-risky-not-free. Defendants proposed a neutral statement of Counts II,

5    III, and IV for this Joint Proposed Pretrial Order, but the FTC rejected it.  Below is the statement

6    that Defendants proposed.

       1.      Violation of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15

8                 U.S.C. § 8403(1), Count II of the Amended Complaint.

9          2.      Violation of ROSCA, 15 U.S.C. § 8403(2), Count III of the Amended Complaint.

10          3.      Violation of ROSCA, 15 U.S.C. § 8403(3), Count IV of the Amended Complaint.

11          Additionally, two of the claims proposed by the FTC should not proceed to trial.

12          1.      **Count I (FTC Act)**.  Because Count I seeks only equitable relief, this Count must

13    be submitted to the Court, not the jury.  *Compare* Dkt. 69 at 91 (seeking civil penalties "for

14    every violation of ROSCA") *with id.* (seeking a permanent injunction "to prevent future

15    violations of the FTC Act and ROSCA"); *see also Reidy v. Cent. Puget Sound Transit Reg'l*

16    *Auth.*, 2014 WL 7340373, at *9 (W.D. Wash. Dec. 22, 2014) ("[P]recedent indicates that such

17    plaintiffs cannot demand a jury trial when they seek purely equitable relief.").  Moreover,

18    because Count I is premised on a finding of liability on Count III, Count I would be mooted if

19    the jury found no liability on Count III.  Dkt. 165 at 27 (the Court agreeing that "[t]he FTC Act

20    claim (Count I) … cannot survive independent of Count III (ROSCA)").  Accordingly, if the jury

21    finds a Defendant liable on Count III, the parties should proceed to a separate evidentiary hearing

22    to address whether that Defendant is liable on Count I.  *See also* Am. Compl. ¶ 262 (recognizing

23

1    that Count I requires proof of "substantial injury to consumers … that is not outweighed by

2    countervailing benefits to consumers or competition").

3         2.    **Equitable Estoppel**.  The FTC forfeited its equitable estoppel claim by failing to

4    plead it with particularity, by blocking discovery into relevant evidence, and by otherwise

5    refusing to disclose its purported legal and factual bases.  *See* Dkt. 378 at 18-19.  Even after

6    announcing this claim less than three months ago—after the close of fact discovery—the FTC

7    has continued to prevent Defendants from understanding its bases.  On June 17, the FTC argued

8    that "the elements to support equitable estoppel are distinct from fraudulent concealment"

9    because, according to the FTC, only the latter "requires the plaintiff to show 'diligence.'"  Dkt.

10   351 at 54.  But on August 11, the FTC asserted that those two doctrines are exactly the same, and

11   attempted to rely on "fraudulent concealment" case law to support its motion in limine.  Dkt. 425

12   at 8 n.4 ("[e]quitable estoppel is aptly known as 'fraudulent concealment'").  In the same brief,

13   the FTC also suggested that it would introduce an entirely new tolling theory, arguing for the

14   first time that the applicable statutes of limitations "are subject to the doctrine of equitable

15   tolling."  *Id.*; *see Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1198 (9th Cir. 2001) ("As we have

16   repeatedly explained, equitable estoppel and equitable tolling are two distinct doctrines.")

17   (O'Scannlain, J., dissenting).  The FTC has not provided adequate notice for any of these late-

18   disclosed tolling theories, and none should proceed to trial.

19   **<u>Agreed Statement Regarding Defendants' Defenses</u>**

20        If the Court does not grant the pending motions for summary judgment, Defendants will

21   pursue at trial the following affirmative defenses:

22        1.    Due Process – Unconstitutional Vagueness. The FTC's claims and requested

23

relief are barred because ROSCA and the FTC Act are unconstitutionally vague both as applied to Defendants' alleged conduct and facially.

2.    Due Process – Lack of Fair Notice. The FTC's claims and requested relief are barred because Defendants lacked fair notice that their alleged conduct violated the law.

3.    First Amendment. The FTC's claims and requested relief are barred because they violate Defendants' First Amendment rights.

4.    Standing/Mootness. The FTC lacks standing to seek injunctive relief because Amazon is not currently violating or about to violate ROSCA or the FTC Act.

5.    Offsets. Any finding of monetary liability, including any restitution award, should be offset based on the value of the Prime benefits that Amazon customers received without being charged and the refunds that Amazon customers received for Prime charges.

