The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*<br><br>Defendants. | No. 2:23-cv-0932-JHC<br><br>AMAZON.COM, INC.'S MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION<br><br>NOTE ON MOTION CALENDAR: October 2, 2025<br><br>ORAL ARGUMENT REQUESTED |

AMAZON'S MOTION TO QUASH
(2:23-cv-0932-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ........................................................................................................ 1

    A.   The Subpoena Is Untimely................................................................................ 1

    B.   The Subpoena Must Be Quashed Because It Fails to Name a Specific Individual. ................................................................................................................. 2

    C.   The Subpoena Subjects Amazon to an Undue Burden. ....................................... 5

III. CONCLUSION .................................................................................................... 6

AMAZON'S MOTION TO QUASH
(2:23-cv-0932-JHC) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bd. of Regents Univ. of Tex. Sys. v. Bos. Sci. Corp.*,
No. 18-392, 2023 WL 346243 (D. Del. Jan. 20, 2023) ..........................................................3, 4

*Donoghue v. Cnty. of Orange*,
848 F.2d 926 (9th Cir. 1987) .....................................................................................1, 2, 4, 5

*Giarratano v. Huntington Ingalls Inc.*,
No. 22-88, 2023 WL 2898332 (E.D. La. Apr. 11, 2023)............................................................3

*Hill v. Homeward Residential, Inc.*,
799 F.3d 544 (6th Cir. 2015) .....................................................................................................2

*Kubiak v. Cnty. of Ravalli*,
32 F.4th 1182 (9th Cir. 2022) ....................................................................................................2

*Larsen v. PTT, LLC*,
No. 18-cv-5275-TMC, 2025 WL 438415 (W.D. Wash. Feb. 3, 2025).....................................4

*Mangiaracina v. BNSF Ry.*,
No. 16-cv-5270, 2021 WL 11701467 (N.D. Cal. Nov. 2, 2021) ...........................................4, 5

*In re Otero Cnty. Hosp. Ass'n, Inc.*,
No. 13-0007, 2014 WL 184984 (Bankr. D.N.M. Jan. 15, 2014) ..............................................3

*Roundtree v. Chase Bank USA, N.A.*,
No. 13-cv-239, 2014 WL 2480259 (W.D. Wash. June 3, 2014) ..............................................4

**Rules**

Fed. R. Civ. P. 4(g) .........................................................................................................................2

Fed. R. Civ. P. 30(b)(6)...............................................................................................................1, 3

Fed. R. Civ. P. 32(a)(3)...............................................................................................................1, 4

Fed. R. Civ. P. 45 .....................................................................................................................1, 2, 5

Fed. R. Civ. P. 45 advisory committee's notes to 1991 amendments.............................................4

Fed. R. Evid. 602 .......................................................................................................................1, 3

AMAZON'S MOTION TO QUASH
(2:23-cv-0932-JHC) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Less than a month before the start of trial and over three weeks *after* its witness list was due, the Federal Trade Commission served Defendant Amazon.com, Inc. (the company, not any particular person) with a "subpoena to appear and testify" at the trial on September 22, 2025. Declaration of Karen Ding ("Ding Decl."), Ex. D. The problem is, the Federal Rules of Civil Procedure do not permit parties to subpoena a corporation (even a party corporation), rather than a specific person, to appear at trial. *See* Fed. R. Civ. P. 45. There is one provision of the Federal Rules that permits a subpoena to be directed at a corporation, and it is expressly limited to depositions and includes several safeguards missing from the FTC's barebones attempt at a subpoena here. *See* Fed. R. Civ. P. 30(b)(6). The FTC served, took, and designated for use at trial multiple 30(b)(6) depositions or investigational hearings of Amazon representatives, and it is permitted to introduce those designations at trial. *See* Fed. R. Civ. P. 32(a)(3). Or, if the FTC wants to subpoena a specific Amazon employee within the Rule 45 geographic limits to testify live, it may do so. But it cannot skirt the rules by simply subpoenaing "Amazon" without more. The Court should, therefore, quash the subpoena.

