UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., *et al*.<br><br>  Defendants. | Case No. 2:23-cv-0932-JHC<br><br>**ORDER RE: FTC'S MOTIONS IN LIMINE** |

Before the Court is the FTC's Consolidated Motion in Limine. Dkt. # 425. The filing contains 14 separate motions. The Court has considered all materials filed in support of and in opposition to the motions, the rest of the file, and the governing law. Also, the Court does not find oral argument necessary. Being fully advised, the Court rules as follows:

**1.  Bad Faith Finding.**

The Court DENIES the motion as to the jury phase because the probative value of the evidence appears "substantially outweighed by [the] danger of . . . unfair prejudice and confusing the issues." *See* Fed. R. Evid 403. The Court RESERVES as to the bench phase.

//

ORDER RE:
FTC'S MOTION IN LIMINE
Case No. 2:23-cv-0932-JHC                                         1

**2.  Advice of Counsel.**

The Court GRANTS the motion.  Defendants may not introduce any testimony, evidence, or argument regarding the substance of or their reliance on the advice of counsel, either expressly or by implication.  Defendants do not assert an advice-of counsel defense and have asserted the attorney-client privilege with respect to any such advice.

**3.  Diligence of the FTC's Investigation.**

The Court GRANTS the motion as to the jury phase: Defendants may not introduce any testimony, evidence, or argument regarding the diligence (or purported lack thereof) of the FTC's investigation leading to this lawsuit, either expressly or by implication.  The Court RESERVES as to the bench phase.

**4.  Untimely Disclosed Fact Witnesses.**

The Court GRANTS the motion.  Defendants may not call Ben Angel, Jay Patrikios, or John Fulmer to testify at trial, except that John Fulmer may testify solely to authenticate a single document.

**5.  Undisclosed Expert Witnesses.**

As Defendants acknowledge, this motion is moot.  But the individuals at issue may testify as fact witnesses.

**6.  The FTC's Website.**

The Court GRANTS the motion because the evidence is irrelevant and, if there is any probative value, it appears "substantially outweighed by [the] danger of . . . unfair prejudice."  *See* Fed. R. Evid 403.  Defendants may not introduce any testimony, evidence, or argument regarding the FTC's website.

//

**7.    Other Businesses' Conduct.**

The Court GRANTS in part and DENIES in part the motion. Except with respect to expert witnesses, Defendants may not introduce any testimony, evidence, or argument regarding the design or functionality of other businesses' websites.

**8.    Post Enrollment Communications.**

The Court DENIES the motion without prejudice to specific objections at trial, as it does not believe that all post-enrollment communications are categorically irrelevant. *See* Fed. R. Evid. 401 and 402.

**9.    Defendants' "Customer-Centric" Culture.**

The Court DENIES the motion without prejudice to specific objections at trial, as it does not believe that all such evidence is categorically irrelevant. *See* Fed. R. Evid. 401 and 402. Nor does the Court believe that Rule 403 or 404 precludes the evidence.

**10.    Benefits, Refund Policy, and Reputation.**

The Court DENIES the motion without prejudice to specific objections at trial, as it does not believe that all such evidence is categorically irrelevant. *See* Fed. R. Evid. 401 and 402. Nor does the Court believes that Rule 403 precludes the evidence.

**11.    Reid Nelson's Character for Truthfulness.**

The Court DENIES the motion without prejudice to specific objections at trial. *See* Fed. R. Evid. 608.

**12.    Opinion Testimony from Fact Witnesses.**

The Court DENIES the motion without prejudice to specific objections at trial. *See* Fed. R. Evid. 608.

//

**13. Testimony of Argument Contrary to Undisputed Material Facts and Conclusions of Law.**

The Court RESERVES on this motion and will rule on any specific objections at trial. *See* Fed. R. Evid. 401, 402 & 403.

**14. Non-Party Fact Witnesses.**

The Court GRANTS the motion in part: any fact witness designated by any party is to be excluded from the courtroom, unless the witness is a party or a party's designated corporate representative. Given the above ruling as to the FTC's first motion in limine, this motion is moot as to Benjamin Langer.

Dated: September 15, 2025.

John H. Chun
UNITED STATES DISTRICT JUDGE