The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al*.<br><br>    Defendants. | Case No. 2:23-cv-0932-JHC<br><br>**JOINT PROPOSED JURY**<br>**INSTRUCTIONS** |

Pursuant to LCR 51(e), (g) & (h) and this Court's Orders entered November 8, 2024 (Dkt. # 199) and September 11, 2025 (Dkt. #467), the parties respectfully submit their Joint Proposed Jury Instructions, a copy of which is also being submitted to the Court as a Word document.

1

## TABLE OF CONTENTS

| Number | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 1 | Duty of Jury | 9th Cir. Civ. Jury Instr. § 1.2 (2017). | 1 | Joint |
| 2 | Introduction to Claims and Defenses | See Parties' Joint Statement of Disputed Instructions | 2 | N/A |
| 3 | Burden of Proof – Preponderance of the Evidence | See Parties' Joint Statement of Disputed Instructions | 3 | N/A |
| 4 | Two or More Parties – Different Legal Rights | 9th Cir. Civ. Jury Instr. § 1.8 (2017). | 4 | Joint |
| 5 | What Is Evidence | 9th Cir. Civ. Jury Instr. § 1.9 (2017) (modified for future tense). | 5 | Joint |
| 6 | What Is Not Evidence | 9th Cir. Civ. Jury Instr. § 1.10 (2017) (modified for future tense). | 6 | Joint |
| 7 | Evidence for Limited Purpose | 9th Cir. Civ. Jury Instr. § 1.11 (2017) (modified for giving at outset of trial). | 7 | Joint |
| 8 | Direct and Circumstantial Evidence | 9th Cir. Civ. Jury Instr. § 1.12 (2017) (modified to include illustrative example). | 8 | Joint |
| 9 | Ruling on Objections | 9th Cir. Civ. Jury Instr. § 1.13 (2017). | 9 | Joint |
| 10 | Credibility of Witnesses | 9th Cir. Civ. Jury Instr. § 1.14 (2017). | 10-11 | Joint |
| 11 | Conduct of the Jury | 9th Cir. Civ. Jury Instr. § 1.15 (2025) (modified to include optional language). | 12-14 | Joint |
| 12 | Lawyers Will Not Interact With Jurors | *Spurlock v. State Farm Fire and Casualty Company*, Case No. 2:23-cv-467, Dkt. 101 (Preliminary Jury Instructions) (W.D. Wash. Jan. 6, 2026), Chun, J. | 15 | Joint |
| 13 | No Transcript Available to Jury | 9th Cir. Civ. Jury Instr. § 1.17 (2017). | 16 | Joint |
| 14 | Taking Notes | 9th Cir. Civ. Jury Instr. § 1.18 (2017) (modified to include optional language). | 17 | Joint |
| 15 | Questions to Witnesses by Jurors | 9th Cir. Civ. Jury Instr. § 1.19 (2019) (Option 1). | 18 | Joint |

| 16 | Bench Conferences and Recesses | 9th Cir. Civ. Jury Instr. § 1.20 (2017). | 19 | Joint |
|---|---|---|---|---|
| 17 | Outline of Trial | 9th Cir. Civ. Jury Instr. § 1.21 (2017). | 20 | Joint |
| 18 | Expert Opinion Testimony | 9th Cir. Civ. Jury Instr. § 2.13 (2025) (to be modified based on timing of use). | 21 | Joint |
| 19 | Dual Role Testimony | 9th Cir. Crim. Jury Instr. § 3.15 (2023) (Option 1, to be modified based on timing of use). | 22-23 | Joint |
| 20 | Cautionary Instructions | 9th Cir. Civ. Jury Instr. § 2.0 (2020). | 24 | Joint |
| 21 | Deposition in Lieu of Live Testimony | 9th Cir. Civ. Jury Instr. § 2.4 (2017) (modified to include optional language). | 25 | Joint |
| 22 | Use of Interrogatories | 9th Cir. Civ. Jury Instr. § 2.11 (2017) (modified for use before evidence is read to the jury). | 26 | Joint |
| 23 | Use of Requests for Admission | 9th Cir. Civ. Jury Instr. § 2.12 (2017). | 27 | Joint |
| 24 | Duty of Jury | 9th Cir. Civ. Jury Instr. § 1.4 (2017). (Modified to include optional language). | 28 | Joint |
| 25 | Burden of Proof – Preponderance of the Evidence | See Parties' Joint Statement of Disputed Instructions | 29 | N/A |
| 26 | What Is Evidence | 9th Cir. Civ. Jury Instr. § 1.9 (2017) (modified for past tense). | 30 | Joint |
| 27 | What Is Not Evidence | 9th Cir. Civ. Jury Instr. § 1.10 (2017) (modified for past tense). | 31 | Joint |
| 28 | Direct and Circumstantial Evidence | 9th Cir. Civ. Jury Instr. § 1.12 (2017) (modified to include illustrative example). | 32 | Joint |
| 29 | Credibility of Witnesses | 9th Cir. Civ. Jury Instr. § 1.14 (2017). | 33-34 | Joint |
| 30 | Taking Notes | 9th Cir. Civ. Jury Instr. § 1.18 (2017) (modified to be read after presentation of trial). | 35 | Joint |
| 31 | Duty to Deliberate | 9th Cir. Civ. Jury Instr. § 3.1 (2017). | 36 | Joint |
| 32 | Consideration of Evidence – Conduct of the Jury | 9th Cir. Civ. Jury Instr. § 3.2 (2020) (Modified to include optional language). | 38 | Joint |
| 33 | Fair Treatment | Please see the parties' Joint Statement of Disputed Instructions | 39 | N/A |

| 34 | Liability of Corporations – Scope of Authority Not in Issue | 9th Cir. Civ. Jury Instr. § 4.2 (2017). | 40 | Joint |
|----|----|----|----|----|
| 35 | Communication with Court | 9th Cir. Civ. Jury Instr. § 3.3 (2017) (Modified to include optional language). | 41 | Joint |
| 36 | Evidence for  Limited Purpose | 9th Cir. Civ. Jury Instr. § 1.11 (2025). | 42 | Joint |
| 37 | Charts and Summaries Not Received in Evidence | 9th Cir. Civ. Jury Instr. § 2.14 (2017). | 43 | Joint |
| 38 | Charts and Summaries Received in Evidence | 9th Cir. Civ. Jury Instr. § 2.15 (2017). | 44 | Joint |
| 39 | Evidence in Electronic Format | 9th Cir. Civ. Jury Instr. § 2.16 (2017) (Modified to include optional language). | 45-46 | Joint |

1    **I.        PRELIMINARY INSTRUCTIONS**

2                                **JURY INSTRUCTION NO. 1**

3                                      **Duty of Jury**

4

5            Members of the jury: You are now the jury in this case.  It is my duty to instruct you on

6    the law.

7            These instructions are preliminary instructions to help you understand the principles that

8    apply to civil trials and to help you understand the evidence as you listen to it.  You will be

9    allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not

10   to be taken home and must remain in the jury room when you leave in the evenings.  At the end

11   of the trial, these instructions will be collected and I will give you a final set of instructions.  It is

12   the final set of instructions that will govern your deliberations.

13           It is your duty to find the facts from all the evidence in the case.  To those facts you will

14   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

15   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

16   prejudices or sympathy.  That means that you must decide the case solely on the evidence before

17   you. You will recall that you took an oath to do so.

18           Please do not read into these instructions or anything I may say or do that I have an

19   opinion regarding the evidence or what your verdict should be.

20

21

22   **Source/Authority:**  9th Cir. Civ. Jury Instr. § 1.2 (2017).

23

JOINT PROPOSED JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC - 1

1

2

**JURY INSTRUCTION NO. 2**

**Introduction to Claims and Defenses**

3

4

Please see the parties' Joint Statement of Disputed Instructions.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**JURY INSTRUCTION NO. 3**

**Burden of Proof – Preponderance of the Evidence**

Please see the parties' Joint Statement of Disputed Instructions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**JURY INSTRUCTION NO. 4**

**Two or More Parties – Different Legal Rights**


You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.8 (2017).

1

## JURY INSTRUCTION NO. 5

2

### What Is Evidence

3

4    The evidence you are to consider in deciding what the facts are consists of:

5    1.    the sworn testimony of any witness;

6    2.    the exhibits that are admitted into evidence;

7    3.    any facts to which the lawyers have agreed; and

8    4.    any facts that I may instruct you to accept as proved.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    **Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.9 (2017) (modified for future tense).

**JURY INSTRUCTION NO. 6**

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.10 (2017) (modified for future tense).

1

**JURY INSTRUCTION NO. 7**

2

**Evidence for Limited Purpose**

3

4          Some evidence may be admitted only for a limited purpose.

5          When I instruct you that an item of evidence has been admitted only for a limited

6   purpose, you must consider it only for that limited purpose and not for any other purpose.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   **Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.11 (2017) (modified for giving at outset of trial).

**JURY INSTRUCTION NO. 8**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.12 (2017) (modified to include illustrative example).

**JURY INSTRUCTION NO. 9**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.13 (2017).

**JURY INSTRUCTION NO. 10**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other

hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.14 (2017).

JOINT PROPOSED JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC - 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**JURY INSTRUCTION NO. 11**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

1    Because you will receive all the evidence and legal instruction you properly may consider

2    to return a verdict:  do not read, watch or listen to any news or media accounts or commentary

3    about the case or anything to do with it; do not do any research, such as consulting dictionaries,

4    searching the Internet, or using other reference materials; and do not make any investigation or in

5    any other way try to learn about the case on your own.  Do not visit or view any place discussed

6    in this case, and do not use the Internet or any other resource to search for or view any place

7    discussed during the trial.  Also, do not do any research about this case, the law, or the people

8    involved—including the parties, the witnesses or the lawyers—until you have been excused as

9    jurors.  If you happen to read or hear anything touching on this case in the media, turn away and

10   report it to me as soon as possible.

11   These rules protect each party's right to have this case decided only on evidence that has

12   been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

13   accuracy of their testimony is tested through the trial process.  If you do any research or

14   investigation outside the courtroom, or gain any information through improper communications,

15   then your verdict may be influenced by inaccurate, incomplete or misleading information that

16   has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an

17   impartial jury, and if you decide the case based on information not presented in court, you will

18   have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it

19   is very important that you follow these rules.

20   A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

21   mistrial could result, requiring the entire trial process to start over.  If any juror is exposed to any

22   outside information, please notify the court immediately, by sending a note through the clerk

23   signed by any one or more of you.

1

2

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.15 (2025) (modified to include optional language).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**JURY INSTRUCTION NO. 12**

**Lawyers Will Not Interact With Jurors**

You may notice during the trial that you will pass a lawyer or party to the case in the hall or the elevator, or in the street outside, and you will not be greeted.  If that happens it does not reflect any impoliteness.  One of the customs of the court is that parties and lawyers do not greet jurors.  The purpose is to avoid any impression of trying to curry favor with a juror.

**Source/Authority**:  *Spurlock v. State Farm Fire and Casualty Company*, Case No. 2:23-cv-467, Dkt. 101 (Preliminary Jury Instructions) (W.D. Wash. Jan. 6, 2026), Chun, J.

**JURY INSTRUCTION NO. 13**

**No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.17 (2017).

**JURY INSTRUCTION NO. 14**

**Taking Notes**


If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.18 (2017) (modified to include optional language).

**JURY INSTRUCTION NO. 15**

**Questions to Witnesses by Jurors**


      Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.19 (2019) (Option 1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## JURY INSTRUCTION NO. 16

### Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.20 (2017).

1    **JURY INSTRUCTION NO. 17**

2    **Outline of Trial**

3

4      Trials proceed in the following way:  First, each side may make an opening statement.

5    An opening statement is not evidence.  It is simply an outline to help you understand what that

6    party expects the evidence will show.  A party is not required to make an opening statement.

7      The plaintiff will then present evidence, and counsel for the defendant may cross-

8    examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-

9    examine.

10      After the evidence has been presented, I will instruct you on the law that applies to the

11    case and the attorneys will make closing arguments.

12      After that, you will go to the jury room to deliberate on your verdict.

13

14

15

16

17

18

19

20

21

22

23    **Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.21 (2017).

## II.    INSTRUCTIONS IN THE COURSE OF TRIAL

**Note**:  The parties dispute when this instruction should be given.  The FTC respectfully submits that this  instruction should be given immediately before the first expert witness testifies, modified to include that expert's name.  Defendants object, and respectfully submit that the instruction should be read once, at the end of trial, to streamline the proceedings.

### JURY INSTRUCTION NO. 18

### Expert Opinion Testimony

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her] [their] opinions and the reasons for those opinions.  This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 2.13 (2025) (to be modified based on timing of use).

**Note**: The parties dispute when this instruction should be given. The FTC respectfully submits that this instruction should be given immediately before the first hybrid fact-expert witness testifies, modified to include that person's name. Defendants object, and respectfully submit that the instruction should be read once, at the end of trial, to streamline the proceedings.


## JURY INSTRUCTIN NO. 19

### Dual Role Testimony


You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about facts and [his] [her] [their] opinions and the reasons for those opinions. Fact testimony is based on what the witness personally saw, heard, or did. Opinion testimony is based on the specialized knowledge, skill, experience, training, or education of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You also should [pay careful attention as to whether the witness is testifying] [consider whether the witness testified] to personal observations or involvement as a fact witness or

testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

**Source/Authority**:  9th Cir. Crim. Jury Instr. § 3.15 (2023) (Option 1, to be modified based on timing of use).

**JURY INSTRUCTION NO. 20**

**Cautionary Instructions**

**At the End of Each Day of the Case:**

    As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

    As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 2.0 (2020).

**Note**:  The following instruction would be read immediately before the deposition testimony is played or read for each witness called by deposition.

## JURY INSTRUCTION NO. 21

### Depositions in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [name of witness] was taken on [date].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 2.4 (2017) (modified to include optional language).

**Note:**  The following instruction would be read immediately before the interrogatories and answers are read to the jury.

## JURY INSTRUCTION NO. 22

### Use of Interrogatories

Evidence  will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.

You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 2.11 (2017) (modified for use before evidence is read to the jury).

1  **Note:**  The following instruction would be read immediately before Requests for Admission and

2  answers are read to the jury.

3  **JURY INSTRUCTION NO. 23**

4  **Use of Requests for Admission**

5

6        Evidence will now be presented to you in the form of admissions to the truth of certain

7  facts.  These admissions were given in writing before the trial, in response to requests that were

8  submitted under established court procedures.  You must treat these facts as having been proved.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  **Source/Authority**:  9th Cir. Civ. Jury Instr. § 2.12 (2017).

1    **III.    INSTRUCTIONS AT THE END OF CASE**

2

3                        **JURY INSTRUCTION NO. 24**

4                               **Duty of Jury**

5

6         Members of the Jury:  Now that you have heard all of the evidence and the arguments of

7    the attorneys, it is my duty to instruct you on the law that applies to this case.

8         A copy of these instructions will be sent to the jury room for you to consult during your

9    deliberations.

10        It is your duty to find the facts from all the evidence in the case.  To those facts you will

11   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

12   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

13   prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

14   you.  You will recall that you took an oath to do so.

15        Please do not read into these instructions or anything that I may say or do or have said or

16   done that I have an opinion regarding the evidence or what your verdict should be.

17

18

19

20

21

22   **Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.4 (2017). (Modified to include optional

23   language)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

### JURY INSTRUCTION NO. 25

**Burden of Proof – Preponderance of the Evidence**

Please see the parties' Joint Statement of Disputed Instructions.

**JURY INSTRUCTION NO. 26**

**What Is Evidence**


The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I have instructed you to accept as proved.

**Source/Authority:**  9th Cir. Civ. Jury Instr. § 1.9 (2017) (modified for past tense).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**JURY INSTRUCTION NO. 27**

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    (1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    (2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

    (3)    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

    (4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.10 (2017) (modified for past tense).

1

2

3

### JURY INSTRUCTION NO. 28

### Direct and Circumstantial Evidence

4      Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

5  as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

6  evidence is proof of one or more facts from which you could find another fact.  You should

7  consider both kinds of evidence.  The law makes no distinction between the weight to be given to

8  either direct or circumstantial evidence. It is for you to decide how much weight to give to any

9  evidence.

10      By way of example, if you wake up in the morning and see that the sidewalk is wet, you

11  may find from that fact that it rained during the night.  However, other evidence, such as a turned

12  on garden hose, may provide a different explanation for the presence of water on the sidewalk.

13  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

14  consider all the evidence in the light of reason, experience and common sense.

15

16

17

18

19

20   Civ. Jury Instr. § 1.12 (2017) (modified to include illustrative example).

21

22

23

# JURY INSTRUCTION NO. 29

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other

hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.14 (2017).

1

**JURY INSTRUCTION NO. 30**

2

**Taking Notes**

3

4          Some of you may have taken notes during trial.

5          Whether or not you take notes, you should rely on your own memory of the evidence.

6    Notes are only to assist your memory.  You should not be overly influenced by your notes or

7    those of other jurors.

8

9    **Authority**: 9th Cir. Civ. Jury Instr. § 1.18 (2017) (modified to be read after presentation of trial).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**JURY INSTRUCTION NO. 31**

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 3.1 (2017).

1

## JURY INSTRUCTION NO. 32

2

### Consideration of Evidence – Conduct of the Jury

3

4       Because you must base your verdict only on the evidence received in the case and on

5   these instructions, I remind you that you must not be exposed to any other information about the

6   case or to the issues it involves.  Except for discussing the case with your fellow jurors during

7   your deliberations.

8       Do not communicate with anyone in any way and do not let anyone else communicate

9   with you in any way about the merits of the case or anything to do with it.  This includes

10  discussing the case in person, in writing, by phone, tablet, computer, or any other means, via

11  email, via text messaging, or any internet chat room, blog, website or application, including but

12  not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other

13  forms of social media.  This applies to communicating with your family members, your

14  employer, the media or press, and the people involved in the trial.  If you are asked or

15  approached in any way about your jury service or anything about this case, you must respond

16  that you have been ordered not to discuss the matter and to report the contact to the court.

17      Do not read, watch, or listen to any news or media accounts or commentary about the

18  case or anything to do with it; do not do any research, such as consulting dictionaries, searching

19  the Internet, or using other reference materials; and do not make any investigation or in any other

20  way try to learn about the case on your own.  Do not visit or view any place discussed in this

21  case, and do not use Internet programs or other devices to search for or view any place discussed

22  during the trial.  Also, do not do any research about this case, the law, or the people involved—

23  including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If

you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 3.2 (2020) (Modified to include optional language).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**JURY INSTRUCTION NO. 33**

**Fair Treatment**

Please see the parties' Joint Statement of Disputed Instructions.

1

**JURY INSTRUCTION NO. 34**

2

**Liability of Corporations – Scope of Authority Not in Issue**

3

4        Under the law, a corporation is considered to be a person.  It can only act through its

5    employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of

6    its employees, agents, directors, and officers performed within the scope of authority.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    **Source/Authority**:  9th Cir. Civ. Jury Instr. § 4.2 (2017).

## JURY INSTRUCTION NO. 35

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 3.3 (2017) (Modified to include optional language).

**Note**: This instruction would be read only if the Court issued a limiting instruction during trial.

## JURY INSTRUCTION NO. 36

### Evidence for Limited Purpose

During trial, I instructed you that certain evidence was admitted only for a limited purpose. You must consider that evidence only for that limited purpose and not for any other purpose.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.11 (2025).

1
2

### JURY INSTRUCTION NO. 37

### Charts and Summaries Not Received in Evidence

3
4
5
6
7

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

8
9
10
11
12
13
14
15
16
17
18
19
20
21

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 2.14 (2017).

22
23

**<u>Note</u>**: To be read only if charts and summaries are admitted into evidence.

## JURY INSTRUCTION NO. 38

### Charts and Summaries Received in Evidence

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 2.15 (2017).

**JURY INSTRUCTION NO. 39**

**Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other

material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 2.16 (2017) (Modified to include optional language).

Dated:  September 15, 2025.        /s/ *Rachel F. Sifuentes*
                                   JONATHAN COHEN (DC Bar # 483454)
                                   EVAN MENDELSON (DC Bar #996765)
                                   OLIVIA JERJIAN (DC Bar #1034299)
                                   JONATHAN WARE (DC Bar #989414)
                                   ANTHONY SAUNDERS (NJ Bar #008032001)
                                   SANA CHAUDHRY (NY Bar #5284807)
                                   ELI FREEDMAN (CA Bar #345432)

                                   Federal Trade Commission
                                   600 Pennsylvania Avenue NW
                                   Washington DC 20580

                                   (202) 326-2551 (Cohen); -3320 (Mendelson); -2726
                                   (Ware); -2749 (Jerjian); -2917 (Saunders); -2679
                                   (Chaudhry); -2030 (Freedman)

                                   JCohen2@ftc.gov; EMendelson@ftc.gov;
                                   JWare1@ftc.gov; OJerjian@ftc.gov;
                                   ASaunders@ftc.gov; SChaudhry@ftc.gov;
                                   EFreedman@ftc.gov

                                   COLIN D. A. MACDONALD (WSBA # 55243)
                                   Federal Trade Commission
                                   915 Second Ave., Suite 2896
                                   Seattle, WA 98174
                                   (206) 220-4474; CMacdonald@ftc.gov

                                   RACHEL F. SIFUENTES
                                   (IL Bar #6304016; CA Bar #324403)
                                   Federal Trade Commission
                                   230 S. Dearborn St., Room 3030
                                   Chicago, IL 60604
                                   (312) 960-5617; RSifuentes@ftc.gov

                                   JEFFREY TANG (CA Bar #308007)
                                   Federal Trade Commission
                                   10990 Wilshire Boulevard, Suite 400
                                   Los Angeles, CA 90024
                                   (310) 824-4303; JTang@ftc.gov

                                   Attorneys for Plaintiff
                                   FEDERAL TRADE COMMISSION

DAVIS WRIGHT TREMAINE LLP


By s/ *Jim Howard*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
jimhoward@dwt.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5105
E-mail: santhony@cov.com
          lflahivewu@cov.com
          lkim@cov.com
          jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1163
Email: alinderot@cov.com

1

HUESTON HENNIGAN LLP

2

John C. Hueston*
Moez M. Kaba*

3

Joseph A. Reiter*
523 West 6th Street, Suite 400

4

Los Angeles, CA 90014
Telephone: (213) 788-4340

5

E-mail: jhueston@hueston.com
                mkaba@hueston.com

6

                jreiter@hueston.com

7

*admitted pro hac vice

8

Attorneys for Defendants AMAZON.COM,
INC., NEIL LINDSAY, RUSSELL

9

GRANDINETTI, AND JAMIL GHANI

10

11

12

13

14

15

16

17

18

19

20

21

22

23