1

The Honorable John H. Chun

2

3

4

5

6            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8

9    FEDERAL TRADE COMMISSION,                 Case No. 2:23-cv-0932-JHC

10           Plaintiff,                         **JOINT STATEMENT OF DISPUTED
                                               JURY INSTRUCTIONS**
11        v.

12   AMAZON.COM, INC., *et al*.

13           Defendants.

14

15          Pursuant to LCR 51(e), (g) & (h) and this Court's Orders entered November 8, 2024

16   (Dkt. # 199) and September 11, 2025 (Dkt. # 467), the parties respectfully submit their Joint

17   Statement of Disputed Jury Instructions and disputed verdict forms.  Plaintiff Federal Trade

18   Commission's ("FTC") proposed verdict form is attached as **Exhibit A** to this statement.

19   Defendants Amazon.com, Inc., Neil Lindsay, Russell Grandinetti, and Jamil Ghani's

20   (collectively, "Defendants") proposed verdict form is attached as **Exhibit B** to this statement.

21          The parties respectfully submit these disputed proposed instructions and verdict forms

22   based on the current state of the record, and reserve all rights to amend, supplement, or revise

23   their proposed jury instructions and verdict forms.

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC

1

**TABLE OF CONTENTS**

2

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| 2 | Introduction to Claims and Defenses | 9th Cir. Civ. Jury Instr. § 1.5 (2017). | 1-2 | FTC |
| 2 | Introduction to Claims and Defenses | 9th Cir. Civ. Jury Instr. § 1.5 (2017). | 3-4 | Defendants |
| 3 | Burden of Proof – Preponderance of the Evidence | 9th Cir. Civ. Jury Instr. § 1.6 (2017). | 5 | FTC |
| 3 | Burden of Proof – Preponderance of the Evidence | 9th Cir. Civ. Jury Instr. § 1.6 (2017). | 5-6 | Defendants |
| N/A | Survey Evidence | 9th Cir. Civ. Jury Instr. § 2.10 (2017) (modified); *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 239 (2d Cir. 1999), *as amended on reh'g* (Sept. 29, 1999). | 7 | FTC |
| N/A | Survey Evidence | 9th Cir. Civ. Jury Instr. § 2.10 (2017) (modification to use phrase "survey" rather than "test or experiment"). | 8-9 | Defendants |
| N/A | Fair Treatment | 9th Cir. Civ. Jury Instr. § 4.1 (2017) (modified as highlighted to include government entity and individuals). | 10 | FTC |
| N/A | Fair Treatment | 6 Wash. Prac., Was. Pattern Jury Instr. Civ. WPI 1.07 (7th ed.); 9th Cir. Crim. Jury Instr. § 1.1 (2022); 9th Cir. Civ. Jury Instr. § 4.1 (2017). | 10-11 | Defendants |
| N/A | Testimony From Corporate Witnesses | :  7 James Wm. Moore, et. al., Moore's Federal Practice § 30.25[3] (3d ed. 2016); *Snapp v. United Trans. Union et al.*, 889 | 12 | FTC |

| N/A | | F.3d 1088, 1102–1104 (9th Cir. 2018) *Microsoft Corp. v. Corel Corp.*, No. 5:15-cv-05836-EJD, Dkt. # 313 at *10, 12 (N.D. Cal. Feb. 9, 2018); *Plexxikon Inc. v. Novartis Pharm. Corp.*, No. 17-cv-04405-HSG, Dkt. # 560, at 9 (N.D. Cal. July 21, 2021). | | |
| --- | --- | --- | --- | --- |
| N/A | Attorney-Client Privilege | *Upjohn Co. v. United States*, 449 U.S. 383 (1981); *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015); *United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996); *United States v. Scarfo, et al.*, No. 11-740-RBK, Dkt. # 1059 (Jury Instructions dated June 2, 2014), (D. N.J. June 3, 2014); *see also id.* at Dkt. # 1025. | 14-15 | FTC |
| N/A | Jury Consideration of Remedies | 9th Cir. Crim. Jury Instr. § 6.22 (2022). | 17 | Defendants |
| N/A | The Restore Online Shoppers' Confidence Act—Generally | May 28, 2024 Order, Dkt. 165, at 14; 15 U.S.C. §§ 57a(d)(3), 8401(2), (3), 8404(a); Public Law 111-345 (Dec. 29, 2010). | 18 | FTC |
| N/A | Buyer Beware Is Not The Law | May 28, 2024 Order, Dkt. 165, at 14;15 U.S.C. . § 8404(a); *FTC v. Standard Educ. Soc.*, 302 U.S. 112, 116 (1937); *Feil v. FTC*, 285 F.2d 879, 902 & n.18 (9th Cir. 1960); *De Gorter v. FTC*, 244 F.2d 270, 284 n.60 (9th Cir. 1957); *FTC. v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1202 (10th Cir. 2005). | 20 | FTC |
| N/A | COUNT II: Violations of | Am. Compl., Dkt. 67, Count II; May 28, 2024 | 22 | FTC |

| | | | | | |
|---|---|---|---|---|---|
| | | ROSCA – Inadequate Disclosures | Order, Dkt. 165, at 13-14; 15 U.S.C. § 8403; 16 CFR § 310.2(w); *FTC v. Stefanchik*, 559 F.3d 924, 939 & n.12 (9th Cir. 2009). | | |
| | N/A | COUNT II: ROSCA (Clear and Conspicuous Disclosures) | 15 U.S.C. § 8403. | 23-24 | Defendants |
| | N/A | Material Terms - Defined | 15 U.S.C. § 8403; Pl.'s Mot. for Summ. J., Dkt. 314, at 46-48 Pl.'s Reply in Supp. of Mot. for Summ J., Dkt. 381, at 4-7; Court's pending ruling on Pl.'s Mot. for Summ. J.; Pl.'s Mot. to Establish That No Material Differences Exist Between Certain Representative Flows and Establish Certain Facts, Dkt. 462, at 13. | 25 | FTC |
| | N/A | Material Terms - Defined | *Hillsdale Assocs. v. E. Channel Corp., N.V.*, 1991 WL 174617, at *2 (9th Cir. Sept. 6, 1991) | 26 | Defendants |
| | N/A | Clearly and Conspicuously - Defined | May 28, 2024 Order, Dkt. 165, at 15-20, 27; 15 U.S.C. § 8403(1); Cal. Bus. & Prof. Code § 17601(c); *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1019 (9th Cir. 2024); *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 509, 512-13, 516017 (9th Cir. 2023); *Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019); *Barrer v. Chase Bank USA, N.A.*, 566 F.3d 883, 891–92 (9th Cir. 2009); *FTC v. Credit Bureau Ctr., LLC*, | 27 | FTC |

| | | | | |
|---|---|---|---|---|
| | | 325 F. Supp. 3d 852, 863 (N.D. Ill. 2018), *aff'd in part, vacated in part on other grounds*, 937 F.3d 764 (7th Cir. 2019), *and amended on other grounds*, No. 17 C 194, 2021 WL 4146884 (N.D. Ill. Sept. 13, 2021); *FTC v. Health Formulas, LLC*, No. 2:14-CV-01649-RFB, 2015 WL 2130504, at *16 (D. Nev. May 6, 2015). | | |
| N/A | Clearly and Consciously - Defined | *FTC v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297, 1314-16, 1320 (W.D. Wash. 2024); *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1014 (9th Cir. 2024); *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019); Basta Dep. 218:6–219:21. | 29 | Defendants |
| N/A | Count III: Violations of ROSCA— Nonconsensual Enrollment | Am. Compl., Dkt. 67, Count I & III; May 28, 2024 Order, Dkt. 165, at 13-14; 15 U.S.C. § 8403; 16 CFR § 310.2(w); *FTC v. Stefanchik*, 559 F.3d 924, 939 & n.12 (9th Cir. 2009). | 30-31 | FTC |
| N/A | Count I: Omission of Claims | 9th Cir. Crim. Jury Instr. § 2.14 (2022). | 32 | Defendants |
| N/A | COUNT III: ROSCA (Express Informed Consent) | 15 U.S.C. § 8403; *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1014 (9th Cir. 2024); *Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1173, 1177 (W.D. Wash. Dec. 10, 2014); *Adams v. Amazon.com, Inc.*, 2023 WL 4002534, *1 (W.D. Va. June 14, 2023). | 33 | Defendants |

| N/A | Negative Option Feature - Defined | 15 U.S.C. § 8403; Pl.'s Mot. for Summ. J., Dkt. 314, at 45-46; Pl.'s Reply in Supp. of Mot. for Summ J., Dkt. 381, at 1-2; Court's pending ruling on Pl.'s Mot. for Summ. J. Pl.'s Mot. to Establish That No Material Differences Exist Between Certain Representative Flows and Establish Certain Facts, Dkt. 462, at 12. | 35 | FTC |
|---|---|---|---|---|
| N/A | ROSCA – Negative Option Feature | 15 U.S.C. § 8403; 16 C.F.R. § 310.2(w); *Roley v. Google LLC*, 40 F.4th 903, 908 (9th Cir. 2022). | 36 | Defendants |
| N/A | Count IV: Violations of ROSCA – Failure to Provide Simple Cancellation Mechanisms | May 28, 2024 Order, Dkt. 165, at 13-14; 15 U.S.C. § 8403(3); 16 CFR § 310.2(w); *FTC v. Stefanchik*, 559 F.3d 924, 939 & n.12 (9th Cir. 2009). | 38-39 | FTC |
| N/A | COUNT IV: ROSCA (Simple Mechanism To Stop Recurring Charges) | 15 U.S.C. § 8403; Basta Dep. 66:13-22, 276:18-278:11, 279:16-20. | 40 | Defendants |
| N/A | Simple Mechanisms - Defined | May 28, 2024 Order, Dkt. 165, at 30-32; *United States v. MyLife.com, Inc.*, 567 F. Supp. 3d 1152, 1169 & n.6 (C.D. Cal. 2021); *FTC v. Cardiff*, No. ED518CV02104SJOPLAX, 2019 WL 9143561, at *10 (C.D. Cal. May 16, 2019). | 42 | FTC |
| N/A | "Reasonable Consumer" Standard | *FTC v. Amazon, Inc.*, 735 F. Supp. 3d 1297, 1315 (W.D. Wa. 2024); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *Bodenburg v. Apple Inc.*, | 44 | Defendants |

| | | | | |
|---|---|---|---|---|
| | | No. 24-3335, 2025 WL 2055748, at *6 (9th Cir. July 23, 2025); *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1176 (9th Cir. 2010); *Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*, 730 F.3d 494, 509 (6th Cir. 2013); *Nicosia v. Amazon.com, Inc.*, 384 F. Supp. 3d 254, 278 (E.D.N.Y. June 24, 2019), *aff'd*, 815 F. Appx. 612 (2d Cir. 2020); *ECM BioFilms, Inc. v. FTC*, 851 F.3d 599, 610 (6th Cir. 2017); Dkt. 431. | | |
| N/A | Intent to Defraud | 9th Cir. Crim. Jury Instr. § 5.12 (2020) (modified to add second sentence); *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 635 (7th Cir. 2005) (citing cases); *FTC. v. World Media Brokers*, 415 F.3d 758, 764 (7th Cir. 2005); *FTC v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1202 (10th Cir. 2005); *FTC v. Inc21.com Corp.*, 745 F. Supp. 2d 975, 1005 (N.D. Cal. 2010), *aff'd*, 475 F. App'x 106 (9th Cir. 2012); *FTC v. Grand Canyon Educ., Inc.*, 745 F. Supp. 3d 803, 837 (D. Ariz. 2024); *FTC v. Wetherill*, No. CV 92-2295 (DT)(EEX), 1993 WL 264557, at *3 (C.D. Cal. June 10, 1993). | 46 | FTC |
| N/A | Individual Liability – Defendants Lindsay, | May 28, 2024 Order at 36-37 & n.8; *FTC v. Com. Planet, Inc.*, 815 F.3d 593, 600 (9th Cir. 2016), | 48 | FTC |

| | | | | |
|---|---|---|---|---|
| | Grandinetti, and Ghani | *abrogated on other grounds by AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67 (2021); *FTC v. Publ'g Clearing House, Inc*., 104 F.3d 1168, 1170-71 (9th Cir. 1997), *as amended* (Apr. 11, 1997); *FTC v. Loewen*, No. C12-1207 MJP, 2013 WL 5816420, at *7 (W.D. Wash. Oct. 29, 2013); *United States v. Pineda*, 843 F. App'x 174, 180 (11th Cir. 2021); *FTC v. Moses*, 913 F.3d 297, 302-03, 308 (2d Cir. 2019); *FTC v. Freecom Commc'ns, Inc*., 401 F.3d 1192, 1205 (10th Cir. 2005); *FTC v. World Media Brokers Inc*., No. 02 C 6985, 2004 WL 432475, at *9 (N.D. Ill. Mar. 2, 2004), *aff'd sub nom. F.T.C. v. World Media Brokers*, 415 F.3d 758 (7th Cir. 2005); *FTC v. Fleetcor Techs., Inc*., 620 F. Supp. 3d 1268, 1341 (N.D. Ga. 2022); . *FTC v. AMG Servs., Inc*., 558 F. Supp. 3d 946, 962 (D. Nev. 2021). | | |
| N/A | Individual Liability – Consumer Redress | *FTC v. Com. Planet, Inc*., 815 F.3d 593, 600 (9th Cir. 2016), *abrogated on other grounds by AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67 (2021); *FTC v. Publ'g Clearing House, Inc*., 104 F.3d 1168, 1170-71 (9th Cir. 1997), *as amended* (Apr. 11, 1997); *FTC v. Loewen*, No. C12-1207 MJP, 2013 WL 5816420, at *7 (W.D. | 50 | FTC |

| | | | | |
|---|---|---|---|---|
| | | Wash. Oct. 29, 2013); *United States v. Pineda*, 843 F. App'x 174, 180 (11th Cir. 2021); *FTC v. Moses*, 913 F.3d 297, 302-03, 308 (2d Cir. 2019); *FTC v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1205 (10th Cir. 2005); *FTC v. World Media Brokers Inc.*, No. 02 C 6985, 2004 WL 432475, at *9 (N.D. Ill. Mar. 2, 2004), *aff'd sub nom. F.T.C. v. World Media Brokers*, 415 F.3d 758 (7th Cir. 2005); *FTC v. Fleetcor Techs., Inc.*, 620 F. Supp. 3d 1268, 1341 (N.D. Ga. 2022); . *FTC v. AMG Servs., Inc.*, 558 F. Supp. 3d 946, 962 (D. Nev. 2021). | | |
| N/A | Individual Liability | Joint Proposed Jury Instructions at 72, *United States v. MyLife.com, Inc.*, No. 20-cv-6692 (C.D. Cal. Oct. 18, 2021), Dkt. No. 197 (Instruction No. 24 – Individual Liability); *FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1101–02 (9th Cir. 2014); *FTC v. Swish Mktg.*, 2010 WL 653486, at *5, n.1 (N.D. Cal. Feb. 22, 2010). | 52 | Defendants |
| N/A | Civil Penalties | May 28, 2024 Order at 46-48; 15 U.S.C. §§ 45(m)(1)(A), (C), 8404(b); 16 C.F.R. § 1.98(d); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139-40 (4th Cir. 1996); *United States v. Adobe, Inc.*, No. 24-CV-03630-NW, 2025 WL 1303419, at *13-14 | 53 | FTC |

| | | (N.D. Cal. May 2, 2025); *FTC v. Am. Fin. Benefits Ctr.*, 324 F. Supp. 3d 1067, 1080 (N.D. Cal. 2018); *FTC v. Braun, et al.*, Case No. 1:20-cv-04432-JSR, Dkt. 205, Instruction No. 10 (S.D.N.Y. Jan. 10, 2024). | | |
|---|---|---|---|---|
| N/A | Knowledge of ROSCA Violations | *FTC v. Amazon, Inc.*, 2025 WL 2381704, at *3 (W.D. Wash. Aug. 15, 2025); United States of America's Proposed Jury Instructions, *United States v. Corporation for Character, et al.*, 2:11-cv-419-RJS (D. Utah Apr. 11, 2016). | 55 | Defendants |
| N/A | Return of Verdict | 9th Cir. Civ. Jury Instr. § 3.5 (2017) (modified to include optional language). | 57 | FTC |
| N/A | Return of Verdict | 9th Cir. Civ. Jury Insts. § 3.5. This instruction has been modified to select the optional language in Model Instruction § 3.5, as well as the description of the verdict form in square brackets. | 57 | Defendants |
| Exhibit A | Jury Verdict Form | N/A | 58 | FTC |
| Exhibit B | Verdict Form | N/A | 64 | Defendants |

1    **I.    PRELIMINARY INSTRUCTIONS**

2    **FTC's Proposed Instruction:**

3                              **JURY INSTRUCTION NO. 2**

4                          **Introduction to Claims and Defenses**

5

6          To help you follow the evidence, I will give you a brief summary of the positions of the

7    parties:

8          This is a consumer protection action brought by the Federal Trade Commission, a law

9    enforcement agency of the United States government, against four Defendants:  Amazon.com,

10   Inc., Jamil Ghani, Neil Lindsay, and Russell Grandinetti.  I may sometimes refer to the Federal

11   Trade Commission as the "FTC."  I may sometimes refer to Amazon.com, Inc. as "Amazon."  I

12   may also refer to Jamil Ghani, Neil Lindsay, and Russell Grandinetti as the "Individual

13   Defendants."

14         The FTC alleges that all of the Defendants violated the Restore Online Shoppers'

15   Confidence Act, or "ROSCA."

16         Specifically, the FTC alleges that Amazon tricked or manipulated consumers into

17   subscribing to, or remaining subscribed to, Amazon Prime in the following three ways:

18         First, my enrolling consumers in Prime subscriptions without their express, informed

19   consent;

20         Second, by failing to disclose the material terms of the Prime subscription clearly and

21   conspicuously before obtaining a consumer's billing information; and

22         Third, by failing to provide Prime members with simple mechanisms to cancel their

23   memberships.

1     The FTC also alleges that each Individual Defendant is individual liable for Amazon's

2  conduct because each person directly participated in, or had the authority to control, the unlawful

3  acts or practices.

4     Finally, the FTC alleges that Amazon and each of the Individual Defendants should pay

5  restitution to affected consumers, and pay civil penalties, because each Defendant had actual

6  knowledge, or knowledge fairly implied on the basis of objective circumstances, that their

7  conduct was prohibited by ROSCA.  If you find any Defendant liable for consumer redress or

8  civil penalties, I will then decide the amount of such redress or penalty, if any.

9     The FTC has the burden of proving all these claims.

10     The Defendants deny the FTC's claims.

11  **Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.5 (2017).

12

13  **Defendants' Objections:** The FTC's proposal is unfairly argumentative, misstates the law, and

14  misleadingly includes claims that will not be before the jury.  The FTC argumentatively frames

15  the case as a "consumer protection action" to the jury, who will necessarily all be consumers

16  themselves.  *See Curtis v. City of Oakland*, 2016 WL 1138457, at *4 (N.D. Cal. Mar. 23, 2016)

17  ("It is well established that instructions should not be argumentative or slanted in one party's

18  favor" (citing *United States v. Maxwel*, 579 F.3d 1282, 1304-05 (9th Cir. 2009))); *United States

19  v. McDonald*, 576 F.2d 1350, 1357 (9th Cir. 1978) (affirming district court's refusal to give

20  instruction because "[i]nstructions are not a substitute for argument to the jury").  The FTC

21  further misleadingly alleges "that Amazon tricked or manipulated consumers," but ROSCA does

22  not contain any language regarding "tricking" or "manipulating" consumers.  *See* 15 U.S.C. §

23  8403.  Thus, the FTC's proposal misstates the law and will mislead and confuse the jury into

1   accessing whether Amazon "tricked" or "manipulated" consumers when that is not the law.  *See*

2   *United States v. Spencer*, 340 F. App'x 414, 416 (9th Cir. 2009) (affirming rejection of proposed

3   jury instructions that "were misstatements of the law").  Lastly, the FTC's proposal to include a

4   description of the claims for restitution and civil penalties is superfluous and misleading because

5   these claims will be decided exclusively by the Court.  *See Ill. Tool Works, Inc. v. MOC Prods.*

6   *Co., Inc.*, 946 F. Supp. 2d 1042, 1044 (S.D. Cal. 2012) ("As the equitable defenses will be

7   decided exclusively by the Court, instructing the jury on those matters would be both superfluous

8   and misleading.").  Defendants ask the Court to adopt its proposed instruction, which is a neutral

9   and legally accurate framing of the case.  *See Suenos, LLC v. Goldman*, 2013 WL 11313163, at

10   *3 (D. Ariz. Aug. 21, 2013), *aff'd*, 633 F. App'x 874 (9th Cir. 2015) (excluding proposed

11   instructions because "the additional instructions sought by plaintiff were argumentative and not

12   suitable for the court's neutral instructions to the jury").

13

14   **Defendants' Proposed Instruction:**

15   **Introduction to Claims and Defenses**

16           To help you follow the evidence, I will give you a brief summary of the positions of the

17   parties:

18           In this case, the Plaintiff, the Federal Trade Commission, alleges that Amazon.com, Neil

19   Lindsay, Russell Grandinetti, and Jamil Ghani violated the Restore Online Shoppers' Confidence

20   Act ("ROSCA") and the Federal Trade Commission Act ("FTC Act") in connection with certain

21   enrollment and cancellation processes for Amazon Prime. The FTC claims that Amazon failed to

22   clearly and conspicuously disclose all material terms, failed to obtain express informed consent,

23   and failed to provide a simple mechanism for consumers to stop recurring charges. Amazon, Neil

1   Lindsay, Russell Grandinetti, and Jamil Ghani deny these allegations, and contend that Amazon

2   Prime's enrollment and cancellation processes fully complied with all requirements of ROSCA

3   and the FTC Act. These are only allegations and contentions by the parties, and are not evidence

4   of any violation or compliance.

5          The FTC also alleges that Amazon, Neil Lindsay, Russell Grandinetti, and Jamil Ghani

6   had actual or implied knowledge of ROSCA violations. Amazon, Neil Lindsay, Russell

7   Grandinetti, and Jamil Ghani assert they did not know and could not reasonably have known of

8   the violations of ROSCA alleged by the FTC.

9

10   **Authorities**:  9th Cir. Civ. Jury Instr. § 1.5 (2017).

11

12   **FTC's Objection**:  The FTC specifically objects to the description of its claims in Defendants'

13   proposed instruction because it misstates the law, will be confusing to the jury, and does not

14   encompass the full scope of the FTC's claims and allegations.  For example, Defendants'

15   proposed language fails to distinguish between claims related to enrollment and claims related to

16   cancellation, which is likely to cause juror confusion and is prejudicial to the FTC.  Also,

17   ROSCA requires that material terms be clearly and conspicuously disclosed prior to obtaining

18   consumer billing information, but this latter requirement is left out of Defendants' proposed

19   instruction. 15 U.S.C. § 8403.  Finally, the Ninth Circuit Model Civil Jury Instruction provides

20   that the plaintiff's claims should be set forth, and the jury should be instructed that the plaintiff

21   carries the burden and defendant denies those claims.  Additional language that Defendants seek

22   to add, including that allegations or contentions are not evidence, is duplicative of other

23   instructions, unnecessary, risks juror confusion, and is prejudicial.

**Plaintiff FTC's Proposed Instruction:**

**JURY INSTRUCTION NO. 3**

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.6 (2017).

**Defendants' Objection**: The FTC's instruction misleadingly suggests that either party could bear the burden of proof during the trial.  Here, the FTC is the only party that has the burden of proof, on all claims, and "[i]t is the court's duty to instruct the jury as to the Government's burden."  *United States v. LaRizza*, 72 F.3d 775, 778 (9th Cir. 1995).

**Defendants' Proposed Instruction:**

**Burden of Proof – Preponderance of the Evidence**

The Federal Trade Commission bears the burden of proving every element of its claims by a preponderance of the evidence.  This means you must be persuaded by the evidence that the claim is more probably true than not true.

1      You should base your decision on all of the evidence, regardless of which party presented

2 it.

3

4 **Authority**:  9th Cir. Civ. Jury Instr. § 1.6 (2017).

5

6 **FTC's Objection**:  The FTC respectfully submits that the Ninth Circuit Model Civil Jury

7 Instruction is sufficient and any modification of the model is unnecessary.  There is no improper

8 suggestion that Defendants bear the burden on the FTC's claims, as other instructions discuss

9 when the FTC bears that burden; instead, the purpose of this instruction is to show how that

10 burden is met.  Defendants' proposed language that places special emphasis on the FTC's burden

11 of proof is duplicative, excessive, and prejudicial, particularly in light of the other instructions.

12

13

14

15

16

17

18

19

20

21

22

23

1    II.    **INSTRUCTIONS IN THE COURSE OF TRIAL**

2    **Plaintiff FTC's Proposed Instruction:**

3                                **JURY INSTRUCTION NO. ___**

4                                         **Survey Evidence**

5

6            Amazon conducted several surveys of consumers' experiences visiting or shopping on

7    Amazon.com.  You will observe the evidence about the conditions under which some of those

8    surveys were conducted.

9            It is for you to decide what weight, if any, you give to the surveys.  Factors you may

10   consider in determining what weight you may give the surveys include, but are not limited to:

11           First, whether the survey was conducted according to a methodology approved by

12   Amazon or its employees before the survey was performed;

13           Second, whether the survey responses or results were communicated to people within

14   Amazon, other than those who were involved in conducting the survey; and

15           Third, whether the survey results were communicated to key personnel or executives

16   within Amazon.

17           The presence of one or more of the above factors weighs in favor of finding that Amazon

18   determined the survey methodology was reliable and that the results or responses were

19   trustworthy.

20

21

22   **Source/Authority**:  9th Cir. Civ. Jury Instr. § 2.10 (2017) (modified); *Schering Corp. v. Pfizer*

23   *Inc.*, 189 F.3d 218, 239 (2d Cir. 1999), *as amended on reh'g* (Sept. 29, 1999).

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                                      .
Case No. 2:23-cv-0932-JHC - 7

1

**Defendants' Objections:** Defendants object to the FTC's significant modifications to the Ninth

2 Circuit's Model Instructions, which confuse the issues and instruct the jury to run a multi-factor

3 test without basis in law.  Plaintiff's suggested "[f]actors to consider in determining what weight

4 you may give the surveys" are not included in the Model Instructions.  *See Suenos, LLC v.*

5 *Goldman*, 2013 WL 11313163, at *3 (D. Ariz. Aug. 21, 2013), *aff'd*, 633 F. App'x 874 (9th Cir.

6 2015) (excluding proposed instructions because "the additional instructions sought by plaintiff

7 were argumentative and not suitable for the court's neutral instructions to the jury").  Moreover,

8 the invented "factors" appear to be derived from an out-of-circuit hearsay analysis about whether

9 evidence was admissible under Federal Rule of Evidence 801(d)(2) and is clearly inapposite

10 here.  *See Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 238-39 (2d Cir. 1999).  Further, Plaintiff's

11 proposal incorrectly limits the instruction to only Amazon's survey evidence.  But the jury will

12 also hear survey evidence from the FTC's expert witness, Dr. Marshini Chetty, and thus the

13 instruction should be written neutrally.  *See United States v. McDonald*, 576 F.2d 1350, 1357

14 (9th Cir. 1978) (excluding proposed instructions because "[i]nstructions are not a substitute for

15 argument to the jury.").  The Court should adopt Defendants' proposal instead, which follows the

16 Ninth Circuit Model Instructions.

17

18 **Defendants' Proposed Instruction:**

19       Surveys were conducted.

20       You observed the evidence about the conditions under which those surveys were

21 conducted.  These conditions may or may not duplicate the conditions and other circumstances

22 that existed at the time and place of the incident involved in this case.

23       It is for you to decide what weight, if any, you give to the surveys.

1

2    **Authorities**: 9th Cir. Civ. Jury Instr. § 2.10 (2017) (modification to use phrase "survey" rather

3    than "test or experiment").

4

5    **FTC's Objection**:  Defendants' proposed language is insufficient to address the specific nature

6    of Amazon's internal corporate surveys at issue here, which are party admissions, not mere

7    typical survey evidence.  *See Schering Corp.*, 189 F.3d at 238 (both survey commissioned by

8    corporation and that corporation's internal analysis and summary of survey were admissible as

9    party admissions, since analysis, prepared by corporation's employee, manifested belief in

10   trustworthiness of the survey respondents' statements and survey methodology and thus

11   conceded survey's reliability).  The FTC's proposed language properly leaves it to the finder of

12   fact to determine whether the FTC has established the facts necessary to support such a finding.

13   The analyses conducted by the FTC's expert, Dr. Chetty, are not an internal company survey, but

14   opinion testimony based on non-survey user experience experiments.

15

16

17

18

19

20

21

22

23

1    **III.    INSTRUCTIONS AT THE END OF CASE**

2    **Plaintiff FTC's Proposed Instruction:**

3                                **JURY INSTRUCTION NO. __**

4                                   **Fair Treatment**

5

6            All parties are equal before the law and a corporation, ==government entity==, ==and individual==

7    ==are all== entitled to the same fair and conscientious consideration by you as any other party.

8

9    **Source/Authority:**  9th Cir. Civ. Jury Instr. § 4.1 (2017) (modified as highlighted to include

10   government entity and individuals).

11

12   **Defendants' Objections**: The 9th Circuit's Model Instructions do not have an example that

13   appropriately covers the unique nature of this case and the presence of three different types of

14   entities.  Defendants find that the Washington Pattern Jury Instructions have a more appropriate

15   model instruction for fair treatment of multiple party identities.

16

17   **Defendants' Proposed Instruction:**

18                                   **Fair Treatment**

19           Perform your duties fairly and impartially. The law treats all parties equally whether they

20   are corporations, government entities, or individuals.  This means that corporations, government

21   entities, and individuals are to be treated in the same fair and unprejudiced manner.  You should

22   not be influenced by the identity of any party—including the fact that the plaintiff is the Federal

23

1  Trade Commission, and the fact the one defendant is a corporation—to influence your

2  consideration of the facts or the weight you give to any evidence.

3

4  **Authorities**:  6 Wash. Prac., Was. Pattern Jury Instr. Civ. WPI 1.07 (7th ed.); 9th Cir. Crim. Jury

5  Instr. § 1.1 (2022); 9th Cir. Civ. Jury Instr. § 4.1 (2017).

6

7  **FTC's Objection**:  The FTC respectfully submits that the Ninth Circuit Model Civil Jury

8  Instruction should be followed here, with some modifications to address Defendants' concern

9  that not just corporations are addressed here, but also the government and individuals as parties

10  whom the jury must treat fairly.  However, combining three model instructions, including from

11  criminal instructions, for use in a civil case, is excessive and unnecessary here, may cause juror

12  confusion, and is prejudicial to the FTC.

13

14

15

16

17

18

19

20

21

22

23

1    **Plaintiff FTC's Proposed Instruction:**

2                    **JURY INSTRUCTION NO. __**

3                **Testimony From Corporate Witnesses**

4

5          During trial, you heard live or deposition testimony from individuals who were

6    previously designated to testify on behalf of a company.  In such cases, the person is speaking

7    for the company, not just themselves.  That person's testimony is binding on the company.

8    However, corporate testimony is evidence that, like any other testimony, can be contradicted,

9    corrected, explained, and supplemented.

10          You should consider the testimony just as you would consider any other live or

11   deposition testimony, and evaluate the credibility of the witness just as you would any other

12   witness.  You should not give the testimony any more or less weight than testimony given by any

13   person just because it is given on behalf of a company.

14

15

16   **Source/Authority**:  7 James Wm. Moore, et. al., Moore's Federal Practice § 30.25[3] (3d ed.

17   2016) (although "a corporation generally cannot present a theory of the facts that differs from

18   that articulated by the designated Rule 30(b)(6) representative," the "testimony of a Rule

19   30(b)(6) deponent does not absolutely bind the corporation in the sense of a judicial admission,

20   but rather is evidence that, like any other deposition testimony, can be contradicted and used for

21   impeachment purposes"); *Snapp v. United Trans. Union et al.*, 889 F.3d 1088, 1102–1104 (9th

22   Cir. 2018) (declining to disturb district court's denial of judgment as matter of law on the ground

23   that corporate entity admitted certain facts during its 30(b)(6) designee's deposition and should

1    not have been permitted to add context to designee's statements at trial); *Microsoft Corp. v.*

2    *Corel Corp.*, No. 5:15-cv-05836-EJD, Dkt. # 313 at *10, 12 (N.D. Cal. Feb. 9, 2018 (giving an

3    instruction on both credibility of witnesses and corporate witness testimony, Instructions 9 and

4    11 in the Final Jury Instructions); *Plexxikon Inc. v. Novartis Pharm. Corp.*, No. 17-cv-04405-

5    HSG, Dkt. # 560, at 9 (N.D. Cal. July 21, 2021) (giving an instruction on both credibility of

6    witnesses and corporate witness testimony, Instruction Nos. 8 and 11 in the Final Jury

7    Instructions).

8

9    **Defendants' Proposed Instruction:** None.  Exclude instruction in its entirety.

10

11   **Defendants' Objections:** Defendants oppose a special instruction regarding Amazon's 30(b)(6)

12   witnesses as unnecessary and argumentative.  First, both the FTC and Amazon have 30(b)(6)

13   witnesses that testified on behalf of the organizations, and thus Plaintiff's proposed instruction

14   regarding a "Corporate Witness" unfairly and argumentatively singles out only Amazon's

15   30(b)(6) witness.  *See United States v. McDonald*, 576 F.2d 1350, 1357 (9th Cir. 1978)

16   (excluding proposed instructions because "[i]nstructions are not a substitute for argument to the

17   jury.").  Further, the parties have already agreed to numerous instructions regarding witnesses,

18   including instructions on the "Credibility of Witnesses" and "Fair Treatment" of parties whether

19   they are individuals, corporations, or the government.  Thus, additional instructions on

20   "Testimony from a Corporate Witness" are unnecessarily duplicative.  *See United States v.*

21   *Spencer*, 340 F. App'x 414, 416 (9th Cir. 2009) (affirming district court's rejection of proposed

22   jury instructions because they were "duplicative").

23

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                              .
Case No. 2:23-cv-0932-JHC - 13

1    **Plaintiff FTC's Proposed Instruction:**

2                                **JURY INSTRUCTION NO. __**

3                                **Attorney-Client Privilege**

4

5           The attorney-client privilege has also been discussed in some of the testimony and other

6    evidence that was admitted into evidence during the trial.  I will now give you some general

7    instructions about the privilege that pertain to this case.

8           In general, when an attorney and their client communicate with each other about matters

9    involving the attorney's legal opinions, advice, or other services, the attorney-client privilege

10   may apply to that communication.

11          If the attorney-client privilege applies, neither the lawyer nor the client can be forced by

12   anyone, not even a judge, to tell anyone else, including the government, what was said in those

13   communications.

14          The privilege can apply to any type or form of communication, such as a conversation, a

15   telephone call, an email, or a letter.  An entire document or set of documents may be protected

16   by the privilege.  However, if a document contains both privileged communications and non-

17   privileged communications, the court must designate which portions of the communication are

18   protected and which are not.  The portions of the document that are protected may be redacted,

19   or blocked out, and the rest of the document can be disclosed.

20          You also have heard evidence that someone sent, or planned to send, communications or

21   documents to an attorney because someone claimed that doing so would protect the

22   communications or documents with the privilege.  Sending communications or documents to an

23   attorney alone is not sufficient to protect those communications or documents with the privilege,

1   even if an attorney-client relationship exists.  There are a number of legal rules that determine

2   whether the privilege applies to particular communications.  A judge is the one who makes the

3   final decision about whether the privilege applies to a particular communication.

4       You have heard evidence during the trial about particular communications between an

5   attorney and their client.

6       Whenever I have admitted evidence of such a communication, it is because I have

7   concluded that the privilege does not apply to that communication.

8       To the extent that you have heard evidence that the FTC obtained evidence about an

9   attorney's communication with their client, I have already determined that the FTC acted legally

10  and its use of such evidence is proper.  As a result, you should treat that evidence just like you

11  would any other evidence in this case.  It will be up to you to determine what weight and effect

12  that evidence should have in your deliberations about the claims in this case.

13

14  **Source/Authority**:  *Upjohn Co. v. United States*, 449 U.S. 383 (1981); *United States v.*

15  *Christensen*, 828 F.3d 763, 803 (9th Cir. 2015); *United States v. Rowe*, 96 F.3d 1294, 1297 (9th

16  Cir. 1996); *United States v. Scarfo, et al.*, No. 11-740-RBK, Dkt. # 1059 (Jury Instructions dated

17  June 2, 2014), (D. N.J. June 3, 2014); *see also id.* at Dkt. # 1025 (government argument that an

18  instruction regarding the attorney-client privilege was needed because there was evidence that, at

19  times, the defendants attempted to "cloak their illegal activities" using the privilege).  Further,

20  the FTC reserves the right to amend this proposed instruction to the extent the Defendants

21  attempt to elicit evidence or argue any advice-of-counsel defense, in violation of the Court's

22  Order Granting Pl.'s Mot. in Limine #2 (Dkt. # 474, at 2).

23

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                              .
Case No. 2:23-cv-0932-JHC - 15

1

2

3

**Defendants' Proposed Instruction:** None.  Exclude instruction in its entirety.

**Defendants' Objections:**  Defendants object to this instruction because it is irrelevant to the merits of the case, and will confuse the issues and waste the jury's time.  As explained in Defendants' Motion in Limine ("MIL") #2, see Dkt. 421 at 4-9, and Defendants' opposition to the FTC's MIL #1, see Dkt. 450 at 1-9; evidence of Amazon's discovery conduct and privilege decisions are irrelevant to the merits of the case.  And the Court's order granting Defendants' MIL #2 affirms that such evidence is properly excluded under FRE 403.  Moreover, Plaintiff's proposed instruction is clearly argumentative and meant to mislead the jury into inferring bad faith regarding Defendants' employees' invocation of privilege and inclusion of attorneys in their communications.  *See United States v. McDonald*, 576 F.2d 1350, 1357 (9th Cir. 1978) (excluding proposed instructions because "[i]nstructions are not a substitute for argument to the jury.").

1    **Defendants' Proposed Instruction:**

2    <div align="center">**JURY INSTRUCTION NO __**</div>

3    <div align="center">**Jury Consideration of Remedies**</div>

4

5           The remedies provided for by law for the alleged violations of law are for the Court to

6    decide.  You may not consider punishment in deciding whether the FTC has proven its case

7    against Amazon, Neil Lindsay, Russell Grandinetti, and Jamil Ghani by a preponderance of the

8    evidence.

9

10

11

12    **Authorities**:  9th Cir. Crim. Jury Instr. § 6.22 (2022).

13

14    **FTC's Objection:**  Plaintiff FTC objects to this instruction as an unnecessary instruction related

15    to criminal allegations, which are not at issue in this civil suit.

16

17

18

19

20

21

22

23

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                                          .
Case No. 2:23-cv-0932-JHC - 17

**Plaintiff FTC's Proposed Instruction:**

<div align="center">

**JURY INSTRUCTION NO. __**

**The Restore Online Shoppers' Confidence Act—Generally**

</div>

The FTC claims that the Defendants violated The Restore Online Shoppers' Confidence Act, or "ROSCA".

The purpose of ROSCA is to protect consumers from certain aggressive sales tactics on the Internet.  Congress declared that the aggressive sales tactics many companies use against their online customers have undermined consumer confidence in the Internet and thereby harmed the American economy.

Consumer confidence is essential to the growth of online commerce.  To continue its development as a marketplace, the Internet must provide consumers with clear, accurate information and give sellers an opportunity to fairly compete with one another for consumers' business.

**Source/Authority**:  May 28, 2024 Order, Dkt. 165, at 14; 15 U.S.C. §§ 57a(d)(3), 8401(2) (discussing in the findings and declaration of policy section of the statute, that "Congress finds the following, … Consumer confidence is essential to the growth of online commerce.  To continue its development as a marketplace, the Internet must provide consumers with clear, accurate information and give sellers an opportunity to fairly compete with one another for consumers' business."), 8401(3) (discussing in the findings and declaration of policy section of

1  the statute, that "Congress finds the following, … abundant evidence that the aggressive sales

2  tactics many companies use against their online customers have undermined consumer

3  confidence in the Internet and thereby harmed the American economy"), 8404(a); Public Law

4  111-345 (Dec. 29, 2010).

5

6  **Defendants' Proposed Instruction:** None.  Exclude instruction in its entirety.

7

8  **Defendants' Objections:** Plaintiff's proposed instruction regarding the purpose of ROSCA and

9  the importance of consumer confidence are impermissible argument.  *See United States v.*

10  *McDonald*, 576 F.2d 1350, 1357 (9th Cir. 1978) (affirming district court's refusal to give

11  instruction because "[i]nstructions are not a substitute for argument to the jury"); *see also Curtis*

12  *v. City of Oakland*, 2016 WL 1138457, at *4 (N.D. Cal. Mar. 23, 2016) ("Jury instructions

13  should provide the relevant rules of law generally and avoid singling out or stressing particular

14  evidentiary items or legal theories; otherwise, the court's emphasis of certain facts or issues may

15  cause a juror to attach undue importance or credibility to the selected matters." (citing *Chuman v.*

16  *Wright*, 76 F.3d 292, 294 (9th Cir. 1996)).  The Ninth Circuit instructs that "jury instructions

17  must fairly and adequately cover the issues presented, must correctly state the law, and must not

18  be misleading."  *Gantt v. City of Los Angeles*, 717 F.3d 702, 706 (9th Cir. 2013).  Here, the

19  legislative history of ROSCA is *not* the law and should be excluded.  *Epic Sys. Corp. v. Lewis*,

20  584 U.S. 497, 523 (2018) ("But legislative history is not the law.").

21

22

23

1    **Plaintiff FTC's Proposed Instruction:**

2    <div align="center">**JURY INSTRUCTION NO. __**</div>

3    <div align="center">**Buyer Beware Is Not The Law**</div>

5          There is no duty upon a consumer to suspect the honesty of those with whom the

consumer transacts business.  Instead, the consumer protection laws are made to protect the

trusting and less experienced, as well as the suspicious.  The rule of "caveat emptor," or "let

buyer beware," does not apply to ROSCA.

11   **Source/Authority**:  May 28, 2024 Order, Dkt. 165, at 14 ("A violation of ROSCA is a 'a

violation of a rule under section 18 of the [FTC Act, 15 U.S.C. § 57a,] regarding unfair or

deceptive acts or practices.'" (quoting 15 U.S.C. § 8404(a)); 15 U.S.C. . § 8404(a); *FTC v.

Standard Educ. Soc.*, 302 U.S. 112, 116 (1937); *Feil v. FTC*, 285 F.2d 879, 902 & n.18 (9th Cir.

1960); *De Gorter v. FTC*, 244 F.2d 270, 284 n.60 (9th Cir. 1957); *FTC. v. Freecom Commc'ns,

Inc.*, 401 F.3d 1192, 1202 (10th Cir. 2005).

18   **Defendants' Proposed Instruction:** None. Exclude instruction in its entirety.

20   **Defendants' Objections:** Defendants object to Plaintiff's "Buyer Beware" instruction because it

is a misstatement of the law and misleading.  *United States v. Spencer*, 340 F. App'x 414, 416

(9th Cir. 2009) (affirming district court's rejection of "proposed jury instructions because they

were misstatements of the law").  Plaintiff's proposal states, "[t]he rule of 'caveat emptor,' or 'let

buyer beware,' does not apply to **ROSCA**." But none of the authorities it cites are related to ROSCA—indeed, all listed authorities were issued before ROSCA was passed in 2010. Instead, "caveat emptor" applies only to FTC Act claims regarding "unfair" or "false, deceptive, and misleading" practices. *See FTC v. Standard Educ. Soc.*, 302 U.S. 112, 113 (1937) (discussing the FTC's finding of "unfair" and "also 'false, deceptive and misleading' practices"); *Feil v. FTC*, 285 F.2d 879, 884 (reviewing whether evidence was sufficient to sustain FTC's claim of "unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce"); *De Gorter v. FTC*, 244 F.2d 270, 284 n.60 (9th Cir. 1957) (explaining that in FTC cases "***directed at false and deceptive practices***," "the Courts reject the rule of caveat emptor" (emphasis added)); *FTC. v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1202 (10th Cir. 2005) (explaining that "buyer beware" or "caveat emptor" is not a factor "in determining whether an act or practice is deceptive"). The FTC is not asserting such a claim here, *see* Dkt. 354 at 30 n.17 ("Here, deception is not an element of the FTC's claims. . . ."), and thus, a "caveat emptor" instruction is unnecessary and misleading. *See Saunders v. Carlisle Memory Prods. Grp., Inc.*, 24 F.3d 249, 249 (9th Cir. 1994) (affirming district court's exclusion of proposed jury instructions because they were "argumentative and misleading").

1    **Plaintiff FTC's Proposed Instruction:**

2                            **JURY INSTRUCTION NO. __**

3              **COUNT II:   Violations of ROSCA – Inadequate Disclosures**

4

5          As to Count II, the FTC claims that Amazon violated the FTC Act and ROSCA by failing

6    to adequately disclose material terms of Amazon Prime subscriptions.

7          To prevail on its claim for inadequate disclosures, the FTC must prove all three of the

8    following elements by a preponderance of the evidence.

9          First, that Amazon was charging or attempting to charge some consumers for Amazon

10   Prime subscriptions through a "negative option feature."

11         Second, that Amazon was charging consumers for Prime in a transaction effected on the

12   Internet.

13         And third, that Amazon failed to provide text that clearly and conspicuously disclosed to

14   at least some consumers material terms of Prime subscriptions, before obtaining their billing

15   information.

16         If you find that the FTC has proved this claim by a preponderance of the evidence, your

17   verdict should be for the FTC as to Defendant Amazon.com, Inc. on Count II.

18         If, on the other hand, you find that the FTC failed to prove this claim by a preponderance

19   of the evidence, your verdict should be for Amazon on Count II.

20

21   **Source/Authority**:  Am. Compl., Dkt. 67, Count II; May 28, 2024 Order, Dkt. 165, at 13-14; 15

22   U.S.C. § 8403; 16 CFR § 310.2(w); *FTC v. Stefanchik*, 559 F.3d 924, 939 & n.12 (9th Cir.

23   2009).

1    **Defendants' Objections:** The FTC's proposal is contrary to law because the FTC cannot satisfy

2    its burden by proving only that "some consumers" failed to see clear and conspicuous

3    disclosures.  The FTC flips *FTC v. Stefanchik* on its head to support its proposal.  In *Stefanchik*,

4    the Ninth Circuit states that "[t]he FTC was not required to show that *all* consumers were

5    deceived" and that "[t[he existence of *some* satisfied customers does not constitute" a defense

6    under the FTC Act.  559 F.3d 924, 939 & n.12 (9th Cir. 2009).  But the concept that Defendants

7    cannot point to *some* satisfied customers as a defense is *not* the same thing as the FTC only

8    having to prove that *some* consumers are deceived to prevail.  Indeed, under the reasonable

9    consumer standard, the FTC must prove "that a significant portion of the general consuming

10   public or of targeted consumers, acting reasonably in the circumstances, could be misled."

11   *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *see also FTC v. Amazon, Inc.*, 735 F.

12   Supp. 3d 1297, 1315 (W.D. Wa. 2024) (applying the reasonable consumer standard to this case).

13

14   **Defendants' Proposed Instruction:**

15              **COUNT II: ROSCA (Clear and Conspicuous Disclosures)**

16

17              To prevail on Count II under Section 8403(1) of ROSCA, the FTC bears the burden of

18   proving that Amazon did not clearly and conspicuously disclose all material terms of Prime

19   before obtaining consumers' billing information.

20              Consumers have enrolled in Prime through different flows on Amazon.com.  To prevail

21   on this Count for a given flow, the FTC must prove by a preponderance of the evidence that the

22   flow fails to clearly and conspicuously disclose all material terms of Prime.

23

1    **Authorities**:  15 U.S.C. § 8403.

2

3    **FTC's Objection**:  The FTC objects to Defendants' proposed instruction because it does not

4    adequately or accurately inform the jury of the elements of Count II.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1    **Plaintiff FTC's Proposed Instruction:**

2                                  **JURY INSTRUCTION NO. __**

3                                  **Material Terms – Defined**

4

5           A term in a transaction is "material" if the information in the term is "important to

6    consumers and, hence, likely to affect their choice of, or conduct regarding, a product."

7           The Court has concluded that the following three terms of an Amazon Prime enrollment

8    transaction are material:  (1) that a consumer is being enrolled in Amazon Prime; (2) that the

9    Prime subscription will be automatically renewed; (3) that a free trial of Prime automatically

10   converts into a paid subscription; and (4) Prime's price or cost.

11

12   **Source/Authority**:  15 U.S.C. § 8403; Pl.'s Mot. for Summ. J., Dkt. 314, at 46-48 Pl.'s Reply in

13   Supp. of Mot. for Summ J., Dkt. 381, at 4-7; Court's pending ruling on Pl.'s Mot. for Summ. J.;

14   Pl.'s Mot. to Establish That No Material Differences Exist Between Certain Representative

15   Flows and Establish Certain Facts, Dkt. 462, at 13.

16

17   **Defendants' Objections:** The Court has not concluded what constitute material terms as a

18   matter of law.  Thus, the FTC's proposal is argumentative and misstates the law.  *See United*

19   *States v. Spencer*, 340 F. App'x 414, 416 (9th Cir. 2009) (affirming rejection of proposed jury

20   instructions that "were misstatements of the law"); *United States v. McDonald*, 576 F.2d 1350,

21   1357 (9th Cir. 1978) (affirming district court's refusal to give instruction because "[i]nstructions

22   are not a substitute for argument to the jury").

23

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                           .
Case No. 2:23-cv-0932-JHC - 25

1   **Defendants' Proposed Instruction:**

2   **Material Terms – Defined**

3

4        The FTC alleges that the material terms of Amazon Prime are: (1) that the consumer is

5   enrolling in Prime; (2) that a free trial automatically converts into a paid membership; and (3) the

6   monthly cost of Prime.

7        Whether a particular term is "material" is a question for you to decide.  In making that

8   determination, consider whether a reasonable person in the same circumstances would view the

9   term as important to the decision to enter the agreement.

10

11  **Authorities:** *Hillsdale Assocs. v. E. Channel Corp., N.V.*, 1991 WL 174617, at *2 (9th Cir. Sept.

12  6, 1991) (unpublished) (breach of contract) ("It is for the jury, not the court, to determine

13  whether any facts that may not have been disclosed were material.").

14

15  **FTC's Objection**:  The FTC objects to this instruction because Prime's material terms are an

16  issue of law to be decided by the Court, since there are no genuinely disputed facts for a finder of

17  fact to determine, as explained in the FTC's pending motions, noted above.

18

19

20

21

22

23

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                              .
Case No. 2:23-cv-0932-JHC - 26

1    **Plaintiff FTC's Proposed Instruction:**

2    **JURY INSTRUCTION NO. __**

3    **Clearly and Conspicuously - Defined**

4    The term "clearly and conspicuously," as used in ROSCA, means that each material

5    disclosure must be both clear and conspicuous.  Clear means "reasonably understandable" and

6    conspicuous means "readily noticeable to the consumer."  In other words, the disclosure must be

7    written, displayed, or presented in a manner that clearly calls attention to the language, so that

8    consumers are likely to notice and understand the disclosure in connection with the

9    representations that the disclosures modify.

10    In determining whether a disclosure was made "clearly and conspicuously," you should

11    consider the visual aspects of the disclosure.  For example, a disclosure may be conspicuous if it

12    is located near the request for consent.  Conspicuousness turns on whether someone would

13    actually see the term.  A disclosure may be clear if it is in larger type than the surrounding text,

14    or in a contrasting type, font, or color to the surrounding text, or set off from the surrounding text

15    by symbols or other marks that calls attention to the disclosure.  A disclosure in small type is

16    unlikely to be clear and conspicuous when accompanied by type that is larger, bolded, or

17    italicized.

18    You should also consider the context of the transaction, including the expectations of a

19    typical consumer under the circumstances.

20    The failure to disclose material terms clearly and conspicuously may also be evidence

21    that the company did not receive a consumer's express, informed consent.

22

23

1    **Source/Authority**:  May 28, 2024 Order, Dkt. 165, at 15-20, 27; 15 U.S.C. § 8403(1); Cal. Bus.

2    & Prof. Code § 17601(c); *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1019 (9th Cir.

3    2024); *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 509, 512-13, 516017 (9th Cir. 2023);

4    *Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019); *Barrer

5    v. Chase Bank USA, N.A.*, 566 F.3d 883, 891–92 (9th Cir. 2009); *FTC v. Credit Bureau Ctr.,

6    LLC*, 325 F. Supp. 3d 852, 863 (N.D. Ill. 2018), *aff'd in part, vacated in part on other grounds*,

7    937 F.3d 764 (7th Cir. 2019), *and amended on other grounds*, No. 17 C 194, 2021 WL 4146884

8    (N.D. Ill. Sept. 13, 2021); *FTC v. Health Formulas, LLC*, No. 2:14-CV-01649-RFB, 2015 WL

9    2130504, at *16 (D. Nev. May 6, 2015).

10

11    **Defendants' Objections**: Defendants object to the FTC's proposal as misleading and legally

12    incorrect.  ROSCA does not define "clearly and conspicuously," thus the FTC is trying to clean

13    up ambiguities in the law by proposing jury instructions that provide incorrect guidance.  The

14    FTC's proposed instruction would improperly bind the jury to non-binding case law adapted

15    from non-ROSCA contexts, necessarily confusing and misleading the jury into applying

16    incorrect law.  *See N. Pac. Ry. v. Herman*, 4 F.2d 1167, 1171 (9th Cir. 1973) (reversing and

17    remanding where jury instruction was "confusing and inconsistent on a material issue and could

18    possibly mislead the jury").   Moreover, the FTC's proposal misstates the law borrowed from

19    non-ROSCA cases.  For example, its proposed instruction would provide that

20    "[c]onspicuousness turns on whether *someone* would actually see the term," but the Court has

21    correctly held that the conspicuousness inquiry more narrowly focuses on what a *reasonable

22    person* would notice.  *See FTC v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297, 1314 (W.D. Wash.

23    2024) ("in the context of the TILA," "[f]ormatting does matter, but conspicuousness ultimately

1    turns on the **likelihood that a reasonable person** would actually see a term in an agreement").

2    The Court should instead adopt Defendants' neutral and legally correct proposal.

3

4    **Defendants' Proposed Instruction:**

5    <center>**Clearly and Conspicuously - Defined**</center>

6

7    Disclosures are "clear and conspicuous" if a reasonable consumer would notice and

8    understand them. The law does not require disclosures to appear in any particular location, font

9    size, or color, or to be the most noticeable element on the page.

10

11    **Defendants' Authorities**: *FTC v. Amazon.com, Inc*., 735 F. Supp. 3d 1297, 1314-16, 1320

12    (W.D. Wash. 2024) ("Clear means 'reasonably understandable' and conspicuous means 'readily

13    noticeable to the consumer'" (cleaned up)); *Keebaugh v. Warner Bros. Ent. Inc*., 100 F.4th 1005,

14    1014 (9th Cir. 2024) ("To be conspicuous, notice 'must be displayed in a font size and format

15    such that the court can fairly assume that a reasonably prudent Internet user would have seen

16    it.'"); *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019) ("clear

17    means 'reasonably understandable'" and "[c]onspicuous means 'readily noticeable to the

18    consumer'); Dkt. 325, Ex. 2 (FTC Rule 30(b)(6) designee agreeing that ROSCA does not "say

19    anywhere what the font size needs to be" or "what color the disclosure needs to be").

20

21    **FTC's Objection**: The FTC objects to this instruction as insufficient to provide guidance to the

22    jury regarding the applicable law, given the circumstances of this case.

23

1   **Plaintiff FTC's Proposed Instruction:**

2   **JURY INSTRUCTION NO. ___**

3   **COUNT III:   Violations of ROSCA – Nonconsensual Enrollment**

4

5       As to Counts I and III, the FTC claims that Amazon violated the FTC Act and ROSCA

6   by failing to obtain at least some consumers' express, informed consent before charging those

7   consumers' credit cards, debit cards, bank accounts, or other financial accounts for an Amazon

8   Prime subscription.  Specifically, the FTC claims in Count I that when Amazon charged

9   consumers for Amazon Prime subscriptions without their express, informed consent, that was an

10  unfair act in violation of Section 5 of the FTC Act, and in Count III that doing so was a violation

11  of ROSCA.

12      To prevail on its claims for nonconsensual enrollment, the FTC must prove all three of

13  the following elements by a preponderance of the evidence.

14      First, that Amazon was charging or attempting to charge some consumers for Amazon

15  Prime subscriptions through a "negative option feature."

16      Second, that Amazon was charging consumers for Prime in a transaction effected on the

17  Internet.

18      And third, that Amazon was failing to obtain some consumer's express, informed consent

19  before charging those consumers' for Prime.

20      The FTC claims this occurred because some consumers were unaware that actions they

21  took during the Amazon checkout process would enroll them in Prime.  If consumers were

22  enrolled during the online checkout process without knowing they would be enrolled, then

23  Amazon did not obtain their express, informed consent.

1    If you find that the FTC has proved this claim by a preponderance of the evidence, your

2    verdict should be for the FTC as to Defendant Amazon.com, Inc. on Counts I and III.

3    If, on the other hand, you find that the FTC failed to prove this claim by a preponderance

4    of the evidence, your verdict should be for Amazon on Counts I and III.

5

6

7    **Source/Authority**:  Am. Compl., Dkt. 67, Count I & III; May 28, 2024 Order, Dkt. 165, at 13-

8    14; 15 U.S.C. § 8403; 16 CFR § 310.2(w); *FTC v. Stefanchik*, 559 F.3d 924, 939 & n.12 (9th Cir.

9    2009).

10

11

12   **Defendants' Objections:** The FTC's proposed instruction is contrary to law.  First, Count I

13   seeks only equitable relief and therefore must be submitted to the Court, not the jury.  *See* Dkt.

14   467 at 3-4.  Second, the FTC cannot satisfy its burden simply by proving "some" consumers did

15   not provide express, informed consent.  The FTC flips *FTC v. Stefanchik* on its head to support

16   its proposal.  In *Stefanchik*, the Ninth Circuit states that "[t]he FTC was not required to show that

17   *all* consumers were deceived" and that "[t]he existence of *some* satisfied customers does not

18   constitute" a defense under the FTC Act.  559 F.3d 924, 939 & n.12 (9th Cir. 2009) (emphasis

19   added).  But the concept that Defendants cannot point to *some* satisfied customers as a defense is

20   *not* the same thing as the FTC only having to prove that *some* consumers are deceived to prevail.

21   Indeed, under the reasonable consumer standard, the FTC must prove "that a significant portion

22   of the general consuming public or of targeted consumers, acting reasonably in the

23   circumstances, could be misled."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *see*

1   *also FTC v. Amazon, Inc.*, 735 F. Supp. 3d 1297, 1315 (W.D. Wash. 2024) (applying the

2   reasonable consumer standard to this case).  Lastly, Plaintiff's description regarding what

3   constitutes "express informed consent," is argumentative and a misstatement of the law.  *See*

4   *Saunders v. Carlisle Memory Prods. Grp., Inc.*, 24 F.3d 249, 249 (9th Cir. 1994) (affirming

5   district court's exclusion of proposed jury instructions because they were "argumentative and

6   misleading").  Specifically, Plaintiff's proposal that Defendants did not obtain "express informed

7   consent" if "consumers were enrolled during the online checkout process without knowing they

8   would be enrolled," is not supported by any of the legal authorities it cites.

9

10  **Defendants' Proposed Instruction:**

11  **COUNT I:  Omission of Claims**

12          For reasons that do not concern you, Count I is not before you.  Do not speculate about

13  why Count I is not part of this trial.  This trial concerns only Counts II, III, and IV.

14

15  **Authorities:**  9th Cir. Crim. Jury Instr. § 2.14 (2022).

16

17  **FTC's Objection**:  The FTC objects to this instruction as unnecessary and potentially causing

18  juror confusion.  Although Count I will not be before the jury, the rest of the jury instructions

19  make clear that only the ROSCA claims are before the jury.

20

21

22

23

1

2

**COUNT III: ROSCA (Express Informed Consent)**

3

4        To prevail on Count III under Section 8403(2) of ROSCA, the FTC bears the burden of

proving that Amazon did not obtain a consumer's express informed consent before charging the

5

consumer's credit card, debit card, bank account, or other financial account for products or

6        services.

7        Express informed consent is obtained when a consumer clicks a button or link after the

8        material terms of the transaction are disclosed.  Consumers have enrolled in Prime through

9        different flows on Amazon.com.  To prevail on this Count for a given flow, the FTC must prove

10       by a preponderance of the evidence that the flow fails to obtain a consumer's express informed

11       consent before enrolling the consumer in Amazon Prime.

12

13       **Authorities**:  15 U.S.C. § 8403; *Keebaugh v. Warner Bros. Ent. Inc*., 100 F.4th 1005, 1014 (9th

14       Cir. 2024) ("some action, such as clicking a button or checking a box" can "unambiguously

15       manifest[] [a consumer's] assent to those terms"); *Ekin* v. Amazon Servs., LLC, 84 F. Supp. 3d

16       1172, 1173, 1177 (W.D. Wash. Dec. 10, 2014) (Amazon "secure[d] meaningful consent"

17       because the plaintiff "click[ed] a button next to text that state[d] 'you acknowledge that you have

18       read and agree to the Amazon Prime Terms and Conditions'"); *Adams v. Amazon.com, Inc*., 2023

19       WL 4002534, *1 (W.D. Va. June 14, 2023) ((user consented "by clicking on the continue

20       button" to sign-in to Prime, when "underneath that button" the page disclosed that "By

21       continuing, you agree to Amazon's Conditions of Use" (granting transfer)).

22

23

1    **FTC's Objection**:  The FTC objects to this instruction as a misstatement of the law, for the

2    reasons explained in Pl.'s Opposition to Defs.' Mot. for Summ. J., Dkt. 351, at 23-25, 53-55; *see*

3    *also* Court's pending ruling on Pl.'s Mot. for Summ. J.; Pl.'s Mot. to Establish That No Material

4    Differences Exist Between Certain Representative Flows and Establish Certain Facts, Dkt. 462,

5    at 1, 4-9.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1    **Plaintiff FTC's Proposed Instruction:**

2                              **JURY INSTRUCTION NO. __**

3                        **Negative Option Feature - Defined**

4

5        A "negative option feature" is, "in an offer or agreement to sell or provide any goods or

6    services, a provision under which the customer's silence or failure to take an affirmative action

7    to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of

8    the offer."

9        The Court has concluded that Amazon Prime subscriptions with an automatic renewal

10   feature have a "negative option feature" and that Amazon was charging or attempting to charge

11   some consumers for Amazon Prime subscriptions through a "negative option feature" in

12   transactions effected on the internet.  Therefore, you should find that the FTC has met its burden

13   of proof for any claim in which it is required to prove these facts.

14

15

16   **Source/Authority**:  15 U.S.C. § 8403; Pl.'s Mot. for Summ. J., Dkt. 314, at 45-46; Pl.'s Reply in

17   Supp. of Mot. for Summ J., Dkt. 381, at 1-2; Court's pending ruling on Pl.'s Mot. for Summ. J.

18   Pl.'s Mot. to Establish That No Material Differences Exist Between Certain Representative

19   Flows and Establish Certain Facts, Dkt. 462, at 12.

20

21   **Defendants' Objections**: Defendants object to Plaintiff's definition of negative option feature

22   because it assumes the Court has concluded that Amazon Prime subscriptions have a "negative

23

1    option feature," but the Court has not yet ruled on this issue.  Thus, Plaintiff's instruction is

2    incorrect.

3

4    **Defendants' Proposed Instruction:**

5                                      **ROSCA – Negative Option Feature**

6

7            The FTC bears the burden of proving, by a preponderance of the evidence, that ROSCA

8    applies to Amazon Prime.  ROSCA applies to Amazon Prime only if the Prime membership offer

9    or agreement is a Negative Option Feature.  "Negative Option Feature" means, in an offer or

10   agreement to sell or provide goods or services, a provision under which the customer's silence or

11   failure to take an affirmative action to reject goods or services or to cancel the agreement is

12   interpreted by the seller as acceptance of the offer.  An "offer" is the manifestation of willingness

13   to enter into a bargain, so made as to justify another person in understanding that his assent to

14   that bargain is invited and will conclude it.

15           If you do not find that ROSCA applies to Amazon Prime, then you should find for

16   Amazon on all Counts.

17

18

19   **Authorities:**  15 U.S.C. § 8403; 16 C.F.R. § 310.2(w); *Roley v. Google LLC*, 40 F.4th 903, 908

20   (9th Cir. 2022) ("In either case, '[a]n offer is the manifestation of willingness to enter into a

21   bargain, so made as to justify another person in understanding that his assent to that bargain is

22   invited and will conclude it.'").

23

1      **FTC's Objection**:  The FTC objects to this instruction because whether Prime is sold using a

2      "negative option feature," and therefore, whether ROSCA applies to Prime, is issue of law to be

3      decided by the Court since there are no material issues of disputed fact for a finder of fact to

4      determine, as explained in the FTC's pending motions, noted above.  Moreover, as discussed in

5      the same pending motions, the FTC objects to this instruction because it is unclear about whether

6      the jury must find Prime is a "service" that is sold on the Internet – facts Amazon has not

7      genuinely disputed and the FTC thus need not prove to the jury.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1

**Plaintiff FTC's Proposed Instruction:**

2

**JURY INSTRUCTION NO. __**

3

**COUNT IV:   Violations of ROSCA – Failure to Provide Simple Cancellation Mechanisms**

4

As to Count IV, the FTC claims that Amazon violated ROSCA by failing to provide

5

simple mechanisms for consumers to cancel Amazon Prime subscriptions.

6

To prevail on its claim for inadequate disclosures, the FTC must prove all three of the

7

following elements by a preponderance of the evidence.

8

First, that Amazon was charging or attempting to charge some consumers for Amazon

9

Prime subscriptions through a "negative option feature."

10

Second, that Amazon was charging consumers for Prime in a transaction effected on the

11

Internet.

12

And third, that Amazon failed to provide simple mechanisms for a consumer to stop

13

recurring charges for Prime subscriptions to the consumer's credit card, debit card, bank account,

14

or other financial account.

15

If you find that the FTC has proved this claim by a preponderance of the evidence, your

16

verdict should be for the FTC as to Defendant Amazon.com, Inc. on Count IV.

17

If, on the other hand, you find that the FTC failed to prove this claim by a preponderance

18

of the evidence, your verdict should be for Amazon on Count IV

19

20

**Source/Authority**:  May 28, 2024 Order, Dkt. 165, at 13-14; 15 U.S.C. § 8403(3) (requiring that

21

any person who charges or attempts to charge for any goods or services sold in a transaction

22

effected on the Internet through a negative option feature " provide[s] simple mechanisms for a

23

consumer to stop recurring charges from being placed on the consumer's credit card, debit card,

1    bank account, or other financial account"); 16 CFR § 310.2(w); *FTC v. Stefanchik*, 559 F.3d 924,

2    939 & n.12 (9th Cir. 2009).

3

4    **Defendants' Objections:** The FTC's proposal is contrary to law.  *See United States v. Spencer*,

5    340 F. App'x 414, 416 (9th Cir. 2009) (affirming rejection of proposed jury instructions that

6    "were misstatements of the law").  First, the FTC does not meet its burden by proving "*a*

7    consumer" did not have a simple mechanism for cancellation.  The FTC flips *FTC v. Stefanchik*

8    on its head to support its proposal.  In *Stefanchik*, the Ninth Circuit states that "[t]he FTC was not

9    required to show that *all* consumers were deceived" and that "[t[he existence of *some* satisfied

10    customers does not constitute" a defense under the FTC Act.  559 F.3d 924, 939 & n.12 (9th Cir.

11    2009) (emphasis added).  But the concept that Defendants cannot point to *some* satisfied

12    customers as a defense is *not* the same thing as the FTC only having to prove *a single* consumer

13    is deceived to prevail.  Indeed, under the reasonable consumer standard, the FTC must prove

14    "that a significant portion of the general consuming public or of targeted consumers, acting

15    reasonably in the circumstances, could be misled."  *Ebner v. Fresh, Inc*., 838 F.3d 958, 965 (9th

16    Cir. 2016); *see also FTC v. Amazon, Inc*., 735 F. Supp. 3d 1297, 1315 (W.D. Wash. 2024)

17    (applying the reasonable consumer standard to this case).  Further, the FTC's proposal

18    erroneously states that Amazon must provide "simple mechanism***s***" to stop recurring charges,

19    but ROSCA only requires that Amazon provide one simple mechanism.  *See* FTC Business Blog,

20    *Time for a ROSCA recap* (Jul. 3, 2018) ("The law bans online negative options unless the seller

21    … provides *a simple mechanism* for stopping recurring charges" (emphasis added)),

22    https://www.ftc.gov/business-guidance/blog/2018/07/time-rosca-recap-ftcsays-risk-free-trial-

23    was-risky-not-free.

1    **Defendants' Proposed Instruction:**

2    **COUNT IV: ROSCA (Simple Mechanism To Stop Recurring Charges)**

3

4         To prevail on Count IV under Section 8403(3) of ROSCA, the FTC bears the burden of

5    proving that Amazon did not offer a simple mechanism to stop recurring charges from being

6    placed on the consumer's credit card, debit card, bank account, or other financial account.

7         A mechanism is "simple" if it is understood or performed by a reasonable consumer.  The

8    law does not require any particular mechanism to stop recurring charges.  A company could

9    satisfy ROSCA without an online method of cancellation.

10        The law also allows a company to present additional information or offers prior to

11   processing a cancellation request.  You may consider all available mechanisms to stop recurring

12   charges, including online, phone, and chat, in determining whether Amazon provides a simple

13   mechanism.

14        Consumers can stop recurring charges from Amazon Prime through various different

15   mechanisms.  To prevail on this Count, the FTC must prove by a preponderance of the evidence

16   that Amazon offers no simple mechanisms to cancel.

17

18

19   **Authorities**:  15 U.S.C. § 8403; Dkt. 481, Ex. 2 at 66:13-22, 276:18-278:11, 279:16-20 (FTC

20   Rule 30(b)(6) designee agreeing that "ROSCA does not prohibit a company from presenting a

21   save offer," that the mechanism for cancellation "could be a telephonic cancellation mechanism"

22   or "canceling by email" or "a message through a customer service chat," and that ROSCA does

23   not "require an online cancellation mechanism").

1    **FTC's Objection**:  The FTC objects to this instruction as argumentative and insufficient to

2    instruct the jury on the elements of the FTC's claim in Count IV.  It misstates the law, which

3    requires "simple mechanisms" to cancel, 15 U.S.C. § 8403, not "a simple mechanism," as

4    Defendants' proposed instruction states.  Finally, Defendants' proposed instruction erroneously

5    attempts to rely upon prior FTC statements, in violation of the Court's prior Order Denying

6    Defendants' Standalone Motion in Limine Regarding Public FTC Statements, entered on July 24,

7    2025 (Dkt. # 409).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1

**Plaintiff FTC's Proposed Instruction:**

2

**JURY INSTRUCTION NO. __**

3

**Simple Mechanisms - Defined**

4

5      The term "simple mechanisms" is not defined in ROSCA.  It is for you to decide whether

6   Amazon provided "simple mechanisms" to cancel Amazon Prime subscriptions.  Factors to

7   consider in making this determination may include, but are not limited to:

8      First, whether the mechanism to cancel is at least as easy to use as the mechanism the

9   consumer used to start the subscription;

10      Second, whether the mechanism is difficult to use and/or to locate;

11      Third, whether the mechanism is costly;

12      Fourth, whether the mechanism is confusing;

13      Fifth, whether the mechanism is time consuming; and

14      Sixth, whether consumers are presented with, and must respond to, alternatives to

15   cancelling before they can effectuate cancellation.

16

17   **Source/Authority:**  May 28, 2024 Order, Dkt. 165, at 30-32; *United States v. MyLife.com, Inc*.,

18   567 F. Supp. 3d 1152, 1169 & n.6 (C.D. Cal. 2021); *FTC v. Cardiff*, No.

19   ED518CV02104SJOPLAX, 2019 WL 9143561, at *10 (C.D. Cal. May 16, 2019).

20

21   **Defendants' Objections:** The FTC's proposal to define simple mechanisms is misleading and

22   contrary to law.  *United States v. Spencer*, 340 F. App'x 414, 416 (9th Cir. 2009) (affirming

23   district court's rejection of "proposed jury instructions because they were misstatements of the

law").  As the proposal itself states, ROSCA does not define the term "simple mechanism" nor is there binding precedent on determining if a mechanism is simple.  Indeed, the FTC's own position has shifted and even contradicted itself over the course of the case.  In response to Defendants' interrogatory asking the FTC to describe the features that make cancellation sufficiently "simple," the FTC identified over 20 factors—but they are not the same as the six listed in the FTC's proposal above,  Dkt. 481, Ex. 1 at 48-49 (Pl.'s Second Suppl. Resp. to Defs.' Interrog. No. 9).  Further, the FTC's own 30(b)(6) designee contradicted the various factors in the FTC's proposal.  *See* Dkt. 481, Ex. 2 at 66:13-22, 276:18-278:11, 279:16-20 (FTC Rule 30(b)(6) designee agreeing that "ROSCA does not prohibit a company from presenting a save offer," that the mechanism for cancellation "could be a telephonic cancellation mechanism" or "canceling by email" or "a message through a customer service chat," and that ROSCA does not "require an online cancellation mechanism").  Moreover, the FTC's own Negative Option Rule expressly allows for presenting consumers with alternatives to cancelling.  *See* Negative Option Rule, 89 Fed. Reg. 90476, 90512 (Nov. 15, 2024) (declining to prohibit "save" offers because "the provision may thwart attempts to confirm consumers' intent" and "may prevent consumers from obtaining valuable concessions (e.g., lower prices), . . .").  The FTC, again, attempts to clarify the law where clarity does not exist.  *See N. Pac. Ry. v. Herman*, 481 F.2d 1167, 1171 (9th Cir. 1973) (reversing and remanding where jury instruction was "confusing and inconsistent on a material issue and could possibly mislead the jury").  Lastly, Defendants object to this instruction as untimely.  The proposal was first disclosed to Defendants late on the night of September 12, the last business day before the filing date, and weeks after the FTC'.

1    **Defendants' Proposed Instruction:**

2                          **"Reasonable Consumer" Standard**

3

4        For all Counts, the FTC must satisfy the objective "reasonable consumer" standard. The

5    reasonable consumer standard requires that a significant portion of representative consumers,

6    acting reasonably under the circumstances, would be misled. It is not enough for the practices at

7    issue to be misunderstood by an insignificant or unrepresentative segment of consumers, or

8    consumers who were not otherwise acting reasonably.

9        A reasonable consumer in this case is a reasonably prudent consumer accustomed to

10    shopping online and exercising ordinary caution. Unreasonable, imprudent, and inexperienced

11    online shoppers, and consumers who do not read disclosures, are not relevant. In applying the

12    reasonable consumer standard, you may consider the websites and other context with which an

13    ordinary internet user would be familiar.

14

15

16    **Authorities:**  *FTC v. Amazon, Inc.*, 735 F. Supp. 3d 1297, 1315 (W.D. Wash. 2024); *Ebner v.*

17    *Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) ("[T]he reasonable consumer standard requires a

18    probability "that a significant portion of the general consuming public or of targeted consumers,

19    acting reasonably in the circumstances, could be misled."); *Bodenburg v. Apple Inc.*, No. 24-

20    3335, 2025 WL 2055748, at *6 (9th Cir. July 23, 2025) (statements are not deceptive "merely

21    because [they] may be 'unreasonably misunderstood by an insignificant and unrepresentative

22    segment' of consumers"); *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1176 (9th

23    Cir. 2010) ("The relevant marketplace is the online marketplace, and the relevant consumer is a

1    reasonably prudent consumer accustomed to shopping online.  Unreasonable, imprudent and

2    inexperienced web-shoppers are not relevant."); *Groeneveld Transp. Efficiency, Inc. v. Lubecore*

3    *Int'l, Inc.*, 730 F.3d 494, 509 (6th Cir. 2013) ("And the focus is on 'the typical buyer exercising

4    ordinary caution,' not 'the most obtuse consumer'" (citations omitted).); *Nicosia v. Amazon.com,*

5    *Inc.*, 384 F. Supp. 3d 254, 278 (E.D.N.Y. June 24, 2019), *aff'd*, 815 F. Appx. 612 (2d Cir. 2020);

6    *ECM BioFilms, Inc. v. FTC*, 851 F.3d 599, 610 (6th Cir. 2017); Dkt. 431 (rejecting FTC

7    argument that "comparative analyses are irrelevant" to reasonable consumer standard).

8

9    **FTC's Objection:**  Plaintiff FTC objects to this instruction as a misstatement of the law, for the

10   reasons explained in Pl.'s Opposition to Defs.' Mot. for Summ. J., Dkt. 351, at 53-55; *see also*

11   Court's pending ruling on Pl.'s Mot. for Summ. J.

12

13

14

15

16

17

18

19

20

21

22

23

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                                                    .
Case No. 2:23-cv-0932-JHC - 45

1  **Plaintiff FTC's Proposed Instruction:**

2                                   **JURY INSTRUCTION NO. __**

3                                        **Intent to Defraud**

4

5          An intent to defraud is an intent to deceive or cheat.  The FTC is not required to prove

6  any intent to deceive or cheat, but rather the FTC is required to establish knowledge as I will

7  instruct you in the following instructions.

8

9

10  **Authorities**:  9th Cir. Crim. Jury Instr. § 5.12 (2020) (modified to add second sentence); *FTC v.*

11  *Bay Area Bus. Council, Inc*., 423 F.3d 627, 635 (7th Cir. 2005) (citing cases); *FTC. v. World*

12  *Media Brokers*, 415 F.3d 758, 764 (7th Cir. 2005); *FTC v. Freecom Commc'ns, Inc*., 401 F.3d

13  1192, 1202 (10th Cir. 2005); *FTC v. Inc21.com Corp*., 745 F. Supp. 2d 975, 1005 (N.D. Cal.

14  2010), *aff'd*, 475 F. App'x 106 (9th Cir. 2012); *FTC v. Grand Canyon Educ., Inc*., 745 F. Supp.

15  3d 803, 837 (D. Ariz. 2024); *FTC v. Wetherill*, No. CV 92-2295 (DT)(EEX), 1993 WL 264557,

16  at *3 (C.D. Cal. June 10, 1993).

17

18  **Defendants' Proposed Instruction:** None.  Exclude instruction in its entirety.

19

20  **Defendants' Objections**: Defendants object to this instruction as misleading and contrary to

21  law.  The proposal defines "intent to defraud" in the context of an FTC Act Section 5 claim for

22  "unfair or deceptive acts or practices."  *See FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627,

23  634 (7th Cir. 2005) (explaining "intent to deceive" with respect to an "unfair or deceptive acts or

1    practices" claim).  The FTC is not asserting such a claim here, *see* Dkt. 354 at 30 n.17 ("Here,

2    deception is not an element of the FTC's claims, . . ."), and thus, an instruction regarding "intent

3    to deceive or cheat" is legally inapplicable and will mislead the jury.  *See Saunders v. Carlisle*

4    *Memory Prods. Grp., Inc.*, 24 F.3d 249, 249 (9th Cir. 1994) (affirming district court's exclusion

5    of proposed jury instructions because they were "argumentative and misleading").  Defendants

6    further object to this instruction as untimely.  The proposal was first disclosed to Defendants late

7    on the night of September 12, the last business day before the filing date.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                                    .
Case No. 2:23-cv-0932-JHC - 47

1    **Plaintiff FTC's Proposed Instruction on Individual Liability:**

2                                                    **JURY INSTRUCTION NO. __**

3            **Individual Liability – Defendants Lindsay, Grandinetti, and Ghani**

4

5            To hold any of the individual defendants liable for injunctive relief due to a violation of

6    ROSCA allegedly committed by Amazon, the FTC must first prove two elements by a

7    preponderance of the evidence.  First, the FTC must prove an underlying violation of the law by

8    Amazon.

9            Second, the FTC must prove that the individual defendant participated in the practices

10   that violated the law, or had the authority to control the illegal practices by Amazon.

11           The FTC may establish an individual's authority to control by demonstrating that the

12   individual could have ended the unlawful practices, such as by showing that the individual's

13   opinions, advice, and directions were generally followed by his employees; that he was actively

14   involved in the company's business affairs and made corporate policy; that he had the authority

15   to sign corporate documents; or that he assumed the duties of a corporate officer.

16

17

18   **Source/Authority**:  May 28, 2024 Order at 36-37 & n.8; *FTC v. Com. Planet, Inc.*, 815 F.3d

19   593, 600 (9th Cir. 2016), *abrogated on other grounds by AMG Cap. Mgmt., LLC v. FTC*, 593

20   U.S. 67 (2021); *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170-71 (9th Cir. 1997), *as

21   amended* (Apr. 11, 1997); *FTC  v. Loewen*, No. C12-1207 MJP, 2013 WL 5816420, at *7 (W.D.

22   Wash. Oct. 29, 2013); *United States v. Pineda*, 843 F. App'x 174, 180 (11th Cir. 2021); *FTC v.

23   Moses*, 913 F.3d 297, 302-03, 308 (2d Cir. 2019); *FTC v. Freecom Commc'ns, Inc.*, 401 F.3d

1    1192, 1205 (10th Cir. 2005); *FTC v. World Media Brokers Inc*., No. 02 C 6985, 2004 WL

2    432475, at *9 (N.D. Ill. Mar. 2, 2004), *aff'd sub nom. F.T.C. v. World Media Brokers*, 415 F.3d

3    758 (7th Cir. 2005); *FTC v. Fleetcor Techs., Inc*., 620 F. Supp. 3d 1268, 1341 (N.D. Ga. 2022); .

4    *FTC v. AMG Servs., Inc*., 558 F. Supp. 3d 946, 962 (D. Nev. 2021).

6    **Defendants' Objections:** The FTC's proposal regarding an individual's authority to control is

7    contrary to law.  *See United States v. Spencer*, 340 F. App'x 414, 416 (9th Cir. 2009) (affirming

8    rejection of proposed jury instructions that "were misstatements of the law").  The FTC cannot

9    prove individual liability merely by establishing the Individual Defendants were corporate

10   officers.  Relevant cases have effectively required alter-ego status, for example, that the

11   defendant-company was "wholly controlled" by the individual defendant, such that the defendant

12   was "responsible for creating and organizing" the company, hiring the team, and overseeing the

13   deceptive scheme.  *See FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1097 (9th Cir. 2014).  The

14   FTC's own authorities say the same.  *See FTC v. Com. Planet, Inc.*, 878 F. Supp. 2d 1048, 1081

15   (C.D. Cal. 2012) (individual was company "president, de facto executive and in-house counsel,

16   and director" and, with one other person, "comprised the company's executive staff"); *FTC. v.*

17   *World Media Brokers Inc.,* 2004 WL 432475, at *5–6, *9 (N.D. Ill. Mar. 2, 2004) (individuals

18   were "clearly at the center of the Corporate Defendants' operations" and also personally

19   participated in approving deceptive scripts and arranging for offshore credit card processing).

1  **Plaintiff FTC's Proposed Instruction on Redress:**

2

3                              **JURY INSTRUCTION NO. ___**

4                          **Individual Liability – Consumer Redress**

5

6          To hold an individual liable for consumer redress, the FTC must prove by a

7  preponderance of the evidence that the individual had knowledge of some of Amazon's illegal

8  acts or practices.

9          The FTC may establish an individual's knowledge of illegal acts or practices by

10 demonstrating that the individual had actual knowledge of the illegal acts or practices, that he

11 was recklessly indifferent to its unlawfulness, or that he aware of a high probability of fraud or

12 unlawfulness and intentionally avoided learning the truth.

13         An individual defendants' willful blindness or deliberate ignorance can satisfy the

14 knowledge requirement.  In other words, if you find that the FTC has established that an

15 individual defendant purposely avoided learning that Amazon's conduct violated the law, you

16 may treat such avoidance of knowledge as the equivalent of knowledge.

17         The extent of an individual's involvement in a fraudulent scheme alone is also sufficient

18 to establish knowledge.

19

20 **Source/Authority**:  *FTC v. Com. Planet, Inc.*, 815 F.3d 593, 600 (9th Cir. 2016), *abrogated on*

21 *other grounds by AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67 (2021); *FTC v. Publ'g Clearing*

22 *House, Inc.*, 104 F.3d 1168, 1170-71 (9th Cir. 1997), *as amended* (Apr. 11, 1997); *FTC  v.*

23 *Loewen*, No. C12-1207 MJP, 2013 WL 5816420, at *7 (W.D. Wash. Oct. 29, 2013); *United*

1   *States v. Pineda*, 843 F. App'x 174, 180 (11th Cir. 2021); *FTC v. Moses*, 913 F.3d 297, 302-03,

2   308 (2d Cir. 2019); *FTC v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1205 (10th Cir. 2005); *FTC*

3   *v. World Media Brokers Inc.*, No. 02 C 6985, 2004 WL 432475, at *9 (N.D. Ill. Mar. 2, 2004),

4   *aff'd sub nom. F.T.C. v. World Media Brokers*, 415 F.3d 758 (7th Cir. 2005); *FTC v. Fleetcor*

5   *Techs., Inc.*, 620 F. Supp. 3d 1268, 1341 (N.D. Ga. 2022); . *FTC v. AMG Servs., Inc.*, 558 F.

6   Supp. 3d 946, 962 (D. Nev. 2021).

7

8   **Defendants' Objections**: The FTC's proposal is legally incorrect and needlessly cumulative.

9   First, to find individual liability for consumer redress, the FTC must show that the Individual

10  Defendants had "*actual* knowledge that such act or practice *is* unfair or deceptive," not merely

11  "knowledge of *some* of Amazon's illegal acts or practices."  *See AMG Cap. Mgmt., LLC v. FTC*,

12  593 U.S. 67, 77 (2021) (explaining that "court-ordered monetary penalties" can be awarded

13  "only if the violator acted with actual knowledge that such act or practice is unfair or deceptive"

14  (quotation marks omitted)).  Second, the FTC baselessly proposes that "willful blindness or

15  deliberate ignorance can satisfy the knowledge requirement."  But none of the authorities the

16  FTC cites includes any language regarding a "willful blindness" standard, and the FTC relies on

17  an out-of-circuit *criminal* knowledge standard to argue that "deliberate ignorance" satisfies the

18  *civil* knowledge standard in this case.  *See United States v. Pineda*, 843 F. App'x 174, 179 (11th

19  Cir. 2021) ("We consistently have recognized deliberate ignorance of criminal activity as the

20  equivalent of knowledge." (citation omitted)).  Lastly, the FTC's own authority instructs that

21  there is "a two-pronged test for determining when an individual may be held personally liable for

22  corporate violations of the FTC Act," consisting of participation/control, and actual knowledge.

23

1     *FTC v. Com. Planet, Inc*., 815 F.3d 593, 600 (9th Cir. 2016).  Thus, the Court should provide a

2     single instruction for Individual Liability.

3

4     **Defendants' Proposed Instruction (Combined Instruction on Liability):**

5     **Individual Liability**

6

7             If you find for Defendant Amazon.com on Count II, III, or IV then your verdict must be

8     for Neil Lindsay, Russell Grandinetti, and Jamil Ghani on that Count as well.  On the other hand,

9     if you find that Defendant Amazon.com violated Count II, III, or IV, you must also determine

10    whether Neil Lindsay, Russell Grandinetti, or Jamil Ghani is personally liable for that Count.

11            To find an individual defendant liable, the FTC must satisfy its burden of proving that:

12    (1) the individual participated directly or had authority to control the specific conduct found to

13    violate ROSCA; (2) the individual had actual knowledge of the alleged violation, or was aware

14    of a high probability of wrongdoing and intentionally avoided learning the truth.  Mere status as

15    a corporate officer is not sufficient to find an individual defendant liable.

16

17    **Authorities**:  Joint Proposed Jury Instructions at 72, *United States v. MyLife.com, Inc*., No. 20-

18    cv-6692 (C.D. Cal. Oct. 18, 2021), Dkt. No. 197 (Instruction No. 24 – Individual Liability); *FTC*

19    *v. Grant Connect, LLC*, 763 F.3d 1094, 1101–02 (9th Cir. 2014); *FTC v. Swish Mktg*., 2010 WL

20    653486, at *5, n.1 (N.D. Cal. Feb. 22, 2010) (general managerial "status . . ., standing alone," is

21    "not enough to demonstrate the requisite control").

22

23    **FTC's Objection:**  Plaintiff FTC objects to this instruction as a misstatement of the law because

1    different standards apply to the different types of relief for which the Individual Defendants may

2    be found liable (i.e., injunctive relief, consumer redress, and civil penalties), as discussed in the

3    authorities provided in support of the FTC's proposed instructions.

1    **Plaintiff FTC's Proposed Instruction:**

2                              **JURY INSTRUCTION NO. ___**

3                                   **Civil Penalties**

4

5        The FTC is also seeking civil penalties against Amazon and the Individual Defendants.

6    The purpose of civil penalties are not to compensate consumers, but to punish a defendant and to

7    deter a defendant and others from committing similar acts in the future.

8        To recover civil penalties, the FTC must show that a defendant either knew or should

9    have known that Amazon's conduct violated ROSCA.  The FTC can show this by proving, based

10   on objective factors, that a defendant either had actual knowledge that Amazon's conduct

11   violated ROSCA, or that a reasonable person under the particular circumstances of the defendant

12   would have known that Amazon's conduct violated ROSCA.  Circumstantial evidence as to an

13   individual's degree of participation in the company's business affairs may show knowledge.

14       If you find any Defendant liable for civil penalties, I will then decide the amount of the

15   penalty.

16

17

18   **Source/Authority**:  May 28, 2024 Order at 46-48; 15 U.S.C. §§  45(m)(1)(A), (C), 8404(b); 16

19   C.F.R. § 1.98(d); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139-40 (4th Cir. 1996);

20   *United States v. Adobe, Inc.*, No. 24-CV-03630-NW, 2025 WL 1303419, at *13-14 (N.D. Cal.

21   May 2, 2025); *FTC v. Am. Fin. Benefits Ctr.*, 324 F. Supp. 3d 1067, 1080 (N.D. Cal. 2018); *FTC

22   v. Braun, et al.*, Case No. 1:20-cv-04432-JSR, Dkt. 205, Instruction No. 10 (S.D.N.Y. Jan. 10,

23   2024).

1    **Defendants' Objections:** The FTC's proposal is argumentative, misleading, and prejudicial.

2    The question of whether to impose civil penalties is not before the jury.  *See* Joint Pretrial Order

3    at 7 (parties agreeing that civil penalties are "issues of law to be determined by the Court").

4    Thus, instructing the jury on the issue "would be both superfluous and misleading."  *Ill. Tool*

5    *Workers, Inc. v. MOC Prods. Co.*, 946 F. Supp. 2d 1042, 1044 (S.D. Cal. 2012) (excluding

6    instructions regarding equitable issue as "superfluous and misleading").  Moreover, the FTC's

7    proposal to instruct the jury on the "purpose" of civil penalties, emphasizing the need for

8    "punishment" and "deterrence" is unduly prejudicial and improper argument.  *See Saunders v.*

9    *Carlisle Memory Prods. Grp., Inc.*, 24 F.3d 249, 249 (9th Cir. 1994) (affirming district court's

10   exclusion of proposed jury instructions because they were "argumentative and misleading");

11   *Curtis v. City of Oakland*, 2016 WL 1138457, at *4  (N.D. Cal. Mar. 23, 2016) ("Jury

12   instructions should provide the relevant rules of law generally and avoid singling out or stressing

13   particular evidentiary items or legal theories; otherwise, the court's emphasis of certain facts or

14   issues may cause a juror to attach undue importance or credibility to the selected matters." (citing

15   *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)).  Even when the question of civil penalties

16   is squarely before a jury, courts explicitly caution the jury not to consider punishment.  *See*

17   *Ashby v. Farmers Ins. Co. of Or.*, 592 F. Supp. 2d 1307, 1320 (D. Or. 2008) (ruling that the court

18   will expressly instruct the jury that "the [civil] damages they award should not be for the purpose

19   of punishing Defendants"); *see also United States v. Wade*, 2019 WL 5458462, at *6 (N.D. Cal.

20   Oct. 24, 2019) ("[T]he rule that punishment not be considered by the jury is clear law.").

21

22

23

1

**Defendants' Proposed Instruction:**

2

**Knowledge of ROSCA Violations**

3

4    If you find that Amazon, Neil Lindsay, Russell Grandinetti, or Jamil Ghani violated any

5    Count, you must also determine whether the evidence shows that it is more likely than not that

6    they had knowledge of the applicable ROSCA requirement, and knew that their actions violated

7    that requirement and were deceptive or unfair.  To prove that a defendant had knowledge, the

8    FTC bears the burden of proving that they had actual knowledge or if it is fair to imply from the

9    circumstances that they had knowledge. In other words, a defendant has knowledge if he or she

10   actually knows, or where a reasonable person under the same circumstances would have known,

11   that ROSCA's requirements exist and knew that their actions were violating those requirements.

12   If you find that a defendant did not know or reasonably misunderstood the governing law,

13   you must find for that defendant on this issue of knowledge. In making your determination, you

14   may consider whether the FTC has issued guidance and whether the FTC's allegations in this

15   case are consistent with that prior guidance.

16

17

18   **Authorities**:  *FTC v. Amazon, Inc.*, 2025 WL 2381704, at *3 (W.D. Wash. Aug. 15, 2025);

19   United States of America's Proposed Jury Instructions, *United States v. Corp. for Character, et*

20   *al.*, 2:11-cv-419-RJS (D. Utah Apr. 11, 2016).

21

22   **FTC's Objection:**  Plaintiff FTC objects to this instruction as a misstatement of the law because

23   the question of liability for civil penalties is properly before the jury, as explained in the

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                              .
Case No. 2:23-cv-0932-JHC - 56

1    authorities cited in support of the FTC's proposed instruction and as Defendants acknowledge in

2    their own instruction and proposed verdict form.  Defendants' proposed instruction is also a

3    misstatement of law regarding the knowledge requirement, as it is most properly understood as a

4    "knew or would have known" standard, where "would have known" is evaluated according to

5    the objective standards of the circumstances at issue, as explained in the authorities cited in

6    support of the FTC's instruction. Finally, Defendants' final paragraph of its proposed instruction

7    erroneously injects a mistake of law defense and attempts to circumvent the Court's prior Order

8    Denying Defendants' Standalone Motion in Limine Regarding Public FTC Statements, entered

9    on July 24, 2025 (Dkt. # 409).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1    **Plaintiff FTC's Proposed Instruction:**

2                              **JURY INSTRUCTION NO. ___**

3                                  **Return of Verdict**

4

5           A verdict form has been prepared for you.  After you have reached unanimous agreement

6    on a verdict, your foreperson should complete the verdict form according to your deliberations,

7    sign and date it, and advise the clerk that you are ready to return to the courtroom.

8

9    **Source/Authority**:  9th Cir. Civ. Jury Instr. § 3.5 (2017) (modified to include optional

10   language).

11

12   **Defendants' Proposed Instruction:**

13                                 **Return of Verdict**

14          A verdict form has been prepared for you. [The form includes a number of questions that

15   call for a "yes" or "no" answer. It is important that you answer the questions in the order in

16   which they appear on the form, except where the verdict form indicates otherwise.]

17          After you have reached unanimous agreement on a verdict, your foreperson should

18   complete the verdict form according to your deliberations, sign and date it, and advise the clerk

19   that you are ready to return to the courtroom.

20   **Authorities:**   9th Cir. Civ. Jury Insts. § 3.5. This instruction has been modified to select the

21   optional language in Model Instruction § 3.5, as well as the description of the verdict form in

22   square brackets.

23

1

**EXHIBIT A**

2 **Plaintiff's FTC's Proposed Verdict Form:**

3 **<u>JURY VERDICT FORM</u>**

4

5     We, the jury, unanimously agree on the answers to all of the following questions:

6

7 **<u>COUNT III</u>**

8     1.     On the FTC's claim for nonconsensual enrollment, do you find that Defendant

9 Amazon.com, Inc. ("Amazon") failed to obtain express, informed consent from consumers

10 before charging them for an Amazon Prime subscription, in violation of the Restore Online

11 Shoppers' Confidence Act ("ROSCA")?

12

13     _____ Yes                              _____ No

14

15     2.     If your answer to Question 1 is "yes", indicate whether any Individual Defendant,

16 if any, acting alone or in concert with others, participated directly in, or had the authority to

17 control, Amazon's Prime enrollment practices, as defined in the Court's instructions, by placing

18 an X on the appropriate line:

19

20     Neil Lindsay              _____ Yes          _____ No

21     Russell Grandinetti       _____ Yes          _____ No

22     Jamil Ghani               _____ Yes          _____ No

23

3.      For any Defendant(s) for whom you answered "yes" to Question 2, indicate whether any Individual Defendant had the requisite knowledge of Amazon's Prime enrollment practices, as defined in the Court's instructions, by placing an X on the appropriate line:

Neil Lindsay       _____ Yes       _____ No

Russell Grandinetti       _____ Yes       _____ No

Jamil Ghani       _____ Yes       _____ No

4.      For any Defendant(s) for whom you answered "yes" to Question 1 or Question 2, indicate whether any Defendant "knew or had knowledge fairly implied on the basis of objective circumstances" that Amazon's Prime enrollment practices were prohibited by ROSCA, as defined in the Court's instructions, by placing an X on the appropriate line:

Amazon.com, Inc.       _____ Yes       _____ No

Neil Lindsay       _____ Yes       _____ No

Russell Grandinetti       _____ Yes       _____ No

Jamil Ghani       _____ Yes       _____ No

## **COUNT II**

5.      On the FTC's claim that Amazon made inadequate disclosures, do you find that Amazon failed to clearly and conspicuously disclose all material terms for the Amazon Prime subscription before obtaining at least some consumers' billing information, in violation of ROSCA?

1

2          _____ Yes                              _____ No

3

4          6.      If your answer to Question 5 is "yes", indicate whether any Individual Defendant,

5  if any, acting alone or in concert with others, participated directly in, or had the authority to

6  control, Amazon's disclosures of Prime's material terms, as defined by the Court's instructions,

7  by placing an X on the appropriate line:

8

9          Neil Lindsay              _____ Yes          _____ No

10         Russell Grandinetti       _____ Yes          _____ No

11         Jamil Ghani               _____ Yes          _____ No

12

13         7.      For any Defendant(s) for whom you answered "yes" to Question 6, indicate

14 whether any Individual Defendant had the requisite knowledge of Amazon's disclosures of

15 Prime's material terms, as defined in the Court's instructions, by placing an X on the appropriate

16 line:

17

18         Neil Lindsay              _____ Yes          _____ No

19         Russell Grandinetti       _____ Yes          _____ No

20         Jamil Ghani               _____ Yes          _____ No

21

22         8.      For any Defendant(s) for whom you answered "yes" to Question 5 or Question 6,

23 indicate whether any Defendant "knew or had knowledge fairly implied on the basis of objective

1  circumstances" that Amazon's disclosure of Prime's material terms were prohibited by ROSCA,

2  as defined in the Court's instructions, by placing an X on the appropriate line:

3

4       Amazon.com, Inc.        _____ Yes       _____ No

5       Neil Lindsay         _____ Yes       _____ No

6       Russell Grandinetti    _____ Yes       _____ No

7       Jamil Ghani          _____ Yes       _____ No

8

9  ## COUNT IV

10      9.     On Plaintiff's claim for the failure to provide simple mechanisms to stop recurring

11  charges, do you find that Amazon failed to provide simple mechanisms for cancelling Prime

12  subscriptions, in violation of ROSCA?

13

14      _____ Yes                 _____ No

15

16      10.    If your answer to Question 9 is "yes", indicate whether any Individual Defendant,

17  if any, acting alone or in concert with others, participated directly in, or had the authority to

18  control, Amazon's Prime cancellation mechanisms, by placing an X on the appropriate line:

19

20       Neil Lindsay         _____ Yes       _____ No

21       Russell Grandinetti    _____ Yes       _____ No

22       Jamil Ghani          _____ Yes       _____ No

23

11.     For any Defendant(s) for whom you answered "yes" to Question 10, indicate whether any Individual Defendant had the requisite knowledge of Amazon's Prime cancellation mechanisms, as defined in the Court's instructions, by placing an X on the appropriate line:

Neil Lindsay                    _____ Yes              _____ No

Russell Grandinetti          _____ Yes              _____ No

Jamil Ghani                      _____ Yes              _____ No

12.     For any Defendant(s) for whom you answered "yes" to Question 9 or Question 10, indicate whether any Defendant "knew or had knowledge fairly implied on the basis of objective circumstances" that Amazon's Prime cancellation mechanisms were prohibited by ROSCA, as defined in the Court's instructions, by placing an X on the appropriate line:

Amazon.com, Inc.            _____ Yes              _____ No

Neil Lindsay                    _____ Yes              _____ No

Russell Grandinetti          _____ Yes              _____ No

Jamil Ghani                      _____ Yes              _____ No

Dated this _____ day of October, 2025.

_____
Foreperson of the Jury

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                                    .
Case No. 2:23-cv-0932-JHC - 63

1    **Defendants' Objections:** Defendants object to Question 1 because Count I seeks only equitable

2    relief.  *See* Dkt. 467 at 3-4; *Ill. Tool Workers, Inc. v. MOC Prods. Co.*, 946 F. Supp. 2d 1042,

3    1044 (S.D. Cal. 2012).  Defendants object to Questions 3, 7, and 11 because they use an

4    erroneous "some knowledge" standard.  For Individual Liability, the FTC must prove "*actual*

5    knowledge" of the law, not merely "*some* knowledge."  *FTC v. Grant Connect, LLC*, 763 F.3d

6    1094, 1101 (9th Cir. 2014) (explaining that "the FTC must show that [a defendant] had actual

7    knowledge of material misrepresentations" (quotation marks omitted)).  Moreover, the FTC's

8    proposed instructions do not include a definition for "some knowledge," so relying on the

9    standard in the verdict form will mislead and confuse the jury.  Defendants similarly object to

10   Questions 4, 8, and 12.  Again, the correct standard for Individual Liability is "actual

11   knowledge," not "knew or had knowledge fairly implied," and the FTC's proposed instructions

12   do not define the latter.  Defendants object to Question 5 because the FTC cannot prevail on

13   Count II by proving a violation for only "some consumers."  *See supra* Defendants' Objections

14   to Count II.  For Questions 2, 6, and 10, Defendants object to the phrase "acting alone or in

15   concert with others" as contrary to law.  This language is not in the legal standard for Individual

16   Liability and, again, is not defined in the FTC's proposed instructions.  Defendants object to

17   Question 9 because the law requires only a single mechanism to stop recurring charges.  *See*

18   *supra* Defendants' Objections to Count IV.  Lastly, for the FTC to prevail on its theory of

19   "discrete, repeated violations" of ROSCA, Dkt. 351 at 57, it must satisfy its burden as to each

20   specific flow, and therefore must include each one in the verdict form.  *See, e.g.*, *FTC v.*

21   *DIRECTV, Inc.*, 2018 WL 3911196 (N.D. Cal. Aug. 16, 2018) (holding that the FTC "cannot

22   meet this burden by characterizing the advertisements at a high level of generality and asserting

23   that conclusions regarding one advertisement apply uniformly to tens of thousands of others").

1

**EXHIBIT B**

2

**Defendants' Proposed Verdict Form:**

3

## VERDICT FORM

4

We, the jury in the above-entitled action, being duly impaneled and sworn,

unanimously find as follows:

5

6

SECTION A

7

8

1.    Did the FTC prove by a preponderance of the evidence that ROSCA

applies to Amazon Prime?

9

10

| Yes | No |
|-----|----|

11

*If you answered YES, then proceed to SECTION B, Question 2.  If you*

12

*answered NO, do not answer any more questions.*

13

14

15

16

17

18

19

20

21

22

23

SECTION B: Count II

2.    Did the FTC prove by a preponderance of the evidence that Amazon did not clearly and conspicuously disclose all material terms of Prime before obtaining consumers' billing information?

| Yes | No |
|---|---|
|  |  |

*If you answered YES, then proceed to the next question.  If you answered NO, skip Questions 3-12 and proceed to SECTION C, Question 13.*

3.    Did the FTC prove by a preponderance of the evidence that any of the following flows did not clearly and conspicuously disclose all material terms of Prime?

|  | Yes | No |
|---|---|---|
| Exhibit # |  |  |
| Exhibit # |  |  |
| Exhibit # |  |  |
| Exhibit # |  |  |
| Exhibit # |  |  |
| Exhibit # |  |  |
| Exhibit # |  |  |
| Exhibit # |  |  |

*Proceed to the next question.*

5.    Did the FTC prove by a preponderance of the evidence that Amazon had knowledge that its actions violated ROSCA's requirement to clearly and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

conspicuously disclose all material terms of Prime before obtaining consumers' billing information?

| Yes | No |
| --- | --- |
|  |  |

*If you answered YES, then proceed to the next question. If you answered NO, skip Question 6 and proceed to Question 7.*

6.    Did the FTC prove by a preponderance of the evidence that Amazon had knowledge that its actions were unfair or deceptive?

| Yes | No |
| --- | --- |
|  |  |

*Proceed to the next question.*

7.    Did the FTC prove by a preponderance of the evidence that Neil Lindsay is individually liable for Amazon not clearly and conspicuously disclosing all material terms of Prime before obtaining consumers' billing information?

| Yes | No |
| --- | --- |
|  |  |

*If you answered YES, then proceed to the next question. If you answered NO, skip Questions 8 - 9 and proceed to Question 10.*

8.    Did the FTC prove by a preponderance of the evidence that Neil Lindsay had knowledge that his actions violated ROSCA's requirement to clearly

and conspicuously disclose all material terms of Prime before obtaining consumers' billing information?

| Yes | No |
| --- | --- |
|  |  |

*Proceed to the next question.*

9. Did the FTC prove by a preponderance of the evidence that Russell Grandinetti is individually liable for Amazon not clearly and conspicuously disclosing all material terms of Prime before obtaining consumers' billing information?

| Yes | No |
| --- | --- |
|  |  |

*If you answered YES, then proceed to the next question. If you answered NO, skip Question 10 and proceed to Question 11.*

10. Did the FTC prove by a preponderance of the evidence that Russell Grandinetti had knowledge that his actions violated ROSCA's requirement to clearly and conspicuously disclose all material terms of Prime before obtaining consumers' billing information?

| Yes | No |
| --- | --- |
|  |  |

*Proceed to the next question.*

11. Did the FTC prove by a preponderance of the evidence that Jamil

Ghani is individually liable for Amazon not clearly and conspicuously disclosing all material terms of Prime before obtaining consumers' billing information?

| Yes | No |
|-----|-----|
|     |     |

*If you answered YES, then proceed to the next question. If you answered NO, skip Question 12 and proceed to SECTION C, Question 13.*

12.    Did the FTC prove by a preponderance of the evidence that Jamil Ghani had knowledge that his actions violated ROSCA's requirement to clearly and conspicuously disclose all material terms of Prime before obtaining consumers' billing information?

| Yes | No |
|-----|-----|
|     |     |

*Proceed to SECTION C, Question 13.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

SECTION C: Count III

13.    Did the FTC prove by a preponderance of the evidence that Amazon did not obtain a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for Prime?

| Yes | No |
|-----|-----|
|     |     |

*If you answered YES, then proceed to the next question.  If you answered NO, skip Questions 14-22 and proceed to SECTION D, Question 23.*

14.    Did the FTC prove by a preponderance of the evidence that any of the following flows did not obtain a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for Prime?

|              | Yes | No |
|--------------|-----|-----|
| Exhibit DX#  |     |     |
| Exhibit DX#  |     |     |
| Exhibit DX#  |     |     |
| Exhibit DX#  |     |     |
| Exhibit DX#  |     |     |
| Exhibit DX#  |     |     |
| Exhibit DX#  |     |     |
| Exhibit DX#  |     |     |

*Proceed to the next question.*

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS                    .
Case No. 2:23-cv-0932-JHC - 70

15.    Did the FTC prove by a preponderance of the evidence that Amazon had knowledge that its actions violated ROSCA's requirement to obtain a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account?

| Yes | No |
|-----|-----|
|     |     |

*If you answered YES, then proceed to the next question.  If you answered NO, skip Question 16 and proceed to Question 17.*

16.    Did the FTC prove by a preponderance of the evidence that Amazon had knowledge that its actions were unfair or deceptive?

| Yes | No |
|-----|-----|
|     |     |

*Proceed to the next question.*

17.    Did the FTC prove by a preponderance of the evidence that Neil Lindsay is individually liable for Amazon not obtaining a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for Prime?

| Yes | No |
|-----|-----|
|     |     |

*If you answered YES, then proceed to the next question.  If you answered NO, skip Question 18 and proceed to Question 19.*

JOINT STATEMENT OF DISPUTED
JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC - 71

18.    Did the FTC prove by a preponderance of the evidence that Neil
Lindsay had knowledge that his actions violated ROSCA's requirement to obtain a
consumer's express informed consent before charging the consumer's credit card,
debit card, bank account, or other financial account?

| Yes | No |
|-----|-----|
|     |     |

*Proceed to the next question.*

19.    Did the FTC prove by a preponderance of the evidence that Russell
Grandinetti is individually liable for Amazon not obtaining a consumer's express
informed consent before charging the consumer's credit card, debit card, bank
account, or other financial account for Prime?

| Yes | No |
|-----|-----|
|     |     |

*If you answered YES, then proceed to the next question.  If you answered
NO, skip Question 20 and proceed to Question 21.*

20.    Did the FTC prove by a preponderance of the evidence that Russell
Grandinetti had knowledge that his actions violated ROSCA's requirement to

obtain a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account?

| Yes | No |
|-----|-----|
|     |     |

*Proceed to the next question.*

21.    Did the FTC prove by a preponderance of the evidence that Jamil Ghani is individually liable for Amazon not obtaining a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for Prime?

| Yes | No |
|-----|-----|
|     |     |

*If you answered YES, then proceed to the next question.  If you answered NO, skip Question 22 and proceed to SECTION D, Question 23.*

22.    Did the FTC prove by a preponderance of the evidence that Jamil Ghani had knowledge that his actions violated ROSCA's requirement to obtain a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account?

| Yes | No |
|-----|-----|
|     |     |

*Proceed to SECTION D, Question 23.*

SECTION D: Count IV

23.    Did the FTC prove by a preponderance of the evidence that Amazon did not offer a simple mechanism to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account?

| Yes | No |
|-----|-----|
|  |  |

*If you answered YES, then proceed to the next question.  If you answered NO, do not answer any more questions.*

24.    Did the FTC prove by a preponderance of the evidence that any of the following flows are not simple?

|  | Yes | No |
|-----|-----|-----|
| Exhibit DX# |  |  |
| Exhibit DX# |  |  |
| Exhibit DX# |  |  |
| Exhibit DX# |  |  |
| Exhibit DX# |  |  |
| Exhibit DX# |  |  |
| Exhibit DX# |  |  |
| Exhibit DX# |  |  |

*Proceed to the next question.*

25.    Did the FTC prove by a preponderance of the evidence that Amazon had knowledge that its actions violated ROSCA's requirement to offer a simple

mechanism to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account?

| Yes | No |
| --- | --- |
|  |  |

*If you answered YES, then proceed to the next question.  If you answered NO, skip Question 26 and proceed to Question 27.*

26.    Did the FTC prove by a preponderance of the evidence that Amazon had knowledge that its actions were unfair or deceptive?

| Yes | No |
| --- | --- |
|  |  |

*Proceed to the next question.*

27.    Did the FTC prove by a preponderance of the evidence that Neil Lindsay is individually liable for Amazon not offering a simple mechanism to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account?

| Yes | No |
| --- | --- |
|  |  |

*If you answered YES, then proceed to the next question.  If you answered NO, skip Question 28 and proceed to Question 29.*

29.    Did the FTC prove by a preponderance of the evidence that Neil Lindsay had knowledge that his actions violated ROSCA's requirement to offer a

simple mechanism to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account?

| Yes | No |
|-----|----|
|     |    |

*Proceed to the next question.*

30.    Did the FTC prove by a preponderance of the evidence that Russell Grandinetti is individually liable for Amazon not offering a simple mechanism to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account?

| Yes | No |
|-----|----|
|     |    |

*If you answered YES, then proceed to the next question.  If you answered NO, skip Question 31 and proceed to Question 32.*

47.    Did the FTC prove by a preponderance of the evidence that Russell Grandinetti had knowledge that his actions violated ROSCA's requirement to offer a simple mechanism to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account?

| Yes | No |
|-----|----|
|     |    |

*Proceed to the next question.*

49.    Did the FTC prove by a preponderance of the evidence that Jamil

Ghani is individually liable for Amazon not offering a simple mechanism to stop

recurring charges from being placed on the consumer's credit card, debit card,

bank account, or other financial account?

| Yes | No |
| --- | --- |
|  |  |

*If you answered YES, then proceed to the next question.  If you answered NO, do not answer any more questions.*

51.    Did the FTC prove by a preponderance of the evidence that Jamil Ghani had knowledge that his actions violated ROSCA's requirement to offer a simple mechanism to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account?

| Yes | No |
| --- | --- |
|  |  |

*Do not answer any more questions.*

**FTC's Objection:**  The FTC objects to Amazon's proposed verdict form generally, as many of the questions posed are improper for the same reasons as discussed throughout the objections to Defendants' proposed jury instruction language.  For example, the FTC objects to Defendants' proposed instructions on the FTC's claims, and defined terms related to those claims, because Defendants misstate the law and erroneously suggest that certain issues for the Court to determine are instead issues of fact for the trier of fact to determine.  *See,* for example, FTC's objections to Defendants' proposed instructions on Count II, Material Terms – Defined, Clearly

1   and Consciously – Defined, Count III, ROSCA – Negative Option Feature, and Count IV, *supra*.

2   The FTC objects to Amazon's corresponding questions in its proposed verdict form that are

3   based upon those instructions, for the same reasons that it objects to the proposed instructions

4   themselves.  The FTC further specifically objects to Defendants' proposed verdict form to the

5   extent that it suggests that the FTC is required to introduce all of the hundreds of substantially

6   similar flows into evidence, for the reasons discussed in its Motion to Establish That No Material

7   Differences Exist Between Certain Representative Flows and Establish Certain Facts.

8   incorporated herein by reference.  *See* Dkt. 462 at 1, 4-9.

Dated:  September 15, 2025.          /s/ *Rachel F. Sifuentes*
                                     JONATHAN COHEN (DC Bar # 483454)
                                     EVAN MENDELSON (DC Bar #996765)
                                     OLIVIA JERJIAN (DC Bar #1034299)
                                     JONATHAN WARE (DC Bar #989414)
                                     ANTHONY SAUNDERS (NJ Bar #008032001)
                                     SANA CHAUDHRY (NY Bar #5284807)
                                     ELI FREEDMAN (CA Bar #345432)

                                     Federal Trade Commission
                                     600 Pennsylvania Avenue NW
                                     Washington DC 20580

                                     (202) 326-2551 (Cohen); -3320 (Mendelson); -2726
                                     (Ware); -2749 (Jerjian); -2917 (Saunders); -2679
                                     (Chaudhry); -2030 (Freedman)

                                     JCohen2@ftc.gov; EMendelson@ftc.gov;
                                     JWare1@ftc.gov; OJerjian@ftc.gov;
                                     ASaunders@ftc.gov; SChaudhry@ftc.gov;
                                     EFreedman@ftc.gov

                                     COLIN D. A. MACDONALD (WSBA # 55243)
                                     Federal Trade Commission
                                     915 Second Ave., Suite 2896
                                     Seattle, WA 98174
                                     (206) 220-4474; CMacdonald@ftc.gov

                                     RACHEL F. SIFUENTES
                                     (IL Bar #6304016; CA Bar #324403)
                                     Federal Trade Commission
                                     230 S. Dearborn St., Room 3030
                                     Chicago, IL 60604
                                     (312) 960-5617; RSifuentes@ftc.gov

                                     JEFFREY TANG (CA Bar #308007)
                                     Federal Trade Commission
                                     10990 Wilshire Boulevard, Suite 400
                                     Los Angeles, CA 90024
                                     (310) 824-4303; JTang@ftc.gov

                                     Attorneys for Plaintiff
                                     FEDERAL TRADE COMMISSION

1

DAVIS WRIGHT TREMAINE LLP

2

By s/ *Jim Howard*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
jimhoward@dwt.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5105
E-mail: santhony@cov.com
        lflahivewu@cov.com
        lkim@cov.com
        jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1163
Email: alinderot@cov.com

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
        mkaba@hueston.com
        jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM,
INC., NEIL LINDSAY, RUSSELL
GRANDINETTI, AND JAMIL GHANI