UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC; NEIL LINDSAY, individually and as an officer of Amazon.com, Inc.; RUSSELL GRANDINETTI, individually and as an officer of Amazon.com, Inc.; JAMIL GHANI, individually and as an officer of Amazon.com, Inc.,<br><br>Defendant. | CASE NO. 2:23-cv-00932-JHC<br><br>PRELIMINARY JURY INSTRUCTIONS |

### **PRELIMINARY JURY INSTRUCTIONS**

Dated this 18th day of September, 2025.

*[signature]*
John H. Chun
United States District Judge

PRELIMINARY JURY INSTRUCTIONS - 1

## JURY INSTRUCTION NO. 1

### Duty of Jury

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Source/Authority:** 9th Cir. Civ. Jury Instr. § 1.2 (2017).

## JURY INSTRUCTION NO. 2

**Introduction to Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This action is brought by the Federal Trade Commission, a law enforcement agency of the United States government, against four Defendants: Amazon.com, Inc., Jamil Ghani, Neil Lindsay, and Russell Grandinetti. I may sometimes refer to the Federal Trade Commission as the "FTC." I may sometimes refer to Amazon.com, Inc. as "Amazon." I may also refer to Jamil Ghani, Neil Lindsay, and Russell Grandinetti as the "Individual Defendants."

In this case, the FTC alleges that the Defendants violated the Restore Online Shoppers' Confidence Act (also known as ROSCA) and the Federal Trade Commission Act (also known as the FTC Act) in connection with certain enrollment and cancellation processes for Amazon Prime. The FTC claims that Amazon failed to clearly and conspicuously disclose all material terms, failed to obtain express informed consent, and failed to provide simple mechanisms for consumers to stop recurring charges.

The FTC also alleges that each Individual Defendant is individually liable for Amazon's conduct because each person directly participated in, or had the authority to control, the unlawful acts or practices. The FTC further alleges that each Individual Defendant is liable for Amazon's conduct because each person had actual knowledge of the misrepresentations involved or was recklessly indifferent to the truth or falsity of the misrepresentations.

The FTC has the burden of proving all these claims. The Defendants deny the FTC's claims. These are only the positions of the parties and are not evidence of any violation or compliance.

**Source/Authority:** 9th Cir. Civ. Jury Instr. § 1.5 (2017).

## JURY INSTRUCTION NO. 3

### Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.6 (2017).

**JURY INSTRUCTION NO. 4**

**Two or More Parties – Different Legal Rights**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.8 (2017).

PRELIMINARY JURY INSTRUCTIONS - 5

## JURY INSTRUCTION NO. 5

### What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.9 (2017) (modified for future tense).

## JURY INSTRUCTION NO. 6

### What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.10 (2017) (modified for future tense).

## JURY INSTRUCTION NO. 7

### Evidence for Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.11 (2017) (modified for giving at outset of trial).

## JURY INSTRUCTION NO. 8

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.12 (2017) (modified to include illustrative example).

PRELIMINARY JURY INSTRUCTIONS - 9

## JURY INSTRUCTION NO. 9

### Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.13 (2017).

## JURY INSTRUCTION NO. 10

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

PRELIMINARY JURY INSTRUCTIONS - 11

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.14 (2017).

PRELIMINARY JURY INSTRUCTIONS - 12

## JURY INSTRUCTION NO. 11

### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary

PRELIMINARY JURY INSTRUCTIONS - 13

about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, requiring the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.15 (2025) (modified to include optional language).

PRELIMINARY JURY INSTRUCTIONS - 14

## JURY INSTRUCTION NO. 12

### Lawyers Will Not Interact With Jurors

You may notice during the trial that you will pass a lawyer or party to the case in the hall or the elevator, or in the street outside, and you will not be greeted. If that happens it does not reflect any impoliteness. One of the customs of the court is that parties and lawyers do not greet jurors. The purpose is to avoid any impression of trying to curry favor with a juror.

**Source/Authority**: *Spurlock v. State Farm Fire and Casualty Company*, Case No. 2:23-cv-467, Dkt. 101 (Preliminary Jury Instructions) (W.D. Wash. Jan. 6, 2026).

PRELIMINARY JURY INSTRUCTIONS - 15

**JURY INSTRUCTION NO. 13**

**No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.17 (2017).

PRELIMINARY JURY INSTRUCTIONS - 16

## JURY INSTRUCTION NO. 14

### Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.18 (2017) (modified to include optional language).

PRELIMINARY JURY INSTRUCTIONS - 17

**JURY INSTRUCTION NO. 15**

**Questions to Witnesses by Jurors**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.19 (2019) (Option 1).

PRELIMINARY JURY INSTRUCTIONS - 18

## JURY INSTRUCTION NO. 16

### Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.20 (2017).

**JURY INSTRUCTION NO. 17**

**Outline of Trial**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source/Authority**:  9th Cir. Civ. Jury Instr. § 1.21 (2017).

PRELIMINARY JURY INSTRUCTIONS - 20