The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC., *et al*.<br><br>　　Defendants. | Case No. 2:23-cv-0932-JHC<br><br>**PLAINTIFF'S PROPOSED AMENDMENT TO PRELIMINARY JURY INSTRUCTIONS** |

Pursuant to this Court's September 17, 2025 Order granting in part and denying in part Plaintiff Federal Trade Commission's ("FTC") motion for partial summary judgment, Dkt. # 490), the FTC respectfully submits the following proposed amendment to the Court's Preliminary Jury Instructions.[1]  Dkt. # 492.  A copy of this proposed amended jury instruction is also being submitted to the Court as a Word document.  A redline showing the changes between the Court's Preliminary Jury Instructions and the FTC's proposal is attached as **Exhibit A** to this motion.

---

[1] The FTC will amend its proposed jury instructions for the rest of trial in due course, based on the Court's September 17, 2025 Order and any additional upcoming rulings.

PLAINTIFF'S PROPOSED AMENDMENT
TO PRELIMINARY JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551

1   Counsel for the FTC met and conferred on this proposed jury instruction change via
2   email on September 18 and September 19, 2025, and telephonically on September 19, 2025.
3   Counsel for Defendants Amazon.com, Inc., Neil Lindsay, Russell Grandinetti, and Jamil Ghani
4   (collectively, "Defendants") do not oppose the deletion of the language regarding the Federal
5   Trade Commission Act from the instructions, but oppose all other changes proposed by the FTC.
6   Defense counsel further represented that Defendants intend to file a motion addressing the basis
7   of their opposition.

PLAINTIFF'S PROPOSED AMENDMENT
TO PRELIMINARY JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551

# JURY INSTRUCTION NO. 2

## Introduction to Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This action is brought by the Federal Trade Commission, a law enforcement agency of the United States government, against four Defendants: Amazon.com, Inc., Jamil Ghani, Neil Lindsay, and Russell Grandinetti. I may sometimes refer to the Federal Trade Commission as the "FTC." I may sometimes refer to Amazon.com, Inc. as "Amazon." I may also refer to Jamil Ghani, Neil Lindsay, and Russell Grandinetti as the "Individual Defendants."

In this case, the FTC alleges that the Defendants violated the Restore Online Shoppers' Confidence Act (also known as ROSCA) in connection with certain enrollment and cancellation processes for Amazon Prime. The FTC claims that Amazon does not make clear and conspicuous disclosures of Prime's material terms before obtaining a customer's billing information, as required by ROSCA. I have already ruled in the FTC's favor on that claim, on the grounds that Amazon failed to make the disclosures before obtaining a customer's billing information.

The FTC also claims that Amazon failed to obtain express informed consent for Prime subscriptions, and failed to provide simple mechanisms for consumers to stop recurring charges. Those claims are for you, the jury, to decide.

The FTC also alleges that each Individual Defendant is individually liable for Amazon's conduct because each person directly participated in, or had the authority to control, the unlawful acts or practices. The FTC further alleges that each Individual Defendant is liable for Amazon's conduct because each person had actual knowledge of the misrepresentations involved or was

PLAINTIFF'S PROPOSED AMENDMENT
TO PRELIMINARY JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551

recklessly indifferent to the truth or falsity of the misrepresentations.

I have already ruled that Defendants Neil Lindsay and Jamil Ghani are individually liable for Amazon's failure to disclose all material terms of Prime before obtaining consumers' billing information, and any other violations of ROSCA that the FTC establishes at trial. The question for you, the jury, with respect to the claims that I have not already ruled upon is whether Amazon violated the law, and, if so, whether Defendant Russell Grandinetti is also individually liable for Amazon's conduct.

The FTC has the burden of proving all these claims on which I have not already ruled. The Defendants deny the FTC's claims. These are only the positions of the parties and are not evidence of any violation or compliance.

**Source/Authority**: 9th Cir. Civ. Jury Instr. § 1.5 (2017); Sept. 17, 2025 Order, Dkt. 492, at 19-23, 30-32.

PLAINTIFF'S PROPOSED AMENDMENT
TO PRELIMINARY JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551

**EXHIBIT A**

**JURY INSTRUCTION NO. 2**

**Introduction to Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This action is brought by the Federal Trade Commission, a law enforcement agency of the United States government, against four Defendants: Amazon.com, Inc., Jamil Ghani, Neil Lindsay, and Russell Grandinetti. I may sometimes refer to the Federal Trade Commission as the "FTC." I may sometimes refer to Amazon.com, Inc. as "Amazon." I may also refer to Jamil Ghani, Neil Lindsay, and Russell Grandinetti as the "Individual Defendants."

In this case, the FTC alleges that the Defendants violated the Restore Online Shoppers' Confidence Act (also known as ROSCA) ~~and the Federal Trade Commission Act (also known as the FTC Act)~~ in connection with certain enrollment and cancellation processes for Amazon Prime. The FTC claims that Amazon ~~failed to clearly and conspicuously disclose all~~ does not make clear and conspicuous disclosures of Prime's material terms, ~~failed to obtain express informed consent, and failed to provide simple mechanisms for consumers to stop recurring charges.~~ before obtaining a customer's billing information, as required by ROSCA. I have already ruled in the FTC's favor on that claim, on the grounds that Amazon failed to make the disclosures before obtaining a customer's billing information.

The FTC also claims that Amazon failed to obtain express informed consent for Prime subscriptions, and failed to provide simple mechanisms for consumers to stop recurring charges. Those claims are for you, the jury, to decide.

The FTC also alleges that each Individual Defendant is individually liable for Amazon's

PLAINTIFF'S PROPOSED AMENDMENT
TO PRELIMINARY JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551

1  conduct because each person directly participated in, or had the authority to control, the unlawful
2  acts or practices. The FTC further alleges that each Individual Defendant is liable for Amazon's
3  conduct because each person had actual knowledge of the misrepresentations involved or was
4  recklessly indifferent to the truth or falsity of the misrepresentations.
5       I have already ruled that Defendants Neil Lindsay and Jamil Ghani are individually liable
6  for Amazon's failure to disclose all material terms of Prime before obtaining consumers' billing
7  information, and any other violations of ROSCA that the FTC establishes at trial. The question
8  for you, the jury, with respect to the claims that I have not already ruled upon is whether Amazon
9  violated the law, and, if so, whether Defendant Russell Grandinetti is also individually liable for
10 Amazon's conduct.
11      The FTC has the burden of proving all these claims, on which I have not already ruled.
12 The Defendants deny the FTC's claims. These are only the positions of the parties and are not
13 evidence of any violation or compliance.

PLAINTIFF'S PROPOSED AMENDMENT
TO PRELIMINARY JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551

Dated: September 19, 2025.

/s/ *Rachel F. Sifuentes*
JONATHAN COHEN (DC Bar # 483454)
EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
JONATHAN WARE (DC Bar #989414)
ANTHONY SAUNDERS (NJ Bar #008032001)
SANA CHAUDHRY (NY Bar #5284807)
ELI FREEDMAN (CA Bar #345432)

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580

(202) 326-2551 (Cohen); -3320 (Mendelson); -2726 (Ware); -2749 (Jerjian); -2917 (Saunders); -2679 (Chaudhry); -2030 (Freedman)

JCohen2@ftc.gov; EMendelson@ftc.gov; JWare1@ftc.gov; OJerjian@ftc.gov; ASaunders@ftc.gov; SChaudhry@ftc.gov; EFreedman@ftc.gov

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; CMacdonald@ftc.gov

RACHEL F. SIFUENTES
(IL Bar #6304016; CA Bar #324403)
Federal Trade Commission
230 S. Dearborn St., Room 3030
Chicago, IL 60604
(312) 960-5617; RSifuentes@ftc.gov

JEFFREY TANG (CA Bar #308007)
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
(310) 824-4303; JTang@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S PROPOSED AMENDMENT
TO PRELIMINARY JURY INSTRUCTIONS
Case No. 2:23-cv-0932-JHC

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 326-2551