UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC; NEIL LINDSAY, individually and as an officer of Amazon.com, Inc.; RUSSELL GRANDINETTI, individually and as an officer of Amazon.com, Inc.; JAMIL GHANI, individually and as an officer of Amazon.com, Inc.,<br><br>Defendant. | CASE NO. 2:23-cv-00932-JHC<br><br>ORDER |

This matter comes before the Court on Defendant Amazon.com, Inc.'s Motion to Quash Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action. Dkt. # 468. Amazon asks the Court to quash a Rule 45 subpoena that commands "Amazon.com, Inc." to attend and testify at the parties' upcoming trial. *See* Fed R. Civ. P. 45; Dkt. # 469 at 34–37. The FTC responds that the subpoena is authorized by the Federal Rules of Civil Procedure and should not be quashed or modified. Dkt. # 496. For the reasons below, the Court GRANTS the motion.

ORDER - 1

The Court grants the motion on two separate and independent grounds: the subpoena is both unduly burdensome and untimely.[1]

Rule 45 provides,

A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

    (i) is a party or a party's officer; or

    (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).

*Burden.* As the FTC notes, "courts have found such subpoenas [to business entities] particularly appropriate when they do not require a corporate designee to testify beyond topics already covered in discovery." Dkt. # 496 at 5. And the FTC reiterates that "courts have held that subpoenas to unnamed corporate designees do not run afoul of Rule 45 where they are limited to topics already covered in discovery." *Id.* at 7.

Although the FTC now says that the subpoena "does not require any testimony on new topics that had not been the subject of pretrial discovery or which were not noticed for prior corporate depositions and investigational hearings" and it "only seeks a witness on matters that have been subject to such discovery and indeed that the FTC previously noticed for its 30(b)(6) depositions," the subpoena at issue plainly does not include these limitations. Dkt. ## 496 at 4; 469 at 35. The subpoena issued by the FTC commands Amazon to appear at trial and includes no limitation on the topics that the agency can ask it about. Dkt. # 469 at 35. There does not

---

[1] The parties dispute whether the term "person" in Rule 45 includes business entities like Amazon. *See* Dkt. ## 468, 496. The Court need not reach this issue.

ORDER - 2

appear to be support in the caselaw cited by the FTC for a subpoena to a corporation that is this broad under Rule 45—even if the subpoena listed the many Rule 30(b)(6) topics previously noticed, which it does not.  Nor does the FTC explain the value of the information sought.  Nor does it explain the potential mechanics of complying with the subpoena; presumably, no single witness could cover all of the Rule 30(b)(6) topics.  Given the burden to Amazon, the Court quashes the subpoena.  Fed. R. Civ. P. 45(d)(3)(A)(iv); *see Stemmlin v. Matterport, Inc.*, 2023 WL 411354, at *2 (N.D. Cal. Jan. 25, 2023) ("[A]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[.]") (internal citations omitted).

*Timeliness.*  WAWD Local Rule 16(h) likewise required Plaintiffs, "[n]ot later than 30 days prior to the date for filing the proposed pretrial order," to serve Defendants with "[t]he names and addresses of all witnesses who might be called by plaintiff, and the general nature of the expected testimony of each."  LCR 16(h).  The proposed pretrial order was due by September 2, 2025.  Dkt. # 199.  And the FTC did not serve Defendants with a witness list that included Amazon.com, Inc. until August 12, 2025.  Dkt. # 469 at 2.  Thus, the FTC failed to meet the deadline imposed by the Local Rules.  The FTC does not acknowledge this oversight or offer any explanation for this untimeliness in its motion.  *See generally* Dkt. # 496; *cf.* Dkt. # 474 at 2 (order granting FTC's motion to exclude untimely disclosed fact witnesses).

Thus, the Court GRANTS the motion.

Dated this 19th day of September, 2025.

John H. Chun
United States District Judge

ORDER - 3