The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>　　　　Defendants. | No. 2:23-cv-00932-JHC<br><br>DEFENDANTS' OBJECTION TO THE FTC'S PROPOSED AMENDMENT TO JURY INSTRUCTION NO. 2 AND MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY, AND REFERENCES TO THE COURT'S RULINGS ON SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR:<br>September 22, 2025 |

## I.    INTRODUCTION

Defendants respectfully move *in limine* for an order excluding from the jury trial any testimony, argument, or references to the Court's summary judgment order, its reasoning, or its holdings. *See* Dkt. 490. Courts regularly exclude parties from referring to summary judgment decisions because prior court decisions are not relevant and highly prejudicial.

By definition, what happened at summary judgment is irrelevant to the fact issues that remain for the jury to decide, and the "admission of such evidence is highly prejudicial." *Jamison Sorenson v. Nat'l R.R. Passenger Corp. dba Amtrak*, 2021 WL 3415989, at *2 (C.D. Cal. Mar. 25, 2021). Indeed, admitting such information would be reversible error. *See Maffei v. N. Ins. Co. of New York*, 12 F.3d 892, 897 (9th Cir. 1993) ("Reversal is necessary if the erroneous exclusion (or admission) caused prejudice."). In addition, the Defendants will be filing

DEFS.' OBJECTION AND MIL
(2:23-cv-00932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

a motion for reconsideration related to individual liability, which is another reason not to permit any evidence, argument, or testimony regarding the summary judgment ruling.

The FTC's pending attempt to insert references to the summary judgment decision in the jury instructions demonstrates exactly why the Court should exclude this evidence under Federal Rules of Evidence 401, 402, and 403. The FTC's proposed amendment to Jury Instruction No. 2, filed today, seeks to improperly influence the jury on the open liability questions by mischaracterizing the Court's summary judgment holdings on two issues: (1) ROSCA's clear and conspicuous disclosure requirement; and (2) the liability of Individual Defendants Jamil Ghani and Neil Lindsay. Accordingly, this motion also objects to the FTC's proposal, Dkt. 504, and asks the Court adopt the Defendants' proposed revisions to Jury Instruction No. 2. Appendix 1. Good cause exists to consider the present Motion after the pretrial motion *in limine* deadline given the FTC did not ask the Court to insert into the jury instructions references to the summary judgment decision until today.

On September 19, 2025, Defendants conferred with counsel for the FTC regarding this motion. *See* Declaration of Cassidy O'Sullivan ¶¶ 2–4. FTC counsel indicated that they opposed the motion *in limine* to exclude evidence, argument, or references to the Court's summary judgment decision.

## II.    ARGUMENT

The Court should preclude any mention of the summary judgment order at trial, because the Court's prior rulings are not evidence and are irrelevant and prejudicial.

The Court's summary judgment order is not relevant to the fact issues the jury must decide at trial. The FTC itself conceded that "[m]atters resolved on summary judgment through a finding that no genuine dispute exists as to any material fact, as well as any conclusions of law, are not before the jury." Dkt. 425 at 36 (citing Fed. R. Evid. 401, 402, and 403). The issues granted in the Court's order have already been resolved as a matter of law, so the jury need not resolve them, and they have no bearing on the factual issues remaining in the case. *See, e.g., CDA of America, Inc. v. Midland Life Ins. Co.*, 2006 WL 5349266, at *13 (S.D. Ohio Mar. 27,

DEFS.' OBJECTION AND MIL
(2:23-cv-00932-JHC) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2006) ("evidence of or references to" statements made in the court's summary judgment order "do not have a tendency to make the existence of any fact … more or less probable."). The parties' own characterizations of the Court's legal conclusions or reasoning at summary judgment are also irrelevant.

Moreover, any discussion of the Court's factual conclusions or reasoning at summary judgment are likely to prejudice the jury. Jurors place great significance on the Court's pronouncements. And the FTC's proposed amendment to Instruction No. 2 reveals that it plans to present to the jury inflammatory characterizations of the Court's holdings that will improperly influence the jury's consideration of the remaining triable issues to Defendants' detriment, as further explained below. *SEC v. Retail Pro, Inc.*, 2011 WL 589828, at \*4 (S.D. Cal. Feb. 10, 2011) (excluding evidence of, or reference to, the Court's summary judgment order because it "present[ed] a substantial risk of jury confusion and unfair prejudice" to defendant).

For these reasons, courts regularly exclude information about summary judgment from trial. *See, e.g.*, *Campbell v. Union Pac. R.R. Co.*, 2021 WL 1341037, at \*4 (D. Idaho Apr. 9, 2021) ("[A]ny reference to or mention of summary judgment ... would be highly prejudicial."); *Johnson v. Cnty. of Santa Clara*, 2024 WL 477532, at \*5 (N.D. Cal. Feb. 7, 2024) (excluding evidence or argument about issues decided in defendants' favor at summary judgment); *Oyarzo v. Tuolumne Fire Dist.*, 2013 WL 5718882, at \*9 (E.D. Cal. Oct. 18, 2013) ("The fact that Defendants['] motion for summary judgment has been granted in respect to certain claim or defendants is irrelevant and the admission of such evidence is highly prejudicial."); *Retail Pro, Inc.*, 2011 WL 589828, at \*4; *CDA of America, Inc. v. Midland Life Ins. Co.*, 2006 WL 5349266, at \*13 ("the Order and Opinion is too prejudicial to introduce to the jury at trial"); *Clipco, Ltd. v. Ignite Design, LLC*, 2005 WL 2861032 at \*2 (N.D. Ill. Oct. 28, 2005) (granting motion in limine to exclude reference to the court's summary judgment ruling because "the jury will be the finder of fact based on the evidence at trial"). This Court should do the same.

DEFS.' OBJECTION AND MIL
(2:23-cv-00932-JHC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The FTC's proposal to amend Jury Instruction No. 2, Dkt. 504, perfectly illustrates the point.[1]

***Clear and Conspicuous Disclosure Requirement.*** The FTC's proposed amendment to Instruction No. 2's paragraph on the clear and conspicuous disclosure requirement poses multiple problems.

*First*, the FTC's amendment is incorrect and would therefore confuse and prejudice the jury. The FTC does "claim[] that Amazon does not make clear and conspicuous disclosures of Prime's material terms before obtaining a customer's billing information, as required by ROSCA." Dkt. 504 at 3. But, contrary to the FTC's proposed instruction, this Court has *not* "already ruled in the FTC's favor on that claim." *Id.* Rather, the Court ruled in favor of the FTC on the question of timing, but it "denie[d] both sides' motions for summary judgment on whether Defendants 'clearly and conspicuously' disclose Prime's material terms." Dkt. 490 at 21-22. By suggesting that the Court ruled in favor of the FTC on the whole claim—rather than a discrete part of the claim—the FTC's instruction (at best) confuses the jury about what the court decided and remains to be decided and (at worst) suggests that the jury must hold the Defendants liable on the whole claim. To avoid these problems, the Court need not mention the summary judgment decision at all in its instructions (just like it does not mention the motion to dismiss or other decisions by this Court). Instead, the instruction should simply tell the jury (as the Defendants propose) that the FTC has alleged that Amazon did not make clear and conspicuous disclosures of Prime's terms.

*Second*, the FTC's added language is irrelevant. The Court's grant of summary judgment on the timing of Amazon's disclosures is irrelevant to whether those disclosures are clear and conspicuous (or any other issue): whether Amazon failed to disclose Prime's material terms

---

[1] The Defendants do not object to the FTC's proposal to delete the instruction's reference to the FTC's Federal Trade Commission Act claim. *See* Dkt. 504 at 5. The Court has ordered that this claim (which is Count I of the Amended Complaint) "must be submitted to the Court, not the jury. Dkt. 497 at 1. For the same reason that the FTC has removed that instruction, all references to issues decided at summary judgment should be removed. None of them are before the jury anymore.

DEFS.' OBJECTION AND MIL
(2:23-cv-00932-JHC) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

before collecting billing information makes no triable fact more or less likely. And instructing the jury on the Court's summary judgment ruling serves no other conceivable purpose—the jury can simply be informed about what is before it.

*Third*, instructing the jury that Amazon has been held liable would be prejudicial to the Defendants, because, as described above, a jury may be influenced to rule against a party on the issues it *is* deciding once it learns of the Court's ruling on issues the Court has decided. *See, e.g., United States v. Middlebrooks*, 618 F.2d 273, 277 (5th Cir. 1980) ("It is well known that juries are highly sensitive to every utterance by the trial judge.") (cleaned up).

***Individual Defendants.*** The FTC's proposed amendment regarding the Individual Defendants must be rejected for the same reasons stated above—and additional ones.

To start, Mr. Lindsay and Mr. Ghani plan to file a motion for reconsideration of the Court's summary judgment rulings relating to them. That motion will argue, among other things, that (1) the Court clearly erred in holding as a matter of law that Lindsay and Ghani are personally liable to the extent Amazon is liable, particularly when it ruled there are facts in dispute as to Amazon's liability and when there are significant facts in dispute as to what the Individual Defendants knew and thought; and (2) that the Court clearly erred if it ruled that Lindsay and Ghani can be liable for the timing of Amazon's billing disclosures. Although the FTC's instruction characterizes the Court's order to have imposed liability on Lindsay and Ghani on this issue, the Court's ruling does not appear to do so. It does not state that Lindsay and Ghani are liable for the timing of when Amazon collects billing information, and it cites no evidence that either individual controlled, was directly involved in, or knew about the timing of Amazon's billing disclosures. This motion for reconsideration is unlikely to be resolved in advance of the jury hearing Instruction No. 2. To permit the Court time to consider the reconsideration motion and to avoid confusion, the Court should not instruct the jury on the content of the Court's summary judgment ruling—and certainly not at the trial's outset.

There are other problems with the FTC's proposed instruction. *First*, an instruction by this Court that "I have already ruled that Defendants Neil Lindsay and Jamil Ghani are

DEFS.' OBJECTION AND MIL  
(2:23-cv-00932-JHC) - 5

Davis Wright Tremaine LLP  
LAW OFFICES  
920 Fifth Avenue, Suite 3300  
Seattle, WA 98104-1610  
206.622.3150 main · 206.757.7700 fax

1 individually liable for Amazon's failure to disclose all material terms of Prime before obtaining
2 consumers' billing information, and any other violations of ROSCA that the FTC establishes at
3 trial," Dkt. 504 at 4, is "highly prejudicial." *Oyarzo*, 2013 WL 5718882, at *9. The mere
4 statement that this Court has "already ruled" that two Defendants "are ... liable" is likely to push
5 the jury toward finding that those two Defendants—as well as the other two (Amazon and Mr.
6 Grandinetti)—are similarly liable on other issues. But the issues the Court already decided, and
7 the issues that remain to be decided by the jury, are—and should stay—distinct. And for the
8 reasons explained above, they are irrelevant to the jury's decision.

*Second*, the FTC's instruction risks confusing the jury. It gives the jury muddled information about what has been decided and about what remains to be resolved, by referring generally to "the claims that I have not already ruled upon," and asking the jury to connect this vague reference to Amazon's and Grandinetti's liability. *See* Dkt. 504 at 4 ("The question for you, the jury, with respect to the claims that I have not already ruled upon is whether Amazon violated the law, and, if so, whether Defendant Russell Grandinetti is also individually liable for Amazon's conduct."). The Court should reject these proposed amendments to Instruction No. 2, as well as any evidence or argument of the Court's summary judgment ruling.

***Defendants' Proposed Amendment.*** Instead, the Court should adopt Defendants' proposed amendment to Jury Instruction No. 2. *See* Appendix 1. That proposal avoids the problems with the FTC's proposed amendments, while providing the jury with the basic information it needs to begin hearing testimony. This approach is also safer because it allows the Court to start the trial with more general instructions and provide the specific details about what the jury must do with the final instructions.

### III.    CONCLUSION

The Court should grant the Defendants' motion *in limine* to exclude mention of this Court's summary judgment ruling at trial. And the Court should adopt the Defendants' proposed amendment to Jury Instruction No. 2.

DEFS.' OBJECTION AND MIL
(2:23-cv-00932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 19th day of September, 2025.

I certify that this memorandum contains 2,014 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By *s/ Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: kenpayson@dwt.com
             jimhoward@dwt.com

COVINGTON & BURLING LLP

    Stephen P. Anthony*
    Laura Flahive Wu*
    Laura M. Kim*
    John D. Graubert*
    850 Tenth Street, NW
    Washington, DC 20001
    Telephone: (206) 662-5105
    E-mail: santhony@cov.com
             lflahivewu@cov.com
             lkim@cov.com
             jgraubert@cov.com

    John E. Hall*
    415 Mission Street, Suite 5400
    San Francisco, CA 94105
    Telephone: (415) 591-6855
    E-mail: jhall@cov.com

    Megan L. Rodgers*
    3000 El Camino Real
    Palo Alto, CA 94306
    Telephone: (650) 632-4734
    E-mail: mrodgers@cov.com

DEFS.' OBJECTION AND MIL
(2:23-cv-00932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Email: alinderot@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail:jhueston@hueston.com
    mkaba@hueston.com
    jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

DEFS.' OBJECTION AND MIL
(2:23-cv-00932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# Appendix 1

## JURY INSTRUCTION NO. 2

**Introduction to Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This action is brought by the Federal Trade Commission, a law enforcement agency of the United States government, against four Defendants: Amazon.com, Inc., Jamil Ghani, Neil Lindsay, and Russell Grandinetti. I may sometimes refer to the Federal Trade Commission as the "FTC." I may sometimes refer to Amazon.com, Inc. as "Amazon." I may also refer to Jamil Ghani, Neil Lindsay, and Russell Grandinetti as the "Individual Defendants."

In this case, the FTC alleges that the Defendants violated the Restore Online Shoppers' Confidence Act (also known as ROSCA) in connection with certain enrollment and cancellation processes for Amazon Prime. The FTC claims that Amazon did not make clear and conspicuous disclosures of Prime's material terms, failed to obtain express informed consent for Prime subscriptions, and failed to provide simple mechanisms for consumers to stop recurring charges.

The FTC also alleges that each Individual Defendant is individually liable for Amazon's conduct. For any Individual Defendant as to whom you are asked to determine liability under ROSCA, the FTC must prove that the Individual directly participated in, or had the authority to control, the allegedly unlawful acts or practices, and had actual knowledge of the alleged misrepresentations involved or was recklessly indifferent to the truth or falsity of the alleged misrepresentations.

The FTC has the burden of proving its claims. The Defendants deny the FTC's claims. These are only the positions of the parties and are not evidence of any violation or compliance.