1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

FEDERAL TRADE COMMISSION,

     Plaintiff,

     v.

AMAZON.COM, INC., *et al.*

     Defendants.

Case No. 2:23-cv-0932-JHC

**FTC'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY, AND REFERENCES TO THE COURT'S RULINGS ON SUMMARY JUDGMENT & FTC'S RESPONSE TO DEFENDANTS' OBJECTION TO THE FTC'S PROPOSED AMENDMENT TO JURY INSTRUCTION NO. 2**

NOTE ON MOTION CALENDAR:
September 22, 2025

## I.     PRELIMINARY STATEMENT

There is no question the Court's summary judgment order has narrowed the issues for the jury to decide at trial. For example, the jury will not opine on whether Prime is subject to the Restore Online Shoppers' Confidence Act ("ROSCA"), as it is sold online via a negative option feature. *See* Sept. 17, 2025 MSJ Order (Dkt. #490) at 16-19. Nor will the jury need to decide whether Amazon violated ROSCA by collecting consumers' billing information ***before*** disclosing all material terms for Prime. *Id.* at 22-23. As to the Individual Defendants, the jury need not

FTC'S OPPOSITION TO DEFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE & RESPONSE TO DEFS.'
OBJECTION TO JURY INSTRUCTION NO. 2
Case No. 2:23-cv-0932-JHC – Page 1

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2030

1   decide whether Neil Lindsay and Jamil Ghani are individually liable for Amazon's alleged

2   ROSCA violations, if the jury finds Amazon's conduct violated ROSCA.  *Id.* at 29-32 (finding no

3   triable issues of fact regarding Lindsay's and Ghani's personal liability, but recognizing triable

4   issues remain as to Russell Grandinetti).  In fact, the Court determined that Lindsay, starting in

5   2017, and Ghani, starting in October 2019, are liable for all violations of ROSCA by Amazon (*id.*

6   at 32), which logically includes the failure to comply with ROSCA's timing requirements for

7   disclosures of Prime's material terms.

8        In response, the Commission proposed an updated Jury Instruction No. 2 (Introduction to

9   Claims & Defenses) to address the remaining live claims and issues to be presented to the jury.

10  Defendants objected.  And now, Defendants move to preclude the Commission from presenting

11  "any testimony, argument, or references to the Court's summary judgment order, its reasoning, or

12  its holdings."  Dkt. #509 at 1.  Defendants' motion should be denied for several reasons.

13       *First*, the Court's liability findings for Amazon, Lindsay, and Ghani are plainly relevant to

14  the remaining liability and knowledge questions to be tried before the jury.  For example, the fact

15  that Amazon collected billing information before disclosing Prime's material terms is evidence

16  that Amazon failed to obtain consumers' express informed consent.  *See, e.g.*, *FTC v. Health*

17  *Formulas, LLC*, 2015 WL 2130504, at *16 (D. Nev. May 6, 2015) (finding disclosures in fine print

18  buried "on the payment page of Defendants' websites" before purchase were "inadequate," and

19  "constitute evidence that Defendants often do not obtain consumers' express informed consent").

20  Moreover, if the jury does not understand *how* Amazon violated ROSCA, the jury cannot decide

21  whether all Defendants, acted with "actual knowledge or knowledge fairly implied" in committing

22  "such act[s]" to warrant the imposition of civil penalties.  *See* 15 U.S.C. § 45(m)(1)(A).

23

FTC'S OPPOSITION TO DEFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE & RESPONSE TO DEFS.'
OBJECTION TO JURY INSTRUCTION NO. 2
Case No. 2:23-cv-0932-JHC – Page 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2030

*Second*, telling the jury about the Court's liability finding—including through the preliminary jury instructions—will not unfairly prejudice Defendants or cause jury confusion. To the contrary, failing to mention the liability findings made by this Court causes prejudice to the Commission and risks greater jury confusion. There is no question that juries benefit from knowing what facts and issues they will be charged with deciding. And here, information about the facts and issues underlying the Court's liability findings will help explain the Commission's silence on certain issues at trial. *See William F. Shea, LLC v. Bonutti Rsch., Inc.*, 2013 WL 2371206, at *2 (S.D. Ohio May 30, 2013) (denying "categorical exclusion of all references to the summary judgment ruling," and "inform[ing] the jury at the outset that liability has been resolved . . . in order to properly focus the jury on the concept that its role is to determine damages only"). Moreover, a failure to instruct the jury on the Court's liability findings could constitute reversible error. *See Guzman v. City of Chicago*, 689 F.3d 740, 745 (7th Cir. 2012) (reversing jury verdict and granting new trial where the district court instructed the jury to adjudicate liability, after the court had already determined liability at summary judgment).

*Finally*, as to Proposed Jury Instruction No. 2, the Court should adopt the Commission's instruction, as it "tells the jury exactly what the Court found." *Ormco Corp. v. Align Tech., Inc.*, 2009 WL 10668458, at *3 (C.D. Cal. May 12, 2009). Defendants' instruction fails to inform the jury about its role to determine triable issues; mischaracterizes the Commission's claims at issue; and invites the jury to revisit the Court's determination as to liability for Lindsay and Ghani.

FTC'S OPPOSITION TO DEFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE & RESPONSE TO DEFS.'
OBJECTION TO JURY INSTRUCTION NO. 2
Case No. 2:23-cv-0932-JHC – Page 3

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2030

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## II.    ARGUMENT

### A.    The Court's Liability Findings are Relevant to the Remaining Liability and Knowledge Questions for the Jury

The question of Amazon's liability for additional ROSCA violations—namely, the alleged failure to provide clear and conspicuous disclosures, obtain express informed consent before billing, and provide simple cancellation mechanisms to stop recurring charges for Prime—remain an issue for the jury to decide.  Dkt. #490 at 19-29.  So does Grandinetti's potential liability for Amazon's alleged misconduct.  *Id.* at 32-34.  And, as to all Defendants, the jury will be asked to determine whether civil penalties are warranted, given the conduct and knowledge of Amazon, Lindsay, Ghani, and Grandinetti.  *Id.* at 42-43.[1]

Defendants claim the "issues granted in the Court's order have already been resolved as a matter of law."  Dkt. #509 at 2.  The Commission agrees.  The findings in the Court's summary judgment order are binding; Defendants cannot offer any evidence, argument, or testimony to contradict those issues at trial.  But the Commission disputes Defendants' contention that the Court's findings "have no bearing on the factual issues remaining in the case."  *Id.*

Here, the Court's liability findings are relevant for the jury to resolve the remaining liability issues.  For example, the fact that Amazon collected consumers' billing information before disclosing all of Prime's material terms is relevant to the question of whether Amazon obtained consumers' express informed consent for Prime sign-ups.  The timing and location of disclosures is relevant evidence for the jury's evaluation of their adequacy, and the adequacy of disclosures could be evidence of whether the consumer provided "express informed consent."  *See Health*

---

[1] The jury must also decide whether Individual Defendants had sufficient knowledge of Amazon's alleged misconduct to be liable for restitution under ROSCA.  *See* Disputed Jury Instructions and Verdict Forms (Dkt. #482) at 58-63, 69-74 (Exhibit A), 75-87 (Exhibit B).

FTC'S OPPOSITION TO DEFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE & RESPONSE TO DEFS.'
OBJECTION TO JURY INSTRUCTION NO. 2
Case No. 2:23-cv-0932-JHC – Page 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2030

*Formulas, LLC*, 2015 WL 2130504, at *16; *see, e.g.*, *FTC v. Resort Car Rental Sys.*, 518 F.2d 962, 964 (9th Cir. 1975) (noting, in the context of the FTC Act, that Section 5 "is violated if [the defendant] induces the first contact through deception, even if the buyer later becomes fully informed before entering the contract"); *FTC v. Washington Data Res.*, 856 F. Supp. 2d 1247, 1274-75 (M.D. Fla. 2012) (concluding disclaimers buried in contract provided late in the purchase process were insufficient to dispel deceptive net impression). Moreover, the Court's determination that ROSCA applies to Prime is also an important fact for the jury to know, as it provides the statutory context to determine liability on the remaining ROSCA counts.

The jury must also understand *how* Amazon has violated ROSCA, as it is directly relevant to, and probative evidence of, the Commission's ability to obtain civil penalties against Defendants as well as Grandinetti's individual liability (authority to control and direct participation). The underlying legal standards underscore the relevance of the Court's liability findings for the other jury triable issues. Indeed, to establish knowledge for civil penalties, the jury must find that Defendants acted with "actual knowledge or knowledge fairly implied on the basis of objective circumstances *that such act* is unfair or deceptive and is prohibited by such rule." *United States v. Dish Network, LLC*, 954 F.3d 970, 978 (7th Cir. 2020) (quoting 15 U.S.C. § 45(m)(1)(A)) (emphasis added). The jury cannot make such a knowledge finding in a vacuum without at least a reference to the underlying violation. Instructing the jury that Amazon collected consumers' billing information before disclosing Prime's material terms informs the jury that their duty is to make a knowledge determination about that practice. And that instruction must occur at the outset of trial so that the jury knows what their task is as they receive the evidence. Defendants' own authority confirms as much. *See Clipco, Ltd. v. Ignite Design, LLC*, 2005 WL 2861032, at *2 (N.D. Ill. Oct. 28, 2005) (recognizing "the court shall inform the jury that for the purposes of

FTC'S OPPOSITION TO DEFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE & RESPONSE TO DEFS.'
OBJECTION TO JURY INSTRUCTION NO. 2
Case No. 2:23-cv-0932-JHC – Page 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2030

1    deciding the breach of contract claim and the invalidity defense, the [product] infringes the '909

2    patent" without mentioning its summary judgment ruling).  As to Grandinetti, the jury is entitled

3    to know *how* Amazon has violated ROSCA since it must assess whether he "participated directly

4    in, or had the authority to control[,] the *unlawful acts or practices at issue*."  *FTC v. Commerce*

5    *Planet, Inc.*, 815 F.3d 593, 600 (9th Cir. 2016) (emphasis added).[2]

6        **B.    Disclosing the Court's Liability Findings to the Jury Will Not Cause**

7            **Defendants Unfair Prejudice.**

8        Defendants argue that "any discussion of the Court's factual conclusions or reasoning at

9    summary judgment" will cause unfair prejudice and "improperly influence the jury's consideration

10   of the remaining triable issues."  Dkt. #509 at 3.  But conspicuously absent from Defendants'

11   argument is any real explanation of what *unfair* prejudice they might suffer.  Where, as here, the

12   Court's liability findings are relevant to the jury's consideration of the remaining triable issues,

13   courts will inform the jury (through instructions) about its liability findings and how those findings

14   relate to the issues before the jury.  *See, e.g.*, *Van v. Language Line Services, Inc.*, 2016 WL

15   3566980, at *6 (N.D. Cal. June 30, 2016) (holding there "must be some reference" to the court's

16   liability ruling because the court informed the jury that the only question before it was damages);

17   *Polara Eng'g, Inc. v. Campbell Co.,* 2016 WL 7655806, at *5 (C.D. Cal. June 21, 2016) (denying

18   motion *in limine* to exclude infringement finding at summary judgment); *Ormco Corp.*, 2009 WL

19

---

20   [2] Likewise, for this Court to impose liability on all Individual Defendants for restitution, the jury
     must conclude that they all had sufficient knowledge—whether actual knowledge, reckless
21   indifference, or intentionally avoided knowledge—of the violative actions.  *See FTC v. Grant*
     *Connect, LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014).  And evidence showing the Individual
22   Defendants' direct participation in Amazon's violative conduct—such as Amazon's failure to
     comply with ROSCA's timing requirements for disclosures—will help show the Individual
     Defendants had sufficient knowledge for that conduct.  *See FTC v. Sharp*, 782 F. Supp. 1445, 1450
23   (D. Nev. 1991) ("[T]he degree of participation in business affairs is probative of knowledge."
     (quoting *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564, 574 (7th Cir. 1989)).

FTC'S OPPOSITION TO DEFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE & RESPONSE TO DEFS.'
OBJECTION TO JURY INSTRUCTION NO. 2
Case No. 2:23-cv-0932-JHC – Page 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2030

1  10668458, at *3 (permitting the jury to be instructed "that the Court has previously found, and that

2  [the jury] must accept as true, that every limitation found in claims 37-40 and 69 is found in the

3  Align process" instead of a "literal infringement finding").[3]  Referencing the resolved liability

4  facts and questions, including in Proposed Jury Instruction No. 2, will provide much needed clarity

5  and context to the jury about its role in this case.  *See Willis Elec. Co. v. Polygroup Ltd.*, 2024 WL

6  118443, at *1-3 (D. Minn. Jan. 9, 2024) (allowing discussion of unasserted patent claim,

7  withdrawn patents, and withdrawn claims to provide "context" for invalidity analysis); *William F.*

8  *Shea, LLC*, 2013 WL 2371206, at *2 (instructing on liability finding provides "focus" to jury).[4]

9      Conversely, failing to provide this information to the jury will unfairly prejudice the

10  Commission and leave the jury without the necessary context to decide the remaining questions at

11  trial—e.g., whether all Defendants have sufficient knowledge for civil penalties or Grandinetti's

12  individual liability.  And excluding the Court's liability findings from preliminary jury instructions

13

14  [3] Defendants' reliance on *Johnson* and *CDA* is misplaced.  There, the courts excluded findings
   made at summary judgment that had no relevance to the remaining issues to be decided by the
   jury.  *See Johnson v. Cnty. of Santa Clara*, 2024 WL 477532, at *5 (N.D. Cal. Feb. 7, 2024)
15  (excluding evidence or argument about summary judgment findings on *Monell* claim for failure to
   train, because it was not relevant to remaining *Monell* claim for *Brady* violations) ; *CDA of Am.*
16  *Inc. v. Midland Life Ins. Co.*, 2006 WL 5349266, at *13 (S.D. Ohio Mar. 27, 2006) ("The Court
   agrees with the parties' contentions that any extraneous statements made in that Order and Opinion
   are not binding upon the parties, and that evidence of or references to such statements do not have
17  a tendency to make the existence of any fact of consequence to make the determination of this
   action more or less probable.").  As discussed in Section II.A, the Court's liability findings are
18  relevant to the remaining liability and knowledge questions for the jury.

19  [4] The remaining authorities cited in Defendants' motion are inapposite.  *Campbell*, *Sorenson*, and
   *Oyarzo* stand for the unremarkable proposition that courts exclude references to dismissed claims,
   denied motions, and other court proceedings.  *See, e.g.*, *Campbell v. Union Pac. R.R. Co.*, 2021
20  WL 1341037, at *4 (D. Idaho Apr. 9, 2021) (prohibiting party from telling jury that defendant
   "filed a motion for summary judgment and that the motion was denied, or that [defendant] filed
21  motions *in limine* to exclude . . . evidence"); *Sorenson v. Nat'l R.R. Passenger Corp. dba Amtrak*,
   2021 WL 3415989, at *2 (C.D. Cal. Mar. 25, 2021) (excluding references to the "fact that
22  Defendant's motion for summary judgment has been granted with respect to certain claims" on
   relevance grounds, but denying broader exclusion of "evidence tangentially 'relating to' any
   dismissed claims"); *Oyarzo v. Tuolumne Fire Dist.*, 2013 WL 5718882, at *9 (E.D. Cal. Oct. 18,
23  2013) (moving to preclude defendants from mentioning summary judgment order dismissing
   claims and defendants ).  The Commission is not trying to introduce such evidence here.

FTC'S OPPOSITION TO DEFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE & RESPONSE TO DEFS.'
OBJECTION TO JURY INSTRUCTION NO. 2
Case No. 2:23-cv-0932-JHC – Page 7

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2030

1    forces the Commission to relitigate facts and issues resolved at summary judgment—namely, the

2    fact that Amazon violated ROSCA's timing disclosure requirements—further prejudicing the

3    Commission.  Moreover, Lindsay and Ghani apparently intend to contradict the Court's liability

4    findings at trial.  Dkt. #509 at 5 ("It does not state that Lindsay and Ghani are liable for the timing

5    of when Amazon collects billing information").  For these reasons, the Court should deny

6    Defendants' motion *in limine*.

7        **C.    The Court Should Adopt the Commission's Proposed Instruction over**

8               **Defendants' Objections and Delay Tactics**

9        The Commission's instruction is proper because it "tells the jury exactly what the Court

10   found." *See Ormco Corp.*, 2009 WL 10668458, at *3.  It neither misleads the jury nor confuses

11   the issues.  In fact, it provides much needed context to the jury to explain its role with respect to

12   the remaining liability and knowledge questions. *See, e.g.*, *Polara Eng'g, Inc.*, 2016 WL 7655806,

13   at *5 (recognizing court must "transparently tell the jurors that the Court has decided [at summary

14   judgment] that Campbell's AAPS system infringes the '476 patent," but advise "that the

15   determination of infringement should have no significance on how the jury must determine the

16   questions before it"); *William F. Shea, LLC*, 2013 WL 2371206, at *2 (informing jury of liability

17   findings "at the outset" would "properly focus the jury" on its role).

18       Defendants argue the proposed instruction "confuses the jury about what the court decided"

19   and suggests "the jury must hold Defendants liable on the whole [ROSCA disclosure] claim." *See*

20   Dkt. #509 at 4.  Not true.  As this Court recognized, ROSCA's disclosures provision contains **two**

21   distinct requirements: (1) the disclosures must be *clear and conspicuous*; and (2) the disclosures

22   of all material terms must be made *before* collecting consumers' billing information.  Dkt. #490 at

23   19-23; May 28, 2024 MTD Order (Dkt. #165) at 26.  Under the statute's plain language, a violation

FTC'S OPPOSITION TO DEFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE & RESPONSE TO DEFS.'
OBJECTION TO JURY INSTRUCTION NO. 2
Case No. 2:23-cv-0932-JHC – Page 8

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2030

of ROSCA's disclosure requirements can be shown through a failure to comply with *either* the clear and conspicuous disclosure requirement or the timing requirement. *See* 15 U.S.C. § 8403(1) (requiring seller to provide "text that *clearly and conspicuously* discloses all material terms of the transaction *before* obtaining the consumer's billing information") (emphasis added). Defendants' interpretation—namely, that liability for ROSCA's disclosures provision only attaches if both requirements are proven—runs afoul of the cardinal principle of statutory construction that courts must give effect to every clause and word of a statute. *Dep't of Revenue v. Blixseth*, 942 F.3d 1179, 1185 (9th Cir. 2019).[5]

Individual Defendants (Lindsay and Ghani) independently argue that their forthcoming motion for reconsideration requires this Court to avoid instructing the jury "on the content of the Court's summary judgment ruling . . . at the trial's outset" so it can "consider the reconsideration motion." Dkt. #509 at 5. But this argument presupposes that (a) the Individual Defendants' forthcoming reconsideration motion is meritorious (it is not); and (b) that such a motion effectively stays any ongoing proceedings (it does not).

Putting aside that Individual Defendants have not filed any motion (nor do they suggest when it will be filed), their vague references to purported grounds for reconsideration fail to meet the heightened bar for relief. *See id.* (claiming the Court "clearly erred" by holding Lindsay and Ghani "personally liable to the extent Amazon is liable, particularly when there are facts in dispute

---

[5] Defendants' proposed instruction risks jury confusion by misstating the Commission's claims at issue (by omitting the violation of ROSCA's timing disclosures requirement) and inviting the jury to revisit the Court's liability findings as to Lindsay and Ghani. As to the Individual Defendants, the proposed instruction fails to inform the jury that they are not being asked to assess whether Lindsay and Ghani "directly participated in, or had the authority to control" Amazon's unlawful conduct. *See* Dkt. #509 at Appendix 1 ("*For any Individual Defendant as to whom you are asked to determine liability under ROSCA*, the FTC must prove that the Individual directly participated in, or had the authority to control, the allegedly unlawful acts or practices, . . . .") (emphasis added).

FTC'S OPPOSITION TO DEFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE & RESPONSE TO DEFS.'
OBJECTION TO JURY INSTRUCTION NO. 2
Case No. 2:23-cv-0932-JHC – Page 9

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2030

1   as to Amazon's liability").  Local Civil Rule 7(h)(1) makes clear that motions for reconsideration

2   are "disfavored," and that courts "will ordinarily deny such motions in the absence of a showing

3   of manifest error in the prior ruling or a showing of new facts or legal authority which could not

4   have been brought to its attention earlier with reasonable diligence."  LCR 7(h)(1).[6]  "There is no

5   authority for a motion seeking to undo a summary judgment by raising new arguments, or

6   revisiting old ones, on the eve of trial."  *Richard L. Wendt Revocable Living Tr. v. Churchill &*

7   *Company LLC*, No. C23-5359-BHS, 2025 WL 745556, at *2 (W.D. Wash. Mar. 7, 2025) (denying

8   reconsideration of partial summary judgment filed 11 days before trial).  "Mere disagreement with

9   a previous order is an insufficient basis for reconsideration."  *Id.* (citation omitted).  Nevertheless,

10  even if Individual Defendants had filed a reconsideration motion already and it met this heightened

11  standard (which it doesn't), there is no basis to delay instructing the jury about the Court's liability

12  findings.  *See* LCR 7(h)(2) ("The pendency of a motion for reconsideration **shall not stay** discovery

13  or ***any other procedure***.") (emphasis added).

14          Jury selection starts tomorrow.  Once the jury is impaneled, the Court will read preliminary

15  instructions to the jury, informing them about the claims and defenses at issue and their role at

16  trial.  It is critical for the jury to know what facts it will be charged with deciding at the outset.

17  Deferring that information to the final instructions—as Defendants request—risks jury confusion

18  and prejudicing the Commission.

## III.    <u>CONCLUSION</u>

20          For the foregoing reasons, the Court should deny Defendants' motion *in limine* and adopt

21  the Commission's Proposed Jury Instruction No. 2.

---

[6] The term "manifest error" means "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."  *Black's Law Dictionary* 622 (9th ed. 2009).  The Court made no such error here.

1

## LOCAL RULE 7(e) CERTIFICATION

2        I certify that this memorandum contains 3,238 words, in compliance with the Local Civil

3   Rules.

4

5   Dated:  September 21, 2025.                /s/ Rachel F. Sifuentes
                                              JONATHAN COHEN (DC Bar # 483454)
6                                             EVAN MENDELSON (DC Bar #996765)
                                              OLIVIA JERJIAN (DC Bar #1034299)
7                                             JONATHAN WARE (DC Bar #989414)
                                              ANTHONY SAUNDERS (NJ Bar #008032001)
                                              SANA CHAUDHRY (NY Bar #5284807)
8                                             ELI FREEDMAN (CA Bar #345432)

9                                             Federal Trade Commission
                                              600 Pennsylvania Avenue NW
10                                            Washington DC 20580

11                                            (202) 326-2551 (Cohen); -3320 (Mendelson); -2726
                                              (Ware); -2749 (Jerjian); -2917 (Saunders); -2679
12                                            (Chaudhry), -2030 (Freedman)

13                                            JCohen2@ftc.gov; EMendelson@ftc.gov;
                                              JWare1@ftc.gov; OJerjian@ftc.gov;
14                                            ASaunders@ftc.gov; SChaudhry@ftc.gov;
                                              EFreedman@ftc.gov

15                                            COLIN D. A. MACDONALD (WSBA # 55243)
                                              Federal Trade Commission
16                                            915 Second Ave., Suite 2896
                                              Seattle, WA 98174
                                              (206) 220-4474; CMacdonald@ftc.gov

17                                            RACHEL F. SIFUENTES
18                                            (IL Bar #6304016; CA Bar #324403)
                                              Federal Trade Commission
19                                            230 S. Dearborn St., Room 3030
                                              Chicago, IL 60604
                                              (312) 960-5617; RSifuentes@ftc.gov

20                                            JEFFREY TANG (CA Bar #308007)
21                                            Federal Trade Commission
                                              10990 Wilshire Boulevard, Suite 400
                                              Los Angeles, CA 90024
22                                            (310) 824-4303; JTang@ftc.gov

23                                            Attorneys for Plaintiff
                                              FEDERAL TRADE COMMISSION

FTC'S OPPOSITION TO DEFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE & RESPONSE TO DEFS.'
OBJECTION TO JURY INSTRUCTION NO. 2
Case No. 2:23-cv-0932-JHC – Page 11

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2030