The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>Defendants. | No. 2:23-cv-00932-JHC<br><br>DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OBTAINED IN CONTRAVENTION OF COURT ORDER GRANTING LIMITED DISCOVERY<br><br>NOTE ON MOTION CALENDAR:<br>September 23, 2025 |

## I.   INTRODUCTION

In two reopened depositions conducted on the same day—the deposition of Defendant Russell Grandinetti and a Rule 30(b)(6) deposition of Defendant Amazon.com, Inc.—the FTC abused the Court's grant of limited additional discovery "arising out of Amazon's recent document production." *See* Dkt. 371 at 1. In the reopened Rule 30(b)(6) deposition, the FTC did not introduce a single document arising out of Amazon's recent document production until the fifth hour out of roughly seven total hours of testimony. Declaration of Laura Flahive Wu ("Wu Decl.") Ex. 2 at 102:10-14. Included in its out-of-scope exhibits was even a document produced by one of the FTC's expected trial witnesses, which the FTC justified using over objection because it was a "trial exhibit." *Id.* at 36:15-21. Mr. Grandinetti's reopened deposition ran even further afield—probing topics such as a 2006 securities filing and Mr. Grandinetti's 2013 deposition in an unrelated lawsuit that have no relation to the newly-produced documents or even to this litigation. Wu Decl., Ex. 3 at 18:14-23, 62:16-65:18. For instance, the FTC asked: "How

DEFS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE
OBTAINED IN CONTRAVENTION OF COURT ORDER
(2:23-cv-00932-JHC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

much Amazon stock has the company given you while you've been employed there?" *Id.* at 27:24-28:2. Defendants seek an Order excluding from trial the evidence elicited in Mr. Grandinetti's reopened deposition in direct contravention of the Court's Order.[1]

On September 21, 2025, counsel for Amazon informed counsel for the FTC by email that Amazon intended to file the Motion in Limine on September 22, 2025 in light of the commencement of trial, unless the parties could reach agreement on the issue. *See* Wu Decl. ¶2, Ex. 1. Counsel for the FTC did not respond to this outreach, and thus the parties were unable to resolve the disputes raised in Defendants' Motion in Limine.

## II.     BACKGROUND

On June 23, 2025, the Court granted the FTC's motion to conduct supplemental discovery "arising out of Amazon's recent document production." Dkt. 371 at 1. That Order, and the FTC's own motion seeking to reopen discovery, expressly limited the scope of the supplemental discovery to document productions made "after March 19, 2025." *See id.*; Dkt. 286 at 4. Pursuant to that Order, the FTC conducted a supplemental 30(b)(6) deposition of Amazon and a supplemental deposition of Mr. Grandinetti on September 11, 2025, having already obtained testimony from both defendants, each on two separate occasions: once in this litigation and once in the FTC's pre-suit investigation. Wu Decl. ¶¶ 21-24. Even if the Court's Order permitted the FTC some latitude in connecting its questions to newly produced documents, the FTC's questioning went well beyond any reasonable interpretation of the Order.

Prior to the September 11, 2025 supplemental 30(b)(6) deposition of Amazon, Amazon raised objections that many of the noticed 30(b)(6) Topics appeared to exceed the scope of the Court's Order. *See* Wu Decl., Ex. 4 at 1-3, 5-7; Ex. 5 at 1. The FTC refused to meaningfully engage with Amazon's objections to the overbroad Topics, providing only a conclusory response

---

[1] While much of the improper testimony from Mr. Grandinetti's deposition can be identified and excluded by topic alone, the FTC's improper questioning in the Rule 30(b)(6) deposition was on known and well-trod topics and thus requires a more detailed analysis of whether the questioning arose out of newly-produced documents. Amazon will object to the portions of the 30(b)(6) deposition testimony the FTC designated on September 20, 2025 that are outside of the scope of the Court's Order and ask the Court to sustain those objections. Defendants likewise reserve the right to raise the same objections to out-of-scope testimony obtained in the other depositions conducted during the supplemental discovery period, should the FTC seek to designate such testimony for use at trial.

DEFS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE
OBTAINED IN CONTRAVENTION OF COURT ORDER
(2:23-cv-00932-JHC) - 2

that the noticed Topics "are both sufficiently narrow and arising out of the sanctions-based discovery." *See* Wu Decl., Ex. 6 at 1.

Once at the (30)(b)(6) deposition, the FTC spent the majority of its roughly seven hours on the record questioning Amazon's corporate witnesses on topics and documents that were *not* connected to the permitted discovery. *See* Wu Decl., Ex. 5 at 2. Indeed, in the nearly two hours it spent questioning Amazon's first of three corporate witnesses, the FTC did not introduce any documents from Amazon's recent documents productions; the only exhibits the FTC introduced were documents Amazon had produced during the pre-suit investigation—documents the FTC has had in its possession for over three years. *See* Wu Decl. ¶¶ 12-14. Later in the deposition, the FTC went so far as to introduce a document produced by a third-party consumer declarant in the case. *See* Wu Decl. ¶ 20. The FTC attempted to justify introduction of this exhibit by representing that it was "on the defendant's trial exhibit list"—a tacit admission that the questioning did not arise out of Amazon's recent document production and that the FTC's use of the document strayed beyond the boundaries of the Court's Order. *See* Wu Decl., Ex. 2 at 36:12-21.

Similarly, in the reopened deposition of Mr. Grandinetti conducted on the same day, rather than confine its questioning to the newly-produced documents, the FTC questioned Mr. Grandinetti extensively on topics with no connection to Amazon's recent production and for which it did not introduce any newly produced documents, such as: [2]

- The Government Printing Office text of the Restore Online Shopper's Confidence Act;
- Mr. Grandinetti's work travel habits and the location of his office in Amazon's Seattle and London offices;
- Amazon CEO Andy Jassy's role and tenure at Amazon; and
- The composition of Amazon's senior leadership "S-team," using a printout of a publicly available Amazon.com webpage.

---

[2] *See* Appendix A for citations to and descriptions of the improper and irrelevant testimony.

DEFS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE
OBTAINED IN CONTRAVENTION OF COURT ORDER
(2:23-cv-00932-JHC) - 3

In an even more egregious departure from the Court's Order, the FTC also questioned Mr. Grandinetti on topics with no discernible relevance to this case—let alone any connection to newly produced documents—including:[3]

- Amazon's July 24, 2006 Form 8-K;
- Amazon's Code of Business Conduct and Ethics;
- Amazon's Insider Trading Policy;
- Mr. Grandinetti's responsibilities with respect to communicating with foreign government officials;
- The U.S. Foreign Corrupt Practices Act and other anti-bribery laws;
- Training Mr. Grandinetti received or Amazon administered related to antitrust laws; Mr. Grandinetti's prior role in Amazon's Kindle division;
- Mr. Grandinetti's January 28, 2013 deposition in *U.S. v. Apple* and a declaration he filed in that case;
- The FTC's 2014 lawsuit against Amazon relating to the Kindle Fire; and
- Mr. Grandinetti's use of "Wickr" and related ephemeral messaging platforms.[4]

The FTC also introduced over a dozen exhibits during the deposition that were either publicly available (including at the time of at least one—if not both—of Mr. Grandinetti's prior testimonial events) or otherwise produced by Amazon to the FTC between 2021 and 2024, well before the March 19, 2025 cutoff imposed by the Court's Order. *See* Wu Decl. ¶¶ 15-19, *id.*, Ex. 9; Appendix A. In total, the FTC spent more than a third of Mr. Grandinetti's reopened deposition pursuing lines of questioning untethered to the newly-produced documents. Wu Decl.

---

[3] *See id.*

[4] In addition to having no apparent connection to any newly produced document, the FTC has already explored this topic extensively in its pre-suit investigation. *See* Wu Decl., Exs. 7 at 2-3; 8 at 42:5-18. Amazon collected materials from Mr. Grandinetti's Wickr account in the course of its custodial collections in both this litigation and the FTC's pre-suit investigation. Wu Decl. ¶¶ 25-26.

DEFS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE
OBTAINED IN CONTRAVENTION OF COURT ORDER
(2:23-cv-00932-JHC) - 4

¶ 27; Appendix A. The FTC refused to offer any meaningful justification for its out-of-scope questions.[5]

The FTC's conduct across both depositions demonstrates a clear pattern of exceeding the narrow scope of supplemental discovery this Court authorized.

### III.  ARGUMENT

Courts have inherent authority to enforce their discovery Orders and to exclude evidence obtained in violation of those directives. *See United States v. W.R. Grace*, 526 F.3d 499, 516 (9th Cir. 2008) (affirming district court's authority to enforce pretrial discovery orders by excluding evidence where order was violated). The Court's Order here granted the FTC's specific request to conduct discovery "arising out of Amazon's recent document production." Dkt. 371 at 1. This was not an opportunity to redo discovery; the Court's Order was meant to allow the FTC to pursue questioning arising out of certain documents produced near the end of discovery. The FTC disregarded that limitation, and the Court should exclude the evidence the FTC obtained as a result. *See Portney v. Cnty. of Lake*, 2025 WL 2612420, at *3 (N.D. Cal. Sept. 10, 2025) (granting plaintiff's request to reopen a deposition with limited scope and permitting defendant to "seek appropriate sanctions after the deposition for substantial violations of that scope"); *see also Epistar Corp. v. Lowes Cos.*, 2023 WL 6783928, at *3 (C.D. Cal. Aug. 30, 2023) (granting motion to exclude portions of supplemental expert report where proffered opinions "exceed[ed] the scope of permissible supplemental discovery"); *see also G.P.P., Inc. v. Guardian Prot. Prods., Inc.*, 2020 WL 3868461, at *4 (E.D. Cal. July 9, 2020) (denying motion to compel where discovery request "exceed[ed] the scope of the reopened discovery").

The topics the FTC explored during Mr. Grandinetti's reopened deposition—ranging from stale securities disclosures to his 2013 deposition testimony in an unrelated matter—did not

---

[5] When asked repeatedly by Defendants' counsel during Mr. Grandinetti's reopened deposition to justify the FTC's use of documents that had not been produced by Amazon—much less recently produced—FTC counsel expressly disclaimed any limitation from the Court's Order, stating "we disagree with your interpretation of the Court's Order" and stating cursorily that the FTC viewed the questions as "arising from" Amazon's recent document productions. *See* Wu Decl., Ex. 3 at 81:4-84:2. When pressed for the FTC's own interpretation of how documents not produced by Amazon at all were permissible, FTC counsel offered no explanation and stated only "I'm going to proceed." *See id.* at 84:3-8.

DEFS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE
OBTAINED IN CONTRAVENTION OF COURT ORDER
(2:23-cv-00932-JHC) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

arise out of Amazon's recent document production. In fact, the FTC made liberal use of publicly available documents with no discernible relationship to any documents produced by Amazon—much less recently produced by Amazon. *See* Wu Decl. at Ex. 9; *see also* Appendix A (describing use of Commission Exhibits 1182 (Amazon.com, Inc., Form 8-K for Period Ending July 20, 2006), 1183 (webpage from Amazon.com titled "Code of Business Conduct and Ethics" and excerpt of transcript of January 28, 2013 deposition of Russell Grandinetti in *U.S. v. Apple*, No. 12-cv-2826 (S.D.N.Y.)), 1184 (declaration of Russell Grandinetti in *U.S. v. Apple*), 1105 (2014 Amazon announcement regarding Kindle Unlimited e-book subscriptions), 1185 (July 10, 2024 Complaint in *FTC v. Amazon*, No. 2:14-cv-01038), 1186 (July 22, 2016 Order Granting Amazon's Motion for Partial Summary Judgment and Granting FTC's Motion for Summary Judgment in *FTC v. Amazon*, No. 2:14-cv-01038), 1191 (Public Law 111-345—Dec. 29, 2010: Restore Online Shoppers' Confidence Act), and 1193 (Amazon.com webpage titled "Amazon S-team: Meet the 29 members who make up our senior leadership team," "last updated November 1, 2024") in Mr. Grandinetti's deposition).

The FTC also questioned Mr. Grandinetti on documents produced well before the March 19, 2025 cut-off, including documents Amazon produced during the FTC's pre-suit investigation. *See* Wu Decl. ¶¶ 15-19. The FTC has had these documents in its possession for years. Questioning Mr. Grandinetti on them in his third testimonial event in this matter when they have no relation to the newly-produced documents plainly exceeds the scope of the Court's Order. The Court should preclude the FTC from making use of the testimony obtained on all of these topics, including by barring the FTC from introducing any of these topics at trial.

Even assuming any of the topics enumerated above, such as decade-old securities filings or unrelated litigation testimony, could have fallen within the scope of permissible supplemental discovery outlined in the Court's Order, the Court should nevertheless exclude them on the basis that they have no connection to the claims or defenses in this litigation because the probative value of those portions is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 403; *see, e.g., Almendarez v. BNSF Ry.*

DEFS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE
OBTAINED IN CONTRAVENTION OF COURT ORDER
(2:23-cv-00932-JHC) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Co.*, 2014 WL 1338090, at *2 (W.D. Wash. Apr. 2, 2014) (granting request to "exclude testimony or evidence regarding other claims or lawsuits against [defendant]" under various Federal Rules of Evidence, including Rule 403); *Synergy Hematology-Oncology Med. Assocs. Inc. v. Abbott Labs., Inc.,* 2023 WL 4761550, at *5 (C.D. Cal. June 6, 2023) ("evidence of and references to unrelated litigation, disputes, and controversies involving [defendant] should be excluded under Rule 403"). Topics such as Amazon's insider trading policy or training it provides on compliance with anti-bribery laws have nothing to do with litigation and have no place at trial in this matter.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to exclude from trial evidence relating to the following topics elicited in Russell Grandinetti's September 11, 2025 deposition in contravention of the Court's Order on limited additional discovery should be granted:

- Amazon's July 24, 2006 Form 8-K;
- Amazon's Code of Business Conduct and Ethics or compliance therewith;
- Amazon's Insider Trading Policy or compliance therewith;
- Mr. Grandinetti's responsibilities with respect to communicating with foreign government officials;
- The U.S. Foreign Corrupt Practices Act and other anti-bribery laws or compliance therewith;
- Training Mr. Grandinetti received or that Amazon administered related to antitrust laws or compliance therewith;
- Mr. Grandinetti's January 28, 2013 deposition in *U.S. v. Apple* (Case No. 12-cv-2826 (S.D.N.Y.)) and declaration he filed in that case*;*
- The FTC's 2014 lawsuit against Amazon relating to the Kindle Fire (*FTC v. Amazon*, No. 2:14-cv-01038, filed July 10, 2024 in W.D. Wash.); and
- Mr. Grandinetti's use of "Wickr" and related ephemeral messaging platforms.

DEFS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE
OBTAINED IN CONTRAVENTION OF COURT ORDER
(2:23-cv-00932-JHC) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 22nd day of September, 2025.

I certify that this memorandum contains 2,259 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP

By s/ *Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
        jimhoward@dwt.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5105
E-mail: santhony@cov.com
        lflahivewu@cov.com
        lkim@cov.com
        jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail: jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

DEFS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE
OBTAINED IN CONTRAVENTION OF COURT ORDER
(2:23-cv-00932-JHC) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Email: alinderot@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
       mkaba@hueston.com
       jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

DEFS.' MOT. IN LIMINE TO EXCLUDE EVIDENCE
OBTAINED IN CONTRAVENTION OF COURT ORDER
(2:23-cv-00932-JHC) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# Appendix 1

| Citations to R. Grandinetti Deposition (September 11, 2025) Transcript | Description of Questioning and Testimony Unrelated Amazon's Newly Produced Documents |
|---|---|
| 17:15-37:4 | Questioning on Commission Exhibit 1182 (Amazon.com, Inc., Form 8-K for Period Ending July 20, 2006); FTC Exhibit 1183[1] webpage from Amazon.com titled "Code of Business Conduct and Ethics"); Amazon's insider trading policy, Amazon training relating to antitrust laws, Mr. Grandinetti's responsibilities with respect to communicating with foreign government officials, training regarding compliance with the U.S. Foreign Corrupt Practices Act and anti-bribery laws. |
| 41:3-43:14 | Miscellaneous questioning regarding leadership processes not related to any newly produced document. |
| 49:25-50:20 | Miscellaneous questioning regarding changes to Prime cancellation flow in 2022 not related to any newly produced document. |
| 58:18-80:20 | Questioning regarding Mr. Grandinetti's prior role at Amazon Kindle; Commission Exhibit 1183[2] (excerpt of transcript of January 28, 2013 deposition of Russell Grandinetti in *U.S. v. Apple*, Case No. 12-cv-2826 (S.D.N.Y.)); Commission Exhibit 1184 (declaration of Russell Grandinetti in *U.S. v. Apple*); Commission Exhibit 1105 (2014 Hexus.net post regarding Kindle Unlimited e-book subscriptions); Commission Exhibit 1185 (July 10, 2024 Complaint in *FTC v. Amazon*, Case No. 2:14-cv-01038 (W.D. Wash.)); Commission Exhibit 1186 (July 22, 2016 Order Granting Amazon's Motion for Partial Summary Judgment and Granting FTC's Motion for Summary Judgment in *FTC v. Amazon*, Case No. 2:14-cv-01038-JCC), Commission Exhibit 1191 (Public Law 111-345—Dec. 29, 2010: Restore Online Shoppers' Confidence Act). |
| 164:10-166:17 | Questioning regarding Mr. Grandinetti's work travel habits and office location, not connected to any newly produced document. |
| 180:5-182:23 | Questioning on Commission Exhibit 1193 (Amazon.com webpage titled "Amazon S-team: Meet the 29 members who make up our senior leadership |

---

[1] The FTC introduced two documents labeled Exhibit 1183 during the deposition.

[2] *See* footnote 1.

| Citations to R. Grandinetti Deposition (September 11, 2025) Transcript | Description of Questioning and Testimony Unrelated Amazon's Newly Produced Documents |
|---|---|
|  | team," last updated November 1, 2024); composition of S-team; role and tenure of Amazon CEO Andy Jassy. |
| 194:20-200:20 | Questioning on Mr. Grandinetti's use of Wickr and other ephemeral messaging apps, not connected to any newly produced document. |