1

2

3

4                                                                    The Honorable John H. Chun

5

6

7                              UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
8                                        AT SEATTLE

9    FEDERAL TRADE COMMISSION,                      No. 2:23-cv-00932-JHC

10                    Plaintiff,                     DEFENDANTS' NOTICE OF
                                                    LODGING OF OBJECTED-TO
11           v.                                     POWERPOINT SLIDES FROM
                                                    OPENING ARGUMENT
12   AMAZON.COM, INC., *et al.*

13                    Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Before opening statements in this case, the FTC objected to certain of Defendants' PowerPoint slides. After the Court sustained the objection, Defendants' removed the slides from their presentation. Defendants now lodge the objected-to slides with the Court for the record. *See* Attach. A (pages 56-65 of Defendants' draft opening).

The now-removed slides appeared in a section of Defendants' opening argument entitled "ROSCA's Requirements." Attach. A at 56. That section's first slide outlines the text of ROSCA, alongside quotations from the FTC's 30(b)(6) witness admitting that ROSCA's key terms are not defined by statute and that the FTC has not provided further guidance on what ROSCA requires. *Id.* Subsequent slides identified the specific features of the Prime subscription flows that the FTC will tell the jury allegedly violate ROSCA (e.g., "small, easy-to-miss font," "placement not prominent"), alongside quotations in which the FTC's 30(b)(6) witness agrees that the text of ROSCA does not expressly prescribe that particular design choice. *See id.* at 57-64. Finally, the slides presented the jury with a statement by the FTC's 30(b)(6) witness that ROSCA compliance is like a "soup with lots of different ingredients." *Id.* at 65.

The FTC made several objections to these slides. Its "princip[al] objection" was that they made arguments about unconstitutional vagueness and the FTC's prior statements that the Court has held the jury should not hear. Attach. C (9-22-2025 Rough Tr.) at 147:20-23. Later, the FTC suggested that the slides improperly presented legal questions to the jury. *Id.* at 155:1-4. The Court sustained the FTC's objections. *Id.* at 157:25-158:1. Throughout the hearing, Defendants maintained that these slides on ROSCA's requirements are directly relevant to the core factual issues the jury must decide—namely, the nature of the alleged deficiencies in the Prime flows that the FTC asserts violate ROSCA, whether those features constitute a violation of ROSCA, and whether Defendants had actual or implied knowledge that they were violating ROSCA. None of these slides violate a prior order of this Court, argue that ROSCA is unconstitutionally vague, or present a legal question to the jury.

First, the challenged slides are relevant. They address the specific features of the Prime flows that the FTC contends violate ROSCA and place those features in the context of ROSCA's

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

requirements.  Defendants have the right to discuss the FTC's claims about how these Prime flows violated the law and to show that the flows do not in fact violate the law. *Cf. United States v. Haischer*, 780 F.3d 1277, 1284 (9th Cir. 2015) (exclusion of evidence relevant to defendant's defense violated the Due Process Clause). Doing so means telling the jury about what ROSCA does and does not say:  the jury must understand what that law requires in order to decide whether Defendants have violated it.

Further, evidence about ROSCA's requirements—as well as what a reasonable company lawyer or executive would have known about ROSCA's requirements—is essential to Defendants' "mistake-of-law defense" to civil monetary penalties. *See* Dkt. 490 at 40, 42-43. As this Court has recognized, that defense turns in part on whether Defendants had "implied" knowledge "based on objective factors" (1) of ROSCA's requirements and (2) that their conduct contravened those requirements. *Id.* at 40. Those "objective factors" include any information that should have alerted Defendants about ROSCA and that their conduct was unlawful. That must include what ROSCA says and what information about ROSCA's requirements (as alleged by the FTC in this case) was available or *not* available to Defendants at the relevant time—not to mention the lack of FTC guidance on what ROSCA requires. *See, e.g.*, *United States v. Dish Network L.L.C.*, 954 F.3d 970, 979 (7th Cir. 2020) (considering similar evidence in determining knowledge under 15 U.S.C. § 45(m)(1)(A)); *Murray v. Cingular*, 523 F.3d 719, 726 (7th Cir. 2008) (concluding company did not "recklessly" violate Fair Credit Reporting Act where "the statute does not define 'conspicuous,'" "the FTC had not issued its guidance," and court decisions were conflicting); *see also FTC v. Amazon.com, Inc.*, 2025 WL 2381704, at *5 (W.D. Wash. Aug. 15, 2025) (deeming "relevant to the FTC's request for civil penalties" expert's opinion about what a market participant would believe ROSCA required based in part on the FTC's own actions).

The FTC's own opening presentation confirms the relevance (and admissibility) of Defendants' slides, by repeatedly offering similar arguments about ROSCA's requirements and how regulators interpreted them.  For one, the FTC's slides repeatedly discuss the design features

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

that Defendants' slides explain are never mentioned in ROSCA's text. One slide lists "Twenty-One" supposedly "Confusing Design Elements." Attach. B at 72. And the FTC has six slides counting the number of clicks required to cancel. *Id.* at 58-63. In addition, the FTC's opening includes argument about "What [Requirements] Regulators Would 'Impose'" on Amazon, *see* Attach. B at 46, and "What [Requirements] Regulators Could 'Impose'" on Amazon, *id.* at 83. Its opening asserts that "Amazon Ignored Guidelines That Tracked The Law." *Id.* at 80. And it features references to specific Amazon lawyers, accompanied by the assertion that "Lawyers [Were] on Key Documents & in Key Meetings." *Id.* at 85. Defendants' slides respond to these FTC slides by showing testimony establishing that the features of the Prime flows the FTC criticizes are not mentioned in the law or in other public guidance. That testimony is both relevant and probative to the jury's assessment of whether Defendants had the requisite knowledge that the flows violated the law. At a minimum, then, Defendants' slides were an appropriate response to the FTC's own slides arguing that Defendants violated ROSCA—and did so knowingly.

Defendants' slides were not barred by this Court's prior rulings. To begin, the slides did not contend that ROSCA is unconstitutionally vague. They nowhere invoke "fair notice"—the touchstone for assessing vagueness. *See FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). Instead, the slides emphasize that ROSCA's terms are broad and undefined, and the FTC has provided no more specific guidance. That argument remains permissible. As this Court acknowledged in its ruling granting the FTC summary judgment on Defendants' unconstitutional vagueness defense, "[m]any statutes" that are not unconstitutionally vague "will have some inherent vagueness." Dkt. 490 at 38 (internal quotation marks omitted). ROSCA is one of those laws; no order of this Court prohibits Defendants from pointing that out to the extent that ROSCA's imprecision is relevant to the issues before the jury.

Second, the slides were not precluded by this Court's order denying Defendants motion in limine concerning certain FTC public statements. Dkt. 409. The FTC appears to believe that this order prohibits Defendants from referencing the testimony of the FTC's 30(b)(6) witness

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

simply because Defendants cited it to support the motion. *See* Attach. C at 147:16-20 ("[I]f the Court will recall the stand-alone motion in limine they relied and pressed substantially Ms. Basta's testimony I believe they cited eight instances of Ms. Basta's testimony in support of that motion and that motion was denied."). But the order cannot be read so broadly. The multi-page ruling never mentioned the FTC's 30(b)(6) witness or her testimony. Instead, it made a narrow determination about the "Relevance of the FTC's Statements During the Negative Option Rulemaking." Dkt. 409 at 4. So that ruling that "[t]he FTC's statements during the Negative Option Rulemaking do not contribute to resolving" Defendants' knowledge for purposes of civil penalties, *id.* at 6, holds nothing about the relevance of the testimony of the FTC's 30(b)(6) witness about ROSCA, *see also Amazon.com*, 2025 WL 2381704, at *1 n. 1 (explaining that "[t]he Court previously denied Defendants' motion in limine to determine the FTC's statements in the 2019 Advance Notice of Proposed Rulemaking, the 2023 Notice of Proposed Rulemaking, and the 2024 Final Rule are relevant to their knowledge defense concerning civil penalties."). These slides contain that witness' testimony about ROSCA—the law being applied in this case—not about the Negative Option Rulemaking.

Finally, the slides do not amount to improper legal argument. *Contra* Attach. C at 155:1-4 (FTC's counsel agreeing with the Court that the FTC is "basically arguing that [Defendants are] trying to shoehorn legal issue in the context of a factual issue"). To the extent the slides lay out the law, they do so appropriately—by detailing legal principles that are undisputed. *See United States v. Sawyer*, 443 F.2d 712, 714 (D.C. Cir. 1971) (counsel are "permitt[ed] to argue questions of law . . . if the applicable principles are undisputed"). It is undisputed, for example, that ROSCA does not say "what size the print needs to be in order to be appropriately conspicuous," Attach. A at 57, "where the disclosure must be placed," *id.* at 60, or the "number of clicks" that makes a mechanism "simple," *id.* at 61. Indeed, these "point[s] of law" are a "linchpin of the defense" that Amazon and the Individual Defendants did not violate ROSCA (let alone knowingly), so "there is every reason to permit defense counsel to state the point as emphatically as possible." *Sawyer*, 443 F.2d at 714.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The slides also make permissible factual arguments about the law.  For example, they demonstrate through testimony that the text of ROSCA (and other public guidance) does not prohibit the design features the FTC critiques here. These arguments are not improper either.  As already discussed, they are "objective circumstances" essential to Defendants' "mistake-of-law defense." *See* Dkt. 490 at 40; *see also supra* at 2.

DAVIS WRIGHT TREMAINE LLP

By s/ *James Howard*
    Kenneth E. Payson, WSBA #26369
    James Howard, WSBA #37259
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail:  kenpayson@dwt.com
           jimhoward@dwt.com

COVINGTON & BURLING LLP

Stephen P. Anthony*
Laura Flahive Wu*
Laura M. Kim*
John D. Graubert*
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5105
E-mail:  santhony@cov.com
       lflahivewu@cov.com
       lkim@cov.com
       jgraubert@cov.com

John E. Hall*
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6855
E-mail:  jhall@cov.com

Megan L. Rodgers*
3000 El Camino Real
Palo Alto, CA 94306

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

Telephone: (650) 632-4734
E-mail: mrodgers@cov.com

Anders Linderot*
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1163
Email: alinderot@cov.com

HUESTON HENNIGAN LLP

John C. Hueston*
Moez M. Kaba*
Joseph A. Reiter*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
E-mail: jhueston@hueston.com
        mkaba@hueston.com
        jreiter@hueston.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM, INC., NEIL LINDSAY, RUSSELL GRANDINETTI, AND JAMIL GHANI

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax