UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC; NEIL LINDSAY, individually and as an officer of Amazon.com, Inc.; RUSSELL GRANDINETTI, individually and as an officer of Amazon.com, Inc.; JAMIL GHANI, individually and as an officer of Amazon.com, Inc.,<br><br>Defendants. | CASE NO. 2:23-cv-00932-JHC<br><br>ORDER |

This matter comes before the Court on the FTC's Motion to Establish that No Material Differences Exist Between Certain Representative Flows and to Establish Certain Facts. Dkt. # 462. In the interest of time, the Court granted the motion in an oral ruling on September 22, 2025. Dkt. # 523. This order explains the reasoning for, and clarifies, the ruling.

ORDER 1

The FTC asks the Court to find that deviations from the exemplar pages of the three challenged enrollment flows are immaterial. Dkt. # 462. For the reasons below, the Court GRANTS the motion.[1]

Federal Rule of Civil Procedure 56(g) provides, "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Thus, if a motion for summary judgment has been denied in part, as is the case here, a district court may issue an order "specifying and establishing facts not genuinely in dispute[.]" 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2737 (4th ed. 2023). This rule "is 'ancillary' to the ultimate summary-judgment analysis, operating to 'salvage some results' from the time and resources spent in deciding unsuccessful summary-judgment motions." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019) (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2737 (4th ed. 2018)).

The FTC asks the Court for a Rule 56(g) order to establish that minor deviations from exemplar images of the three challenged enrollments flows are immaterial. Dkt. # 462 at 6–9. This ruling is warranted, according to the FTC, because Defendants did not rebut this issue at summary judgment. *Id.* at 7. The FTC also contends that Defendants used the same set of exemplar pages in their own motion for summary judgment, while moving for complete relief on liability. *Id.* And the FTC adds that, in discovery, Defendants represented that the exemplar pages were "representative images" of the Prime signup process. Dkt. # 519 at 6. Consequently,

---

[1] This opinion does not reach the FTC's arguments about the material terms of Prime or whether Prime is a service sold on the internet because the Court's Summary Judgment Order resolves these issues. Dkt. # 462 at 11-13; *see* Dkt. ## 499 at 15 (whether ROSCA applies to Prime is moot); 519 at 8 (materiality question resolved).

ORDER 2

the agency says that any small changes from the exemplar images that Defendants provided to the FTC are immaterial.  Dkt. # 462 at 6–9.

Defendants respond that Rule 56(g) does not permit the FTC's motion because it is not ancillary to summary judgment and is solely intended to establish the truth of certain facts.  *Id.* at 4.  They also say that they did not waive their ability to dispute the materiality of variations from the exemplar flows at summary judgment, and that there is such materiality.  *Id.* at 5–6.  And Defendants argue that granting the motion would relieve the agency of its burden to prove its claims at trial.  *Id.* at 6.

The Court concludes that the motion is permitted under Rule 56(g).  The FTC moved for summary judgment under Rule 56(a).  Dkt. # 314.  And the Court granted in part and denied in part this motion.  Dkt. # 490.  Thus, Rule 56(g) comes into play and "the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute."  Fed. R. Civ. P. 56(g), Advisory Committee's note to 2010 amendment; *see also FTC v. ZAAPPAAZ, LLC*, 2023 WL 9105440, at *1 (S.D. Tex. Oct. 25, 2023) (granting Rule 56(g) motion after summary judgment motion was denied in part).

Under the summary judgment standard, there is no genuine dispute of material fact that minor variations from the exemplar images of the enrollment flows are immaterial.[2]  At summary judgment, the FTC acknowledged that minor aspects of the UPDP, SPC, and SOSP flows changed over time, but all versions of these flows had characteristics that violated ROSCA.  Dkt. # 314 at 9–25.  And Defendants did not challenge this.  *See* Dkt. # 365 at 6–44.

---

[2] Summary judgment is warranted when the evidence, viewed in the light most favorable to the non-moving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248–49).

ORDER 3

Rather, they adopted a similar approach. In opposing the FTC's motion for summary judgment, they consistently referred to "*the* UPDP flow," "*the* SPC flow," and "*the* SOSP flow." *See id.* at 25, 26, 33. And they based their arguments on the same set of images as the FTC. *Compare* Dkt. # 327-5 (images of the enrollment flows relied on by Defendants) *with* Dkt. # 330-4 (identical images of enrollment flows relied on by the FTC). Nor did Defendants merely object to the FTC's motion for summary judgment, it moved for summary judgment on its own behalf using the same exemplars. *See* Dkt. # 319 at 11 ("[S]ummary judgment for Amazon is warranted on all Counts, because the FTC cannot show that Amazon has violated any of ROSCA's requirements for negative-option sellers."). If material differences existed between variants of the UPDP, SPC, and SOSP flows, under Defendants' theory, they would not have been entitled to the complete relief on liability that they sought. *Id.* As the FTC notes, "even a grant of their motion would resolve their liability for only the two exemplars of each [flow] that Defendants cited and relied on, leaving their liability on dozens or hundreds more [flows] open for trial because they did not introduce any evidence about these variants." Dkt. # 462 at 8; *see C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)) ("When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'").

What is more, Defendants' summary judgment arguments track their discovery responses. In response to interrogatories about "all potential routes through the Amazon product checkout process," Amazon provided "representative images of the Prime sign-up process at certain points in time[.]" *See* Dkt. # 330-2 at 6 (first quotation), 18 (second quotation); *see id.* at 17–19, 28–31. In fact, Amazon itself said that it could not produce the whole universe of variants that it now claims the FTC must differentiate between. Dkt. # 330-2 at 21 ("Amazon

ORDER 4

does not maintain a central repository of all historical potential routes through its checkout process."); *but see* Dkt. # 499 at 6 ("As a result of these differences over time in the challenged enrollment flows, for the FTC to prevail . . . [it] must identify the specific versions of the enrollment flows that the FTC claims violate ROSCA and must satisfy its burden of proof on each version."). Thus, the FTC produced evidence that shows there is no genuine dispute of material fact about the materiality of minor variations from the exemplar images, and Defendants failed to identify specific facts that rebut this evidence.[3]

The Court is also mindful that a Rule 56(g) order should not interfere with a party's ability to accept a fact solely for the purposes of summary judgment. *See* Fed. R. Civ. P. 56(g), Advisory Committee's note to 2010 amendment. But here, assuming it would have made a difference, Defendants never told the Court that these exemplar images were "representative" only for the purposes of summary judgment. And while Defendants now maintain that they "did not intend, and ha[ve] never said, that those 33 examples are 'representative' for purposes of Plaintiff's burden at trial," they did not include this caveat in their discovery responses. Dkt. # 499 at 6; *see* Dkt. # 330-2. Nor do Defendants explain how these images could be sufficiently "representative" to satisfy its discovery obligations, but insufficiently "representative" for the FTC's burden of proof at trial. *See also* Fed. R. Evid. 801(d)(2).

//

//

---

[3] The Court adds that even if Defendants now produced evidence to raise a genuine dispute of material fact about this issue, Defendants have abandoned it. "It is a general rule that a party cannot revisit theories that it raises but abandon[ed] at summary judgment. A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) (internal citations and quotations omitted). Defendants had a full opportunity to challenge the materiality of variations from the exemplar flows at summary judgment. *See generally* Dkt. ## 316, 319, 365. It failed to do so. *Id.* Instead, Defendants adopted a position that removed this issue from the case. *See* Dkt. # 319 at 11. Thus, Defendants abandoned the issue.

ORDER 5

Thus, the Court GRANTS the motion. The Court ORDERS that there is no genuine dispute of material fact that the exemplar images of the UPDP, SPC, and SOSP flows filed at Dkt. ## 327-5; 330-4 are sufficient evidence for the jury to make complete findings on the design and appearance of the UPDP, SPC, and SOSP flows, although either party may introduce other authenticated, admissible, and relevant exemplars of these enrollment channels.

Dated this 24th day of September, 2025.

John H. Chun
United States District Judge