# ATTACHMENT A

1

2                                                              The Honorable John H. Chun

3

4

5

6

7                         **UNITED STATES DISTRICT COURT**
                       **WESTERN DISTRICT OF WASHINGTON**
8                                  **AT SEATTLE**

9
                                                    Case No. 2:23-cv-0932-JHC
10   FEDERAL TRADE COMMISSION,
                                                    **STIPULATED ORDER FOR**
11            Plaintiff,                             **PERMANENT INJUNCTION,**
                                                    **MONETARY RELIEF, CIVIL**
12         v.                                       **PENALTY JUDGMENT, AND**
                                                    **OTHER RELIEF**
13   AMAZON.COM, INC., *et al*.

14            Defendants.

15

16

17

18

19

20

21

22

23

[PROPOSED] STIPULATED FINAL ORDER

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Plaintiff, Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction, Civil Penalties, Monetary Relief, and Other Equitable Relief (ECF No. 1), subsequently amended as Amended Complaint for Permanent Injunction, Civil Penalties, Monetary Relief, and Other Equitable Relief (ECF No. 67) (hereinafter, "Complaint"), for a permanent injunction, monetary relief, civil penalties, and other relief in this matter, pursuant to Sections 5(m)(l)(A), 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(m)(l)(A), 53(b) and 57b, and the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404.  The Commission, Defendant Amazon.com, Inc. ("Amazon"), and Individual Settling Defendants Neil Lindsay and Jamil Ghani ("Individual Settling Defendants") (collectively, "Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Relief, Civil Penalty Judgment, and Other Relief ("Order") to resolve all matters in dispute between them in the action entitled, *Federal Trade Commission v. Amazon.com, Inc. et al.*, Case No. 2:23-cv-0932-JHC (W.D. Wash.).

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants violated Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 4 of ROSCA, 15 U.S.C. § 8403, in connection with Defendants' marketing and sale of its Amazon Prime subscription to consumers.

3.      On September 17, 2025, the Court granted, in part, the Commission's Partial Motion for Summary Judgment, finding that the Amazon Prime subscription is subject to ROSCA; Amazon obtains consumers' billing information before it discloses all material terms for an Amazon Prime subscription, in violation of Section 4 of ROSCA; and the Individual Settling Defendants had the authority to control the subscription enrollment and cancellation flows for Amazon Prime.  *See* Sept. 17, 2025 Order (ECF No. 492) at 16, 23, 30-32.

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

4.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.

5.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

6.      Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      **"Billing Information"** means payment information, such as a credit card, checking, savings, or similar financial account, utility bill, mortgage loan account, or debit card.

B.      **"Challenged Enrollment Flow"** means any version of the Universal Prime Decision Page, the Shipping Option Select Page, Prime Video enrollment flow, or the Single Page Checkout.

C.      **"Charge," "Charged,"** or **"Charging"** means any attempt to collect money or other consideration from a consumer, including causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, or other financial account.

D.      **"Claims Supervisor"** means the independent third-party agent or administrator recommended by the Commission and approved by the Court pursuant to the Section XI of this Order titled Court-Appointed Claims Supervisor.

E.      **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is easily noticeable and easily understandable by reasonable consumers.

F.      **"Consumer Fund"** means the account established to provide restitution and redress to Eligible Consumers as described in Sections VII, IX, and X, and which will be overseen by the Claims Supervisor.

G.      **"Covered Good or Service"** means an Amazon Prime subscription membership in the United States, or any successor subscription membership program.

H.      **"Defendants"** means Amazon and the Individual Settling Defendants collectively.

      1.      "**Amazon**" means Amazon.com, Inc. and its successors and assigns.

      2.      "**Individual Settling Defendants**" means Neil Lindsay and Jamil Ghani.

I.      **"Eligible Consumer"** means any U.S. consumer that:

      1.      Signed up for an Amazon Prime subscription for the United States market during the Relevant Time Period through a Challenged Enrollment Flow; or

      2.      Unsuccessfully attempted to cancel their Amazon Prime subscription for the United States market by entering, but failing to complete, the online cancellation process or by inadvertently taking a Save Offer during the online cancellation process during the Relevant Time Period.

J.      **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

K.      **"Negative Option Feature"** means, in an offer or agreement to sell or provide a good or service, a provision under which the customer's silence or failure to take an affirmative action to reject the good or service or to cancel the agreement is interpreted by Amazon as acceptance or continuing acceptance of the offer or agreement.

L.      **"Prime Benefit**" means goods or services provided to Amazon Prime members as a result of their Amazon Prime subscription membership and which the member would not have received if they were not a Prime member.  "Prime Benefit" shall not include free, expedited shipping if the transaction at issue would have had that shipping speed for free without an Amazon Prime subscription membership.

M.      **"Relevant Time Period"** means June 23, 2019 to June 23, 2025.

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

N.    **"Save Offer"** means an attempt by Amazon to retain a customer seeking to cancel an existing agreement, and includes presenting any offer, reason to retain an agreement, modification or proposed modification to an agreement, or similar information.

O.    **"Settlement Program"** means the process and procedures required by this Order and established to provide notice and redress to Eligible Consumers through the Consumer Fund Distribution Process.

### ORDER

### I.    PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Amazon, Amazon's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any Covered Good or Service with a Negative Option Feature, are permanently restrained and enjoined from misrepresenting any Material term in a transaction involving a Negative Option Feature, including any of the following:

A.    The existence of a Negative Option Feature;

B.    How and to what consumers are consenting;

C.    Any deadline to prevent or stop a Charge;

D.    Cost, excluding taxes (or range of costs); or

E.    That the consumer will be Charged for any product or service, including expedited shipping, unless they enter an agreement with a Negative Option Feature.

### II.    REQUIRED DISCLOSURES

IT IS FURTHER ORDERED that Amazon, Amazon's officers, agents, employees, and attorneys, Individual Settling Defendants, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any Covered Good or Service with a Negative Option Feature, are permanently restrained and enjoined from:

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

A.    Failing to Clearly and Conspicuously disclose all material terms in such a transaction involving a Negative Option Feature before obtaining the consumer's billing information, including:

1.    That consumers will be Charged for the good or service, or that those Charges will increase after any applicable trial period ends, and, if applicable, that the Charges will be on a recurring basis, unless the consumer timely takes steps to prevent or stop such Charges;

2.    The amount (or range of costs) the consumer will be Charged and, if applicable, the frequency of the Charges a consumer will incur unless the consumer takes timely steps to prevent or stop those Charges; and

3.    How to prevent or stop recurring Charges.

### III.    OBTAINING EXPRESS INFORMED CONSENT

IT IS FURTHER ORDERED that Amazon, Amazon's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any Covered Good or Service with a Negative Option Feature, are permanently restrained and enjoined from failing to obtain the consumer's express informed consent before Charging the consumer.  In obtaining such express informed consent, they must obtain the consumer's express, affirmative consent to the Negative Option Feature offer.

### IV.    SIMPLE CANCELLATION MECHANISMS

IT IS FURTHER ORDERED that Amazon, Amazon's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any Covered Good or Service with a Negative Option Feature, are permanently restrained and enjoined from failing to provide simple mechanisms for a consumer to:  cancel the Negative Option Feature; avoid being Charged, or Charged an increased amount, for the good or service; and immediately stop any recurring Charges.  The simple mechanisms must not be

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 6

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

difficult, costly, confusing, or time consuming and, at a minimum, Amazon must provide such simple mechanisms through the same medium the consumer used to consent to the Negative Option Feature.

## V.    ADDITIONAL REQUIREMENTS FOR NEGATIVE OPTION FEATURES

IT IS FURTHER ORDERED that Amazon, Amazon's officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any Covered Good or Service with a Negative Option Feature, must:

A.    Include a clear option or button for customers to decline the Negative Option Feature (*e.g.*, cannot say "no thanks, I don't want free shipping");

B.    Include language in the call to action for the Negative Option Feature that references Prime membership (*e.g.*, "Join Prime");

C.    Remove the double-stacked sign-up button on all sign-up pages;

D.    If the Negative Option Feature has an auto-renew feature, indicate that feature by using the word "renews" (or a similar word) on all sign-up pages; and

E.    Always disclose the price and autorenewal feature on the sign up page for the Negative Option Feature.

The requirements of this Section are in addition to the requirements of Sections I through IV of this Order, and compliance with those Sections does not fully satisfy the obligations herein.

## VI.    NEGATIVE OPTION RULE

IT IS FURTHER ORDERED that, to the extent the Commission promulgates an amended rule or regulation governing negative options or subscriptions, the requirements of that rule (as long as it remains applicable, binding, and in effect) will supersede the requirements in Sections I through V of this Order.

## VII.    MONETARY JUDGMENTS

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 7

1

2

IT IS FURTHER ORDERED that Amazon is subject to Two Billion Five Hundred Million Dollars ($2,500,000,000) in judgments as follows:

3

4

5

6

7

A.    Judgment in the amount of One Billion Five Hundred Million Dollars ($1,500,000,000) is entered in favor of the Commission against Amazon as monetary relief. Amazon shall satisfy the Judgment fully by establishing and funding the Consumer Fund (overseen by the Claims Supervisor) with this amount ($1,500,000,000), and making payments from the Consumer Fund to Eligible Consumers with valid claims, as required by the Sections IX and X of this Order titled Settlement Program and Consumer Fund Distribution Process.

8

9

10

B.    Judgment in the amount of One Billion Dollars ($1,000,000,000) is entered in favor of the Commission against Amazon as a civil penalty under Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).  Amazon is ordered to pay this civil penalty judgment as follows:

11

12

13

1.    Within 14 days after the entry of this Order, Amazon must pay Five Hundred Million Dollars ($500,000,000) to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

14

15

2.    Within 18 months after the entry of the Order, Amazon must pay the remaining Five Hundred Million Dollars ($500,000,000) to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

16

**VIII.   ADDITIONAL MONETARY PROVISIONS**

17

IT IS FURTHER ORDERED that:

18

19

20

A.    Amazon relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order, and may not seek the return of any assets other than as set forth in this Order.

21

22

B.    The facts alleged in the Complaint will be taken as true, without further proof, solely to the extent required to enforce the Commission's rights to any payment or monetary judgment pursuant to this Order.

23

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 8

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Amazon agrees that the civil penalty judgment in this Order represents a civil penalty owed to the government of the United States and is not compensation for actual pecuniary loss.

E.      Amazon acknowledges that its Employer Identification Number or other Taxpayer Identification Number ("TIN"), including all TINs that Amazon previously provided, may be used by the Commission for reporting and any other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. §7701.

## IX.      SETTLEMENT PROGRAM

IT IS FURTHER ORDERED that consumer redress using the proceeds of the monetary relief Judgment in Section VII.A shall be conducted by Amazon, under the supervision of a third-party Claims Supervisor, through this Settlement Program and paid out of the Consumer Fund, consistent with Section X of this Order titled Consumer Fund Distribution Process.  As part of this Settlement Program, Amazon must:

A.      Within 30 days of entry of this Order, deposit One Billion Five Hundred Million Dollars ($1,500,000,000) into the Consumer Fund, which Amazon shall distribute as set forth in this Order for the sole purpose of providing redress to Eligible Consumers pursuant to the terms of Sections IX and X of this Order titled Settlement Program and Consumer Fund Distribution Process.  Upon completion of the Settlement Program, and after all distributions of payments from the Consumer Fund to Eligible Consumers have been made, if any funds remain in the Consumer Fund, those funds shall then revert to Amazon;

B.      Within 30 days of the conclusion of the Automatic Pay Out described in Section X.A, provide notice to Claims Process Eligible Consumers (as defined in Section X.B) of this

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 9

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Settlement, their rights under this Order, and instructions for submitting a claims form to seek redress from the Consumer Fund.  To comply with this notice requirement, Amazon shall:

      1.    Post links to the settlement website established by Amazon pursuant to Section IX.B.3 below on the landing pages of www.amazon.com and www.amazon.com/amazonprime, or a similar page on the mobile application.  The link shall remain posted for the first 30 days of the Settlement Program.

      2.    Provide notice to Claims Process Eligible Consumers via electronic mail and First-Class postage pre-paid mail (to the extent addresses are maintained by Amazon).  The content and format for the notice are subject to review and approval by the Associate Director of Enforcement, Bureau of Consumer Protection, Federal Trade Commission, and Amazon must obtain that approval before transmitting notices to Eligible Consumers; and

      3.    Establish a settlement website to provide Claims Process Eligible Consumers with information about the settlement of this action, their rights under this Order, and instructions for submitting a claims form to seek redress from the Consumer Fund.  The settlement website must remain live and publicly available for the duration of the Settlement Program.  The content and format of the settlement website is subject to review and approval by the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, and Amazon must obtain that approval before making the website accessible to the public or making any material changes;

C.    Pay for all costs, fees, and expenses relating to the operation of the Settlement Program for its entire duration.  Any such costs, fees, and expenses incurred by Amazon are the sole responsibility of Amazon, and shall not be paid out of, or deducted from, the Consumer Fund;

D.    Distribute redress to Eligible Consumers from the Consumer Fund through any payment application or method approved by the Associate Director of Enforcement, Bureau of Consumer Protection, Federal Trade Commission.  Amazon shall not have an ownership or other

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 10

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    financial interest in the payment application or method used to distribute payments to Eligible

2    Consumers; and

3        E.    Within 16 months from the date of entry of this Order, complete all requirements

4    for the Sections of this Order titled Settlement Program and Consumer Fund Distribution Process.

5

6            **X.    CONSUMER FUND DISTRIBUTION PROCESS**

7        IT IS FURTHER ORDERED that the Consumer Fund shall be used to redress Eligible

    Consumers, in order of priority, as follows:

8        A.    <u>Automatic Pay Out</u>.  For each Eligible Consumer who enrolled in an Amazon Prime

9    subscription through a Challenged Enrollment Flow, and who used no more than 3 Prime Benefits

10   in any 12-month period following enrollment, Amazon will pay that Eligible Consumer for the

11   total amount of Amazon Prime membership fees paid during the duration of that Amazon Prime

12   subscription, capped at Fifty-One Dollars ($51).  Consumers do not need to submit a claims form

13   to receive payment under this Subsection.  Amazon shall distribute payments to all Eligible

14   Consumers pursuant to this Subsection within 90 days of entry of this Order.  To the extent the

15   total amount of payments otherwise due to Eligible Consumers under this Subsection exceeds the

16   total amount of funds in the Consumer Fund, payments to Eligible Consumers under this

     Subsection shall be distributed on a *pro rata* basis.

17       B.    <u>Claims Process</u>.  Amazon shall establish and administer a Claims Process for all

18   Eligible Consumers that: (1) meet the criteria in Definition I.1or I.2; and (2) used no more than 10

19   Prime Benefits during any 12-month period of enrollment in Prime ("Claims Process Eligible

20   Consumers").  Claims Process Eligible Consumers do not include any Eligible Consumers that

     qualified for the Automatic Pay Out.  The Claims Process shall operate as follows:

21       1.    Within 30 days following the completion of Section X.A above, Amazon

22   shall send a claims form to all Claims Process Eligible Consumers.  The claims form shall permit

23   the Claims Process Eligible Consumer to confirm that they were unintentionally enrolled in an

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

Amazon Prime subscription during the Relevant Time Period, unsuccessfully attempted to cancel an Amazon Prime subscription during the Relevant Time Period, or both.  The format and content of the claims form must be approved, in writing, by the Associate Director of Enforcement, Bureau of Consumer Protection, Federal Trade Commission.

       2.     Claims Process Eligible Consumers will have up to 180 days after receiving the claims form to submit it to Amazon via electronic mail, First-Class postage pre-paid mail, or the settlement website;

       3.     For any claims form received from a Claims Process Eligible Consumer, Amazon will have up to 30 days to review the claims form and determine whether the Claims Process Eligible Consumer has a valid claim and is entitled to redress according to the methodology outlined in Section X.B.4 below.  Amazon may apply no other criteria to determine whether a Claims Eligible Consumer has made a valid claim;

       4.     At the end of the process described in X.B.1-3, Amazon will pay all Claims Process Eligible Consumers who submit valid claims for unintentional enrollment for the total amount of Amazon Prime membership fees paid during the duration of their Amazon Prime subscription, up to a maximum of Fifty-One Dollars ($51).  At the end of the process described in X.B.1-3, Amazon will pay all Claims Process Eligible Consumers who submit valid claims for unsuccessful cancellation for the total amount of Amazon Prime membership fees paid following the Claims Process Eligible Consumer's first unsuccessful cancellation attempt, up to a maximum of Fifty-One Dollars ($51).  Should the remaining funds in the Consumer Fund be insufficient to fully redress all Claims Process Eligible Consumers who file a valid claim for up to the maximum of Fifty-One Dollars ($51), Amazon shall pay such claims on a *pro rata* basis, taking into account the total amount the Claims Process Eligible Consumer was eligible to receive under this Section and the number of Prime Benefits used following either their enrollment in Prime or their unsuccessful cancellation attempt.  If claims must be paid on a *pro rata* basis, the Claims Supervisor and the Associate Director for Enforcement, Bureau of Consumer Protection must

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 12

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

approve in writing Amazon's proposal for *pro rata* distributions before such distributions are made.

5.      If after this Claims Process is complete, less than $1,000,000,000 in funds have been paid out from the Consumer Fund (including the Automatic Pay Out), Amazon shall continue to make additional rounds of automatic payments to Eligible Consumers until $1,000,000,000 in funds are paid to consumers.  These additional payments will start with Claims Process Eligible Consumers who used no more than 4 Prime Benefits during a 12-month period. Each of those Claims Process Eligible Consumers will be refunded their Prime membership fees, capped at Fifty-One Dollars ($51).  Amazon will continue to add groups to this automatic payout by adding one benefit to the threshold (for example, assuming that condition is met, the next group would be Claims Process Eligible Consumers who used no more than 5 Prime Benefits during a 12-month period), until $1,000,000,000 is paid out of the Consumer Fund.

## XI.      COURT-APPOINTED CLAIMS SUPERVISOR

IT IS FURTHER ORDERED that the FTC will nominate a Claims Supervisor for Court approval within 14 days.  In acting under this Order, the Claims Supervisor is an agent of this Court, and solely the agent of this Court, and shall comply with its Orders.  With the exception of review of claims submitted by, or provided to, Claims Process Eligible Consumers pursuant to Subsection A below, the Claims Supervisor shall not perform any of the claims processing functions set forth in the Sections of this Order titled Settlement Program or Consumer Fund Distribution Process.  The Claims Supervisor has the following power and authority to monitor Amazon's compliance with the Sections of this Order titled Settlement Program and the Consumer Fund Distribution Process.

A.      The Claims Supervisor shall review claims automatically paid to Eligible Consumers pursuant to Sections X.A, and claims for compensation from Claims Process Eligible Consumers made pursuant to Section X.B, and ensure that Amazon's actions and review are done

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 13

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

in accord with the Section of this Order titled Consumer Fund Distribution Process, including by ensuring that:

       1.    Redress is calculated and paid in compliance with this Order;

       2.    Claims are processed in an efficient and consistent manner;

       3.    The calculations of approved payments to Eligible Consumers and Claims Process Eligible Consumers with valid claims comply with the Section of this Order titled Consumer Fund Distribution Process; and

       4.    Determinations that claims are ineligible or invalid are proper under the Section of this Order titled Consumer Fund Distribution Process.

    B.    Within 3 months from the date of entry of this Order, and every 3 months thereafter for a total of 18 months unless otherwise ordered by this Court, the Claims Supervisor shall submit a report to the Court, with copies to the Commission and Amazon, concerning Amazon's performance of its obligations under this Order, including:

       1.    Amazon's progress with the requirements of the Settlement Program and Consumer Fund Distribution Process, and Amazon's cooperation with the Claims Supervisor and its requests;

       2.    A summary of the total number of claims submitted to Amazon, the total number of claims verified and paid by Amazon, the total number of claims rejected or deemed ineligible by Amazon, and the total amount of claims verified and paid by Amazon;

       3.    Information regarding notice to Claims Process Eligible Consumers, including the number of consumers who received electronic mail sent pursuant to the Settlement Program and the number of unique visitors to the settlement website;

       4.    Any complaints regarding Eligible Consumers' or Claims Process Eligible Consumers' efforts to submit, elect, or participate in the Settlement Program or Consumer Fund Distribution Process in this Order; and

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

5.    The Claims Supervisor's review of claims rejected or deemed ineligible or invalid by Amazon.

C.    The Claims Supervisor shall serve for two years from the date of entry of this Order, unless otherwise ordered by this Court.

D.    Amazon shall in a timely manner provide the Claims Supervisor full access to all documents and information necessary for the Claims Supervisor to fulfill the Claims Supervisor's duties pursuant to this Order.

E.    Amazon shall fully cooperate with any reasonable request of the Claims Supervisor and shall take no action to interfere with or impede the Claims Supervisor's ability to monitor Amazon' compliance with this Order.

F.    The Claims Supervisor shall provide the Commission accounting or other information related to Amazon's compliance with the Settlement Program and Consumer Fund Distribution Process in this Order within 10 business days of a request, unless a longer time is agreed to, in writing, by the Associate Director of Enforcement, Bureau of Consumer Protection, at the Commission.

G.    Amazon is responsible for all reasonable costs, fees, and expenses for the Claims Supervisor, including such consultants, accountants, attorneys, and other representatives and assistants as are reasonably necessary to assist the Claims Supervisor with carrying out the Claims Supervisor's duties and responsibilities.  Such reasonable costs, fees, and expenses for the Claims Supervisor shall not be paid out of, or deducted from, the Consumer Fund.

## XII.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Amazon obtain acknowledgments of receipt of this Order:

A.    Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 15

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

B.      For 5 years after entry of this Order, Amazon must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XIII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Amazon make timely submissions to the Commission:

A.      One year after entry of this Order, Amazon must submit a compliance report, sworn under penalty of perjury:

1.      Amazon must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Amazon regarding Prime; (b) describe the activities of each Negative Option Feature related to Prime, and the means of advertising, marketing, sales, enrollment, and cancellation, and the involvement of any other Defendant; (c) describe in detail whether and how Amazon is in compliance with each Section of this Order; and (d) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For 5 years after entry of this Order, Amazon must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Amazon must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Amazon has any ownership interest in or controls directly or

[PROPOSED] STIPULATED FINAL ORDER

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

indirectly (including, for Amazon, Amazon itself) that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:  FTC v. Amazon.com, Inc., 2123050.

## XIV.   RECORDKEEPING

IT IS FURTHER ORDERED that Amazon must create certain records for 5 years after entry of the Order, and retain each such record for 5 years.  Specifically, Amazon must create and retain the following records in connection with any Negative Option Feature related to Prime:

A.    Accounting records showing the revenues from all such products or services sold;

B.    Records of all consumer complaints and refund requests concerning the subject matter of this Order, whether received directly or indirectly, such as through a third party, and any response;

C.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 17

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

D.      A digital version of each unique page or screen of the enrollment and cancellation processes for the United States market, including what appears behind all links, hover-overs, tooltips, etc., on those pages, for products and services sold with a Negative Option Feature for all platforms, applications, and devices.

## XV.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Amazon's compliance with this Order and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Amazon must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission authorized to communicate directly with Amazon.  Amazon must permit representatives of the Commission to interview any employee or other person affiliated with Amazon who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Amazon or any individual or entity affiliated with Amazon, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XV.    ORDER TERMINATION DATE

IT IS FURTHER ORDERED that this Order will remain in effect for 10 years after its entry by this Court, after which point it will expire and no longer impose any requirements on Amazon.  As to the Individual Settling Defendants, this Order will remain in effect for 3 years

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 18

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

after its entry by this Court, after which point it will expire and no longer impose any requirements

on the Individual Settling Defendants.

## XVI.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes

of construction, modification, and enforcement of this Order during the term of Order.

**SO ORDERED this ____ day of _____, 2025.**

_____

Honorable John H. Chun
United States District Judge

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 19

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1 | **SO STIPULATED AND AGREED:**

2 | **FOR PLAINTIFF FEDERAL TRADE COMMISSION**

3 | CHRISTOPHER G. MUFARRIGE
Director, Bureau of Consumer Protection

4 |

DOUGLAS GEHO
5 | Deputy Director, Bureau of Consumer Protection

6 |
/s/                                         Date: 9/25/25
7 | JONATHAN COHEN (DC Bar # 483454)
EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
8 | JONATHAN WARE (DC Bar #989414)
ELI FREEDMAN (CA Bar #345432)
9 | Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
10 | (202) 326-2551 (Cohen); -3320 (Mendelson);
-2726 (Ware); -2749 (Jerjian); -2030 (Freedman)
11 | JCohen2@ftc.gov; EMendelson@ftc.gov;
JWare1@ftc.gov; OJerjian@ftc.gov; EFreedman@ftc.gov
12 |
COLIN D. A. MACDONALD (WSBA # 55243)
13 | Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
14 | (206) 220-4474; CMacdonald@ftc.gov

15 | RACHEL F. SIFUENTES
(IL Bar #6304016; CA Bar #324403)
16 | Federal Trade Commission
230 S. Dearborn St., Room 3030
17 | Chicago, IL 60604
(312) 960-5617; RSifuentes@ftc.gov

18 | JEFFREY TANG (CA Bar #308007)
Federal Trade Commission
19 | 10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
20 | (310) 824-4303; JTang@ftc.gov

*Attorneys for Plaintiff*
21 | *FEDERAL TRADE COMMISSION*

22 |

23 |

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 20

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1    **FOR DEFENDANT AMAZON.COM, INC.:**

2    /s/ _____Signed by:_____        Date:    9/24/2025
              *Andrew DeVore*
3         Andrew DeVore
          Amazon.com, Inc.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**FOR DEFENDANT NEIL LINDSAY:**

/s/  _Neil Lindsay_                                Date:
Neil Lindsay, individually and as an
employee of Amazon.com, Inc.

[PROPOSED] STIPULATED FINAL ORDER                    Federal Trade Commission
                                                     600 Pennsylvania Avenue NW
                                                     Washington, DC 20580
(202) 326-3320

1

2    **FOR DEFENDANT JAMIL GHANI:**

3    /s/   Jamil Ghani_____              Date:

4    Jamil Ghani, individually and as an
     employee of Amazon.com, Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1

**FOR DEFENDANT AMAZON.COM, INC.:**

2

Signed by:

/s/    Benjamin M. Mundel      Date:

3   917AFEA736A047D...

SIDLEY AUSTIN LLP

4   William R. Levi
Benjamin M. Mundel

   Manuel Valle

5   Madeleine Joseph
1501 K Street, N.W.

6   Washington, D.C. 20005
Telephone: 202.736.8000

7   E-mail: william.levi@sidley.com
bmundel@sidley.com

   manuel.valle@sidley.com

8   mjoseph@sidley.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 24

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

1

2    **FOR ALL DEFENDANTS:**

3    /s/   *Moez kaba*                                   Date:

4    HUESTON HENNIGAN LLP
     John C. Hueston*

5    Moez M. Kaba*
     Joseph A. Reiter*

6    523 West 6th Street, Suite 400
     Los Angeles, CA 90014

7    Telephone: (213) 788-4340
     E-mail: jhueston@hueston.com
     mkaba@hueston.com

8    jreiter@hueston.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

[PROPOSED] STIPULATED FINAL ORDER

Case No. 2:23-cv-0932-JHC – Page 25

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-3320

/s/ _____                    Date:
DAVIS WRIGHT TREMAINE LLP
Kenneth E. Payson, WSBA #26369
James Howard, WSBA #37259
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
kenpayson@dwt.com; jimhoward@dwt.com

*admitted pro hac vice

Attorneys for Defendants AMAZON.COM,
INC., NEIL LINDSAY, AND JAMIL GHANI