The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., *et al*.<br><br>    Defendants. | Case No. 2:23-cv-0932-JHC<br><br>**FTC'S NOMINATION OF FTI CONSULTING, INC AS CLAIMS SUPERVISOR** |

As the Court is aware, the parties resolved the above-captioned matter during trial through a historic $2.5 billion consent order ("Order"). *See* Dkt. #535 (Sept. 25, 2025). The Order includes $1.5 billion in redress for millions of affected consumers along with a $1 billion civil penalty against Amazon – the largest penalty for an FTC rule violation in history. *Id.* at 7-8. Additionally, the settlement includes additional provisions relating to the distribution of consumer redress, including, as relevant here, an independent Claims Supervisor to monitor Amazon's compliance with the Order and report to the Court accordingly. *Id.* at 13-15. Importantly, pursuant to the Order, the FTC alone nominates the Claims Supervisor, subject to

CLAIMS SUPERVISOR NOMINATION

Case No. 2:23-cv-0932-JHC - 1

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

the Court's approval. *Id.* Amazon has no role in selecting who will monitor its compliance, and Amazon must pay all reasonable monitorship expenses separately (thus, such expenses will not reduce consumer redress). *Id.* at 15. As explained herein, the FTC nominates FTI Consulting, Inc. ("FTI") to be the independent Claims Supervisor for this Order.

### The Claims Supervisor's Role

Sections IX and X of the Order direct Amazon to make redress payments to millions of consumers through the Settlement Program and Consumer Fund Distribution Process. *See* Dkt. #535 at 9-13. Amazon must complete all requirements of the Settlement Program and Consumer Fund Distribution Process within 16 months after the date of entry of the Order. *Id.* at 11 (referencing Section IX.E.) As relevant here, the Order further provides that an independent Claims Supervisor will "monitor Amazon's compliance" with the Settlement Program and Consumer Fund Distribution Process. *Id.* at 13. This includes, among other things, reviewing claims to ensure that Amazon calculates redress properly, pays claims efficiently, and does not incorrectly deem valid claims ineligible. *Id.* at 14-15.

The Order further requires that Amazon ensure that the Claims Supervisor can perform these functions effectively, including that Amazon must timely provide the Claims Supervisor with "full access to all documents and data" it requires, cooperate fully with any reasonable request, and "take no action to interfere with or impede the Claims Supervisor's ability to monitor Amazon's compliance with this Order." *Id.* at 14-15. The Claims Supervisor will publicly report to the Court concerning Amazon's compliance on or before December 25, 2025, and every three months thereafter during the pendency of the Settlement Program and Consumer Fund Distribution Process. *See id.* at 14-15.

CLAIMS SUPERVISOR NOMINATION

Case No. 2:23-cv-0932-JHC - 2

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

Significantly, the Order requires that Amazon pay "all costs, fees, and expenses relating to the operation of the Settlement Program" separately from the $1.5 billion redress fund available to affected consumers. *Id.* at 10 ("Any such costs, fees, and expenses incurred by Amazon are the sole responsibility of Amazon, and shall not be paid out of, or deducted from, the Consumer Fund"). Likewise, Amazon is fully responsible for the reasonable "costs, fees and expenses" of the Claims Supervisor—as well as those of any "consultants, accountants, attorneys, and other representatives and assistants" whom the Claims Supervisor may engage as reasonably necessary to assist it with completing its duties pursuant to the Order. *Id.* at 15.

Finally, the Order provides "that the FTC will nominate a Claims Supervisor for Court approval within 14 days." *Id.* at 13. Amazon is not a party to the nomination process.

### **FTI's Qualifications**

The FTC nominates FTI for several reasons. First, FTI has significant experience managing and overseeing complex large-scale redress programs. Ex. 1, Declaration of J. Cohen ¶ 1.[1] Second, FTI will use a proprietary claims administration platform that will enable it to provide the FTC with information about Amazon's compliance rapidly. *See id.* at ¶ 2; *see also* Dkt. 535 at 15 (authorizing the FTC to request such information).

Third, and most important, the FTC has substantial experience working with FTI's relevant principal, Marc-Philip Ferzan, and his team. Ex. 1, ¶ 3. Then with a previous firm, Mr. Ferzan and his team served as the Claims Supervisor in *FTC v. Volkswagen Group of America, Inc.*, No. 16-cv-1534 (N.D. Cal.). *Id.*; *see also In re Volkswagen "Clean Diesel" Marketing,*

---

[1] FTI's rates for this engagement and other information it presented to the FTC are enclosed herewith. *See* Ex. 1, Att 1.

*Sales Practices, and Products Liability Litigation*, No. 15-md-2672 (N.D. Cal.). *Volkswagen* is the only FTC redress program in history larger than this one, Ex. 1 at ¶ 3, and Mr. Ferzan and his team served as the Claims Supervisor in *Volkswagen* successfully, *id.* at ¶ 4. Additionally, Mr. Ferzan and his colleagues have performed receivership, claims administration, or privacy assessment functions in several other FTC matters. *Id.* at ¶ 5.

For these reasons, the FTC nominates FTI. Because Amazon must complete the required consumer redress payments pursuant to Section X.A ("Automatic Pay Out") no later than December 25, 2025 (Dkt. #535 at 11), the FTC further requests that the Court approve FTI's nomination as Claims Supervisor expeditiously.

CLAIMS SUPERVISOR NOMINATION

Case No. 2:23-cv-0932-JHC - 4

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551

## **LOCAL RULE 7(e) CERTIFICATION**

I certify that this motion contains 803 words in compliance with the Local Civil Rules.

Dated:  October 6, 2025

/s/ Jonathan Cohen
JONATHAN COHEN (DC Bar # 483454)
EVAN MENDELSON (DC Bar #996765)
OLIVIA JERJIAN (DC Bar #1034299)
JONATHAN WARE (DC Bar #989414)
ANTHONY SAUNDERS (NJ Bar #008032001)
SANA CHAUDHRY (NY Bar #5284807)

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580

(202) 326-2551 (Cohen); -3320 (Mendelson); -2726 (Ware); -2749 (Jerjian); -2917 (Saunders); -2679 (Chaudhry)
JCohen2@ftc.gov; EMendelson@ftc.gov; JWare1@ftc.gov; OJerjian@ftc.gov; ASaunders@ftc.gov; SChaudhry@ftc.gov

COLIN D. A. MACDONALD (WSBA # 55243)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-4474; CMacdonald@ftc.gov

RACHEL F. SIFUENTES
(IL Bar #6304016; CA Bar #324403)
Federal Trade Commission
230 S. Dearborn St., Room 3030
Chicago, IL 60604
(312) 960-5617; RSifuentes@ftc.gov

JEFFREY TANG (CA Bar #308007)
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
(310) 824-4303; JTang@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

CLAIMS SUPERVISOR NOMINATION

Case No. 2:23-cv-0932-JHC - 5

Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
(202) 326-2551