6.    Separation of Powers. The FTC's claims and requested relief are barred due to violations of the Constitution's separation of powers.

7.    Laches. The FTC has unreasonably delayed in asserting its claims.

8.    Statute of Limitations. The FTC's claims for civil penalties and compensatory monetary relief are barred by the applicable statute of limitations. *See* 28 U.S.C. § 2462 (stating that the statute of limitations for civil penalties is five years); 15 U.S.C. § 57b(d) (stating that the statute of limitations for consumer redress is three years).

9.    Major Questions. The FTC's claims are barred, in whole or in part, because the FTC claims power to make decisions of vast economic and political significance.

## ADMITTED FACTS

The following facts are admitted by the parties:

1.      The Amazon Prime "cancellation surveys" identified in Figure B5 of the Rebuttal Expert Report of Dr. Ran Kivetz and Figure 22 of the Expert Report of Dr. Neale Mahoney correspond to the following Amazon "cancellation surveys" and respondent populations:

      a.   Survey No. 1 in the Figures corresponds to Survey ID "SV_0GkXmH9Y7lvEkTP."

      b.   Survey No. 2 in the Figures corresponds to Survey ID "SV_1Lga0LSP2wOKq6F."

      c.   Survey No. 3 in the Figures corresponds to Survey ID "SV_2beUgzULi0i4ZA9."

      d.   Survey No. 4 in the Figures corresponds to Survey ID "SV_2rR9sLG9KVsmAtL."  Respondents had been Prime members for at least 10 years.

      e.   Survey No. 5 in the Figures corresponds to Survey ID "SV_38eUyIrbnOniVJb."  Respondents had been Prime subscribers for 5-10 years.

      f.   Survey No. 6 in the Figures corresponds to Survey ID "SV_3XcioufqyzeMQPb."  Respondents had been Prime subscribers for less than one year.

      g.   Survey No. 7 in the Figures corresponds to Survey ID "SV_5j8ERxbwvbdiaJ7."  Respondents were Prime Student subscribers.

      h.   Survey No. 8 in the Figures corresponds to Survey ID "SV_bPnxWJu8GXyKv5P."

       i.    Survey No. 9 in the Figures corresponds to Survey ID

"SV_eJvufvuQLbvqIHr."  Respondents had been Prime subscribers for 1-5

years.

## ISSUES OF LAW

### Agreed Issues of Law

      The parties agree that the following are the issues of law to be determined by the Court:

    1.      The amount(s) of restitution to consumers for which the jury finds liability, if any.

    2.      The amount(s) of any civil penalties corresponding to any claim for which the jury finds liability, if any.

    3.      Whether injunctive relief is available and necessary and, if so, the scope of injunctive relief against any liable Defendants for any and all adjudicated violations.

    4.      Whether relief is barred, in whole or in part, by Defendants' affirmative defenses.

    5.      Whether equitable estoppel tolls any statute of limitations.[2]

### FTC's Statement of Additional Issues of Law

      For the first time at the conference of attorneys on August 25, 2025, Defendants stated they intend to claim the FTC must separately prove, and the jury must separately find, violations in every minor variant Amazon can identify of the challenged enrollment processes, rather than finding that the challenged process overall (e.g., SOSP, UPDP, SPC, TrueSPC) violates ROSCA and the FTC Act.  Such a requirement is not supported by law and would require the jury to

---

[2] The parties disagree on whether equitable estoppel is available, but agree that the Court will determine whether it applies.

separately analyze and make findings on dozens or hundreds of pages of the processes, rather than specific challenged processes the FTC has long identified.

Further, the pretrial conferral process has identified for the first time specific outstanding disputes whose resolution will affect the jury instructions and verdict form, as well as presentation of evidence at trial.

Finally, the FTC has determined that certain of Defendants' counsel have participated in this matter prior to entering an appearance, in accordance with all applicable laws, orders of the Court, or rules, including but not limited to LCR 83.2, or participated while failing to adequately certify that he or she is currently eligible to practice before this Court as required by LCR 83.3. Accordingly, the FTC objects to any use in this matter, including but not limited to at trial, of the products and results of any such participation by that attorney in this matter on behalf of Defendants.[3]  The FTC specifically objects to Defendants' use or intended use, including but not limited to at trial, of any testimony elicited by such counsel, including at any deposition in this matter, and all objections made during this matter by such counsel to any testimony elicited by the FTC.[4]

---

[3] *See Taub v. Weber*, 366 F.3d 966, 970 (9th Cir. 2004) (person not authorized to practice before the court was engaged in the unauthorized practice of law); *In re York*, No. 2007-ADM-0017-PHV, 2010 WL 2891708, at *4 (N. Mar. I. June 30, 2010) (finding attorney engaged in unauthorized practice of law when he actively participated in a deposition prior to being admitted pro hac vice); *see also State v. Foster*, 674 So. 2d 747, 749 (Fla. Dist. Ct. App.) (questioning of witnesses at deposition was unauthorized practice of law under Florida law), *as clarified* (Apr. 26, 1996), *cause dismissed*, 677 So. 2d 840 (Fla. 1996).

[4] The objection specifically includes, but is not limited to, any testimony elicited, or objections made, by Defendants' counsel at any of the following proceedings:  July 25, 2024 deposition of

JOINT PROPOSED
PRETRIAL ORDER
Case No. 2:23-cv-0932-JHC - 8

1    The FTC therefore contends that the following are also issues of law to be determined by

2  the Court, and it will shortly file a motion to resolve these issues, to the extent the parties'

3  pending summary judgment motions do not do so:

4    1.    Whether, because certain of Defendants' counsel participated in this matter prior

5  to entering an appearance in accordance with LCR 83.2, and have failed to adequately certify

6  that they were eligible to practice before this Court as required by LCR 83.3, the following

7  should apply:  (a) any deposition testimony elicited by such counsel should be excluded for all

8  purposes; (b) any objections at depositions made by such counsel should be stricken for all

9  purposes; and (c) the Court should issue an order to show cause why such counsel's admittance

10  to practice before this Court should not be suspended or revoked.

11    2.    The following newly identified outstanding disputes, to the extent resolution of

12  the parties' pending summary judgment motions does not do so collaterally:  (a) whether

13  Amazon sells or attempts to sell Amazon Prime in transactions effected on the Internet; (b)

14  whether Prime is a "good[] or service[]" under 15 U.S.C. § 8403; (c) whether certain terms of

15  Prime subscriptions, including that consumers are being enrolled in Prime, Prime's price, that

16  Prime auto-renews, that a free trial of Prime will convert into a paid membership, and Prime's

---

Rex Morey; August 7, 2024 deposition of Neel Malhotra; September 12, 2024 deposition of
Sanjay Balakrishnan; December 9, 2024 deposition of Lois Berkowitz; February 20, 2025 of
Emily Ikeda; December 17, 2024 deposition of Brian Smith; January 28, 2025 deposition of
Tyranny Osborne; March 19, 2025 deposition of Christy Hudson; April 25, 2025; April 25, 2025
deposition of James Cooper; May 5, 2025 and May 6, 2025 30(b)(6) deposition of Lisa Leung;
May 13, 2025 deposition of Donna Hoffman; May 19, 2025 deposition of Rachel Green; July 2,
2025 deposition of Danielle Paulet; July 19, 2025 deposition of Lena McDonald; July 30, 2025
deposition of Todd Mitchell; July 30, 2025 deposition of Zachery Cardoso; and August 24, 2025
deposition of Michael Babcock.

1  cancellation mechanisms, are "material terms of the transaction" in which a consumer enrolls in

2  Prime, under 15 U.S.C. § 8403; (d) whether certain facts to which Amazon refuses to stipulate

3  may be judicially noticed; and (e) whether the FTC may prove that representative versions of

4  Amazon's checkout Prime enrollment user experiences are violative without separately proving,

5  and requiring the jury to separately find, that dozens or hundreds of similar user experiences with

6  immaterial variations each violate ROSCA and the FTC Act.

7  **Defendants' Statement Regarding FTC's Additional Issues of Law**

8      The FTC's proposed additional "issues of law" were first disclosed at 10:30 PM on

9  Friday, August 29—nearly four weeks after the FTC was required to serve its Pretrial Statement,

10  four days after the Conference of Attorneys, and only one business day before this Joint

11  Proposed Pretrial Order was due to be filed. None of the FTC's late-disclosed issues are

12  properly before the Court, and regardless, the FTC's arguments fail on the merits.

13      1.      **Counsel Participation**. The FTC's "counsel participat[ion]" argument

14  misconstrues the Local Rules in a meritless, eleventh-hour attempt to gain a strategic advantage.

15  The FTC has always known which attorneys noticed appearances in this case as it is evident

16  from the docket, yet the FTC did not object to any counsel's participation during any of the

17  depositions at issue, as the Federal Rules required. *See United States ex rel. Fitzer v. Allergan,*

18  *Inc.*, 2024 WL 1299355, at *2 n.2 (D. Md. Mar. 27, 2024) (rejecting "contention that [an expert]

19  deposition cannot be used because the attorney who took the deposition had not yet been

20  admitted pro hac vice," as the party "failed to timely raise the issue on the record as required by

21  Fed. R. Civ. P. 30(c)(2)"). In any event, the FTC does not cite any Local Rule suggesting that

22  the act of taking or defending a deposition is prohibited prior to formally noticing an appearance.

23

*See* LCR 83.2 (describing how an attorney may enter an appearance); LCR 83.3(b) (governing the "Continuing Eligibility" of attorneys who are already admitted to the Court); *see also Waite v. Clark Cnty. Collection Serv., LLC*, 606 F. App'x 864, 866 (9th Cir. 2015) ("An attorney who does not physically appear in court, sign pleadings, or serve as the exclusive contact with the client or opposing counsel has not appeared.").  The Washington Rules of Professional Conduct are in accord, as they permit an attorney "admitted in another United States Jurisdiction" to "represent[] a client in a single lengthy negotiation or litigation" in the state so long as the attorney "reasonably expect[s] to be so authorized" to appear in a future proceeding. RPC 5.5(c)(2) and cmt. 6; *see also* LCR 83.3(a) (listing the materials that guide "Professional Conduct," including the Washington Rules of Professional Conduct).  Finally, the FTC does not and cannot identify any prejudice meriting action from the Court; in anticipation of appearing at trial, all relevant attorneys sought and obtained *pro hac vice* admission, confirming their eligibility to appear in this case. *See Milling v. Omni Shoreham Corp.*, 2021 WL 11674475, at *11 (D.D.C. Aug. 26, 2021) (rejecting motion to exclude depositions taken or defended before counsel was admitted *pro hac vice*, because the applicable rule [like here] "provides that a person 'may provide legal services in or reasonably related to a pending or potential proceeding in any court of the United States if the person has been or reasonably expects to be admitted to practice in that court'").

       2.     **Pre-Trial Motion**.  The FTC's proposed pre-trial motion appears to be aimed at relieving the FTC of the burden to prove its claims at trial, and it concerns "outstanding disputes" that have long been known to the FTC.  When Defendants asked for the FTC's procedural basis to file such a motion, the FTC identified only Federal Rule of Civil Procedure

56(g).  But "[c]onsistent with the Advisory Committee Notes, courts throughout the country have held that Rule 56 does not authorize a motion which is solely intended to establish the truth of particular facts."  *Robertson v. F. Martin*, 2021 WL 545895, at *2 (C.D. Cal. Jan. 4, 2021) (collecting cases); *see also Schiff v. Barrett,* 2011 WL 6963096, at *21 (N.D. Cal. Sept. 8, 2011) ("Rule 56 (g) does not authorize a party to bring an independent motion to establish certain facts as true."); *NCWC Inc. v. CarGuard Admin. Inc.*, 2022 WL 17620550 (D. Ariz. Dec. 13, 2022) ("[T]o the extent CarGuard wished to obtain summary adjudication of certain facts as an alternative to its across-the-board request for summary judgment, it should have made a request to that effect in the dispositive motion it filed on the … deadline.").  Defendants object to any such motion as untimely and improper, but to avoid burdening the Court with unnecessary disputes, Defendants have made reasonable efforts to compromise where possible.

a.    The FTC bears the burden to prove at trial that Defendants "charge or attempt to charge any consumer for any goods or services sold in a transaction effected on the Internet through a negative option feature," as those terms are used in 15 U.S.C. § 8403.  Defendants have long disputed that 15 U.S.C. § 8403 applies to Prime, Dkt. 171 at No. 269, and moved for summary judgment on this issue, Dkt. 319 at 4-8.  Nevertheless, Defendants have represented that they do not intend to dispute that, as a factual matter, Prime is a service sold on the internet.

b.    The FTC bears the burden to prove at trial that Defendants failed to disclose "all material terms of the transaction," 15 U.S.C. § 8403(1).  That burden includes establishing what those "material terms" are.  Nevertheless, Defendants offered to stipulate to Prime's price, the frequency of charges, and that membership

continues until cancelled are the only "material terms" of Prime.  The FTC

rejected that offer.

c.  Defendants are willing to stipulate to any judicially noticeable facts, but no such

facts have been proposed by the FTC.  In the FTC's Pretrial Statement, the section

on "Admitted Facts" listed several legal conclusions (discussed *supra*) followed

by factual propositions with little if any apparent connection to the core issues in

this case.  *See* LCR 16(h)(3) (limiting pretrial statements to "relevant" facts).

Most of these propositions were not accompanied by citations to evidence, and

none was served with sufficient notice for Defendants to confirm their accuracy;

indeed, several were not added until the business day before the instant filing.

*Compare* Fed. R. Civ. P. 36(a)(3) (allowing parties 30 days to respond to RFAs).

The day before filing the instant Proposed Pretrial Order, the FTC represented

that it "intend[s] to move the court to judicially notice of[sic] facts regarding,

'The Iliad' by Homer," although it did not specify what those facts are. To the

extent the FTC identifies any judicially noticeable facts, Defendants are willing to

meet and confer to reach agreement on an appropriate stipulation.

d.  For months, the FTC's position has been that "a separate ROSCA violation

occurs . . . whenever Amazon 'charge[s] or attempt[s] to charge any consumer'

for Prime without having clearly and conspicuously disclosed Prime's material

terms, obtained express informed consent, or provided simple cancellation

mechanisms."  Dkt. 351 at 56 (quoting 15 U.S.C. § 8403).  It has long been clear

from the record that those alleged "violation[s]" occurred under varying

1    circumstances—consumers were shown several different enrollments flows, and

2    provided multiple different cancellation mechanisms, many of which did not

3    contain all the "problematic design elements" alleged in the Amended Complaint.

4    Dkt. 69 ¶ 184.[5]  For the FTC to prevail on its theory of "discrete, repeated

5    violations" of ROSCA, Dkt. 351 at 57, it must therefore identify the specific

6    enrollment and cancellation flows that it contends violate ROSCA, and to prove a

7    violation for a given flow, it must satisfy its burden as to that specific flow.  *See*

8    Dkt. 165 at 4 (at the motion to dismiss stage, considering "only one of the Prime

9    upsells described in the Amended Complaint" because "***[a]t this stage of the***

10   ***litigation***, the Court need not consider whether ***each of the Prime upsells***

11   described in the Amended Complaint violate ROSCA").  Although the FTC

12   characterizes the differences between the challenges flows as "minor," that is for

13   the jury to decide.  It can be no surprise that the FTC must satisfy its burden to

14   establish a ROSCA violation for each of the flows the FTC contends violates the

15   statute.  If the FTC disagreed, it should have made its arguments earlier in the

16   case, not raised it on the eve of trial.

17

18

19

_____

20   [5] During discovery, Amazon produced images of various flows, and identified each by the period
     in which it was shown to consumers.  In discovery, the FTC had an opportunity to explore these

21   different flows.  *See, e.g.*, Dkt. 327 Ex. 2 at 85:11-15 (FTC 30(b)(6) designee discussing FTC's
     "understanding that Amazon has a number of enrollment flows").  And at summary judgment,

22   the FTC only purported to address certain "at-issue Prime enrollment pages."  Dkt. 381 at 1.

23

1

**WITNESSES**[6]

2      The names and addresses of the witnesses, including expert witnesses, to be called on

3  behalf of the FTC, and the general nature of the testimony of each, are attached as **Appendix A**.

4  The names and addresses of the witnesses, including expert witnesses, to be called on behalf of

5  the Defendants, and the general nature of the testimony of each, are attached as **Appendix B**.

6      The parties jointly agree that deposition designations will be disclosed according to the

7  schedule at **Appendix E**, so that any objections to such designations and related trial exhibits

8  may be raised before the Court in advance of the designations being played or read.

9

_____

10  [6] FTC Statement: The FTC intends to invoke Federal Rule of Evidence 615 to exclude all
witnesses from the courtroom during other witnesses' testimony, excerpt for retained expert

11  witnesses, a single designated Amazon representative, and the Individual Defendants.  Further,
the FTC objects to any witnesses designated by Defendants in their pretrial statement to testify

12  by deposition designation who are either (a) within the Court's subpoena power; or (b) are a
current Amazon employee who could be directed to appear by Amazon, unless Defendants show

13  such witnesses are unavailable at trial under Federal Rule of Evidence 804.  These witnesses
include, but are not limited to, Dave Clark, Greg Greeley, Simone LaHood, and Andy Ramirez.

14
Defendants' Statement: As explained in Defendants' opposition to the FTC's MIL 6, although

15  Defendants object to Amazon's in-house counsel, Benjamin Langner, being called as a witness,
even if called, he should not be excluded from trial for various reasons, including because he is

16  Amazon's party representative under FRE 615(a)(2).

17  Regarding the FTC's objection to deposition designations, which was raised belatedly on August
29: the Federal Rules are clear: Defendants may use the deposition of a witness "for any

18  purpose" where the witness is "more than 100 miles" away and Defendants have not procured
her absence; there is no carve-out for current employees. Fed. R. Civ. P. 32. Courts have

19  confirmed that an employer is not obligated to compel its employees to travel cross-country to
testify; and "failing to facilitate the witnesses' presence at trial" does not constitute procuring

20  their absence. *Owlink Tech., Inc v. Cypress Tech. Co*., 2023 WL 4291822, at *2 (C.D. Cal. May
11, 2023) (rejecting "ultimatum" by plaintiff to "either produce [employee] witnesses for live

21  testimony or do not rely on their testimony at all, including via deposition"); *see also Carey v.
Bahama Cruise Lines*, 864 F.2d 201, 204 (1st Cir. 1988) ("procuring absence and doing nothing

22  to facilitate presence are quite different things") (internal quotations and citation omitted).

23
JOINT PROPOSED
PRETRIAL ORDER
Case No. 2:23-cv-0932-JHC - 15

1

2

## EXHIBITS[7]

Attached hereto as **Appendix C** (for the FTC's exhibits) and **Appendix D** (for

3 Defendants' exhibits), is a list of each of the parties' exhibits with a number for the exhibit at

4

5 [7] Defendants' Statement: The FTC did not timely provide information sufficient for Defendants
to finalize objections to the FTC's Exhibit List.  In the days before the filing of this Proposed
6 Pretrial Order, the FTC amended its Exhibit List multiple times, and in doing so, replaced Bates
numbers, added hundreds of previously undisclosed exhibit "family members," and removed
7 several exhibits entirely, without promptly noting those changes for Defendants' reference.
Although Defendants agree that both parties may make reasonable amendments or supplements
8 to their exhibit lists, such changes must be clearly identified and copies of any new exhibits
promptly provided upon request. Defendants reserve the right to supplement their objections, and
9 to identify additional exhibits responsive to the FTC's late-disclosed exhibits.

10 Regarding the FTC's objections, Defendants' Exhibit List includes screenshots of publicly
available websites. The FTC did not request authenticated copies of these screenshots until the
11 Conference of Attorneys on August 25. Within eight days, Defendants promptly collected and
produced 297 authenticated exhibits to the FTC. The remaining three exhibits are publicly
12 available books, which Defendants will also make available to the FTC.

13 The FTC's failure to comply with Local Rules regarding the disclosure of exhibit lists has no
connection to the small number of documents that Amazon has recently de-designated at the
14 FTC's request. Although Amazon disagrees with the FTC's characterization and its request for a
further re-review, Amazon has proposed that the parties allow a neutral decisionmaker, such as
15 Judge LaPorte, to decide any remaining privilege disputes prior to trial, and offered to pay 100%
of the cost of Judge LaPorte's time. Amazon's willingness to offer this approach shows its
16 continuing good-faith desire to resolve privilege disputes and focus on the merits of this case,
and hopes the FTC will do the same.

17
Plaintiff's Statement:  More than 300 exhibits on Defendants' exhibit list, comprising more than
18 40% of all their exhibits, lack a bates number or deposition exhibit number and had not been
provided to the FTC as of September 1, 2025.  The FTC reserves the right to supplement its
19 objections.  To the FTC's knowledge, where it amended its exhibit list, it described the changes
to Defendants either by email or adjacent to the appropriate exhibit list entry.  Notwithstanding
20 the Court's Order Granting the FTC's Motion for Sanctions due to Amazon's Systematic Abuse
of Privilege Claims (Dkt. 371) and Order Sanctioning Amazon for Conduct in Discovery
21 Tantamount to Bad Faith (Dkt. 404), as well as Amazon's production of 91% of the documents it
previously wrongfully withheld from the FTC as privileged, Amazon still did not produce all

22

23

1    trial, and with a column for authenticity, admissibility, objections, and admitted (for use by the

2    Court).

3        The parties jointly agree that live witnesses and the exhibits to be used with them shall be

4    disclosed sufficiently in advance of the witness's testimony to allow for any objections to such

5    exhibits to be raised before the Court before the witness takes the stand.  The parties are

6    negotiating a proposed schedule.

7                                    **STIPULATIONS**

8        1.      The parties stipulate that material produced by one party to another, and not

9    created principally for the purpose of this litigation, is authentic.  Such stipulated materials

10   include Amazon or FTC memoranda, correspondence, emails, chats, and similar internal

11   communications.

12       2.      The parties stipulate that Defendants and their agents (including, but not limited

13   to, counsel and any jury consultants) will not use customer data associated with prospective

14   jurors in this matter for litigation purposes.  Notwithstanding the foregoing, this stipulation does

15   not preclude Defendants and their agents from using customer data for routine business purposes.

16       3.      Regarding deposition designations, the parties stipulate that, for any witness that

17   is intended to appear live at trial but becomes unavailable, the parties reserve their rights to

18   _____

19   nonprivileged documents.  Rather, it has continued to produce still-additional wrongfully
     withheld nonprivileged materials, in particular where the FTC has called out suspicious

20   designations based on Amazon's log entries alone.  At 9:17p.m. PT on September 2, 2025,
     Amazon informed the FTC that it had identified dozens more documents that it had wrongly

21   withheld, but declined the FTC's August 22, 2025 request that Amazon once again re-review all
     materials it is withholding to ensure they are properly being withheld.  Accordingly, the FTC

22   reserves its rights to amend its exhibit list and objections based on any additional documents that
     Amazon produces to the FTC that Amazon previously withheld as privileged.

23

     JOINT PROPOSED
     PRETRIAL ORDER
     Case No. 2:23-cv-0932-JHC - 17

1  submit deposition designations in lieu of live testimony.  The parties further reserve their rights

2  to object and respond to any objections to such designations.

3                                    **TRIAL PROCEEDINGS**

4          The parties jointly submit that following the trial of the issues to be determined by the

5  jury and depending on the jury's verdict, the Court should immediately proceed to adjudicating

6  the issues to be determined by the Court, using the evidence adduced at trial and by holding an

7  evidentiary hearing on any remaining issues.

8  **The FTC's Statement**

9          The FTC proposes that the parties' presentations in this evidentiary hearing shall count

10  against each side's 10-day trial time (i.e., each side shall have the equivalent of 10-days' trial

11  time to conduct both jury and, if necessary, bench trials covering all bench issues other than civil

12  penalties).  The FTC will be prepared to discuss scheduling for any post-trial discovery, briefing,

13  and additional evidentiary proceedings concerning civil penalties, if needed, consistent with this

14  Court's May 21, 2025 Order (Dkt. #295).

15  **Defendants' Statement**

16          Defendants agree that the parties' presentations in the evidentiary hearing should count

17  against each side's 10-day trial time.  However, the FTC did not propose to carve out civil

18  penalties from this accounting until September 2, several hours before the deadline to file this

19  Joint Proposed Pretrial Order.  Accordingly, Defendants have not had sufficient time to consider

20  this portion of the FTC's proposal, and intend to continue conferring with the FTC regarding its

21  proposal for post-trial proceedings concerning civil penalties.

22

23

**ACTION BY THE COURT**

1.       This case is scheduled for trial before a jury on September 22, 2025 at 1:30 p.m.

2.       Trial briefs shall be submitted to the Court on or before September 15, 2025.

3.       Jury instructions requested by either party and the parties' proposed verdict form(s) shall be submitted to the Court on or before September 15, 2025.  By order entered on September 2, 2025 (Dkt. #449), the Court granted the parties' stipulated motion to circulate an online questionnaire to prospective jurors before trial (Dkt. #434).

This order has been approved by the parties as evidenced by the signatures of their counsel.  This order shall control the subsequent course of the action unless modified by a subsequent order.  This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.


DATED this ___ day of September, 2025.



_____
United States District Judge

JOINT PROPOSED
PRETRIAL ORDER
Case No. 2:23-cv-0932-JHC - 19

1  FORM APPROVED

2  Dated:  September 2, 2025                /s/ *Rachel F. Sifuentes*
                                            JONATHAN COHEN (DC Bar # 483454)
3                                           EVAN MENDELSON (DC Bar #996765)
                                            OLIVIA JERJIAN (DC Bar #1034299)
4                                           JONATHAN WARE (DC Bar #989414)
                                            ANTHONY SAUNDERS (NJ Bar #008032001)
5                                           SANA CHAUDHRY (NY Bar #5284807)

6                                           Federal Trade Commission
                                            600 Pennsylvania Avenue NW
7                                           Washington DC 20580

8                                           (202) 326-2551 (Cohen); -3320 (Mendelson); -2726
                                            (Ware); -2749 (Jerjian); -2917 (Saunders); -2679
9                                           (Chaudhry)

10                                          JCohen2@ftc.gov; EMendelson@ftc.gov;
                                            JWare1@ftc.gov; OJerjian@ftc.gov;
11                                          ASaunders@ftc.gov; SChaudhry@ftc.gov

12                                          COLIN D. A. MACDONALD (WSBA # 55243)
                                            Federal Trade Commission
13                                          915 Second Ave., Suite 2896
                                            Seattle, WA 98174
14                                          (206) 220-4474; CMacdonald@ftc.gov

15                                          RACHEL F. SIFUENTES
                                            (IL Bar #6304016; CA Bar #324403)
16                                          Federal Trade Commission
                                            230 S. Dearborn St., Room 3030
17                                          Chicago, IL 60604
                                            (312) 960-5617; RSifuentes@ftc.gov
18
                                            JEFFREY TANG (CA Bar #308007)
19                                          Federal Trade Commission
                                            10990 Wilshire Boulevard, Suite 400
20                                          Los Angeles, CA 90024
                                            (310) 824-4303; JTang@ftc.gov
21
                                            Attorneys for Plaintiff
22                                          FEDERAL TRADE COMMISSION

23
   JOINT PROPOSED
   PRETRIAL ORDER
   Case No. 2:23-cv-0932-JHC - 20

1

2

3       By s/ *Kenneth E. Payson*

        Kenneth E. Payson, WSBA #26369

4        James Howard, WSBA #37259
        Theo A. Lesczynski, WSBA #59780

5        920 Fifth Avenue, Suite 3300
        Seattle, WA  98104-1610

6        Telephone: (206) 622-3150
        Fax: (206) 757-7700

7        E-mail: kenpayson@dwt.com
          jimhoward@dwt.com

8          theolesczynski@dwt.com

9       HUESTON HENNIGAN LLP

10       John C. Hueston*
        Moez M. Kaba*

11       Joseph A. Reiter*
        Vicki Chou*

12       Michael H. Todisco*
        Joseph T. Aronsohn*

13       Karen L. Ding*
        Cassidy O'Sullivan*

14       523 West 6th Street, Suite 400
        Los Angeles, CA  90014

15       Telephone: (213) 788-4340
        E-mail: jhueston@hueston.com

16          mkaba@hueston.com
          jreiter@hueston.com

17          vchou@hueston.com
          mtodisco@hueston.com

18          jaronsohn@hueston.com
          kding@hueston.com

19          cosullivan@hueston.com

20       Stephanie Colorado*
        1 Little W 12th Street

21       New York, NY 10014
        Telephone: (212) 715-1126

22       E-mail: scolorado@hueston.com

23
JOINT PROPOSED
PRETRIAL ORDER
Case No. 2:23-cv-0932-JHC - 21

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC  20001
Telephone: (206) 662-5105
E-mail: santhony@cov.com
          lflahivewu@cov.com
          lkim@cov.com
          jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA  94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA  94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Email: alinderot@cov.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC.,
NEIL LINDSAY, RUSSELL GRANDINETTI,
AND JAMIL GHANI