## II. ARGUMENT

Rule 45 "require[s]" the Court "quash or modify a subpoena" that "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). The Court must also quash a subpoena that falls outside the bounds of Rule 45, such as by failing to name a particular individual to testify. *See Donoghue v. Cnty. Of Orange*, 848 F.2d 926, 931 (9th Cir. 1987). Each of these is an independent basis for quashing the FTC's subpoena.

### A. The Subpoena Is Untimely.

The subpoena is untimely. LCR 16(h) required the FTC to identify "all witnesses who might be called by plaintiff" as part of its pretrial statement, which was due on August 4, 2025. Ding Decl., Ex. A (FTC's August 4 witness list). On August 12, 2025, the FTC then amended its witness list to include Amazon, Inc., suggesting the Commission was planning to present

AMAZON'S MOTION TO QUASH
(2:23-cv-0932-JHC) - 1

designated testimony from 30(b)(6) depositions of Amazon. *Id.*, Ex. B (FTC's August 12 witness list). But it only became clear two weeks later, when the FTC sought to serve the improper subpoena on August 25, that the FTC was seeking live testimony from "Amazon, Inc." *Id.*, Ex. C at 3 (email from E. Freedman). The FTC cannot belatedly compel trial testimony from an unnamed witness not timely identified in its witness list to testify about anything the FTC decides to ask about at trial. This alone justifies quashing the subpoena.

### B.    The Subpoena Must Be Quashed Because It Fails to Name a Specific Individual.

More fundamentally, the subpoena is improper because a generic subpoena commanding a corporation to appear at trial is not permitted under the Federal Rules. Rather, "[Federal Rule of Civil Procedure] 45 requires that individuals be specifically named" in a trial subpoena. *Donoghue*, 848 F.2d at 931.

That much is clear from the text of Rule 45, which only permits a subpoena to command a "*person ...* [to] attend and testify" at a hearing. Fed. R. Civ. P. 45(a) (emphasis added). While the term "person" in the Federal Rules sometimes includes corporations, it does not always. *See, e.g.*, Fed. R. Civ. P. 4(g) (discussing "[a] minor or incompetent person"). Context matters. *Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1186–87 (9th Cir. 2022) ("We read words and phrases [in the Federal Rules of Civil Procedure] not in isolation, but with an eye toward the purpose and context." (cleaned up)). And the context of Rule 45 shows that "person" as used in that Rule refers to just that, an individual person. For example, Rule 45(b) discusses "delivering a copy [of the subpoena] to *the named* person" and provides additional requirements for subpoenas that require "*that* person's attendance." Fed. R. Civ. P. 45(b)(1) (emphases added). And then, in subsection (c)(1), the Rule explicitly differentiates between "a party" or as "a party's *officer*" as "the person" commanded to "attend a trial, hearing or deposition," which only makes sense if "the person" is not a corporation. Fed. R. Civ. P. 45(c)(1)(B)(i) (emphasis added). Subsection (c) also discusses the places where "the person resides, is employed, or regularly transacts business

AMAZON'S MOTION TO QUASH
(2:23-cv-0932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

in person." *Id.* All the ways "person" is used in Rule 45 make plain that it refers to real, individual people.

Courts—including the Ninth Circuit—have recognized as much. In *Donoghue*, the Ninth Circuit upheld a district court's order quashing a subpoena—just like this one—to an entity, rather than a specific individual, holding that "[Rule] 45 requires that individuals be specifically named, so this decision was not an abuse of discretion." 848 F.2d at 931. *Donoghue*'s interpretation of Rule 45 is binding here and requires quashing the subpoena for failure to name an individual person being subpoenaed. *See also Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 553 (6th Cir. 2015) (affirming quashing of a subpoena for failure to name an individual and explaining that "[i]f a particular person in the employ of a corporation or other entity is the person sought as a witness, the [Rule 45] subpoena should of course be delivered to that person" (quoting David D. Siegel, Practice Commentaries to Rule 45, at C45–9)); *Bd. of Regents Univ. of Texas Sys. v. Bos. Sci. Corp.*, 2023 WL 346243, at *2 (D. Del. Jan. 20, 2023) ("[T]he plain text of Rule 45 prohibits directing a subpoena to attend trial to a corporation."); *Giarratano v. Huntington Ingalls Inc.,* 2023 WL 2898332, at *4 (E.D. La. Apr. 11, 2023) ("Rule 45 does not contemplate service of a Rule 45 trial subpoena on a corporation."); *In re Otero Cnty. Hosp. Ass'n, Inc.*, 2014 WL 184984, at *10 (Bankr. D.N.M. Jan. 15, 2014) ("Rule 36(b)(6) may not be used in conjunction with Rule 45 to serve a subpoena on a corporation for purposes of securing trial testimony without naming a particular individual.").

There is an explicit exception to this general rule for discovery in Rule 30(b)(6), and the existence of that exception further proves that trial subpoenas do not work the same way. "Rule 30(b)(6) [specifically] permits a party to 'name as the deponent a public or private corporation' and 'describe with reasonable particularity the matters for examination' and requires the 'named organization' to 'designate' an individual 'to testify on its behalf.'" *Bd. of Regents Univ. of Texas Sys.*, 2023 WL 346243, at *2 (quoting Fed. R. Civ. P. 30(b)(6)). Note how Rule 30, like Rule 45, uses "person" to mean the *individual* who will testify on behalf of a corporation. *See* Fed. R. Civ. P. 30(b)(6) ("The *persons* designated must testify about information known or reasonably

AMAZON'S MOTION TO QUASH
(2:23-cv-0932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

available to the *organization*." (emphasis added)). And Rule 45, unlike Rule 30, "nowhere mentions a corporation…. Even if 'person' included a corporation, the lack of a provision in Rule 45 that is similar to Rule 30(b)(6) suggests no similar power was intended under Rule 45." *Bd. of Regents Univ. of Texas Sys.*, 2023 WL 346243, at *2. Nor can the Rule 30 standards be imported into Rule 45. As the Ninth Circuit explained in *Donoghue*: "We have discovered no authority, and Donoghue cites none, for the proposition that the Rule 30 standards should govern Rule 45 subpoenas of witnesses." 848 F.2d at 932. And this does not burden the FTC in any way, as Rule 32(a)(3) permits an "adverse party" to use a 30(b)(6) deposition "for any purpose," including at trial. That is why, once a party has conducted "depositions of [another's] corporate deponent …, [their] obligations under FRCP 30(b)(6) [a]re fulfilled; the rule contains *no language* compelling the corporate deponent's testimony at trial." *Roundtree v. Chase Bank USA, N.A.*, No. 13-cv-239, 2014 WL 2480259, at *1 (W.D. Wash. June 3, 2014) (emphasis added). Here, the FTC has already deposed and designated portions of Amazon's 30(b)(6) depositions for use at trial. Furthermore, several of Amazon's 30(b)(6) witnesses are on the parties' witness lists and expected to testify live. So the FTC will have an opportunity to question them live about testimony given in their representative capacity (and Defendants can do the same with respect to the FTC's 30(b)(6) designee, Amanda Basta).

Seeking to justify its improper subpoena, the FTC has invoked two cases—both of which are against the great weight of authority and plainly inapposite. First, *Larsen v. PTT, LLC*, No. 18-cv-5275-TMC, 2025 WL 438415, at *3 (W.D. Wash. Feb. 3, 2025), permitted a trial subpoena to be issued to a "records custodian" of Meta Platforms, Inc. But the FTC's subpoena here does not name a particular kind of employee, like "records custodian," if that is what the FTC is in fact seeking. The subpoena simply names the corporation. To the extent *Larsen* can be read to conclude that a subpoena may compel trial testimony of a corporation generically without

AMAZON'S MOTION TO QUASH
(2:23-cv-0932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

naming an individual witness, it is wrong and conflicts with *Donoghue*, as explained above.[1]

Second, *Mangiaracina v. BNSF Ry.*, No. 16-cv-5270, 2021 WL 11701467, at *1 (N.D. Cal. Nov. 2, 2021), is both plainly wrong under *Donoghue* and distinguishable. *BNSF* declined to quash a trial subpoena "calling for the appearance of an unnamed corporate designee witness on 13 topics of 'knowledge' at trial." *Id.* The court recognized that "Rule 45 does not expressly authorize a party to subpoena a corporate designee to testify 'vicariously' at trial in the way that Rule 30(b)(6) does for a deposition," but nevertheless "concluded such subpoenas may be appropriately served without running afoul of the limits of Rule 45." *Id.* (cleaned up). As explained, *Donoghue* rejected the proposition that Rule 45 subpoenas of corporations are proper even if they follow Rule 30(b)(6)'s strictures. *See* 848 F.2d at 932. Even so, unlike the trial subpoena in *BNSF*, the FTC's subpoena to "Amazon, Inc.," with nothing more, does not comply with Rule 30(b)(6)'s standards. So the FTC's subpoena would be improper even if *BNSF* were right.

In sum, because the FTC failed to subpoena an individual within Rule 45's geographic scope to testify at trial, its subpoena to Amazon, Inc. must be quashed.

### C. The Subpoena Subjects Amazon to an Undue Burden.

Even if a trial subpoena could be directed at Amazon, Inc., the subpoena's current form is unduly burdensome and should be quashed or modified. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). The subpoena says nothing other than "Amazon," whoever that means, should appear at trial on September 22. Even Rule 30(b)(6) requires the proponent of the subpoena to provide topics so that the corporation has the ability to designate a person that makes sense and prepare that

---

[1] *Larsen*'s attempt to sweep aside *Donoghue* was misguided. Even though Rule 45 was substantively amended in 1991, *see Larsen*, 2025 WL 438415, at *2, it did not change anything about the interplay between Rule 45 and Rule 30(b)(6). *See* Fed. R. Civ. P. 45 advisory committee's notes to 1991 amendment (explaining the five purposes of the amendments). Nor does the fact that *Donoghue* was decided under the abuse of discretion standard matter, *see Larsen*, 2025 WL 438415, at *2, as the Ninth Circuit considered whether the district court's understanding of the scope of Rule 45 was legally erroneous (it was not), and the Ninth Circuit's legal conclusions, even made under the abuse of discretion standard, are obviously binding.

AMAZON'S MOTION TO QUASH
(2:23-cv-0932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

witness to testify on the corporation's behalf. The FTC refuses to provide Amazon any more information about what the "Amazon witness" must testify about. Requiring Amazon "to prepare and produce a witness or witnesses now [on the eve of trial] on entirely new topics that could have been the subject of pretrial discovery would 'subject[] [Amazon] to undue burden.'" *BNSF*, 2021 WL 11701467, at *1 (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)).

### III. CONCLUSION

For the foregoing reasons, the Court should quash the subpoena directing "Amazon.com, Inc.," rather than any specific individual, to appear at trial.

DATED this 11th of September, 2025.

I certify that this memorandum contains 2,013 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: kenpayson@dwt.com
            jimhoward@dwt.com

COVINGTON & BURLING LLP

    Stephen P. Anthony*
    Laura Flahive Wu*
    Laura M. Kim*
    John D. Graubert*
    850 Tenth Street, NW
    Washington, DC 20001
    Telephone: (202) 662-5105
    E-mail: santhony@cov.com
            lflahivewu@cov.com
            lkim@cov.com
            jgraubert@cov.com

AMAZON'S MOTION TO QUASH
(2:23-cv-0932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1163
Email: alinderot@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
   mkaba@hueston.com
   jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

AMAZON'S MOTION TO QUASH
(2:23-cv-0932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax